## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 1:17cv2989 |
| BRIAN P. KEMP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## EXPEDITED MOTION FOR LIMITED EARLY AND EXPEDITED DISCOVERY

Pursuant to Local Rule 65.2 and as described more fully in the supporting memorandum of law, submitted with this motion pursuant to Local Rule 7.1(A)(1), Plaintiffs in the above-captioned case request an expedited hearing on this motion seeking early and expedited discovery for the reasons articulated below.

Pursuant to Federal Rules of Civil Procedure 26(d)(1) and 30(a)(2), Plaintiffs request that this Court order certain limited early discovery, including depositions, in this matter.

1

This case involves election contest claims (Counts IV and V; hereafter "Election Contest Claims")[1] subject to expedited hearing requirements under Georgia Code Section 21-2-524 and Section 21-2-525, pursuant to which Georgia courts are authorized to "compel the production of evidence ... in like manner and to the same extent as in other civil cases litigated before such court" and directed "to proceed without delay to the hearing and determination of such contest, postponing for the purpose, if necessary, all other business." O.C.G.A. § 21-2-525(b).

In addition, Plaintiffs intend to seek a preliminary injunction barring use of Direct Recording Electronic ("DRE") voting computers in advance of Georgia's upcoming municipal elections currently scheduled for November 7, 2017. Early voting in the November election is scheduled to begin on October 16, 2017, with electronic ballot programming expected to occur a few weeks in advance. The Supreme Court has held that the closer to an election date that an injunction is issued, the higher the risk of disruption of the election administration. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 – 5 (2006). Although Plaintiffs' proposed relief should cause no disruption, in an abundance of caution, Plaintiffs want to obtain a preliminary injunction

---

[1] These are Counts VI and VII in Plaintiffs' Amended Complaint. A motion for leave to file the Amended Complaint remains pending.

before such concerns can be raised with respect to the upcoming November elections.

Standard discovery deadlines under the Federal Rules and local rules would not allow for any discovery to proceed prior to hearings on either the Election Contest Claims or a preliminary injunction motion and, furthermore, the standard motion deadlines would not provide sufficient time for the parties to resolve these discovery issues with sufficient time to conduct expedited discovery. Therefore, Plaintiffs respectfully request that this Court hear this motion on an expedited schedule and that this Court order the following:

- That Defendants Brian P. Kemp, the State Election Board, Merle King, the Fulton County Board of Registration and Elections, the Cobb County Board of Registration and Elections, and the DeKalb County Board of Registration and Elections produce the documents and electronically stored information set forth in the attached Exhibits A – F no later than August 23, 2017 or by such specifically identified time as would allow for Plaintiffs to review and utilize such production prior to hearings on Plaintiffs' Election Contest Claims and preliminary injunction.

- That Defendant Merle King appear for a full-day deposition pursuant to Federal Rule of Civil Procedure 28 at a time to be agreed upon by the parties but in no event later than August 23, 2017 or by such specifically identified time as would allow for Plaintiffs to review and utilize Defendant King's deposition prior to hearings on Plaintiffs' Election Contest Claims and preliminary injunction. The deposition of Defendant King will be limited to the subject matter of Plaintiffs' Election Contest Claims and preliminary injunction motion, as filed.[2]

- That Defendant Richard Barron appear for a full-day deposition pursuant to Federal Rule of Civil Procedure 28 at a time to be agreed upon by the parties but in no event later than August 23, 2017 or by such specifically identified time as would allow for Plaintiffs to review and utilize Defendant Barron's deposition prior to hearings on Plaintiffs' Election Contest Claims and preliminary injunction. The deposition of Defendant Barron will be limited to the subject matter of Plaintiffs' Election Contest Claims and preliminary injunction motion, as filed.

---

[2] In seeking these early depositions, Plaintiffs reserve their right to take a full deposition of either defendant, if needed, in the ordinary course of discovery in this matter.

