# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:17cv2989 |
| BRIAN P. KEMP, et al. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT STATE ELECTION BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendant State Election Board produce for inspection and copying the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within the timeframe imposed by the Court in granting permission to serve this Request early.

## DEFINITIONS

1. "Complaint" means the First Amended Complaint in the above-captioned action filed in the United States District Court of Northern Georgia on

August 8, 2017, as an exhibit attached to the Notice of Removal, entitled *Curling et al. v. Kemp et al.*

2. "Action" means the above-captioned action, filed in the United States District Court of Northern Georgia on August 8, 2017, as an exhibit attached to the Notice of Removal, entitled *Curling et al. v. Kemp et al.*, (1:17cv2989).

3. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Defendant's possession, custody or control. A person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

4. "You" or "Your" shall mean Defendant State Election Board, each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

5. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6. "Concern" or "concerning" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

7. "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

8. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

9. The terms "all," "any," or "each" encompass any and all of the matter discussed.

10. The use of singular form includes plural, and vice versa.

11. The use of present tense includes past tense, and vice versa.

12. "CES" means the Center for Election Systems at Kennesaw State University.

13. "CES Server" means the server identified as "elections.kennesaw.edu," the server identified as "unicoi.kennesaw.edu" or any servers used by CES to back-up or replace such servers.

**Instructions**

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Holcomb + Ward, LLP, 3399 Peachtree Road NE, Suite 400, Atlanta, Georgia 30326, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, Defendant shall so state in writing.

3. Electronically stored information (ESI) must be produced in its original native format, with the exception of electronic mail ("e-mail") which must be produced as a .PDF with corresponding load files containing the document's text and all available metadata.

ESI should be produced on appropriate electronic media of Defendant's choosing that does not impose an undue burden or expense upon Plaintiffs. Defendant should decrypt or provide Plaintiffs with passwords to any responsive ESI included in Defendant's productions.

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, agents, predecessors, parents, subsidiaries, divisions, affiliates, partners, or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

   (a) identifying the document;

   (b) describing where the document is now;

    (c)  identifying who has control of the document;

    (d)  describing how the document became lost or destroyed or was transferred; and

    (e)  identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7.  Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8.  If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    (a)  the ground of privilege or protection claimed;

    (b)  every basis for the privilege or protection claimed;

    (c)  the type of document;

    (d)  its general subject matter;

    (e)  the document's date; and

    (f)  other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by

> FRCP 26(b)(5), the court's local rules, the judge's individual practice rules, and the court's local rules.

9. If Defendant objects to any document request on any ground other than privilege, Defendant must specify:

> (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and
>
> (b) whether any responsive materials are being withheld on the basis of an objection.

10. To the extent Defendant asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, Defendant shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period between January 1, 2016 and present.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. Requests for production should be read so as to encompass any and all items responsive to the request.

15. These requests are continuing, and Defendant's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## Documents

**DOCUMENT REQUEST NO. 1:** Any and all files which were located on the CES Server at the time the server was accessed by Logan Lamb in August 2016 (as described in ¶ 26 of the Complaint), at the time the CES Server was accessed by Chris Grayson in March 2017 (as described in ¶ 33 of the Complaint), or which were on the CES Server at any time between when Logan Lamb accessed it in August 2016 and when it was seized (as described in ¶ 39 of the Complaint).

**DOCUMENT REQUEST NO. 2:** Any Document, including but not limited to emails and incident reports, related to any unauthorized access of the CES Server.

**DOCUMENT REQUEST NO. 3:** All server logs and network logging records for the CES Server.

**DOCUMENT REQUEST NO. 4:** Any Document containing the policies and procedures concerning handling, processing, uploading or securing information or communications to or from the GEMS databases.

**DOCUMENT REQUEST NO. 5:** Any Document relating to the theft of electronic pollbooks (as described in ¶ 79 of the Complaint), including but not limited to any investigation into that theft and any changes to hardware, software, or physical or electronic security as a result of that theft.

**DOCUMENT REQUEST NO. 6:** Any Document relating to electronic pollbooks' errors or glitches which occurred on Special Election voting day (as described in ¶ 81 of the Complaint) or which occurred during any other election in 2016 or 2017, including but not limited to any investigation into those errors or glitches and any changes to hardware, software, or physical or electronic security as a result of those errors and glitches.

**DOCUMENT REQUEST NO. 7:** Any Documents related to any request for a recanvass by electors (including but not limited to the requests described in ¶¶ 100-103 of the Complaint).

**DOCUMENT REQUEST NO. 8:** Any Document which you contend constitutes a certification of either the Optical Scanning System or the DRE System used to conduct the June 20, 2017 Runoff.

Respectfully submitted this 12th day of August 2017.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*