# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:17-CV-2989-AT |
| BRIAN P. KEMP, et al. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
## PENDING IN REMOVED STATE COURT ACTION

In accordance with Local Rule 7.2 of this Court, Plaintiffs submit this memorandum of law in support of its Motion for Leave to File Amended Complaint ("Motion"), which was pending in Fulton County Superior Court at the time that this action was removed and for which Plaintiffs hereby seek relief from this Court. The Motion (including the proposed amended complaint—the "Verified Amended Election Contest and Complaint for Declaratory Relief, Injunctive Relief, Damages, and Writs of Mandamus") was filed on August 4, 2017 in Fulton County Superior Court and was

1

included as an exhibit in State Defendants' Notice of Removal at pages 192 – 475.

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure states the following:

> ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within, … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In this case, no responsive pleading or motion under Rule 12 has yet been filed by any defendant and the amended complaint that Plaintiffs seek to file would be their first amendment to their original complaint. Therefore, under Federal Rules, Plaintiffs may file their Amended Complaint as a matter of course without leave of this Court.

Plaintiffs, however, first seek leave of this Court to amend their original complaint in an abundance of caution because the Georgia statutory procedures for election contest claims (which applied to two of Plaintiffs' eight claims in the original complaint) state that "[a]fter filing, any petition ... may be amended with leave of the court so as to include the specification of additional grounds of contest, other relevant facts, or prayer for further relief." O.C.G.A. § 21-2-524(g); *but see* O.C.G.A. § 9- 11-15(a) (Plaintiffs may generally amend pleading "as a matter of course and without leave of

court at any time before entry of a pretrial order"). In addition, Plaintiffs' proposed amended complaint seeks to add new Fulton County Board of Elections and Registration member Mark Wingate, which also would have required leave of court in Fulton County Superior Court. O.C.G.A. § 9-11-21 ("Parties may be dropped or added by order of the court on motion of any party... on such terms as are just.") Thus, in an abundance of caution, Plaintiffs have sought leave of this Court before filing an amended complaint.

Regardless of the rules that apply to this Motion, leave should be given for Plaintiffs to amend their original complaint. The amendment is being sought at the inception of this matter and is necessary for Plaintiffs to present accurate allegations and relevant claims. Even under state election contest procedures, amendments are allowed with leave of the court. *See* O.C.G.A. § 21-2-524(g) ("[a]fter filing, any petition ... may be amended with leave of the court so as to include the specification of additional grounds of contest, other relevant facts, or prayer for further relief"). Moreover, under the Federal Rules, even if Plaintiffs did not have a right to file an amended complaint as a matter of course—which Plaintiffs do here—Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Eleventh Circuit has held that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Circ. 1984). These reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id*. at 750.

Here no substantial reason exists to deny leave. There has been no undue delay, bad faith, repeated failure to cure, or undue prejudice to the opposing party.

For the foregoing reasons and the reasons stated in Plaintiff's Motion, Plaintiffs request this Court grant its pending Motion for Leave to File Amended Complaint.

Respectfully submitted this 15th day of August 2017.

> /s/ Bryan Ward
> Bryan Ward
> Holcomb + Ward LLP
> 3399 Peachtree Rd NE, Suite 400
> Atlanta, GA 30326
> (404) 601-2803 (office)
> (404) 393-1554 (fax)
> bryan.ward@holcombward.com
> Georgia Bar No. 736656
>
> *Attorney for Plaintiffs*

4

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Bryan Ward
Bryan Ward
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 601-2803 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com
Georgia Bar No. 736656

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:17-CV-2989-AT |
| BRIAN P. KEMP, et al. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the Plaintiffs—through their attorney—delivered a true and correct copy of their **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PENDING IN REMOVED STATE COURT ACTION** and **PROPOSED ORDER** regarding the same—all filed with the Court in the above-styled case—to the following parties by properly addressed United States mail:

Cristina Correia
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334
ccorreia@law.ga.gov
*Attorney for State Defendants (The State Election Board, Sec. Kemp, Mr. Worley, Ms. Sullivan, Mr. Simpson, Mr. Harp and Mr. King)*

1

Patrise M. Perkins-Hooker
Kaye Burwell
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street SW, Suite 4038
Atlanta, GA 30306
cheryl.ringer@fultoncountyga.gov
*Attorneys for Fulton County Defendants (Fulton County Board of Registration and Elections, Mr. Barron, Mr. Burge, Ms. Cooney, Mr. Johnson, Mr. Matarazzo, and Ms. Nuriddin)*

Overtis Hicks Brantley
Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
bbryan@dekalbcountyga.gov
*Attorneys for DeKalb County Defendants (DeKalb County Board of Registrations and Elections, Ms. Coveny, Ms. Daniels, Mr. Lewis, Mr. Perry, Mr. Tillman and Mr. Vu)*

Daniel W. White
Haynie Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com
*Attorney for Cobb County Defendants (Cobb County Board of Elections and Registration, Mr. Aiken, Ms. Brooks, Mr. Daniell, Ms. Eveler, Mr. Pettit, and Mr. Wilson)*

Rep. Karen Handel
U.S. Congressional District 6
85C Mill Street
Suite 300
Roswell, GA 30076

Russell D. Waldon, Esq.
900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
rwaldon@wachp.com
*Attorney for Jon Ossoff*

The undersigned also certifies that Plaintiffs—through their counsel—delivered a true and correct copy of each document listed above electronically to the counsel for each defendant (and Mr. Ossoff).

Respectfully submitted this 15th day of August 2017.

/s/ Bryan Ward
Bryan Ward
Georgia Bar No. 736656
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
(404) 892-5695 (office)
(404) 393-1554 (fax)
bryan.ward@holcombward.com

*Attorney for Plaintiffs*