IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; | ) |
| | ) |
| Defendants | ) |

**FULTON COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LIMITED AND EXPEDITED DISCOVERY**

Plaintiffs assert that their *untimely* contest to the Sixth Congressional runoff election held on June 20, 2017 as a basis for its expedited Motion for limited early and expedited discovery ("Plaintiff's Motion"). However, the constitution of the United States provides that the power of the Houses of Congress is supreme with respect to the legality of the election of its members. *Roudebush v. Hartke*, 405 U.S. 15 (1972). As such, Plaintiffs' election contest is without merit and cannot be used as the means by which to gain early discovery.

1

Further, Plaintiffs reliance on *Merial LLC v. Fidopharm Inc.*, for early and expedited discovery concerning an anticipated motion for preliminary injunction is misplaced. 1:13-CV-1207-SCJ, 2013 WL 12072140. In that case, a motion for preliminary injunction was already pending. Here, Plaintiffs have not even filed a motion, but seeks the Court's grant of authority for early discovery. Because the anticipated motion for injunction has not been filed, the court has no basis upon which to judge whether the breadth of the requested discovery is sufficient. Accordingly, Plaintiffs' Motion fails to show good cause for expediting discovery and should be denied.[1]

A. Election Contest Claims

Plaintiff's allegations with respect to its election contests are moot. The constitution of the United States provides that the power of the Houses of Congress is supreme with respect to the legality of the election of its members. *Roudebush v. Hartke,* 405 U.S. 15 (1972). Plaintiff's amended complaint includes two Counts against the Fulton County defendants with respect to election contests under the Official Code of Georgia. However, this Court is without the ability to alter the

---

[1] The Fulton County Defendants incorporate by reference, as if set forth verbatim herein, the arguments and citations of authority set forth in the August 21, 2017 State Defendants' Brief In Response to Plaintiffs' Motion for Expedited Discovery.

outcome of the Sixth Congressional election. Article 1 Section 5, Clause 1 of the United States Constitution provides, "Each house shall be the Judge of the Elections, Returns and Qualifications of its own Members." In the instant matter, [the House of Representatives] "is the judge of the elections, returns, and qualifications of its members. Article I, s 5 (Const.). It is fully empowered, and may determine such matters without the aid of the [Senate] or the executive or judicial department." *Reed et al. v. County Com'rs of Delaware County, PA., et al.,* 277 U.S. 376 (1928). The jurisdiction of the House of Representatives was invoked once the Governor presented the certified election to the House of Representatives. A state may not by conducting a recount alter the outcome of the election. *See Roundebush*, 405 U.S. 15 (1972). With regards to the election at issue in this matter, Representative Karen Handel was seated on June 26, 2017. Because Plaintiffs' election contests claims are moot, and no hearing should be had with request to those claims, any and all discovery related to the June 20, 2017 election, certification of the voting machines, and recanvassing requests should be denied. Because this is the whole of Plaintiffs' request, Plaintiffs' entire request for expedited and early discovery should be denied.

Additionally, Plaintiffs allege that this case involves election contest claims (Counts IV, V, VI and VII) pursuant to O.C.G.A. § 21-2-524 that are subject to

3

expedited hearing requirements under O.C.G.A. § 21-2-525 and for this reason they need early and expedited discovery. However, Plaintiffs' Amended Complaint removed the Count for failure to recanvas against Fulton County (See Count IV of Amended Complaint). Plaintiffs' sought to recanvass certain precincts by letter dated June 26, 2017. However, the Fulton County Defendants election results were certified at a Fulton County Board of Registration and elections meeting on June 24, 2017. Pursuant to O.C.G.A. § 21-2-495(b), a recanvassing can only occur prior to certification of the election results. Accordingly, because Plaintiffs no longer have a count against the Fulton County Defendants for failure to recanvass, any and all discovery related to this count should be denied.

