IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2989-AT |
| BRIAN P. KEMP, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **<u>ORDER</u>**

On August 22, 2017, the Court held an initial scheduling and status phone conference with counsel for all parties in this matter.

The Court discussed a number of topics at the conference, including scheduling issues.  The Court in particular focused on the highly compressed schedule that the parties face if Plaintiffs proceed to file a motion for a preliminary injunction in advance of the November 2017 election cycle.  For Plaintiffs to even potentially obtain timely preliminary injunctive relief before the election,[1] the Court would likely need to issue its decision on Plaintiffs' injunction motion (yet to be filed) no later than the end of September, i.e. approximately two weeks prior to the commencement of early voting.  Otherwise, Defendants would face major practical obstacles to implementing any potential relief ordered.  This

---

[1] This assumes simply for scheduling purposes that Plaintiffs are able to satisfy the prerequisites for proof of their entitlement to emergency injunctive relief.

scheduling estimate is based on Defendants' representations during the phone conference that absentee ballots would be mailed out as early as October 13, 2017, and that preparation of a host of different ballots must be completed some weeks in advance of that date in addition to executing voting machine programming requirements.[2]

As the Court noted during the conference, this case raises significant and complex legal and evidentiary issues that must be properly briefed as well as reviewed by the Court. There is only the narrowest slice of time, at very best, for Plaintiffs' requested expedited discovery to transpire prior to any hearing the Court might hold on Plaintiffs' anticipated motion for preliminary injunctive relief. Yet none of Plaintiffs' claims seeking prospective relief in connection with the security, integrity, and legality of the current electronic voting system are in reality likely disappearing. Major congressional and state elections will be held in 2018. And the Court will work closely with the parties to ensure that an appropriate and efficient time schedule is established for prompt briefing, discovery, and hearings or trial (if warranted) to be concluded well in advance of the 2018 election cycle. The Court notes, though, even that process might require a condensed time schedule.

The Court therefore encourages Plaintiffs' counsel to seriously review the information filed by Defendants this Friday regarding the time schedule for election preparation as well as Defendants' new motions to dismiss due by

---

[2] The Court directed that the Defendants file on August 25th the election schedule and fine tune their estimates of various election preparation timelines.

August 29, 2017.  If, upon review of these materials, Plaintiffs decide to proceed by seeking injunctive relief in connection with the *2018* election cycle *instead of* the upcoming November *2017* election, Plaintiffs are **DIRECTED** to notify the Court as soon as possible but no later than 5:00 P.M. on September 1, 2017.  If Plaintiffs determine they wish to proceed with the current established schedule and plan, they are advised to focus their motion for preliminary injunctive relief realistically on the limited set of issues and claims they deem essential to be resolved in this current 2017 election cycle.  Additional issues, as warranted, will then be addressed in later discovery, briefs, and hearings.

**IT IS SO ORDERED** this 23rd day of August, 2017.


_____
**Amy Totenberg**
**United States District Judge**