# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION<br>) FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; | ) ) ) |
| Defendants. | ) ) |

## FULTON COUNTY DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW the Fulton County Board of Registration and Elections ("FCBRE"), Director Richard Barron, members of the FCBRE Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") through counsel, and pursuant to Fed. R. Civ. Proc. 81(c), hereby file their response to the Amended Complaint. The Fulton County Defendants provide the following in support of their motion for dismissal of all claims pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

### A. Incorporation and Adoption of Arguments presented by State Defendants and Other County Defendants.

The Fulton County Defendants incorporate by reference, as if set forth verbatim herein, the arguments and citations of authority set forth in the August 30, 2017 State Defendants' Brief in Support of Their Motion to Dismiss. Additionally, the Fulton County Defendants incorporate by reference, as if set forth verbatim herein, the arguments and citations of authority set forth in the August 30, 2017 Briefs in Support of Motions to Dismiss asserted by the other county Defendants in this case.

Additionally, the Fulton County Defendants offer the following.

### B. Plaintiffs' Claims are Barred by the Fulton County Defendants' Sovereign Immunity.

The state has adequately informed the Court as to the state's assertion of sovereign immunity. Likewise, it is well-established that "[a] county is not liable for any cause of action unless made so by statute." O.C.G.A. § 36-1-4. Moreover, "sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." *Ga. Const.*

*of 1983,* Art. I, Sec. II, Para. IX(e).  This provision of the Georgia Constitution extends sovereign immunity to counties.  *Toombs County v. O'Neal*, 254 Ga. 390, 391(1), 330 S.E.2d 95 (1985); *Gilbert v. Richardson*, 264 Ga. 744, 747(2), 452 S.E.2d 476 (1994); *Layer v. Barrow County*, 297 Ga. 871, 778 S.E.2d 156, 158 (2015).

### C. Plaintiffs do not have a Colorable Claim under 42 U.S.C. § 1983.

The law governing the invocation of section 1983 for alleged "malfunctions" of the electoral process is well settled. **The [federal] Constitution is not an election fraud statute: protection is extended to the right of all qualified citizens to vote in state and federal elections**…  *Bodine v. Elkhart County Election Bd.*, 788 F.2d 1270 (1986) *citing Reynolds v. Sims,* 377 U.S. 533, 554, 84 S.Ct. 1362, 1377-78, 12 L.Ed.2d 506 (1964). "It is not every election irregularity, however, which will give rise to a constitutional claim and an action under section 1983." *Hennings v. Grafton,* 523 F.2d 861, 864 (7th Cir.1975).  The court in *Hennings* held that section 1983 is implicated only when there is "*willful* conduct which undermines the organic processes by which candidates are elected." 523 F.2d at 864 (emphasis added); see also *Shannon v. Jacobowitz*, 394 F.3d 90, 97 (2d Cir.2005) ("Because no conduct is alleged that would indicate an intentional

deprivation of the right to vote, we find no cognizable federal due process claim."); *Burton v. Georgia*, 953 F.2d 1266, 1268 (11th Cir.1992) ("Principles of federalism limit the power of federal courts to intervene in state elections.")  Because Plaintiffs have failed to show willful intent, they have failed to state a constitutional violation of the Fourteenth Amendment. Every election irregularity will not rise to a constitutional violation. *Pettengill v. Putnam County R-1 Sch. Dist.*, 472 F.2d 121, 121-22 (8th Cir. 1973).  The Constitution does not mandate flawless or perfect elections. *Bodine* 788 F.2d at 1272 (7th Cir. 1986). Absent invidious discrimination or "fraudulent interference with a free election by stuffing the ballot box," voter irregularities do not amount to constitutional violations. *Pettengill*, 472 F.2d 121, 122 (8th Cir. 1973).

In addition, *Gamza v. Aguirre*, 619 F.2d 449, 453 9 (5th Cir. 1980) the Fifth Circuit explained that "[i]f every state election irregularity were considered a federal constitutional deprivation, federal courts would adjudicate every state election dispute, and the elaborate state election contest procedures, designed to assure speedy and orderly disposition of the multitudinous questions that may arise in the electoral process, would be superseded by a section 1983 gloss."

Consequently, the jurisprudence in this area mandates that Plaintiffs Section 1983 claims be dismissed for failure to state a claim for the denial or deprivation of

constitutional rights.

## D. **Plaintiffs' Claims Under 42 U.S.C. § 1983 are Barred by the Failure to Meet a Condition Precedent.**

Further, Plaintiffs' federal constitutional claims are barred due to Plaintiffs' failure to exhaust their administrative remedies as required to bring an action under 42 U.S.C. § 1983. *See Eisen v. Eastman*, 421 F.2d 560 (2d Cir. 1969). Pursuant to the State Election Code, and the Georgia Administrative Procedure Act, the State Election Board is the proper administrative body to which Plaintiffs petitioned with any concerns. O.C.G.A. § 21-2-30, provides, in relevant part:

> It shall be the duty of the State Election Board:
>
> . . .
>
> (2) To formulate, adopt, and promulgate such rules and regulations, consistent with law, as will be conducive to the fair, legal, and orderly conduct of primaries and elections; and, upon the adoption of each rule and regulation, the board shall promptly file certified copies thereof with the Secretary of State and each superintendent;
>
> . . .
>
> (5) To investigate, or authorize the Secretary of State to investigate, when necessary or advisable the administration of primary and

election laws and frauds and irregularities in primaries and elections and to report violations of the primary and election laws either to the Attorney General or the appropriate district attorney who shall be responsible for further investigation and prosecution . . .

Id. Plaintiffs now seek to perform an end run around these requirements, by asserting claims under 42 U.S.C. § 1983 in lieu of complying with the state administrative remedies available to Plaintiffs. However, such claims are foreclosed.[1]

Plaintiff's make a claim for mandamus relief against Secretary of State Kemp pursuant to O.C.G.A. § 21-2-379.2. (Count VIII). [Doc. 15 ¶¶ 216-232]. However, Plaintiffs' claim for mandamus relief pursuant to O.C.G.A. § 21-2-379.2 should be dismissed because they have not satisfied one of the basic requirements

---

[1] This Court should also consider the abstention principles set forth in *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). Under Burford, abstention is appropriate when there is an important local interest and a state-organized structure for resolving disputes relating to that interest. *Alabama Pub. Serv. Comm'n v. Southern Ry. Co.,* 341 U.S. 341, 347-48 (1951). As the Supreme Court later stated, when "adequate state court review of an administrative order based upon predominantly local factors is available ... intervention of a federal court is not necessary for the protection of federal rights." *Id.* at 349. Abstention is appropriate as a means to avoid needless conflict with the administration by a state of its own affairs. *Detroit Edison Co. v. East China Twp. Sch. Dist. No. 3,* 378 F.2d 225, 229-30 (6th Cir. 1967).

necessary to trigger the Secretary of State's responsibilities under that statute. O.C.G.A. § 21-2-379.2 allows ten or more electors to request that the secretary of State reexamine DRE voting systems. Plaintiffs made such a request, and the Secretary of State responded to the request with both a cost estimate for the reexamination and a timeline for completion. Plaintiffs failed to pay for the cost of a reexamination; therefore the Secretary of State presently has no duty to perform the requested reexamination until such payment is made:

> Before any such examination or reexamination, the person, persons, or organization requesting such examination or reexamination shall pay to the Secretary of State the reasonable expenses of such examination. O.C.G.A. § 21-2-379.2(a) (emphasis added).

The Secretary of State performed the only duty he has at this time under Section 21-2-379.2(a): to respond to the electors' request with a cost estimate and timeline for completion. Plaintiff's failure to properly seek and exhaust their administrative remedies precludes them from seeking relief pursuant to 42 U.S.C. § 1983. Consequently, Plaintiff's mandamus claims against the Fulton County Defendants must also fail. Plaintiff's make a claim for mandamus relief against the Fulton County Defendants pursuant to O.C.G.A. § 21-2-334. (Count IX). [Doc. 15 ¶¶ 233-240]; asserting that the Defendants did not remove the state-

mandated DRE machines from use.  However, just as Plaintiff's claims against the Secretary of State must fail for lack of properly seeking and exhausting their administrative remedies, these claims against the Fulton County Defendants fail for the same reasons.

Georgia's DRE-based voting system is certified by the Secretary of State.  There has been no reexamination of DREs, by the Secretary of State.  Therefore, the Fulton County Defendants are required to use the voting system that is mandated for use throughout the State of Georgia. O.C.G.A. §§ 21-2-379.2 and 379.3.  Without exhausting the administrative process of requesting and having a re-examination performed, Plaintiff's cannot assert claims against the Fulton County Defendants under 42 U.S.C. § 1983.

### E. <u>Plaintiffs' Claims Are Barred By the Doctrine of Laches</u>

Courts of equity may impose an equitable bar to a complaint when the lapse of time and claimant's neglect in asserting rights causes prejudice to the adverse party.  *Troup v. Loden*, 266 Ga. 650, 469 S.E. 2d 664 (1996), O.C.G.A. § 9-3-3.  "Laches" in a general sense is neglect for an unanswerable and unexplained length of time to do that which by exercise of due diligence could have or should have been done earlier. *Prudential Insurance Co. v. Sailors*, 69 Ga. App. 628, 26 S E. 2d 557 (1943).

Put simply, Plaintiffs have waited too long to seek relief.  Plaintiffs filed suit and then inexplicably waited to serve the State and County Defendants. Plaintiffs initially filed their complaint on July 3, 2017.  The first Fulton County Defendant was not served until July 28, 2017.  Although Plaintiffs were aware that the Fulton County Defendants would be preparing for elections on November 7, 2017, they did waited weeks to serve the Fulton County Defendants and had to be urged by the Court to file their motion for preliminary injunction.  Plaintiffs assert in their Complaint that they will be irreparably harmed if the Fulton County Defendants are not enjoined from using the DRE machines in the November 7, 2017 elections and seek to halt current processes that are underway in preparation for these elections.  Plaintiffs' failure to act amounts to laches.  Plaintiffs could have acted earlier, but they waited. The Fulton County Defendants have continued to take measures to conduct its elections in the normal course of business.  Contracts have been executed with municipalities assuming the use of DRE machines, initial payments have been forwarded by the municipalities, poll workers are being hired, etc.

Even if the Court is persuaded that Plaintiffs are facing harm, because Plaintiffs' inaction and or delayed action in timely serving the Fulton County Defendants has assisted in manufacturing the alleged impending injury that they

9

seek relief from, they are not entitled to the requested remedy.

## F. **Plaintiffs' Are Collaterally Estopped from Bringing Claims That Have Already Been Adjudicated in a Court of Law.**

As the Court has been advised, Plaintiffs and Defendants have already litigated a similar matter in the Fulton County Superior Court, Curling I, wherein Plaintiffs alleged:

Count I – state law claim against all defendants in their official capacities for declaratory judgment.

Count II – state law claim against Defendants Barron, Daniels, Eveler for temporary interlocutory and permanent injunction enjoining use of the DRE voting system in the June 20, 2017 runoff.

Count III – state law claim against Defendant Kemp for writ of mandamus requiring exercise of the public duty to re-examine Georgia's DRE voting system (O.C.G.A. § 21-2-379.2(b)).

The Court in Curling I specifically held that Plaintiffs' state law causes of action were subject to qualified immunity and must be dismissed; and Plaintiff' request for writ of mandamus must necessarily fail. [See Court's instruction included in Doc 14; See also, Doc 17]

In the instant case, Plaintiffs have asserted the following claims:

Count I – state law claim against all defendants in their individual capacities for alleged violations of Georgia Constitution Art. II, Sec. I, Para. I concerning the conduct of elections. [Doc. 15 ¶¶ 130-148].

Count II – federal claim against all defendants in their official and individual capacities under 42 U.S.C. § 1983 for alleged violations of federal due process and First Amendment rights. [Doc. 15 ¶¶ 149-162].

Count III – federal claim against all defendants in their official and individual capacities under 42 U.S.C. § 1983 for alleged violations of federal equal protection rights. [Doc. 15 ¶¶ 163-179].

Count IV – state law claim against all non Fulton County defendants in official and individual capacities for alleged failure to recanvass votes. [Doc. 15 ¶¶ 180-187].

Count V – state law claim again state Defendants for failure to certify DRE system.

Count VI – state law election contest against all defendants in official and individual capacities under O.C.G.A. § 21-2-520 for alleged election irregularities relating to the use of DRE machines. [Doc. 15 ¶¶ 197-206].

Count VII – state law election contest against all defendants in official and individual capacities under O.C.G.A. § 21-2-520 for alleged election

irregularities related to the use of illegal ballots. [Doc. 15 ¶¶ 207-215].

Count VIII – Writ of mandamus against Secretary Kemp

Count IX – state law mandamus claim against all defendants in official capacities [Doc. 15 ¶¶ 233-240].

Collateral estoppel or issue preclusion prevents the re-litigation of an issue that is identical to one decided in a prior proceeding involving the same parties or their privies. *See Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446, 469 S.E.2d 509 (1996). When the doctrine of collateral estoppel applies, an issue previously litigated and adjudicated on the merits cannot be re-litigated even as part of a different cause of action. *Jordan v. Bd. of Public Safety*, 253 Ga. App. 339, 342, 559 S.E.2d 94 (2002). This doctrine prevents a litigant from splitting his claims against the same party into a series of lawsuits. *See Id*. at 341, 559 S.E.2d 94.

In addition, the preclusion doctrines of res judicata (or claim preclusion) and collateral estoppel (or issue preclusion) apply to a cause of action "even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added." *Medlin v. Carpenter*, 174 Ga. App. 50, 51, 329 S.E.2d 159 (1985) (internal citations omitted.) A party may only assert the doctrine of collateral estoppel if the issue was (1) raised in a prior proceeding, (2) actually litigated and decided, and (3) necessary to final judgment. *Boozer v.*

*Higdon*, 252 Ga. 276, 278, 313 S.E.2d 100, 102 (Ga.1984) ("In order to successfully plead collateral estoppel, ... one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision.");

"Privity" is a "connection or relationship between two parties, each having a legally recognized interest in the same subject matter." *U.S. Micro Corp. v. Atlantix Global Sys*., LLC, 278 Ga. App. 599, 602, 630 S.E.2d 416, 419 (2006) (quoting Black's Law Dictionary, p. 1237 (8th ed.2004)). *See also Old Republic Nat. Title Ins. Co. v. Hartford Acc. & Indem. Co*., 2:12-CV-0004-RWS, 2013 WL 1943427, at * 9 (N.D. Ga. May 9, 2013).

*See also QOS Networks Ltd. v. Warburg, Pincus & Co*., 294 Ga. App. 528, 534, 669 S.E.2d 536, 542 (2008) ("While parties need not be identical, they must be so connected with a party to the previous judgment that the party fully represents the interest of the privy.")

Applying this definition of "privy" to the circumstances presented here, Plaintiffs in the *Curling I* litigation, were privies for the Plaintiffs in the instant matter. Many of the Plaintiffs in the instant matter were also plaintiffs in *Curling I*[2], and thus they had control over the litigation. Accordingly, the interests of the

---

[2] Plaintiffs Donna Curling, Donna Price, and Coalition for Good Governance

*Culling I* plaintiffs are fully congruent with interests of the Plaintiffs in the matter before this Court, and the *Curling I* plaintiffs fully "represented" the interests of these Plaintiffs.

Accordingly, because state law claims for writ of mandamus were (1) raised in a prior proceeding, (2) actually litigated and decided, and (3) necessary to final judgment. *Boozer v. Higdon*, 252 Ga. 276, 278, 313 S.E.2d 100, Plaintiffs are collaterally estopped from having their claim for mandamus re-litigated in this Court. Further, although Plaintiffs are expected to filed a motion for preliminary injunction for bar the use of the DRE voting system, the Court in *Curling I* has also adjudicated that claim.

Based on the foregoing, the Fulton County Defendants requests that this Court grant the requested Motion to Dismiss.

---

(formally known as Rocky Mountain Foundation) were Plaintiffs in *Curling I*. Secretary of State Brian Kemp and the various county Defendants were also Defendants in *Curling I*. In *Curling I*, Plaintiffs' motion for injunction was denied and all state law claims were dismissed by the Court. *Curling, et al., v. Kemp, et al.*, CA No. 2017cv290630 (Fulton County Superior Court, June 9, 2017).

**Respectfully submitted this 29th day of August, 2017.**

**OFFICE OF THE COUNTY ATTORNEY**

**/s/Cheryl Ringer**
**Kaye Burwell**
**Georgia Bar Number:   775060**
**kaye.burwell@fultoncountyga.gov**
**Cheryl Ringer**
**Georgia Bar Number: 557420**
**cheryl.ringer@fultoncountyga.gov**
**David Lowman**
**Georgia Bar Number: 460298**
**david.lowman@fultoncountyga.gov**

**ATTORNEYS FOR DEFENDANTS RICHARD BARRON MARY CAROLE COONEY, VERNETTA NURIDDIN, DAVID J. BURGE, STAN MATARAZZO, AARON JOHNSON, AND THE FULTON COUNTY BOARD OF REGISTATION**

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

15

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing **FULTON COUNTY DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

This 29th day of August, 2017.

**/s/David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **BRIEF IN SUPPORT OF FULTON COUNTY DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Bryan Ward Marvin Lim
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
Bryan.Ward@holcombward.com
Marvin@holcombward.com

Overtis Hicks Brantley Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030

Daniel W. White
Haynie, Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, Georgia 30060

Jon Ossoff
Candidate for Congress
c/o Russell Waldon, Esq.
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway, N.W.
Suite 1040
Atlanta, GA 30339-3084
rwaldon@wachp.com

I further certify that I have served, by electronic mail, the following non-cm/ecf participants:

Rep. Karen Handel
U.S. Congressional District 6
c/o Anne Lewis, Esq. awl@sbllaw.net

This 29th day of August, 2017.

**/s/David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
