IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNA CURLING, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CA No. 1:17cv02989-AT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRIAN KEMP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STATE DEFENDANTS' MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES AND BRIEF IN SUPPORT

Come Now the State Election Board ("SEB"), Secretary of State and Chair of the SEB Brian P. Kemp, members of the SEB David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp, and Merle King (hereafter "State Defendants") through counsel, and pursuant to FED. R. CIV. P. 26, move to stay all discovery related activities pending the Court's resolution of the State Defendants' motion to dismiss. In the event that any claims remain after resolution of the motion to dismiss, it is requested that a scheduling/discovery order be entered *at that time*.  In support of this motion, Defendants show the following:

## I.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs have sued twenty nine State and County Defendants seeking, in part, to enjoin the use of DRE voting machines in future elections.  All Defendants have filed motions to dismiss.  Plaintiffs have not responded to any of the motions to dismiss and now seek leave to file an Amended Complaint.  The State Defendants have moved to dismiss asserting Eleventh Amendment immunity, sovereign immunity, official immunity, qualified immunity, lack of standing, mootness, and failure to state a claim.  Pursuant to Rule 26.2 A of the Local Rules for the Northern District of Georgia, discovery in this case does not begin until *after* a Defendant has filed an Answer.   Additionally, where as here, Defendants assert immunity defenses, those immunities must be addressed prior to discovery and further progression of the case. *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017).

The State Defendants move to stay all discovery related activities imposed by FED. R. CIV. P. 16 and 26 and the Local Rules of this District.  The assertion of these immunity defenses requires a stay of discovery while the Court decides the issues.

## II.     ARGUMENT AND CITATION TO AUTHORITIES

While the Local Rules provide that the discovery period does not begin until after an answer has been filed, they do require that the parties participate in an early planning conference, prepare the Joint Preliminary Report Discovery Plan, and serve

Initial Disclosures, even when a motion is filed in lieu of an answer.  *See* LR, NDGa

16.1, 16.2, and 26.   For the following reasons, the State Defendants request that the

Parties be relieved from participating in these limited discovery-related activities.

**A.    Discovery Should be Stayed Because Eleventh Amendment Immunity has been Raised as a Defense**

The defense of Eleventh Amendment immunity is concerned "not only with the

States' ability to withstand suit, but [] their privilege not to be sued."    *Puerto Rico*

*Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 n.5 (1993).

Eleventh Amendment immunity goes to the Court's subject matter jurisdiction.

*Seminole Tribe v. Fla.*, 517 U.S. 44, 72-73 (1996). Whether the immunity applies

must be resolved before the Court may address the underlying claims.   *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Having raised multiple immunity defenses, the State Defendants should not be

required to participate in any discovery related activities until those immunities are

adjudicated.  *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (holding

that "requiring the parties to develop their Rule 26(f) report before the court ruled on

the immunity defenses [was] inconsistent with . . . decisions which establish that

immunity is a right not to be subjected to litigation beyond the point at which

immunity is asserted.").  In *Howe*, the district court had denied Defendants' motion to

dismiss without prejudice and instructed the Plaintiff to file another amended

complaint.  861 F.3d at 1301.  The Court also simultaneously required the defendants to participate in the Rule 26(f) conference and then file a Rule 26 report.  *Id.*  The Eleventh Circuit reversed the district court's order to the extent it was requiring government defendants to participate in *any* discovery prior to adjudication on the merits of their claims.  *Id.* at 1302.

> In the present case, the district court's order not only reserved ruling on the defendants' claims to immunity until after Howe filed a second amended complaint, it also instructed the parties to confer and develop their Rule 26(f) report. Under Rule 26(f), the parties must confer and develop a proposed discovery plan, and '[i]n conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case . . . .' Fed. R. Civ. P. 26(f)(2) (emphasis added). The part of the order requiring the parties to confer and discuss settlement before the court ruled on the defendants' motion to dismiss on immunity grounds is inconsistent with our decision in *Bouchard Transportation*. And the part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses is also inconsistent with *Bouchard Transportation* and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.

*Howe*, 861 F.3d at 1302.

The State Defendants have asserted Eleventh Amendment and qualified immunity immunity with respect to the federal constitutional claims and sovereign immunity and official immunity, with respect to the State Constitutional and statutory claims.  These immunities, which goes to subject matter jurisdiction, are immunity both from damages and from suit, and would be effectively lost if Defendants were

4

required to engage in any discovery related activities before their entitlement to immunity is resolved.  Discovery should be stayed until the immunity issue has been resolved.

**B.    Discovery Should be Stayed Because Qualified Immunity has been Raised as a Defense**

The State Defendants have also asserted the defense of qualified immunity. This immunity seeks "to protect government officials from the cost of trial and the burdens of broad reaching discovery." *Caraballo-Sandoval v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994)(affirming stay of discovery until district court decided the issue of qualified immunity).  Supreme Court precedent plainly instructs that immunity issues should be resolved where possible before commencement of discovery, and that the denial of these immunities on legal grounds is immediately appealable. *See e.g. Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985).  The plain import is that immunity issues are recognized as threshold issues that should be resolved before further litigation occurs in the case.

The Supreme Court has repeatedly stated that the purpose of governmental immunity is not only protection from civil damages, but also protection from the rigors of litigation itself, including the potential for disruptiveness of discovery. *Id.* at 526; *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).   Indeed, the Court has emphasized that "[o]ne of the purposes of the *Harlow* [ ] immunity standard is to

5

protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'"   *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817).

The Supreme Court recently reiterated its adherence to this principle.   In *Ashcroft v. Iqbal*, it stated, "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"   556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilly*, 500 U.S. 226, 236 (1991)).   If Defendants are required to participate in discovery before the immunity issues have been ruled upon, the immunities would be effectively lost.

## C.   Discovery Should Be Stayed for the Convenience of the Parties and in the Interest of Justice

Defendants also moved for dismissal based upon the failure to state a claim. Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequent of discovery "for the convenience of the parties . . .  and in the interests of justice."   FED. R. CIV. P. 26(d); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985)(court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987)(staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2008 (2d ed. 1994) ("The court may wish to issue

a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.")(citing *In re First Constitution Shareholders Litigation*, 145 F.R.D. 291 (D. Conn. 1991)).

Defendants have challenged the sufficiency of the Amended Complaint, arguing that some claims are moot, Plaintiffs lack standing, and that the Amended Complaint fails to state a claim.  Defendants request that the parties be relieved from having to exert time, effort, and resources on discovery until their motion to dismiss is ruled upon.  *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending resolution of motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)(holding that "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

An order staying discovery will protect the parties from the burden of unnecessary and expensive discovery and further the interests of efficiency and justice should the Court grant the motion to dismiss.  In the alternative, the motion to dismiss, even if partially granted, would narrow the claims that survive and establish the proper scope of discovery for what remains, if anything, of Plaintiffs' claims.  Either way, the

parties will have been relieved of expending additional time, effort, and resources on any and all claims that the Court may dismiss.

### III.    CONCLUSION

For the foregoing reasons, the State Defendants request that all discovery related activities be stayed in this matter pending a resolution of the State's motion to dismiss.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                      112505

ANNETTE M. COWART        191199
Deputy Attorney General

RUSSELL D. WILLARD        760280
Senior Assistant Attorney General

/s/Cristina Correia
CRISTINA CORREIA          188620
Assistant Attorney General

/s/Elizabeth A. Monyak
ELIZABETH A. MONYAK     005745
Assistant Attorney General

JOSIAH B. HEIDT             104183
Assistant Attorney General

Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
404-656-7063

Attorneys for State Defendants

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendants' Brief in Support of Motion to Dismiss was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).


/s/ Cristina Correia
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing

**STATE DEFENDANTS' MOTION AND BRIEF IN SUPPORT OF MOTION**

**TO STAY** with the Clerk of Court using the CM/ECF system, which will

automatically send email notification of such filing to the following attorneys of

record:

Bryan Ward
Marvin Lim
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
Bryan.Ward@holcombward.com
Marvin@holcombward.com

Overtis Hicks Brantley
Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive 5th Floor
Decatur, GA 30030

Patrise M. Perkins-Hooker
Kaye Burwell
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street SW Suite 4038
Atlanta, GA 30303
Facsimile:  (404) 730-6324

Daniel W. White
Haynie, Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, Georgia 30060

11

Russell D. Waldon
WALDON ADELMAN CASTILLA
HIESTAND & PROUT
900 Circle 75 Parkway
Suite 1040
Atlanta, GA  30339

Anne Lewis
Strickland Brockington Lewis LLP
1170 Peachtree Street, NE
Suite 2200
Atlanta, GA  30309-7200

This 1st day of September, 2017.

/s/ Cristina Correia
Assistant Attorney General