```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
2                     ATLANTA DIVISION

3

4   DONNA CURLING, ET AL.,          :
                                    :
5           PLAINTIFFS,             :
    vs.                             :  DOCKET NUMBER
6                                   :  1:17-CV-2989-AT
    BRIAN P. KEMP, ET AL.,          :
7                                   :
            DEFENDANTS.             :
8

9

10         TRANSCRIPT OF TELEPHONE CONFERENCE PROCEEDINGS

11            BEFORE THE HONORABLE AMY TOTENBERG

12              UNITED STATES DISTRICT JUDGE

13                   SEPTEMBER 1, 2017

14                      3:03 P.M.

15

16

17

18

19

20

21     MECHANICAL STENOGRAPHY OF PROCEEDINGS AND COMPUTER-AIDED

22                  TRANSCRIPT PRODUCED BY:

23

    OFFICIAL COURT REPORTER:       SHANNON R. WELCH, RMR, CRR
24                                 2394 UNITED STATES COURTHOUSE
                                   75 TED TURNER DRIVE, SOUTHWEST
25                                 ATLANTA, GEORGIA  30303
                                   (404) 215-1383
```

```
 1              A P P E A R A N C E S   O F   C O U N S E L

 2

 3    FOR THE PLAINTIFFS:

 4
           BRYAN MYERSON WARD
 5         HOLCOMB & WARD, LLP

 6         EDWARD BRUCE SCHWARTZ
           JOE ROBERT CALDWELL, JR.
 7         MOLLY POAG
           STEPTOE & JOHNSON, LLP
 8

 9    FOR THE STATE OF GEORGIA DEFENDANTS:

10
           CRISTINA CORREIA
11         ELIZABETH AHERN MONYAK
           ATTORNEY GENERAL'S OFFICE - ATLANTA
12

13    FOR THE FULTON COUNTY DEFENDANTS:

14
           KAYE WOODARD BURWELL
15         DAVID R. LOWMAN

16
      FOR THE DEKALB COUNTY DEFENDANTS:
17

18         BENNETT DAVIS BRYAN
           DEKALB COUNTY DEPARTMENT OF LAW
19

20    FOR THE COBB COUNTY DEFENDANTS:

21
           DANIEL WALTER WHITE
22         HAYNIE LITCHFIELD CRANE & WHITE

23
      FOR REPRESENTATIVE KAREN HANDEL:
24

25         ANNE WARE LEWIS
           STRICKLAND BROCKINGTON LEWIS LLP
```

UNITED STATES DISTRICT COURT
OFFICIAL CERTIFIED TRANSCRIPT

```
 1              P R O C E E D I N G S

 2     (Atlanta, Fulton County, Georgia; September 1, 2017.)

 3              COURTROOM DEPUTY CLERK:  Good afternoon, Counsel.

 4     This is Amy McConochie, Judge Totenberg's courtroom deputy

 5     clerk.  The Court is joining the conference call in Civil

 6     Action 17-CV-2989.  That is the case of Curling, et al. vs.

 7     Kemp, et al.

 8              Everyone, I'm going to remind you that we have a

 9     large number of people on the line.  So you need to announce

10     your name before you start speaking so that both Judge

11     Totenberg and the court reporter, Ms. Welch, know who is

12     speaking at any given time.

13              Ms. Burwell, I'm going to remind you in particular.

14     We have a hard time hearing you sometimes.  So if you can

15     please speak up or if you are using a speakerphone maybe not

16     use a speakerphone, that will help us.  We had a little

17     difficulty hearing you the last couple of phone conferences.

18              Now I'm going to ask everyone to please introduce

19     themselves starting with counsel for the plaintiff, and then we

20     will get the conference call started and you'll be on the line

21     with Judge Totenberg.  Thank you.

22              MR. WARD:  This is Bryan Ward of Holcomb & Ward for

23     the plaintiffs.  And I believe Steptoe counsel is also on the

24     line as well.

25              MR. CALDWELL:  Yes.  This is Joe Caldwell for the
```

1  plaintiffs.  And also Ed Schwartz and Molly Poag are also here.

2         MS. CORREIA:  This is Cris Correia and Elizabeth

3  Monyak on the behalf of the State defendants.

4         MR. BRYAN:  Bennett Bryan on behalf of the Dekalb

5  defendants.

6         MR. WHITE:  Daniel White on behalf of the Cobb County

7  defendants.

8         MS. BURWELL:  Kaye Burwell and David Lowman on behalf

9  of Fulton County.

10        MS. LEWIS:  And this is Anne Lewis on behalf of the

11  candidate Karen Handel.

12        THE COURT:  All right.  This is Judge Totenberg.

13  First of all, I hope y'all have a good weekend and that it is

14  going to be better than it was going to be in light of the

15  plaintiffs' decision so that people aren't running around in

16  10,000 directions this weekend.

17        I'm expecting counsel from Steptoe to resolve their

18  status here in the next two weeks.  And you are allowed to

19  continue to participate in phone conferences pending that.

20        Ms. Lewis, as a courtesy to you, I have said you can

21  participate.  But I don't believe that is appropriate ad

22  infinitum unless you do something that would provide me a basis

23  for authorizing that.  Whether that is --

24        MS. LEWIS:  Yes, Judge Totenberg.  I appreciate that.

25  Representative Handel was served with a copy of the complaint

1    today.

2            THE COURT:  All right.  Very good.

3            MS. LEWIS:  I will enter an appearance, and I

4    appreciate you letting me participate before that.

5            THE COURT:  That is no problem.

6            Well, I have scanned briefly the defendants' motion

7    to stay related -- discovery-related activities that arrived

8    essentially 20 minutes ago.  Though I didn't see it 20 minutes

9    ago.  I have looked, of course, at the letter that was sent by

10   Mr. Ward on behalf of plaintiffs and their proposed scheduling

11   order.

12           I wanted to chat at this point about the way I

13   perceived the schedule here, and that impacts both the

14   discovery issues and the schedule as a whole.  Some of our

15   scheduling issues even for the future are a function of

16   plaintiffs' position, and some of them are actually also a

17   function of the defendants having removed this to -- this case

18   to this court, which, of course, meant we lost time that way.

19   And if the defendants insist on invoking their rights to

20   basically stay discovery while I look at the motions to

21   dismiss -- you have a right to do that, but I will say also

22   then you're pressing up against your own deadlines and time

23   frame in the end.  And I take note of that because it is not

24   simply the plaintiffs' fault under these circumstances.

25           I think that in light of the defendants' position, we

1  ought to try to get the plaintiffs to get an amended complaint
2  and a motion for preliminary injunction still in here as
3  quickly as possible.  I don't perceive our being able to
4  necessarily resolve the motion to dismiss until the beginning
5  of October.  And so the sooner that the plaintiffs have an
6  amended complaint, the sooner we can -- it is probably likely
7  to be very much the same motion to dismiss.  Although it might
8  be somewhat different and more streamlined also because
9  plaintiffs have said they will file a streamlined complaint.
10        So I think that I want to ask plaintiffs' counsel:
11  When is the soonest you think you could actually file an
12  amended complaint?
13        MR. CALDWELL:  Your Honor, this is Joe Caldwell.
14  Again, thank you for permitting us to address you in these
15  proceedings.
16        You referenced the proposed scheduling order.  And I
17  just want to amend that in one respect by saying that we are
18  not proposing to the Court that it adopt the scheduling order.
19        THE COURT:  I know.  I understand that.
20        MR. CALDWELL:  Okay.
21        THE COURT:  It was simply a proposed schedule sort of
22  trying to show that you're trying to move this and what type of
23  schedule would work in your judgment.
24        MR. CALDWELL:  Exactly.  And so we do plan to confer
25  with opposing counsel about this.  But on the schedule that we

1 proposed, we suggested that the plaintiffs file the amended

2 complaint on September 22nd.  And that by filing on

3 September 22nd, then defendants could file their -- their

4 answer or their motion to dismiss by October 10.

5       THE COURT:  I see that.  I see that.  But I'm asking

6 you can you -- basically I'm suggesting given what I see as

7 some issues on the schedule, can you move faster than

8 September 22nd so that I can get to the defendants' motion

9 sooner?

10       MR. CALDWELL:  Well, Your Honor, we will do our best

11 to see if we can pick a date sooner than that.

12       THE COURT:  All right.  I mean, here is the general

13 point.  You're still going to have to hustle.  Everyone is

14 going to have to hustle in order to have a potential trial on

15 this matter that would be a timely trial or a preliminary

16 injunction hearing.

17       What plaintiffs have suggested here is March 13.  I

18 think it is probably also a little bit late given the fact that

19 as far as I know approximately early voting begins April 30th.

20 And then you again -- once again are looking at preparations

21 for early voting taking two, three weeks.  And if there were to

22 be a remedy that would actually require ballots -- paper

23 ballots as you have suggested, maybe four weeks.  So I think

24 March 13 is late.  So I think you need to think about this

25 schedule.

1          I'll now direct that to the plaintiffs' as well as to

2     defendants' counsel.  You need to think about it as moving at a

3     time that will allow the trial ideally no later than the second

4     or third week in February.

5          MR. CALDWELL:  This is Joe Caldwell for the

6     plaintiffs.  We could be prepared to do that, Your Honor.  We

7     had picked a date that we thought since it is two and a half

8     months before the date of the election going by what defendants

9     had said to this point about how much time that they would

10    need, which seemed to be somewhere around four to six weeks,

11    that March 13 might be adequate.  We can accelerate that time

12    and be prepared to go even sooner.

13         THE COURT:  The point on all of this is I'm not fast.

14    I have many other cases I have to handle at the same time.  So

15    this is the issue.  And when we're talking also about

16    potentially more voters, it also is more -- might take more

17    time.

18         So if I were you, I would be really looking at the

19    middle of February if you want this possibly to preserve the

20    option of a sensible briefing schedule post hearing as well as

21    sensible time frame in the event that you actually prove your

22    entitlement to relief and the same sorts of issues obviously

23    from the defendants' perspective.

24         So when I look at the schedule as a whole, the place

25    that you probably need to push it most is right upfront here.

1    The sooner you get an amended complaint, the sooner we'll get a

2    properly amended motion.

3            I'm going to just right now -- because I know how

4    long the complaint was -- amended complaint, if you're

5    promising that it is going to be amended so as to streamline it

6    but to add your privacy claim, I'm right now just in the

7    interest of judicial efficiency going to authorize you to file

8    the -- an amended complaint so that I don't go through that

9    process of having to determine whether to do it.

10           So because the defendants have briefed the issue of

11    their defenses many times over, I don't see any reason why you

12    need any more time than you already normally would have to file

13    a response.  And, in fact, I think you need less time because

14    of that.  I don't really think the privacy claim changes the

15    complexion of your defenses.

16           MS. CORREIA:  Your Honor, this is Cris Correia for

17    the State defendants.  I have no idea what they are going to

18    file, Your Honor.  I don't know if that is just one new claim,

19    multiple claims, state and federal claims.  We don't know.

20    They did not file the supplemental complaint today with their

21    one additional claim.

22           I don't know what facts they are going to allege, if

23    they are the same ones or not.  I certainly don't expect that

24    we would take any more time than the Federal Rules allow.  But

25    I would at least like to see the complaint and see how long it

1    is before, you know, the Court cuts our time from what the

2    Federal Rules allow.

3            MR. CALDWELL:  Your Honor, again for the plaintiffs,

4    this is Joe Caldwell.  We had initially said September 22nd for

5    us to file the amended complaint.  We'll move that up a week to

6    September 15 so that all of those dates then presumably --

7    well, a week for consideration.

8            THE COURT:  All right.

9            MS. CORREIA:  Your Honor, this is Cris Correia with

10   the State defendants again.  I just have one question.  I

11   understand that the plaintiffs want to enjoin future use of the

12   DRE system.  But if we are intending on having motions to

13   dismiss resolved and then with whatever claims survive going

14   forward with discovery to a trial, is there a need to also

15   separately brief a preliminary injunction issue?

16           I mean, if we are not trying to enjoin anything until

17   2018, what is the purpose of having a second round of briefing

18   on essentially the same substantive issues in filing a

19   preliminary injunction motion?  I'm just not quite sure I

20   understand the point of that.

21           MR. SCHWARTZ:  This is Ed Schwartz for the

22   plaintiffs, Your Honor.  If I could address that.  The concept

23   is that we would be seeking to enjoin the use of the electronic

24   voting equipment in the May election.  And, you know,

25   whether -- and, you know, whether you view the process for

1    seeking the equitable -- that particular equitable relief as

2    preliminary or final, I don't know that it is of any moment to

3    the Court or to the parties.

4          But the reality -- and we could call it a motion for

5    an injunction or a motion for preliminary injunction.  We'll be

6    seeking the exact same relief.  And I think the question is

7    really about the schedule as opposed to what we call the

8    motion.

9          And, if anything, I would think that the defendants

10   would be looking to brief that issue sooner rather than later.

11   But, of course, this is something that we're happy to discuss

12   with the defendants and ultimately will be up to the Court.

13         THE COURT:  Well, I think Ms. Correia's question

14   really is if some of the -- at least some of the claims are

15   going to be disposed of why are we conducting discovery on

16   them.  I mean obviously she hopes that all of the claims are

17   dismissed.

18         But if some of the claims or some of the defendants

19   are dismissed, what is the point of going full blast on

20   briefing the injunction motion is her question.

21         MR. CALDWELL:  Your Honor, this is Joe Caldwell.

22   Again, the schedule that we were anticipating doesn't really

23   talk about discovery commencing until November 8 even under

24   this schedule.  We had --

25         THE COURT:  Go ahead.

1      MR. CALDWELL:  We had put a provision in here for

2  initial disclosures.  They don't have to be initial disclosures

3  on October 30.  But there would be no discovery prior to

4  November 8.

5      THE COURT:  All right.  I think then the question is:

6  Is there any value in your filing a motion for an injunction

7  that will require -- trigger the requirement for the response

8  at that time?  Why not have it later?

9      You will have already placed a -- made a request for

10 injunctive relief, I assume, in your amended complaint.  And,

11 of course, you can then -- you'll have to no matter what at

12 some juncture file it.  But she's just simply, I think, asking

13 what is the point before I dispose of the issues by their

14 motion -- by their motion to dismiss.

15     MR. SCHWARTZ:  Your Honor, this is Ed Schwartz.  I

16 think it is a fair question.  And, you know, I think our view

17 on the schedule, as Joe mentioned, is that it is a proposal.

18 And we look forward to discussing it with the defendants and

19 hopefully coming up with a schedule that makes sense that we

20 can jointly propose to Your Honor.

21     I think for us, you know, the timing of the motion

22 may not be nearly as important as ensuring that we are able to

23 get the discovery that we're going to need to properly litigate

24 the claims in a timely way.  And that, of course, implicates

25 the motion that the plaintiff -- that the defendants have just

1    filed.

2         And we're also happy to confer with them on what that

3    discovery would look like and when we -- and to try and work

4    out a schedule for it.  But that discovery certainly is going

5    to include at a minimum discovery that we saw -- that the

6    plaintiffs sought in their motion for expedited discovery.  And

7    that includes the appropriate forensic discovery of the

8    electronic voting equipment that they used in June and that

9    they plan on using in the November election.

10        THE COURT:  Well, I'm just looking at the calendar.

11   And -- well, the 14th day is September 29 anyway.  So you can

12   have your full 14 days, Ms. Correia, to respond.  But don't

13   expect -- but I won't give any extensions on it.

14        MS. CORREIA:  Understood.

15        THE COURT:  And the plaintiffs, of course, are

16   welcome to file their reply.  But, again, don't expect any

17   extension.  And the sooner you do one, the sooner the whole

18   thing is going to be reviewed.  That is -- so -- just one

19   second.

20        **(There was a brief pause in the proceedings.)**

21        THE COURT:  So if you end up taking the full 14 days,

22   you're really throwing us into the middle of October.  So I

23   highly -- I think that you probably really need to get it -- I

24   know that they are likely to write a lot, but you can already

25   see a preview of all that is to be written in what has already

1    been filed.  So I don't think it is worth a lot to -- relative

2    to the whole situation for you to go on too long.  So my

3    suggestion to you is that you really try to get your response

4    in by ten days.

5            I'm not going -- I will say you can have 14 days, but

6    you're cutting in your own time.  Because if you want me to

7    basically rule, you have to think it is going to take us

8    potentially about three weeks to get to this.  The sooner it

9    gets to us, the better.

10           So if you're wanting to begin discovery in November

11   and you're thinking -- and you just have to work back on this.

12   The sooner you get it to us, again, the better.  And I think

13   that is in all of the planning for scheduling.  Everyone has to

14   think about that.  It is not like this is my only case, even if

15   it is a significant case.

16           And the other issue, of course, is that the holidays

17   consume a lot of this time.  So -- but, again, I do need to say

18   to the defendants I think that some of these claims may survive

19   because I have read -- I think there's a whole portion of your

20   motion to dismiss that is based on well settled law that much

21   -- obviously, the sovereign immunity is going to be a fortress

22   for you.  But that doesn't mean that, for instance, a mandamus

23   claim wouldn't potentially proceed.

24           So I just urge you to get real about that in terms of

25   thinking about not standing on your right to say I'm not going

1    to discuss anything about discovery or about a schedule with

2    counsel.  Because it is really not a productive position to be

3    in.  Though you have a right to do that.

4         MS. CORREIA:  Yes, Your Honor.

5         THE COURT:  Okay.  All right.  So I think it might

6    make more sense for plaintiffs to file a motion for preliminary

7    injunction, frankly, after I've disposed of the motion to

8    dismiss and whatever happens.  But, again, you're welcome to

9    file it knowing what your workload is as soon as you want to.

10        And that way if any of the claims survive, the

11   defendants are then basically in a position they have got to

12   respond basically right away.  So you can be the judge of that.

13   Either way it is fine.  But I would urge you -- I know that

14   Steptoe counsel are new to the case and may not be completely

15   familiar with all the doctrines that are being asserted as

16   defenses here.  But there is plenty of good grounds asserted by

17   the State also.

18        So you might as well begin working on that right away

19   in knowing what the future holds for you in terms of shaping

20   what you want to focus on if you're going to file a preliminary

21   injunction and get it moving.

22        What I certainly don't want to have is a motion for

23   preliminary injunction one month before what we thought was

24   going to be potentially a trial.  That is not going to work.

25   So it obviously all -- something has got to be filed by

1    November.

2         But I do trust that you all are going to be able to

3    talk about this more.  And if the State and the other

4    defendants choose not to because of their ability to resist

5    discovery and forestall litigation, that is -- I just -- you

6    have every right to do that, again.  But I'm going to be a lot

7    less sympathetic when everyone is crying about the equities of

8    why are we moving forward so quickly if we have to later on in

9    the litigation.  So that is where we're at.

10        As soon as we get the State's motion to dismiss and

11   the plaintiffs' response, we're going to be beginning work on

12   this.  And while there may never be a trial in this matter, we

13   will try to pin down a date for one just simply so everyone has

14   it on their schedule.

15        I have no idea how long such a thing would take.  I

16   don't know what the scope of it would be, and I don't know that

17   we'll get to that point either.  But I think it is important to

18   get a date.  And so I'll just ask Ms. McConochie to save a week

19   for a trial.

20        Is there anything else we should address at this

21   time?

22        MR. CALDWELL:  Yes, Your Honor.  Joe Caldwell.  I

23   think that there is one outstanding order of record now.  And

24   that is that Tuesday -- this coming Tuesday is the deadline for

25   plaintiffs to respond to defendants' motion to dismiss.  And it

1    seems like the discussion today and the proposed scheduling

2    order would obviate the need to do that.

3              THE COURT:  All right.  Any response from defendants'

4    counsel to that?

5              MS. CORREIA:  No, Your Honor.  If they are going to

6    file an amended complaint that they already have leave for, I

7    don't see any reason to file two briefs.

8              THE COURT:  All right.  So -- well, I will -- based

9    on the conversation that we've had here, I'm going to find that

10   the motions to dismiss are deemed moot.  And in the event that

11   the plaintiffs don't file an amended complaint as represented,

12   the defendants will have leave to basically reassert their

13   same -- the prior motions to dismiss that are right now pending

14   in front of me.

15             Does that make sense?

16             MS. CORREIA:  Yes, Your Honor.

17             MS. BURWELL:  Yes, Your Honor.

18             THE COURT:  So we're going to see an amended

19   complaint from the plaintiffs on September 15 and the -- a

20   response from the defendants on the 29th.  And no extensions

21   will be granted.  Same thing as to any reply.  And, again,

22   we're looking for a reply as soon as possible from plaintiffs'

23   counsel.  And we'll go from there.  All right.

24             MS. BURWELL:  Your Honor, this is --

25             THE COURT:  Yes?

MS. BURWELL:  Your Honor, this is Kaye Burwell.  We had one other issue.  The issue of the litigation hold is still pending.  We had provided the plaintiffs with the information it requested last week.  We're still waiting to hear from them in terms of what they would like to do with that information.

But whatever it is, we would like for that to be completed within the next two weeks since we have got to use those machines.

MR. CALDWELL:  Your Honor, Joe Caldwell again.  That is one of the reasons why we thought we would have our meet-and-confer with opposing counsel on September 8 so that we can address those issues.

THE COURT:  Well, that makes sense to us.  Is that feasible for defense counsel?  Are you willing to do that?

MS. BURWELL:  Kaye Burwell again, Your Honor.  We would be happy to meet and confer.  The only concern we have is that the more time that passes, if they expect to use or sample more than a few of the machines, we're running up against deadlines.

THE COURT:  Okay.

MR. CALDWELL:  Your Honor, I don't think that a one-week time frame would unduly delay their efforts going forward.  Our understanding is that there are many more machines that would be available for use, and we don't expect a large sampling that would undermine that.  So September 8

```
 1   should be a sufficient time for us to do that.
 2           MR. SCHWARTZ:  Your Honor, this is Ed Schwartz.  If I
 3   could address one more point on that.  I'm confident the
 4   defendants are aware of this.  But the litigation hold affects
 5   also the servers at CES as to which plaintiffs have sought
 6   discovery and will seek discovery going forward, and we're
 7   happy to discuss with the defendants that issue as well on
 8   September 8.
 9           THE COURT:  So let me ask you, Mr. Schwartz and
10   Mr. Caldwell.  You don't think you can be available a little
11   bit earlier in the week simply so that we haven't lost
12   basically all of that next week to follow up on things?
13           MR. CALDWELL:  Yes, Your Honor, we could.
14           THE COURT:  Can everyone get together on the 6th,
15   which it seems to be any day is useful?
16           MS. BURWELL:  Fulton County is available, Your Honor.
17           THE COURT:  All right.
18           MS. CORREIA:  Your Honor, this is Cris Correia with
19   the State.  I am available to discuss the litigation hold with
20   plaintiffs' counsel.  I'm assuming that is the meet -- what we
21   are meeting and conferring about is limited to the litigation
22   hold at this point.
23           MR. CALDWELL:  Joe Caldwell, again.  And also the
24   schedule.
25           MS. CORREIA:  Cris Correia, again.  Your Honor, there
```

1    is not even a pending complaint.  And we intend to reassert our

2    immunities.  I'm sorry.  I do intend to assert our right not to

3    have to subject ourselves to discovery until the immunity

4    issues are dealt with.  And maybe they will not arise if the

5    plaintiffs' second amended complaint does not bring forth

6    claims that we believe are barred by either Eleventh Amendment

7    or sovereign immunity or qualified immunity.

8            But until we can see that, we do intend to assert our

9    right not to participate in discovery.

10            MR. CALDWELL:  I think all we're talking about is

11   defendants' willingness to sit down and discuss the schedule at

12   the September 5 meet-and-confer.

13            MS. CORREIA:  My concern is there is no schedule

14   until after -- I mean, I'm certainly willing to discuss the

15   litigation hold and the overall schedule generally.  But I

16   can't commit to a schedule until I know what we are going

17   forward on.

18            At this point there is not even a complaint I can

19   look at.  It is difficult to -- you want me to confer about a

20   schedule before there is any claims against my clients in front

21   of me.  I don't know which of my clients you are going to sue.

22   I don't know what capacity you're going to sue them.  I don't

23   know if it is federal claims or state claims.  I mean --

24            THE COURT:  All right.

25            MR. CALDWELL:  That's fine.  We'll do our best to

1    work this out with defendants on September 5.  And if we're

2    unable to, then I'm sure we'll both -- we'll certainly be

3    prepared to make a unilateral proposal to the Court.

4            THE COURT:  All right.  Recognize that the case from

5    the Eleventh Circuit that the State has cited is still

6    controlling on me from the Eleventh Circuit about the -- their

7    right to stand on their haunches about this.

8            But, anyway, you all try -- I would suggest that you

9    try to figure out a time either the 5th or the 6th.  The 6th

10   might be better only so that everyone gets back from Labor Day

11   weekend and gets themselves together.  But I think you should

12   try to do this -- resolve this as quickly as possible about the

13   litigation hold so that we don't run afoul of any problems

14   either from the plaintiffs' perspective about getting things

15   preserved that you need to be preserved and from the

16   defendants' perspective of having what machinery you really

17   need.

18           All right.  Well, it seems like we have gone as far

19   as we can go.  I think there is a song that is like that or

20   something like that.  Have a very good weekend.

21           I'm glad that the plaintiffs decided to take the

22   Court's advice about moving on so that we can deal with a still

23   expedited time schedule but something that will allow us to

24   function a little more reasonably in addressing serious issues

25   and serious defenses.

22

```
1              Have a very good weekend.  Unless -- does anyone else
2    have anything else they want to raise before we close?
3              All right.  Hearing nothing, have a good weekend.
4    We're adjourned.
5              MR. SCHWARTZ:  Thank you, Your Honor.
6              MR. CALDWELL:  Thank you, Your Honor.
7                   (The proceedings were thereby concluded at 3:39
8                   P.M.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E

 2

 3     UNITED STATES OF AMERICA

 4     NORTHERN DISTRICT OF GEORGIA

 5

 6          I, SHANNON R. WELCH, RMR, CRR, Official Court Reporter of

 7     the United States District Court, for the Northern District of

 8     Georgia, Atlanta Division, do hereby certify that the foregoing

 9     22 pages constitute a true transcript of proceedings had before

10     the said Court, held in the City of Atlanta, Georgia, in the

11     matter therein stated.

12          In testimony whereof, I hereunto set my hand on this, the

13     8th day of September, 2017.

14

15

16

17                        _____
                          SHANNON R. WELCH, RMR, CRR
18                        OFFICIAL COURT REPORTER
                          UNITED STATES DISTRICT COURT
19

20

21

22

23

24

25
```