## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action File No. 1:17-cv-** |
| ) | **2989-AT** |
| **v.** ) | |
| ) | |
| **BRIAN KEMP, ET AL.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## RESPONSE IN OPPOSITION TO FORMER DEFENDANT
## MARK WINGATE'S MOTION TO REMAND

Plaintiffs hereby oppose the Motion to Remand ("Motion") of former

Defendant Mark Wingate ("Wingate") and respectfully request that the Court deny

the Motion as moot because he is no longer a Defendant.

## ARGUMENT

On August 8, 2017, twenty-five Defendants, including the Secretary of State

and various officials from all three County Boards of Registration and Elections

named in this case—Fulton, DeKalb and Cobb—exercised their right to remove

this action to this Court. (Dkt. No. 1.) This group included all Defendants who had

been served at the time, including the Fulton County Board of Registration and

Elections (the "Fulton Board"), the Director of the Fulton Board (Richard Barron),

and all five members of the Fulton Board who had been served. At that time, Mr. Wingate had not yet been served with the complaint.

After service was effected upon Mr. Wingate, he moved to have the case sent back to state court. (Dkt. No. 58.) However, Mr. Wingate is not currently a party to this case. He is not named as a Defendant in the Second Amended Complaint, either in his professional or personal capacity.

In addition, none of the other Defendants may seek to have this case remanded to state court. When seeking remand for failure to comply with the requirement for unanimity among defendants for removal, the remand is premised on a procedural defect in the removal of the case, rather than lack of subject matter jurisdiction. *See Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d. 1040, 1043-44 (11th Cir. 2001). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). None of the other Defendants filed motions to remand within 30 days of the August 8, 2017 removal.

Since Mr. Wingate is no longer a Defendant in his official or personal capacity, his Motion is moot. Any suggestion by Mr. Wingate that his procedural rights are somehow being violated because he is being *dropped* from a complaint is specious. The Federal Rules of Civil Procedure do not provide for a right to be

sued. Nor does 28 U.S.C. Chapter 89 (Removals of Cases from State Court) include a "do-over" provision. It is time for the parties to move forward with the orderly and efficient litigation of the Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny former defendant Wingate's Motion to Remand.

Dated: September 21, 2017

Respectfully submitted,

*/s/ Bryan M. Ward*
BRYAN M. WARD
Georgia Bar No. 736656
MARVIN LIM
Georgia Bar No. 147236
HOLCOMB + WARD, LLP
3399 Peachtree Road NE, Suite 400
Atlanta, GA 30326
Telephone:  (404) 601-2803
Facsimile:  (404) 393-1554

EDWARD B. SCHWARTZ (*pro hac vice*)
JOE R. CALDWELL, JR. (*pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902

**PROOF OF SERVICE**

I hereby certify that a true copy of the above document was served upon the

attorneys of record through the Court's electronic filing service on September 21,

2017.

/s/ *Bryan M. Ward*
Bryan M. Ward