```
 1            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
 2                      ATLANTA DIVISION

 3

 4   DONNA CURLING, ET AL.,         :
                                    :
 5           PLAINTIFFS,            :
     vs.                            :  DOCKET NUMBER
 6                                  :  1:17-CV-2989-AT
     BRIAN P. KEMP, ET AL.,         :
 7                                  :
             DEFENDANTS.            :
 8

 9

10      TRANSCRIPT OF TELEPHONE CONFERENCE PROCEEDINGS

11          BEFORE THE HONORABLE AMY TOTENBERG

12             UNITED STATES DISTRICT JUDGE

13                 SEPTEMBER 20, 2017

14                     2:05 P.M.

15

16

17

18

19

20

21   *MECHANICAL STENOGRAPHY OF PROCEEDINGS AND COMPUTER-AIDED*

22              *TRANSCRIPT PRODUCED BY:*

23
     *OFFICIAL COURT REPORTER:     SHANNON R. WELCH, RMR, CRR*
24                                 *2394 UNITED STATES COURTHOUSE*
                                   *75 TED TURNER DRIVE, SOUTHWEST*
25                                 *ATLANTA, GEORGIA  30303*
                                   *(404) 215-1383*
```

```
 1              A P P E A R A N C E S   O F   C O U N S E L

 2

 3    FOR THE PLAINTIFFS:

 4
          BRYAN MYERSON WARD
 5        HOLCOMB & WARD, LLP

 6        EDWARD BRUCE SCHWARTZ
          JOE ROBERT CALDWELL, JR.
 7        STEPTOE & JOHNSON, LLP

 8
      FOR THE STATE OF GEORGIA DEFENDANTS:
 9

10        CRISTINA CORREIA
          ELIZABETH AHERN MONYAK
11        JOSIAH HEIDT
          ATTORNEY GENERAL'S OFFICE - ATLANTA
12

13    FOR THE FULTON COUNTY DEFENDANTS:

14
          KAYE WOODARD BURWELL
15        CHERYL RINGER
          DAVID R. LOWMAN
16        OFFICE OF THE FULTON COUNT ATTORNEY

17
      FOR THE DEKALB COUNTY DEFENDANTS:
18

19        BENNETT DAVIS BRYAN
          DEKALB COUNTY DEPARTMENT OF LAW
20

21    FOR THE COBB COUNTY DEFENDANTS:

22
          DANIEL WALTER WHITE
23        HAYNIE LITCHFIELD CRANE & WHITE

24

25                                         (...CONT'D...)
```

```
 1   (...CONT'D....)

 2
     FOR REPRESENTATIVE KAREN HANDEL:
 3

 4        FRANK B. STRICKLAND
          BARCLAY HENDRIX
 5        STRICKLAND BROCKINGTON LEWIS LLP

 6        VINCENT ROBERT RUSSO, JR.
          ROBBINS ROSS ALLOY BELINFANTE
 7

 8   FOR THOMAS JONATHAN OSSOFF:

 9
           RUSSELL DUNN WALDON
10         WALDON ADELMAN CASTILLA HIESTAND & PROUT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

**(Atlanta, Fulton County, Georgia; September 20, 2017.)**

   COURTROOM DEPUTY CLERK:  Good afternoon, Counsel.  This is Amy McConochie, Judge Totenberg's courtroom deputy clerk.  The Court is joining the conference call in Civil Action 17-CV-2989.  That is the case of *Curling, et al. vs. Kemp, et al.*

   Counsel, I'm going to remind you:  We have a lot of people on the line.  So you need to announce your name first when you start speaking so that both Judge Totenberg and the court reporter, Ms. Welch, will know who is speaking at any given time.

   Now I'm going to ask you please to introduce yourselves so that Judge Totenberg will know who is on the line.  And if we can start with plaintiffs' counsel, please.  Thank you.

   MR. SCHWARTZ:  Good afternoon.  This is Ed Schwartz from Steptoe & Johnson.  I am here with my partner, Joe Caldwell.  And I believe Bryan Ward is also on the phone from the Holcomb firm.

   MR. WARD:  Correct.

   MS. CORREIA:  This is Cris Correia with the Attorney General's office on the behalf of the State defendants.  And Elizabeth Monyak and Josiah Heidt are also here at my office.

   MR. BRYAN:  This is Bennett Bryan from Dekalb County.

1           MR. WHITE:  Daniel White is here on behalf of Cobb
2   County.
3           MS. BURWELL:  Kaye Burwell, Cheryl Ringer, and David
4   Lowman for Fulton County.
5           THE COURT:  All right.
6           MR. RUSSO:  Vincent Russo on behalf of Defendant
7   Handel.
8           MR. STRICKLAND:  Frank Strickland and Barclay Hendrix
9   on behalf of Congresswoman Handel.
10          MR. WALDON:  Russell Waldon on behalf of Jonathan
11  Ossoff.
12          THE COURT:  Anyone else?
13          All right.  This is Judge Totenberg.  Good afternoon.
14  I originally asked for this brief status conference simply to
15  address a question I had regarding Congresswoman Karen Handel's
16  special appearance after I had looked at the amended complaint.
17  And I was trying to determine whether -- given the claims
18  identified whether she -- Ms. Handel really was a proper party
19  in this.
20          Now, it didn't mean that she couldn't seek to
21  intervene or do something else like that.  But I was just
22  trying to understand since I didn't see any claims expressly
23  identifying Ms. Handel.  So that was the original question I
24  had.  Then I was trying to get a little bit of feedback from
25  you all concerning Defendant Wingate's motion to remand.

1          But let me just start out with the original question
2   I had as to plaintiffs regarding Ms. Handel.
3          Were you able to hear me?
4          MR. SCHWARTZ:  Yes.  So, Your Honor, this is Edward
5   Schwartz from Steptoe & Johnson.  I have to confess that we
6   have not -- we may need to do a little research in thinking
7   into whether or not Congresswoman Handel remains in any
8   capacity or needs to be a party to this case.
9          But we did drop -- the plaintiffs did drop the
10  contest claim.  And it is our belief that that was the only
11  reason -- the reason being statutory that the Congresswoman
12  would be a party to the case in any capacity.  Otherwise, the
13  plaintiffs certainly have no claim against Congresswoman
14  Handel.
15         THE COURT:  All right.  Well, you know, I just
16  don't -- I don't know what the position of the defendant is.
17  But I think that if you are, in fact, not proceeding directly
18  with a claim against her, at least she should understand that
19  and be notified of that so that there are not any attorney's
20  fees incurred and work incurred unnecessarily.
21         Does Ms. Handel's -- Congresswoman Handel's counsel
22  have any position as to this?
23         MR. RUSSO:  Your Honor, this is Vincent Russo on
24  behalf of Congresswoman Handel.  And my co-counsel might weigh
25  in also on this.

1                Our position is that since there are no election

2     contest claims pending in this action as a result of the filing

3     of the second amended complaint and there are no actions

4     against Congresswoman Handel that she should be dismissed from

5     the action.

6                THE COURT:  All right.  Well, right now

7     Representative Handel is required to file a responsive pleading

8     by October 5th, 2017.  And I think in the interest of

9     professionalism and just efficient handling of this,

10    Mr. Schwartz, I think that you should be able to provide

11    Representative Handel's counsel with a position one way or the

12    other by Tuesday.

13               Don't you think?

14               MR. SCHWARTZ:  We couldn't agree more, Your Honor.

15    And we can commit to doing that by Tuesday.

16               THE COURT:  All right.  Thank you very much.

17               Now, as to Defendant Wingate's most recent motion,

18    which obviously is not completely briefed at all but which is

19    inconsistent with the position taken by the -- any of the

20    defendants who have actually appeared, I don't know how this --

21    this obviously will have an impact if, in fact, the claims

22    against Defendant Wingate persist.

23               I don't know whether -- from whence it came when his

24    co-defendants had agreed.  But does this represent the position

25    of any of the other defendants?

1         Anyone there?

2         MS. CORREIA:  Your Honor, this is Cris Correia with
3    the State.  I'm not sure I understand the question.

4         THE COURT:  Well, there are a number of defendants
5    obviously who have -- including the State defendants who
6    actually removed this action.  I'm just trying to find out are
7    there any other defendants who have not -- who are still within
8    a time frame for -- and I don't know that there are any who are
9    in this position -- in Mr. Wingate's position or not.  I
10   haven't graphed that out.

11        But are there any other defendants who are in the
12   position to still assert any objections to the removal who have
13   not -- who have not concurred or are planning to file
14   objections in a motion to remand?

15        MR. SCHWARTZ:  Your Honor, if I may, this is Ed
16   Schwartz again for the plaintiffs.  We believe that the
17   deadline for any other defendants that are currently in the
18   case to file a petition to remand the case has expired.  And so
19   given that we have dismissed Mr. Wingate from the case -- he is
20   not identified as a defendant in the current complaint -- we
21   don't believe that there is any remaining basis on which a
22   remand could be made.  And we will be noting that in our
23   opposition before the deadline of Friday.

24        THE COURT:  All right.

25        MR. BRYAN:  Your Honor, this is Bennett Bryan on

```
 1   behalf of Dekalb County.  I would just like to give you some
 2   notice that our current elections director, Ms. Maxine
 3   Daniels -- she is retiring after 17 years in her position.  And
 4   some -- her replacement will -- I don't think we have an exact
 5   date of when her replacement is taking over yet.
 6             But it is possible that -- obviously, I have not
 7   spoken with her replacement because she has not been named yet.
 8   But, of course, that is a possibility in the next few weeks.
 9             THE COURT:  When was your -- in terms of Mr. Wingate,
10   Mr. Schwartz, was he just simply not included in the amended
11   complaint?
12             MR. SCHWARTZ:  That is correct, Your Honor.
13             THE COURT:  All right.  And did counsel for
14   Mr. Wingate understand that?
15             MS. BURWELL:  This is Kaye Burwell, Your Honor.  I
16   understand his position that he has excluded Mr. Wingate.  But
17   my understanding was that Mr. Wingate was sued in his official
18   capacity.  And so if he is a member of the Fulton County Board
19   of Registration and Elections, I'm not sure how they can not
20   include him and just exclude him for purposes of getting around
21   his rights to remand.
22             MR. SCHWARTZ:  Your Honor, this is Ed Schwartz.  I'm
23   not aware of any principle under which a party can insist on
24   remaining in the case in order to try and shift the locus --
25   the jurisdiction of the case.
```

1          Mr. Wingate is no longer a defendant in this case.  I
2     suppose if he wants to try and intervene in some capacity,
3     well, that may raise some issues we would have to deal with.
4     But right now he is not in the case.
5          THE COURT:  All right.  Well, I'm sure you'll address
6     this more fully when you file a response.  I'm somewhat
7     confused, I have to admit, by Mr. Wingate's position if he was
8     even -- if the County believed he was being sued in his
9     official capacity, all the more so.  If it was in his
10    individual capacity, I would understand that.
11         But since -- in his official capacity if that was
12    your position, then I'm not sure why there was a consent on
13    behalf of others sued in their official capacity.  But I guess,
14    you know, you can fully brief that.  But it seems a little bit
15    odd to me.
16         And what I'm just -- the reason I raise this prior to
17    any briefing on it is that there has been a lot of time spent
18    getting this over to this court -- this whole matter and delay.
19    And I would be very displeased if there was some gamesmanship
20    in all of this.
21         And it really would not be in the interest of the
22    public or in the interest of justice to sort of be bouncing
23    back and forth simply as a matter of forum shopping and delay.
24    But I'm not saying that anyone has done that.  I'm just saying
25    it strikes me as odd at this juncture.

1          MS. BURWELL:  Your Honor, this is Kaye Burwell.  Let
2  me just say on behalf of Mr. Wingate -- although I'm not going
3  to disclose my discussions with my client obviously -- he was
4  not served -- he was not included in the original complaint.
5  He was included in the amended complaint.  He wasn't served
6  until after the case had been removed.
7          And as a party, he has a right to be included because
8  removal requires unanimity.  He believes it is not in his best
9  interest to be in federal court.  That is a right he has to
10 remand.
11         And so I'm glad the Court is saying that you're not
12 suggesting there was gamesmanship because there wasn't.  I just
13 want that to be clear.
14         THE COURT:  Right.  I understand what his rights are
15 to respond to this and his -- in terms of the complaint in
16 which he was named as a party.
17         MS. BURWELL:  Right.  And, Your Honor, if the Court
18 will recall, the plaintiffs suggested that this case was going
19 to be whittled down and it was going to be about the Georgia
20 Constitution and Georgia law.
21         Now, they didn't file their complaint until last
22 week.  So, of course, at the time he decided to remand, we
23 didn't have that.  But the suggestion was that it was going to
24 be about Georgia law and the Georgia Constitution.
25         Now it turns out that that is not what has been

1   filed.  But based on what we thought the claims were going to
2   be, he had a right to remand and he took advantage of that.
3           THE COURT:  I'm certainly not questioning his right
4   to pursue a motion to remand based on the circumstances that he
5   believed existed.  I will say I don't think that the plaintiff
6   said that they were going to cut down their complaint to only
7   dealing with state law claims.  That is what they said was
8   going to be the primary focus of their request for injunctive
9   relief for any hearing that would be held if they got past
10  summary judgment in the winter.
11          But, anyway, I'm really not trying to argue with you.
12  I'm just trying to try to understand what we had here because I
13  just was surprised under the circumstances of this being
14  removed -- the remaining of the defendants including some of
15  the Fulton County defendants.  That is really all.
16          All right.  Well, I'll look forward to seeing what
17  actually gets filed.
18          Mr. Schwartz, you'll get -- please notify the Court
19  and defense counsel obviously of what you intend to do with
20  respect to Representative -- any possible claims as to
21  Representative Handel so that no one wastes time dealing with
22  that either.
23          MR. SCHWARTZ:  We certainly will, Your Honor.
24          THE COURT:  All right.  Thank you very much.
25          Is there anything else we need to address at this

```
 1   time?
 2              MR. BRYAN:  Your Honor, this is Bennett Bryan on
 3   behalf of Dekalb County.  If the Court has a few moments, I
 4   would like to discuss a litigation hold issue.
 5              THE COURT:  Sure.
 6              MR. BRYAN:  Your Honor, the litigation hold directed
 7   at least towards Dekalb County requests that certain evidence
 8   be -- including DRE machines, voter cards, and GEMS server be
 9   subject to the litigation hold.
10              I think we'll be able to work out the DRE machines
11   and the voter cards at least in relationship to Dekalb County.
12   But we only have one GEMS server.  And I have spoken with
13   many -- with my clients and confirmed that there would be no
14   way that we could move forward on an election in November with
15   that -- with that subject to a litigation hold.
16              So, you know, we would request from the Court to be
17   released from the litigation hold at least to the extent of the
18   GEMS server.
19              MR. WHITE:  This is Daniel White for Cobb County.
20   We're in the same position with Dekalb only with regards to the
21   GEMS server.  We can actually hold all of our machines aside,
22   and I have told Mr. Ward as much.  We are going to hold all the
23   machines that were used in the runoff aside -- the DRE
24   machines.  But we can't spare the GEMS server that we have and
25   not -- we have to modify it to be able to run this election.
```

1           MR. CALDWELL:  Your Honor, this is Joe Caldwell for
2   the plaintiffs.  I don't believe that there is an issue for the
3   Court to decide at this point.  The parties have been able to
4   reach agreement as far as the DREs.  The issue of the GEMS
5   servers surfaced yesterday.  And so we are exploring how we may
6   address that issue.
7           If it means that we need to extract data before that
8   time, then we might do that and then release it.  So I think
9   that the parties are still conferring as they have with respect
10  to the DREs and should be able to sort that out without
11  intervention by the Court.
12          MR. BRYAN:  Your Honor, Bennett Bryan on behalf of
13  Dekalb County.  I respectfully disagree with opposing counsel.
14  This is -- they just need to be -- we request that the GEMS
15  servers be released from the litigation hold.  I do not believe
16  that there is anything that can be done and my clients do not
17  believe there is anything that can be done in the interim that
18  would satisfy what Mr. Caldwell was arguing.
19          MR. CALDWELL:  Well, Your Honor, Joe Caldwell again.
20  When that issue is ripe for the Court's decision, then I
21  imagine that it would be presented to the Court.  But right now
22  where it stands is that since that request surfaced yesterday
23  we are conferring with our experts to see how we can address
24  that issue.  And if it is unresolvable, then I'm sure we'll
25  return to the Court.

1          MS. RINGER:  Your Honor, this is Cheryl Ringer from
2    Fulton County.  I would disagree that that issue just surfaced
3    yesterday.  The parties did have discussion and exchange of
4    information in a conference call on September 6.
5          During that conference call, it was stated that the
6    county only has one GEMS server.  There was no way that the
7    GEMS server itself could go unaltered in order to
8    (unintelligible) election.
9          In addition to that, Your Honor, just this week
10   Fulton County received a second letter -- litigation hold that
11   asked us to hold machines from November 2016.  That is
12   something the county cannot do as those are the only machines
13   that we have to conduct the November 7 election since we are
14   holding the April and the July machines.
15         This is a late request.  We have already started
16   doing our logic and accuracy testing on the machines -- the
17   2016.  And I just don't understand how we're going backwards
18   with the request as opposed to going forwards.
19         But the plaintiffs have still 800 of Fulton County's
20   machines.  And we don't believe that can be a small sampling.
21   For them to request us to hold even more for a later time
22   period just goes against what we have initially stated as far
23   as small sampling.
24         MR. CALDWELL:  Your Honor, again, Joe Caldwell for
25   the plaintiffs.  What we were informed by Fulton County was

1 that they needed 408 machines released. We released 565
2 machines approximately. So I don't believe that there is any
3 issue there.
4      The GEMS server is a separate issue that we are
5 trying to explore with our experts to be able to determine how
6 we extract from them whatever information that we might
7 possibly need so that the GEMS servers can be released and no
8 longer be under a litigation hold. But that is what we're
9 trying to determine at this point, how to do so.
10      THE COURT: Well, how long do you think it will be
11 until your experts are able to give you the guidance you need
12 to be able to discuss this further, even though I know that the
13 defense counsel are not optimistic about agreement? But how
14 long do you think that will take?
15      MR. CALDWELL: We're in discussions with them now.
16 So I would imagine by the end of the week, Your Honor, we
17 should be able to respond to them.
18      THE COURT: All right.
19      MS. RINGER: Your Honor, just to be clear, Fulton
20 County cannot comply with this latest letter, and we will be
21 responding in writing. Because the machines we do have access
22 to that were not used in April and June or July are the
23 machines that were used in the Presidential November 2016
24 election, which we're currently preparing to use for the
25 upcoming election.

```
 1              THE COURT:  So how many machines as a whole do you
 2   actually -- does Fulton County need?
 3              MS. RINGER:  Well, we have the machines if you
 4   agree -- they did advise us of releasing those machines.  But
 5   they also in this latest letter are telling us to hold machines
 6   from 2016.
 7              We had already started -- it is too late for them to
 8   ask us to hold because we had already started preparing those
 9   machines, putting the ones from April and June aside.
10              We need a total of 1324 machines.  We had a shortfall
11   of about 408.  Yes, Steptoe & Johnson had advised us that they
12   were going to release more than that.
13              But what I'm saying is:  In doing so, in order for us
14   to go forward, we still have to be lifted from the request to
15   keep machines from 2016 unaltered since we have already altered
16   those to get prepared for the November 7 election.
17              MR. CALDWELL:  Your Honor, we understand --
18              MS. RINGER:  (Unintelligible).
19              MR. CALDWELL:  I'm sorry.
20              THE COURT:  Did you have more -- did the county have
21   more to say?
22              MS. RINGER:  No.  I just wanted to make sure that the
23   Court understood the original request was for holding machines
24   from April 18 and June 20.  What we just received this week
25   asked us to hold machines from November 2016.
```

```
1                THE COURT:  I understand.  I understand.
2                MS. RINGER:  Thank you.
3                THE COURT:  Mr. Caldwell?
4                MR. CALDWELL:  Yes, Your Honor.  As I said, we will
5    address these issues with our experts and be able to respond by
6    the end of the week.  If there is still an issue for the
7    Court's attention, then we would bring it to the Court's
8    attention.  I suspect that there will not be.  But we will see
9    where we are at the end of this week.
10               THE COURT:  All right.  Well, I don't see a reason at
11   this moment for me to jump into the fray if, in fact, the
12   plaintiffs' counsel are going to be responding to you by the
13   end of the week.  We're not so much at the bitter end that I
14   have to start moving two days before they are going to be
15   giving a response to you.
16               And I would just ask you to all hold your horses
17   until then and then begin some discussions then.  I'm certainly
18   going to be available next week for you to talk with if you
19   can't resolve it.
20               MS. RINGER:  Thank you, Your Honor.
21               THE COURT:  All right.
22               MS. RINGER:  Yes, Your Honor.  Thank you.
23               MR. CALDWELL:  That is fine, Your Honor.
24               THE COURT:  All right. Very good.  Thank you,
25   everybody.  And good luck on resolving this last matter.  And
```

1  I'll look forward to seeing more about the whole issue -- as to
2  the other two issues that we discussed today.
3          Thank you very much.
4          MR. SCHWARTZ:  Thank you, Judge.
5          MR. RUSSO:  Thank you, Your Honor.
6              **(The proceedings were thereby concluded at 2:30**
7              **P.M.)**

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, SHANNON R. WELCH, RMR, CRR, Official Court Reporter of the United States District Court, for the Northern District of Georgia, Atlanta Division, do hereby certify that the foregoing 19 pages constitute a true transcript of proceedings had before the said Court, held in the City of Atlanta, Georgia, in the matter therein stated.

    In testimony whereof, I hereunto set my hand on this, the 26th day of September, 2017.

_____
SHANNON R. WELCH, RMR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT