IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) | |
| ) | |
| Plaintiffs, ) | CA No. 1:17cv02989-AT |
| ) | |
| v. ) | |
| ) | |
| BRIAN KEMP, et al., ) | |
| ) | |
| Defendants. ) | |

**COBB DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT AND BREIF IN SUPPORT**

COME NOW the Cobb County Board of Elections and Registration ("Cobb BOE"), Director of the Cobb BOE Janine Eveler, and individual members of the Cobb BOE Phil Daniell, Fred Aiken, Joe Pettit, Jessica Brooks, and Darryl O. Wilson (collectively the "Cobb Defendants"), and pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6), respectfully move this Court to dismiss Plaintiffs' Second Amended Complaint. The Cobb Defendants submit this Motion to Dismiss and Brief in Support, showing the Court as follows:

**I.   INTRODUCTION**

Plaintiffs filed their Original Complaint instituting this action on July 3, 2017 in the Superior Court of Fulton County. (Doc. 2). After the case was removed to this Court, Plaintiffs moved and were permitted to amend their Complaint on August 18,

2017. (Doc. 15). In response to Plaintiffs' Amended Complaint, all Defendants named in this action filed respective Motions to Dismiss the Amended Complaint. (Docs. 47-50). After reviewing Defendants' Motions to Dismiss, Plaintiffs now file a Second Amended Complaint (Doc. 70), attempting once again to reframe the same facts they have been alleging since they filed their Original Complaint. However, Plaintiffs' attempt to recharacterize the same unsupported facts and speculative claims does remedy the defects with its first two complaints, nor does it negate any of the arguments raised in the Cobb Defendants' First Motion to Dismiss. (Doc. 50).

The Cobb Defendants hereby incorporate their First Motion to Dismiss and hereby join in and incorporate the arguments set forth in the State, DeKalb, and Fulton Defendants' First Motions to Dismiss, and in the most recent Motions to Dismiss filed by DeKalb (Doc. 79), Fulton (Doc. 82) and State Defendants (Doc. 83). where applicable to the Cobb Defendants. For these reasons set forth in those motions  aand all the reasons stated herein, the Cobb Defendants move that this Court dismiss Plaintiffs' Second Amended Complaint.

## II.    BACKGROUND

The present action is directly related to a prior case litigated in the Fulton County Superior Court by several of the Plaintiffs in the current action, including Donna Curling and the Coalition for Good Governance, Inc. (f/k/a The Rocky Mountain Foundation, Inc.), against the Secretary of State and the three county

elections boards named as defendants in this case. *See*, Curling v. Kemp I, Fulton Co. Sup. Ct., Civil Action No. 2017cv290630, May 26, 2017). In that action, the plaintiffs alleged that the DRE voting equipment was unsafe and subject to compromise, and sought to enjoin the use of DRE machines during the Georgia Sixth Congressional District Runoff Election. *See*, Curling I, *supra*, Court's Order of June 9, 2017.

The Fulton County Superior Court held an evidentiary hearing in the case on June 7, 2017 and ultimately entered an order denying plaintiffs' request for an injunction, dismissing the action, and finding an "absence of evidence…that Georgia's DRE voting equipment and its related voting system are unsafe, inaccurate and impracticable within the meaning of the statute." (Id., p. 5).

Like Curling v. Kemp I, the instant case concerns the same DRE voting equipment and the same allegations that the system is not secure and is subject to compromise by potential unknown bad actors. Plaintiffs' Second Amended Complaint asserts eleven counts against Defendants alleging violations of the Georgia Constitution, Georgia election code and regulations, and the 14th Amendment of the United States Constitution. Specifically, Plaintiffs assert the following claims:

- Counts I-V allege a violation of the right to vote under the due process clause and equal protection clause of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983;
- Counts VI-VII allege violations of state ballot secrecy and electronic voting system laws;
- Count VIII is a state law claim seeking a writ of mandamus against Defendant Secretary of State Brian Kemp and is not applicable to the Cobb Defendants;
- Count IX is a state law claim seeking a writ of mandamus to prohibit the state and the elections boards from using the DRE machines and to require the use of paper ballots or optical scanners to conduct future elections;
- Count X alleges a violation of state identity theft law regarding notification of disclosure of personal information;
- Count XI is a state law claim seeking a writ of mandamus claim to require Defendants to recanvass the memory cards used at several voting precincts during the Georgia Sixth Congressional District Runoff Election.

Specific to the Cobb Defendants, Plaintiffs have asked this Court to declare that the Cobb Defendants have violated the Georgia Constitution, the United States Constitution, the Georgia election code, Georgia election regulations, and provisions

of the Georgia code pertaining to identify theft; to enjoin the Cobb Defendants from using DRE voting equipment and order the use of optical scanners or hand counted ballots in future elections; and to order the Cobb Defendants to recanvass the memory cards used at several Cobb County voting precincts in the Runoff Election.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   This Court lacks subject matter jurisdiction over the claims in Plaintiffs' Second Amended Complaint

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) where the district court lacks subject matter jurisdiction. Here, official immunity, qualified immunity, Eleventh Amendment immunity, the doctrine of laches, principles of standing, and res judicata divest this Court of subject matter jurisdiction over the Cobb Defendants. For the reasons set forth herein, Plaintiffs' Second Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

#### 1.   All state law claims against the individual Cobb Defendants sued in their individual capacities are barred by official immunity

Plaintiffs assert state law claims against the individual Cobb Defendants in their official capacities for violation of state ballot secrecy laws (Count VI), violation of state electronic voting system laws (Count VII), and violation of a state identity

theft law requiring notification of unauthorized disclosure of personal information (Count X). However, the doctrine of official immunity bars these claims.

GA. CONST. ART. I, SEC. II, PARA. IX(D) provides "official immunity" to government officials sued in their individual capacities "for the performance or nonperformance of their official functions." Id.; Lathrop v. Deal, --- Ga. ---, 801 S.E.2d 867, 888 (Jun. 19, 2017). As noted in the Cobb Defendants' First Motion to Dismiss, the Georgia Supreme Court has interpreted this provision to bar claims against officials for declaratory and injunctive relief premised on past violations of law. Id. For these reasons, and specifically all the reasons set forth in the State Defendants' Motions to Dismiss (Doc. 49, pp. 20-22), Plaintiffs' claims asserted in Counts VI, VII, and X are barred by the doctrine of official immunity.

## 2.    All federal law claims for damages against the Cobb Defendants under 42 U.S.C. § 1983 are barred by qualified immunity

Plaintiffs assert federal claims for damages against the Cobb Defendants under the 14th Amendment due process and equal protection clauses through 42 U.S.C. § 1983 (Counts I-V). However, these claims are barred by the doctrine of qualified immunity.

Qualified immunity protects government officials in their performance of discretionary functions from being sued for damages in their individual capacities under 42 U.S.C. § 1983. Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692

(1999). Further, government entities, and government actors sued in their official capacities, will not be held liable for damages under 42 U.S.C. § 1983 unless a plaintiff can show that the offending government official violated the plaintiff's constitutional rights pursuant to an official government policy or custom. Monell v. Dep't of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018 (1978).

For all the reasons stated in the Cobb Defendants' first Motion to Dismiss (Doc. 50, pp. 10-15) and those reasons stated in the DeKalb Defendants' second Motion to Dismiss (Doc 79, pp. 8-10), the Cobb Defendants named in both their individual and official capacities are entitled to qualified immunity from Plaintiffs' federal claims for damages under Counts I-V.

### 3. All federal law claims against the Cobb Defendants are barred by Eleventh Amendment immunity

The Eleventh Amendment bars claims against a state in federal court, except where the state has consented to be sued. Lassiter v. Alabama A&M University, 3 F.3d 1482, 1485 (11th Cir. 1993). County officials are considered state officials under the Eleventh Amendment when acting as an "arm of the state." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). Because elections are governed entirely by state laws and regulations, the Cobb Defendants act as arms of the state when conducting elections. See Casey v. Clayton County, 2007 WL 788943 at *8 (N.D. Ga. Mar. 14, 2007).

Therefore, the Defendants in their official capacities are immune from Plaintiffs' claims under the Eleventh Amendment. The Cobb Defendants hereby incorporate the arguments pertaining to Eleventh Amendment immunity set forth in the Cobb Defendants' first Motion to Dismiss (Doc. 50, pp. 9-10) and in the State, DeKalb, and Fulton Defendants' Motions to Dismiss.

**4.     Plaintiffs' claims are barred by the doctrine of laches**

The doctrine of laches requires proof of (1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) prejudice to the party asserting the defense. <u>AmBrit, Inc. v. Kraft, Inc.</u>, 812 F.2d 1531, 1545 (11th Cir. 1986). Plaintiffs have caused unreasonable delay in instituting and prosecuting this action without viable explanation which will prejudice the Cobb Defendants.

The Cobb Defendants hereby incorporate the arguments pertaining to the doctrine of laches as set forth in the Cobb Defendants' First Motion to Dismiss. (Doc 50, pp. 18-21). Defendants further note that Plaintiffs are now arguing that the violations alleged in their Second Amended Complaint occurred not only during the June 20, 2017 Runoff Election, but also during the November 8, 2016 General Election and the April 18, 2017 6th District Special Election as well. (Doc 70, p. 5). Therefore, Plaintiffs' federal constitution claims under Counts I-V, state law claims regarding secrecy of the ballot and electronic voting equipment under Counts VI and VII, and mandamus claims under Counts IX and XI became ripe for review as early

the Defendants were preparing to use the DRE voting equipment to conduct the November 8, 2016 General Election.[1] For reasons that Plaintiffs fail to explain, they sat idly by and participated in two more elections before they instituted this action. Plaintiffs' eight-month delay in bringing these claims before the court is inexcusable, and they are now barred by the doctrine of laches.

Further, with respect to Count X, which alleges a violation of Plaintiffs' right to be notified if a compromise of private information occurs under OCGA §10-1-912, Plaintiffs allege that several Cobb County poll books containing personal information were stolen on April 15, 2017. (Doc 70, p. 21). Plaintiffs allege this occurrence triggered the Cobb Defendants' duty to provide them notice of compromised personal information under OCGA §10-1-912. Therefore, Plaintiffs' claims under Count X became ripe for review soon after April 15, 2017.

However, Plaintiffs waited to institute their Original Complaint until July 5, 2017, and the Original Complaint did not even include an allegation against the Cobb or any other Defendants for violation of OCGA §10-1-912. Plaintiffs did not even include such allegations in their First Amended Complaint, but waited until

---

[1] *See* <u>National Advertising Co. v. City of Miami</u>, 402 F.3d 1335 (11th Cir. 2005) (holding that when a plaintiff is challenging a governmental act, the issues are ripe for judicial review if a plaintiff shows he has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act.)

September 15, 2017, when they filed their Second Amended Complaint, to allege a violation of their rights under OCGA § 10-1-912.

Because the Cobb Defendants' alleged violation of these rights occurred on or just after April 15, 2017, it is clear that Plaintiffs caused an inexcusable delay in waiting to assert their claims under Count X until six months later. Therefore, Count X should be dismissed because it is barred by the doctrine of laches.

### 5. Plaintiffs' claims are barred by res judicata and collateral estoppel

For the reasons set forth in the DeKalb Defendants' Second Motion to Dismiss (Doc 79, pp. 12-15), which the Cobb Defendants incorporate by reference as if fully stated herein, Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

### 6. Plaintiffs lack standing to assert the claims in their Second Amended Complaint

For the reasons set forth in the State, DeKalb, and Fulton Defendants' Motions to Dismiss, which the Cobb Defendants incorporate by reference as if fully stated herein, Plaintiffs lack standing to assert their Second Amended Complaint.

### B. Plaintiffs have failed to state a claim upon which relief can be granted

Even if this Court declines to dismiss Plaintiffs' Second Amended Complaint on the basis of lack of subject matter jurisdiction, Plaintiffs claims should be

dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 1. Plaintiffs have not identified a private right of action for Counts VI, VII, and X

For the reasons set forth in the DeKalb Defendants' Second Motion to Dismiss (Doc 79, pp. 16-17), which the Cobb Defendants incorporate by reference as if fully stated herein, Plaintiffs have failed to demonstrate a private right of action for Counts VI and VII of their Second Amended Complaint. The Cobb Defendants further allege that Plaintiffs have failed to demonstrate a private right of action for Count X of the Second Amended Complaint for all those reasons stated in the DeKalb Defendants' Second Motion to Dismiss. Therefore, Counts VI, VII, and X should be dismissed for failure to state a claim upon which relief can be granted.

### 2. Plaintiffs cannot demonstrate a clear right to relief or a gross abuse of discretion entitling them to Mandamus relief

Under Georgia law, a cause of action for the extraordinary writ of mandamus is available by statute under O.C.G.A. § 9-6-20. To succeed on a claim for mandamus, the petitioner must show (1) that the public official has a clear legal duty to perform the official act requested; (2) that the requesting party has a clear legal right to the relief sought or that the public official has committed a gross abuse of

discretion; and (3) that there is no other adequate legal remedy.  *See* <u>Bland Farms, LLC v. Georgia Dept. of Agriculture</u>, 281 Ga. 192, 193 (2006).

### i.   Count IX

Under Count IX of Plaintiffs' Second Amended Complaint, Plaintiffs request that the Court order the Cobb Defendants to conduct future elections using optical scan equipment or paper ballots instead of the DRE system. However, Plaintiffs have not demonstrated that the Cobb Defendants have a legal duty requiring them to conduct elections using hand-counted paper ballots or any voting system other than that which is currently employed.

Plaintiffs argue that the Cobb Defendants have a duty under OCGA § 21-2-334 to remove DRE machines from use that are not practicable. However, OCGA § 21-2-334 provides that if conducting an election using voting machines is not possible or practicable, the election superintendent *may* arrange to have the voting conducted on paper ballots. The statute imposes no duty to utilize paper ballots, but merely provides an option for the superintendent to order the use of paper ballots in his or her discretion.

For these reasons and all the reasons set forth in the State, DeKalb, and Fulton Defendants' Motions to Dismiss, which the Cobb Defendants incorporate by reference as if restated herein, Plaintiffs have failed to demonstrate that they are entitled to a writ of mandamus under Count IX.

### ii. Count XI

Under Count XI of Plaintiffs' Second Amended Complaint, Plaintiffs request that the Court order Defendants to recanvass voter memory cards that were used at several Cobb County precincts during the Runoff Election. Again, Plaintiffs have failed to demonstrate that the Cobb Defendants had a clear duty to perform a recanvass in this particular situation. Plaintiffs rely on Ga. Comp. R. & Regs. 183-1-12-.02(7), which provides that the election superintendent shall order a recanvass of a particular precinct or precincts *in which it shall appear that a discrepancy or error* has been made. This language suggests that the election superintendent has the discretion to determine whether a recanvassing is warranted, and Ga. Comp. R. & Regs. 183-1-12-.02(7) clearly does not mandate a duty to order a recanvass.

The aforementioned language of Ga. Comp. R. & Regs. 183-1-12-.02(7) is similar to that used in OCGA § 21-2-495, which provides that "*whenever it appears that there is a discrepancy in the returns recorded for any voting machine or machines or that an error…exists*, the superintendent shall, either of his or her own motion or upon the sworn petition of three electors of any precinct, order a recanvass of the votes…" (emphasis added.) Again, this language implies that the election superintendent has the discretion to order a recanvassing of votes and does not contain any language suggesting a clear legal duty to perform a recanvass upon voters' suggestion.

The Cobb BOE considered the petition to recanvass which requested that the Board recanvass certain memory cards because they *may* contain errors and discrepancies. The Board exercised its sound discretion in declining to recanvass the memory cards as there was no evidence that a discrepancy in the voting machines had occurred. Therefore, Plaintiffs have failed to demonstrate that the Cobb Defendants decision not to conduct the requested recanvass was a gross abuse of discretion. For all these reasons and the reasons set forth in the DeKalb Defendants' Second Motion to Dismiss (Doc 79, pp.18-20), which the Cobb Defendants incorporate by reference as if fully stated herein, Plaintiffs have failed to demonstrate that they are entitled to a writ of mandamus under Count XI.

## IV.  CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Respectfully submitted this 29th day of September 2017

- 15 -

                HAYNIE, LITCHFIELD, CRANE & WHITE, PC

                /s/Daniel W. White
                 DANIEL W. WHITE
                 Georgia Bar No. 153033
                 SARAH G. HEGENER
                 Georgia Bar No. 534438
                 *Attorneys for Cobb Defendants*

222 Washington Avenue
Marietta, GA 30060
770-422-8900
dwhite@hlclaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD, CRANE & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 29th, 2017, I electronically filed the foregoing COBB DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record.

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD, CRANE & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com