# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; | ) |
| | ) |
| Defendants. | ) |

## MARK WINGATE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND

A defendant, served after removal, may either accept the removal or, pursuant to 28 USCA § 1448, exercise his right to choose the state forum by making a motion to remand. Mr. Mark Wingate, a subsequently served defendant. exercised his right to remand on September 7, 2017. Plaintiffs seek to thwart the exercise of that right to remand by purporting to file a Second Amended Complaint that excluded Mr. Wingate as a defendant. The "dropping" of Mr. Wingate was done without notice to the parties or permission of the Court.

This action was filed on July 3, 2017 in Fulton County Superior Court. On August 3, 2017 Plaintiffs' moved to amend the Complaint to, among other things, add Mr. Wingate as a defendant in his individual capacity and official capacity as a member of the Fulton County Election Board. On August 8, 2017, this matter was removed to federal court. On August 21, 2017 Mr. Wingate was served. On August 29, 2017, Mr. Wingate joined the other Fulton County defendants in a Motion to Dismiss. On August 31, 2017, after a teleconference with counsel, this Court "directed Plaintiffs to file a motion seeking leave to amend the complaint to add the additional claim they seek to pursue by noon on Friday, September 1, 2017" [Dkt. 54]. Plaintiffs did not file the motion or amended complaint as instructed and instead proposed a scheduling order with a filing date of September 15, 2017. Another telephone conference was held on September 1, 2017 and on September 5, 2017 the "Court authorized Plaintiffs to file an amended complaint…by September 15, 2017." [Dkt. 57]. On September 7, 2017, Mr. Wingate filed his Motion to Remand. On September 15, 2017 Plaintiffs filed a Second Amended Complaint that purported to exclude Wingate as a defendant. At no point prior to the filing of the Second Amended Complaint did Plaintiffs seek leave to drop, or even mention dropping, Mr. Wingate as a defendant.

## ARGUMENT AND CITATIONS OF AUTHORITY

A.  MR. WINGATE EXERCISED HIS RIGHT TO REMAND

28 USCA § 1448 allows a plaintiff, after a case has been removed, to serve any unserved defendant. This subsequent service "shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." *See* § 1448. This gives a defendant, served subsequent to the filing of the notice of removal, the option of consenting to removal or moving for remand. See Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1263 (5th Cir. 1988).

As stated in Packard v. Temenos Advisory, Inc., 159 F. Supp. 3d 1344, 1353 (S.D. Ga. 2016), "28 U.S.C. § 1448 specifically provides that a defendant that receives service after removal may move to remand the case." Thus, "[s]ubsequently served defendants may either 'accept the removal or exercise their right to choose the state forum by making a motion to remand." Id. See also Hooper v. Albany Intern. Corp., 149 F.Supp.2d 1315 (M.D. Ala. 2001) (subsequently served defendant has "option to accept removal or exercise his right to choose state forum by making motion to remand."); Diversey, Inc. v. Maxwell,

3

Case 1:17-cv-02989-AT   Document 88   Filed 10/09/17   Page 4 of 9

798 F.Supp.2d 1004 (E.D. Wis.)("each unserved defendant retains the right to veto the removal by moving to remand once he is served with process and makes an appearance in the case") (citing 28 U.S.C. § 1448 and Hutchins v. Priddy, 103 F.Supp. 601, 607 (W.D. Mo. 1952)); In re Pharmaceutical Industry Average Wholesale Price Litigation, 431 F.Supp.2d 109 (D. Mass 2006)("If a removal petition is filed by a served defendant and another defendant is served after the case is removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand.")  Thus, Mr. Wingate, as a subsequently served defendant, had the right to veto the remand.

## B. LEAVE OF COURT IS REQUIRED TO DROP A PARTY

The question before this Court is whether, once Mr. Wingate exercised his right to remand, plaintiffs can defeat that right by dropping Wingate without leave of court or consent of the other parties.  Federal Rule of Civil Procedure 21 requires a plaintiff to first file a motion with the Court requesting that they be allowed to drop a party. Rule 21 provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  The district judge must balance a variety of factors, including any possible prejudice to either party, before exercising his discretion to grant or deny a Rule 21 motion. Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982).

4

In the instant matter, Plaintiffs ignored Rule 21 and failed to file the required motion. Plaintiffs should not be allowed to skirt Rule 21 and amend their Complaint to drop Mr. Wingate as a party absent permission from this Court and for the sole purpose of defeating Wingate's right to remand. The balance of equities weighs in favor of the denial of any attempt to drop Mr. Wingate solely to defeat his right to remand because plaintiffs will not be prejudiced by Mr. Wingate's exercise of his right to remand.

In the case of removal, defendants have the "right to choose between a state or federal forum." <u>Bevels v. American States Ins. Co.</u>, 100 F.Supp.2d 1309 (M.D. Ala. 2000). Thus, the plaintiffs and defendants do not start out on an equal footing. Mr. Wingate, as a subsequently served defendant, has the right pursuant to §1448 to choose between a state and a federal forum and has chosen a state forum.

### C. REMAND IS APPROPRIATE

When deliberating whether to remand the case, this Court should consider that Federal courts are courts of limited jurisdiction and, therefore, they have the power only to hear cases they have been authorized to hear by the Constitution or by the Congress of the United States. <u>R.K. Servs. v. Spectrum Stores, Inc.</u>, 125 F. Supp. 2d 479, 480 (M.D. Ala. 2001). "Because federal court jurisdiction is

limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." Id.  (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

It is well settled that the removal statutes should be narrowly construed. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir.2010). Moreover, the Eleventh Circuit recognizes that "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1043 (11th Cir.2001), 264 F.3d at 1050 (citing Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir.1994)).

## CONCLUSION

Plaintiffs cannot ignore either the requirement to seek leave of court, or consent of the parties to drop a defendant.  Nor can Plaintiffs ignore § 1448 that gives Mr. Wingate the right to remand.  Just as a defendant served prior to removal can veto removal by refusing to agree to removal, a subsequently served defendant has the same right to veto removal.  That right, after it has been exercised, cannot be extinguished by plaintiffs through the dropping of a defendant absent leave of court or consent from the parties.

Respectfully submitted this 5th day of October, 2017.

>*/s/ Cheryl Ringer*
>Cheryl Ringer
>Georgia Bar Number: 557420
>cheryl.ringer@fultoncountyga.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing **REPLY BRIEF IN SUPPORT OF MOTION TO REMAND** was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

This 5th day of October, 2017.

*/s/ Cheryl Ringer*
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO REMAND** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of all counsel of record.

This 5th day of October, 2017.

*/s/ Cheryl Ringer*
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
