**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CA No. 1:17cv02989-AT |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**COBB DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

COME NOW the Cobb County Board of Elections and Registration ("Cobb BOE"), Director of the Cobb BOE, Janine Eveler, and individual members of the Cobb BOE, Phil Daniell, Fred Aiken, Joe Pettit, Jessica Brooks, and Darryl O. Wilson (collectively the "Cobb Defendants"), and submit this their Reply Brief in Support of Their Motion to Dismiss, showing the Court as follows:

## I.     INTRODUCTION

The Cobb Defendants agree that the United States Constitution and the Georgia Constitution enshrine the right to vote as one of the most fundamental of all rights enjoyed by the citizens of the United States. The Cobb County Board of Elections, its Director, and its staff take the protection of that right very seriously. Nor do the Cobb Defendants deny that United States history is replete examples of groups of citizens being denied the right to vote and the valiant and laudable efforts

1

to gain access to the polls. However, Plaintiffs' attempt in their response brief to compare their speculative and tenuously connected conspiracy theories about Georgia's Electronic Voting System to the very real disenfranchisement suffered by minority groups is inflammatory and inappropriate.  This case is not about intentional attempts to deny the right of citizens to vote, but is in reality a dispute about Plaintiffs' preferred voting technology and their desire to use the courts as a vehicle to achieve what they perceive to be the most reliable method of voting, rather than going to the appropriate body for this decision, the State Legislature.

Plaintiffs insist that Georgia's DRE system must be presumed to be compromised without any direct support for their allegations aside from piecing together unrelated incidents and attempting to paint a dire picture of the alleged vulnerability of Georgia's DRE voting system.  Despite having brought similar claims in Fulton County Superiour Court and despite having been given three attempts to reframe those same claims in this forum, Plaintiffs have yet again failed to demonstrate that their specious assumptions amount to any claims upon which relief can be granted.  Instead the same issues of standing and immunity continue to bar Plaintiffs' claims against Cobb Defendants. Further, Plaintiffs' claims are barred by the doctrine of res judicata, as the Superior Court of Fulton County, in <u>Curling v. Kemp I</u>, has already determined that Plaintiffs have not produced sufficient evidence to demonstrate that the DRE voting equipment has ever been "compromised."  For

these reasons and those set forth in the other motions to dismiss, the Cobb Defendants respectfully move this court to dismiss Plaintiffs' latest Complaint in its entirety.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs' Second Amended Complaint does not demonstrate an injury-in-fact

To establish standing, Plaintiffs must demonstrate that they have suffered an injury-in-fact. Allen v. Wright, 468 U.S. 737, 751 (1984). Injury-in-fact involves invasion of a legally protected interest that is concrete, particularized, and actual or imminent. Lujan v. Defenders of Wildlife, 504 U.S, 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013). An imminent or "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." Clapper, 133 S. Ct. at 1147.

Plaintiffs assert that they have standing because plaintiffs in other lawsuits were not dismissed for lack of standing.  Doc. 93 at 7-11.  The fact that other plaintiffs either alleged sufficient facts to establish standing, or that defendants in those cases did not challenge standing, has absolutely no bearing on whether these Plaintiffs have established standing in this case.  For instance, Plaintiffs argue that the courts have accepted allegations that voters have no way of knowing whether

DREs will accurately count their votes as sufficient to establish standing, citing to Banfield v. Cortes, 922 A.2d 36, 44 (Pa. Commw. Ct. 2007). (Doc 93, p. 9). However, Banfield, is a state court case that is not binding on this Court, nor are the facts alleged in that matter similar to the case at bar. In Banfield, the Plaintiffs alleged that the DRE voting equipment used to conduct a Pennsylvania election lost thousands of votes, repeatedly registered votes for one candidate when the voter was attempting to vote for another candidate, caused high undervote rates, failed to register votes when the ballot contained only one question, counted more than reported 100,000 "phantom" votes, failed to record any votes in four precincts, failed to activate for use, and failed to record write-in votes. Id. at 40. Other cases cited similarly are not binding or contained allegations of actual voting result errors.

Here, Plaintiffs have not alleged any actual evidence of miscount, persistent malfunction, or failure of the DRE voting equipment used to conduct any of the relevant elections of which Plaintiffs complain. Plaintiffs argue only that the DRE voting equipment must be presumed to have caused substantial discrepancies or errors in returns, based on "risks" and alleged "problems" relating to the DREs. (Doc 93, p. 60). These "problems" to which Plaintiffs refer, include the age of the software utilized by the DREs and the fact that many DREs are housed at a single location. (Doc 70, ¶ 40). However, Plaintiffs have not and cannot cite to any evidence that the

DRE equipment actually compromised the integrity of the prior elections conducted on the equipment nor that they will be compromised going forward.

Plaintiffs have alleged a mere possibility that Georgia's DRE machines have caused the injuries they allege, and therefore, they have not demonstrated an injury-in-fact.

In further support of its claims regarding standing, the Cobb Defendants rely on the State's Reply Brief. (Doc. 97, pp. 1-2).

### B. 11th Amendment immunity bars Counts I-IV of Plaintiffs' Complaint

The Cobb Defendants hereby join and incorporate the DeKalb and State Defendants' argument regarding 11th Amendment immunity as if fully restated herein. (Doc 94, pp. 9-14, Doc. 97, pp. 2-4). For all the reasons stated in the DeKalb Defendant's Reply to Motion to Dismiss, the Cobb Defendants act as an arm of the state when conducting elections and are therefore entitled to 11th Amendment immunity.  Further, 42 U.S. § 1983 does not abrogate 11th Amendment immunity, and the Cobb Defendants did not waive immunity by removing this action to Federal Court for all the reasons contained in the Reply Brief of the State Defendants and DeKalb Defendants.

## C. Qualified immunity bars Counts I-V as to the Cobb Defendants in their individual capacities

The Cobb Defendants hereby join and incorporate the DeKalb Defendants' arguments regarding qualified immunity as if fully stated herein. (Doc 94, pp. 14-18). Plaintiffs have not identified clearly established law that would have put the Cobb Defendants on notice that their actions in conducting the relevant elections amounted to a Constitutional violation. *See,* Leslie v. Hancock County Board of Education, 720 F.3d 1338, 1345 (11th Cir. 2013).   There is no clearly established law that the Cobb BOE's use of the DRE voting equipment or its decisions related to the re-canvassing of votes were unconstitutional.   The Cobb Defendants were following state law in using the DRE machines, and because the Georgia Supreme Court indicated that the use of DRE machines was appropriate in Favorito v. Handel, 285 Ga. 795 (2009), the Cobb Defendants had no notice that their actions could be construed as violating Plaintiffs' rights.  For these reason and all those stated in the DeKalb and State Reply Briefs, the Cobb Defendants are entitled to qualified immunity as to those claims against them in their individual capacities.

### D. Plaintiffs' claims are barred by the doctrine of res judicata

As the DeKalb Defendants point out in their Reply to Motion to Dismiss, the issues and parties before the Court in this matter, Curling II, share an identity with those that were before the Fulton County Superior Court in Curling I such that this

matter is barred by the doctrine of res judicata. (Doc 94, pp. 4-8). However, Plaintiffs argue that there is no identity of parties or subject matter between <u>Curling I</u> and <u>Curling II</u>, and that they have never had an opportunity to litigate the issues currently before the Court. For the following reasons, Plaintiffs' argument must fail.

A party arguing res judicata must satisfy the following elements: (1) identity of parties or their privies; (2) identity of cause of action; and (3) previous adjudication on the merits. <u>Waldroup v. Greene County Hosp. Auth.</u>, 265 Ga. 864 (1995).   Defendants have demonstrated that all three elements are present in this case.

### i. Identity of Parties

Plaintiffs assert that they have included additional plaintiffs and defendants in this matter that were not named in <u>Curling I</u>, attempting to show that the 'identity of the parties' element of res judicata has not been met. However, the courts have held that the parties named in two actions need not be identical for res judicata to apply. the application of res judicata may not be avoided by the addition of new parties in a subsequent suit where the new parties' "alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit." <u>Endsley v. City of Macon</u>, 321 Fed. Appx. 811, 813 (2008).  *Citing to*, <u>Caswell v. Caswell</u>, 162 Ga. App. 72, 290 S.E.2d 171, 172 (Ga. Ct. App. 1982), *and citing to* <u>Medlin v. Carpenter</u>, 174 Ga. App. 50, 329 S.E.2d 159, 162 (Ga. Ct. App. 1985) ("A

cause of action is barred by the doctrine of res judicata even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added")

The parties need only be privies of one another according to express language of OCGA § 9-12-40. The courts have held that "[a] privy is generally defined as 'one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right". Lilly v. Heard, 295 Ga. 399 (2014) citing Brown & Williamson Tobacco Corp. at 421(1).

Particularly applicable to this case, the courts have held that privity takes on a distinguished definition when the parties have an identity of interest because their interest is a public concern as opposed to a private right. Lilly v. Heard, 295 Ga. 399 (2014). For instance, the court in Walker v. Hamilton, 210 Ga. 155(2), 78 S.E.2d 511 (1953) held that a judgment in a prior action brought to contest the right of a mayor to hold office had a preclusive effect when the same action was subsequently filed by another citizen. The court noted that because the action involved a matter of public concern, namely, the eligibility of the community's mayor, the plaintiff in the previous proceeding adequately represented the interests of the plaintiff in the subsequent proceeding, as they were both members of the community.

While several of Plaintiffs' claims in the case at bar are drafted in the nature of private rights, the clearly involve a matter of public concern. Plaintiffs do not allege an injury to themselves individually, but rather, an injury to a class of voters of the Georgia 6th Congressional District of which they are a part. Plaintiffs have the same interest in the security of the DRE voting equipment as any other individual voter in the 6th Congressional District. As such, although the parties in the previous litigation are not identical to those named in the instant case, the interests of Plaintiffs in the instant case were adequately represented by the parties to the previous litigation such that the 'privity of parties' element of res judicata has been met.

### ii. Identity of Cause of Action

Plaintiffs further argue that the 'identity of cause of action' element of res judicata has not been met because the remedies sought in Curling I were limited to the conduct of the Runoff election, and that the allegations and claims made in each case are distinct. However, claims asserted in a prior lawsuit need not be identical to those asserted in the subsequent action for the actions to have identity of causes. *See* Bradley v. Georgia Tech, 228 Ga.App. 216 (1997). Instead, the courts define a 'cause of action' for purposes of res judicata as "the *entire* set of facts which give rise to an enforceable claim." Haley v. Regions Bank, 277 Ga. 85 (2003). Further, res judicata precludes not only those claims that were actually made in the first suit between the

9

parties but also all claims that could have been litigated then. Setlock v. Setlock, 286 Ga. 384, (2010).

Although Plaintiffs have added new causes of action in Curling II, the alleged facts which give rise to Curling II are identical to those considered in Curling I. The issues considered and determined by the Fulton County Superior Court in Curling I are central to determining the outcome of the litigation in the case at bar. The Fulton County Superior Court has already determined that the DRE machines have not been shown to be unsafe and inaccurate, which is the issue at the root of every count in Plaintiffs' Amended Complaint in the case at bar. Plaintiffs have failed to offer any new evidence or claims that distinguish the scope of the issues presented before this Court today from those previously determined by Fulton County in Curling I.[1] Therefore, the cause of action in the previous litigation mirrors that before the Court in this subsequent litigation, and the 'identity of cause of action' prong of res judicata has been met.

---

[1] To the extent that Plaintiffs have introduced the affidavit Logan Lamb which was not relied upon during the previous litigation, the instances about which he testifies all occurred prior to the previous litigation and could have been introduced at that time. *See Harris v. Deutsche Bank National Trust Company*, 338 Ga. App. 838 (2016) (holding that cause of action in prior action was dismissed for failure to state a claim, and so subsequent action on same issue was barred by res judicata even though subsequent action included factual allegations that weren't raised in first action. Facts existed before first action was filed and plaintiffs failed to raise them).

### iii.  Previous Adjudication on the Merits

Plaintiffs argue that they were not afforded a full and fair opportunity to litigate the matters before this Court during the previous hearing before the Fulton County Superior Court in Curling I. Plaintiffs attempt to argue that there was no adjudication on the merits in Curling I because the court's final order addressed only Plaintiffs' motion for a temporary restraining order. However, Plaintiffs misconstrue the record of Curling I.

Not only did the Fulton County Superior Court hear Plaintiffs' Motion for Temporary Restraining Order, but Defendants filed their respective Motions to Dismiss Plaintiffs' Complaint, which the Court also heard that same day. The Court entered an Order on June 9, 2017 not only ruling against Plaintiffs' on their Motion for Temporary Restraining Order, but dismissing Plaintiffs' Complaint with prejudice. The courts have held that a dismissal with prejudice is as conclusive of rights of parties as if suit had been prosecuted to final adjudication adverse to Plaintiff. *See* Cranford v. Carver, 124 Ga. App. 76 (1971). *See also* Brown v. J.H. Harvey Co., 268 Ga. App. 322 (2004) (holding that dismissal of identical claim because it failed to state a claim upon which relief could be granted was a decision on the merits, and thus res judicata applied to subsequent lawsuit).

Thus, if Plaintiffs were dissatisfied with the outcome of Curling I, they could have appealed the decision. Plaintiffs cannot now institute the present action in lieu

of filing an appeal.  For the reasons set forth above, Defendants have demonstrated that the three elements of a res judicata defense are applicable to Plaintiffs' claims, and this Court should dismiss Plaintiffs' Second Amended Complaint.

### E. Plaintiffs have no private right of action to assert Counts VI, VII, and X

The Cobb Defendants hereby join and incorporate the DeKalb Defendants' arguments regarding the lack of private right of action in OCGA § 10-1-912(b) as if fully restated herein. (Doc. 94, pp. 18-19).

### F. Plaintiffs cannot demonstrate a clear right to relief entitling them to Mandamus relief

The Cobb Defendants hereby join and incorporate the DeKalb Defendants' arguments Plaintiffs' failure to demonstrate that they are entitled to mandamus relief as if fully restated herein. (Doc 94, pp. 18-19).

## III.   CONCLUSION

For the reasons set forth above, and for the reasons set forth in the State, DeKalb, and Fulton County Defendants' briefs, the Cobb Defendants request that this Court Dismiss Plaintiff's Second Amended Complaint.

Respectfully submitted this 30th day of October, 2017.


HAYNIE, LITCHFIELD, CRANE & WHITE, PC

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
SARAH G. HEGENER
Georgia Bar No. 534438
*Attorneys for Cobb Defendants*

222 Washington Avenue
Marietta, GA 30060
770-422-8900
dwhite@hlclaw.com

13

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Daniel W. White

DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD, CRANE & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30th, 2017, I electronically filed the foregoing COBB DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record.

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb Defendants*

HAYNIE, LITCHFIELD, CRANE & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlclaw.com

15