IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,       :
                      :
                      :
      Plaintiffs,       :
                      :
v.                       :      CIVIL ACTION NO.
                      :      1:17-CV-2989-AT
BRIAN P. KEMP, *et al.*,       :
                      :
                      :
      Defendants.     :

## ORDER

This matter is before the Court on Defendant Mark Wingate's Motion to Remand [Doc. 58].

Plaintiffs originally filed this case in state court against Defendants, including Defendant Stan Matarazzo in his individual capacity on the Fulton County Board of Registration and Elections ("Fulton County Board"). Defendants removed the case to this Court on August 8, 2017. Plaintiffs then filed a First Amended Complaint on August 18, 2017. Plaintiffs' First Amended Complaint added Mr. Wingate in his individual capacity as a defendant, since he had recently replaced Mr. Matarazzo on the Fulton County Board. Mr. Wingate was served with the Summons and Verified Complaint on August 21, 2017. Thus, Mr. Wingate had not been served and was not yet a party to the case at the time

that all other Defendants had exercised their right to remove the case to this Court on August 8th.

On September 7, 2017, Mr. Wingate filed a motion to remand the case.  On September 15, 2017, after obtaining the Court's authorization to amend their First Amended Complaint, Plaintiffs filed a Second Amended Complaint.  The Second Amended Complaint dropped Mr. Wingate as a defendant.

Mr. Wingate asserts that this case must be remanded to state court due to lack of unanimous consent among Defendants to the removal of this case to federal court.  He points to 28 U.S.C. § 1447(c) and 28 U.S.C. 1448, which together allow a defendant who is served *after* removal of a case to move to remand the case for a procedural defect – such as the lack of unanimous consent among defendants for removal.  Mr. Wingate does not consent to removal and therefore moves to remand on that basis.

Plaintiffs counter that Mr. Wingate's motion is moot in light of the Second Amended Complaint.  Plaintiffs emphasize that Mr. Wingate is no longer a party to the case and that no other Defendants have timely filed motions to remand. Accordingly, Plaintiffs urge the Court to move forward with the litigation.

In his Reply, Mr. Wingate further asserts that Plaintiffs were required to obtain leave of the Court before dropping him as a party in the Second Amended Complaint.  Mr. Wingate cites to Federal Rule of Civil Procedure 21, which provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  According to Mr. Wingate, he has the right to move to remand

2

the case, and this right "cannot be extinguished by plaintiffs through the dropping a defendant absent leave of court or consent from the parties." (Mr. Wingate's Reply, Doc. 87 at 6.)

While Mr. Wingate is correct that he has the right to move to remand under 28 U.S.C. § 1447(c) and 28 U.S.C. 1448, and he has timely done so, his motion was mooted by Plaintiffs' Second Amended Complaint. Mr. Wingate is no longer a party to this case as of the Second Amended Complaint. Furthermore, Plaintiffs were not required to file a separate motion seeking leave to drop Mr. Wingate from the case before filing the Second Amended Complaint. The Eleventh Circuit has squarely addressed this issue: "A plaintiff who has been given leave to file an amended complaint may drop a defendant from the case without obtaining a Rule 21 order if the defendant has not responded to the original complaint with an answer." *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 903 n. 42 (11th Cir. 1997). Here, the Court authorized Plaintiffs to file the Second Amended Complaint, and by the time they did so, Mr. Wingate had not yet filed a responsive pleading. Therefore, Plaintiffs were free to drop Mr. Wingate as a party when they filed their Second Amended Complaint.

Accordingly, Mr. Wingate's motion to remand is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 31st day of October, 2017.

**Amy Totenberg**
**United States District Judge**