# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## FULTON COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW the Fulton County Board of Registration and Elections ("FCBRE"), Director Richard Barron, members of the FCBRE Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") through counsel, and hereby submit this their Reply Brief in Support of Their Motion to Dismiss, showing the Court as follows

I.     **<u>INTRODUCTION</u>**

As stated previously, Plaintiffs Donna Curling, Donna Price, and Coalition for Good Governance filed a similar action just prior to the June 20, 2017 run-off election and sought an injunction preventing Defendants from using DRE machines for the election. The motion for injunction was denied and all claims dismissed by the Court. *Curling, et al., v. Kemp, et al.*, CA No. 2017cv290630 (Fulton County Superior Court, June 9, 2017). (*Curling I*).

In the instant case, the Plaintiffs want a second bite at the apple in Curling v. Kemp II ("*Curling II*"). In Curling I, Plaintiffs had the opportunity to assert all claims related to the safety, accuracy, and constitutionality of the DRE voting system but failed to do so. Res judicata and collateral estoppel bar the re-litigation of those claims and issues. Furthermore, the Fulton County Defendants are immune from Plaintiffs' claims, and Plaintiffs have failed to state a claim upon which relief may be granted. Thus, the Fulton County Defendants respectfully move this Court to dismiss the instant matter.

II.    **<u>FACTS AND BACKGROUND</u>**

As recounted in detail in multiple pleadings, *Curling II* was initially filed on July 3, 2017, in Fulton County Superior Court on behalf of six individuals and an out-of-state organization against twenty-nine state and county defendants, asserting

eight causes of action. Doc. 1-2. Plaintiffs are challenging the use of the Direct Recording Electronic ("DRE") machines that were used for voting during the June 20, 2017 run-off for the Sixth Congressional District.

On August 8, 2017, Defendant Kemp, the State Election Board ("SEB"), and the named members of the SEB ("State Defendants") removed the action to this Court. [Doc. 1]. On August 18, 2017, Plaintiffs filed an Amended Complaint [Doc. 15] and on September 15, 2017, Plaintiffs filed a Second Amended Complaint ("Complaint" or "Petition") [Doc. 70] which is the subject of this motion.

Like *Curling I*, the instant case raises the same concerns about the same DRE voting equipment and the same allegations that the DRE system is insecure. Plaintiffs' Second Amended Complaint asserts eleven counts against various defendants alleging violations of the Georgia Constitution, Georgia election code, Georgia election regulations, and claims pursuant to 42 U.S.C. § 1983. Specifically, Plaintiffs assert the following claims:

• Counts I-V are federal § 1983 claims against the Defendants in their individual and official capacities for alleged violations of the Plaintiffs' right to vote, the right to due process, and the right to equal protection under the 14th Amendment. [Doc. 70 ¶¶ 58-102].

• Count VI – state law claim against the Defendants in their individual capacities for alleged violations of the right to vote by secret ballot under the Georgia Constitution. [Id. ¶¶ 103-112].

• Count VII – state law claim against the Defendants in their individual capacities for alleged violations of the state electronic voting system law and of the Georgia Constitution. [Id. ¶¶ 113-125].

• Count VIII – Not applicable to Fulton County Defendants.

• Count IX – state law writ of mandamus claim against the Defendants in their official capacities seeking to prohibit the use of DRE machines and requiring use of hand counted ballots or optical scanners. [Id. ¶¶ 138-144].

• Count X – Not applicable to Fulton County Defendants.

• Count XI – Not applicable to Fulton County Defendants.

Relevant to the Fulton County Defendants, the Plaintiffs ask the Court to: declare that the all of the Defendants have violated the Georgia Constitution, the federal constitution, the Georgia election code, and Georgia election regulations [Id. ¶ 163]; enjoin all of the Defendants from using DRE voting equipment and order them to use optical scanners or hand counted ballots [Id. ¶¶ 165, 168]; and order all of the Defendants to provide a plan to comply with the Court's Order within thirty (30) days [Id. ¶ 166], among other things.

III. **ARGUMENT AND CITATION OF AUTHORITY**

   A. **Incorporation and Adoption of Arguments presented by State Defendants and Other County Defendants**.

For the reasons set forth below, and for the reasons, arguments and citations of authority set forth in the State, Cobb, and DeKalb Defendants' Reply Briefs In Support of Their Motions to Dismiss [Docs. 94, 97 and 98] which the Fulton County Defendants incorporate by reference as if fully stated herein, Plaintiffs' claims should be dismissed. Additionally, the Fulton County Defendants offer the following:

   B. **Eleventh Amendment Immunity Bars Counts I-IV as to the Fulton County Defendants**

As pointed out by the DeKalb Defendants, Plaintiffs argue that the 11th Amendment is inapplicable here because: (a) the Defendants are not acting as "arms of the state" when conducting elections, (b) § 1983 abrogates Eleventh Amendment immunity and state sovereign immunity, (c) the Defendants waived their immunity by removing the action to federal court, and (d) this case falls under the *Ex parte Young* immunity exception. However, Plaintiffs' argument misconstrues 11th Amendment case law.

     i. **Fulton County Defendants are "Arms of the State"**

Eleventh Amendment immunity bars claims in federal court against county

5

officials when acting as an "arm of the state." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). To determine whether an official is acting as an arm of the state, the court must consider the following criteria in light of the relevant function: (1) how state law defines the entity; (2) what degree of control the state maintains over the entity; (3) the source of the entity's funds; (4) who bears financial responsibility for judgments entered against the entity. *Abusaid v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298, 1304 (11th Cir. 2005). Here, the relevant function is conducting elections. Plaintiffs argue that election board members are not acting as "arms of the state" when conducting elections. However, the court in *Casey v. Clayton County*, 2007 WL 788943 (N.D. Ga. Mar. 14, 2007) explains why the Plaintiffs are wrong in a thorough analysis (quoted in full by the DeKalb Defendants at Doc. 94, pp. 10-11).

Further the FCBRE's compensation is set by the state [Ga. L 2005, p. 3780, § 1(18)] and the FCBRE has the authority to override any rule or regulation of a county executive committee [Ga. L. 2003, p. 4200 § 179]. *Casey's* analysis is consistent with *McConnell v. Adams*, 829 F.2d 1319 (1987), where the Fourth Circuit held that local election boards are arms of the state under the 11th Amendment because they "bear a closer nexus to the state than with the localities where there work." *Id*. at 1327. *See also Tiraco v. New York State Board of*

*Elections*, 963 F.Supp.2d 184 (Aug. 7, 2013) (dismissing complaint against board of elections under 11th Amendment immunity); *Libertarian Party of Virginia v. Virginia State Board of Elections*, 2010 WL 3732012 (Sept. 16, 2010) (board of elections is "arm of the state" under 11th Amendment). As the FCBRE was created by the state and is controlled by the state, and the business of conducting elections is governing entirely by state law, the Fulton County Defendants in their official capacities are "arms of the state" and immune from Plaintiffs' § 1983 claims under the 11th Amendment.

> ii. **Section 1983 Does Not Abrogate Eleventh Amendment Immunity**

Plaintiffs claim that "Section 1983 constitutes a valid abrogation by Congress" of sovereign immunity and, in turn, 11th Amendment immunity. [Doc. 93 p. 16]. This is a misstatement of law. In reality, "Congress did not abrogate states' sovereign immunity through enacting § 1983." *Casey v. Clayton County*, 2007 WL 788943 (N.D. Ga. Mar. 14, 2007) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979) and *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986)). In support of their argument, Plaintiffs cite *Howlett v. Rose*, 496 U.S. 356 (1990). However, in *Howlett,* the U.S. Supreme Court clearly explained that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state

court." *Id*. at 2437.  As explained above, the Fulton County Defendants in their official capacities are "arms of the state" when conducting elections and therefore are immune from Counts I-IV.

### iii. Defendants Did Not Waive Immunity by Removing to Federal Court

In some circumstances, a state defendant can waive 11th Amendment immunity by removal to federal court.  *See Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002).  However, *Lapides* only applied to claims for which the state had already consented to be sued in state court.  *Id.* at 624.  The Eleventh Circuit clarified the scope of *Lapides* in *Stroud v. McIntosh*: "an arm of the state remains immune from liability for claims under [federal law], notwithstanding its removal of the case." 722 F.3d 1294, 1303 (11th Cir. 2013).  As the state has not consented to suit under § 1983, 11th Amendment immunity protects the Fulton County Defendants as arms of the state.

### iv. Ex Parte Young does not apply

The Defendants assert that the *Ex parte Young* exception does not apply and hereby incorporates the State, DeKalb, and Cobb County Defendants' arguments as if fully stated herein.

### C. Qualified Immunity Bars Counts I-V as to the Fulton County Defendants in Their Individual Capacities

8

In Counts I-V, the Plaintiffs allege that the Defendants violated the Plaintiffs' constitutional right to vote, right to due process, and right to equal protection by using allegedly faulty DRE voting machines and by failing to re-canvass votes under Ga. Comp. R. & Regs. 183-1-12.02(7)(a). However, these claims are barred by qualified immunity. Qualified immunity protects officials from § 1983 claims if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The dispositive issue is "whether it would be clear to a reasonable [state official] that his conduct was unlawful." *Leslie v. Hancock County Board of Education*, 720 F.3d 1338, 1345 (11th Cir. 2013) (citations omitted). The Plaintiffs cannot show a U.S. Supreme Court case, a Georgia Supreme Court case, or an Eleventh Circuit case that would put the Defendants on notice that the conduct in question was clearly unlawful. *Id.* Plaintiffs can point to no case law that would put Defendants on notice that conducting elections using DRE voting machines as mandated by state law, was a clear violation of Plaintiffs' right to vote, right to due process, or right to equal protection under the law. In fact, *Favorito v. Handel* expressly held that use of DRE machines is consistent with the state and federal constitutions' right to vote, due process, and equal protection. Furthermore, election superintendents are

9

required to conduct elections using DRE machines by state law. *See* O.C.G.A. § 21-2-300, *et seq.* Thus, no reasonable election official would believe that using the same DRE machines that were the subject of the *Favorito* decision, is a clear violation of Plaintiffs' constitutional rights. For these reasons, and for the reasons set forth in the State, Cobb, and DeKalb Defendants' Motions to Dismiss, Counts I-IV are barred by qualified immunity.

### D. Official Immunity Bars Counts VI and VII as to the Fulton County Defendants Sued in Their Individual Capacities

Plaintiffs assert state law claims against the Fulton County Defendants in their individual capacities for alleged violations of Plaintiffs' right to vote and right to vote by secret ballot under the Georgia Constitution. However, these claims are barred by official immunity. Ga. Const. Art. I, Sec. II, Para. IX(D) provides "official immunity" to government officials sued in their individual capacities "for the performance or nonperformance of their official functions." *Id.*; *Lathrop v. Deal*, --- Ga. ---, 801 S.E.2d 867, 888 (2017). Official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority" unless that official acted with actual malice. *Cameron v. Lang*, 273 Ga. 122, 123 (2001). "In the context of official immunity, actual malice means a deliberate intention to do a wrongful act."

*Johnson v. Randolph*, 301 Ga. App. 265, 271 (2009). Here, Plaintiffs fail to even allege that the Fulton County Defendants acted with actual malice. For these reasons, and for the reasons set forth in the State, Cobb, and DeKalb Defendants' Motions to Dismiss, Plaintiffs' claims are barred by official immunity.

### E. The Plaintiffs Cannot Demonstrate a Clear Right to Relief or a Gross Abuse of Discretion Entitling them to Mandamus for Count IX

"Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy." *Merchant Law Firm, P.C. v. Emerson*, --- Ga. ---, 800 S.E.2d 557, 560 (2017). Mandamus is only available to a plaintiff who can articulate "a clear legal right" to have the particular act performed. *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570, 570 (1999). In this case, Plaintiffs have not shown the clear legal right to compel Defendants to act in a manner contrary to law. State law determines the voting process in Georgia. O.C.G.A. § 21-2-300, *et seq.* Therefore, Plaintiffs have not met, and cannot meet, their burden of showing a clear legal right to the requested relief.

For the reasons set forth herein and also in the State, Cobb, and DeKalb Defendants' Motions to Dismiss, Plaintiffs have failed to state a claim upon which relief may be granted.

### D.  Plaintiffs' Are Collaterally Estopped from Bringing Claims That Have Already Been Adjudicated in a Court of Law.

Plaintiffs' claims rest on the premise that the DRE voting system is unable to be safely and accurately used to conduct elections. However, this issue has already been litigated and therefore is barred by res judicata and collateral estoppel principles. The Court in *Curling I* specifically held that Plaintiffs' state law causes of action were subject to qualified immunity and must be dismissed; and Plaintiff' request for writ of mandamus must necessarily fail. [See Court's instruction included in Doc 14; See also, Doc 17].

State law guides the analysis when a federal court is asked to apply res judicata to a state court judgment. *Amey, Inc. v. Gulf Abstract and Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985). Under Georgia law, res judicata is a three-prong analysis: (1) identity of parties or their privies; (2) identity of cause of action; and (3) previous adjudication on the merits by court of competent jurisdiction. *Lilly v. Heard*, 295 Ga. 399, 401 (2014); see O.C.G.A. § 9-12-40 (a court's judgment "is conclusive between the same parties and their privies as to all matter put in issue or which … might have been put in issue").

Under the *Lilly* analysis, Plaintiffs' claims in the instant case are barred by res judicata. As in *Lilly*, there is identity of parties between *Curling I* and *Curling II*. Several plaintiffs and defendants are party to both actions, but the new *Curling*

*II* parties' interests (concerns about the safety and accuracy of the DRE voting systems) were adequately represented by the parties in *Curling I*. Second, the pre- and post-election challenges here concern the same essential claim: the DRE voting system is unsafe and inaccurate for use in conducting elections. As in *Lilly*, this satisfies the second prong. Finally, the parties had a full opportunity to present evidence and make arguments. In fact, the Plaintiffs here had a more full and fair opportunity than the plaintiffs in *Lilly* because they introduced expert witness testimony and reports to a superior court judge rather than an administrative body. Thus, under Lilly, Plaintiffs' claims are barred by res judicata.

Collateral estoppel or issue preclusion prevents the re-litigation of an issue that is identical to one decided in a prior proceeding involving the same parties or their privies. *See Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446, 469 S.E.2d 509 (1996). When the doctrine of collateral estoppel applies, an issue previously litigated and adjudicated on the merits cannot be re-litigated even as part of a different cause of action. *Jordan v. Bd. of Public Safety*, 253 Ga. App. 339, 342, 559 S.E.2d 94 (2002). This doctrine prevents a litigant from splitting his claims against the same party into a series of lawsuits. *See Id*. at 341, 559 S.E.2d 94.

In addition, the preclusion doctrines of res judicata (or claim preclusion) and

collateral estoppel (or issue preclusion) apply to a cause of action "even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added." *Medlin v. Carpenter*, 174 Ga. App. 50, 51, 329 S.E.2d 159 (1985) (internal citations omitted.) A party may only assert the doctrine of collateral estoppel if the issue was (1) raised in a prior proceeding, (2) actually litigated and decided, and (3) necessary to final judgment. *Boozer v. Higdon*, 252 Ga. 276, 278, 313 S.E.2d 100, 102 (Ga.1984) ("In order to successfully plead collateral estoppel, ... one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision.")

"Privity" is a "connection or relationship between two parties, each having a legally recognized interest in the same subject matter." *U.S. Micro Corp. v. Atlantix Global Sys.*, LLC, 278 Ga. App. 599, 602, 630 S.E.2d 416, 419 (2006) (quoting Black's Law Dictionary, p. 1237 (8th ed.2004)). *See also Old Republic Nat. Title Ins. Co. v. Hartford Acc. & Indem. Co*., 2:12-CV-0004-RWS, 2013 WL 1943427, at * 9 (N.D. Ga. May 9, 2013). *See also QOS Networks Ltd. v. Warburg, Pincus & Co*., 294 Ga. App. 528, 534, 669 S.E.2d 536, 542 (2008) ("While parties need not be identical, they must be so connected with a party to the previous judgment that the party fully represents the interest of the privy.")

Applying this definition of "privy" to the circumstances presented here, Plaintiffs in the *Curling I* litigation, were privies for the Plaintiffs in the instant matter. Many of the Plaintiffs in the instant matter were also plaintiffs in *Curling I*[1], and thus they had control over the litigation. Accordingly, the interests of the *Culling I* plaintiffs are fully congruent with interests of the Plaintiffs in the matter before this Court, and the *Curling I* plaintiffs fully "represented" the interests of these Plaintiffs.

Accordingly, because Plaintiffs' claims were (1) raised in a prior proceeding, (2) actually litigated and decided, and (3) necessary to final judgment. *Boozer* at 278, Plaintiffs are collaterally estopped from having their claims re-litigated in this Court.

## III.   CONCLUSION

Based on the foregoing, the Fulton County Defendants requests that this Court grant the requested Motion to Dismiss.

**Respectfully submitted this 31st day of October, 2017.**

---

[1] Plaintiffs Donna Curling, Donna Price, and Coalition for Good Governance (formally known as Rocky Mountain Foundation) were Plaintiffs in *Curling I*. Secretary of State Brian Kemp and the various county Defendants were also Defendants in *Curling I*. In *Curling I*, Plaintiffs' motion for injunction was denied and all state law claims were dismissed by the Court. *Curling, et al., v. Kemp, et al.*, CA No. 2017cv290630 (Fulton County Superior Court, June 9, 2017).

**OFFICE OF THE COUNTY ATTORNEY**

**/s/Cheryl Ringer**
**Kaye Burwell**
**Georgia Bar Number:   775060**
**kaye.burwell@fultoncountyga.gov**
**Cheryl Ringer**
**Georgia Bar Number: 557420**
**cheryl.ringer@fultoncountyga.gov**
**David Lowman**
**Georgia Bar Number: 460298**
**david.lowman@fultoncountyga.gov**

**ATTORNEYS FOR DEFENDANTS RICHARD BARRON MARY CAROLE COONEY, VERNETTA NURIDDIN, DAVID J. BURGE, STAN MATARAZZO, AARON JOHNSON, AND THE FULTON COUNTY BOARD OF REGISTRATION & ELECTIONS**

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing **FULTON COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

This 31st day of October, 2017.

                                        **/s/ David R. Lowman**
                                        Georgia Bar Number: 460298
                                        david.lowman@fultoncountyga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF FULTON COUNTY DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Bryan Ward Marvin Lim
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
Bryan.Ward@holcombward.com
Marvin@holcombward.com

Overtis Hicks Brantley Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030

Daniel W. White
Haynie, Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, Georgia 30060

Jon Ossoff
Candidate for Congress
c/o Russell Waldon, Esq.
Waldon Adelman Castilla Hiestand & Prout
900 Circle 75 Parkway, N.W.
Suite 1040
Atlanta, GA 30339-3084
rwaldon@wachp.com

I further certify that I have served, by electronic mail, the following non-cm/ecf participants:

>Rep. Karen Handel
>U.S. Congressional District 6
>c/o Anne Lewis, Esq. awl@sbllaw.net

This 31st day of October, 2017.

>**/s/ David R. Lowman**
>Georgia Bar Number: 460298
>david.lowman@fultoncountyga.gov