IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, ET AL. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRIAN KEMP, ET AL. ) <br> ) <br> Defendants. ) <br> ) | Civil Action File No. 1:17-cv-2989-AT |

MOTION OF STEPTOE & JOHNSON LLP FOR
PERMISSION TO WITHDRAW AS COUNSEL FOR
PLAINTIFF COALITION FOR GOOD GOVERNANCE (CGG)

Pursuant to Local Rule 83.1(E) for the Northern District of Georgia and Georgia Rules of Professional Conduct 1.7 and 1.16, Steptoe & Johnson LLP (including Edward B. Schwartz and Joe R. Caldwell, Jr.) (collectively, "Steptoe") hereby requests that the Court enter an order granting Steptoe permission to withdraw as counsel for Plaintiff Coalition for Good Governance ("CGG"). In support of this motion, the undersigned counsel state as follows:

1. Steptoe was asked to represent CGG and the seven additional plaintiffs in this ongoing case on a pro bono basis on or about August 21, 2017. At

the time, the plaintiff group was represented by counsel for the law firm of Holcomb + Ward, who remain counsel of record.

2. CGG terminated Steptoe's attorney-client relationship on September 18, 2017, about four weeks after it began. Although subsequent communications by CGG suggested a desire to reconsider that termination, the conflicts of interest and breakdown in the attorney-client relationship between Steptoe and CGG were such that the attorney-client relationship could not be repaired.

3. As described below, Steptoe seeks to withdraw from CGG due to conflicts of interest between CGG and other plaintiffs Steptoe represents in this matter, as well as the breakdown in the attorney-client relationship between Steptoe and CGG in the short time Steptoe has represented CGG.

4. Steptoe reasonably believes that the strategic objectives of CGG differ from those of other plaintiffs, such as Donna Curling and Donna Price. As a result of these diverging objectives, Steptoe cannot adequately represent the interests of both CGG and the other plaintiffs.

5. Georgia Rule of Professional Conduct 1.7(a) prohibits a lawyer from representing a client or continuing to represent a client "if there is a significant risk that . . . the lawyer's duties to another client . . . will materially and adversely affect the representation of the client." Ga. R. Prof. Conduct 1.7(a). Such a risk is

present here. Steptoe cannot simultaneously pursue the conflicting strategic objectives of CGG and the other plaintiffs without materially and adversely affecting the representation of all eight plaintiffs. Further, Georgia Rule of Professional Conduct 1.7(c)(3) provides that "client informed consent is not permissible if the representation . . . involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Ga. R. Prof. Conduct 1.7(c)(3). CGG's litigation strategy and goals conflict significantly with those of other plaintiffs, which rules out informed consent as a permissible way to resolve the conflict of interest.

6. Georgia Rule of Professional Conduct 1.16(a) *requires* that a lawyer withdraw from representing a client if "the representation will result in violation of the Georgia Rules of Professional Conduct." Ga. R. Prof. Conduct 1.16(a); see also Comment [3] to Ga. R. Prof. Conduct 1.7 (counseling that "if an impermissible conflict arises after representation has been undertaken, the lawyer should withdraw from the representation"). Steptoe's continued representation of CGG would result in the violation of Georgia Rule of Professional Conduct 1.7(a).

7. Even where there is a merely a "risk" of a conflict of interest, withdrawal is "at a minimum . . . proper under 1.16(b)(6)." *See* Ga. R. Prof. Conduct 1.16(b) ("a lawyer may withdraw from representing a client if . . . good

3

cause for withdrawal exists"); *Flagstar Bank, FSB v. Maxwell*, No. 1:10-CV-1734-WBH-JSA, 2012 WL 12873619, at *2 (N.D. Ga. Aug. 17, 2012) ("the Court believes it is sufficient to find . . . that [counsel] would run a substantial risk of violating a rule should it continue to represent [defendant], and that this substantial risk constitutes good cause for seeking withdrawal under Rule 1.16(b)(6)"). Steptoe's continued representation of CGG would not merely risk, but in fact result in, an impermissible conflict. But even if this court does not find withdrawal mandatory, the risk of a conflict gives Steptoe good cause to withdraw under Rule 1.16(b)(6).

8.  Further, significant and fundamental disagreements have developed between CGG and Steptoe with respect to the representation and the litigation. The fundamental disagreements between Steptoe and CGG make it impossible for Steptoe to continue to represent CGG while still fulfilling its ethical obligations to CGG and other plaintiffs.

9.  The need to protect CGG's confidentiality and preserve the attorney-client privilege prevents undersigned counsel from detailing, in the present motion, the specific nature of the various conflicts. *See* Ga. R. Prof. Conduct 1.6(a). Steptoe can provide additional information to the Court, if needed, *in camera*.

10. Steptoe is aware of no reason (nor has CGG provided one) that CGG would experience a "material adverse effect" on its interests if the Court grants Steptoe permission to withdraw. *See* Ga. R. Prof. Conduct Rule 1.16(b) (allowing counsel to withdraw—regardless of the reason—so long as "withdrawal can be accomplished without material adverse effect on the interests of the client").

11. Irrespective of whether Steptoe's withdrawal would have a material adverse effect on CGG's interests, the breakdown of the attorney-client relationship prevents Steptoe from continuing to represent CGG in this action while still fulfilling its ethical obligations. *See Air W. E. Commc'ns, LLC v. State Farm Fire & Cas. Co.*, No. 1:10-CV-2767-JEC-SSC, 2012 WL 12835639, at *2 (N.D. Ga. Mar. 23, 2012) (granting counsel's motion to withdraw where "there is an irreconcilable conflict between Plaintiffs and [counsel] such that the attorney-client relationship between [counsel] and Plaintiffs has irrevocably broken down and that [counsel] cannot, consistent with her ethical obligations as an attorney, continue to represent Plaintiffs"); *see also* Ga. R. Prof. Conduct 1.16(5), (6) ("a lawyer may withdraw from representing a client if . . . the representation . . . has been rendered unreasonably difficult by the client; or other good cause for withdrawal exists"); Comment [7] to Ga. Rule. Prof. Conduct 1.16 ("the lawyer's

statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient").

12. Local Rule 83.1(E)(1) provides that "counsel will not ordinarily be allowed to withdraw after pretrial or at a time when withdrawal will cause a delay in the trial of the case." That is not the case here. The target close of discovery is set for January 20, 2018. There is no indication that Steptoe's withdrawal would cause a delay in the trial of the case. Therefore, Steptoe's withdrawal would be consistent with Local Rule 83.1(E)(1).

13. Pursuant to Local Rule 83.1(E)(2)(J), Steptoe has given CGG 14 days prior notice of its intention to request permission to withdraw as counsel for CGG. This notice was served on CGG via email and is attached (in redacted form) to this Motion. The notice included the following information, as required by Local Rule 83.1(E)(2):

   a) That Steptoe wishes to withdraw;
   b) The style of the matter from which Steptoe seeks to withdraw (*Curling v. Kemp, et al.*, 1:17-cv-02989-AT), and the name, address and telephone number of the Clerk (Amy McConochie) and opposing counsel;
   c) That this court—the United States District Court for the Northern District of Georgia, Atlanta Division—would retain jurisdiction after Steptoe's withdrawal;
   d) That CGG has the burden of keeping the court informed respecting where notices, pleadings or other papers may be served;
   e) That CGG has the obligation to prepare for trial or hire other counsel to prepare for trial;

f) That if CGG fails or refuses to meet these burdens, it may suffer adverse consequences;
g) The dates of the upcoming proceedings in the matter;
h) That service of notices may be made upon CGG at its last known address, and;
i) If CGG is a corporation, that a corporation may only be represented in court by an attorney, that an attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party.

*See Natty v. Morgan*, No. 212CV00073RWSJCF, 2013 WL 12178577, at *1 (N.D. Ga. Dec. 2, 2013) (granting counsel's motion to withdraw that was filed according to the requirements in Local Rule 83.1(E)).

**WHEREFORE,** Steptoe respectfully requests that the Court enter an Order granting Steptoe leave to withdraw its appearance in this matter, effective immediately. A proposed Order is attached.

Dated: November 3, 2017              Respectfully submitted,

/s/ Edward B. Schwartz
EDWARD B. SCHWARTZ (*pro hac vice*)
JOE R. CALDWELL, JR. (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 200036
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), undersigned counsel certify that this brief has been prepared in 14-point Times New Roman in compliance with Local Rule 5.1(C).

/s/ Edward B. Schwartz
Edward B. Schwartz

/s/ Joe R. Caldwell, Jr.
Joe R. Caldwell, Jr.

## PROOF OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record through the Court's electronic filing service on November 3, 2017, and upon Plaintiff Coalition for Good Governance by United States Postal Service Mail to the following address:

Marilyn R. Marks
Coalition for Good Governance
7035 Marching Duck Drive E504
Charlotte, NC 28210

/s/ Edward B. Schwartz
Edward B. Schwartz

/s/ Joe R. Caldwell, Jr.
Joe R. Caldwell, Jr.