UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL._____Plaintiff,<br><br>v.<br><br>BRIAN KEMP, ET AL._____Defendant. | Civil Action File No. 1:17-cv-2989-AT |

**[PROPOSED]
JOINT REPORT OF THE PARTIES CONCERNING
PRESERVATION OF EVIDENCE**

By Order of the Court on November 7, 2017, the Parties file this Joint Report of the Parties Concerning Preservation of Evidence toward the goal of assisting the Court in entering an Order for Preservation of Evidence.

I.   Agreements and Disagreements of the Parties

A draft Preservation Order was circulated by Plaintiffs' counsel to Defendants' counsel on November 8, 2017.  Following exchanges between counsel, the draft, as edited, appears at Exhibit A hereto.  Counsel for the State Defendants (Sec. Kemp and State Election Board) circulated a draft, attached as Exhibit B hereto.  While the Parties do not agree completely on the language of a Draft Order, the Parties have narrowed their disagreements to the following:

a. The State Defendants seek a draft Preservation Order which reflects the dates on which Defendants received the two litigation hold letters attached hereto, and do not want obligations imposed by litigation hold letters to apply to the period preceding their receipt of those letters. Plaintiffs believe that obligations to preserve evidence are triggered when litigation is filed, threatened or reasonably foreseeable. In any case, Plaintiffs assert that resolution of this issue is unnecessary at this time and irrelevant to the issuance of a Preservation Order.

b. The State Defendants request that the FBI be deleted from the Preservation Order. Plaintiffs disagree, and maintain that the FBI may possess the only available image which reflects data from the CES server known as elections.kennesaw.edu.

c. The State Defendants wish to define their preservation obligations by items listed in the attached litigation hold letters to avoid confusion and to avoid unduly expanding their preservation obligations. Plaintiffs, who have taken no discovery in this litigation, do not know the extent or form of evidence in Defendant's possession and decline to limit it narrowly to items listed in their litigation hold letters.

II. <u>Additional Arguments by Defendants</u>

A. ***Objections of State Defendants SoS Kemp and State Election Board***:

1. <u>Exchange of Drafts</u>:   Plaintiffs proposed a "joint" preservation order to which State Defendants cannot consent without waiving important legal

positions and/or suffering unfair prejudice.  State Defendants proposed a neutral version but Plaintiffs did not consent.

       2.    <u>Vague / Shifting Definitions of Evidence</u>:   Instead of referencing-by-incorporation earlier Hold Letters, Plaintiffs insert broad language that appears to re-define "evidence" in different and/or broader terms than previous Hold Letters.  This case does not need a more confusing definition of "evidence" than already exists.

       3.    <u>Retroactive Litigation Holds Unfair and Improper</u>:  Defendants are entitled to fair notice in reasonably specific terms of what should be preserved. Retroactive application of vague and shifting definitions of "evidence" invites gamesmanship and prejudices parties shouldering the burden of preservation. Plaintiffs rejected language clarifying that preservation depends upon principles of fair notice and notice is not retroactive.

       4.    <u>Mischaracterization of the CES Episode</u>:  The Draft Order should either remove Plaintiffs' characterization of these events or, alternatively, explicitly *state and preserve* the State Defendants' position that the CES server and back-up that were repurposed in July/August were action-items that were planned and known (or knowable in the exercise of reasonable care to the public and the *Curling* Plaintiffs), in advance of those actions actually being taken by KSU.  Failure to do so in a "joint" order could be construed as a waiver of legal position(s) regarding the issue(s).  Plaintiffs refused either to remove this or to include a "no waiver" clause.

       5.    <u>Waivers of "Balancing Test" / "Undue Burden"</u>:  Plaintiffs' "joint" order contains two categorical findings that would prejudice defendants: (1) the duty of preservation outweighs harm to defendant and (2) that defendants will not be unduly burdened.  What should be fact-sensitive findings are framed as absolute in the abstract and without any evidentiary support.  This waives any argument that, in the future and in good faith, might arise where there is an undue burden and/or harm to the defendant outweighs the benefits of preservation.

       6.    <u>Inclusion of FBI</u>:   State Defendants deny responsibility for third parties (including but not limited to the FBI), who are outside our direction/control.

       7.    <u>Safe Harbor for Good Faith Compliance with Other Legal Duties</u>:  The State Defendants cannot foresee every eventuality.  Obligations of preservation must not interfere—directly or indirectly—with the legal responsibilities of officials charged with a legal duties under Georgia state law.  Plaintiffs refuse to incorporate language preserving even the possibility of a good-faith compliance with conflicting legal responsibilities as a defense to technical non-compliance with this "joint" Order.

       8.    <u>Ability to Change Custody</u>: Related to the above, State Defendants suggested the following language: "The parties understand that certain

responsibilities are transferring from CES to SoS. As part of that transition, relevant information may change custody from CES to SoS and each party agrees that a change in custody of relevant evidence from CES to SoS does not violate this Order." Plaintiffs proposed some language incrementally addressing this concern that did not go far enough.

### III.     Additional Arguments By Plaintiffs

1. In response to Defendants' numbered paragraphs above, Plaintiffs assert that the draft Order proposed by Defendants avoids preservation obligations, as noted below.

2. Plaintiffs assert that Defendants have preservation obligations to preserve evidence independently from litigation hold letters sent by Plaintiffs. Moreover, as Plaintiffs have taken no discovery in the case, Plaintiffs cannot anticipate in a litigation hold letter all categories of evidence relevant to this case.

3. See the preceding paragraph.

4. While the information concerning the erasure of data on the CES server and back-up was provided by the Assistant Attorney General, acting as counsel to the State Defendants, Plaintiffs are content to remove that language from the draft. Defendants' remaining arguments pertain to a spoliation motion, which has not yet been filed.

5. While the Court may wish to include the findings initially proposed by Plaintiffs, Plaintiffs have deleted the language to simplify the proposed Order.

6. The FBI must be included in the Order, as the Assistant Attorney General stated that the FBI has the only remaining image of what is characterized as the CES server.

7. Defendants' request for "safe harbor" is hazardous. Alternatively, Defendants can inform Plaintiffs and the Court, if necessary, if duties are to be performed and permit Plaintiffs to copy the relevant data before the duties are performed.

8. Plaintiffs cannot "understand," without discovery, that certain responsibilities are transferring. Defendants should make that a representation.

IV. <u>Conclusion</u>

Accordingly, the Parties submit the foregoing to the Court, along with the attachments hereto, for consideration in determining the appropriate language of a Preservation Order.

Dated: November 13, 2017         Respectfully submitted,

/s/ Edward B. Schwartz
/s/ Bryan M. Ward
BRYAN M. WARD
Georgia Bar No. 736656
MARVIN LIM
Georgia Bar No. 147236
HOLCOMB + WARD, LLP
3399 Peachtree Road NE, Suite 400

5

        Atlanta, GA 30326
        Telephone:  (404) 601-2803
        Facsimile:  (404) 393-1554
        Email: bryan.ward@holcombward.com

        EDWARD B. SCHWARTZ (*pro hac vice*)
        JOE R. CALDWELL, JR. (*pro hac vice*)
        STEPTOE & JOHNSON, LLP
        1330 Connecticut Avenue, NW
        Washington, DC 200036
        Telephone:  (202) 429-3000
        Facsimile:  (202) 429-3902
        Email: eschwartz@steptoe.com
        Email: jcaldwell@steptoe.com

    *Attorneys for Plaintiffs*

| /s/ Daniel Walter White | /s/ John Frank Salter, Jr. |
|---|---|
| Daniel Walter White | John Frank Salter, Jr. |
| Haynie Litchfield Crane & White | Roy Barnes |
| 222 Washington Avenue | The Barnes Law Group, LLC |
| Marietta, GA 30060 | 31 Atlanta Street |
| 770-422-8900 | Marietta, GA 30060 |
| Fax: 770-424-8900 | 770-227-6375 |
| Email: dwhite@hlclaw.com | Email: john@barneslawgroup.com |
| *Attorney for the Cob County Defendants* | *Attorneys for Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. (Rusty) Simpson, Seth Harp, The State Election Board* |

| | |
|---|---|
| /s/ Bennet Davis Bryan<br>Bennett Davis Bryan<br>DeKalb County District Attorney's Office<br>Stone Mountain Judicial Circuit<br>556 North McDonough Street<br>Suite 700<br>Decatur, GA 30030<br>404-687-3815<br>Email: bdbryan@dekalbcountyga.gov<br><br>*Attorney for the Dekalb County Defendants* | /s/ Cheryl Ringer<br>Cheryl Ringer<br>David R. Lowman<br>Kaye Woodard Burwell<br>Office of Fulton County Attorney<br>Fulton County Government Center<br>141 Pryor Street, S.W.<br>Suite 4038<br>Atlanta, GA 30303<br>404-612-0263<br>Email: cheryl.ringer@fultoncountyga.gov<br><br>*Attorneys for the Fulton County Defendants* |
| | /s/ Grant Edward Schnell<br>Grant Edward Schnell<br>Robert S. Highsmith<br>Holland & Knight LLP – Atl<br>One Regions Plaza, Suite 1800<br>1180 West Peachtree St., NW<br>Atlanta, Ga 30309<br>404-817-8500<br>Email: *grant*.schnell@hklaw.com<br><br>*Attorney for Merle King* |

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record through the Court's electronic filing service on November 13, 2017.

/s/ Edward B. Schwartz
EDWARD B. SCHWARTZ

/s/ Bryan M. Ward
BRYAN M. WARD