EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.** | |
| **Plaintiff,** | **Civil Action File No. 1:17-cv-2989-AT** |
| **v.** | |
| **BRIAN KEMP, ET AL.** | |
| **Defendant.** | |

## [PROPOSED]
## MEMORANDUM ORDER
## <u>FOR PRESERVATION OF EVIDENCE</u>

Plaintiffs allege in this litigation that constitutional and statutory rights of Georgia voters in Fulton, DeKalb and Cobb Counties have been, and are being, violated by the Defendants' use of electronic voting equipment to conduct elections.  Defendants deny those allegations, and have filed motions to dismiss all claims.

The Court's interest is in preservation of all evidence relevant to the claims and defenses in this litigation.  In order to preserve all evidence relevant to this litigation, the Court expects the parties to work cooperatively to preserve evidence. Further, the Court reminds all parties of their professional duties, especially when

notified in writing, to preserve evidence reasonably expected to become material as framed by the operative allegations in the case.

At the same time, the Court recognizes this case involves governments and public officials with legal duties and responsibilities to execute the business of the State of Georgia, including preparations for upcoming and future elections. Inherent in those duties is the transmission of data by and between the co-defendants and various other agents of the state government and/or third parties.

Toward that end, the parties have submitted a Joint Proposed Preservation Order.

**ACCORDINGLY, UPON CONSIDERATION OF** the Joint Proposed Preservation Order, and the telephone hearing held before me on November 7, 2017, the Court concludes that (1) there are legitimate reasons for the preservation and maintenance of evidence likely to be relevant to this litigation; and (2) that such considerations must be balanced against the legal duties placed upon the defendants regarding ongoing and future elections and their legal duties and responsibilities pertaining thereto.

**THEREFORE IT IS ORDERED** that the Joint Request of Plaintiffs and Defendants (together, the "Parties") to enter a Preservation Order is **GRANTED**. And it is

2

**FURTHER ORDERED** that the Parties are hereby ordered to take all reasonable efforts to preserve those items listed in Litigation Hold Letters (attached as Exhibits 1 and 2) at the time said writings were received by the respective defendants and as framed by then-operative allegations of the Plaintiffs' complaint or the answers of the Defendants.

This Order does not impose upon Defendants any duty or responsibility as to actions of third parties outside their direction or control.

Should there be any *bona fide* conflict between a duty of preservation arguably imposed by this Order and legal duties imposed by a law the Defendants are charged with executing, the compliance or performance of such legal duty shall be recognized as a good-faith defense to alleged non-compliance with this Order.

By proposing this joint order, the Parties will not be deemed to have waived any position on any particular issue and all arguments, rights, or defenses of the parties as to any motion seeking enforcement or for spoliation are expressly reserved until such time as a particular motion is filed.

Finally, the Parties understand that certain responsibilities may require the transfer between different state agencies or defendants of relevant evidence and/or the transfer of custodial responsibilities regarding same.  The same duty of reasonable care for preservation extends to such transfers of relevant evidence or custodial responsibilities and, however, such transfers, alone and without any

3

change or alteration of relevant evidence, will not constitute a violation of this

Order.

Failure to obey this Order by any of the Parties may result in the imposition

of sanctions including, but not limited to, an adverse ruling against the party or

parties at issue, or an order holding the offending party in contempt of court. *See*

Fed. R. Civ. P. 37(b)(2).

**SO ORDERED.**

_____
**A. TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

**DATED: NOVEMBER ___, 2017**

EXHIBIT 1

## White, Tyechia

| | |
|---|---|
| **From:** | Bryan Ward <bryan.ward@holcombward.com> |
| **Sent:** | Monday, July 10, 2017 5:32 PM |
| **To:** | ACowart@law.ga.gov; RWillard@law.ga.gov; JColangelo@law.ga.gov; CCorreia@law.ga.gov; JHeidt@law.ga.gov; ovbrantley@dekalbcountyga.gov; LKJohnson@DeKalbCountyGa.gov; TGPhilli@DeKalbCountyGa.gov; BDBryan@DeKalbCountyGa.gov; Patrise.Hooker@FultonCountyGa.gov; Kaye.Burwell@FultonCountyGa.gov; Cheryl.Ringer@FultonCountyGa.gov; David.Lowman@FultonCountyGa.gov; DWhite@hlclaw.com; SHegener@hlclaw.com |
| **Cc:** | Marvin Lim |
| **Subject:** | Curling et al. v. Kemp et al.; No. 2017CV292233 |
| **Attachments:** | CURLING v KEMP (2) - COMPLAINT WITH VERIFICATION AND EXHIBITS.PDF |

Counsel,

I am counsel for the plaintiffs in the above-referenced matter, *Curling et al. v. Kemp et al.*; No. 2017CV292233 (the "Action") (Complaint attached). I am writing you as either the attorney listed online for one of the defendant entities in the above-referenced matter or as an attorney for a defendant entity in the now-dismissed *Curling et al. v. Kemp et al.*, No. 2017CV290630.  The purpose of this email is to notify your clients of their obligation to take reasonable steps to preserve and retain all hard copies and electronically stored information, as defined by Rule 34 of the Federal Rules of Civil Procedure, and all other documents and physical evidence relevant to this Action. To fulfill your preservation obligation, you must take reasonable steps to preserve all hard copy documents, physical evidence, and electronically stored information relevant to this Action, including, but not limited to

- suspending the Defendant entities' data destruction and backup tape recycling policies;
- preserving relevant software, including legacy software (unless an exact copy or mirror image is made and stored) and hardware that is no longer in service but was in service during the relevant time period;
- retaining and preserving necessary information to access, review and reconstruct (if necessary) relevant electronic data, including identification codes and passwords, decryption applications, decompression software, reconstruction software, network access codes, manuals and user instructions;
- retaining and preserving all backup tapes or other storage media; and
- any other reasonable steps necessary to prevent the destruction, loss, override or modification of relevant data either intentionally or inadvertently, such as through implementation of a pre-existing document retention policy.

This preservation obligation includes all election materials for the June 20 election, including, in particular, **memory cards** (PCMCIA cards) used in that election.  In addition, we are available to confer about the retention and security of the voting machines and GEMS server used in the June 20 and April 18 elections. Until such time, those machines should not be disturbed, tested, or changed in any way.

The foregoing list is not exhaustive, and you and your clients must preserve all documents, physical evidence, and information relevant to this Action.

Your clients' failure to preserve relevant data may constitute spoliation of evidence, which may subject your and/or your clients to sanctions. We trust that you and your clients will preserve for the duration of this Action all relevant hard copy documents, physical items, and electronically stored information. In the event of a dispute arising out of your failure to preserve documents, we will rely on this email in court as evidence of our request and additional notice of your and your clients' preservation obligations.

We look forward to working with you in this matter.  Please contact me if you have any questions.

**Bryan M. Ward**



3399 Peachtree Road NE, Suite 400
Atlanta, Georgia 30326
404-892-5695 (Direct)
404-601-2803 (Main)
404-393-1554 (Fax)
**bryan.ward@holcombward.com**
**www.holcombward.com**

EXHIBIT 2

Joe Robert Caldwell, Jr.
202 429 6455
jcaldwell@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com



September 12, 2017

**BY ELECTRONIC AND REGULAR MAIL**

Cristina Correia
Josiah Benjamin Heidt
Elizabeth Ahern Monyak
Attorney General's Office-Atl
Department of Law
40 Capitol Square, SW
Atlanta, GA 30334
404-656-7063

Cheryl Ringer
David R. Lowman
Kaye Woodard Burwell
Office of Fulton County Attorney
Fulton County Government Center
141 Pryor Street, S.W.
Suite 4038
Atlanta, GA 30303
404-612-0263
Email: cheryl.ringer@fultoncountyga.gov

Bennett Davis Bryan
DeKalb County District Attorney's Office
Stone Mountain Judicial Circuit
556 North McDonough Street
Suite 700
Decatur, GA 30030
404-687-3815
Email: bdbryan@dekalbcountyga.gov

**Daniel Walter White**
Haynie Litchfield Crane & White
222 Washington Avenue
Marietta, GA 30060
770-422-8900
Fax: 770-424-8900
Email: dwhite@hlclaw.com



Re:  *Donna Curling, et al. v. Brian P. Kemp, et al.*, Civil No. 17-cv-02989-AT,    United States District Court for the Northern District of Georgia

Dear Counsel:

As counsel for Plaintiffs in this action, and following up on our "meet and confer" conference calls on September 5 and 6, 2017, this letter is written to request that Defendants take reasonable steps to preserve all documents and records, including but not limited to all electronically stored information ("ESI"), that are relevant to the allegations in the pleadings in this action, or that are reasonably likely to lead to the discovery of admissible evidence.

Please ensure that Defendants preserve not merely the DRE voting machines, but all equipment, hard copy documents, and electronic data/information related to the November 2016, April and June 2017 elections including but not limited to:

1. DREs (Accuvote TS machines);[1]

2. 2 Optical Scanners;

3. TSx machines (whether used in voting or electronic transmission of voting data);

4. voter registration records;

5. poll books and all related electronic and paper data;

6. 10 voter access cards to be selected by the Plaintiffs from a list of inventory supplied by the Defendants;

7. communications related to the allegations in the Complaint (including, but not limited to, requests to recanvas, concerns about the voting system, certification of the voting system, and internal, non-privileged communications regarding the same), including the planning for the November 2016 general election;

8. internal or external investigations related to the November 2016,  April 2017 and June 2017  elections (including, but not limited to, any software issues creating problems with voter registration, voter records, or voters ability to vote, or location for voting, and any forensic review or investigation);

9. card creators;

---

[1] As Defendants are aware, Plaintiffs remain amenable to releasing voting machines needed for the November 2017 election after being supplied with an inventory of machines and other equipment needed for their consideration.



10. GEMS databases;

11. election night reporting records and data (including the Election Night Reporting server activity logs);

12. memory cards for all equipment;

13. Election Media Processors;

14. modem transmission network logs;

15. any external storage device, servers, component, or other technology used to create, program, read, store, or transfer any of the above.

With respect to electronic records, we expect that Defendants have already imposed a litigation hold to preserve and retain all potentially pertinent ESI within their possession, custody or control, consistent with their obligations under the Federal Rules of Civil Procedure. For purposes of this notice, ESI shall include, without limitation, all electronic mail ("email") files and attachments, backup email files (including backup media, such as Microsoft Exchange server backup tapes), text files (including word processing documents), data files, program files, spreadsheets, graphical image files (including .JPG, .GIF, .BMP, .TIFF and .PDF files), databases, voicemail messages and files, calendar and scheduling information, computer system activity logs (including network, web, and server logs), external storage devices, servers, or other technology used to create, program, read, store, or transfer data, and backup tapes. It shall also include all file fragments, residual and hidden data, deleted files and other electronically recorded information to the extent that the preservation of such data is reasonably calculated to lead to the retrieval of any relevant deleted information.

The duty of good faith which arises from the Federal Rules of Civil Procedure relating to the discovery of electronically stored information requires Defendants to take all steps necessary to prevent the loss of any relevant information, even if it is believed not to be reasonably accessible. Please also note that electronically stored information typically contains relevant, discoverable information beyond what is apparent to the viewers, *e.g.,* embedded data or metadata. As a result, Defendants must preserve all electronically stored information in its original electronic form, even where paper copies might exist. Because electronically stored information can be easily modified, deleted or otherwise corrupted, Defendants must take all necessary steps to make sure that all electronically discoverable data is preserved. This obligation includes the requirement that Defendants confirm that data is not altered or otherwise destroyed from automatic functions occurring during the routine operation of any electronic information systems, upgrades or the recycling of computer-related hardware or software. This preservation requirement includes, but is not limited to, the obligation to suspend any such operations, upgrades, or recycling features or protocols (including any document or data destruction policies) pending resolution of potential claims against Defendants.

We reserve the right to supplement this demand as investigation and discovery proceed. Of course, if you have any questions regarding any of the foregoing, please contact me directly.



Sincerely,

/s/ Joe Robert Caldwell, Jr.