**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | |
| | ) | **FILE NO. 1:17-cv-2989-AT** |
| **BRIAN KEMP, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE COALITION FOR GOOD GOVERNANCE'S**
**BRIEF IN SUPPORT OF ITS MOTION TO**
**STAY ALL PROCEEDINGS FOR THIRTY DAYS**

The Coalition for Good Governance ("CGG"), one of the Plaintiffs herein, respectfully files this Brief in Support of its Motion to Stay All Proceedings for Thirty Days.[1]

FACTS

This matter was filed on removed from the Superior Court of Fulton County, Georgia to this Court on August 8, 2017. On November 3, 2017, Steptoe & Johnson LLP and attorneys Edward B. Schwartz and Joe R. Caldwell, Jr. (collectively, "Steptoe"), filed a Motion to Withdraw as Counsel for CGG, citing

---

[1]   CGG is a non-profit corporation organized pursuant to the laws of the state of Colorado.

conflicts of interests so severe that representation could not continue "without materially and adversely affecting the representation of all eight plaintiffs." In response, CGG urged Steptoe to comply with the applicable Rules of Professional Conduct, requiring withdrawal from all representation in the case.

On November 27, 2017 undersigned counsel received preliminary communications from Steptoe stating that Steptoe plans to seek the Court's permission to withdraw from its representation of all plaintiffs in this action. A stay in the proceedings is required to avoid prejudicing CGG's, and indeed any Plaintiff's, ability to be properly represented during the pendency of Steptoe's anticipated complete withdrawal. Absent a stay in the proceedings during the pendency of Steptoe's withdrawal effort, CGG and other Plaintiffs risk representation by conflicted current and former counsel Steptoe. It is long established that attorneys may not represent clients in matters in which they are conflicted. Therefore, a stay in proceedings is the only practical method of mitigating additional and ongoing conflicts that Steptoe has created and belatedly disclosed.

CGG continues its effort to engage substitute legal counsel to represent it with regard to the substantive issues in this matter.[2] But during the pendency of

---

[2]     Undersigned counsel has been retained on a limited basis pursuant to

completing this process of substituting counsel, CGG cannot be fairly or properly represented by Steptoe considering the conflicts of interests and materially adverse positions among Plaintiffs which Steptoe has acknowledged.

## ARGUMENT AND CITATION TO AUTHORITY

"A district court must be able to exercise its managerial power to maintain control over its docket[.]" *Mangham v. Westin Hotel Mgmt.*, LP, 2017 U.S. Dist. LEXIS 168130, 14-15 (N.D.Ga., 2017); *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir., 2004).  Where good cause exists to extend or stay proceedings, the Court may do so. *See Mangham*, 2017 U.S. District Lexis 168130 at 15.  In the instant action, Steptoe has recently moved to be released as counsel for CGG, CGG has consented, and Steptoe has announced its desire to withdraw from all representation of all Plaintiffs, citing material conflicts of interests in pursuing the conflicting strategic goals of the various Plaintiffs in this action.

In this Court, "The rule is well-established that a corporation is an artificial entity that can only act through agents, cannot appear in judicial cases *pro se*, and must be represented by counsel.  A corporation or other business entity can only

Georgia Rule of Professional Conduct 1.2(a) and (c) for the sole purpose of litigating issues related to the withdrawal of Steptoe & Johnson LLP (and associated attorneys) and urgent ancillary matters as counsel.  Undersigned counsel has not been retained to represent CGG substantively in this matter.  CGG intends to retain other counsel for such purpose.

appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Nautilus Ins. Co. v. EJIII Dev. Co.*, 2017 U.S. Dist. LEXIS 164946, 1, 3 (N.D.Ga., 2017). As CGG is a corporation requiring attorney representation and, through no fault of its own, its counsel Steptoe seeks to withdraw due to material conflicts of interest, fundamental fairness dictates that CGG be allowed time to retain new counsel and bring said counsel up to speed "'[T]he Court must enforce its deadlines to ensure fairness to all sides' and to all litigants[.]" *Mangham*, 2017 U.S. District Lexis 168130 at 15.

Further, Steptoe must not be permitted to continue to act on their split loyalties between former and current clients during the time their withdrawal motion is progressing. Thirty days should provide sufficient time for CGG and other Plaintiffs to engage new counsel.

## CONCLUSION

WHEREFORE, CGG respectfully requests that this Court issue an Order staying all proceedings for thirty days.

Dated: November 28, 2017          Respectfully submitted,


                                  /s/ *William Brent Ney*
                                  WILLIAM BRENT NEY
                                  Georgia Bar No. 542519
                                  Attorney for Coalition
                                   for Good Governance

Ney Hoffecker Peacock & Hayle, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
404-842-7232
470-225-6646 (Fax)
william@nhphlaw.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The above counsel hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the within and foregoing **"Coalition For Good Governance's Motion To Stay All Proceedings For Thirty Days The Coalition For Good Governance's Brief In Support Of Its Motion To Stay All Proceedings For Thirty Days"** and **"[Proposed] Order** to be served upon all other parties in this action by electronic service via to be served via electronic delivery using the PACER-ECF system as authorized by LR 5.0(A), NDGA upon the following:

> Edward B. Schwartz
> Joe R. Caldwell, Jr.
> Steptoe & Johnson LLP
> 1330 Connecticut Avenue, Northwest
> Washington, District of Columbia 20036
>  Attorneys for Plaintiffs, *pro hac vice*

> Bryan M.Ward
> Marvin Lim
> Holcomb +Ward, LLP
> 3399 Peachtree Road NE, Suite 400
> Atlanta, Georgia 30326
> Attorneys for Plaintiffs

David R. Lowman
Cheryl Ringer
Kaye Woodard Burwell
Office of Fulton County Attorney
Fulton County Government Center
Suite 4038
141 Pryor Street, Southwest
Atlanta, Georgia 30303
  Attorneys for Defendants

Daniel Walter White
Haynie Litchfield Crane & White
222 Washington Avenue
Marietta, Georgia 30060
  Attorney for Defendants

Bennett Davis Bryan
DeKalb County District Attorney's Office
Assistant County Attorney
5th Floor
1300 Commerce Drive
Decatur, Georgia 30030
  Attorney for Defendants

Grant Edward Schnell
Robert S. Highsmith
Holland & Knight LLP – Atl
One Regions Plaza, Suite 1800
1180 West Peachtree St., NW
Atlanta, Ga 30309
Attorneys for Defendant Merle King

John Frank Salter, Jr.
Roy Barnes
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
Attorneys for Brian P. Kemp, David J.
Worley, Rebecca N. Sullivan,
Ralph F. (Rusty) Simpson, Seth Harp, The
State Election Board


Dated: November 28, 2017          Respectfully submitted,

                                  */s/ William Brent Ney*
                                  WILLIAM BRENT NEY
                                  Georgia Bar No. 542519
                                  Attorney for Coalition
                                   for Good Governance