IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, | : |
| Defendants. | : |

## **AMENDED ORDER**

This Amended Order replaces the prior Order entered at docket number 116 on November 29, 2017.

This matter is before the Court on Steptoe & Johnson LLP's ("Steptoe") Motion for Permission to Withdraw as Counsel for Plaintiff Coalition for Good Governance ("CGG") [Doc. 104] and CGG's Motion to Stay All Proceedings for Thirty Days [Doc. 115]. Additionally, CGG filed an *ex parte* Response to Steptoe's withdrawal motion that has not been docketed.

The Court granted CGG additional time to file a response to Steptoe's withdrawal motion, and in doing so, the Court intended to allow CGG to file an *objection* to Steptoe's withdrawal pursuant to Local Rule 83.1.E. Upon review of CGG's Response, the Court determines that it is not a proper objection under Local Rule 83.1.E. CGG does not appear to object to Steptoe withdrawing from

its representation of CGG, but instead, CGG argues that Steptoe should withdraw from representation of all remaining Plaintiffs as well. (*See* CGG's Motion to Stay, Doc. 115-1 at 2.) As CGG's filing is wholly unresponsive to Steptoe's motion to withdraw from representation of CGG itself, and as it also contains confidential attorney-client information, the Court will permanently seal from inspection CGG's brief and the documents attached. The Court views CGG's filing as an improper exercise of a party's right under Local Rule 83.1.E to file an objection to a counsel's request to withdraw from legal representation, but the Court will allow the sealed docketing of CGG's filing for record preservation purposes.[1]

Accordingly, the Court determines that CGG has not asserted an objection under Local Rule 83.1.E to Steptoe's withdrawal from representation of CGG. The Court hereby **GRANTS** Steptoe's withdrawal motion with respect to its representation of CGG alone.

The Court also **GRANTS** CGG's motion to stay this case for purposes of CGG obtaining new counsel. CGG is an artificial entity that must have counsel to proceed. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); *see also* LR 83.1E(2)(b)(I). CGG shall retain counsel licensed to practice in this district, and new counsel must file a notice of appearance with the Court no later than January 2, 2018. The case shall be

---

[1] The Clerk of Court shall seal CGG's filing so that only the Court is able to view the contents of the filing.

**STAYED** and **ADMINISTRATIVELY CLOSED**[2] through January 2, 2018, though CGG may move to re-open the case earlier if it retains counsel before January 2, 2018. Failure to comply with this Order may result in an entry of default against CGG.

The Court notes that it makes no finding as to the alleged conflict of interest in Steptoe's representation of CGG and the other Plaintiffs.

**IT IS SO ORDERED** this 30th day of November, 2017.

_____
**Amy Totenberg**
**United States District Judge**

---

[2] Administrative closure of a case is a docket control device used by the Court for statistical purposes. Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.