# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, ET AL. )<br><br>Plaintiff, )<br><br>v. )<br><br>BRIAN KEMP, ET AL. )<br><br>Defendant. ) | Civil Action File No. 1:17-cv-2989-AT |

## [PROPOSED]
## ORDER
## FOR PRESERVATION OF EVIDENCE
## <u>DURING TRANSFER OF POTENTIAL EVIDENCE</u>

**UPON CONSIDERATION OF** a letter dated December 8, 2017, from counsel for Defendant Merle King in his individual capacity and his official capacity as Executive Director of the Center for Election Systems at Kennesaw State University, notifying the Court "of a forthcoming transfer of data and equipment from the Center for Election systems (the "CES") to the Office of Georgia's Secretary of State, currently set to occur on December 18, 2017", and in view of the potential for such actions to affect potential evidence (including without limitation all equipment, computers, documents, files, and electronic data, related to the CES's current and prior operations), the Court hereby enters this Order to assure all parties that potential evidence will not be altered or destroyed in

the process of relocation, reinstallation, or storage of those items.  Accordingly, it is

**ORDERED THAT** any equipment, documents, records or data related to the claims and defenses in this case which will be physically transferred from CES, Kennesaw State University (and any other unit of the University System of Georgia) to the Georgia Secretary of State, or otherwise stored, shall be preserved without destruction or alteration in any respect.  The evidence subject to this preservation order shall include but not be limited to: (1) data, records, and equipment related to the election infrastructure; (2) communications related to any operations, investigations, vulnerabilities, destruction, alteration, analysis, or reports related to the election infrastructure and the conduct of the elections; and (3) any other evidence owned, possessed, or controlled by these entities that is relevant to the lawsuit; and it is

**FURTHER ORDERED THAT** Defendant Kemp should inform CGG in advance about all steps that are to be undertaken in connection with the planned dismantling, relocation, storage, and re-installation of equipment, documents, and data by and between the Center for Election Systems ("CES") and the Georgia Secretary of State's office; and it is

**FURTHER ORDERED THAT** CGG may appoint a technically qualified observer to observe all steps that are undertaken in connection with the planned

dismantling, relocation, storage, and re-installation of equipment, documents, and data by and between CES and the Georgia Secretary of State's office, and that such observer shall be permitted to object to and, pending the forthwith submission of an application for relief to this Court, halt any activities that appear reasonably likely to present a material risk of spoliation of evidence; and it is

**FURTHER ORDERED THAT** the parties and their agents (including any unit of the University System of Georgia and any vendors engaged to perform any part of the relocation, re-installation, and storage activities) shall continue to preserve all potential evidence consistent with their respective obligations and with the requests of opposing parties stated in any "litigation hold" communications served to date; and it is

**FURTHER ORDERED THAT** the Joint Request of the parties to enter this Preservation Order is **GRANTED**.

**SO ORDERED.**

_____
**A. TOTENBERG**
**UNITED STATES DISTRICT JUDGE**


**DATED: DECEMBER ___, 2017**