IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, | : |
| | : |
| Defendants. | : |

## **ORDER**

Plaintiffs allege in this litigation that constitutional and statutory rights of Georgia voters in Fulton, DeKalb and Cobb Counties have been, and are being, violated by the Defendants' use of electronic voting equipment to conduct elections. Defendants deny those allegations, and have filed motions to dismiss all claims.

Preservation of all evidence relevant to the claims and defenses in this litigation is essential to resolution of the claims in the event this case moves beyond the motion to dismiss stage. In order to preserve all evidence relevant to this litigation, the Court expects the parties to work cooperatively and in good faith to preserve evidence. Further, the Court reminds all parties of their professional duties to preserve evidence reasonably expected to become material as framed by the operative allegations in the case. Additionally, the Court expects

the State Defendants (i.e., Brian P. Kemp, the State Election Board and its individual members, and Merle King) to communicate on a timely basis with all relevant third parties, such as the Federal Bureau of Investigation, regarding assistance in the immediate preservation of relevant data; data storage; media devices, discs, and tapes; and other relevant software, data, and hardware in this case.

At the same time, the Court recognizes this case involves governments and public officials with legal duties and responsibilities to execute the business of the State of Georgia, including preparations for upcoming and future elections. Inherent in those duties is the transmission of data by and between the codefendants and various other agents of the state government and/or third parties.

Failure to obey this Order in good faith by any party or entity may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 37(b)(2) or contempt proceedings. If there should be any dispute or confusion about compliance with this Order, the Parties should first confer, and if the issues cannot be resolved, the Parties should notify the Court and request a phone conference, as appropriate.

**IT IS SO ORDERED** this 15th day of December, 2017.

_____
**Amy Totenberg**
**United States District Judge**