IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRIAN P. KEMP, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

Holcomb + Ward, LLP ("Holcomb"), counsel for Plaintiffs, filed a Certificate of Consent to withdraw as counsel for Plaintiff Coalition for Good Governance as well as the seven individual Plaintiffs (Donna Curling, Donna Price, Jeffrey Schoenberg, Laura Digges, William Digges III, Ricardo Davis, and Edward Curtis Terry). (Doc. 124.) Holcomb filed the Certificate of Consent pursuant to Local Rule 83.1(E), and it is signed by Bryan Ward on behalf of Holcomb and by each of the Plaintiffs.

The Court seeks clarification on a couple of issues regarding Plaintiffs' representation before ruling on Holcomb's Certificate of Consent. First, the Certificate of Consent states that the individual Plaintiffs "have not yet selected new counsel." (Doc. 124 at 2.) The docket, however, shows that Steptoe & Johnson ("Steptoe") are still representing the individual Plaintiffs. Previously,

Steptoe solely moved to withdraw as counsel for Plaintiff Coalition for Good Governance, which the Court granted. (*See* Doc. 116.) But Steptoe has not since moved to withdraw as counsel for the individual Plaintiffs. The Court therefore seeks clarity on whether or not Steptoe continues to represent the individual Plaintiffs in this matter. The Court **DIRECTS** Steptoe to file a notice stating whether it intends to file a motion to withdraw (or otherwise a Certificate of Consent to withdraw) pursuant to Local Rule 83.1(E) – and if so, when it plans to file such a motion or certificate – no later than January 10, 2018.

Second, the Certificate of Consent states that William Ney and Robert McGuire represent Plaintiff Coalition for Good Governance. (Doc. 124 at 2.) However, Mr. Ney and Mr. McGuire previously stated to the Court that they were only representing the Coalition for Good Governance "for the sole purpose of litigating issues related to the withdrawal of Steptoe and Johnson LLP (and associated attorneys) and urgent ancillary matters as counsel. Undersigned counsel has not been retained to represent CGG substantively in this matter. CGG intends to retain other counsel for such purpose." (Doc. 115-1.) Moreover, the Court's prior Order directed the Coalition for Good Governance to retain new counsel, and that the new counsel should file a notice of appearance with the Court no later than January 2, 2018. (Doc. 116.) Mr. McGuire has applied and been granted *pro hac vice* admission to the Court and has designated Mr. Ney as local counsel, but neither attorney has filed a notice of appearance as directed by the Court. It is unclear whether Mr. Ney and Mr. McGuire are representing the

Coalition for Good Governance going forward in this case. The Court **DIRECTS** Mr. Ney and Mr. McGuire to file a notice stating whether they serve as counsel for the Coalition for Good Governance in all matters of this case going forward no later than January 10, 2018.

The Court notes that, if Steptoe represents the individual Plaintiffs and if Mr. Ney and Mr. McGuire represent the Coalition for Good Governance, Holcomb's Certificate of Consent would not comply with Local Rule 83.1(E). Local Rule 83.1(E) requires a Certificate of Consent to be signed by "the client, the withdrawing attorney, and the *substituting attorney*, if one has been selected by the client." LR 83.1(E) (emphasis added). Thus, Holcomb would need to file an amended Certificate of Consent signed by Steptoe and Mr. Ney and Mr. McGuire in the event they are serving as Plaintiffs' substituting counsel.

**IT IS SO ORDERED** this 4th day of January, 2018.

_____
**Amy Totenberg**
**United States District Judge**