IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.<br><br>    Defendants. | Civil Action File No. 1:17-cv-2989-AT |

## SUBMISSION OF STEPTOE & JOHNSON LLP

Pursuant to the Court's order of January 4, 2018 (D.E. No. 126), Steptoe & Johnson LLP ("Steptoe") respectfully submits the following report as to its status in the above-captioned litigation:

1. As previously submitted, Steptoe began jointly representing the plaintiffs in this ongoing case on a pro bono basis on or about August 21, 2017. At the time, the plaintiff group was also represented Holcomb + Ward, who recently sought to withdraw from the action. (D.E. No. 124).

2. One of the plaintiffs, Coalition for Good Governance ("CGG"), terminated Steptoe in September 2017. On November 3, 2017, Steptoe moved to withdraw from the CGG representation because of conflicts of interest between CGG and other plaintiffs Steptoe represented in this matter, as well as the breakdown in the attorney-client relationship between Steptoe and CGG in the short time Steptoe represented CGG. (D.E. No. 104). As set out in the

motion, Steptoe reasonably believed the strategic objectives of CGG differed from those of other plaintiffs, such as Donna Curling and Donna Price, whom Steptoe jointly represented with CGG. As a result of the diverging objectives, Steptoe could not continue with the joint representation. This Court granted Steptoe's motion on November 29, 2017.  (D.E. No. 116).  Also on November 29, 2017, this Court stayed the case for a brief time to allow CGG to retain counsel to prosecute its claims.  (D.E. No. 116).

3. Through new counsel and directly, Steptoe's now-former client CGG repeatedly objected to Steptoe's continued representation of any plaintiff in the case and refused to grant a waiver consenting to Steptoe's ongoing representation of Mss. Curling and Price, or any other plaintiff in the matter.

4. As a result, on November 27, 2017, Steptoe provided all plaintiffs notice under Local Rule 83.1(E) of its intent to withdraw from the representation of all plaintiffs in the case. A redacted copy of that notice is attached.  Local Rule 83.1(E) requires that the attorney wait 14 days after providing notice of intent to request permission to withdraw before moving to withdraw.  The required 14 days has now passed.  To date, no substitute counsel has made an appearance on behalf of any of the non-CGG plaintiffs.

4. Unless circumstances change or the Court orders otherwise, Steptoe will file its motion to withdraw entirely from the case this week, on January 12, 2018.

**WHEREFORE,** Steptoe is prepared to take further direction from the Court.

Dated: January 8, 2018                           Respectfully submitted,

/s/ Edward B. Schwartz
EDWARD B. SCHWARTZ (*pro hac vice*)
JOE R. CALDWELL, JR. (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW

Washington, DC 200036  
Telephone: (202) 429-3000  
Facsimile: (202) 429-3902

## PROOF OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record through the Court's electronic filing service on January 8, 2018.

/s/ Joe R. Caldwell, Jr.
Joe R. Caldwell, Jr.
