IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on Steptoe & Johnson LLP's ("Steptoe") Motion to Withdraw [Doc. 131] as counsel for Plaintiffs Donna Curling, Donna Price, Jeffrey Schoenberg, Laura Digges, William Digges, III, Ricardo Davis, and Edward Curtis Terry ("the individual plaintiffs").

Steptoe previously represented the individual plaintiffs as well as Plaintiff Coalition for Good Governance ("CGG"). On November 3, 2017, Steptoe filed a motion to withdraw representation of CGG alone. Steptoe stated that CGG terminated the attorney-client relationship with Steptoe on September 18, 2017, and despite subsequent communications between CGG and Steptoe, their relationship could not be repaired. Steptoe further stated that a conflict of interest existed between CGG and the individual plaintiffs given that "the strategic objectives of CGG differ from those of the other plaintiffs." (Doc. 104 at

2.) CGG then requested leave to file an out-of-time response to Steptoe's motion to withdraw, which the Court granted, under the impression that CGG would file an opposition to the motion pursuant to Local Rule 83.1.E.  Instead, CGG filed a document arguing that Steptoe should withdraw from representing all the individual plaintiffs as well.  The Court noted that this was not a proper objection under Local Rule 83.1.E to Steptoe's motion to withdraw.  The Court construed Steptoe's motion as unopposed and granted it on November 28, 2017.  (Doc. 114.)

Since that time, CGG has retained new counsel, and Steptoe has filed the current motion to withdraw as to all of the individual plaintiffs.  Steptoe states in the current motion that CGG "has repeatedly objected to Steptoe's continued representation of any plaintiff in the case and refused to grant a waiver consenting to Steptoe's ongoing representation of any member of the Plaintiff Group."  (Doc. 131 at 2.)  Accordingly, Steptoe moves to withdraw entirely from this case pursuant to Georgia Rules of Professional Conduct 1.9(a) and 1.16.

Three of the individual plaintiffs – Donna Curling, Donna Price, and Jeffrey Schoenberg – filed objections to Steptoe's current motion to withdraw.  They state that they have been pleased with Steptoe's work so far, that they do not believe Steptoe's continued representation would raise a conflict of interest, that they spent considerable money on attorney's fees before Steptoe agreed to represent them *pro bono*, and that they may be unable to find other representation if Steptoe withdraws.  (*See* Doc. 132.)

Upon review, the Court sees no clear indication of a substantive, actual conflict of interest in Steptoe's continued representation of the individual plaintiffs. But as CGG has objected to Steptoe's continued representation and has taken the stance that such representation prejudices its interests and presents ongoing conflicts, the Court, out of an abundance of caution, **GRANTS** Steptoe's Motion to Withdraw [Doc. 131]. The Court recognizes the objections and concerns of the individual plaintiffs left hanging as a result of this, as well as their considerable investment of time and funds into this case. It is unfortunate that the circumstances have evolved as they have. But given the circumstances, the Court cannot require Steptoe to continue its representation of the individual plaintiffs in this case.

The individual plaintiffs now have the option of representing themselves *pro se*. In light of the complexity of this case, however, the Court notes that they would be better served if they could retain new counsel. The Court **DIRECTS** each of the individual plaintiffs to file a notice with the Court no later than February 22, 2018 indicating whether they intend to proceed *pro se*, to proceed with new counsel, or to seek to dismiss their claims against Defendants altogether. Additionally, the Court **DIRECTS** each of the individual plaintiffs to file with the Clerk of the Court[1] a notice or letter with his or her contact

---

[1] The address for the Clerk of the Court is as follows:
    ATTN: Clerk of the Court
    75 Ted Turner Dr. SW
    Room 2211
    Atlanta, GA 30303

3

information, including each individual plaintiff's mailing address, no later than February 5, 2018. Each notice or letter should refer to the case number (1:17-CV-2989-AT). Even if an individual plaintiff decides to seek dismissal of his or her claims and not proceed in this case, the Court still needs this contact information since it is the only way for the Court to communicate with the individual plaintiffs going forward. The Court **ORDERS** Steptoe to mail a copy of this Order to the individual Plaintiffs.

This case shall continue to be **ADMINISTRATIVELY CLOSED**[2] pending resolution of the representation issues regarding the individual plaintiffs.

**IT IS SO ORDERED** this 18th day of January, 2018.

_____
**Amy Totenberg**
**United States District Judge**

---

[2] Administrative closure of a case is a docket control device used by the Court for statistical purposes. Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.