IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRIAN KEMP, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**PLAINTIFFS' REPLY TO COALITION PLAINTIFFS'**
**OPPOSITION TO TIME EXTENSION**

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") file this Reply in response to the Coalition Plaintiffs' Opposition to Plaintiffs Curling, Price and Schoenberg Motion for Extension of Time (Dkt. No. 171).

As stated in the Motion for Extension of Time to Respond to Coalition Plaintiffs' Motion for Leave to Amend (Dkt. No. 170), good cause exists for an extension given the significant changes in the proposed Third Amended Complaint ("TAC") submitted by the Coalition Plaintiffs. Despite drafting a 74-page proposed amended complaint that removed nine claims, dismissed over half of the defendants, added new allegations, changed the relief sought, and added a plaintiff—alterations well beyond the scope of those discussed with the Curling

Plaintiffs' local counsel before the TAC was unveiled—the Coalition Plaintiffs acknowledge that they provided the Curling Plaintiffs barely two days to review the TAC and to evaluate their proposed amendments or to meaningfully confer with the Coalition Plaintiffs. This was unreasonable. And unfortunately, to date, the Curling Plaintiffs have been unable to engage the Coalition Plaintiffs in a meaningful meet-and-confer regarding the TAC.

The Coalition Plaintiffs' Opposition ignores that the purpose of the modest extension requested is to allow *all* Plaintiffs to meaningfully confer regarding the proposed TAC to try to resolve any differences and hopefully align behind a single complaint. Again, this has not yet happened (and not for lack of trying by the Curling Plaintiffs). If all Plaintiffs can align behind a single complaint, that would maximize judicial economy and benefit the parties and the Court. This reason alone constitutes good cause to grant the extension.

The Coalition Plaintiffs' claim that the "Curling Plaintiffs would not be joining in the proposed TAC and would proceed on the Second Amended Complaint (Doc.70)," Dkt. No. 171 at ¶ 5, is incorrect. Aligning all Plaintiffs behind a single complaint is, and has been, the Curling Plaintiffs' goal in seeking a short extension, as has been conveyed to the Coalition Plaintiffs many times since they first provided a draft of the TAC shortly before filing it with the Court. The

Curling Plaintiffs informed the Coalition Plaintiffs Friday, April 13, that they "presently" intend to proceed with the Second Amended Complaint because it *presently* is the *only* operative complaint in this litigation and the Curling Plaintiffs would have no choice but to oppose the TAC if the requested extension is denied due to significant concerns with certain proposed amendments. The Curling Plaintiffs remain hopeful that granting the brief extension requested will afford time for all Plaintiffs to confer regarding the appropriate claims, parties, and relief in this litigation and send the message to the Curling Plaintiffs that this Court expects them to engage in that effort.

The Curling Plaintiffs did not foresee and could not have foreseen that the Coalition Plaintiffs would approach such significant amendments to the Second Amended Complaint—which all Plaintiffs previously joined—in this highly unusual fashion.[1] Moreover, the Coalition Plaintiffs cannot show any prejudice from such a short extension, especially weighed against the opportunity to align all Plaintiffs behind a single complaint. For that matter, any delay that results from

---

[1] The Coalition Plaintiffs' assertions notwithstanding, the Curling Plaintiffs' counsel, in discussions with former Plaintiffs' counsel, did not broach any potential or alleged client confidences. In any event, the Curling Plaintiffs do not believe and have no reason to believe that the Second Amended Complaint actually was or is the product of conflicted counsel.

this extension is the product of the Coalition Plaintiffs' own conduct—and they are the only parties opposing the extension.

For these reasons, Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg respectfully request that the Court grant their Motion for a modest, two-week extension to respond to the Coalition Plaintiffs' motion to amend their complaint.

Dated: April 17, 2018

Respectfully submitted,

David D. Cross (admitted *pro hac vice*)
Jane P. Bentrott (admitted *pro hac vice*)
John P. Carlin
(*pro hac vice* application pending)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JBentrott@mofo.com
JCarlin@mofo.com

  /s/ Adam M. Sparks
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,
Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, v. **BRIAN KEMP, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

 /s/ Adam M. Sparks
Adam M. Sparks

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, v. **BRIAN KEMP, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2018, a copy of the foregoing PLAINTIFFS' REPLY TO COALITION PLAINTIFFS' OPPOSITION TO TIME EXTENSION was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

   /s/ Adam M. Sparks
Adam M. Sparks

KH483624.DOCX 2