# Adam M. Sparks

| | |
|---|---|
| **From:** | Daniel White <dwhite@hlw-law.com> |
| **Sent:** | Thursday, May 17, 2018 11:00 PM |
| **To:** | Chapple, Catherine L. |
| **Cc:** | Robert McGuire; Manoso, Robert W.; Bryan, Bennett D; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam M. Sparks; Cross, David D.; Halsey G. Knapp, Jr.; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Marilyn Marks |
| **Subject:** | Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election |

I will see if that's something my client can put together. Will let you know tomorrow.

Sent from my iPhone

On May 17, 2018, at 10:54 PM, Chapple, Catherine L. <CChapple@mofo.com> wrote:

> Thanks, Daniel. Will you agree to supply an updated excel with the serial numbers for the sequestered machines so that we can match them to the precinct recap sheets?
>
> **From:** Daniel White [mailto:dwhite@hlw-law.com]
> **Sent:** Thursday, May 17, 2018 10:51 PM
> **To:** Chapple, Catherine L.
> **Cc:** Robert McGuire; Manoso, Robert W.; Bryan, Bennett D; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Marilyn Marks
> **Subject:** Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election
>
> - External Email -
>
> I am ok for you to sign my name to the latest version, but just want to reiterate that it is with the full disclosure and understanding that going forward Cobb can only promise to preserve evidence as it currently exists, and particularly noting that: 1) Cobb only has memory cards from the June 2017 election held under seal (and will also hold the cards from the current primary) and 2) the DRE machines currently "sequestered" are those identified on the previously provided Excel spreadsheet, which will be more fully identified by the precint recap sheets.
>
> Sent from my iPhone
>
> On May 17, 2018, at 9:40 PM, Chapple, Catherine L. <CChapple@mofo.com> wrote:
>
>> All,
>>
>> Please find Curling Plaintiffs' mark up of Coalition Plaintiffs' proposed revisions attached. We would like to file this at 10 pm, if Defendants could please weigh in before then, we'd appreciate it.

1

Coalition Plaintiffs, if you would like to add an addendum with your proposed version of the agreement or other alternative filing to state your objection(s), we understand.

Catherine

---

**From:** Robert McGuire [mailto:ram@lawram.com]
**Sent:** Thursday, May 17, 2018 7:48 PM
**To:** Manoso, Robert W.; Daniel White
**Cc:** Bryan, Bennett D; Chapple, Catherine L.; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Marilyn Marks
**Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

- External Email -

---

Robert and Catherine,

Attached are proposed revisions by the Coalition Plaintiffs, made in redlined format. In Para 2, we included an objection to the provision allowing data to be provided in the form of precinct recap sheets for the indicated reasons.

With these changes, we authorize you to utilize my and William Ney's e-signatures, which I've added to the attached.

Thanks, Robert and Catherine.

Best,
Robert McGuire

---

ROBERT A. MCGUIRE, III                                           *** **NOTE NEW CONTACT DETAILS BELOW** ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

---

**From:** Manoso, Robert W. <RManoso@mofo.com>
**Sent:** Thursday, May 17, 2018 4:12 PM
**To:** Daniel White <dwhite@hlw-law.com>
**Cc:** Bryan, Bennett D <benbryan@dekalbcountyga.gov>; Chapple, Catherine L. <CChapple@mofo.com>; Robert McGuire <ram@lawram.com>; John Salter <john@barneslawgroup.com>; Johnson, Laura K. <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell

<kaye.burwell@fultoncountyga.gov>; Grant Schnell <grant.schnell@hklaw.com>; Robert Highsmith <robert.highsmith@hklaw.com>; Roy Barnes <roy@barneslawgroup.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Cary Ichter <cichter@ichterdavis.com>; william@nhphlaw.com; Adam Sparks <sparks@khlawfirm.com>; Cross, David D. <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

Daniel,

Thanks for your quick response. As to your first point, the proposal I sent specifically referenced the precinct recap sheet as acceptable, provided that we receive the 4 categories of information we seek. Precinct recap sheets obviously do not identify which machines are being withheld, so we would need that information in some other form if you choose to rely upon the sheets. In addition, we are assuming that the precinct recap sheets are complete and legible. While we can sympathize with not being able to compile the information for all machines into a neat excel spreadsheet in the time allotted, it would be unreasonable to expect our team to do so in even less time with illegible or otherwise incomplete information. To be clear, we need complete information that is in usable form if we are going to be expected to generate a list within 10 days. Please confirm that the precinct recap sheets meet this requirement, and that Cobb will identify which machines are being withheld.

As to your second point, I understand your concern, but also recognize the risk that our patience and attempts to come to agreement over the past several weeks will only be rewarded by one or more counties complaining about the number of machines chosen (which will of course be less than the full sets of machines currently being withheld). Assuming the parties' continued good faith efforts at conferring, the Curling plaintiffs do not object to providing a three-day window for objections to our list, and to meeting and conferring before any party seeks relief from the Court.

I have attached a revised proposal, assuming no objection from DeKalb given Ben's prior sign-off. Waiting to hear from Fulton, sign-off from Cobb, and from the Coalition Plaintiffs. Thanks.

**From:** Daniel White [mailto:dwhite@hlw-law.com]
**Sent:** Thursday, May 17, 2018 5:08 PM
**To:** Manoso, Robert W.
**Cc:** Bryan, Bennett D; Chapple, Catherine L.; Robert McGuire; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Marilyn Marks
**Subject:** Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

- External Email -

Robert, thanks for sending. I've only been able to review from my phone at this point, but my two comments at this point are:

1) I don't know that the defendants have agreed to provide a "list" with the DRE information requested by June 12. Rather we've agreed to provide the precinct recap sheets, which contain all the information requested, but not necessarily in list format. (In other words, it won't be compiled, your people may have to compare precinct reports from each election to verify which machines were used when and where).

2) I think the list provided by plaintiffs in Par. 3 should be framed in terms of a request, since we have no idea how many you're going to ask for. We hope it will be a number all parties can easily agree to, but we can't just agree that whatever number plaintiffs pick is binding on us. You can put some language in giving us a way to reach a resolution if that would help. (for example, defendants will respond within 3 days signaling agreement to the request or seeking relief from the court of they can't agree).

That's it for now until I get to a place I can use my laptop.

Sent from my iPhone

On May 17, 2018, at 4:45 PM, Manoso, Robert W. <RManoso@mofo.com> wrote:

> See attached.
>
> I have attempted (with my limited table skills) to have each party be able to add their respective signature line that we will then fold into the document to be filed with the Court this evening.  We will likely be unable to file until 10 p.m. or so given travel schedules so if someone wishes it to be filed earlier then they will need to do so.  Thanks.
>
> **From:** Daniel White [mailto:dwhite@hlw-law.com]
> **Sent:** Thursday, May 17, 2018 3:55 PM
> **To:** Manoso, Robert W.; Bryan, Bennett D; Chapple, Catherine L.
> **Cc:** Robert McGuire; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Conaway, Jenna B.; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Marilyn Marks
> **Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election
>
> - External Email -
>
> Thanks Robert.  Cobb can live with June 12 disclosure deadline and June 22 response from Plaintiffs.  We appreciate your willingness to ask your experts turn the response around sooner if we're able to get the info to you ahead of the June 12 deadline.   Go ahead and circulate a proposed schedule if you have one drafted.
>
> Daniel W. White
> Haynie, Litchfield & White, PC
> 222 Washington Ave.
> Marietta, Georgia 30064
> 770-422-8901 (direct dial)

**From:** Manoso, Robert W. <RManoso@mofo.com>
**Sent:** Thursday, May 17, 2018 3:50 PM
**To:** Bryan, Bennett D <benbryan@dekalbcountyga.gov>; Chapple, Catherine L. <CChapple@mofo.com>; Daniel White <dwhite@hlw-law.com>
**Cc:** Robert McGuire <ram@lawram.com>; John Salter <john@barneslawgroup.com>; Johnson, Laura K. <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <kaye.burwell@fultoncountyga.gov>; Grant Schnell <grant.schnell@hklaw.com>; Robert Highsmith <robert.highsmith@hklaw.com>; Roy Barnes <roy@barneslawgroup.com>; Bruce Brown <bbrown@brucebrownlaw.com>; Cary Ichter <cichter@ichterdavis.com>; william@nhphlaw.com; Adam Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Cross, David D. <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

All,
As Catherine's emails suggest, the Curling plaintiffs' experts require approximately 10 days from receipt to select the sample. So it seems reasonable that if we set the 'outer' deadlines at June 12 and June 22, and a party gives us the requested information earlier, we will make every attempt to have the machines selected within 10 days. And, we have all shown we can be reasonable if there is a good faith reason a party needs additional time to provide the requested information or to select the machines. Given the hour, if Fulton County agrees with these general parameters, I will circulate something to submit shortly.

Thanks.

**ROB MANOSO**
Associate | Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
P: +1 (202) 887-1555
mofo.com | LinkedIn | Twitter


**From:** Bryan, Bennett D [mailto:benbryan@dekalbcountyga.gov]
**Sent:** Thursday, May 17, 2018 3:30 PM
**To:** Chapple, Catherine L.; Daniel White
**Cc:** Robert McGuire; John Salter; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy

5

Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Conaway, Jenna B.; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Manoso, Robert W.; Marilyn Marks
**Subject:** Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

DeKalb would like to stick with the June 12 date.

Bennett D. Bryan
Senior Assistant County Attorney

---

**From:** Chapple, Catherine L. <CChapple@mofo.com>
**Sent:** Thursday, May 17, 2018 2:34:17 PM
**To:** Daniel White
**Cc:** Robert McGuire; John Salter; Bryan, Bennett D; Johnson, Laura K.; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Conaway, Jenna B.; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Manoso, Robert W.; Marilyn Marks
**Subject:** Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

Thanks, Daniel.  That timing will work for Curling Plaintiffs.  Fulton and Dekalb, will you plan to have the same timetable?

As far as logistics for today's filing, do Defendants plan to circulate a draft after all three counties have confirmed the dates will work?  If not, we are happy to prepare something; please just let us know.

Catherine

On May 17, 2018, at 10:36 AM, Daniel White <dwhite@hlw-law.com> wrote:

> **- External Email -**
>
> Apologies, obviously that last email wasn't complete when it got sent.
>
> As I was saying, Cobb would like to move the schedule up a little because the sooner we can get the machines released the better.  GA Rules and Regs 183.12.02(6) requires my client to wait 30 days before altering the machines from the May primary, so June 21 would be the earliest they could begin to reprogram machines from the May primary for use in the July runoff.
>
> But we also are holding all of our other machines awaiting the resolution of this evidence preservation dispute, so the faster we can release some machines we're holding from the other elections the better.

We would propose providing the redacted precinct recap reports to you by June 5, 2018, and have your response by June 15 so we can have machines released from the prior elections that can be programmed for the runoff.

As part of this process I would also like us to come to some type of agreement about when Cobb can be dismissed (by stipulation or otherwise) once we've met to the evidence preservation obligations.


Daniel W. White
Haynie, Litchfield & White, PC
222 Washington Ave.
Marietta, Georgia 30064
770-422-8901 (direct dial)


---

**From:** Daniel White
**Sent:** Thursday, May 17, 2018 10:27 AM
**To:** Chapple, Catherine L. <CChapple@mofo.com>; 'Robert McGuire' <ram@lawram.com>; John Salter <john@barneslawgroup.com>
**Cc:** Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>; Grant Schnell <grant.schnell@hklaw.com>; Robert Highsmith <robert.highsmith@hklaw.com>; Roy Barnes <roy@barneslawgroup.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Adam Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Cross, David D. <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

Catherine,


I think that this time frame is fairly close to what we were already considering.  Speaking only on behalf of Cobb County, we may actually want to speed things up a little.   Ga Rules and Regs

---

**From:** Chapple, Catherine L. <CChapple@mofo.com>
**Sent:** Wednesday, May 16, 2018 2:00 PM
**To:** 'Robert McGuire' <ram@lawram.com>; John Salter <john@barneslawgroup.com>
**Cc:** Daniel White <dwhite@hlw-law.com>; Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>; Grant Schnell <grant.schnell@hklaw.com>; Robert Highsmith <robert.highsmith@hklaw.com>; Roy Barnes <roy@barneslawgroup.com>; Bruce Brown <bbrown@brucebrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Adam Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Cross, David D. <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

All,

We'd like to suggest the following schedule:

- On or before June 12, 2018, Defendants provide the discussed information to Plaintiffs;
- On or before June 22, 2018, Plaintiffs provide a list of the DRE machines that should continue to be sequestered, with the understanding that any DRE machines not on that list may be released (but other equipment, including servers, memory cards, etc. will continue to be sequestered).

That would give the counties two weeks after the primaries to put the information together.  If the counties think they'll need a bit more time, we're open to that.  We just ask that we have ~10 days to process the information and provide a list back to Defendants.

Thanks,

Catherine

---

**From:** Robert McGuire [mailto:ram@lawram.com]
**Sent:** Wednesday, May 16, 2018 1:41 PM
**To:** John Salter
**Cc:** Daniel Walter White; Bennett Davis Bryan; Laura K. Johnson; Cheryl Ringer; David Lowman; Kaye Burwell; Grant Schnell; Robert Highsmith; Roy Barnes; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Chapple, Catherine L.; Conaway, Jenna B.; Cross, David D.; Halsey Knapp; Bentrott, Jane P.; Carlin, John P.; Miriyala, Arvind S.; Manoso, Robert W.; Marilyn Marks
**Subject:** Re: 17-0167 Curling, et al v. Kemp, et al: Evidence Preservation Issues and Precinct-Level DRE Machine Use by Election

---

**- External Email -**

John, I'll get you the Coalition Plaintiffs' questions here shortly.

Meanwhile, on logistics for filing this tomorrow, would you be willing to take the lead on coordinating/preparing the "joint schedule" since it's us going to be mostly dependent on the Defendants? We will want to be able to provide you with a section/paragraph to include anything hat we feel needs to be stated from our end, but we can easily just drop that into a filler spot in the "joint" document if you wouldn't mind taking lead on the doc.

Please let me know if you think there's a better way. Thanks.

Best,
Robert McGuire


Robert A. McGuire, III
*Shareholder*


the Robert McGuire Law Firm
1624 Market St Ste 226 #86685
Denver, CO 80202-2523
T/F: 720.420.1395


113 Cherry St #86685
Seattle, WA 98104-2205

T/F: 253. 267.8530

E: ram@lawram.com
www.lawram.com

*This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.*

On May 16, 2018, at 6:52 AM, John Salter <john@barneslawgroup.com> wrote:

> Counsel,
> This correspondence is intended as part of Defendants' ongoing and court-directed efforts to cooperate regarding Plaintiffs' requests that certain potential evidence be preserved and the impact those requests have on the Defendants, especially the County Boards of Elections, to conduct elections.
> As directed by the Court and pursuant to our understanding of May 10, 2018, the State Defendants have begun investigating how we might provide certain information Plaintiffs believe would facilitate their selecting amongst DRE machines for future examination in the event discovery were allowed.  It is understood that, if Plaintiffs could select a smaller pool of DRE machines for preservation, this might lessen the logistical burdens upon Defendants, so far

10

holding large numbers of DRE machines under several exceptionally broad "litigation hold" letters.  Specifically, Plaintiffs asked if Defendants could provide serial numbers of all DRE machines involved in the "relevant elections" as well as identifying the respective elections and precincts where each such DRE machines was deployed.

<u>Equivalent DRE Machine Data Not Stored on SoS Servers</u>
During the conference on May 10, the State Defendants stated that we would investigate (a) whether certain "strips," or DRE machines tapes, printed from DRE machines at the conclusion of each election were retained under seal such that they could be accessed if appropriate measures could be devised for same and/or (b) alternatively, if substantially equivalent data were maintained by the SoS electronically on its server for the relevant elections.
Based upon SoS's investigation, the data on the SoS's server (and in contrast to the strips of paper shown to us Thursday by Plaintiffs), shows some election and precinct information but, unfortunately, omits the DRE serial number.  Whereas the tapes printed out of the DRE show a DRE serial number, an equivalent of those tape

11

printouts are not transferred to, or maintained by, SoS. Without a DRE serial number, it is my understanding that the data maintained by SoS would not serve Plaintiffs' purposes.  Without equivalent electronic data, it had been presumed that the only other way to gain access to information equivalent to Plaintiffs' request would be to unseal the aforementioned DRE machine tape/print slips believed to be maintained under sealing orders.  However, based upon our investigation, there may be another way.

Precinct Recap Sheets May Offer an Equivalent Alternative

A document called "precinct recap sheet(s)" may contain information described by the Plaintiffs as helpful for them to decide how to make informed decisions about relaxing the Counties' litigation-hold obligations.  In contrast to the tape-printouts direct from DRE machines, the precinct recap sheets, while treated as sensitive, may not be subject to formal court orders sealing records.  It is my understanding these precinct recap sheets contain information showing which particular DRE machines were used in which elections and precincts.

### Counties Are Evaluating the Precinct Recap Sheet Alternative

I have asked each County (Fulton, Dekalb and Cobb) to investigate whether they have complete records of precinct recap sheets for two years (back to and including Nov. 2016's election) and while those investigations are not complete, the preliminary news is encouraging.

Of course, seeking the tape-printouts remains a potential option. However, and consistent with our efforts at cooperation, we thought Plaintiffs would appreciate learning of other possible options we uncovered, especially if (a) it provided the equivalent information and (b) could be accessed without the probably necessity and complication of procuring court orders lifting restrictions on sealed documents.

### SoS Defers to Counties on Scheduling Proposal

Appreciating that the Court expects the parties to fashion inform the Court of a schedule via joint proposal by tomorrow (Thursday May 17), I will defer to the respective Counties as to what form that schedule should take as well as how much time they believe is appropriate. Given the elections running through May

22, I have heard from my conversations that various factors are at play, including potential retrieval of documents from storage, evaluating them for completeness, undertaking any redaction and/or (as Cobb may have done) preparing a report for sharing with Plaintiffs.  Because the precinct recap sheet forms may include both DRE-machine serial numbers *and seal numbers* on them (and because the seal numbers are not needed by Plaintiffs and would be sensitive information), it may be necessary to redact that information or take other curative steps before producing this information and/or documents to Plaintiffs.

Understandably, the approach in terms of production of this information and/or timing, may vary according to each County and their resources, especially with the May 22 election ongoing.  Accordingly, the SoS perceives that the Counties should take the lead in fashioning a scheduling proposal that reflects their particular situation.

In conclusion, we invite the Plaintiffs to digest this information and provide any guidance or make any further

follow-up inquiries you think would be helpful.

Respectfully yours,

John

John F. Salter | Attorney at Law
BARNES LAW GROUP, LLC

31 ATLANTA STREET | MARIETTA, GEORGIA 30060
770 BARNES LAW (227-6375) | 770 BARNES FAX (227-6373)
john@barneslawgroup.com

BARNESLAWGROUP.COM

<image001.jpg>

---

**From:** Robert McGuire [mailto:ram@lawram.com]
**Sent:** Monday, May 14, 2018 6:08 PM
**To:** Daniel Walter White <dwhite@hlclaw.com>; Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>; Grant Schnell <grant.schnell@hklaw.com>; Robert Highsmith <robert.highsmith@hklaw.com>; John Salter <john@barneslawgroup.com>; Roy Barnes <roy@barneslawgroup.com>
**Cc:** Bruce Brown <bbrown@brucebrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Adam Sparks <sparks@khlawfirm.com>; Chapple <cchapple@mofo.com>; Conaway <jconaway@mofo.com>; David D. Cross <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Jane P. Bentrott <JBentrott@mofo.com>; John Carlin <jcarlin@mofo.com>; Miriyala <amiriyala@mofo.com>; Robert

Manoso <rmanoso@mofo.com>;
Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** Curling v. Kemp -- Coalition Pls.' Response to Defs.' Inquiry re Why Litigation Hold Includes Optical Scanners

Counsel,

The purpose of this email is to satisfy the Court's order (Doc. 205) requiring that, "the Coalition Plaintiffs shall respond to Defendants' inquiry as to why the litigation hold include optical scanning machines that are not DRE machines."

Coalition Plaintiffs wish to have electronic records of optical scanners preserved because all computers can be infiltrated with malware, and the AccuVote Optical Scanner ("AVOS") is no exception. The AVOS is an integrated component in Georgia's DRE voting system.  The AVOS can both receive and transmit malware to and from other components in the system, such as the GEMS server, individual DRE units and, in this case, the KSU server.

The litigation hold in this case includes optical scanning machines because the Coalition Plaintiffs intend to request production of the electronic records of the optical scanners used in relevant elections as part of our discovery, given the ability inherent in the system to spread malware. Additionally, given that the Coalition Plaintiffs have recommended

that the AVOS units be used for an interim solution, examination of the security of those machines is anticipated to be part of our proof.

We take this opportunity to clarify a typo that appears on the September 12, 2017 litigation hold letter from Steptoe (attached). Specifically, the second numbered item in the letter contains a stray "2" in front of the words "Optical Scanners." The stray "2" is a typo—the intention was to note that <u>all</u> optical scanners, not just two of them, are required to be maintained. I understand that Daniel White noted this typo last Thursday.

More generally, we reiterate here that the Coalition Plaintiffs expect the county defendants to maintain <u>all</u> electronic records listed in the September 12, 2017 letter for the <u>relevant elections</u> referenced in the complaints, something we have repeatedly indicated in previous correspondence. (Relevant correspondence includes the letter of September 22, 2017 to the Court referencing all of the machines that had been released and citing our understanding that all other election records remain on litigation hold.)

Our understanding of the present state of things is that <u>all</u> election records must be preserved, consistent with the Court's December 15, 2017 Order (Doc. 122) requiring the preservation of "all evidence

17

relevant to the claims and defenses in this litigation." The Court's 12/15/17 Order encompasses all election data created in the relevant elections that have not been specifically released by the Coalition Plaintiffs. Based on this understanding, we continue to maintain, and hereby reiterate, our objection to the ongoing alteration of records used in the November and December 2017 elections.

We also want to be clear here that the "agreement" last Thursday that plaintiffs will await a proposed schedule to receive more information from the counties about the DRE machines' electronic records (which the Coalition Plaintiffs requested on 5/2 and 5/3) should <u>not</u> be taken to mean that the Coalition Plaintiffs have in any way agreed to the counties overwriting <u>any</u> machines that contain data from the relevant elections identified in the complaints, since all of the data from those relevant election are still subject to litigation hold under the Court's Order of 12/15/17.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III    \*\*\*
**NOTE NEW CONTACT DETAILS BELOW \*\*\***
*SHAREHOLDER* | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205

18

E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD OR DISCLOSE WITHOUT EXPRESS PERMISSION. Communications from attorneys and their employees are confidential and may not be forwarded or disclosed without the sender's express permission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Further, anything you believe to be tax advice in this communication, including attachments, cannot be used to avoid penalties under the Internal Revenue Code, nor does it promote, market, or recommend any transaction or tax-related matter. Barnes Law Group does not give tax advice.

=========================================
=============================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=====================================================
=============================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

<WASHINGTON_DC-Curling _ Joint Submission re Sampling Schedule-929156.DOCX>

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

<VIRGINIA-#517787-v1-WASHINGTON_DC-Curling___Joint_Submission_re_Sampling....docx>

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.