IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' NOTICE REGARDING**
**SECOND AMENDED COMPLAINT**

Pursuant to this Court's Order dated June 5, 2018 (Dkt. No. 220) ("Order"), Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") hereby provide notice as follows:

1. After meeting and conferring with Defendants since entry of this Court's Order, the Curling Plaintiffs do not intend to amend the Second Amended Complaint. (Dkt. No. 70.) The Curling Plaintiffs intend to proceed with the Second Amended Complaint as the operative complaint representing the claims of Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg subject to the conditions described below.

2. Unfortunately, Defendants State Election Board ("SEB"), Secretary of State and Chair of the SEB Brian P. Kemp, and members of the SEB David J.

KH489828.DOCX

Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp (together with SEB and Secretary Kemp, "State Defendants") have effectively forced the Curling Plaintiffs to proceed in this fashion by insisting on re-briefing their motions to dismiss the Curling Plaintiffs' complaint if the Second Amended Complaint were amended under Federal Rule of Civil Procedure 15.  The Curling Plaintiffs are disappointed by this position from the State Defendants, especially given their recent agreement that no further briefing would have been necessary or appropriate had the Second Amended Complaint been amended by stipulation under Federal Rule of Civil Procedure 41.  The fact that that *procedural* vehicle is no longer available in this Circuit to amend the Second Amended Complaint should not change the parties' agreed-upon positions regarding essentially the same dismissals of certain claims and certain Defendants from that complaint.  But unfortunately, the State Defendants now offer a different view.

3. Fortunately, however, as described below, another long-accepted avenue remains available to the Curling Plaintiffs and this Court to achieve the same dismissals in a manner that adheres to the requirement of Federal Rule of Civil Procedure 1 regarding the just, speedy, and inexpensive determination of this action.  This approach is also consistent with the acknowledgement by counsel for the State Defendants that the Curling Plaintiffs are the masters of their own

complaint and "get the right to pick their strategy and their tactics." (Dkt No. 186, Status Conf. Tr., May 1, 2018, at 48.)

4. First, as the Curling Plaintiffs continue to seek to narrow the issues and proceed expeditiously toward resolution, consistent with Federal Rule of Civil Procedure 41(a), *Perry v. Schumacher Grp. of La.*, No. 2:13-cv-0036-JES-DNF, (11th Cir. June 4, 2018) and *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004),[1] the Curling Plaintiffs have entered into stipulated dismissals to dismiss *all* claims, without prejudice, as against the following Defendants:

    a. Defendant Maxine Daniels, Director of the DeKalb County Board of Registrations and Elections;

    b. Defendants Michael P. Coveny, Anthony Lewis, Leona Perry, Samuel E. Tillman, and Baoky N. Vu, members of the DeKalb County Board of Registrations and Elections;

    c. Defendant DeKalb County Board of Registrations and Elections;

---

[1] Curling Plaintiffs assert that Rule 41, *Perry*, and *Klay* all permit a plaintiff to dismiss all claims against a particular defendant without dismissing all claims as to other defendants. "Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant…" *Klay*, 376 F.3d at 1106. Indeed, if this were not the case, every plaintiff would have to amend its complaint each time it settles with a defendant in a case brought against multiple defendants. Nothing in Rule 41, *Perry*, or *Klay* suggests any such requirement, nor would that be sensible.

    d. Defendant Janine Eveler, Director of the Cobb County Board of Elections and Registration;

    e. Defendants Phil Daniell, Fred Aiken, Joe Pettit, Jessica Brooks, and Darryl O. Wilson, members of the Cobb County Board of Elections and Registration;

    f. Defendant Cobb County Board of Elections and Registration;

    g. Defendant Merle King, Executive Director of the Center for Election Systems at Kennesaw State University.[2]

5. Second, also consistent with the Curling Plaintiffs' objective of simplifying the issues, reducing the costs of litigation, and expediting the resolution of these proceedings, the Curling Plaintiffs hereby withdraw their opposition to, and hereby consent to, dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 12, of certain claims that Defendants Fulton County Board of Registration and Elections ("FCBRE"), Director Richard Barron, members of the FCBRE Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, and Aaron Johnson (together with FCBRE, "Fulton County Defendants"), and the State Defendants are seeking to dismiss in their respective Motions to Dismiss (Dkt. Nos. 82, 83) (collectively, "Motions to Dismiss"):

---

[2] Merle King, following his dismissal, will continue to preserve potentially relevant materials and information for this litigation and will cooperate with discovery.

a. The Curling Plaintiffs withdraw their opposition to, and hereby consent to, dismissal without prejudice of claims III, IV, V, VI, VII, VIII, X, and XI against Fulton County Defendants and the State Defendants.

b. The Curling Plaintiffs withdraw their opposition to, and hereby consent to, dismissal without prejudice of claims I and II against Director Richard Barron, members of the FCBRE Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, and Aaron Johnson, Secretary of State and Chair of the SEB Brian P. Kemp, and members of the SEB David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp *only* in their *individual capacities*.

c. The Curling Plaintiffs maintain all arguments and objections, except those hereby withdrawn in paragraph 3(b) above, to dismissal of claims I, II, and IX, including as to all arguments and defenses asserted by those Defendants to those claims.

d. As the Curling Plaintiffs stated in their Amended Opposition to Defendants' Motions to Dismiss, Curling Plaintiffs "do not seek retrospective relief." (Dkt. No. 93, p. 19). The Curling Plaintiffs were not then and are not now pursuing any damages claim and do

not oppose dismissal of any claims the Court deems as seeking retrospective relief as long as any such claims remain with respect to prospective relief. Thus, as acknowledged in Defendants' own Motions to Dismiss, no immunity defenses apply to the remaining claims. (Dkt. Nos. 82, 83, 97, 100).

6. In light of the above, the Curling Plaintiffs submit that (i) the currently pending briefing regarding the Motions to Dismiss on behalf of the State Defendants and Fulton County Defendants (Dkt. Nos. 82, 83, 97, 100) remains applicable to the Curling Plaintiffs' operative and docketed Second Amended Complaint, and (ii) as ***all parties previously agreed*** regarding essentially the same claims that the Curling Plaintiffs seek to maintain in response to the Motions to Dismiss, no further briefing on the Motions to Dismiss is necessary or appropriate. The State Defendants and Fulton County Defendants should be held to that agreement, and they should not now be permitted to needlessly and inappropriately delay this case by re-briefing motions to dismiss the very same claims that they briefed many months ago.

7. The State Defendants' desire to further brief their Motions to Dismiss stands in stark contrast to the agreement memorialized in the Parties' most recent Joint Notice. (Dkt. No. 219, ¶ 4). Although certain aspects of the Parties'

Stipulation (Dkt. No. 218) were invalid under *Perry*, the Parties explicitly agreed that no further briefing would be necessary or appropriate where the Curling Plaintiffs merely sought to dismiss certain Defendants and narrow the relief sought, just as they seek to do here pursuant to the Court's authority under Rule 12 and the State Defendants' and the Fulton County Defendants' own pending Motions to Dismiss. Again, the State Defendants (and the Fulton County Defendants) should be bound by their agreement in the Joint Notice (Dkt. No. 219) including as to essentially the same dismissals under Rule 12.[3]

8. It is unremarkable for a plaintiff to abandon certain claims in response to a defendant's motion to dismiss and for this District to grant dismissal of only those specific claims on those grounds. *See, e.g.*, *Hardaway v. DeKalb Cnty.*, No. 1:15-CV-2806-ELR, 2016 WL 9753963, at *2 (N.D. Ga. Jan. 6, 2016) (dismissing Section 1983 claims against officers in their official capacities due to plaintiff's lack of opposition to a motion to dismiss those claims, while maintaining claims against those officers in their individual capacities); *Casamayor v. BAC Home Loans Servicing, LP*, No. 1:12-cv-1522-SCJ-ECS, 2013 WL 12247700, at *3 (N.D. Ga. Feb. 4, 2013), *report and recommendation adopted,* No. 1:12-cv-1522-SCJ,

---

[3] To the extent the Court prefers that Curling Plaintiffs file a Third Amended Complaint reflecting the contents of this Notice, Curling Plaintiffs maintain that Defendants should be held to their commitment that no further briefing is necessary. (Dkt. No. 219, ¶ 4).

2013 WL 12247837, at *4 (N.D. Ga. Feb. 25, 2013) (allowing plaintiff to withdraw one of his claims in response to a motion to dismiss, and dismissing the claim); *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *8 (N.D. Ga. Aug. 6, 2012), *report and recommendation adopted,* No. 1:11-cv-4091-TWT, 2012 WL 3756435, at *1 (N.D. Ga. Aug. 27, 2012) (same).  This approach does not implicate Rule 41, *Perry*, or *Klay*, as these claims will be dismissed pursuant to Rule 12, not Rule 41.  Fed. R. Civ. P. 12, 41.  Nothing in *Perry* or *Klay* limits this Court's long-recognized authority to dismiss some claims and not others in response to motions to dismiss filed pursuant to Rule 12, including where a plaintiff withdraws or abandons certain claims or otherwise consents to their dismissal while continuing to prosecute other claims.  This is the most efficient and expeditious path forward in this case, consistent with Federal Rule of Civil Procedure 1, in light of *Perry*, and it is the fairest path forward since the State Defendants and the Fulton County Defendants should not be permitted another bite at the apple regarding their pending Motions to Dismiss, especially given their recent agreement that any such further briefing would be unnecessary and inappropriate.

9.     Finally, if the Court nonetheless were to require the Curling Plaintiffs to effectuate the dismissals described above as to some or all of the Defendants

through a motion to amend the Second Amended Complaint under Federal Rule of Civil Procedure 15—notwithstanding that neither the Federal Rules of Civil Procedure nor Eleventh Circuit jurisprudence requires that, as the Curling Plaintiffs respectfully submit—then this Court should hold the Defendants to their recent agreement that no further briefing would be necessary or appropriate with respect to the claims that would remain by barring any further briefing and deciding the pending Motions to Dismiss as applied to the resulting amended complaint.

Dated: June 11, 2018

Respectfully submitted,

 /s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

David D. Cross
(admitted *pro hac vice*)
John P. Carlin
(admitted *pro hac vice*)
Catherine L. Chapple
(admitted *pro hac vice*)
Robert W. Manoso
(admitted *pro hac vice*)
Jane P. Bentrott
(admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
CChapple@mofo.com
JBentrott@mofo.com
RManoso@mofo.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

@@@

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.

KH489828.DOCX

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2018, a copy of the foregoing CURLING PLAINTIFFS' NOTICE REGARDING SECOND AMENDED COMPLAINT was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.

KH489828.DOCX