*Curling, et al. v. Kemp, et al.*

# EXHIBIT C

June 18, 2018 Email

**John Salter**

| | |
|---|---|
| From: | John Salter |
| Sent: | Monday, June 18, 2018 10:10 AM |
| To: | Robert McGuire; Ringer, Cheryl; 'David Lowman'; 'Kaye Burwell'; Bruce Brown; Cary Ichter; william@nhphlaw.com; Adam Sparks; Chapple, Catherine L.; Conaway; David D. Cross; Halsey Knapp; Jane P. Bentrott; John Carlin; Miriyala; Robert Manoso |
| Cc: | Roy Barnes (roy@barneslawgroup.com) |
| Subject: | 17-0167 Curling, et al v. Kemp, et al: Conferral re Scheduling |

Counsel:

Pursuant to the Court's Order of June 13, 2018, we are conferring regarding "a proposed schedule regarding Defendants' responses to the Third Amended Complaint and any subsequent briefing." Doc. 225. Plaintiffs' scheduling proposal emailed on 6/13/18 exceeds the Court's directive by inserting issues of discovery, deposition dates, final hearing date, etc. However, the Court's directive was to schedule briefing on the Third Amended Complaint. Consistent with the Court's order, this conferral will focus on a briefing schedule on a renewed Motion addressing your Third Amended Complaint.

Regarding that briefing, and at this point, I do not share Plaintiffs' view that a trial on injunctive relief regarding the Nov 2018 elections is feasible. Defendants' positions on the significant immunity and jurisdictional issues in this case have been clear since last year. We have been accommodating while this matter was delayed while Plaintiffs spent months sorting out some internal difficulties. Despite these realities, Plaintiffs' scheduling proposal stakes out an extreme position, then demands Defendants negotiate towards that extreme. There was a time this case could have been vehicle for a hearing as to the Nov. 2018 elections. But no longer. Nothing is gained by pretending otherwise.

To her credit, the Court acknowledges the realities Plaintiffs cannot bring themselves to admit. More than a month ago, Judge Totenberg said: "I will reiterate again that it would be in my mind ***virtually impossible to have a trial before the November election in time to do anything with that***." May 10, 2018 Trans. 17-18 (emphasis supplied). As the Court also stated during the May 10 Conference, "[A]t this juncture . . ., the state has made clear at the very least that they have planned to reassert their sovereign immunity defenses no matter what. So there is no avoiding the fact that there is a substantial order that I have to deal with. And that is just—***that is the way it is***." *Id*. at 18 (emphasis supplied). Yet, despite the passage of a month since Judge Totenberg said those things, Plaintiffs' scheduling proposal ignores what she said, distorts Defendants' positions, pretends discovery can begin even before orders are issued on motions to dismiss and plunges headlong down a path everyone knows is infeasible.

Let me say that I understand Plaintiffs feel passionately about their cause. I hope you will consider that we feel just as strongly that your case(s), for many reasons, suffers from fatal flaws. The reality from looking at election law cases comparable to this, as the Court also has expressed, is that "these are daunting and ***usually not successful cases***." Id. (emphasis supplied).

For these reasons, there is no extraordinary justification for accelerating the briefing schedule on the Third Amended Complaint. Here is what would be acceptable to the State Defendants regarding the briefing schedule:

1. State Defendants' Motion:   Defendants will file a Motion to Dismiss that addresses the modified allegations and legal theories of the Third Amended Complaint by not later than July 3. See F.R.C.P. 12(a)(1)(A)(i).
2. Coalition Plaintiffs' Response:   I have requested Leave from July 6-July 23, during which time I will be out of the country on a family vacation. Doc. 140. So I am entirely flexible as to the time for the Coalition Plaintiffs' response since I will not read it until I return to the office on July 23.
3. State Defendants' Reply:   As to a reply, and given my Leave from the practice of law, we would appreciate having until August 6 to file our reply.

Thanks for your consideration.
Thanks,
John

John F. Salter | Attorney at Law
BARNES LAW GROUP, LLC

31 ATLANTA STREET | MARIETTA, GEORGIA 30060
770 BARNES LAW (227-6375) | 770 BARNES FAX (227-6373)
john@barneslawgroup.com

BARNESLAWGROUP.COM



2