## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRIAN KEMP, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

## COALITION PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ISSUE SUBPOENA DUCES TECUM

Coalition for Good Governance, Laura Digges, William Digges III, Megan Missett, and Ricardo Davis ("Coalition Plaintiffs") respectfully submit this memorandum to support its motion to issue a subpoena duces tecum to DeKalb County Board of Registration and Elections ("DeKalb Board") for the timely production of certain electronic records, other documents and election equipment for purposes of preservation and immediately required discovery.[1] While Rule 45 permits the issuance of a subpoena to a non-party without reference to discovery timing, Coalition Plaintiffs submit this motion in an abundance of caution given the unusual circumstances of DeKalb Board's recent transition from a Defendant to a non-party, where this Court has retained jurisdiction over the records

---

[1] The draft subpoena is attached to the Motion as Exhibit A.

1

preservation requirements of former Defendants.

In the alternative, if the Court is not inclined to grant the Coalition Plaintiffs leave to issue a subpoena for the two DRE machines and other related evidence at issue, then the Coalition Plaintiffs request that the Court require DeKalb County to turn the subject DREs over to a third party for safekeeping subject to further order of the Court.

### Factual Background

Coalition Plaintiffs learned on June 11, 2018, that despite their repeated requests for a litigation hold to all Defendants and specifically for sequestration of two potentially problematic DRE machines by serial number and related equipment used in early voting at South DeKalb Mall, the DeKalb Board reportedly knowingly used and altered the electronic records in the internal DRE memory by using those two purportedly "sequestered" DRE machines on June 6, 2018, to conduct a recount of the Senate District 41 May 22, 2018 primary election.

Conducting the recount on these two machines involved loading hundreds of memory cards from across the Senate District and tabulating results from them on the two identified and supposedly "sequestered" DREs, which would indisputably alter and potentially overwrite previous electronic records in the internal memory of the two machines in question. This conduct constituted a blatant act of

spoliation of specifically identified and requested evidence that would have been relevant to the issue of system malfunctions.  The Coalition Plaintiffs request the Court's expedited intervention to protect evidence from further modification or destruction.

1. <u>DREs at issue involved in wrong ballot issuance</u>

On May 5, 2018, Coalition Plaintiffs informed counsel for the State and counsel for DeKalb County of Dr. Robert Kadel ("Kadel") being issued an incorrect electronic ballot on May 4, 2018, at South DeKalb Mall. Dr. Kadel is the Assistant Director for Research in Education Innovation at Georgia Institute of Technology. *See* Declaration of Dr. Kadel attached hereto as Exhibit "A."  Given that Kadel verified his voter registration and sample ballot contents on the Secretary of State's website hours prior to voting, it appears that the errors in issuing the wrong ballot on the DRE were generated downstream from the State's voter registration database. There could be many different causes of ballot issuance errors, such as erroneous electronic poll book data or programs, erroneous algorithms creating the DRE  ballot style combination code, barcode scanner software errors, DRE voter access card malware, or DRE machine programming errors.

Upon learning of Dr. Kadel's experience, counsel for the Coalition Plaintiffs, Cary Ichter, made counsel for the Secretary of State and for DeKalb County aware of the issue by email dated May 5, 2018.  A true and correct copy of Mr. Ichter's email

is attached hereto as Exhibit "B." Mr. Ichter's email made it plain that immediate

machine sequestration prohibiting further election operations was essential to

preserve electronic records for forensic evaluation. Mr. Ichter's email made the

following request:

> We request that the above equipment be immediately secured by officials from the Secretary of State's office and DeKalb County and removed from the mall to a secure election officials' location. We also request that a representative of Coalition Plaintiffs be permitted to observe the documentation of the removal from service and securing of the equipment, including the recording of seal numbers and serial numbers. Please notify us of the time that this will be planned.

> We also request that no analysis or operations be conducted using physical access to the equipment and memory cards without Coalition Plaintiffs having an opportunity to provide an expert to monitor the handling and analysis, and obtaining exact electronic copies of all relevant records at the time of your client's inspection of the equipment and cards.

DeKalb Board's counsel acknowledged the urgent email request but failed to

honor Coalition Plaintiffs' request for observation by its expert of the machine

shutdown, removal from service, and securing of the equipment involved. Coalition

Plaintiffs independently learned from the polling place officials that DeKalb officials

removed the equipment on May 5, 2018, during the afternoon.  The Coalition

Plaintiffs assumed that then-Defendant DeKalb Board and Defendant Brian Kemp

(the "Secretary") took reasonable measures to preserve the relevant equipment and

records.

The Coalition Plaintiffs had planned and hoped to seek forensic discovery on

the sequestered equipment as soon as discovery was permitted in the case. Had the Coalition Plaintiffs understood the defiance with which the DeKalb Board and Secretary would respond to the request for preservation, the Coalition Plaintiffs would have sought a Court order to have the equipment placed under the control of a third-party custodian for safe-keeping.

    2.  <u>Spoliation of evidence as "sequestered" machines used in SD41 Recount</u>

On June 11, 2018, Marilyn Marks ("Marks"), the Coalition's Executive Director, received a call from Ms. Sabrina McKenzie ("McKenzie"), a candidate for the Senate seat in District 41 ("SD41"). Marks was unaware of the June 6, 2018 recount being performed for the SD41 election in DeKalb and Gwinnett counties. McKenzie reported to Marks that the recount had been conducted using two DRE machines that had been used in early voting at South DeKalb Mall and that were "sequestered in a federal lawsuit."  In other words, the recount apparently had been conducted solely using the two "sequestered" machines.  (*See* Exhibit C (counsel's letter explaining events)). McKenzie also reported that there was a broken lock on at least one machine that required special tools to open, and expressed concern to Marks about why locks would be broken on sequestered machines.

On June 13, 2018 Counsel for Coalition Plaintiffs wrote counsel for DeKalb Board and counsel for the Secretary requesting information and confirmation that the machines in question had been sequestered and not used to conduct the recount.

(Exhibit C). Coalition Plaintiffs have received no response to the June 13 letter and have no information on the condition or security of the DRE machines, electronically stored information or related equipment in question.

### 3. Continuing pattern of spoliation of evidence

The Secretary's and the DeKalb Board's history of reckless handling of material evidence in defiance of this Court's Order (Doc. 122) is further exacerbated by the intentional overwriting of the only two specific DRE machines used in the May 22, 2018 election that the Coalition Plaintiffs have yet requested for preservation.

With an inventory of 2,500 machines that could have been selected for conducting the recount, and without notice to Plaintiffs, the DeKalb Board used only two---the two specifically requested by the Coalition Plaintiffs for preservation, the two chosen because of the errors generated in connection with Dr. Kadel's experience. This follows a pattern of defiance of the Order of this Court (Doc. 122) and the Coalition Plaintiff's repeated litigation hold letters for electronically stored information. Such incidents include:

a. On July 7, 2017, the Secretary's agent allegedly "wiped" the primary election server hard drive at Center for Election Systems, four (4) days after this case was filed in Fulton County Superior Court. (Doc.160 ¶122)

b. On August 9, 2017 the Secretary's agent allegedly "wiped" the secondary

election server, less than 24 hours after this case was removed to this Court. (Doc.160 ¶123)

c. The DeKalb Board failed to preserve specifically requested DRE machines, their election data and the memory cards from the November 2016, November 2017, and December 2017 elections in violation of this Court's Order and numerous litigation hold requests from the Coalition Plaintiffs.

The DeKalb Board's and the Secretary's repeated willingness to destroy and alter significant and important electronic election records should no longer be tolerated in hopes that somehow enough evidence will be preserved to avoid further prejudice to the pursuit of the Coalition Plaintiff's claims. The intervention of this Court is both needed and permitted to protect the evidence that remains and to permit the issuance of a subpoena duces tecum to the non-party DeKalb Board for production of records and equipment so that forensic review of materially important materials may get underway. *See, e.g., Thompson Insurance Enterprises, Inc. v. LIPCA, Inc.,* 2007 WL 9706825 (N.D.Ga. 2007) (favoring a flexible definition of good cause to permit expedited discovery when considerations of justice outweigh prejudice to the responding party); *PowerPak International, LLC v. B.F. Machinery, Ltd.,* 2016 WL 9450407 (N.D.Ga. 2016) (noting that expedited discovery should be permitted where proposed discovery is reasonable in scope, tailored to the needs for expedited treatment, and seeking evidence in the opponent's exclusive possession).

### **Alternative Request for Relief**

In the alternative, if the Court is not inclined to grant the Coalition Plaintiffs leave to issue a subpoena for the two DRE machines and other related evidence at issue, then the Coalition Plaintiffs request that the Court require DeKalb County to deliver the subject DREs and related equipment and records listed in the draft subpoena to a third party for safekeeping subject to further order of the Court. To the extent that the Secretary has taken possession of any of the requested equipment or records, Coalition Plaintiffs request that any order apply to the Secretary as well.

Pursuant to Rule 26(c), this Court may for good cause issue an order to protect a party—here the Coalition Plaintiffs—from oppression and undue burden.  Rule 1 requires the Rules, including Rule 26, to be construed to secure the just determination of every action and proceeding.  These Rules authorize the relief sought by this Motion.  The destruction of evidence by the Defendants during the period when discovery is stayed plainly creates an undue burden and oppression on all Plaintiffs, who, unless protected from such improper conduct by the relief requested in this Motion, stand to suffer the unfair impairment of their ability to marshal the evidence they will require to sustain their burdens at trial.  Avoiding such an outcome is good cause for granting the relief requested by this Motion under Rule 26(c).

## Conclusion

The DeKalb Board and the Secretary have engaged in a continuing pattern of spoliation of evidence, ignoring this Court's orders, Plaintiffs' repeated litigation hold letters, and Defendants' duties under the law to preserve evidence. The DeKalb Board and the Secretary have repeatedly demonstrated that they cannot be relied on to protect and preserve key evidence in this case. The Coalition Plaintiffs will continue to be prejudiced without the Court's intervention to stop the ongoing records destruction and permit the Coalition Plaintiffs to preserve the remaining evidence and initiate forensic review of the relevant electronic records.

Therefore, the Coalition Plaintiff respectfully asks the Court to grant this motion.  A proposed order is attached to the Motion as Exhibit B.

Respectfully submitted this 20th day of June, 2018.

<div style="display:flex">
<div>

/s/ William Brent Ney
William Brent Ney
Georgia Bar No. 542519
Attorney for Coalition
for Good Governance, William
Digges III, Laura Digges, Ricardo
Davis, and Megan Missett
NEY HOFFECKER PEACOCK & HAYLE,
LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
(404) 842-7232

</div>
<div>

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
Attorney for Coalition
for Good Governance,
William Digges III, Laura
Digges, Ricardo Davis and
Megan Missett
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

</div>
</div>

<div style="display: flex">

_/s/ Bruce P. Brown_
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

_/s/ Robert A. McGuire, III_
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
Attorney for Coalition
for Good Governance, William
Digges III, Laura Digges, Ricardo
Davis, and Megan Missett
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

</div>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused the foregoing MEMORNDUM

IN SUPPORT OF MOTION TO ISSUE SUBPOENA DUCES TECUM to be

served upon all other parties in this action by via electronic delivery using the

PACER-ECF system.

This 20th day of June, 2018.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

EXHIBIT A
TO
MEMORANDUM IN SUPPORT OF
PLAINTIFF COALITION'S
MOTION FOR ISSUANCE OF
SUBPOENA

**Subject:** RE: Curling v. Kemp: Urgent Situation--CORRECTION

**Date:** Saturday, May 5, 2018 at 12:01:01 PM Eastern Daylight Time

**From:** Cary Ichter

**To:** John Salter, Bruce Brown, Adam Sparks, Halsey Knapp, Jane P. Bentrott, Kaye.burwell@fultoncountyga.gov, david.lowman@fultoncountyga.gov, Cheryl.ringer@fultoncountyga.gov, grant.schnell@hklaw.com, robert.highsmith@hklaw.com, dwhite@hlclaw.com, william@nhphlaw.com, Robert McGuire, ccorreia@law.ga.gov, jheidt@law.ga.gov, Roy Barnes, David D. Cross, Marilyn Marks

The machine number below is mistyped. The correct machine number is S/N **158583**. My apologies.  Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**From:** Cary Ichter
**Sent:** Saturday, May 5, 2018 11:33 AM
**To:** 'John Salter' <john@barneslawgroup.com>; 'Bruce Brown' <bbrown@brucepbrownlaw.com>; 'Adam Sparks' <sparks@khlawfirm.com>; 'Halsey Knapp' <hknapp@khlawfirm.com>; 'Jane P. Bentrott' <JBentrott@mofo.com>; 'Kaye.burwell@fultoncountyga.gov' <Kaye.burwell@fultoncountyga.gov>; 'david.lowman@fultoncountyga.gov' <david.lowman@fultoncountyga.gov>; 'Cheryl.ringer@fultoncountyga.gov' <Cheryl.ringer@fultoncountyga.gov>; 'grant.schnell@hklaw.com' <grant.schnell@hklaw.com>; 'robert.highsmith@hklaw.com' <robert.highsmith@hklaw.com>; 'dwhite@hlclaw.com' <dwhite@hlclaw.com>; 'william@nhphlaw.com' <william@nhphlaw.com>; 'Robert McGuire' <ram@lawram.com>; 'ccorreia@law.ga.gov' <ccorreia@law.ga.gov>; 'jheidt@law.ga.gov' <jheidt@law.ga.gov>; 'Roy Barnes' <roy@barneslawgroup.com>; 'David D. Cross' <DCross@mofo.com>; 'Marilyn Marks' <marilyn@aspenoffice.com>
**Subject:** FW: Curling v. Kemp: Urgent Situation

FYI—I just sent this email to John Salter and Bryan Bennett.

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE

Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Date:** Saturday, May 5, 2018 at 11:26 AM
**To:** John Salter <john@barneslawgroup.com>, "Bryan, Bennett D" <benbryan@dekalbcountyga.gov>
**Cc:** "Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com)" <bbrown@brucepbrownlaw.com>, Rob McGuire <ram@lawram.com>, "william@nhphlaw.com" <william@nhphlaw.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** Curling v. Kemp: Urgent Situation

John and Bennett,

Certain voting system irregularities were reported to us involving an early voting site in Decatur. As we are collecting as many facts as we can, we ask that you cooperate with us to immediately protect the evidence as well as the integrity of the primary election voting process.

Coalition Plaintiffs (Coalition for Good Governance, Ricardo Davis, Laura Digges, and William Digges III) request that your clients immediately secure and sequester the following voting equipment presently located at The Gallery at South DeKalb Mall, 2801 Candler Road Decatur, GA 30034:

1. DRE Voting machines #116649 and #158543
2. Memory cards used the above-mentioned machines since the start of early voting at this location
3. Memory cards in the ExpressPollbooks used from start of early voting through May 5th.
4. ExpressPollbooks used May 4 and May 5
5. Voter access cards used at this site since start of early voting
6. Ancillary equipment (such as barcode readers and electronic tablets) used in conjunction with the voter check-in system and electronic pollbooks.

The reason for this urgent request is a report we received yesterday from Georgia Tech computer science Professor Robert Kadel after he voted at this location. Because of his academic research, Professor Kadel is familiar with certain technical aspects of voting systems. Therefore, his personal experience and documentation of the issue has unquestioned credibility meriting

immediately action.   We will be providing a declaration from Professor Kadel, but in the meantime, this is what he experienced:

1. Professor Robert Kadel, registered at 2426 Sherbrooke Ct NE, Atlanta, GA 30345, arrived to vote at the above location at approximately noon on May 4.
2. Kadel checked in for voting with his driver's license which was scanned for automatic lookup in the ExpressPollbook.
3. Kadel requested a Democratic Party primary ballot.
4. Kadel was given a voter access card.
5. Kadel inserted the card in machine #116649, located toward a back corner of the room.
6. Kadel began to select his choices on the touchscreen and noticed that his electronic ballot contained Congressional District 5 and State Senate 44, although he is an eligible elector in Congressional District 6 and State Senate 42. He did not study the remainder of the presented ballot for discrepancies.
7. Kadel immediately called this discrepancy to the attention of a poll worker.
8. The poll worker cancelled his partial ballot choices on the DRE and the voter access card was ejected.
9. After some discussion, where poll workers initially insisted that the machine was correct to a present CD5 ballot to him, he prevailed to obtain a new voter access card.
10. Kadel proceeded to machine #158583, which provided the proper CD6 and Senate 42 ballot. He selected his choices and cast his ballot at approximately 12:15 pm.

We request that the above equipment be immediately secured by officials from the Secretary of State's office and DeKalb County and removed from the mall to a secure election officials' location. We also request that a representative of Coalition Plaintiffs be permitted to observe the documentation of the removal from service and securing of the equipment, including the recording of seal numbers and serial numbers. Please notify us of the time that this will be planned.

We also request that no analysis or operations be conducted using physical access to the equipment and memory cards without Coalition Plaintiffs having an opportunity to provide an expert to monitor the handling and analysis, and obtaining exact electronic copies of all relevant records at the time of your client's inspection of the equipment and cards.

Coalition Plaintiffs will be promptly requesting mirror images of the DRE hard drives and most other electronic records for the above-referenced equipment as well as other related records. Please ensure that your clients are mindful of their obligations to preserve all electronic records directly and indirectly related to this issue.

We are gravely concerned about the potential implications of this material discrepancy and urge your clients to act promptly to determine the nature of this discrepancy and the potentially broader implications for the integrity of the election.

Please acknowledge your receipt of this email. We want to be certain that your clients are immediately aware of this issue since early voting is occurring this weekend.

Feel free to contact me to further discuss this matter and how we should work together to immediately address it.  You may reach me at 404-769-1353. In the meantime, we will be preparing our more formal request and Professor Kadel's declaration, and alert you if we learn of further material information.

Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

EXHIBIT B
TO
MEMORANDUM IN SUPPORT OF
PLAINTIFF COALITION'S
MOTION FOR ISSUANCE OF
SUBPOENA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**GEORGIA ATLANTA DIVISION**

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## DECLARATION OF ROB KADEL

I, ROBERT S. KADEL pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a registered voter in DeKalb County, Georgia, and registered to vote at my home address of 2426 Sherbrooke Ct. NE, Atlanta, GA 30345.

2. I am employed by the Georgia Institute of Technology as Assistant Director for Research in Education Innovation, Center for 21st Century Universities.

3. My research in conjunction with the Computer Science Department at Georgia Institute of Technology has caused me to seek a greater understanding of the operation of touchscreen voting systems.

4. Therefore when I voted in advance voting on May 4, 2018 at The Gallery at South DeKalb Mall in Decatur, Georgia, I was attentive to the details of the voting process.

5. Prior to voting, I had accessed the Georgia Secretary of State's website to check my registration details and print a sample ballot for races and questions for which I am eligible to vote.

6. I carried my marked sample ballot with me to the polling place for reference.

7. I arrived at the polling place at approximately noon, and there were very few people in the polling place.

8. I filled out the paper form for application for early voting and handed a poll worker that completed form and my driver's license. The poll worker verified my information and signature and then asked me to take my license and the form to another table with four laptops on it.

9. At that table, I gave the poll worker my form and license. She scanned my license barcode and handed it back, then she gave me an activated yellow voter access card with which to initiate the voting process on the touchscreen machine.

10. I used a machine with serial number 116649.

11. I selected choices in the races for Governor and a few others and then noticed that the electronic ballot presented on the screen displayed Congressional District 5 and State Senate District 44.

12. I live in Congressional District 6 and State Senate District 42, and was alarmed to see races to vote for which I am ineligible, and to see that my electronic ballot was missing races for which I am eligible to vote.

13. I alerted a poll worker who alerted her supervisor, Ms. Atkinson, who was managing certain areas of the polling place that I had an incorrect ballot.

14. The poll worker whom I had alerted held her finger on the "page" button at the bottom of the machine screen for about 10 seconds and then cancelled my ballot and ejected the card.

15. The poll worker and I walked over to the table of laptops where they were coding the yellow voter access cards, and I explained that I should be voting in Georgia Congressional District 6 and Georgia State Senate District 42.

16. The poll worker said that if I was seeing "Georgia 5,"  it is because I live in "Georgia 5."

17. I told her that I had voted in the Georgia's 6th Congressional District Special Election last year.

18. I have not changed my residence since voting in the 6th District Special Election in 2017.

19. The poll worker called over Ms. Atkinson who looked at the sample ballot I had brought with me (to indicate which candidates I wanted to vote for). The supervisor said that I had a nonpartisan ballot that wouldn't have shown any races.

20. I corrected her and said that this was the Democratic sample ballot that I had printed at home, and that she could see that it had the Stacey Abrams / Stacey Evans race for Governor at the top.

21. Ms. Atkinson instructed another poll worker to re-enter my information into a touch screen device sitting on the table (operated with an electronic stylus), and then they finally saw that I had been presented with the wrong ballot.

22. They generated a new yellow voter access card for me at that time, which was approximately 12:11 pm.

23. The original poll worker with whom I had spoken walked back with me to the machines and I voted on machine serial number 158583.

24. The poll worker watched me insert my card and asked if I would quickly hit the Next button to get to the screens with the congressional races and

verify that I was presented with the correct races on the electronic ballot. I did that, and all looked correct.

25. The poll worker then left to provide voter privacy, and I skipped back to the beginning and began making my electoral selections.

26. I cast that electronic ballot on the touchscreen machine at 12:15 p.m.

27. I walked to another table and returned my yellow card to another poll worker. She asked me if I had time to take a survey, and I said that I really needed to get going.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on May 7, 2018

_____

Robert S. Kadel

EXHIBIT C
TO
MEMORANDUM IN SUPPORT OF
PLAINTIFF COALITION'S
MOTION FOR ISSUANCE OF
SUBPOENA



June 13, 2018

**By Email**

John F. Salter
Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060

Bennett D. Bryan
Assistant County Attorney
1300 Commerce Drive, 5th Floor
Decatur, GA 30030

      Re: *Curling, et al. v. Kemp, et al.,* No. 17-CV-02989-AT (N.D. Ga.)

Dear John and Bennett:

      Ms. Marks was contacted Monday by Senate District 41 candidate Sabrina McKenzie whose race was apparently recounted on Wednesday, June 6, 2018 at the DeKalb County Elections Office. Ms. McKenzie and her attorney, Mr. Jerry Wilson, were present for the recount and reported to Ms. Marks that Ms. Erica Hamilton, Election Supervisor, told her that the DRE machines used for the recount were "sequestered for a federal lawsuit."

      Ms. McKenzie reported that she was told by Ms. Hamilton, and the polling place manager from the South DeKalb Mall location, that the two DRE machines on which the recount was conducted were taken from that location to be sequestered in conjunction with a federal lawsuit.

      This news raises two serious questions and concerns. First, were either (or both) of these two machines used for the recount machines with serial numbers 116649 or 158583? As you know, in a May 5 email, we requested that these machines be removed from service not be used in any operation. It goes without saying that a failure to preserve the these machines and their electronic records would be serious violation of the requirement to preserve evidence.

      Second, it is our understanding that the DRE machines used in the Senate District 41 recount and referenced by Ms. Hamilton as "sequestered for a lawsuit" as having been used at South DeKalb Mall were loaded with all the DRE memory cards used in Senate District 41 election, and the results re-tabulated on the two machines.

John F. Salter
Bennett D. Bryan
June 13, 2018
Page 2 of 2

Obviously, such operations alter the condition and internal memory and memory cards of the machine in question.

Please promptly inform us of the facts of the alleged use of the machines that were to be sequestered per our May 5, 2018 request. We seek your assurance that the machines mentioned above and the associated equipment, electronic records, and memory cards listed on the May 5, 2018 email have been preserved without further use or alteration after they were removed from the early voting polling place on May 5.

In addition, we request that the equipment listed in the email be transferred to our custody for purposes of our discovery. If necessary, we will issue a subpoena at the earliest opportunity.

We look forward to, and appreciate, your prompt response.

Sincerely,

Bruce P. Brown

**Subject:** RE: Curling v. Kemp: Urgent Situation--CORRECTION

**Date:** Saturday, May 5, 2018 at 12:01:01 PM Eastern Daylight Time

**From:** Cary Ichter

**To:** John Salter, Bruce Brown, Adam Sparks, Halsey Knapp, Jane P. Bentrott, Kaye.burwell@fultoncountyga.gov, david.lowman@fultoncountyga.gov, Cheryl.ringer@fultoncountyga.gov, grant.schnell@hklaw.com, robert.highsmith@hklaw.com, dwhite@hlclaw.com, william@nhphlaw.com, Robert McGuire, ccorreia@law.ga.gov, jheidt@law.ga.gov, Roy Barnes, David D. Cross, Marilyn Marks

The machine number below is mistyped. The correct machine number is S/N **158583**. My apologies.  Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**From:** Cary Ichter
**Sent:** Saturday, May 5, 2018 11:33 AM
**To:** 'John Salter' <john@barneslawgroup.com>; 'Bruce Brown' <bbrown@brucepbrownlaw.com>; 'Adam Sparks' <sparks@khlawfirm.com>; 'Halsey Knapp' <hknapp@khlawfirm.com>; 'Jane P. Bentrott' <JBentrott@mofo.com>; 'Kaye.burwell@fultoncountyga.gov' <Kaye.burwell@fultoncountyga.gov>; 'david.lowman@fultoncountyga.gov' <david.lowman@fultoncountyga.gov>; 'Cheryl.ringer@fultoncountyga.gov' <Cheryl.ringer@fultoncountyga.gov>; 'grant.schnell@hklaw.com' <grant.schnell@hklaw.com>; 'robert.highsmith@hklaw.com' <robert.highsmith@hklaw.com>; 'dwhite@hlclaw.com' <dwhite@hlclaw.com>; 'william@nhphlaw.com' <william@nhphlaw.com>; 'Robert McGuire' <ram@lawram.com>; 'ccorreia@law.ga.gov' <ccorreia@law.ga.gov>; 'jheidt@law.ga.gov' <jheidt@law.ga.gov>; 'Roy Barnes' <roy@barneslawgroup.com>; 'David D. Cross' <DCross@mofo.com>; 'Marilyn Marks' <marilyn@aspenoffice.com>
**Subject:** FW: Curling v. Kemp: Urgent Situation

FYI—I just sent this email to John Salter and Bryan Bennett.

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353

cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Date:** Saturday, May 5, 2018 at 11:26 AM
**To:** John Salter <john@barneslawgroup.com>, "Bryan, Bennett D" <benbryan@dekalbcountyga.gov>
**Cc:** "Bruce Perrin Brown Esq. (bbrown@brucebrownlaw.com)" <bbrown@brucebrownlaw.com>,
Rob McGuire <ram@lawram.com>, "william@nhphlaw.com" <william@nhphlaw.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** Curling v. Kemp: Urgent Situation

John and Bennett,

Certain voting system irregularities were reported to us involving an early voting site in Decatur. As we are collecting as many facts as we can, we ask that you cooperate with us to immediately protect the evidence as well as the integrity of the primary election voting process.

Coalition Plaintiffs (Coalition for Good Governance, Ricardo Davis, Laura Digges, and William Digges III) request that your clients immediately secure and sequester the following voting equipment presently located at The Gallery at South DeKalb Mall, 2801 Candler Road Decatur, GA 30034:

1. DRE Voting machines #116649 and #158543
2. Memory cards used the above-mentioned machines since the start of early voting at this location
3. Memory cards in the ExpressPollbooks used from start of early voting through May 5th.
4. ExpressPollbooks used May 4 and May 5
5. Voter access cards used at this site since start of early voting
6. Ancillary equipment (such as barcode readers and electronic tablets) used in conjunction with the voter check-in system and electronic pollbooks.

The reason for this urgent request is a report we received yesterday from Georgia Tech computer science Professor Robert Kadel after he voted at this location. Because of his academic research, Professor Kadel is familiar with certain technical aspects of voting systems. Therefore, his personal experience and documentation of the issue has unquestioned credibility meriting immediately action.  We will be providing a declaration from Professor Kadel, but in the meantime, this is what he experienced:

1. Professor Robert Kadel, registered at 2426 Sherbrooke Ct NE, Atlanta, GA 30345, arrived to vote at the above location at approximately noon on May 4.
2. Kadel checked in for voting with his driver's license which was scanned for automatic lookup in the ExpressPollbook.
3. Kadel requested a Democratic Party primary ballot.
4. Kadel was given a voter access card.
5. Kadel inserted the card in machine #116649, located toward a back corner of the room.

6. Kadel began to select his choices on the touchscreen and noticed that his electronic ballot contained Congressional District 5 and State Senate 44, although he is an eligible elector in Congressional District 6 and State Senate 42. He did not study the remainder of the presented ballot for discrepancies.
7. Kadel immediately called this discrepancy to the attention of a poll worker.
8. The poll worker cancelled his partial ballot choices on the DRE and the voter access card was ejected.
9. After some discussion, where poll workers initially insisted that the machine was correct to a present CD5 ballot to him, he prevailed to obtain a new voter access card.
10. Kadel proceeded to machine #158583, which provided the proper CD6 and Senate 42 ballot. He selected his choices and cast his ballot at approximately 12:15 pm.

We request that the above equipment be immediately secured by officials from the Secretary of State's office and DeKalb County and removed from the mall to a secure election officials' location. We also request that a representative of Coalition Plaintiffs be permitted to observe the documentation of the removal from service and securing of the equipment, including the recording of seal numbers and serial numbers. Please notify us of the time that this will be planned.

We also request that no analysis or operations be conducted using physical access to the equipment and memory cards without Coalition Plaintiffs having an opportunity to provide an expert to monitor the handling and analysis, and obtaining exact electronic copies of all relevant records at the time of your client's inspection of the equipment and cards.

Coalition Plaintiffs will be promptly requesting mirror images of the DRE hard drives and most other electronic records for the above-referenced equipment as well as other related records. Please ensure that your clients are mindful of their obligations to preserve all electronic records directly and indirectly related to this issue.

We are gravely concerned about the potential implications of this material discrepancy and urge your clients to act promptly to determine the nature of this discrepancy and the potentially broader implications for the integrity of the election.

Please acknowledge your receipt of this email. We want to be certain that your clients are immediately aware of this issue since early voting is occurring this weekend.

Feel free to contact me to further discuss this matter and how we should work together to immediately address it.  You may reach me at 404-769-1353. In the meantime, we will be preparing our more formal request and Professor Kadel's declaration, and alert you if we learn of further material information.

Cary

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com

This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If

you have received this message in error, please notify the sender by email and delete all copies of the message immediately.