IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : <br> : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> BRIAN KEMP, *et al.*, : <br> : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 1:17-CV-2989-AT |

## **ORDER**

This matter is before the Court on the Coalition Plaintiffs' Motion for Issuance of Subpoena [Doc. 230].

The Coalition Plaintiffs ask the Court to enter a subpoena for the production of electronic election records from the DeKalb County Board of Registration and Elections which relate to an alleged ballot error on May 4, 2018. The Coalition Plaintiffs attach to their Motion the affidavit of Rob Kadel, who states that he is a registered voter in DeKalb County, Georgia. Mr. Kadel describes going to vote on May 4, 2018 and using a particular DRE machine that pulled up an electronic ballot for the wrong Congressional District and the wrong State Senate District. Upon alerting the poll workers, Mr. Kadel states that a poll worker then directed him to use a different DRE machine and ensured that the correct electronic ballot appeared.

The Coalition Plaintiffs represent that the following then occurred: They quickly learned of the ballot error and notified counsel for the Secretary of State and DeKalb County of the error via email on May 5, 2018. In the same email, counsel for the Coalition Plaintiffs requested that DeKalb County immediately sequester the two DRE machines used by Mr. Kadel and certain related voting equipment. The Coalition Plaintiffs later independently learned from polling place officials that DeKalb County officials had removed the two machines and related equipment on the afternoon of May 5, 2018. They assumed that the Secretary of State and DeKalb County had taken "reasonable measures to preserve the relevant equipment and records." (Pl.'s Motion, Doc. 230-1 at 4.) According to the Coalition Plaintiffs, however, DeKalb County then used the two DRE machines at issue (which they thought were sequestered) in a recount conducted after the May 4th incident. Thus, the Coalition Plaintiffs filed the current subpoena request "to stop the ongoing records destruction and permit the Coalition Plaintiffs to preserve the remaining evidence and initiate forensic review of the relevant electronic records." (*Id.* at 9.)

The DeKalb County Board of Registration and Elections, the Director of the Board in her official capacity, and the individual Board members in their individual and official capacities (collectively the "DeKalb Board") oppose the Coalition Plaintiffs' Motion. The DeKalb Board represents that all data requested in the proposed subpoena – including the two DRE machines – has been preserved and remains sequestered in a secure location. The DeKalb Board

further represents that the two DRE machines at issue were used for the calculation of election totals on May 22, 2018 and for the recount on June 6, 2018. But the DeKalb Board maintains that the two machines were returned to the secure location after each of these uses, and that the data on the machines has not been altered or destroyed – "nor would it be destroyed by use of the machines in upcoming elections later this year." (Response, Doc. 232-1 at 8.) Accordingly, the DeKalb Board contends that the requested subpoena is unnecessary.

In their Reply, the Coalition Plaintiffs argue that even if there was no spoliation of evidence, as the DeKalb Board claims, the subpoena is still necessary. The Coalition Plaintiffs assert that they still need to examine the DRE machines and related equipment to determine what caused the ballot error in the first place and that their request is reasonable and tailored in scope. They also assert that the DeKalb Board may be ignoring their preservation request given the DeKalb Board's statement about how the use of these machines in future machines would not destroy electronic records.

The Court has carefully reviewed the briefing on both sides and determines that the Coalition Plaintiffs' request for a subpoena is unnecessary under the circumstances. The DeKalb Board, based on sworn affidavits, represents to the Court that the two DRE machines and all related data are sequestered and secured and that the data on the machines has not been altered since the May 4, 2018 incident. The Coalition Plaintiffs do not present reasons for the Court to believe otherwise at this juncture. Furthermore, while the Coalition Plaintiffs'

3

interest in determining the cause of the May 4, 2018 incident is a legitimate one, it does not justify the Court lifting the stay on discovery while the Defendants' motions to dismiss (which include immunity defenses) are pending before it. The Coalition Plaintiffs do not show, for instance, that the data on the machines will be imminently destroyed unless the subpoena is granted.

The Court therefore **DENIES** the Coalition Plaintiffs' Motion [Doc. 230]. Instead, the Court **DIRECTS** the DeKalb Board to continue sequestering the two DRE machines at issue and all related equipment in a secure location and to refrain from using the machines (or doing anything that could alter the data on the machines) until the Court rules on the pending motions to dismiss and addresses the stay on discovery.

**IT IS SO ORDERED** this 24th day of July, 2018.

_____
**Amy Totenberg**
**United States District Judge**