IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### COALITION PLAINTIFFS' RESPONSE TO DECLARATION OF REBECCA SULLIVAN

Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs"), in support of their Motion for Preliminary Injunction [Doc. 258], file this response to the Declaration of Rebecca Sullivan [Doc. 297-1].

**1. Legal Issues - State Election Board Rulemaking**

The context for Ms. Sullivan's declaration about the law relating to S.E.B. rulemaking is as follows. Initially, it does not address the switch from DRE machines to paper ballots. Instead, in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs prayed that, in addition to ordering the switch from DRE machines to paper ballots, the S.E.B. should "promulgate rules requiring and

specifying appropriate procedures for conducting [post-election day] pre-certification audits of the results" of the elections.  [Doc. 258, page 2].

Ms. Sullivan's declaration explores the procedural complexities under the Georgia Administrative Procedures Act of formal S.E.B. rulemaking, suggesting that the S.E.B. could not comply with a federal court order commanding it to promulgate such rules.  Plaintiffs seriously doubt the power of a federal court could be constrained by the limitations and formalities of state procedure, but any issue may easily be avoided by simply having Paragraph 4 of the Proposed Order, instead of requiring formal rulemaking, state as follows:

> 4. IT IS FURTHER ORDERED that the Defendant Secretary of State and the State Elections Board develop and implement appropriate guidelines for pre-certification audits of the result of both such election.

Moreover, the S.E.B. clearly has the state-law authority *and duty* to effectuate the terms of any Court order under O.C.G.A. § 2-1-2-3, which is entitled "Duties of the board."  After describing it's the Board's rule making authority, this law states that  it "shall be the duty of the Board" "to take such other action, consistent with law, as the board may determine to be conducive to the fair, legal, and orderly conduct of primaries and elections." *Id.*

## 2. Fact Testimony

Going far beyond the proffered scope of her testimony, Ms. Sullivan speculates that "[m]oving to paper ballots in such an abbreviated time frame could potentially damage Georgia's election security" because the State Election Board has "little institutional memory" about paper ballot elections and "have not dealt with the security surrounding any entirely paper-ballot environment."  [Doc. 297-1, ¶¶ 5, 6].  Ms. Sullivan then states that there are "practical and prudential concerns" and that "[d]isorder and confusion are the enemies of Gerogia's election officials."  [Doc. 297-1, ¶ 14].

Plaintiffs have three responses to this testimony.

First, Ms. Sullivan does not identify any new security concerns that would be introduced by ordering the state to use paper ballots exclusively.  The state already securely uses paper ballots – hundreds of thousands of them for each election – for absentee votes and for provisional votes, where chain of custody procedures are well established, and more robust than the lax and ineffective physical security attempts for the DREs and memory cards.  Using exclusively paper ballots increases the number of paper ballots, but does not introduce any new or even remotely unmanageable security concerns.  Indeed, the inability of Ms. Sullivan to explain the basis for her concern in this carefully drafted and deliberate declaration clearly supports the finding that those concerns do not outweigh the

proven imperative of replacing the unreliable DRE machines to protect the voters' constitutional voting rights

Second, notably, Ms. Sullivan does not contend that she, or anyone on the S.E.B., disagrees *as a matter of policy* with the substantive relief sought by the Plaintiffs in this case.  Indeed, no witness for the defendants disagrees that the state's voting system needs to be replaced and that paper ballots are the best alternative.  Indeed, Mr. Chris Harvey, the state's Election Director conceded in his testimony and in Plaintiffs' Exhibit 6 that it is in the public interest to conduct the election using paper ballots if the DRE system is determined to be unsafe.[1] Instead, like the others, Ms. Sullivan takes the position that it is just too hard for the S.E.B. to help the State give Georgia citizens a reliable voting system in time for the 2018 election.  *But see* O.C.G.A. § 2-1-2-3 (it "shall be the duty of the Board" "to take such other action, consistent with law, as the board may determine to be conducive to the fair, legal, and orderly conduct of primaries and elections").

Third, it is clear from the record, and not rebutted by Ms. Sullivan's declaration, that the State Elections Board has done nothing to address the Secretary's egregious failures to address the systemic inadequacy of the DRE election system – inability to independently verify accuracy – first identified by

---

[1] "If we ever reach a point where our office feels that these machines cannot be trusted to accurately deliver election results, we will invoke this statutory provision" to "move to paper ballots in the event that the machines are 'inoperable and unsafe.'" *Id.* ˆ(Mr. Harvey's letter is also attached to the Coalition Plaintiffs' initial Brief at Doc. 258-1, page 102-104.

Cathy Cox in 2001. Nor has the Board addressed the Secretary's unconscionable failure to secure the server in 2016 and 2017, when it was exposed to the public internet, or even to examine the server at any time since then to determine if it had been infected with any malware that might still be resident on the system. This fact was confirmed by Mr. Harvey during the hearing. Indeed, there is not record that the Board has addressed any of the following well-documented threats:

## TIMELINE OF ELECTION SECURITY WARNINGS

August 28, 2016: CES/KSU (Kemp's agent) notified of server exposure to public internet. (Doc. 258-1, page 131, Lamb Decl. ¶ 16).

Jan 6, 2017: U.S. DHS Secretary Johnson designates election infrastructure as a national critical infrastructure subsector. https://www.dhs.gov/news/2017/01/06/statement-secretary-johnson-designation-election-infrastructure-critical

March 15, 2017: Letter from voting system computer science experts to Sec. of State Kemp warning that Georgia's DRE voting system is unreliable and that paper ballots and audits are needed. (Doc. 2, Ex. I, pages 209-210).

March16, 2017: Letter from GA Dems to Kemp expressing security concerns. (Doc. 2, page 55, ¶ 77).

April 15, 2017: Cobb electronic pollbooks stolen, not recovered. (Doc. 258-1, page 41, Bernhard Decl. ¶ 40).

April 22, 2017: Fulton County admits "software glitches" disenfranchised voter such as Brian Blosser. (Doc.160-1, page 56, ¶ 132).

May 24, , 2017: Second letter to Sec. Kemp from voting system experts escalating their concerns after poll books stolen and warning that it takes many months to assess a cyber attack. (Doc. 2, page 49, ¶ 142).

May – June 2017: citizen groups make numerous demands for paper balloting and re-examination of DRE voting system, citing specific technical concerns. (Doc. 258-1, page 98 n.3.)

May 25, 2017: Fulton Superior Court litigation for TRO to prohibit use of DREs.

July 3, 2017: This case filed in State Court as an election contest. (Doc. 1, Exhibit 2).

July 7, 2017: CES/KSU destroys primary server hard drive. (Doc. 160-1, page 47, ¶ 122).

August 8, 2017: This case is removed from State Court to this Court by the Defendants. (Doc. 1).

August 9, 2017: CES/KSU destroys secondary server hard drive. (Doc. 160-1, page 47, ¶ 123).

September 2017: Citing cybersecurity warnings and concerns, Commonwealth of Virginia decertifies all paperless electronic voting machines, in favor of paper ballots, in advance of the November 2017 statewide election. (Doc. 240-1, page 21).

February 13, 2018: U.S. Director of National Intelligence, *Worldwide Threat Assessment of the U.S. Intelligence Community*:
- "The risk is growing that some adversaries will conduct cyber attacks – such as data deletion or localized and temporary disruptions of critical infrastructure – against the United States in a crisis short of war."
- "The 2018 US mid-term elections are a potential target for Russian influence operations."

(Doc 246-1, at 14).

February 14, 2018: U.S. Congressional Task Force: DREs "highly vulnerable to attack" and "it is near impossible to detect whether results have been tampered with." (Doc. 258-1, page 12 n. 7).

March 6, 2018: Pres. Trump declares states should move toward voting technology that offers a paper backup.

(https://www.politico.com/story/2018/03/06/trump-elections-ballots-paper-440361)

March 21, 2018: U.S. DHS Secretary Nielsen: DRE systems "a national security concern." (258-1 page 10, n. 3).

April 16, 2018: Coalition Plaintiffs' formal demand for relief sought. (Doc. 258-1, page 93 – 100).

May 8, 2018: Senate Select Committee: "States should rapidly replace" DREs with systems having a "verified paper trail."  (258-1, page 11 n. 5).

July 2018: Georgia listed as one of five Tier 1 States most vulnerable to election systems hacking.  U.S. H. Rep. Cte. H. Admin.–Democrats, *Election Security Update: Top 18 Most Vulnerable States* at 1 (July 2018) ("These states rely exclusively on electronic voting machines that do not have a paper record. It is nearly impossible to determine if paperless voting machines have been hacked and if vote tallies have been altered.") (Doc. 244, at 27 n.7.)

July 13, 2018: U.S. Dir. Natl. Intelligence Dan Coats says "the persistent danger of Russian cyberattacks today [i]s akin to the warnings the United States had of stepped-up terror threats ahead of the Sept. 11, 2001, attacks.…'The warning lights are blinking red again.'" (Doc. 240-1, page 26)

July 13, 2018: U.S. FBI Special Counsel indicts 14 Russian hackers for conspiracy against the United States.  Indictment, *United States v. Netyksho, et al.* (D.D.C. July 13, 2018).

July 26, 2018: U.S. House Intelligence Committee Chairman calls for bans on electronic voting.  (258-1, page 11, n. 4).

July 26, 2018: Coalition Plaintiffs' reiterate April 16, 2018 demand.  (Doc. 258-1, page 93).

August 3, 2018: Coalition Plaintiffs' Motion for Preliminary Injunction. (Doc. 258).

September 8, 2018: National Academy of Sciences Consensus Report: "Every effort should be made to use human-readable paper ballots in the 2018 federal election."  (Doc. 285-1, page 35).

Respectfully submitted this 13th day of September, 2018.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| Attorney for Coalition for | Attorney for Coalition |
| Good Governance | for Good Governance |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

| | |
|---|---|
| */s/ William Brent Ney* | */s/ Cary Ichter* |
| William Brent Ney | CARY ICHTER |
| Georgia Bar No. 542519 | Georgia Bar No. 382515 |
| Attorney for Coalition | Attorney for Coalition |
| for Good Governance, William | for Good Governance, William |
| Digges III, Laura Digges, Ricardo Davis, | Digges III, Laura Digges, Ricardo |
| and Megan Missett | Davis and Megan Missett |
| NEY HOFFECKER PEACOCK & HAYLE, LLC | ICHTER DAVIS LLC |
| One Midtown Plaza, Suite 1010 | 3340 Peachtree Road NE |
| 1360 Peachtree Street NE | Suite 1530 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30326 |
| (404) 842-7232 | (404) 869-7600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the foregoing COALITION PLAINTIFFS' RESPONSE TO SULLIVAN DECLARATION to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 13TH day of September, 2018.

>   */s/ Bruce P. Brown*
> Bruce P. Brown
> Georgia Bar No. 064460
> BRUCE P. BROWN LAW LLC
> Attorney for Coalition for
> Good Governance
> 1123 Zonolite Rd. NE
> Suite 6
> Atlanta, Georgia 30306
> (404) 881-0700