IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.<br><br>    Plaintiffs,<br><br>  v.<br><br>BRIAN KEMP, ET AL.<br><br>    Defendants. | Civil Action<br>No. 1:17-cv-02989-AT |

**CLOSING STATEMENT OF PLAINTIFFS
COALITION FOR GOOD GOVERNANCE, LAURA DIGGES, WILLIAM
<u>DIGGES III, RICARDO DAVIS, AND MEGAN MISSETT</u>**

1

Defendants concede two critical matters that compel a decision for Plaintiffs. <u>First</u>, State Election Director Chis Harvey admitted that, if Georgia's DREs are ever not trustworthy to accurately produce election results, then a change to paper ballots would be in the public interest. Since Defendants mount no affirmative defense of DREs' security and admit to doing nothing to scrub and decontaminate DREs, memory cards, electronic pollbooks, optical scanners, and county tabulation (GEMS) servers following the extended, August 2016–March 2017 security breach at KSU's Center for Election Systems, it is plain that Georgia's system *cannot* be trusted. Harvey's concession is thus dispositive as to the public interest.

<u>Second</u>, Harvey conceded that, if ordered, the State and counties *could* and *would* scan all of the expected 3+ million paper ballots that Georgians would cast in the November election—but it would be "hard." Fulton Election Director Richard Barron conceded the same when he said a switch to paper would be "a headache" and he would *decide* to cut Fulton County's early voting to just 3 centers. The threat to punish voters need not be tolerated; it may be prohibited. What matters is these admissions that the relief of paper ballots is practicable.

Burdens on the fundamental right to vote "cannot begin to be equated" to mere administrative inconveniences. *Colón-Marrero v. Conty-Pérez*, 703 F.3d 134, 145 (1st Cir. 2012). Defendants' self-serving "guesstimations" that voters will be burdened by a shift to paper ballots are contradicted by declarations from those who have actually seen it happen. The motions should be granted.

Respectfully submitted this 13th day of September, 2018.

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
*Attorney for Coalition for Good Governance*

1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice (ECF No. 125)
*Attorney for Coalition for Good Governance*

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*/s/ William Brent Ney*
William Brent Ney
Georgia Bar No. 542519
*Attorney for Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*

NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
(404) 842-7232

*/s/ Cary Ichter*
CARY ICHTER
Georgia Bar No. 382515
*Attorney for Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis and Megan Missett*

ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

3

## CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

*/s/ Bruce P. Brown*
Bruce P. Brown

*Attorney for Plaintiff Coalition for Good Governance*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2018, I electronically filed the foregoing CLOSING STATEMENT OF COALITION PLAINTIFFS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

/s/ Bruce P. Brown
Bruce P. Brown

*Attorney for Plaintiff Coalition for Good Governance*