# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, et al;                    )
                                         )
              Plaintiffs,                )
                                         )
                                         )
v.                                       )  CIVIL ACTION
                                         )  FILE NO: 1:17cv02989-AT
BRIAN P. KEMP, et al.;                   )
                                         )
                                         )
_____Defendants_____  )


# FULTON COUNTY DEFENDANTS' CLOSING STATEMENT

The entire burden to pay for, and administer, the November election falls upon counties who have no choice but to comply with the election code mandated voting method.  The additional burden of paper ballots, this close to the important November election, is untenable.  Election officials from Cobb, Fulton, Gwinnett, Muscogee and Richmond County (Doc 265-3, Exh 1-6 and Doc 267, p 31-67) spoke to the intolerable difficulties inherent in a last minute change.  The benefit, to plaintiffs, is miniscule in comparison.  The remedy Plaintiffs seek--to vote a paper ballot--is already available via absentee ballot.  Two plaintiffs have already taken advantage of this option.  (Doc  226, ¶ 154). The one year delay in seeking an injunction is the best evidence that the status quo does not irreparably harm Plaintiffs.  Plaintiffs knew, when filing in July 2017, of the November 2018 election.  Having previously sought an injunction, and presented expert and lay testimony in Superior Court in 2017, Plaintiffs were well aware of the hardships attendant to a last minute change to the state-wide voting process.  Plaintiffs' claims are not unique and neither are their experts' opinions, as evidenced in the curricula vitae of those experts.  Halderman testified in <u>Stein v. Cortés</u>, 223 F Supp 3d 423, 441 (E.D. Pa. 2016), about the vulnerabilities of DRE machines to hacking. There is no excuse for the failure to timely seek an injunction.  Although not fatal to their ultimate claim for relief, the unwarranted delay in seeking emergency relief is fatal to Plaintiffs' request for a preliminary injunction.

Respectfully submitted this 13th day of September, 2018.

OFFICE OF THE COUNTY
ATTORNEY

**/s/Kaye Woodard Burwell**
Kaye Woodard Burwell
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

ATTORNEYS FOR DEFENDANTS
RICHARD BARRON MARY
CAROLE COONEY, VERNETTA
NURIDDIN, DAVID J. BURGE,
STAN MATARAZZO, AARON
JOHNSON, AND THE FULTON
COUNTY BOARD OF
REGISTRATION & ELECTIONS

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa</u>

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

<u>/s/ Kaye Woodard Burwell</u>
Georgia Bar Number: 775060

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 13, 2018, I electronically filed the

foregoing FULTON COUNTY DEFENDANTS' CLOSING STATEMENT with

the Clerk of Court using the CM/ECF system, which will automatically send

email notification of such filing to all attorneys of record as identified in the

Court's Electronic Mail Notice List.

/s/ Kaye Woodard Burwell
Georgia Bar Number: 775060