# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

JAMES N. HATTEN
**DISTRICT COURT EXECUTIVE**
 AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

September 18, 2018

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia   30303

      **U.S.D.C. No.: 1:17-cv-2989-AT**
      **U.S.C.A. No.: 00-00000-00**
      **In re:**      ***Donna Curling et al v. Brian P. Kemp et al***

      Enclosed are documents regarding an appeal in this matter.  Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the notice of appeal, docket sheet and judgment and/or order appealed enclosed.** |
| | This is not the first notice of appeal.  Other notices were filed on: . |
| | There is no transcript. |
| **X** | **The court reporter is Sharron Welch.** |
| | There is sealed material as described below: . |
| | Other: . |
| **X** | **Fee paid electronically on 9/18/18 (Receipt# 113E-8153375).** |
| | Appellant has been  leave to file *in forma pauperis*. |
| | This is a bankruptcy appeal.  The Bankruptcy Judge is . |
| | The Magistrate Judge is . |
| **X** | **The District Judge is Amy Totenberg.** |
| | This is a **DEATH PENALTY** appeal. |

                    Sincerely,

                    James N. Hatten
                    District Court Executive
                    and Clerk of Court

              By:    <u>P. McClam</u>
                    Deputy Clerk

Enclosures

4months,APPEAL,ATLC3,NeedJgm,REOPEN

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:17–cv–02989–AT</u>

Curling et al v. Kemp et al

Assigned to: Judge Amy Totenberg

Case in other court:  Superior Court of Fulton County,
                    2017cv292233

Cause: 28:1443(1)Removal from State Court – Civil Rights

Date Filed: 08/08/2017

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Donna Curling**
*an individual*

represented by **Catherine L. Chapple**
Morrison & Foerster, LLP–DC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202–887–1500
Email: CChapple@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David D. Cross**
Morrison & Foerster, LLP–DC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202–887–1500
Email: dcross@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jane P. Bentrott**
Morrison & Foerster, LLP–DC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202–887–1500
Email: jbentrott@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Carlin**
Morrison & Foerster, LLP–DC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
202–887–1500
Email: JCarlin@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Manoso**
Morrison & Foerster, LLP–DC

2000 Pennsylvania Avenue, NW
Washington, DC 20006
202–887–1500
Email: RManoso@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Alexander McGuire , III**
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104–2205
253–267–8530
Fax: 253–267–8530
Email: ram@lawram.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron Wright**
Holcombe and Ward, LLP
Suite 400
3399 Peachtree Road, NE
Atlanta, GA 30326
404–601–2803
Email: aaron@holcombward.com
*TERMINATED: 12/21/2017*

**Adam Martin Sparks**
Krevolin & Horst, LLC
One Atlantic Center
1201 West Peachtree Street
Suite 3250
Atlanta, GA 30309
404–888–9700
Email: sparks@khlawfirm.com
*ATTORNEY TO BE NOTICED*

**Bruce P. Brown**
Bruce P. Brown Law
Suite 6
1123 Zonolite Road, NE
Atlanta, GA 30306
404–881–0700
Fax: .
Email: bbrown@brucepbrownlaw.com
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
Holcomb + Ward, LLP
Suite 400
3399 Peachtree Rd., N.E.
Atlanta, GA 30326

404−892−5695
Fax: 404−393−1554
Email: bryan.ward@holcombward.com
*TERMINATED: 02/05/2018*

**Cary Ichter**
Ichter Davis, LLC
One Tower Place, Suite 1530
3340 Peachtree Rd., NE
Atlanta, GA 30326−1084
404−869−7600
Fax: 404−869−7610
Email: cichter@ichterdavis.com
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
Steptoe & Johnson−DC
1330 Connecticut Avenue, N.W.
Washington, DC 20036−1795
202−429−6220
Email: eschwartz@steptoe.com
*TERMINATED: 01/18/2018*

**Halsey G. Knapp , Jr.**
Krevolin & Horst, LLC
One Atlantic Center
1201 West Peachtree Street
Suite 3250
Atlanta, GA 30309
404−888−9700
Fax: 404−888−9577
Email: hknapp@khlawfirm.com
*ATTORNEY TO BE NOTICED*

**Joe Robert Caldwell , Jr.**
Steptoe & Johnson−DC
1330 Connecticut Avenue, N.W.
Washington, DC 20036−1795
202−429−6455
Fax: .
Email: jcaldwell@Steptoe.com
*TERMINATED: 01/18/2018*

**Marvin Lim**
Holcomb + Ward, LLP
Suite 400
3399 Peachtree Rd., N.E.
Atlanta, GA 30326
404−601−2803
Fax: .
Email: marvin@holcombward.com
*TERMINATED: 12/21/2017*

William Brent Ney
Ney Hoffecker Peacock & Hayle LLC
1360 Peachtree Street, NE
One Midtown Plaza, Suite 1010
Atlanta, GA 30309
404–842–7232
Fax: 404–233–2404
Email: william@nhelaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| Coalition for Good Governance | | |
|---|---|---|

**Coalition for Good Governance**
*a non–profit corporation organized and existing under Colorado Law*

represented by **Robert Alexander McGuire , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron Wright**
(See above for address)
*TERMINATED: 12/21/2017*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
(See above for address)
*TERMINATED: 11/29/2017*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 11/29/2017*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donna Price**
*an Individual*

represented by  **Catherine L. Chapple**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David D. Cross**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jane P. Bentrott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Carlin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Manoso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Alexander McGuire , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron Wright**
(See above for address)
*TERMINATED: 12/21/2017*

**Adam Martin Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**

(See above for address)
*TERMINATED: 01/18/2018*

**Halsey G. Knapp , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 01/18/2018*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeffrey Schoenberg**                      represented by   **Catherine L. Chapple**
*an individual*                                             (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David D. Cross**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jane P. Bentrott**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John P. Carlin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert W. Manoso**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Alexander McGuire , III**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Aaron Wright**

(See above for address)
*TERMINATED: 12/21/2017*

**Adam Martin Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
(See above for address)
*TERMINATED: 01/18/2018*

**Halsey G. Knapp , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 01/18/2018*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Laura Digges**                                    represented by   **Robert Alexander McGuire , III**
*an individual*                                                       (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *PRO HAC VICE*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Aaron Wright**
                                                                      (See above for address)
                                                                      *TERMINATED: 12/21/2017*

                                                                      **Bruce P. Brown**
                                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
(See above for address)
*TERMINATED: 01/18/2018*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 01/18/2018*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Digges, III**                    represented by    **Robert Alexander McGuire , III**
*an Individual*                                               (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

**Aaron Wright**
(See above for address)
*TERMINATED: 12/21/2017*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
(See above for address)
*TERMINATED: 01/18/2018*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 01/18/2018*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Ricardo Davis**                  represented by   **Robert Alexander McGuire , III**
*an individual*                                    (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

**Aaron Wright**
(See above for address)
*TERMINATED: 12/21/2017*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
(See above for address)
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Bruce Schwartz**
(See above for address)
*TERMINATED: 01/18/2018*

**Joe Robert Caldwell , Jr.**
(See above for address)
*TERMINATED: 01/18/2018*

**Marvin Lim**
(See above for address)
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Curtis Terry**
*TERMINATED: 03/20/2018*

represented by **Edward Curtis Terry**
PRO SE

**Robert Alexander McGuire , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bruce P. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bryan Myerson Ward**
Holcombe and Ward, LLP
Suite 400
3399 Peachtree Road, NE
Atlanta, GA 30326
404−892−5695
Fax: 404−393−1554
Email: bryan.ward@holcombward.com
*TERMINATED: 02/05/2018*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marvin Lim**
Holcombe and Ward, LLP
Suite 400
3399 Peachtree Road, NE
Atlanta, GA 30326
404−601−2803
Fax: .
Email: marvin@holcombward.com
*TERMINATED: 12/21/2017*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Megan Missett**

represented by **Robert Alexander McGuire , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bruce P. Brown**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Cary Ichter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Brent Ney**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Brian P. Kemp**<br>*in his individual capacity and his official capacity as Secretary of State of Georgia and Chair of the State Election Board* | represented by | **John Frank Salter , Jr.**<br>The Barnes Law Group, LLC<br>31 Atlanta Street<br>Marietta, GA 30060<br>770–419–8505<br>Fax: 770–590–8958<br>Email: john@barneslawgroup.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Roy E. Barnes**
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
770–227–6375
Fax: 770–590–8958
Email: Roy@barneslawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
Attorney General's Office–Atl
Department of Law
40 Capitol Square, SW
Atlanta, GA 30334
404–656–7063
Email: ccorreia@law.ga.gov
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
Attorney General's Office–Atlanta
Suite 668
40 Capitol Square, SW
Atlanta, GA 30334
404–463–0816
Fax: 404–651–6920
Email: emonyak@law.ga.gov
*TERMINATED: 11/03/2017*

Josiah Benjamin Heidt
Georgia Department of Law
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334–1300
404–656–3389
Email: jheidt@law.ga.gov
*TERMINATED: 11/03/2017*

**Defendant**

**David J. Worley**                  represented by **John Frank Salter , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy E. Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
(See above for address)
*TERMINATED: 11/03/2017*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

**Defendant**

**Rebecca N. Sullivan**                  represented by **John Frank Salter , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy E. Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
(See above for address)
*TERMINATED: 11/03/2017*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

**Defendant**

Ralph F. (Rusty) Simpson                    represented by   **John Frank Salter , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy E. Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
(See above for address)
*TERMINATED: 11/03/2017*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

**Defendant**

Seth Harp                                     represented by   **John Frank Salter , Jr.**
*in their individual capacities and their*                     (See above for address)
*official capacities as members of the*                        *LEAD ATTORNEY*
*State Election Board*                                          *ATTORNEY TO BE NOTICED*

**Roy E. Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
(See above for address)
*TERMINATED: 11/03/2017*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

13

**Defendant**

**The State Election Board**                    represented by   **Roy E. Barnes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Elizabeth Ahern Monyak**
(See above for address)
*TERMINATED: 11/03/2017*

**John Frank Salter , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

**Defendant**

**Richard Barron**                    represented by   **Cheryl Ringer**
*in his individual capacity and his official*          Office of Fulton County Attorney
*capacity as Director of the Fulton*          Fulton County Government Center
*County Board of Registration and*          141 Pryor Street, S.W.
*Elections*          Suite 4038
Atlanta, GA 30303
404–612–0263
Email: cheryl.ringer@fultoncountyga.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
Fulton County Attorney's Office
141 Pryor Street, SW
Suite 4038
Atlanta, GA 30303
404–612–0246
Email: david.lowman@fultoncountyga.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
Office of the Fulton County Attorney
Suite 4038
141 Pryor Street, S.W.
Atlanta, GA 30303
404–612–0262
Fax: 404–730–6324

Email: kaye.burwell@fultoncountyga.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Carole Cooney**                    represented by  **Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vernetta Nuriddin**                    represented by  **Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David J. Burge**                    represented by  **Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**Stan Matarazzo**
*TERMINATED: 09/15/2017*

**Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aaron Johnson**
*in their individual capacities and official capacities as members of the Fulton County Board of Registration and Elections*

represented by   **Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Fulton County Board of Registration and Elections**

represented by   **Cheryl Ringer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Lowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maxine Daniels**
*in her individual capacity and her official capacity as Director of Voter Registrations and Elections for Dekalb County*
*TERMINATED: 06/13/2018*

represented by   **Daniel Walter White**
Haynie Litchfield Crane & White
222 Washington Ave.
Marietta, GA 30060
770–422–8900
Fax: 770–424–8900

16

Email: dwhite@hlw−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
DeKalb County District Attorney's Office
Assistant County Attorney
5th Floor
1300 Commerce Drive
Decatur, GA 30030
404−371−3011
Fax: 404−371−3024
Email: bdbryan@dekalbcountyga.gov
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
Office of DeKalb County Attorney
DeKalb County Administration Building
1300 Commerce Drive
Fifth Floor
Decatur, GA 30030
404−371−3011
Email: tgphili@dekalbcountyga.gov
*TERMINATED: 06/28/2018*

**Defendant**

**Michael P. Coveny**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)
*TERMINATED: 06/28/2018*

**Defendant**

**Anthony Lewis**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)

*TERMINATED: 06/28/2018*

**Defendant**

**Leona Perry**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)
*TERMINATED: 06/28/2018*

**Defendant**

**Samuel E. Tillman**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)
*TERMINATED: 06/28/2018*

**Defendant**

**Baoky N. Vu**
*in their individual capacities and official
capacities as memebes of the Dekalb
County Board of Registrations and
Elections*
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)
*TERMINATED: 06/28/2018*

**Defendant**

**The Dekalb County Board of
Registrations and Elections**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bennett Davis Bryan**
(See above for address)
*TERMINATED: 06/28/2018*

**Laura K. Johnson**
Dekalb County Law Department
1300 Commerce Drive
5th Floor
Decatur, GA 30030
404–371–3011
Fax: 404–371–3024
Email: lkjohnson@dekalbcountyga.gov
*TERMINATED: 06/28/2018*

**Terry G. Phillips**
(See above for address)
*TERMINATED: 06/28/2018*

**Defendant**

**Janine Eveler**
*in her individual capacity and her official*
*capacity as Director of the Cobb County*
*Board of Elections and Registration*
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phil Daniell**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fred Aiken**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joe Pettit**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jessica Brooks**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Darryl O. Wilson**
*in their individual capacities and official*
*capacities as members of the Cobb*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

19

*County Board of Elections and*
*Registration*
*TERMINATED: 06/13/2018*

**Defendant**

**The Cobb County Board of Elections**
**and Registration**
*TERMINATED: 06/13/2018*

represented by **Daniel Walter White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Merle King**
*in his individual capacity and his official*
*capacity as Executive Director of the*
*Center for Election Systems at Kennasaw*
*State University*
*TERMINATED: 06/13/2018*

represented by **Grant Edward Schnell**
Holland & Knight LLP –Atl
One Regions Plaza, Suite 1800
1180 West Peachtree St., N.W.
Atlanta, GA 30309−3407
404−817−8560
Email: grant.schnell@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert S. Highsmith**
Holland & Knight LLP –Atl
One Regions Plaza, Suite 1800
1180 West Peachtree St., N.W.
Atlanta, GA 30309−3407
404−817−8500
Fax: 404−881−0470
Email: robert.highsmith@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

**Defendant**

**The Center for Election Systems at**
**Kennasaw State University**
*TERMINATED: 09/15/2017*

represented by **Cristina Correia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josiah Benjamin Heidt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Wingate**
*TERMINATED: 06/13/2018*

represented by **David R. Lowman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kaye Woodard Burwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen C. Handel**
*TERMINATED: 09/28/2017*

represented by **Anne Ware Lewis**
Strickland Brockington Lewis, LLP
1170 Peachtree Street, NE
Suite 2200, Midtown Prosceium
Atlanta, GA 30309–7200
678–347–2200
Fax: 678–347–2210
Email: awl@sbllaw.net
*ATTORNEY TO BE NOTICED*

**Barclay Hendrix**
Krevolin & Horst, LLC
One Atlantic Center, Ste 3250
1201 West Peachtree St., NW
Atlanta, GA 30309
404–835–9395
Email: hendrix@khlawfirm.com

**Frank B. Strickland**
Strickland Brockington Lewis, LLP
1170 Peachtree Street, NE
Suite 2200, Midtown Prosceium
Atlanta, GA 30309–7200
678–347–2200
Fax: 678–347–2210
Email: fbs@sbllaw.net
*ATTORNEY TO BE NOTICED*

**Vincent Robert Russo , Jr.**
Robbins Ross Alloy Belinfante Littlefield,
LLC –Atl
Suite 1120
999 Peachtree Street, N.E.
Atlanta, GA 30309
404–856–3260
Fax: 404–856–3250
Email: vrusso@robbinsfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**State of Election Board**
*TERMINATED: 06/13/2018*

represented by **Roy E. Barnes**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristina Correia**
(See above for address)
*TERMINATED: 11/03/2017*

**John Frank Salter , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Josiah Benjamin Heidt**
(See above for address)
*TERMINATED: 11/03/2017*

<u>Amicus</u>

**Common Cause**                    represented by   **Matthew John Murray**
Altshuler Berzon, LLP
Suite 300
177 Post Street
San Francisco, CA 94108
415–421–7151
Email: mmurray@altber.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stacey M. Leyton**
Altshuler Berzon, LLP
Suite 300
177 Post Street
San Francisco, CA 94108
415–421–7151
Email: sleyton@altber.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen P. Berzon**
Altshuler Berzon, LLP
Suite 300
177 Post Street
San Francisco, CA 94108
415–421–7151
Email: sberzon@altber.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Lee Schwartz**
Jon L. Schwartz, Attorney at Law, P.C.
Suite 1200

1170 Peachtree Street
Atlanta, GA 30309
404–667–3047
Email: jonlschwartz@mac.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**National Election Defense Coalition**          represented by  **Jonathan Lee Schwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Protect Democracy**          represented by  **Stephen P. Berzon**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Lee Schwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**unknown**

**Thomas Jonathan Ossoff**          represented by  **Russell Dunn Waldon**
*TERMINATED: 09/28/2017*                           Waldon Adelman Castilla Hiestand &
Prout
900 Circle 75 Parkway, N.W.
Suite 1040
Atlanta, GA 30339–3084
770–933–7022
Email: rwaldon@wachp.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/08/2017 | 1 | | NOTICE OF REMOVAL with COMPLAINT filed by The Center for Election Systems at Kennasaw State University, Rebecca N. Sullivan, Ralph F. (Rusty) Simpson, The State Election Board, David J. Worley, Seth Harp, Brian P. Kemp, Merle King. (Filing fee $ 400.00 receipt number 113E–7313843) (Attachments: # 1 Ex – 1 – State Court Docket Sheet, # 2 Ex –2 – Original Petition, # 3 Ex –3 – Case Initiation Form, # 4 Ex –4 – Summons, # 5 Ex –5– Notice of Related Case, # 6 Ex –6 – Special Process Summons, # 7 Ex –7 – Certificate of Service, # 8 Ex –8 – Certificate of Service –2, # 9 Ex –9 – Motion for Leave to Amend Complaint, # 10 Ex –10 – Motion for Leave to Serve, # 11 Ex –11 – Affidavits of Service, # 12 Ex –12 – Proposed Order, # 13 Ex –13 – Sheriff's Entry of Service, # 14 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/11/2017) |

| 08/08/2017 | 2 | | MOTION for Leave to File Amended Complaint, by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price and Jeffrey Schoenberg. (Filed in State Court and included w/in Notice of Removal) (eop) (Entered: 08/11/2017) |
|---|---|---|---|
| 08/08/2017 | 3 | | MOTION for Leave to Serve Election Contest Defendants and Candidates by Certified Process Server by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price and Jeffrey Schoenberg. (Filed in State Court and contained w/in Notice of Removal) (eop) (Entered: 08/11/2017) |
| 08/12/2017 | 4 | | MOTION for Limited Early and Expedited Discovery with Brief In Support by Donna Curling. (Attachments: # 1 Exhibit Ex A Discovery Request to Kemp, # 2 Exhibit B Discovery Request to State Election Board, # 3 Exhibit C Discovery Request to King, # 4 Exhibit D Discovery Request to Cobb, # 5 Exhibit E Discovery Request to DeKalb, # 6 Exhibit F Discovery Request to Fulton, # 7 Text of Proposed Order)(Holcomb, Michael) (Entered: 08/12/2017) |
| 08/14/2017 | 5 | | ORDER re: 4 Plaintiffs' Expedited Motion for Limited Early and Expedited Discovery. Plaintiffs do not specify in their motion whether they have conferred with Defendants about their request for early and expedited discovery. The Court DIRECTS the parties to confer on this matter and to notify the Court if they can agree on a schedule for early and expedited discovery. The parties shall notify the Court via the electronic docket whether or not they are able to reach such an agreement no later than 12:00 P.M. on Thursday, August 17, 2017, and they shall attach the agreement if one is reached at that time. If the parties are unable to reach such an agreement, Defendants shall file a response to Plaintiffs' motion no later than 5:00 P.M. on Monday, August 21, 2017. The Court may schedule a prompt hearing based on the responses filed. Signed by Judge Amy Totenberg on 8/14/2017. (See order for more specifics) (jtj) (Entered: 08/14/2017) |
| 08/14/2017 | 6 | | MOTION for Leave to File Excess Pages by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Monyak, Elizabeth) (Entered: 08/14/2017) |
| 08/15/2017 | 7 | | Memorandum in Support of 2 MOTION for Leave to File to File Amended Complaint, with Brief In Support by Donna Curling. (Attachments: # 1 Text of Proposed Order)(Holcomb, Michael) Modified on 8/15/2017 to reflect e–filed document. (jtj) (Entered: 08/15/2017) |
| 08/15/2017 | 8 | | MOTION to Dismiss *For Lack of Jurisdiction and*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Brief, # 2 Exhibit Declaration of Chris Harvey, # 3 Exhibit Exh 1 to Harvey Decl., # 4 Exhibit Exh 2 to Harvey Decl., # 5 Exhibit Exh 3 to Harvey Decl., # 6 Exhibit Exh 4 to Harvey Decl., # 7 Exhibit Exh 5 to Harvey Decl, # 8 Exhibit Exh 6 to Harvey Decl)(Correia, Cristina) (Entered: 08/15/2017) |
| 08/16/2017 | 9 | | Return of Service Executed by Coalition for Good Governance. The Dekalb County Board of Registrations and Elections served on 8/9/2017, answer due 8/30/2017. (Holcomb, Michael) (Entered: 08/16/2017) |
| 08/17/2017 | 10 | | |

| | | | |
|---|---|---|---|
| | | | JOIN NOTICE in Response to 5 Order, by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The Center for Election Systems at Kennasaw State University, The State Election Board, David J. Worley. (Heidt, Josiah) (Entered: 08/17/2017) |
| 08/17/2017 | 11 | | Standing Order: Guidelines to Parties and Counsel Proceeding Before the Honorable Amy Totenberg. You are required to sign and file a Certificate of Compliance in a format consistent with the Certificate of Compliance attached hereto.To request to file material under seal, the Parties should follow the mechanism described in Section II(J) of Appendix H to the Court's Local Civil Rules. Signed by Judge Amy Totenberg on 8/17/2017. (jtj) (Entered: 08/17/2017) |
| 08/17/2017 | 12 | | NOTICE of Appearance by Daniel Walter White on behalf of Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson (White, Daniel) (Entered: 08/17/2017) |
| 08/17/2017 | 13 | | NOTICE of Appearance by Bennett Davis Bryan on behalf of Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel E. Tillman, Baoky N. Vu (Bryan, Bennett) (Entered: 08/17/2017) |
| 08/18/2017 | 14 | | ORDER DENYING AS MOOT 8 Motion to Dismiss. The Amended Complaint is deemed filed as of the date of this Order. Plaintiffs also filed a Notice of Related Case in the previous state court proceedings. (See Doc. 1–5.) They cite to the related case of Donna Curling et al. v. Brian Kemp, in his official capacity as Secretary of State of Georgia, et al., Case No. 2017cv290630, pending before the Honorable Kimberly M. Esmond Adams. The Court DIRECTS counsel for Plaintiffs to send all of the orders in the related case, as well as their own electronic filings, as attachments via email to AT_Chambers@gand.uscourts.gov no later than 5:00 P.M. on August 18, 2017. Likewise, the Court DIRECTS counsel in the State Attorney Generals Office to send all of their own electronic filings in the related case as attachments via email to the AT_Chambers@gand.uscourts.gov no later than 5:00 P.M. on August 18, 2017. The Court ORDERS counsel for Plaintiffs and counsel in the State Attorney General's Office to each separately file on the electronic docket a summary of the status of the related case, not to exceed one page in length, no later than 5:00 P.M. on August 18, 2017. Signed by Judge Amy Totenberg on 8/18/2017. (jtj) (Entered: 08/18/2017) |
| 08/18/2017 | 15 | | AMENDED COMPLAINT with Jury Demand flied by plaintiffs against Defendants.(jtj) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Additional attachment(s) added on 8/18/2017: # 1 Exhibits A – E, # 2 Exhibits F and G, # 3 Exhibits H – N, # 4 Verifications) (jtj). (Entered: 08/18/2017) |
| 08/18/2017 | 16 | | NOTICE in Response to 14 Order by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Heidt, Josiah) (Entered: 08/18/2017) |
| 08/18/2017 | 17 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE in Response to <u>14</u> Order by Donna Curling. (Holcomb, Michael) (Entered: 08/18/2017) |
| 08/18/2017 | <u>18</u> | | NOTICE of Appearance by Kaye Woodard Burwell on behalf of Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, The Fulton County Board of Registration and Elections (Burwell, Kaye) (Entered: 08/18/2017) |
| 08/18/2017 | <u>19</u> | | Return of Service Executed by Coalition for Good Governance. The Cobb County Board of Elections and Registration served on 8/10/2017, answer due 8/31/2017. (Holcomb, Michael) (Entered: 08/18/2017) |
| 08/18/2017 | <u>20</u> | | NOTICE of Appearance by DAVID R. LOWMAN on behalf of Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin (Burwell, Kaye) Modified on 8/21/2017 to edit attorney. (jtj) (Entered: 08/18/2017) |
| 08/18/2017 | <u>21</u> | | NOTICE of Appearance by CHERYL M. RINGER on behalf of Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin. (Burwell, Kaye) Modified on 8/21/2017 to edit attorney. (jtj) (Entered: 08/18/2017) |
| 08/21/2017 | <u>22</u> | | NOTICE of Appearance by Kaye Woodard Burwell on behalf of Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin (Burwell, Kaye) (Entered: 08/21/2017) |
| 08/21/2017 | <u>23</u> | | Return of Service Executed for Complaint. Defendants served Fulton County Board of Registration & Elections – 8/15/2017, Maxine Daniels – 8/5/2017, DeKalb County Board of Registrations & Elections – 8/5/2017, Phil Daniel – 8/4/2017, Darryl O. Wilson – 8/4/2017, Aaron Johnson – 7/15/2017, Fred Aiken – 8/4/2017, and Joe Pettit – 8/7/2017. (Holcomb, Michael) Modified on 8/21/2017 to add dates. (jtj) (Entered: 08/21/2017) |
| 08/21/2017 | <u>24</u> | | Return of Service Executed for Complaint. David Worley served on 8/11/2017. (Holcomb, Michael) Modified on 8/21/2017 to edit docket text. (jtj) (Entered: 08/21/2017) |
| 08/21/2017 | <u>25</u> | | NOTICE of Appearance by Aaron Wright on behalf of Donna Curling, Coalition for Good Governance, Donna Price, Jeffrey Schoenberg, Laura Digges, William Digges III, and Ricardo Davis (Wright, Aaron) Modified on 8/21/2017 to add parties. (jtj) (Entered: 08/21/2017) |
| 08/21/2017 | <u>26</u> | | ACKNOWLEDGMENT OF SERVICE Executed filed by Coalition for Good Governance. Jessica Brooks served on 8/21/2017. (Holcomb, Michael) (Entered: 08/21/2017) |
| 08/21/2017 | <u>27</u> | | Request for Leave of Absence for the following date(s): September 7–11, September 14–15, September 25–29, October 6, 2017, by Daniel Walter White. (White, Daniel) (Entered: 08/21/2017) |
| 08/21/2017 | <u>28</u> | | RESPONSE re <u>4</u> MOTION for Limited Early and Expedited Discovery filed by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Correia, Cristina) (Entered: 08/21/2017) |
| 08/21/2017 | <u>29</u> | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE re 4 MOTION for Limited Early and Expedited Discovery filed by Stan Matarazzo. (Attachments: # 1 Affidavit Dwight Brower)(Lowman, David) (Entered: 08/21/2017) |
| 08/22/2017 | 30 | | REFILED AT 33 AMENDED Affidavit of Dwight Brower in Support of 29 RESPONSE to 4 MOTION for Limited Early and Expedited Discovery, filed by Mark Wingate. (Lowman, David) Modified on 8/22/2017 to reflect e–filed document. (jtj) (Entered: 08/22/2017) |
| 08/22/2017 | 31 | | NOTICE of Appearance by Marvin Lim on behalf of Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg (Lim, Marvin) (Entered: 08/22/2017) |
| 08/22/2017 | 32 | | RESPONSE in Opposition re 4 MOTION for Limited Early and Expedited Discovery filed by Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson. (White, Daniel) (Entered: 08/22/2017) |
| 08/22/2017 | 33 | | AMENDED Affidavit of Dwight Brower in Support of 29 RESPONSE to 4 MOTION for Limited Early and Expedited Discovery filed by Mark Wingate. (Lowman, David) Modified on 8/22/2017 to reflect e–filed document. (jtj) (Entered: 08/22/2017) |
| 08/22/2017 | 34 | | ACKNOWLEDGMENT OF SERVICE Executed filed by Coalition for Good Governance. Mark Wingate served on 8/21/2017, answer due 9/12/2017. (Holcomb, Michael) (Entered: 08/22/2017) |
| 08/22/2017 | 35 | | RESPONSE in Opposition re 4 MOTION for Limited Early and Expedited Discovery filed by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel E. Tillman, Baoky N. Vu. (Bryan, Bennett) (Entered: 08/22/2017) |
| 08/22/2017 | 36 | | AFFIDAVIT of Service for Summons & Verified Complaint , as to The Center for Election Systems at Kennesaw State University, Merle King, The Cobb County Board of Elections and Registration, and Janine Eveler. (Holcomb, Michael) (Entered: 08/22/2017) |
| 08/22/2017 | 41 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 8/22/2017. The parties updated the Court as to the status of service on Defendants. See minutes for deadlines. (Court Reporter Shannon Welch)(jpa) (Entered: 08/24/2017) |
| 08/23/2017 | 37 | | APPLICATION for Admission of Edward Bruce Schwartz Pro Hac Vice (Application fee $ 150, receipt number 113E–7343099)by Coalition for Good Governance. (Holcomb, Michael) (Entered: 08/23/2017) |
| 08/23/2017 | 38 | | ANSWER to 1 Notice of Removal, 15 Amended Complaint (Discovery ends on 1/20/2018), by Thomas Jonathan Ossoff. (Waldon, Russell) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/23/2017) |
| 08/23/2017 | 39 | | NOTICE of Appearance by Russell Dunn Waldon on behalf of Thomas Jonathan Ossoff (Waldon, Russell) (Entered: 08/23/2017) |
| 08/23/2017 | 40 | | ORDER – The Court encourages Plaintiffs' counsel to seriously review the information filed by Defendants this Friday regarding the time schedule for |

| | | | |
|---|---|---|---|
| | | | election preparation as well as Defendants' new motions to dismiss due by August 29, 2017. If, upon review of these materials, Plaintiffs decide to proceed by seeking injunctive relief in connection with the 2018 election cycle instead of the upcoming November 2017 election, Plaintiffs are DIRECTED to notify the Court as soon as possible but no later than 5:00 P.M. on September 1, 2017. If Plaintiffs determine they wish to proceed with the current established schedule and plan, they are advised to focus their motion for preliminary injunctive relief realistically on the limited set of issues and claims they deem essential to be resolved in this current 2017 election cycle. Additional issues, as warranted, will then be addressed in later discovery, briefs, and hearings. Signed by Judge Amy Totenberg on 8/23/2017. (jtj) (Entered: 08/23/2017) |
| 08/24/2017 | 42 | | TRANSCRIPT of Telephone Conference Proceedings held on 8/22/2017, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/14/2017. Redacted Transcript Deadline set for 9/25/2017. Release of Transcript Restriction set for 11/22/2017. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 08/24/2017) |
| 08/24/2017 | 43 | | Notice for Leave of Absence for the following date(s): 9/14/2017, 9/15/2017, 9/18/2017, by Kaye Woodard Burwell. (Burwell, Kaye) (Entered: 08/24/2017) |
| 08/24/2017 | 44 | | APPLICATION for Admission of Joe Robert Caldwell, Jr. Pro Hac Vice (Application fee $ 150, receipt number 113E–7346046)by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Holcomb, Michael) (Entered: 08/24/2017) |
| 08/24/2017 | 45 | | Notice for Leave of Absence for the following date(s): September 14, 2017, September 15, 2017, by David R. Lowman. (Lowman, David) (Entered: 08/24/2017) |
| 08/25/2017 | 46 | | NOTICE of Election Deadlines by Mark Wingate. (Lowman, David) (Entered: 08/25/2017) |
| 08/29/2017 | 47 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel E. Tillman, Baoky N. Vu. (Bryan, Bennett) (Entered: 08/29/2017) |
| 08/29/2017 | 48 | | MOTION to Dismiss by Fulton County Board of Registration and Elections, Director Richard Barron, members of the FCBRE Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, Aaron Johnson, and Mark Wingate. (Attachments: # 1 Brief in Support of Motion to Dismiss)(Lowman, David) Modified on 8/30/2017 to add filers. (jtj) (Entered: 08/29/2017) |
| 08/29/2017 | 49 | | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Brief, # 2 Exhibit Chris Harvey Declaration, # 3 Exhibit Marilyn Marks Cross |

| | | | |
|---|---|---|---|
| | | | Examination, # 4 Exhibit Electors' Initial Request for Reexamination, # 5 Exhibit Electors' Supplemental Request for Reexamination, # 6 Exhibit Secretary of State's Second Response to Reexamination)(Heidt, Josiah) (Entered: 08/29/2017) |
| 08/29/2017 | 50 | | MOTION to Dismiss *FOR LACK OF SUBJECT MATTER JURISDICTION*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson. (White, Daniel) (Entered: 08/29/2017) |
| 08/30/2017 | 51 | | MOTION for Extension of Time to File a Motion for Preliminary Injunction , MOTION for Leave to File Excess Pages by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Holcomb, Michael) (Entered: 08/30/2017) |
| 08/31/2017 | | | RETURN of 37 APPLICATION for Admission of Edward Bruce Schwartz Pro Hac Vice (Application fee $ 150, receipt number 113E–7343099) to attorney for correction re: NY bar. (cdg) (Entered: 08/31/2017) |
| 08/31/2017 | | | RETURN of 44 APPLICATION for Admission of Joe Robert Caldwell, Jr. Pro Hac Vice (Application fee $ 150, receipt number 113E–7346046) to attorney for correction re: Court(NJ). (cdg) (Entered: 08/31/2017) |
| 08/31/2017 | 52 | | NOTICE Of Filing Transcript of June 7, 2017 Hearing by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley (Attachments: # 1 Exhibit Transcript Exhibits)(Correia, Cristina) (Entered: 08/31/2017) |
| 08/31/2017 | 53 | | ORDER GRANTING 51 Motion for Extension of Time contingent on the motion and brief being filed no later than 6:00 PM on September 1, 2017. The briefing schedule is set forth in this order. No extensions shall be granted. The Court will set a potential hearing date for a preliminary injunction hearing for a date to be determined during the week of September 18, 2017. However, the Court will determine whether such a hearing is appropriate and necessary based on its assessment of the motions and briefs. Signed by Judge Amy Totenberg on 9/01/2017. (jtj) (Entered: 09/01/2017) |
| 08/31/2017 | 54 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 8/31/2017. The Court granted attorneys Edward Schwartz and Joe Caldwell special dispensation to participate in the conference and deal with the issues in their 37 and 44 Applications for Admission Pro Hac Vice after the hearing. Plaintiffs informed the Court of the type of relief they intend to seek in the motion for preliminary injunction. Plaintiffs indicated they can file the motion for preliminary injunction by 6:00 PM on Friday, September 1, 2017. Counsel for the Defendants voiced their opposition. The Court directed Plaintiffs to file a motion seeking leave to amend the complaint to add the additional claim they seek to pursue by noon on Friday, September 1, 2017. The Court directed Plaintiffs to email the Courtroom Deputy Clerk (and copy defense counsel) the constitutional and statutory provisions they are relying on for this new claim. The Court directed defense counsel to file the transcript of the state court hearing. Discussion was had regarding deadlines. The Court took the parties' positions under advisement. Plaintiffs indicated they no longer |

| | | | |
|---|---|---|---|
| | | | seek an enlargement of the page limits for their motion for preliminary injunction. 51 Motion for Leave to File Excess Pages is withdrawn. (Court Reporter Shannon Welch)(jtj) (Entered: 09/01/2017) |
| 09/01/2017 | 55 | | MOTION to Stay *Discovery and Discovery Related Activities* with Brief In Support by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Correia, Cristina) (Entered: 09/01/2017) |
| 09/01/2017 | 57 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 9/5/2017. The Court FINDS AS MOOT, 47 , 48 , 49 and 50 Motions to Dismiss. The Court granted attorneys Edward Schwartz, Joe Caldwell, and Anne Lewis special dispensation to participate in the conference. Discussion was had regarding scheduling. The Court authorized Plaintiffs to file an amended complaint. The amended complaint is to be filed by September 15, 2017. Defendants' responses are due by September 29, 2017; no extensions will be granted. Plaintiffs' reply brief is due 14 days thereafter, but the Court encouraged Plaintiffs to file it sooner; no extensions will be granted. If Plaintiffs do not file the amended complaint as represented, Defendants have leave to reassert the motions to dismiss that were deemed moot by the Court. The parties are to meet and confer next week on the issue of the litigation hold. (Court Reporter Shannon Welch)(jtj) (Entered: 09/05/2017) |
| 09/05/2017 | 56 | | ORDER GRANTING 55 Motion to Stay All Discovery. Signed by Judge Amy Totenberg on 9/05/2017. (jtj) (Entered: 09/05/2017) |
| 09/07/2017 | 58 | | MOTION to Remand to State Court by Mark Wingate. (Burwell, Kaye) (Entered: 09/07/2017) |
| 09/08/2017 | 59 | | TRANSCRIPT of Telephone Conference Proceedings held on 8/31/2017, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/29/2017. Redacted Transcript Deadline set for 10/10/2017. Release of Transcript Restriction set for 12/7/2017. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 09/08/2017) |
| 09/08/2017 | 60 | | TRANSCRIPT of Telephone Conference Proceedings held on 9/1/2017, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/29/2017. Redacted Transcript Deadline set for 10/10/2017. Release of Transcript Restriction set for 12/7/2017. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 09/08/2017) |
| 09/08/2017 | 61 | | APPLICATION for Admission of Edward Bruce Schwartz Pro Hac Vice by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Holcomb, Michael) (Entered: 09/08/2017) |
| 09/08/2017 | 62 | | |

| | | | |
|---|---|---|---|
| | | | APPLICATION for Admission of Joe Robert Caldwell, Jr. Pro Hac Vice by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Holcomb, Michael) (Entered: 09/08/2017) |
| 09/11/2017 | 63 | | NOTICE of Appearance by Vincent Robert Russo, Jr on behalf of Karen C. Handel (Russo, Vincent) (Entered: 09/11/2017) |
| 09/11/2017 | 64 | | NOTICE by Karen C. Handel *of Special Appearance* (Russo, Vincent) (Entered: 09/11/2017) |
| 09/11/2017 | 65 | | NOTICE of Appearance by Anne Ware Lewis on behalf of Karen C. Handel (Lewis, Anne) (Entered: 09/11/2017) |
| 09/11/2017 | 66 | | NOTICE of Appearance by Frank B. Strickland on behalf of Karen C. Handel (Strickland, Frank) (Entered: 09/11/2017) |
| 09/11/2017 | 67 | | NOTICE of Appearance by Barclay Hendrix on behalf of Karen C. Handel (Hendrix, Barclay) (Entered: 09/11/2017) |
| 09/13/2017 | | | Submission of 3 MOTION for Leave to Serve Election Contest Defendants and Candidates by Certified Process Server, 4 MOTION for Limited Early and Expedited Discovery, 6 MOTION for Leave to File Excess Pages , submitted to District Judge Amy Totenberg. (jtj) (Entered: 09/13/2017) |
| 09/15/2017 | | | APPROVAL by Clerks Office re: 61 APPLICATION for Admission of Edward Bruce Schwartz Pro Hac Vice. Attorney Edward Bruce Schwartz added appearing on behalf of Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg (pmb). Modified on 9/15/2017 to update plaintiffs (pmb). (Entered: 09/15/2017) |
| 09/15/2017 | | | APPROVAL by Clerks Office re: 62 APPLICATION for Admission of Joe Robert Caldwell, Jr. Pro Hac Vice. Attorney Joe Robert Caldwell, Jr added appearing on behalf of Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg (pmb) Modified on 9/15/2017 to update plaintiffs (pmb) (Entered: 09/15/2017) |
| 09/15/2017 | 68 | | ORDER DIRECTING counsel to notify the Court no later than 9/18/2017 if Representative Handel (or counsel on her behalf) will accept service. If the Court is notified by 9/18/217 that the service issue has been resolved, the Court will grant Handel's extension of time through 10/2/2017 to respond to the amended complaint. Signed by Judge Amy Totenberg on 9/15/2017. (sap) (Entered: 09/15/2017) |
| 09/15/2017 | 69 | | **DUPLICATE ENTRY** ORDER re Karen C. Handel's request in her 64 Special Appearance for an extension of time to file a responsive pleading to Plaintiffs' amended complaint. Assuming that Representative Handel maintains that she still has not been served, her counsel is DIRECTED to notify the Court no later than September 18, 2017, if she (or counsel on her behalf) will accept service. If Representative Handel's counsel notifies the Court on September 18 that this service issue has been resolved, the Court will grant Representative Handel an extension to respond to the amended complaint no later than October 2, 2017. Signed by Judge Amy Totenberg on 9/15/2017. (acm) Text |

| | | | |
|---|---|---|---|
| | | | Modified on 9/18/2017 (sap). (Entered: 09/15/2017) |
| 09/15/2017 | 70 | | Second AMENDED COMPLAINT against All Defendants with Jury Demand, filed by Ricardo Davis, Coalition for Good Governance, Donna Curling, William Digges, III, Donna Price, Jeffrey Schoenberg, Laura Digges.(Holcomb, Michael) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 09/15/2017) |
| 09/18/2017 | 71 | | ORDER GRANTING 62 Application of Joe Robert Caldwell, Jr. for Admission Pro Hac Vice. Signed by Judge Amy Totenberg on 9/18/2017. (jtj) (Entered: 09/18/2017) |
| 09/18/2017 | 72 | | ORDER GRANTING 61 Application of Edward Bruce Schwartz for Admission Pro Hac Vice. Signed by Judge Amy Totenberg on 9/18/2017. (jtj) (Entered: 09/18/2017) |
| 09/18/2017 | 73 | | RESPONSE to 68 Court's September 15, 2017 Order, filed by Representative Karen C. Handel. (Russo, Vincent) (Entered: 09/18/2017) |
| 09/18/2017 | 74 | | ACKNOWLEDGMENT OF SERVICE Executed filed by Karen C. Handel. (Russo, Vincent) (Entered: 09/18/2017) |
| 09/20/2017 | 76 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 9/20/2017. Plaintiffs stated that they did drop the contest claim in the recently filed amended complaint and that there were no remaining claims against Karen Handel. Counsel for Handel contended that she should thus be dismissed as a party. By Tuesday, September 26, 2017, the Plaintiffs are to provide Handel's attorney, and notify the Court, as to Plaintiffs' position re the claims against Handel. Discussion was had regarding Defendant Wingate's motion to remand. Plaintiffs will file opposition to the motion to remand. Discussion was had regarding the litigation hold on voting equipment. Plaintiffs will inform Defendants by Friday, September 22, 2017, re what equipment, if any, it believes need to remain subject to the litigation hold. (Court Reporter Shannon Welch) (jtj) (Entered: 09/22/2017) |
| 09/21/2017 | 75 | | RESPONSE in Opposition re 58 MOTION to Remand to State Court *by Mark Wingate* filed by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Holcomb, Michael) (Entered: 09/21/2017) |
| 09/22/2017 | 77 | | ORDER DENYING AS MOOT 3 Plaintiffs' Motion for Leave to Serve Election Contest Defendants and Candidates by Certified Process Server; 4 Plaintiffs' Expedited Motion for Limited Early and Expedited Discovery; and 6 State Defendants' Motion for Leave to File Excess Pages. Signed by Judge Amy Totenberg on 9/22/2017. (jtj) (Entered: 09/22/2017) |
| 09/22/2017 | 78 | | MOTION for Leave to File Excess Pages by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Text of Proposed Order)(Correia, Cristina) (Entered: 09/22/2017) |
| 09/22/2017 | 79 | | First MOTION to Dismiss with Brief In Support by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of |

| | | | |
|---|---|---|---|
| | | | Registrations and Elections, Samuel E. Tillman, Baoky N. Vu. (Bryan, Bennett) (Entered: 09/22/2017) |
| 09/26/2017 | 80 | | TRANSCRIPT of Telephone Conference Proceedings held on 9/20/2017, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2017. Redacted Transcript Deadline set for 10/27/2017. Release of Transcript Restriction set for 12/26/2017. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 09/26/2017) |
| 09/28/2017 | 81 | | ORDER – Ms. Handel is no longer a party to this case as of the Second Amended Complaint. She is not required to file any response to the Second Amended Complaint, let alone participate in this case going forward. There is nothing to dismiss. And therefore there is no basis for Mr. Russo's motion.The Clerk of Court is DIRECTED to immediately terminate Ms. Handel as a party in this case, so that the docket reflects that the Second Amended Complaint brought no claims against Ms. Handel and did not name her as a party defendant. Signed by Judge Amy Totenberg on 9/28/2017. (jtj) (Entered: 09/28/2017) |
| 09/29/2017 | 82 | | MOTION to Dismiss by David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, Mark Wingate. (Attachments: # 1 Brief)(Lowman, David) (Entered: 09/29/2017) |
| 09/29/2017 | 83 | | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Second Amended Complaint* with Brief In Support by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Brief)(Heidt, Josiah) (Entered: 09/29/2017) |
| 09/29/2017 | 84 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson. (White, Daniel) (Entered: 09/29/2017) |
| 10/02/2017 | 85 | | UNOPPOSED MOTION to Consolidate Deadlines for Plaintiff's Responses to Defendants' Motions to Dismiss with Brief In Support, by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Holcomb, Michael) (Entered: 10/02/2017) |
| 10/03/2017 | | | Submission of 85 UNOPPOSED MOTION to Consolidate Deadlines for Plaintiff's Responses to Defendants' Motions to Dismiss, submitted to District Judge Amy Totenberg. (jtj) (Entered: 10/03/2017) |
| 10/03/2017 | 86 | | ORDER GRANTING 85 Motion to Consolidate Deadlines. The Plaintiffs' response brief to the Defendants' motions to dismiss (Dkt. Nos. 79, 82, 83, and 84) is due by October 13, 2017. Signed by Judge Amy Totenberg on 10/03/2017. (jtj) (Entered: 10/03/2017) |
| 10/05/2017 | 87 | | |

| | | |
|---|---|---|
| | | REPLY to 58 MOTION to Remand to State Court with Brief In Support, by Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, The Fulton County Board of Registration and Elections, Mark Wingate. (Burwell, Kaye) Modified on 10/5/2017 to reflect e–filed document. (jtj) (Entered: 10/05/2017) |
| 10/06/2017 | | Submission of 58 MOTION to Remand to State Court , submitted to District Judge Amy Totenberg. (jtj) (Entered: 10/06/2017) |
| 10/09/2017 | 88 | REPLY BRIEF re 58 MOTION to Remand to State Court filed by Mark Wingate. (Burwell, Kaye) (Entered: 10/09/2017) |
| 10/10/2017 | | Submission of 78 MOTION for Leave to File Excess Pages , submitted to District Judge Amy Totenberg. (jtj) (Entered: 10/10/2017) |
| 10/10/2017 | 89 | ORDER GRANTING 78 Motion for Leave to File Excess Pages. Signed by Judge Amy Totenberg on 10/10/2017. (jtj) (Entered: 10/10/2017) |
| 10/13/2017 | 90 | MOTION for Leave to File Excess Pages with Brief In Support by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Brief in Support of a Motion to File Brief in Excess of Twenty–Five Pages, # 2 Text of Proposed Order)(Schwartz, Edward) (Entered: 10/13/2017) |
| 10/13/2017 | 91 | RESPONSE re 83 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Second Amended Complaint*, 82 MOTION to Dismiss , 79 First MOTION to Dismiss , 84 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Schwartz, Edward) (Entered: 10/13/2017) |
| 10/18/2017 | 92 | ORDER granting in part the 90 Motion for Leave to File Excess Pages. Plaintiffs shall file their 75–page response brief no later than October 20, 2017 at 4:30 P.M. The Court expects the response brief to be a condensed version of the currently filed brief, not a revised version with new or additional arguments. Defendants time to file their reply brief(s) is extended to October 30, 2017. Signed by Judge Amy Totenberg on 10/18/17. (aaq) (Entered: 10/18/2017) |
| 10/20/2017 | 93 | RESPONSE re 83 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Second Amended Complaint*, 82 MOTION to Dismiss , 79 First MOTION to Dismiss , 84 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AS AMENDED* filed by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Schwartz, Edward) (Entered: 10/20/2017) |
| 10/24/2017 | 94 | REPLY BRIEF in Support of 79 First MOTION to Dismiss filed by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, The Fulton County Board of Registration and Elections, Samuel E. Tillman, Baoky N. Vu. (Bryan, Bennett) (Entered: 10/24/2017) |
| 10/27/2017 | 95 | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to File Excess Pages by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley. (Attachments: # 1 Text of Proposed Order)(Correia, Cristina) (Entered: 10/27/2017) |
| 10/30/2017 | 96 | | ORDER GRANTING IN PART 95 Motion for Leave to File Excess Pages. The State Defendants may file a reply brief no longer than 20 pages in length. Signed by Judge Amy Totenberg on 10/30/2017. (jtj) (Entered: 10/30/2017) |
| 10/30/2017 | 97 | | REPLY to Response to Motion re 83 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Second Amended Complaint* filed by Seth Harp, Brian P. Kemp, Merle King, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley. (Correia, Cristina) (Entered: 10/30/2017) |
| 10/30/2017 | 98 | | REPLY BRIEF re 84 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson. (White, Daniel) (Entered: 10/30/2017) |
| 10/31/2017 | 99 | | ORDER DENYING as MOOT 58 Motion to Remand to State Court. Signed by Judge Amy Totenberg on 10/31/17. (bnw) (Entered: 10/31/2017) |
| 10/31/2017 | 100 | | REPLY to Response to Motion re 83 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Second Amended Complaint* filed by Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, Mark Wingate. (Lowman, David) (Entered: 10/31/2017) |
| 11/02/2017 | | | Submission of 79 First MOTION to Dismiss, 83 MOTION to Dismiss, 84 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 82 MOTION to Dismiss, submitted to District Judge Amy Totenberg. (jtj) (Entered: 11/02/2017) |
| 11/03/2017 | 101 | | Certificate of Consent to Withdraw and Substitution of Counsel by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Correia, Cristina) (Entered: 11/03/2017) |
| 11/03/2017 | 102 | | Certificate of Consent to Withdraw as Counsel and Substitution of Counsel, by Merle King. (Correia, Cristina) (Entered: 11/03/2017) |
| 11/03/2017 | 103 | | Certification of Consent to Substitution of Counsel. Roy E. Barnes and John Frank Salter, Jr substituted for Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, and for David J. Worley. Barnes and salter replacing attorneys Elizabeth Ahern Monyak, Cristina Correia and Josiah Benjamin Heidt. (jtj) (Entered: 11/03/2017) |
| 11/03/2017 | 104 | | MOTION to Withdraw Edward Bruce Schwartz as Attorney with Brief In Support by Coalition for Good Governance. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Schwartz, Edward) (Entered: 11/03/2017) |
| 11/07/2017 | 105 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 11/7/2017. The Court indicated that the Plaintiffs must file a motion regarding spoliation if they want to pursue that issue. The Court inquired as to what the Defendants had done regarding the wiping of the |

| | | | |
|---|---|---|---|
| | | | Kennesaw State University server. The Court encouraged the parties to confer about preservation of evidence. Plaintiffs will circulate a draft order to Defendants and submit a proposed order to the Court by close of business on Monday, November 13, 2017. Counsel for the State Defendants requested oral argument on the pending motions to dismiss. The Court inquired as to whether the parties can stipulate to any items, including facts. The parties are to provide the Court with a joint report not exceeding 4 pages in length summarizing their conversations by close of business on Monday, November 13, 2017. (Court Reporter Shannon Welch)(jtj) (Entered: 11/07/2017) |
| 11/07/2017 | 106 | | NOTICE of Appearance by Grant Edward Schnell on behalf of Merle King (Schnell, Grant) (Entered: 11/07/2017) |
| 11/08/2017 | 107 | | TRANSCRIPT of Telephone Conference Proceedings held on 11/7/2017, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2017. Redacted Transcript Deadline set for 12/11/2017. Release of Transcript Restriction set for 2/6/2018. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 11/08/2017) |
| 11/13/2017 | 108 | | JOINT STATUS REPORT by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Attachments: # 1 Exhibit A Draft Preservation Order, # 2 Exhibit B Defendants' Draft Preservation Order)(Schwartz, Edward) (Entered: 11/13/2017) |
| 11/15/2017 | 109 | | MOTION for Hearing re 104 MOTION to Withdraw, by Coalition for Good Governance. (jtj) (Entered: 11/15/2017) |
| 11/15/2017 | 110 | | ORDER GRANTING 109 Plaintiff Coalition for Good Governance's Request for a Hearing and for Leave to Be Heard insofar as CGG may have additional time to file a response to Steptoe & Johnson's withdrawal motion. CGG may file a response no later than November 27, 2017. The Clerk is DIRECTED to file CGG's response ex parte with the Court. The Clerk is FURTHER DIRECTED to mail a copy of this Order to CGG at 7035 Marching Duck Dr. E504, Charlotte, NC 28210, and to also email a copy of this Order to CGG at Marilyn@USCGG.org. Signed by Judge Amy Totenberg on 11/15/2017. (jtj) (Entered: 11/16/2017) |
| 11/16/2017 | | | The Clerk emailed the 110 Order as directed in the order. (jtj) (Entered: 11/16/2017) |
| 11/16/2017 | | | Clerk's Certificate of Mailing as to Coalition for Good Governance re 110 Order. Notice of street name change for the Atlanta courthouse included. (jtj) (Entered: 11/16/2017) |
| 11/27/2017 | 111 | | Request for Leave of Absence for the following date(s): February 1, 2018 through February 5, 2018, May 3, 2018 through May 15, 2018 and June 29, 2018 through July 9, 2018, by Bennett Davis Bryan. (Bryan, Bennett) (Entered: 11/27/2017) |
| 11/27/2017 | 112 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by William Brent Ney on behalf of Coalition for Good Governance (Ney, William) (Entered: 11/27/2017) |
| 11/27/2017 | 113 | | MOTION for Extension of Time to File Ex Parte Response to 104 Steptoe & Johnson LLP's Motion to Withdraw Edward Bruce Schwartz as Attorney, by Coalition for Good Governance. (Attachments: # 1 Text of Proposed Order)(Ney, William) (Entered: 11/27/2017) |
| 11/28/2017 | 114 | | ORDER GRANTING 113 Motion for Extension of Time to File Ex Parte Response to Steptoe & Johnson, LLPs Motion to Withdraw. The Court extends the deadline for CGG to file its response to 5:00 P.M. on November 29, 2017. CGG additionally stated in its Motion that Steptoe & Johnson, LLP represented that it would voluntarily seek permission from the Court to withdraw from all representation in this matter. Steptoe & Johnson, LLP has not yet filed such a motion. The Court notes that it has discretion to grant or deny a withdrawal of counsel motion; it is not required to grant withdrawal. The Court further notes that it is difficult and perhaps impossible to move forward with this case in an efficient manner in light of the continuing shifts in Plaintiffs counsel. Signed by Judge Amy Totenberg on 11/28/2017. (jtj) (Entered: 11/28/2017) |
| 11/28/2017 | 115 | | MOTION to Stay with Brief In Support by Coalition for Good Governance. (Attachments: # 1 Brief in Support of Motion to Stay, # 2 Text of Proposed Order)(Ney, William) (Entered: 11/28/2017) |
| 11/28/2017 | 118 | | COURT ACCESS ONLY PER 117 ORDER RESPONSE to 104 MOTION to Withdraw, filed by Coalition for Good Governance. (jtj) (Additional attachment(s) added on 11/30/2017: # 1 Exhibits A – D) (jtj). (Entered: 11/30/2017) |
| 11/29/2017 | 116 | | ORDER GRANTING 104 Motion to Withdraw Edward Bruce Schwartz and Joe R. Caldwell, Jr. as Attorneys for CGG alone. The Court also GRANTS CGGs motion to stay for purposes of CGG obtaining new counsel. CGG is an artificial entity that must have counsel to proceed. CGG shall retain counsel licensed to practice in this district, and new counsel must file a notice of appearance with the Court no later than January 2, 2018. The case shall be STAYED and ADMINISTRATIVELY CLOSED during this time, though CGG may move to re–open the case earlier if it retains counsel before January 2, 2018. Failure to comply with this Order may result in an entry of default against CGG. The Court notes that it makes no finding as to the alleged conflict of interest in Steptoes representation of CGG and the other Plaintiffs. Signed by Judge Amy Totenberg on 11/29/2017. (jtj) (Entered: 11/29/2017) |
| 11/29/2017 | | | Civil Case Administratively Closed. (jtj) (Entered: 11/29/2017) |
| 11/30/2017 | 117 | | AMENDED 116 ORDER ADMINISTRATIVELY CLOSING this civil action through January 2, 2018. The Clerk of Court shall seal CGG's filing so that only the Court is able to view the contents of the filing. Signed by Judge Amy Totenberg on 11/30/2017. (jtj) (Entered: 11/30/2017) |
| 12/11/2017 | 119 | | ORDER instructing counsel to confer no later than Wednesday, December 13, 2017 at 12:00 P.M. If there are any unresolved issues after counsel confer, counsel shall file a joint statement in which each side represents its position no later than Thursday, December 14, 2017 at 12:00 P.M. If the parties reach anagreement that is supplemental to the data transfer email (Exhibit A), they shall file it no later than Thursday, December 14, 2017 at 12:00 P.M. Signed by |

| | | | Judge Amy Totenberg on 12/11/17. (jpa) (Entered: 12/12/2017) |
|---|---|---|---|
| 12/13/2017 | 120 | | APPLICATION for Admission of Robert Alexander McGuire, III Pro Hac Vice (Application fee $ 150, receipt number 113E–7563092)by Coalition for Good Governance. (Attachments: # 1 Text of Proposed Order)(Ney, William) (Entered: 12/13/2017) |
| 12/14/2017 | 121 | | NOTICE of Joint Statement of the Parties' Positions Concerning Preservation of Evidence During Transfer by Coalition for Good Governance re 119 Order (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order, # 3 Text of Proposed Order)(Ney, William) (Entered: 12/14/2017) |
| 12/15/2017 | 122 | | ORDER re preservation of all evidence relevant to the claims and defenses in this litigation. The Court expects the parties to work cooperatively and in good faith to preserve evidence. If there should be any dispute or confusion about compliance with this Order, the Parties should first confer, and if the issues cannot be resolved, the Parties should notify the Court and request a phone conference, as appropriate. Signed by Judge Amy Totenberg on 12/15/2017. (acm) (Entered: 12/15/2017) |
| 12/15/2017 | 123 | | ORDER re 121 Joint Statement of the Parties' Positions Concerning Preservation of Evidence During Transfer. It is ORDERED that any potential evidence related to the claims and defenses in this case, which will be physically transferred from Center for Election Systems and Kennesaw State University to the Georgia Secretary of State, shall be preserved without destruction or alteration in accordance with the parties' obligations to preserve evidence. The parties shall continue to honor their obligations in connection with their respective preservation obligations. Signed by Judge Amy Totenberg on 12/15/2017. (acm) (Entered: 12/15/2017) |
| 12/21/2017 | | | APPROVAL by Clerks Office re: 120 APPLICATION for Admission of Robert Alexander McGuire, III Pro Hac Vice (Application fee $ 150, receipt number 113E–7563092). Attorney William Brent Ney added appearing on behalf of Coalition for Good Governance (jkm) (Entered: 12/21/2017) |
| 12/21/2017 | 124 | | Certificate of Consent for Bryan Ward, Marvin Lim, Aaron Wright, and Holcomb + Ward, LLP to Withdraw as Counsel for all Plaintiffs, by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Holcomb, Michael) . (Entered: 12/21/2017) |
| 12/21/2017 | 125 | | ORDER granting 120 Application for Admission Pro Hac Vice of Robert Alexander McGuire, III. Signed by Judge Amy Totenberg on 12/21/17. (jpa) (Entered: 12/22/2017) |
| 12/22/2017 | | | Clerks Certificate of Mailing re 125 Order on Application for Admission PHV of Robert Alexander McGuire, III. Notice of street name change for the Atlanta courthouse included. (jpa) (Entered: 12/22/2017) |
| 01/04/2018 | 126 | | ORDER – The Court seeks clarity on whether or not Steptoe continues to represent the individual Plaintiffs in this matter. The Court DIRECTS Steptoe to file a notice stating whether it intends to file a motion to withdraw (or otherwise a Certificate of Consent to withdraw) pursuant to Local Rule 83.1(E) and if so, when it plans to file such a motion or certificate no later than January 10, 2018. The Court also DIRECTS Mr. Ney and Mr. McGuire to file a notice |

| | | | |
|---|---|---|---|
| | | | stating whether they serve as counsel for the Coalition for Good Governance in all matters of this case going forward no later than January 10, 2018. Signed by Judge Amy Totenberg on 1/04/2018. (See order for more details)(jtj) (Entered: 01/05/2018) |
| 01/08/2018 | 127 | | NOTICE by Coalition for Good Governance *Regarding Representation of Coalition for Good Governance by William Brent Ney* (Ney, William) (Entered: 01/08/2018) |
| 01/08/2018 | 128 | | STATUS REPORT *SUBMISSION OF STEPTOE & JOHNSON LLP RE 126 ORDER* by Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg, Edward Curtis Terry. (Attachments: # 1 Notice (REDACTED))(Schwartz, Edward) (Entered: 01/08/2018) |
| 01/09/2018 | 129 | | NOTICE of Appearance by Robert Alexander McGuire, III on behalf of Coalition for Good Governance (McGuire, Robert) (Entered: 01/09/2018) |
| 01/10/2018 | 130 | | ORDER DIRECTING the Clerk of Court to file any such objection on a sealed, ex parte basis with the Court, as any such objection may contain privileged information or information that is detrimental to other parties in this matter. The Court FURTHER DIRECTS Steptoe, if it files a motion to withdraw, to provide each of the individual Plaintiffs it represents with a copy of this Order, a copy of its motion to withdraw, and the address and contact information for the Clerk of Court. Signed by Judge Amy Totenberg on 1/10/18. (jpa) (Entered: 01/11/2018) |
| 01/12/2018 | 131 | | MOTION to Withdraw Edward Bruce Schwartz as Attorney with Brief In Support by Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 [Proposed] Order, # 2 Notice of Withdrawal (Redacted))(Schwartz, Edward) (Entered: 01/12/2018) |
| 01/12/2018 | 132 | | RESPONSE to 131 MOTION to Withdraw, filed by Donna Curling. (jtj) (Entered: 01/16/2018) |
| 01/16/2018 | 133 | | Request for Leave of Absence for the following date(s): February 20–23, April 16–20, by Robert Alexander McGuire, III. (McGuire, Robert) (Entered: 01/16/2018) |
| 01/16/2018 | 134 | | Compliance with Court's Standing Order, by Robert Alexander McGuire, III on behalf of Coalition for Good Governance. (McGuire, Robert) (Entered: 01/16/2018) |
| 01/18/2018 | 135 | | ORDER GRANTING 131 Motion to Withdraw Steptoe as Attorneys. The Court DIRECTS each of the individual plaintiffs to file a notice with the Court no later than February 22, 2018 indicating whether they intend to proceed pro se, to proceed with new counsel, or to seek to dismiss their claims against Defendants altogether. Additionally, the Court DIRECTS each of the individual plaintiffs to file with the Clerk of the Court a notice or letter with his or her contact information, including each individual plaintiffs mailing address, no later than February 5, 2018. The Court ORDERS Steptoe to mail a copy of this Order to the individual Plaintiffs. This case shall continue to be ADMINISTRATIVELY CLOSED pending resolution of the representation issues regarding the individual plaintiffs. Signed by Judge Amy Totenberg on 1/18/2018. (jtj) (Entered: 01/18/2018) |

| 01/25/2018 | 136 | | Consent MOTION to Withdraw Bryan Myerson Ward as Attorneyby Coalition for Good Governance. (Ward, Bryan) (Entered: 01/25/2018) |
| 02/05/2018 | 137 | | RESPONSE to 135 Order, filed by Donna Curling, Donna Price, Jeffrey Schoenberg. (jtj) (Entered: 02/06/2018) |
| 02/05/2018 | 138 | | RESPONSE to 135 Order, filed by Laura Digges, William Digges, III. (jtj) (Entered: 02/06/2018) |
| 02/08/2018 | 139 | | RESPONSE to 135 Order, filed by Ricardo Davis. (jtj) (Entered: 02/09/2018) |
| 02/16/2018 | 140 | | Request for Leave of Absence for the following date(s): 2/26/18–2/27/18,4/2/18–4/6/18,7/6/18–7/23/18, by John Frank Salter, Jr. (Salter, John) (Entered: 02/16/2018) |
| 02/22/2018 | 141 | | RESPONSE to 135 Order, filed by Laura Digges, William Digges, III. (jtj) (Entered: 02/23/2018) |
| 02/22/2018 | 142 | | RESPONSE to 135 Order filed by Ricardo Davis. (jtj) (Entered: 02/23/2018) |
| 02/22/2018 | 143 | | RESPONSE to 135 Order, filed by Donna Curling, Donna Price, Jeffrey Schoenberg. (jtj) (Entered: 02/23/2018) |
| 02/27/2018 | 144 | | ORDER DIRECTING the individual plaintiffs to file a notice no later than March 30, 2018 indicating whether they intend to proceed pro se or with new counsel, and if they intend to proceed with counsel, they shall name the new counsel in the notice. Any new counsel for the individual plaintiffs shall file a notice of appearance no later than April 2, 2018. This case shall remain administratively closed during this time. If Mr. Terry intends to proceed in this case, he must comply with this Order. Signed by Judge Amy Totenberg on 2/27/18. (jpa) (Entered: 02/27/2018) |
| 02/27/2018 | | | Clerks Certificate of Mailing as to Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg re 144 Order. Notice of street name change for the Atlanta courthouse included. (jpa) (Entered: 02/27/2018) |
| 02/27/2018 | 145 | | ORDER DIRECTING the Clerk to email a copy of this Order, 135 Order, and 144 Order to Plaintiff Edward Curtis Terry. The Court FURTHER DIRECTS Mr. Terry to file with the Clerk a notice that provides his mailing address no later than March 9, 2018. Mr. Terry is ADVISED that all filings must contain this case number, 1:17–cv–2989–AT, to ensure that they are filed in the proper case. Mr. Terry is FURTHER ADVISED that, as indicated by Standing Order No. 16–01, emails to the Clerk do not constitute official filings in a case. If Mr. Terry obtains new counsel who files a notice of appearance prior to March 9, 2018, he may forgo this requirement. The Clerk is DIRECTED to resubmit this matter to the undersigned on March 12, 2018 if Mr. Terry has not complied as directed. Signed by Judge Amy Totenberg on 2/27/2018. (sap) (Entered: 02/28/2018) |
| 02/28/2018 | | | Clerks Certificate of Mailing as to Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, and Jeffrey Schoenberg re 145 Order. Notice of street name change for the Atlanta courthouse included. (sap) (Entered: 02/28/2018) |
| 02/28/2018 | | | |

| | | | |
|---|---|---|---|
| | | | Clerks Certificate of Emailing as to Edward Curtis Terry re 145 Order. (sap) (Entered: 02/28/2018) |
| 03/13/2018 | | | Submission of 145 Order to District Judge Amy Totenberg. (sap) (Entered: 03/13/2018) |
| 03/14/2018 | 146 | | ORDER DIRECTING the Clerk to email a copy of this Order to Plaintiff Edward Curtis Terry. The Court FURTHER DIRECTS Mr. Terry to file with the Clerk a notice that provides his mailing address no later than March 20, 2018. Mr. Terry is ADVISED that all filings must contain this case number, 1:17–cv–2989–AT, to ensure that they are filed in the proper case. Mr. Terry is FURTHER ADVISED that, as indicated by Standing Order No. 16–01, emails to the Clerk do not constitute official filings in a case. The Court advises Mr. Terry that failure to comply with the instant Order may result in dismissal of his claims in this case. Signed by Judge Amy Totenberg on 3/14/2018. (sap) (Entered: 03/14/2018) |
| 03/14/2018 | | | Clerks Certificate of Mailing as to Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, and Jeffrey Schoenberg re 146 Order. Notice of street name change for the Atlanta courthouse included. (sap) (Entered: 03/14/2018) |
| 03/14/2018 | | | Clerks Certificate of Emailing as to Edward Curtis Terry re 146 Order. (sap) (Entered: 03/14/2018) |
| 03/20/2018 | 147 | | Order DISMISSING Mr. Terry's claims in this case pursuant to Local Rule 41.3A(2), for his refusal to obey a lawful order of the Court. Signed by Judge Amy Totenberg on 3/20/18. (jpa) (Entered: 03/21/2018) |
| 03/21/2018 | 148 | | (JUDGMENT ENTERED IN ERROR) CLERK'S JUDGMENT. (jpa)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– Text Modified on 3/22/2018 (sap). (Entered: 03/21/2018) |
| 03/21/2018 | | | Clerks Certificate of Mailing as to Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, Jeffrey Schoenberg re 147 Order to Dismiss, 148 Clerk's Judgment. Notice of street name change for the Atlanta courthouse included. (jpa) (Entered: 03/21/2018) |
| 03/21/2018 | | | Clerks Certificate of Emailing as to Edward Curtis Terry re 147 Order and 148 Clerk's Judgment. (sap) (Entered: 03/21/2018) |
| 03/22/2018 | | | Notification of Docket Correction re 148 Clerk's Judgment: Judgment Entered in Error. (sap) (Entered: 03/22/2018) |
| 03/22/2018 | | | Clerks Certificate of Emailing as to Edward Curtis Terry re the Notification of Docket Correction for 148 Clerk's Judgment. (sap) (Entered: 03/22/2018) |
| 03/23/2018 | | | Clerks Certificate of Mailing as to Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Donna Price, and Jeffrey Schoenberg re the Notification of Docket Correction for 148 Clerk's Judgment. Notice of street name change for the Atlanta courthouse included. (sap) (Entered: 03/23/2018) |
| 03/30/2018 | 149 | | NOTICE of Appearance by William Brent Ney on behalf of Ricardo Davis, Laura Digges, William Digges, III (Ney, William) (Entered: 03/30/2018) |
| 03/30/2018 | 150 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE re 144 Order by Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) (Entered: 03/30/2018) |
| 03/30/2018 | 151 | | NOTICE of Appearance by Halsey G. Knapp, Jr on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) (Entered: 03/30/2018) |
| 03/30/2018 | 152 | | NOTICE of Appearance by Adam Martin Sparks on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (Sparks, Adam) (Entered: 03/30/2018) |
| 03/30/2018 | 153 | | APPLICATION for Admission of David D. Cross Pro Hac Vice (Application fee $ 150, receipt number 113E–7785544)by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 03/30/2018) |
| 03/30/2018 | 154 | | APPLICATION for Admission of Jane P. Bentrott Pro Hac Vice (Application fee $ 150, receipt number 113E–7785552) by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 03/30/2018) |
| 04/02/2018 | 155 | | NOTICE of Appearance by Cary Ichter on behalf of Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III (Ichter, Cary) (Entered: 04/02/2018) |
| 04/02/2018 | 156 | | NOTICE re 144 Order *of pending pro hac vice application for David D. Cross* by Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) (Entered: 04/02/2018) |
| 04/02/2018 | 157 | | NOTICE re 144 Order *of pending pro hac vice application for Jane P. Bentrott* by Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) (Entered: 04/02/2018) |
| 04/03/2018 | 158 | | NOTICE of Appearance by Bruce P. Brown on behalf of Coalition for Good Governance (Brown, Bruce) (Entered: 04/03/2018) |
| 04/03/2018 | 159 | | NOTICE of Filing *Certificate of Complaince with Court's Standing Order* by Bruce P. Brown on behalf of Coalition for Good Governance. (Brown, Bruce) (Entered: 04/03/2018) |
| 04/04/2018 | | | APPROVAL by Clerks Office re: 154 APPLICATION for Admission of Jane P. Bentrott Pro Hac Vice (per rb) (Application fee $ 150, receipt number 113E–7785552). Attorney Jane P. Bentrott added appearing on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (pmb) (Entered: 04/04/2018) |
| 04/04/2018 | | | APPROVAL by Clerks Office re: 153 APPLICATION for Admission of David D. Cross Pro Hac Vice (per rb) (Application fee $ 150, receipt number 113E–7785544). Attorney David D. Cross added appearing on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (pmb) (Entered: 04/04/2018) |
| 04/04/2018 | 160 | | MOTION to Amend *Complaint* by Coalition for Good Governance. (Attachments: # 1 Exhibit A – Proposed Third Amended Complaint, # 2 Exhibit B – Proposed Order)(Brown, Bruce) (Entered: 04/04/2018) |
| 04/05/2018 | 161 | | MOTION for Hearing *Request for Status Conference* by Coalition for Good Governance. (Brown, Bruce) (Entered: 04/05/2018) |
| 04/06/2018 | 162 | | NOTICE of Change of Address for Robert Alexander McGuire, III, counsel for Coalition for Good Governance (McGuire, Robert) (Entered: 04/06/2018) |
| 04/06/2018 | 163 | | |

| | | | |
|---|---|---|---|
| | | | Request for Leave of Absence for the following date(s): April 16–20 (previously noticed), May 14–15 (new), by Robert Alexander McGuire, III. (McGuire, Robert) (Entered: 04/06/2018) |
| 04/06/2018 | 164 | | ORDER GRANTING 153 Application for Admission of David D. Cross Pro Hac Vice. Signed by Judge Amy Totenberg on 4/6/2018. (sap) (Entered: 04/06/2018) |
| 04/06/2018 | 165 | | ORDER GRANTING 154 Application for Admission of Jane P. Bentrott Pro Hac Vice. Signed by Judge Amy Totenberg on 4/6/2018. (sap) (Entered: 04/06/2018) |
| 04/09/2018 | 166 | | RESPONSE re 160 MOTION to Amend *Complaint* filed by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley. (Attachments: # 1 Text of Proposed Order)(Salter, John) (Entered: 04/09/2018) |
| 04/09/2018 | 167 | | Notice for Leave of Absence for the following date(s): June 7–8, 2018, July 2–6, 2018, August 24–31, 2018, November 19–23, 2018, December 20–31, 2018, by Halsey G. Knapp, Jr. (Knapp, Halsey) (Entered: 04/09/2018) |
| 04/11/2018 | 168 | | Request for Leave of Absence for the following date(s): July 18, 2018 – July 20, 2018, by Bennett Davis Bryan. (Bryan, Bennett) (Entered: 04/11/2018) |
| 04/11/2018 | 169 | | RESPONSE in Support re 161 MOTION for Hearing *Request for Status Conference* filed by Richard Barron, David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, The Fulton County Board of Registration and Elections, Mark Wingate. (Lowman, David) (Entered: 04/11/2018) |
| 04/13/2018 | 170 | | MOTION for Extension of Time to Respond to 160 MOTION to Amend *Complaint* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Sparks, Adam) (Entered: 04/13/2018) |
| 04/16/2018 | 171 | | RESPONSE re 170 MOTION for Extension of Time to Respond to 160 MOTION to Amend *Complaint* filed by Coalition for Good Governance. (Ney, William) (Entered: 04/16/2018) |
| 04/16/2018 | 172 | | NOTICE of Joinder 166 Response to Motion by Merle King (Schnell, Grant) (Entered: 04/16/2018) |
| 04/17/2018 | 173 | | REPLY to Response to Motion re 170 MOTION for Extension of Time to Respond to 160 MOTION to Amend *Complaint* filed by Donna Curling, Donna Price, Jeffrey Schoenberg. (Sparks, Adam) (Entered: 04/17/2018) |
| 04/18/2018 | | | Submission of 170 MOTION for Extension of Time to Respond to 160 MOTION to Amend *Complaint* to District Judge Amy Totenberg. (sap) (Entered: 04/18/2018) |
| 04/18/2018 | 174 | | RESPONSE re 160 MOTION to Amend *Complaint* filed by Fred Aiken, Jessica Brooks, Phil Daniell, Janine Eveler, Joe Pettit, The Cobb County Board of Elections and Registration, Darryl O. Wilson. (White, Daniel) (Entered: 04/18/2018) |
| 04/18/2018 | 175 | | RESPONSE in Opposition re 160 MOTION to Amend *Complaint* filed by The Fulton County Board of Registration and Elections, Richard Barron, David J. |

|  |  |  | Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, Mark Wingate. (Lowman, David) Filers Modified on 4/18/2018 (sap). (Entered: 04/18/2018) |
| --- | --- | --- | --- |
| 04/18/2018 | 176 |  | RESPONSE re 160 MOTION to Amend *Complaint* filed by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel Tillman, and Baoky Vu. (Bryan, Bennett) Filers Modified on 4/18/2018 (sap). (Entered: 04/18/2018) |
| 04/18/2018 | 177 |  | ORDER GRANTING Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenbergs 170 Motion for Extension of Time to Respond to 160 MOTION to Amend *Complaint*. Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg may file their Response no later than 5:00pm on April 26, 2018. Signed by Judge Amy Totenberg on 4/18/2018. (sap) (Entered: 04/18/2018) |
| 04/24/2018 | 178 |  | Request for Leave of Absence for the following date(s): April 30, 2018, May 2–3, 2018, May 7–9, 2018, May 14–18, 2018, May 21–25, 2018, by David D. Cross. (Cross, David) (Entered: 04/24/2018) |
| 04/25/2018 |  |  | MINUTE GRANTING the 161 Request for Status Conference. The Court will hold an in−person status conference on 5/1/2018 at 10:30 AM in ATLA Courtroom 2308. Entered by Judge Amy Totenberg on 4/25/2018. (acm) (Entered: 04/25/2018) |
| 04/26/2018 | 179 |  | RESPONSE in Opposition re 160 MOTION to Amend *Complaint* filed by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 04/26/2018) |
| 04/30/2018 | 180 |  | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *for Status Conference* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Sparks, Adam) (Entered: 04/30/2018) |
| 04/30/2018 | 181 |  | Consolidated REPLY to Response to Motion re 160 MOTION to Amend *Complaint* filed by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III. (McGuire, Robert) (Entered: 04/30/2018) |
| 04/30/2018 | 182 |  | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom during the May 1, 2018 Conference by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III. (Attachments: # 1 Text of Proposed Order)(Ney, William) (Entered: 04/30/2018) |
| 04/30/2018 | 183 |  | **DUPLICATE ENTRY**Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Coalition for Good Governance. (Attachments: # 1 Text of Proposed Order)(Ney, William) Modified on 4/30/2018 (jkl). (Entered: 04/30/2018) |
| 04/30/2018 | 184 |  | ORDER granting 180 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on May 1, 2018 at 10:30 A.M. Signed by Judge Amy Totenberg on 4/30/2018. (jkl) (Entered: 04/30/2018) |
| 04/30/2018 | 185 |  | ORDER GRANTING 182 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on May 1, 2018 at 10:30 A.M. Signed by Judge Amy Totenberg on 4/30/18. (jkl) (Entered: 04/30/2018) |
| 05/01/2018 | 189 |  |  |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge Amy Totenberg: Status Conference held on 5/1/2018. The Court confirmed that the firm of Holcomb and Ward, LLP has been relieved of its duties and responsibilities in this case. Discussion was had regarding the positions of the various Plaintiffs and possible severance. Discussion was had regarding the Plaintiffs' proposed 3rd Amended Complaint. By next week, Plaintiffs are to file a notice identifying the paragraphs they believe include material modifications. By Thursday, May 3, the parties are to have a phone conference to discuss sampling of the voting machines, and by Tuesday, May 9, they are to come up with a proposal on how to accomplish that. Plaintiffs are to relay their Rule 34 request re observing the May 22 election in more specificity. By Friday, May 4, Defendants are to identify in writing their concerns related to this request. The Court will hold a follow−up telephone conference on May 9 at 4 PM. By 1:00 PM on Tuesday, May 9, The State Defendants and Fulton County are to notify Plaintiffs and the Court re their positions on the posture of the defendants and sovereign immunity. (Court Reporter Shannon Welch) (sap) (Entered: 05/03/2018) |
| 05/03/2018 | 186 | | TRANSCRIPT of Status Conference Proceedings held on 5/1/2018, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404−215−1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/24/2018. Redacted Transcript Deadline set for 6/4/2018. Release of Transcript Restriction set for 8/1/2018. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 05/03/2018) |
| 05/03/2018 | 187 | | APPLICATION for Admission of John P. Carlin Pro Hac Vice (Application fee $ 150, receipt number 113E−7856478)by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 05/03/2018) |
| 05/03/2018 | 188 | | NOTICE of Appearance by John P. Carlin on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) Modified on 5/4/2018 to edit text. (cmd) (Entered: 05/03/2018) |
| 05/06/2018 | 190 | | NOTICE *identifying Paragraphs of Proposed Third Amended Complaint with Material Allegations* by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III (McGuire, Robert) (Entered: 05/06/2018) |
| 05/08/2018 | 191 | | NOTICE *Regarding Immunity* by Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley, and Seth Harp. (Attachments: # 1 Exhibit 1: Examination Report)(Salter, John) (Entered: 05/08/2018) |
| 05/08/2018 | 192 | | NOTICE of Appearance by Terry G. Phillips on behalf of Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, Samuel E. Tillman, Baoky N. Vu, and The Dekalb County Board of Registrations and Elections. (Phillips, Terry) (Entered: 05/08/2018) |
| 05/08/2018 | 193 | | APPLICATION for Admission of Catherine L. Chapple Pro Hac Vice (Application fee $ 150, receipt number 113E−7865709)by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 05/08/2018) |
| 05/08/2018 | 194 | | Application for Refund of Fees paid online through Pay.gov for receipt number 113E−7865525. (Knapp, Halsey) (Entered: 05/08/2018) |

| 05/09/2018 | 195 | | NOTICE of Appearance by Laura K. Johnson on behalf of The Dekalb County Board of Registrations and Elections (Johnson, Laura) (Entered: 05/09/2018) |
|---|---|---|---|
| 05/09/2018 | 196 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *for Conference* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Proposed Order)(Sparks, Adam) (Entered: 05/09/2018) |
| 05/09/2018 | | | Clerks Approval re 194 Application for Refund of Fees paid online. (mmc) (Entered: 05/10/2018) |
| 05/09/2018 | 202 | | Minute Entry for proceedings held before Judge Amy Totenberg: Telephone Conference held on 5/9/2018. The Court heard from the parties on the status of the voting machines and the need to preserve evidence. A recess was had.The hearing resumed. The Court heard further from the parties, then indicated it would reserve a room at the courthouse for 3:30 PM on Tuesday, May 10 for the parties to meet. Defendant Merle King was excused from this meeting. The Court will then hold a hearing at 5:00 PM, if needed. Counsel for the state defendants was directed to send the Court the state law they referenced during the conference. (Court Reporter Shannon Welch)(jpa) (Entered: 05/11/2018) |
| 05/10/2018 | 197 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *(For May 10, 2018 Conference)* by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Text of Proposed Order Proposed Order)(Salter, John) (Entered: 05/10/2018) |
| 05/10/2018 | 198 | | ORDER REOPENING CASE Signed by Judge Amy Totenberg on 5/10/2018. (sap) (Entered: 05/10/2018) |
| 05/10/2018 | 199 | | ORDER GRANTING the Plaintiffs' 196 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on May 10, 2018. Signed by Judge Amy Totenberg on 5/10/2018. (sap) (Entered: 05/10/2018) |
| 05/10/2018 | 200 | | ORDER GRANTING the Defendants' 197 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on May 10, 2018. Signed by Judge Amy Totenberg on 5/10/2018. (sap) (Entered: 05/10/2018) |
| 05/10/2018 | 201 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Coalition for Good Governance. (Attachments: # 1 Text of Proposed Order)(Ichter, Cary) (Entered: 05/10/2018) |
| 05/10/2018 | 203 | | ORDER granting 201 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on 5/10/18. Signed by Judge Amy Totenberg on 5/10/18. (jpa) (Entered: 05/11/2018) |
| 05/10/2018 | 205 | | Minute Entry for proceedings held before Judge Amy Totenberg: Status Conference held on 5/10/2018. The voting machines that are subject to the current litigation holdwill stay on hold and will not be used in the May 22 election. ByTuesday, May 15, the Coalition Plaintiffs shall respond toDefendants inquiry as to why the litigation hold include opticalscanning machines that are not DRE machines. By Thursday,May 17, the parties are to submit a joint proposed schedule to theCourt.Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Shannon Welch)(adg) (Entered: 05/11/2018) |
| 05/11/2018 | 204 | | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT of Status Conference Proceedings held on 5/10/2018, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/1/2018. Redacted Transcript Deadline set for 6/11/2018. Release of Transcript Restriction set for 8/9/2018. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 05/11/2018) |
| 05/11/2018 | 206 | | Coalition Plaintiffs' EXHIBITS admitted and retained at the 205 Status Conference, have been received from Courtroom Deputy and placed in the custody of the Records Clerks.. (Attachments: # 1 Exhibit 1)(adg) (Entered: 05/11/2018) |
| 05/14/2018 | | | Refund in the amount of $150.00 has been processed, effective 5/14/2018 in response to Clerks Action on Application for Refund of Fees paid online. (kns) (Entered: 05/14/2018) |
| 05/14/2018 | 207 | | (DOCUMENT FILED IN ERROR– ATTORNEY TO RE–FILE USING CORRECT EVENT) NOTICE of Appearance by Halsey G. Knapp, Jr on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) Modified on 5/14/2018 (adg). (Entered: 05/14/2018) |
| 05/14/2018 | 208 | | APPLICATION for Admission of Robert W. Manoso Pro Hac Vice (Application fee $ 150, receipt number 113E–7876698)by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 05/14/2018) |
| 05/14/2018 | | | APPROVAL by Clerks Office re: 187 APPLICATION for Admission of John P. Carlin Pro Hac Vice (Application fee $ 150, receipt number 113E–7856478). Attorney John P. Carlin added appearing on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (pmb) (Entered: 05/14/2018) |
| 05/17/2018 | 209 | | NOTICE of Compliance with 205 Minute Entry to Respond to Defendants by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III (Attachments: # 1 Exhibit)(McGuire, Robert) (Entered: 05/17/2018) |
| 05/17/2018 | 210 | | STATUS REPORT and Proposed Schedule for Determination of DRE Machine Preservation by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Exhibit)(Sparks, Adam) (Entered: 05/17/2018) |
| 05/17/2018 | 211 | | ORDER granting 187 Application for Admission Pro Hac Vice of John P Carlin. Signed by Judge Amy Totenberg on 5/17/18. (jpa) (Entered: 05/18/2018) |
| 05/18/2018 | | | Clerk's Certificate of Mailing as to John P. Carlin re 211 Order on Application for Admission PHV. Notice of street name change for the Atlanta courthouse included. (jpa) (Entered: 05/18/2018) |
| 05/18/2018 | 212 | | TRANSCRIPT of Telephone Conference Proceedings held on 5/9/2018, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/8/2018. Redacted |

| | | | |
|---|---|---|---|
| | | | Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/16/2018. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 05/18/2018) |
| 05/18/2018 | 213 | | NOTICE by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel E. Tillman, Baoky N. Vu re 210 Status Report *Consent to Joint Status Report* (Bryan, Bennett) (Entered: 05/18/2018) |
| 05/18/2018 | 214 | | NOTICE TO COUNSEL OF RECORD for Coalition for Good Governance regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Documentary EXHIBITS pursuant to Local Rule 79.1D. Re: 206 Exhibits. (adg) (Entered: 05/18/2018) |
| 05/21/2018 | | | APPROVAL by Clerks Office re: 193 APPLICATION for Admission of Catherine L. Chapple Pro Hac Vice (Application fee $ 150, receipt number 113E−7865709). Attorney Catherine L. Chapple added appearing on behalf of Donna Curling, Donna Price and Jeffrey Schoenberg (pmb) (Entered: 05/21/2018) |
| 05/25/2018 | 215 | | ORDER DIRECTING the Curling Plaintiffs to confer with the other parties as to how they plan to proceed with their claims re the proposed amendment in their 160 Motion to Amend Complaint. By June 1, 2018, the parties shall file a joint notice with the information as directed in the Order. Signed by Judge Amy Totenberg on 5/25/2018. (acm) (Entered: 05/25/2018) |
| 05/30/2018 | 216 | | ORDER GRANTING 193 Application for Admission of Catherine L. Chapple Pro Hac Vice. Signed by Judge Amy Totenberg on 5/30/2018. (sap) (Entered: 05/31/2018) |
| 05/31/2018 | | | APPROVAL by Clerks Office re: 208 APPLICATION for Admission of Robert W. Manoso Pro Hac Vice (per sb) (Application fee $ 150, receipt number 113E−7876698). Attorney Robert W. Manoso added appearing on behalf of Donna Curling, Donna Price, Jeffrey Schoenberg (pmb) (Entered: 05/31/2018) |
| 05/31/2018 | 217 | | NOTICE of Appearance by Catherine L. Chapple on behalf of Donna Curling, Donna Price, and Jeffrey Schoenberg (Knapp, Halsey) Event Modified on 6/1/2018 (sap). (Entered: 05/31/2018) |
| 06/01/2018 | 218 | | **(INVALID PER THE 220 ORDER)** STIPULATION of Dismissal *Without Prejudice* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Sparks, Adam) Text Modified on 6/5/2018 (sap). (Entered: 06/01/2018) |
| 06/01/2018 | 219 | | NOTICE *Regarding Curling Plaintiffs' Stipulated Dismissal* by Donna Curling, Donna Price, Jeffrey Schoenberg (Sparks, Adam) (Entered: 06/01/2018) |
| 06/05/2018 | 220 | | ORDER: The Court must find the Stipulation of Dismissal in this case to be INVALID. The Court therefore DIRECTS the Curling Plaintiffs to file a motion for leave to amend the Second Amended Complaint and to attach a proposed Third Amended Complaint no later than June 11, 2018. The Court is inclined to grant this motion, as well as the Coalition Plaintiffs 160 Motion to Amend, soon after the Curling Plaintiffs have filed their motion unless a serious objection is raised. At that time, the Court will also order the parties to confer and submit a proposed briefing schedule within seven days after the date |

| | | | |
|---|---|---|---|
| | | | of the order. Signed by Judge Amy Totenberg on 6/5/2018. (sap) (Entered: 06/05/2018) |
| 06/08/2018 | 221 | | ORDER GRANTING 208 Application for Admission of Robert W. Manoso Pro Hac Vice. Signed by Judge Amy Totenberg on 6/8/2018. (sap) (Entered: 06/08/2018) |
| 06/11/2018 | 222 | | NOTICE re 220 Order *and re Second Amended Complaint* by Donna Curling, Donna Price, Jeffrey Schoenberg (Knapp, Halsey) (Entered: 06/11/2018) |
| 06/11/2018 | 223 | | STIPULATION of Dismissal *re Certain Defendants* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Knapp, Halsey) (Entered: 06/11/2018) |
| 06/13/2018 | 224 | | NOTICE by Donna Curling, Donna Price, Jeffrey Schoenberg *Notice of Appearance of Robert W. Manoso* (Knapp, Halsey) (Entered: 06/13/2018) |
| 06/13/2018 | 225 | | ORDER GRANTING 160 Motion to Amend Complaint. The Third Amended Complaint is deemed filed as of the date of this Order. The Court ORDERS the Curling Plaintiffs and Defendants to confer and submit a proposed schedule regarding Defendants' responses to the Third Amended Complaint and any subsequent briefing no later than June 20, 2018. The Clerk is DIRECTED to dismiss, without prejudice, Defendants Maxine Daniels, Michael P. Coveny, Anthony Lewis, Leona Perry, Samuel E. Tillman, Baoky N. Vu, DeKalb County Board of Registrations and Elections, Janine Eveler, Phil Daniell, Fred Aiken, Joe Pettit, Jessica Brooks, Darryl O. Wilson, Cobb County Board of Elections and Registration and Merle King. Signed by Judge Amy Totenberg on 6/13/18. (jkl) (Entered: 06/13/2018) |
| 06/13/2018 | 226 | | THIRD AMENDED COMPLAINT against David J. Burge, Mary Carole Cooney, Seth Harp, Aaron Johnson, Brian P. Kemp, Stan Matarazzo, Vernetta Nuriddin, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, David J. Worley filed by Ricardo Davis, Coalition for Good Governance, William Digges, III, Laura Digges, Megan Missett. (jkl) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. Modified on 6/13/2018 to edit filers per direction of Chambers(jkl). (Entered: 06/13/2018) |
| 06/13/2018 | 227 | | AMENDED ORDER re 225 Order on 160 Motion for Leave to File Third Amended Complaint. the Court GRANTS the Coalition Plaintiffs' 160 Motion. The Third Amended Complaint is deemed filed as of the date of this Order. The Court ORDERS the Coalition Plaintiffs and Defendants to confer and submit a proposed schedule regarding Defendants' responses to the Third Amended Complaint and any subsequent briefing no later than 6/20/2018. the Court DIRECTS the Clerk to terminate the Defendants in the bulleted list. Signed by Judge Amy Totenberg on 6/13/2018. (adg) (Entered: 06/14/2018) |
| 06/19/2018 | 228 | | NOTICE of Filing *Proposed Briefing Schedule Concerning The Third Amended Complaint* by David J. Burge, Mary Carole Cooney, Seth Harp, Aaron Johnson, Brian P. Kemp, Stan Matarazzo, Vernetta Nuriddin, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley (Attachments: # 1 Exhibit A: June 13, 2018 Email, # 2 Exhibit B: Table, # 3 Exhibit C: June 18, 2018 Email)(Salter, John) (Entered: 06/19/2018) |
| 06/20/2018 | 229 | | |

| | | | Joint NOTICE *of Plaintiffs' Proposing a Schedule* by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett, Donna Price, Jeffrey Schoenberg (Attachments: # 1 Exhibit 1 – Pls.' Proposed Schedule, # 2 Exhibit 2 – Demand Letter, # 3 Exhibit 3 – Gasaway case)(McGuire, Robert) (Entered: 06/20/2018) |
|---|---|---|---|
| 06/20/2018 | 230 | | MOTION for Order *to Issue Subpoena* with Brief In Support by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Attachments: # 1 Brief Memorandum in Support of Motion for Issuance of Subpoena)(Brown, Bruce) Filers Modified on 6/21/2018 (sap). (Entered: 06/20/2018) |
| 06/28/2018 | 231 | | Certification of Consent to Substitution of Counsel. Daniel Walter White replacing attorney Terry G. Phillips, Bennett Davis Bryan and Laura K. Johnson for Michael P. Coveny, Anthony Lewis, Leona Perry, Samuel E. Tillman, Boaky N. Vu, Maxine Daniels, and the DeKalb County Board of Registration and Elections. (White, Daniel) (Entered: 06/28/2018) |
| 07/03/2018 | 232 | | RESPONSE in Opposition re 230 MOTION for Order *to Issue Subpoena* filed by Michael P. Coveny, Maxine Daniels, Anthony Lewis, Leona Perry, The Dekalb County Board of Registrations and Elections, Samuel E. Tillman, Boaky N. Vu. (Attachments: # 1 Brief In Support of Response, # 2 Exhibit A – Declaration of Erica Hamilton, # 3 Exhibit B – Declaration of Chris Harvey)(White, Daniel) (Entered: 07/03/2018) |
| 07/03/2018 | 233 | | MOTION for Leave to File Excess Pages by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Text of Proposed Order)(Salter, John) (Entered: 07/03/2018) |
| 07/03/2018 | 234 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 State Defendants' Brief In Support Of Their Motion To Dismiss Coalition Plaintiffs' Third Amended Complaint)(Salter, John) (Entered: 07/03/2018) |
| 07/16/2018 | 235 | | NOTICE *of Requested Call With the Court* by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Ichter, Cary) Filers Modified on 7/17/2018 (sap). (Entered: 07/16/2018) |
| 07/17/2018 | 236 | | NOTICE of Appearance by Jonathan Lee Schwartz on behalf of Common Cause, National Election Defense Coalition, Protect Democracy (Schwartz, Jonathan) (Entered: 07/17/2018) |
| 07/17/2018 | 237 | | (FILED IN ERROR; SEE 241 FOR CORRECTED ENTRY) Application for Admission Pro Hac Vice, Stephen P. Berzon. (Schwartz, Jonathan) Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 238 | | (FILED IN ERROR; SEE 242 FOR CORRECTED ENTRY) Application for Admission Pro Hac Vice, Stacey M. Leyton. (Schwartz, Jonathan) Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 239 | | (FILED IN ERROR; SEE 243 FOR CORRECTED ENTRY) Application for Admission Pro Hac Vice, Matthew J. Murray. (Schwartz, Jonathan) Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |

| 07/17/2018 | 240 | | (WRONG PDF ATTACHED) Amicus Curiae APPEARANCE entered by Jonathan Lee Schwartz on behalf of Common Cause. (Attachments: # 1 Brief of Amicus Curiae, # 2 Affidavit of Matthew J. Murray, # 3 Affidavit of Compliance With Standing Order)(Schwartz, Jonathan) Attorney Notified on 7/18/2018 to Refile Appearance with the Correct PDF (sap). (Entered: 07/17/2018) |
|---|---|---|---|
| 07/17/2018 | 241 | | APPLICATION for Admission of Stephen P. Berzon Pro Hac Vice (Application fee $ 150, receipt number 113E–8018428) by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) Filers Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 242 | | APPLICATION for Admission of Stacey M. Leyton Pro Hac Vice (Application fee $ 150, receipt number 113E–8018433) by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) Filers Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 243 | | APPLICATION for Admission of Matthew J. Murray Pro Hac Vice (Application fee $ 150, receipt number 113E–8018436) by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) Filers Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 244 | | RESPONSE in Opposition re 234 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (McGuire, Robert) (Entered: 07/17/2018) |
| 07/17/2018 | 245 | | REPLY BRIEF re 230 MOTION for Order *to Issue Subpoena* filed by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Brown, Bruce) Filers Modified on 7/18/2018 (sap). (Entered: 07/17/2018) |
| 07/17/2018 | 246 | | MOTION for Leave to File Brief in Opposition to Defendants' 234 Motion to Dismiss by Common Cause, National Election Defense Coalition, Protect Democracy. (Attachments: # 1 Brief of Amicus Curiae, # 2 Affidavit of Matthew J. Murray, # 3 Affidavit of Compliance With Standing Order) (sap) (Entered: 07/18/2018) |
| 07/18/2018 | 247 | | Amicus Curiae APPEARANCE entered by Jonathan Lee Schwartz on behalf of Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) (Entered: 07/18/2018) |
| 07/18/2018 | | | Submission of 230 MOTION for Order *to Issue Subpoena* to District Judge Amy Totenberg. (sap) (Entered: 07/18/2018) |
| 07/18/2018 | | | Plaintiff's (Coalition for Good Governance) Documentary Exhibit 206 from the Status Conference held on 5/10/18, was destroyed as directed in 214 Exhibit Return Notification (mec) (Entered: 07/18/2018) |
| 07/19/2018 | | | RETURN of 242 APPLICATION for Admission of Stacey M. Leyton Pro Hac Vice (Application fee $ 150, receipt number 113E–8018433) to attorney for correction re: address. (pmb) (Entered: 07/19/2018) |
| 07/19/2018 | | | RETURN of 241 APPLICATION for Admission of Stephen P. Berzon Pro Hac Vice (Application fee $ 150, receipt number 113E–8018428) to attorney for correction re: address. (pmb) (Entered: 07/19/2018) |

| 07/19/2018 | | | RETURN of 243 APPLICATION for Admission of Matthew J. Murray Pro Hac Vice (Application fee $ 150, receipt number 113E−8018436) to attorney for correction re: address. (pmb) (Entered: 07/19/2018) |
|---|---|---|---|
| 07/19/2018 | 248 | | APPLICATION for Admission of Stacey M. Leyton Pro Hac Vice by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) (Entered: 07/19/2018) |
| 07/19/2018 | 249 | | APPLICATION for Admission of Matthew J. Murray Pro Hac Vice by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) (Entered: 07/19/2018) |
| 07/23/2018 | | | APPROVAL by Clerks Office re: 248 APPLICATION for Admission of Stacey M. Leyton Pro Hac Vice. Attorney Jonathan Lee Schwartz added appearing on behalf of Common Cause (jkm) (Entered: 07/23/2018) |
| 07/23/2018 | | | APPROVAL by Clerks Office re: 249 APPLICATION for Admission of Matthew J. Murray Pro Hac Vice. Attorney Jonathan Lee Schwartz added appearing on behalf of Common Cause (jkm) (Entered: 07/23/2018) |
| 07/24/2018 | 250 | | APPLICATION for Admission of Stephen P. Berzon Pro Hac Vice by Common Cause, National Election Defense Coalition, Protect Democracy. (Schwartz, Jonathan) (Entered: 07/24/2018) |
| 07/24/2018 | 251 | | ORDER denying 230 Motion for Issuance of Subpoena. Instead, the Court DIRECTS the DeKalb Board to continue sequestering the two DRE machines at issue and all related equipment in a secure location and to refrain from using the machines (or doing anything that could alter the data on the machines) until the Court rules on the pending motions to dismiss and addresses the stay on discovery. Signed by Judge Amy Totenberg on 7/24/18. (jpa) (Entered: 07/25/2018) |
| 07/26/2018 | | | APPROVAL by Clerks Office re: 250 APPLICATION for Admission of Stephen P. Berzon Pro Hac Vice. Attorney Jonathan Lee Schwartz added appearing on behalf of Protect Democracy (jkm) (Entered: 07/26/2018) |
| 07/26/2018 | | | Submission of 233 MOTION for Leave to File Excess Pages and 246 MOTION for Leave to File Brief in Opposition to Defendants' 234 Motion to Dismiss to District Judge Amy Totenberg. (sap) (Entered: 07/26/2018) |
| 07/27/2018 | 252 | | ORDER GRANTING NUNC PRO TUNC the State Defendants' 233 Motion for Leave to File Excess Pages. Signed by Judge Amy Totenberg on 7/27/2018. (sap) (Entered: 07/27/2018) |
| 07/27/2018 | 253 | | ORDER GRANTING the Amicus Curiae 246 Motion for Leave to File Brief in Opposition to Defendants' 234 Motion to Dismiss. The Amicus Curiae Brief (Doc. 246−1) is hereby deemed filed as of the date of this Order. Signed by Judge Amy Totenberg on 7/27/2018. (sap) (Entered: 07/27/2018) |
| 07/31/2018 | 254 | | Request for Leave of Absence for the following date(s): August 29−30, 2018 and August 31−September 5, 2018 by Robert Alexander McGuire, III. (McGuire, Robert) (Entered: 07/31/2018) |
| 07/31/2018 | 255 | | ORDER GRANTING 248 Application for Admission of Stacey M. Leyton Pro Hac Vice. Signed by Judge Amy Totenberg on 7/31/2018. (sap) (Entered: 07/31/2018) |

| 07/31/2018 | 256 | | ORDER GRANTING 249 Application for Admission of Matthew J. Murray Pro Hac Vice. Signed by Judge Amy Totenberg on 7/31/2018. (sap) (Entered: 07/31/2018) |
|---|---|---|---|
| 07/31/2018 | 257 | | ORDER GRANTING 250 Application for Admission of Stephen P. Berzon Pro Hac Vice. Signed by Judge Amy Totenberg on 7/31/2018. (sap) (Entered: 07/31/2018) |
| 08/03/2018 | 258 | | MOTION for Preliminary Injunction with Brief In Support by Coalition for Good Governance. (Attachments: # 1 Brief Coalition Plaintiffs' Brief in Support of Motion for Preliminary Injunction with Supporting Declarations, # 2 Text of Proposed Order Coalition Plaintiffs' Proposed Order Granting Preliminary Injunction)(Brown, Bruce) (Entered: 08/03/2018) |
| 08/07/2018 | 259 | | ORDER re 258 MOTION for Preliminary Injunction and 234 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. The Court DIRECTS Defendants in their response brief to particularly focus on the public interest factor i.e., the practical realities surrounding implementation of the requested relief in the next one to three months. If the Coalition Plaintiffs file a reply brief, the Court DIRECTS them to focus their brief accordingly as well. Furthermore, the Court ORDERS Defendants to file their response no later than August 14, 2018, and the Court ORDERS the Coalition Plaintiffs to file their reply, if any, no later than August 20, 2018. Signed by Judge Amy Totenberg on 8/7/18. (jpa) (Entered: 08/07/2018) |
| 08/07/2018 | 260 | | MOTION for Preliminary Injunction with Brief In Support by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Brief, # 2 Declaration of J. Alex Halderman, # 3 Declaration of Duncan A. Buell, # 4 Declaration of Donna A. Curling, # 5 Declaration of Donna Price, # 6 Declaration of Jeffrey H. E. Schoenberg, # 7 Text of Proposed Order)(Knapp, Halsey) (Entered: 08/08/2018) |
| 08/08/2018 | 261 | | Consent MOTION for Order *Scheduling Order* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Knapp, Halsey) (Entered: 08/08/2018) |
| 08/10/2018 | 262 | | NOTICE Of Filing Declarations in Support of 258 Motion for Preliminary Injunction, by Coalition for Good Governance. (Brown, Bruce) (Entered: 08/10/2018) |
| 08/13/2018 | 263 | | ORDER granting 261 Motion for Scheduling Order. The Court ORDERS that Defendants shall file their response(s) to the Curling Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 260) no later than August 14, 2018, and the Curling Plaintiffs shall file any reply no later than August 20, 2018. Signed by Judge Amy Totenberg on 8/13/18. (jpa) (Entered: 08/14/2018) |
| 08/14/2018 | 264 | | MOTION for Leave to File Excess Pages by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley. (Attachments: # 1 Text of Proposed Order Prop Order)(Salter, John) (Entered: 08/14/2018) |
| 08/14/2018 | 265 | | RESPONSE re 258 MOTION for Preliminary Injunction , 260 MOTION for Preliminary Injunction filed by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Exhibit Declaration of Merritt Beaver, # 2 Exhibit |

| | | | |
|---|---|---|---|
| | | | Declaration of Chris Harvey, # 3 Exhibit Declaration of Janine Eveler, # 4 Exhibit Declaration of Lynn Ledford, # 5 Exhibit Declaration of Nancy Boren, # 6 Exhibit Declaration of Lynn Bailey)(Salter, John) (Entered: 08/14/2018) |
| 08/14/2018 | 266 | | First MOTION for Leave to File Excess Pages by David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, Mark Wingate. (Lowman, David) (Entered: 08/14/2018) |
| 08/14/2018 | 267 | | RESPONSE re 258 MOTION for Preliminary Injunction , 260 MOTION for Preliminary Injunction filed by David J. Burge, Mary Carole Cooney, Aaron Johnson, Stan Matarazzo, Vernetta Nuriddin, Mark Wingate. (Lowman, David) (Entered: 08/14/2018) |
| 08/14/2018 | 268 | | ORDER granting 264 Motion for Leave to File Excess Pages. Signed by Judge Amy Totenberg on 8/14/18. (jpa) (Entered: 08/15/2018) |
| 08/15/2018 | 269 | | ORDER GRANTING 266 Fulton County Defendants' Motion for Leave to File Excess Pages from 25 pages and up to and including 30 pages. Signed by Judge Amy Totenberg on 8/15/2018. (jtj) (Entered: 08/15/2018) |
| 08/17/2018 | 270 | | MOTION for Oral Argument re 258 MOTION for Preliminary Injunction by Coalition for Good Governance. (Brown, Bruce) (Entered: 08/17/2018) |
| 08/20/2018 | 271 | | Amended MOTION for Preliminary Injunction by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order (Amended))(Cross, David) (Entered: 08/20/2018) |
| 08/20/2018 | 272 | | MOTION for Leave to File Reply Brief in Excess Pages re: 258 Motion for Preliminary Injunction, by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Attachments: # 1 Text of Proposed Order)(McGuire, Robert) (Entered: 08/20/2018) |
| 08/20/2018 | 273 | | Unopposed MOTION for Leave to File Excess Pages by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Cross, David) (Entered: 08/20/2018) |
| 08/20/2018 | | | Submission of 273 Unopposed MOTION for Leave to File Excess Pages to District Judge Amy Totenberg. (jtj) (Entered: 08/20/2018) |
| 08/20/2018 | 274 | | ORDER GRANTING 272 Coalition Plaintiffs' Motion for Leave to File Excess Pages for their reply brief to 258 Motion for Preliminary Injunction. Signed by Judge Amy Totenberg on 8/20/2018. (jtj) (Entered: 08/20/2018) |
| 08/20/2018 | 275 | | ORDER GRANTING 273 Curling Plaintiffs' Motion for Leave to File Excess Pages for their reply brief to their Motion for Preliminary Injunction. Signed by Judge Amy Totenberg on 8/20/2018. (jtj) (Entered: 08/20/2018) |
| 08/20/2018 | 276 | | REPLY to Response to Motion re 260 MOTION for Preliminary Injunction , 271 Amended MOTION for Preliminary Injunction filed by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Affidavit of Lonna Rae Atkeson, # 2 Affidavit of Sara Henderson)(Cross, David) (Entered: 08/20/2018) |
| 08/20/2018 | 277 | | REPLY BRIEF re 258 MOTION for Preliminary Injunction filed by Coalition for Good Governance. (Brown, Bruce) (Entered: 08/20/2018) |
| 08/21/2018 | | | |

|  |  |  | Submission of 260 Curling's MOTION for Preliminary Injunction, 258 Coalition's MOTION for Preliminary Injunction to District Judge Amy Totenberg. (jtj) (Entered: 08/21/2018) |
|---|---|---|---|
| 08/27/2018 | 278 |  | Notice for Leave of Absence for the following date(s): August 31, 2018 through September 5, 2018, September 13, 2018 through September 14, 2018, September 27, 2018 through September 28, 2018, October 11, 2018 through October 12, 2018, November 7, 2018, November 21, 2018, December 7, 2018 through December 10, 2018, and December 19, 2018 through January 4, 2019, by Bennett Davis Bryan. (Bryan, Bennett) (Entered: 08/27/2018) |
| 08/28/2018 | 279 |  | ORDER that this Court will issue a memorandum decision with respect to this determination in the coming two weeks. The Court will schedule a Hearing for oral argument on the 258 and 260 motions for preliminary injunction on 9/17/2018 at 11:00 AM before Judge Amy Totenberg. Signed by Judge Amy Totenberg on 8/28/18. (jpa) (Entered: 08/29/2018) |
| 09/04/2018 | 280 |  | ORDER – The Court moves the September 17, 2018 hearing to September 12, 2018 at 11:00 am. The Court has determined that it will proceed as follows at the September 12, 2018 hearing: The Court will first hear oral argument on the issues of immunity and any other asserted jurisdictional defenses. Each side will be allocated 15 minutes for argument. Counsel are DIRECTED to confer no later than Thursday, September 6, 2018 at 4:00 P.M. regarding what, if any, witnesses they anticipate calling at the hearing and the projected time length of each witness testimony, including direct examination and cross–examination. They shall advise the Court by September 7, 2018 at 12:00 P.M. regarding the results of their conference via submission of a joint filing on the record. Signed by Judge Amy Totenberg on 9/04/2018. (See order for more details) (jtj) (Entered: 09/04/2018) |
| 09/05/2018 | 281 |  | Notice of Revised Proposed Relief re 271 Amended MOTION for Preliminary Injunction, by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Cross, David) (Entered: 09/05/2018) |
| 09/07/2018 | 282 |  | Joint Notice of Parties in Advance of Hearing re 280 Order, by Coalition for Good Governance. (Brown, Bruce) (Entered: 09/07/2018) |
| 09/07/2018 | 283 |  | Plaintiffs' Joint Supplemental Submission re 280 Order and 282 Notice, filed by Coalition for Good Governance, Donna Curling, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett, Donna Price, Jeffrey Schoenberg. (McGuire, Robert) (Entered: 09/07/2018) |
| 09/07/2018 | 284 |  | AFFIDAVIT of Service for Subpoena , as to Richard Barron. (Sparks, Adam) (Entered: 09/07/2018) |
| 09/07/2018 |  |  | NOTICE: the hearing for oral argument on the 258 and 260 motions for preliminary injunction will begin at 10:00 AM in Courtroom 2308.(acm) (Entered: 09/07/2018) |
| 09/09/2018 | 285 |  | NOTICE Of Filing Second Declaration of Richard A. DeMillo Supporting re 258 MOTION for Preliminary Injunction by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett (Attachments: # 1 Affidavit)(McGuire, Robert) Modified on 9/10/2018 to edit text (btql). (Entered: 09/09/2018) |

| 09/10/2018 | | | NOTICE of Undeliverable Electronic Mail re: 285 Notice of Filing,. Mail returned for Barclay Hendrix due to no longer employed with the firm. Electronic notification has been turned off. (aar) (Entered: 09/10/2018) |
|---|---|---|---|
| 09/10/2018 | 286 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *During the September 12, 2018 Hearing* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Exhibit A – Proposed Order)(Cross, David) (Entered: 09/10/2018) |
| 09/10/2018 | 287 | | ORDER setting the revised schedule for the September 12, 2018 hearing. The Court also notes that it has already rescheduled the hearing to begin at 10:00 A.M. on September 12, 2018 (instead of at 11:00 A.M. as originally scheduled). Signed by Judge Amy Totenberg on 9/10/2018. (jtj) (Entered: 09/10/2018) |
| 09/10/2018 | 288 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Attachments: # 1 Text of Proposed Order A: Proposed Order)(Salter, John) (Entered: 09/10/2018) |
| 09/10/2018 | 289 | | Amended Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *During the September 12, 2018 Hearing* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Exhibit A – Proposed Order)(Cross, David) (Entered: 09/10/2018) |
| 09/10/2018 | 290 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *for September 12 Hearing* by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Attachments: # 1 Text of Proposed Order)(McGuire, Robert) (Entered: 09/10/2018) |
| 09/10/2018 | 291 | | ORDER GRANTING 289 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on 9/11/2018 and 9/12/2018. Counsel and witnesses for the Curling Plaintiffs (David D. Cross, Jane P. Bentrott, Catherine L. Chapple, Robert W. Manoso, and J. Alex Halderman) may bring and use 5 laptop computers with laptop power cords, 1 tablet computer with power cord, 6 smart phones with smartphone power cords, 2 USB drives, an electronic voting machine with a stand and power cord, and a VGA cable in conjunction with the hearing on Wednesday, September 12, 2018 before Judge Amy Totenberg. Plaintiffs may also bring this equipment on Tuesday, September 11, 2018 in order to test it prior to the hearing. The original motion [Doc. 286] is DENIED AS MOOT. Signed by Judge Amy Totenberg on 9/10/2018.(jtj) (Entered: 09/10/2018) |
| 09/10/2018 | 292 | | Amended Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, State of Election Board, Rebecca N. Sullivan, David J. Worley. (Attachments: # 1 Text of Proposed Order A: Proposed Order)(Salter, John) (Entered: 09/10/2018) |
| 09/10/2018 | 293 | | ORDER GRANTING 292 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on 9/11/2018 and 9/12/2018. Counsel and witnesses for the State Defendants (John F. Salter and Roy E. Barnes) may bring and use the equipment listed in this order. Signed by Judge Amy Totenberg on 9/10/2018. (jtj) (Entered: 09/10/2018) |
| 09/10/2018 | 294 | | |

| | | | |
|---|---|---|---|
| | | | Amended Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *for September 12 Hearing* by Coalition for Good Governance, Ricardo Davis, Laura Digges, William Digges, III, Megan Missett. (Attachments: # 1 Text of Proposed Order)(McGuire, Robert) (Entered: 09/10/2018) |
| 09/11/2018 | 295 | | ORDER granting 294 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on 9/12/18 at 10:00 a.m. Signed by Judge Amy Totenberg on 9/11/18. (jpa) (Entered: 09/11/2018) |
| 09/11/2018 | 296 | | NOTICE Of Filing Declarations of Stark, Cannell, Clark, Duford and Martin re 258 MOTION for Preliminary Injunction, by Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis. (Brown, Bruce) (Entered: 09/11/2018) |
| 09/12/2018 | 298 | | Minute Entry for proceedings held before Judge Amy Totenberg: The Court heard argument from the parties on the issues of immunity, standing, res judicata, and collateral estoppel. The Court deferred ruling on the issues of res judicata and collateral estoppel. A written order on these issues will be forthcoming at the end of this week or beginning of next week. The Court ruled that the parties had standing and that Plaintiffs' federal claims were not barred by the 11th Amendment. The Court heard opening arguments on Plaintiffs' motions for preliminary injunction. The Curling Plaintiffs called Alex Halderman to the stand. The witness was sworn and testified with cross–exam by the State and Fulton County Defendants. The Court accepted Halderman as an expert computer science engineer with a background in voting technology. A lunch recess was had. Court resumed. The Coalition Plaintiffs called Richard DeMillo to the stand. The witness was sworn and testified with cross–exam from the State Defendants, redirect by Plaintiffs, and questioning from the Court. The Curling Plaintiffs called Chris Harvey to the stand. The witness was sworn and testified with cross–exam by the State Defendants, redirect by Plaintiffs, and questioning from the Court. State Defendants called Michael Barnes to the stand. The witness was sworn and testified with cross–exam from Plaintiffs, and redirect from State Defendants. The Fulton County Defendants called Cecilia Houston–Torrence to the stand. The witness was sworn and testified with cross–exam by the Coalition Plaintiffs. The Fulton County Defendants called Richard Barron to the stand. The witness was sworn and testified with cross–exam by Plaintiffs and redirect by the Fulton County Defendants. State Defendants call Cathy Cox to the stand. The witness was sworn and testified with cross–exam by Plaintiffs. By 1:00 PM on Thursday, September 13, 2018, the State Defendants are to file an affidavit from Rebecca Sullivan; the Plaintiffs may file a response by 5:00 PM on Thursday, September 13, 2018. The parties may file a 1 page closing statement. Plaintiffs' Exhibits 1–6, 8, 9, 10 admitted. The Court reserved ruling on the admission of Plaintiffs' Exhibit 7 pending further submission re authenticity from the State Defendants. State Defendants' Exhibits 1–2 admitted. (Court Reporter Shannon Welch)(ddm) (Additional attachment(s) added on 9/17/2018: # 1 Amended Minute Sheet) (acm). Modified on 9/17/2018 to attach amended minute sheet and correct text re admitted exhibits to reflect admission as noted on amended minute sheet (acm). (Entered: 09/13/2018) |
| 09/13/2018 | 297 | | NOTICE Of Filing Declaration of Rebecca Sullivan and Response to Plaintiffs' Ex. 7 by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. |

| | | | Sullivan, The State Election Board, David J. Worley (Attachments: # 1 Exhibit Declaration of Rebecca N. Sullivan)(Salter, John) (Entered: 09/13/2018) |
|---|---|---|---|
| 09/13/2018 | 299 | | RESPONSE re 297 Notice of Filing, *to Declaration of R. Sullivan* filed by Coalition for Good Governance. (Brown, Bruce) (Entered: 09/13/2018) |
| 09/13/2018 | 300 | | MOTION for Leave to File Excess Pages by Donna Curling, Donna Price, Jeffrey Schoenberg. (Attachments: # 1 Text of Proposed Order)(Cross, David) (Entered: 09/13/2018) |
| 09/13/2018 | 301 | | TRIAL BRIEF *Post–Hearing Statement and Response to Declaration of Rebecca Sullivan* by Donna Curling, Donna Price, Jeffrey Schoenberg. (Cross, David) (Entered: 09/13/2018) |
| 09/13/2018 | 302 | | TRIAL BRIEF *CLOSING STATEMENT* by Coalition for Good Governance. (Brown, Bruce) (Entered: 09/13/2018) |
| 09/13/2018 | 303 | | TRIAL BRIEF *FULTON COUNTY DEFENDANTS CLOSING STATEMENT* by David J. Burge, Mary Carole Cooney, Vernetta Nuriddin. (Lowman, David) (Entered: 09/13/2018) |
| 09/13/2018 | 304 | | MOTION for Leave to File Declaration of Candice Hoke with Brief In Support by Common Cause, National Election Defense Coalition. (Attachments: # 1 Affidavit of Candice Hoke)(Schwartz, Jonathan) (Entered: 09/13/2018) |
| 09/14/2018 | 305 | | TRIAL BRIEF *Closing Statement* by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Salter, John) (Entered: 09/14/2018) |
| 09/14/2018 | 306 | | TRIAL BRIEF *Amended Closing Statement* by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. (Salter, John) (Entered: 09/14/2018) |
| 09/17/2018 | 307 | | TRANSCRIPT of Evidentiary Hearing Proceedings held on 9/12/2018, before Judge Amy Totenberg. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR, Telephone number 404–215–1383. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/9/2018. Redacted Transcript Deadline set for 10/18/2018. Release of Transcript Restriction set for 12/17/2018. (Attachments: # 1 Notice of Filing Transcript) (srw) (Entered: 09/17/2018) |
| 09/17/2018 | 308 | | ORDER on miscellaneous matters regarding the hearing held on September 12, 2018. Plaintiffs' Exhibit 7 from the hearing is admitted. The Curling Plaintiffs' 300 Motion for Excess Pages for Post–Hearing Statement and Response to Declaration of Rebecca Sullivan is GRANTED. Plaintiffs may file a 17–page post–hearing statement and response to the declaration of Rebecca Sullivan. Amici Curiae Common Cause and National Election Defense Coalition's 304 Motion for Leave to File Declaration of Candice Hoke in Support of Plaintiffs' Motions for Preliminary Injunction is GRANTED. Signed by Judge Amy Totenberg on 9/17/2018. (acm) (Entered: 09/17/2018) |
| 09/17/2018 | 309 | 60 | ORDER DENYING IN PART Defendants' 82 , 83 , and 234 Motions to Dismiss and DENYING Plaintiffs' 258 , 260 , and 271 Motions for Preliminary Injunction. See order for details. Signed by Judge Amy Totenberg on |

| | | | |
|---|---|---|---|
| | | | 9/17/2018. (acm) (Entered: 09/17/2018) |
| 09/18/2018 | 310 | 106 | NOTICE OF APPEAL as to 309 Order, Terminate Motions by Seth Harp, Brian P. Kemp, Ralph F. (Rusty) Simpson, Rebecca N. Sullivan, The State Election Board, David J. Worley. Filing fee $ 505, receipt number 113E–8153375. Transcript Order Form due on 10/2/2018 (Salter, John) (Entered: 09/18/2018) |
| 09/18/2018 | 311 | 110 | NOTICE Of Filing NOA Transmittal Letter re: 310 Notice of Appeal. (pjm) (Entered: 09/18/2018) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,          :
                                  :
                                  :
      **Plaintiffs,**             :
                                  :
v.                                :          CIVIL ACTION NO.
                                  :          1:17-CV-2989-AT
BRIAN KEMP, *et al.*,             :
                                  :
                                  :
      **Defendants.**             :

## ORDER

I.    **Introduction** ................................................................. 2

II.   **Background** ................................................................. 4

III.  **Threshold Jurisdictional Issues** ................................ 16

      A. Standing ................................................................. 16

      B. Eleventh Amendment Immunity ....................................... 29

IV.  **Plaintiffs' Motions for Preliminary Injunction** ....................... 31

V.   **Conclusion** ................................................................. 45

## I.  Introduction

This case involves colliding election and voting rights dynamics and dilemmas.  The State of Georgia Defendants have delayed in grappling with the heightened critical cybersecurity issues of our era posed for the State's dated, vulnerable voting system that provides no independent paper audit trail.  The Plaintiffs did not bring their preliminary injunction motions in a sufficient time span to allow for thoughtful, though expedited, remedial relief, despite the important, substantive content of their evidentiary submissions in connection with their preliminary injunction motions.  There are no easy answers to the conflicts posed here.  In a democracy, citizens want to be assured of the integrity of the voting process, that their ballots are properly counted and not diluted by inaccurate or manipulated counting, and that the privacy of their votes and personal information required for voter registration is maintained.  But citizens also depend on the orderly operation of the electoral and voting process.  Last-minute, wholesale changes in the voting process operating in over 2,600 precincts, along with scheduled early voting arrangements, could predictably run the voting process and voter participation amuck.  Transparency and accountability are, at the very least, essential to addressing the significant issues that underlie this case.

Currently before the Court in this matter are Defendants' motions to dismiss [Docs. 82, 83, 234] and Plaintiffs' more recently filed motions for preliminary injunction [Docs. 258, 260, 271].  Given the time sensitivity of Plaintiffs' motions with respect to the upcoming November 2018 elections, the Court held an extended

full-day hearing on Plaintiffs' motions on September 12, 2018 as well as the threshold jurisdictional issues of standing and Eleventh Amendment immunity raised in Defendants' motions to dismiss.[1]  The Court, out of an abundance of caution, addressed the issues of standing and Eleventh Amendment immunity first and determined whether it could properly exercise jurisdiction over this case before considering Plaintiffs' request for emergency injunctive relief.  After hearing argument on these issues, the Court announced orally its determination that it could properly exercise jurisdiction for purposes of proceeding with the hearing on Plaintiffs' preliminary injunction motions.  The Court further announced that a written order would follow setting forth more specifically the basis for this finding.  Accordingly, this Order addresses issues of standing and Eleventh Amendment immunity as well as Plaintiffs' motions for preliminary injunction.

---

[1] Defendants' motions to dismiss also raise other non-jurisdictional arguments that Plaintiffs have failed to state viable claims for relief and that their claims are barred by res judicata and collateral estoppel.  The Court notes that only Fulton County Defendants move to dismiss based on collateral estoppel; the State Defendants do not move on this basis.  With respect to res judicata and collateral estoppel in particular, Plaintiffs have effectively argued at this stage that their current claims are not barred.  Moreover, even if a few Plaintiffs were deemed estopped, it appears that at least some Plaintiffs would still proceed with their claims.  The Court will more fully address these and all other issues raised in Defendants' motions to dismiss in a separate, subsequent order.

3

## II.    Background[2]

In their complaints, their motions for preliminary injunction, and their presentations during the September 12th hearing, Plaintiffs[3] paint an unsettling picture of the vulnerabilities of Georgia's voting system along with the recent, increased, and real threats of malicious intrusion and manipulation of the system and voter data by nation states and cyber savvy individuals.

Plaintiffs start by describing Georgia's voting system. The system relies on the use of Direct Recording Electronic voting machines ("DREs") for electors to cast their votes in public elections. This computer voting equipment is used in tandem with the State's Global Election Management Systems ("GEMS") server and County GEMS servers that communicate voting data.[4]    DRE touchscreen computer voting machines are located at polling stations in every precinct during elections and are otherwise stored in various county facilities throughout the state. Electors use DRE machines if they are voting early and in-person with absentee ballots or if they are voting in-person on election day. "The voting machines are

---

[2] This section provides a brief factual summary based on the allegations in the Curling Plaintiffs' Second Amended Complaint (Doc. 70), the Coalition Plaintiffs' Third Amended Complaint (Doc. 226), the Curling Plaintiffs' Motion for Preliminary Injunction (Doc. 260), the Coalition Plaintiffs' Motion for Preliminary Injunction (Doc. 258), information presented during the September 12, 2018 hearing, and supplemental affidavits as well as Defendants' responses to Plaintiffs' filings.

[3] There are two sets of Plaintiffs in this case represented by separate counsel. Donna Curling, Donna Price, and Jeffrey Schoenberg are referred to as the "Curling Plaintiffs." The Coalition for Good Governance ("CGG"), Laura Digges, William Digges III, Ricardo Davis, and Megan Missett are referred to as the "Coalition Plaintiffs."

[4] A related software program is used to create the ExpressPoll pollbooks providing confidential voter identification information by precinct. Poll workers access this data by computer to verify voter registration and to create the DRE Voter Access Card that activates the specific electronic ballot on the DRE machine that should be linked to the voter's address.

computers with reprogrammable software." (Halderman Affidavit, Doc. 260-2 ¶ 16.) The DRE machines record votes electronically on a removable memory card, and each card is later fed into the county GEMS server to tabulate the vote totals by candidate and the results of other ballot questions. When the polls have closed, poll workers prompt the DRE machines to internally tally the electronic total number of votes and print a paper tape of the vote totals per machine.

Most significantly, the DREs do not create a paper trail or any other means by which to independently verify or audit the recording of *each* elector's vote. i.e., the actual ballot selections made by the elector for either the elector's review or for audit purposes. Instead, at the hearing, Dr. Alex Halderman, a Professor of Computer Science and Engineering and Director of the Center for Computer Security and Society at the University of Michigan in Ann Arbor, discussed and demonstrated how a malware virus can be introduced into the DRE machine by insertion of an infected memory card (or by other sources) and alter the votes cast without detection.[5] Dr. Halderman gave a live demonstration in Court with a Diebold DRE using the same type of equipment and software as that used in Georgia. The demonstration showed that although the same total number of votes were cast, the contaminated memory card's malware changed the actual votes cast between candidates. There was no means of detection of this as the "malware modified all of the vote records, audit logs, and protective counters stored by the

---

[5] Dr. Halderman's affidavit provides additional detail and context related to his testimony. (Doc. 260-2.)

machine, so that even careful forensic examination of the files would find nothing amiss." (Halderman Affidavit, Doc. 260-2 ¶ 19.) The DRE machine's paper tape simply confirmed the same total number of votes, including the results of the manipulated or altered votes. Viruses and malware have also been developed by cyber specialists that can spread the "vote stealing malware automatically and silently from machine to machine during normal pre- and post-election activities," as the cards are used to interface with the County and State GEMS servers. (*Id*. ¶ 20.)

Other cybersecurity elections experts have shared in Professor Halderman's observations of the data manipulation and detection concealment capacity of such malware or viruses, as well as the ability to access the voting system via a variety of entry points. Plaintiffs filed affidavits in the record for several of these experts.[6] Professor Wenke Lee (Professor of Computer Science at Georgia Tech and a member of a new study commission convened by the Secretary of State) also prepared a PowerPoint presentation summary on the topic for the Commission that identified this malware detection and manipulation capacity. (Pl. Ex 5, Preliminary Injunction Hearing.) Professor Halderman's analysis of the severe limitations of the "logic and accuracy" and "parallel testing" auditing processes used by Georgia to test ballot counting are summarized in his affidavit and will be

---

[6] *See* DeMillo Affidavit, Doc. 277, Ex. C; Buell Affidavit, Doc. 260-3; Stark Affidavit, Doc. 296-1; Bernhard Affidavit, Doc. 258-1 at 33-42. Professor DeMillo, who also testified at the hearing, is the Chair of Computer Science at Georgia Tech and has served as Dean of the College of Computing at Georgia Tech and as Director of the Georgia Tech Center for Information Security.

discussed later.  (Doc. 260-2 at ¶¶ 37-48.)  Suffice it to say, at this juncture, that national- and state-commissioned research-based studies by cybersecurity computer scientists and elections experts consistently indicate that an independent record of an elector's physical ballot is essential as a reliable audit confirmation tool.

The DREs record individual ballot data in the order in which they are cast, and they assign a unique serial number and timestamp to each ballot.  This design for recording ballots, according to Plaintiffs, makes it possible to match the ballots to the electors who cast them.  Additionally, the Georgia DREs use versions of Windows and BallotStation (developed in 2005) software, both of which are out of date – to the point that the makers of the software no longer support these versions or provide security patches for them.  (Halderman Affidavit, Doc. 260-2 ¶¶ 24-28.) The DRE machines and related election software are all the product of Premier Election Solutions, formerly known as Diebold Election Systems.  A large volume of the voting machines were purchased when the DRE initiative was first implemented in the 2002 to 2004 period in Georgia.

Statewide, Georgia uses its central GEMS server at the Secretary of State's offices to build the ballots for each election for each county.[7]  The central GEMS server communicates the election programming and other files onto the memory cards before an election.  From 2002 to December 2017, the Secretary of State

---

[7] The ballot software also programs the location of candidates and other ballot options on the touchscreens of the DRE machines.  Ballot adaptations, thus, are created for 159 counties and their over 2,600 precincts.

contracted with Kennesaw State University to maintain the central server for the State at a unit in the University called the Center for Election Services ("CES"). Plaintiffs allege that the central server was accessible via the internet for a time – at least between August 2016 and March 2017.

In August 2016, Logan Lamb, a professional cybersecurity expert in Georgia, went to CES's public website and discovered that he was able to access key election system files, including multiple gigabytes of data and thousands of files with private elector information.  The information included electors' driver's license numbers, birth dates, full home addresses, the last four digits of their Social Security numbers, and more.  Mr. Lamb was also able to access, for at least 15 counties, the election management databases from the GEMS central tabulator used to create ballot definitions, program memory cards, and tally and store and report all votes.  He also was able to access passwords for polling place supervisors to operate the DREs and make administrative corrections to the DREs. Immediately, Mr. Lamb alerted Merle King, the Executive Director overseeing CES, of the system's vulnerabilities.  The State did not take any remedial action after Mr. King was alerted.

In February 2017, a cybersecurity colleague of Mr. Lamb's, Chris Grayson, was able to repeat what Mr. Lamb had done earlier and access key election information.  Mr. Lamb also found, around this time, that he could still access and download the information as he had before.  On March 1, 2017, Mr. Grayson notified a colleague at Kennesaw State University about the system's

8

vulnerabilities, and this led to notification of Mr. King again. Days later, the FBI was alerted and took possession of the CES server.

The Secretary of State has since shut down the CES and moved the central server internally within the Secretary's office. But on July 7, 2017, four days after this lawsuit was originally filed in Fulton Superior Court, all data on the hard drives of the University's "elections.kennesaw.edu" server was destroyed. And on August 9, 2017, less than a day after this action was removed to this Court, all data on the hard drives of a secondary server – which contained similar information to the "elections.kennesaw.edu" server – was also destroyed. As discussed more fully later in this Order, the State offered little more than a one-sentence response to these data system incursions and vulnerabilities at CES.

The Premier/Diebold voting machine models at issue have been the subject of comprehensive critical review both by university computer engineer security experts independently as well as under the auspices of the States of Maryland, California, and Ohio. These studies identified serious security vulnerabilities in the software and resulted in the three states' adoption of different voting systems. (Halderman Affidavit, Doc. 260-2 ¶¶ 17-23; *see also* Atkeson Affidavit, Doc. 276-1 ¶¶ 8-9 (also discussing the states of New Mexico and Virginia transitioning away from DREs after identifying several issues with the machines).)[8]

---

[8] By contrast, the Secretary of State certified in April 2018 the accuracy and safety of the Georgia DRE system. This certification was based on a pre-announced examination of voting facilities and the conducting of a tiny mock election in several Georgia counties on November 27-29, 2017 by a combination of staff from the Secretary of State's Office and the Center for Election Services at Kennesaw State University. (Def. Ex. 2 from Preliminary Injunction Hearing.) No

Plaintiffs point to several national authorities which, in the last year, have raised the alarm about U.S. election security – and particularly about the use of DREs in elections.   For instance, in March 2018, the Secretary of the U.S. Department of Homeland Security (DHS) declared DRE voting systems to be a "national security concern," (Coalition Complaint, Doc. 258-1 at 10 n. 3) – approximately 14 months after the Department declared election systems to be "critical infrastructure" pursuant to 42 U.S.C. § 5195c.[9]   (U.S. Department of Homeland Security, "DHS Cybersecurity Services Catalog for Election Infrastructure," at 3.)[10]  In May 2018, the Senate Select Committee on Intelligence concluded that DREs are "at highest risk of security flaws" and that states "should rapidly replace outdated and vulnerable voting systems" with systems that have a verified paper trail.  (*Id.* at 11 n. 5.)  And on September 6, 2018, after it was commissioned to consider the future of voting in the United States, the National Academies of Sciences, Engineering, and Medicine[11] and associated National

---

cybersecurity experts or computer engineering scientists are listed as participants in this review. There is no indication in the description of the examination that any effort was made to go beyond a simple running of the equipment and observation of election procedures to reach this determination.  In other words, there is no indication that any effort was made to evaluate the trove of software and data security and accuracy issues identified in studies performed on behalf of other states or by cybersecurity and computer engineers in the field.

[9] Critical infrastructure is defined as "systems and assets, whether physical or virtual, so vital to the United States that the incapacity or destruction of such systems and assets would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters."  Section 5195c(b) of the Critical Infrastructures Protection Act makes clear that information systems and their interdependence constitute a central concern of Congress.

[10] *See* https://www.eac.gov/assets/1/6/DHS_Cybersecurity_Services_Catalog_for_Election_Infrastructure.pdf.

[11] Congress established the National Academies of Sciences, Engineering, and Medicine in 1863 as an independent body, which has the obligation to provide scientific and technical advice to any department of the Government upon request and without compensation.   *See*

Research Council ("NAS") issued a consensus report about the need to secure and improve state and local election systems.[12]  The report, titled "Securing the Vote: Protecting American Democracy," made a number of recommendations, including that "[e]very effort should be made to use human-readable paper ballots in the 2018 federal election."  (Doc. 285-1 at 35.)  The report further recommended that voting machines that do not produce paper audit trails for each elector's vote "should be removed from service as soon as possible" and that each state "should require a comprehensive system of post-election audits of processes and outcomes."  (*Id.* at 35-36.)

Similarly, the Board of Advisors of the U.S. Elections Assistance Commission (EAC) passed a resolution in 2018 recommending that the EAC "not certify any system that does not use voter-verifiable paper as the official record of voter intent."[13]

Dr. Wenke Lee, Professor of Computer Science at Georgia Tech University and Co-Executive Director of the Institute for Information Security – the sole computer scientist appointed to the Secretary of State's new Secure Accessible Fair Elections ("SAFE") Commission – has echoed these same paper ballot and audit

---

http://www.nasonline.org/about-nas/leadership/governing-documents/act-of-incorporation.html.

[12]  As noted by Professor Richard A. DeMillo in his supplemental affidavit, "a consensus report of the NAS . . . represents the highest authority that the U.S. Government can rely upon when it seeks to be advised on matters of science, technology and engineering."  (Doc. 285-1 ¶ 9.)

[13]  *See* discussion of EAC action and audit outcome issues in the affidavit of Philip B. Stark, Professor of Statistics and Associate Dean of Mathematical and Physical Sciences and faculty member in Graduate Program in Computational Data Science and Engineering at University of California, Berkeley.  (Doc. 296 ¶¶ 20-25.)

11

verification recommendations in his August 30, 2018 presentation on cybertechnology to the Commission.  He has also stressed the essential need for installation on an ongoing basis of new hardware and software components designed to provide security protection to ensure voting system security.  (Pl. Ex. 5, Preliminary Injunction Hearing.)

In the midst of the events involving the breach of the CES at Kennesaw State University, Plaintiffs filed the current case against Defendants[14] in August 2017. Plaintiffs essentially claim that the DRE voting system in Georgia is unsecure, is unverifiable, and compromises the privacy and accuracy of their votes, and therefore they claim that Defendants' continued use of the DRE system violates their constitutional rights.  A brief overview of the particular claims brought by each set of Plaintiffs is instructive here.

The Coalition Plaintiffs bring two federal claims in their Third Amended Complaint:

(1) a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment's guarantee of due process, based on the substantial burden placed on their fundamental right to vote; and

---

[14] Defendants are largely classified in two groups: (1) the "State Defendants," which include Brian Kemp in his official capacity, the State Election Board, and members of the State Election Board (David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp) in their official capacities; and (2) the "Fulton County Defendants," which include Richard Barron in his official capacity, the Fulton County Board of Registration and Elections, and members of the Fulton County Board of Registration and Elections (Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, and Aaron Johnson) in their official capacities.

12

71

(2) a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment's guarantee of equal protection, based on the more severe burdens placed on the Plaintiffs' right to vote, right to freedom of speech and association, and the Georgia constitutional right to a secret ballot[15] as a result of Plaintiffs choosing to vote by DRE relative to other similarly situated electors choosing to vote another way.

For each of these claims, the Coalition Plaintiffs seek declaratory and injunctive relief against Brian P. Kemp in his official capacity as the Secretary of State of Georgia and as Chairperson of the State Election Board; the members of the State Election Board (David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, and Seth Harp) in their official capacities; and the members of the Fulton County Board of Registration and Elections (Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, and Aaron Johnson) in their official capacities. The Coalition Plaintiffs' Third Amended Complaint seeks a range of relief that is broader than their Motion for Preliminary Injunction now before the Court. Specifically, the Coalition Plaintiffs' Third Amended Complaint seeks the following:

- A court order declaring it unconstitutional to conduct public elections using any DRE model,

---

[15] The Coalition Plaintiffs clarify, in their Response to the State Defendants' Motion to Dismiss, that they are not bringing a state-law claim for violation of the Georgia Constitution. They are instead bringing a federal § 1983 claim based on unequal enforcement of state law.

13

- An injunction enjoining Defendants from enforcing O.C.G.A. § 21-2-383(b)[16] and Georgia State Election Board Rule 183−1−12−.01[17] and from requiring voters to cast votes using DREs,

- An injunction prohibiting Defendants from conducting public elections with optical scanned paper ballots without also requiring post-election audits of paper ballots to verify the results, and

- An injunction prohibiting Defendants from conducting public elections without also requiring subordinate election officials to allow meaningful public observation of all stages of election processing.

The Curling Plaintiffs bring essentially the same two constitutional claims as those brought by the Coalition Plaintiffs. As a slight variation, the Curling Plaintiffs bring their constitutional claims against the Defendants listed above as well as one additional defendant: Richard Barron in his official capacity as the Director of the Fulton County Board of Registration and Elections. The Curling

---

[16] "Notwithstanding any other provision of this Code section, in jurisdictions in which direct recording electronic (DRE) voting systems are used at the polling places on election day, such direct recording electronic (DRE) voting systems shall be used for casting absentee ballots in person at a registrar's or absentee ballot clerk's office or in accordance with Code Section 21-2-382, providing for additional sites." O.C.G.A. § 21-2-383(b).

[17] "Beginning with the November 2002 General Election, all federal, state, and county general primaries and elections, special primaries and elections, and referendums in the State of Georgia shall be conducted at the polls through the use of direct recording electronic (DRE) voting units supplied by the Secretary of State or purchased by the counties with the authorization of the Secretary of State. In addition, absentee balloting shall be conducted through the use of optical scan ballots which shall be tabulated on optical scan vote tabulation systems furnished by the Secretary of State or purchased by the counties with the authorization of the Secretary of State; provided, however, that the use of direct recording electronic (DRE) voting units is authorized by the Secretary of State for persons desiring to vote by absentee ballot in person." Ga. Comp. R. & Regs. r. 183−1−12−.01.

14

Plaintiffs also seek somewhat varied relief for these claims in their Second Amended Complaint:

- A court order declaring that Defendants violated the Fourteenth Amendment, and

- An injunction prohibiting Defendants from using DREs or other voting equipment that fails to satisfy state requirements.[18]

As stated above, both sets of Plaintiffs seek more limited and immediate relief in their motions for preliminary injunction. The Curling Plaintiffs ask the Court to order the following relief prior to the November 2018 general election: (1) enjoin the State Defendants to direct all counties that the use of DREs in the November 2018 election (and the December 2018 runoff election) is prohibited, with the exception for electors with disabilities; (2) enjoin the State Defendants to direct all counties to conduct elections using paper ballots; and (3) require the State Defendants to promulgate rules requiring and specifying appropriate procedures for conducting manual audits of election results. Similarly, the Coalition Plaintiffs ask the Court to: (1) prohibit Defendants from conducting the November 2018 election (and the December 2018 runoff election) with DRE

---

[18] Additionally, the Curling Plaintiffs bring a state-law claim under O.C.G.A. § 9-6-20 for a writ of mandamus ordering Defendants to discontinue the use of DRE machines and to either use (a) an optical scanning voting system or (b) hand-counted paper ballots. The Curling Plaintiffs seek a writ of mandamus against the following Defendants: the members of the State Election Board in their official capacities; the State Election Board; Richard Barron in his official capacity as the Director of the Fulton County Board of Registration and Elections; the members of the Fulton County Board of Registration and Elections in their official capacities; and the Fulton County Board of Registration and Elections.

machines for in-person voting; (2) order Defendants to conduct such elections using paper ballots, as permitted by Georgia law, with certain exceptions made for persons with disabilities; (3) order the State Election Board Members to promulgate rules requiring and specifying appropriate procedures for conducting manual audits of election results; and (4) order the Secretary of State, before October 1, 2018, to audit and correct any identified errors in the DRE system's electronic pollbook data that will be used in both such elections.

The Court now turns to the jurisdictional issues raised in Defendants' motion to dismiss before addressing the Plaintiffs' motions for preliminary injunction.

## III. Threshold Jurisdictional Issues

### A. Standing

The State Defendants argue that both the Curling Plaintiffs and the Coalition Plaintiffs lack standing to bring their claims in federal court. According to the State Defendants, Plaintiffs fail to establish each of the three elements required for standing. The Fulton County Defendants' Motion to Dismiss incorporates by reference the State Defendants' arguments on standing. (*See* Fulton Mot. to Dismiss, Doc. 82-1 at 5.)

The Supreme Court has set forth the standard for determining whether a party has standing:

> It is by now well settled that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest

16

that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742–43 (1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)) (internal quotation marks omitted). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)).

As to the first element, Defendants contend that Plaintiffs have not sufficiently alleged a concrete "injury in fact." Defendants argue that Plaintiffs' allegations that the DRE voting machines are vulnerable to hacking and are "presumed to be compromised" convey only a speculative, generalized fear, thus falling short of establishing a concrete injury.

These arguments are unavailing. For one, Plaintiffs have alleged that the DRE voting system was *actually* accessed or hacked multiple times already – albeit by cybersecurity experts who reported the system's vulnerabilities to state authorities, as opposed to someone with nefarious purposes. (Curling Complaint, Doc. 70 ¶¶ 42-43, 45-49; Coalition Complaint, Doc. 226 ¶¶ 95-106.) Contrary to Defendants' characterizations, Plaintiffs' allegations are not premised on a

17

theoretical notion or "unfounded fear"[19] of the hypothetical "possibility" that Georgia's voting system might be hacked or improperly accessed and used. Plaintiffs allege that harm has in fact occurred, specifically to their fundamental right to participate in an election process that accurately and reliably records their votes and protects the privacy of their votes and personal information. (Curling Complaint, Doc. 70 ¶ 14 ("Curling also chose to exercise her right to cast her vote using a verifiable paper ballot in the Runoff, so as to ensure that her vote would be permanently recorded on an independent record. To do so, Curling persisted through considerable inconvenience – only to be incorrectly told by Defendants Kemp and the Fulton County Board of Registration and Elections that she had not, in fact, cast a ballot, creating irreparable harm that her ballot was not counted."); ¶ 16 (Donna Price "cast her vote on a DRE in the 2016 General Election," and "[w]ithout the intervention of this Court, Price will be compelled to choose between relinquishing her right to vote and acquiescing to cast her vote under a system that violates her right to vote in absolute secrecy and have her vote accurately counted"); ¶ 38 ("DREs produce neither a paper trail nor any other means by which the records of votes cast can be audited."); ¶¶ 42-43 ("Lamb was able to access key components of Georgia's electronic election infrastructure . . . . In accessing these election system files, Lamb found a startling amount of private information," including driver's license numbers, birth dates, and the last four digits of Social

---

[19] *See* State Defendants' Motion to Dismiss Coalition Plaintiffs' Third Amended Complaint, Doc. 234-1 at 1.

Security numbers); Coalition Complaint, Doc. 226 ¶ 152 (member of CGG, Brian Blosser, "was prohibited from voting on April 18, 2017 . . . when his name did not appear on the eligible voter rolls" for the Sixth Congressional District and "was instead erroneously listed" as a resident of another district, an error that Fulton County Board members blamed on a "software glitch"); ¶ 154 (members of CGG, Mr. and Ms. Digges, previously in 2017 "chose to vote by mail-in paper absentee ballot because they were aware that an electronic ballot cast using an AccuVote DRE was insecure," and they "were required to undergo the inconvenience of requesting paper ballot[s] and the cost of postage to mail their ballots" "well before Election Day"); ¶ 72 ("Georgia's AccuVote DREs do not record a paper or other independent verifiable record of the voter's selections."); ¶ 92 ("[D]esign flaws render the electronic ballots cast on AccuVote DREs capable of being matched to voter records maintained by pollworkers and pollwatchers," and thereby expose citizens' candidate selections to poll workers); ¶ 97 ("Lamb freely accessed files hosted on the 'elections.kennesaw.edu' server, including the voter histories and personal information of all Georgia voters . . . . Lamb noted that the files had been publicly exposed for so long that Google had cached (i.e., saved digital backup copies of) and published the pages containing many of them."); ¶ 138 ("Fulton Board Members have adopted voting procedures under which individual electronic ballots bearing a unique identifier are transmitted from Fulton County's AccuVote DREs located in satellite voting centers to Fulton County's central GEMS tabulation server in clear text (i.e., unencrypted) over an ordinary, unsecured

telephone line on Election Night. This practice violates fundamental security principles because it subjects the transmitted votes to manipulation (such as man-in-the-middle interception and substitution of votes) and exposes the votes with their unique identifier to third-party interception, violating voters' rights of secrecy in voting.").)

Plaintiffs also allege the threat of future harm. For instance, in upcoming elections, Plaintiffs allege that Defendants are requiring them to vote early, mail a paper absentee ballot, and pay for postage to avoid having to use unsecure DRE machines, thereby subjecting them to unequal treatment. Furthermore, Plaintiffs plausibly allege a threat of a future hacking event that would jeopardize their votes and the voting system at large. Despite being aware of election system and data cybersecurity threats and vulnerabilities identified by national authorities and the DRE system's vulnerability to hacking as early as August 2016 – when Logan Lamb, the computer scientist, first alerted the State's Executive Director of the CES of his ability to access the system – Defendants allegedly have not taken steps to secure the DRE system from such attacks. (Curling Complaint, Doc. 70 ¶ 46 ("[N]ot only did Georgia fail to take remedial action when alerted to the problem Lamb raised, it failed to act even in the face of the detailed information on the cybersecurity threats facing the nation's election systems, and the recommended specific steps to reduce the risk, which were disseminated by the FBI, the DHS and

the EAC[20]."); Coalition Complaint, Doc. 226 ¶ 112 ("[N]o efforts have been made to remediate the compromised software programs and machines or to identify and remove any malware that was likely introduced during the lengthy security breaches referred to herein on the 'elections.kennesaw.edu' server that hosted the election-specific software applications and data that are re-installed on every piece of voting and tabulation equipment used to conduct Georgia's elections in advance of each election conducted using Georgia's Voting System.").)

Importantly, courts have recognized these sorts of alleged harms as concrete injuries, sufficient to confer standing. In particular, courts have found that plaintiffs have standing to bring Due Process and Equal Protection claims where they alleged that their votes would likely be improperly counted based on the use of certain voting technology. *See, e.g.*, *Stewart v. Blackwell*, 444 F.3d 843, 855 (6th Cir. 2006) ("The increased probability that their votes will be improperly counted based on punch-card and central-count optical scan technology is neither speculative nor remote."), *vacated* (July 21, 2006), *superseded*, 473 F.3d 692 (6th Cir. 2007) (vacated and superseded on the grounds that the case was rendered moot by the county's subsequent abandonment of the DRE machines at issue); *Banfield v. Cortes*, 922 A.2d 36, 44 (Pa. Commw. Ct. 2007) (finding that the plaintiffs had sufficiently alleged standing under similar Pennsylvania law, based on "the fact that Electors have no way of knowing whether the votes they cast on a

_____

[20] DHS is the acronym for the U.S. Department of Homeland Security, and EAC is the acronym for the U.S. Election Assistance Commission.

DRE have been recorded and will be counted," which "gives Electors a direct and immediate interest in the outcome of this litigation"); *c.f. Stein v. Cortes*, 223 F. Supp. 3d 423, 432-33 (E.D. Pa. 2016) (where plaintiffs sought a vote recount, post-election, based on the use of unsecure DREs, finding no standing based on the plaintiffs' "less than clear" allegations that the DRE machines are "hackable"; that the Pennsylvania Election Code's recount provisions are "labyrinthine, incomprehensible, and impossibly burdensome"; and that the past vote count was inaccurate – which plaintiffs merely posed as a "seemingly rhetorical question").

Turning to causal connection, the second element of standing, Defendants raise different arguments in response to the Curling Plaintiffs' claims versus the Coalition Plaintiffs' claims. For the Curling Plaintiffs, Defendants argue that any injury would be traced to illegal hacking into the DREs, not the use of the DREs themselves. Here, as discussed above, the Curling Plaintiffs have alleged that Defendants were aware of serious security breaches in the DRE voting system and failed to take adequate steps to address those breaches. Notably, even after Mr. Lamb first alerted the State about his access of the voting system, he and another cybersecurity expert were able to access the system *again* about six months later. (Curling Complaint, Doc. 70 ¶ 47.) Plaintiffs allege that Defendants have continued to fail to take action to remedy the DRE system's vulnerabilities. (*Id.* ¶¶ 46, 61, 62, 72.) And they allege that this failure, in turn, impacts the integrity of the voting system and their ability as citizens to rely upon it when casting votes in this system. (*Id.*) At the motion to dismiss stage, these allegations plausibly show

causal connection, even if indirectly, between Defendants' continued use of unsecure DREs and the injury to Plaintiffs' constitutional rights. *Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263, 1273 (11th Cir. 2003) ("[E]ven harms that flow indirectly from the action in question can be said to be 'fairly traceable' to that action . . . .").

For the Coalition Plaintiffs, Defendants make the same argument above regarding causation (which fails) and another slightly different argument. Defendants take issue with the Coalition Plaintiffs' request for relief enjoining the State Defendants from enforcing O.C.G.A. § 21-2-383(b) and State Election Board Rule 183−1−12−.01. Defendants assert that the State Defendants (the Secretary and the State Election Board) do not mandate the use of DREs; rather, state law requires the use of DREs. Defendants maintain that the State Defendants are merely implementing the governing state law, which they are bound to do, and therefore Plaintiffs miss the mark by seeking to enjoin the State Defendants' actions instead of challenging the state law itself. In this way, Defendants argue that Plaintiffs have not linked their injury to any action by the State Defendants.

But O.C.G.A. § 21-2-383(b) does not *require* the use of DREs as Defendants claim it does. The statute requires absentee electors who vote in-person in the advance voting period to vote by DRE, but only "in jurisdictions in which direct recording electronic (DRE) voting systems are used at the polling places on election day." The statute simply specifies the use of DREs under certain circumstances. Rather, it is the State Election Board that issued a rule requiring

23

the use of DREs in "all federal, state, and county general primaries and elections, special primaries and elections, and referendums," and requiring the use of DREs by "persons desiring to vote by absentee ballot in person."  Ga. Comp. R. & Regs. r. 183–1–12–.01.  When read together, the state statute and the State Election Board rule indicate that the State Defendants have chosen to enforce state law so as to generally require the use of DREs in elections statewide.

Even apart from the statutory language, the Coalition Plaintiffs have plausibly alleged that the State Defendants play a critical role in directing, implementing, programming, and supporting the DRE system throughout the state.  The Coalition Plaintiffs allege that the Secretary provided the counties with the DRE machines and the software on which they operate.  (Coalition Complaint, Doc. 226 ¶ 59.)  Additionally, from 2002 to December 2017, the Secretary allegedly contracted with Kennesaw State University to create the Center for Election Services ("CES") "to assist the Secretary in the fulfillment of his statutory duties to manage Georgia's election system."  (*Id.* ¶ 93.)  The CES maintained a central computer server containing sensitive voting-related information such as software applications, voter registration information, ballot building files, and "other sensitive information critical to the safe and secure operation of Georgia's Voting System."  (*Id.* ¶¶ 94, 119.)  These factual allegations, when considered with the Third Amended Complaint as a whole, show that the Coalition Plaintiffs have alleged enough of a causal link between the State Defendants' conduct and their injury for standing purposes.

24

Finally, on the third element of redressability, Defendants raise some of the same arguments as they do for the second element. Defendants argue that an injunction prohibiting the State Defendants from using DREs would not actually stop the deployment of DREs. Defendants maintain that county officials not included in this suit would continue to use DREs, as the State is not the entity that enforces the law requiring DREs. Defendants also argue that a different balloting system would not eliminate potential third-party interference, as no election system is flawless.

As stated above, the Court finds that the Coalition Plaintiffs have sufficiently alleged that the State Defendants play a significant role in the continued use and security of DREs, and therefore the requested injunction would help redress some of the Coalition Plaintiffs' injury. The Secretary of State both has the authority and obligation to investigate complaints regarding the accuracy and safety of the DRE voting system and to take appropriate corrective action in connection with the continued use of the DRE system. O.C.G.A. § 21-2-379.2. The Third Amended Complaint describes how the Secretary of State could play a critical role in conducting an in-depth investigation and formulating a remedy. As alleged in the Complaint, the State of California commissioned a study in 2007 to examine the security of its own Diebold AccuVote DRE system, the same type of system used in Georgia. Upon the study's findings that the DRE system was inadequate, had serious design flaws, and was susceptible to hacking, California's Secretary of State then decertified its DRE system in 2009. (Coalition Complaint, Doc. 226 ¶¶ 81,

25

84, 86.)  The Complaint similarly alleges that the Secretary of State for Ohio commissioned an independent expert study of a newer version of the DREs than those used in Georgia and reached similar conclusions as to the lack of trustworthy design and vulnerability to attack of the election system.  (*Id.* ¶¶ 81, 83, 85.)

The State Defendants here are similarly in a position to redress the Plaintiffs' alleged injury.  Thus, if the Court were to grant at least part of the requested injunctive relief as to the suspended use of the DRE voting system, any injunction would likely enjoin both the State Defendants as well as the Fulton County Defendants (as there is no argument that the County would not be enjoined).  Furthermore, as to Defendants' argument that no election system is flawless, the Coalition Plaintiffs rightly point out that this is not the standard for redressability.  Plaintiffs are seeking relief to address a particular voting system which, as currently implemented, is allegedly recognized on a national level to be unsecure and susceptible to manipulation by advanced persistent threats through nation state or non-state actors.  Plaintiffs are not asking for a system impervious to all flaws or glitches.

Defendants assert three additional arguments related to standing: that the Coalition Plaintiffs cannot manufacture standing by inflicting harm on themselves, that the individual Plaintiff Coalition for Good Governance ("CGG") lacks organizational and associational standing, and that Plaintiffs must reside in the jurisdiction for which they seek to enjoin DRE use.

26

The first of these arguments fails because the cases relied on by Defendants are distinguishable.  Here, the Coalition Plaintiffs are suffering injury from the voluntary exercise of their *fundamental right to vote*, not from just any sort of activity that they decide to engage in.  In *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013), the plaintiffs voluntarily spent money to take certain protective measures, based on a hypothetical fear of being subject to surveillance. And in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the plaintiffs expressed an intent to voluntarily return to certain places they had visited before, which would deprive them of the opportunity to observe animals of an endangered species.  These activities do not invoke the protection associated with exercising fundamental rights, such as the right to vote.  The Coalition Plaintiffs aptly point out that Defendants' logic would bar many voting rights cases, based on individuals choosing to vote by one method or another, which certainly is not how courts have assessed standing in this context.

Defendants' challenge of CGG's standing similarly fails.  "An organization has standing to enforce the rights of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1160 (11th Cir. 2008) (internal quotation marks omitted).  The State Defendants argue that the Coalition Plaintiffs merely "presume" harm to their own members, without sufficiently

alleging harm to one or more of their members. (State Mot. to Dismiss, Doc. 234-1 at 31.) They also argue that CGG cannot assert that individuals are "members" merely because they are listed on CGG's mailing list. (*Id.*) The Coalition Plaintiffs, however, have alleged that the individual Plaintiffs – Laura Digges, William Digges III, Ricardo Davis, and Megan Missett – are all members of CGG. Contrary to Defendants' assertion, these particular Plaintiffs do not allege that they are members of CGG solely because they are on the mailing list. Furthermore, at least one of these Plaintiffs also alleges harm to his or her individual rights under the federal Constitution, as discussed above, so that they could presumably sue Defendants in their own right. (Coalition Complaint, Doc. 226 ¶¶ 24-27.) The Court finds these allegations sufficient to confer associational standing to CGG.[21]

As for Defendants' argument that Plaintiffs must reside in the county where they seek injunctive relief, this argument misses the mark. The Court need only find that one plaintiff (from each of the two sets of Plaintiffs) has sufficiently alleged standing, and that is the case here. *Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1195 (11th Cir. 2009) ("Because Balzli has standing to raise those claims, we need not decide whether either of the organizational plaintiffs also has standing to do so."). Specifically, the Curling Plaintiffs allege that Donna Curling is a resident of Fulton County and intends to vote in the upcoming elections in Fulton County. (Curling Complaint, Doc. 70 ¶

---

[21] The Court need not reach Defendants' challenge to CGG's *organizational* standing, as the Court has already found the Coalition Plaintiffs sufficiently alleged *associational* standing for CGG. *See Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009).

13.)  The Coalition Plaintiffs likewise allege that Megan Missett is a resident of Fulton County who intends to vote in the County's upcoming elections.  (Coalition Complaint, Doc. 226 ¶ 27.)  Based on the current allegations, both Ms. Curling and Ms. Missett have established the required elements of injury in fact, causation, and redressability as discussed above.

In sum, the Court finds that both sets of Plaintiffs have sufficiently alleged standing to bring their claims at this juncture.

### B.    Eleventh Amendment Immunity

Defendants argue that Plaintiffs' two federal claims are barred by the Eleventh Amendment.  Defendants acknowledge the *Ex Parte Young*[22] exception to Eleventh Amendment immunity, which allows claims against state officers in their official capacities for prospective injunctive relief.  But Defendants assert that the exception does not apply here for the following reasons: Plaintiffs seek to enjoin the enforcement of a state law that they do not challenge as unconstitutional; Plaintiffs have not alleged an ongoing or continuous violation of federal law; Plaintiffs seek to remedy past, not prospective, conduct; and Plaintiffs' requested relief implicates special state sovereignty interests.

Defendants' arguments are meritless.  First, Plaintiffs rightly point out that the *Ex Parte Young* exception applies to as-applied challenges to state statutes, not just facial challenges as Defendants imply.  Here, Plaintiffs specifically challenge the application of Georgia's law by Defendants to require in-person voting by DRE.

---

[22] 209 U.S. 123 (1908).

Second, Plaintiffs clearly allege an ongoing and continuous violation of federal law. The injunctive relief they request is designed to prevent injury by enjoining the use of DREs in upcoming elections and other future elections. Third, and likewise, Plaintiffs seek to remedy prospective harm.[23] Fourth, the requested relief does not implicate special state sovereignty interests by essentially usurping the State's role in regulating elections. Plaintiffs are not asking the Court to direct how the State counts ballots. They are asking the Court to bar the use of DREs based on the specific circumstances, history, and data security issues presented in this case and where the State has alternative options of using optical scanners and hand counting ballots. And they seek to require the State to implement a fully auditable ballot system designed to ensure the accuracy and reliability of the voting process in this challenging era when data system vulnerabilities pose a serious risk of opening election data, processes, and results to cyber manipulation and attack.

Thus, pursuant to *Ex Parte Young*, the Court finds that the Eleventh Amendment does not bar Plaintiffs' federal claims.[24]

For the reasons stated above, the Court finds that it has jurisdiction at this juncture for purposes of considering Plaintiffs' motions for preliminary injunction.

---

[23] Defendants' arguments opposing Plaintiffs' motions for preliminary injunction belie this argument, as Defendants claim that the requested injunctive relief, if granted, would harm them on the eve of the *upcoming* November 2018 election.

[24] At one point, State Defendants cite to cases involving state sovereign immunity issues. The Court clarifies that state sovereign immunity is not at issue here – only Eleventh Amendment sovereign immunity. Plaintiffs do not allege violations of the Georgia Constitution. They allege violations of the U.S. Constitution based in part on the enforcement of state law requiring the use of DREs for in-person voting. (*See* SEB Rule 183–1–12–.01.)

The Court therefore **DENIES IN PART** Defendants' Motions to Dismiss [Docs. 82, 83, 234] as discussed herein.

## IV. Plaintiffs' Motions for Preliminary Injunction

To obtain preliminary injunctive relief, the moving party must show that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four prerequisites." *Id.* (internal citations omitted).

Furthermore, the Supreme Court has recognized that there are special considerations involved with impending elections and the critical issues at stake. In *Reynolds v. Sims*, the Court stated:

> [O]nce a State's [election-related] scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan. However, under certain circumstances, such as where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief in a legislative apportionment case, even though the existing apportionment scheme was found invalid. In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles.

31

377 U.S. 533, 585 (1964); *see also Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (holding that courts are "required to weigh, in addition to the harms attendant upon issuance or nonissuance of an injunction, considerations specific to election cases and its own institutional procedures").

Considering the totality of the evidence and affidavits presented at this juncture, the Court finds with a measure of true caution that Plaintiffs are likely to satisfy the first element for a preliminary injunction – a likelihood of success on the merits – for at least some of their claims.  The Court's caution is that though the parties have filed endless briefs on Defendants' multiple motions to dismiss and amended complaints, largely due to Plaintiffs' changes in counsel, the case did not move substantively forward until the motions for preliminary injunction were filed in August 2018.  The subject matter in this suit is complex, even if well-presented, and there is still key information that needs to be gathered.  For instance, the voting system and data handling deficiencies in one county, Fulton County, could possibly impact all other counties in the state.  The State also never called the Chief Information Officer for the Secretary of State's Office to testify, and substantive answers from other state officials were limited by their lack of computer science expertise and apparent knowledge.  In short, the case would benefit from some discovery and a full evidentiary hearing on the merits over several days.

32

That said, the Supreme Court has held that "[i]t is beyond cavil that voting is of the most fundamental significance under our constitutional structure." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (internal quotation marks omitted). The Court goes on to recognize that "[i]t does not follow [] that the right to vote in any manner and the right to associate for political purposes through the ballot are absolute." *Id.* Thus, courts apply a more flexible standard in this context:

> A court considering a challenge to a state election law must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate against the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights. . . . Under this standard, the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. Thus, as we have recognized when those rights are subjected to severe restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance. . . . But when a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify the restrictions.

*Id.* at 434 (internal quotation marks omitted).

Here, Plaintiffs have shown that their Fourteenth Amendment rights to Due Process and Equal Protection have been burdened. Put differently, the State's continued reliance on the use of DRE machines in public elections likely results in "a debasement or dilution of the weight of [Plaintiffs'] vote[s]," even if such conduct does not completely deny Plaintiffs the right to vote. *Bush v. Gore*, 531 U.S. 98, 105 (2000) (quoting *Reynolds*, 377 U.S. at 555).

33

Plaintiffs shine a spotlight on the serious security flaws and vulnerabilities in the State's DRE system – including unverifiable election results, outdated software susceptible to malware and viruses, and a central server that was already hacked multiple times. Mirroring the truncated affidavit statement of Merritt Beaver, the Chief Information Officer in the Office of the Secretary of State, the State Defendants' response brief merely states, without more, that the central server is no longer an issue because the way Kennesaw State University maintained the system "is not the way that those tasks are undertaken now." (*See* Response, Doc. 265 at 22; Beaver Affidavit, Doc. 265-1.) The Defendants presented no witness with actual computer science engineering and forensic expertise at the preliminary injunction hearing to address the impact of the Kennesaw State University breach or the specifics of any forensic evaluation of the servers, DREs, removable media used for transfer of data, analog phone modems, and other connected devices that together constitute the election system. The Defendants' response brief is close to non-responsive to the concerns that Plaintiffs raise about the serious vulnerability of the server and the election data system at large to intrusion, virus, or attack. Defendants' response is bare-boned in the absence of evidence of installation of updates to software or equipment or evidence of statewide software and hardware scrubbing – after at least one or more portions of the database system operated by Kennesaw State University was left accessible for at least six months. In fact, Defendants presented scant evidence to rebut Plaintiffs' expert evidence regarding Georgia's persistent failure to update or

34

replace software systems, despite security flaws identified by the software industry.[25]

Michael Barnes, the Director of the CES at Kennesaw State University,[26] was the sole staff member at the CES to move over to the State when the Center's functions were taken over by the Secretary of State's office.  He in turn became the Center's Director once this transfer occurred.  The State presented his testimony at trial.  Mr. Barnes professed effectively no knowledge about the ramifications for the state's voter system or remedial measures in connection with Mr. Lamb's accessing the CES's voter registration databases – which was filled with millions of voter records with personally identifiable information, passwords for election day supervisors, and the software used to create ballot definitions, memory cards, and vote tabulations.  Mr. Barnes also appeared not to recognize the full scope of the contamination risks posed by his own use of a plug-in USB drive (which he connects both to the central GEMS "air-gapped" server and his own "public facing" computer that is connected to the Internet) to transfer vital elections programming data to the counties.  Mr. Barnes similarly did not appear to recognize the risks associated with the use of analog phone connections for the transfers of election results.

---

[25] Indeed, after Fulton County experienced a meltdown in the tabulation of the vote in the primary for the Sixth Congressional District in 2017, Richard Barron, the Director of Registration and Elections for Fulton County, vocally expressed his view that the software system of 2000 vintage should be investigated and should have been replaced.  (Pl. Ex. 9, Preliminary Injunction Hearing.)

[26] Mr. Barnese is not a computer scientist.

35

As discussed earlier, the Curling Plaintiffs' voting-systems cybersecurity expert, Alex Halderman, demonstrated at the hearing how malware could be introduced into a DRE machine via a memory card and actually change an elector's vote without anyone knowing. (*See also* DeMillo Affidavit, Doc. 277 Ex. C; Buell Affidavit, Doc. 260-3; Bernhard Affidavit, Doc. 258-1 at 33-42.) Additionally, Professor Halderman explained in his testimony in detail the reasons why the DRE auditing and confirmation of results process used by state officials on a sample basis is generally of limited value. This process is keyed to matching the *total* ballots cast, without any independent source of individual ballot validation, and it can be defeated by malware similar to that used by the Volkswagen emissions software that concealed a car's actual emissions data during testing. (Halderman testimony at hearing; Halderman Affidavit, Doc. 260-2 ¶¶ 35-48; *see also* DeMillo Affidavit, Doc. 277, Ex. C ¶¶ 10-20.) Further, parallel testing of DREs is of limited value. "If the testing reveals, at the close of the election, that the machines were counting incorrectly, there will likely be no way to recover the true results, since the machines used in Georgia have no paper backup records." (Halderman Affidavit, Doc. 260-2 ¶ 41.)

Plaintiffs also emphasize current cybersecurity developments regarding election security and the heightened, legitimized concerns of election interference. Contrary to Defendants' assertions, Plaintiffs' claims do not boil down to paranoia or hypothetical fear. National security experts and cybersecurity experts at the highest levels of our nation's government and institutions have weighed in on the

specific issue of DRE systems in upcoming elections and found them to be highly vulnerable to interference, particularly in the absence of any paper ballot audit trail.[27]  Indeed, the evidence and testimony presented conforms with the patterns of heightened cybersecurity breach and data manipulation attacks now regularly appearing in civil financial cases as well as criminal cases.[28]

Defendants assert that the state election laws at issue are "narrowly drawn to effect the State's regulatory interest in maintaining fair, honest and efficient elections."  (Response, Doc. 265 at 15.)  This conclusory re-statement of an overarching principle of Fourteenth Amendment voting jurisprudence[29] does not by itself answer the issues before the Court.  However, the Court recognizes the important policy changes and objectives achieved by the State's adoption via the Secretary of State's Office of the statewide integrated DRE voting system in approximately 2002.  But the DRE system also originally was intended to include the capacity for an independent paper audit trail of every ballot cast, and this feature was never effectuated.  (Report of the 21st Century Voting Commission, Pl. Ex. 10 at 38, introduced at Preliminary Injunction hearing; testimony of Cathy Cox.)

---

[27] The PowerPoint presentation of Dr. Wenke Lee, the sole cybersecurity scientist serving on the Secretary of State's new SAFE Commission, identifies similar overarching risks and solutions, including paper ballots as durable evidence of election results.  (Pl. Ex. 5 at Preliminary Injunction Hearing.)

[28] But in contrast to the circumstances where there is no independent vote audit trail, when money is stolen through cybercrime, ultimately the theft is clearly obvious – the funds are gone.

[29] See Burdick, 504 U.S. at 433.

As the Court noted at the preliminary injunction hearing, rapidly evolving cybertechnology changes and challenges have altered the reality now facing electoral voting systems and Georgia's system in particular. And it is this reality that Plaintiffs substantiated with expert affidavits and testimony as well as an array of voter affidavits and documentation. Defendants sidestep the fact that Georgia is only one of five states that rely on a DRE voting process that generates no independent paper ballot or audit record. Yet the Plaintiffs' evidence as to the problems of security, accuracy, reliability, and currency of Georgia's system and software have hardly been rebutted by Defendants except via characterizations of the issues raised as entirely hypothetical and baseless. Ultimately, an electoral system must be accurate and trustworthy. The State's apparent asserted interest in maintaining the DRE system without significant change cannot by itself justify the burden and risks imposed given the circumstances presented. *Burdick*, 504 U.S. at 434.

Plaintiffs are substantially likely to succeed on the merits of one or more of their constitutional claims, though this finding is a cautious, preliminary one, especially in light of the initial state of the record. Plaintiffs have so far shown that the DRE system, as implemented, poses a concrete risk of alteration of ballot counts that would impact their own votes. Their evidence relates directly to the manner in which Defendants' alleged mode of implementation of the DRE voting system deprives them or puts them at imminent risk of deprivation of their fundamental right to cast an effective vote (i.e., a vote that is accurately counted).

38

*United States v. Classic*, 313 U.S. 299, 315 (1941); *Stewart*, 444 F.3d at 868.

Plaintiffs' evidence also goes to the concern that when they vote by DRE, their vote is in jeopardy of being counted less accurately and thus given less weight than a paper ballot.[30] As the Supreme Court held in *Bush v. Gore*:

> The right to vote is protected in more than the initial allocation of the franchise. Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another. . . . It must be remembered that "the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise."

531 U.S. 98, 104-05 (2000) (internal citations omitted).

The Defendants rely on *Wexler v. Anderson*, 452 F.3d 1226 (11th Cir. 2006) in maintaining that Plaintiffs cannot establish the viability of their Fourteenth Amendment claims described above. But *Wexler* and this case are distinguishable. The Eleventh Circuit noted that the *Wexler* plaintiffs "did not plead that voters in touchscreen counties are less likely to cast effective votes due to the alleged lack of a meaningful manual recount procedure in those counties," and therefore their "burden is the mere possibility that should they cast residual ballots, those ballots will receive a different, and allegedly inferior, type of review in the event of a manual recount." *Id.* at 1226. *Wexler* distinguishes this situation from the one in

---

[30] Plaintiffs allege other theories under these constitutional claims, including that their right to cast a secret ballot is violated and that they must incur greater costs to cast an absentee ballot if they choose to avoid voting by DRE. Plaintiffs may be less likely to prevail on these theories, though the Court will not reach that conclusion now, especially given the incomplete status of the evidentiary record.

*Stewart v. Blackwell*, 444 F.3d at 868-72, where strict scrutiny was applied based on the plaintiffs' allegations of "vote dilution due to disparate use of certain voting technologies." 444 F.3d at 871. Thus, in contrast with *Stewart*, the Eleventh Circuit in *Wexler* did not apply strict scrutiny and instead reviewed "Florida's manual recount procedures to determine if they are justified by the State's 'important regulatory interests.'" *Wexler*, 452 F.3d at 1233 (citing *Burdick*, 504 U.S. at 434)).

Here, Plaintiffs appear to present facts that fall somewhere between *Wexler* and *Stewart*. Unlike *Wexler*, Plaintiffs are alleging that they are less likely to be able to cast accurate or effective ballots when voting by DRE. The evidence here is not as well developed as that in *Stewart*, which was decided on a fully factually developed summary judgment record. Still, Plaintiffs in this case have presented sufficient evidence so far that their votes cast by DRE may be altered, diluted, or effectively not counted on the same terms as someone using another voting method – or that there is a serious risk of this under the circumstances.

Turning to the second element for a preliminary injunction, the Court also finds that Plaintiffs have demonstrated a real risk of suffering irreparable injury without court intervention. This analysis to some extent parallels the "injury in fact" standing analysis above. Absent an injunction, there is a threat that Plaintiffs' votes in the upcoming elections will not be accurately counted. Given the absence of an independent paper audit trail of the vote, the scope of this threat is difficult

40

to quantify, though even a minor alteration of votes in close electoral races can make a material difference in the outcome.

Finally, the Court considers together the last two factors in evaluating whether preliminary injunctive relief should be granted: whether the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and, if issued, whether the injunction would not be adverse to the public interest. The Court considers these factors in tandem, as the real question posed in this context is how injunctive relief at this eleventh-hour would impact the public interest in an orderly and fair election, with the fullest voter participation possible and an accurate count of the ballots cast.

*This assessment involves a true catch-22.*

While Plaintiffs have shown the threat of real harms to their constitutional interests, the eleventh-hour timing of their motions and an instant grant of the paper ballot relief requested could just as readily jeopardize the upcoming elections, voter turnout, and the orderly administration of the election. Defendants introduced substantial evidence from Elections Directors from counties with major populations (e.g., Fulton, Cobb, Gwinnett, Muscogee, and Richmond Counties) regarding the fiscal, organizational, and practical impediments and burdens associated with a court order that would require immediate implementation of paper ballot and ballot scanning voting systems for the 2018 election cycle. (*See* Testimony of Richard Barron at Preliminary Injunction Hearing; Doc. 265-3; Doc. 265-6.) Various representatives of the

Secretary of State's office provided testimony regarding similar organizational and fiscal challenges. Some of these concerns, such as authority for emergency purchase orders of ballot paper or scanners, clearly are resolvable based on emergency purchase provisions under state and local law. The Court's greater concern, in considering the evidence, is that the massive scrambling required to implement such injunctive relief in roughly 2,600 precincts and 159 countries will seriously test the organizational capacity of the personnel handling the election, to the detriment of Georgia voters.

Plaintiffs have submitted evidence from various jurisdictions in other states of their ability to smoothly roll out a paper ballot/optical scanning system in an expedited time frame as well an affidavit from the administrator overseeing Maryland's transition over an expedited, but still far longer, time frame. The challenges presented in these jurisdictions are not comparable to managing a rapid implementation of a balloting system, associated technology, and administrative transition in less than seven weeks on a statewide basis in large population centers as well as tiny ones simultaneously. Nor is it likely simple to roll out a paper ballot system with proper, efficient scanning, when many polling station personnel throughout the state have never handled this scope of a paper ballot exercise – or used accompanying scanners on a massive basis.

Further, early elections begin mid-October. This poses an even earlier deadline for action and organization. Fulton County's Elections Director testified that the County would only be able to cope with the challenges of an immediate

42

ballot requirement by limiting early voting to one central location, rather than offering it at 20 locations spread throughout the county. This, of course, would likely directly impact voter turnout and access to voting.

Ultimately, any chaos or problems that arise in connection with a sudden rollout of a paper ballot system with accompanying scanning equipment may swamp the polls with work and voters – and result in voter frustration and disaffection from the voting process. There is nothing like bureaucratic confusion and long lines to sour a citizen. And that description does not even touch on whether voters themselves, many of whom may never have cast a paper ballot before, will have been provided reasonable materials to prepare them for properly executing the paper ballots.

The Court attempted to expedite this case at earlier times to no avail. The Court understands some of the reasons why Plaintiffs may have been unable to file a preliminary injunction motion before new counsel for the Coalition Plaintiffs filed a Third Amended Complaint in June 2018. But the *August* filing of their motion for preliminary injunction effectively put the squeeze on their proposed remedial relief. Requiring injunctive relief on this broad of a scale, and on an abrupt, time-limited basis, would likely undermine a paper ballot initiative with a scanned audit trail that appears in reality to be critically needed.

Meanwhile, the State Defendants have also stood by for far too long, given the mounting tide of evidence of the inadequacy and security risks of Georgia's DRE voting system and software. The Court is gravely concerned about the State's

43

pace in responding to the serious vulnerabilities of its voting system – which were raised as early as 2016 – while aging software arrangements, hardware, and other deficiencies were evident still earlier. The Secretary of State's Secure, Accessible, & Fair Elections (SAFE) Commission has held just two meetings since its establishment in April 2018, though it is tasked with making recommendations to the legislature that convenes in January 2019. The State and the County's arguments about the time and resource constraints at issue, in the event the Court granted the requested injunctive relief, are compelling right now, with the November election just weeks away. But these arguments only weaken the more that time passes and if Defendants continue to move in slow motion or take ineffective or no action. For upcoming elections after November 2018, Defendants are forewarned that these same arguments would hold much less sway in the future – as any timing issues then would appear to be exclusively of Defendants' own making at that point.

Upon considering the totality of the evidence in connection with the four factors that must guide the Court's determination regarding the grant of extraordinary relief as to Plaintiffs' constitutional claims, the Court finds that the Plaintiffs have not carried their burden of persuasion to establish these prerequisites for such extraordinary injunctive relief in the immediate 2018 election time frame ahead.

## V. Conclusion

While Plaintiffs' motions for preliminary injunction [Docs. 258, 260, 271] are **DENIED**, the Court advises the Defendants that further delay is not tolerable in their confronting and tackling the challenges before the State's election balloting system. The State's posture in this litigation – and some of the testimony and evidence presented – indicated that the Defendants and State election officials had buried their heads in the sand. This is particularly so in their dealing with the ramifications of the major data breach and vulnerability at the Center for Election Services, which contracted with the Secretary of State's Office, as well as the erasure of the Center's server database and a host of serious security vulnerabilities permitted by their outdated software and system operations.

A wound or reasonably threatened wound to the integrity of a state's election system carries grave consequences beyond the results in any specific election, as it pierces citizens' confidence in the electoral system and the value of voting.

Advanced persistent threats in this data-driven world and ordinary hacking are unfortunately here to stay. Defendants will fail to address that reality if they demean as paranoia the research-based findings of national cybersecurity engineers and experts in the field of elections. Nor will surface-level audit procedures address this reality when viruses and malware alter data results and evade or suppress detection. The parties have strongly intimated that this case is headed for immediate appeal. But if the case stays with or comes back to this Court, the Court will insist on further proceedings moving on an expedited

schedule.  The 2020 elections are around the corner.  If a new balloting system is to be launched in Georgia in an effective manner, it should address democracy's critical need for transparent, fair, accurate, and verifiable election processes that guarantee each citizen's fundamental right to cast an accountable vote.

   **IT IS SO ORDERED** this 17th day of September, 2018.


**Amy Totenberg**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, et al.,

Plaintiffs,

v.

BRIAN KEMP, et al.,

Defendants.

CIVIL ACTION FILE

NO. 1:17-CV-02989-AT

## **NOTICE OF APPEAL**

COME NOW Brian P. Kemp, in his official capacity as the Secretary of State of the State of Georgia, and the members of the State Election Board (David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp) in their official capacities and give notice of their appeal to the United States Court of Appeals for the Eleventh Circuit from the Order dated September 17, 2018, (Doc. 309), which denied their Motion To Dismiss and subjects them to suit and discovery despite their entitlement to immunity and asks that the Court review any and all other threshold jurisdictional issues that, in its discretion, the Court deems efficient and just.

This 18th day of September, 2018.

**BARNES LAW GROUP, LLC**

*/s/ John F. Salter*
**JOHN F. SALTER**
Georgia Bar No. 623325
**ROY E. BARNES**
Georgia Bar No. 039000

**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*

## CERTIFICATE OF COMPLIANCE

I hereby certify that I have read the Court's Standing Order in Cases Proceedings Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

*/s/ John F. Salter*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Century Schoolbook and a point size of 13.

*/s/ John F. Salter*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 18th day of September, 2018.

**BARNES LAW GROUP, LLC**

*/s/John F. Salter*
**JOHN F. SALTER**
Georgia Bar No. 623325
**ROY E. BARNES**
Georgia Bar No. 039000

**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*