# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## COALITION PLAINTIFFS' MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY

Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs") file this Memorandum in Opposition to State Defendants' Motion to Stay (the "Motion").

## INTRODUCTION

If nothing else, the current Motion throws into stark relief the competing views and attitudes of the State Defendants, on the one hand, and Plaintiffs and the Court, on the other. All Plaintiffs and the Court are exerting enormous effort in this case to protect the right that is of "the most fundamental significance under our constitutional structure"[1]—the right to vote. The State Defendants appear to be put

---

[1] *See* Order, Docket No. 309, p. 33 (quoting *Burdick v. Takushi*, 504 U.S. 428, 433 (1992).

1

off by the entire enterprise and principally interested in "sav[ing] them[selves from] the indignity of being dragged into federal court by private litigants."[2] At the risk of offending the State Defendants' imperious sensibilities, the Coalition Plaintiffs submit that the values they seek to protect are of a higher order.

The Coalition Plaintiffs agree with the Curling Plaintiffs that time is of the essence in this matter. All parties to this case, except perhaps those who administer elections, appear to realize that this case is not merely about the upcoming November 2018 elections. The Curling Plaintiffs' prediction that "there will likely be elections even next year"[3] is exactly correct and highlights the need for prompt remedial action. The following is a list of elections scheduled before the 2020 elections:

| 2018-19 Scheduled State Office Elections | Election Date |
|---|---|
| 2018 General Election | November 6, 2018 |
| Special Elections[4] and Runoff Elections | December 4, 2018 |
| Federal Runoff Elections | January 8, 2019 |
| Special Election Date | March 19, 2019 |

---

[2] *See* State Defendants' Memorandum, p. 5.

[3] *See* Curling Plaintiffs' Memorandum in Opposition to Motion to Stay, p. 1.

[4] At least one special election has been scheduled for December 4, 2018, by Order of the Banks County Superior Court in *Gasaway v. Ellison* (18-cv-249).

| Special Election Runoff Date | April 16, 2019 |
| Special Election Date | June 18, 2019 |
| Special Election Runoff Date | July 16, 2019 |
| Special Election Date | September 17, 2019 |
| Special Election Runoff Date | October 15, 2019 |
| General Election/Special Election Runoff Date | November 5, 2019 |
| General Election/Special Election Runoff Date | December 3, 2019 |

Like the Curling Plaintiffs, the Coalition Plaintiffs narrowed their claims and the remedies they seek when filing their Third Amended Complaint ("TAC") specifically to avoid litigating Eleventh Amendment and legislative immunity defenses. The Coalition Plaintiffs have asserted the following federal claims in the TAC: (i) a 42 U.S.C. § 1983 claim for violation of the fundamental right to vote; (ii) a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment's guarantee of equal protection, based on the severe burdens placed on the Plaintiffs' right to vote, right to freedom of speech and association and Georgia constitutional right to a secret ballot.

The TAC asks the Court to: (i) declare unconstitutional holding public elections using any model DRE; (ii) enjoin Defendants from enforcing O.C.G.A. § 21-2-383(b) and Georgia State Election Board Rule 183–1–12–.01 and from requiring voters to cast votes using DREs; (iii) prohibit Defendants from conducting

public elections with optical scanned paper ballots without also requiring post-election, pre-certification audits of paper ballots to verify the results; and (iv) prohibit Defendants from conducting public elections without also requiring subordinate election officials to allow meaningful public observation of all stages of election processing.

As they did in their Motion to Dismiss the State, Defendants insist in the Motion to Stay upon reinventing the Coalition Plaintiffs' claims to fit the defenses they wish to mechanically invoke. This Court has rejected that effort, leading to the instant Motion to Stay the case pending the outcome of Defendants' appeal of the standing and immunity questions decided by the Court's denial of their Motion to Dismiss.

## ARGUMENT[5]

**A. The filing of a frivolous appeal does not strip the Court of jurisdiction.**

In the Introduction of their Memorandum, the State Defendants introduce the issue that justifies denial of the Motion. The State Defendants argue, "Proceedings should be stayed …because once a ***non-frivolous*** appeal has been filed, the district

---

[5] As all parties have noted, the Court has had sufficient—if not painfully sufficient—exposure to this case such that a recitation of additional background is not likely necessary.

4

court loses jurisdiction over the case…" *See* Memorandum in Support of Motion to Stay, p. 1 (emphasis added).[6] If the law is developed in a sensible manner, it should not reward parties for wasting the trial court and the appellate court's time and attention by filing frivolous appeals that are designed only to further a transparent strategy of delay. Hence, a finding by this Court that the pending appeal is frivolous dictates whether the appeal strips the Court of jurisdiction to proceed.

**B. The State Defendants' appeal is frivolous.**

**1. The State Defendants' immunity defense is frivolous.**

A finding of frivolity is plainly warranted. As the Court already found in its Order, the State Defendants' arguments regarding their Eleventh Amendment immunity defense "are meritless." *See* Order, p. 29 (Docket 309). For example, as the Court correctly noted, the State Defendants inconsistently argued that "Plaintiffs seek to remedy past, not prospective, conduct," yet the centerpiece of their opposition to preliminary injunctive relief is that a mandated change in voting

---

[6] The requirement that the appeal be non-frivolous is also acknowledged at pages 2–3 of the State Defendants' Memorandum. Nearly every cited authority notes the requirement that the appeal be non-frivolous. The only exception is *Bryant v. Jones*, No. 1:04-cv-2462-WSD, 2007 WL 113959 (N.D.Ga. Jan. 10, 2007), where the defendant appealed on the issue of immunity but did not oppose the defense's motion to stay. The court listed the absence of opposition as a reason the stay was granted. *Id.* at 4. Given that a court is not required to declare an appeal frivolous in the absence of opposition to such a motion, the court offered no further analysis.

processes will wreak havoc on "the *upcoming* November 2018 election." *See* Order, p. 29-30 and n. 23 (Docket 309)

Similarly, the State Defendants argue that Plaintiffs have not alleged ongoing and continuing violations—the "violation" being the continued use of DREs—while they have made abundantly clear throughout these proceedings that they intend to conduct elections into the undefined future using insecure and un-auditable DREs. Internally inconsistent supporting arguments are a hallmark of frivolous positions, and the State Defendants' positions are rife with such defects.

Like the Curling Plaintiffs, the Coalition Plaintiffs only seek prospective injunctive relief and have made that abundantly clear in the TAC. Accordingly, the relief sought by the Coalition Plaintiffs is not barred by the Eleventh Amendment pursuant to *Ex parte Young*.

Additionally, the TAC does not seek to impose liability upon any state legislator; nor does it seek to force any legislative body to take any particular action. Hence, there is no basis for the assertion of the defense of legislative immunity. Moreover, the State Defendants never identify which of the Coalition Plaintiffs' claims is purportedly susceptible to the defense of legislative immunity.

Hence, the TAC implicates neither sovereign immunity nor legislative immunity. The Coalition Plaintiffs completely agree with and hereby adopt the arguments advanced by the Curling Plaintiffs regarding those immunity defenses.

**2. The issue of standing is not immediately appealable, and the Coalition Plaintiffs have standing in any event.**

The Coalition Plaintiffs again entirely agree with and adopt the Curling Plaintiffs' arguments and analysis regarding the appealability of the standing issue. There is no basis in this matter for the appellate court to exercise pendent appellate jurisdiction over the denial of the Defendants' motion to dismiss for lack of standing. The immunity issues are in no way "inextricably intertwined"[7] with the standing issue, and the State Defendants make no meaningful attempt to explain the asserted connection between these unrelated issues.

The State Defendants also argue that the Coalition Plaintiffs lack standing because they have failed to allege "a concrete 'injury in fact.'" In its Order, however, the Court recites more than two pages of allegations of concrete injuries in fact experienced by the various Plaintiffs and cites more than ample authority for the

---

[7] The description that the State Defendants appear to have mistakenly used— "inexplicably intertwined"—may, however, be more apt. *See* State Defendants' Memorandum, p. 14.

proposition that those allegations are sufficient to withstand a motion to dismiss.[8] *See* Order, p. 17–19 (Docket 309). In short, the standing issue, to the extent it can be characterized as an issue, offers no basis for a stay of this case.

## CONCLUSION

For the foregoing reasons, the Coalition Plaintiffs submit that the State Defendants' Motion to Stay be denied.

Dated: October 1, 2018.

Respectfully submitted,

                                         */s/ Cary Ichter*
                                         **Cary Ichter**
                                         Georgia Bar No. 382515

                                         *Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis*

Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
cichter@IchterDavis.com
Tel.: 404.869.5243
Fax: 404.869.7610

---

[8] The Motion does not appear to challenge the Coalition's associational or organizational standing.

|  | */s/ Bruce P. Brown* |
|---|---|
|  | **Bruce P. Brown** |
|  | Georgia Bar No. 064460 |
|  | |
|  | *Attorney for Plaintiff Coalition for Good Governance* |

Bruce P. Brown Law LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
 (11th bbrown@brucepbrownlaw.com
(404) 881-0700

|  | */s/ Robert A. McGuire, III* |
|---|---|
|  | **Robert A. McGuire, III** |
|  | Admitted Pro Hac Vice (ECF No. 125) |
|  | |
|  | *Attorney for Plaintiff Coalition for Good Governance* |

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, WA  98104-2205
ram@lawram.com
(253) 267-8530

|  | */s/ William Brent Ney* |
|---|---|
|  | **William Brent Ney** |
|  | GA Bar Number 542519 |
|  | |
|  | *Attorney for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett* |

NEY HOFFECKER PEACOCK & HAYLE, LLC
One Midtown Plaza, Suite 1010
1360 Peachtree Street NE
Atlanta, GA 30309
(404) 842-7232

**CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa**

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

>                     */s/ Cary Ichter*
>                     Cary Ichter
>                     Attorney for Plaintiff
>                     Coalition of Good Governance

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing *COALITION PLAINTIFFS' MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY* using the Courts CM/ECF system which will electronically serve all counsel of record.

This 1st day of October, 2018.

*/s/ Cary Ichter*
Cary Ichter
Attorney for Plaintiff
Coalition of Good Governance
