# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## FULTON COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE AND PROPOSED SCHEDULE

The Fulton County Board of Registration and Elections ("FCBRE") and members of the FCBRE, Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") hereby file this Response to Plaintiffs' Joint Motion for Status Conference and Proposed Schedule.  Fulton County Defendants Object to a Status Conference and show that Plaintiffs are not entitled to the Proposed Expedited Schedule sought in their filing of September 21, 2018, for the following reasons:

## INTRODUCTION

In its Order of September 17, 2018 ("Order"), the Court denied Plaintiffs' motions for preliminary injunction and denied in part Defendants' Motions to Dismiss. [Doc. 309].

Subsequently, the State Defendants filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit [Doc. 310] and a Motion to Stay all pre-trial and trial proceeding s in this case [Doc. 312]. Plaintiffs now desire to hold a scheduling conference and begin expedited discovery in this case.

## ARGUMENT AND CITATION OF AUTHORITY

At the outset, it should be noted that the Court has not ruled on the jurisdictional issues in Defendants' pending Motions to Dismiss. Consequently,[1] discovery remains stayed in this case. It is Defendants' position that no discovery should be had in this case unless and until all pending motions to dismiss are resolved.

Fulton County Defendants request that the Court deny Plaintiffs' Motion for Scheduling Conference and Proposed Schedule as Defendants are in the middle of preparation for the upcoming November 4, 2018 general election and potential

---

[1] In its Order the Court states, "The Court will more fully address these and all other issues raised in Defendants' motions to dismiss in a separate, subsequent order." *Id*. at footnote 1.

December 4, 2018 special runoff election.[2] In its September 21, 2018 Order, this Court held that, "**if the case stays with or comes back** to this Court, the Court will insist on further proceedings moving forward on an expedited schedule. **The 2020 elections** are around the corner." *Id*. at 45-46. [emphasis added]. Contrary to Plaintiffs' position, the Court recognizes that its ruling on the Plaintiffs' Motions for Preliminary Injunction applies to the November 2018 Election and any potential runoff elections in December 2018 and January 2019.

In its Order, the Court anticipates potential discovery and further proceedings *for future elections, not* the *December runoffs*. Accordingly, there is no reason to expedite discovery on Plaintiffs' proposed schedule. [Doc. 319-1].

Control of discovery is committed to the Court's sound discretion, *see generally Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009), which includes the discretion to stay discovery "for good cause shown," Fed. R. Civ. P. 26(c)(1); *see generally Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436(5th Cir. 1990); see also *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (the stay of a pending matter is within the court's wide discretion to control the course of litigation, including authority to control the scope and pace of discovery, and is based on a court's general discretionary power to stay proceedings before it in control of its docket and in the interests of justice).

---

[2] Please note that January 8, 2019 is the General Election runoff date for federal races.

The interests of justice require that no expedited discovery occur in this case. As has been previously demonstrated in this case, Plaintiffs should be prevented from such an expedited schedule by their own unreasonable delay. Plaintiffs unreasonably delayed bringing their motions and they did so to the detriment of the Defendants. Laches arises from a "lack of diligence by the party against whom the defense is asserted, and . . . prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282 (1961).

After this matter was removed to this Court in August 9, 2017, this Court offered Plaintiffs an expedited schedule that would have allowed the Court ample time to rule on a motion to dismiss and the jurisdictional arguments made therein. [Doc. 40]. It is now undeniable that Plaintiffs missed that window of opportunity.

In its Order, the Court also noted that, "the case would benefit from some discovery and a full evidentiary hearing on the merits over several days." *Id.* at 32. As it stands now, the Court has only heard expert testimony from the Plaintiffs. Plaintiffs already have their expert witnesses and have had over a year to prepare them to testify. Though it is not up to Fulton County to retain experts in statewide election security, the Fulton County Defendants anticipate that the State Defendants will retain and employ such experts. Consequently, in the interests of justice, the Defendants should be given the same opportunity to obtain expert and lay testimony without interfering with the elections they are now preparing for and

conducting.  Further, any such proposed experts cannot be granted access to the voting system until after the current elections.

Further, because any ruling on or changing of the voting system of Georgia would impact all 159 counties, Fulton County does anticipate it will gather and develop expert and lay witness testimony on the effects and potential impact of such a change from a number of the other 158 counties throughout the State.  As the Court recognizes in its September 27, 2018 Order, such evidence is necessary to assure "the integrity of the voting process;" to assure "the orderly operation of the electoral and voting process;" to avoid the detrimental impact that "last-minute, wholesale changes in the voting process operating in over 2,600 precincts" could bring forth; and to provide "transparency and accountability." [Doc 309 at p. 2].

Courts are split as to whether a party seeking expedited discovery must satisfy a "good cause" or "reasonableness" standard or the more stringent standard set forth in *Notaro v. Koch,*  95 F.R.D. 403, 405 (S.D. N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction.  *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc.,* 2003 WL 23350128 (W.D. N.Y.); Compare *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419-420 (D. Colo. 2003) (discussing the split over the continuing vitality of *Notaro* and adopting the "good cause" standard) and *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275-276 (N.D. Cal.

2002)(rejecting *Notaro* as having been based on a superseded version of the Fed. R. Civ. P.) and *Merrill Lynch v. O'Connor,* 194 F.R.D. 618, 623-624 (N.D. Ill. 2000) (noting that *Notaro* involved a request for a permanent injunction and holding that *Notaro* is inapplicable for a request for expedited discovery in preparation for a preliminary injunction hearing) and *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.,* 1998 WL 404820, at *2 (E.D. Pa. 1998) (adopting "good cause" standard) with *Irish Lesbian & Gay Org. v. Giuliani,*918F.Supp.728,(S.D.N.Y.1996) (applying *Notaro* where expedited discovery was sought in preparation for a preliminary injunction hearing) and *Cecere v. Cty. of Nassau,* 258 F.Supp.2d 184, 186 (E.D. N.Y. 2003) (applying Notaro standard in case involving constitutional challenge to legislative redistricting); *Gucci Am., Inc. v. Daffy's, Inc.,* 2000 WL 1720738, at *5-6 (D.N.J.2000) (applying *Notaro* in infringement action); see also *Ellsworth Assocs., Inc. v. United States,* 917 F.Supp. 841, 844 (D.D.C.1996) (holding that good cause for expedited discovery may exist where a party seeks a preliminary injunction).

Here, Plaintiffs have met neither the "good cause" standard for expedited discovery nor met the *Notaro* standard for expedited discovery. Per the Court's September 17, 2018 Order, Plaintiffs admittedly cannot meet the standard required for obtaining a preliminary injunction. It is then impossible for them to meet the

*Notaro* standard applied to motions for expedited discovery as it is largely the same standard.

## **CONCLUSION**

Pursuant to L.R. 26.2 there are three discovery tracks in this Court: (1) zero months, (2) four months, and (3) eight months.  The parties recognize that this case is not a zero months or eight months discovery track case.  Therefore, pursuant to L.R. 26.2 A., Defendants request four months of discovery.

**WHEREFORE**, the Fulton County Defendants object to the scheduling of a scheduling conference, ask to Court to deny Plaintiffs' Proposed Schedule and instead, if the Court is inclined to lift the stay on Discovery, the Fulton County Defendants ask the Court to enter the proposed schedule in Exhibit A, attached hereto.

Respectfully submitted this 5th day of October, 2018.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/David R. Lowman**
Kaye Burwell
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David Lowman
Georgia Bar Number: 460298

david.lowman@fultoncountyga.gov

ATTORNEYS FOR DEFENDANTS
RICHARD BARRON MARY
CAROLE COONEY, VERNETTA
NURIDDIN, DAVID J. BURGE,
STAN MATARAZZO, AARON
JOHNSON, AND THE FULTON
COUNTY BOARD OF
REGISTRATION & ELECTIONS

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1C, NDGa**

I hereby certify pursuant to LR 7.1D, NDGa that the foregoing document has been prepared with one of the font and point selections approved by this Court in LR 5.1C, NDGa, using a 14-point Times New Roman font.

/s/ David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018, I electronically filed the foregoing DEFENDANTS' RESONSE TO PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE AND PROPOSED SCHEDULE with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

/s/ David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRIAN P. KEMP, et al.; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## EXHIBIT A

## FULTON COUNTY DEFENDANTS' PROPOSED SCHEDULE

| EVENT | DATE |
|---|---|
| Answers to Plaintiffs' Complaints Due | January 9, 2019 |
| Fact Discovery Opens | January 9, 2019 |
| Fact Discovery Closes | April 9, 2019 |
| Expert Reports Due | April 23, 2019 |
| Expert Reply Reports Due | May 9, 2019 |
| Close of Expert Discovery | May 9, 2019 |
| Trial Readiness | June 2019 |