IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, et al.,

Plaintiffs,

v.

BRIAN KEMP, et al.,

Defendants.

CIVIL ACTION FILE

NO. 1:17-CV-02989-AT

### NOTICE BY STATE DEFENDANTS PURSUANT TO OCTOBER 5, 2018 MINUTE ORDER

COME NOW the State Defendants and notify this Court as directed by Minute Order entered October 5, 2018.

The Coalition Plaintiffs' second Motion is not about the safety of Georgia's elections. With every day that passes, the Secretary of State's Office actually is doing the work of promoting a policy-based consensus amongst stakeholders across this State, moving towards an agenda of modernizing Georgia's safe (but outdated) DRE machines.

Meanwhile, the Coalition Plaintiffs are discrediting our election system and irresponsibly sowing confusion amongst Georgia voters. *See, e.g.*, Ex. 1 (Oct. 8, 2018 email from Marilyn Marks to local Georgia officials arguing that "[c]ontinuing to use DREs without 'making every

effort' to adopt paper ballots in your county invites post-election lawsuits by voters, campaigns, and losing candidates."). They are also intent upon forcing Georgia's taxpayers to eat the expense of paying the Coalition Plaintiffs' various attorneys. The Coalition Plaintiffs' Motion is about notching "a win" so it may hope to recoup its attorney's fees under Section 1988. The Coalition Plaintiffs will accept an injunction on any subject— however unnecessary or contrived—so long as it supplies a peg upon which to hang a future motion for attorney's fees.

This Court has allowed the Coalition Plaintiffs to dictate the tempo of this case. This action was stayed for many months while the Plaintiffs wrangled in internecine disputes, with the obdurate Marilyn Marks and her out-of-state organization the credibly-accused cause if the Curling Plaintiffs are right. See Doc. 329-1 at 5 ("CGG . . . sought to stay this litigation *in its entirety* merely because it was unable to work cooperatively with prior counsel and other Plaintiffs") (emphasis retained). With election season pulling into view, the Coalition Plaintiffs blindsided everyone with a Motion for Preliminary Injunction that was such a surprise, even their co-Plaintiffs were taken off guard. Doc. 329-1 at 12 (Curling Plaintiffs were "surprised by the Coalition Plaintiffs'

unilateral filing on August 3"). This Court reacted by ordering the State Defendants to respond within a shortened timeframe. Further, the Court explicitly *directed* the State Defendants to focus their response on a singular issue: "The Court DIRECTS Defendants in their response brief to particularly focus on the public interest factor—i.e. *the practical realities surrounding implementation of the requested relief in the next one to three months*." Doc. 259 at 2 (emphasis supplied).

The State Defendants followed this Court's Order. Because discovery had been stayed by Order of this own Court pending a Motion to Dismiss (Doc. 56), the State Defendants had no cause to engage a retained expert—on cybersecurity or otherwise. In obedience to this Court's express direction, therefore, the State Defendants focused on how "statewide implementation of the requested relief in an expedited, limited time frame [would] actually compromise the reliability and functionality of the voting system and therefore adversely impact the public interest in this 2018 election cycle." Doc. 259 at 1-2.

When this Court issued its Sept. 17 Order (Doc. 309), however, it was almost as if there never was a direction to focus on the implementation concerns. The Coalition Plaintiffs offered no evidence

-3-

whatsoever that the sweeping kind of statewide changes they seek—then or now—could be implemented without compromising the reliability and functionality of Georgia's voting system. Instead of focusing on that omission, however, this Court attacked the State for failing to respond to the Coalition Plaintiffs' ambush motion with a ready "cybersecurity expert," despite a prior court order staying discovery completely since last year (Doc. 56), and the Court's sudden demand the State respond within mere days. Doc. 259. The Order unloaded one criticism after another of the State's Election System, many of them aimed at issues separate from the implementation issue the Court ordered the parties to address foremost. The State Defendants followed this Court's Order (Doc. 259)—and were punished for it.

This Court's main duty is to ensure procedural fairness to all parties. The arguments in the Coalition Plaintiffs' second Motion are either recycled from their earlier motion or should have been made earlier and, therefore, prove the Coalition Plaintiffs guilty of laches and/or gamesmanship. In August and September, this Court bestowed upon the Coalition Plaintiffs ample opportunity to show the public interest would be served by preliminary injunctive relief. If they could

not convince this Court in September, what evidence is there to show such statewide changes could be implemented now, when there is even less time? This second ambush motion could be denied outright as redundant of the first, if not dismissed as exploiting the election-season news-cycle.

This Court should be able to deny this second Motion *instanter*. But if it will not, the State Defendants should not be prejudiced by a one-two punch of ambush by the Coalition Plaintiffs, followed by directives compromising the ability of the State to respond. Unfortunately, the Court may be starting down the same path it trod before.

This Court appears as if it will again yield the initiative to Coalition Plaintiffs whose ambush motions presume an emergency that, in reality, only exists because of the Coalition Plaintiffs' sandbagging the Court, the Defendants, and even their own co-plaintiffs. Again, this Court commands the State Defendants file an expedited response. But to properly investigate and respond to the Coalition Plaintiffs' scattershot allegations and theories requires time, especially if this Court prizes evidence above mischaracterization and conjecture. If past is prologue, this Court will look upon the Coalition Plaintiffs' arguments and evidence

with indulgence, reserving its harshest scrutiny for the State Defendants'.

The State Defendants are being forced to chose the lesser of evils. On one hand, the State Defendants strongly believe this action should be stayed pending appeal. On the other hand, it is unclear whether the Court will enter such a stay.[1] What is clear is that any response not living up to this Court's expectation risks another order staining Georgia's elections system and undermining public confidence in the integrity of the vote.

The Coalition Plaintiffs' second Motion raises (or re-raises) a number of alleged grievances—none impacting the named Plaintiffs directly—in the hope this Court can be goaded towards a last-minute, statewide injunction in the middle of an election. Under the circumstances, if this Court cannot decide that this second Motion should be dismissed outright *instanter*, the State Defendants will have no choice but to respond under protest. The State Defendants will comply with the

---

[1] It does not good to offer the State the "alternative" of relying upon their Motion to Stay when (a) that Motion to Stay remains pending and (b) the State Defendants' Motion to Stay could neither anticipate, nor address a filing that came after the Motion to Stay.

Court's Oct. 12 deadline unless the Court will reconsider and allow them until Tuesday, October 16, to respond.

Respectfully submitted, this 9th day of October, 2018.

**BARNES LAW GROUP, LLC**

*/s/John F. Salter*
**JOHN F. SALTER**
Georgia Bar No. 623325
**ROY E. BARNES**
Georgia Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that I have read the Court's Standing Order in Cases Proceedings before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

*/s/John F. Salter*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Century Schoolbook and a point size of 14.

*/s/John F. Salter*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **NOTICE BY STATE DEFENDANTS PURSUANT TO OCTOBER 5, 2018 MINUTE ORDER** with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 9th day of October, 2018.

                                        **BARNES LAW GROUP, LLC**

                                        */s/John F. Salter*
                                        **JOHN F. SALTER**
                                        Georgia Bar No. 623325
                                        **ROY E. BARNES**
                                        Georgia Bar No. 039000

**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
(770) 227-6375
(770) 227-6373 (fax)
john@barneslawgroup.com
roy@barneslawgroup.com

*Attorneys for Defendants Brian P. Kemp, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, & The State Election Board*