IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

The State Defendants' Motion to Stay (Doc. 320) and the Coalition for Good Governance Plaintiffs' Motion for Preliminary Injunction (Doc. 327), among other matters, are currently pending before the Court. The question of how the Court should proceed in reviewing the Motion for Preliminary Injunction is closely connected to the Court's disposition of the State Defendants' Motion to Stay proceedings in this matter, pending the Defendants' appeal of the Court's disposition of immunity issues in its Order of September 17, 2018. (Doc. 309.) For this reason, the Court directed the Defendants to file a notice regarding whether the State Defendants wished to rely on their pending Motion to Stay as their response to the Motion for Preliminary Injunction or alternatively, if all

Defendants were planning to file a response to the Plaintiffs' motion.[1]  (Minute Order of October 5, 2018.)

In issuing this Minute Order, the Court anticipated that Defendants might reasonably contend that the Court should rule on the pending motion to stay prior to conducting further proceedings as to the Coalition's preliminary injunction motion.  But the Court also recognized the timeliness issues entailed in considering the Coalition's Preliminary Injunction Motion.

The State Defendants have now filed a seven-page Notice (Doc. 330) in response to the Minute Order that broadly attacks the Court's method of proceeding in this case and then, only on page seven, asks for an extension until October 16th to respond to the motion for preliminary injunction.  Both the tone of the Notice and its innuendo as to the Court's motives are not befitting the excellent counsel in this case, as officers of the Court.[2]  Knowing full well the quality and usual professionalism of the State's counsel, the Court is disappointed that counsel apparently determined that it was better to proceed in this manner rather than focus on addressing the substance of the question or issue before them.  As the Court stated at the outset of the September 12th preliminary injunction hearing, in recognizing the importance of the issues to the parties on all sides, "…. I want to simply say I would genuinely appreciate if all counsel here as [strident]

---

[1] Consistent with the Court's need to consider these issues on a timely basis, the Court expedited the time for Defendants' filing responses.

[2] Counsel evidenced a similar, if slightly more muted, approach in its brief in support of its Motion to Stay.

2

and colorful as your argument may be would be as courteous as possible and not demean the other side ..." (Tr., Doc. 307 at 9.)  This remains the expectation of the Court – indeed, its requirement of professionalism of all counsel appearing before it, whether addressing other parties or the Court.

The Court's Minute Order was designed to find out how Defendants intended to proceed as the Court generally refrains from issuing orders that presume the defense or position of a party – or invents such for them.[3]  Having now heard from both the State and Fulton County Defendants and having considered its own need to spend additional time likely through next week in reviewing the parties' briefing regarding the State Defendants' Motion to Stay, the Court rules as follows.  The Court will first rule on the State Defendants' Motion to Stay (Doc. 320).[4] The Court's resolution of the State's Motion may result in the staying or partially staying of the Coalition's motion. If the Coalition's motion is not stayed as a result of the Court's Order, the Defendants are **DIRECTED** to file a response to the Coalition's Motion within five work days after the issuance of the Court's Order on the Motion to Stay.[5]  Similarly, the timelines for the filing of responses to the Curling Plaintiffs' pending Motion to Sever (Doc. 329) are stayed until the Court issues its ruling on the State Defendants' Motion (Doc. 320).

---

[3] The State's assertion in its Notice that the Court should deny the Coalition's second Motion for Preliminary Injunction "instanter," without hearing from Defendants or potentially a reply from Plaintiffs is inconsistent with this basic principle of fairness.  (Doc. 330 at 5.)

[4] The Curling Plaintiffs' Motion for Oral Argument (Doc. 325) as to the Defendants' Motion to Stay (Doc. 320) is **DENIED**.

[5] To be explicit, this directive is not intended to suggest the Court has any view at this time as to the viability or appropriateness of the Coalition's motion or request for relief.

**IT IS SO ORDERED** this 10th day of October, 2018.

_____
**AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**