IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

PLAINTIFFS' JOINT REPLY IN SUPPORT OF
MOTION FOR STATUS CONFERENCE AND PROPOSED SCHEDULE

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs"), together with the Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett (the "Coalition Plaintiffs"), hereby reply to Fulton County Defendants' Response to Plaintiffs' Joint Motion for Status Conference and Proposed Schedule. (Dkt. No. 328 ("Fulton Response").)

ARGUMENT

Fulton County Defendants expressly admit that "this Court held that, 'if the case stays with or comes back to this Court, the Court will insist on further proceedings moving forward on an expedited schedule.'" (Fulton Response at 3, quoting September 17 Order (Dkt. No. 309) ("Order").) They further

acknowledge: "In its Order, the court also noted that 'the case would benefit from some discovery and a full evidentiary hearing on the merits over several days.'" (Fulton Response at 4, quoting the Order.) This case has stayed with this Court so far and it certainly would benefit from discovery and a full evidentiary hearing as soon as possible given upcoming elections next year and into 2020 and beyond. Discovery needs to proceed immediately to ensure relief for Georgia voters for those future elections. In fact, Defendants themselves acknowledged as much when, in opposing the Motions for Preliminary Injunction, they claimed that implementing such relief could take *years*. (Dkt. No. 307 at 53:2-12.) Of course, it will ***not*** take years, but it will take time that necessitates moving this case forward expeditiously without further delay.

    Fulton County Defendants, however, insist that this Court refuse even to convene a status conference, let alone adopt a schedule that will allow for the expeditious resolution of this case. In support of their opposition, Fulton Defendants purport that "[c]ourts are split" as to what standard applies for expedited discovery. (Fulton Response at 5.) But they fail to cite a single Georgia case for this self-serving proposition. The reason for this omission is simple— because there is no ambiguity in the Northern District of Georgia on this issue. This District applies the traditional "good cause" standard when considering

expedited discovery. *See, e.g.*, *Merial LLC v. Fidopharm, Inc.*, No. 1:13-CV-1207-SCJ, 2013 WL 12072140, at *1 (N.D. Ga. May 22, 2013) ("A court may allow for expedited discovery upon a showing of good cause . . . ."); *Functional Prods. Trading, S.A. v. I-Grain, LLC*, No. 1:12-CV-0355-JEC-AJB, 2012 WL 13013592, at *18 (N.D. Ga. Mar. 19, 2012), *report and recommendation adopted*, No. 1:12-CV-355-JEC, 2012 WL 13015081 (N.D. Ga. Aug. 10, 2012) (same); *see also Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 694 n.8 (S.D. Ga. 2013) (same).

Plaintiffs respectfully submit that good cause unequivocally exists for expedited discovery in this case. Indeed, this Court already found good cause for an expedited schedule in light of the obvious security deficiencies in the current election system in Georgia that effectively deprive voters of their constitutional right to vote. (Order at 45-46.) Because the compressed timeline between the hearing on the Motions for Preliminary Injunction and the midterm elections was the reason the Court denied the Plaintiffs' Motions, Plaintiffs' proposed schedule attempts to provide as much time as possible for Defendants and all counties to implement any relief that ultimately may be awarded after a hearing on the merits, while also setting a reasonable discovery schedule that will allow for the necessary investigation and development of all parties' claims and defenses.

In support of their argument that this Court should simply let the litigation sit idle indefinitely, Fulton County Defendants ironically claim that previous delays caused them prejudice. (Fulton Response at 4.) Not only do they fail to offer a single example of how any prior delay purportedly prejudiced them, but they also argue, incongruously, for *further* delay.[1] To the contrary, Plaintiffs' proposed schedule not only does not prejudice Defendants, it commits to providing Defendants sufficient time to seamlessly implement any potential relief in advance of upcoming elections next year or, at the latest, by 2020. As this Court noted, "For upcoming elections after November 2018, Defendants are forewarned that these same arguments would hold much less sway in the future – as any timing issues then would appear to be exclusively of Defendants' own making at that point." (Order at 44.) Predictably, Fulton County Defendants have brushed this warning aside and are attempting to stall these proceedings, possibly hoping they might—again—run out the clock rather than provide secure, transparent, reliable, and verifiable elections for Plaintiffs and all other Georgia voters.

State Defendants have not opposed this motion except in that they moved

---

[1] Fulton County Defendants also argue, inexplicably and incoherently, that expedited discovery is inappropriate because Defendants need to retain experts—yet they concede that ***they do not intend to hire experts***. (Fulton Response at 4-5.)

4

separately for a stay of the proceedings.[2] They thus have no opposition to Plaintiffs' proposed schedule were the Court to deny the stay, which is unwarranted under binding precedent. (*See* Dkt. No. 323.) And even if the Court were to grant the State Defendants' stay request in any part, Plaintiffs' proposed schedule should govern the aspects of the case that proceed—including claims against the Fulton Defendants, who are not implicated by the immunity defenses asserted in State Defendants' appeal. *Cf. N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006) ("[T]his Court has repeatedly refused to extend sovereign immunity to counties.").

Plaintiffs respectfully submit that a status conference would permit all Parties and the Court to address outstanding issues and to adopt an appropriate schedule "to secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Fulton County Defendants' opposition to a status conference flies in the face of this Court's Standing Order, which explicitly emphasizes their value: "Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when

---

[2] State Defendants' response was due October 5. Pursuant to L.R. 7.1(B), "[f]ailure to file a response shall indicate that there is no opposition to the motion."

counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference."  (Dkt. No. 11 at 12.)

    Given the importance to the Court and all Parties of setting a schedule that avoids the timing issues associated with the Motions for Preliminary Injunction, Plaintiffs respectfully request that the Court, at its earliest convenience, convene a status conference and adopt the schedule proposed by Plaintiffs, consistent with this Court's Order acknowledging the need to move forward expeditiously.  (Order at 45-46.)

Dated: October 11, 2018

Respectfully submitted,

 /s/ *David D. Cross*
David D. Cross (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Catherine L. Chapple (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JBentrott@mofo.com
JCarlin@mofo.com
CChapple@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| | |
| *Attorney for Coalition for Good Governance* | *Attorney for Coalition for Good Governance* |
| | |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |
| | |
| /s/ William Brent Ney | /s/ Cary Ichter |
| William Brent Ney | CARY ICHTER |
| Georgia Bar No. 542519 | Georgia Bar No. 382515 |
| | |
| *Attorney for Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett* | *Attorney for William Digges III, Laura Digges, Ricardo Davis and Megan Missett* |

7

| | |
|---|---|
| NEY HOFFECKER PEACOCK & HAYLE, LLC<br>One Midtown Plaza, Suite 1010<br>1360 Peachtree Street NE<br>Atlanta, Georgia 30309<br>(404) 842-7232 | ICHTER DAVIS LLC<br>3340 Peachtree Road NE<br>Suite 1530<br>Atlanta, Georgia 30326<br>(404) 869-7600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, v. **BRIAN KEMP, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                           /s/ David D. Cross
                                          David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, a copy of the foregoing PLAINTIFFS' JOINT REPLY IN SUPPORT OF MOTION FOR STATUS CONFERENCE AND PROPOSED SCHEDULE was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

    /s/ David D. Cross
    David D. Cross