IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:17-CV-2989-AT |
| BRIAN KEMP, *et al.*, | |
| Defendants. | |

## **ORDER**

This matter is before the Court on the State Defendants'[1] Motion to Stay [Doc. 320]. Both sets of Plaintiffs have filed Responses in opposition to the Motion.

The State Defendants move to stay all proceedings in this case pending resolution of their appeal of the Court's September 17, 2018 Order. In that Order, the Court denied in part the State Defendants' Motion to Dismiss and the Fulton County Defendants'[3] Motion to Dismiss, which raised jurisdictional issues in connection with their defenses of Eleventh Amendment immunity, legislative immunity, and Plaintiffs' standing under Article III of the United States

---

[1] The Secretary of State in his official capacity, the State Election Board members in their official capacities, and the State Election Board.

[3] Richard Barron in his official capacity, the Fulton County Board of Registration and Elections, and members of the Fulton County Board of Registration and Elections.

Constitution. The Court held that the Eleventh Amendment does not bar Plaintiffs' claims and that Plaintiffs had established standing in this case. Specifically, the Court found that that Plaintiffs' legal challenge and request for prospective injunctive relief fell within the established exception to Eleventh Amendment immunity under *Ex parte Young*[4] and progeny. *See, e.g., Summit Med. Assoc. P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th Cir. 1999) (noting that under *Ex parte Young* "there is a long and well-recognized exception to [Eleventh Amendment immunity] for suits against state officers seeking prospective equitable relief to end *continuing* violations of federal law") (emphasis in original). Second, as to the Defendants' assertion of legislative immunity, the Court notes that the State Defendants buried their legislative immunity argument in their 60-page Motion to Dismiss – limiting their argument to two sentences and a footnote within the section of their Motion discussing Eleventh Amendment immunity. While the Court did not expressly mention legislative immunity in its Order, it addressed the substance of the State Defendants' argument regarding legislative immunity and found it wanting.[5]

---

[4] 209 U.S. 123 (1908).

[5] The State Defendants' Motion to Dismiss argues that "state law, not the [State Election Board] requires use of a DRE system of voting," and therefore "to the extent Plaintiffs' suit is premised on the [State Election Board's] promulgation of rules and regulations, the claim is barred by legislative immunity." (State Defs.' Mot. to Dismiss Third Am. Compl., Doc. 234-1 at 47; *see also* State Defs.' Mot. to Dismiss Second Am. Compl., Doc. 83-1 at 13.) In its Order, the Court held that state law "does not *require* the use of DREs as Defendants claim it does." (Doc. 309 at 23 (emphasis in original).) Rather, "[w]hen read together, the state statute and the State Election Board rule indicate that the State Defendants have chosen to *enforce* state law so as to generally require the use of DREs in elections statewide." (*Id.* at 24 (emphasis added).) As the Curling Plaintiffs argue in their Memorandum in Opposition to the State Defendants' Motion to Stay, the Plaintiffs "do not challenge these Defendants' *enactment* of any law" but instead, "they allege that

The State Defendants appeal the Court's decision and argue that a stay in this case is warranted under the collateral order doctrine – which is invoked based on their assertion of Eleventh Amendment and legislative immunity.[6] *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")  Furthermore, the State Defendants argue that, although there is an exception to the collateral order doctrine where the appeal is frivolous, they maintain that their appeal is not frivolous.

Plaintiffs, on the other hand, contend that the appeal is indeed frivolous, and that the State Defendants' motion should be denied.  (*See* Curling Plaintiffs' Mem. Opp., Doc. 323 at 9, citing *Blinco*, 366 F.3d at 1251-52) (holding that the concern about frivolous appeals is equally applicable to appeals in the context of a finding

---

Defendants' *administration and enforcement* of existing state law violates the Constitution." (Doc. 323 at 18, citing SEB Rule 183-1-12 and the Curling Plaintiffs' Second Am. Compl., ¶¶ 24, 38, 62, 74-75, 165) (emphasis in original).)  Thus, the Curling Plaintiffs maintain that no part of their suit is premised on rulemaking. (*Id.*) (CM/ECF page references.)  *See Scott v. Taylor*, 405 F.3d 1251, 1256-57 (11th Cir. 2005) (holding that legislative immunity applies to claims against state defendant legislators acting in their legislative capacities but that plaintiff still has access to a remedy for the challenged redistricting based on her claims against the County Board of Elections, which is responsible for enforcement and implementation of the voting district.)

[6] The parties do not dispute that the collateral order doctrine is not invoked for appeals based on standing.  *See Summit Med. Assoc.,* 180 F.3d at 1334-35 (citing cases).  The State Defendants nonetheless devote a majority of their brief to challenging the Court's standing determination as being "inextricably intertwined" with both the legislative and Eleventh immunity determinations which are entitled to direct appeal. (Defs.' Mot. to Stay, Doc. 320-1 at 10-11, 13-22.)  The Eleventh Circuit rejected similar arguments by the defendants in *Summit Med. Assoc.,* and declined to exercise discretionary pendent appellate jurisdiction because the "defendants' arguments regarding the plaintiffs' alleged failure to show that they face an imminent and credible threat ... with respect to standing are completely irrelevant to the Eleventh Amendment immunity issue" raised on direct appeal.  *Id.* at 1335-36.

3

of government immunity and if the appeal is found frivolous, the district court "may carry on with the case"). Both the Curling and Coalition Plaintiffs contend that staying the case would severely prejudice them and that the State Defendants' ongoing course of actions and omissions significantly burden their First and Fourteenth Amendment interests in a vital ongoing electoral context.

This case presents evolving special circumstances and cyber issues affecting the integrity of the voting process (and results) at this particular moment in history. While the Court has found that Defendants have not provided a sound legal basis to support their Eleventh Amendment and legislative immunity defenses, it is not prepared to declare the Defendants' position wholly frivolous in this context. Upon careful review, the Court determines that a stay of this case is therefore warranted[7] and that the State Defendants' appeal divests this Court of jurisdiction over the matter. The Court therefore **GRANTS** the State Defendants' Motion [Doc. 320] and **ORDERS** this case **STAYED** pending the Eleventh Circuit's decision on the current appeal.[8] The Court **DENIES** the Curling Plaintiffs' Motion for Oral Argument [Doc. 325] and **STAYS** all other pending motions.

---

[7] The Court reaches this finding despite the unfortunate mischaracterizations of the proceedings, complaint allegations, and rulings that pepper the State Defendants' brief in support of their motion.

[8] In their motion before the Court, Defendants request that the Court of Appeals exercise pendant jurisdiction over this Court's ruling on standing issues. This request falls outside the ambit of this Court's decision-making and authority and is therefore not addressed here.

**IT IS SO ORDERED** this 23rd day of October, 2018.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**