# Exhibit 1

Fulton County Superior Court
\*\*\*EFILED\*\*\*LS
Date: 1/11/2019 1:51 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBYN A. CRITTENDEN, Secretary of State of Georgia, et al., <br><br> Defendants. | CIVIL ACTION FILE NO. 2018CV313418 |

## ORDER ON PENDING MOTIONS

This case came before the Court for a non-evidentiary hearing on the following pending motions: (a) the motions to dismiss filed by each of the defendants: Defendant Robyn A Crittenden ("the Secretary), Defendant Geoff Duncan ("Duncan"), Defendant Fulton County Board of Registration and Elections ("Fulton County Board"), and Defendant Gwinnett County Board of Registration and Elections ("the Gwinnett Board") (collectively "the Motions to Dismiss"); (b) Plaintiffs' Emergency Motion for Inspection of Electronic Election Equipment and Production of Documents ("Plaintiffs' Motion for Inspection"); and (c) Plaintiffs'

Motion for Perservation of Specific Electronic Election Records in Gordon and Murray Counties. After considering the briefs and responses, and arguments of consel, the Court rules as follows:

## A. Motions to Dismiss

The Motions to Dismiss raised several distinct issues, ruled upon below:

### 1. Secretary as Proper Defendant

The Secretary moved to dismiss Count I of the Petition (the Election Contest Claim) as to the Secretary, arguing that she is not a proper "Defendant" for purposes of Plaintiffs' Election Contest Claim. The Court agrees. O.C.G.A. § 21-2-520(2) defines "Defendant" as "(C) the election superintendent or superintendents who conducted the contested primary or election." O.C.G.A. § 21-2-2(35) in term defines "superintendent" as follows:

> Either the judge of the probate court of a county or the county board of elections, the county board of elections and registration, the joint city-county board of election, or the joint city-county board of elections and registrations, if a county has such.

The Secretary does not fall within any of the definitions of "superintendent."

Plaintiffs argue, among other things, that the definition of "election superintendent" found in Chapter 4 of Title 21 should control. O.C.G.A. § 21-4-3(A) defines "election superintendent": "In the case of any elected state officers, the Secretary of State." This definition, however, is found in Chapter 4, not

Chapter 2, and this election contest concerns Chapter 2. The Court disagrees, and holds that the definition of "superintendent" in the election contest chapter controls and, since the Secretary does not fall within that definition, the Secretary is not a proper party defendant to Count I and should be dismissed from that Count.

### 2. Whether 159 Counties are Necessary Parties

Fulton County Board and Gwinnett County Board argue that the other 157 election superintendents must be joined in the state-wide election contest because all 159 election superintendents "conducted the contested…election." O.C.G.A. § 21-2-520(2)(C). That section would allow other counties to be joined to this action, but does not require such joinder. In addition, O.C.G.A. § 21-2-525(b) gives the Court "plenary power, throughout the area in which the contested primary or election was conducted, to make, issue, and enforce all necessary orders, rules, processes, and decrees for a full and proper understanding and final determination and enforcement of the decision of every such case." The joinder of the other 157 counties, therefore, is not necessary at this time, and the motions to this extent are denied.

### 3.  *Service of Process*

In their briefs, Defendants argued that the Petition should be dismissed because service had not been perfected on the Defendants. Plaintiffs have now served Defendants so the motions to this extent are denied.

### 4.  *Coalition as Party to Count I*

Defendants contend that Plaintiff Coalition for Good Governance is not a proper plaintiff to Count I, the election contest. Coalition does not disagree and has stipulated that it is not a party to Count I. Defendants' motion to this extent is granted as unopposed.

### 5.  *Failure to State a Claim*

Defendants argue that the Petition fails to state a claim upon which relief may be granted. The Court disagrees in part. Defendants have failed to carry their burden of showing that Plaintiffs "would not be entitled to relief under any state of provable facts asserted" in the complaint or that Plaintiffs "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought" as to Count 1 of the Petition. *Scouten v. Amerisave Mortg. Corp.*, 283 Ga. 72, 73 (2008) (citations omitted). The motions for failure to state a claim, therefore, are denied as to Count 1.

Notwithstanding the foregoing, by separate Order dated January 9, 2019, the Court granted the motions in part, dismissing Counts 2 and 3 of the Petition, which sought relief under the Fourteenth Amendment for violations of due process and equal protection, respectively, for failure to state a claim.

### B. Plaintiffs' Motion for Inspection

Plaintiffs' Motion for Inspection is granted in part, as follows:

1. Plaintiffs (i.e., only Rhonda J. Martin, Smythe Duval, and Jeanne Dufort) are entitled to inspect the "GEMS" reports or complete electronic copies thereof for the November 2018 elections that are maintained by the Gwinnett County Board and the Fulton County Board. Specifically, Plaintiffs are entitled to the following GEMS reports maintained by the Gwinnett County and Fulton County Boards:

    a. Base Precincts With Races Report

    b. Ballot Image Report

    c. Vote Center With Cards Report

    d. Statement of Votes Cast Report

    e. Summary Report

Reports shall be produced electronically or in hard copy. Only personnel of the Secretary of State or Fulton or Gwinnett Counties may access the GEMS servers

directly in connection with this inspection. The Plaintiffs shal be provided with copies of the information on CDs upon paying for the

2. Plaintiffs (i.e., only Rhonda J. Martin, Smythe Duval, and Jeanne Dufort) are entitled to inspect the DRE machines in post-election mode, using post-election memory cards that were used in the voting locations identified by Plaintiffs in the Petition, paragraphs 40, 41, 44, 45, and 46. Plaintiffs may also examine the Internal memory storage of each such DRE unit. Plaintiffs are ordered not to in any way damage the DRE machines or the information contained therein, nor may Plaintiffs copy, image, save, or retain the DRE machines or the information contained therein. Plaintiffs may not upload or introduce any information into the DRE machines. Destructive testing shall not be permitted.

3. Defendants and Plaintiffs shall enter into an appropriate protective order preserving the confidentiality of confidential information, if any, obtained in this discovery prior to the commencement of any inspection authorized under this Order.

**C.     Plaintiffs' Motion Relating to Gordon and Murray Counties**

This motion, which concerned the January 8, 2019 elections in Gordon and Murray, is denied as moot.

SO ORDERED this \_\_ day of January, 2019.

                                                                            Honorable Adele P. Grubbs
                                                                            Senior Judge, State of Georgia

~~Prepared by: Counsel for Defendants~~