## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO: 1:17cv02989-AT |
| | ) |
| BRAD RAFFENSBERGER, et al.; | ) |
| | ) |
| | ) |
| _____Defendants_____ | |

## FULTON COUNTY DEFENDANTS'ANSWER TO COALITION PLAINTIFFS' THIRD AMENDED COMPLAINT

**COME NOW,** the Fulton County Board of Registration and Elections ("FCBRE"), Director Richard Barron, and members of the FCBRE, Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Stan Matarazzo, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") through counsel, and respectfully file this their Answer to the Coalition Plaintiffs' Third Amended Complaint showing the Court as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part for failure to state a claim

upon which relief can be granted, since the Fulton County Defendants are required to comply with state statutes and the Georgia Constitution.

## SECOND DEFENSE

To the extent Plaintiffs seek to sue the Fulton County Defendants in their individual capacities, such claims are barred by the doctrine of official immunity.

## THIRD DEFENSE

Plaintiffs lack a clear legal right to the relief sought.

## FOURTH DEFENSE

The "Preliminary Statement" portion of the Complaint contains legal argument and a summary of Plaintiffs' claims and does not require an admission or denial. To the extent that any response is required, the Fulton County Defendants deny that Plaintiffs are entitled to any relief.

## FIFTH DEFENSE

Fulton County Defendants have not breached a duty owed to Plaintiffs.

## SIXTH DEFENSE

Fulton County Defendants' compliance with Georgia law is being carried out in good faith, without conscious, reckless or negligent disregard for the rights of any voter.

## SEVENTH DEFENSE

Fulton County Defendants have not subjected Plaintiffs to the deprivation

of any rights, due process or equal protection guaranteed by the Georgia Constitution or the United States Constitution.

## EIGHTH DEFENSE

Fulton County Defendants are not capable of providing a remedy to Plaintiffs since their powers and duties do not include the ability to determine what voting system is used in Georgia.

## NINTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, Fulton County Defendants respond to the individually numbered paragraphs of the Coalition Plaintiff's Third Amended Complaint as follows:

### 1.

Paragraph 1 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent Paragraph 1 contains factual allegations to which a response is required, Fulton County Defendants deny all allegations of Paragraph 1.

### 2.

Paragraph 2 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent Paragraph 2 contains factual allegations to which a response is required, Fulton County Defendants deny all allegations of Paragraph 2.

3.

The cases cited in Paragraph 3 speak for themselves as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.

4.

Paragraph 4 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. Defendants are without knowledge as to what WAGA reported.  To the extent Paragraph 4 contains factual allegations to which a response is required, Fulton County Defendants deny the remaining allegations of Paragraph 4.

5.

Paragraph 5 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent Paragraph 5 contains factual allegations to which a response is required, Fulton County Defendants deny the remaining allegations of Paragraph 5.

Fulton County Defendants are without knowledge as to what other counties own and deny that hand counting of ballots is invulnerable to fraud and/or other challenges.

6.

Paragraph 6 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent

Paragraph 6 contains factual allegations to which a response is required, Fulton County Defendants deny all allegations of Paragraph 6.

7.

Paragraph 7 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. Defendants are without knowledge as to what media has reported.  To the extent Paragraph 7 contains factual allegations to which a response is required, Fulton County Defendants deny the remaining allegations of Paragraph 7.

8.

Paragraph 8 contains legal argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. Defendants are without knowledge of the City of Atlanta's response to "ransomware attack on March 22, 2018."  To the extent Paragraph 8 contains factual allegations to which a response is required, Fulton County Defendants deny the remaining allegations of Paragraph 8.

9.

The Select Committee on Intelligence speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.  Fulton County Defendants deny the remaining allegations of Paragraph 9.

10.

SB403 speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.   Fulton County Defendants deny the remaining allegations of Paragraph 10.

11.

Paragraph 11 contains Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 11.

12.

Paragraph 12 contains contentions as to the nature of this action that does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 12.

SB403 speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.

13.

SB403 speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.   Fulton County Defendants deny the remaining allegations of Paragraph 13.

14.

Paragraph 14 contains contentions as to the nature of this action that does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 14.

Further, the U.S. Election Assistance Commission speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.  Fulton County Defendants deny the remaining allegations of Paragraph 14.

15.

Paragraph 15 contains contentions as to the nature of this action that does not require an admission or denial.  Fulton County Defendants are without knowledge of allegations or opinions of "voting system experts."  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 15.

16.

Paragraph 16 contains contentions as to the nature of this action that does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 16.

Fulton County Defendants deny that hand counting is invulnerable to security and reliability challenges.

17.

Paragraph 17 contains contentions as to the nature of this action that does not require an admission or denial.  To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 17.

18.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 18, and for this reason, the allegations contained in Paragraph 18 are denied.

19.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 19, and for this reason, the allegations contained in Paragraph 19 are denied.

20.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 20, and for this reason, the allegations contained in Paragraph 20 are denied.

21.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 21, and for this reason, the allegations contained in Paragraph 21 are denied.

22.

Fulton County Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Fulton County Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 24, and for this reason, the allegations contained in Paragraph 24 are denied.

25.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 25, and for this reason, the allegations contained in Paragraph 25 are denied.

26.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 26, and for this reason, the allegations contained in Paragraph 26 are denied.

27.

Fulton County Defendants are without knowledge or information sufficient

to form a response to the allegations contained in Paragraph 27, and for this reason, the allegations contained in Paragraph 27 are denied.

28.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Fulton County Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

The Official Code of Georgia, as it sets for the responsibilities of the Secretary of State speaks for itself as to content and legal effect. Fulton County

Defendants deny any allegations inconsistent therewith.   Fulton County Defendants deny the remaining allegations of Paragraph 33.

34.

O.C.G.A § 21-2-300 speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.  Fulton County Defendants deny the remaining allegations of Paragraph 34.

35.

Paragraph 35 contains contentions as to the nature of this action that does not require an admission or denial.  To the extent a response is required, upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Paragraph 36 contains contentions as to the nature of this action that does not require an admission or denial.  O.C.G.A § 21-2-31 speaks for itself as to content and legal effect. Fulton County Defendants deny any allegations inconsistent therewith.

37.

Paragraph 37 contains contentions as to the nature of this action that does not require an admission or denial.  O.C.G.A §§ 21-2-33.1 - 22 speak for themselves as to content and legal effect. Fulton County Defendants deny any

allegations inconsistent therewith.

38.

Fulton County Defendants admit the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Fulton County Defendants admit the Fulton County Board of Registration and Elections was created by Act of the General Assembly, Georgia Law, 1989, Act 250 and that it is imbued with the powers and responsibilities of the election superintendent of Fulton County.   With respect to the remaining allegations, Fulton County Defendants state that the Georgia Election Code speaks for itself.

40.

 Paragraph 40 contains contentions as to the nature of this action that does not require an admission or denial.  But to the extent Paragraph 40 contains factual allegations, Fulton County Defendants admit the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

Fulton County Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Fulton County Defendants are without knowledge or information sufficient

to form a response to the allegations contained in Paragraph 42, and for this reason, the allegations contained in Paragraph 42 are denied.

43.

Fulton County Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Fulton County Defendants admit that this court has jurisdiction over this case.

45.

Fulton County Defendants admit that venue is proper in this court.

46.

The U.S. Constitution speaks for itself as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

47.

The Georgia Constitution speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

48.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

49.

The Georgia Election Code speaks for itself as to content and legal effect.

The Fulton County Defendants deny any allegation inconsistent therewith.

50.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

51.

Paragraph 51 does not require a response, but to the extent a response is required, Fulton County Defendants state that the Georgia Election Code speaks for itself.

52.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

53.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

54.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

55.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

56.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

57.

The Georgia Election Code speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

58.

The Rules and Regulations of the State of Georgia speak for themselves as to content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

59.

Fulton County Defendants admit the allegations of Paragraph 59.

60.

Fulton County Defendants are without knowledge as to the number of DRE machines in use at polling locations as alleged in Paragraph 60 of Plaintiff's Complaint.  Fulton county Defendants state that early voting is conducted pursuant to Georgia Election law and that O.C.G.A § 21-2-385 speaks for itself as to  content and legal effect.  The Fulton County Defendants deny any allegation inconsistent therewith.

Fulton County Defendants denies that TSx units are used as intermediate

devices for electronic transmission of ballot data collected on TS units to the Fulton County GEMS server.

61.

Paragraph 61 is argumentative and contains legal contentions as to the nature of this action that does not require an admission or denial. But to the extent Paragraph 61 contains factual allegations, Fulton County Defendants deny the allegations contained in Paragraph 61.

62.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 62, and for this reason, the allegations contained in Paragraph 62 are denied.

63.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 63, and for this reason, the allegations contained in Paragraph 63 are denied.

64.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 64, and for this reason, the allegations contained in Paragraph 64 are denied.

65.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Upon information and belief, Fulton County Defendants admit the allegations

contained in Paragraph 71 of Plaintiff's Complaint.

72.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

Fulton County Defendants state that the GEMS Server is a standalone computer that is connected to a monitor only.  Upon information and belief, Fulton County Defendants admits the remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Upon information and belief, Fulton County Defendants admit the allegations

contained in Paragraph 77 of Plaintiff's Complaint.

78.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Fulton County Defendants are without knowledge or information sufficient to form a response to the argumentative allegations contained in Paragraph 79, and for this reason, the allegations contained in Paragraph 79 are denied.

80.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 80, and for this reason, the allegations contained in Paragraph 80 are denied.

81.

Fulton County Defendants are without knowledge or information sufficient to form a response to the argumentative allegations contained in Paragraph 81 and the January 2018 Congressional Task Force on Election Security Report speaks for itself.  The allegations contained in Paragraph 81 are denied.

82.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 82, and for this

reason, the allegations contained in Paragraph 82 are denied.

83.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 83, and for this reason, the allegations contained in Paragraph 83 are denied.

84.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 84, and for this reason, the allegations contained in Paragraph 84 are denied.

85.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 85, and for this reason, the allegations contained in Paragraph 85 are denied.

86.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 86, and for this reason, the allegations contained in Paragraph 86 are denied.

87.

Fulton County Defendants are without knowledge or information sufficient to form a response to the argumentative allegations contained in Paragraph 87,

and for this reason, the allegations contained in Paragraph 87 are denied.

88.

Paragraph 88 contains argument that does not require a response. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 88.

89.

Paragraph 89 contains argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 89.

90.

Paragraph 90 contains argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 90.

91.

Paragraph 91 contains argument and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 91.

92.

Paragraph 92 contains legal conclusions and Plaintiffs' contentions as to the nature of this action that does not require an admission or denial. To the extent

a response is required, Fulton County Defendants deny all allegations of Paragraph 92.

92.

Upon information and belief, Fulton County Defendants admit the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 94, and for this reason, the allegations contained in Paragraph 94 are denied.

95.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 95, and for this reason, the allegations contained in Paragraph 95 are denied.

96.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 96, and for this reason, the allegations contained in Paragraph 96 are denied.

97.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 97, and for this

reason, the allegations contained in Paragraph 97 are denied.

98.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 98, and for this reason, the allegations contained in Paragraph 98 are denied.

99.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 99, and for this reason, the allegations contained in Paragraph 99 are denied.

100.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 100, and for this reason, the allegations contained in Paragraph 100 are denied.

101.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 101, and for this reason, the allegations contained in Paragraph 101 are denied.

102.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 102, and for this

reason, the allegations contained in Paragraph 102 are denied.

103.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 103, and for this reason, the allegations contained in Paragraph 103 are denied.

104.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 104, and for this reason, the allegations contained in Paragraph 104 are denied.

105.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 105, and for this reason, the allegations contained in Paragraph 105 are denied.

106.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 106, and for this reason, the allegations contained in Paragraph 106 are denied.

107.

Paragraph 107 contains conclusions regarding unidentified media reports that are not authenticated and does not require a response. To the extent a response

is required, Fulton County Defendants are without knowledge sufficient to establish the truthfulness of all argumentative allegations of Paragraph 107.

108.

Paragraph 108 contains conclusions regarding unidentified media reports that are not authenticated and does not require a response. To the extent a response is required, Fulton County Defendants are without knowledge sufficient to establish the truthfulness of all argumentative allegations of Paragraph 108.

109.

Fulton County Defendants deny all allegations contained in Paragraph 109.

110.

Fulton County Defendants deny all allegations contained in Paragraph 110.

111.

Fulton County Defendants deny all allegations contained in Paragraph 111.

112.

Fulton County Defendants deny all allegations contained in Paragraph 112.

113.

Fulton County Defendants deny all allegations contained in Paragraph 113.

114.

Fulton County Defendants deny all allegations contained in Paragraph 114.

115.

Fulton County Defendants deny all allegations contained in Paragraph 115.

116.

Fulton County Defendants deny all allegations contained in Paragraph 116.

117.

Paragraph 117 contains legal conclusion regarding "agency." Fulton County Defendants are without knowledge as to the agreement identified in footnote 14. Consequently, Fulton County Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in Paragraph 117, and they are hereby denied.

118.

Paragraph 118 contains legal conclusion regarding "agency." Fulton County Defendants are without knowledge as to the agreement identified in footnote 14. Consequently, Fulton County Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in Paragraph 118, and they are hereby denied.

119.

Paragraph 119 contains legal conclusion regarding "agency." Fulton County Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in Paragraph 119, and they are hereby denied.

120.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 120, and for this reason, the allegations contained in Paragraph 120 are denied.

121.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 121, and for this reason, the allegations contained in Paragraph 121 are denied.

122.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 122, and for this reason, the allegations contained in Paragraph 122 are denied.

123.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 123, and for this reason, the allegations contained in Paragraph 123 are denied.

124.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 124, and for this reason, the allegations contained in Paragraph 124 are denied.

125.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 125, and for this reason, the allegations contained in Paragraph 125 are denied.

126.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 126, and for this reason, the allegations contained in Paragraph 126 are denied.

127.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 127, and for this reason, the allegations contained in Paragraph 127 are denied.

128.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 128, and for this reason, the allegations contained in Paragraph 128 are denied.

129.

Paragraph 129 contains a legal conclusion as to "agency." The Fulton County Defendants admit that Richard Barron acted within the scope of his employment as Director of Registration and Elections.

130.

Paragraph 130 contains a legal conclusion as to "agency."  The Fulton County Defendants admit that Richard Barron acted within the scope of his employment as Director of Registration and Elections.

131.

The Fulton County Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.

Upon information and belief, Fulton County Defendants deny the allegations as pled in Paragraph 132 of Plaintiff's Complaint.  Fulton County Defendants deny disenfranchisement of Fulton voters.

133.

The Fulton County Defendants deny the allegations contained in Paragraph 133(a) – (c) of Plaintiff's Complaint.

134.

The Fulton County Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

The Fulton County Defendants state that, they have in the past and will in the future follow Georgia Election law in conducting all upcoming elections.

136.

The Fulton County Defendants state that, as required, they will follow Georgia Election law in conducting all upcoming elections and deny that the public has been prevented from observing the elections process as provided by Georgia law.

137.

The Fulton County Defendants state that, as required, they will follow Georgia Election law in conducting all upcoming elections.

138.

Paragraph 138 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 138.

139.

The Fulton County Defendants deny all allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.

The Fulton County Defendants deny all allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.

The Fulton County Defendants deny all allegations contained in Paragraph

141 of Plaintiff's Complaint.

142.

The Fulton County Defendants deny all allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.

The Fulton County Defendants deny all allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.

The Fulton County Defendants deny all allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.

The Fulton County Defendants deny all allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 146, and for this reason, the allegations contained in Paragraph 146 are denied.

147.

Upon information and belief, Fulton County Defendants admit that they are required to follow State of Georgia election laws and that they intend to follow

all state election laws.

148.

The Fulton County Defendants deny all allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 149, and for this reason, the allegations contained in Paragraph 149 are denied.

150.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 150, and for this reason, the allegations contained in Paragraph 150 are denied.

151.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 151, and for this reason, the allegations contained in Paragraph 151 are denied.

152.

Paragraph 152 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 152.

153.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 153, and for this reason, the allegations contained in Paragraph 153 are denied.

154.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 154, and for this reason, the allegations contained in Paragraph 154 are denied.

155.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 155, and for this reason, the allegations contained in Paragraph 155 are denied.

156.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 156, and for this reason, the allegations contained in Paragraph 156 are denied.

157.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 157, and for this reason, the allegations contained in Paragraph 157 are denied.

158.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 158, and for this reason, the allegations contained in Paragraph 158 are denied.

159.

Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 159, and for this reason, the allegations contained in Paragraph 159 are denied.

160.

Paragraph 160 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 160.

161.

Paragraph 161 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 161.

162.

Paragraph 162 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 162.

163.

Paragraph 163 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 163.

164.

Paragraph 164 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 164.

165.

Paragraph 165 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 165.

166.

Paragraph 166 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants deny all allegations of Paragraph 166.

167.

Defendants incorporate their specific responses to paragraphs 1 through 166 as previously set forth herein.

168.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution speaks for itself as to content and legal effect. The Fulton County Defendants deny any allegation inconsistent therewith.

169.

Paragraph 169 contains Plaintiffs' contentions, legal argument and legal conclusions and does not require an admission or denial. To the extent a response is required, Fulton County Defendants state that Plaintiffs fundamental right to vote has not been abridged or impacted.

170.

The Fulton County Defendants deny all allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.

The Fulton County Defendants deny all allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.

The Fulton County Defendants deny all allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.

The Fulton County Defendants deny all allegations contained in Paragraph

173 of Plaintiff's Complaint.

174.

The Fulton County Defendants deny all allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.

The Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in Paragraph 175 and the unnumbered paragraph after Paragraph 175.

176.

Defendants incorporate their specific responses to paragraphs 1 through 175 as previously set forth herein.

177.

The Fulton County Defendants deny all allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.

The Fulton County Defendants deny all allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.

The Fulton County Defendants deny all allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.

The Fulton County Defendants deny all allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.

The Fulton County Defendants deny all allegations contained in Paragraph 181 of Plaintiff's Complaint.

182.

The Fulton County Defendants deny all allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.

The Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and denies each allegation in Paragraph 183 and the unnumbered paragraph after Paragraph 183.

## **GENERAL DENIAL**

Fulton County Defendants deny that Plaintiffs are entitled to any of the relief sought and deny each numbered paragraph of the Prayer for Relief. Defendants further deny each and every allegation of the Complaint not specifically admitted denied or otherwise contradicted herein responded to

WHEREFORE, the Fulton County Defendants request:

(a) That the Complaint be dismissed;

(b) That all relief sought by Plaintiffs be denied;

(c) That judgment be issued in Fulton County Defendants' favor;

(d) That attorneys' fees and costs be assessed against Plaintiffs; and

(f) Any other further relief as this Court deems just and proper.

Respectfully submitted this 4th day of June, 2019.

OFFICE      OF      THE      COUNTY
ATTORNEY

**s/Kaye Woodard Burwell**
Georgia Bar Number:  775060
kaye.burwell@fultoncountyga.gov

**s/Cheryl Ringer**
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

**s/David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

ATTORNEYS      FOR      DEFENDANTS
RICHARD   BARRON   MARY   CAROLE
COONEY,      VERNETTA      NURIDDIN,
DAVID J. BURGE, STAN MATARAZZO,
AARON JOHNSON, AND THE FULTON
COUNTY BOARD OF REGISTRATION

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246

P:\CALitigation\Elections\Curling, Donna v. Kemp, Brian (Curling II) 1.17-CV-02989-AT- (DRL)\Pleadings\5.31.19 Answer to Third Amended Complaint(2).docx

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|                                        |     |                                    |
| -------------------------------------- | --- | ---------------------------------- |
| DONNA CURLING, et al;                  | )   |                                    |
|                                        | )   |                                    |
|                                        | )   |                                    |
| Plaintiffs,                            | )   |                                    |
|                                        | )   |                                    |
|                                        | )   | CIVIL ACTION                       |
| v.                                     | )   | FILE NO: 1:17cv02989-AT            |
|                                        | )   |                                    |
| BRAD RAFFENSBERGER, et al.;            | )   |                                    |
|                                        | )   |                                    |
|                                        | )   |                                    |
| _____Defendants_____     |     |                                    |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **FULTON COUNTY DEFENDANTS' ANSWER TO COALITION PLAINTIFFS' THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

This 4th day of June, 2019.

**/s/ David R. Lowman**
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246