**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONNA CURLING, et al., )
)
    Plaintiff, )
)
vs. )
)
BRAD RAFFENSPERGER, et al., )
)
    Defendant. )
)

CIVIL ACTION FILE

NO. 1:17-cv-2989-AT

**ANSWER TO THIRD AMENDED COMPLAINT OF PLAINTIFFS**
**COALITION FOR GOOD GOVERNANCE, LAURA DIGGES, WILLIAM**
**DIGGES III, RICARDO DAVIS, AND MEGAN MISSETT**

Comes now Defendant Brad Raffensperger ("Secretary Raffensperger"),[1] in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson,[2] and Seth Harp, in the individual capacities and as members of the State Election Board ("State Board Members"); the State Election Board of Georgia ("State Board") (collectively, the "State Defendants"), and hereby answer the Third Amended Complaint of Plaintiffs Coalition for Good Governance, Laura

---

[1] Secretary Raffensperger replaced Defendant Robyn A. Crittenden as Secretary of State on or about January 14, 2019.
[2] Ralph F. "Rusty" Simpson is no longer a member of the State Election Board, Simpson was replaced by Anh Le.

Digges, William Digges III, Ricardo Davis, and Megan Missett ("Plaintiffs" or "Coalition Plaintiffs") as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Second Amended Complaint fail to state a claim against State Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack a clear legal right to the relief sought.

## THRID AFFIRMATIVE DEFENSE

State Defendants have not subjected Plaintiffs to the deprivation of any rights under the United States or Georgia Constitutions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against State Defendants are barred by sovereign and official immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against State Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against State Defendants are barred under the doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against State Defendants are barred as they raise political questions that should not be addressed by the Court.

## NINTH AFFIRMATIVE DEFENSE

State Defendants reserve the right to amend their defenses and to add additional ones, including a lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

State Defendants answer the specific paragraphs of Plaintiffs' Third Amended Complaint as follows:

## I.   INTRODUCTION[3]

1.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

---

[3] For simplicity and clarity's sake only, State Defendants use the headings and the capitalized and defined terms of Plaintiffs' Third Amended Complaint as such are used therein.  State Defendants do not waive or admit any material allegation in Plaintiffs' Third Amended Complaint or in the Second Amended Complaint that Plaintiffs may contend are implied by such use, and all such claims to the contrary are expressly denied.

2.

State Defendants admit only that Georgia currently uses direct recording electronic voting machines ("DREs") in federal and state-wide elections, and county-conducted elections. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint. This Paragraph of Plaintiffs' Complaint also contains legal conclusions which do not require a response and State Defendants deny any of Plaintiffs' characterizations of the law.

3.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

4.

State Defendants admit only that Plaintiffs have challenged the use of DREs in "Relevant Upcoming Elections," defined in Plaintiffs' Complaint as those elections conducted in Georgia during 2018, and that elections have been conducted in Georgia since this lawsuit was filed. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

5.

State Defendants admit only that Plaintiffs seek to have the "Relevant Upcoming Elections" conducted using "verifiable paper ballots." State Defendants

deny that conducting elections on paper ballots is legally required, justifiable or practically feasible. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

6.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied. State Defendants have insufficient knowledge of the unspecified factual allegation of "locked doors" and deny this allegation on that basis.

7.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

8.

Allegations of ransomware attacks on the City of Atlanta are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

9.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

10.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

11.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

12.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

13.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

14.

State Defendants admit only that Georgia received federal grant funding for voting and election improvements. State Defendants deny that conducting elections on paper ballots is legally required, justifiable or practically feasible. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

15.

State Defendants admit only that SEB Rule 183-1-12-.01 remains in effect and that Georgia continues to use touchscreen voting machines for in-person voting. State Defendants deny that conducting elections on paper ballots is legally required, justifiable or practically feasible. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

16.

State Defendants admit only that optical scan equipment is used for mail-in absentee ballot processing. State Defendants deny that conducting elections in their entirety on paper ballots is legally authorized, required, justifiable, or practically feasible. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

17.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## II.   PARTIES

### A. PLAINTIFFS

#### 1.   Plaintiff Coalition for Good Governance

18.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

19.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

20.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

21.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

22.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

23.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 2. Plaintiff Individuals Who Are Members of Coalition (the "Member Plaintiffs")

24.

State Defendants admit that Plaintiff Laura Digges was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

25.

State Defendants admit that Plaintiff William Digges III was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

26.

State Defendants admit that Plaintiff William Digges III was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

27.

The allegations in this Paragraph are outside the scope of Defendant's knowledge and are therefore denied on that basis.

### 3.      Former Plaintiff Individuals.

28.

State Defendants admit that Former Plaintiff Edward Curtis Terry was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

### 4.      Plaintiff Individuals Who Are Not Now Members of Coalition (the "Non-Member Plaintiffs")

29.

State Defendants admit that Plaintiff Donna Curling was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

30.

State Defendants admit that Plaintiff Donna Price was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

31.

State Defendants admit that Plaintiff Jeffrey Schoenberg was a plaintiff when this action was originally filed. The remaining allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

## B. DEFENDANTS

### 1.    Defendant Secretary.

32.

Defendant Secretary of State Brad Raffensperger states that he serves as Secretary of State of Georgia, having taken office and succeeding Secretary Robyn A. Crittenden on or about January 14, 2019. The remainder of this Paragraph of Plaintiffs' Complaint contains legal conclusions that do not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

33.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

34.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## 2.     Defendant State Board Members

35.

The State Board Members admit that they serve as members of Georgia's State Election Board. The remainder of this Paragraph of Plaintiffs' Complaint contains legal conclusions that do not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

36.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

37.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 3.    Defendants Fulton Board Members

38.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

39.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

### 4.    All Other Previously Named Defendants Are Now Dismissed Without Prejudice.

40.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

### III.   JURISDICTION AND VENUE

41.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

42.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

43.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

44.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

45.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## IV.   LEGAL FRAMEWORK

### A. The United States Constitution

46.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## B. The Georgia Constitution

### 47.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## C. The Georgia Election Code

### 48.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 49.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 50.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

51.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

52.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

53.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

54.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

55.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

56.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

57.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

**D. Georgia's Regulation of Elections**

58.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

**V.    GENERAL ALLEGATIONS**

**A. How Georgia's Voting System Works**

59.

State Defendants admit the description of the voting system hardware components and related firmware and software components identified in this Paragraph of Plaintiffs' Complaint.

60.

State Defendants admit only that the State uses approximately 27,000 DRE voting machines to conduct in-person voting at polling locations during elections. The remaining allegation in this Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

61.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

62.

State Defendants deny the allegations and characterization of DRE voting machines contained in this Paragraph of Plaintiffs' Complaint.

63.

State Defendants admit that Georgia's AccuVote DREs run a modified version of Windows software. This Paragraph of Plaintiffs' Complaint refers to a

document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document.

64.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

65.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

66.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

67.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

68.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

69.

State Defendants admit only that DREs use touchscreen technology to record voter preferences. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint

70.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

71.

State Defendants admit only that AccuVote DREs use software to read a voter's choice. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

72.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

73.

State Defendants admit only that poll workers cause AccuVote DREs to print a paper tape of vote totals for each unit. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

74.

State Defendants admit only that DRE memory cards are taken from AccuVote DRE machines and secured for transport to a vote transmission center. This Paragraph of Plaintiffs' Complaint also contains allegations directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

75.

State Defendants admit only that AccuVote memory cards from polling places are collected and uploaded into the GEMS server and that the GEMS server then combines DRE vote data with other vote data to produce consolidated preliminary results reports. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

76.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

77.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

78.

State Defendants admit the allegations contained in this Paragraph of Plaintiffs' Complaint.

**B. AccuVote DREs are Insecure and Vulnerable to Malicious Hacking.**

79.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

80.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

81.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

82.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

83.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

84.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

85.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

86.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

87.

This Paragraph of Plaintiffs' Complaint refers to a document which speaks for itself. State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

88.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

89.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

90.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

91.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

**C. AccuVote DREs Fail to Provide Absolute Secrecy of the Ballot.**

92.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

**D. Security Breaches at KSU and CES Have Further Compromised
Georgia's Voting System.**

93.

State Defendants admit only that the Secretary contracted with the Board of
Regents and Kennesaw State University to assist the state in its administration of

elections. State Defendants deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

94.

State Defendants admit only that Kennesaw State University and the Center for Election Services maintained a server to house certain electronic files associated with elections. State Defendants deny Plaintiffs' characterization of documents stored on the server and deny all other allegations contained or implied in this Paragraph of Plaintiffs' Complaint.

95.

State Defendants admit only that certain information hosted on the "elections.kennesaw.edu" server was not authorized to be publicly accessible. This Paragraph of Plaintiffs' Complaint also contains allegations directed at State Defendants' former co-defendant in this action and therefore does not require a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

96.

State Defendants admit that a webserver at Kennesaw State Univerity was accessed by unauthorized individuals and that Kennesaw State University no longer hosts election information or servers.

97.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

98.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

99.

The allegations in this Paragraph concerning Lamb's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

100.

The allegations in this Paragraph concerning Lamb's or King's personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

101.

The allegations in this Paragraph concerning King's or other third parties'
personal thoughts, opinions and/or actions are outside the scope of State
Defendants' knowledge and are therefore denied on that basis. All other allegations
stated or implied in this Paragraph are denied.

102.

The allegations in this Paragraph concerning messages between other third-
parties are outside the scope of State Defendants' knowledge and are therefore
denied on that basis. All other allegations stated or implied in this Paragraph are
denied.

103.

The allegations in this Paragraph concerning Lamb's, King's, or other third
parties' personal thoughts, opinions and/or actions are outside the scope of State
Defendants' knowledge and are therefore denied on that basis. All other allegations
stated or implied in this Paragraph are denied.

104.

The allegations in this Paragraph concerning Lamb's and/or Grayson's
personal thoughts, opinions and/or actions are outside the scope of State

Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

106.

The allegations in this Paragraph concerning Grayson's and/or other third parties' personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

106.

The allegations in this Paragraph concerning Lamb's, Grayson's and/or other third parties' personal thoughts, opinions and/or actions are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All other allegations stated or implied in this Paragraph are denied.

107.

This Paragraph of Plaintiffs' Complaint refer to documents which speak for themselves.  State Defendants deny any of Plaintiffs' characterizations of said documents, and all other allegations stated or implied by this Paragraph are denied.

108.

This Paragraph of Plaintiffs' Complaint refer to documents which speak for themselves.  State Defendants deny any of Plaintiffs' characterizations of said documents, and all other allegations stated or implied by this Paragraph are denied.

## VI.   SPECIFIC ALLEGATIONS

### A. Conduct of All Defendants–Past and Threatened

109.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

110.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

111.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

112.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

113.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

114.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

115.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

116.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

**B. Conduct of Defendant Secretary–Past and Threatened**

117.

State Defendants admit only that the Secretary contracted with the Board of Regents and Kennesaw State University to assist the state in its administration of elections. This Paragraph of Plaintiffs' Complaint also refers to a document which speaks for itself.  State Defendants deny any of Plaintiffs' characterizations of said document, and all other allegations stated or implied by this Paragraph are denied.

118.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

119.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

120.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

121.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

122.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

123.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

124.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

125.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

126.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

**C. Conduct of Defendant State Board Members–Threatened**

127.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

128.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants

have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

### D. Conduct of Defendant Fulton Board Members–Past and Threatened

#### 129.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

#### 130.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

#### 131.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

#### 132.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

133.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

134.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

135.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

136.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants

have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

137.

"The Relevant Upcoming Elections," those conducted in Georgia in 2018, have already been completed. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

138.

This Paragraph of Plaintiffs' Complaint is directed at State Defendants' co-defendant in this action and therefore does not requires a response. To the extent that a response is required, any and all allegations stated or implied in this Paragraph against State Defendants are denied.

### E.  Standing of Plaintiff Coalition

139.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

### 1.    Coalition Has Organizational Standing Derived from Past and Threatened Direct Injuries to Coalition.

140.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

141.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

142.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

143.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

144.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

2.     **Coalition Has Associational Standing Derived from Past and Threatened Injuries to Coalition's Members.**

145.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

146.

The allegations in this Paragraph are outside the scope of State Defendants'
knowledge and are therefore denied on that basis.

147.

State Defendants admit only that the State Defendants have and will
continue to follow the law with regard to the conduction of elections in Georgia.
All other allegations stated or implied in this Paragraph are denied.

*Standing of Coalition's Individual Members*

148.

State Defendants deny the allegations contained in this Paragraph of
Plaintiffs' Complaint.

*Past Injury*

**a)  Virginia R. Forney (Fulton County)**

149.

The allegations in this Paragraph are outside the scope of State Defendants'
knowledge and are therefore denied on that basis.

150.

The allegations in this Paragraph are outside the scope of State Defendants'
knowledge and are therefore denied on that basis.

**b)  Brian Blosser (Fulton County)**

151.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

152.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

### c) Megan Missett (Fulton County)

153.

The allegations in this Paragraph regarding the personal thoughts, opinions, and actions of Plaintiff Megan Missett are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All remaining allegations stated or implied in this Paragraph are denied.

### d) Mr. and Ms. Digges (Cobb County)

154.

The allegations in this Paragraph regarding the personal thoughts, opinions, and actions of Plaintiffs Laura and William Digges are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All remaining allegations stated or implied in this Paragraph are denied.

### e) Mr. Davis (Cherokee County)

155.

The allegations in this Paragraph regarding the personal thoughts, opinions, and actions of Plaintiff Ricardo Davis are outside the scope of State Defendants' knowledge and are therefore denied on that basis. All remaining allegations stated or implied in this Paragraph are denied.

156.

The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

157.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

158.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

*Imminent Future Injury*

159.

The allegations in this Paragraph regarding the personal thoughts, opinions, and actions of Plaintiffs are outside the scope of State Defendants' knowledge and are therefore denied on that basis. In addition, the "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. All remaining allegations stated or implied in this Paragraph are denied.

160.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

161.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. State Defendants admit only that State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All other allegations stated or implied in this Paragraph are denied.

162.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. State Defendants admit only that the State Defendants have and will continue to follow the law with regard to the conduction of elections in Georgia. All remaining allegations stated or implied in this Paragraph are denied.

163.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. All remaining allegations stated or implied in this Paragraph are denied.

164.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. All remaining allegations stated or implied in this Paragraph are denied.

165.

The "Relevant Upcoming Elections," those conducted in Georgia in 2018, have already occurred. All remaining allegations stated or implied in this Paragraph are denied.

166.

State Defendants deny that Plaintiffs have been harmed in any way and further state that neither monetary damages or injunctive relief are warranted in this action. All remaining allegations stated or implied in this Paragraph are denied.

## VII.   CLAIMS

**COUNT I: FUNDAMENTAL RIGHT TO VOTE**

**42 U.S.C. § 1983**

**Threatened Infringement of the Fundamental Right to Vote in Violation of the Fourteenth Amendment's Guarantee of (Substantive) Due Process**

**(Right to a trustworthy and verifiable election; Unconstitutional condition)**

*(Seeking declaratory and injunctive relief against all Defendants)*

167.

State Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

168.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

169.

This Paragraph of Plaintiffs' Complaint contains a legal conclusion that does not require a response. State Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

170.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

171.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

172.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

173.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

174.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

175.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

State Defendants further deny the allegations contained in the **WHEREFORE** paragraph following the numbered paragraph 175 of Plaintiffs' Complaint.

## COUNT II: EQUAL PROTECTION

### 42 U.S.C. § 1983

**Threatened Infringement of the Fourteenth Amendment's Guarantee of Equal Protection**

**(fundamental right to vote, the right to freedom of speech and association, and Georgia state constitutional right to secret ballot; unconstitutional condition)**

*(Seeking declaratory and injunctive relief against all Defendants)*

176.

State Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

177.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

178.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

179.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

180.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

181.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

182.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

183.

State Defendants deny the allegations contained in this Paragraph of Plaintiffs' Complaint.

State Defendants further deny the allegations contained in the **WHEREFORE** paragraph following the numbered paragraph 183 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

State Defendants deny that Plaintiffs are entitled to any relief they seek.

State Defendants deny every allegation not specifically admitted herein.

Respectfully submitted this 4th day of June, 2019.

ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC

*/s/ Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake

GA Bar No. 575966
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:    (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com


TAYLOR ENGLISH DUMA LLP
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

This certifies that I have caused a true and correct copy of the foregoing

**ANSWER TO THIRD AMENDED COMPLAINT OF PLAINTIFFS**

**COALITION FOR GOOD GOVERNANCE, LAURA DIGGES, WILLIAM**

**DIGGES III, RICARDO DAVIS, AND MEGAN MISSETT** to be served via

electronic filing/e-service through the U. S. District Court for the Northern District

of Georgia on counsel of record for all Plaintiffs.

This 4th day of June, 2019.

*/s/ Vincent Russo*
Vincent Russo