# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DONNA CURLING, et al.,

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, et al.,

    *Defendants*.

Civil Action

File No:  1:17-cv-2989-AT

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

### I.    Description of the Case

    **a.**  Describe briefly the nature of the action.

**Plaintiffs' Description:**

Plaintiffs seek to enjoin the State of Georgia from using an allegedly unsecure voting system for elections held in the state.

**Defendants' Description:**

All plaintiffs[1] allege violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs

---

[1] While all Plaintiffs allege Defendants violated the Equal Protection and Due Process Clause of the 14th Amendment of the U.S. Constitution, there are two sets of Plaintiffs: the Curling Plaintiffs (Donna Curling, Donna Price and Jeffrey Schoenberg) and the Coalition Plaintiffs (Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis and Megan Missett).  Where necessary, the parties will distinguish between the two.

assert that the current use of Direct Recording Equipment ("DRE") machines,

which are utilized during Georgia elections, violates their (and their members')

right to vote, alleging that the DREs are insecure and vulnerable to hacking.

Defendants deny all allegations.

**b.** Summarize the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs' Summary**

Georgia uses an electronic voting system.  Plaintiffs allege that this system is

highly unsecure, unreliable, and potentially compromised.  Under certain

circumstances, voters may use hand-marked paper ballots.  Plaintiffs seek to

require the use of hand-marked paper ballots in lieu of the DREs in all elections, as

well as other relief.

**Defendants' Summary**

Plaintiffs filed two separate complaints: (1) The Second Amended

Complaint filed by the Curling Plaintiffs [Doc. 70]; and (2) The Third Amended

Complaint filed by the Coalition Plaintiffs [Doc. 226].

Curling Plaintiffs' Second Amended Complaint

In the Second Amended Complaint, the Curling Plaintiffs allege that the

DRE machines utilized in Georgia elections are vulnerable to a cyberattack which

violates a voters' right to cast a secret ballot and have that vote accurately counted.

Curling Plaintiffs assert that the current use of Direct Recording Equipment ("DRE") machines, which are utilized during Georgia elections, violates their (and their members') right to vote, alleging that the DREs are insecure and vulnerable to hacking.  Plaintiffs further allege that DREs do not create a paper trail or other means to verify or audit the accuracy of each elector's vote.  In support of their Complaint, Curling Plaintiffs allege that two individuals accessed the Center for Elections System ("CES") at Kennesaw State University, which housed certain election-related documents.[2]

Curling Plaintiffs allege that this "lack of paper trail" in combination with an alleged susceptibility to the introduction of undetectable malware violates Georgia voters' rights under the 14th Amendment as those electors' votes (i) may be incorrectly counted due to the introduction to malware that could alter one's vote and (ii) are less secure than voters who vote by absentee ballot because votes on the DRE cannot be "verified" through a paper trail or audit.[3]

Defendants deny the allegations contained in Curling Plaintiffs' Second Amended Complaint and deny that Plaintiffs are entitled to relief under their stated

---

[2] CES is no longer located at Kennesaw State University.
[3] Curling Plaintiffs alleged other various counts against Defendants which were either voluntarily dismissed or dismissed by court order. *See* [Doc. 375].

facts. Defendants further state that the files stored on the Kennesaw State University server are separate and distinct from the focus of the Complaint: DREs.

Coalition Plaintiffs' Third Amended Complaint

Coalition Plaintiffs generally allege that Georgia's DRE voting machines are susceptible to hacking and do not provide ballot secrecy, and that "Georgia's Voting System" may be compromised.  Coalition Plaintiffs allege that Georgia's Voting System consists of the following hardware components and related firmware and software: AccuVote DRE touchscreen voting units; Diebold optical scanners; Electronic Poll Books with barcode scanner to scan identification; and Diebold General Election Management Software ("GEMS").[4]  Coalition Plaintiffs allege that DREs are insecure and vulnerable to hacking based on news media reports and third-party reports from California and Ohio. Coalition Plaintiffs further allege that AccuVote DREs fail to provide ballot secrecy because a poll worker could combine serial numbers and timestamps with polling place security video or other poll records to connect voters with their DRE ballot.  Finally, Coalition Plaintiffs state that an alleged infiltration by third-parties into the server at Kennesaw State University comprised Georgia's Voting System.

---

[4][Doc. 226 ¶ 59].

Coalition Plaintiffs allege that use of AccuVote DRE machines in the "Relevant Upcoming Elections" (defined as those "conducted in Georgia during 2018")[5] violate Substantive Due Process and their fundamental right to vote under the Fourteenth Amendment to the United States Constitution.  Coalition Plaintiffs further allege that the use of DREs in the "Relevant Upcoming Elections" is in violation of Equal Protection under the Fourteenth Amendment to the United States Constitution because of alleged different treatment of voters who use absentee mail-in ballots as opposed to in-person voting on DREs.

Defendants deny the allegations contained in Coalition Plaintiffs' Third Amended Complaint and deny that Coalition Plaintiffs are entitled to relief under their stated facts. Defendants further state that the files which were stored on the Kennesaw State University server are separate and distinct from the focus of the Complaint: "Georgia's Voting System."

**c.**  The legal issues to be tried are as follows:

**Plaintiffs' Assertion of Legal Issues**

Plaintiffs allege Defendants' conduct violates various state laws, the Equal Protection Clause of the 14th Amendment of the Constitution, and the Due Process Clause of the 14th Amendment of the Constitution.

---

[5] [Doc. 226 ¶ 4].

**Defendants' Assertion of Legal Issues**

  i. Whether the use of DRE machines as a part of Georgia's voting system violates Equal Protection under the 14th Amendment to the U.S. Constitution; and

  ii. Whether the use of DRE machines as a part of Georgia's voting system violates Due Process under the 14th Amendment of the U.S. Constitution.

 **d.** The cases listed below (include both style and action number) are:

  i. Pending Related Cases:

Coalition Plaintiffs contend that *Common Cause v. Kemp*, Case No. 1:18-CV-05102-AT (N.D. Ga.) is a related case.  Curling Plaintiffs do not believe there are any related cases.

Defendants do not believe *Common Cause* is related to the claims raised by Plaintiffs in this case.  Defendants contend that *Martin et al. v. Fulton Co. Bd. of Registration and Elections et al.*, Case No. S19A0769 (Ga. Sup. Ct. 2019) is a related case.

  ii. Previously Adjudicated Related Cases:

Plaintiffs do not contend there are previously adjudicated related cases.

Defendants contend that *Coalition for Good Governance, et al. v. Crittenden*, Civil Action No. 2018CV313418 (Fulton Co. Sup. Ct. 2018); *Curling,*

*et al. v. Kemp, et al.*, Civil Action No. 2017CV290630 (Fulton Co. Sup. Ct. 2017);

and *Favorito v. Handel*, 285 Ga. 795 (2009) are related cases.

**II.   This case is complex because it possesses one or more of the features listed below (please check):**

    **a.**   _____   Unusually large number of parties

    **b.**   _____   Unusually large number of claims or defenses

    **c.**   _____   Factual issues are exceptionally complex

    **d.**   _____   Greater than normal volume of evidence

    **e.**   _____   Extended discovery period is needed

    **f.**   _____   Problems locating or preserving evidence

    **g.**   _____   Pending parallel investigations or action by government

    **h.**   _____   Multiple use of experts

    **i.**   _____Need for discovery outside United States boundaries

    **j.**   _____   Existence of highly technical issues and proof

    **k.**   _____   Unusually complex discovery of electronically stored information

**III.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

        Curling Plaintiffs:    David Cross

        Coalition Plaintiffs:    Bruce Brown

State Defendants: Vincent Russo
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th St. NW
Atlanta, GA 30318
vrusso@robbinsfirm.com

Bryan P. Tyson
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
btyson@taylorenglish.com

Fulton County: Kaye Burwell
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Kaye.burwell@fultoncountyga.gov

The parties have agreed to accept service by email.  Attached as **Exhibit A** is a list of all individuals to be served by email in these proceedings.  For purposes of calculating time for responses/objections and productions, discovery requests served after 6 p.m. eastern time shall be considered served the next business day. Responses may be electronically served at any time prior to the end of the last calendar day.

## IV. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

___X____ Yes          ____ No

If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Plaintiffs do not agree there are jurisdictional questions.

Defendants believe that Plaintiffs' claims will be moot upon the implementation of Georgia's new voting system. Defendants anticipate filing a motion to dismiss once the requirements set forth in HB 316 and HB 392 are implemented.

## V.    Parties to This Action:

**a.**  The following persons are necessary parties who have not been joined:

Plaintiffs' position is that all necessary parties have been joined.

Defendants assert that all local election officials are necessary parties and must be joined.  Defendants further state that Anh Le was appointed to the State Election Board, replacing Ralph F. "Rusty" Simpson.

**b.**  The following persons are improperly joined as parties:

The Parties agree that no persons have been improperly joined as parties.

**c.**  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The Parties agree that no parties are inaccurately stated nor are necessary portions of Parties' names omitted.

**d.** The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## VI.   Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**a.** List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Curling Plaintiffs**: There are no planned amendments at this time. However, Plaintiffs may seek the Court's approval to add claims related to Ballot Marking Devices ("BMDs") in the future.

**Coalition Plaintiffs**: Plaintiffs may seek the Court's approval to add claims related to Ballot Device ("BMD") voting systems in the future. Violation of a state-created constitutional right to ballot secrecy is a ground for both the due process and equal protection claims. Coalition Plaintiffs also assert that the federally recognized fundamental right to vote and the constitutional right to substantive due process both include the right to vote by secret ballot and a right to publicly observe the ballot tabulation review process. Coalition Plaintiffs also

reserve the right to amend the complaint to add claims under Section 2 of the

Voting Rights Act or the Constitution alleging discrimination against minority

voters.

**Defendants**: Defendants assert that should the Curling Plaintiffs or

Coalition Plaintiffs seek to challenge BMDs, which have not yet been implemented

in Georgia, those claims should be asserted in a new action.

b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**VII.  Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for filing some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b. *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c. *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    **d.** *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## VIII.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Parties will timely file initial disclosures.

## IX.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties recently attended a scheduling conference with Judge Totenberg on May 31, 2019, which helped resolve pending issues between the parties.  The parties do not anticipate needing a scheduling conference at this time, but will promptly notify the Court should the need arise.

## X.  Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the

assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

This case is on a four-month track.

**Plaintiffs**: The Plaintiffs prepared a list of discovery topics. *See* Dkt. Nos. 380, 382.  In addition, Plaintiffs intend to seek discovery regarding the State's voter registration database, including information regarding security, infrastructure, and any other information or data that may inform an assessment of potential vulnerabilities as well as past breaches in the voting system generally, including DREs.

Plaintiffs served discovery.  Curling Plaintiffs served their First Requests for Production (RFPs) on June 3, 2019.  Coalition Plaintiffs served their First RFPs on March 27, 2019 and Second RFPs on June 11, 2019.

**Defendants** anticipate that discovery may be needed on the following topics:

- Voting history of Plaintiffs;

- Impact of proposed relief on disabled voters;

- Actions of 3rd parties referenced in the complaint and in Plaintiffs' preliminary injunctions, including, but not limited to, the actions of Logan Lamb, Chris Grayson and Andy Green;

- Security of hand-marked paper ballots;

- DREs and GEMS database;[6]

- Experts identified by the parties;

- Coalition for Good Governance's organizational standing including, but not limited to, Plaintiffs' organizational activities, management, fundraising, and expenditures; and

- Documents supporting Plaintiffs' claims for attorneys' fees.

Defendants reserve the right to seek additional discovery topics on any other issue Plaintiffs may assert as a claim or remedy in this litigation.

If parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail:

---

[6] Defendants are not authorized to disclose "documents or information that, if made public, would endanger the security" of voting systems.  O.C.G.A. § 21-2-379.24(g); *see also* 42 U.S.C. § 5195(c)(e).  Defendants, however, agree that some limited discovery may be conducted regarding Georgia's DREs and GEMS databases after a protective order regarding sensitive and confidential information and an inspection protocol are in place.

The parties have agreed to a proposed schedule, which is attached as **Exhibit B**.  This Court has also set the deadlines governing the Plaintiffs' preliminary injunctions.  *See* [Doc. 398].

**XI.  Discovery Limitation and Discovery of Electronically Stored Information:**

    **a.**  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    The parties are collaborating on an ESI protocol.

State Defendants assert that a protective order should be in place regarding the security and sensitive and confidential information contained in the documents that are responsive to the discovery topics outlined by Plaintiffs above.

    **b.**  Is any party seeking discovery of electronically stored information?

        __X__ Yes           ____ No

        **i.**  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties agree to discuss the sources, scope, and any limitations on ESI on a good-faith basis as discovery proceeds.  Defendants assert that a protective order and discovery protocol must be in place prior to any inspection of a Georgia

DRE or other aspect of the voting system, including documents related to the

GEMS database, that may contain sensitive or confidential information.

> **ii.** The parties have discussed the format for production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to discuss in good faith the format for the production of

ESI, methods of production, and the inclusion or exclusion of metadata as

discovery proceeds.

In the absence of agreement on issues regarding discovery of electronically

stored information, the parties shall request a scheduling conference in paragraph 9

hereof.

## XII.  Other Orders:

> What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendants believe protective orders as to sensitive and confidential

information, as well as on the scope of discovery, are necessary prior to any

inspection of a DRE or production on documents related to the GEMS database.

## XIII.  Settlement Potential:

> **a.** Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 10, 2019, and

that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead Counsel (signature) */s/ David D. Cross (w/ express permission)*
                                        */s/ Bruce P. Brown (w/ express permission)*
        Other participants: Catherine Chapple, Halsey Knapp, John Powers, Marilyn

Marks.

For Defendants: Lead Counsel (signature) */s/ Vincent R. Russo*
                                        */s/ Kaye Burwell (w/ express permission)*

        Other participants: Kimberly Anderson, Carey Miller, Brian Lake, Cheryl

Ringer.

**b.** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____ A possibility of settlement before discovery.

_____ A possibility of settlement after discovery.

_____ A possibility of settlement, but a conference with the

judge is needed.

__**X**__ No possibility of settlement.

**c.** Counsel (_____) do or (__X__) do not intend to hold additional

settlement conferences among themselves prior to the close of discovery.

**d.** The following specific problems have created a hindrance to settlement of this case: Parties fundamentally disagree regarding the existence of a violation of Plaintiffs' rights.

## XIV. Trial by Magistrate Judge:

The parties do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| */s/ David D. Cross (w/ express permission)* | */s/ Halsey G. Knapp, Jr. (w/ express permission)* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Catherine L. Chapple (*pro hac vice*) | Adam M. Sparks |
| Jane P. Bentrott (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | Krevolin & Horst, LLC |
| Morrison & Foerster LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | HKnapp@khlawfirm.com |
| Telephone: (202) 887-1500 | Sparks@khlawfirm.com |
| DCross@mofo.com | |
| JCarlin@mofo.com | *Counsel for Plaintiffs Donna Curling,* |
| CChapple@mofo.com | *Donna Price & Jeffrey Schoenberg* |
| JBentrott@mofo.com | |
| RManoso@mofo.com | |

*(Signatures Continued On Next Page)*

*/s/ Bruce P. Brown (w/ express*
*permission)*
Bruce P. Brown
Georgia Bar No. 064460
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE Suite 6
Atlanta, Georgia 30306 (404) 881-0700

*Counsel for Coalition Plaintiffs*

*/s/ Kimberly Anderson*
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

*/s/ Kaye Woodard Burwell (w/ express*
*permission)*
OFFICE OF THE COUNTY
ATTORNEY
Kaye Woodard Burwell
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246

*Attorneys for Fulton County Defendants*

*(Signatures Continued On Next Page)*

Bryan P. Tyson
GA Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone:  (678)336-7249
btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Attorneys for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

JOINT PRELIMINARY REPORT AND DISCOVERY PLAN has been prepared

in Times New Roman 14-point, a font and type selection approved by the Court in

L.R. 5.1(B).

*/s/ Kimberly Anderson*
Kimberly Anderson
GA Bar No. 602807

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 17th day of June, 2019.

*/s/ Kimberly Anderson*
Kimberly Anderson
GA Bar No. 602807
