**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONNA CURLING, et al.,      )
     Plaintiff,          )
                         )     Civil Action
v.                     )
                         )     File No. 1:17-CV-2989-AT
BRAD RAFFENSPERGER, et al.,  )
     Defendant.       )

## CONSOLIDATED/JOINT DISCOVERY STATEMENT REGARDING COALITION PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

The Coalition Plaintiffs and State Defendants, being unable to resolve a discovery dispute despite having met and conferred in good faith, present this Joint Statement to the Court and request the Court's assistance in resolving the dispute.

### I.    Request to Produce November 6, 2018 GEMS Databases

On March 27, 2019, Coalition Plaintiffs served State Defendants with a request to produce the GEMS Databases. Coalition Plaintiffs requested electronic copies of the GEMS Databases for the November 6, 2018 election, both the election configuration version sent to each Georgia county prior to an election and the completed version the counties sent back after the election to the Secretary, as well as passwords necessary to access the Databases. On June 5, 2019, State Defendants objected to the request. On June 10, 2019, the parties met and conferred in good faith about this issue and conferred again by phone on June 19, 2019, but were unable to come to a resolution.

1

**a.** <u>Coalition Plaintiffs' Position</u>

The State told the Fulton County Superior Court on January 9, 2019, "[T]he source code and the means of accessing the GEMS, of course, is highly confidential, but the data from the GEMS is public record." *Coalition for Good Governance v. Crittenden*, No. 2018-cv-313418, Hr'g Tr. 88:22-24 Jan. 9, 2019 (Ga. Sup. Ct. 2019). Coalition Plaintiffs seek the GEMS Databases because they are the authoritative, authentic, original record of that data, and reflect the manner in which the electronic ballots, the DRE machines, and tabulation computers were configured. We do not seek the source code or access to the GEMS Server in this request. Coalition Plaintiffs need the Databases in their original format in order to conduct meaningful analysis of the election data.

The GEMS Databases are central to the disputes in this case because they are central to Georgia's voting system. They provide the ballot information that is loaded onto the DREs for each election and then record the cast vote records that are sent back to the State after the election. As such, they provide a roadmap for any coding or configuration errors, security breaches, machine malfunctions, tabulation irregularities, or other issues.

The GEMS Databases are not the GEMS Server; they are not source code or other sensitive software. Each GEMS Database is just a Microsoft Access file that contains the ballot and DRE configuration instructions in a master worksheet

format before the election, and the votes cast, election results, and reporting formats after the election. All public reports of the election results are generated from the GEMS Databases. At no point have State Defendants explained *how* or *why* the GEMS Databases contain sensitive or secure information that would jeopardize election security if disclosed; they simply assert conclusory generalities. Electronic worksheet analysis and digital forensic examinations are common in many lawsuits involving trade secrets, financial records, and other (actually) sensitive information. If the Court decides that disclosure of some data in the GEMS Databases could compromise election security—which Coalition Plaintiffs dispute—a reasonable protective order will suffice for sensitive data. *See Dem. Party of Ariz. v. Pima County Bd. of Supervisors*, No. 20072073 (Ariz. Sup. Ct. Dec. 18, 2007) (ordering public disclosure of a GEMS database after trial assessing potential security risks posed from such disclosure).

If the State were complying with its legal requirements to preserve ballot secrecy, there would not be any personally identifiable information in the GEMS Databases. Production of the Databases will shed light on this core legal claim.

As Coalition Plaintiffs attempted to explain at the 26(f) conference, we do not want the actual passwords the State uses. We only need whatever is necessary to access the produced files; it could be a novel password made for this production.

**b.**  <u>State Defendants' Response</u>

The Secretary's position regarding the disclosure of information about Georgia's election system has been consistent—sensitive and secure information which could jeopardize election system security should not be disclosed. Prior to the start of discovery and the Rule 26(f) conference, Coalition Plaintiffs served document requests seeking electronic copies of GEMS Databases and all passwords to the databases. The Secretary tried to engage the Coalition Plaintiffs in a discussion about alternatives to producing the GEMS database, but the Coalition Plaintiffs have refused. The Secretary has continuously worked in good faith to produce relevant information to Plaintiffs, but producing the entire GEMS Database with passwords is not proportional to the needs of the case.

The GEMS Databases are protected and carefully guarded under state law and are unique to the state of Georgia—which runs a version not used in any other state. *See* O.C.G.A. §§ 21-2-379.24(g); 21-2-500; Ga. Comp. R. & Reg. rr. 183-1-12. Courts in Georgia have also recognized that releasing the GEMS Databases and passwords would compromise election security. *See Smith v. Dekalb Cnty.*, 288 Ga. App. 574, 577-78 (2007). As this Court noted in its September 17, 2018 Order [Doc. 309], elections systems are considered Critical Infrastructure by DHS and "rapidly evolving cybertechnology changes and challenges have altered the reality now facing electoral voting systems and Georgia's system in particular." *See* [Doc. 309 at 38.] Disclosing the GEMS Database will heighten those challenges.

The Secretary continues to be amenable to producing documents populated with data from the GEMS databases, as discussed at the May 31 conference. The Secretary previously proposed a protocol which, in conjunction with a protective order, would provide information relevant to the claims and proportional to the needs of the case without jeopardizing election security. *See* [Doc. 386-1]. The Secretary also offered for Plaintiffs' experts speak directly with the Secretary's staff about other alternatives. The Court suggested a similar approach to addressing these issues at the May 31 scheduling conference. (Transcript at 30:14-23.) Given the limitations of what is included in the GEMS Database compared with the software functions on the GEMS Server, it is likely possible to assess whether any malware exists on relevant GEMS Servers without disclosing the GEMS Database. However, Coalition Plaintiffs insist solely on the production of the GEMS Databases and passwords without any protective order.

Producing the GEMS database would disclose information about the architecture of Georgia's election system, which is currently protected to maintain election security. The structure of Georgia's GEMS database is extremely important to anyone interested in hacking the current election system and infecting it with malware, but it is not necessary information to assessing whether alleged vulnerabilities in the election system exist or have been exploited. As such,

producing the entire GEMS Database with passwords is not proportional to the needs of the case.

      **c.**  <u>Coalition Plaintiffs' Reply</u>

The GEMS Database is just a worksheet in Microsoft Access. If the disclosure of the GEMS Databases would harm the election system, why do other states make it public?[1] Defendants claim Georgia's GEMS Databases are different but do not explain how, or why such differences override judicial review.

Plaintiffs asked whether any particular data fields were sensitive. Defendants demurred. They refused to produce the GEMS Databases *even under protective order*, despite distributing them to 159 counties without nondisclosure agreements.

*Smith* is inapplicable.  Its plaintiff sought a disc containing both a GEMS Database and sensitive information; the Court held the State had no Open Records obligation to separate the former from the latter. 288 Ga. App. 574, 577-78 (2007).

Defendants confirmed they have no expert on GEMS Database issues. Plaintiffs are ready to provide their experts' testimony on the structure of GEMS Databases and any other GEMS-related issue. Reports and derivative data from a GEMS Database, without the Database itself, are insufficient for forensic analysis.

---

[1] *Pima County*; Bev Harris, *Elections Industry: Voting System Technical Material, Manuals, Troubleshooting*, Black Box Voting.org (Jan. 8, 2014), http://blackboxvoting.org/voting-system-technical-information/ (linking, *inter alia*, to GEMS Databases from Alaska and California).

Bruce P. Brown
GA Bar No. 064460
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE Suite 6
Atlanta, Georgia 30306
(404) 881-0700
bbrown@brucepbrownlaw.com

*/s/ David Brody*
David Brody
John Powers
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
202-662-8300
dbrody@lawyerscommittee.org
jpowers@lawyerscommittee.org

*Counsel for Coalition Plaintiffs*

*/s/ Vincent Russo (w/ express permission)*
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

Bryan P. Tyson
GA Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249
btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Counsel for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

CONSOLIDATED/JOINT DISCOVERY STATEMENT REGARDING

COALITION PLAINTIFFS' FIRST REQUEST FOR PRODUCTION has been

prepared in Times New Roman 14-point, a font and type selection approved by the

Court in L.R. 5.1(B).

*/s/ David Brody*
David Brody

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing

CONSOLIDATED/JOINT DISCOVERY STATEMENT REGARDING

COALITION PLAINTIFFS' FIRST REQUEST FOR PRODUCTION with the

Clerk of Court using the CM/ECF system, which will automatically send counsel

of record e-mail notification of such filing.

This 21st day of June, 2019.

*/s/ David Brody*
David Brody