**<u>EXHIBIT B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al.,    ) <br>      ) <br>    Plaintiff,    ) <br>      ) <br> vs.    ) <br>      ) <br> BRAD RAFFENSPERGER, et al.,    ) <br>      ) <br>    Defendant.    ) <br>      ) | CIVIL ACTION FILE <br><br> NO. 1:17-cv-2989-AT |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO COALITION PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Brad Raffensperger ("Defendant" or "Secretary"), in his official capacity as Secretary of State of Georgia and as Chair of the State Election Board of Georgia by and through counsel of record and responds to Coalition Plaintiffs' First Request for Production of Documents as follows:

## RESPONSES TO REQUESTS

Pursuant to the Court's Standing Order, [Doc. 11], Defendant Secretary does not offer general objections to the discovery requests. Defendant Secretary does, however, object to the requests on the grounds that it was served outside the permissible discovery period and is thus invalid. *See also* [Doc. 369 pp. 4–10]. In order to preserve all objections, and without waiving any objections by this response, Defendant Secretary responds to the specific requests as follows:

**REQUEST FOR PRODUCTION NO. 1**:

Electronic copies of the GEMS Databases for the November 6, 2018 election prepared for and transmitted to each Georgia county prior to such election. Include any passwords necessary to access the databases.

**RESPONSE TO REQUEST NO. 1:**

Defendant Secretary objects to this request on grounds that it is overly broad and seeks documents beyond the scope of, and irrelevant to, the specific claims in the Complaints. Defendant Secretary notes that this response is being provided prior to the parties' Rule 26(f) Conference, scheduled for June 10, 2019, at which point concerns regarding the scope of discovery may be resolved. To the extent information is within the scope of discovery, Defendant Secretary objects to this request on grounds that, under state law, Defendant Secretary is not authorized to disclose "documents or information that, if made public, would endanger the security" of voting systems. O.C.G.A. § 21-2-379.24(g). Defendant Secretary further objects to this request as overly burdensome and not proportional to the needs of the case; the GEMS database contains sensitive and secure information which could jeopardize election system security if disclosed. Indeed, the GEMS database is protected and carefully guarded under state law and its security outweighs the need for discovery in this case. *See, e.g.*, O.C.G.A. § 21-2-500; Ga.

2

Comp. R. & Reg. rr. 183-1-12(2)(e), 183-1-12(6); *see also, e.g.*, *Smith v. Dekalb Cnty.*, 288 Ga. App. 574, 577-78 (2007).  Defendant Secretary further objects to the disclosure of passwords to access the database, this request is overly burdensome and not proportional to the needs of the case, disclosure of passwords could further jeopardize election security.  *See Smith*, 288 Ga. App. 576 n.6 (noting that requester of the GEMS database would need to *hack into the programming*) (emphasis added).

Finally, elections systems are considered Critical Infrastructure by the Department of Homeland Security,[1] a designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters." 42 U.S.C. § 519(c)(e).  Due to the significant security concerns related to the GEMS database, Defendant Secretary objects to disclosure of the requested documents.  As discussed at the May 31, 2019 conference with the Court, Defendant Secretary is amenable to production of certain documents related to the GEMS database and has proposed a protocol which, in conjunction with a protective order, would provide information

---

[1] U.S. Dep't of Homeland Security, Statement by Secretary Jeh Johnson on the Designation of Election Infrastructure as a Critical Infrastructure Subsector (Jan. 6, 2017), *available at* https://www.dhs.gov/news/2017/01/06/statement-secretary-johnson-designation-election-infrastructure-critical.

relevant to the parties' claims and defenses and proportional to the needs of the case without jeopardizing election security. *See* [Doc. 386-1].

**REQUEST FOR PRODUCTION NO. 2**:

Electronic copies of the completed GEMS Databases for the November 6, 2018 election prepared by each county for such election and transmitted to the Secretary after the close of the election.  Include any passwords necessary to access the databases.

**RESPONSE TO REQUEST NO. 2:**

Defendant Secretary objects to this request on grounds that it is overly broad and seeks documents beyond the scope of, and irrelevant to, the specific claims in the Complaints.  Defendant Secretary notes that this response is being provided prior to the parties' Rule 26(f) Conference, scheduled for June 10, 2019, at which point concerns regarding the scope of discovery may be resolved.  To the extent information is within the scope of discovery, Defendant Secretary objects to this request on grounds that under state law Defendant Secretary is not authorized to disclose "documents or information that, if made public, would endanger the security" of voting systems. O.C.G.A. § 21-2-379.24(g).  Defendant Secretary further objects to this request as overly burdensome and not proportional to the needs of the case; the GEMS database contains sensitive and secure information

which could jeopardize election system security if disclosed.  Indeed, the GEMS database is protected and carefully guarded under state law and its security outweighs the need for discovery in this case.  *See, e.g.*, O.C.G.A. § 21-2-500; Ga. Comp. R. & Reg. rr. 183-1-12(2)(e), 183-1-12(6);  *see also, e.g.*, *Smith v. Dekalb Cnty.*, 288 Ga. App. 574, 577-78 (2007).  Defendant Secretary further objects to the disclosure of passwords to access the database, this request is overly burdensome and not proportional to the needs of the case, disclosure of passwords could further jeopardize election security.  *See Smith*, 288 Ga. App. 576 n.6 (noting that requester of the GEMS database would need to *hack into the programming*) (emphasis added).

Finally, elections systems are considered Critical Infrastructure by the Department of Homeland Security,[2] a designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters."  42 U.S.C. § 519(c)(e).  Due to the significant security concerns related to the GEMS database, Defendant Secretary objects to disclosure of the requested documents.  As discussed at the May 31, 2019 conference with the Court, Defendant Secretary is amenable to

_____

[2] *See supra* Fn. 1.

5

production of certain documents related to the GEMS database and has proposed a

protocol which, in conjunction with a protective order, would provide information

relevant to the parties' claims and defenses and proportional to the needs of the

case without jeopardizing election security. *See* [Doc. 386-1].

This 5th day of June 2019.

> */s/ Vincent R. Russo*
> Vincent R. Russo
> GA Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> GA Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> GA Bar No. 976240
> cmiller@robbinsfirm.com
> Kimberly Anderson
> Ga. Bar No. 602807
> kanderson@robbinsfirm.com
> Alexander Denton
> GA Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> GA Bar No. 575966
> blake@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, GA 30318
> Telephone: (678) 701-9381
> Facsimile: (404) 856-3250
>
> *Attorneys for State Defendants*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day, I served a true copy of the foregoing

**DEFENDANTS' OBJECTIONS AND RESPONSES TO COALITION**

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

on counsel of record via electronic mail and U.S. Mail with adequate postage

affixed addressed as follows:

David D. Cross
John P. Carlin
Jane P. Bentrott
Catherine L. Chapple
Robert W. Manoso
Morrison & Foerster, LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
dcross@mofo.com
jcarlin@mofo.com
jbentrott@mofo.com
cchapple@mofo.com
rmanoso@mofo.com
jconaway@mofo.com
amiriyala@mofo.com

Halsey G. Knapp, Jr.
Adam Martin Sparks
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com

Bruce P. Brown
Bruce P. Brown Law
Suite 6
1123 Zonolite Road, NE
Atlanta, GA 30306
bbrown@brucepbrownlaw.com

John Michael Powers
Lawyers' Committee for Civil Rights
Under Law
Suite 900
1500 K. Street NW
Washington, DC 20005
jpowers@lawyerscommittee.org

Cary Ichter
Ichter Davis, LLC
One Tower Place, Suite 1530
3340 Peachtree Rd., NE
Atlanta, GA 30326-1084
cichter@ichterdavis.com

Robert A. McGuire
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, Washington  98104-2205
seattle@lawram.com

Kaye W. Burwell
Cheryl M. Ringer
David R. Lowman
Office of the County Attorney
141 Pryor Street, S.W.
Atlanta, Georgia  30303
kaye.burwell@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov
david.lowman@fultoncountyga.gov

This 5th day of June, 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo