IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## COALITION PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs") move the Court as follows to enter a preliminary injunction stating as follows:

1. *Ballot secrecy*

Defendants shall take all necessary action to ensure that there is no information recorded on any electronic ballot that, alone or in combination with other records or information, may be used to identify the individual who cast that ballot.  The Secretary shall, within five days of the entry of this Order, disable, and instruct every Superintendent to disable, any software applications that permits the

recording of information on any electronic ballot that, alone or in combination with other records or information, may be used to identify the individual who cast that ballot.

    2. *Paper Ballots*

Defendants shall not use direct recording electronic ("DRE") voting units to conduct any elections held after October 1, 2019 and shall not provide programming and machine configurations for DRE voting units.  The Secretary shall direct all Superintendents to conduct every election after October 1, 2019 using hand-marked paper ballots, which shall be counted by hand or by optical scanners using the Diebold state-certified voting system components.   Provided, however, that this Order does not prohibit the use of electronic or other appropriate voting units for persons with disabilities.

    3. *Post-Election Audits*

Within 14 days of the entry of this order, authorized representatives of Defendant State Election Board and Plaintiffs shall confer and shall file with this Court proposed plans for auditing results (in the case of paper ballot elections) and auditable elements (in the case of DRE elections.)

    a. *Audits of paper ballot election results*

Pre-certification audits of election results are required for of all federal, state, and county elections conducted in Georgia after October 1, 2019. The plan for auditing such results shall be based on well-accepted audit principles that assure a high probability that incorrect outcomes will be detected and remedied, and shall be focused on contested candidate races and ballot questions.

    *b. Audits of selected elements of DRE elections*

Pre-certification audits of the computer-generated tabulations of absentee mail ballots and tests of accuracy in recording the DRE output are required for all federal, state, and county elections conducted in Georgia after September 1, 2019. The plan should be based on the audit principles discussed in Professor Stark's Declaration, (Doc. 296, at 12 ¶¶ 27-31, at 13-14 ¶34-39, at 14-17 ¶41-47, and Exhibit G ¶¶ 9-12) and focused on contested candidate races on the ballot.

    4. *Electronic Pollbook Corrections and Security*

The Secretary shall immediately undertake a review of the pollbook software to determine the source of the defect or malware and promptly undertake remedial action, making a report to the Court of his findings and software remediation plan within 30 days of the Court's Order.

   Within 10 days of the entry of this order, authorized representatives of Defendant Secretary of State and the Plaintiffs shall confer and, within 14 days of

the entry of this Order, file a plan with this Court that addresses the following topics for immediate implementation:

(a) the procedures to be undertaken by election officials to address errors and discrepancies in the electronic pollbooks or voter registration database that may cause eligible voters to (i) not appear as eligible voters in the electronic pollbooks, (ii) receive the wrong ballot, (iii) be assigned to the wrong precinct in the electronic pollbook, or (iv) be prevented from casting a regular ballot in their properly assigned precinct; and

(b) the procedures to be undertaken by the Secretary's staff and by county election officials and poll workers to provide for use of an updated paper back-up of the pollbook in the polling places for adjudicating voter eligibility and precinct assignment problems.

The Secretary and the State Board are enjoined to immediately instruct every Superintendent in all elections to ensure that every person attempting to vote but who is denied a ballot is immediately informed by poll officials that they are entitled to cast a provisional ballot.

5. *Voting System Security Evaluation and Remediation*

Within 10 days of the entry of this order, authorized representatives of Defendant Secretary of State and the Plaintiffs shall confer and, within 14 days of

the entry of this Order, shall file a plan with this Court that addresses the following topics with implementation to begin immediately:

    (a)    a security evaluation of counties' GEMS servers and other voting system components, including electronic pollbooks, to detect malware or other significant security vulnerabilities and develop appropriate mitigation action and timetables; and

    (b)    a security evaluation of the Secretary of State's election servers and other related systems and components to detect malware, erroneous programming, or other significant security vulnerabilities and develop appropriate mitigation action and timetables.

_____

Pursuant to Rule 65(d), the Coalition Plaintiffs have filed with this Motion a proposed order stating the reasons why it should issue, the terms specifically, the acts restrained and required, and the persons to be bound thereby.

Pursuant to Rule 7.1A of the Local Rules of the Northern District of Georgia, and Part III (a) of this Court's Standing Order, the Coalition Plaintiffs have filed herewith a brief citing legal authorities supporting the motion and the facts relied upon, together with supporting declarations and exhibits.

Respectfully submitted this 21st day of June, 2019.

/s/ *Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ *Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ *Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis and Megan Missett*

6

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day caused the foregoing to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 21st day of June, 2019.

/s/ *Bruce P. Brown*
Bruce P. Brown

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| vs. ) | |
| ) | **FILE NO. 1:17-cv-2989-AT** |
| **BRAD RAFFENSPERGER,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED ORDER GRANTING COALITION PLAINTIFFS' MOTION FOR ADDITIONAL PAGES

Good cause having been shown, the Motion of Coalition Plaintiffs for Additional Pages is GRANTED. Coalition Plaintiffs' Brief in Support of its Motion for Preliminary Injunction shall not exceed fifty (50) pages.

SO ORDERED this ___ day of June, 2019.

_____
Amy Totenberg
United States District Judge