# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> **Plaintiffs,** <br><br> v. <br><br> BRIAN KEMP, ET AL., <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## PROPOSED ORDER GRANTING COALITION PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on the Motion for Preliminary Injunction of Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs").

Upon considering the motion and supporting authorities, the response from the Defendants, and the evidence and pleadings of record, the Court finds that Coalition Plaintiffs are likely to succeed on the merits of their claims, that they will be irreparably harmed if this motion is not granted, that the balance of equities tip in Coalition Plaintiffs' favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court accordingly GRANTS the motion and issues the relief set forth below.

UNTIL FURTHER ORDER OF THIS COURT:

1. *Ballot secrecy*

Defendants shall take all necessary action to ensure that there is no information recorded on any electronic ballot that, alone or in combination with other records or information, may be used to identify the individual who cast that ballot.  The Secretary shall, within five days of the entry of this Order, disable, and instruct every Superintendent to disable, any software applications that permits the recording of information on any electronic ballot that, alone or in combination with other records or information, may be used to identify the individual who cast that ballot.

2. *Paper Ballots*

Defendants shall not use direct recording electronic ("DRE") voting units to conduct any elections held after October 1, 2019 and shall not provide programming and machine configurations for DRE voting units.  The Secretary shall direct all Superintendents to conduct every election after October 1, 2019 using hand-marked paper ballots, which shall counted by hand or by optical scanners using the Diebold state-certified voting system components.   Provided,

however, that this Order does not prohibit the use of electronic or other appropriate voting units for persons with disabilities.

3. *Post-Election Audits*

Within 14 days of the entry of this order, authorized representatives of Defendant State Election Board and Plaintiffs shall confer and shall file with this Court proposed plans for auditing results (in the case of paper ballot elections) and auditable elements (in the case of DRE elections.)

a. *Audits of paper ballot election results*

Pre-certification audits of election results are required for of all federal, state, and county elections conducted in Georgia after October 1, 2019.  The plan for auditing such results shall be based on well-accepted audit principles that assure a high probability that incorrect outcomes will be detected and remedied, and shall be focused on contested candidate races and ballot questions.

b. *Audits of selected elements of DRE elections*

Pre-certification audits of the computer-generated tabulations of absentee mail ballots and tests of accuracy in recording the DRE output are required for all federal, state, and county elections conducted in Georgia after September 1, 2019. The plan should be based on the audit principles discussed in Professor Stark's Declaration, (Doc. 296, at 12 ¶¶ 27-31, at 13-14 ¶34-39, at 14-17 ¶41-47, and Exhibit G ¶¶ 9-12) and focused on contested candidate races on the ballot.

4. *Electronic Pollbook Corrections and Security*

The Secretary shall immediately undertake a review of the pollbook software to determine the source of the defect or malware and promptly undertake remedial action, making a report to the Court of his findings and software remediation plan within 30 days of the Court's Order.

Within 10 days of the entry of this order, authorized representatives of Defendant Secretary of State and the Plaintiffs shall confer and, within 14 days of the entry of this Order, file a plan with this Court that addresses the following topics for immediate implementation:

(a) the procedures to be undertaken by election officials to address errors and discrepancies in the electronic pollbooks or voter registration database that may cause eligible voters to (i) not appear as eligible voters in the electronic pollbooks, (ii) receive the wrong ballot, (iii) be assigned to the wrong precinct in the electronic pollbook, or (iv) be prevented from casting a regular ballot in their properly assigned precinct;  and

(b) the procedures to be undertaken by the Secretary's staff and by county election officials and poll workers to provide for use of an updated paper back-up of the pollbook in the polling places for adjudicating voter eligibility and precinct assignment problems.

The Secretary and the State Board are enjoined to immediately instruct every Superintendent in all elections to ensure that every person attempting to vote but who is denied a ballot is immediately informed by poll officials that they are entitled to cast a provisional ballot.

5. *Voting System Security Evaluation and Remediation*

Within 10 days of the entry of this order, authorized representatives of Defendant Secretary of State and the Plaintiffs shall confer and, within 14 days of the entry of this Order, shall file a plan with this Court that addresses the following topics with implementation to begin immediately:

    (a)    a security evaluation of counties' GEMS servers and other voting system components, including electronic pollbooks, to detect malware or other significant security vulnerabilities and develop appropriate mitigation action and timetables; and

    (b)    a security evaluation of the Secretary of State's election servers and other related systems and components to detect malware, erroneous programming, or other significant security vulnerabilities and develop appropriate mitigation action and timetables.

SO ORDERED this ___ day of _____, _____.

                                                         _____
                                                         U.S. District Court Judge Amy Totenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Coalition for
Good Governance
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the foregoing COALITION PLAINTIFFS' PROPOSED ORDER GRANTING MOTION FOR ADDITIONAL INJUNCTIVE RELIEF to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 21ST day of June, 2019.

                                                */s/ Bruce P. Brown*
                                                Bruce P. Brown
                                                Georgia Bar No. 064460
                                                BRUCE P. BROWN LAW LLC
                                                Attorney for Coalition for Good Governance
                                                1123 Zonolite Rd. NE
                                                Suite 6
                                                Atlanta, Georgia 30306
                                                (404) 881-0700