# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Brad Raffensperger ("Secretary"), in his official capacity as Secretary of State of Georgia and as Chair of the State Election Board of Georgia and Defendants David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, and Seth Harp (collectively, "State Defendants") by and through their counsel of record and respond to Curling Plaintiff's ("Curling Plaintiffs" or "Plaintiffs") First Request for Production of Documents as follows:

## RESPONSES TO REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents related to any actual, potential, anticipated, suspected, contemplated, or alleged Security Breach or Security Vulnerability, including but not limited to (i) all documents relating to any investigation, report, examination,

study, audit, evaluation, or assessment conducted by You or a third party on Your

behalf or at your direction regarding any such Security Breach or Security

Vulnerability; and (ii) all communications related to any such Security Breach or

Security Vulnerability.

**RESPONSE TO REQUEST NO. 1:**

State Defendants object to this Request as it seeks documents that contain

confidential information, trade secrets, sensitive election security information,

and/or state secrets. State Defendants will not provide any documents which

contain confidential information, trade secrets, sensitive election security

information, and/or state secrets, except pursuant to an appropriate protective

order.  State Defendants also object to this Request as overly broad because it

seeks documents outside the scope of the claims and defenses in this case through

Plaintiffs' use of the defined terms "Election System," "Security Breach," and

"Security Vulnerability" in Plaintiffs' First Request for Production of Documents.

Moreover, the Request is unduly burdensome because it is not limited in time.

State Defendants further object to the Request to the extent it seeks documents

subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State

Defendants will produce non-privileged documents responsive to and within the

non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2**:

Documents sufficient to show your policies and procedures—whether formal or informal, written or unwritten, implemented or not—for preventing, assessing, identifying, evaluating, monitoring for, investigating, mitigating, remedying, or otherwise limiting, addressing, or responding to any actual, potential, anticipated, suspected, contemplated, or alleged Security Breach or Security Vulnerability.

**RESPONSE TO REQUEST NO. 2:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined terms "Election System," "Security Breach," and "Security Vulnerability" in Plaintiffs' First Request for Production of Documents.

3

Moreover, the Request is unduly burdensome because it is not limited in time. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3**:

All documents constituting, reflecting, or related to any communication between You and employees, agents, representatives, volunteers, interns, consultants, lobbyists, vendors, anyone else acting on your behalf or at your direction, or any other individual or entity (including but not limited to Kennesaw State University or any of its employees, agents, representatives, volunteers, interns, consultants, vendors, or anyone else acting on its behalf or at its direction) regarding any actual, potential, anticipated, suspected, contemplated, or alleged Security Breach or Security Vulnerability related to the elections.kennesaw.edu server.

**RESPONSE TO REQUEST NO. 3:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined terms "Election System," "Security Breach," and "Security Vulnerability" in Plaintiffs' First Request for Production of Documents. State Defendants object to this Request because Plaintiffs' defined term "You," as used in this Request, seeks to extend State Defendants' production obligation beyond the scope of the Federal Rules of Civil Procedure. Moreover, the Request is unduly burdensome because it is not limited in time.  State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the

non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4**:

All documents related to any investigation by You, on your behalf, or at your direction, of any Security Breach of the elections.kennesaw.edu server, including but not limited to all documents (including but not limited to communications) related to the April 18, 2017 Incident Report prepared by CES.

**RESPONSE TO REQUEST NO. 4:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined terms "Election System" and "Security Breach" in Plaintiffs' First Request for Production of Documents.  Moreover, the Request is unduly burdensome because it is not limited in time.  State Defendants object to this Request because Plaintiffs' defined term "You," as used in this Request, seeks

to extend State Defendants' production obligation beyond the scope of the Federal Rules of Civil Procedure. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5**:

All documents related to the FBI's, or any other government agency's, investigation of a Security Breach or Security Vulnerability related to the elections.kennesaw.edu server.

**RESPONSE TO REQUEST NO. 5:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it

seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined terms "Election System," "Security Breach," and "Security Vulnerability" in Plaintiffs' First Request for Production of Documents. Moreover, the Request is unduly burdensome because it is not limited in time. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6**:

All documents related to any alteration, modification, destruction, deletion, concealment, elimination, erasure, or loss of data from the elections.kennesaw.edu servers—or any other CES machine, server, computer, media, files, or accounts used for or as part of the Election System—since March 2017, whether by DBAN, degaussing, or other process or procedure, including but not limited to the following: (a) documents sufficient to show when You were first informed of the deletion of the server data; (b) documents sufficient to show all steps taken by You or at Your direction or on Your behalf to investigate the deletion of the server data;

and (c) all communications related to the alteration, modification, destruction, deletion, concealment, elimination, erasure, or loss of data from the elections.kennesaw.edu server.

## RESPONSE TO REQUEST NO. 6:

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents.  State Defendants object to this Request because Plaintiffs' defined term "You," as used in this Request, seeks to extend State Defendants' production obligation beyond the scope of the Federal Rules of Civil Procedure. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the

non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 7**:

All documents related to any decision not to utilize CES, Kennesaw State University, or any employee, agent, representative, volunteer, intern, consultant, vendor, or anyone else acting on behalf or at the direction of either entity for any or all purposes related to the Election System.

**RESPONSE TO REQUEST NO. 7:**

State Defendants object to this Request as it is vague and confusing. In order to respond appropriately, State Defendants request further clarification of this Request, in particular the phrase "any decision not to utilize CES, Kennesaw State University, or any employee, agent, representative . . . ."

**REQUEST FOR PRODUCTION NO. 8**:

All documents constituting, reflecting, or related to any communication with, inquiry from, or investigation by the Department of Homeland Security (DHS), the United States Election Assistance Commission, the FBI, the GBI, or other government branch, agency, department, or committee related to the security, reliability, or accessibility of any aspect of the Election System.

**RESPONSE TO REQUEST NO. 8:**

State Defendants object to this Request as it seeks documents related to an ongoing criminal investigation. State Defendants also object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9**:

All documents related to Your decision to forgo, decline, refuse, or otherwise not accept federal assistance, including but not limited to funds, for purposes related to the security or reliability of any aspect of the Election System.

**RESPONSE TO REQUEST NO. 9:**

State Defendants object to this Request as it is based on an incorrect premise and therefore confusing and unanswerable.  Accordingly, State Defendants are not in possession of any responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 10**:

Documents sufficient to show Your policies and procedures related to maintaining, upgrading, updating, replacing, repurposing, decommissioning, erasing, overwriting, discontinuing, and/or destroying each of the following equipment, including but not limited to any software updates, patches, or fixes, and any hardware or firmware maintenance or updates: DREs; Optical Scanners; memory cards used or otherwise compatible with any; DRE GEMS servers; ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; voter registration databases; online voter registration systems; any other servers and/or computers used to conduct elections; and any other servers, computers, electronic devices, electronic machines, or removable

media that connects, or has at some point connected, physically or wirelessly to any aspect of the Election System.

**RESPONSE TO REQUEST NO. 10:**

State Defendants object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show the current inventory of the following equipment within the State of Georgia, including at the county, city, town, or other government level: DREs; memory cards used or otherwise compatible with any DREs; Optical Scanners; GEMs servers; ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; and modems used to communicate election results or other data used in or resulting from elections.

**RESPONSE TO REQUEST NO. 11:**

State Defendants object to this Request as unduly burdensome as the documents sought are, at least in part, in the possession of Georgia's counties and municipalities, not the Secretary of State, and may be obtained from them in a more convenient, less burdensome, and less expensive manner

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 12**:

All communications between You and any employee, agent, representative, lobbyist, or other individual or entity acting on behalf or at the direction of any DRE Provider (past or current), including but not limited to Election Systems & Software LLC ("ES&S") (including any of its predecessors, subsidiaries, or other affiliated entities).

**RESPONSE TO REQUEST NO. 12:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which

contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents.  Moreover, the Request is unduly burdensome because it is not limited in time.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13**:

Documents sufficient to show each planned, executed, intended, anticipated, expected, offered, declined, and/or budgeted exchange of money or anything else of value between You or anyone else acting on behalf of or at the direction of the State of Georgia or any of its counties, cities, or towns and any DRE Provider, including but not limited to ES&S.

**RESPONSE TO REQUEST NO. 13:**

State Defendants object to this Request as it is unduly burdensome, vague, confusing, and overly broad.  The Request seeks documents unrelated to the claims and defenses in this case, and is not limited in time.  State Defendants further object to this Request to the extent it seeks confidential information received by the Secretary of State in the ongoing procurement process for the State of Georgia's new voting system.  Subject to and without waiving the foregoing objections stated herein, State Defendants will produce will produce non-privileged documents responsive to this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 14**:

All documents related to any assessment, evaluation, inspection, testing, and/or piloting of DREs, Optical Scanners, ExpressPoll machines, memory cards, and/or election management systems considered or purchased for use in connection with the Election System, including but not limited to the August 2018 electronic Request for Information issued by the Secretary of State seeking "to solicit information from interested suppliers with respect to a New Voting System for the Secretary of State - State of Georgia."

**RESPONSE TO REQUEST NO. 14:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents.  Moreover, the Request is unduly burdensome because it is not limited in time. State Defendants also object to this request as it seeks confidential information regarding an ongoing procurement that is protected from disclosure prior to the issuance of an award.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

17

**REQUEST FOR PRODUCTION NO. 15**:

All voting data, configuration data, and log files (including any backups thereof) and all software and firmware from the Election System, including but not limited to DREs, Optical Scanners, memory cards, GEMS servers, modems, network devices, other peripheral devices, tabulation sheets, and paper ballots.

**RESPONSE TO REQUEST NO. 15:**

State Defendants object to this Request as it seeks documents that contain confidential information and/or sensitive election security information, the disclosure of which would put the security of Georgia's elections and elections system at risk. State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents, and as vague because it is unclear what Plaintiffs refer to by "voting data" and "configuration data."

**REQUEST FOR PRODUCTION NO. 16**:

All documents relating to the Secure, Accessible & Fair Elections ("SAFE") commission and/or its work, including but not limited to communications that involved any of its members, consultants, agents, representatives, or anyone else acting at its direction or on its behalf.

**RESPONSE TO REQUEST NO. 16:**

State Defendants object to this Request as it is overly broad, vague, and unduly burdensome. Moreover, the Request is unduly burdensome because it is not limited in time.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 17**:

All documents sufficient to show Your current policies and procedures related to devising, developing, creating, preparing, printing, disseminating, receiving, transporting, tallying, counting, reviewing, auditing, securing, storing, and/or destroying paper ballots with respect to or in connection with the Election System.

**RESPONSE TO REQUEST NO. 17:**

State Defendants object to this Request as it is vague and confusing. In order to respond appropriately, State Defendants request further clarification of this Request, in particular the phrase "related to devising, developing, creating,

preparing, printing, disseminating, receiving, transporting, tallying, counting, reviewing, auditing, securing, storing, and/or destroying paper ballots . . . ."

**REQUEST FOR PRODUCTION NO. 17**:

All documents relating to 2019 Georgia Laws Act 24 (H.B. 316); H.B. 680 (2017-2018 legislative session); and H.B. 433 / S.B. 220 (2019-2020 legislative session).

**RESPONSE TO REQUEST NO. 17:**[1]

State Defendants object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.  State Defendants further object to this Request as overly broad because the Request seeks documents outside the scope of the claims and defenses in this case.  Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 18**:

Documents sufficient to show Your efforts to comply with any preservation requirements you bear related to this litigation.

---

[1] Curling Plaintiffs' Requests include two Requests for Production No. 17.

**RESPONSE TO REQUEST NO. 18:**

Defendants object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 19**:

Documents related to Your efforts to comply with any Georgia Open Records requests, pursuant to the Georgia Open Records Act §50.18.70 et seq., by Curling Plaintiffs or their counsel, as well as all documents responsive to each such request (to the extent not already provided to Curling Plaintiffs or their counsel), including but not limited to the following requests: September 15, 2017 Request made by Donna Price on behalf of Georgia Verified Voting; January 9, 2019 Request made by Donna Price on behalf of Georgia Verified Voting; January 9, 2019 Request made by Catherine Chapple on behalf of Curling Plaintiffs; January 17, 2019 Request made by Donna Price on behalf of Georgia Verified Voting; February 27, 2019 Request made by Donna Price on behalf of Georgia Verified Voting.

**RESPONSE TO REQUEST NO. 19:**

Defendants object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All documents related to the feasibility of adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System, including but not limited to: (i) documents regarding each vendor that has provided or could provide paper ballots to the state, counties, and/or municipalities in Georgia; (ii) documents related to any costs of adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (iii) documents related to any identification, analysis, evaluation, investigation, examination, consideration, or description of any need, impediment, hurdle, challenge, disadvantage, advantage, or benefit associated with adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of

22

voting) for voting in the Election System; (iv) documents sufficient to show any budget or funds that are, or possibly could be, available for any aspect of the Election System, including but not limited to identifying the present and/or anticipated allocation(s) of such budget or funds for any specific aspect(s) of the Election System; (v) documents related to any budget, funds, monies, income, revenue, profits, assets, or anything else of value that is, or possibly could be, available for adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (vi) documents consistent or inconsistent with or otherwise related to any argument or objection by You against adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (vii) documents sufficient to show any training that would be required for adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; and (vii) documents sufficient to show any other resources, including but not limited to time and manpower, that would be required for adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs,

with DREs, or with some other additional means of voting) for voting in the

Election System and the specific cost, if any, of each such resource.

**RESPONSE TO REQUEST NO. 20:**

State Defendants object to this Request as it is unduly burdensome, vague,

confusing, and overly broad. State Defendants also object to this Request as it

seeks documents that contain confidential information, trade secrets, sensitive

election security information, and/or state secrets. State Defendants will not

provide any documents which contain confidential information, trade secrets,

sensitive election security information, and/or state secrets, except pursuant to an

appropriate protective order.  State Defendants also object to this Request as overly

broad because it seeks documents outside the scope of the claims and defenses in

this case through Plaintiffs' use of the defined term "Election System" in

Plaintiffs' First Request for Production of Documents.  Moreover, the Request is

unduly burdensome because it is not limited in time.  State Defendants also object

to this request as it seeks confidential information regarding an ongoing

procurement that is protected from disclosure prior to the issuance of an award.

Subject to and without waiving the foregoing objections stated herein, State

Defendants will produce non-privileged documents responsive to and within the

non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 21**:

Documents sufficient to show the specific cost(s) of the current Election System, including but not limited to: the acquisition of DREs; the maintenance or support (electronic and physical) of DREs, including but not limited to any software, firmware, or hardware that are part of or otherwise associated with the DREs; the acquisition of replacement parts for DREs; the storage of DREs; the transportation of DREs before and after elections, or at any other time; the set-up of DREs at polling locations for elections; the breakdown and removal of DREs from polling locations after elections; the training of anyone associated with the use of DREs; the acquisition of GEMS; the maintenance or support (electronic and physical) of any GEMS servers, including but not limited to any software, firmware, or hardware that are part of or otherwise associated with any GEMS server; the storage of GEMS servers; the training of anyone associated with the use of GEMS; software, firmware, hardware, facilities, or other resources used or needed for utilizing and securing the current Election System, including DREs, memory cards used or otherwise compatible with any DREs, Optical Scanners, GEMs servers, ExpressPoll machines, voter cards used or otherwise compatible

with any ExpressPoll machine, voter registration database and/or system, and any modems used to communicate election results or other data used in or resulting from elections.

**RESPONSE TO REQUEST NO. 21:**

State Defendants object to this Request as it seeks documents that contain confidential information or trade secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents and because equipment costs are not an issue in this case.  Defendant also objects to this Request as the documents sought are in the possession of Georgia's Counties, not the Secretary of State, and may be obtained from them in a more convenient, less burdensome, and less expensive manner.

To the extent any such documents are in State Defendants' possession, and subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the

non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order

**REQUEST FOR PRODUCTION NO. 22**:

Documents sufficient to show the number of facilities and the size and cost of each where DREs are or have been stored in Georgia by You, any county, town, or municipality, or anyone acting at Your direction or on Your behalf.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request as the documents sought are in the possession of Georgia's Counties, not the Secretary of State, and any municipality that owns DREs, and may be obtained from them in a more convenient, less burdensome, and less expensive manner.

**REQUEST FOR PRODUCTION NO. 23**:

Documents sufficient to show any policies and procedures applicable to the use or handling of any computer, tablet, smartphone, removable media, or any other device connected (at any time, even if temporarily) to the Internet or telephone lines in Your possession, custody, or control by any employee, agent, representative, vendor, consultant, lobbyist, or anyone else acting at Your direction or on Your behalf.

**RESPONSE TO REQUEST NO. 23:**

State Defendants object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case.  Moreover, the Request is unduly burdensome because it is not limited in time.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 24**:

All documents consistent or inconsistent with or otherwise related to the following statement by You, including but not limited to documents related to the investigation into the events addressed in that statement and any findings thereof:  http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_lau nches_investigation_into_georgia_democratic_party_.

**RESPONSE TO REQUEST NO. 24:**

State Defendants object to this Request as it seeks documents related to an ongoing criminal investigation.  State Defendants also object to this Request as it is overly broad, vague, unduly burdensome, and seeks documents irrelevant to the claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State

Defendants that is disproportionate to any benefit the discovery might provide to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 25**:

All documents related to the events involving the "possible cyber crimes" you alleged in the following statement:

http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_launches_investigation_into_georgia_democratic_party_.

**RESPONSE TO REQUEST NO. 25:**

State Defendants object to this Request as it seeks documents related to an ongoing criminal investigation.  State Defendants also object to this Request as it is overly broad, vague, unduly burdensome, and seeks documents irrelevant to the claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State Defendants that is disproportionate to any benefit the discovery might provide to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 26**:

All documents that support the statement by You, including but not limited to Candice Broce, in words or substance, that "We can also confirm that no personal data was breached and our system remains secure," as published here:

http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_launches_in

vestigation_into_georgia_democratic_party_.

**RESPONSE TO REQUEST NO. 26:**

State Defendants object to this Request as it seeks documents related to an

ongoing criminal investigation.  State Defendants also object to this Request as it is

overly broad, vague, unduly burdensome, and seeks documents irrelevant to the

claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State

Defendants that is disproportionate to any benefit the discovery might provide to

Plaintiffs.

**REQUEST FOR PRODUCTION NO. 27**:

All documents that support any statement by You, including but not limited

to Candice Broce, in words or substance, that Democrats were in possession of an

email with a script attached to it that, if launched, could have been used to extract

personal voter registration data for Georgia voters.

**RESPONSE TO REQUEST NO. 27:**

State Defendants object to this Request as it is based on an incorrect premise

and therefore confusing.  State Defendants also object to this Request to the extent

it seeks documents related to an ongoing criminal investigation.  State Defendants

also object to this Request as it is overly broad, vague, unduly burdensome, and

seeks documents irrelevant to the claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State Defendants that is disproportionate to any benefit the discovery might provide to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 28**:

All documents that support the statements by You, including but not limited to Candice Broce, in words or substance, that "Our position is that these were failed attempts to hack the system" and "All the evidence indicates that . . . ," as reported here: https://www.washingtonpost.com/politics/2018/11/04/brian-kemps-office-orders-hacking-probe-georgia-democrats-eve-election-hes-competing/?noredirect=on&utm_term=.62b6a2acc7e5.

**RESPONSE TO REQUEST NO. 28:**

State Defendants object to this Request as it seeks documents related to an ongoing criminal investigation.  State Defendants also object to this Request as it is overly broad, vague, confusing, unduly burdensome, and seeks documents irrelevant to the claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State Defendants that is disproportionate to any benefit the discovery might provide to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 29**:

All documents relating to any physical security assessments in any Georgia counties by DHS or any other government agency related to the security or reliability of any aspect of the Election System (see https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**RESPONSE TO REQUEST NO. 29:**

State Defendants object to this Request as the documents sought are in the possession of Georgia's Counties, not the Secretary of State, and may be obtained from them in a more convenient, less burdensome, and less expensive manner.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 30**:

All documents relating to any actual or alleged hacking or unauthorized access by DHS with respect to any aspect of the Election System, including but not limited to documents supporting any such allegation or relating to any analysis, evaluation, investigation, examination, consideration, or description of any such

events involving DHS (see https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**RESPONSE TO REQUEST NO. 30:**

State Defendants also object to this Request as it is overly broad, vague, unduly burdensome, and seeks documents irrelevant to the claims in Plaintiffs' Complaint.  Accordingly, the Request places a burden on State Defendants that is disproportionate to any benefit the discovery might provide to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 31**:

All documents supporting the following answer, in words or substance, by then-Secretary of State Brian Kemp in response to a question of whether the Election System is, or was at that time, secure: "Absolutely" (https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political- issue-in-georgia-governors-race).

**RESPONSE TO REQUEST NO. 31:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective

order.  State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents.  Moreover, the Request is unduly burdensome because it is not limited in time.  State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine

Subject to all other objections stated herein, State Defendants state that all documents produced in response to these Requests are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32**:

All documents that You contend support, substantiate, prove, or corroborate any argument, objection, allegation, or defense asserted by You in this or for any purpose of this case.

**RESPONSE TO REQUEST NO. 32:**

State Defendants object to this Request as it is premature, overly broad and unduly burdensome.  State Defendants also object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election

34

security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to all other objections stated herein, State Defendants state that all documents produced in response to these Requests are responsive to this Request. State Defendants further state that discovery has just started in this case and additional responsive documents may be identified and will be produced in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33**:

All documents that You contend contradict, rebut, reject, disprove, or undermine any argument, objection, allegation, or claim asserted by any Plaintiff in this or for any purpose of this case.

**RESPONSE TO REQUEST NO. 33:**

State Defendants object to this Request as it is premature, overly broad and unduly burdensome. State Defendants also object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election

security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to all other objections stated herein, State Defendants state that all documents produced in response to these Requests are responsive to this Request. State Defendants further state that discovery has just started in this case and additional responsive documents may be identified and will be produced in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 34**:

All relevant documents within the possession, custody, or control of any individual from whom You anticipate presenting testimony, whether written or oral, at any proceeding in this case.

**RESPONSE TO REQUEST NO. 34:**

State Defendants object to this Request as it is premature. State Defendants further state that discovery has just started in this case and responsive documents may be identified and will be produced in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 35**:

Documents sufficient to identify each individual You believe has knowledge, documents, or other information relevant, or potentially relevant, to any claim or defense in this case.

**RESPONSE TO REQUEST NO. 35:**

State Defendants object to this Request as it is overly broad, unduly burdensome, and premature. State Defendants further state that discovery has just started in this case and responsive documents may be identified and will be produced in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 36**:

All documents relating to any analysis, opinion, work, or testimony You anticipate offering, whether written or oral, from any purported expert at any proceeding in this case.

**RESPONSE TO REQUEST NO. 36:**

State Defendants object to this Request as premature. State Defendants will disclose any expert, and any documents required to be disclosed in conjunction with said expert's testimony, in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 37**:

All documents you anticipate offering as evidence or otherwise relying on for any purpose in this case.

**RESPONSE TO REQUEST NO. 37:**

State Defendants object to this Request as it is overly broad, unduly burdensome, and premature.

**REQUEST FOR PRODUCTION NO. 38**:

Documents sufficient to identify each election, including the anticipated date and historical voter turnout for each such election, occurring in Georgia through the end of 2020.

**RESPONSE TO REQUEST NO. 38:**

Subject to and without waiving all objections stated herein, State Defendants state that responsive documents to this Request may be obtained from the Secretary of State's website, accessible at https://sos.ga.gov/index.php/elections.

This 18th day of June, 2019.

ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC

*/s/Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
GA Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
GA Bar No. 976240
cmiller@robbinsfirm.com
Kimberly Anderson

Ga. Bar No. 602807
kanderson@robbinsfirm.com
Alec Denton
GA Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
GA Bar No. 575966
blake@robbinsfirm.com
500 14th Street N.W.
Atlanta, GA  30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a true copy of the foregoing

**STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING**

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

on counsel of record via electronic mail to the following:

Cary Ichter
cichter@ichterdavis.com
Ichter Davis LLC
3340 Peachtree Road NE, -
Suite 1530
Atlanta, Georgia 30326

David D. Cross
Catherine L. Chapple
Jane P. Bentrott
Robert W. Manoso
Arvind Miriyala
dcross@mofo.com
CChapple@mofo.com
jbentrott@mofo.com
RManoso@mofo.com
JConaway@mofo.com
AMiriyala@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500

Halsey G. Knapp, Jr.
Adam Martin Sparks
Halsey G. Knapp, Jr.

Bruce P. Brown
bbrown@brucepbrownlaw.com
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. Suite 6
Atlanta, Georgia 30306

John Michael Powers
David Brody
jpowers@lawyerscommittee.org
dbrody@lawyerscommittee.org
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, NW, Suite 900
Washington, DC 20005

Kaye Burwell
David Lowman
Cheryl Ringer
Kaye.burwell@fultoncountyga.gov
David.lowman@fultoncountyga.gov
Cheryl.ringer@fultoncountyga.gov
OFFICE OF THE FULTON COUNTY
ATTORNEY
141 Pryor Street
Suite 4038
Atlanta, Georgia 30303

Adam M. Sparks
sparks@khlawfirm.com
hknapp@khlawfirm.com
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309

Robert Alexander McGuire
ram@lawram.com
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104-2206


This 18th day of June, 2019.


/s/ Vincent R. Russo
Vincent R. Russo