**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DONNA CURLING, et al;** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiffs,** | ) | **FILE NO: 1:17cv02989-AT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRIAN P. KEMP, et al.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## INITIAL DISCLOSURES OF MARY CAROLE COONEY, VERNETTA NURIDDIN, DAVID J. BURGE, STAN MATARAZZO, MARK WINGATE AND AARON JOHNSON

**(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Response to No. 1: The Fulton County Defendants do not contend, at this time, that they have been identified incorrectly.

**(2) Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

Response to No. 2: The Fulton County Defendants believe that the other 158 Georgia Counties are necessary parties to this action.

**(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Response to No. 3:

The Fulton county Defendants deny the allegations contained within Plaintiff's Complaint and are without liability for any of the claims asserted by Plaintiffs.  Defendants state that they have breached no duty owed to Plaintiffs, as they have complied with Georgia law and have carried out their duties in good faith, without conscious, reckless or negligent disregard for the rights of any voter.

The Fulton County Defendants are not capable of providing a remedy to Plaintiffs since their powers and duties do not include the ability to determine what voting system is used in Georgia.

To the extent that Defendants are being sued in their individual capacities, they are entitled to official immunity.  Plaintiffs assert claims against the Fulton County Defendants in their individual capacities for alleged violations of Plaintiffs' right to vote and right to vote by secret ballot under the Georgia

2

Constitution.  However, these claims are barred by official immunity, which protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority unless that official acted with actual malice.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action.**

Response to No. 4:  This list is not exhaustive.

**Relevant Federal Statutes:** 42 U.S.C. § 1983.

**Relevant State Statutes:**  Ga. Const. Art. I, Sec. II, Para. IX(D);

O.C.G.A. § 21-2-1 *et seq.* (Election Code for the State of Georgia)

**Relevant case law:**

(1)    Official Immunity:

*Lathrop v. Deal*, 301 Ga. 408 (2017);

*Cameron v. Lang*, 273 Ga. 122 (2001);

*Johnson v. Randolph*, 301 Ga. App. 265, (2009);

(2)    No Colorable claim:

*Bodine v. Elkhart County Election Bd*., 788 F.2d 1270 (1986);

*Reynolds v. Sims,* 377 U.S. 533 (1964);

*Hennings v. Grafton,* 523 F.2d 861 (7th Cir.1975);

*Shannon v. Jacobowitz*, 394 F.3d 90 (2d Cir.2005);

*Burton v. Georgia*, 953 F.2d 1266 (11th Cir.1992);

*Pettengill v. Putnam County R-1 Sch. Dist.*, 472 F.2d 121(8th Cir. 1973);

*Gamza v. Aguirre*, 619 F.2d 449 (5th Cir. 1980);

(3)     Due Process:

*McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994);

*Daniels v. Williams*, 474 U.S. 327 (1986);

*Parratt v. Taylor*, 451 U.S. 527 (1981);

*Doe v. Fla. Bar*, 630 F.3d 1336 (11th Cir. 2011);

*Cryder v. Oxendine*, 24 F.3d 175 (11th Cir. 1994);

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289(11th Cir. 2007);

*Wells v. Columbus Tech. College*, 510 Fed. Appx. 893(11th Cir. 2013);

*Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000);

(4)     Equal Protection:

*City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985);

*Batson v. Kentucky*, 476 U.S. 79 (1986);

*Massachusetts v. Feeney*, 442 U.S. 256 (1979);

*Burton v. City of Belle Glade*, 178 F.3d 1175 (11th Cir. 1999);

*Castaneda v. Partida*, 430 U.S. 482 (1977);

*Griffin Indus. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007);

*E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987);

(5)     DRE based voting system:

*Favorito v. Handel*, 285 Ga. 795 (2009);

*Andrade v. NAACP of Austin*, 345 S.W.3d 1 (Tex. 2011).

**(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.  (Attach witness list to Responses to Initial Disclosures as Attachment A.)**

Response to No. 5:  See Attachment A.  Fulton County Defendants have not identified a complete list of witnesses who may have knowledge relevant to the facts as alleged in the pleadings.  Defendants reserve the right to supplement this list as discovery progresses.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(A)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness**

**list and written reports to Responses to Initial Disclosures as Attachment B.)**

<u>Response to No. 6</u>:  The Fulton County Defendants have yet to retain an expert as of the making of these disclosures.  Defendants reserve the right to supplement this response as such time as any expert is retained.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in you possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

<u>Response to No. 7</u>:  *See* Attachment C.  Defendants have not identified a complete list of documents relevant to the facts as alleged in the pleadings and, therefore, reserve the right to supplement this response by identifying and disclosing additional relevant documents at a later date.

**(8)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and**

copying under Fed.R.Civ.P. 34.   (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

Response to No. 8: Fulton County Defendants contend that this is a frivolous claim as to all Fulton County Defendants, and as such, they are entitled to costs and attorney's fees pursuant to Fed. R. Civ. P. 11 for having to defend this action. Such computation is ongoing and would largely be based on the amount of time expended to defend this action.

**(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Response to No. 9: Defendants deny liability and are unable to identify, at this time, some other person or other legal entity that is liable to them or to the Plaintiffs for the claims asserted in the Complaints.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.   (Attach copy of insurance agreement to Responses to Initial**

**Disclosures as Attachment E.)**

Response to No. 10:  None.

Respectfully submitted, this 24th day of June, 2019.

           **OFFICE OF THE FULTON COUNTY ATTORNEY**
           Patrise Perkins-Hooker
           County Attorney
           Georgia Bar No. 572358
           Patrise.perkins-hooker@fultoncountyga.gov

           Kaye W. Burwell
           Georgia Bar Number:775060
           kaye.burwell@fultoncountyga.gov
           Cheryl M. Ringer
           Georgia Bar Number: 557420
           cheryl.ringer@fultoncountyga.gov

           ***/s/ David R. Lowman_____***
           David R. Lowman
           Georgia Bar No. 460298
           David.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, et al;

             Plaintiffs,

v.

BRIAN P. KEMP, et al.;

             Defendants

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
FILE NO: 1:17cv02989-AT

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this day, I served a copy of the forgoing

**FULTON COUNTY DEFENDANTS' INITIAL DISCLOSURES** in Times

New Roman, 14 point type in accordance with L.R. 5.1(C), on counsel of record

using the CM/ECF system which will automatically send electronic mail notification of

such filing to counsel of record who are CM/ECF participants::

Bruce P. Brown
Bruce P. Brown Law, LLC
1123 Zonolite Rd. NE Suite 6
Atlanta, Georgia 30306

David D. Cross
Jane P. Bentrott
Catherine Chapple
Robert W. Manoso

9

Jenna Conaway
Arvind Miriyala
Morrison & Foerster LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006-1888

Vincent Russo
Josh Belinfante
Carey Miller
Alexander Denton
Brian Lake
Kimberly Anderson
Robbins Ross Alloy Belinfante Littlefield, LLC
500 Fourteenth Street, N.W.
Atlanta, Georgia 30318

Bryan P. Tyson
Taylor English Duma LLP
1600 Parkwood Circle,
Suite 200
Atlanta, Georgia 30339

Halsey Knapp
Adam Sparks
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309

Cary Ichter, Partner
Ichter Davis, LLC
Ste 1530
3340 Peachtree Road, NE
Atlanta, GA 30326-1084

This 24th day of June, 2019.

*/s/ David R. Lowman_____*
David R. Lowman
Georgia Bar No. 460298
David.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

## ATTACHMENT A

1.    Any witnesses identified by Plaintiff who have information relevant to this
      case.

2.    Richard Barron, Director
      Fulton County Department of Registration and Elections
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can testify as to the policies and practices of the Fulton County Department
      of Registration and Elections and the operating procedures the voting system
      as it pertains to Fulton County.

3.    Dwight Brower
      Former Chief of Elections of Fulton County
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can testify to the operating procedures of Elections Department of Fulton
      County.

4.    Joseph Blake Evans
      Chief of Elections of Fulton County
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can testify to the operating procedures of Elections Department of Fulton
      County.

5.    Ralph Jones
      Chief of Voter Registration of Fulton County
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.

Suite 4038
Atlanta, Georgia 30303
Can testify to the procedures of Voter Registration Department of Fulton
County.

6.    Derrick Gilstrap
      Elections Equipment Manager of Fulton County
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can testify to the operation of the warehouse and the elections equipment of
      Fulton County.

# ATTACHMENT C

1.   Fulton County DRE Recap Sheets for:

     March 21, 2017;
     April 18, 2017;
     May 16, 2017;
     May 22, 2017;
     June 20, 2017;
     November 7, 2017;
     November 8, 2017; and
     December 5, 2017.

2.   DRE Custodian Certification forms from the June 20, 2017 Election.

3.   List of Sequestered DRE machines and serial numbers.

4.   Ballot image reports for the identified precincts in the November 6, 2018 election. (Pursuant a protective order).

5.   Ballot image reports for the identified early voting sites for the November 6, 2018 Election. (Pursuant a protective order).

6.   Ballot image reports for the identified precincts in the May 22, 2018 Election. (Pursuant a protective order).

7.   Copies of the Intergovernmental Agreements between Fulton County and its municipalities for conducting the elections at issue in this case.