## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | File No. 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, et al., | ) | |
| Defendant. | ) | |

## CONSOLIDATED/JOINT DISCOVERY STATEMENT ON THE NEED FOR A PROTECTIVE ORDER

The parties, being unable to reach agreement on a joint stipulated protective order, seek the Court's assistance and ask the Court to enter a protective order. The parties have been working on a protective order since at least May 31, 2019, using the *Common Cause* protective order as a starting point. Each side had edits they wanted to that order. Parties exchanged multiple drafts throughout June 2019. The parties conferred by phone on June 24, 2019 but were unable to reach resolution.

### *Plaintiffs' Position*

Plaintiffs made a good faith effort to work diligently with Defendants to agree upon a protective order so that discovery can move forward unimpeded. Plaintiffs have followed the letter and spirit of the Court's Standing Order, that "confidentiality of proceedings is the exception, not the rule." Standing Order at 22. These principles are even more important in a case like this that involves the

right to vote and fundamental issues of public interest to all Georgians.
Accountability requires transparency.

Plaintiffs attach as Exhibit A their most recent draft of the Protective Order
and ask the Court to enter it. Plaintiffs believe there are four intractable disputes:

(1) Fulton County wants to be able to designate documents that have already
been publicly disclosed. *See* Exhibit A ¶¶ 2, 3. Plaintiffs believe that
documents and information in the public domain cannot be confidential.

(2) Defendants want to add language to allow themselves to designate
documents produced by third parties. This Order already allows the third
parties to designate their own documents. If a third party does not view
as confidential information it produces from within its own possession,
custody, or control, then Defendants have no legitimate basis to stop
them from producing publicly. Plaintiffs worry Defendants may use such
improper efforts to impede important third-party discovery.

(3) Fulton County objects to representatives of Plaintiffs being allowed to
see "Attorneys' Eyes Only" (AEO) material because they do not trust
that contempt of court is a sufficient deterrent for non-attorneys to
prevent them from publicly disclosing AEO documents. *See id.* ¶
5(b)(vii)-(viii). This insinuation is facially ridiculous. This provision was
taken directly from the Protective Order in *Common Cause v. Kemp*, No.

2018-cv-5102-AT. The Court's Standing Order does not recognize AEO as a category and it is unnecessary for a case like this that does not involve trade secrets. Plaintiffs only agreed to keep the AEO language from *Common Cause* because their representatives were exempted. If those representatives are not exempted, Plaintiffs want to delete AEO entirely and only deal with "confidential" designations.

(4) Fulton County objects to the lack of a retroactivity provision for documents that they previously and non-erroneously produced without a confidentiality designation. *See id.* ¶ 17. Retroactive designation of previously publicly disclosed materials is antithetical to the principles of public court proceedings. This Order already has an "Inadvertent Disclosure" process, *id.* ¶ 9, to deal with erroneous production. Any materials that are already published, available by public record, or otherwise in the public domain are public and cannot be hidden away.

## *Defendants' Response*

Defendants have endeavored in good faith to work with Plaintiffs regarding the content of this protective order.[1] Ultimately, Plaintiffs need to decide whether

---

[1] Defendants provided a draft protective order on May 31, 2019 which Defendants were substantially amenable to with only non-substantive changes. Plaintiffs provided two separate edited versions on Friday June 7, to which Defendants responded on June 11. Plaintiffs again made substantial changes and provided them to Defendants on Friday June 14, to which Defendants again responded on June 18 and offered to discuss revisions by phone. Plaintiffs next contacted Defendants on Monday June 24 at 11:27 a.m. providing another draft by electronic

they want to efficiently move this litigation forward or continue a public records crusade. If the latter, this case is not the proper forum. If the former, Defendants' proposed order should be agreeable with only minor, non-substantive changes.

The language proposed by Plaintiffs as to each of the items above items fails to provide adequate assurances that sensitive information cannot, and will not, be disclosed. Each item identified by Plaintiffs is addressed specifically below.

(1) The Parties disagree as to what documents necessarily fall within the "public domain." Where documents containing sensitive or potentially disclosed may have been disclosed inadvertently or improperly, the Protective Order should allow for the Parties to designate them appropriately to prevent, at the very least, further publication and dissemination.

(2) Plaintiffs have conducted, and have signaled their intent to continue, significant third-party discovery aimed at Georgia's counties and municipalities.[2] As the Court is aware, due to how Georgia's elections are

_____

mail. In that email, Plaintiffs demanded Defendants take it or leave it, providing 12 hours for Defendants to object or Plaintiffs would file their Protective Order that evening unilaterally.

[2] Plaintiffs' attempts to seek discovery from these entities while preventing Defendants from addressing the security issues raised thereby highlights one of the problems posed by such entities not being parties to this action. Moreover, Plaintiffs' indication that Defendants are in some manner "imped[ing] important third-party discovery" is facially absurd. State Defendants have objected to subpoenas of Rockdale, Morgan, and Gwinnett Counties and have sought to conference with Coalition Plaintiffs pursuant to the Court's standing order, but have in no way demanded any entity withhold documents. More than a week after requesting to confer, and after raising the issue in the June 24 teleconference, State Defendants have yet to receive any response—as such, State Defendants fear they will need to proceed with yet another joint discovery statement.

conducted, such entities are or may be in possession of documents containing sensitive information regarding Georgia's elections; e.g., ballot images and/or copies of the GEMS database. Defendants maintain that the protective order should allow Defendants to appropriately mark such documents to prevent their public disclosure if third parties inadvertently produce them, either by mistake or out of ignorance, without such designation. Plaintiffs, of course, may challenge any designation by Defendants. This process will simply be more efficient and provide greater security for potentially sensitive information in the hands of third parties.

(3)  This case involves highly confidential documents and information, the public disclosure of which poses risks to the ongoing security of Georgia's elections. Plaintiffs have asserted an intent and desire to publicly disclose as much information obtained in this litigation as possible. Thus, the "Attorney's Eyes Only" designation is appropriate in this case as Plaintiffs and Plaintiffs' non-attorney representatives are not bound by the same ethical and professional rules as counsel, nor are they disinterested experts employed thereby. Further disclosure poses an unwarranted security risk without a material benefit to resolution of the issues in this case.

(4) Defendants incorporate by reference their response to Item No. 1 above, as the principles at issue are largely identical.

*Plaintiffs' Reply*

Defendants should not be allowed to hide their failures from public accountability through improper confidentiality claims.[3] They have identified no specific security risks.

(1) The Protective Orders already contain language addressing inadvertent disclosure. *See* Exhibit A ¶ 9; Exhibit B ¶ 10. That is not the issue. Defendants want to hide information that they regret disclosing publicly *but not erroneously* and for which they have not identified a specific risk. Published information is in the public domain.

(2) If the information Defendants seek to treat as confidential was actually sensitive, they would have nondisclosure agreements or other security protocols with the third parties. They do not. Plaintiffs dispute that the GEMS database and ballot image reports are sensitive. Defendants have no legal basis to tell other legal entities (not just counties) what they can and cannot do with their own information.

(3) This Court is amply equipped to enforce any violation of its own orders, and Defendants' claim that Plaintiffs may not comply is offensive and absurd.

---

[3] Plaintiffs object to Defendants' partisan description of the protective order discussions. These negotiations were on track until (1) Defendants' June 18 draft added wholly new sections regarding third parties; (2) Defendants' sent a letter at 11:03pm on Sunday, June 23, objecting to production requests in a third party deposition subpoena—the deposition was the following morning; and (3) Fulton County came up with its #1 and #3 objections for the first time on June 24, despite never previously objecting to language unchanged since the *Common Cause* order.

Bruce P. Brown
GA Bar No. 064460
Bruce P. Brown Law LLC
1123 Zonolite Rd. NE Suite 6
Atlanta, Georgia 30306
(404) 881-0700
bbrown@brucepbrownlaw.com

*/s/ David Brody*
David Brody
John Powers
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
202-662-8300
dbrody@lawyerscommittee.org
jpowers@lawyerscommittee.org

*Counsel for Coalition Plaintiffs*

*/s/ David D. Cross (with express permission)*
David D. Cross
Catherine L. Chapple
Jane P. Bentrott
Robert W. Manoso
Arvind Miriyala
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
CChapple@mofo.com
dcross@mofo.com
jbentrott@mofo.com
RManoso@mofo.com
JConaway@mofo.com
AMiriyala@mofo.com

Halsey G. Knapp, Jr.
Adam M. Sparks
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
sparks@khlawfirm.com
hknapp@khlawfirm.com

*Counsel for Curling Plaintiffs*

<u>/s/ Kaye Burwell (with express</u>
<u>permission)</u>
Kaye Burwell
David Lowman
Cheryl Ringer
Office of the Fulton County Attorney
141 Pryor Street
Suite 4038
Atlanta, Georgia 30303
Kaye.burwell@fultoncountyga.gov
David.lowman@fultoncountyga.gov
Cheryl.ringer@fultoncountyga.gov

*Counsel for Defendant Fulton County*

<u>/s/ Vincent Russo (with express</u>
<u>permission)</u>
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

Bryan P. Tyson
GA Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249
btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Counsel for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

CONSOLIDATED/JOINT DISCOVERY STATEMENT REGARDING

COALITION PLAINTIFFS' FIRST REQUEST FOR PRODUCTION has been

prepared in Times New Roman 14-point, a font and type selection approved by the

Court in L.R. 5.1(B).

*/s/ David Brody*
David Brody

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing CONSOLIDATED/JOINT DISCOVERY STATEMENT ON THE NEED FOR A PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 25th day of June, 2019.

*/s/ David Brody*
David Brody