IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-CV-2989-AT

**ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS**

This case poses a fundamental question that strikes at the heart of American democracy: How can voters meaningfully exercise their right to vote when the voting system itself so flagrantly jeopardizes election security, voter privacy, and public confidence in elections? At stake is the universal expectation of a secret ballot; the risk of voter identification; the possibility of election interference, unnecessarily aggravated by a system that cannot detect errors or conduct audits; and the danger of irreversibly sowing the seeds of public suspicion of election outcomes. The cybersecurity vulnerabilities justify preliminary injunctive relief to protect Plaintiffs' constitutional rights and Georgia's democratic integrity.

EPIC hereby seeks leave to file the attached *Amicus Curiae* Brief to explain the longstanding flaws that cybersecurity experts have identified with direct recording electronic (DRE) machines, to demonstrate how DRE systems undermine the historic tradition and contemporary understanding of the secret ballot, and to urge the Court to grant Coalition Plaintiffs' motion for a preliminary injunction.

## Interest of *Amici Curiae*

EPIC is a public interest research center in Washington, D.C.  EPIC was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other constitutional values. EPIC frequently participates as *amicus curiae* in federal and state courts in cases about emerging issues that implicate emerging privacy issues, including voter privacy. *See, e.g.*, Brief of *Amici Curiae* EPIC et. al, *Crawford v. Marion County Election Board*, 128 S. Ct. 1610 (2008) (opposing voter photo-ID requirements as infringing on citizens' right to cast a secret ballot); Brief of *Amici Curiae* EPIC et al., *Doe v. Reed*, 561 U.S. 186 (2010) (arguing that the First Amendment protects the right to anonymity in referenda signatures); *Brief of Amici Curiae* EPIC et al., *Watchtower Bible and Tract Society of N.Y., Inc. v. Village of Stratton*, 536 U.S. 150 (2002) (supporting First Amendment Right to anonymous door-to-door speech).

2

## Reasons the *Amicus Curiae* Brief Will Assist the Court

EPIC believes that the *amicus* brief will be helpful to the Court's consideration of this case, including whether the use of DRE machines violated Plaintiffs' right to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution. The brief will bring to the Court's attention voluminous evidence in the public record of the scope of flaws in DRE systems, including vulnerabilities to multiple types of cyberattacks, an inability to verify ballots, a failure to create a paper trail, and a mechanism that violates voter privacy and ballot secrecy.

EPIC's proposed amicus brief highlights recent and historic scholarship, government reports, expert testimony, and news reporting, which establish that (a) experts have long known that DRE systems are fundamentally flawed and have identified paper ballots as the best practice; and (b) Georgia's DRE systems violate the secret ballot implicating voter privacy, freedom of association, and the right to vote itself. This context will help the Court evaluate factual arguments that downplay the real risks posed by DREs or diminish the importance of the secret ballot.

*Amicus* has no interest other than the protection of democratic values, constitutional rights, and voter privacy.

For the foregoing reasons, EPIC requests that the Court grant leave to file the attached amicus brief. Plaintiffs consent to the filing of this motion and the *amicus curiae* brief. Defendants do not consent to the filing.

Dated: June 28, 2019   Respectfully Submitted,

**Marc Rotenberg**
  EPIC President and Executive Director

/s/ Alan Butler
**Alan Butler (pro hac vice)**
  EPIC Senior Counsel

**Caitriona Fitzgerald**
  EPIC Policy Director
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
 Suite 200
Washington, D.C. 20009
(202) 483-1140

s/ Russell T. Abney
**Russell T. Abney (Ga. Bar No. 000875)**
Ferrer Poirot Wansbrough
2100 RiverEdge Parkway Suite 1025
Atlanta, GA 30328
 (800) 661-8210

Counsel for *Amici Curiae* Electronic Privacy Information Center

4

## CERTIFICATE OF SERVICE

I certify that I have this 28th day of June, 2019, served the foregoing Motion upon all counsel of record by way of the Court's electronic case filing (ECF) system.

/s/ Alan Butler
**Alan Butler (pro hac vice)**
Senior Counsel
Electronic Privacy Information Center
1718 Connecticut Ave. NW Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Amicus*


s/ Russell T. Abney
**Russell T. Abney (Ga. Bar No. 000875)**
Ferrer Poirot Wansbrough
2100 RiverEdge Parkway Suite 1025
Atlanta, GA 30328
(800) 661-8210