# IN THE SUPREME COURT OF GEORGIA
# STATE OF GEORGIA

SUPREME COURT CASE No. S19A0769
Fulton County Superior Court Case No. 2018CV313418

---

RHONDA J. MARTIN, SMYTHE DUVAL, and JEANNE DUFORT,

Plaintiffs/Appellants

v.

FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS;
GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS;
and GEOFF DUNCAN,

Defendants/Appellees.

---

## SUPPLEMENTAL BRIEF OF APPELLEES
## GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS
## AND FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS

---

| | |
|---|---|
| Bryan P. Tyson | Richard A. Carothers |
| Georgia Bar No. 515411 | Georgia Bar No. 111075 |
| btyson@taylorenglish.com | richard.carothers@carmitch.com |
| Frank B. Strickland | Brian R. Dempsey |
| Georgia Bar No. 687600 | Georgia Bar No. 217596 |
| fstrickland@taylorenglish.com | Brian.dempsey@carmitch.com |
| Bryan F. Jacoutot | CAROTHERS & MITCHELL, LLC |
| Georgia Bar No. 668272 | 1809 Buford Highway |
| bjacoutot@taylorenglish.com | Buford, GA 30518 |
| TAYLOR ENGLISH DUMA LLP | (770) 932-3552 (Telephone) |
| 1600 Parkwood Circle, Suite 200 | |
| Atlanta, GA 30339 | |
| 770.434.6868 (Telephone) | |

*Counsel for Appellee Gwinnett Board of Registrations and Elections*

OFFICE OF THE FULTON COUNTY ATTORNEY
Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358
Patrise.perkins-hooker@fultoncountyga.gov
Kaye Woodard Burwell
Georgia Bar No. 775060
Kaye.burwell@fultoncountyga.gov
Cheryl Melissa Ann Ringer
Georgia Bar No. 557420
Cheryl.ringer@fultoncountyga.gov
David Lowman
Georgia Bar No. 460298
David.lowman@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Office: (404) 612-0246
Fax: (404)730-6540)

*Attorneys for Appellee Fulton County BRE*

# INTRODUCTION

During oral argument on this appeal, there were three issues raised to which Appellees Gwinnett County Board of Registrations and Elections (the Gwinnett Board) and Fulton County Board of Registration and Elections (the Fulton Board) were not able to respond. The Gwinnett Board and the Fulton Board submit this Supplemental Brief pursuant to Rule 24 of the Rules of the Supreme Court of Georgia to provide the Court with additional context on those issues.

# ARGUMENT AND CITATION OF AUTHORITY

**A. The trial court's order dismissing the case contains sufficient factual findings to support its decision without Paragraph 9.**

While the confusion about the "approximately 32,000 votes" in Paragraph 9 of the trial court's order appears to originate at T-256-257, it is not the only factual finding made by the trial court in its order. The trial court found the following relevant facts:

- "The Plaintiffs have not shown any evidence that illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result," Order (R-1089-1093), ¶ 3.

- "There was no evidence of misconduct, fraud, or irregularity by any primary or election official or officials," Order (R-1089-1093), ¶ 5.

- The undervote totals alone "do not show any irregularity or illegality in themselves," Order (R-1089-1093), ¶ 7.

1

Each of those factual findings is supported by the weight of the evidence presented at trial,[1] which has been extensively briefed by the parties. There is no evidence that any of these specific factual findings are "clearly erroneous," *Meade v. Williamson*, 293 Ga. 142, 143 (2013), and these findings are sufficient to uphold the decision to dismiss Plaintiffs' Complaint even without Paragraph 9. That is especially true when the election is presumed valid, *Hunt v. Crawford*, 270 Ga. 7, 8 (1998), and the trial court determined Plaintiffs had not overcome the presumption of validity at the close of their evidence. Order (R-1089-1093), ¶ 3.

**B. All 159 election superintendents are necessary parties when an election contest alleges statewide problems.**

*1. The provisions of the Election Code regarding contests.*

The Election Code contains five different grounds for contesting an election. O.C.G.A. § 21-2-522. It also contains different options of relief based on the type of contest and what the evidence shows—and that is not always a second election. O.C.G.A. § 21-2-527(a). As a result, while any of the listed defendants in O.C.G.A. § 21-2-520(2) *may* be a defendant in a contest, the *necessary* defendants are determined by the type of contest brought. *See, e.g., Flaherty v. Poythress*, 263

---

[1] Evidence presented included a number of specific error-checking reports from the electronic voting system showing no errors, including extensive logic-and-accuracy and parallel testing that would have showed programming or other errors. As the trial court found, Plaintiffs offered nothing more than speculation and the case was dismissed at the close of Plaintiffs' evidence.

2

Ga. 178, 180-81 (1993) (Sears, J. dissenting from affirmance on other grounds under Rule 59).

Contests can be based on a candidate's eligibility, which requires the candidate to be a party. *Compare* O.C.G.A. § 21-2-520(2)(B) *with* O.C.G.A. § 21-2-522(2) and (5). Contests that allege misconduct, fraud, or irregularities, along with contests that allege that illegal votes were cast or legal votes were rejected, require the "election superintendent or superintendents who conducted the contested primary or election," O.C.G.A. § 21-2-520(2)(C), to be parties because the superintendents have the relevant evidence and the trial court must order a second election. O.C.G.A. § 21-2-527(b), (c), and (d).

*2. The Secretary of State does not conduct elections.*

In Georgia, elections are conducted by 159 county election superintendents, not by the Secretary of State. Despite some confusion from other courts on this issue, *see, e.g., Grizzle v. Kemp*, 634 F.3d 1314, 1318-19 (11th Cir. 2011) (federal court interpreting state statutes), the Secretary of State is not an election superintendent and cannot conduct elections. In addition to the definition of superintendent in O.C.G.A. § 21-2-520(2)(C) that is limited to county election officials, the Election Code consistently treats the Secretary of State separately from superintendents. Article 2 of the Election Code, entitled "Supervisory Boards and Officers," for example, contains separate parts for the State Election Board

3

(the "SEB"), the Secretary of State, and superintendents. Statutory provisions governing the SEB are contained in Part 1 of Article 2 and can be found at O.C.G.A. §§ 21-2-30 through 21-2-34. Provisions governing the Secretary of State are found in Part 2 at O.C.G.A. §§ 21-2-50 through 21-2-52. Provisions governing superintendents are found in Part 3 at O.C.G.A. §§ 21-2-70 through 21-2-77. In each of these separate Parts, there are distinct statutes setting forth the distinct powers and duties of each of these different offices and/or entities. *See* O.C.G.A. § 21-2-31 (listing "[d]uties" of SEB); O.C.G.A. § 21-2-50 (listing "[p]owers and duties" of Secretary of State); and O.C.G.A. § 21-2-70 (listing "[p]owers and duties" of the superintendents).

*3. Appellants failed to sue necessary parties in this action.*

An action may be dismissed where the plaintiff has failed to join a necessary party. O.C.G.A. § 9-11-12(b)(7). A party is "necessary" to an action if, "[i]n [its] absence[,] complete relief cannot be afforded among those who are already parties." O.C.G.A. § 9-11-19(a)(1). Plaintiffs allege statewide problems and seek a new, statewide election. But they only sued three[2] out of the 159 election superintendents. Petitioners must sue the election superintendents who would have to hold a new election—meaning that a statewide contest requires naming all of the

---

[2] Plaintiffs later dismissed the DeKalb Board. (R-181-185, 279-282)

4

159 election superintendents that would hold the new election. O.C.G.A. § 21-2-520(2)(C).

Plaintiffs filed their contest on the last day of the five-day statute of limitations. O.C.G.A. § 21-2-524(a). Thus, they could not add additional parties after they filed this case because they would have been joining those parties after the expiration of the five-day statute of limitations.[3] There is no doubt that "complete relief cannot be afforded," O.C.G.A. § 9-11-19(a)(1), in the absence of all of the Boards of Election that would have to conduct the new election if Plaintiffs were to be successful. While government entities are generally presumed to obey the law, the unnamed superintendents are not "parties to the action, [or] their officers, agents, servants, employees, and attorneys, . . . [or] persons in active concert or participation with them who receive notice of the order by personal service or otherwise," O.C.G.A. § 9-11-65(d), which are the only individuals and entities that can be bound by an injunction.

But even if unnamed parties can be bound by the order to hold a new election, Plaintiffs have not even named the counties where they alleged there were

---

[3] The one case interpreting the petition-amendment procedures for an election contest only allowed petitioners to correct an error in suing the correct entity when the county officials were already on notice of the litigation within the short statute of limitations. *See Brodie v. Champion*, 281 Ga. 105 (2006) (allowing amendment to add election board when correct director of elections had been sued). In this case, none of the other 156 counties that would have to conduct the new election Plaintiffs seek were put on notice of this case within the statute of limitations.

5

problems. *Mead v. Sheffield*, 278 Ga. 268 (2004) was a statewide election contest but only alleged irregular ballots in a single county. While the plaintiff only named that county's election superintendent, his claims were limited to that county's actions.[4] *Id*. at 268. In this case, Plaintiffs alleged both *statewide* problems and problems in a number of specific counties including Atkinson, Ben Hill, Clay, Coffee, Hancock, Jefferson, Quitman, Randolph, Taliaferro, and Twiggs (R-68) and did not sue any of them. Even if all superintendents are not required for purposes of a second election, Plaintiffs still had to have sued the election superintendents for the counties where they allege there were problems, which they have not done.

**C. There was no order that prevented the continuing use of DREs.**

The trial court entered a preservation order on December 7 that applied only to the named parties, not to every election superintendent in the state. (R-175-177). In the brief discussion before entry of the preservation order, Plaintiffs' counsel attempted to obtain an order that would require the segregation of DREs used in the 2018 general election and require the use of other DREs for subsequent elections. (T-12:2-17). The trial court very clearly said it was *not* requiring the counties who were parties to use other machines or segregate the machines that had been used in November. *Id*.

---

[4] The defenses raised by defendants about necessary parties in this case were apparently not raised, ruled on, or briefed in *Mead*.

6

While many election-related materials must be maintained by superintendents under O.C.G.A. § 21-2-500 and Ga. Comp. R. & Regs. r. 183-1-12-.02, the continued use of the DREs does not destroy any data or information. Testimony by the Fulton Elections Director at trial explained that loading a new election onto a DRE does not erase the existing internal memory. (T-569:16-570:6). Prior election results are preserved on the unit and the DRE can then be used for a subsequent election. *Id*. DREs are maintained under seal when they are not being used for elections. (T-587:3-588:15).

Despite the provisions of the preservation order related to failure to follow it, (R-177), Plaintiffs never sought and the trial court never granted any relief for a violation of the preservation order.

## **CONCLUSION**

No math is necessary to affirm the trial court's dismissal of Plaintiffs' election contest. The trial court's findings support its conclusions with or without Paragraph 9. Plaintiffs did not sue the required election superintendents. This Court should affirm the trial court's dismissal of Plaintiffs' contest.

Respectfully submitted this 9th day of May, 2019.

                                              s:\Bryan P. Tyson
                                              Bryan P. Tyson
                                              Georgia Bar No. 515411

btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 687600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
770.434.6868 (Telephone)

Richard A. Carothers
Georgia Bar No. 111075
richard.carothers@carmitch.com
Brian R. Dempsey
Georgia Bar No. 217596
Brian.dempsey@carmitch.com
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
(770) 932-3552 (Telephone)

*Attorneys for the Gwinnett County Board of Registrations and Elections*


OFFICE OF THE FULTON COUNTY
ATTORNEY
Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358
Patrise.perkins-hooker@fultoncountyga.gov

s:\Kaye Woodard Burwell (with express permission)
Kaye Woodard Burwell
Georgia Bar No. 775060
Kaye.burwell@fultoncountyga.gov
Cheryl Melissa Ann Ringer

8

Georgia Bar No. 557420
Cheryl.ringer@fultoncountyga.gov
David Lowman
Georgia Bar No. 460298
David.lowman@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Office: (404) 612-0246
Fax: (404)730-6540

*Attorneys for Appellee Fulton County BRE*

9

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing SUPPLEMENTAL BRIEF OF APPELLEES GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS AND FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS with the Court's e-filing system which will provide service to all counsel of record.

This 9th day of May, 2019.

                                                  s:\Bryan P. Tyson
                                                Bryan P. Tyson
                                                Georgia Bar No. 515411