**IN THE SUPREME COURT**
**STATE OF GEORGIA**

CASE NO. S19A0769

---

RHONDA J. MARTIN, SMYTHE DUVAL AND JEANNE DUFORT

Appellants,

v.

FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS, GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, and GEOFF DUNCAN

Appellees.

---

# SUPPLEMENTAL BRIEF OF APPELLEE GEOFF DUNCAN

---

SUPERIOR COURT OF FULTON COUNTY
CASE NUMBER 2018CV313418

**EDWARD H. LINDSEY, JR.**
Georgia Bar No.453075
edward.lindsey@dentons.com
Dentons US
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia 30308
404-527-4580

## TABLE OF CONTENTS

**Page**

I. ARGUMENT AND CITATION OF AUTHORITY

A. A Look At The Numbers ........ 1

B. The Trial Judge's Order Should Be Confirmed Under the "Any Evidence Rule" ........ 4

C. The Trial Court Properly Denied the Appellants' Last Minute Jury Demand ........ 7

IV. CONCLUSION ........ 7

Case S19A0769 Filed 05/10/2019 Page 3 of 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acker v. Corinthian Condominium Corporation*,
145 Ga.App. 288, 243 S.E. 2d 683 (1978) .......... 4

*Allstate Insurance Company v. Spillers et al.*,
252 Ga. App. 26 (2001) .......... 4

*Banker v. Cole*,
278 Ga. 532, 535(4), 604 S.E.2d 165 (2004) .......... 4

*Meade v. Williamson*,
293 Ga. 142, 143, 745 S.E. 2d 279 (2013) .......... 6

*Taggart v. Phillips*,
242 Ga. 454, 249 S.E. 2d 245 (1978) .......... 7

*Wilbanks v. Arthur*,
257 Ga. App. 226, 570 S.E. 2d 664 (2002) .......... 4

**Statutes**

Official Code of Georgia Annotated 21-2-522 .......... 5

**Other Authorities**

*http://sos.ga.gov/index.php/Elections/current_and_past_elections_results* .......... 2

**SUPPLEMENTAL BRIEF OF APPELLEE GEOFF DUNCAN**

Appellee Geoff Duncan files this Supplemental Brief pursuant to Rule 24 of the Rules of the Supreme Court of Georgia showing the following:

## I. ARGUMENT AND CITATION OF AUTHORITY

### A. A LOOK AT THE NUMBERS

The comedian Chevy Chase in a classic skit on Saturday Night Live famously remarked, "It was my understanding there would be no math." This case also does not depend upon mathematical calculations because the overwhelming evidence at trial was that Georgia's electronic voting system operated correctly in the 2018 General Election, any under votes in the lieutenant governor's race were the result of reasonable political factors, and Lieutenant Governor Geoff Duncan was elected by the wide margin of 123,172 votes. Nevertheless, since certain number issues were raised in the oral argument on May 7, 2019, this Supplemental Brief will address them more fully herein.

#### *1. Appellants faulty calculations on expected under votes*

This Court in oral argument accurately challenged Appellants' cherry picking of historical data in attempting to claim that approximately 127,000 votes were lost in the lieutenant governor's race. As pointed out in questioning by this

Court, Appellants did so by ignoring the overall historic range of under voting in lieutenant governor's races over the past few election cycles, and, if they had done so, it would have pushed the supposed number of lost votes below Lieutenant Governor Geoff Duncan's substantial margin of victory.

For instance, the Appellants' calculations ignore the contrasting yardstick they argue should be considered in the 2018 election -- the number of 2018 paper ballots. According to the Appellants' expert and the records from the Georgia Secretary of State, one percent of all paper ballot voters did not vote in the lieutenant governor's race. T-259. (In addition, the figure for under voting among voters who cast provisional paper ballots on Election Day was even higher in 2018 -- 2.24%.) If the Appellants had used this one percent figure, the number of supposed lost votes would have also been less (119,631) than the official certified margin of victory.[1]

2. *"99.99% Certainty" is One Hundred Percent Wrong*

---

[1] As accurately noted in Appellants Brief, the parties stipulated to the admissibility of election results in Georgia on the Secretary of State's website, which is the source of the numbers here and throughout this brief. *See* *http://sos.ga.gov/index.php/Elections/current_and_past_elections_results.*

Appellants' computer expert claimed that based on the disparity between under votes on the paper ballots and the electronic voting ballots, there was a 99.99% chance of computer errors in Georgia's electronic voting system. T-328 & 329.

While Appellants' expert may be familiar with computer science, he ignored that numerous political reasons for the under votes in the 2018 Lieutenant Governor's race including: (1) The 2018 surge in new and occasional voters far exceeding previous elections[2]; (2) The different configuration in the ballot designs between the paper and electronic ballots in 2018 (R-1583-85); (3) The likelihood of voter confusion, in particular by new and occasional voters, about whether candidates for governor and lieutenant governor ran as a single ticket given the electronic ballot design in 2018 -- which was different from previous election cycles -- of placing the two races side by side on the screen (R-1587-89); and (4) The documented history in the U.S. of the impact a confusing ballot design can have on voter participation in a particular race (R-1587-89).

In addition, the Appellants' expert failed to take into account the multiple test done on the electronic voting system before election day, on election day, and

---

[2] There were three times more new voters than in 2014, totaling more than 336,000, and 1.3 million more overall voters than in 2014. R-1590-01 & 1603-04.

after election day. These test found no evidence of electronic voting problems and no testimony was offered by the Appellants' expert to counter this testimony. (R-1596-1600).

B. The Trial Judge's Order Should Be Confirmed Under the "Any Evidence Rule"

"It is presumed that election returns are valid, and the party contesting the election has the burden of showing an irregularity or illegality sufficient to change or place in doubt the result of the election." *Banker v. Cole,* 278 Ga. 532, 535(4), 604 S.E.2d 165 (2004). In a bench trial, factual findings of the trial court will not be set aside unless clearly erroneous, and the decision of the trial court will be affirmed if it is right for any reason. *Allstate Insurance Company v. Spillers et al.*, 252 Ga. App. 26, 555S.E. 489 (2001) [emphasis added]; and *Wilbanks v. Arthur*, 257 Ga. App. 226, 570 S.E. 2d 664 (2002). A judgment right for any reason will be affirmed where the judgment is not based upon an erroneous legal theory. *Acker v. Corinthian Condominium Corporation*, 145 Ga.App. 288, 243 S.E. 2d 683 (1978).

Case S19A0769 Filed 05/10/2019 Page 8 of 12

In addition to Trial Court's generalized worst case scenario of "approximately 32,000" missing votes in her Order, she also sets out detailed factual findings based on the evidence as the basis for her Order including:

1. "The plaintiffs have not shown any evidence that illegal votes have been received or legal votes have been rejected at the polls sufficient to change or place in doubt the result in the race for Lieutenant Governor held on November 6, 2018. O.C.G.A. 21-2-522." R-1090. This factual finding is supported by the evidence at trial on the proper functioning of the electronic voting system (R-1596-1600), and the evidence presented on the causes for the under vote unrelated to the electronic voting system (R-1590-01,1603-04, 1583-85, 1587-89).

2. "In the particular race for Lieutenant Governor at issue here, the Plaintiffs showed that there were five instances of problems with voting at two precincts, that, of the 8 voting machines at the Winterville precinct in Clark County Georgia, 7 went decidedly Democratic and I went decidedly Republican and that there was a 4.5% under vote in the Lieutenant Governor race. There was no evidence of misconduct, fraud, or irregularity by any primary or election official or officials." R-1091. In addition to the under vote issue previously addressed, the allegations regarding the precincts are found in the testimony of the Appellants' expert and not based on first-hand knowledge or his own review of voting patterns at the

Case S19A0769 Filed 05/10/2019 Page 9 of 12

Winterville Precinct. T-331-333. For this reason, Appellees objected to the testimony and the court ruled a large portion of it inadmissible. T-343-346. That said, the most votes involved at Winterville were only between 117 and 144 votes. T-343.

3. "In the Lieutenant Governor's race Geoff Duncan received 1,951,738 votes and Sarah Amico received 1,828,566 votes, a difference of 123,172 votes. In the Lieutenant Governor's race there were 4.5% fewer voters than in the Governor's race. The numbers also show that Sarah Amico, a Democrat, also received more votes than those cast for the Democrat in the State-wide races for Commissioner of Agriculture, Commissioner of Insurance, State School Superintendent, and Commissioner of Labor. These number do not show any irregularity or illegality in themselves." R-1091-2. This evidence demonstrates that the outcome of the race for Lieutenant Governor for the Democratic candidate was in line with other statewide Democratic candidates performance in 2018. R-1531.

These trial judge's finding were clearly based on evidence and, therefore, should be affirmed by this Supreme Court. *Meade v. Williamson*, 293 Ga. 142, 143, 745 S.E. 2d 279 (2013).

Case S19A0769 Filed 05/10/2019 Page 7 of 12

C. The Trial Court Properly Denied the Appellants' Last Minute Jury Demand

Given the issues involved in the Oral Arguments, the issue of the jury trial demand was not discussed. In addition to our previous argument on this issue, the ruling and facts in *Taggart v. Phillips*, 242 Ga. 454, 249 S.E. 2d 245 (1978) are directly on point. As in this case, the issue before the court was whether the voting machines were operating properly. The Supreme Court found "no abuse of discretion in the denial of a jury trial." Id. At 455.

## II. CONCLUSION

Appellee Geoff Duncan was duly elected Lieutenant Governor of Georgia in 2018 by a vote margin of 123,172 votes. After hearing the Appellants' evidence at trial, the trial court properly determined that there was insufficient evidence to place in doubt the result of the entire election. Therefore, Appellee Geoff Duncan respectfully requests that the Georgia Supreme Court affirm the Trial Court's decision.

Case S19A0769 Filed 05/10/2019 Page 11 of 12

Respectfully submitted this 10th day of May, 2019.

/s/ Edward Lindsey
Edward H. Lindsey
Georgia Bar No.453075
Edward.lindsey@dentons.com
Dentons US
303 Peachtree Street, N.E.
Suite 5300
Atlanta, Georgia 30308
404-527-4580

*Counsel for Appellee Geoff Duncan*

Case S19A0769 Filed 05/10/2019 Page 12 of 12

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **SUPPLEMENTAL BRIEF OF APPELLEE GEOFF DUNCAN** upon all counsel of record by email addressed to:

Kaye Woodare Burwell
Office of the Fulton County Attorney
141 Pryor Street, N.W., Suite 4038
Atlanta, Georgia 30303
Kaye.burwell@fultoncountyga.gov

Counsel for Appellee Fulton County Board of Registrations and Election

Bryan P. Tyson
Strickland Brockingham Lewis LLC
Midtown Proscenium Suite 2200
1170 Peachtree Street, N.E.
Atlanta, Georgia 30309
bpt@sbllaw.net

Counsel for Appellee Gwinnett County Board of Registrations and Elections

Josh Belinfante
Robbins Ross Alloy Belinfante Littlefield LLC
500 Fourteenth Street, NW
Atlanta, Georgia 30318
Josh.belinfante@robbinsfirm.com

Counsel for Appellee Secretary of State

Bruce Perrin Brown
Bruce P. Brown Law LLC
1123 Zonolite Road, N.E.
Suite 6
Atlanta, Georgia 30306
bbrown@brucepbrownlaw.com

Counsel for Appellants

This 10th day of May, 2019.

/s/ Edward Lindsey
Edward H. Lindsey
Counsel for Appellee Geoff Duncan