## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al*.<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSAL FOR REVIEW OF GEMS DATABASE

In working to balance the needs of Plaintiffs to review the GEMS Database with the documented security interests[1] of State Defendants, this Court proposed a review of the GEMS Database by Plaintiffs' attorneys and experts in a facility operated by the Secretary of State. [Doc. 446, p. 2]. While the Curling Plaintiffs originally found that proposal workable, all Plaintiffs now argue that such a proposal is not a reasonable option. [Doc. 451].

---

[1] Plaintiffs' latest filing continues to argue that the GEMS Database should be released without restriction and that the State takes no efforts to protect the databases it distributes to counties. The State has already addressed these issues and will not take the Court's time responding to arguments that do not reflect the facts in the record. Also, the current dispute is only about the GEMS Database (6/28/19 Transcript at 12:18-13:4), despite Plaintiffs' references to the server itself in their pleading.

State Defendants remain unclear about the individuals Plaintiffs seek to have review the database, especially as Plaintiffs continue to expand the universe of people they identify as "experts." On the call, Plaintiffs indicated that the review would be conducted by Dr. Halderman and Mr. Bernhard. (6/28/19 Transcript at 41:10-15.) Curling Plaintiffs have identified Dr. Halderman as their expert. [Doc. 428, p. 2]. But two days ago, Coalition Plaintiffs identified four individuals as experts—Mr. Bernhard (who is a graduate student and employed by Verified Voting), Candice Hoke (a retired professor from Cleveland-Marshall School of Law), Virginia Martin (the Democratic Party member on the Columbia County, New York Board of Elections), and Amber McReynolds (former director of elections for Denver, Colorado who now works for a nonprofit advocating mail voting) [Doc. 448, pp. 7-8]. Each of these individuals are activists that support the positions Plaintiffs advocate in this lawsuit. Plaintiffs also propose a much wider group of assistants to participate in the review process, [Doc. 451, p. 7], and the review by Mr. Digges, whose apparent experience involves accounting and spreadsheets, not election-management databases. [Doc. 452, p. 8] (identifying Mr. Digges as a "Financial professional with knowledge of a broad range of corporate financial operations and processes"). Individuals without specialized knowledge about computer science have no need for access, particularly when they take

advocacy positions.[2] This Court should limit the access to Plaintiffs' computer-science experts, not everyone Plaintiffs ultimately claim is an expert.

Turning to the scope of the review, this Court required Plaintiffs to identify the conditions in the State Defendants' proposed review protocol that would "severely impair their ability to perform the necessary examination." [Doc. 446, p. 3]. Plaintiffs did not identify any conditions when they made a proposal to State Defendants on July 3 (Email from David Cross, attached as Ex. A), but identified two conditions in their brief:

1. Traveling to Atlanta for an extended review[3] is too burdensome.

2. The computer on which they conducted the review would need a different operating system than the one currently used.

Plaintiffs then propose an alternative structure that (1) takes place in multiple locations not under the control of the Secretary of State, (2) allows the

---

[2] State Defendants' concerns on this point were heightened this week when, on the evening of July 2, an Associated Press reporter contacted State Defendants' counsel asking for comment on an issue in this case and outlining what the reporter said Plaintiffs planned to argue in a motion that has not been filed. Given the nature of the critical infrastructure at issue here, access should be restricted only to actual computer-science experts.

[3] Plaintiffs now say their review of the databases could potentially take weeks even using a team of people. [Doc. 451, p. 3]. On the call, Plaintiffs indicated it would only be two individuals. (Transcript, at 41:10-15.)

extraction of information from those databases for review by individuals other than

Plaintiffs' experts and their attorneys, (3) allows the installation of a variety of yet-

to-be-determined software (Mr. Bernhard identifies three pieces of software that

would be required while Dr. Halderman is not sure what he would need), and (4)

involves an entire team of people conducting the review.[4] Coalition Plaintiffs also

propose a procedure by which the entire database could ultimately be disclosed to

the Plaintiffs in this case (and possibly others) and not just their experts and

attorneys. [Doc. 451-3, p. 3].

State Defendants are willing to modify their proposal to address some of the

specific issues related to a review, but cannot agree to a review that takes place

outside the control of the Secretary of State's facilities. As previously detailed to

the Court, the State takes a number of steps to protect the GEMS Databases and

has a regulatory structure of State Election Board rules that govern the county

---

[4] Plaintiffs' proposals also appear to be inconsistent. In their brief, they propose allowing the transfer of files using USB drives plugged directly into the protected computers. [Doc. 451 p. 5], but in at least one of the attached Declarations, they propose just the opposite—that USB drives cannot be plugged into the protected computers [Doc. 451-1, ¶ 11]. It is also inconsistent with Dr. Halderman's position on the June 28, 2019 teleconference with the Court, in which he stated that reviewing a mirror of the GEMS database on a workstation in the Secretary's facilities was a reasonable proposal. (6/28/19 Transcript at 40:15-24, 42:8-11.)

computers that contain the databases (but which do not contain Microsoft Access).[5] Plaintiffs' claims in this case are rooted in the claim that the State has not done and is not doing enough to protect the election system. But their proposals would provide less protection for the data from that system than the State currently uses.

Beyond the issue of where the review takes place, Plaintiffs have alleged that they would need additional software installed, including different operating systems and additional programming software. State Defendants are willing to create an environment different from the current GEMS system to facilitate Plaintiffs' review. Further, State Defendants do not object to the installation of Microsoft Excel, as Mr. Bernhard proposed, but cannot agree to the installation of a set of programming software or an unlimited universe of potential software.

After reviewing Plaintiffs' proposal, State Defendants are willing to agree to the following review conditions:

---

[5] Plaintiffs, in a footnote, contend that the state shares the GEMS files "without meaningful restrictions" to local elections officials in support of their argument that GEMS files should not be subject to protections. *See* [Doc. 451 at 2, n. 2]. This assertion, however, ignores the statutory and regulatory scheme that local elections officials are bound to follow when executing their official duties. *See, e.g.*, O.C.G.A. §§ 21-2-379.24(g) (public disclosure of sensitive election materials prohibited absent court order), 21-2-500 (GEMS CD-ROM kept under seal until destroyed after 24 months); Ga. Comp. R. & Reg. rr. 183-1-12(2)(e), 183-1-12(6) (GEMS CD sealed and servers kept in secure storage).

1. Create a server images on computers which will remain in a secure, air-gapped environment.

2. Load a copy of the GEMS Databases[6] from the November 2018 election.

3. Install Microsoft Access and Microsoft Excel.

4. Remove the GEMS Application.

5. Allow Plaintiffs' experts and attorneys to have supervised access in the Secretary of State's facility.

6. Plaintiffs will only be permitted to introduce any software or files onto the computer that have been reviewed and approved the Secretary of State's IT Department. If there is a dispute about whether a particular software is needed to facilitate a review, Plaintiffs may present that dispute to the Court.

7. Plaintiffs will not be permitted to connect any hardware to the computer.

---

[6] The GEMS Databases prepared by the Secretary of State and sent to the counties before the November 2018 election reside on a secure storage server and can be easily copied for review. Counties are supposed to provide the final GBF files on a CD with their certification packets after the election. Because certification is completed based on the paper reports, the Secretary of State does not review each individual CD to determine whether the proper files are included. The Secretary of State's office holds all of the CDs in a secure location and will have to upload one CD at a time to review the returned databases. It is possible that the counties did not include the correct files on the CD they returned. This is easily addressed by obtaining the correct files from a county, but will involve an additional step.

8.  Plaintiffs will not be permitted to remove any files from the computer. The Secretary of State's office will extract any data files Plaintiffs believe are required as long as those files contain only data and no confidential information and will provide those to Plaintiffs.

9.  Plaintiffs will not be permitted to take pictures or videos of their review process.

10. Plaintiffs must make copies of all notes taken during the review and leave a copy of those notes with the Secretary of State's office except for attorney work product.

This 5th day of July, 2019.

<div style="margin-left:40%">

Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th Street NW

</div>

Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

*/s/Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249
btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Counsel for State Defendants*

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSAL FOR REVIEW OF GEMS DATABASE has been prepared in Times New Roman 14-point, a font and type selection approved by the Court in L.R. 5.1(B).

<div style="text-align: right;">

*/s/Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSAL FOR REVIEW OF GEMS DATABASE with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 5th day of July, 2019.

<div style="text-align: right">

*/s/Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411

</div>