AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Coalition for Good Governance, et al.<br>*Plaintiff*<br>v.<br>Brad Raffensperger, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:17-cv-2989-AT<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Joseph Kirk, Bartow County Elections Supervisor

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Frank Moore Administration & Judicial Center<br>135 West Cherokee Avenue, Cartersville, GA 30120 | Date and Time:<br>July 11, 2019 9:30 am |
|---|---|

The deposition will be recorded by this method:  stenographic and/or video means

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/26/2019

*CLERK OF COURT*

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Coalition for Good Governance et al. , who issues or requests this subpoena, are:

Bruce P. Brown, Bruce P. Brown Law LLC, 1123 Zonolite Road, NE, Suite 6, Atlanta, GA 30306, 404-881-0700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-2989-AT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

1. Prior to answering the following, you are requested to make due and diligent search of your books, records, and papers, with a view to eliciting all information available in this action.

2. If you object to any request, please identify the basis for the objection and identify each document that is being withheld on the basis of that objection. Please also state if, notwithstanding the objection, all responsive documents are being produced.

3. The requests set forth below are deemed to be continuing, so as to require the supplementation of your original production of documents in response to such requests promptly after any additional documents are located.

4. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

5. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding

the burden or cost you claim is associated with the search for or production of such documents.

6. To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, you shall produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

## **DEFINITIONS**

1. The term "communications" means any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, telephone calls, chat rooms, or group list serves.

2. The term "document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals of any nature whatsoever, and all non-identical copies thereof, pertaining to any medium upon which intelligence or information is recorded, including electronic storage, in your possession, custody or control, regardless of where located; including, without limiting the generality of the foregoing, emails, spreadsheets, databases, papers, punch cards, printout sheets, movie film, slides, phonograph records, photographs, microfilm, notes, letters, memoranda, ledgers, work sheets, books, magazines,

notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgements, invoices, order confirmations, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, drafts, data processing discs or tapes, and computer produced interpretations thereof, x-rays, instructions, announcements, schedules, price lists, and mechanical or electric sound records and transcripts thereof. In all cases, where originals are not available, document also means identical copies of original documents.

3. The term "GEMS Database" means the Diebold system Microsoft Access database used for programming, recording and reporting the referenced election. It shall have the same meaning as "GEMS database" as used in the Rules and Regulations of the State of Georgia, including Rule 183-1-12.07(5) and (6).

4. The "preliminary GEMS database" means the GEMS Database sent by the Secretary of State to counties to be "proofed and approved by the county prior to be finalized and released to the county via encrypted CD." [Doc. 367 at 7]

5. The term "person" means any individual, corporation, partnership, proprietorship, association, organization, governmental entity, group of persons or any other entity of whatever nature.

6. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

7. The term "Secretary" means the Secretary of State of Georgia and the Office of Secretary of State and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on behalf of the Secretary.

8. The term "DRE" means a direct recording electronic voting device which is a computer driven unit for casting and counting votes on which a voter casts his or her votes through the use of a touch screen device. The term shall include both state supplied devices and devices purchased by counties.

9. The term "DRE memory card" means the electronic card (PCMCIA card) on which the ballot styles are electronically stored and which is inserted into the direct recording electronic voting unit (DRE) to program the DRE unit for voting and on which vote totals are recorded for the DRE unit during the voting process.

10. The term "Logic and Accuracy Testing" has the same meaning as used in State Election Rule 183-1-12-.02(3)(b).

11. The terms "Cast vote record" and "ballot image report" mean the human readable electronic representation of an individual voted ballot.

12. The term "unique identifier" means any information capable, on its own or in combination with other information, of uniquely identifying the cast vote record (or ballot image report), including but not limited to a serial number, ID number, or other unique combination of letter, numbers or symbols.

## **DOCUMENTS TO BE PRODUCED**

1. Electronic copy of the final post-election GEMS database for the December 4, 2018 runoff election.

2. Electronic copy of the initial preliminary GEMS database[1] transmitted to Bartow County for the November 6, 2018 election, including but not limited to any and all documents relating to the transmission and receipt of the preliminary GEMS database.

3. Any and all documents relating to Bartow County election officials' review and proofing of the DRE configuration and electronic ballots on the GEMS

---

[1] Note this is the GEMS database sent to Bartow County for proofing prior to the release of the final pre-election GEMS database.

database(s) provided by the Secretary of State for the November 6, 2018 election, including but not limited to all testing notes and errors identified.

4. Non-disclosure agreements signed by Bartow election officials or other personnel related to the election data contained in the county's GEMS databases or other election administration information received from the Secretary of State.

5. For elections conducted since July 1, 2017, electronic ballot images or related records retrieved for the purpose of investigating or cancelling ineligible or duplicate ballots.[2]

6. Policies, procedures, manuals, or other documents relating to or describing unique identifiers for electronic ballot image reports or cast vote records.

7. Policies, procedures, manuals, or other documents relating to or describing the method of retrieval of electronic ballot information from a specific cast electronic ballot for purposes of research or cancelling the ballot or votes, including procedures in place prior to January 1, 2010 and changes made since that time.

---

[2] Redact any information that would connect a voter with the specific candidates for which he or she voted.

8. Documents or communications sent or received since January 1, 2016 to or from the Secretary of State's office related to whether ballot image reports are public records.

9. Agreements, contracts, memoranda of understanding or other documents related to the loan or rental of DRE election equipment to municipalities within Bartow County or other jurisdictions, including but not limited to a copy of the intergovernmental agreements involving the Bartow County Board of Elections and Voter Registration and Bartow County municipalities and the conduct of the 2017 and 2019 municipal elections.

10. Any and all documents related to the number of copies of the GEMS databases prepared for the November 6, 2018 election in all iterations, and their locations.

11. Instructions, bulletins, electronic updates, communications, or other documents received from the Georgia Secretary of State's office after January 1, 2016 relating to or describing any additional, improved, or changed DRE voting system security requirements to be implemented by the State or the county election officials.

12. Instructions, bulletins, electronic updates, communications, or other documents received from the Georgia Secretary of State's office related to security threats to voting systems or election-related equipment since January 1, 2016.

13. Complaints, comments, and other communications received from any voter, poll worker, or Bartow County staff member regarding any alleged voting system or DRE machine malfunctions or defects during the November 6, 2018 election, including but not limited to defective DRE machine displays of the Lieutenant Governor's race, early casting of the ballot, and "vote flipping."[3]

14. Investigations, analyses, memoranda, reports, or other documents relating to the undervote in the Lieutenant Governor's race in the November 2018 election.

15. Complaints, comments, and other communications received from any voter, poll worker, or Bartow County staff member regarding inaccuracies in voter information in the electronic pollbooks during the November 6, 2018 elections.

16. Documents or communications sent or received since January 1, 2016, relating to the procedures for the electronic transmission and receipt of election-related files to or from Center for Election System's servers, including but not limited to transmission of bulk updates to the Express Pollbook files, transmission of GEMS databases, and any changes thereto.

17. Any and all documents related to potential pilot program in 2019 for Ballot Marking Device voting system, including but not limited to communications

---

[3] This is when a target area is pressed but does not register and another choice displays instead.

with the Secretary of State or potential vendors, training and testing plans, planning documents, and cost analysis.

18. Invoices for paper ballot printing for mail and provisional ballots for the November 6, 2018 election.

19. A disc image of the CD-ROM provided by the Secretary of State to Bartow County containing the GEMS database for the November 6, 2018 election.