## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

## PLAINTIFFS' RESPONSE TO MINUTE ORDER
## REGARDING PHASE I GEMS DISCOVERY

Plaintiffs' proposal for Phase I GEMS discovery is not moot as Defendants

claim.  Defendants again conflate the *data* within the GEMS databases with the

*databases* themselves.  Plaintiffs proposed that "the State Defendant [] produce to

the Plaintiffs, without restriction, the data described in Exhibit B to the Plaintiffs

most recent submission."  (Doc. 455 at 3.)  Thus, Phase I is directed at specific

*data* within the GEMS databases, not the *databases* themselves.  The whole

purpose of Phase I is to extract specific data fields that Defendants do not contend

are confidential.  As explained in Documents 460 and 455, Plaintiffs' non-experts

need to review and analyze that data.  Limiting review of the *data*—which

Defendants do not even contend, much less prove, is confidential at all—to

Plaintiffs' counsel and experts under the highly restrictive conditions applicable to

dc-1106000

review of the *databases* themselves would be highly prejudicial, as Plaintiffs have shown.  (Docs. 460 at 2; 455 at 9-10.)  That showing stands unrefuted and establishes the necessity and propriety of Phase I discovery regarding those data fields in the GEMS databases.

The Court's Order of July 9 (Doc. 463) is directed at what Plaintiffs proposed for Phase II—namely, the GEMS databases themselves (including data within them not included in Phase I).  The Order restricts review of copies of the GEMS *databases* in secure facilities in Washington, D.C. and Ann Arbor, Michigan, by experts and counsel under very controlled circumstances.  This database review is described in "Phase II" of Plaintiffs July 8, 2019 Reply Brief on GEMS Discovery (Doc.  455) and in Plaintiffs' July 9, 2019 Response to Minute Orders (Doc. 260).  The Court's Order does not address the production or extraction of *data* for review by *non-experts*.  Thus, Plaintiffs' proposed Phase II remains a live issue for the Court to resolve given Defendants' refusal to produce that data or to consent to Plaintiffs' doing so themselves upon receipt of the Court-ordered GEMS databases.

The Court's Minute Order of midday July 9 specifically directed State Defendants to provide the bases for their "confidentiality concerns/objections" regarding the *data* contained in the GEMS databases, not the databases themselves,

2

which State Defendants have defended as confidential on the vague—and unsubstantiated—allegation that the "structure" of the databases is confidential. Despite that direct Order from the Court, State Defendants have never provided any basis for any assertion that any data in the GEMS databases is confidential. Nor have they provided any basis for their refusal to produce any of the data for review by Plaintiffs' non-experts or to consent to Plaintiffs themselves extracting the data fields identified for Phase I from the GEMS databases for review by their non-experts. State Defendants simply disregarded this Court's unequivocal Order, again misleadingly conflating the data with the databases to claim that Plaintiffs' Phase I proposal is moot. It is not.

At present, while Plaintiffs' attorneys and experts will have access to copies of the GEMS databases in their own secure facilities in Washington, D.C. and Ann Arbor, Michigan, the Court's Order directing that discovery does not allow Plaintiffs to share data from the GEMS databases with non-attorney, non-expert members of their respective litigation teams. Plaintiffs' Phase I proposal is intended to do just that for specific non-confidential data fields (assuming any data in GEMS is confidential at all). It is critical Plaintiffs be allowed to proceed with the Phase I extraction and review as soon as possible. By the time State Defendants provide the information pursuant to the Court's July 9 Order, Plaintiffs

dc-1106000

will have less than two weeks to review information in hundreds of databases before the hearing on July 25. During this time, Plaintiffs' attorneys will also be briefing their Replies to Defendants' Opposition to the Preliminary Injunction motions as well as handling significant ongoing discovery, including depositions. To perform meaningful review and analysis of important *data* within the GEMS databases, Plaintiffs must be able to share this workload with non-attorney, non-expert members of their teams.

In sum, State Defendants have failed to provide the Court with any basis for any claim that any data in the GEMS databases is confidential at all, much less that the specific data fields Plaintiffs seek in Phase I are so sensitive to require the highly restrictive security measures that apply to review of the databases themselves. Given that Defendants have failed to show that *any* of the specific data fields proposed for Phase I are confidential, Plaintiffs should be permitted to extract those fields without restriction for review and analysis. Defendants do not dispute that this can be done without disclosing the "structure" of the databases, and they have not shown that any "relationships" among the fields are unique to Georgia or otherwise confidential. In fact, Defendants have simply ignored the significant evidence Plaintiffs have presented showing otherwise, including a publicly-available copy of a GEMS database from Cobb County. Moreover,

4

Plaintiffs' showing that the relationships across the data are needed to understand that data also is unrebutted.  At bottom, Defendants again improperly conflate the data with the databases themselves—stripped of that misleading conflation, Defendants are left with nothing to support their empty claims of confidentiality regarding the *data* Plaintiffs seek in Phase I.  Accordingly, Plaintiffs respectfully submit that the Court should allow Plaintiffs to immediately extract the fields sought in Phase I, without restriction, upon receipt of the GEMS databases.

Respectfully submitted this 10th day of July, 2019.

 */s/ David D. Cross*
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
Catherine L. Chapple (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 887-1500

 */s/ Halsey G. Knapp, Jr.*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)

5

dc-1106000

1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ David Brody*
David Brody
John Powers
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

7

dc-1106000

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a copy of the foregoing

**PLAINTIFFS' RESPONSE TO MINUTE ORDER REGARDING PHASE I**

**GEMS DISCOVERY** was electronically filed with the Clerk of pCourt using the

CM/ECF system, which will automatically send notification of such filing to all

attorneys of record.

*/s/ David D. Cross*
David D. Cross

8