STATE OF GEORGIA

COUNTY OF GWINNETT

INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF _Duluth_ AND
THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR
CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of _Duluth_ Georgia, a
Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as
"City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to
as "Board."

WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of
Registrations and Elections having jurisdiction over the conduct of primaries and elections
(1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all
the powers and duties relating to the conduct of elections and registration of voters as election
superintendent and board of registrars pursuant to the provisions of Title 21 of the Official
Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the
authority to contract with any municipal corporation located within Gwinnett County for the
holding by the Board of any primary or election to be conducted within the municipal
corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use
of election equipment recommend that cities and counties enter into intergovernmental
agreements outlining the responsibilities and obligations of the election superintendent of the
city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions,
desire to enter into this contract outlining the duties and obligations of each party to this
Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City
(hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency
of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for
the specified City Election. It is the intent of the parties that the use of the Election
Equipment in conduct of the City Election shall be in compliance with all applicable
federal, state and local legal requirements.

RECEIVED
JUN 05 2019
GWINNETT COUNTY
ELECTIONS OFFICE

PLAINTIFF'S
EXHIBIT
5

*L d A   Oct 3ʳᵈ*

*Advanced ope*
*Oct 14*

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on _October 1_____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units. The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs

Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities

To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.

(b) This Agreement shall be construed under the laws of the State of Georgia.

(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.

(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City: Terese S. Lynn
Election Superintendent
City of Duluth GA
3167 Main St. Duluth, GA 30096

Board: Kelvin Williams, Elections Coordinator
75 Langley Drive
Lawrenceville, GA 30046
kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.

(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the

authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this _3_ day of _June_ , 2019.

City of _Duluth_ :

By: _Nancy Harris_ , Mayor

Attest:

City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

By: John Mangano, Chair

Attest:

Lynn Ledford, Elections Supervisor

STATE OF GEORGIA

COUNTY OF GWINNETT

INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF _____ AND
THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR
CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of Lawrenceville Georgia, a
Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as
"City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to
as "Board."

WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of
Registrations and Elections having jurisdiction over the conduct of primaries and elections
(1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all
the powers and duties relating to the conduct of elections and registration of voters as election
superintendent and board of registrars pursuant to the provisions of Title 21 of the Official
Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the
authority to contract with any municipal corporation located within Gwinnett County for the
holding by the Board of any primary or election to be conducted within the municipal
corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use
of election equipment recommend that cities and counties enter into intergovernmental
agreements outlining the responsibilities and obligations of the election superintendent of the
city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions,
desire to enter into this contract outlining the duties and obligations of each party to this
Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City
(hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency
of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for
the specified City Election. It is the intent of the parties that the use of the Election
Equipment in conduct of the City Election shall be in compliance with all applicable
federal, state and local legal requirements.

(2) Term of Agreement
The duties and obligations to be performed pursuant to this Agreement shall commence on _____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities
As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City
1.  The City will be responsible for ordering any and all ballots from its vendor.
2.  The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3.  The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4.  The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5.  The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6.  The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7.  The City shall ~~mark voters on the paper Electors List that is provided by the Board.~~ return a printed Electors List.
8.  The City will use a DRE Unit for card creating purposes.
9.  The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through ~~Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the~~ Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor
1.  The Board shall provide the City with a paper Electors List to be used for marking voters.
2.  The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units. The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs

Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities

To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.

(b) This Agreement shall be construed under the laws of the State of Georgia.

(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.

(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City: Karen Pierce  Election Superintendent
P.O Box 2200, 70 S Clayton St.
Lawrenceville, GA 30046
Karen.pierce@lawrencevillega.org

Board: Kelvin Williams, Elections Coordinator
75 Langley Drive
Lawrenceville, GA 30046
kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.

(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the

authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this _____ day of _____, 2019.

City of _Lawrenceville_

_____

By: _Juelys Jordan Johnson_ Mayor

Attest:

_Karen Pierce_
City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

_John Mangano_
By: John Mangano, Chair

Attest:

_Lynn Ledford_
Lynn Ledford, Elections Supervisor

STATE OF GEORGIA

COUNTY OF GWINNETT

INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF Lilburn AND THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of Lilburn, Georgia, a Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as "City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to as "Board."

WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of Registrations and Elections having jurisdiction over the conduct of primaries and elections (1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all the powers and duties relating to the conduct of elections and registration of voters as election superintendent and board of registrars pursuant to the provisions of Title 21 of the Official Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the authority to contract with any municipal corporation located within Gwinnett County for the holding by the Board of any primary or election to be conducted within the municipal corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use of election equipment recommend that cities and counties enter into intergovernmental agreements outlining the responsibilities and obligations of the election superintendent of the city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions, desire to enter into this contract outlining the duties and obligations of each party to this Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City (hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for the specified City Election. It is the intent of the parties that the use of the Election Equipment in conduct of the City Election shall be in compliance with all applicable federal, state and local legal requirements.

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on _May 14_____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units.  The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs
Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities
To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.
(b) This Agreement shall be construed under the laws of the State of Georgia.
(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.
(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City: Melissa Pencate City Clerk
340 Main St.
Lilburn GA 30047
mpencate@cityoflilburn.com

Board: Kelvin Williams, Elections Coordinator
75 Langley Drive
Lawrenceville, GA 30046
kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.
(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the

authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this __16__ day of __May__, 2019.

City of __Lilburn__:

By: __Johnny Crist__, Mayor

Attest:

City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

By: John Mangano, Chair

Attest:

_____
Lynn Ledford, Elections Supervisor

STATE OF GEORGIA

COUNTY OF GWINNETT

INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF NORCROSS AND THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of Norcross, Georgia, a Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as "City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to as "Board."

WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of Registrations and Elections having jurisdiction over the conduct of primaries and elections (1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all the powers and duties relating to the conduct of elections and registration of voters as election superintendent and board of registrars pursuant to the provisions of Title 21 of the Official Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the authority to contract with any municipal corporation located within Gwinnett County for the holding by the Board of any primary or election to be conducted within the municipal corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use of election equipment recommend that cities and counties enter into intergovernmental agreements outlining the responsibilities and obligations of the election superintendent of the city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions, desire to enter into this contract outlining the duties and obligations of each party to this Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City (hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for the specified City Election. It is the intent of the parties that the use of the Election Equipment in conduct of the City Election shall be in compliance with all applicable federal, state and local legal requirements.

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on _____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative.  The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units.  The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs
Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities
To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.

(b) This Agreement shall be construed under the laws of the State of Georgia.

(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.

(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City: Monique Lang
City of Norcross
65 Lawrenceville Street
Norcross, GA 30071

Board: Kelvin Williams, Elections Coordinator
75 Langley Drive
Lawrenceville, GA 30046
kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.

(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this _7_ day of _March_ , 2019.

City of _Norcross_ _____ :
_Gwinnett County_

By: _____ , Mayor

Attest:
_____
City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

_____
By: John Mangano, Chair

Attest:

_____
Lynn Ledford, Elections Supervisor

STATE OF GEORGIA

COUNTY OF GWINNETT

### INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF PEACHTREE CORNERS AND THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of Peachtree Corners, Georgia, a Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as "City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to as "Board."

### WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of Registrations and Elections having jurisdiction over the conduct of primaries and elections (1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all the powers and duties relating to the conduct of elections and registration of voters as election superintendent and board of registrars pursuant to the provisions of Title 21 of the Official Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the authority to contract with any municipal corporation located within Gwinnett County for the holding by the Board of any primary or election to be conducted within the municipal corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use of election equipment recommend that cities and counties enter into intergovernmental agreements outlining the responsibilities and obligations of the election superintendent of the city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions, desire to enter into this contract outlining the duties and obligations of each party to this Agreement in the conduct of any 2018 Municipal Elections for the citizens of the City (hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for the specified City Election.  It is the intent of the parties that the use of the Election Equipment in conduct of the City Election shall be in compliance with all applicable federal, state and local legal requirements.

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on September 16, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units. The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs:
Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities
To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.
(b) This Agreement shall be construed under the laws of the State of Georgia.
(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.
(d) Any notice of communications hereunder shall be in writing, addressed as follows:

    City:   Kym Chereck, City Clerk/Election Superintendent
            City Hall
            310 Technology Parkway
            Peachtree Corners, GA  30092
            kchereck@peachtreecornersga.gov

    Board: Kelvin Williams, Elections Coordinator
            75 Langley Drive
            Lawrenceville, GA 30046
            kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.
(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this _1st_ day of _February_, 2019.

City of Peachtree Corners:

By: _Mike Mason_
    Mike Mason, Mayor

Attest:

_Kym Chereck_
Kym Chereck, City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

_John Mangano_
By: John Mangano, Chair

Attest:

_____
Lynn Ledford, Elections Supervisor



STATE OF GEORGIA

COUNTY OF GWINNETT

### INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF Snellville AND THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of Snellville Georgia, a Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as "City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to as "Board."

#### WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of Registrations and Elections having jurisdiction over the conduct of primaries and elections (1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all the powers and duties relating to the conduct of elections and registration of voters as election superintendent and board of registrars pursuant to the provisions of Title 21 of the Official Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the authority to contract with any municipal corporation located within Gwinnett County for the holding by the Board of any primary or election to be conducted within the municipal corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use of election equipment recommend that cities and counties enter into intergovernmental agreements outlining the responsibilities and obligations of the election superintendent of the city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions, desire to enter into this contract outlining the duties and obligations of each party to this Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City (hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for the specified City Election. It is the intent of the parties that the use of the Election Equipment in conduct of the City Election shall be in compliance with all applicable federal, state and local legal requirements.

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on _____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units.  The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs

Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities

To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.

(b) This Agreement shall be construed under the laws of the State of Georgia.

(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.

(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City:   City of Snellville
        2342 Oak Road
        Snellville, GA 30078

Board: Kelvin Williams, Elections Coordinator
       75 Langley Drive
       Lawrenceville, GA 30046
       kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.

(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the

authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties.

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this ⎯15⎯ day of ⎯February⎯, 2019.

City of ⎯Snellville⎯

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ , Mayor

Attest:

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
By: John Mangano, Chair

Attest:

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Lynn Ledford, Elections Supervisor

STATE OF GEORGIA

COUNTY OF GWINNETT

### INTERGOVERNMENTAL AGREEMENT BETWEEN THE CITY OF _Sugar Hill_ AND THE GWINNETT COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS FOR CITY ELECTIONS BORROWING ELECTION EQUIPMENT

THIS AGREEMENT entered into between the City of _Sugar Hill_ Georgia, a Municipal Corporation, lying within the County of Gwinnett, Georgia, hereinafter referred to as "City" and the Gwinnett County Board of Registrations and Elections, hereinafter referred to as "Board."

### WITNESSETH

WHEREAS, the Georgia General Assembly created the Gwinnett County Board of Registrations and Elections having jurisdiction over the conduct of primaries and elections (1988 Ga. Laws, p. 4296, as amended), and provided that the Board was empowered with all the powers and duties relating to the conduct of elections and registration of voters as election superintendent and board of registrars pursuant to the provisions of Title 21 of the Official Code of Georgia; and

WHEREAS, pursuant to 1988 Ga. Laws, p. 4296, as amended, the Board has the authority to contract with any municipal corporation located within Gwinnett County for the holding by the Board of any primary or election to be conducted within the municipal corporation; and

WHEREAS, recommended guidelines of the Secretary of State concerning municipal use of election equipment recommend that cities and counties enter into intergovernmental agreements outlining the responsibilities and obligations of the election superintendent of the city and the election superintendent of the county; and

WHEREAS, the City and the Board, in the performance of their electoral functions, desire to enter into this contract outlining the duties and obligations of each party to this Agreement in the conduct of any 2019 Municipal Elections for the citizens of the City (hereinafter referred to as the "City Election") as hereinafter described; and

NOW, THEREFORE, in consideration of the premises contained herein, the sufficiency of which is hereby acknowledged, it is hereby agreed by the City and the County as follows:

(1) Conduct of City Election
This Agreement shall govern the use of the Board's Election Equipment by the City for the specified City Election. It is the intent of the parties that the use of the Election Equipment in conduct of the City Election shall be in compliance with all applicable federal, state and local legal requirements.

(2) Term of Agreement

The duties and obligations to be performed pursuant to this Agreement shall commence on _____, 2019 and end on December 31, 2019.

(3) Duties and Responsibilities

As used in this subsection the term "City" shall be construed to include the City's designee, agent, or authorized representative. The term "Board" shall be construed to include the Board's designee, agent, or authorized representative.

(a) City

1. The City will be responsible for ordering any and all ballots from its vendor.
2. The City will be responsible for any translated materials, including but not limited to Official Ballots, Sample Ballots, public notices, etc.
3. The City will be responsible for contracting with State approved vendors for programming election equipment and creating Absentee by mail ballots, Provisional voting ballots, Challenge voting ballots and Election Day voting and Advance in person voting.
4. The City will be responsible for obtaining all material forms for the conduct of the election from the Secretary of State's Election Division.
5. The City shall provide the Board with a written request indicating specifically the number of Direct Record Electronic Voting Units (hereinafter referred to as DRE Units) the City needs to borrow 60 days prior to election date.
6. The City shall be responsible for obtaining, if needed, Optical Scan Voting Units (hereinafter referred to as "OS Units") for use in scanning and tabulation of absentee, challenge, advance in person and provisionally voted ballots.
7. The City shall mark voters on the paper Electors List that is provided by the Board.
8. The City will use a DRE Unit for card creating purposes.
9. The City will be responsible for and will conduct its own Logic and Accuracy Testing on all equipment.
10. The City will be responsible for hiring and training its own poll officials.
11. The City will be responsible for any training of its staff through Kennesaw State University Center for Elections (hereinafter referred to as "KSU") and/or the Secretary of State's Office.
12. The City will be responsible for conducting all aspects of the City Election.
13. The City will be responsible for certifying its own election results using the tapes printed from the DRE Units and the OS Units.

(b) Board and/or Elections Supervisor

1. The Board shall provide the City with a paper Electors List to be used for marking voters.
2. The Board shall provide the City with the specified number of units requested, including peripherals including the voters with disability kit and thermal tape used in the units for tabulation of results.

(c) The Board and the City agree to mutually discuss and schedule dates and times for the City to pick-up the DRE Units.  The Board and the City further agree to mutually set a date and time the City will return the DRE Units, to the Board.

(4) Costs
Any and all costs associated with the conduct of the City Election shall be the responsibility of the City.

(5) Legal Responsibilities
To the extent permitted under Georgia Law, the City shall be solely responsible for any liability resulting from any claims or litigation arising from or pertaining to the City Election.

(6) Miscellaneous

(a) The terms of this Agreement shall not be altered, amended, or modified except in writing signed by duly authorized officers or representatives of the parties.
(b) This Agreement shall be construed under the laws of the State of Georgia.
(c) If any paragraph, subparagraph, sentence, clause, phrase, or any portion of this Agreement shall be declared invalid or unconstitutional by any court of competent jurisdiction, such invalidity shall not be construed to affect the portions of this Agreement not held to be invalid.
(d) Any notice of communications hereunder shall be in writing, addressed as follows:

City:  Sugar Hill
       5039 West Broad St.
       Sugar Hill, GA 30518
       ATTN   Jane Whittington
Board: Kelvin Williams, Elections Coordinator
       75 Langley Drive
       Lawrenceville, GA 30046
       kelvin.williams@gwinnettcounty.com

(e) This Agreement shall be exclusively for the benefit of the City and the Board and shall not provide any third parties with any remedy, claim, liability, reimbursement, cause of action, or other right.
(f) The performance of either party hereunder shall be excused if such party is reasonably precluded from performance by the occurrence of an Uncontrollable Circumstance, which shall be defined as follows: Any act, event, or condition, or any combination thereof, that is beyond the reasonable control of the party relying on the same and that materially interferes with the performance of the party's obligations, to include, but not be limited to, (a) acts of God; (b) fire, flood, hurricane, tornado, and earthquakes; (c) the failure of any utility provider to provide and maintain utility services through no fault of the party; and (d) the preemption, confiscation, diversion, destruction, or other interference in possession or performance or supply of materials or services, by or on behalf of, or with the

authority of, a governmental body in connection with a declared or asserted public emergency by an entity other than one of the parties;

(g) Each of the individuals who execute this Agreement agrees and represents that he or she is authorized to execute this Agreement on behalf of the respective party.

IN WITNESS WHEREOF, the parties have hereunto set their hands and affixed their seals this _____ day of _____, 2019.

City of _Sugar Hill_ :

By: _Steve Edwards_, Mayor

Attest:

City Clerk, Seal

Gwinnett County Board of Registrations and Elections:

By: John Mangano, Chair

Attest:

Lynn Ledford, Elections Supervisor