# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | File No. 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PROTECTIVE ORDER</u>

The Court enters the following Protective Order ("the Order"), to which the Parties shall be bound, subject to later modification by Court order.  It is **HEREBY ORDERED**:

1.    **Scope and Third Parties.** As used in this Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1), as well as information derived from such. A draft or non-identical copy is a separate document within the meaning of this term. All documents produced in the course of discovery ("documents") shall be subject to this Order as set forth below. Any party to this case and all third parties who have received subpoenas (collectively for purposes of this Order, "Designating Parties") may designate materials as "Confidential" or

"Attorneys' Eyes Only" under this Order if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c). The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

2. **Confidential Material.** Unless such information has previously been deemed a public record under Georgia law by a federal or state court, the following information contained in documents shall be deemed "confidential" for purposes of this Order, subject to challenge by the parties pursuant to procedure provided in Section 11 herein:

a. **Particular Voter Information:**

   i. The personal telephone numbers of individuals;

   ii. The personal email addresses of individuals or other contact information used for electronic messaging; and,

   iii. Other information that is not public pursuant to federal or Georgia law that could reveal the identity of a specific individual.

b. **Particular Information in Agency and Organizational Files:**

2

    i.    Non-public information about agency operations that could impede legitimate operations of the agency if publicly disclosed;

    ii.    Non-public information about Plaintiffs' operations that could impede legitimate operations of Plaintiffs' if publicly disclosed; and

    iii.    Information that is not public pursuant to federal or Georgia law that could impede legitimate government interests if publicly disclosed.

**c.    Such other information that the parties mutually agree in good faith meets the good cause standard and should be considered "confidential."**

**d.    Nothing contained herein prohibits another party or third-party from designating materials as "Confidential" if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c).   The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.**

**3.    "ATTORNEYS' EYES ONLY" Material:** "ATTORNEYS' EYES ONLY" material means information, documents, and things the designating party

3

believes in good faith is not generally known to others and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence or (ii) believes in good faith is sensitive and protected by a right to privacy under federal or Georgia law or any other applicable privilege or right related to confidentiality or privacy. "ATTORNEYS' EYES ONLY" material does not include information that has previously been deemed a public record under Georgia law by a federal or state court. The designation is reserved for information that constitutes proprietary or sensitive information that the producing party maintains as confidential in the normal course of its operations such that disclosure could impede legitimate operations, including but not limited to plans and strategy for security, countermeasures and defenses, security audits and investigations, and information regarding software and/or database structure or architecture. "ATTORNEYS' EYES ONLY" material may include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and may be designated as such in the manner described in Section 5. The following information may be deemed "ATTORNEYS' EYES ONLY" material for the purposes of this order; however, the fact that such information is listed in this order shall not be construed as a waiver of a party's

objections to the production or disclosure of said information or as an agreement to produce such information absent a further order of this Court:

**a.** **Particular Voter Information:**

i.      The social security numbers of individuals, in whole or in part;

ii.     The driver's license numbers of individuals;

iii.    The birth dates of individuals;

iv.     Information that would compromise the secrecy of a voter's ballot if publicly disclosed;

v.      Other government-issued unique identifiers of individuals; and

vi.     Other information that is confidential pursuant to federal or Georgia law that could reveal the identity of a specific individual.

**b.** **Particular Information Regarding Security:**

i.      Methods, tools, and instrumentalities of security tests, audits, and investigations, but not findings (unless disclosure of such findings would create an threat to the security of voting systems or other State infrastructure); and

ii.     Information related to security of voting systems that would create an threat to the ongoing security of such systems if publicly disclosed.

4.      **Designation of "CONFIDENTIAL" Material and Application of Confidentiality Provisions.** The designation of material in the form of documents, discovery responses, or other tangible material other than depositions or other pre-trial testimony shall be made by the designating party by affixing the legend "CONFIDENTIAL" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 6 below.  All material designated "CONFIDENTIAL" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the designating party by informing the receiving party of the designation in writing. The confidentiality rules in this Order will apply to all material marked "CONFIDENTIAL."

**a. Basic Principles.**  A receiving party may use "Confidential" information that is disclosed or produced by any designating party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  "Confidential" material may be disclosed only to the categories of persons and under the conditions described in this Order.  "Confidential" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**b. Disclosure of "Confidential" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "Confidential" may only be disclosed to:

    i.    counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    ii.    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    iii.    the Court, court personnel, and court reports and their staff;

    iv.    copy or imaging services retained by counsel to assist in the duplication of "Confidential" material;

    v.    during, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

vi.   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

vii.   Parties, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

viii.   employees, officers, representatives, and directors of Parties, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

c.   **Filing "Confidential" Material.** Before filing "Confidential" material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "Confidential" designation, whether the document can be redacted, or whether a motion to seal is warranted. If the parties cannot agree on the handling of "Confidential" material in court filings, then the party seeking to file such material must either move to file the material under seal as described in Section III(f)(ii) of this Court's Standing Order [Doc. 11] or for a court order permitting filing on the public record.

5.   **Designation of "ATTORNEYS' EYES ONLY" Material and Application of "ATTORNEYS' EYES ONLY" Provisions.** The designation of

8

material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the designating party by affixing the legend "ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 6 below.   All material designated "ATTORNEYS' EYES ONLY" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the designating party by informing the receiving party of the designation in writing. All documents designated "ATTORNEYS' EYES ONLY" by any Party shall be governed by this section.

     **a.**    **Basic Principles.** A receiving party may use "ATTORNEYS' EYES ONLY" material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "ATTORNEYS' EYES ONLY" material may be disclosed only to the categories of persons and under the conditions described in this Order. "ATTORNEYS' EYES ONLY" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**b.**    **Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "ATTORNEYS' EYES ONLY" may only be disclosed to:

     i.    counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

     ii.    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     iii.    the Court, court personnel, and court reporters and their staff;

     iv.    copy or imaging services retained by counsel to assist in the duplication of "ATTORNEYS' EYES ONLY" material;

     v.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

      vi.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      vii.   E-discovery vendors, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

   **c.**    **Filing "ATTORNEYS' EYES ONLY" Material.** Before filing "ATTORNEYS' EYES ONLY" material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "ATTORNEYS' EYES ONLY" designation, whether the document can be redacted, or whether a motion to seal is warranted. If the parties cannot agree on the handling of "ATTORNEYS' EYES ONLY" material in court filings, then the party seeking to file such material must either move to file the material under seal as described in Section III(f)(ii) of this Court's Standing Order [Doc. 11] or for a court order permitting filing on the public record.

   **6.**    **Designation of Deposition Testimony.** In order to designate deposition testimony as "Confidential" or "ATTORNEYS' EYES ONLY," the designating party shall give prompt notice that it will seek the protections of this

Order either at the deposition or within **seven (7) days** after receipt of the deposition transcript, in accordance with the provisions and restrictions of this Order. Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "Confidential" until the expiration of such seven (7) day period.

7.     **Documents, Things, and Information Produced by Non-Parties.** Any party may designate as CONFIDENTIAL any documents or things produced by a non-party in this action, including but not limited to documents produced pursuant to an open records requests under O.C.G.A. § 50-18-70 *et seq.*, that contain information deemed CONFIDENTIAL by the designating party by providing written notice of the designation to all counsel of record and to counsel for the disclosing non-party within **seven (7) days** after the designating party receives the produced document or thing.  If no party designates the document or thing as CONFIDENTIAL within the seven (7) day period, and if the disclosing non-party has not designated the document or thing as CONFIDENTIAL, then the document or thing shall be considered not to contain any CONFIDENTIAL information.

8.     **Use of Documents Containing Redacted Confidential Information.** The parties and their counsel and experts agree to redact confidential information from documents before: (a) using such documents at trial, any hearing, or any court

12

proceeding; (b) attaching such documents to any pleading or filing; or (c) using such documents in any other way where the documents could be seen by the public or by anyone not bound by this Order.

9.    **Other Redactions.** Nothing in this Order precludes the parties from making redactions for privilege or for other legal reasons before documents are produced.

10.    **Inadvertent Disclosure.** A Party that has inadvertently produced "Confidential" Information or "ATTORNEYS' EYES ONLY" Information without so designating it may at any time re-designate such information as "Confidential" or "ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure of "Confidential" or "ATTORNEYS' EYES ONLY" Information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If a Party inadvertently or unintentionally produces "Confidential" Information or "ATTORNEYS' EYES ONLY" Information without designating it as such in accordance with the provisions of this Order, that Party shall promptly upon discovery, either: (a) demand the return of the "Confidential" or "ATTORNEYS' EYES ONLY" Information; or (b) furnish a properly marked substitute copy, along with written notice to all Parties that such document or information is deemed "Confidential" or "ATTORNEYS' EYES ONLY" and should be treated as such in

accordance with the provisions of this Order. Each receiving Party must treat such document or information as "Confidential" or "ATTORNEYS' EYES ONLY" from the date such notice is received, but each receiving Party shall have no liability for any disclosures of such information that were made prior to re-designation. Disclosure of "Confidential" or "ATTORNEYS' EYES ONLY" Information prior to the receipt of such notice, if known, shall be reported to the designating Party.

11.     **Challenge of "Confidential" or "ATTORNEYS' EYES ONLY" Designations.**  Any Party who wishes to challenge the propriety of the designation of Information as "Confidential" or "Restricted Confidential" may do so by providing written notice to the Producing Party within **four (4) days** of the designation of the information as "Confidential" or "Restricted Confidential."  The notice shall (a) attach a copy of each document subject to challenge, or identify each such document by production number or other appropriate designation, and (b) set forth the reason for such objection.  The objecting Party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting Party may seek a decision from the Court with respect to the propriety of the designation. The subject material will continue to be protected under this Protective Order until the Court orders otherwise.  As provided in the Court's July 2, 2019 Order, (Doc. 446), for any documents produced

by the Counties or municipalities in response to Plaintiffs' Georgia Open Records Act requests that the State intends to retroactively or prospectively designate as "Confidential," Plaintiffs may share the documents with both their experts and the lead Plaintiff-parties in this case if the individual Plaintiffs execute an agreement requiring them to maintain the confidentiality of those documents.  Plaintiffs may lodge challenges to the confidentiality designation of any documents and the Court will resolve all timely objections the week of the July 25, 2019 injunction hearing. However, the Court encourages the parties to resolve all such challenges to the greatest extent feasible before that time.  Any challenges and requests for the Court to rule on the confidentiality designations for documents the parties anticipate using at the injunction hearing must be filed on the docket **NO LATER THAN JULY 17, 2019**.

   **12.    No Waiver.** The inadvertent failure to assert a claim of attorney-client privilege or protection under the work product doctrine shall not constitute a waiver of the right to claim a privilege or protection.  Any party may challenge any such claim of privilege or protection on any ground.

   **13.    Order Remains in Effect.** This Order shall remain in effect throughout the course of this litigation and during any appeals. Following the termination of this litigation, the Order shall remain in effect for confidential information derived from

properly designated documents, and the Court shall retain jurisdiction to enforce this provision.

**14.    Destruction of Un-Redacted Documents Containing Confidential Information.** This Paragraph applies to documents that contain un-redacted "Confidential" or "Attorneys Eyes Only" information. Within ninety days after final disposition of this case not subject to further appeal, the parties and their counsel and experts, and all other persons having possession, custody, or control of such documents, shall either: (a) return all such documents and any copies thereof to the individual or entity that produced the documents; or (b) destroy hard copies of such documents and all copies thereof with a shredder and make reasonable efforts to delete all electronic copies of such documents from all systems and databases. Notwithstanding the above requirement, the parties are entitled to retain (a) one copy of pleadings containing un-redacted confidential information and (b) un-redacted confidential information that is incorporated in attorney work product so long as the parties restrict access to such information to those persons who are permitted access under the Order.

**15.    Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure of any documents produced or

used in discovery or at trial, including the ability to order removal of a "Confidential" or "ATTORNEYS' EYES ONLY" designation.

16.   **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The parties may seek revision of the deadlines for making confidentiality designations and challenges, if necessary, after the conclusion of the preliminary injunction hearing scheduled for July 25 and 26, 2019.

17.   **No Prior Judicial Determination.** This Order is entered based on the presentations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any confidential documents or information are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.   **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and their employees, officers, directors, and agents, testifying and non-testifying experts, and persons made subject to this Order by its terms. This Order shall apply to all "Confidential" or "ATTORNEYS' EYES ONLY" Information that was produced by any Party after

17

the submission of this proposed Protective Order to the Court and appropriately marked as such at the time of production.

**IT IS SO ORDERED**, this 11th day of July, 2019.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, et al.,                  )
                                        )
    Plaintiff,                          )
                                        )          Civil Action
v.                                      )
                                        )          File No. 1:17-CV-2989-AT
BRAD RAFFENSPERGER, et al.,             )
                                        )
    Defendant.                          )

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective

Order dated July 11, 2019 in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States Court for the Northern

District of Georgia in matters relating to the Stipulated Protective Order.

The undersigned acknowledges that violation of the Protective Order may

result in penalties for contempt of court or any other penalty otherwise imposed by

the United States District Court for the Northern District of Georgia.

Signed: _____ by _____ (print name)

Business Address: _____

Date: _____