# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., | : |
| Plaintiff, | : Civil Action No.: 1:17-cv-2989-AT |
| vs. | : |
| BRAD RAFFENSPERGER, ET AL., | : |
| Defendant. | : |

## STATE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO SEAL DOCUMENTS RELATED TO THE PARTIES' JOINT DISCOVERY STATEMENT

Defendant Brad Raffensperger ("Defendant" or "Secretary"), in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia and Defendants David J. Worley, Rebecca N. Sullivan, Anh Le and Seth Harp (collectively, "State Defendants") the parties' joint discovery statement and exhibits thereto, [Doc. 487], and GEMS database screenshots to be filed by the Curling Plaintiffs (the "Documents"). Public disclosure of the sensitive information in these Documents could threaten the security of Georgia's election system.

## ARGUMENT AND CITATION TO AUTHORITY

**A.      Legal Standard**

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G) (noting a trial court may require that certain information "not be revealed or be revealed only in a specified way"). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also* Local Rules at App. H. § II(J) (incorporating these factors).

In addition, right-to-access considerations are weaker with respect to pre-trial motions. *See Syngenta Crop Protection, LLC v. Willowood, LLC*, 2017 WL 6001818, at *2 (M.N.C. Dec. 4, 2017) (civil *trial* is where public's interest in access "is almost at its peak").

**B.     Good Cause Exists for Sealing or Redacting the Documents**

There is good cause to seal the Documents. First, "allowing access would . . . harm legitimate privacy interests." *See Romero*, 480 F.3d at 1246. The Documents include information regarding the Georgia election system's critical infrastructure, which, if published, although not sufficient in itself to compromise the system, could provide potential hackers or bad actors with additional information about methods of accessing Georgia's election system. Georgia has security features around its election systems and the lack of public disclosure of those features is part of its overall security. Second, as for "the degree of and likelihood of injury if made public," the degree of the possible injury is high, as Georgians' have an interest in the safekeeping of the state's election system. *See id.* The security of elections systems is essential to ensure the right to vote and have that vote counted, other rights are "illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Elections officials in Georgia and across the country operate in a universe where the security of their systems is a paramount concern.

Recognizing the fundamental importance of elections security, the United States Department of Homeland Security designated elections infrastructure as "Critical Infrastructure," a designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters." 42 U.S.C. § 519c(e). The Documents disclose information regarding the GEMS database which is not otherwise public knowledge and the documents themselves speak to fact that disclosure of non-public details of this sensitive nature increase the risk to sensitive items.[1] Third, the Documents contain screenshots of the Georgia's GEMS database provided by State Defendants pursuant to this Court's Order, [Doc. 463], the "reliability of [that] information"—that it is the actual GEMS database produced by the Secretary—is not disputed by either party. *Romero*, 480 F.3d at 1246. Similarly, all attendant documents to the Joint Discovery Statement discuss that information at length.

Fourth, there is no question that Plaintiffs have had and will have the "opportunity to respond to the information." *Id.* Indeed, the Joint Discovery Statement contains their response to the Documents and information contained

---

[1] *See* [Doc. 487 at 6].

therein. Fifth, while the information contained in the Documents "concerns public officials or public concerns," *id.*, the fact that it relates to the public concern of safeguarding elections is the reason the Documents should be sealed. Finally, there is not "a less onerous alternative to sealing the documents," *id.*, due to the sensitivity of the information. *See* 42 U.S.C. § 519c(e).

## CONCLUSION

State Defendants' Motion to Seal Documents Related to the Parties' Joint Discovery Statement should be granted.

Respectfully submitted, this 16th day of July, 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
Ga. Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com

kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

***TAYLOR ENGLISH DUMA LLP***
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this brief was prepared in compliance with Local Rule 5.1C in that it is in Times New Roman 14-point font.

*/s/ Vincent R. Russo*
Vincent R. Russo

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **STATE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO SEAL DOCUMENTS RELATED TO THE PARTIES' JOINT DISCOVERY STATEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 16th day of July, 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo