# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, *et al*.<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

## **DECLARATION OF BRYAN P. TYSON**

Pursuant to 28 U.S.C. § 1746, I, Bryan P. Tyson, make the following declaration:

1.

My name is Bryan P. Tyson. I am over the age of 21 years, and I am under no legal disability which would prevent me from giving this declaration. I am counsel for the State Defendants in this matter and if called to testify, I would testify under oath to these facts.

2.

My law firm, Taylor English Duma LLP ("Taylor English"), has extensive experience handling highly sensitive and secure data. Our Data Security and

1

Privacy Department and e-Discovery Team regularly handle sensitive information, including information regarding the operation of data centers and assisting corporations with cybersecurity breaches. We also regularly advise companies regarding their systems and practices in protecting electronic data and that embodied on physical media, including extremely sensitive trade secrets. The firm regularly reviews its information-security practices for both electronic systems and physical premises security.

3.

Taylor English is in a facility with 24-hour security, maintains its own IT department, and has extensive protocols surrounding the protection of sensitive electronic and hard-copy data on behalf of its clients. Among other things, the firm regularly employs role-based access to systems and premises, and uses a combination of security and segregation mechanisms to segregate certain assets for security, continuity, and other reasons.

4.

As a result of our experience with and protocols surrounding the protection of sensitive data, I am confident that we can maintain the memory card and malware under conditions designed to prevent their access, use, modification, or distribution except as authorized by the Court.

5.

Our Chief Administrative Officer, Jay Boros, has extensive experience managing the physical security of the premises. He previously worked as a Senior Vice President at SunTrust Banks and also worked as a Senior Program Manager at IBM. He holds a Master's Certificate in Information Technology Management from Georgia Tech and has taken a Six Sigma Black Belt Program. He is a certified Project Management Professional and a Certified SAFe Program Consultant (SPC) by Scaled Agile.

6.

As required, I will consult with Mr. Boros and the Chair of our Data Security and Privacy Department, Mitzi Hill, about the implementation of any protocols used to ensure the security of the memory card containing the malware designed by Dr. Halderman. Ms. Hill regularly speaks and writes on data security and data breach issues for corporations and financial professionals. Her work includes payment card compliance, protection of health care records, and advising companies facing data breaches. Her professional biography is available at https://www.taylorenglish.com/people-Mitzi-L-Hill.html

7.

In response to the Court's July 16, 2019 Order regarding the security protocols that will be used to protect the memory card, Taylor English is prepared to implement the following security protocols.

8.

Taylor English will establish a locked, secure work area to which only State Defendants' attorneys and designated experts (Michael Shamos and Theresa Payton) and staff working under their direct authority and control have access. The work area will be subject to 24-hour video surveillance and the memory card would be maintained in a locked safe when not in use. A log of all access to the secure work area would be maintained.

9.

The secure work area will include one computer, one PCMCIA duplication unit, and one Direct Recording Electronic voting machine. Each of these items will be clearly marked as "Protected," will not leave the secure work area, and will not be used for any election or attached to any election systems after being placed in the secure work area. The computer, duplication unit, and DRE will be air-gapped, password-protected (if available on the particular unit), and not connected to any external or internal network (including wireless access).

10.

State Defendants' attorneys and designated experts and staff under their control and direction would be permitted to bring their own laptops into the secure work area. Beyond material required to analyze the memory card, no additional equipment or materials would be permitted in the secure work areas.

11.

If Plaintiffs provide only one memory card for the Taylor English location, State Defendants' designated experts will create one duplicate memory card using the PCMCIA duplicator, but will not be permitted to create any other copies of the memory card. If Plaintiffs provide two identical memory cards for the location at Taylor English, State Defendants will not include a duplicator in the secure work area and will not make any additional copies of the memory card or the software on it.

12.

Under no circumstances would the malware or the information on the memory card be installed on any non-Protected computer, DRE, or other unit. While attorneys and designated experts would be permitted to use external hard disks and removable storage media (*e.g.*, USB drives, CD-Rs, and DVD-Rs) on

their own laptops and other devices, those devices would not be permitted to be installed or connected to a Protected unit.

13.

All designated experts and staff under their control and direction entering the secure work area would be required to sign confidentiality agreements and be bound by the terms of the Protective Order entered in this case.

14.

In addition to the above-outlined protocols, Taylor English is prepared to implement any additional restrictions the Court may require.

15.

Dr. Shamos will conduct any review of the memory card and its contents at the Taylor English location or at the proposed Fortalice location.

16.

These protocols should be more than sufficient to ensure the security of the memory card and the malware contained on it. In addition, my firm has the experience and capability to ensure these protocols are effectively implemented and enforced.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of July, 2019.

/s/ Bryan P. Tyson
BRYAN P. TYSON