IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' BRIEF IN SUPPORT OF MOTION
TO SEAL THEIR REPLY IN SUPPORT OF THEIR MOTION FOR
PRELIMINARY INJUNCTINON AND SUPPORTING MATERIALS**

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") seek to seal portions of their Reply in Support of their Motion for Preliminary Injunction (Doc. 510 "Reply"), portions of the Declaration of J. Alex Halderman (Doc. 510-1 "Halderman Decl."), the Declaration of Catherine L. Chapple (Doc. 510-4 "Chapple Decl.") and Exhibits A - C (Docs. 510-5, 510-6, 510-7 "Exhibits").  Exhibits A through C are cyber risk assessments of Georgia's voting technology conducted by Cloudburst Security and Fortalice Solutions in support of the Office of the Georgia Secretary of State.  These documents have been produced by Defendants in the above-captioned litigation and have been designated by Defendants as Attorney's Eyes Only pursuant to paragraph 3 of the

Protective Order (Doc. 477). Additionally, portions of Curling Plaintiffs' Reply refer to information related to the GEMS database that has also been designated as Attorney's Eyes Only. Public disclosure of this sensitive information regarding the continued vulnerabilities of Georgia's election system, could potentially cause considerable harm to election systems in both Georgia and across the United States.

## ARGUMENT AND CITATION TO AUTHORITY

The Curling Plaintiffs recognize that there is a presumption of public access to judicial documents. However, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001) (alteration in *Romero*). In determining whether to seal a document, the Court should consider the following, non-exhaustive list of factors: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there

2

will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Here, the balance of competing interests weighs in favor of sealing portions of Curling Plaintiffs' Reply, portions of the Halderman Declaration, the Chapple Declaration, and the entirety of Exhibits A - C. These documents contain information designated Attorney's Eyes Only pursuant to paragraph 3 of the Protective Order (Doc. 477). They also contain sensitive details regarding the current lack of security in Georgia's systems, publication of which would potentially aid bad actors in gaining unauthorized access to the systems currently in place both in Georgia and other jurisdictions. This information need not be made publicly available in order to permit a fair and full consideration of the merits of the present case. Both parties, and the public, have a significant interest in keeping these documents confidential. Therefore, Curling Plaintiffs ask that the Court grant their Motion to Seal.

Dated: July 18, 2019                    Respectfully submitted,

                                         */s/ David D. Cross*
                                        David D. Cross (*pro hac vice*)
                                        John P. Carlin (*pro hac vice*)
                                        Catherine L. Chapple (*pro hac vice)*

3

Jane P. Bentrott (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
CChapple@mofo.com
JBentrott@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER , ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, a copy of the foregoing **Curling Plaintiffs' Brief in Support of Motion their Reply in Support of the their Motion for Preliminary Injunction and Supporting Materials** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

6