IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al*.

    *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' RESPONSE TO THIS COURT'S JULY 19, 2019 ORDER

COME NOW Defendants Secretary of State Brad Raffensperger, State Election Board, and State Election Board Members ("State Defendants") and respond to this Court's Order directing the State Defendants to provide updated and additional information relating to upcoming 2019 municipal elections. [Doc. 512.]

## INTRODUCTION

As noted in our previous filing, which is incorporated by reference, State Defendants play a limited role in municipal elections. [Doc. 367 at 1-3]; *see also* O.C.G.A. § 21-2-31. Municipalities have the authority to determine the timing of

their elections, method of conducting those elections, and whether to contract with the county to conduct those elections.  When municipalities contract with their county to conduct the municipal elections, the State Defendants perform the same actions as if the election were a county, state, or national election.  *See* Doc. 367 at Sec. 3 (listing services performed by the State when a municipality contracts with a county to conduct its elections).  When a municipality conducts its election on its own—using its own equipment or leasing equipment from a vendor—it has limited interaction with the counties and the State.  (*See* Dep. of Lynn Ledford at 55:8-13, 57:17-58:12; Ex. 5; *see also* Dec. of M. Arnold at ¶¶ 20-21, attached as **Exhibit A**; Dec. of J. Elliott at ¶ 6, attached as **Exhibit B**.)  A municipality may own its own equipment, use a different voting method than DREs, and/or work with a third-party vendor to build its own ballot.  A municipality may only ever contact the State when it notifies the State of its intent to call an election and when it provides post-election information.  O.C.G.A. § 21-2-9(c); (Dec. of M. Arnold at ¶ 21.); (Dec. of J. Elliott at ¶ 8.)  Georgia law only requires the municipalities to provide 30 days' notice to the State of an upcoming election (which would be August 3 for an upcoming September election and October 7 for an upcoming November election). O.C.G.A. § 21-2-9(c); (*see also* Dec. of M. Marks at ¶¶ 3, 6 (noting the Coalition for Good Governance has contacted all counties and municipalities

regarding 2019 elections and "[a] large number of municipalities have not yet determined whether they will be required to conduct November elections, as candidate qualifying paper[s] are not yet due.")

## RESPONSES TO COURT'S REQUESTED INFORMATION

The Court seeks four types of information.[1]

(1)   *Identify all municipalities that contract with a county to conduct municipal elections by DRE.*

The counties and municipalities have no legal obligation to provide information about contracts to the State and there is no central authority that can provide complete answers to this Court's requests.  The State Defendants, however, have worked to gather the information requested.  The information State Defendants have gathered regarding upcoming municipal and county elections is attached as **Exhibit C**.   Based on the information received to date, out of 366 municipalities, the majority will rely on counties to conduct their upcoming elections, which will utilize DREs.[2]

---

[1] Given the limited role the State plays in municipal elections, it does not maintain the information requested by the Court.  (*See* Doc. 391 at 73:13-75:1.) In an effort to provide additional information, Secretary of State Staff contacted counties and municipalities throughout the state. *See* Dec. of K. Rayburn attached as **Exhibit D**.

[2] Those municipalities that do **not** contract with the county to conduct elections are highlighted in yellow.

(2)  *Identify all municipalities that currently conduct their own elections and identify the primary method of voting (DRE, paper ballot and optical scanner, or some other method).*

Exhibit C also identifies those municipalities that have reported to State Defendants that they will not use the county to run their upcoming November 2019 elections, as well as the primary in-person method of voting used by those municipalities.  Based on information received to date, there are almost 100 municipalities that will conduct their own elections.

(3)  *Identify all municipalities that operate their own DRE-based elections (programmed by a third-party vendor rather than the Secretary of the State).*

Based on information the Secretary of State has received from counties and municipalities to date, there are at least four (4) municipalities that own DREs which will also be utilized in the upcoming November 2019 municipal elections: Riverdale, Chickamauga, College Park, and Eatonton.  There may be other municipalities that own their own DREs as well.  This does not include those cities that lease their DREs from their respective counties but still conduct their own elections and work directly with a third-party vendor for ballot building purposes.

(4) *An updated and complete chart of the scheduled county and municipal elections remaining in 2019, previously filed at Doc. 367.*

Exhibit C is an updated chart of the scheduled county and municipal elections remaining in 2019 of which the State has received notice. It also contains, as described above, additional information that the Court sought in its Order [Doc. 512]. At this time, State Defendants have received information from 133 counties regarding races in 366 municipalities. As noted in the Declaration of Kevin Rayburn, the State has contacted all counties in the State and all municipalities it already knew to be conducting their own elections seeking the information requested by this Court. As indicated above, the State Defendants will continue to contact counties and municipalities regarding the upcoming November 2019 municipal elections.

Respectfully submitted this 23rd day of July 2019.

*/s/ Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Kimberly Anderson

Georgia Bar No. 602807
kanderson@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

**STATE DEFENDANTS' RESPONSE TO THIS COURT'S JULY 19, 2019**

**ORDER** has been prepared in Times New Roman, 14 pt., a font and type selection

approved by the Court in L.R. 5.1(B).

*/s/ Vincent R. Russo*
Vincent R. Russo
GA Bar No. 242628

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing **STATE DEFENDANTS'**

**RESPONSE TO THIS COURT'S JULY 19, 2019 ORDER** with the Clerk of

Court using the CM/ECF system, which will automatically send counsel of record

e-mail notification of such filing:

This 23rd day of July, 2019

*/s/ Vincent R. Russo*
Vincent R. Russo
