## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs,*

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## DECLARATION OF CRISTINA CORREIA

I, Cristina Correia, do hereby declare and state that the following facts are true and correct to the best of my knowledge, information and belief.

### 1.

I am over the age of 21 years and am in all ways competent to give testimony, suffering no physical or mental disabilities.

### 2.

I am a Senior Assistant Attorney General for the Office of Attorney General Chris Carr.

3.

I was lead counsel for the Defendants in this action until my office's withdrawal from representation on November 3, 2017.

4.

I have read the "Coalition Plaintiffs' Hearing Brief on Evidentiary Presumption Arising From Spoliation of Evidence." Doc. 548.

5.

At no time during this litigation have I, or anyone else to my knowledge, destroyed evidence, directed others to destroy evidence, or supervised the destruction of evidence. *See* Doc. 548 at 18-19.

6.

When this lawsuit was filed on July 3, 2017, it challenged the results of the June 20, 2017, Sixth Congressional District run-off election. Doc. 1-2.

7.

Exhibit C to the initial complaint included a memorandum, dated April 18, 2017, outlining an action plan for a number of IT assets within the Center for Elections Systems (CES). Doc. 1-2 at 98-102, particularly p. 101 ¶ 7.

8.

Included in that action plan was a list of IT assets that were recommended

for replacement, including the CES public facing webserver, Dell PowerEdge

R610, and a CES Dell PowerEdge 1950.  Doc. 1-2 at 101 ¶ 7, items 8 and 9.

9.

On July 10, 2017, after business hours, I and several other attorneys received

an email from Plaintiffs' counsel with a preservation hold request.  The request

sought preservation of "all election materials for the June 20 election."  While the

email specifically identifies several items Plaintiffs sought to preserve, there was

no mention of the servers identified in paragraph 8 above.  A true and correct copy

of the email is attached as Exhibit 1.

10.

It was, and still is, my understanding that the two servers described in ¶ 8

above had been removed from CES in March, 2017 and therefore could not have

had any data relevant to the April and June, 2017 elections.

11.

On August 18, 2017, with leave of Court, Plaintiffs filed an Amended

Complaint.  Doc. 15.  Exhibit D to the Amended Complaint is the same four page

memo from Kennesaw State University that was included with the initial complaint and referenced in ¶¶ 7-8 above.  Doc. 15-1 at 18-22.

12.

On September 15, 2017, with leave of Court, Plaintiffs filed their Second Amended Complaint.  Doc. 70.  The Second Amended Complaint, extends, for the first time, Plaintiffs' claims to the November, 2016 elections.  Doc. 70 at ¶ 10.

13.

On September 26, 2017, counsel for Fulton County Defendants forwarded to me an email from Plaintiffs' Counsel, Joe Caldwell, that was dated September 22, 2017 and that had been sent to various county defense counsel and the Court, but failed to include any lawyer from the Attorney General's Office.  I subsequently sent an email to all counsel and the court, asking that Plaintiffs' counsel copy me on all future communications.  A true and accurate copy of the email exchange is attached hereto as Exhibit 2.

14.

On September 29, 2017, Plaintiffs' counsel sent an email which referred to a litigation hold letter of September 12, 2017.  I responded to this email advising Plaintiffs' counsel that I had not received a letter or litigation hold dated September 12, 2017.  A true and accurate copy of this email exchange is attached as Exhibit 3.

4

15.

Subsequent to the email exchange described in ¶ 14 above, I inquired of the

other two attorneys from my office listed as an addressee on the September 12,

2017, letter and both advised that they had not received a copy of the letter.

16.

Subsequent to the email exchange described in ¶ 14 above, Plaintiffs'

counsel, Joe Caldwell, forwarded a copy of a September 12, 2017, litigation hold

letter.  A copy of the email and letter are attached as Exhibit 4.

17.

The September 12, 2017 litigation hold letter from Plaintiffs' counsel

requests, for the first time, the preservation of data and equipment used in the

November 2016 elections.

18.

On October 6, 2017, I sent an email to Plaintiffs' counsel regarding the

Plaintiffs' litigation hold request and explained that:

> the CES server that was the subject of the alleged security lapse in
> March, 2017, was taken offline by Kennesaw State University
> Information Technology Services (UITS) on March 1, 2017, ninety
> minutes after UITS learned that certain information on the server may
> have been vulnerable to non-authorized access.  The backup server
> was also taken offline on March 1, 2017.  The FBI was contacted and
> took possession of the server from March 3, 2017 to March 17, 2017,
> and on that date, UITS erased all data on the server and backup server.

The physical servers were subsequently preserved, but without any of the data.

Exhibit 5 attached hereto.

19.

On or about October 16 or 17, 2017, I learned that the server that had been returned by the FBI to Kennesaw UITS on March 17, 2017, was, pursuant to the UITS action plan, erased on July 7, 2017 and not March 17, 2017, as I had previously believed.  *See* Exhibit 10 at 19.

20.

On or about October 16 or 17, 2017, I learned that the backup Unicoi server had been erased and the hard drive removed for surplus on August 9, 2017, and not March 17, 2017, as I had previously believed.

21.

On the morning of October 18, 2017, I sent Plaintiffs' counsel, Joe Caldwell an email advising him of what I had learned.  I received a response to my email on October 19, 2019.  A true and accurate copy of my email exchange is attached hereto as Exhibit 6.

22.

On October 26, 2017, I emailed Plaintiffs' counsel and advised that we had confirmed with the FBI that they still had a copy of the forensic image of the CES

6

server taken in March 2017. I indicated to Plaintiffs' counsel that we were

working with the FBI to get a copy of the forensic image and sent counsel a Notice

of Intent to Serve Subpoena. A true and correct copy of my email is attached as

Exhibit 7.

23.

In response to my email of October 26, 2017, Plaintiffs' counsel sent me an

email with a link to a press report and inquired whether I continued to represent

Kennesaw State University and CES. A true and correct copy of the email is

attached hereto as Exhibit 8.

24.

On or about October 27, 2019, the Office of the Attorney General

determined that it could not continue to represent the State Defendants in this

action and immediately sought appointment of conflict counsel.

25.

I did not respond to the email from Plaintiffs' counsel referenced in ¶ 23

above or to any further emails.

26.

The only actions I took in defense of the litigation after the decision to

obtain conflict counsel was to obtain each Defendant's consent to file a reply brief

7

in support of a pending motion to dismiss, to obtain each Defendant's consent to withdraw, and to provide conflict counsel with all relevant information and documents.

27.

On November 10, 2017, I was copied on an email exchange between conflict counsel for the State Defendants and Plaintiffs' counsel regarding the non-issuance of a subpoena to the FBI. Counsel for KSU put Plaintiffs' counsel on notice that the subpoena had not been issued and provided Plaintiffs' counsel with the contact information for the FBI agent with knowledge about the status of the server image in the FBI's possession. A true and accurate copy of the email exchange is attached hereto as Exhibit 9.

28.

On October 20, 2017, I was copied on an email and Open Records Act production between Jeff Milsteen, then KSU Chief Legal Affairs Officer, and Plaintiff Marilyn Marks. A true and accurate copy of that email and some of the documents provided with the email, are attached hereto as Exhibit 10.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of July, 2019.

Cristina M. Correia

# Correia Declaration

# Exhibit 1

**Cristina Correia**

| | |
|---|---|
| **From:** | Bryan Ward <bryan.ward@holcombward.com> |
| **Sent:** | Monday, July 10, 2017 5:32 PM |
| **To:** | Annette Cowart; Russ Willard; Jennifer Colangelo; Cristina Correia; Josiah Heidt; ovbrantley@dekalbcountyga.gov; LKJohnson@dekalbcountyga.gov; TGPhilli@dekalbcountyga.gov; BDBryan@dekalbcountyga.gov; Patrise.Hooker@fultoncountyga.gov; Kaye.Burwell@fultoncountyga.gov; Cheryl.Ringer@fultoncountyga.gov; David.Lowman@fultoncountyga.gov; DWhite@hlclaw.com; SHegener@hlclaw.com |
| **Cc:** | Marvin Lim |
| **Subject:** | Curling et al. v. Kemp et al.; No. 2017CV292233 |
| **Attachments:** | CURLING v KEMP (2) - COMPLAINT WITH VERIFICATION AND EXHIBITS.PDF |

Counsel,

I am counsel for the plaintiffs in the above-referenced matter, *Curling et al. v. Kemp et al.*; No. 2017CV292233 (the "Action") (Complaint attached). I am writing you as either the attorney listed online for one of the defendant entities in the above-referenced matter or as an attorney for a defendant entity in the now-dismissed *Curling et al. v. Kemp et al.*, No. 2017CV290630. The purpose of this email is to notify your clients of their obligation to take reasonable steps to preserve and retain all hard copies and electronically stored information, as defined by Rule 34 of the Federal Rules of Civil Procedure, and all other documents and physical evidence relevant to this Action. To fulfill your preservation obligation, you must take reasonable steps to preserve all hard copy documents, physical evidence, and electronically stored information relevant to this Action, including, but not limited to

- suspending the Defendant entities' data destruction and backup tape recycling policies;
  - preserving relevant software, including legacy software (unless an exact copy or mirror image is made and stored) and hardware that is no longer in service but was in service during the relevant time period;
  - retaining and preserving necessary information to access, review and reconstruct (if necessary) relevant electronic data, including identification codes and passwords, decryption applications, decompression software, reconstruction software, network access codes, manuals and user instructions;
- retaining and preserving all backup tapes or other storage media; and
  - any other reasonable steps necessary to prevent the destruction, loss, override or modification of relevant data either intentionally or inadvertently, such as through implementation of a pre-existing document retention policy.

This preservation obligation includes all election materials for the June 20 election, including, in particular, **memory cards** (PCMCIA cards) used in that election. In addition, we are available to confer about the retention and security of the voting machines and GEMS server used in the June 20 and April 18 elections. Until such time, those machines should not be disturbed, tested, or changed in any way.

The foregoing list is not exhaustive, and you and your clients must preserve all documents, physical evidence, and information relevant to this Action.

Your clients' failure to preserve relevant data may constitute spoliation of evidence, which may subject your and/or your clients to sanctions. We trust that you and your clients will preserve for the duration of this Action all relevant hard copy documents, physical items, and electronically stored information. In the event of a dispute arising out of your failure to preserve documents, we will rely on this email in court as evidence of our request and additional notice of your and your clients' preservation obligations.

We look forward to working with you in this matter.  Please contact me if you have any questions.

**Bryan M. Ward**



3399 Peachtree Road NE, Suite 400
Atlanta, Georgia 30326
404-892-5695 (Direct)
404-601-2803 (Main)
404-393-1554 (Fax)
bryan.ward@holcombward.com
www.holcombward.com

# Correia Declaration

# Exhibit 2

## Cristina Correia

| | |
|---|---|
| **From:** | Cristina Correia |
| **Sent:** | Tuesday, September 26, 2017 1:44 PM |
| **To:** | jcaldwell@steptoe.com; eschwartz@steptoe.com; Bryan Ward |
| **Cc:** | 'Amy_McConochie@gand.uscourts.gov'; 'Ringer, Cheryl'; Burwell, Kaye; Lowman, David; Bryan, Bennett D; 'Daniel White'; Josiah Heidt; Elizabeth A. Monyak |
| **Subject:** | Curling v. Kemp:  litigation hold/release |

Mr. Caldwell,

I would appreciate being copied on all of your future communications with the Court and co-Defendants, including communications regarding the litigation holds.  Please note that the GEMS servers are state property housed in the counties.

CES and the Secretary of State's office will arrange to have backup GEMS servers delivered to Cobb and DeKalb Counties so that they may keep their current GEMS servers quarantined.  I believe that resolves the issue of the GEMS servers and the litigation hold for Cobb and DeKalb.

We are working with Fulton County to try and resolve some hardware issues to allow them to utilize a backup server as well.  I will keep you and the Court posted on that progress.  At a minimum, CES can create a backup image of the Fulton County GEMS server and maintain that backup per the litigation hold.

Sincerely,
Cris Correia



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov



Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

---

**From:** Ringer, Cheryl [mailto:Cheryl.Ringer@fultoncountyga.gov]
**Sent:** Tuesday, September 26, 2017 11:37 AM
**To:** Cristina Correia
**Subject:** Curling v. Kemp:  litigation hold/release

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Friday, September 22, 2017 5:40 PM
**To:** Ringer, Cheryl; Bryan, Bennett D; Amy_McConochie@gand.uscourts.gov
**Cc:** Matt Bernhard; Schwartz, Edward; Burwell, Kaye; Bryan Ward
**Subject:** Curling v. Kemp: litigation hold/release

Counsel:

By Minute Entry of September 20, 2017, the Court ordered, among other things, that "Plaintiffs will inform Defendants by Friday, September 22, 2017, re what equipment, if any, it believes needs to remain subject to the litigation hold."

Plaintiffs specified the equipment initially which needs to remain subject to the litigation hold via its Litigation Hold confirmation letter of September 12, 2017 (attached).  Since Fulton County indicated that it seeks to have 408 DRE's released for use in the November 2017 election, and DeKalb initially sought an unspecified amount, Plaintiffs further indicated in its e-mail of September 19, 2017 (attached) which specific DRE machines Plaintiffs are releasing.  While Fulton County requested that Plaintiffs release 408 DRE machines, Plaintiffs have exceeded that amount by releasing 568 DRE's.  Further, DeKalb County has since indicated that it no longer seeks release of DREs (attached).  In short, it appears that the issue regarding release of DRE's between the parties has been resolved.

Beyond the DRE's, Fulton and DeKalb Counties both seek the release of their single GEMS servers in both of their Counties to conduct the November 2017 election.  In response, Plaintiffs are willing to release the two GEMS servers, provided that Defendants will permit Plaintiffs to copy the contents of the servers during the next week.  Specifically Plaintiffs propose to have one of its experts come to the appropriate facility in Fulton and DeKalb Counties on a specified date next week to copy the content of the GEMS servers in less than one day's time each.  The expert could do a backup of the servers using a laptop and a few external hard drives, and he can do so in the presence of a responsible person Defendants designate.

Please advise promptly if this proposal is acceptable.

As instructed by Chambers, the Court is copied on this e-mail.

Best,
Joe Caldwell

**Joe Robert Caldwell, Jr**
Partner
jcaldwell@Steptoe.com
+1 202 429 6455 direct | +1 202 429 3902 fax
Steptoe
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Cheryl M. Ringer
Senior Assistant County Attorney
Office of the County Attorney
141 Pryor St, S.W.
Suite 4038
Atlanta, GA 30303
(404) 612-0246 ( Main)
(404) 612-0263 (Direct)
(404) 703-6540 (Fax)

Notice of Confidentiality:  This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message.  This communication, and any attachments thereto, contain confidential attorney-client privileged communications and attorney work product.  If you are not the intended recipient, any disclosure, viewing, copying, distribution or use of any of the information contained in or attached to this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.  Thank You.

Correia Declaration

Exhibit 3

**Cristina Correia**

| | |
|---|---|
| **From:** | Cristina Correia |
| **Sent:** | Friday, September 29, 2017 6:18 PM |
| **To:** | 'Caldwell, Joe'; Ringer, Cheryl |
| **Cc:** | Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward |
| **Subject:** | RE: Curling v. Kemp:  Litigation hold follow-up |

Joe,

I have not received a September 12th litigation hold letter.  Would you please forward that letter to me.

Thanks,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



---

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Friday, September 29, 2017 5:48 PM
**To:** Ringer, Cheryl
**Cc:** Cristina Correia; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. Kemp: Litigation hold follow-up

Counsel,

Plaintiffs' litigation hold letter of September 12, 2017 asks, among other things, that defendants preserve DRE's and records from the April 2017, June 2017 and the November 2016 elections.  Federal and State law similarly require that electronic voting records be maintained for a period of twenty-two and twenty-four months, respectively, following an election.  *See* 52 U.S.C. 20701.  *See also* Ga. Code 21-2-500.  While each of you has acknowledged preservation with respect to the April and June 2017 elections, this e-mail seeks clarification that preservation is similarly being maintained for the November 2016 election.

Fulton County indicated on the September conference call with Judge Totenberg that Plaintiffs' request to hold electronic equipment and records related to the November 2016 election comes too late.  Fulton County states that it has already begun its logic and accuracy testing of DRE's used in the November 2016 election in preparation for the November 2017 election.  Beyond Plaintiffs' litigation hold letter, that action by Fulton County appears to violate both federal and state law.

1

Accordingly, Plaintiffs ask that Fulton County confirm if any of its electronic voting machines and equipment have been altered or over-written; and if so, how many?  How many DRE's used in the November 2016 election remain unaltered?  Plaintiffs ask the same questions of DeKalb and Cobb Counties with respect to any evidence related to the April and June 2017 elections, as identified in the September 12 litigation hold letter, and especially the November 2016 elections, as well.  If any such equipment related to the hold request has been altered or destroyed, Plaintiffs ask that defendants cease that action immediately, advise what equipment was altered, and what equipment remains which has not been altered or destroyed.

Regards,

**Joe Caldwell**
Partner
Steptoe & Johnson LLP
202 429 6455

# Correia Declaration

# Exhibit 4

**Cristina Correia**

| | |
|---|---|
| **From:** | Caldwell, Joe <jcaldwell@Steptoe.com> |
| **Sent:** | Friday, September 29, 2017 6:26 PM |
| **To:** | Cristina Correia; Ringer, Cheryl |
| **Cc:** | Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward |
| **Subject:** | RE: Curling v. Kemp:  Litigation hold follow-up |
| **Attachments:** | 17.09.12 - Litigation Hold Letter.docx |

Cris, attached hereto.

**Joe Caldwell**
Partner
Steptoe & Johnson LLP
202 429 6455

**From:** Cristina Correia [mailto:ccorreia@law.ga.gov]
**Sent:** Friday, September 29, 2017 6:18 PM
**To:** Caldwell, Joe; Ringer, Cheryl
**Cc:** Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** RE: Curling v. Kemp: Litigation hold follow-up

Joe,

I have not received a September 12th litigation hold letter.  Would you please forward that letter to me.

Thanks,
Cris




**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Friday, September 29, 2017 5:48 PM
**To:** Ringer, Cheryl
**Cc:** Cristina Correia; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. Kemp: Litigation hold follow-up

Counsel,

Plaintiffs' litigation hold letter of September 12, 2017 asks, among other things, that defendants preserve DRE's and records from the April 2017, June 2017 and the November 2016 elections.  Federal and State law similarly require that electronic voting records be maintained for a period of twenty-two and twenty-four months, respectively, following an election.  *See* 52 U.S.C. 20701.  *See also* Ga. Code 21-2-500.  While each of you has acknowledged preservation with respect to the April and June 2017 elections, this e-mail seeks clarification that preservation is similarly being maintained for the November 2016 election.

Fulton County indicated on the September conference call with Judge Totenberg that Plaintiffs' request to hold electronic equipment and records related to the November 2016 election comes too late.  Fulton County states that it has already begun its logic and accuracy testing of DRE's used in the November 2016 election in preparation for the November 2017 election.  Beyond Plaintiffs' litigation hold letter, that action by Fulton County appears to violate both federal and state law.

Accordingly, Plaintiffs ask that Fulton County confirm if any of its electronic voting machines and equipment have been altered or over-written; and if so, how many?  How many DRE's used in the November 2016 election remain unaltered?  Plaintiffs ask the same questions of DeKalb and Cobb Counties with respect to any evidence related to the April and June 2017 elections, as identified in the September 12 litigation hold letter, and especially the November 2016 elections, as well.  If any such equipment related to the hold request has been altered or destroyed, Plaintiffs ask that defendants cease that action immediately, advise what equipment was altered, and what equipment remains which has not been altered or destroyed.


Regards,

**Joe Caldwell**
Partner
Steptoe & Johnson LLP
202 429 6455


-----------------------------------------------------------------------------------------
This message is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Joe Robert Caldwell, Jr.
202 429 6455
jcaldwell@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com



September 12, 2017

**BY ELECTRONIC AND REGULAR MAIL**

Cristina Correia
Josiah Benjamin Heidt
Elizabeth Ahern Monyak
Attorney General's Office-Atl
Department of Law
40 Capitol Square, SW
Atlanta, GA 30334
404-656-7063

Cheryl Ringer
David R. Lowman
Kaye Woodard Burwell
Office of Fulton County Attorney
Fulton County Government Center
141 Pryor Street, S.W.
Suite 4038
Atlanta, GA 30303
404-612-0263
Email: cheryl.ringer@fultoncountyga.gov

Bennett Davis Bryan
DeKalb County District Attorney's Office
Stone Mountain Judicial Circuit
556 North McDonough Street
Suite 700
Decatur, GA 30030
404-687-3815
Email: bdbryan@dekalbcountyga.gov

**Daniel Walter White**
Haynie Litchfield Crane & White
222 Washington Avenue
Marietta, GA 30060
770-422-8900
Fax: 770-424-8900
Email: dwhite@hlclaw.com



Re:  *Donna Curling, et al. v. Brian P. Kemp, et al.*, Civil No. 17-cv-02989-AT,   United States District Court for the Northern District of Georgia

Dear Counsel:

As counsel for Plaintiffs in this action, and following up on our "meet and confer" conference calls on September 5 and 6, 2017, this letter is written to request that Defendants take reasonable steps to preserve all documents and records, including but not limited to all electronically stored information ("ESI"), that are relevant to the allegations in the pleadings in this action, or that are reasonably likely to lead to the discovery of admissible evidence.

Please ensure that Defendants preserve not merely the DRE voting machines, but all equipment, hard copy documents, and electronic data/information related to the November 2016, April and June 2017 elections including but not limited to:

1.  DREs (Accuvote TS machines);[1]

2.  2 Optical Scanners;

3.  TSx machines (whether used in voting or electronic transmission of voting data);

4.  voter registration records;

5.  poll books and all related electronic and paper data;

6.  10 voter access cards to be selected by the Plaintiffs from a list of inventory supplied by the Defendants;

7.  communications related to the allegations in the Complaint (including, but not limited to, requests to recanvas, concerns about the voting system, certification of the voting system, and internal, non-privileged communications regarding the same), including the planning for the November 2016 general election;

8.  internal or external investigations related to the November 2016,  April 2017 and June 2017  elections (including, but not limited to, any software issues creating problems with voter registration, voter records, or voters ability to vote, or location for voting, and any forensic review or investigation);

9.  card creators;

---

[1] As Defendants are aware, Plaintiffs remain amenaable to releasing voting machines needed for the November 2017 election after being supplied with an inventory of machines and other equipment needed for their consideration.

.2



10. GEMS databases;

11. election night reporting records and data (including the Election Night Reporting server activity logs);

12. memory cards for all equipment;
13. Election Media Processors;

14. modem transmission network logs;

15. any external storage device, servers, component, or other technology used to create, program, read, store, or transfer any of the above.

With respect to electronic records, we expect that Defendants have already imposed a litigation hold to preserve and retain all potentially pertinent ESI within their possession, custody or control, consistent with their obligations under the Federal Rules of Civil Procedure. For purposes of this notice, ESI shall include, without limitation, all electronic mail ("email") files and attachments, backup email files (including backup media, such as Microsoft Exchange server backup tapes), text files (including word processing documents), data files, program files, spreadsheets, graphical image files (including .JPG, .GIF, .BMP, .TIFF and .PDF files), databases, voicemail messages and files, calendar and scheduling information, computer system activity logs (including network, web, and server logs), external storage devices, servers, or other technology used to create, program, read, store, or transfer data, and backup tapes. It shall also include all file fragments, residual and hidden data, deleted files and other electronically recorded information to the extent that the preservation of such data is reasonably calculated to lead to the retrieval of any relevant deleted information.

The duty of good faith which arises from the Federal Rules of Civil Procedure relating to the discovery of electronically stored information requires Defendants to take all steps necessary to prevent the loss of any relevant information, even if it is believed not to be reasonably accessible. Please also note that electronically stored information typically contains relevant, discoverable information beyond what is apparent to the viewers, *e.g.,* embedded data or metadata. As a result, Defendants must preserve all electronically stored information in its original electronic form, even where paper copies might exist. Because electronically stored information can be easily modified, deleted or otherwise corrupted, Defendants must take all necessary steps to make sure that all electronically discoverable data is preserved. This obligation includes the requirement that Defendants confirm that data is not altered or otherwise destroyed from automatic functions occurring during the routine operation of any electronic information systems, upgrades or the recycling of computer-related hardware or software. This preservation requirement includes, but is not limited to, the obligation to suspend any such operations, upgrades, or recycling features or protocols (including any document or data destruction policies) pending resolution of potential claims against Defendants.

We reserve the right to supplement this demand as investigation and discovery proceed. Of course, if you have any questions regarding any of the foregoing, please contact me directly.



Sincerely,


Joe Robert Caldwell, Jr.

# Correia Declaration

# Exhibit 5

## Cristina Correia

| | |
|---|---|
| **From:** | Cristina Correia |
| **Sent:** | Friday, October 06, 2017 5:51 PM |
| **To:** | 'Caldwell, Joe' |
| **Cc:** | Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Elizabeth A. Monyak; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward; Josiah Heidt |
| **Subject:** | RE: Curling v. KemP:  Clarification of Litigation Hold regarding CES and Kennesaw State |

Joe,

Thank you for your email.  I apologize for the delay in my response.

I received your letter, dated Sept. 12, 2017, via email on Sept. 29th.  As I mentioned in my email that same day, neither Josiah Heidt or Elizabeth Monyak in my office had received a copy of the letter either.  Your letter raises for the first time, a suggestion that equipment utilized in the Nov. 2016 election is relevant to Plaintiffs' claims.  That election was not part of Plaintiffs' first two complaints, although I realize that you did include references to the Nov. 2016 election in Plaintiffs' Second Amended Complaint, filed the evening of Friday, September 15th.

All data and equipment housed at CES related to these three prior elections is being preserved.  While your request for preservation of Nov., 2016 election data was only recently received, we are not aware of any data related to that election that has not been preserved.

While much, although not all, of the election equipment within the custody and control of each Georgia county is property of the State, the counties remain responsible for that equipment.  All three counties involved in this litigation have acknowledged the litigation hold.  I do **not** read your letter as requesting a hold of DRE equipment used outside of the three counties involved in this lawsuit.  Obviously, elections for April and June, 2017 were limited to Cobb, DeKalb and Fulton.  I do not interpret the addition of the Nov. 2016 elections in your most recent litigation hold letter to also broaden the scope of the geographical area included within that hold.  In other words, we have not sought to quarantine every DRE machine and GEMS server used, in Nov. 2016, throughout the remaining 156 counties in the State.

Finally, while all data and equipment in the custody of CES has been preserved since the initiation of the litigation, the CES server that was the subject of the alleged security lapse in March, 2017, was taken offline by Kennesaw State University Information Technology Services (UITS) on March 1, 2017, ninety minutes after UITS learned that certain information on the server may have been vulnerable to non-authorized access.  The backup server was also taken offline on March 1, 2017.  The FBI was contacted and took possession of the server from March 3, 2017 to March 17, 2017.  UITS retook custody of the server on March 17, 2017, and on that date, UITS erased all data on the server and backup server.  The physical servers were subsequently preserved, but without any of the data.

Please feel free to give me a call if there's anything you would like to discuss.

Best,
Cris



**Cristina Correia**
Assistant Attorney General
Office of Attorney General Chris Carr
Government Services & Employment

Tel: 404-656-7063
ccorreia@law.ga.gov



Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Wednesday, October 04, 2017 9:17 AM
**To:** Cristina Correia
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Cris,

Your e-mail of September 26, 2017 said, among other things, that the GEMS servers in the possession of Fulton, DeKalb and Cobb Counties are the property of the State of Georgia, though housed in the respective Counties. Your email further noted that the GEMS servers in DeKalb and Cobb Counties would be preserved, and that a backup image would be made for the Fulton County GEMS server. Plaintiffs wish to ensure that any servers utilized by the Secretary of State ("SoS") and/or the Center for Election Systems ("CES") at Kennesaw University in connection with the April and June 2017, and November 2016 elections, and attendant records, are similarly preserved.

Accordingly, Plaintiffs ask:

- Whether the electronic voting equipment and records used in those elections belong to SoS or to CES?
- Whether the electronic equipment and records have been preserved intact, or whether any have been over-written or altered in any way?
- If any of the equipment and/or records have been overwritten or altered, what specifically has been altered and how; and what remains unaltered?
- Whether CES and Kennesaw University are complying with Plaintiffs' litigation hold letter of September 12, 2017, along with federal and state statutory provisions cited in my e-mail of September 29, 2017, or whether they take a different position?

Thank you for your clarification.

Best,

Joe

**Joe Robert Caldwell, Jr**
Partner
jcaldwell@Steptoe.com
+1 202 429 6455 direct | +1 202 429 3902 fax

**Steptoe**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Correia Declaration

# Exhibit 6

## Cristina Correia

| | |
|---|---|
| **From:** | Caldwell, Joe <jcaldwell@Steptoe.com> |
| **Sent:** | Thursday, October 19, 2017 8:24 AM |
| **To:** | Cristina Correia |
| **Subject:** | RE: Curling v. KemP:  Clarification of Litigation Hold regarding CES and Kennesaw State |

Thank you, Cris.

**Joe Caldwell**
Partner
Steptoe & Johnson LLP
202 429 6455

---

**From:** Cristina Correia [mailto:ccorreia@law.ga.gov]
**Sent:** Wednesday, October 18, 2017 10:38 AM
**To:** Caldwell, Joe
**Cc:** 'Ringer, Cheryl'; 'Bryan, Bennett D (benbryan@dekalbcountyga.gov)'; 'Burwell, Kaye'; Elizabeth A. Monyak; 'Daniel White (dwhite@hlclaw.com)'; 'Bryan Ward'; 'Matt Bernhard'; Schwartz, Edward; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

We have learned this week that we were mistaken about the dates of when the CES server that was accessed by Logan Lamb, and the subject of the FBI investigation, was erased.  I had mentioned in my earlier email that it was erased upon return from the FBI in March, 2017, but I have now learned it was erased on July 7,  2017.  I have also learned that the server was imaged by the FBI in March, 2017, and we are reaching out to the FBI to determine whether they still have the image.  The back-up server, which I understand was only a back-up of some of the data on the above referenced server, was also erased and the hard drive removed for surplus on August 9, 2017.

To be clear, I am not suggesting that either the server or back up had any role at all in the April, 2017 and June, 2017 elections.  Both had been removed from CES in March, 2017.  But I want to be clear about the dates since you are now seeking a litigation hold regarding data for the November, 2016 election.  The November, 2016 election data that was on the CES server accessed by Logan Lamb was there for the county election officials to download, but it is my understanding that the data exists elsewhere at CES.  Therefore, I do not believe any data was actually lost.  Nonetheless, I want to be clear about the status of both the server accessed by Logan Lamb and the back-up server.

Please feel free to contact me if you have any questions.

Best Regards,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



---

**From:** Cristina Correia
**Sent:** Friday, October 06, 2017 5:51 PM
**To:** 'Caldwell, Joe'
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Elizabeth A. Monyak; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

Thank you for your email.  I apologize for the delay in my response.

I received your letter, dated Sept. 12, 2017, via email on Sept. 29th.  As I mentioned in my email that same day, neither Josiah Heidt or Elizabeth Monyak in my office had received a copy of the letter either.  Your letter raises for the first time, a suggestion that equipment utilized in the Nov. 2016 election is relevant to Plaintiffs' claims.  That election was not part of Plaintiffs' first two complaints, although I realize that you did include references to the Nov. 2016 election in Plaintiffs' Second Amended Complaint, filed the evening of Friday, September 15th.

All data and equipment housed at CES related to these three prior elections is being preserved.  While your request for preservation of Nov., 2016 election data was only recently received, we are not aware of any data related to that election that has not been preserved.

While much, although not all, of the election equipment within the custody and control of each Georgia county is property of the State, the counties remain responsible for that equipment.  All three counties involved in this litigation have acknowledged the litigation hold.  I do **not** read your letter as requesting a hold of DRE equipment used outside of the three counties involved in this lawsuit.  Obviously, elections for April and June, 2017 were limited to Cobb, DeKalb and Fulton.  I do not interpret the addition of the Nov. 2016 elections in your most recent litigation hold letter to also broaden the scope of the geographical area included within that hold.  In other words, we have not sought to quarantine every DRE machine and GEMS server used, in Nov. 2016, throughout the remaining 156 counties in the State.

Finally, while all data and equipment in the custody of CES has been preserved since the initiation of the litigation, the CES server that was the subject of the alleged security lapse in March, 2017, was taken offline by Kennesaw State University Information Technology Services (UITS) on March 1, 2017, ninety minutes after UITS learned that certain information on the server may have been vulnerable to non-authorized access.  The backup server was also taken offline on March 1, 2017.  The FBI was contacted and took possession of the server from March 3, 2017 to March 17, 2017.  UITS retook custody of the server on March 17, 2017, and on that date, UITS erased all data on the server and backup server.  The physical servers were subsequently preserved, but without any of the data.

Please feel free to give me a call if there's anything you would like to discuss.

Best,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



---

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Wednesday, October 04, 2017 9:17 AM
**To:** Cristina Correia
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Cris,

Your e-mail of September 26, 2017 said, among other things, that the GEMS servers in the possession of Fulton, DeKalb and Cobb Counties are the property of the State of Georgia, though housed in the respective Counties. Your email further noted that the GEMS servers in DeKalb and Cobb Counties would be preserved, and that a backup image would be made for the Fulton County GEMS server. Plaintiffs wish to ensure that any servers utilized by the Secretary of State ("SoS") and/or the Center for Election Systems ("CES") at Kennesaw University in connection with the April and June 2017, and November 2016 elections, and attendant records, are similarly preserved.

Accordingly, Plaintiffs ask:

- Whether the electronic voting equipment and records used in those elections belong to SoS or to CES?
- Whether the electronic equipment and records have been preserved intact, or whether any have been over-written or altered in any way?
- If any of the equipment and/or records have been overwritten or altered, what specifically has been altered and how; and what remains unaltered?
- Whether CES and Kennesaw University are complying with Plaintiffs' litigation hold letter of September 12, 2017, along with federal and state statutory provisions cited in my e-mail of September 29, 2017, or whether they take a different position?

Thank you for your clarification.

Best,

Joe

**Joe Robert Caldwell, Jr**
Partner
jcaldwell@Steptoe.com
+1 202 429 6455 direct | +1 202 429 3902 fax

**Steptoe**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

-------------------------------------------------------------------------------------

This message is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# Correia Declaration

# Exhibit 7

**Cristina Correia**

| | |
|---|---|
| **From:** | Cristina Correia |
| **Sent:** | Thursday, October 26, 2017 2:00 PM |
| **To:** | 'Caldwell, Joe' |
| **Cc:** | 'Ringer, Cheryl'; 'Bryan, Bennett D (benbryan@dekalbcountyga.gov)'; 'Burwell, Kaye'; Elizabeth A. Monyak; 'Daniel White (dwhite@hlclaw.com)'; 'Bryan Ward'; 'Schwartz, Edward'; Josiah Heidt; 'Jeff Milsteen' |
| **Subject:** | RE: Curling v. KemP:  Clarification of Litigation Hold regarding CES and Kennesaw State |
| **Attachments:** | curling subpoena notice_20171026132809.pdf |

Joe,

We have learned from the FBI that they do have a copy of the forensic image that they took of the CES server which they seized last March.  Please see the attached Notice of Intent to Serve a Subpoena, which explains that we are seeking a copy of the forensic image from the FBI and that we intend to store that copy in a secure location at the Office of the Secretary of State during the pendency of this litigation.

As always, please feel free to contact me should you have any questions.

Best,
Cris




**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

---

**From:** Cristina Correia
**Sent:** Wednesday, October 18, 2017 10:38 AM
**To:** 'Caldwell, Joe'
**Cc:** 'Ringer, Cheryl'; 'Bryan, Bennett D (benbryan@dekalbcountyga.gov)'; 'Burwell, Kaye'; Elizabeth A. Monyak; 'Daniel White (dwhite@hlclaw.com)'; 'Bryan Ward'; 'Matt Bernhard'; 'Schwartz, Edward'; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

We have learned this week that we were mistaken about the dates of when the CES server that was accessed by Logan Lamb, and the subject of the FBI investigation, was erased.  I had mentioned in my earlier email that it was erased upon return from the FBI in March, 2017, but I have now learned it was erased on July 7, 2017.  I have also learned that the server was imaged by the FBI in March, 2017, and we are reaching out to the FBI to determine whether they still have the image.  The back-up server, which I understand was only a back-up of some of the data on the above referenced server, was also erased and the hard drive removed for surplus on August 9, 2017.

To be clear, I am not suggesting that either the server or back up had any role at all in the April, 2017 and June, 2017 elections.  Both had been removed from CES in March, 2017.  But I want to be clear about the dates since you are now

1

seeking a litigation hold regarding data for the November, 2016 election.  The November, 2016 election data that was on the CES server accessed by Logan Lamb was there for the county election officials to download, but it is my understanding that the data exists elsewhere at CES.  Therefore, I do not believe any data was actually lost.  Nonetheless, I want to be clear about the status of both the server accessed by Logan Lamb and the back-up server.

Please feel free to contact me if you have any questions.

Best Regards,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov



Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

---

**From:** Cristina Correia
**Sent:** Friday, October 06, 2017 5:51 PM
**To:** 'Caldwell, Joe'
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Elizabeth A. Monyak; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

Thank you for your email.  I apologize for the delay in my response.

I received your letter, dated Sept. 12, 2017, via email on Sept. 29th.  As I mentioned in my email that same day, neither Josiah Heidt or Elizabeth Monyak in my office had received a copy of the letter either.  Your letter raises for the first time, a suggestion that equipment utilized in the Nov. 2016 election is relevant to Plaintiffs' claims.  That election was not part of Plaintiffs' first two complaints, although I realize that you did include references to the Nov. 2016 election in Plaintiffs' Second Amended Complaint, filed the evening of Friday, September 15th.

All data and equipment housed at CES related to these three prior elections is being preserved.  While your request for preservation of Nov., 2016 election data was only recently received, we are not aware of any data related to that election that has not been preserved.

While much, although not all, of the election equipment within the custody and control of each Georgia county is property of the State, the counties remain responsible for that equipment.  All three counties involved in this litigation have acknowledged the litigation hold.  I do **not** read your letter as requesting a hold of DRE equipment used outside of the three counties involved in this lawsuit.  Obviously, elections for April and June, 2017 were limited to Cobb, DeKalb and Fulton.  I do not interpret the addition of the Nov. 2016 elections in your most recent litigation hold letter to also broaden the scope of the geographical area included within that hold.  In other words, we have not sought to quarantine every DRE machine and GEMS server used, in Nov. 2016, throughout the remaining 156 counties in the State.

Finally, while all data and equipment in the custody of CES has been preserved since the initiation of the litigation, the CES server that was the subject of the alleged security lapse in March, 2017, was taken offline by Kennesaw State University Information Technology Services (UITS) on March 1, 2017, ninety minutes after UITS learned that certain

2

information on the server may have been vulnerable to non-authorized access.  The backup server was also taken offline on March 1, 2017.  The FBI was contacted and took possession of the server from March 3, 2017 to March 17, 2017.  UITS retook custody of the server on March 17, 2017, and on that date, UITS erased all data on the server and backup server.  The physical servers were subsequently preserved, but without any of the data.

Please feel free to give me a call if there's anything you would like to discuss.

Best,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Wednesday, October 04, 2017 9:17 AM
**To:** Cristina Correia
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Cris,

Your e-mail of September 26, 2017 said, among other things, that the GEMS servers in the possession of Fulton, DeKalb and Cobb Counties are the property of the State of Georgia, though housed in the respective Counties.  Your email further noted that the GEMS servers in DeKalb and Cobb Counties would be preserved, and that a backup image would be made for the Fulton County GEMS server.  Plaintiffs wish to ensure that any servers utilized by the Secretary of State ("SoS") and/or the Center for Election Systems ("CES") at Kennesaw University in connection with the April and June 2017, and November 2016 elections, and attendant records, are similarly preserved.

Accordingly, Plaintiffs ask:

- Whether the electronic voting equipment and records used in those elections belong to SoS or to CES?
- Whether the electronic equipment and records have been preserved intact, or whether any have been over-written or altered in any way?
- If any of the equipment and/or records have been overwritten or altered, what specifically has been altered and how; and what remains unaltered?
- Whether CES and Kennesaw University are complying with Plaintiffs' litigation hold letter of September 12, 2017, along with federal and state statutory provisions cited in my e-mail of September 29, 2017, or whether they take a different position?

Thank you for your clarification.

Best,

Joe

3

**Joe Robert Caldwell, Jr**
Partner
jcaldwell@Steptoe.com
+1 202 429 6455 direct | +1 202 429 3902 fax

<span style="color:red">**Steptoe**</span>

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, et al.,      )
                            )
        Plaintiffs,         )          CA No. 1:17cv02989-AT
                            )
v.                          )
                            )
BRIAN KEMP, et al.,         )
                            )
        Defendants.         )

## STATE DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, the State

Defendants hereby notify all parties that they intend to serve a subpoena on the

Atlanta Division of the Federal Bureau of Investigation ("FBI") to obtain a copy of

the forensic image that was made by the FBI of the Kennesaw State University

Center for Election Systems ("CES"s) server in March of 2017. *See* Exhibit 1

attached hereto.

Discovery in this case is stayed pursuant to the Court's September 5, 2017

(Doc. 56), and the State Defendants are not engaging in any discovery with respect

to this drive and will not access it unless and until the stay of discovery is lifted (in

the event that the State Defendants' Motion to Dismiss is not granted or only

partially granted). This subpoena is being issued at this time in an attempt to retain

and secure the image in the event it is later needed in this case for purposes of

1

discovery. The Court's Order staying discovery encourages the parties to take steps during the stay to facilitate an orderly and prompt resolution of the case. (Doc. 56).

The original CES server was wiped on July 7, 2017, prior to service of this lawsuit on any Defendant in this case; however, given that the FBI took a forensic image of the server during the 2-week period in March of 2017 when the server was in the FBI's possession, it is possible to obtain a copy of the image of that server as it appeared in March of 2017 when it was in FBI custody. Given that the FBI has closed its investigation of this matter, the FBI's forensic image was scheduled for destruction under standard FBI record retention policies and has been or soon will be wiped. Prior to the scheduled wiping of the original forensic image, the FBI made a copy of that image, which will be installed on a blank drive to be provided by the Georgia Secretary of State's Office to the FBI. This subpoena will seek production of that copy of the forensic image of the server taken by the FBI in March of 2017.

Upon taking possession of the drive with the forensic image copied on to it, the drive will be secured and taken by representatives at the Secretary of State's office to a secured storage facility at their Office. It will not be accessed by the State Defendants (or their counsel) unless and until discovery begins in this case.

The State Defendants emphasize that by taking these actions, they are not acknowledging that the server taken by the FBI has any relevance to the Plaintiffs' claims in this lawsuit regarding the reliability of DREs or the electronic voting system in Georgia.  The image is being obtained and preserved in an abundance of caution in the event that discovery of the forensic image is later determined to be relevant and discoverable.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General                 112505

ANNETTE M. COWART          191199
Deputy Attorney General

RUSSELL D. WILLARD          760280
Senior Assistant Attorney General

CRISTINA M. CORREIA          188620
Assistant Attorney General

ELIZABETH A. MONYAK         005745
Assistant Attorney General

JOSIAH B. HEIDT                    104183
Assistant Attorney General

Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
404-656-7063

Attorneys for State Defendants

3

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325

CERTIFICATE OF SERVICE

I hereby certify that on this date I have e-mailed and mailed by U.S. mail,

U.S. postage prepaid, a copy of the foregoing Notice, addressed to the following:

Bryan Ward
Marvin Lim
Holcomb + Ward LLP
3399 Peachtree Rd NE, Suite 400
Atlanta, GA 30326
Bryan.Ward@holcombward.com
Marvin@holcombward.com

Overtis Hicks Brantley
Bennett D. Bryan
DeKalb County Law Department
1300 Commerce Drive 5th Floor
Decatur, GA 30030

Patrise M. Perkins-Hooker
Kaye Burwell
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street SW Suite 4038
Atlanta, GA 30303
Facsimile: (404) 730-6324

Daniel W. White
Haynie, Litchfield, Crane & White, PC
222 Washington Avenue
Marietta, Georgia 30060

Joe Caldwell, Jr.
Edward Schwartz
Steptoe & Johnson-DC
1330 Connecticut Avenue, N.W.
Washington, DC  20036-1795

This 26th day of October, 2017.

_Cristina Correia_
Assistant Attorney General

5

EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| Donna Curling, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-2989-AT |
| Brian Kemp, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Kristy Green
                            Chief Divsion Counsel, FBI, Atlanta Office

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: copy of forensic image that was made by the FBI of the Center for Elections Systems' election server in March of 2017 following FBI taking possession of that server (a Dell Power Edge R610 with DNS name elections. kennesaw.edu)

| Place: FBI, Atlanta Division<br>3000 Flowers Road South<br>Atlanta, Georgia 30341 | Date and Time:<br>Mutually agreeable time and place |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2017

| *CLERK OF COURT* | | Elizabeth A Monyak |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | Elizabeth A. Monyak |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Brian Kemp, Center for Elections Systems, Merle King, CES, SEB, and SEB members          , who issues or requests this subpoena, are:

Elizabeth A. Monyak, 40 Capitol Square, SW, Atlanta, Georgia 30334; emonyak@law.ga.gov; 404-463-3630

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-2989-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                            *Server's signature*

                                     _____
                                            *Printed name and title*


                                     _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Correia Declaration

# Exhibit 8

# Cristina Correia

| | |
|---|---|
| **From:** | Caldwell, Joe <jcaldwell@Steptoe.com> |
| **Sent:** | Thursday, October 26, 2017 5:06 PM |
| **To:** | Cristina Correia |
| **Cc:** | 'Ringer, Cheryl'; 'Bryan, Bennett D (benbryan@dekalbcountyga.gov)'; 'Burwell, Kaye'; Elizabeth A. Monyak; 'Daniel White (dwhite@hlclaw.com)'; 'Bryan Ward'; Schwartz, Edward; Josiah Heidt |
| **Subject:** | RE: Curling v. KemP:  Clarification of Litigation Hold regarding CES and Kennesaw State |

Cris,

In light of press reports like the following, http://www.myajc.com/news/state--regional-govt--politics/kemp-starts-probe-after-data-georgia-election-computer-destroyed/YbX6G77yFqgEdqCCvB987O/
Plaintiffs ask:

- Does the State Attorney General's Office continue to represent Kennesaw State University and CES?
- Is the equipment at issue in this litigation in the possession, custody and control of the State of Georgia?
- If not, please advise so that Plaintiffs can ensure that the litigation hold includes all entities of the University System of Georgia and its constituent schools, including KSU (and CES) and Georgia Tech, to the extent that they hold any election system machines, equipment, servers, data, images or other evidence.
- If the November 2016 election data on the CES server accessed by Logan Lamb "exists elsewhere in CES" or elsewhere, has the State taken custody to ensure that such data and/or related images are preserved?
- Please explain how the server and backup at issue had, as you say below, no role at all in the April 2017 and June 2017 elections.

Thank you for your attention to this request.

**Joe Caldwell**
Partner
Steptoe & Johnson LLP
202 429 6455


**From:** Cristina Correia [mailto:ccorreia@law.ga.gov]
**Sent:** Wednesday, October 18, 2017 10:38 AM
**To:** Caldwell, Joe
**Cc:** 'Ringer, Cheryl'; 'Bryan, Bennett D (benbryan@dekalbcountyga.gov)'; 'Burwell, Kaye'; Elizabeth A. Monyak; 'Daniel White (dwhite@hlclaw.com)'; 'Bryan Ward'; 'Matt Bernhard'; Schwartz, Edward; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

We have learned this week that we were mistaken about the dates of when the CES server that was accessed by Logan Lamb, and the subject of the FBI investigation, was erased.  I had mentioned in my earlier email that it was erased upon return from the FBI in March, 2017, but I have now learned it was erased on July 7, 2017.  I have also learned that the server was imaged by the FBI in March, 2017, and we are reaching out to the FBI to determine whether they still have

the image.  The back-up server, which I understand was only a back-up of some of the data on the above referenced server, was also erased and the hard drive removed for surplus on August 9, 2017.

To be clear, I am not suggesting that either the server or back up had any role at all in the April, 2017 and June, 2017 elections.  Both had been removed from CES in March, 2017.  But I want to be clear about the dates since you are now seeking a litigation hold regarding data for the November, 2016 election.  The November, 2016 election data that was on the CES server accessed by Logan Lamb was there for the county election officials to download, but it is my understanding that the data exists elsewhere at CES.  Therefore, I do not believe any data was actually lost.  Nonetheless, I want to be clear about the status of both the server accessed by Logan Lamb and the back-up server.

Please feel free to contact me if you have any questions.


Best Regards,
Cris




**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



---

**From:** Cristina Correia
**Sent:** Friday, October 06, 2017 5:51 PM
**To:** 'Caldwell, Joe'
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Elizabeth A. Monyak; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward; Josiah Heidt
**Subject:** RE: Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Joe,

Thank you for your email.  I apologize for the delay in my response.

I received your letter, dated Sept. 12, 2017, via email on Sept. 29th.  As I mentioned in my email that same day, neither Josiah Heidt or Elizabeth Monyak in my office had received a copy of the letter either.  Your letter raises for the first time, a suggestion that equipment utilized in the Nov. 2016 election is relevant to Plaintiffs' claims.  That election was not part of Plaintiffs' first two complaints, although I realize that you did include references to the Nov. 2016 election in Plaintiffs' Second Amended Complaint, filed the evening of Friday, September 15th.

All data and equipment housed at CES related to these three prior elections is being preserved.  While your request for preservation of Nov., 2016 election data was only recently received, we are not aware of any data related to that election that has not been preserved.

While much, although not all, of the election equipment within the custody and control of each Georgia county is property of the State, the counties remain responsible for that equipment.  All three counties involved in this litigation have acknowledged the litigation hold.  I do **not** read your letter as requesting a hold of DRE equipment used outside of the three counties involved in this lawsuit.  Obviously, elections for April and June, 2017 were limited to Cobb, DeKalb and Fulton.  I do not interpret the addition of the Nov. 2016 elections in your most recent litigation hold letter to also

broaden the scope of the geographical area included within that hold.  In other words, we have not sought to quarantine every DRE machine and GEMS server used, in Nov. 2016, throughout the remaining 156 counties in the State.

Finally, while all data and equipment in the custody of CES has been preserved since the initiation of the litigation, the CES server that was the subject of the alleged security lapse in March, 2017, was taken offline by Kennesaw State University Information Technology Services (UITS) on March 1, 2017, ninety minutes after UITS learned that certain information on the server may have been vulnerable to non-authorized access.  The backup server was also taken offline on March 1, 2017.  The FBI was contacted and took possession of the server from March 3, 2017 to March 17, 2017.  UITS retook custody of the server on March 17, 2017, and on that date, UITS erased all data on the server and backup server.  The physical servers were subsequently preserved, but without any of the data.

Please feel free to give me a call if there's anything you would like to discuss.

Best,
Cris



**Cristina Correia**
**Assistant Attorney General**
**Office of Attorney General Chris Carr**
**Government Services & Employment**

Tel: 404-656-7063
ccorreia@law.ga.gov

Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334



---

**From:** Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
**Sent:** Wednesday, October 04, 2017 9:17 AM
**To:** Cristina Correia
**Cc:** Ringer, Cheryl; Bryan, Bennett D (benbryan@dekalbcountyga.gov); Burwell, Kaye; Daniel White (dwhite@hlclaw.com); Bryan Ward; Matt Bernhard; Schwartz, Edward
**Subject:** Curling v. KemP: Clarification of Litigation Hold regarding CES and Kennesaw State

Cris,

Your e-mail of September 26, 2017 said, among other things, that the GEMS servers in the possession of Fulton, DeKalb and Cobb Counties are the property of the State of Georgia, though housed in the respective Counties.  Your email further noted that the GEMS servers in DeKalb and Cobb Counties would be preserved, and that a backup image would be made for the Fulton County GEMS server.  Plaintiffs wish to ensure that any servers utilized by the Secretary of State ("SoS") and/or the Center for Election Systems ("CES") at Kennesaw University in connection with the April and June 2017, and November 2016 elections, and attendant records, are similarly preserved.

Accordingly, Plaintiffs ask:
- Whether the electronic voting equipment and records used in those elections belong to SoS or to CES?
- Whether the electronic equipment and records have been preserved intact, or whether any have been over-written or altered in any way?
- If any of the equipment and/or records have been overwritten or altered, what specifically has been altered and how; and what remains unaltered?
- Whether CES and Kennesaw University are complying with Plaintiffs' litigation hold letter of September 12, 2017, along with federal and state statutory provisions cited in my e-mail of September 29, 2017, or whether they take a different position?

Thank you for your clarification.

Best,

Joe


**Joe Robert Caldwell, Jr**
Partner
jcaldwell@Steptoe.com
+1 202 429 6455 direct | +1 202 429 3902 fax

**Steptoe**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.


---------------------------------------------------------------------------------
This message is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# Correia Declaration

# Exhibit 9

**Cristina Correia**

| | |
|---|---|
| **From:** | Grant.Schnell@hklaw.com |
| **Sent:** | Friday, November 10, 2017 12:03 PM |
| **To:** | jcaldwell@Steptoe.com; john@barneslawgroup.com |
| **Cc:** | gwashington@Steptoe.com; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov; benbryan@dekalbcountyga.gov; bryan.ward@holcombward.com; Cristina Correia; Cheryl.Ringer@fultoncountyga.gov; eschwartz@steptoe.com; scott@holcombward.com; roy@barneslawgroup.com; aaron@holcombward.com; david.lowman@fultoncountyga.gov; Josiah Heidt; marvin@holcombward.com; robert.highsmith@hklaw.com; tgphilli@dekalbcountyga.gov; lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov |
| **Subject:** | RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx |

Thanks for looping me in, John.

Joe -- in response to a few of your inquiries below:

> **c.    Plaintiffs ask that you please advise whether the State Defendants currently have in their possession the forensic image from the FBI sought by their subpoena.**
>
> As I understand it, the State only issued an intent to serve subpoena and not an actual subpoena (as discovery in the case was stayed). Therefore, the State Defendants would not have received anything from the FBI in response.
>
> **d.    I am happy to provide the FBI a copy of the draft Preservation Order if you would kindly provide the name and contact information of the FBI Agent with whom the State AG has been communicating.**
>
> Kristy Green
> Chief Division Counsel
> FBI Atlanta
> Office: 770-216-3154

In response to the other points raised, I echo most of John's thoughts. It seems to me (and I think we all agree on this point per your e-mail below) that the purpose of the Court scheduling the Tuesday phone conference call was to ensure that evidence as it exists today is preserved in accordance with the preservation obligations imposed on all counsel and parties. Therefore, there is simply no need to recite any kind of history of who told who what and when (particularly in the light it is cast in the current draft order). To be clear, we 100% intend to comply the preservation obligations imposed by the law, and have no intention of acting inconsistent with those obligations. Thus, anything "backward looking" is more appropriately resolved through a motion for spoliation and we would suggest removal of all such language.

Regarding the FBI, we have no objection that any Consent Order ultimately agreed to is sent to them. But the FBI's preservation obligations, if they have any, are not one and the same with our client. If the FBI has possession of information that we are not in control of we cannot be responsible for it. It seems the proper course for plaintiffs is to issue a litigation hold letter to the FBI if they believe they may be in possession of potentially relevant information or evidence. But we certainly will not agree to anything in a consent order that even implies we have any control over what is in the possession of the FBI.

I look forward to reviewing the draft report.

Grant Schnell | Holland & Knight
Associate
Holland & Knight LLP
1180 West Peachtree Street | Atlanta, GA 30309
Phone 404.817.8560 | Fax 404.881.0470
grant.schnell@hklaw.com | www.hklaw.com
_____
Add to address book | View professional biography

-----Original Message-----
From: Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
Sent: Friday, November 10, 2017 9:57 AM
To: John Salter <john@barneslawgroup.com>
Cc: Washington, Grace <gwashington@Steptoe.com>; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov;
benbryan@dekalbcountyga.gov; bryan.ward@holcombward.com; ccorreia@law.ga.gov;
Cheryl.Ringer@fultoncountyga.gov; Schwartz, Edward <eschwartz@steptoe.com>; scott@holcombward.com; Roy
Barnes <roy@barneslawgroup.com>; aaron@holcombward.com; david.lowman@fultoncountyga.gov;
jheidt@law.ga.gov; marvin@holcombward.com; Highsmith, Robert (ATL - X48012) <robert.highsmith@hklaw.com>;
tgphilli@dekalbcountyga.gov; lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov; Schnell, Grant E (ATL -
X48560) <Grant.Schnell@hklaw.com>
Subject: RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

John,

While I think the FBI is a necessary recipient of the draft Order, I would not object to clarifying the difference.  I think the
Judge may think that is obvious, but I would not object to language saying:  "This Order does not presume that
Defendants have vicarious liability for any action taken or not taken by the FBI."

Best,
Joe

Joe Caldwell
Partner
Steptoe & Johnson LLP
202 429 6455

-----Original Message-----
From: Caldwell, Joe
Sent: Friday, November 10, 2017 9:11 AM
To: 'John Salter'
Cc: Washington, Grace; 'dwhite@hlclaw.com'; 'Kaye.Burwell@fultoncountyga.gov'; 'benbryan@dekalbcountyga.gov';
'bryan.ward@holcombward.com'; 'ccorreia@law.ga.gov'; 'Cheryl.Ringer@fultoncountyga.gov'; Schwartz, Edward;
'scott@holcombward.com'; 'Roy Barnes'; 'aaron@holcombward.com'; 'david.lowman@fultoncountyga.gov';

'jheidt@law.ga.gov'; 'marvin@holcombward.com'; 'robert.highsmith@hklaw.com'; 'tgphilli@dekalbcountyga.gov';
'lkjohnson@dekalbcountyga.gov'; 'vernstes@dekalbcountyga.gov'; 'Grant E Schnell'
Subject: RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

John,

As I understand it, the Judge's intent is to preserve existing evidence.  Her concerns are forward-looking at this point,
and are not focused on deciding whether spoliation has occurred in the past.  The intent of the draft order was to mirror
that concern.  It does not make any determination about whether spoliation has or has not occurred.

If you believe that point needs further clarification, I suggest adding language on the last page of the draft Order, above
the last paragraph, which says:  "By this Order, the Court seeks to preserve existing relevant evidence from this date
forward, and does not at this time make any decisions about whether spoliation of evidence may or may not have
occurred in the past."

Let me know if that addresses your concerns.

Thanks,
Joe

Joe Caldwell
Partner
Steptoe & Johnson LLP
202 429 6455


-----Original Message-----
From: Caldwell, Joe
Sent: Thursday, November 09, 2017 7:08 PM
To: 'John Salter'
Cc: Washington, Grace; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov; benbryan@dekalbcountyga.gov;
bryan.ward@holcombward.com; ccorreia@law.ga.gov; Cheryl.Ringer@fultoncountyga.gov; Schwartz, Edward;
scott@holcombward.com; Roy Barnes; aaron@holcombward.com; david.lowman@fultoncountyga.gov;
jheidt@law.ga.gov; marvin@holcombward.com; robert.highsmith@hklaw.com; tgphilli@dekalbcountyga.gov;
lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov; Grant E Schnell
Subject: RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

John,

I don't have that reaction at all.  While I think that many of the issues listed below apply more to a spoliation motion, I'm
open to considering any language you might suggest.

My hope is that we can avoid leaving all the work for the Judge, so please send me any language you think suitable.

Thanks, John.

Joe

Joe Caldwell
Partner

Steptoe & Johnson LLP
202 429 6455


-----Original Message-----
From: John Salter [mailto:john@barneslawgroup.com]
Sent: Thursday, November 09, 2017 6:57 PM
To: Caldwell, Joe
Cc: Washington, Grace; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov; benbryan@dekalbcountyga.gov;
bryan.ward@holcombward.com; ccorreia@law.ga.gov; Cheryl.Ringer@fultoncountyga.gov; Schwartz, Edward;
scott@holcombward.com; Roy Barnes; aaron@holcombward.com; david.lowman@fultoncountyga.gov;
jheidt@law.ga.gov; marvin@holcombward.com; robert.highsmith@hklaw.com; tgphilli@dekalbcountyga.gov;
lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov; Grant E Schnell
Subject: RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

Joe,
After looking over your response, I am reminded of a chicken standing in front of a carving block with the farmer holding
a hatchet and asking the chicken to kindly put his neck on the block.  Looks like the only areas we agree are that (a) the
Judge's name on the order should be corrected to spell Totenberg (I presume) and (b) oral argument for Nov. 17 does
not work if your team is unavailable.  After discussing with your team, please let me know if Plaintiffs object to us
approaching the Court with a request for other potential dates.
If you think it would be a better use of our time to just follow motion practice so Plaintiffs can argue for whatever you
are after, let me know.  Alternatively, we can await written input from others on your draft as originally directed.  If so,
when you circulate a draft joint report to the Court, please give us sufficient time (and space) to weigh in.  Have a good
weekend.
Cheers,
John

-----Original Message-----
From: Caldwell, Joe [mailto:jcaldwell@Steptoe.com]
Sent: Thursday, November 09, 2017 5:53 PM
To: John Salter <john@barneslawgroup.com>
Cc: Washington, Grace <gwashington@Steptoe.com>; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov;
benbryan@dekalbcountyga.gov; bryan.ward@holcombward.com; ccorreia@law.ga.gov;
Cheryl.Ringer@fultoncountyga.gov; Schwartz, Edward <eschwartz@steptoe.com>; scott@holcombward.com; Roy
Barnes <roy@barneslawgroup.com>; aaron@holcombward.com; david.lowman@fultoncountyga.gov;
jheidt@law.ga.gov; marvin@holcombward.com; robert.highsmith@hklaw.com; tgphilli@dekalbcountyga.gov;
lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov; Grant E Schnell <Grant.Schnell@hklaw.com>
Subject: RE: 17-0167 Curling, et al v Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

Okay, will add him to the chain.

Also, you asked about Ed Schwartz.  He is not available for argument on November 17, 2017.


Best,
Joe


Joe Caldwell
Partner
Steptoe & Johnson LLP

202 429 6455


-----Original Message-----
From: John Salter [mailto:john@barneslawgroup.com]
Sent: Thursday, November 09, 2017 5:40 PM
To: Caldwell, Joe
Cc: Washington, Grace; dwhite@hlclaw.com; Kaye.Burwell@fultoncountyga.gov; benbryan@dekalbcountyga.gov; bryan.ward@holcombward.com; ccorreia@law.ga.gov; Cheryl.Ringer@fultoncountyga.gov; Schwartz, Edward; scott@holcombward.com; Roy Barnes; aaron@holcombward.com; david.lowman@fultoncountyga.gov; jheidt@law.ga.gov; marvin@holcombward.com; robert.highsmith@hklaw.com; tgphilli@dekalbcountyga.gov; lkjohnson@dekalbcountyga.gov; vernstes@dekalbcountyga.gov; Grant E Schnell
Subject: Re: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx


Thanks for your comments, Joe. I am copying Grant Schnell because I think he wanted on this chain.
Cheers,
John


Sent from my iPhone

On Nov 9, 2017, at 5:30 PM, Caldwell, Joe <jcaldwell@Steptoe.com<mailto:jcaldwell@Steptoe.com>> wrote:

John,

Thank you for your comments.  My responses below correspond to your paragraph numbers.

1.      Unfortunately, Plaintiffs cannot agree that the trigger for the duty to preserve evidence is the date of litigation hold letters.  As you know, counsel's duty to ensure that evidence is preserved arises not when a litigation hold letter is received, but when litigation is filed, threatened or reasonably foreseeable.

2.      The Draft Preservation Order does not state that the State Defendants assume responsibility for evidence in the possession of the FBI.  Here, after data on the CES main and backup servers was erased, the State AG's Office notified counsel that the FBI had a forensic image of the CES server, and that office intended to serve the attached subpoena on the FBI for that forensic image.  In the State Defendants' Notice of Intent to Serve Subpoena (Oct. 26, 2017), counsel for the State Defendants said:  "Upon taking possession of the drive with the forensic image copied on to it, the drive will be secured and taken by representatives at the Secretary of State's Office to a secured storage facility at their Office."  If the State Defendants have possession of that, they would certainly be viewed as assuming responsibility for it.
a.      Deleting the FBI from the order might effectively eliminate the possibility of recovering material data related to the CES server.
b.      Further, as the proposed Preservation Order seeks only preservation rather than sanctions, no need currently exists to declare that the State Defendants are separate from the FBI.
c.      Plaintiffs ask that you please advise whether the State Defendants currently have in their possession the forensic image from the FBI sought by their subpoena.
d.      I am happy to provide the FBI a copy of the draft Preservation Order if you would kindly provide the name and contact information of the FBI Agent with whom the State AG has been communicating.

3.      When you say that preservation obligations must not interfere with the legal duties of State officials, which duties do you contemplate?  If none are known at this point, it seems appropriate that the State Defendants notify Plaintiffs in

advance of any anticipated need to alter or eliminate evidence.  The parties can attempt to agree.  Absent agreement among counsel, the State can apply to the Court for relief.

4.      You have expressed concerns about possible retroactive application of litigation hold letters.  Again, I note that obligations for evidence preservation arise when litigation is filed, threatened or reasonably foreseeable, but certainly before litigation hold letters are sent.  If litigation hold letters in this case were sent in July and September, that appears to be of little consequence if the CES server was erased on July 7, 2017, four days after the litigation was filed.  Indeed, in Georgia election matters, there are both federal and state statutory preservation obligations.  See 52 U.S.C. 20701; see also GA Code 21-2-500.  Once the duty to preserve is triggered, it extends to information that is relevant to claims and defenses of any party or the subject matter of the litigation.

       a.      Many of the arguments set forth in this paragraph appear to focus on spoliation rather than preservation.

b.      If there is language that you propose for editing the preservation draft, please provide that language so that Plaintiffs can respond.  However, regarding the proposed waiver, I repeat the substance of para. 1 above.

5.      The litigation hold letters identify categories of evidence Plaintiffs expect exist, without knowledge of what actually does exist. Absent discovery in the case to date, Plaintiffs could not know more.  As such, a preservation order should broadly include actual evidence that Plaintiffs may not currently know exists. For that reason, the attached litigation hold letters supplement the order rather than to limit it.

6.      Regarding the language you propose, the Plaintiffs have no way of knowing or conforming what responsibilities are being transferred from CES to SoS.  Perhaps you might say instead:  "The State Defendants represent that . . . ."  And after the words "change in custody from CES to SoS" should be inserted, ",without any change or alteration of that evidence in any manner whatsoever," and then conclude.

I am happy to discuss, John.

Best,
Joe


Joe Caldwell
Partner
Steptoe & Johnson LLP
202 429 6455


From: John Salter [mailto:john@barneslawgroup.com]
Sent: Wednesday, November 08, 2017 2:10 PM
To: Caldwell, Joe
Cc: Washington, Grace; 'dwhite@hlclaw.com<mailto:dwhite@hlclaw.com>';
'Kaye.Burwell@fultoncountyga.gov<mailto:Kaye.Burwell@fultoncountyga.gov>';
'benbryan@dekalbcountyga.gov<mailto:benbryan@dekalbcountyga.gov>';
'bryan.ward@holcombward.com<mailto:bryan.ward@holcombward.com>';
'ccorreia@law.ga.gov<mailto:ccorreia@law.ga.gov>';
'Cheryl.Ringer@fultoncountyga.gov<mailto:Cheryl.Ringer@fultoncountyga.gov>'; Schwartz, Edward;
'scott@holcombward.com<mailto:scott@holcombward.com>'; Roy Barnes;
'aaron@holcombward.com<mailto:aaron@holcombward.com>';
'david.lowman@fultoncountyga.gov<mailto:david.lowman@fultoncountyga.gov>';
'jheidt@law.ga.gov<mailto:jheidt@law.ga.gov>'; 'marvin@holcombward.com<mailto:marvin@holcombward.com>';
'robert.highsmith@hklaw.com<mailto:robert.highsmith@hklaw.com>';

'tgphilli@dekalbcountyga.gov<mailto:tgphilli@dekalbcountyga.gov>';
'lkjohnson@dekalbcountyga.gov<mailto:lkjohnson@dekalbcountyga.gov>';
'vernstes@dekalbcountyga.gov<mailto:vernstes@dekalbcountyga.gov>';
benbryan@dekalbcountyga.gov<mailto:benbryan@dekalbcountyga.gov>
Subject: RE: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

Joe,
I've tried to jump on this as soon as I received your draft.  Please know these are not my final list of concerns as I have not had time for my clients' technical folks to make any concerns apparent to me.  Further, I have not had time to consult my co-defendants and any issues that they may be able to call to my attention, especially since Roy and I are so new to the case.  But, in the interests of time, here are my initial reactions to the Draft Order you circulated based on what I know now.


1)   The State Defendants Agree we are Already Bound by a Duty to Preserve

a)   The State Defendants wish to work cooperatively with the Plaintiffs to preserve evidence.  The State Defendants are open to a Draft Order for Preservation of Evidence that reflects the timing of their receipt of Litigation Holds letters at the time they were received by the respective Defendants and with an appreciation of the material allegations at that time and as framed by then-operative allegations contained in iterations of the plaintiffs complaints.  The State Defendants acknowledge and accept those duties and have performed them in good faith throughout the Curling litigation.

2)   The Inclusion of the FBI In Absentia is Problematic

a)   The State Defendants neither speak for the FBI, nor control them, nor are we able to bind them to certain responsibilities or duties under this Draft Preservation Order.  I'm not sure it was your intent, but the Draft Order seems to imply vicarious liability of the State Defendants for any actions of the FBI.  In the event any data in possession of the FBI were not preserved, the State Defendants neither assume responsibility for that, nor believe it would be appropriate for the Court to expose the State Defendants to sanctions, contempt, or other adverse ruling.

b)   Potential Solution: One way to cure this concern would be to simply delete the references to the FBI.  Another alternative would be for the Draft Order to clarify that the State Defendants are separate from the FBI and that the Order does not subject the State Defendants to any sanctions, contempt or other adverse ruling on account of the undirected actions of other parties outside the control of the State Defendants.

3)   Safe Harbor for Actions Taken In Furtherance and in Compliance with State Law

a)   The State Defendants wish to work cooperatively with the Plaintiffs to preserve evidence.  But they also have legal duties and responsibilities to execute the business of the State, including upcoming and future elections. This necessarily includes transmitting data to our co-defendants who may need it.  You cannot "quarantine the mailman."  Obligations of preservation must not interfere-directly or indirectly-with the legal duties and responsibilities of officials charged with doing the State's business.

b)   Should there be any conflict between duties of preservation arguably imposed by an order and statutory or constitutional duties the State Defendants are charged with executing, the Draft Order should include some preservation of their right to assert such compliance as a defense to technical non-compliance with this Order.  The State cannot foresee every eventuality.  I am trying to figure a way to draw this out without defeating the Plaintiffs' legitimate ends of preservation of relevant evidence.  I wonder whether you can propose a solution that you may have already used with the County Defendants.  If so, we could discuss or trade drafts of language to try and reach a reasonable compromise.

4)   State Defendants Object to Retroactive Litigation Holds

a)   It is customary and expected that Litigation Holds are only enforced in a prospective, not retrospective, fashion.  Time's arrow flies only in one direction.  It is important and only fair that the State Defendants be able to rely on a Hold Letter that gives fair notice of what is to be preserved in reasonably specific terms.  And we cannot enter into a joint order that could be construed as waiving certain defenses against adverse enforcement based upon untimeliness or specificity (or lack thereof) in prior Hold Letters.  With that concern generally expressed, what follow are some specific concerns we think the Draft Order does not address sufficiently.

b)   Effective Date of the September 2017 Litigation Hold Letter:

i)   The Litigation Hold Letter dated September 12, 2017, was not delivered to counsel for the State Defendants until September 29, 2017 (although the face of the document suggests otherwise).  The State Defendants wish to preserve their objection to any sanctions or obligation for preservation arising as to the items listed in the September 12, 2017 Hold Letter until, at least, after they had received notice of same on September 29, 2017.  On behalf of the State Defendants, enforcement of the Draft Order as to the items listed in the September 2017 Litigation Hold Letter should be limited to time periods after September 2

c)   Retroactivity Concerns Specific to the CES Server and Backup Server Currently Featured in the Draft Order.

i)   The Order's recital on page 2 implicitly approves a retroactive litigation hold by implying that the handling of the CES server at KSU was not acquiesced in by the Plaintiffs in the Curling litigation.  Further, it sets the stage for potential adverse actions regarding this antecedent issue to be visited only upon, and solely to the prejudice of, the State Defendants.  We therefore object to the inclusion of the second paragraph in the Draft Order in its entirety.  Here are the reasons why:

ii)   Months before Plaintiffs filed their original complaint, this was disclosed in a report published by KSU in an "Incident Report" dated April 18, 2017.  This same report was attached by Plaintiffs to their original complaint (filed July 3, 2017). DE # 1-2 at ¶ 16, attaching April 18, 2017 "Incident Report" as Exhibit C to original complaint.  Accordingly, Plaintiffs either knew or, in the exercise of reasonable care, should have known, that the CES server and back-up mentioned in the Draft Order were planned for repurposing and "surplus" and that, in the ordinary and customary course of business, that servers containing potentially sensitive data would be wiped clean as a precaution before repurposing or transitioning them to "surplus."

iii)   Because the server and back-up were removed from use in April of 2017, they were not used for either the April, 2017 or June, 2017 special election and run-off, respectively.  The aforementioned elections, not the November 2016 election, were the focus of the original and first amended complaints.  Only in the Second Amended Complaint did the scope of plaintiffs' allegations expand to the November, 2016 election, thereby giving fair notice to the State Defendants that the server and back-up reasonably could be construed as "evidence" subject to any explicit or implicit duty of preservation.  However, by the time the Second Amended Complaint was filed on September 15, 2017, the July and August actions respecting the server and backup had already transpired.

d)   Prejudice from Retroactivity and Potential Solutions:

i)   Regarding the above concerns, it does not appear the Draft Order takes them into account sufficiently to avoid prejudice to the State Defendants.  For these reasons, the Draft Order in its present form causes more harm in the form of confusion than it does good by clarifying responsibilities regarding preservation and/or future potential enforcement by the Court.

ii)   Left unaddressed, this confusion could cause unfair prejudice to the State Defendants.  Indeed, if the Plaintiffs' signaled intention of filing a motion for spoliation is any indication, the effect of the Draft Order could be interpreted as purely opportunistic "clearing of the decks" of the State Defendants' reasonable objections and defenses to any such

motion that might come in the future from the Plaintiffs. Perhaps this concern might be alleviated by the addition of an explicit "no waiver" clause preserving Defendants' defenses to any motion for spoliation or enforcement of this Draft Order in the future. If the Plaintiffs would be amenable to that, please let me know so that we might discuss that further.

iii) In addition to the above-mentioned issues of unfair retroactivity, this raises an issue of Plaintiffs' timeliness and/or acquiescence in those actions respective to the server and back-up. Even if only preserving this argument for future consideration for the Court, any Draft Order should preserve this concern and issue for Defendants against any argument of waiver or acquiescence, especially given the Draft Order's second paragraph.

iv) At minimum, the Draft Order should explicitly state and preserve the State Defendants' position that the CES server and back-up that were repurposed in July/August were action-items that were planned and known-or knowable in the exercise of reasonable care to the public and the Curling Plaintiffs-well in advance of those actions being taken by KSU.

5)   The Expansion of the Scope of the Order from Prior Hold Requests

a)   The Draft Order appears to create new and broad categories of "evidence" that the State Defendants would have a duty of preservation. See, e.g., Draft Order 2 ("data, records, and equipment related to the election infrastructure"). The language is exceptionally broad. It is also undefined by the Draft Order. This leaves these items open to contentious interpretation. As a result, predictable and mutually-agreeable construction of the Draft Order is impossible. To be enforceable, the Draft Order should not be subjective or make it difficult for a party to know with reasonable certainty the metes and bounds of its duty in order to comply.

b)   Possible Solution. While all cases are different, this case is not one where "evidence" has such an obvious and mutually-agreeable understanding that we know what each other is saying. Indeed, we have moved to dismiss the 2nd Amended Complaint as a "shotgun" complaint that is, among other concerns, too non-specific to satisfy standing or plead a viable claim. For the State Defendants, I suggest there is at least one way to solve the scope concern. The Draft Order could rely on incorporation-by-reference of earlier Hold Letters, according to the times they were received by the respective party defendants. To cure the vagueness concerns, therefore, we suggest that the scope of the Draft Order be explicitly defined only to incorporate by reference the Litigation Hold letters and the scope described therein.

6)   Ability to Change Custody

a)   In the future, and as publicly disclosed, one of the steps the SoS has planned in order to ensure preservation of evidence is to clarify and maintain channels of communication regarding some of the issues implicated in this Draft Order. To that end, and in order to ensure the flexibility to the State Defendants commensurate with performing and executing their legal duties, we suggest the following be incorporated into the Draft Order: "The parties understand that certain responsibilities are transferring from CES to SoS. As part of that transition, relevant information may change custody from CES to SoS and each party agrees that a change in custody of relevant evidence from CES to SoS does not violate this Order."

Thanks for taking the first cut at a draft. Please let me know your thoughts regarding the above. In the meantime, I will also try and confer with my co-defense counsel and my technical folks regarding their thoughts and try to bring any further follow-up within sufficient time to be incorporated into a joint report as required by the Court.

Cheers,
John

[P.S.-you might want to correct a typo. Judge's name is spelled "Totenberg."]

John F. Salter | Attorney at Law
BARNES LAW GROUP, LLC

31 ATLANTA STREET | MARIETTA, GEORGIA 30060
770 BARNES LAW (227-6375) | 770 BARNES FAX (227-6373)
john@barneslawgroup.com<mailto:jsalter@barneslawgroup.com>

BARNESLAWGROUP.COM<https://urldefense.proofpoint.com/v2/url?u=http-3A__BARNESLAWGROUP.COM&d=DwIF-
g&c=14jPbF-1hWnYXveJ5rixtS_Fo3DRrpL7HUwJDAc4HIc&r=MRC3Pfv79G-
OqKfSZ4m0i3vWdXNm1lqSdxuXFmkb0ZI&m=yUzrbukVfkvg5wCjuCzK3o4bqp2CTdrN-
zxUNI86ceU&s=choopCPBPRFwNkTjN4alEeL-gTJ1oQBzSt-1LIgcNKk&e=>

<image001.jpg>

From: Washington, Grace [mailto:gwashington@Steptoe.com]
Sent: Wednesday, November 08, 2017 10:33 AM
To: 'dwhite@hlclaw.com<mailto:dwhite@hlclaw.com>' <dwhite@hlclaw.com<mailto:dwhite@hlclaw.com>>;
'Kaye.Burwell@fultoncountyga.gov<mailto:Kaye.Burwell@fultoncountyga.gov>'
<Kaye.Burwell@fultoncountyga.gov<mailto:Kaye.Burwell@fultoncountyga.gov>>;
'benbryan@dekalbcountyga.gov<mailto:benbryan@dekalbcountyga.gov>'
<benbryan@dekalbcountyga.gov<mailto:benbryan@dekalbcountyga.gov>>;
'bryan.ward@holcombward.com<mailto:bryan.ward@holcombward.com>'
<bryan.ward@holcombward.com<mailto:bryan.ward@holcombward.com>>;
'ccorreia@law.ga.gov<mailto:ccorreia@law.ga.gov>' <ccorreia@law.ga.gov<mailto:ccorreia@law.ga.gov>>;
'Cheryl.Ringer@fultoncountyga.gov<mailto:Cheryl.Ringer@fultoncountyga.gov>'
<Cheryl.Ringer@fultoncountyga.gov<mailto:Cheryl.Ringer@fultoncountyga.gov>>; Schwartz, Edward
<eschwartz@steptoe.com<mailto:eschwartz@steptoe.com>>;
'scott@holcombward.com<mailto:scott@holcombward.com>'
<scott@holcombward.com<mailto:scott@holcombward.com>>; Roy Barnes
<roy@barneslawgroup.com<mailto:roy@barneslawgroup.com>>;
'aaron@holcombward.com<mailto:aaron@holcombward.com>'
<aaron@holcombward.com<mailto:aaron@holcombward.com>>;
'david.lowman@fultoncountyga.gov<mailto:david.lowman@fultoncountyga.gov>'
<david.lowman@fultoncountyga.gov<mailto:david.lowman@fultoncountyga.gov>>;
'jheidt@law.ga.gov<mailto:jheidt@law.ga.gov>' <jheidt@law.ga.gov<mailto:jheidt@law.ga.gov>>; John Salter
<john@barneslawgroup.com<mailto:john@barneslawgroup.com>>;
'marvin@holcombward.com<mailto:marvin@holcombward.com>'
<marvin@holcombward.com<mailto:marvin@holcombward.com>>;
'robert.highsmith@hklaw.com<mailto:robert.highsmith@hklaw.com>'
<robert.highsmith@hklaw.com<mailto:robert.highsmith@hklaw.com>>;
'tgphilli@dekalbcountyga.gov<mailto:tgphilli@dekalbcountyga.gov>'
<tgphilli@dekalbcountyga.gov<mailto:tgphilli@dekalbcountyga.gov>>;
'lkjohnson@dekalbcountyga.gov<mailto:lkjohnson@dekalbcountyga.gov>'
<lkjohnson@dekalbcountyga.gov<mailto:lkjohnson@dekalbcountyga.gov>>;
'vernstes@dekalbcountyga.gov<mailto:vernstes@dekalbcountyga.gov>'
<vernstes@dekalbcountyga.gov<mailto:vernstes@dekalbcountyga.gov>>;
benbryan@dekalbcountyga.gov<mailto:benbryan@dekalbcountyga.gov>
Cc: Caldwell, Joe <jcaldwell@Steptoe.com<mailto:jcaldwell@Steptoe.com>>
Subject: 17-0167 Curling, et al v. Kemp, et al: Curling v. Kemp: Draft Preservation Order.docx

On behalf of Joe Caldwell:

Counsel,

Attached, in accordance with the Judge's instructions on the conference call yesterday, see Dkt. No. 105, is a proposed Preservation Order for counsel's consideration.  If you have edits, I ask that you circulate them in writing via e-mail, which may be followed by telephone calls, as necessary.  By the end of the week, I will circulate for comments a draft Joint Report of the Parties Concerning Preservation of Evidence toward the goal of filing that Report on Monday, November 13, 2017, as directed.

Thank you.

Joe Robert Caldwell, Jr
Partner
jcaldwell@Steptoe.com<mailto:jcaldwell@Steptoe.com>
+1 202 429 6455 direct | +1 202 429 3902 fax
Steptoe
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW | Washington, DC 20036
www.steptoe.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.steptoe.com&d=DwIF-g&c=14jPbF-1hWnYXveJ5rixtS_Fo3DRrpL7HUwJDAc4HIc&r=MRC3Pfv79G-OqKfSZ4m0i3vWdXNm1lqSdxuXFmkb0ZI&m=yUzrbukVfkvg5wCjuCzK3o4bqp2CTdrN-zxUNI86ceU&s=FrB97lDA5cOd5xja6x6lPz4m5ffS44ZaUYM4FdY_7tQ&e=>

ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD OR DISCLOSE WITHOUT EXPRESS PERMISSION. Communications from attorneys and their employees are confidential and may not be forwarded or disclosed without the sender's express permission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Further, anything you believe to be tax advice in this communication, including attachments, cannot be used to avoid penalties under the Internal Revenue Code, nor does it promote, market, or recommend any transaction or tax-related matter. Barnes Law Group does not give tax advice.
ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD OR DISCLOSE WITHOUT EXPRESS PERMISSION. Communications from attorneys and their employees are confidential and may not be forwarded or disclosed without the sender's express permission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Further, anything you believe to be tax advice in this communication, including attachments, cannot be used to avoid penalties under the Internal Revenue Code, nor does it promote, market, or recommend any transaction or tax-related matter. Barnes Law Group does not give tax advice.

ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD OR DISCLOSE WITHOUT EXPRESS PERMISSION. Communications from attorneys and their employees are confidential and may not be forwarded or disclosed without the sender's express permission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Further, anything you believe to be tax advice in this communication, including attachments, cannot be used to avoid penalties under the Internal Revenue Code, nor does it promote, market, or recommend any transaction or tax-related matter. Barnes Law Group does not give tax advice.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# Correia Declaration

# Exhibit 10

**Cristina Correia**

| | |
|---|---|
| **From:** | Jeff Milsteen <jmilstee@kennesaw.edu> |
| **Sent:** | Friday, October 20, 2017 10:16 AM |
| **To:** | marilyn |
| **Cc:** | asklegal; Cristina Correia |
| **Subject:** | Fw: ORR for data retrieval from elections.kennesaw.edu |
| **Attachments:** | ORR 1 of 3 10.18.17.pdf; ORR 2 of 3 10.18.17.pdf; ORR 3 of 3 10.18.17.pdf |
| | |
| **Importance:** | High |

Ms. Marks,

Attached please find the records responsive to your open records request.   All records have been produced except documents that would be exempt pursuant to OCGA 50-18-72(a)(41), which excepts privileged attorney-client communications from the disclosure requirements of the Open Records Act.  To be clear, the record that has been withheld involves communications between the Office of the Attorney General and employees of Kennesaw State University, and not internally between the Legal Affairs Division and employees of the Center for Elections Systems or UITS.

Sincerely,

Jeff Milsteen
Chief Legal Affairs Officer
Kennesaw State University

**From:**   Stephen Craig Gay
**To:**   Lectra Lawhorne
**Subject:**   CES Investigative update
**Date:**   Friday, March 17, 2017 5:11:58 PM

Lectra,

Good afternoon. I wanted to take a moment and provide you with an update on the Center for Election Systems Incident Response process:

- We met with CES Staff today to review the architecture of their internal network, review physical access controls, and understand the services running on the internal network. We validated that an air gap exists between the internal and external network and further validated via arp tables that no routes were available from the intranet servers to an external network. Several opportunities for improvement were identified and CES staff are working on documentation for the system. An executive summary with recommendations is forthcoming

- All external-facing servers associated with the Center are isolated to elections.kennesaw.edu which is hosted in the Enterprise instance of OmniUpdate and contains only public information.

- UITS WinServ, in partnership with the ISO and CES, is provisioning a dedicated Virtual Server which will be used for internal file storage for CES. The server will be locked down via AD group memberships and will use verbose logging and monitoring tied to our splunk instance. The logs will specifically audit for file access and alert on any modifications to the authorizing AD group. Furthermore a local firewall will be in place and all traffic outside the CES IP range blocked.

- I met with FBI Agent Ware at 4:30pm to receive the elections server - Dell PowerEdge R610 Tag Number 96J2F21. The ISO team will be performing a data recovery for data requested by the CES (Business Operations) on Monday. We have confirmed that the FBI is maintaining a forensic image and changes to the server can occur. Agent Ware shared that "the investigation is wrapping up" and mentioned being in attendance at the March 29th meeting with AUSA Grimberg.

Please let me know if you have any questions or if I can provide any additional information.

In service,

Stephen C Gay CISSP CISA
KSU Chief Information Security Officer & UITS Executive Director
Information Security Office
University Information Technology Services (UITS)
Kennesaw State University
Technology Services Bldg, Room 031
1075 Canton Pl, MB #3503
Kennesaw, GA 30144
Phone: (470) 578-6620
Fax: (470) 578-9050
sgay@kennesaw.edu

| Milestone | Due Date | Status | Lead | Notes |
|---|---|---|---|---|
| Private Network Assessment Meeting | 26-Jun | Complete | S. Gay | |
| Spec UPS | 13-Jul | Complete | C. Dehner | |
| Order UPS | 13-Jul | Complete | C. Dehner | |
| DBAN R610 Hard Drives | 7-Jul | Complete | C. Dehner | |
| Deliver R610 to Networking | 7-Jul | Complete | C. Dehner | |
| Image Dell PowerEdge R630s (101614 & 101613) | 26-Jul | Complete | C. Darrow | |
| Rack Dell PowerEdge R630 and migrate DC and NAS | 28-Jul | In progress | C. Darrow | |
| Install UPS | 4-Aug | Complete | C. Darrow | Due data dependant on delivery of UPS from CDW-G. |

| 192.168.3.135 | Linux 2.6.8 | •M8600M86 | | IMI Card Duplicator | |
|---|---|---|---|---|---|
| 192.168.3.119 | Linux 2.6.8 | •M8600M73 | | IMI Card Duplicator | |
| 192.168.3.81 | Linux 2.6.8 | •M8600M80 | | IMI Card Duplicator | |
| 192.168.3.79 | Linux 2.6.8 | •M8600M72 | | IMI Card Duplicator | |
| 192.168.3.116 | Linux 2.6.8 | •M8600M82 | | IMI Card Duplicator | |
| 192.168.3.104 | Linux 2.6.8 | •M8600M70 | | IMI Card Duplicator | |
| 192.168.3.115 | Linux 2.6.8 | •M8600M71 | | IMI Card Duplicator | |
| 192.168.3.130 | Linux 2.6.12 | •M8600M81 | | IMI Card Duplicator | |
| 192.168.3.78 | Linux 2.6.8 | •M8600M89 | | IMI Card Duplicator | |
| 192.168.3.123 | Linux 2.6.8 | •M8600M26 | | IMI Card Duplicator | |
| 192.168.3.128 | Linux 2.6.8 | •M8600M78 | | IMI Card Duplicator | |
| 192.168.3.131 | Linux 2.6.8 | •M8600M84 | | IMI Card Duplicator | |
| 192.168.3.71 | Linux 2.6.8 | •M8600M83 | | IMI Card Duplicator | |
| 192.168.3.132 | Linux 2.6.8 | •M8600M88 | | IMI Card Duplicator | |
| 192.168.3.66 | Linux 2.6.8 | •M8600M417 | | IMI Card Duplicator | |
| 192.168.3.68 | Linux 2.6.8 | •M8600M74 | | IMI Card Duplicator | |
| 192.168.3.2 | Microsoft Windows Server 2003 R2 SP2 | •SBMINOLE | | | |
| 192.168.3.53 | HP P2055 Series | •Fax-Printer •FAX-PRINTER | | | |
| 192.168.3.55 | Microsoft Windows XP | •SDEAN-GEMS-2 | | | |
| 192.168.3.57 | Microsoft Windows XP | •CALLCENTER | | | |
| 192.168.3.50 | Microsoft Windows Server 2008 R2, Standard Edition | •EPIC | | | |
| 192.168.3.4 | Microsoft Windows Server 2008 R2, Enterprise Edition | •CES-DC1 | | | |
| 192.168.3.3 | Microsoft Windows Server 2008 R2, Standard Edition | •CES-NAS | | | |
| 192.168.3.1 | Microsoft Windows Server 2008 | •CES-DC.CES.KENNESAW.EDU | | | |
| 192.168.3.54 | Microsoft Windows XP | •MPEARSO9-980 | | | |
| 192.168.3.56 | Microsoft Windows XP | •GEMS-DDESSERT | | | |
| 192.168.3.60 | Microsoft Windows 7 Home, Premium Edition SP1 | •STEVEN7-GEMS | | Audio recording | |
| 192.168.3.70 | Windows XP | h57-marie.CES.KENNESAW.EDU | | | |
| 192.168.3.58 | Windows XP | GEMS-mking.CES.KENNESAW.EDU | | | |
| 192.168.3.51 | Microsoft Windows 7.5 | •KSUCES-2HALL | | Audio recording | |
| 192.168.3.61 | Unknown | | | | |
| 192.168.3.52 | Windows XP | seminole-termin.CES.KENNESAW.EDU | | | |

| | |
|---|---|
| **From:** | Christopher Dehner |
| **To:** | Steven Dean; Jason Figueroa |
| **Cc:** | Michael Barnes; Stephen Gay |
| **Subject:** | CES server surplus |
| **Date:** | Wednesday, August 9, 2017 11:24:58 AM |

Fellas,

I will arrive at the center around 1:30 today to pick up the old DC.  I will also get the old unicoi server from secure  storage.  Additionally, I sent in a service ticket for this request.

Regards,

Chris

Get Outlook for Android

**Michael Barnes**

| | |
|---|---|
| **From:** | Steven Jay Dean |
| **Sent:** | Wednesday, April 26, 2017 3:18 PM |
| **To:** | Christopher Michael Dehner |
| **Cc:** | Merle Steven King; Michael L. Barnes; Jason Stephen Figueroa |
| **Subject:** | Private Network Hardware Assessment |

Chris, we recently receive a draft of the Incident report and I would like to go through the hardware section to get a plan outlined for addressing the recommendations. The document states the following:

1. Rackmount UPS Battery backups (one displaying warning light)
    Recommendation: Replace batteries as needed and move under UITS ISS management
2. 3com Switches – Age 10+ years -- No Support -- L2 only
    Recommendation: Replace and move under UITS ISS management
3. Dell 1950 (Windows Domain Controller) – Age 10+ years
    Recommendation: Surplus
4. Dell PowerEdge R630 – Age 1 year
    Recommendation: Migrate services from Dell 1950 and move under UITS ISS management on CES Isolated Network
5. EPIC – Vision Computer – Age Unknown – Electors list creation box
    Recommendation: Continue as ISO/CES managed
6. EPIC Files – Dell 1900 – Age 6+ years – Electors list creation box backups
    Recommendation: Surplus
7. NAS – Dell 1900 – Age 6+ years – CES Isolated Network NAS
    Recommendation: Surplus
8. elections.kennesaw.edu - Age 5 years - Dell PowerEdge R610
    Recommendation: Format and reinstall on CES Isolated Network as NAS
9. unicoi.kennesaw.edu – Age 6+ years. Dell PowerEdge 1950
    Recommendation: Surplus
10. Web server backup
    Recommendation: Surplus

We had submitted for approval to UITS the purchase of two new UPS units prior to the incident. Should we continue and order these as previously planned?
Will new hardware (and other equipment) be ordered by ISO under ISO budget, ordered by ISO under CES budget, or ordered by CES? Who will decide what hardware is purchased?
How should we proceed with replacing the Switches and who will install and manage them?
When will the assessment of the private network software commence and what department will handle the migrations and updates? How will this project factor into their schedule?

We would like to get moving on this list as soon as possible. Please let me know what I can do as the next step.
Thanks.

Steven Dean
Technical Coordinator
KSU Center for Election Systems
3205 Campus Loop Road

1

Kennesaw, GA 30144
P: 470-578-6900 F: 470-578-9012

**From:** Christopher Michael Dehner
**Sent:** Tuesday, June 27, 2017 5:22 PM
**To:** Stephen Craig Gay; Nickolaus E Hassis; Jason Stephen Figueroa; Steven Jay Dean; Michael L. Barnes; Davide F Gaetano
**Subject:** CES Network Assessment Meeting Notes 6/26

CES Network Assessment
6/27/17 4:00PM-5:15PM
Attendees:
Nick Hassis, Stephen Gay, Jason Figuero, Steven Dean, Michael Barns, Davide Gaetano

Notes:

CES – is most secure network at KSU, making it more secure
9/10 AAR items closed - Final item: Private Network Inventory

Goal: Reduce number of devices on private network

IMI Card Duplicators also act as data extractor to private network NAS

Reconciled Windows XP devices not captured by network scan

GEMS services dependent on .NET version found on WinXP

Davide – Can GEMS services be virtualized to work on Win7 or Win10?
Steven – Not certain

Stephen: Can we use local authentication instead of domain controller?
Davide: Put domain controllers on Epic and NA

Cellular dialer to send syslog, environment, arpwatch alerts & GPS updates for time keeping.
New Epic and New NAS servicers will also be domain controllers
Cycle hard drive backups to fireproof safe in Secure Storage

Davide suggestions:
* Physically label computers if on private network
* Add distance between private and  public network devices
* Replace wifi access point, create new ssid for only CES
* Arpwatch box for public and private networks to prevent network crossovers
* Put CES behind a firewall – force denial and whitelist

Action Items:

CES IT
* Confirm printer has unnecessary services disabled
* Work with vendor on upgrading Epic to more current version of Windows Server

UITS
* Build new XP image
* Windows 10 build for audio box

- Migrate data from Poweredge 1900 to Server TBD and decommission box
- Spin up new servers
- Collaborate with CES on transferring services to new servers
- Chris: Connect with Jonathan on new APCs
- Chris: Wipe R610 server, deliver to Davide & Casey for install
- Chris Schedule update meetings for CES Network Updates (include Casey, Jonathan, and GJ)

---

Christopher Dehner, CISA
IT Security Professional III
Information Security Office
University Information Technology Services (UITS)
Kennesaw State University
Technology Services Bldg, Room 027
1075 Canton Pl, MB #3503
Kennesaw, GA 30144
Phone: 470-578-6620
Fax: 470-578-9050
cmd9090@kennesaw.edu

| | |
|---|---|
| **From:** | Christopher Dehner |
| **To:** | Stephen Gay |
| **Cc:** | Michael Barnes; Steven Dean; Jason Figueroa |
| **Subject:** | Re: CES server surplus |
| **Date:** | Wednesday, August 9, 2017 3:54:39 PM |

Stephen,

I'm happy to report that the remaining two servers on the AAR were delivered to ITIM and the hard drives were degaussed three times.  Additionally, I followed up with Jonathan on replacing the old UPSs with the new ones.

Regards,

Chris

---

**From:** Stephen Gay
**Sent:** Wednesday, August 9, 2017 11:32 AM
**To:** Christopher Dehner; Steven Dean; Jason Figueroa
**Cc:** Michael Barnes; Lectra Lawhorne
**Subject:** Re: CES server surplus

Chris,

This is fantastic news. Great work to all parties on closing the final recommendation from the incident after action report.

In your service,
Stephen.

Sent from Nine

**From:** Christopher Dehner
**Sent:** Aug 9, 2017 11:24 AM
**To:** Steven Dean; Jason Figueroa
**Cc:** Michael Barnes; Stephen Gay
**Subject:** CES server surplus

Fellas,

I will arrive at the center around 1:30 today to pick up the old DC.  I will also get the old unicoi server from secure  storage.  Additionally, I sent in a service ticket for this request.

Regards,

Chris

Get Outlook for Android

| | |
|---|---|
| **From:** | Ware, William D. II (AT) (FBI) |
| **To:** | Stephen Craig Gay |
| **Subject:** | RE: Request for data retrieval |
| **Date:** | Thursday, March 16, 2017 7:44:15 PM |

How about a little after 4 pm?

--

-------- Original message --------
From: "Stephen C. Gay" <sgay@kennesaw.edu>
Date: 03/16/2017 3:15 PM (GMT-05:00)
To: "Ware, William D. II (AT) (FBI)" <William.Ware@ic.fbi.gov>
Subject: Re: Request for data retrieval

Agent Ware,

Thank you for the response. I'm open 12:30pm - 1:30pm, 2:30pm - 3:00pm, and after 4pm if any of those work for you?

Stephen
----- Original Message -----
From: "Ware, William D. II (AT) (FBI)" <William.Ware@ic.fbi.gov>
To: "Stephen C Gay" <sgay@kennesaw.edu>
Sent: Thursday, March 16, 2017 12:00:13 PM
Subject: RE: Request for data retrieval

Hi Stephen,

We have a forensic image of the server so we can just give you the server back so you guys can do what you want. Are you around tomorrow so I can bring it back?

Davey

--

-------- Original message --------
From: "Stephen C. Gay" <sgay@kennesaw.edu>
Date: 03/15/2017 1:51 PM (GMT-05:00)
To: "Ware, William D. II (AT) (FBI)" <William.Ware@ic.fbi.gov>
Subject: Fwd: Request for data retrieval

Agent Ware,

We received the request below from the Center for Election Systems regarding data contained on the seized server which they do not have a backup of. What is the possibility of having the data extracted and us picking it up?

Thank you for your consideration of this request.
Stephen

----- Forwarded Message -----
From: "Michael Barnes" <mbarne28@kennesaw.edu>
To: "Stephen C Gay" <sgay@kennesaw.edu>
Cc: "Steven Dean" <sdean29@kennesaw.edu>, "Merle King" <mking@kennesaw.edu>
Sent: Wednesday, March 15, 2017 1:41:25 PM
Subject: Request for data retrieval

Stephen,


As discussed earlier today, we would like to retrieve certain records from
elections.kennesaw.edu that support our daily office activities, items
such as inventory records, workflow databases used during our ballot
building efforts, and operation manuals. These data are located in the
cesuser user directory at /home/cesuser. We would like to retrieve the
entire cesuser directory, if possible.



Thanks,


Michael Barnes
Director
Center for Election Systems
Kennesaw State University
3205 Campus Loop Road
Kennesaw, GA 30144
ph: 470-KSU-6900
fax: 470-KSU-9012

| | |
|---|---|
| **From:** | Ware, William D. II (AT) (FBI) |
| **To:** | Stephen Craig Gay |
| **Subject:** | RE: Request for data retrieval |
| **Date:** | Thursday, March 16, 2017 12:00:23 PM |

Hi Stephen,

We have a forensic image of the server so we can just give you the server back so you guys
can do what you want. Are you around tomorrow so I can bring it back?

Davey

--

-------- Original message --------
From: "Stephen C. Gay" <sgay@kennesaw.edu>
Date: 03/15/2017 1:51 PM (GMT-05:00)
To: "Ware, William D. II (AT) (FBI)" <William.Ware@ic.fbi.gov>
Subject: Fwd: Request for data retrieval

Agent Ware,

We received the request below from the Center for Election Systems regarding data contained on the seized server
which they do not have a backup of. What is the possibility of having the data extracted and us picking it up?

Thank you for your consideration of this request.
Stephen

----- Forwarded Message -----
From: "Michael Barnes" <mbarne28@kennesaw.edu>
To: "Stephen C Gay" <sgay@kennesaw.edu>
Cc: "Steven Dean" <sdean29@kennesaw.edu>, "Merle King" <mking@kennesaw.edu>
Sent: Wednesday, March 15, 2017 1:41:25 PM
Subject: Request for data retrieval

Stephen,

As discussed earlier today, we would like to retrieve certain records from
elections.kennesaw.edu that support our daily office activities, items
such as inventory records, workflow databases used during our ballot
building efforts, and operation manuals.  These data are located in the
cesuser user directory at /home/cesuser.  We would like to retrieve the
entire cesuser directory, if possible.

Thanks;

Michael Barnes
Director
Center for Election Systems
Kennesaw State University
3205 Campus Loop Road
Kennesaw, GA 30144
ph: 470-KSU-6900
fax: 470-KSU-9012

| | |
|---|---|
| **From:** | Stephen Craig Gay |
| **To:** | mbeaver@sos.ga.gov |
| **Cc:** | Lectra Lawhorne; Michael L. Barnes |
| **Subject:** | Plan of action for the passing of data |
| **Date:** | Wednesday, March 22, 2017 6:25:02 PM |

Merritt,

Thank you for the conversation regarding the ExpressPoll file pickup and discussion on getting the processed data back to your office. Looking over my notes, I have the following plan of action from our discussion:

Objective: KSU will use the Secretary of State SFTP server to upload the data moving forward, after which members of your team will coordinate the distribution to the counties which require the data.

Tasks:
- Remove all users/rights with the current KSU folder on the Secretary of State SFTP Server and provision new accounts for specified users (Likely SDean, MFiguero, CDehner)
- Work with Chris Dehner, in the UITS Information Security Office, to share and validate SFTP certificate for server.
- Work with Chris Dehner and members of CES to develop process for file transfer, account password expiration, and archiving of file and associated password sharing
- Chris Dehner will work with Steven and Jason on selecting the archive software client, SFTP client and validating the functionality
- Test the clients and processes, and resolve any challenges.

If you could send me the contact information for James and Stephen on your team I will share with the team and ask that they connect 1st thing tomorrow. I don't want to be a roadblock to these tasks and progress, but will check-in on the progress and will be available to assist as needed.

Stephen C Gay CISSP CISA
KSU Chief Information Security Officer & UITS Executive Director
Information Security Office
University Information Technology Services (UITS)
Kennesaw State University
Technology Services Bldg, Room 031
1075 Canton Pl, MB #3503
Kennesaw, GA 30144
Phone: (470) 578-6620
Fax: (470) 578-9050
sgay@kennesaw.edu

| | |
|---|---|
| **From:** | Beaver, Merritt |
| **To:** | Stephen Craig Gay; Koonce, Steven; Oliver, James |
| **Cc:** | Lectra Lawhorne; Michael L. Barnes |
| **Subject:** | RE: Plan of action for the passing of data |
| **Date:** | Thursday, March 23, 2017 10:24:00 AM |

Stephen

I would like to tie in both Steven Koonce, one of our Network administrators and James Oliver, our security manager. See their emails attached.

I talked with my team and our election's team and we would like to just create a new set of SFTP folders for this effort. The old folder was set up the exchange sample ballot forms and we would like to not repurpose that folder for this new use. There will be a need for KSU to upload files to SOS and also for SOS to send files to KSU. We are suggesting that we have two folders to serve each of these purposes. Both of these folders will only hold data for 30 days and after that time any files left will be automatically deleted as these will be transfer folders only.

I will let Steven and James work with your team to best set this environment up.

Thanks

Merritt

S. Merritt Beaver
Chief Information Officer
Office of Georgia Secretary of State Brian P. Kemp
Office (404) 656-7744  Mobile: (770)330-0016
mbeaver@sos.ga.gov

-----Original Message-----
From: Stephen C. Gay [mailto:sgay@kennesaw.edu]
Sent: Wednesday, March 22, 2017 6:25 PM
To: Beaver, Merritt <mbeaver@sos.ga.gov>
Cc: Lectra Lawhorne <llawhorn@kennesaw.edu>; Michael Barnes <mbarne28@kennesaw.edu>
Subject: Plan of action for the passing of data

Merritt,

Thank you for the conversation regarding the ExpressPoll file pickup and discussion on getting the processed data back to your office. Looking over my notes, I have the following plan of action from our discussion:

Objective: KSU will use the Secretary of State SFTP server to upload the data moving forward, after which members of your team will coordinate the distribution to the counties which require the data.

Tasks:
- Remove all users/rights with the current KSU folder on the Secretary of State SFTP Server and provision new accounts for specified users (Likely SDean, MFiguero, CDehner)
- Work with Chris Dehner, in the UITS Information Security Office, to share and validate SFTP certificate for server.
- Work with Chris Dehner and members of CES to develop process for file transfer, account password expiration, and archiving of file and associated password sharing
- Chris Dehner will work with Steven and Jason on selecting the archive software client, SFTP client and validating the functionality
- Test the clients and processes, and resolve any challenges.

If you could send me the contact information for James and Stephen on your team I will share with the team and ask that they connect 1st thing tomorrow. I don't want to be a roadblock to these tasks and progress, but will check-in on the progress and will be available to assist as needed.

Stephen C Gay CISSP CISA
KSU Chief Information Security Officer & UITS Executive Director Information Security Office University Information Technology Services (UITS) Kennesaw State University Technology Services Bldg, Room 031
1075 Canton Pl, MB #3503
Kennesaw, GA 30144
Phone: (470) 578-6620
Fax: (470) 578-9050
sgay@kennesaw.edu

| | |
|---|---|
| **From:** | Christopher Dehner |
| **To:** | Davide Gaetano |
| **Cc:** | Casey Darrow; Stephen Gay; Chris Gaddis |
| **Subject:** | RE: CES Network Assessment Meeting Notes 6/26 |
| **Date:** | Wednesday, July 19, 2017 1:29:00 PM |
| **Attachments:** | CES Network surplus milestones.xlsx |

Davide,

I think we're ready to make the final push on closing the CES AAR recommendations.  All we have left is the imaging and transference of services of the two Dell PowerEdge R630s (both in CES private network data center) and the replacement of the UPSs.  Per our conversations, one server is for DC/NAS and the other for Epic.  I checked with Steven Dean and both servers not running any services so we can begin as soon as possible without impacting their services.  The UPSs were ordered last week and we are waiting on delivery.  I've included the project milestones and suggested due dates.  If these due dates are not feasible, please provide alternative dates.  If you have any questions, please feel free to reach out.

Regards,

Chris

**From:** Christopher Michael Dehner
**Sent:** Friday, July 7, 2017 11:16 AM
**To:** Davide Gaetano <dgaetano@students.kennesaw.edu>
**Cc:** Casey Darrow <cdarrow@kennesaw.edu>; Stephen Craig Gay <sgay@kennesaw.edu>; James Christopher Gaddis <jgaddis6@kennesaw.edu>
**Subject:** Fw: CES Network Assessment Meeting Notes 6/26

Davide,

I am reseeding this email because for some reason, it was sent to a dgaetano@students.kennesaw.edu account.

Per your instructions regarding the reimaging and installation of the CES server, we DBAN'd the hard drives and delivered the server to TS023.  The server is a Dell PowerEdge R610 (Asset Tag: 103019).  When it is ready for racking in the CES private network, please let me know and I'll coordinate with the Steven Dean.

Regards,

Chris

| From: | Stephen Craig Gay |
|---|---|
| To: | Lectra Lawhorne |
| Subject: | CES Investigative update |
| Date: | Friday, March 17, 2017 5:11:58 PM |

Lectra,

Good afternoon. I wanted to take a moment and provide you with an update on the Center for Election Systems Incident Response process:

- We met with CES Staff today to review the architecture of their internal network, review physical access controls, and understand the services running on the internal network. We validated that an air gap exists between the internal and external network and further validated via arp tables that no routes were available from the intranet servers to an external network. Several opportunities for improvement were identified and CES staff are working on documentation for the system. An executive summary with recommendations is forthcoming

- All external-facing servers associated with the Center are isolated to elections.kennesaw.edu which is hosted in the Enterprise instance of OmniUpdate and contains only public information.

- UITS WinServ, in partnership with the ISO and CES, is provisioning a dedicated Virtual Server which will be used for internal file storage for CES. The server will be locked down via AD group memberships and will use verbose logging and monitoring tied to our splunk instance. The logs will specifically audit for file access and alert on any modifications to the authorizing AD group. Furthermore a local firewall will be in place and all traffic outside the CES IP range blocked.

- I met with FBI Agent Ware at 4:30pm to receive the elections server - Dell PowerEdge R610 Tag Number 96J2F21. The ISO team will be performing a data recovery for data requested by the CES (Business Operations) on Monday. We have confirmed that the FBI is maintaining a forensic image and changes to the server can occur. Agent Ware shared that "the investigation is wrapping up" and mentioned being in attendance at the March 29th meeting with AUSA Grimberg.

Please let me know if you have any questions or if I can provide any additional information.

In service,

Stephen C Gay CISSP CISA
KSU Chief Information Security Officer & UITS Executive Director
Information Security Office
University Information Technology Services (UITS)
Kennesaw State University
Technology Services Bldg, Room 031
1075 Canton Pl, MB #3503
Kennesaw, GA 30144
Phone: (470) 578-6620
Fax: (470) 578-9050
sgay@kennesaw.edu

| Milestone | Due Date | Status | Lead | Notes |
|---|---|---|---|---|
| Private Network Assessment Meeting | 26-Jun | Complete | S. Gay | |
| Spec UPS | 13-Jul | Complete | C. Dehner | |
| Order UPS | 13-Jul | Complete | C. Dehner | |
| DBAN R610 Hard Drives | 7-Jul | Complete | C. Dehner | |
| Deliver R610 to Networking | 7-Jul | Complete | C. Dehner | |
| Image Dell PowerEdge R630s (101614 & 101613) | 26-Jul | Complete | C. Darrow | |
| Rack Dell PowerEdge R630 and migrate DC and NAS | 28-Jul | In progress | C. Darrow | |
| Install UPS | 4-Aug | Complete | C. Darrow | Due data dependant on delivery of UPS from CDW-G. |

**From:** Christopher Dehner cmd9090@kennesaw.edu
**Subject:** Re: CES server surplus
**Date:** August 9, 2017 at 3:54 PM
**To:** Stephen Gay sgay@kennesaw.edu
**Cc:** Michael Barnes mbarne28@kennesaw.edu,  Steven Dean sdean29@kennesaw.edu, Jason Figueroa jfigue12@kennesaw.edu

Stephen,

I'm happy to report that the remaining two servers on the AAR were delivered to ITIM and the hard drives were degaussed three times.  Additionally, I followed up with Jonathan on replacing the old UPSs with the new ones.

Regards,

Chris

**From:** Stephen Gay
**Sent:** Wednesday, August 9, 2017 11:32 AM
**To:** Christopher Dehner; Steven Dean; Jason Figueroa
**Cc:** Michael Barnes; Lectra Lawhorne
**Subject:** Re: CES server surplus

Chris,

This is fantastic news. Great work to all parties on closing the final recommendation from the incident after action report.

In your service,
Stephen.

Sent from Nine

**From:** Christopher Dehner
**Sent:** Aug 9, 2017 11:24 AM
**To:** Steven Dean; Jason Figueroa
**Cc:** Michael Barnes; Stephen Gay
**Subject:** CES server surplus

Fellas,

I will arrive at the center around 1:30 today to pick up the old DC.  I will also get the old unicoi server from secure  storage.  Additionally, I sent in a service ticket for this request.

Regards,

Chris

Chris

Get Outlook for Android