IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' JOINT OBJECTIONS TO
STATE DEFENDANTS' REDACTIONS AND MOTION TO SEAL**

State Defendants persist in their attempts to hide from the public highly-relevant information regarding the reliability of the Georgia Global Election Management System (GEMS) and the cybersecurity infrastructure of the Georgia Secretary of State's Office ("GA SOS"). During the preliminary injunction hearing, multiple witnesses and counsel (including State Defendants' own counsel) discussed in open court the many significant risks identified by Fortalice during their cybersecurity assessments of GA SOS. Nonetheless, State Defendants have refused to modify their extensive redactions to these assessments, insisting that portions of the Fortalice assessments publicly disclosed in open court remain sealed.

Moreover, State Defendants refuse to withdraw their frivolous motion to seal screenshots of the GEMS database. Dr. Halderman testified in open court that the structure of the GEMS database was not unique and instead was identical to databases that have been publicly available for many years. Dr. Halderman's testimony was confirmed by GA SOS Chief Information Officer Merritt Beaver. Therefore, State Defendants' pending motion is effectively moot, and yet they persist with it.

State Defendants have failed to carry their high burden to demonstrate that these documents should be redacted or sealed and the Court should not condone State Defendants' continued attempts to mislead the public about the extraordinary unreliability of Georgia's election cybersecurity.

## ARGUMENT

Access to court records is an important component of the judicial system in this country, and "is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This is especially true where the records in question are held by a government and are relevant to fundamental civic rights such as voting. As stated in this Court's standing order, "confidentiality of proceedings is the exception, not the rule." (Doc. 11 at 22.) There is a presumption of access to judicial records, *Newman v.*

*Graddick*, 696 F.2d 796, 803 (11th Cir. 1983), and documents should only be sealed where there is good cause, *see Chicago Tribune*, 263 F.3d at 1315.

To determine whether to allow materials to be filed under seal, this Court must weigh "the competing interests of the parties to determine whether there is good cause to deny the public the right to access the document." *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quotation marks and citation omitted). An important factor weighing against sealing information is if "access is likely to promote public understanding of historically significant events." *Newman*, 696 F.2d at 803. Further, where information is already public, there is not good cause to allow it to be filed under seal. *See Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1236 (11th Cir. 2013) (declining to seal the name of petitioner because it had already been made public).

## I.     Redactions to the Fortalice Assessments

State Defendants provided redacted versions of Fortalice's cybersecurity assessments to the Court at the preliminary injunction hearing. State Defendants have not, however, provided the Court with an explanation as to the basis for redacting any portions of Fortalice's assessments. In a July 24, 2019 email, provided by Plaintiffs to the Court as Exhibit 13 at the preliminary injunction hearing, State Defendants represented that the redactions in the October 2017

assessment were of "unremediated vulnerabilities and the testing work around those unremediated vulnerabilities."  With respect to the 2018 assessments, however, State Defendants indicated that they "have not determined whether each of the identified vulnerabilities have been remediated, so . . . left those vulnerabilities redacted."  Both of these contentions are insufficient to justify State Defendants' proposed redactions.[1]

*First*, State Defendants' redactions to the October 2017 assessment are inappropriate because State Defendants own witnesses and counsel referenced the substance of these redactions in open court.  For example, State Defendants redacted portions of the October 2017 assessment related to the lack of security controls surrounding PCC, Inc.'s management of Georgia's voter registration database.  (*Compare* Pls' Ex. 9 *with* Pls' Ex. 1 at Payton_000023-24.)  But Mr.

---

[1] Consistent with the Protective Order entered in this case, Plaintiffs notified State Defendants of their objections to State Defendants' proposed redactions.  By email dated July 29, 2019, Plaintiffs asked State Defendants to provide "updated versions of the previously redacted Fortalice reports reflecting what was publicly disclosed in court last week so we can see if a disagreement remains for the court to resolve." Plaintiffs specifically noted that "[m]uch of what [State Defendants] previously redacted was publicly disclosed in the hearing."  State Defendants refused to provide updated versions stating they did "not recall any redacted information that was publicly disclosed at the hearing."  (Ex. A.)  As this objection demonstrates, State Defendants failed to conduct any meaningful analysis of the portions of the Fortalice assessments that were made public.  Significant portions of the Fortalice assessments were discussed in open court.  Therefore, State Defendants have failed to carry their significant burden to demonstrate that these assessments should be kept from the public.

Beaver and Ms. Payton discussed these vulnerabilities extensively in open court in response to both cross-examination and the Court's questioning. (*See* Doc. 570 at 32:15-38:4, 56:14-59:15, 63:23-71:15, 225:1-228:19.)   State Defendants redacted portions of the October 2017 assessment related to Fortalice's penetration testing. (*Compare* Pls' Ex. 9 *with* Pls' Ex. 1 at Payton_000040-52.)  Not only did Mr. Beaver extensively discuss this in open court, (Doc. 570 at 44:4-46:19), but he referenced this penetration testing in the August 2018 declaration he submitted in opposition to Plaintiff's motion for a preliminary injunction.  (Doc. 265-1 at ¶ 6.) State Defendants redacted portions of the October 2017 assessment related to endpoint protection.  (*Compare* Pls' Ex. 9 *with* Pls' Ex. 1 at Payton_000034-35.) But both Mr. Beaver and Ms. Payton discussed GA SOS's endpoint protection enhancements in response to questions from State Defendants' own counsel.  (Doc. 570 at 59:6-61:10, 251:25-252:25.)  State Defendants redacted references to vulnerabilities regarding non-unique local administrator passwords from the October 2017 assessment.  But Ms. Payton discussed these vulnerabilities in open court during both direct and cross examination.  (*Id.* at 222:9-19, 223:11-25, 262:16-263:4.)  Indeed, State Defendants' counsel referred specifically by page number to an entirely redacted page.  (*Id.* at 262:16-17.)

Because these issues were discussed at length in open court, without objection from State Defendants and in some cases in response to questioning by State Defendants, State Defendants cannot plausibly argue that this information must remain under seal.[2]

*Second*, State Defendants' basis for the 2018 assessments' redactions is wholly insufficient. Because "confidentiality of proceedings is the exception, not the rule," the burden is on State Defendants to justify their proposed redactions. (Doc. 11 at 22.)  They have not.  Instead, State Defendants stated reason for redacting all of the vulnerabilities in the 2018 assessments is that they did not have time to determine which vulnerabilities had been remediated.  But a lack of time is not an appropriate reason to redact information from the public's view.  As an initial matter, because these assessments were available since February 2018 (seventeen months prior to the hearing) and November 2018 (eight months prior to the hearing), State Defendants had ample time to determine which vulnerabilities had been remediated.  They did not lack time, they lacked diligence.  At any point

---

[2] State Defendants' redactions suffer from other deficiencies. They are internally inconsistent. For example, in the October 2017 assessment, State Defendants redacted descriptions of vulnerabilities from Page 3 and Pages 9 to 10, while displaying some of these same vulnerabilities on Pages 11 to 38. (*Compare* Pls' Ex. 9 *with* Pls' Ex. 1.)  Other redactions are overbroad on their face.  For example, in the October 2017 assessment, State Defendants redacted every recommended change to GA SOS's written policies including several notably mundane recommendations.  (*Id.* at Payton_00055-56.)

during those ensuing months State Defendants could have asked Mr. Beaver or Ms. Payton to identify which of the vulnerabilities from the 2018 assessments have been remediated. They apparently made no attempt to do so. Moreover, almost two weeks have passed since State Defendants made these representations, and they still have made no apparent attempt to identify which vulnerabilities have been remediated and therefore can be made public.

Additionally, as with the October 2017 assessment, redacted portions of the 2018 assessments were also discussed in open court. For example, the vulnerabilities with PCC, Inc.'s operation of Georgia's voter database—the sole subject of the February 2018 assessment—were discussed at length in open court. (*See* ECF No. 570 at 32:15-38:4, 56:14-59:15, 63:23-71:15, 225:1-228:19, 291:3-21, 295:16-296:3.) Fortalice's identification of "several instances of voter registration data hosted on file shares" in the November 2018 assessment, which was redacted by State Defendants, was quoted and discussed at length, including by State Defendants' counsel, with references to specific pages in open court. (ECF No. 570 at 69:3-22, 288:11-289:5, 294:19-25.) And Fortalice's November 2018 penetration testing, which was redacted by State Defendants, was discussed at length by Ms. Payton in open court. (*Id.* at 248:1-250:15; 275: 9-12; 283:14-285.:12)

7

State Defendants seek to weaponize this Court's sealing procedures: publicly touting positive aspects of the Fortalice assessments while shielding from the public the many negative findings of those assessments. The Court should not condone such behavior and their proposed redactions should be rejected.

## II. The GEMS Database Screenshots

The July 25 and 26 preliminary injunction hearing provides further cause for the Court to deny State Defendants' frivolous motion to seal screenshots of the GEMS databases.[3] State Defendants' motion to seal claims that the screenshots of the GEMS database "disclose information regarding the GEMS database which is not otherwise public knowledge and the documents themselves speak to fact that disclosure of nonpublic details of this sensitive nature increase the risk to sensitive items." (Doc. 488-1 at 3.) At the preliminary injunction hearing, State Defendants' own witness, Merritt Beaver, confirmed that this assertion was false. (Doc. 570 at 29:2-15.) Instead, the Georgia GEMS table structure is exactly the same as the publicly-available Cobb County database that has been published on the internet since 2002. As Dr. Halderman testified: "contrary to the expressed

---

[3] By email dated July 29, 2019, Plaintiffs requested that State Defendants withdraw their motion to seal the GEMS database screenshots because, based on testimony at the preliminary injunction hearing establishing that Georgia's GEMS database was identical to publicly-available GEMs databases, that motion was rendered moot. State Defendants refused, necessitating this objection.

position of the state that there was something unique to Georgia about these databases . . . there is actually nothing whatsoever unique about the structure of the Georgia GEMS databases. It is identical to the structure of databases in several other states, including databases that are public on the internet." (Doc. 571 at 89:15-23.) Dr. Halderman's testimony is also corroborated by the testimony of Merle King, the former Executive Director of Georgia's CES. (*See* Doc. 441 at 6.)

Indeed, had State Defendants simply compared the names of the tables and names of the fields in the screenshots Plaintiffs submitted of the current Georgia GEMS database with the names of the tables and the names of the fields in the screenshots Plaintiffs previously submitted of the public Cobb County database, they readily could have seen that there was nothing confidential about the structure of the Georgia GEMS database. (*Compare, e.g.* Doc. 489 at 2 *with* Doc. 455, Ex. B at 5 (showing the same table and field names)). Beaver confirmed that he conducted no such review before representing to the Court that the databases were different. (Doc. 570 at 26:4-28:10.) Apparently, neither did State Defendants' counsel. This fact too was discussed in open court during the preliminary injunction hearing. (*Id.* at 22:16-29:15.)

Notably, State Defendants did not object to the public dissemination of these facts during the hearing. In fact, news organizations have now reported these public statements made in open court.[4]

Because Georgia's GEMS database is identical to databases publicly available for more than a decade, and because this fact was publicly disclosed and discussed in open court at the preliminary injunction hearing, and in public media, State Defendants' motion to seal must be denied. *See Perez-Guerrero*, 717 F.3d at 1236.

## CONCLUSION

For all the foregoing reasons, the Court should deny reject the proposed redactions by State Defendants to the Fortalice assessments and deny State Defendants' motion to seal screenshots of the GEMS database.

Respectfully submitted this 7th day of August, 2019.

---

[4] *See* Jordan Wilkie, *'The selling of an election': how private firms compromised midterms security*, The Guardian (Aug. 1, 2019), https://www.theguardian.com/us-news/2019/aug/01/the-selling-of-an-election-dangerous-level-of-private-control-revealed-in-2018-georgia-midterms.

 /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
Catherine L. Chapple (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 887-1500

 /s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

/s/ David Brody
David Brody

11

John Powers
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                     */s/ David D. Cross*
                                                     David D. Cross

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

### CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record

　　　　　　　　　　　　　　　　　　　*/s/ David D. Cross*
　　　　　　　　　　　　　　　　　　　David D. Cross