# EXHIBIT A

| | |
|---|---|
| **From:** | Cross, David D. |
| **Sent:** | Tuesday, July 30, 2019 12:17 PM |
| **To:** | Vincent Russo; Josh Belinfante |
| **Cc:** | Carey Miller; Kimberly Anderson; Chapple, Catherine L.; Brian Lake; Bryan Tyson (btyson@taylorenglish.com); Bruce Brown; Manoso, Robert W.; Bentrott, Jane P.; Conaway, Jenna B. |
| **Subject:** | RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT) |

Vincent -

On GEMS, there's nothing confidential to seal. We'll alert the Court that you're persisting with a frivolous motion.

Regarding the Fortalice reports, it's not our job to go through them and identify what's now public. It's your duty to limit redactions only to actually confidential information that satisfies the rigorous standard for concealing information from the public in judicial proceedings. We'll alert the Court that you've declined to comply with that duty.

Thanks.
DC

---

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Tuesday, Jul 30, 2019, 11:17 AM
**To:** Cross, David D. <DCross@mofo.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucebrownlaw.com>, Manoso, Robert W. <RManoso@mofo.com>, Bentrott, Jane P. <JBentrott@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

- External Email -

David –

I'm not aware of an order regarding disclosure of the GEMS information.  Unsealing the documents would have the effect of disclosing the documents without a court order, which would be contrary to Georgia law.  If the Court ordered the screenshots to be made public at the hearing, I expect that the Court will simply deny the motion to seal.

Regarding the Fortalice reports, what specific areas of the reports are you referring to?  The questions to Theresa Payton and Merritt Beaver focused on unredacted portions of the redacted reports.  I do not recall any redacted information that was publicly disclosed at the hearing.  We are willing to consider whether additional portions of the redacted report should be unredacted, but it would help to know which sections of the report you are referencing.

Thanks,

Vincent

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Tuesday, July 30, 2019 12:21 AM
**To:** Vincent Russo <vrusso@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Bruce Brown <bbrown@brucebrownlaw.com>; Manoso, Robert W. <RManoso@mofo.com>; Bentrott, Jane P. <JBentrott@mofo.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

Can we please get a response to this?

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Monday, Jul 29, 2019, 11:28 AM
**To:** Vincent Russo <vrusso@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucepbrownlaw.com>, Manoso, Robert W. <RManoso@mofo.com>, Bentrott, Jane P. <JBentrott@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

Vincent -

Please provide today updated versions of the previously redacted Fortalice reports reflecting what was publicly disclosed in court last week so we can see if a disagreement remains for the court to resolve. Much of what you previously redacted was publicly disclosed in the hearing.

Also, please withdraw today your motion to seal the GEMS database screen shots. Given the testimony of Mr. Beaver and others in court last week, the basis for that motion is now moot. If you disagree, please explain why today.

Thanks.
DC

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Tuesday, Jul 23, 2019, 10:57 AM
**To:** Cross, David D. <DCross@mofo.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucepbrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

**- External Email -**

David – it is in the Attorneys Eyes Only provision in the protective order. Why do you think the Fortalice reports are not covered by that provision?

Thanks,

Vincent

---

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Tuesday, July 23, 2019 10:53 AM
**To:** Vincent Russo <vrusso@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Bruce Brown <bbrown@brucebrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

How? And what specific order provisions are you referring to?

---

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Tuesday, Jul 23, 2019, 8:50 AM
**To:** Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Cross, David D. <DCross@mofo.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucepbrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

- External Email -

David,

The Court specifically ordered that AEO includes methods, tools, and instrumentalities of security tests, audits, and investigations, and includes findings that would create a threat to the security of voting systems or other State infrastructure. The Fortalice reports fall squarely within the PO.

Thanks,

Vincent

---

**From:** Josh Belinfante
**Sent:** Tuesday, July 23, 2019 10:41 AM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Vincent Russo <vrusso@robbinsfirm.com>; Carey Miller <carey.miller@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Subject:** Re: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

On a separate note, are we going to learn the basis of the supposed confidentiality of the agreement between coalition plaintiffs and the fair fight plaintiffs? I'll defer to others on the answers to your questions, David.

Thanks
JB

Sent from my iPhone

3

On Jul 23, 2019, at 9:26 AM, Cross, David D. <DCross@mofo.com> wrote:

Vincent

We are going into a hearing where the parties will have to deal with the publics right to access evidence before the court. Obviously in any case the parties always have to confront disclosure obligations at trial, even when they themselves have treated something as confidential. So I'll ask you again: what is the basis for treating those documents and the related testimony confidential? I'm quite confident the court is not going to make a decision on the publics right to access evidence before the court, particularly in a case that has such important public interest aspects that she has emphasized, based on a procedural mechanism or deadline between the parties involving discovery.

Thanks.

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Tuesday, Jul 23, 2019, 8:12 AM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucepbrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

- External Email -

David –

Below are State Defendants' designations for Dr. Shamos' deposition transcript.

<u>Attorneys Eyes Only</u>:
- 134:10 – 146:22
- 204:3-11

The basis for the AEO designation is that examination involved documents previously marked AEO (Exhibits 75 and 76), and the contents of those documents are disclosed in the transcript. None of the parties challenged the AEO designation on those documents, and the deadline to challenge the AEO designation has passed.

Thanks,

Vincent

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Monday, July 22, 2019 8:09 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Bruce Brown

<bbrown@brucepbrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

Thanks. I can't think of anything that warrants confidential treatment. Please explain each designation when you provide them so we understand the basis. Please also explain the basis for designating as AEO (or Confidential at all) the assessments Ms. Payton relied on.

Thanks again for the quick turn on Dr. Shamos.

---

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Monday, Jul 22, 2019, 5:10 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Bruce Brown <bbrown@brucepbrownlaw.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

- External Email -

David,

We received the transcript of Dr. Shamos' deposition this evening. We will review and let you know what we are marking Confidential. We also intend to mark a portion of the transcript AEO. Although the PO allows parties to make confidentiality and AEO designations up to 7 days from the date the transcript is received, we will work on getting you our designations tonight given the circumstances.

Thanks,

Vincent

---

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Friday, July 19, 2019 7:17 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

Thanks for the explanation. On a separate issue, can you please let us know by EOD on Monday what, if any, portions of the Shamos transcript you are designating Confidential so we can proceed accordingly re use at the hearing?

Thanks.
DC

---

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Date:** Friday, Jul 19, 2019, 6:25 PM
**To:** Cross, David D. <DCross@mofo.com>

5

**Cc:** Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>, Chapple, Catherine L. <CChapple@mofo.com>, Brian Lake <Brian.Lake@robbinsfirm.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

- External Email -

David –

The Court asked for a supplemental affidavit that provides background on Mr. Shirley, similar to what had been provided about Paul Brandau previously. Mr. Brandau's background was provided in Ms. Payton's declaration attached to the State Defendants' notice filing regarding the security review of Dr. Halderman's memory card. Since the Court asked for a supplemental affidavit rather than an affidavit from Mr. Brandau, we proceeded in the same manner as before and supplied Mr. Shirley's background through a declaration by Ms. Payton.

Vincent

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Friday, July 19, 2019 5:43 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Kimberly Anderson <Kimberly.Anderson@robbinsfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Brian Lake <Brian.Lake@robbinsfirm.com>
**Subject:** FW: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 514, N.D. Ga. 1:17-cv-02989-AT)

Vincent -

Why is this from Ms. Payton rather than Mr. Shirley? We'd understood the Court to request a declaration from him. Given this is about him and his role, why isn't he telling the Court that information himself under oath?

Thanks.
DC

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.