# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## JOINT DISCOVERY STATEMENT
## REGARDING PRODUCTION OF ELECTION SYSTEM DATA

State Defendants refuse to produce certain election hardware and its data, including GEMS servers, DREs, memory cards, AccuVote scanners, and Express Poll books ("Election Hardware"), for forensic examination and imaging. The parties have conferred numerous times but have been unable to reach resolution.

### *Curling Plaintiffs' Position*

Curling Plaintiffs seek access to critically-important Election Hardware for forensic examination and imaging by their experts. Defendants have staked their defense on the empty mantra that there is no evidence that any of that hardware has been compromised by malware or otherwise. As the Court now knows, this tired claim is meaningless because—as Dr. Shamos admits—one must look for such evidence and nobody has done that in Georgia. In fact, Defendants inexplicably

have refused to allow even their own computer science experts, who have been retained for years, to examine any of Georgia's Election Hardware.  Whether this is because Defendants are as terrified as Plaintiffs and election security experts of what they will find or because they are hiding something on that hardware, the fact is that it needs to be examined, as Dr. Shamos emphasized.  (Dkt. 554 at 15:21-16:19.)  The Election Hardware and its data are responsive to Plaintiffs' requests, which seek, for example, "voting data, configuration data, and log files (including any backups thereof) and all software and firmware" from the Georgia election system.  (*See* Ex. A (Curling Plaintiffs' RFP 6, 10, 15, 24-28, 30, 31).)

Defendants agree that the requested information is highly relevant. Dr. Shamos acknowledges that each component of the Election Hardware presents a potential penetration point that could enable infection of Georgia's entire election system.  (Dkt. 554 at 82:14-20; 84:15-85:19.)  Defendants themselves claim that data from a breached election server still resides on existing DREs and memory cards, meaning any infiltration of that server potentially has already reached other—and perhaps all—components of the election system.  (Dkt. 558 at 6 ("Memory cards and the internal memory of the DREs are not rewritten by subsequent use in an election—all election information remains stored on both devices.").)  Rule 26 gives Plaintiffs the right to inspect this hardware and its data to rebut Defendants'

2

deliberately-empty claims that there is no evidence of a hack and that it is secure. *See, e.g., Benzion v. Vivint, Inc.*, No. 12-cv-61826, 2013 WL 12304563, at *3 (S.D. Fla. Sept. 20, 2013); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 16-md- 2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017).

Plaintiffs are entitled to conduct this examination themselves, including creating the images to be analyzed at their experts' secure facility in Michigan where they have access to their own forensic tools.  Defendants have shown themselves to be wholly unreliable—e.g., they repeatedly and willfully misrepresented to this Court the public nature of the GEMS databases; in sworn testimony last year, they omitted that penetration testing had given Fortalice complete control over the Secretary of State's IT networks and that Fortalice had found numerous significant cybersecurity risks (they provided conflicting sworn testimony from Mr. Beaver and Ms. Payton regarding these), including over a dozen with Georgia's voter registration databases (which Fortalice curiously was not allowed to examine again in the fall of 2018); they misrepresented to the public that this Court had denied a request to release DREs for the 2018 elections.  Given Defendants' repeated misstatements, they cannot be relied upon to create the necessary forensic images. *See ANZ Advanced Techs., LLC v. Bush Hog, LLC*, No. 9-cv-228, 2010 WL 11575131, at *8 (S.D. Ala. May 4, 2010) (ordering inspection of electronic devices

given party's misrepresentations in discovery).   Plaintiffs' cybersecurity and statistical experts should be allowed to identify an appropriate statistical sample for each component of the Election Hardware for forensic examination and imaging.

<u>*State Defendants' Position*</u>

State Defendants disagree with Curling Plaintiffs that this Joint Discovery Statement is necessary or appropriate under either the Court's Standing Order or the current status of this case.

Curling Plaintiffs' claim that State Defendants have "refused" to produce Election Hardware misstates the posture of this discussion—Curling Plaintiffs have not submitted a Rule 26 Request to inspect the Election Hardware, nor did they make any mention of the Election Hardware in their Requests for Production under Rule 34. Even the extremely broad terms of Curling Plaintiffs' RFP No. 15, which was quoted by Curling Plaintiffs above, stop well short of requesting any physical election system equipment, whether for forensic imaging or any other purpose.

Curling Plaintiffs' first demand for the election equipment was made by email from Curling Plaintiffs' Counsel on July 30, 2019 at 8:06 PM (and which demanded a response by 3:00 PM the following day). *See* email chain attached as Exhibit B. State Defendants responded that while there was currently no basis to demand the production of the equipment, State Defendants were willing to go through the normal

4

discovery process for such a request, when it was made. *Id.* Curling Plaintiffs next sent this Joint Discovery Statement on August 19, 2019, without ever submitting a request for the Election Hardware or meeting and conferring with State Defendants regarding this issue as required by Section III(e) of this Court's Standing Order.

In addition, given the Court's August 15, 2019 Order, it is unclear what relevance an inspection of the Election Hardware may have to this case. The Court has already ruled that Georgia's current DRE election equipment—including the Election Hardware sought by Curling Plaintiffs—will remain in use for 2019, but cannot be used for Georgia elections thereafter. Because Curling Plaintiffs are only entitled to prospective injunctive relief (which they have already obtained), an inspection at this point serves no purpose for the remaining issues in this case.[1] State Defendants anticipate filing a Motion for Clarification and/or requesting a status conference with the Court in the next few days to clarify what issues, if any, remain for resolution in this case.

### *Curling Plaintiffs' Reply*

State Defendants continue to misstate facts. They claim Plaintiffs never

---

[1] Curling Plaintiffs' demand for the Election Hardware is additionally confusing as Curling Plaintiffs' Counsel has informed State Defendants that Dr. Halderman is putting his review of the GEMS databases on hold and the secure rooms at the University of Michigan and the offices of Morrison & Foerster are being repurposed. *See* email chain attached as Exhibit C.

5

requested this discovery.  But their own exhibits (which violate Section III(e) of the Court's Standing Order) show they previously *expressly* acknowledged Curling Plaintiffs' "discovery request to inspect all 'Election System' data, files, software, and firmware."  (Ex. B.)  They also claimed then that Curling Plaintiffs had "amended" that request and were required to serve it again.  (*Id.*)  They have wisely abandoned that falsity.  Plaintiffs made clear that they would return to the Court for this discovery if State Defendants still opposed it.  (Dkt. 441 at 2 n.1.)  Tellingly, State Defendants did not argue at that time that no such request existed.

State Defendants next claim that the Court's preliminary injunction Order moots further discovery.  But they themselves recently demanded further discovery regarding Dr. Halderman's malware.  (*See* Ex. C.)  They also have not agreed to a permanent injunction or waived any appeal, and they still intend to use the current system.  Plaintiffs are entitled to conduct the examination of that system that *Dr. Shamos* emphasized is needed and has never been done, to address State Defendants' empty claim that there is no evidence that the system has been compromised.  (Dkt. 579 at 50-58.)  Plaintiffs' experts are entitled to do this themselves in Georgia and to take images to their secure facility in Michigan for full analysis.  (Halderman Aff.)

State Defendants assert no other objections here to this discovery, which is highly relevant, mandated by their own expert, and critical to complete right away.

Dated: August 20, 2019

Respectfully submitted,

  /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
JBentrott@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,*
*Donna Price & Jeffrey Schoenberg*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, a copy of the foregoing Joint Discovery Statement Regarding Production of Election System Data was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

dc-1109284