# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO STATE DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs") hereby request that Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, and the Georgia State Election Board (collectively, the "State Defendants") produce the documents, electronically stored information, and tangible things specified herein below in this First Set of Requests for Production (the "Requests") at the offices of Krevolin & Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.  Further, the State Defendants are required to timely serve a written response to the Requests that conforms, in all respects, to

1

**Request for Production No. 5:**

All documents related to the FBI's, or any other government agency's, investigation of a Security Breach or Security Vulnerability related to the elections.kennesaw.edu server.

**Request for Production No. 6:**

All documents related to any alteration, modification, destruction, deletion, concealment, elimination, erasure, or loss of data from the elections.kennesaw.edu servers—or any other CES machine, server, computer, media, files, or accounts used for or as part of the Election System—since March 2017, whether by DBAN, degaussing, or other process or procedure, including but not limited to the following: (a) documents sufficient to show when You were first informed of the deletion of the server data; (b) documents sufficient to show all steps taken by You or at Your direction or on Your behalf to investigate the deletion of the server data; and (c) all communications related to the alteration, modification, destruction, deletion, concealment, elimination, erasure, or loss of data from the elections.kennesaw.edu server.

**Request for Production No. 7:**

All documents related to any decision not to utilize CES, Kennesaw State University, or any employee, agent, representative, volunteer, intern, consultant,

13

vendor, or anyone else acting on behalf or at the direction of either entity for any or all purposes related to the Election System.

**Request for Production No. 8:**

All documents constituting, reflecting, or related to any communication with, inquiry from, or investigation by the Department of Homeland Security (DHS), the United States Election Assistance Commission, the FBI, the GBI, or other government branch, agency, department, or committee related to the security, reliability, or accessibility of any aspect of the Election System.

**Request for Production No. 9:**

All documents related to Your decision to forgo, decline, refuse, or otherwise not accept federal assistance, including but not limited to funds, for purposes related to the security or reliability of any aspect of the Election System.

**Request for Production No. 10:**

Documents sufficient to show Your policies and procedures related to maintaining, upgrading, updating, replacing, repurposing, decommissioning, erasing, overwriting, discontinuing, and/or destroying each of the following equipment, including but not limited to any software updates, patches, or fixes, and any hardware or firmware maintenance or updates: DREs; Optical Scanners; memory cards used or otherwise compatible with any; DRE GEMS servers;

14

ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; voter registration databases; online voter registration systems; any other servers and/or computers used to conduct elections; and any other servers, computers, electronic devices, electronic machines, or removable media that connects, or has at some point connected, physically or wirelessly to any aspect of the Election System.

**Request for Production No. 11:**

Documents sufficient to show the current inventory of the following equipment within the State of Georgia, including at the county, city, town, or other government level: DREs; memory cards used or otherwise compatible with any DREs; Optical Scanners; GEMs servers; ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; and modems used to communicate election results or other data used in or resulting from elections.

**Request for Production No. 12:**

All communications between You and any employee, agent, representative, lobbyist, or other individual or entity acting on behalf or at the direction of any DRE Provider (past or current), including but not limited to Election Systems & Software LLC ("ES&S") (including any of its predecessors, subsidiaries, or other affiliated entities).

15

**Request for Production No. 13:**

Documents sufficient to show each planned, executed, intended, anticipated, expected, offered, declined, and/or budgeted exchange of money or anything else of value between You or anyone else acting on behalf of or at the direction of the State of Georgia or any of its counties, cities, or towns and any DRE Provider, including but not limited to ES&S.

**Request for Production No. 14:**

All documents related to any assessment, evaluation, inspection, testing, and/or piloting of DREs, Optical Scanners, ExpressPoll machines, memory cards, and/or election management systems considered or purchased for use in connection with the Election System, including but not limited to the August 2018 electronic Request for Information issued by the Secretary of State seeking "to solicit information from interested suppliers with respect to a New Voting System for the Secretary of State - State of Georgia."

**Request for Production No. 15:**

All voting data, configuration data, and log files (including any backups thereof) and all software and firmware from the Election System, including but not limited to DREs, Optical Scanners, memory cards, GEMS servers, modems, network devices, other peripheral devices, tabulation sheets, and paper ballots.

**Request for Production No. 24:**

All documents consistent or inconsistent with or otherwise related to the following statement by You, including but not limited to documents related to the investigation into the events addressed in that statement and any findings thereof: http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_launches_investigation_into_georgia_democratic_party_.

**Request for Production No. 25:**

All documents related to the events involving the "possible cyber crimes" You alleged in the following statement:

http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_launches_investigation_into_georgia_democratic_party_.

**Request for Production No. 26:**

All documents that support the statement by You, including but not limited to Candice Broce, in words or substance, that "We can also confirm that no personal data was breached and our system remains secure," as published here: http://sos.ga.gov/index.php/general/after_failed_hacking_attempt_sos_launches_investigation_into_georgia_democratic_party_.

**Request for Production No. 27:**

All documents that support any statement by You, including but not limited to Candice Broce, in words or substance, that Democrats were in possession of an email with a script attached to it that, if launched, could have been used to extract personal voter registration data for Georgia voters.

**Request for Production No. 28:**

All documents that support the statements by You, including but not limited to Candice Broce, in words or substance, that "Our position is that these were failed attempts to hack the system" and "All the evidence indicates that . . . ," as reported here:  https://www.washingtonpost.com/politics/2018/11/04/brian-kemps-office-orders-hacking-probe-georgia-democrats-eve-election-hes-competing/?noredirect=on&utm_term=.62b6a2acc7e5.

**Request for Production No. 29:**

All documents relating to any physical security assessments in any Georgia counties by DHS or any other government agency related to the security or reliability of any aspect of the Election System (*see* https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**Request for Production No. 30:**

All documents relating to any actual or alleged hacking or unauthorized access by DHS with respect to any aspect of the Election System, including but not limited to documents supporting any such allegation or relating to any analysis, evaluation, investigation, examination, consideration, or description of any such events involving DHS (*see* https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**Request for Production No. 31:**

All documents supporting the following answer, in words or substance, by then-Secretary of State Brian Kemp in response to a question of whether the Election System is, or was at that time, secure: "Absolutely" (https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**Request for Production No. 32:**

All documents that You contend support, substantiate, prove, or corroborate any argument, objection, allegation, or defense asserted by You in this or for any purpose of this case.

**Request for Production No. 38:**

Documents sufficient to identify each election, including the anticipated date and historical voter turnout for each such election, occurring in Georgia through the end of 2020.

Dated: June 3, 2019                     Respectfully,

 /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Jane P. Bentrott (*pro hac vice*)
Catherine L. Chapple (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
RManoso@mofo.com
CChapple@mofo.com
JBentrott@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309

HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

27

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                          /s/ David D. Cross
                                          David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing **CURLING PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS** was served on all counsel of record by electronic delivery of a PDF version and by U.S. mail.

                                                 /s/ David D. Cross
                                                 David D. Cross