IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

## CONSOLIDATED MOTION TO CLARIFY PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT

After reviewing this Court's Order on Plaintiffs' Preliminary Injunction Motions, State Defendants respectfully request clarity regarding several aspects of the administration of the direction of this Court, particularly on the pilot project and implementation plans for the voter-registration database.

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague . . . ." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). Clarification regarding language used in a court order is a permissible ground for such a motion. *Id.* Unlike motions to alter or amend a judgment, "there is no Federal Rule of Civil Procedure specifically governing

'motions for clarification . . . .'" *Id.* Accordingly, a court's authority to consider a motion to clarify a preliminary injunction is grounded in the general rule that "injunctions are ordinarily enforced by the enjoining court, not by a surrogate tribunal." *Baker v. GMC*, 522 U.S. 222, 240 (1998). A significant part of this enforcement prerogative is defining the boundaries of an injunction when a motion for clarification is brought.

Where there is perceived ambiguity in an order, the issuing court has broad authority to explain or clarify its limits. *See, e.g.*, *Knighten v. Palisades Collections, LLC,* 2011 U.S. Dist. LEXIS 27620 (S.D. Fla. Mar. 4, 2011) (granting motion to clarify whether the court's summary judgment order entitled plaintiff to statutory damages and attorney's fees).

## ITEMS TO BE CLARIFIED

Out of an abundance of caution, State Defendants seek clarity on the following points of this Court's Order:

1. Regarding the pilot project required at [Doc. 579, p. 148] paragraph (2): does the requirement to "implement a pilot election in November 2019" utilizing hand-marked paper ballots include all advance in-person voting or is it limited to election-day voting?

2. Regarding the filing of proposed rules required at [Doc. 579, p. 148] paragraph (3): the Order indicates that "proposed Rules as well as Final Rules" need to be filed "within two days of their issuance."
   a. Are State Defendants to file the referenced rules when they are made available for public comment or after they have been promulgated and adopted?
   b. Does the Court intend a substantive review of proposed regulations as part of this litigation, and if so, what mechanism does the Court envision for the Court's review of proposed regulations?
3. Regarding the plan that is required to be designed at [Doc. 579, pp. 149-150] paragraph 1: should this plan be filed with the Court in addition to the copy provided to Plaintiffs' counsel?
4. Regarding the requirement not to use the GEMS/DRE system for any elections after 2019 [Doc. 579, p. 148] paragraph (1): should discovery continue on any issues related to the DREs now that the State is unable to use those devices after December 31, 2019?

## **CONCLUSION**

Given the nature of the relief in this Court's preliminary-injunction order and the possibility of appeal, these issues may be better addressed

through a status conference to clarify both these issues and the nature of the case—especially discovery requests—moving forward.

Respectfully submitted this 21st day of August, 2019.

>Vincent R. Russo
>Georgia Bar No. 242628
>vrusso@robbinsfirm.com
>Josh Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com
>Carey A. Miller
>Georgia Bar No. 976240
>cmiller@robbinsfirm.com
>Kimberly Anderson
>Georgia Bar No. 602807
>kanderson@robbinsfirm.com
>Alexander Denton
>Georgia Bar No. 660632
>adenton@robbinsfirm.com
>Brian E. Lake
>Georgia Bar No. 575966
>blake@robbinsfirm.com
>Robbins Ross Alloy Belinfante Littlefield LLC
>500 14th Street, N.W.
>Atlanta, Georgia 30318
>Telephone: (678) 701-9381
>Facsimile: (404) 856-3250
>
>*/s/ Bryan P. Tyson*
>Bryan P. Tyson
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **CONSOLIDATED MOTION TO CLARIFY PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT** has been prepared in Century Schoolbook, 13 pt., a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411