# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., | : |
| Plaintiff, | : Civil Action No.: 1:17-cv-2989-AT |
| vs. | : |
| BRAD RAFFENSPERGER, ET AL., | : |
| Defendant. | : |

## STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO SEAL DOCUMENTS RELATED TO THE PARTIES' JOINT DISCOVERY STATEMENT

Defendant Brad Raffensperger ("Defendant" or "Secretary"), in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia and Defendants David J. Worley, Rebecca N. Sullivan, Anh Le and Seth Harp (collectively, "State Defendants") respond to Plaintiffs' Joint Objections to State Defendants' Redactions and Motion to Seal [Doc. 573] by urging the Court to continue to protect the critical infrastructure of Georgia's elections. Public disclosure of the sensitive information in the documents Plaintiffs' seek to unseal could threaten the security of Georgia's election system.

Plaintiffs seek to place two different sets of documents in the public record with no restrictions: (1) the screenshots of the GEMS database and (2) the redactions in the Fortalice reports. In light of the testimony of Dr. Halderman and Mr. Beaver at the July 2019 hearing, State Defendants have no objection to the GEMS database screenshots being placed into the public record. But the Fortalice reports remain highly sensitive, as this Court recognized [Doc. 579, p. 85 n.66], and should remain redacted from public view given the critically sensitive information contained in them.

## ARGUMENT AND CITATION TO AUTHORITY

A. **State Defendants have carried their burden to show good cause that the documents should remain under seal**.

As State Defendants noted in their initial brief, "[i]t is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). State Defendants demonstrated good cause when they raised and discussed how the Fortalice reports cover systems are deemed critical infrastructure and by noting that disclosure of such information, while not enough in and of itself to compromise elections, is sufficiently problematic to warrant continued

protection from public disclosure. This Court further recognized the security interests in the methods and findings from Fortalice. [Doc. 579, p. 85 n.66]. Having established this, Plaintiffs must then demonstrate why public exposure of this critical infrastructure should occur. Plaintiffs failed to do this. Instead, they simply accuse State Defendants of concealing information that Plaintiffs themselves acknowledge is "highly-relevant… [to] the cybersecurity infrastructure of the Georgia Secretary of State's Office…". [Doc. 573 at p. 1]. State Defendants agree with this characterization, but depart from Plaintiffs' view as to what the result of such a characterization demands.

As Plaintiffs are fully aware, this Court's Order on their Motion for Preliminary Injunction did not disturb the State Defendant's continued use of DRE voting machines for the remainder of 2019. [Doc. 579]. As a practical matter, this is absolutely required. Because the DRE machines will be used in those elections, the conclusions and opinions of a report related to the security and vulnerabilities of those systems—and of the components that make up Georgia's election system more broadly—must remain shielded from public disclosure.

It is indeed an odd position that Plaintiffs take with respect their attempt to publicly expose the Fortalice reports. Dr. Halderman specifically

testified that improvements to the cybersecurity portions of the Secretary of State's network are relevant to the election system. Transcript of July 2019 hearing, Vol. 2 at 112:2-23. Dr. Halderman also identified the processes and procedures used around a computer system as an important part of security. Transcript of July 2019 hearing, Vol. 2 at 110:23-111:22.

Plaintiffs brought their claim at least partially on the basis that they are fighting for the integrity of Georgia's election systems. Despite being fully aware that a key part of protecting critical infrastructure is that it is kept generally undisclosed so as not to assist any potential bad actors in carrying out objectives aimed at compromising elections in the state of Georgia, Plaintiffs continue to request public disclosure of information directly frustrating to that end.

Notwithstanding Plaintiffs' protests to the contrary, this Court is not obligated to unmask information that directly touches the critical infrastructure of the state. The Fortalice reports should remain sealed and not further unredacted.

### B. **Broad discussions about data in open court do not amount to public disclosure of specifically redacted or withheld information.**

Plaintiffs spend most of their Response Brief to this Motion suggesting that, because redacted information was merely *referenced* in open court, it

should be *entirely* unsealed for public inspection. Despite the incongruous position of Plaintiffs who, on the one hand ostensibly seek to protect Georgia's elections, while simultaneously seeking to disclose critical data prior to an upcoming election, Plaintiffs fail to put forth a single case in support of their position. Instead, they rely wholly on the idea that broad based discussions about a report reveal the nuance present therein. This conclusory position is insufficient to remove sensitive election data from the protection of this court. The need for confidentiality present at the time the original redactions were made persists today. The only thing that has changed is the Plaintiffs' apparent willingness to facilitate disruption of Georgia elections in order to achieve their own aims.

## CONCLUSION

This Court should not expose the Secretary of State's network to further potential attack by unsealing or further unredacting the Fortalice reports.

Respectfully submitted, this 20th day of August, 2019.

Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson

Ga. Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com


*/s/ Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO SEAL DOCUMENTS RELATED TO THE PARTIES' JOINT DISCOVERY STATEMENT** has been prepared in Century Schoolbook, 13 pt., a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411