IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

JOINT DISCOVERY STATEMENT
REGARDING PRODUCTION OF FBI SERVER IMAGE

**Issue:** The State Defendants are refusing to allow Plaintiffs to conduct forensic discovery on the FBI's image of the now-destroyed CES server.

*Plaintiffs'[1] Position*

**Discussion:** Within days after it became public knowledge that the elections.kennesaw.server at the KSU Center for Election Serves (CES) ("the Original CES Server") had been accessed and was vulnerable to unauthorized intruders, the CES Server was taken off line and retrieved by the FBI for analysis in March 2017. At that time, the Bureau made an image of the server (the "FBI Image No. 1"). Thereafter, the Original CES Server was returned to CES at KSU, and four days after this lawsuit was filed, it was destroyed. (Doc. 309 at 9).

---

[1] The Curling and Coalition Plaintiffs join in this discovery statement.

At Plaintiffs' counsel's request, the State Defendants secured a copy of the image from the FBI ("FBI Image No. 2") on August 8, 2019. After multiple attempts by Plaintiffs' data preservation experts to copy FBI Image No. 2 failed, all agreed FBI Image No. 2 was defective. The parties agreed to retrieve the original FBI Image No. 1 from the FBI for the purpose of delivering the image to Plaintiffs for copying in order to analyze the image and conduct discovery, with the FBI Image No. 1 to be returned to Defendant's counsel. That agreement was confirmed as recently as August 21.

On August 23, 2019, the FBI delivered FBI Image No. 1 to the State Defendants, but shortly before its delivery, the State Defendants changed their position and are now refusing to provide a copy of FBI Image No. 1 to Plaintiffs for discovery. Instead, the State Defendants have only permitted Plaintiffs' data experts to make a backup copy of the image ("Backup Copy of FBI Image No. 1") and to confirm using hash values that Backup Copy of FBI Image No. 1 is a true copy of FBI Image No. 1. State Defendants have refused to allow Plaintiffs to review the contents of either the Backup Copy or FBI Image No. 1, and both remain temporarily in the Plaintiffs' electronic records preservation vendor's possession.

The content of the FBI Image No. 1 is uniquely relevant for a variety of reasons. First, FBI Image No. 1, as a copy of the Original CES Server, contains evidence of what was exposed to the internet and evidence of whether and to what extent third-parties had access to the Original CES Server and potentially the thousands of related records, some of which may continue to be used in Georgia's elections well into the future. Second, FBI Image No. 1 contains critical evidence regarding what evidence was deleted from the Original CES Server before the FBI took possession of it and what evidence was and was not lost when the Original CES Server was wiped. This evidence is not only relevant to the impact the exposure of the Original CES Server has had upon the State's election system but also to Plaintiffs' claim that the State Defendants' have spoliated evidence. Plaintiffs expect the State Defendants to claim that any spoliation caused no prejudice because FBI Image No. 1 exists. To test that assertion, Plaintiffs must have access to the contents of FBI Image No. .

Unless the State Defendants have something to hide, allowing this discovery will not burden or prejudice the State Defendants in the least and, instead, will potentially provide the State Defendants with useful information about the integrity of the voting system that it will continue to use at least through 2019, and the integrity of certain data that may be migrated to the new system.

## *State Defendants' Position*

Plaintiffs' timeline omits the significance of this Court's August 15, 2019 order denying the preliminary injunction but granting other relief (the "Order").[2] [Doc. 579]. The Order so significantly changed the landscape of this case that the Court itself ordered a status conference. [Docket Entry Order, August 23, 2019]. As discussed in the Joint Discovery Statement regarding DREs, Plaintiffs are only entitled to prospective injunctive relief. [Doc. 582, p. 5]. In light of the Order, State Defendants advised Plaintiffs that the hash record of the server image should be maintained until the parties receive further direction from the Court, as the server image now serves no purpose for the remaining issues in this case.

The Order makes two facts clear, barring an appeal by a party: (1) DREs and the GEMS databases may be used in the 2019 elections, including any run-off elections; and (2) the State may not use the "GEMS/DRE system in conducting elections after 2019." [Doc. 579 at 147-48]. Accordingly, the Order renders the KSU server information beyond the scope of discovery for at least two reasons.

First, the Plaintiffs' claims—which are limited to the DRE/GEMS system—are moot: the Order prevents the GEMS/DRE system from being used in 2020

---

[2] Plaintiffs appear to acknowledge that any agreement to allow the copying of the KSU server was made before the issuance of the Order, which Defendants contend makes the information irrelevant.

elections.³ [Doc. 579 at 148]. Regardless of what is on the server image, none of the evidence about the KSU server can provide a basis for any *additional* relief that Plaintiffs' seek under the operative complaints. Second, the Order rendered the information on the image—which only relates to the old system maintained at KSU—irrelevant to any ongoing claims, because that system cannot be used after 2019. *Id.* at 64-73.

Plaintiffs do not argue anything to the contrary and cannot articulate how information on the server is relevant to future elections or this case going forward. Their second argument is about another potential spoliation effort. Plaintiffs' assertions are not relevant to the remaining claims in this case. Not only has there been no spoliation because the evidence still exists, but no relief can be afforded against the State Defendants because the entity that "wiped the servers" was KSU and not the State Defendants.⁴ [Doc. 579 at 70]. Plaintiffs first sued KSU and then dismissed it from this lawsuit. *See, e.g.,* [Docs. 174 at 2; 222 at 3-4; 226].

---

³ The State Defendants recognize that the Curling Plaintiffs have filed a motion to amend their complaint for a third time to challenge the new BMD system. [Doc. 581]. That motion has not been granted.

⁴ Indeed, it was the acts of KSU that led the Attorney General to declare a conflict and retain the Barnes Law Group as outside counsel for State Defendants. *See, e.g.*, [Doc. 558-5, ¶¶ 23-24].

Barring an appeal, there will never be a reason to copy the information and argue about whether it should be entered into the public domain.

### *Plaintiffs' Reply*

First, this discovery will not burden Defendants. Second, the integrity of the GEMS system is still extremely relevant to this case, as it is likely to be used to conduct elections for at least the next seven months. The new voting system is not scheduled to be deployed for the *first quarter 2020* special elections.  Therefore, the GEMS system using Accu-vote scanners will probably be used to conduct paper ballot special elections through late March.  If defects having an impact on results are detected, additional court-ordered measures may be essential.  Third, Defendants have absolutely no equities at all; it is the Defendants and their agents who destroyed this evidence in the first place, and the least they could have done (for the Court and for Plaintiffs) is to make the FBI Image available to Plaintiffs for a forensic examination without litigating the issue. Finally, not allowing this discovery to go forward will reward apparent spoliation: if a defendant can lose the case (as these Defendants have done) before having to produce the spoliated evidence, the spoliation is never discovered or dealt with.

This 28th day of August, 2019.

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
3340 Peachtree Road NE,
Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610

/s/Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 64460
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd.
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted *Pro Hac Vice* (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
2703 Jahn Ave NW, Suite C-7
Gig Harbor, WA  98335
T: (844) 318-6730

/s/ Ezra D. Rosenberg
Ezra D. Rosenberg
John Powers
Co-Director, Voting Rights Project
Lawyers' Committee for Civil Rights Under Law
1500 K Street, NW, Suite 900

Washington, DC 20005
(202) 662-8345 (office)

*Attorneys for Coalition for Good Governance*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

### CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *Cary Ichter*
Cary Ichter

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> v. <br><br> **BRIAN KEMP, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2019, a true and correct copy of the foregoing **JOINT DISCOVERY STATEMENT REGARDING PRODUCTION OF KSU SERVER IMAGE** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter