IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' MEMORANDUM IN SUPPORT OF SPECIAL MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

### I.   INTRODUCTION

The Curling Plaintiffs filed this lawsuit to protect Georgia voters' right to cast a vote that is accurately counted. *See United States v. Classic*, 313 U.S. 299, 315 (1941). That right was imperiled by the "unsecure, unreliable and grossly outdated" GEMS/DRE voting system, known to have been actually accessed by white-hat hackers (at least), which was used and defended by Defendant Secretary of State of Georgia and the Fulton County Board of Registrations and Elections. [Dkt. No. 579] at 64-69, 132; *Curling v. Kemp*, 334 F. Supp. 3d 1303, 1307, 1310, 1327 (N.D. Ga. 2018) [Dkt. No. 309]. Over nearly two years before this Court, Curling Plaintiffs and their counsel achieved excellent results for the public benefit through this lawsuit by obtaining preliminary injunctive relief directing the State of

Georgia, *inter alia,* not to use the GEMS/DRE system after 2019 under any circumstances; to develop a default plan to use hand-marked paper ballots, including implementation of a pilot election in November 2019, to address the possibility that the new voting system enacted by the Georgia General Assembly is not "completely rolled out and ready for operation" in time for 2020 elections; to develop an implementation plan to address myriad errors and discrepancies in the voter registration database; to provide guidance and information to county election offices and voters concerning the provision and casting of provisional ballots; and to work with its contractor to assess issues "relating to exposure and accuracy of the voter registration database discussed here as well as those related issues" inherent in the planning voting system moving forward. [Dkt. Nos. 579] at 147-150.

Through motion practice, discovery, depositions, teleconferences, and hearings before this Court, Curling Plaintiffs' counsel and experts worked many hundreds of hours to obtain the considered, detailed, vital, and hard-won relief contained in the Court's order. Curling Plaintiffs now seek to recover their full expenses of litigation, including reasonable attorneys' fees and experts' fees, incurred in securing this relief.

## II. SUMMARY OF FACTS

### A. Relevant Background and the Court's Orders

The Court is intimately familiar with the history and facts of this case, as set forth in two orders on Plaintiffs' respective motions for preliminary injunctions and elsewhere.  *See* [Dkt. Nos. 309, 579]; *see also* [Dkt. Nos. 260-1, 276, 387-1, 510] (Curling Plaintiffs' memoranda in support of motions for preliminary injunction).  Curling Plaintiffs thus incorporate these documents by reference, rather than burden the Court with repetitive briefing.

### B. Current Status

On August 16, 2019, Curling Plaintiffs submitted their motion for leave to amend the complaint in light of the Court's Order and the State Defendants' stated intention to move forward with implementation of a new voting system from a new vendor relying on ballot-marking devices issuing ballots containing scannable barcodes used for tabulation.  *See* [Dkt. Nos. 581, 581-1].  Curling Plaintiffs understand Coalition Plaintiffs also intend to amend or supplement their pleading. State Defendants have moved for an extension of time to respond to the Curling Plaintiffs' motion to amend, citing the forthcoming amendment or supplement request from the Coalition Plaintiffs.  [Dkt. Nos. 591, 592].

Additional discovery disputes remain pending after the parties' teleconference with the Court on August 26, 2019. [Dkt. Nos. 582, 584, 588, 589].

### III.   ARGUMENT AND CITATIONS OF AUTHORITY

#### A. Required Specifications of Judgment, Controlling Authority Permitting Award of Fees, and Estimate of Amount of Award

Under Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2, Curling Plaintiffs must make their claim for attorneys' fees and related nontaxable expenses by special written motion addressed to the court specifying the judgment;[1] the statute, rule, or other grounds entitling them to an award of fees; and the amount sought or a fair estimate of that amount. Fed. R. Civ. P. 54(d)(2)(B); LR 54.2(A)(1)-(2). Curling Plaintiffs must submit this motion no later than 14 days after entry of judgment, with "a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation" to follow within 30 days after filing this motion. Fed.

---

[1] "Judgment" as used in the Federal Rules of Civil Procedure includes both a decree "and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Curling Plaintiffs understand the Court's Order of August 15, 2019 granting preliminary injunctive relief to constitute a "judgment" within the meaning of Rule 54. In any event, the Court may order interim awards of litigation expenses, including reasonable attorneys' fees, regardless of the stage of litigation. *Dupuy v. Samuels*, 423 F.3d 714, 719 (7th Cir. 2005) (interim attorneys' fees permitted where party obtained substantial relief on the merits not affected by further proceedings) (citing *Young v. City of Chicago*, 202 F.3d 1000 (7th Cir. 2000)).

R. Civ. P. 54(d)(2)(B)(i); LR 54.2(A)(2). Curling Plaintiffs accordingly submit as follows:

1. The Court entered an order granting preliminary injunctive relief requested by the Curling Plaintiffs on August 15, 2019. [Dkt. No. 579].

2. The Court may in its discretion award attorneys' fees and expenses, including experts' fees, under 42 U.S.C. § 1988(b)-(c).

3. Counsel for Curling Plaintiffs, Morrison & Foerster LLP, estimate in good faith that they are entitled to approximately **$3,745,000** in attorneys' fees and expenses incurred in litigating this matter, inclusive of experts' fees.

4. Counsel for Curling Plaintiffs, Krevolin & Horst, LLC, estimate in good faith that they are entitled to approximately **$220,000** in attorneys' fees and expenses incurred in litigating this matter.

5. Counsel for Curling Plaintiffs exclude from their respective good-faith estimates a) their costs, a bill for which will follow within 30 days of the Court's August 15, 2019 order, as required by Local Rule 54.1,

and b) fees and expenses incurred in drafting this motion,[2] in any reply brief in support of this motion, and in composing the "detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation," which Curling Plaintiffs will submit to the Court within 30 days of this motion in accordance with Local Rule 54.2(A)(2).[3]

### B. Applicable Law

Section 1988 permits prevailing plaintiffs to recover attorneys' fees and costs in actions seeking relief under 42 U.S.C. § 1983 and other similar actions. 42

---

[2] While attorneys "should not be compensated for turning the litigation about attorneys' fees into a second major litigation," the Eleventh Circuit nonetheless has held that civil rights litigants may recover reasonable fees for time spent litigation a fee application under Section 1988. *See Thompson v. Pharm. Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citing *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001)).

[3] Curling Plaintiffs reserve their right to submit additional argument or authority in support of this forthcoming submission, including without limitation argument in support of a lodestar multiplier or enhancement deriving from excellent results in the face of what the Court termed in its order the "inconsistent candor" of Defendants concerning the insecurity and unreliability of the GEMS/DRE voting system. [Dkt No. 579] at 6; *see also Villano*, 254 F.3d at 1308 (where excellent results are achieved in the face of difficult litigation against a public body to vindicate constitutional rights for the public benefit, a fee award "will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified") (quoting *Hensley*, 461 U.S. at 435).

U.S.C. § 1988.  "The purpose of [Section] 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted).  It and other fee-shifting statutes like it ensure "the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory."  *Farrar v. Hobby*, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring)).  Courts routinely apply this fee-shifting framework to actions brought to enforce the fundamental right to vote. *See, e.g., Ga. State Conference of the NAACP v. Kemp*, No. 1:17-cv-1397-TCB, 2018 WL 2271244, at *1, *4 (N.D. Ga. Apr. 11, 2018); *see also Ga. State Conf. of NAACP v. Hancock Cty. Bd. Of Elections and Registration*, 2018 WL 1583160 (M.D. Ga. Mar. 30, 2018).

"The touchstone of the prevailing party inquiry ... is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 127 S. Ct. 2188, 2194, 167 L.Ed.2d 1069 (2007) (internal quotation marks omitted).  The Eleventh Circuit has stated, and it remains good law, that a preliminary injunction on the merits is a material alteration of the legal relationship of the parties to the litigation and entitles the party receiving relief to prevailing-party status and an award of attorneys' fees. *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1355–57 (11th

Cir. 2009) (citing *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir. 1987)).  Fee awards to attorneys in private practice who donate their services to plaintiffs acting in the public interest are calculated the same way as fee awards to lawyers in private practice.  Attorneys who charge a discounted rate for such plaintiffs or for similarly-animated reasons may still receive fee awards at market rates.  *Bd. of Trs. of the Hotel & Rest. Empls. v. JPR, Inc.*, 136 F.3d 794, 808 (D.C. Cir. 1998).

### C. Curling Plaintiffs are Prevailing Parties Entitled to Application of Fee-Shifting Statute 42 U.S.C. § 1988

The preliminary injunction Curling Plaintiffs obtained[4] materially altered their legal relationship with State Defendants and Fulton County Defendants.  The injunction prevents Georgia from using the GEMS/DRE voting system beyond 2019 and directs it to take a variety of affirmative steps, including filing implementation plans with the Court, to secure Georgia voter registration data and its election systems against further intrusion, attack, alteration, or unauthorized

---

[4] Curling Plaintiffs recognize that distinguishing between the Curling Plaintiffs and Coalition Plaintiffs as to who achieved what relief requires trawling through murky waters.  Curling Plaintiffs observe that the Court at several points in its August 15, 2019 order relied on evidence submitted by Curling Plaintiffs' expert Dr. J. Alex Halderman.  [579] at 22-26, 28, 32-36, 40-41, 43, 60-62, 79.  The Court also issued relief discontinuing use not only of DRE voting units but of the GEMS server, which was consistent with Curling Plaintiffs' requested relief.

disclosure. The relief is so complete that State Defendants now take the position that the case is completed, and no further discovery is needed or appropriate. [Dkt. No. 584] at 3.

Curling Plaintiffs are prevailing parties with respect to their claims for violation of the due process and equal protection clauses of the Fourteenth Amendments to the U.S. Constitution through 42 U.S.C. § 1983 because they obtained the relief they sought: the prohibition of continued use of a voting system that did not and could not reliably, accurately, or securely count the intended votes cast by Georgia voters. [Dkt. No. 579] at 130-33, 147-153. They thus are entitled to recover their reasonable legal fees, experts' fees, and litigation expenses.

## IV.   CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court:

1.   Award Curling Plaintiffs their litigation expenses, including reasonable attorneys' fees, incurred in litigating for relief from the deprivation of civil rights of Georgia voters under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 arising from Defendants' conduct of elections on Georgia's GEMS/DRE voting system; and

2.   Grant all other relief this Court deems proper.

Dated: August 29, 2019

Respectfully submitted,

David D. Cross
(admitted *pro hac vice*)
John P. Carlin
(admitted *pro hac vice*)
Robert W. Manoso
(admitted *pro hac vice*)
Jane P. Bentrott
(admitted *pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
JBentrott@mofo.com
RManoso@mofo.com

*/s/ Adam M. Sparks*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

KH556256.DOCX

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRIAN RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

　　　　　　　　　　　　　　　　　　　*/s/ Adam M. Sparks*
　　　　　　　　　　　　　　　　　　　Adam M. Sparks

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                     */s/ Adam M. Sparks*
                                                     Adam M. Sparks