IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

The Court held a conference with all parties' counsel on August 27, 2019 to address pending discovery disputes, Defendants' Consolidated Motion to Clarify Preliminary Injunction Brief, and other related issues raised in the Coalition Plaintiffs' Status Report. (Docs. 582, 584, 586.) In the course of the conference, the Court answered and addressed each of the Defendants' specific requests for clarification regarding remedial directives contained in the Court's Order of August 15, 2019. The Court therefore deems the Defendants' Motion to be resolved.[1] (Def.'s Mot. For Clarification, Doc. 584; Order, Doc. 579.) The Court also requested further information from Defendants' counsel concerning changes in the handling of the voter registration data system, PPC eNet voter registration related software application, and the Dominion Electronic Poll Book (EPoll) express poll voter

---

[1] Accordingly, the Court DIRECTS the Clerk to terminate Defendants' Motion [Doc. 584].

check-in system adopted via the new Dominion contract. The Court viewed this information as relevant to issues posed in the Coalition Plaintiffs' status report relating to implementation of paragraphs (1) and (5) of the Court's remedial directives set forth in the Court's August 15th Order. (Doc. 579 at 149-150; Doc. 586 at 4-5.)

The State's handling of the voter registration data and express poll voter check-in system was undergoing change at the time of the July 2019 preliminary injunction hearing based on the Secretary of State's imminent contractual engagement of a new voting systems provider (Dominion) and determination that it would house voter registration data within the Office of the Secretary of State ("SOS"). The Court therefore asked Defense counsel during the phone conference how the Secretary of State's Office planned to proceed in connection with its use of the PCC eNet voter registration related software in tandem with Dominion's electronic pollbook program, equipment, and express poll voter check-in processes. This had not been totally clear because on one hand, the State had recently contracted for the continued availability of PCC's software for managing the voter registration database but also had contracted with Dominion to manage the voter database to be used in the Dominion EPoll voter check-in system at the polls. As discussed in the Court's August 15, 2019 Order:

> [T]he State recently advised the Court that effective July 1, 2019, it had modified its contract with its long-term vendor PCC that owns the license for the statewide voter registration eNet software. PCC hosted and managed Georgia's voter registration databases until July 1, 2019 when the State modified its contract to take over that function. PCC continues to own the

> license for the voter registration eNet software applications and remains under contract with the State for maintenance and support of the software applications. The State has thus far provided limited information to the Court regarding how it will perform this function other than that it is taking over hosting the data base. (Tr. Vol. 1, Doc. 570 at 70-71.) The Court notes, though, that the SOS's new contract with Dominion Voting Systems dated July 29, 2019, provides for Dominion's provision and billing for electronic pollbook hardware and software and the State Defendants' July 30, 2019 filing clearly indicates that Dominion will be managing the electronic pollbook function. (¶ 10.1.7; Doc. 556.)

(Doc. 579 at footnote 57.)

The State's counsel affirmatively indicated during the August 27, 2019 phone conference that the Dominion system would replace the PCC ExpressPoll book at the voting polls, and as earlier represented, the voter registration database would now be housed within the Secretary of State's Office ("SOS") and further, that SOS would use PCC's software application for voter registration database management.[2] In sum, for clarity of the record, this means: (1) Effective July 1, 2019 the SOS and PCC agreed that the PCC voter database would be transferred to and housed by the SOS.[3] (2) The SOS is managing the voter registration database with the PCC software Enet application. (3) Dominion's EPoll books will pull voter registration and precinct data from the SOS voter registration database recently transferred to the SOS from PCC, and Dominion will use its own EPoll software for operation of its express poll functions (approval of voter check-in, identification and creation of proper ballot and electronic voter cards).

---

[2] Tr. of August 27, 2019 conference, Doc. 590 at 34.
[3] As discussed at length in the Court's August 15th Order, the voter registration database that feeds the ExpressPoll functions was previously housed at PCC and managed with PCC's eNet software application.

3

Remedial paragraphs (1) and (5) of the Court's Order of August 15th were intended to address significant voter registration security, exposure, and accuracy eNet issues that interfaced with the integrity of the GEMS/DRE voting system. These issues had their roots in major software and network management deficiencies, among other sources. And they were identified both in Fortalice's October 2017 and February 18, 2018 Reports, (Docs. 510-5, 510-7), as well as in an array of other evidence presented in the preliminary injunction record. The Court has proceeded on the premise that the parties will use good judgment and their knowledge of the Court's Order in construing the provisions of the Court's Order. In the event there is any lack of clarity, the Court notes that remedial paragraphs (1) and (5) anticipated the need for close examination and tackling of voter registration data system exposure, data accuracy, and software issues. And the Court in turn recognizes that accuracy problems baked into the SOS voter database (whether due to defective software, exposure, hacking, etc.) would transfer or migrate to the new Dominion EPoll system unless properly addressed.

**IT IS SO ORDERED** this 4th day of September, 2019.

_____
**AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**