IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### COALITION PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiffs Coalition for Good Governance, Laura Digges, William Digges, Ricardo Davis, and Megan Missett (the "Coalition Plaintiffs") respectfully move this Court for leave to file their *First Supplemental Complaint Of Plaintiffs Coalition For Good Governance, Laura Digges, William Digges III, Ricardo Davis, And Megan Missett* ("the FSC"), attached hereto as Exhibit A.

As grounds, Coalition Plaintiffs state as follows:

### BACKGROUND

This Court held on September 17, 2018, that the U.S. Constitution requires "transparent, fair, accurate, and verifiable election processes that guarantee each citizen's fundamental right to cast an accountable vote." *Curling v. Kemp*, 334 F.

Supp. 3d 1303, *aff'd in part, appeal dismissed in part*, No. 18-13951, 2019 WL 480034 (11th Cir. Feb. 7, 2019).

Counsel for the State Defendants subsequently told this Court on the record that the State of Georgia "took that [order] to heart"—specifically, by adopting legislation switching the state to a voting system that uses "ballot marking devices ("BMDs"). According to counsel for the State, the new legislation:

> changes a number of areas of the Georgia Election Code but with respect to this case specifically the DRE issue and allows the state to implement new voting machines and a new voting system—a back end system also that will address—it addresses the concerns of the Court with the outdated machines.

(Tr. Status Conf. (Apr. 9, 2019), at 4:22–5:12.) The State's counsel was referring to 2019 HB 316, or Act 24 ("HB 316").

On April 2, 2019, Governor Kemp signed HB 316 into law. This new law mandates the implementation of a new uniform statewide BMD voting system. O.C.G.A. § 21–2–300(a)(2).

HB 316 also requires that BMDs <u>must</u> be used in all federal, state, and county elections in Georgia as the voting method "for voting at the polls and for absentee ballots cast in person." O.C.G.A. § 21–2–300(a)(2); *see also* O.C.G.A. § 21–2–383(c).

The particular BMD voting system chosen by the Secretary to replace the unconstitutional DRE system is one sold by Dominion Voting Systems, Inc. (the "**Dominion BMD System**"). (Docs. 552, 575.)

The Dominion BMD System <u>cannot</u> be safely or lawfully used because the system fails to satisfy <u>any</u> of the requirements that this Court has held to be essential to constitutional accountable voting processes. In particular, the Dominion BMD System:

- does not meet Georgia's legal requirements for a lawful voting system,
- shares the same kinds of security flaws as Georgia's existing unconstitutional DRE voting system,
- has not been properly tested by the Secretary,
- was improperly certified and thus is illegal to use in Georgia,
- even if operated as designed, fails to produce verifiable, accountable, and auditable vote totals and election results,
- if used to conduct Georgia elections, will severely and unequally burden the constitutional rights of Georgia voters,
- if used to conduct Georgia elections, will deprive Georgia voters of their state constitutional right to a secret ballot, and

- cannot, in any event, practically be implemented within the time frame required to replace the constitutionally deficient DRE voting system, which this Court has ordered the State to discontinue using after the end of 2019.  (Doc. 579.)

In certain upcoming elections, the State Defendants and the Fulton County Defendants intend to enforce newly enacted O.C.G.A. § 21–2–300(a)(2) and § 21–2–383(c), which will require all in-person voters to vote using the Dominion BMD System.

The Coalition Plaintiffs now wish to file a supplemental complaint to enjoin the imminent violations of their rights that are threatened by the Defendants' planned employment of the new Dominion BMD System and the Defendants' planned enforcement of O.C.G.A. § 21–2–300(a)(2) and § 21–2–383(c).

## MEMORANDUM OF LAW

Rule 15(d) provides that this Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"A supplemental pleading is an appropriate vehicle by which to 'set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading.'" *Lussier v. Dugger*, 904 F.2d 661,

670 (11th Cir. 1990) (citing 4 C. Wright & A. Miller, 4 Federal Practice and Procedure § 1504 at 536–37).

"No Eleventh Circuit case law provides a standard of review in analyzing the application of Rule 15(d), but looking to decisions from other district courts, it is clear that leave to supplement the complaint should be freely given, absent bad faith, undue delay, undue prejudice to the nonmovant, or dilatory motive on behalf of the movant."  *Chao v. Tyson Foods, Inc.*, 2009 U.S. Dist. LEXIS 139652, *6 (N.D. Ala., Jan. 6, 2009);

"Courts apply the same 'freely given' standard that governs Rule 15(a) to Rule 15(d)." *Queen Virgin Remy Ltd. Co. v. Thomason*, 2016 U.S. Dist. LEXIS 183743, *4 (N.D. Ga. Apr. 14, 2016) (Jones, J.); *see also Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (referencing "the liberal allowance of amendments or supplements to the pleading under Rule 15"); *McGrotha v. Fed Ex Ground Package Sys.*, 2007 WL 640457 (M.D. Ga. Feb. 24, 2007) ("If a motion to supplement is filed within the time prescribed by the scheduling order, a court's evaluation of whether supplementation is proper is primarily guided by Rule 15(a)'s 'freely given' standard.").

Under the "freely given" standard, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of

5

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."); *Queen Virgin Remy Ltd. Co.*, 2016 U.S. Dist. LEXIS 183743, *4 ("[U]nder the "freely given" standard, the Court must also consider such factors as undue delay, bad faith or dilatory motive, or undue prejudice.") (citing *Foman*).

    A supplemental pleading is the proper vehicle for Coalition Plaintiffs to raise their allegations relating to the adoption of the Dominion BMD System, since the events that are the subject of the BMD-related allegations arose after July 3, 2017, the date when this action was initially filed in Fulton County Superior Court.  (ECF No. 1-2, at 7–9, ¶ 12, 15, 17.)  *See* Fed. R. Civ. P. 15(c)(1)(B) (governing relation back of amendments).

    No factors are present that warrant denying the Coalition Plaintiffs leave to file their supplemental complaint.  First, this Court has not entered any scheduling order that imposes a deadline for amendment or supplementation of pleadings.

Second, there has been no undue delay, bad faith, or dilatory motive since the Dominion BMD System was only chosen on August 9, less than a month ago. Third, there is no prejudice to the Defendants since they have been well aware for months now that the Coalition Plaintiffs understand the scope of this action to properly encompass claims against any of the BMD systems that the State has been considering to replace DREs.  The Coalition Plaintiffs' proposed FSC is not being interposed for any improper purpose and its filing will not prejudice the defendants.  *See Foman*, 371 U.S. at 192.

Finally, leave is appropriate here because the purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible. See 6A Charles A. Wright, et al., Federal Practice & Procedure § 1504 (2d ed. 1990 & Supp.2009). Efficiency in this litigation will be promoted by this Court's acceptance of the attached supplemental pleading for filing.

## CONCLUSION

**WHEREFORE**, the Coalition Plaintiffs respectfully request leave to file the attached proposed *First Supplemental Complaint Of Plaintiffs Coalition For Good Governance, Laura Digges, William Digges III, Ricardo Davis, And Megan Missett*.

Respectfully submitted this 6th day of September, 2019.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Pro Hac Vice (ECF No. 125) |
| bbrown@brucepbrownlaw.com | |
| | ROBERT MCGUIRE LAW FIRM |
| Bruce P. Brown Law LLC | 113 Cherry Street PMB 86685 |
| 1123 Zonolite Rd. NE | Seattle, WA 98104-2205 |
| Suite 6 | Tel.: (253) 267-8530 |
| Atlanta, Georgia 30306 | |
| (404) 881-0700 | |

*Counsel for Coalition for Good Governance*

| | |
|---|---|
| */s/ Cary Ichter* | */s/ John Powers* |
| Cary Ichter | John Powers |
| Georgia Bar No. 382515 | Pro Hac Vice (5/17/19 text-only order) |
| cichter@IchterDavis.com | |
| | Ezra D. Rosenberg |
| Ichter Davis, LLC | Pro Hac Vice (ECF No. 497) |
| 3340 Peachtree Road NE | |
| Suite 1530 | Lawyers' Committee for Civil Rights |
| Atlanta, GA 30326 | Under Law |
| (404) 869-7600 | 1500 K St. NW, Suite 900 |
| | Washington, DC 20005 |
| | (202) 662-8300 |

*Counsel for William Digges III,*          *Counsel for Coalition Plaintiffs*
*Laura Digges, Ricardo Davis*
*& Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

>  */s/ Bruce P. Brown*
>  Bruce P. Brown

EXHIBIT A