# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## PROPOSED ORDER GRANTING COALITION PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT

Before the Court is the Coalition Plaintiffs' Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend this Court's August 15, 2019 Order (Doc. 579, "the Order"), which Order granted in part the Coalition Plaintiffs' motion (Doc. 419) for preliminary injunction. This Motion was timely brought within 28 days of the entry of the Order.

Based on the evidence of record and the arguments of counsel, and for good cause shown, the Court finds and holds that the Motion should be GRANTED and that the Order should be, and hereby is, altered and amended as follows:

1.

On the subject of the pilot elections, on page 148 of the Order, the Order is amended such that the sentence in the text at footnote 100 is replaced with the following sentences:

> "To assist in the development of an effective contingency plan, the State Defendants shall identify November 2019 elections in at least ten additional counties in the State that agree to implement a pilot election using hand-marked paper ballots along with optical ballot scanner and voter-verifiable, auditable ballot records.  At least two of the identified counties should use hand-marked paper ballots with currently certified AccuVote Optical Scanners and the GEMS election management system. For each election in the pilot counties that proceeds to a runoff, the runoff elections shall also be conducted using hand marked paper ballots.  The results of each pilot election shall be audited within fifteen days after election day.  The results of these audits shall be reported to the Court no later than 17 days after election day.  The Secretary shall order all counties to notify the Secretary of any elections called for January, February or March of 2020 as soon as the call is issued. As soon as the Secretary is given notice of elections to be held in each of January,

February, or March, 2020, the Secretary shall report each such notice of elections to the Court.  The Secretary should be prepared for the possibility that the Court will order additional hand marked paper ballot elections be conducted in January, February and March 2020 elections, if warranted.  In addition, the Secretary should be prepared to use the hand marked paper ballots counted by Accuvote optical scanners and the GEMS election management system (but not the DREs) in future elections in the event the Dominion system is unavailable or enjoined.

Additionally, for the six November 2019 pilot elections using the electronic ballot marking devices, no later than October 1, 2019, State Defendants shall file with this Court the State's plan for evaluating the effectiveness of the voting system during the pilots, including planned audit techniques and  accuracy tests; plans for documentation of errors, complaints and problems; and an explanation of criteria that will be used to evaluate the readiness of the newly piloted voting system for statewide deployment based on the pilot elections.  The October 1, 2019 report shall also include the Secretary's response to the certification issues raised in the request for re-examination filed with the Secretary on

August 19, 2019 and the current anticipated timeline for the Dominion system rollout.

No later than November 26, 2019, State Defendants shall file with this Court a status report summarizing the performance of the newly piloted voting system in the pilots, based upon the criteria detailed in the evaluation plan."

2.

On the subject of audits, the Order is amended to add the following new directive "(4)" on page 149 of the Order after directive (3):

"(4) Pre-certification audits shall be completed of the hand marked paper ballot pilot elections described above.  These audits shall include the following: examination of results to determine whether the outcomes are correct, correction of the results if the post-election audit detects errors, and filing of all audit reports with the Court within three days of their completion. A plan for conducting such audits shall be filed with this Court and simultaneously served on the Plaintiffs no later than October 15, 2019."

3.

On the subject of injunctive relief relating to the voter registration database and the ExpressPoll System, the Order is amended on page 149, in the first sentence of directive 1, to add, after the words "voter registration database," the words "and electronic pollbooks, whether the discrepancies are in the software or the data sets used in the pollbooks, …."

4.

On the subject of the implementation of injunctive relief relating to the voter registration database and ExpressPoll System, the Order is amended on page 150, to add, at the end of the last sentence of directive 1, the words, "and to this Court by October 1, 2019."

5.

The Order is amended on page 150, directive 2, to read as follows: "2. The State Defendants shall require all County Election Offices to furnish each polling location with at least one paper printout of the pollbook for that polling place for use on Election Day to be used as the official document to adjudicate questions of voter eligibility. The paper pollbook backup should be consulted prior to requiring a voter to complete a provisional ballot in the event of a question of

eligibility. Where feasible, the entire county's pollbook printout should be supplied to each polling place for reference."

6.

The last sentence of directive 3 on page 150 of the Order is amended to state ". . . including those who do not appear on the electronic or paper pollbook at a specific polling location or at all."

SO ORDERED this \_\_\_\_ day of _____, 2019.

_____
Amy Totenberg
United States District Judge