## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

     *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

     *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' OBJECTION TO
## CURLING PLAINTIFFS' BILLS OF COSTS

## INTRODUCTION

On September 16 and 17, 2019, counsel for Curling Plaintiffs filed several Bills of Costs with the court [Docs. 606, 608, 609]. Each purports to seek costs based on this Court's preliminary-injunction order of August 15, 2019 [Doc. 579] (the "Order"). The Bills of Costs are prematurely filed, however, and there should be no award of such costs to Curling Plaintiffs, if at all, until this Court has entered a final judgment with respect to the Curling Plaintiffs. In addition, the Bills of Costs do not provide sufficient documentation and seek reimbursement for expenses that are not taxable.[1]

---

[1] Curling Plaintiffs specifically excluded the costs on the Bills of Costs from their motion for attorneys' fees and expenses. [Doc. 596, p. 2].

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**I.    The Order was not a final order for purposes of taxing costs.**

The August 15, 2019 Order was not a final Order and this Court has not

certified it as such pursuant to Fed. R. Civ. P. 54(b):

> When an action presents more than one claim for relief—whether
> as a claim, counterclaim, crossclaim, or third-party claim—or
> when multiple parties are involved, the court **may direct entry
> of a final judgment** as to one or more, but fewer than all, claims
> or parties only if the court expressly determines that there is no
> just reason for delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than all the claims or
> the rights and liabilities of fewer than all the parties does not end
> the action as to any of the claims or parties and may be revised at
> any time before the entry of a judgment adjudicating all the claims
> and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). While the Order is appealable, no

separate judgment was entered under Fed. R. Civ. P. 58 and this Court

has not certified the Order as a final judgment pursuant to Fed. R. Civ.

P. 54(b). The Bills of Costs therefore are premature, and the Court should

reject them for this reason alone.

**II.   The Bills of Costs do not provide sufficient documentation
and seek non-taxable expenses.**

If this Court determines the Order is a judgment for purposes of

taxing costs, the individual Bills of Costs do not provide sufficient

documentation or seek non-reimbursable categories of expenses.[2] Plaintiffs seek costs covering both the 2018 and 2019 hearings on their various motions for preliminary injunction.

## A.   Morrison & Foerster LLP Bill of Costs.

### 1.   *Witness travel expenses.*

Plaintiffs seek $6,895.16 in witness fees and travel expenses for Dr. Halderman and Mr. Finley's testimony covering their $40-per-day attendance fees and their travel for the 2018 and 2019 hearings. While the witness fee is recoverable under 28 U.S.C. § 1821(b)[3], the recovery of a witness' "actual expenses of travel" to testify in court requires that the witness (1) travel by common carrier, at (2) "the most economical rate reasonably available", and (3) furnish a receipt or "other evidence of

---

[2] If this Court considers the Order as a "judgment," the Bill of Costs for Morrison & Foerster LLP was filed more than "thirty (30) Days after the entry of judgment," L.R. 54.1, because it was filed on September 17, 2019. "A bill of costs which is not timely filed will result in the costs not being taxed as a part of the judgment." *Gryder v. Sec'y*, 545 Fed. Appx. 910 (11th Cir. 2013) *citing* LR. 54.1.

[3] "'The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that a fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.' *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987)." *Morrison v. Reichhold Chems.*, 97 F.3d 460, 463 (11th Cir. 1996).

actual cost." 28 U.S.C. § 1821(c)(1). Payments for overnight stays must be at the rate prescribed by the General Services Administration. 28 U.S.C. § 1821(d)(2).

Curling Plaintiffs have not submitted any receipts for the expenses of Dr. Halderman's travel, instead relying on billing records of their law firm. Those records make it impossible to determine whether the rate was the most economical available because of the lack of receipts. The expenses further appear to include travel unrelated to Dr. Halderman's testimony in the hearings on this case, including expenses for travel between Washington DC and Boston [Doc. 608, p. 13]. In addition, several itemized travel dates took place well in advance of the hearings in this case, including travel on July 16 and 17. *Id*. The lack of documentation also makes it impossible to determine whether Mr. Finley's flights were properly taxable under the statute. [Doc. 608, p. 15].

Dr. Halderman's lodging expenses were at the Ritz-Carlton for one stay, apparently at a rate of $346.35 per night. [Doc. 608, p. 14]. Mr. Finley's one-night rate was apparently more than $350 per night. [Doc. 608, p. 15]. The lack of receipts make it impossible to determine whether this rate is within the proper GSA per-diem, which was $148 per night in July 2018. *See* FY 2018 Per Diem Rates for Atlanta, Georgia, *available*

*at* https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=GA&fiscal_year=2018&zip=&city=atlanta

This Court should not allow the taxation to Defendants of any of the travel expenses for Dr. Halderman and Mr. Finley because of the lack of documentation and because the requested reimbursements exceed what is allowable under 28 U.S.C. § 1821.

    2.    *Fees for printed or electronically recorded transcripts.*

Curling Plaintiffs seek more than $13,000 in fees for transcripts, but the lack of documentation prevents any effective review of the propriety of this amount. The largest expenses in these categories are fees paid to "VERITEXT NEW YORK REPORTING COMPANY" that do not contain any information about what was being paid for or what transcript was being obtained.[4] [Doc. 608, p. 6]. The lack of clarity regarding these expenses and the lack of any evidence that they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), means this Court should reject these costs.

---

[4] The Eleventh Circuit has expressed concerns about expenses related to video depositions (which seems a likely cause of the high costs here), *Morrison v. Reichhold Chems.*, 97 F.3d 460, 465 (11th Cir. 1996).

*3. Fees for exemplification and cost of making copies.*

Curling Plaintiffs likewise seek more than $32,000 in expenses related to copies, based on nothing other than a printout from their law firm records generically referencing all copies made in the case. [Doc. 608, pp. 8-12].

The largest item of expenses is $26,288.22 paid to the Georgia Secretary of State for an Open Records Request in February of 2019. [Doc. 608, p. 10]. The Eleventh Circuit narrowly defines "exemplification," limiting it to "[a]n official transcript of a public record, authenticated as a true copy for use as evidence," *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306, 1308 (N.D. Ga. 2014) quoting *Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1297 (11th Cir. 2001). There is no indication that the expenses under the Open-Records requests were for authenticating public documents for use in this case, and thus the costs cannot be taxed as an exemplification.

The only possible taxable basis for this expense is as a copying cost. But in the Eleventh Circuit, copying costs are only taxable if the party "could have reasonably believed that it was necessary to copy the papers at issue." *United States EEOC v. W&O Inc.*, 213 F.3d 600, 623 (11th Cir.

2000). There is no evidence that any portion of the Open-Records requests served by Curling Plaintiffs were necessary for this case, especially when the option of obtaining records through discovery was a less-costly way of obtaining the same records. Curling Plaintiffs have not provided sufficient documentation to show that these costs were necessary for any portion of this case.

In addition, the purported copying charges include copying of exhibits for the hearings. [Doc. 608, pp. 8-12]. These likewise lack documentation of necessity. *W&O Inc.*, 213 F.3d at 623; *see also Akanthos Capital Mgmt., LLC*, 2 F. Supp. 3d at 1310 (recognizing the extension of the copying costs beyond paper by amendment). While Curling Plaintiffs conceivably might recover some amount for copying of exhibits actually used or presented, they have apparently provided a list of every copy made in this case instead of the copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court should deny the requests for exemplification and copying expenses.

**B.     Krevolin & Horst LLC Bill of Costs.**

The Bill of Costs submitted by Krevolin & Horst for Curling Plaintiffs does not include any itemization or documentation of expenses. [Doc. 606]. Instead, it summarizes general categories of "Court\Filing

Fees," "Outside Copy Service," and "Copies." [Doc. 606-2]. It also seeks reimbursement for other categories of miscellaneous expenses, such as courier and FedEx charges and "book." [Doc. 606-1].

Given the lack of documentation for any of the expenses, this Court is unable to determine whether any of the claimed expenses were "necessarily obtained for use in the case" or are appropriately taxed as costs. This Court should not tax any costs against State Defendants under the Krevolin & Horst Bill of Costs.

**C.     Holcomb + Ward Bill of Costs.**

Despite no longer representing Curling Plaintiffs in this case and having no role in obtaining the Order, Holcomb + Ward also filed a Bill of Costs. [Doc. 609]. Almost all of the costs sought by Holcomb + Ward were incurred before this case was removed from Fulton Superior Court to this Court on August 8, 2017.[5] [Doc. 1]. As a result, the "Fees of the Clerk" were paid to Fulton Superior Court and not the Clerk of this Court and should not be taxed as costs under 28 U.S.C. § 1920(1). The service

---

[5] This case originally began in Fulton County Superior Court as an election contest involving the Sixth Congressional District and it appears that almost all of the expenses sought by Holcomb + Ward were incurred while Curling Plaintiffs were contesting that election instead of pursuing the constitutional claims that they now claim are at issue.

fees were paid to various local counties and it is unclear what "Money orders for service" were required. [Doc. 609, p. 4]. And all copying was apparently to create service copies and does not include sufficient itemization to determine the per-page rate or the number of pages printed.

Given the lack of payment of costs to this Court and the lack of documentation of the expenses incurred, this Court should not tax any costs under the Holcomb + Ward Bill of Costs.

## **CONCLUSION**

This Court should not tax any costs because a separate judgment has not yet been entered in this case, nor has the Order been certified as a final judgment. But if this Court does tax costs, only the Fees of the Clerk and the $40-per-day witness fees from the Morrison & Foerster Bill of Costs should be taxed because Curling Plaintiffs have not submitted sufficient documentation or have otherwise requested costs that are not taxable.

Respectfully submitted this 30th day of September, 2019.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399

jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' OBJECTION TO CURLING PLAINTIFFS' BILLS OF COSTS has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson