# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PROPOSED ORDER GRANTING
## CURLING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on the Motion for Preliminary Injunction of Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs").

Upon considering the motion and supporting authorities, the response from the Defendants, and the evidence and pleadings of record, the Court finds that Plaintiffs are likely to succeed on the merits of their claims, that they will be irreparably harmed if this motion is not granted, that the balance of equities tip in Plaintiffs' favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court accordingly GRANTS the motion and issues the relief set forth below.

UNTIL FURTHER ORDER OF THIS COURT:

1. *Paper Ballots*

After January 1, 2020, Defendants are enjoined from using any system or devices for voting that does not use hand-marked paper ballots as the primary method of recording the elector's votes, and are specifically enjoined from using the Dominion ballot-marking device ("BMD")-based system as the primary method; Defendants are further enjoined to conduct in-person voting in elections by a hand-marked paper ballot system; Defendants are enjoined to supply a minimum of one electronic or mechanical ballot marking device per polling location for assistive voting by paper ballot that meets HAVA/ADA requirements and is transparent and verifiable; and Defendants are further enjoined to provide a minimum of one ballot scanner for casting, tabulation, and secure storage of voted paper ballots at each polling place.

2. *Plan for Compliance*

Within 20 days of the entry of this order, authorized representatives of Defendants Raffensperger, Harp, Le, Sullivan, and Worley, and Plaintiffs shall confer, and within 25 days of the entry of this order, shall file with this Court a

plan setting forth the specific steps that the Defendants intend to take to comply with the terms of the Court's Order. The plan shall include provisions for pre-certification, post-election, manual tabulation audits of paper ballots and to independently check the accuracy of equipment and procedures used to tabulate votes in all federal, state, and county elections taking place in Georgia after January 1, 2020, using the processes provided for in O.C.G.A. § 21-2-498. The audit procedures shall be based on well-accepted audit principles that assure a high probability that incorrect outcomes will be detected and remedied. The plan shall be set forth in sufficient detail for the Court to evaluate its adequacy.

    *3. Attorneys' Fees and Costs*

Pursuant to 42 U.S.C. § 1988, the Curling Plaintiffs are hereby awarded their attorneys' fees and costs for the deprivation of the civil rights arising from the Defendants' attempted use of the Proposed Election System. The Curling Plaintiffs are directed to provide evidence sufficient to support any claim for attorneys' fees and/or costs within 30 days of the entry of this Order.

    SO ORDERED this ___ day of _____, 2019.

                                               _____
                                               U.S. District Court Judge Amy Totenberg