IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF BRUCE P. BROWN

1. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

2. My name is Bruce P. Brown. I am over the age of 18 and competent to testify. I have personal knowledge of the facts stated in this declaration.

3. I represent the Coalition Plaintiffs in this case. The purpose of this declaration is to provide evidence relating to some of the costs incurred as a result of the actions of the State Defendants described in the Plaintiffs' Motion for Sanctions.

4. The attorneys working on this discovery issue for the Coalition Plaintiffs were myself and David Brody of The Lawyers' Committee for Civil

Rights Under the Law. I was involved in all aspects of the dispute; Mr. Brody took the lead in drafting the consolidated joint discovery dispute statement on the GEMS discovery.

5. Litigation over the scope and mechanics of the GEMS discovery consumed a substantial amount of time in June, July, and early August, 2019. Attached as Exhibit A is a table of the hours that I spent on the GEMS discovery disputes. The table shows a description of all the work that I billed on the days that I also worked on the GEMS discovery dispute from June 5, 2019 through August 7, 2019. Not included are the many days during this time period that I either recorded time but did not work on the GEMS discovery dispute or the work on the GEMS discovery dispute was too intertwined with other work to estimate a separate cost.

6. My best estimate is that I spent a total of 73.5 hours on the GEMS discovery dispute during this period.

7. A reasonable rate for my time is $625 per hour. I graduated from Davidson College in 1979 and the University of Georgia School of Law in 1984. After graduation, I clerked for Judge Edward A. Tamm of the United States Court of Appeals for the District of Columbia Circuit and for Chief Justice of the United States Supreme Court Warren E. Burger. I joined Long, Aldridge and Norman

(now Dentons) in 1986 and made partner in 1992.  I started my own solo practice in 2012.  Throughout my career, I have specialized in complex commercial, regulatory and constitutional cases in state and federal court.

8. At an hourly rate of $625,  the cost of my work on the GEMS discovery dispute is approximately $45,937.50.

9. David Brody is Counsel & Senior Fellow for Privacy and Technology at the Lawyers' Committee for Civil Rights Under Law. He joined the Lawyers' Committee in 2017. Previously, he was an Attorney Advisor at the Federal Communications Commission, a law clerk for the Honorable Stephen Glickman of the District of Columbia Court of Appeals, a law clerk for the Honorable Frederick Weisberg of the Superior Court of the District of Columbia, and a legal fellow at the Electronic Privacy Information Center. He is a 2012 graduate of Harvard Law School.

10. Mr. Brody spent the following hours on the GEMS database discovery dispute:

| Date | Hours | Description |
| --- | --- | --- |
| 6/12/2019 | 4.2 | Research and drafting discovery dispute materials |

| | | |
|---|---|---|
| 6/14/2019 | 4.6 | Researching and drafting discovery documents; corresponding with co-counsel re: same |
| 6/14/2019 | 1.9 | Call with Bruce Brown (BPB), Marilyn Marks (MRM), John Powers (JP) re: discovery; drafting joint discovery statement |
| 6/17/2019 | 3.5 | Researching and drafting discovery documents; corresponding with co-counsel re: same |
| 6/19/2019 | 1.5 | Calls with MRM, BPB, JP and Jacob Conark and opposing counsel re discovery disputes, reviewing fact research, protective order |
| 6/20/2019 | 4.5 | Revising joint discovery statement, emailing co-counsel and opposing counsel re same |
| 6/20/2019 | 1.4 | Revising joint discovery statement and emailing co-counsel re same |
| 6/21/2019 | 1.1 | Finalizing and filing joint discovery statement |
| 6/24/2019 | 5.1 | Revising protective order, drafting Joint Disc Stmt, and emailing counsel |
| 6/24/2019 | 2.9 | Conference call with Ps and Ds re protective order |

| 6/25/2019 | 5.2 | Conference call with co-counsel; revising and filing PO joint stmt |
|---|---|---|
| Total | 35.9 | |

11. At a reasonable hourly rate for his work of $400, CGG is entitled to recovery of $14,360 for Mr. Brody's work.

12. In addition to attorney time, CGG incurred additional costs for experts. The elaborate security protocols involving the production of the databases at the University of Michigan were totally unnecessary: the databases should have simply been produced on CDs as public records, or at a minimum with a simple confidentiality agreement, permitting CGG's volunteer skilled database analysts to perform the discovery on the databases at no cost to CGG. As a result of these protocols, the Coalition Plaintiffs had to pay two experts, Matthew Bernhard and Ritchie Wilson, to review the databases at the University of Michigan and incurred costs of $ 20,400 for Mr. Bernhard (102 hours at an hourly rate of $200) and $35,800 for Mr. Wilson (179 hours at an hourly rate of $200). Mr. Bernhard also was called on to participate in phone meetings with the Defendants and the Court, and draft and submit expert declarations concerning the database. In addition, the Coalition Plaintiffs had to unnecessarily purchase a separate computer and software for the work, at a cost of $1112.96 and for the expert's travel expenses in

the amount of $277.29. In addition, CGG Executive Director and expert Marilyn Marks spent at least 68.5 hours on this discovery dispute. The cost of her time is conservatively estimated at $200 per hour, for a total of $13,700.

13. The Coalition Plaintiffs are therefore entitled to recover $134,587.75 in sanctions, as follows:

|  | Cost |
|---|---|
| Brown | $45,937.50 |
| Brody | $14,360.00 |
| Bernhard | $20,400.00 |
| Wilson | $38,800.00 |
| Marks | $13,700.00 |
| Expenses | $1,390.25 |
| **Total:** | **$134,587.75** |

14. To provide context for evaluation of these costs and expenses, what follows is a brief summary of GEMS discovery dispute. Rather than recapitulating the many issues addressed in the course of the resolution of the dispute, I will provide the chronology by reference to the pleadings and transcripts by Docket Number.

15. On June 5, 2019, the State Defendants objected to GEMS database discovery in its entirety because of the alleged uniqueness of Georgia's GEMS database. (*See* Doc. 416 at 1). This led to a June 10, 2019 "meet and confer" at State Defendants' counsel's offices, a June 19, 2019, telephone conference among counsel, and the June 21, 2019 filing of the "Consolidated/Joint Discovery Statement Regarding Coalition Plaintiffs' First Request for Production" (Doc. 416). (The Curling Plaintiffs joined the dispute in Doc. 420). The GEMS dispute was also closely related to a separate dispute concerning the protective order, which addressed how confidential and "attorneys-eyes-only" materials would be handled. The dispute over the terms of the protective order were presented to the Court in the June 25, 2019 "Consolidated/Joint Discovery Statement on the Need for a Protective Order" (Doc. 429).

16. The Court addressed both of the GEMS discovery dispute and the related protective order issues in a June 28, 2019 telephone conference (Doc. 438), which led to additional briefing (Doc. 440, 441), and the Court's Order of July 2, 2019 (Doc. 446), which directed the parties to meet and confer concerning the State's proposed protocols for the production of the GEMS databases. This led to additional briefing and submission of expert testimony concerning protocols, including Plaintiffs' July 3, 2019 "Proposal Regarding Security Protocols for

7

Review of GEMS Database," (Doc. 451), with declarations from Matt Bernhard (Doc. 451-3) and Alex Halderman (Doc. 451-2).

17. These filings led to the Court's Order (by docket entry only) on July 8, 2019, directing the State Defendants to provide information about how the State could host the discovery of the GEMS databases.

18. This prompted further briefing the same day by Plaintiffs (Doc. 455), and the State Defendants (Doc. 456), and another Minute Order by the Court. More briefing ensued the next day by Plaintiffs (Doc. 460), and an Order on GEMS Database Discovery by the Court. (Doc. 463).

19. Further briefing ensued on the State Defendants' position that Phase I GEMS discovery was moot (Doc. 470), which led to another telephone hearing on July 11, 2019. (Doc. 482).

20. On July 12, 2019, the databases were finally delivered to Plaintiffs' experts in Ann Arbor, just two weeks prior to the hearing on the motion for preliminary injunction. Plaintiffs' expert quickly discovered that there was nothing confidential or unique about Georgia's GEMS databases – they were exactly the same as public GEMS databases from other jurisdictions. (July 16, 2019, GEMS Screenshots, Doc. 489).

21. On July 15, 2019, David Cross, who represents the Curling Plaintiffs, and I had a telephone conference with counsel for the State Defendants about the State Defendants' misrepresentations concerning the confidentiality of Georgia's GEMS databases. Attached as Exhibit B is a copy of a July 15, 2019 email that I sent to the State Defendants' counsel which fairly and accurately describes the substance of that conversation. In the email, I state:

> This misrepresentation goes back to the State Defendants' very first representation to the Court that the GEMS databases were confidential because they were unique – a representation we all now know was spectacularly false. We initially refuted this representation with Merle King's testimony, but the State Defendants persisted with this misrepresentation, which led to this entire, protracted, costly discovery dispute. It not only caused the Plaintiffs weeks of delay, we have spent – and the Court has spent – countless hours litigating the issue, all in the few days before the hearing on our motion for preliminary injunction. Further Plaintiffs have spent tens of thousands of dollars for counsel and experts to litigate this issue, just to come full circle to where we began – that the GEMS databases we requested are virtually identical to the publicly-available Cobb County database from 2002.
>
> We also have spent tens of thousands of dollars related to your to a costly set-up for review of non-confidential information, and counsel and experts have been needlessly distracted from important work that needed to be conducted for discovery and the upcoming hearing. The prejudice caused by the State Defendants' actions is enormous, and we will seek appropriate recourse with the Court, including recovering fees and costs, not just for this most recent misrepresentation, but for all the wasted effort with other discovery to the State Defendants and third parties relating to the GEMS databases. Further, Plaintiffs can no longer rely on anything that the State Defendants represent to us or the Court.

22. Prior to the hearing on the Motion for Preliminary Injunction, no agreement had been reached on the protocol for "extracting" public information from the allegedly confidential GEMS databases (an extraction that should have been unnecessary since no part of the GEMS databases was confidential). This required another round of time-consuming discussions with Defendants' counsel, resolving itself without the need for the Court's intervention, during the first week of August, 2019.

FURTHER DECLARANT SAYETH NOT.

This 5th day of October, 2019.

Bruce P. Brown

EXHIBIT A

| Matter Description | Timekeeper | Date | Description | Total Hours | GEMS Discovery Hours | Rate | Discovery Cost |
|---|---|---|---|---|---|---|---|
| CGG Curling Litigation | Bruce Brown | 6/5/19 | Prepare for telephone call with team on discovery; review Judge Totenberg's standing order on protective orders and discovery disputes; review outline of brief; emails with R. McGuire about ballot secrecy section; participate in conference call with J. Powers and team on discovery. | 2.2 | 1.5 | $625.00 | $937.50 |
| CGG Curling Litigation | Bruce Brown | 6/6/19 | Review discovery plan and emails with team regarding same. | 0.8 | 0.8 | $625.00 | $500.00 |
| CGG Curling Litigation | Bruce Brown | 6/7/19 | Work on motion for preliminary injunction brief outline (.8); work on discovery to defendants on unique identifiers (.4); review and edit A. McReynolds declaration (.5); review and edit C. Hoke declaration and email to C. Hoke (.6); emails regarding discovery conference and M. Marks attendance (.3). | 2.6 | 0.4 | $625.00 | $250.00 |
| CGG Curling Litigation | Bruce Brown | 6/8/19 | Review and revise interrogatories to Defendants on undervotes and unique identifiers (.8); emails about discovery conference and strategy (.7). | 1.5 | 0.7 | $625.00 | $437.50 |
| CGG Curling Litigation | Bruce Brown | 6/9/19 | Review transcript of Judge Totenberg's hearing on discovery and email to client regarding implication of same on scope of relief and presentation (.7); work on order of proof (1.3); work on V. Martin declaration and emails regarding same (.6). | 2.6 | 0.7 | $625.00 | $437.50 |
| CGG Curling Litigation | Bruce Brown | 6/10/19 | Prepare discovery plan and further work on order of proof (4.1); email about protective order (.2); work on discovery of GEMS database and unique identifiers and prepare for Rule 26 conference (3.8); attend Rule 26 conference and follow-up work relating thereto (1.5). | 9.6 | 5.3 | $625.00 | $3,312.50 |
| CGG Curling Litigation | Bruce Brown | 6/11/19 | Continual work on the case including emails with K. Anderson about protective order; email about M. Barnes deposition scheduling; work drafting, editing and finalizing RPDs to the State Defenandants; draft and edit Bartow County subpoena; work on race-based claims with the Lawyers' Committee; emails to V. Russo about new system implementation; further work on discovery (actual time over 9 hours). | 8 | 2 | $625.00 | $1,250.00 |
| CGG Curling Litigation | Bruce Brown | 6/13/19 | Work on joint discovery plan (1.5); extensive communications with client about protective order terms (1.3); communications about Barron and Barnes depositions (.5); continue work on declarations in support of brief and brief (3.1). | 6.4 | 2.8 | $625.00 | $1,750.00 |
| CGG Curling Litigation | Bruce Brown | 6/14/19 | Substantial work on brief; work on proposed discovery plan; work on discovery to counties; emails to V. Russo about depositions; review draft discovery dispute statement (actual time 9 plus). | 8.5 | 1.5 | $625.00 | $937.50 |
| CGG Curling Litigation | Bruce Brown | 6/17/19 | Continual work on motion for preliminary injunction, including working on Lt. Governor section of the brief; considering pre-filing evidence; work with C. Hoke on declaration; email to Fulton County counsel; work on secret ballot section of the brief; further work on discovery plan; email to C. Miller for GEMS database production (actual time 9 plus). | 7 | 0.5 | $625.00 | $312.50 |
| CGG Curling Litigation | Bruce Brown | 6/18/19 | Further work on all matters in the case, including protective order, GEMS discovery dispute, declaration of C. Hoke, drafting electronic pollbooks section of the brief; numerous communications with opposing counsel and clients; prepare substantial pre-filing of evidence. | 8.6 | 2 | $625.00 | $1,250.00 |
| CGG Curling Litigation | Bruce Brown | 6/19/19 | Finalize pre-filing of evidence; continue working on brief; review submission on discovery dispute and emails to D. Brody and M. Marks regarding same; conference call with Defendants' counsel on GEMS database; further work on brief. | 6.4 | 0.5 | $625.00 | $312.50 |
| CGG Curling Litigation | Bruce Brown | 6/25/19 | Draft and revise substantive email to C. Correia about FBI's image of elections.kennesaw.edu server; substantial preparation for Barnes deposition; work on discovery disputes. | 3.8 | 0.2 | $625.00 | $125.00 |
| CGG Curling Litigation | Bruce Brown | 6/28/19 | Prepare for J. Doran deposition; travel to Athens; take J. Doran deposition; conference call hearing with Judge Totenberg about GEMS discovery; travel to Atlanta (actual time 9 plus). | 8 | 2 | $625.00 | $1,250.00 |

| Matter | Timekeeper | Date | Description | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|
| CGG Curling Litigation | Bruce Brown | 6/29/19 | Work on GEMS discovery brief; emails with D. Cross and M. Marilyn about server and database issues; address issue of why clients, not just experts, need to see database; emails with D. Brody about brief; conference call with A. Halderman and M. Bernhard about GEMS database issues. | 4.8 | 4.8 | $625.00 | $3,000.00 |
| CGG Curling Litigation | Bruce Brown | 6/30/19 | Work on GEMS database discovery brief. | 2 | 2 | $625.00 | $1,250.00 |
| CGG Curling Litigation | Bruce Brown | 7/1/19 | Work on GEMS brief; edit D. Brody draft and transmit to D. Cross; review D. Cross and A. Halderman edits (4.8); emails to J. Power and M. Marks about pending discovery issues (.9); email to C. Ichter about spoliation (.5); email to team and D. Cross about M. Beaver deposition and other discover issues (.5). | 6.7 | 4.8 | $625.00 | $3,000.00 |
| CGG Curling Litigation | Bruce Brown | 7/3/19 | Work on Plaintiffs' Proposal Regarding Security Protocols for Review of GEMS Database, including drafting with Curling team, multiple discussions with experts and clients. | 3.5 | 3.5 | $625.00 | $2,187.50 |
| CGG Curling Litigation | Bruce Brown | 7/4/19 | Work on supplemental pleading on W. Digges; numerous communications about protective order with M. Marks and D. Brody; numerous emails with M. Marks about protective order terms; emails about ES&S contract and contractors. | 5.5 | 3.5 | $625.00 | $2,187.50 |
| CGG Curling Litigation | Bruce Brown | 7/5/19 | Work on GEMS discovery dispute, including emails and telephone calls with defendants, D. Cross and M. Marks; prepare, revise and serve subpoena to ES&S and emails to defendants regarding same; emails and telephone calls regarding A. Halderman deposition; telphone call with defendant laywers; prepare filing regarding Digges. | 5.8 | 3 | $625.00 | $1,875.00 |
| CGG Curling Litigation | Bruce Brown | 7/6/19 | Substantial work on GEMS discovery issues; planning for Bartow County deposition, including possibility of witness bringing a DRE machine; emails with J. Belinfante about discovery to third-party churches. | 3.8 | 1 | $625.00 | $625.00 |
| CGG Curling Litigation | Bruce Brown | 7/7/19 | Work on discovery of Bartow County (.2); substantial work on reply brief relating to GEMS discovery, including multiple conferences with M. Marks and D. Cross and team; draft and revise brief; email to C. Ichter about spoliation brief and theory; draft proposed order on GEMS and transmit to D. Cross. | 5.8 | 2 | $625.00 | $1,250.00 |
| CGG Curling Litigation | Bruce Brown | 7/8/19 | Substantial work on GEMS discovery, including Phase I document discovery, including drafting briefs, emails, proposed orders, and planning conference calls; emails with D. Cross on Shamos and Halderman discovery; substantial work on discovery to third party churches. | 8.8 | 4 | $625.00 | $2,500.00 |
| CGG Curling Litigation | Bruce Brown | 7/9/19 | Continued work on GEMS discovery, including preparation for call with defense counsel, preparation of brief for filing on Phase I documents, numerous telephone conversations with D. Cross, M. Marks, M. Bernhard and A. Halderman (4.5); work on responses to third party subpoenas, including calls to Fair Fight and Common Cause lawyers and consideration of filing a motion to quash (1.5); further work on discovery to third parties (1.6); review Judge's order on GEMS discovery and emails and telephone calls about how to execute (1.1. | 8.7 | 4.5 | $625.00 | $2,812.50 |
| CGG Curling Litigation | Bruce Brown | 7/10/19 | Draft, revise and circulate substantive email to defendants on terms of the proposed protective order, including First Amendment objection to retroactivity provision (1.2); emails about M. Bernhard deposition (.3); multiple emails and calls about plans for DB review and clarification of the Court's order, and non-confidential data extraction (2.5); review State's "mootness" brief (Doc. 466) and multiple emails and telephone conversations about planned response, including working with C. Chapple and D . Cross to draft, revise and file Doc. 470, Plaintiffs' Response to Minute Order (2.8); review Defendants' response brief and substantive email to team about the reply (1.5);  draft response to V. Russo's suggestion that hearing needs to be delayed so that Dr. Shamos can be ready for his deposition (.1). | 8.4 | 6.8 | $625.00 | $4,250.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling Litigation | Bruce Brown | 7/11/19 | Review Defendants' Brief in Response to Motion for Preliminary Injunction and start work on reply; email regarding elections at issue; email to J. Belinfante regarding spoliation; prepare for and teleconference with Judge Totenberg on Phase I GEMS data dispute; email to D. Cross about expert review at Ann Arbor; multiple calls with A. Halderman, M. Marks, D. Cross etc. about document extraction; draft, revise and submit operative command language to Ms. Cole; participate in conference call and follow up thereto; extensive work with Curling team on protocol for GEMS database review and extraction; detailed email to M. Bernhard and R. Wilson regarding protocols (actual time 9 plus; 8.2 billed); review and edit motion to quash subpoena to third party churches (1.2). | 9.4 | 3.5 | $625.00 | $2,187.50 |
| CGG Curling Litigation | Bruce Brown | 7/13/19 | Communications with M. Bernhard and D. Cross about Defendants' misrepresentations as to how unique the Georgia GEMS database is (.7); work on reply brief (4.9). | 5.6 | 0.7 | $625.00 | $437.50 |
| CGG Curling Litigation | Bruce Brown | 7/14/19 | Extensive work on GEMS extraction protocols, including numerous telephone calls and emails with D. Cross, A. Halderman, M. Bernhard and M. Marks, and emails to Defendants' counsel about issues to be resolved per Court's instructions on July 15 or submitted to the Court for determination (4.1); emails and telephone calls about Barnes deposition (.8); emails about Curling and Coalition remedies (1.5); work on reply brief, including ADA section, spoliation section, impact on municipalities, implementation section, and other sections of the brief (3.8 billed, actual time 5 plus). | 10.2 | 4.1 | $625.00 | $2,562.50 |
| CGG Curling Litigation | Bruce Brown | 7/15/19 | Draft response to document requests and start responses to interrogatories (1.1); prepare for and participate in call with defense counsel on GEMS discovery and follow up conversation with Curling lawyers regarding same (1.5); work on reply, including ballot secrecy, implementation, and all other sections (6.0 billed, actual time 8.5 plus). | 8.6 | 1.5 | $625.00 | $937.50 |
| CGG Curling Litigation | Bruce Brown | 8/2/19 | Emails about transcript distribution; work on protocol for GEMS database extraction to non-experts; circulate draft protocol; emails to M. Marks regarding same; transmit to D. Cross and then to B. Tyson. | 2.3 | 2 | $625.00 | $1,250.00 |
| CGG Curling Litigation | Bruce Brown | 8/3/19 | Emails to Defendants about extraction protocol. | 0.1 | 0.1 | $625.00 | $62.50 |
| CGG Curling Litigation | Bruce Brown | 8/7/19 | Emails regarding extraction protocol for GEMS databases (.8); extended conference with team about next steps on GEMS, BMDs, certification, discovery, etc. (1.5); follow up on third-party discovery to KSU and ES&S with the LC (.7). | 3 | 0.8 | $625.00 | $500.00 |
| **Totals** | Bruce Brown | | | | 73.5 | | **$45,937.50** |

EXHIBIT B

**From:** "bbrown@brucepbrownlaw.com" <bbrown@brucepbrownlaw.com>
**Date:** Monday, July 15, 2019 at 5:44 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>, "Chapple, Catherine L." <CChapple@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** "Cross, David D." <DCross@mofo.com>
**Subject:** GEMS Database Discovery

Bryan,

We explained in detail today the factual basis for our conclusion that the State Defendants affirmatively misrepresented to the Court and to Plaintiffs that Georgia's 2018 GEMS databases were confidential because they were unique and that Georgia's 2018 GEMS databases are different from publicly available databases, including the 2002 Cobb County database.  We asked you and Mr. Beaver again today whether you or he had even reviewed the 2002 Cobb County database before making the representation to the Court and Plaintiffs that it was different than Georgia's current database.  David asked you this and I asked you this, again.  You did not answer the question and Mr. Beaver did not answer the question.

Regardless of the answer, as we explained on our meet-and-confer call last Tuesday, the representation to the Court that the current GEMS databases are unique and confidential necessitates a review of the publicly-available information we alerted you to long ago and thus conveys that that review was completed before those representations were made.  That the State Defendants made statements to the Court and to Plaintiffs that were not true is beyond dispute, and whether it was because your client never reviewed the Cobb County database or did review it and chose to misrepresent the facts does not really matter at this point.  That you defend the misrepresentations in your email, as you did on our call today, does matter, however.

This misrepresentation goes back to the State Defendants' very first representation to the Court that the GEMS databases were confidential because they were unique – a representation we all now know was spectacularly false.  We initially refuted this representation with Merle King's testimony, but the State Defendants persisted with this misrepresentation, which led to this entire, protracted, costly discovery dispute.  It not only caused the Plaintiffs weeks of delay, we have spent – and the Court has spent – countless hours litigating the issue, all in the few days before the hearing on our motion for preliminary injunction.  Further Plaintiffs have spent tens of thousands of dollars for counsel and experts to litigate this issue, just to come full circle to where we began – that the GEMS databases we requested are virtually identical to the publicly-available Cobb County database from 2002.

We also have spent tens of thousands of dollars related to your to a costly set-up for review of non-confidential information, and counsel and experts have been needlessly distracted from important work that needed to be conducted for discovery and the upcoming hearing. The prejudice caused by the State Defendants' actions is enormous, and we will seek appropriate recourse with the Court,

including recovering fees and costs, not just for this most recent misrepresentation, but for all the wasted effort with other discovery to the State Defendants and third parties relating to the GEMS databases.  Further, Plaintiffs can no longer rely on anything that the State Defendants represent to us or the Court.

All that said, because the State Defendants have already caused so much delay, and because we have no interest in further burdening the Court, we will proceed with the extraction described in David's email after changing the table names.  Changing the table names is completely unnecessary to preserve any confidences, but we do not have the time to further litigate that issue right now and to further delay the necessary review of that data.  We are tired of wasting our time and money with that effort.  We will take this up with the Court at the appropriate time, likely next week upon her return.

Bruce