IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al.,<br>　　　Plaintiffs,<br>vs.<br>BRAD RAFFENSPERGER, et al.,<br>　　　Defendants. | CIVIL ACTION FILE<br>NO. 1:17-cv-2989-AT |

**BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION
TO STRIKE OR DISREGARD THE CURLING
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND FOR CONSOLIDATED BRIEFING**

Defendants Secretary Raffensperger, in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; David J. Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp, in their individual capacities and as members of the State Election Board ("State Board Members"); the State Election Board of Georgia ("State Board") (collectively, the "State Defendants") file this Brief in Support of their Motion to Strike or Disregard the Curling Plaintiffs' Motion for Preliminary Injunction, which was prematurely filed by Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively "Curling Plaintiffs") on October 4, 2019.

## I.  Procedural Background.

Curling Plaintiffs' current complaint challenges the State's use of the direct recording electronic voting machine ("DRE") based on their allegations that the State's current voting system is insecure, and thus, unconstitutional. [Dkt. No. 70.] Pursuant to those claims, Curling Plaintiffs sought injunctive relief asking this Court to ban the State from using DREs in the upcoming 2019 elections forward. On August 14, 2019, this Court granted in part and denied in part Curling Plaintiffs' request. [Dkt. No. 579.]

While Curling Plaintiffs' current complaint challenges State Defendants' *current* voting system (i.e. the use of DREs), their current complaint does not contain a single mention of the State's *new* voting system, which is an auditable, paper-ballot system that utilizes different voting equipment—ballot marking devices ("BMDs")—and is currently being rolled-out across the State of Georgia.[1] This Court has repeatedly indicated that should the Curling Plaintiffs seek to challenge the State's anticipated use of BMDs, Plaintiffs would need to file an amended complaint:

---

[1] As previously represented to this Court, State Defendants anticipate that the new system will be fully implemented by the March 2020 Presidential Preference Primary.

- "But I want to be clear on the other side with the plaintiffs that I do think that either you have to amend the complaint if you're going to get into the BMDs -- I mean, it might be peripheral while you are doing discovery, and there may be something that you've got -- you can ask about it for sure but -- or file a new complaint." [Dkt. No. 389 at 11:24-12:22.]
- "The adequacy of the newly chosen BMD system is not before the Court at this time."  [Dkt. No. 579, p. 137.]
- [*See also* Dkt. No. 410 at 10 (Curling Plaintiffs noting they may seek leave to add "claims related to Ballot Marking Device ("BMDs") in the future").]

Thus, it was not surprising when Curling Plaintiffs sought leave to add claims related to BMDs the day after this Court issued its order regarding the State's continued use of its old DRE voting system.[2]  [Dkt. No. 581.]  To date, this Court has not ruled on Curling Plaintiffs' Motion for Leave.

---

[2] Curling Plaintiffs are required to seek leave from the Court prior to further amending their complaint.  Fed. R. Civ. P. 15. [*See also* Dkt. No. 410 at 10.]

Despite the lack of any ruling on Curling Plaintiffs' Motion for Leave, Curling Plaintiffs went ahead and filed a new motion for preliminary injunction on October 4, 2019. [Dkt. No. 619]. This is the third time Curling Plaintiffs have sought injunctive relief. In this third request for preliminary injunctive relief, Curling Plaintiffs challenge the implementation of State Defendants' *new* voting system and asks this Court to enjoin State Defendants from utilizing its new voting system, which will use BMDs as opposed to DREs, after January 1, 2020.[3] Coalition Plaintiffs have likewise indicated their plans to seek to enjoin the BMDs. [Dkt. No. 621 p. 2 n.1]. For the reasons set forth below, the Court should strike or disregard this premature motion.

## II. Argument and Citation to Authority

"A preliminary injunction is not appropriate when it is based on relief that 'is not of the same character [as that requested in the complaint], and deals with a matter lying wholly outside the issues in the suit.'" *Thompson*

---

[3] In addition to the Motion being premature, Curling Plaintiffs' challenge to State Defendants' new voting system is dramatically different than their challenge to DREs and faces serious substantive issues. The new paper-ballot system does not re-use components of the DRE system; the new voting system has audit capabilities and can be voter verified; and Curling Plaintiffs' relief would admittedly require disabled voters to utilize what Curling Plaintiffs deem to be an unconstitutional voting system, running afoul of federal law.

*v. Alabama*, 2017 WL 3223915, at *7 (M.D.Ala. 2017) (denying voting rights action where requested injunctive relief differed from the relief sought in the complaint and no amended complaint had been filed) (*citing Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (per curiam), *amended on reh'g on other grounds by* 131 F.3d 950 (11th Cir. 1997).) *See also Rosen v. Cascade Intern., Inc.*, 21 F.3d 1520 at n. 5 (11th Cir. 1994) ("Because the consolidated amended complaint was not submitted until after the district court had issued the preliminary injunction at issue in this appeal, however, our inquiry focuses on whether the district court had the authority to issue the preliminary injunction predicated upon the claims raised in the six original complaints…") As this Court previously recognized, Curling Plaintiffs' current complaint does not challenge BMDs or the State's anticipated utilization of the BMDs in the new voting system. [Dkt. No. 389 at 11:24-12:22; Dkt. No. 579, p. 137.] The Motion, which asks this Court to ban BMDs in Georgia after January 1, 2020, seeks relief outside the currently filed complaints.[4]

---

[4] The other plaintiffs in this action—the Coalition Plaintiffs—apparently recognize that a motion seeking injunctive relief as to the BMDs is premature at this time and have represented that they intend to file a preliminary injunction at a later date. Coalition Plaintiffs acknowledged that their motion to supplement remains pending. [Dkt No. 621] at 2, n.1.

State Defendants recognize that this Court may grant Curling Plaintiffs' Motion for Leave at any time, and Curling Plaintiffs may then resubmit their request for preliminary injunctive relief.  But until that time, Curling Plaintiffs' current motion is procedurally improper, falls outside the realm of the current complaint filed by Curling Plaintiffs, and should be stricken from the record.

### III. This Court should set a combined briefing schedule if it grants the motions for leave to amend.

Both sets of Plaintiffs have made clear that they intend to seek injunctive relief from this Court and seek to ban the State's new voting system after January 1, 2020.  [Dkt. No. 619; 621 p. 2 n.1.]  To increase the overall efficiency of this litigation, State Defendants further request that, should this Court grant Plaintiffs' various motions to supplement or amend their complaints to challenge BMDs in Georgia, this Court enter a combined briefing schedule for any additional preliminary injunctions Plaintiffs intend to file to allow State Defendants to file a consolidated response.

### IV. Conclusion

For the foregoing reasons, State Defendants respectfully request that the Court strike or disregard the Curling Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted this 14th day of October, 2019.

/s/Vincent R. Russo
Vincent R. Russo
GA Bar No. 242628
Josh Belinfante
GA Bar No. 047399
Carey A. Miller
GA Bar No. 976240
Kimberly Anderson
GA Bar No. 602807
Alexander Denton
GA Bar No. 660632
Brian E. Lake
GA Bar No. 575966
ROBBINS ROSS ALLOY
BELINFANTE LITTLEFIELD LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250
vrusso@robbinsfirm.com
jbelinfante@robbinsfirm.com
cmiller@robbinsfirm.com
kanderson@robbinsfirm.com
adenton@robbinsfirm.com
blake@robbinsfirm.com

Bryan P. Tyson
GA Bar No. 515411
Bryan Jacoutot
GA Bar No. 668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

btyson@taylorenglish.com  
bjacoutot@taylorenglish.com

# **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO STRIKE OR DISREGARD THE CURLING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR CONSOLIDATED BRIEFING has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

                                                  /s/ Vincent R. Russo
                                                 Vincent R. Russo

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing **BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO STRIKE OR DISREGARD THE CURLING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR CONSOLIDATED BRIEFING** with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to counsel of record.

This 14th day of October, 2019.

/s/Vincent R. Russo