IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-CV-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on the Coalition Plaintiffs' Motion to Amend the Court's August 15, 2019 Order Granting in Part Plaintiffs' Motions for Preliminary Injunction [Doc. 605].

The Court appreciates the reasons the Coalition Plaintiffs have requested more detailed relief and monitoring provisions. However, the Court considered the fundamental issues posed in this case and Plaintiffs' original requests for relief (Docs. 387-8 and 419-2) in fashioning relief in its Order of August 15, 2019. It endeavored to provide meaningful relief without intruding excessively into the State's and counties' operational administration of the voting system. Further, the Court promptly responded to issues pertaining to the parties' disputes and requests for clarification as to relief issues during its conference with counsel on August 27, 2019 and its follow-up Order of September 4, 2019. (Doc. 598.) The

Court at that time also reiterated its expectation that the parties would use good judgment and their knowledge of the Court's Order of August 15th as a whole in proceeding. (*Id.* at 4.)

For the foregoing reasons, the Court **GRANTS IN PART** the Coalition Plaintiffs' motion in so far as the Court's Order of September 4th already further clarifies the scope and intent of remedial Paragraphs (1) and (5) but otherwise **DENIES** the additional requested amendments to the Court's Order of August 15, 2019. Consistent with this ruling, remedial paragraphs (1) and (5) of the August 15, 2019 Order require the State Defendants' "close examination and tackling of voter registration data system exposure, data accuracy, and software issues." (Doc. 579 at 149-150.) And the Defendants should be guided by the recognition that "accuracy problems baked into the Secretary of State's voter database (whether due to defective software, exposure, hacking, etc.) would transfer or migrate to the new Dominion EPoll system unless properly addressed." (Doc. 598 at 4.)

The Coalition Plaintiffs request that the Court modify directive 2 on page 150 of the preliminary injunction Order to require the use of a paper pollbook backup at each precinct, rather than the voter registration list. The Court recognizes the Coalition Plaintiffs' motion was timely filed, however, a number of pragmatic considerations make the Court hesitant to modify this provision of the Order now that early voting has begun for the November 2019 election cycle. The Court is potentially willing to consider this request for subsequent election cycles but only after hearing more concretely from the State regarding pragmatic implementation

issues at a short conference or hearing. Therefore, the Coalition Plaintiffs' request that the Court modify directive 2 on page 150 of the preliminary injunction Order to require the use of a paper pollbook backup is **DENIED** at this time.

Accordingly, the Coalition Plaintiffs' Motion to Alter or Amend the Judgment [Doc. 605] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED** this 23rd day of October, 2019.

_____
**Amy Totenberg**
**United States District Judge**