IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

This matter is before the Court on the State Defendants' Motion for Leave to File Excess Pages [Doc. 636] in support of a Motion to Dismiss Plaintiffs' Amended Complaints. State Defendants request leave to file a brief of 50 pages because Plaintiffs' Amended Complaints are long, add claims regarding BMDs while still including claims challenging DREs. They assert 50 pages is necessary to address "additional factual and legal background" because of the "distinct differences between the BMDs and DREs." (Mot. at 2.)

The Court has entered two prior orders addressing motions to dismiss Plaintiffs' claims regarding DREs and will not entertain further arguments regarding the dismissal of those claims which now form the basis of the Court's August 15, 2019 preliminary injunction order. Defendants should focus their arguments entirely on the new claims related to the BMDs. As the Court is familiar with the differences between the BMDs and DREs, it is not clear what additional

background regarding the two modes of voting would be necessary in conjunction with the forthcoming motion to dismiss.  Defendants need not present a lengthy discussion of the procedural history or the boilerplate standard of review.

Accordingly, for these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.  State Defendants **SHALL** be permitted to file a brief **NOT TO EXCEED 35 PAGES**.

**IT IS SO ORDERED** this 23rd day of October, 2019.

_____
**Amy Totenberg**
**United States District Judge**