IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the Curling Plaintiffs' Bills of Costs [Docs. 606, 608 and 609]. Defendants object to the Bills of Costs as premature and on substantive grounds.

On August 15, 2019, the Court entered an Order granting in part the Plaintiffs' Motions for Preliminary Injunction. Subsequently, Plaintiffs filed Amended Complaints to assert challenges to the State's newly enacted Ballot Marking Device (BMD) voting system. Plaintiffs are also seeking preliminary injunctive relief related to the BMDs. No judgment has been entered in this action.

For the following reasons, the Court finds that the Bills of Costs are premature. The August 15, 2019 Order, although appealable, is not a Judgment in this case. *See* LR 54.1, NDGa. ("A bill of costs must be filed by the prevailing party

within thirty (30) Days after the entry of judgment.").[1] Therefore, Defendant's Bill of Costs is premature. *See Wetherington v. Ameripath, Inc.*, 1:10-CV-1108-AT, 2013 WL 12097825, at *14 (N.D. Ga. Mar. 27, 2013), *aff'd*, 566 F. App'x. 850 (11th Cir. 2014) ("Since the Court has yet to issue a final order on the merits in this case, Dr. Wetherington's bill of costs is premature."); *McIntyre v. State Farm Fire & Cas. Co.*, 4:16-CV-0065-HLM, 2017 WL 3461314, at *1 (N.D. Ga. May 8, 2017) (finding that bill of costs filed prior to entry of judgment was premature where summary judgment had been entered in favor of defendant but third-party claims were still pending in case); *Lopez v. Triangle Fire, Inc.*, 15-22209-CIV, 2017 WL 5706000, at *3 (S.D. Fla. Aug. 2, 2017) (citing local rule on time for filing bill of costs and finding that where jury returned verdict in favor of defendants, but a final judgment had not yet been entered in the case, the defendant's motion for bill of costs was premature); *Mufadhal v. Citimortgage, Inc.*, No. 2:12–CV–10251, 2012 WL 5995838, at *4 (E.D. Mich. Nov. 19, 2012) ("Should the Court enter judgment in favor of defendants, defendants may present a bill of costs to the Clerk of this Court."); *Love v. Pullman Co.*, Civil Action No. C–899, 1979 WL 202, at *11 (D. Colo. Apr. 25, 1979) ("Leftwich's bill of costs is premature. If and when a final judgment taxing costs is entered on the docket, a bill of costs may then be filed with the Clerk."); *see also* N.D. Ga. R. 54.1 ("A bill of costs must be filed by the prevailing party within thirty (30) Days after the entry of judgment.").

---

[1] "[A] valid local rule has the force of law." *Cheshire v. Bank of America, NA*, 351 F. App'x. 386, 388 (11th Cir. 2009) (citing *Weil v. Neary*, 278 U.S. 160, 169 (1929)).

Accordingly, the Court **DENIES WITHOUT PREJUDICE AS PREMATURE** and **DIRECTS** the Clerk to terminate the Curling Plaintiffs' Bills of Costs [Docs. 606, 608 and 609]. Plaintiffs may re-file their bills of costs when the Clerk enters judgment in this action.

**IT IS SO ORDERED** this 23rd day of October, 2019.

**Amy Totenberg**
**United States District Judge**