# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## COALITION PLAINTIFFS' MOTION
## FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs") move the Court to enter a preliminary injunction:

1.     Directing the Defendants to conduct all elections after January 1, 2020 using hand-marked paper ballots as the primary method of recording the electors' votes; provided, however, that Defendants shall not be prohibited from using electronic or other appropriate voting units for persons with disabilities;

2.     Modifying this Court's August 15, 2019 Order (Doc. 579) to permit the use of AccuVote optical scanners and the Diebold GEMS election management

system where hand marked paper ballots are used as the primary method of voting. Thus, the hand marked paper ballots may be counted by hand or by permissible optical scanners that are state-certified components of either Georgia's Dominion Voting System (as defined in footnote 1)[1] or the Diebold GEMS voting system;

3.    Enjoining Defendants from enforcing O.C.G.A. § 21–2–300(a)(2), O.C.G.A. § 21–2–383(c), or any other law or regulation, that requires Georgia voters to vote using Dominion BMDs (as defined in footnote 1) or any other electronic ballot marking device;

4.    Directing the Secretary to direct election superintendents to conduct audits of all county, state and federal elections after January 1, 2020 that use hand marked paper ballots processed by optical scanners.  Such audits shall be manual audits and shall be conducted based on the tallies of hand marked paper ballots prior to the certification of the election results by the county election board;

5.    Directing the State Defendants, within 14 days of the entry of the Court's Order, to file a plan ("the Proposed Audit Plan") describing the specific

---

[1] As used in Coalition Plaintiffs' Motion papers, the term "Georgia's Dominion Voting System" includes each of the components listed in the Secretary's August 9, 2019 Certification, a copy of which is attached as Exhibit A, and the KNOWiNK PollPad Plus electronic pollbook, certified October 11, 2019, see Exhibit B.  **Dominion** ImageCast X Prime (ICX BMD) Ballot Marking Device, which is part of Georgia's Dominion Voting System, will sometimes be referred to specifically as the "Dominion BMD."   The KNOWiNK PollPad Plus electronic pollbook device, which is a part of Georgia's Dominion Voting System, will sometimes be referred to specifically as the "PollPad Electronic Pollbook."

steps the State Defendants intend to take to comply with the terms of the Court's Order and to institute pre-certification, post-election, manual tabulation audits of the paper ballots to verify election results, in sufficient detail for the Court to evaluate its adequacy. The Proposed Audit Plan shall be based on well-accepted audit principles that assure a high probability that incorrect outcomes will be detected and remedied. The Proposed Audit Plan shall include instructions to the county election superintendents to address errors or irregularities detected in the post-election audit, including instructions on escalating the audit, further investigation of errors, and the method of correcting error;

6.     Providing that Plaintiffs shall have 14 days after the filing of the Proposed Audit Plan to file a response to the Proposed Audit Plan, and that the Court, after a hearing if necessary, will then determine the adequacy of the Proposed Audit Plan;

7.     Directing the Defendants to take all necessary action to ensure that there is no information recorded on any electronic record (including, but not limited to, any scanner or touchscreen machine, DRE electronic ballot, memory cards, ballot card of a ballot marking device, including the Dominion BMD) that, alone or in combination with other records or information, may be used to identify the individual who cast a particular ballot. Such electronic record includes

timestamps of the time the ballot was scanned or the chronological sequence in which ballots were cast.  The prohibition shall include information recorded by any ballot scanner or ballot marking device, used separately or in conjunction with other voting system components;

8.     Directing the Secretary to file, within 21 days of the entry of this Court's Order, a report ("the Ballot Secrecy Report") describing the actions taken to comply with the foregoing provision and providing that Plaintiffs shall have 14 days of the filing of the Ballot Secrecy Report to file a response thereto and the Court, after a hearing if necessary, will then determine whether further relief is merited;

9.     Directing Defendant Secretary of State to direct every county election superintendent (a) to provide at each polling place a paper back-up of the pollbook, which paper back-up shall be updated after early voting and (b) to use the paper back-up of the pollbook to adjudicate voter eligibility and precinct assignment problems;

10.     Directing the Secretary to file, within 21 days of this Court's Order, a report on the PollPad Electronic Pollbook (as defined in footnote 1) ("the PollPad Electronic Pollbook Report") that: (a) addresses actions taken to date or that will be taken to ensure that past operating problems with the Diebold ExpressPoll do

not recur in the PollPad Electronic Pollbooks; (b) describes any operational problems of encountered with the PollPad Electronic Pollbooks in the 2019 pilot elections, including an analysis of the  source of the problems and actions that the Secretary has taken or will take to remediate the problems; and (c) describes the polling place security of the voter registration database and the pollbook data during early voting and Election Day voting, particularly focused on wi-fi and Bluetooth connections of voting system components in the polling places.  The Electronic Pollbook Report shall include an opinion from a cybersecurity expert on the security of the voter registration database as it relates to potential unauthorized access from polling places, integration with the new electronic pollbooks, and the security of epollbook data;

11.    Directing the Secretary to file, within 21 days of this Court's Order, a report on the implementation progress for deployment and readiness of Georgia's Dominion Voting System (the "Implementation Report") which should include a detailed implementation and testing plan; a report on equipment delivery, installation, programming, and testing; and problems anticipated and encountered and  the results of the pilot elections.;

12.    Providing that Plaintiffs shall have 14 days of the filing of the Electronic Pollbook Report and the Implementation Report to file a response to

both reports.  The Court, after a hearing if necessary, will then determine whether further relief is merited;

13.     Scheduling a hearing, either separately or in conjunction with any hearing on the above-referenced reports, and if necessary take evidence, on the State's compliance with all terms of the Court's Order, and to direct the State Defendants, ten days prior to such a hearing, to file a Compliance Report describing all efforts undertaken to comply with the terms of this Order; and,

14.     Granting such other and further relief as equity and law may require.

 Pursuant to Rule 65(d), the Coalition Plaintiffs have filed with this Motion a proposed order stating the reasons why it should issue, the terms specifically, the acts restrained and required, and the persons to be bound thereby.

Pursuant to Rule 7.1A of the Local Rules of the Northern District of Georgia, and Part III (a) of this Court's Standing Order, the Coalition Plaintiffs have filed herewith a brief citing legal authorities supporting the motion and the facts relied upon, together with supporting declarations and exhibits. Attached to the brief are declarations from the following:

A. Philip Stark

B. Kevin Skoglund

C. Marilyn Marks

D. Megan Misset

E. Ricardo Davis

F. Laura Digges

G. William Digges


Respectfully submitted this 23rd day of October, 2019.

/s/ Bruce P. Brown                           /s/ Robert A. McGuire, III     
Bruce P. Brown                                     Robert A. McGuire, III
Georgia Bar No. 064460                             Pro Hac Vice (ECF No. 125)
bbrown@brucepbrownlaw.com

Bruce P. Brown Law LLC                             Robert McGuire Law Firm
1123 Zonolite Rd. NE                               113 Cherry Street PMB 86685
Suite 6                                            Seattle, WA  98104-2205
Atlanta, Georgia 30306                             Tel.: (253) 267-8530
(404) 881-0700


*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
cichter@IchterDavis.com

Ichter Davis, LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
(404) 869-7600


*Counsel for William Digges III,*
*Laura Digges, Ricardo Davis*
*& Megan Missett*

/s/ John Powers
John Powers
Pro Hac Vice (5/17/19 text-only order)

Ezra D. Rosenberg
Pro Hac Vice (ECF No. 497)

Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown