IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PROPOSED ORDER GRANTING COALITION PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

This matter is before the Court on the Motion for Preliminary Injunction of Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Megan Missett, and Ricardo Davis (the "Coalition Plaintiffs").

Upon considering the motion and supporting authorities, the response from the Defendants, and the evidence and pleadings of record, the Court finds that Coalition Plaintiffs are likely to succeed on the merits of their claims, that they will be irreparably harmed if this motion is not granted, that the balance of equities tip in Coalition Plaintiffs' favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).

The Court accordingly GRANTS the motion and issues the relief set forth below.

UNTIL FURTHER ORDER OF THIS COURT:

1. Defendants shall conduct all elections after January 1, 2020 using hand-marked paper ballots as the primary method of recording the electors' votes; provided, however, that Defendants shall not be prohibited from using electronic or other appropriate voting units for persons with disabilities;

2. This Court's August 15, 2019 Order (Doc. 579) is modified to permit the use of AccuVote optical scanners and the Diebold GEMS election management system where hand marked paper ballots are used as the primary method of voting. Thus, the hand marked paper ballots may be counted by hand or by permissible optical scanners that are state-certified components of either Georgia's Dominion Voting System (as defined in footnote 1)[1] or the Diebold GEMS voting system;

3. Defendants are enjoined from enforcing O.C.G.A. § 21–2–300(a)(2), O.C.G.A. § 21–2–383(c), or any other law or regulation, that requires Georgia

---

[1] As used herein, the term "Georgia's Dominion Voting System" includes each of the components listed in the Secretary's August 9, 2019 Certification, a copy of which is attached as Exhibit A, and the KNOWiNK PollPad Plus electronic pollbook, certified October 11, 2019, see Exhibit B. Dominion ImageCast X Prime (ICX BMD) Ballot Marking Device, which is part of Georgia's Dominion Voting System, will sometimes be referred to specifically as the "Dominion BMD." The KNOWiNK PollPad Plus electronic pollbook device, which is a part of Georgia's Dominion Voting System, will sometimes be referred to specifically as the "PollPad Electronic Pollbook."

voters to vote using Dominion BMDs (as defined in footnote 1) or any other electronic ballot marking device;

4. State Defendants shall direct election superintendents to conduct audits of all county, state and federal elections after January 1, 2020 that use hand marked paper ballots processed by optical scanners. Such audits shall be manual audits and shall be conducted based on the tallies of hand marked paper ballots prior to the certification of the election results by the county election board;

5. State Defendants, within 14 days of the entry of the Court's Order, shall file a plan ("the Proposed Audit Plan") describing the specific steps the State Defendants intend to take to comply with the terms of the Court's Order and to institute pre-certification, post-election, manual tabulation audits of the paper ballots to verify election results, in sufficient detail for the Court to evaluate its adequacy. The Proposed Audit Plan shall be based on well-accepted audit principles that assure a high probability that incorrect outcomes will be detected and remedied. The Proposed Audit Plan shall include instructions to the county election superintendents to address errors or irregularities detected in the post-election audit, including instructions on escalating the audit, further investigation of errors, and the method of correcting error;

6. Plaintiffs shall have 14 days after the filing of the Proposed Audit

Plan to file a response to the Proposed Audit Plan. The Court, after a hearing if necessary, will then determine the adequacy of the Proposed Audit Plan;

7. Defendants shall take all necessary action to ensure that there is no information recorded on any electronic record (including, but not limited to, any scanner or touchscreen machine, DRE electronic ballot, memory cards, ballot card of a ballot marking device, including the Dominion BMD) that, alone or in combination with other records or information, may be used to identify the individual who cast a particular ballot. Such electronic record includes timestamps of the time the ballot was scanned or the chronological sequence in which ballots were cast. The prohibition shall include information recorded by any ballot scanner or ballot marking device, used separately or in conjunction with other voting system components;

8. The Secretary shall file, within 21 days of the entry of this Court's Order, a report ("the Ballot Secrecy Report") describing the actions taken to comply with the foregoing provision. Plaintiffs shall have 14 days of the filing of the Ballot Secrecy Report to file a response thereto. The Court, after a hearing if necessary, will then determine whether further relief is merited;

9. The Secretary shall direct every county election superintendent (a) to provide at each polling place a paper back-up of the pollbook, which paper back-

up shall be updated after early voting and (b) to use the paper back-up of the pollbook to adjudicate voter eligibility and precinct assignment problems;

      10.    The Secretary shall file, within 21 days of this Court's Order, a report on the PollPad Electronic Pollbook (as defined in footnote 1) ("the PollPad Electronic Pollbook Report") that: (a) addresses actions taken to date or that will be taken to ensure that past operating problems with the Diebold ExpressPoll do not recur in the PollPad Electronic Pollbooks; (b) describes any operational problems of encountered with the PollPad Electronic Pollbooks in the 2019 pilot elections, including an analysis of the source of the problems and actions that the Secretary has taken or will take to remediate the problems; and (c) describes the polling place security of the voter registration database and the pollbook data during early voting and Election Day voting, particularly focused on wi-fi and Bluetooth connections of voting system components in the polling places. The Electronic Pollbook Report shall include an opinion from a cybersecurity expert on the security of the voter registration database as it relates to potential unauthorized access from polling places, integration with the new electronic pollbooks, and the security of epollbook data;

      11.    The Secretary shall file, within 21 days of this Court's Order, a report on the implementation progress for deployment and readiness of Georgia's

Dominion Voting System (the "Implementation Report") which includes a detailed implementation and testing plan; a report on equipment delivery, installation, programming, and testing; and problems anticipated and encountered and the results of the pilot elections;

12. Plaintiffs shall have 14 days of the filing of the Electronic Pollbook Report and the Implementation Report to file a response to both reports. The Court, after a hearing if necessary, will then determine whether further relief is merited; and

13. The Court will scheduling a hearing, either separately or in conjunction with any hearing on the above-referenced reports, and if necessary take evidence, on the State's compliance with all terms of this Order. The State Defendants, ten days prior to such a hearing, shall file a Compliance Report describing all efforts undertaken to comply with the terms of this Order.

SO ORDERED this ___ day of _____, _____.

_____
Amy Totenberg
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRIAN KEMP, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

>	*/s/ Bruce P. Brown*
>	Bruce P. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the foregoing COALITION PLAINTIFFS' PROPOSED ORDER GRANTING MOTION FOR ADDITIONAL INJUNCTIVE RELIEF to be served upon all other parties in this action by via electronic delivery using the PACER-ECF system.

This 23rd day of October, 2019.

             */s/ Bruce P. Brown*
             Bruce P. Brown

8