IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>    Defendants. | Civil Action No.: 1:17-CV-2989-AT |

### STATE DEFENDANTS' MOTION TO DISMISS CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT AND THE COALITION PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT

Defendants Brad Raffensperger ("Secretary Raffensperger"), David J. Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp (collectively "State Defendants") and file this Motion to Dismiss Curling Plaintiffs' Third Amended Complaint and the First Supplemental Complaint of Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis and Megan Missett.[1]

---

[1] State Defendants refer to Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg as the "Curling Plaintiffs" and Plaintiffs Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett as the "Coalition Plaintiffs."

1.      Curling and Coalition Plaintiffs' continued challenges to the DRE system are moot.  The State of Georgia has purchased and is already implementing the new ballot marking device ("BMD") voting system.  The State of Georgia has enacted two laws—H.B. 316 and H.B. 392—to voluntarily transition from the DRE voting system to a BMD voting system.  "When a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly." *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000) (internal quotations omitted).  Moreover, but for the claims in this litigation regarding DREs, the State of Georgia would be able to decommission the DREs in counties as the new BMDs are rolled out, which would preclude any possibility of those DREs ever being used again. Because the State of Georgia opted to switch from DREs to BMDs statewide after 2019, and it is not reasonable to expect that the allegedly wrongful behavior could recur, the Curling and Coalition Plaintiffs' claims regarding DREs are now moot.

2.      Curling and Coalition Plaintiffs' new claims regarding the State of Georgia's transition to a BMD voting system should be dismissed for failure to adequately establish standing under Article III of the United States Constitution.  In order to establish Article III standing, the Curling and

Coalition Plaintiffs must have alleged sufficient facts to demonstrate that they have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the State Defendants; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016).

3. To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Curling and Coalition Plaintiffs have failed to allege harm from the BMD voting system that affects them in "a personal and individual way," rather, they allege threatened injuries that rely on theoretical events, the occurrence of any of which is speculative in nature. *Id.* at 564 n.2; *see also Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1163 (11th Cir. 2008).

4. Curling and Coalition Plaintiffs' alleged BMD-related injuries are not fairly traceable to State Defendants nor to the challenged conduct of State Defendants. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1999)). The alleged injuries are attributable to third-party actors, and, therefore, cannot be traced to State Defendants.

5.    Plaintiffs' procedural due process claims are not sufficiently pled and must be dismissed for failure to state a claim.  There is no state-created liberty or property interest in a preferred choice of voting systems. Even assuming a liberty or property interest existed for a preferred voting system, there is no deprivation of that interest, given the State's no-excuse absentee voting system by hand-marked paper ballots. Moreover, procedural due process violations require the state to refuse to provide due process, *McKinney*, 20 F.3d at 1562, and Coalition Plaintiffs have not alleged the absence of state remedies, as is their burden. *Searcy v. Prison Rehab Industries & Ent, Inc.*, 746 Fed. Appx. 790, 795 (11th Cir. 2018). The availability of a state remedy necessarily prevents Plaintiffs from maintaining a procedural due process claim as a matter of law. *See Horton v. Bd. Of Cty. Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 200).

6.    Plaintiffs' state law claims also must be dismissed for failure to state a claim.  Curling Plaintiffs' state law claims do not meet the basic pleading requirements under federal law.  The conclusory enumeration of various statutes amount to only "'naked assertions' devoid of 'further factual enhancement,'" an do not amount to a short and plain statement showing the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Likewise, Coalition Plaintiffs' allegations about certification do not amount to a violation of federal law.

7. The BMD-related injuries alleged by Curling and Coalition Plaintiffs are not redressable to the actions of the State Defendants, as even if the Court grants every remedy sought by the Curling and Coalition Plaintiffs, they would not obtain any relief from the injuries they allege. *See Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010).

8. Curling and Coalition Plaintiffs' BMD claims are also subject to dismissal because the requested relief—an exclusive hand-mark paper ballot system with one BMD at each precinct for use by individuals with disabilities—would necessarily require the State of Georgia to implement a voting system that violates federal law.  Curling and Coalition Plaintiffs' factual allegations set forth numerous problems associated with voters using BMDs, yet their proposed remedy would have disabled individuals use these allegedly harmful BMDs.  Such a remedy would force the State of Georgia to provide disabled individuals with a voting system that is not equal as that provided to others, in violation of the Americans with Disabilities Act and the Rehabilitation Act.

9. Curling Plaintiffs' declaratory judgment claim is subject to dismissal under the Eleventh Amendment on sovereign immunity grounds. *See*

*Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Alternatively, even if the Court determines that sovereign immunity does not bar Curling Plaintiffs' declaratory judgment claim, the proper forum for such a claim is in Georgia's state courts—not this Court—and, therefore, this Court should decline to exercise supplemental jurisdiction.

WHEREFORE, in light of the foregoing, and as more fully set forth in the accompanying memorandum, State Defendants respectfully request that this Court dismiss Curling Plaintiffs' Third Amended Complaint and Coalition Plaintiffs' Supplemental Complaint in their entirety, with prejudice, and grant such other relief as this Court deems just and proper.

Respectfully submitted this 25th day of October, 2019.

> */s/ Vincent R. Russo*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Kimberly Anderson
> Georgia Bar No. 602807
> kanderson@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com

Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250


Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' RENEWED MOTION TO DISMISS CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT AND COALITION PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Vincent R. Russo*
Vincent R. Russo

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing STATE DEFENDANTS' RENEWED MOTION TO DISMISS CURLING PLAINTIFFS' THIRD AMENDED COMPLAINT AND COALITION PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 25th day of October 2019.

*/s/ Vincent Russo*