# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**SUPPLEMENTAL DECLARATION OF DAVID D. CROSS IN SUPPORT
OF PLAINTIFFS' JOINT MOTION FOR SANCTIONS**

I, David D. Cross, declare as follows:

1.      I am a member of the bars of the State of New York and the District of Columbia. I am a partner with the law firm of Morrison & Foerster LLP, and lead counsel in this case representing Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs) in the above-captioned matter. I have been admitted *pro hac vice* in these proceedings. I have personal knowledge of the facts in this declaration and, if called to testify as a witness, I would testify under oath to these facts.

2.      This declaration supplements my previous declaration of October 11, 2019 (Dkt. No. 623-1), and supports the contemporaneously filed Reply in Support of Joint Motion for Sanctions.  In addition to the fees and expenses described in my

previous declaration, Morrison & Foerster LLP also seeks the fees detailed herein incurred in connection with the GEMS Dispute and the litigation of the Joint Motion for Sanctions.

**<u>Reasonableness of Challenged Time Entries</u>**

3.     Defendants, in their Opposition to Plaintiffs' Joint Motion for Sanctions, challenge a number of time entries made by Morrison & Foerster timekeepers.  Defendants' arguments largely appear to result from their failure to properly read our time entries.

4.     Defendants challenge my entries on June 29 and 30 and July 4 and 7, 2019, as well as Ms. Catherine Chapple's entries on July 16, as block-billed and containing "extensive conferences."  (Opp. 32.)  But this characterization is unfair and misleading.

5.     First, every one of those five entries separately itemizes time spent on the GEMS Dispute from time spent on other matters in this case, and two of them further break down relevant time by task, such as by separately recording time for research, drafting declarations, and communicating with key individuals.  (Dkt. No. 623-1 at 21-24.)

6.     Second, my previous declaration included tables breaking down Ms. Chapple's and my claimed time by task.  (Dkt. No. 623-1 at 5-6.)  In the few cases

where our *time entries* did not fully break down the time spent on each task, we divided the total hours spent on the group of tasks by the number of tasks, and then assigned an equal amount of time to each task.  The tables in my previous declaration were prepared by following this method to the extent necessary.  I understand that this was the method relied upon by the Eleventh Circuit in *ACLU of Ga. v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999).

7.     Third, as lead counsel for Curling Plaintiffs, it is imperative that I efficiently coordinate the work of a large number of people, especially when it involves what Defendants characterize as "complicated" and "highly technical" issues under a "rapid" schedule in the midst of many other responsibilities on this and other matters.  Time spent in conferences with team members coordinating and discussing the substance of that work is an example of efficient, not inefficient, case management.  These conferences are critical for ensuring necessary work occurs efficiently, with high quality, and on time.  Further, when I communicate via email with multiple recipients or lead conference calls with multiple participants, including various combinations of attorneys at Morrison & Foerster, co-counsel, clients, and expert witnesses, it is often inefficient or impossible to itemize each such communication with further particularity than I have in my time entries.

8.      Fourth, Defendants' "extensive conferences" claim is simply not accurate.  For example, Defendants challenge Ms. Chapple's entries on July 9 and 10, 2019, as unreasonable, claiming that they include conferences "that appear to have lasted up to eight and nine hours in a day."  (Opp. 32.)  But Ms. Chapple's entries cannot be read that way.  On July 9, in addition to discussing substantive issues with me, she also "[p]repared for and participate[d] in [a] call with defense counsel" and "***draft[ed a] brief re[garding] GEMS discovery***."  (Dkt. No. 623-1 at 25 (emphasis added).)  On July 10, in addition to discussing strategy with me, she also "[p]articipate[d] in [a] call with [the C]ourt re[garding] GEMS discovery" and "***drafted [a] response to [the Court's] minute order re[garding] Phase 1 of GEMS discovery***."  (*Id.* at 27 (emphasis added).)

9.      Defendants next challenge three of our time entries on July 12 and 14 because the time was incurred after this Court's order on July 9.  However, this time arose from the restrictions on our review of the GEMS databases that we later learned were unnecessary.

10.     Defendants additionally challenge one of my time entries on July 14 because it was spent dealing with their efforts to obtain a copy of Dr. Halderman's malware.  (Opp. 33.)  I do not seek, and my previous declaration did not claim to seek any time spent dealing with Dr. Halderman's malware.  To the extent my July

4

14 time entry appears to include that time, it is the result of a clerical error in

redaction.  The final clause separated by a semicolon does not include any tasks

related to Dr. Halderman's malware and the parenthetical time claimed in that

entry refers only to the final clause separated by a semicolon.  (Dkt. No. 623-1 at

30.)  In other words, the time for the task Defendants complain about was not

included among the fees sought in the Motion.

11.     Defendants also challenge the fees and expenses charged by Dr.

Halderman.

12.     Defendants imply that Dr. Halderman's time on August 15, 19, and 21

was improper because he spent it "moving the secure facility to another location at

the university." (Opp. 38.)  But this was required only because of the restrictions

on his review that arose from Defendants' misrepresentations that the GEMS

databases were unique and confidential.   Absent those misrepresentations and

corresponding restrictions, the costs associated with this task never would have

arisen.

13.     Finally, Defendants argue that Plaintiffs should not recover any of Dr.

Halderman's expenses because he does not include documentation.  (Opp. 38.)

Curling Plaintiffs have already filed appropriate documentation of his expenses in

connection with their fee request under 42 U.S.C. § 1988.  (Dkt. No. 631 at 290-

91.)  Consistent with his invoice submitted along with the Joint Motion for Sanctions, Morrison & Foerster actually paid him $856.99 for relevant expenses. (Dkt. No. 623-3 at 9.)  However, due to a clerical error, Dr. Halderman's expenses were actually $19.77 less than appeared on his invoice.  (Dkt. No. 631 at 291 (showing cost of computer was $779.23, not $799.00).)  Therefore, Morrison & Foerster reduces its claimed amount by $19.77.

**Simplicity of Comparison of GEMS Databases**

14.     Defendants' counsel claim that they "lacked the ability" to compare "the structure of databases with almost 50 tables."  (Opp. 19-20.)  They do not support or explain this allegation, and it is difficult to understand.  I have compared Georgia's current GEMS databases to publicly-available ones and found no difficulty with the comparison—and I have no specialized technical training.

15.     I understand that below is a screenshot that compares, on the left side, the table names of the 2018 Cobb County GEMS database that Defendants produced in response to the Court's Order compelling production, as viewed in Microsoft Access, with, on the right side, the table names visible in the screenshots Plaintiffs filed of the publicly-available 2002 Cobb County database (Dkt. No. 455 at 29-77).  The side-by-side comparison readily shows that the table names in both databases are identical:

6

The left side of this image is a complete list of table names from the 2018 Cobb County database, which the Court ordered Defendants to produce, as they appear in Microsoft Access.



The right side of this image is a complete list of table names from the 2002 Cobb County database that is publicly available online, as they appear in the screenshots Plaintiffs filed.

All 49 table names are identical.

16.     Although Defendants specifically relied on misrepresentations regarding table names, the comparison of the field names (the column headers at the top of the grid) was also not technically challenging.  All Defendants had to do to verify that the field names were substantially identical was to double click on each table's name in Microsoft Access.  This would open the tables, as shown in the screenshots Plaintiffs filed.  Then they could visually compare the field names to those in Plaintiffs screenshots.

17.     While Dr. Halderman has previously described more detailed comparison techniques in his declaration of July 15, 2019, (Dkt. No. 487-3, Halderman Decl. ¶ 14), such techniques were unnecessary to conclude that Georgia's GEMS databases did not contain any unique table names or field names when compared with publicly-available GEMS databases.  And Defendants do not claim that Merritt Beaver was unable to perform such a comparison with the publicly-available screenshots Plaintiffs filed with the Court.

**Identification of Additional Time Expended**

18.     Since the filing of my previous declaration, I oversaw and coordinated strategy regarding the Joint Motion for Sanctions with Dr. J. Alex Halderman and counsel for Curling Plaintiffs and Coalition Plaintiffs.  I also communicated with Defendants regarding the Joint Motion for Sanctions.

8

19.     I personally revised and oversaw the drafting and filing of the briefs, declarations, and supporting exhibits filed in connection with Plaintiffs' Joint Motion for Sanctions.

20.     I personally reviewed the detailed fee report that the Morrison & Foerster accounting department generated on November 12, 2019.  A true and correct copy of that report is attached to this declaration as **Appendix A**.

21.     The non-redacted entries accurately reflect the additional time the Morrison & Foerster team expended in connection with the GEMS Dispute or in connection with the Joint Motion for Sanctions.

## **Detailed Breakdown and Reasonableness of Additional Time**

22.     Jenna Conaway, senior paralegal, spent an additional **33.5 hours** on the GEMS Dispute or on the Joint Motion for Sanctions.  As described in my previous declaration, her hourly rate in 2019 was $375 per hour.

| | Additional Hours Spent in GEMS Database Discovery Dispute | | |
|---|---|---|---|
| | Category | Hours | Fees Requested at $375/hr |
| **J. Conaway** | Cite-check briefs | 16.00 | $6,000.00 |
| | Gather and review billing records and identify GEMS-related entries | 5.75 | $2,156.25 |
| | Assist with edits to declarations | 1.75 | $656.25 |
| | Redact billing records | 5.75 | $2,156.25 |
| | Finalize documents for filing and file | 4.25 | $1,593.75 |
| | **Subtotal for J. Conaway** | 33.50 | $12,562.50 |

23.     Jane Bentrott is an associate in the firm's litigation practice.  Her

hourly rate in 2019 was$ 695.  She recorded a total of **6.5 hours** in connection with

Plaintiffs' Joint Motion for Sanctions.

| | Hours Spent in GEMS Database Discovery Dispute | | |
|---|---|---|---|
| | **Category** | **Hours** | **Fees Requested at $695/hr** |
| **J. Bentrott** | Review sanctions briefing | 3.25 | $2,258.75 |
| | Correspond with MoFo team and opposing counsel | 0.50 | $347.50 |
| | Research relevant case law and summarize same | 2.75 | $1,911.25 |
| | **Subtotal for J. Bentrott** | 6.50 | $4,517.50 |

24.     Austin Uhler is an associate in the firm's litigation practice.  His hourly

rate in 2019 was $490 and he spent **91.5 hours** in connection with Plaintiffs' Joint

Motion for Sanctions.

| | Hours Spent in GEMS Database Discovery Dispute | | |
|---|---|---|---|
| | **Category** | **Hours** | **Fees Requested at $490/hr** |
| **A. Uhler** | Review Defendants' brief | 1.25 | $612.50 |
| | Correspond and coordinate with MoFo team, co-counsel, and/or expert | 9.75 | $4,777.50 |
| | Review filings and transcripts to gather facts | 10.50 | |
| | Draft and revise briefs | 45.25 | $22,172.50 |
| | Draft and revise declarations | 12.25 | $6,002.50 |
| | Research relevant case law | 13.75 | $6,737.50 |
| | **Subtotal for A. Uhler** | 91.50 | $39,690.00 |

25.     According to the contemporaneous time records and based on my professional experience, I believe the preceding tables represent a fair and accurate breakdown of each timekeeper's relevant time by task.

26.     The total amounts of time spent by each Morrison & Foerster timekeeper were reasonable and necessary to resolve the GEMS Dispute and recover our fees and costs needlessly incurred in that dispute.

27.     Thus, the total *additional* amount of reasonable fees incurred by Morrison & Foerster timekeepers in connection with the GEMS Dispute was **$56,750.23**.  In combination with the fees sought in my previous declaration, (Dkt. No. 623-1 ($120,338.75)), the total amount of reasonable fees and expenses incurred by Morrison & Foerster timekeepers in connection with the GEMS Dispute was **$177,088.98**.


I declare under penalty of the perjury laws of the State of Georgia and the United States that the foregoing is true and correct and that this declaration was executed this 12th day of November, 2019, in Washington, D.C.


*/s/ David D. Cross*
David D. Cross

# APPENDIX A

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 1

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| 9/8/2019 | 19898 | DAVID D. CROSS | 0.25 | 266.25 | Communicate with CP counsel re sanctions, and | 089828-0000001 | 57637846 |
| 10/31/2019 | | Invoice= | 0.25 | 266.25 | attention to strategy re same. | | |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 5

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| 9/27/2019 | 19929 | JENNA B. CONAWAY | 7.25 | 2,718.75 | Cite-check Plaintiffs' Joint Motion for | 089828-0000001 | 57535492 |
| 10/31/2019 | | Invoice= | 7.25 | 2,718.75 | Sanctions. | | |
| 9/27/2019 | 20403 | AUSTIN MICHAEL UHLER | | | | 089828-0000001 | 57478486 |
| 10/31/2019 | | Invoice= | | | | | |
| | | | 0.5 | | draft declaration of H. Knapp in support of | | |
| | | | | | motion for sanctions and fees on GEMS discovery | | |
| | | | | | dispute and correspond with A. Sparks regarding | | |
| | | | | | same (0.5). | | |
| 9/28/2019 | 19898 | DAVID D. CROSS | | | Work on sanctions motion and communicate with | 089828-0000001 | 57637859 |
| 10/31/2019 | | Invoice= | | | team and CP counsel re same; | | |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|---|---|---|---|---|---|---|---|
| | | | 0.5 | | | | |
| | | | | | ████████████ | | |
| | | | | | | | |
| | | | | | | | |
| 9/30/2019 | 20403 | AUSTIN MICHAEL UHLER | █ | | ██████████████ | 089828-0000001 | 57510345 |
| 10/31/2019 | | Invoice= | 3 | | ██████████████ | | |
| | | | | | ; correspond with D. Cross regarding | | |
| | | | | | sanctions motion (0.25); | | |
| | | | | | ███ revise motion for sanctions (2.75). | | |
| | | | | | | | |
| 9/30/2019 | 19929 | JENNA B. CONAWAY | █ | ██ | Review fee statements and highlight additional | 089828-0000001 | 57600624 |
| 10/31/2019 | | Invoice= | 2 | | entries to capture for sanctions regarding GEMS | | |
| | | | | | fees (2.0); ███████████ | | |
| | | | | | | | |
| 10/1/2019 | 20403 | AUSTIN MICHAEL UHLER | █ | ██ | Revise motion for sanctions (3); draft | 089828-0000001 | 57533385 |
| | | | 11.75 | | declarations in support of motion for sanctions | | |
| | | | | | (7.75); correspond with MoFo team, local | | |
| | | | | | counsel, Coalition counsel, and A. Halderman | | |
| | | | | | regarding declarations in support of motion for | | |
| | | | | | sanctions (1); ██████████ | | |
| | | | | | | | |
| 10/1/2019 | 19929 | JENNA B. CONAWAY | █ | ██ | Redact non-highlighted portions of the fee | 089828-0000001 | 57600661 |
| | | | 2.25 | | statements as directed by A. Uhler, coordinate | | |
| | | | | | regarding additional details for filing (2.25); | | |
| | | | | | ████████ | | |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 8

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| | | | | | | | |
| 10/2/2019 | 20403 | AUSTIN MICHAEL UHLER | 1 | ████ | Correspond with B. Brown, A. Sparks, and J. Conaway regarding declarations in support of motion for sanctions (1); | 089828-0000001 | 57594968 |
| | | | | | | | |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 9

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| | | | | | | | |
| 10/4/2019 | 20403 | AUSTIN MICHAEL UHLER | 1.25 | | Correspond with B. Brown regarding status of sanctions motion (0.25); ████ ; correspond with A. Halderman regarding motion for sanctions (0.25); correspond with A. Sparks regarding motion for sanctions (0.25); revise declaration of A. Halderman in support of motion for sanctions based on updated billing records (0.5); | 089828-0000001 | 57558611 |
| 10/5/2019 | 20403 | AUSTIN MICHAEL UHLER | 0.25 | | Correspond with D. Cross regarding evidence in support of sanctions motion (0.25); | 089828-0000001 | 57558609 |
| 10/7/2019 | 20403 | AUSTIN MICHAEL UHLER | 0.5 | | ; correspond with C. Chapple and J. Conaway regarding time records in support of motion for sanctions (0.5); | 089828-0000001 | 57572911 |
| 10/7/2019 | 19929 | JENNA B. CONAWAY | 1.5 | | Coordinate with A. Uhler and others regarding documentation needed for sanctions regarding GEMS discovery brief (0.5); draft list of critical dates, docket numbers and descriptions for C. Chapple to assist with her review of time spent on GEMS discovery (1.0); | 089828-0000001 | 57601202 |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 10

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| | | | | | | | |
| 10/8/2019 | 20403 | AUSTIN MICHAEL UHLER | ▓ 1 | ▓ | Correspond with J. Conaway and B. Brown regarding C. Chapple declaration in support of sanctions motions (0.5); revise sanctions motion (0.5); ▓ | 089828-0000001 | 57595006 |
| 10/10/2019 | 20403 | AUSTIN MICHAEL UHLER | ▓ 4.75 | ▓ | Revise motion for sanctions (0.75); revise declarations and exhibits in support of motion for sanctions (3.5); correspond with D. Cross and J. Conaway regarding motion for sanctions (0.5); ▓ | 089828-0000001 | 57634411 |
| 10/10/2019 | 19929 | JENNA B. CONAWAY | 3 | 1,125.00 | Coordinate with A. Uhler to prepare and stage materials for upcoming Motion for Sanctions filing (0.75); coordinate with billing department, accounts payable and select secretarial staff to review and provide additional supporting documentation for costs | 089828-0000001 | 57840830 |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| | | | | | (1.0); request updated billing and cost records | | |
| | | | | | (0.25); review time entries selected for Motion | | |
| | | | | | for Sanctions filing (0.75); discuss detailed | | |
| | | | | | time descriptions for C. Chapple with G. Meija | | |
| | | | | | (0.25). | | |
| | | | | | | | |
| 10/11/2019 | 19929 | JENNA B. CONAWAY | 7 | 2,625.00 | Assist A. Uhler with finalizing declaration | 089828-0000001 | 57840963 |
| | | | | | (0.75); review detailed time entries from C. | | |
| | | | | | Chapple and draft directions to G. Meija to | | |
| | | | | | revise entries in billing system (1.25); redact | | |
| | | | | | fees statement to reflect relevant time entries | | |
| | | | | | and finalize declaration and exhibits (4.5); | | |
| | | | | | file via ECF (0.5). | | |
| | | | | | | | |
| 10/11/2019 | 20403 | AUSTIN MICHAEL UHLER | ■ 2.25 | ■ | ■ | 089828-0000001 | 57646226 |
| | | | | | ■ | | |
| | | | | | ■ | | |
| | | | | | correspond with J. Conaway, | | |
| | | | | | C. Chapple, D. Cross, and G. Meija regarding | | |
| | | | | | time records in support of sanctions motion | | |
| | | | | | (0.5); revise declaration and embedded tables | | |
| | | | | | in support of sanctions motion (1.5); revise | | |
| | | | | | sanctions motion papers accordingly (0.25). | | |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE
Client: 089828 - CURLING, DONNA (P) 11/12/2019

Page 13

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| 10/25/2019 | 19972 | JANE P. BENTROTT | 0.5 | | Review opposition to sanctions motion (0.5), | 089828-0000001 | 57809981 |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE

Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|---|---|---|---|---|---|---|---|
| 10/28/2019 | 20403 | AUSTIN MICHAEL UHLER | 2.25 | 1,102.50 | Review defendants' response in opposition to motion for sanctions (1.25); draft reply in support of motion for sanctions (1). | 089828-0000001 | 57792034 |
| 10/29/2019 | 20403 | AUSTIN MICHAEL UHLER | 6.25 | 3,062.50 | Revise reply brief in support of sanctions motion (3); review filings and transcripts regarding details of GEMS dispute in support of same (2); research sanctions case law in Eleventh Circuit in support of same (1.25). | 089828-0000001 | 57792140 |
| 10/30/2019 | 20403 | AUSTIN MICHAEL UHLER | 4.5 | 2,205.00 | Revise reply brief in support of sanctions motion (3); review filings and transcripts regarding details of GEMS dispute in support of same (1.5). | 089828-0000001 | 57792143 |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE    Page 15
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| 10/31/2019 | 20403 | AUSTIN MICHAEL UHLER | 4 | | (2); revise reply brief in support of sanctions motion (2.75); review filings and transcripts regarding details of GEMS dispute in support of sanctions motion (1.25). | 089828-0000001 | 57792148 |
| 11/1/2019 | 20403 | AUSTIN MICHAEL UHLER | 7.25 | 3,552.50 | Revise reply brief in support of sanctions motion (3); review filings and transcripts regarding details of GEMS dispute in support of same (2); research sanctions case law in Eleventh Circuit in support of same (2.25). | 089828-0000001 | 57823544 |
| 11/2/2019 | 20403 | AUSTIN MICHAEL UHLER | 3.25 | 1,592.50 | Revise reply brief in support of sanctions motion (3.25). | 089828-0000001 | 57818773 |

Billed and Unbilled Recap Of Time Detail [089828-0000001 - GEORGIA VOTING SYSTEM CHALLENGE                    Page 16
Client: 089828 - CURLING, DONNA (P) 11/12/2019

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | | | | | | | |
| 11/4/2019 | 20403 | AUSTIN MICHAEL UHLER | 10.25 | 5,022.50 | Revise reply brief in support of sanctions motion (6.5); review filings and transcripts regarding details of GEMS dispute in support of same (1.25); research sanctions case law in Eleventh Circuit in support of same (2.5). | 089828-0000001 | 57819126 |
| ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | | | | | | | |
| 11/5/2019 | 20403 | AUSTIN MICHAEL UHLER | 4 | ████ | Revise reply brief in support of sanctions motion (3.75); correspond with D. Cross and A. Sparks regarding reply brief in support of sanctions motion (0.25); ████████████ . | 089828-0000001 | 57835429 |
| ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | | | | | | | |
| 11/6/2019 | 19972 | JANE P. BENTROTT | 0.5 | 347.5 | Correspond with team and opposing counsel regarding sanctions briefing. | 089828-0000001 | 57873076 |
| 11/6/2019 | 20403 | AUSTIN MICHAEL UHLER | 6.5 | 3,185.00 | Correspond with D. Cross and J. Conaway regarding reply in support of sanctions motion (0.75); gather and summarize record evidence in support of key fact issues outlined by D. Cross in support of same (2.5); research cases where sanctions were awarded against attorney instead of party (1.5); correspond with A. Halderman and J. Conaway regarding visual aid exhibit in support of sanctions reply (0.75); correspond with B. Brown regarding sanctions reply portions specific to Coalition plaintiffs (0.5); draft motion for excess pages for reply brief in support of sanctions motion (0.5). | 089828-0000001 | 57849086 |
| 11/6/2019 | 19929 | JENNA B. CONAWAY | 1 | 375 | Coordinate with team regarding timing and scope of work on Plaintiffs' Reply ISO Motion for Sanctions (0.25); revise draft Motion for Extension of Time and for Excess Pages, finalize, file via ECF, and circulate service copies to Ms. Cole and Mr. Martin (0.75). | 089828-0000001 | 57895690 |
| 11/7/2019 | 20403 | AUSTIN MICHAEL UHLER | 3.25 | 1,592.50 | Research cases in Eleventh Circuit where sanctions were awarded against attorneys (2); correspond with D. Cross regarding research for sanctions motion (0.5); draft supplemental D. Cross declaration in support of sanctions motion (0.75). | 089828-0000001 | 57864122 |
| 11/8/2019 | 20403 | AUSTIN MICHAEL UHLER | 1.25 | 612.5 | Correspond with A. Halderman regarding comparison of GEMS databases in support of motion for sanctions (0.5); review D. Cross' edits and comments on draft sanctions reply | 089828-0000001 | 57894850 |

| Date | Initials | Name / Invoice Number | Hours | Amount | Description | Matter Number | Index |
|------|----------|----------------------|-------|--------|-------------|---------------|-------|
| | | | | | brief (0.75). | | |
| 11/9/2019 | 20403 | AUSTIN MICHAEL UHLER | 4 | 1,960.00 | Correspond with D. Cross regarding sanctions reply brief (0.25); correspond with J. Conaway regarding documentation for expert expenses sought to be recovered in sanctions motion (0.25); research additional caselaw for sanctions reply brief (1); revise sanctions reply brief (2.5). | 089828-0000001 | 57894851 |
| 11/9/2019 | 19929 | JENNA B. CONAWAY | 0.25 | 93.75 | Review invoice discrepancy for Halderman computer and confer with A. Uhler (0.25). | 089828-0000001 | 57895691 |
| 11/10/2019 | 20403 | AUSTIN MICHAEL UHLER | 5 | 2,450.00 | Correspond with D. Cross, M. Kaiser, and B. Brown regarding edits to sanctions reply brief (0.75); research additional caselaw for sanctions reply brief (1.75); revise sanctions reply brief (2.5). | 089828-0000001 | 57894913 |
| 11/11/2019 | 20403 | AUSTIN MICHAEL UHLER | 10.25 | 5,022.50 | Correspond with D. Cross, M. Kaiser, J. Bentrott, and J. Conaway regarding additional research and logistics for filing reply in support of sanctions reply (0.75); research additional caselaw for sanctions reply (1.5); revise sanctions reply (5.5); draft supplemental D. Cross declaration in support of sanctions reply (2.5). | 089828-0000001 | 57894914 |
| 11/11/2019 | 19972 | JANE P. BENTROTT | 5.5 | 3,822.50 | Review reply brief in support of sanction motion; conduct and summarize factual and legal research in support of sanctions motion. | 089828-0000001 | 57895655 |
| 11/11/2019 | 19929 | JENNA B. CONAWAY | 9.25 | 3,468.75 | Coordinate with A. Uhler, review draft reply brief, prepare additional record citations, and begin cite-check of Plaintiff's Reply ISO Motion for Sanctions regarding GEMS databases (8.75); coordinated with billing specialists to prepare updated fees report for use as an exhibit to the Reply ISO Motion for Sanctions (0.5). | 089828-0000001 | 57895741 |