# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**SUPPLEMENTAL DECLARATION OF BRUCE P. BROWN IN SUPPORT
OF PLAINTIFFS' JOINT MOTION FOR SANCTIONS**

BRUCE P. BROWN declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. This declaration supplements my previous declaration of October 5, 2019 (Doc. 623-4), and supports the contemporaneously filed Reply in Support of Joint Motion for Sanctions. In addition to the fees and expenses described in my previous declaration, Coalition Plaintiffs also seek the fees detailed herein incurred in connection with the GEMS discovery dispute and the litigation of the Joint Motion for Sanctions.

1

tk-752606

**Reasonableness of Challenged Time Entries**

2. Defendants, in their Opposition to Plaintiffs' Joint Motion for Sanctions, challenge a number of time entries made by Coalition timekeepers.

3. Defendants' arguments suggest that they did not read my previous declaration. For example, they state: "Mr. Brown appears to have included the entirety of his work on this case from June 5 to July 15." (Doc. 647 at 34).

4. My previous declaration states that 73.5 hours are "the hours that I spent on the GEMS discovery dispute from June 5, 2019 through August 7, 2019." (Doc. 623-4 at 2, Brown Decl. ¶¶ 5-6.)

5. Additionally, Exhibit A to my previous declaration is a spreadsheet showing one column for the total hours on the case and another column for just the hours on the "GEMS discovery dispute," the latter totaling exactly 73.5 hours. (Doc. 623-4 at 12.)

6. What is more, in my previous declaration, I did not even show the entirety of my work on this case during that time period because, as I explained, I excluded from the spreadsheet "the many days during this time period that I either recorded time but did not work on the GEMS discovery dispute or the work on the GEMS discovery dispute was too intertwined with the other work to estimate a separate cost." (Doc. 623-4 at 2).

7. If I had shown the entirety of my work on this case during that time period, the total amount would be much larger than 73.5 hours, and larger even than the sum of the total hours entries appearing on the spreadsheet. Indeed, records submitted in support of Coalition Plaintiffs' Section 1988 fee petition include 372 hours of my time from June 5 through August 7, 2019. (Doc. 632 at 124-129).

8. Defendants also state that I included time "drafting the preliminary injunction motion" on June 17. To the contrary, although I did spend over 9 hours day on the case that day, I billed only 7 hours and, of those 7 hours, I allocated only *thirty minutes* to work on the GEMS discovery dispute. (Doc. 623-4 at 12).

9. Defendants next criticize two of Mr. David Brody's entries, on the basis that they included work on the protective order. (Doc. 647 at 35.) However, Defendants' discovery misconduct clearly spilled over into the protective order: Mr. Brody had to spend time implementing restrictions that *Defendants* insisted on in relation to the GEMS Databases.

**Reasonableness of Challenged Rates**

10. Defendants challenge the reasonableness of the hourly rates for every timekeeper who worked on behalf of Plaintiffs. The reasonableness of Plaintiffs'

3

counsel's hourly rates is already amply supported by record evidence, but two points bear further mention.

11. First, Defendants claim that $200 per hour sought for work of Mr. Bernhard, Mr. Wilson, and Ms. Marks is an unreasonable rate for specialized database review at the University of Michigan. (Doc. 647 at 28-29.) Yet it compares favorably to the market rates for senior paralegals ($375 in Washington, D.C., *see* Doc. 623-1 at 9, and $195 in Atlanta, *see* Doc. 632 at 138 ¶ 5).

12. Second, Defendants argue that there is no support for a variation from the Atlanta market rate for timekeepers from Morrison & Foerster LLP. (Doc. 647 at 26.) However, based on my 35 years of experience in the Atlanta legal market, I am of the opinion that, based on the efforts described in Ms. Curling's declaration, (Doc. 631 at 442-47), no Atlanta-based attorneys were willing and able to handle the Curling Plaintiffs' case, given its anticipated size, complexity, and cost.

13. Morrison & Foerster's involvement in this case has proven essential for both groups of Plaintiffs. Specifically, Morrison & Foerster's resources allowed Curling Plaintiffs to retain Dr. Halderman and pay hundreds of thousands of dollars of his fees and expenses.

14. Dr. Halderman has provided critical assistance to Plaintiffs and the Court throughout this case and particularly so with respect to the GEMS discovery

dispute and the creation of a secure environment specifically tailored to this case's demands at the University of Michigan. Coalition Plaintiffs' experts (Mr. Bernhard and Mr. Wilson) worked on the GEMS databases at the University of Michigan facility with Dr. Halderman. Dr. Halderman was unwilling to work pro bono or at a discounted rate. The Curling Plaintiffs' engagement of Morrison & Foerster, therefore, has turned out to be economical and effective for all concerned.

15. Since the filing of my previous declaration, I provided comments and proposed revisions to the contemporaneously filed Reply in support of Plaintiffs' Joint Motion for Sanctions.

16. What follows is a table of hours that I spend on the Joint Motion for Sanctions:

| Date | Description | Hours |
| --- | --- | --- |
| 9/7/19 | Initial review of D. Cross draft motion | 1 |
| 9/8/19 | Further review and editing of motion; transmit edits to D. Cross. | 1.8 |
| 9/29/19 | Further revisions to draft of motion. | .6 |
| 10/2/19 | Substantial work on draft; review email traffic with Defendants' counsel about uniqueness of GEMS database; review transcripts of | 2.5 |

|  | hearings; draft and revise summary of work for declaration. |  |
|---|---|---|
| 10/5/19 | Additional work on declaration. | .3 |
| 11/8/19 | Review State's Response | .4 |
| 11/9/19 | Review and editing of draft reply | 2.8 |
| 11/12/19 | Additional work on reply; edit declarations | 2.7 |
| Total |  | 12.1 |

My best estimate is that I spent a total of 12.1 hours on the litigation of the Joint Motion for Sanctions.

**Detailed Breakdown and Reasonableness of Additional Time**

17.   As described in my previous declaration, a reasonable rate for my time is $625 per hour.

18.   At an hourly rate of $625, the cost of my work described herein is approximately $7,562.50.  In combination with the fees sought in my previous declaration, (Doc. 623-4) (for my time and for the time of the other lawyers and experts), the Coalition Plaintiffs are therefore entitled to recover $142,150.25.

6

tk-752606

I declare under penalty of the perjury laws of the State of Georgia and the United States that the foregoing is true and correct and that this declaration was executed this 12th day of November, 2019, in Atlanta, Georgia.

BRUCE P. BROWN