# EXHIBIT C

**Bryan Tyson**

| | |
|---|---|
| **From:** | Cross, David D. <DCross@mofo.com> |
| **Sent:** | Friday, December 20, 2019 2:57 PM |
| **To:** | Cary Ichter; Carey Miller; Bryan Tyson; Josh Belinfante; Vincent Russo; cheryl.ringer@fultoncountyga.gov; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com); Robert McGuire; John Powers; Kaiser, Mary; Bryan Jacoutot; Cate Berenato; Alexander Denton; Marilyn Marks; Conaway, Jenna B. |
| **Subject:** | RE: Cary, Rob, --please review re: records selection/preservation |

Carey and Bryan -

Our statistical experts have reviewed the materials you've provided to date and it's insufficient for them to identify a statistical sample from among the equipment at issue.

For the sampling design, they at least need:

1. A comprehensive list of the DRE machines, GEMS servers, and other election equipment that are in the universe at issue.
2. For each piece of equipment at issue, the precinct and election during which it was last used.

Once we receive this information, we can begin to identify an appropriate sample.

Thanks.
DC

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Date:** Wednesday, Dec 18, 2019, 6:40 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Vincent Russo <vrusso@robbinsfirm.com>, cheryl.ringer@fultoncountyga.gov <cheryl.ringer@fultoncountyga.gov>, Cross, David D. <DCross@mofo.com>, Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>, Robert McGuire <ram@lawram.com>, John Powers <jpowers@lawyerscommittee.org>, Kaiser, Mary <MKaiser@mofo.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Cate Berenato <Cate.Berenato@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** FW: Cary, Rob, --please review re: records selection/preservation

**- External Email -**

Carey:

In preparing our list of DREs and related electronic records required for sampling, our clients need a better understanding of the existing condition and inventory of the equipment and records. We expect to make several inquiries before we can nail down exactly what records should continue to be preserved and then selectively sampled.

Please see Robert McGuire's email below and related attachments. Can you confirm that all records described on the attached June 27, 2018 list have been segregated and preserved as requested? If so,

please provide an inventory of the records listed so that our clients may make a selection from those inventories.

We are preparing an updated list based on information from the 2018 elections and will send it along shortly.

Additionally, we assume, because of the minimal storage space required, the State will have no objection to preserving all memory cards preserved or used for DREs and Optical Scanners since the inception of this litigation. Please let us know if that is not the case.

Cary Ichter, Partner
Ichter Davis, LLC
Ste 1530
3340 Peachtree Road, NE
Atlanta, GA 30326-1084
(404) 869-7600
(404) 869-5243/DID
(404) 869-7610/Fax
(404) 769-1353/Cell
cichter@ichterdavis.com
www.ichterdavis.com

---

**From:** Rob McGuire <ram@lawram.com>
**Date:** Wednesday, June 27, 2018 at 6:16 PM
**To:** Daniel Walter White <dwhite@hlclaw.com>
**Cc:** Bruce Brown <bbrown@brucebrownlaw.com>, Cary Ichter <CIchter@IchterDavis.com>, "william@nhphlaw.com" <william@nhphlaw.com>, John Salter <john@barneslawgroup.com>, Roy Barnes <Roy@barneslawgroup.com>, "Adam M. Sparks" <sparks@khlawfirm.com>, "Chapple, Catherine L." <CChapple@mofo.com>, Conaway <JConaway@mofo.com>, "David D. Cross" <DCross@mofo.com>, "Halsey G. Knapp, Jr." <hknapp@khlawfirm.com>, "Jane P. Bentrott" <JBentrott@mofo.com>, John Carlin <JCarlin@mofo.com>, Miriyala <AMiriyala@mofo.com>, Robert Manoso <RManoso@mofo.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** FW: Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Daniel,

Just as a reminder, we (the Coalition Plaintiffs) still have not received the initial information we requested from Cobb and DeKalb Counties in order to select DRE electronic records for continued preservation.

Also, as we understand it, Logic and Accuracy testing for the July runoff was scheduled to begin on the machines June 11. (Fulton County gave a public notice of this testing on June 5, 2018 – we presume the same testing is underway in Cobb and DeKalb Counties.)

Assuming that DRE machines to be used for July are in fact already being tested and deployed to the polling places for early voting starting Monday in Cobb County and in DeKalb County, we assume that the commencement of testing before the release of DREs from sequestration means that sufficient machines have been acquired for the testing and July election that are not still being sequestered under Court Order and/or our litigation hold requests. This must mean that the Counties no longer require the release of any DRE electronic records prior to the July 24

2

primary. If this is not correct, please let me know, but otherwise it stands to reason that perhaps we can avoid expending the resources needed to make selections of DREs to release at this time, and we can instead perhaps await further proceedings related to discovery. Do you agree?  Please clarify Cobb and DeKalb Counties' respective positions on this matter, so that we can all conserve resources, if possible.

Lastly, Coalition Plaintiffs have been able to update the DRE-selection criteria we expect to use in discovery, which I sent to you, among others, for Cobb and DeKalb Counties in my email copied below.  Attached is an updated list of those criteria, along with a redline showing changes since June 21.

Thanks very much.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                                    *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER  |  THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523  |  113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com   | T/F: 720.420.1395  | T/F: 253.267.8530  | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Thursday, June 21, 2018 11:43 AM
**To:** Daniel Walter White <dwhite@hlclaw.com>; Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>
**Cc:** John Salter <john@barneslawgroup.com>; Roy Barnes <Roy@barneslawgroup.com>; Adam Sparks <sparks@khlawfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Conaway <jconaway@mofo.com>; David D. Cross <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Jane P. Bentrott <JBentrott@mofo.com>; John Carlin <jcarlin@mofo.com>; Miriyala <amiriyala@mofo.com>; Robert Manoso <rmanoso@mofo.com>; Bruce Brown <bbrown@brucebrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Marilyn Marks (marilyn@aspenoffice.com) <marilyn@aspenoffice.com>
**Subject:** Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Counsel for Defendant Fulton County and for nonparties Cobb County and DeKalb County,

On behalf of the Coalition Plaintiffs I am writing to give you notice—which you already have from my previous correspondence—that we have not yet received the information that we require in order to consent to the release of electronic records stored on DREs and their memory cards from your preservation obligations. In order to be able to go through the exercise of identifying which DREs are of less interest to us (and which we can thus consent for you to remove from litigation hold), we have to receive the information we have previously requested. Please inform us as to when you plan to supply the vote tally information and complete the recap sheet information, giving us reasonable time to respond in order for you to prepare machines for the upcoming July 24 election.

3

Also, because discovery has not begun and we cannot research the records ourselves to locate the specific electronic records we seek to review, I am writing to provide the counties with 15 specific criteria we plan to use to make discovery requests.  This way the counties <u>themselves</u> can do the identifying and can ensure that the DREs matching our criteria continue to be preserved.  <u>All</u> of the DREs that fall into <u>any</u> of the 15 categories listed in the attachment to his email will contain electronic records that we intend to request in discovery, as soon as the current stay is lifted by the Court.  Accordingly, <u>none</u> of the DREs in <u>any</u> of these 15 these categories can be released from the litigation hold.  As more information becomes available we will expand this list to include other criteria before the release date to be agreed on.

With this list, all three counties now have advance notice that they need before the original deadline of tomorrow to identify, sequester, and continue to preserve all the electronic records on all of the DREs in these 15 categories—and none of the DREs in any of these 15 categories can be released from the litigation hold.  To restate the point in other words, you have a duty not to destroy evidence on the DREs in these 15 categories because you are on clear notice that we intend to seek electronic records from the DREs that meet these 15 criteria as soon as discovery opens.  You will be at risk of engaging in spoliation and contempt of court if you destroy evidence on any of the DRE machines that are included in any of the 15 categories we have identified in the attached list.

We also wish to conduct discovery on DREs that we will select based on their recorded vote counts by contest. You have not provided us this information as we have requested, and we are still expecting it to be delivered prior to our consenting to the release of any DREs or other electronic records from the current litigation hold. -By providing you the attached list of categories, we are not waiving our objection to releasing any DRE electronic records from the litigation hold prior to receiving the information we have requested on this list and the in our previous request for vote tallies and machine use by serial number.  When you do provide the information we previously requested concerning vote counts and concerning your inventory of machines, then we will be able to submit a more detailed list of DREs for you to preserve, and we may be able to identify machines that can be released from litigation hold with our consent at that time.

Note that the attached list only covers electronic records on the DREs that are in these 15 categories <u>and their memory cards.</u> All memory cards from all other DREs used in any of the Relevant Elections (even DREs that are not in the 15 categories) must continue to be preserved under both the Court's Order (Doc 122) and Plaintiffs' prior litigation hold letters. This preservation requirement exists pursuant to the 22-month federal statutory federal requirements and pursuant to Diebold's Security Policies as published in GEMS 1.18 Election Administrator's Guide. By providing categories of DREs that are of interest of the attached list, we do not suggest that the memory cards from all other DREs do not need to be preserved—they must be.

Please see Exhibit 1 attached to this email.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                     *** NOTE NEW CONTACT DETAILS BELOW ***

SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.


================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.