**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CA No. 1:17-cv-02989-AT |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD RAFFENSPERGER, | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY JANINE EVELER'S BRIEF IN SUPPORT OF HER MOTION TO QUASH OR, IN THE ALTERNATIVE, TO MODIFY THE SUBPOENA**

COMES NOW Non-Party Janine Eveler ("Director Eveler"), Election Supervisor for the Cobb County Board of Elections & Registration ("Cobb BOE"), and pursuant to Fed. R. Civ. P. 45(d)(3)(A), respectfully submits this Brief in Support of her Motion to Quash, or in the Alternative, to Modify the Subpoena issued by the Coalition Plaintiffs:

### I. INTRODUCTION

Director Eveler's Motion asks this Court to quash the subpoena issued by the Coalition Plaintiffs. As a preliminary matter, the subpoena should be quashed because the Plaintiffs have not personally served Director Eveler. However, even if Plaintiffs were to cure the service deficiency by personally serving Director Eveler,

the subpoena should still be quashed because it is unreasonable in scope and in the time it provides for compliance. Director Eveler and her staff are extremely busy preparing for the March 2020 Presidential Primary, and they should not be required to divert precious resources from this important public work to respond to an overly-broad subpoena related to Plaintiffs' lawsuit.

If this Court does not quash the subpoena in its entirety, Director Eveler asks, in the alternative, that the subpoena be substantially modified to limit the scope of the requests and to provide additional time for compliance. Lastly, if the subpoena is not quashed or substantially limited, the Director seeks reimbursement of the significant costs that will be expended in locating, reviewing, and redacting the responsive documents.

## II. FACTUAL BACKGROUND TO THE MOTION

On December 23, 2019, the Coalition Plaintiffs filed a notice of intent to serve a subpoena on Director Janine Eveler, the Election Supervisor for the Cobb County Board of Elections & Registration ("Cobb BOE"), who is not a party to this litigation. (Doc. 685). After becoming aware of the Notice, the undersigned counsel for Director Eveler contacted Plaintiff's counsel to advise him that Director Eveler was on vacation during the holidays and, therefore, would not be available to accept service of the subpoena until the following week. Director Eveler's counsel also

advised Plaintiff's counsel that his filing had apparently omitted an exhibit referenced in the subpoena that listed the documents being sought, and, therefore, Director Eveler could not determine from the Notice what documents Plaintiffs were attempting to obtain. (A copy of the e-mail correspondence advising Plaintiff's counsel that Director Eveler would not be at her office on December 23, 2019 is attached hereto as Exhibit A).

Plaintiff's counsel subsequently filed a second Notice of Intent to Serve a Subpoena containing the inadvertently-omitted Exhibit A, which listed the requested documents. (Doc. 686). Although Plaintiffs' counsel had been advised in advance that Director Eveler would not be at Cobb BOE to accept service on December 23, 2019 (Exh. A), a process server nevertheless arrived at Cobb BOE later that same day (December 23, 2019) and asked the front desk receptionist if he could speak to Director Eveler. *See* Declaration of Kilikina Dickey at ¶ 3 (hereinafter Dickey Decl."), a copy of which is attached to this Brief as Exhibit B. When the process server was told that Director Eveler was not in the office and would not return until the following week, he handed the receptionist an envelope with Director Eveler's name on it and asked if she would give it to her. *Id.* The receptionist put the envelope in Director Eveler's mailbox. *Id.* The receptionist had no idea that the envelope contained a subpoena or any type of legal document. *Id.* The receptionist is not

authorized to accept service of process on behalf of Director Eveler. *Id.* at ¶ 6. *See also* Declaration of Janine Eveler at ¶ 4 (hereinafter "Eveler Decl."), a copy of which is attached as Exhibit C to this Brief.

On December 26, 2019, Director Eveler, who was still on vacation, was advised by a member of her staff that a subpoena had been placed in her mailbox on December 23, 2019. Eveler Decl. at ¶ 3. The subpoena contains 23 individual document requests and seeks a large volume of information on a wide variety of subjects. (Doc. 686, Exh. A). The subpoena also requests that the documents be produced at Plaintiff's counsel's office at 10:00 a.m. on January 10, 2020, Doc. 686, (Exh. A), which is 10 business days from the December 23, 2020 drop-off of the subpoena with the receptionist.[1] Because Director Eveler was on vacation over the holidays and will be out of the country from January 6, 2020 through January 9, 2020, she would have only four business days to locate and review responsive documents prior to 10 a.m. on January 10, 2020. Eveler Decl. at ¶ 10.

On January 3, 2020, Director Eveler served objections to the subpoena on Plaintiffs' counsel. (A copy of the objections is attached hereto as Exhibit D.)[2]

---

[1] Cobb County offices were closed on December 24-25 and January 1.

[2] Rule 45(d)(2)(B) requires that the objections be served within the earlier of the time specified for compliance or 14 days after service. Here, there has been no service given that the attempted service was defective; however, in an abundance of

### III. ARGUMENT AND CITATION TO AUTHORITIES

#### A. The Subpoena Should Be Quashed Because It Has Been Properly Served.

Federal Rule 45(b)(1) requires that a subpoena be personally served on the person named in the subpoena. Plaintiffs' process server did not personally serve Director Eveler, but instead left the subpoena with a receptionist who was not authorized to accept service of process on Director Eveler. *See* Eveler Decl. at ¶ 4; Dickey Decl. at ¶ 3-4. This is clearly defective service. *See KLP Industries v. Pelaez*, 2006 WL 8434699 at *4 (S.D. Fla. 2006) (subpoena for documents was defective when "left with a clerical employee . . . who was not authorized to accept service"). Director Eveler has no legal duty to respond to the subpoena unless and until she is properly served with process.

#### B. Even if Plaintiffs Were to Cure the Service Deficiency by Personally Serving Director Eveler, the Subpoena Should Still Be Quashed Because It is Burdensome and Unreasonable in Scope and in Time for Compliance.

Even if Plaintiffs were to cure the service deficiency, the subpoena should nonetheless still be quashed because it burdensome and unreasonable. Federal Rule 45(d)(1) places an affirmative duty on a litigant issuing and serving a subpoena to

---

caution, the Director served her objections and filed this Motion within 14 days of the attempted service on December 23, 2019.

5

"take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Rules further provide that "when a court orders compliance with a subpoena over an objection, 'the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'" *Legal Voice v. Stormans*, 738 F.3d 1178, 1184 (9th Cir. 2013), quoting Fed. R. Civ. P. 45(d)(2)(B)(ii). Plaintiffs here have attempted to serve, the day before Christmas Eve, a subpoena, which requires Director Eveler to locate, collect, and review a voluminous amount of material, and they have requested that this task be completed within 10 business days. Moreover, this is occurring during an election season when the County is only two months away from the start of early voting for the March 2020 Presidential Primary. Clearly, Plaintiffs have failed to take, or attempt, the required "reasonable steps" to avoid imposing undue burden on a nonparty.

"To determine whether a subpoena imposes an undue burden, courts consider the relevance of the discovery sought, the requesting party's need for the documents, and the potential hardship to the nonparty subject to the subpoena." *BMO Harris Bank v. Richert Funding*, 2016 WL 11531451 at *6 (N.D. Ga. 2016). Under this standard, the subpoena should be quashed. As a nonparty, the Director has limited knowledge about the procedural posture of Plaintiffs' litigation, but it is her

understanding that discovery has been stayed until the Court's ruling on pending dispositive motions.  If that is correct, then Plaintiffs do not have an immediate need for any discovery materials.

On the other hand, the subpoena imposes significant hardship to Director Eveler and Cobb BOE because it would divert scarce governmental resources that are needed to prepare for the upcoming elections.  The attached Declaration of Janine Eveler details the significant amount of work and preparation that must be undertaken to properly manage the March 2020 Presidential Primary election.  In the month of January, her staff will be busy finalizing training curriculum on the new equipment because Cobb BOE's training of poll workers begins on February 3, 2020.  On February 4, 2020, they will begin mailing out absentee ballots.  To make these deadlines, Director Eveler and her staff must coordinate with the Center for Election Systems and Dominion Voting Systems to build the election database that contains all precincts, polling places, district combinations, races, and candidates for each party's ballot and defines the number of voting units to be provided at each location. In addition, they are in constant contact with their print vendor once the database is proofed, so that ballots can be ordered and delivered on time.  The ballots must be carefully reviewed and proofread, and then Cobb BOE staff must confirm that the ballots scan properly before sending them out.  Eveler Decl. at ¶ 14.

And preparation of the absentee ballots is only *one* of *many* other duties and responsibilities that Director Eveler must juggle. The Director is also responsible for overseeing the hiring of poll workers, completing the poll worker training classes and coordinating final arrangements for additional early voting sites. Eveler Decl. at ¶ 15-16.

It would be contrary to the public interest to pull Director Eveler and her staff away from these important duties to undertake a time-intensive search for documents in connection with Plaintiffs' litigation. In addition, while the prefatory note to the subpoena indicates that Plaintiffs are seeking documents related to Cobb BOE's November 2019 pilot election (Doc. 686, Exh. A), many of the Requests have nothing to do with the pilot election and/or could be obtained from other sources, such as the State Defendants. *See* Doc. 686, Requests Nos. 16-17, 22 (seeking communications with the Secretary of State's Office)

### C. If the Subpoena Is Not Quashed In Its Entirety, It Should Be Modified.

If this Court declines to quash the subpoena in its entirety, Director Eveler respectfully requests that the subpoena be modified in its scope and in the time for compliance. Turning first to the time for compliance, requiring compliance within 10 business days is simply not possible given the size of the request and the fact that Director Eveler will be out of the country until January 10th. This Court has stated

that determining the amount of time that is "reasonable" to comply with a subpoena must be made on "a case-by-case basis" based on the particular circumstances. *BMO Harris Bank*, 2016 WL 11531451 at *5, n.5. In *BMO Harris Bank,* this Court surveyed case law from other jurisdictions and noted that "[u]nsurprisingly, courts have found that a deadline of nine days can be unreasonable." *Id.* In listing a number of cases where nine days for compliance was held to be unreasonable, this Court cited to *Thomas v. IEM*, 2008 WL 695230 at *3 (M.D. La. 2008), which held that a subpoena requiring compliance within nine *business* days was held to be "clearly inadequate." *Id.* Those cases are thus very factually similar to the 10-day deadline in Plaintiffs' subpoena.

If the Court does not squash the subpoena, Director Eveler requests that she be given until January 31, 2020 to produce responsive e-mails from her e-mail account and that she be given until February 28, 2020 to complete the remaining production. Eveler Decl. at ¶ 12. This is not an unreasonable amount of time because Director Eveler's preliminary e-mail search revealed 314 potentially responsive e-mails. Eveler Decl. at ¶ 7. Each of these would need to be reviewed and potentially redacted to protect confidential information, which would be a time-consuming task. Given her many other work responsibilities, Director Eveler can

devote no more than 5-10 hours a week to work on gathering documents in response to the subpoena. Eveler Decl. at ¶ 12.

Director Eveler also requests that the scope of the Requests be narrowed to simply focus on the November 2019 pilot election, given that this appears to be the primary reason that Plaintiffs are seeking documents from Cobb County. However, even with respect to that more narrowly tailored subject matter, certain documents sought by Plaintiffs in this subpoena cannot be produced because they seek disclosure of sensitive election information that is required by law to be kept confidential pursuant to O.C.G.A. §§ 21-2-379.24(g) and/or 21-2-500(a). *See* Exhibit D, Objection No. 5.

Director Eveler refers the Court to the "Objections of Non-Party Janine Eveler, Elections Supervisor for the Cobb County Board of Elections & Registration to the Subpoena to Produce Documents," which contain specific objections to specific requests (*see* Exhibit D), and those objections are incorporated by reference herein. If the subpoena is not quashed, the Director respectfully requests that she not be required to respond to those requests that are identified as objectionable in Exhibit D.

### D. If the Subpoena Is Not Quashed or Substantially Limited, Plaintiffs Are Required to Reimburse Cobb BOE for its Expenses.

It is well established that non-parties have an absolute entitlement to reimbursement of costs associated with compliance with a subpoena when those costs are significant. *See Monitronics International v. Hall, Booth, Smith, P.C.*, 2016 WL 7030324 at *13 (N.D. Ga. 2016) ("Rule 45 (d)(2)(B)(ii) of the Federal Rules of Civil Procedure . . . 'requires the district court to shift a *non-party's* costs of compliance with a subpoena, if those costs are significant.'")(internal citations omitted)(emphasis in original). *See also Hernandez v. Hendrix Produce*, 2014 WL 953503 at *2, n.5 (S.D. Ga. 2014) ("Plaintiffs are reminded that this Court *must* shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original); *Legal Voice*, 738 F.3d at 1184 (noting that 1991 amendment to Rule 45 "made cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena").

Director Eveler estimates that it will take 80 hours of her time to gather, review, and redact if necessary, the documents that are responsive to Plaintiffs' requests. Given that the majority of the responsive e-mails will be in Director Eveler's e-mail account, she is the only person who can do the majority of the work. The production would thus cost Cobb County approximately $4,686 based on Director Eveler's hourly wage of $58.50. If certain portions of work can be

delegated to other staff members, the costs would be based on that person's hourly wage. However, this is only an estimate, and the costs could potentially be higher. It is not possible to know the exact amount of time needed until the production is completed. Eveler Decl. at ¶ 11.

A cost of nearly $4700 is significant to a local government entity. Therefore, as a non-party, Cobb BOE is entitled to be reimbursed by Plaintiffs for the costs incurred in responding to their subpoena.[3]

### IV. CONCLUSION

For the foregoing reasons, Director Eveler respectfully requests that the subpoena issued by the Coalition Plaintiffs be quashed. In the alternative, Director Eveler requests that it be substantially modified to limit the scope of the requests and provide additional time for compliance. If it is neither quashed nor substantially limited, Director Eveler requests that Plaintiffs be ordered to reimburse Cobb BOE for the costs incurred in responding to their subpoena.

### CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14-point font.

(*Signature on following page*)

---

[3] If the number of requests were significantly reduced or narrowed, that would, of course, reduce the number of hours needed to comply with the subpoena. If that were to occur, Director Eveler could provide Plaintiffs with a revised estimate.

Respectfully submitted this 6th day of January, 2020.

                COBB COUNTY ATTORNEY'S OFFICE

                By: */s/Elizabeth Ahern Monyak*
                   ELIZABETH AHERN MONYAK
                   Sr. Associate County Attorney
                   State Bar No. 005745
                   LAUREN S. BRUCE
                   Assistant County Attorney
                   State Bar No. 796642
                   H. WILLIAM ROWLING, JR.
                   County Attorney
                   State Bar No. 617225

100 Cherokee Street, Suite 350
Marietta, GA  30090
770-528-4000 (phone)

                Attorneys for Non-Party Janine Eveler

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CA No. 1:17-cv-02989-AT |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD RAFFENSPERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

It is hereby certified that I have this day electronically filed with the Clerk and served a true and correct copy of the foregoing **Non-Party Janine Eveler's Brief in Support of her Motion to Quash, or In the Alternative, Modify the Subpoena** by using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

This 6th day of January, 2020.

*/s/Elizabeth Ahern Monyak*
Elizabeth Ahern Monyak
ELIZABETH AHERN MONYAK
Sr. Associate County Attorney
State Bar No. 005745