Respectfully submitted this 12th day of August 2017.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA CURLING, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 1:17cv2989 |
| BRIAN P. KEMP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED
MOTION FOR EARLY AND EXPEDITED DISCOVERY**

Plaintiffs respectfully request that this Court hear Plaintiff's expedited

motion for early and expedited discovery ("Motion") on an expedited basis so that

the parties can have a more complete evidentiary record for the hearing on

Plaintiffs' election contest claims (Counts IV and V; hereafter "Election Contest

Claims")[1] under Georgia state law and for the hearing on Plaintiffs' anticipated

motion for preliminary injunctive relief.

This case involves, among other claims, Election Contest Claims seeking to

declare void the June 20, 2017 Runoff Election between Karen Handel and

---

[1] These are Counts VI and VII in Plaintiffs' Amended Complaint. A motion for leave to file the Amended Complaint remains pending.

1

Thomas Jonathan "Jon" Ossoff for Georgia's 6th Congressional District ("Runoff"). The Runoff took place in a high-risk environment in which cybersecurity concerns had escalated to current levels, clearly making aging voting system computers exceptionally vulnerable to infiltration and manipulation. Bad actors with such intentions had easy access in Georgia. From at least August 2016 through early March 2017, all the computer files that a bad actor would need to manipulate the Runoff and all of Georgia's elections—including tabulation database programs, voting system passwords, programs used to create voting machine memory cards, and voter registration information—were left out in the open on the internet, without requiring so much as a password to download and manipulate key elements.

Without addressing or resolving these publicly known issues, Defendants willfully conducted the Runoff almost entirely on illegal, unverifiable electronic ballots for which discrepancies cannot be audited and corrected, providing perfect cover for electronic manipulation. The electronic voting system used did not meet Georgia's minimum statutory requirements for secure and accurate electronic voting systems. As a result, Georgia's 6th Congressional District voters can never know who was legitimately elected on June 20, 2017. They know only the output of an undeniably compromised voting system that—according to Plaintiffs and

2

many of the nation's most qualified experts—generated a result that cannot reasonably be relied upon.

As detailed in Plaintiffs' Election Contest Claims, the speculative nature of the Runoff's purported result was caused by Defendants' willful violation of numerous mandatory requirements of Georgia's Election Code, O.C.G.A. Title 21, Chapter 2. These requirements prohibited the use of the voting systems that were employed and the resulting certification of their reported results.

Georgia law directs election contests to be resolved on an expedited basis and "without delay." O.C.G.A. § 21-2-525(b). Furthermore, any hearing on Plaintiffs' anticipated motion for preliminary injunctive relief must take place long enough before October 16, 2017, when early voting for the Nov. 7, 2017 elections begins in Georgia, so that allegations of election administration disruption do not become a factor. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006).

Under the Federal Rules of Civil Procedure, discovery may be expedited in appropriate circumstances. Rules 26(a), 30(a), 33(a), 34(b), and 45(c)(1), which govern initial disclosures, depositions, requests for production of documents and subpoenas, respectively, each state that discovery may be served and responses may be required in advance of the standard time periods provided by the Rules, either if the Court should so "direct[] by order" or if leave of Court is obtained.

Federal courts generally permit expedited discovery to enable the parties to prepare for a preliminary injunction hearing. *Merial LLC v. Fidopharm, Inc.*, 1:13-CV-1207-SCJ, 2013 WL 12072140, at *1 (N.D. Ga. May 22, 2013) (citing *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-CV-202-FTM-29SPC, 2013 WL 1953346 at *1 (M.D. Fla. May 10, 2013)).

A.    Election Contest Claims

Plaintiffs' Election Contest Claims are subject to expedited hearing requirements under Georgia Code Section 21-2-524 and Section 21-2-525, pursuant to which Georgia courts are directed "to proceed without delay to the hearing and determination of such contest." O.C.G.A. § 21-2-525(b). Should this Court deem that Plaintiffs' Election Contest Claims require expedited hearing and resolution in line with Georgia law, then the hearing and resolution of the Election Contest Claims must take place on an extremely abbreviated schedule. Indeed, the Georgia Code states that:

> (a) Within 20 days after the return day fixed in the notice as provided in subsection (a) of Code Section 21-2-524 to the defendant, the presiding judge shall fix a place and time for the hearing of the contest proceeding ... .

O.C.G.A. § 21-2-525(a).

The return day fixed in the notice to the Defendants (referred to in the Georgia Code as the "special process") is August 7, 2017.[2] Twenty days after August 7 is August 27, 2017, which is a Sunday. Therefore, Georgia law contemplates a hearing to resolve the Election Contest Claims by August 28, 2017.

Plaintiffs note that the Georgia Code provides plenary power to the courts deciding election contests, authorizing the courts to dictate the expedited process by which those claims are to be heard and the discovery to be conducted.  The Georgia Code states the following:

> *The court having jurisdiction of the action shall have plenary power*, throughout the area in which the contested primary or election was conducted, *to make, issue, and enforce all necessary orders, rules, processes, and decrees for a full and proper understanding and final determination* and enforcement of the decision of every such case, according to the course of practice in other civil cases under the laws of this state, or which may be necessary and proper to carry out this chapter. The court shall have authority to subpoena and to compel the attendance of any officer of the primary or election complained of and of any person capable of testifying concerning the same; *to compel the production of evidence which may be required at such hearing*, in like manner and to the same extent as in other civil cases litigated before such court; to take testimony; and *to proceed without delay to the hearing and determination of such contest*, postponing for the purpose, if necessary, all other business.

---

[2] In full, the special process issued in this case refers to "August 7, 2017 or not more than 10 days after the service of this Special Process Summons upon you, which comes later." Not all Defendants were served by August 7, 2017; however, all Defendants had constructive notice of the case by that date.

O.C.G.A. § 21-2-525(b) (emphasis added). Consistent with both the plenary power granted courts hearing the election contests and Georgia's directive to "proceed without delay to the hearing and determination of such contest," Plaintiffs have filed this motion on an expedited basis seeking both early and expedited discovery so that, should this Court proceed as directed by the Georgia Code, some directed and limited discovery can take place ahead of any such hearing and resolution so that the important but technical issues raised by Plaintiffs' Election Contest Claims can have a more complete evidentiary basis and this Court can have the "full and proper understanding" of the issues that Georgia law requires. O.C.G.A. § 21-2-525(b).

B.    Upcoming Preliminary Injunction

Plaintiffs also require early, expedited discovery in order to have a more complete record for this Court to consider with respect to their anticipated request for a preliminary injunction.

In considering a grant of expedited discovery for purposes of developing a motion for preliminary injunction, this Court has held: "A court may allow for expedited discovery upon a showing of good cause, based on considerations including: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited

discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Merial LLC v. Fidopharm, Inc.*, 1:13-CV-1207-SCJ, 2013 WL 12072140, at *1 (N.D. Ga. May 22, 2013) (citing *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-CV-202-FTM-29SPC, 2013 WL 1953346 at *1 (M.D. Fla. May 10, 2013)). Here, there is good cause for expedited discovery based on the factors articulated in *Merial*.

First, while there is no motion for preliminary injunction pending, Plaintiffs intend to file one shortly. The motion will require the discovery sought in order for Plaintiffs to receive a full and fair hearing on the matter.

Second, the breadth of discovery sought is narrow. As set forth below in Section C, Plaintiffs are seeking only a few categories of documents and these requests are narrowly tailored to the needs of the expedited election contest hearing and the preliminary injunction.

Third, there are good reasons for seeking the discovery now. In addition to the reasons described above relating to the election contest, Plaintiffs require expedited discovery to avoid irreparable harm. Plaintiffs intend to seek a preliminary injunction barring use of Direct Recording Electronic ("DRE") voting computers in advance of the upcoming general election currently scheduled for

7

November 7, 2017. *See* O.C.G.A. § 21-2-379.1 to -397.12. Early voting in the November election is scheduled to begin on October 16, 2017, with ballot programming expected to occur a few weeks prior to mid-October.

The Supreme Court has held that the closer to an election date an injunction is issued, the higher the possibility of election administration disruptions. *See Purcell*, 549 U.S. 1, 4-5. Without expedited discovery, Plaintiffs will not have the ability to develop a full record in advance of a hearing on their motion for a preliminary injunction. Normal discovery for this matter would not begin until 30 days after an answer is filed as no answer has yet been filed. LR 26.2(A). This would mean the soonest discovery could start would be mid-September. By that date, the start of voting would be just over a month away and there would be insufficient time to engage in discovery and use that discovery in a motion for a preliminary injunction. This is particularly true in light of *Purcell*, which disfavors a late-filed injunction. *See Purcell*, 549 U.S. 1, 4-5. Plaintiffs seek this discovery now in order to prevent the principles of *Purcell* from potentially being alleged.

Without early discovery in this matter, Plaintiffs will not be able to present their motion for a preliminary injunction with a record that includes any discovery from Defendants even though state court procedures expressly contemplate such discovery, and Plaintiffs and other voters in Georgia may be irreparably harmed by

being forced to vote in November in a demonstrably illegal, unsafe, and insecure system.

Fourth, the requested discovery places minimal burdens on the Defendants. As discussed below in Section C, Plaintiffs are seeking narrowly tailored discovery. In sum, the burden placed on the Defendants is far outweighed by the need for a more complete record on which to base Plaintiffs' motion.

Fifth, while the requested limited discovery is in advance of the normal discovery period, it is not so far in advance of the period that this should outweigh the other factors.

Taken as a whole, these factors make clear that there is good cause to grant expedited discovery.

C.     Discovery Sought

The requested discovery, which is attached to the Motion as Exhibits A – F, is narrowly tailored to the facts at issue and the relief that Plaintiffs are seeking. Specifically, Plaintiffs ask the Court to expedite the following categories of discovery, all of which is relevant to the Election Contest Claims and Plaintiffs' anticipated motion for preliminary injunction:

**To Brian P. Kemp, the State Board of Elections, and Merle King**

1.  Documents related to the information exposed to the public on the insecure
    CES servers (Requests No. 1-3): These documents are expected to detail the
    extensive security breaches and their likely impact on the Runoff and the
    upcoming November municipal elections.

2.  Documents related to the GEMS programming and tabulation servers
    (Request No. 4): These documents will show the vulnerability of the systems
    that programmed memory cards and tabulated the ballots that are at issue in
    the Runoff and that are planned to be used in future elections. These
    documents should demonstrate the systems' insecurity and improper, non-
    compliant handling.

3.  Documents related to the Electronic Pollbooks (Requests No. 5-6): These
    documents are expected to show security failures in the voter database
    application, identified "glitches" in electronic pollbook functions
    experienced in the Runoff and prior elections, vulnerabilities in voter
    authorization and voting machine activation applications, and the reckless,
    non-compliant security practices of the Defendants.

4. Documents related to the recanvass request (Request No. 7): These documents will show that Defendants' ignored their duties under the law and violated due process guarantees under federal and state constitutions.

5. Documents related to certification (Request No. 8): These documents will show that the voting system was not certified in accordance with mandatory federal and state standards.

**To the Fulton County Board of Registration and Elections, the Cobb County Board of Registration and Elections, and the DeKalb County Board of Registration and Elections**

1. Certain election records of the Runoff (Requests 1 – 3):  These documents constitute key electronic records related to the Runoff and are expected to contain evidence of systemic errors, irregularities, and unauthorized entries.

2. Requests 4 – 7 are the same as requests to Defendants Brian P. Kemp, the State Election Board, and Merle King, as described above. However, each County Defendant is likely to have relevant documents not in the possession of other Defendants.

The foregoing discovery is necessary to prepare properly for both the hearing on the Election Contest Claims, as contemplated by O.C.G.A § 21-2-525(b), and the

hearing requested as part of Plaintiffs' anticipated motion for a preliminary injunction.

Finally, Plaintiffs seek to depose two individuals on subjects relevant to the Election Contest Claims and their anticipated motion for preliminary injunction.

- **Merle King**: Mr. King is a Defendant and the Executive Director of the Center for Election Systems at Kennesaw State University ("CES"). CES is responsible for overseeing, maintaining, and securing the electronic election infrastructure and programming ballots and election computers for the state of Georgia, including the Runoff and November 2017 municipal elections. Through his role as Executive Director of CES, Mr. King was responsible for overseeing CES's duties related to the Runoff, addressing the security breaches at CES prior to the Runoff, managing pre-election equipment testing, and protecting the electronic election infrastructure. Plaintiffs seek discovery regarding how those responsibilities were fulfilled in light of known security failures before the Runoff was conducted on a non-compliant system.

- **Richard Barron**: Mr. Barron is a Defendant and the Director of the Fulton County Board of Registration and Elections. Mr. Barron was

responsible for conducting the Runoff, as well as the prior April 18, 2017 Special Election, in Fulton County. Pursuant to this role, Mr. Barron was involved in, among other areas, the decision to conduct the Runoff in the noncompliant manner by which it took place in Fulton County and despite security failures that occurred in the April 18 Special Election in which he was involved, including Fulton County's uploading of improper and unauthorized memory cards—something the system is not supposed to allow—resulting in errors and delays in uploading election results. Mr. Barron is also responsible for security lapses in the system, such as how Fulton County transmits unsecured ballot data from touchscreen machine memory cards to the GEMS tabulation server via a modem in an unauthorized configuration that does not use adequate encryption. Plaintiffs seek discovery regarding how Mr. Barron fulfilled his responsibilities in light of known security failures and lapses before the Runoff was conducted on a non-compliant voting system. Mr. Barron is also responsible for conducting Fulton County's upcoming November municipal elections.

Depositions of these two individuals will lead to a more streamlined and informed hearing on Plaintiffs' Election Contest Claims, as contemplated by O.C.G.A § 21-2-525(b), and the anticipated motion for preliminary injunction.

     For the foregoing reasons and the reasons stated in Plaintiffs' Motion, Plaintiffs' Expedited Motion for Early and Expedited Discovery should be granted.

     Respectfully submitted this 12th day of August 2017.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, et al.                      )
                                           )
    Plaintiffs,                         )
                                           )
    v.                                  )          CIVIL ACTION
                                           )          NO. 1:17cv2989
BRIAN P. KEMP, et al.                      )
                                           )
    Defendants.                         )

### CERTIFICATE OF SERVICE

The undersigned hereby certifies the Plaintiffs—through their attorney—delivered a true and correct copy of their **Motion for Early and Expedited Discovery**, **Memorandum of Law** in support thereof, and **Proposed Order** regarding the same—all filed with the Court in the above styled case—to the following parties by properly addressed United States mail:

    Cristina Correia
    Assistant Attorney General
    40 Capitol Square SW
    Atlanta, GA 30334
    ccorreia@law.ga.gov
    *Attorney for State Defendants (The State Election Board, Sec. Kemp, Mr. Worley, Ms. Sullivan, Mr. Simpson, Mr. Harp and Mr. King)*

Patrise M. Perkins-Hooker
Kaye Burwell
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street SW, Suite 4038
Atlanta, GA 30306
cheryl.ringer@fultoncountyga.gov
*Attorneys for Fulton County Defendants (Fulton County Board of Registration and Elections, Mr. Barron, Mr. Burge, Ms. Cooney, Mr. Johnson, Mr. Matarazzo, and Ms. Nuriddin)*

Overtis Hicks Brantley
Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
bbryan@dekalbcountyga.gov
*Attorneys for DeKalb County Defendants (DeKalb County Board of Registrations and Elections, Ms. Coveny, Ms. Daniels, Mr. Lewis, Mr. Perry, Mr. Tillman and Mr. Vu)*

Daniel W. White
Haynie Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com
*Attorney for Cobb County Defendants (Cobb County Board of Elections and Registration, Mr. Aiken, Ms. Brooks, Mr. Daniell, Ms. Eveler, Mr. Pettit, and Mr. Wilson)*

Rep. Karen Handel
U.S. Congressional District 6
85C Mill Street
Suite 300
Roswell, GA 30076

Russell D. Waldon, Esq.
900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
rwaldon@wachp.com
*Attorney for Jon Ossoff*

The undersigned also certifies that Plaintiffs—through their counsel—delivered a true and correct copy of each document listed above electronically to the counsel for each defendant (and Mr. Ossoff).

Respectfully submitted this 12th day of August 2017.

/s/Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*