B.  Preliminary Injunction

Further, as stated above Plaintiffs reliance on *Merial LLC v. Fidopharm Inc.*, for early and expedited discovery concerning an anticipated motion for preliminary injunction is misplaced. 1:13-CV-1207-SCJ, 2013 WL 12072140. As Plaintiffs pointed out, there are 4 considerations that are used to determine if good cause has been shown for expedited discovery where a motion for preliminary injunction is involved. Those factors are: (1) whether a motion for preliminary; (2) the breadth of the requested discovery; (3) the reasons for requesting the expedited discovery and (4) the burden on the opponent to comply with the request for discovery and

(5) how far in advance of the typical discovery process the request is made. *Id.* In *Merial*, a motion for preliminary injunction was filed contemporaneously with the motion for early and expedited discovery. Here, Plaintiffs filed their motion on August 12, 2017, have not yet to file a motion for a preliminary injunction, but seeks the Court's grant of authority for early discovery. Because the anticipated motion for injunction has not been filed, the Court has no basis upon which to judge whether the breadth of the requested discovery is sufficient. Indeed, the matters outlined for Director Richard Barron's deposition do not have anything to do with direct recording electronic ("DRE") machines, but rather alleged issues with various other components of Fulton County's election processes. In addition, Plaintiffs have not stated a reason for the need for some the requested information other than it is necessary to prepare for the hearing on the motion for preliminary injunction, which has not been requested as of yet. Accordingly, Plaintiffs' Motion fails to show good cause for expediting discovery and should be denied.

      The Fulton County Defendants are entitled to sovereign and other applicable immunities. Because the grant of early or expedited discovery would amount to a denial of these immunities, the Fulton County defendants requests that Plaintiff's Motion be denied. *See Bouchard Transp. Co v. Fla Dep't of Envtl. Prot.*, 91 F. 3d 1445 (11th Cir. 1996)

Lastly, the Fulton County Defendants seek recourse from this court regarding Plaintiff's request for litigation hold. In a July 26, 2017 electronic mail message from Attorney Bryan Ward, Plaintiffs stated, "[i]n addition, we are available to confer about the retention and security of the voting machines and GEMS server used in the June 20 and April 18 elections. Until such time, those machines should not be disturbed, tested, or changed in any way." Compliance with this request is causing a hardship on the Fulton County Defendants. (*See* Dwight Brower Affidavit in Opposition at ¶ 10). The status quo is that DRE voting machines are the method of voting in Fulton County, Georgia. (Brower Opposition Affidavit at ¶ 2). Preparations are underway for several elections in Fulton County on November 7, 2017. (Brower Opposition Affidavit at ¶ 6). It is currently anticipated that 2270 DRE machines are needed to conduct the November 7, 2017 Fulton County elections. (Brower Opposition Affidavit at ¶ 7). Fulton County is currently maintaining a hold on 1324 DRE machines and currently has 1860 machines available for use. (Brower Opposition Affidavit at ¶¶ 27-8). If Fulton County is required to maintain a litigation hold on all 1324 used in the April 18, 2017 and June 20, 2017 elections, Fulton County will have a shortfall of 408 DRE machines and will not have enough DREs to hold its elections in November. (Brower Opposition Affidavit at ¶ 9). The machines currently in use

6

in Fulton County are no longer available from the manufacturer. (Brower Opposition Affidavit at ¶ 10). As such, compliance with Plaintiffs' litigation hold request places an undue hardship on Fulton County and provides Plaintiffs with the outcome is ultimately seeks without adjudication of this court – nonuse of DRE machine. Accordingly, the Fulton County Defendants request that this court grant it relief from Plaintiffs' hold request to maintain the machines used in the April 18, 2017 and June 20, 2017 elections.

Respectfully submitted this 21st day of August, 2017.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/Kaye Woodard Burwell**
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov

**/s/Cheryl Ringer**
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

**/s/David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
ATTORNEYS FOR DEFENDANTS RICHARD BARRON MARY CAROLE COONEY, VERNETTA NURIDDIN, DAVID J. BURGE, STAN MATARAZZO, AARON JOHNSON, AND THE FULTON COUNTY BOARD OF REGISTATION

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **STATE DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Bryan Ward Marvin Lim
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
Bryan.Ward@holcombward.com
Marvin@holcombward.com

Overtis Hicks Brantley Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030

Daniel W. White
Haynie, Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, Georgia 30060

I further certify that I have served, by electronic mail, the following non-cm/ecf participants:

Rep. Karen Handel
U.S. Congressional
District 6 c/o Anne
Lewis, Esq.
awl@sbllaw.net

Jon Ossoff
Candidate for Congress c/o
Russell Waldon, Esq.
rwaldon@wachp.com

9

This 21st day of August, 2017.

**/s/David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov