IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

DECLARATION OF DAVID D. CROSS IN SUPPORT OF
CURLING PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
REQUEST FOR STATUS CONFERENCE AND
NOTICE OF DECERTIFICATION OF GEMS/DRE SYSTEM AND
<u>CURLING PLAINTIFFS' REQUEST FOR HEARING</u>

I, David D. Cross declare as follows:

1.     I am a member of the bars of the State of New York and the District

of Columbia. I am a partner with the law firm of Morrison & Foerster LLP and

lead counsel in this case representing Plaintiffs Donna Curling, Donna Price, and

Jeffrey Schoenberg (the "Curling Plaintiffs") in the above-captioned matter. I have

been admitted *pro hac vice* in these proceedings. I have personal knowledge of the

facts in this declaration and, if called to testify as a witness, I would testify under

oath to these facts.

2.     The documents attached as exhibits to this Declaration are true and

correct copies of the documents cited in the contemporaneously filed Curling

ny-1840842

Plaintiffs' Response to State Defendants' Request for Status Conference and Notice of Decertification of GEMS/DRE System and Curling Plaintiffs' Request for Hearing.

1.      Attached as **Exhibit 1** to this Declaration is a true and correct copy of an email exchange between counsel for Plaintiffs and counsel for Defendants, dated January 3, 2020.

2.      Attached as **Exhibit 2** to this Declaration is a true and correct copy of a partial email exchange between election officials in Georgia, dated December 30, 2019.

I declare under penalty of the perjury laws of the State of Georgia and the United States that the foregoing is true and correct and that this declaration was executed this 7th day of January, 2020, in Washington, D.C..


                                        */s/ David D. Cross*___
                                        David D. Cross

# EXHIBIT 1

| | |
|---|---|
| **From:** | Cross, David D. |
| **Sent:** | Friday, January 03, 2020 1:49 PM |
| **To:** | Bryan Tyson; Cary Ichter; Carey Miller; Josh Belinfante; Vincent Russo; cheryl.ringer@fultoncountyga.gov; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com); Robert McGuire; John Powers; Kaiser, Mary; Bryan Jacoutot; Cate Berenato; Alexander Denton; Conaway, Jenna B. |
| **Subject:** | RE: Cary, Rob, --please review re: records selection/preservation |

Bryan -

Your response is confusing and disappointing. Josh promised a response after the holidays. If all you were going to do was to again refuse to provide any of the requested information, you could have let us know that days ago.

As to your question about our intentions, we've made a genuine effort to work with you on this for well over a year. You've refused to provide the information our experts requested. And your speculation below, without statistical expertise, that the little information you've provided should enable "anyone" to determine a statistical sample is neither accurate nor helpful. I am not a statistical expert myself. All I can do is convey to you what our experts tell us they need to determine a reliable statistical sample for this case. I've done that, in good faith. You've declined to provide it. That's where we are.

To your complaint about my request that you stop making misleading statements, there's an easy way to avoid further requests: stop making misleading statements. We had no such problem in this case with the state's prior counsel (nor with Fulton County's counsel for that matter). And your email ignores that the Court itself has expressed similar concerns multiple times, including detailing a number of misleading and inaccurate statements in the August PI Order. So with respect, your indignation is misplaced. More recently, you've twice suggested I said at the last hearing that we could easily determine a statistical sample with the information available to us. I corrected that misportrayal before you filed and yet you persisted with it in your filing rather than acknowledging what I actually had explained — namely, that we need the additional information our experts have requested.

Lastly, given our understanding that the state and counties have been obligated to track and maintain at least some of the information we've requested, your claim that you no longer have it available raises a serious preservation concern, which your email exacerbates given your refusal to answer even one of our questions.

Thanks.
DC

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Friday, Jan 03, 2020, 10:23 AM
**To:** Cross, David D. <DCross@mofo.com>, Cary Ichter <CIchter@IchterDavis.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Vincent Russo <vrusso@robbinsfirm.com>, cheryl.ringer@fultoncountyga.gov <cheryl.ringer@fultoncountyga.gov>, Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>, Robert McGuire <ram@lawram.com>, John Powers <jpowers@lawyerscommittee.org>, Kaiser, Mary <MKaiser@mofo.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Cate Berenato <Cate.Berenato@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Cary, Rob, --please review re: records selection/preservation

**- External Email -**

David:

I hope you enjoyed the New Years' holiday.  We're not going to engage in this type of back and forth.  The Plaintiffs' repetitive false accusations about misleading the Court, withholding information, "hiding the ball," or engaging in other bad acts have truly made it difficult to engage in meaningful, informal discussions.  For whatever reason, this difficulty is unique to this litigation.  Speaking candidly, when virtually every email contains some accusation, it seems to us that the information sought has less to do with actually getting answers and more about setting up the next pleading, tweet, press release, or accusation.

Suffice it to say, before the preliminary injunction, Plaintiffs knew how many machines were in Georgia and where they were generally located.  Anyone should be able to determine a statistical sample from this, which is why we were waiting on you to get us a number.

Nevertheless, the Secretary has now decertified the DREs and their supporting equipment.  Because Plaintiffs are limited to prospective, injunctive relief, any claims about the machines, the memory cards, or the GEMS database is now moot.  Accordingly, we are not going to continue to expend taxpayer resources responding to a series of interrogatory-like questions.  Our filing with the Court, including the citation to your statements and emails, speaks for itself.

Thanks,

Bryan

(I have removed Ms. Marks from this email.)



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
<u>Website</u> | <u>vCard</u>

<u>Georgia Legal Awards Litigation Department of the Year</u>

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, December 31, 2019 6:09 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Carey Miller <carey.miller@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>; Robert McGuire <ram@lawram.com>; John Powers <jpowers@lawyerscommittee.org>; Kaiser, Mary <MKaiser@mofo.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Cate Berenato <Cate.Berenato@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Marilyn Marks <marilyn@aspenoffice.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Cary, Rob, --please review re: records selection/preservation

Vincent -

We need immediate clarification regarding your recent filing on some key points.

1. What's the specific factual basis for your representation to the Court that Defendants and the other counties do not "possess," "[f]or each piece of equipment at issue, the precinct and election during which it was last used"?

2. Did any Defendant or other county previously possess any of the requested information? If so, please specifically identify who previously possessed what information as well as when, how, why, and by whom it was destroyed or lost.

3. Is it your position that neither the state nor any of the counties were required to track and maintain any of the requested information? If not, please specifically clarify your position.

4. Are you claiming that you don't have this information for *any* of the equipment at issue? If not, please specifically identify the equipment for which you do have this information.

Lastly, I'll ask yet again that you please stop making misleading statements to the Court as you did once again in your filing this week regarding my comments at the prior hearing concerning statistical sampling. Tellingly, you purport to represent what I said rather than quote what I actually said.

The reality is that there's a single reason we've not worked out a statistical sample: because you've refused to cooperate as the Court directed the parties to do. So your client has only itself (or its counsel) to blame for whatever cost and inconvenience it incurs from preserving the equipment at issue. We remain willing to work this out expeditiously and again invite you to provide the basic information needed to do that.

Thanks.
DC

---

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Friday, Dec 20, 2019, 2:57 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>, Carey Miller <carey.miller@robbinsfirm.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Vincent Russo <vrusso@robbinsfirm.com>, cheryl.ringer@fultoncountyga.gov <cheryl.ringer@fultoncountyga.gov>, Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>, Robert McGuire <ram@lawram.com>, John Powers <jpowers@lawyerscommittee.org>, Kaiser, Mary <MKaiser@mofo.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Cate Berenato <Cate.Berenato@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Marilyn Marks <marilyn@aspenoffice.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Cary, Rob, --please review re: records selection/preservation

Carey and Bryan -

Our statistical experts have reviewed the materials you've provided to date and it's insufficient for them to identify a statistical sample from among the equipment at issue.

For the sampling design, they at least need:

1. A comprehensive list of the DRE machines, GEMS servers, and other election equipment that are in the universe at issue.
2. For each piece of equipment at issue, the precinct and election during which it was last used.

Once we receive this information, we can begin to identify an appropriate sample.

Thanks.
DC

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Date:** Wednesday, Dec 18, 2019, 6:40 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Vincent Russo <vrusso@robbinsfirm.com>, cheryl.ringer@fultoncountyga.gov <cheryl.ringer@fultoncountyga.gov>, Cross, David D. <DCross@mofo.com>, Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>, Robert McGuire <ram@lawram.com>, John Powers <jpowers@lawyerscommittee.org>, Kaiser, Mary <MKaiser@mofo.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Cate Berenato <Cate.Berenato@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** FW: Cary, Rob, --please review re: records selection/preservation

- External Email -

---

Carey:

In preparing our list of DREs and related electronic records required for sampling, our clients need a better understanding of the existing condition and inventory of the equipment and records. We expect to make several inquiries before we can nail down exactly what records should continue to be preserved and then selectively sampled.

Please see Robert McGuire's email below and related attachments. Can you confirm that all records described on the attached June 27, 2018 list have been segregated and preserved as requested? If so, please provide an inventory of the records listed so that our clients may make a selection from those inventories.

We are preparing an updated list based on information from the 2018 elections and will send it along shortly.

Additionally, we assume, because of the minimal storage space required, the State will have no objection to preserving all memory cards preserved or used for DREs and Optical Scanners since the inception of this litigation. Please let us know if that is not the case.

Cary Ichter, Partner
Ichter Davis, LLC
Ste 1530
3340 Peachtree Road, NE
Atlanta, GA 30326-1084
(404) 869-7600
(404) 869-5243/DID
(404) 869-7610/Fax
(404) 769-1353/Cell
cichter@ichterdavis.com
www.ichterdavis.com

**From:** Rob McGuire <ram@lawram.com>
**Date:** Wednesday, June 27, 2018 at 6:16 PM
**To:** Daniel Walter White <dwhite@hlclaw.com>
**Cc:** Bruce Brown <bbrown@brucepbrownlaw.com>, Cary Ichter <CIchter@IchterDavis.com>, "william@nhphlaw.com" <william@nhphlaw.com>, John Salter <john@barneslawgroup.com>, Roy Barnes <Roy@barneslawgroup.com>, "Adam M. Sparks" <sparks@khlawfirm.com>, "Chapple, Catherine L." <CChapple@mofo.com>, Conaway <JConaway@mofo.com>, "David D. Cross" <DCross@mofo.com>, "Halsey G. Knapp, Jr." <hknapp@khlawfirm.com>, "Jane P. Bentrott" <JBentrott@mofo.com>, John Carlin <JCarlin@mofo.com>, Miriyala <AMiriyala@mofo.com>, Robert Manoso <RManoso@mofo.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** FW: Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Daniel,

Just as a reminder, we (the Coalition Plaintiffs) still have not received the initial information we requested from Cobb and DeKalb Counties in order to select DRE electronic records for continued preservation.

Also, as we understand it, Logic and Accuracy testing for the July runoff was scheduled to begin on the machines June 11. (Fulton County gave a public notice of this testing on June 5, 2018 – we presume the same testing is underway in Cobb and DeKalb Counties.)

Assuming that DRE machines to be used for July are in fact already being tested and deployed to the polling places for early voting starting Monday in Cobb County and in DeKalb County, we assume that the commencement of testing before the release of DREs from sequestration means that sufficient machines have been acquired for the testing and July election that are not still being sequestered under Court Order and/or our litigation hold requests.  This must mean that the Counties no longer require the release of any DRE electronic records prior to the July 24 primary. If this is not correct, please let me know, but otherwise it stands to reason that perhaps we can avoid expending the resources needed to make selections of DREs to release at this time, and we can instead perhaps await further proceedings related to discovery.  Do you agree?  Please clarify Cobb and DeKalb Counties' respective positions on this matter, so that we can all conserve resources, if possible.

Lastly, Coalition Plaintiffs have been able to update the DRE-selection criteria we expect to use in discovery, which I sent to you, among others, for Cobb and DeKalb Counties in my email copied below.  Attached is an updated list of those criteria, along with a redline showing changes since June 21.

Thanks very much.

Best,
Robert McGuire

ROBERT A. McGUIRE, III                          *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER | THE ROBERT McGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Thursday, June 21, 2018 11:43 AM

**To:** Daniel Walter White <dwhite@hlclaw.com>; Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>
**Cc:** John Salter <john@barneslawgroup.com>; Roy Barnes <Roy@barneslawgroup.com>; Adam Sparks <sparks@khlawfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Conaway <jconaway@mofo.com>; David D. Cross <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Jane P. Bentrott <JBentrott@mofo.com>; John Carlin <jcarlin@mofo.com>; Miriyala <amiriyala@mofo.com>; Robert Manoso <rmanoso@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Marilyn Marks (marilyn@aspenoffice.com) <marilyn@aspenoffice.com>
**Subject:** Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Counsel for Defendant Fulton County and for nonparties Cobb County and DeKalb County,

On behalf of the Coalition Plaintiffs I am writing to give you notice—which you already have from my previous correspondence—that we have not yet received the information that we require in order to consent to the release of electronic records stored on DREs and their memory cards from your preservation obligations. In order to be able to go through the exercise of identifying which DREs are of less interest to us (and which we can thus consent for you to remove from litigation hold), we have to receive the information we have previously requested. Please inform us as to when you plan to supply the vote tally information and complete the recap sheet information, giving us reasonable time to respond in order for you to prepare machines for the upcoming July 24 election.

Also, because discovery has not begun and we cannot research the records ourselves to locate the specific electronic records we seek to review, I am writing to provide the counties with 15 specific criteria we plan to use to make discovery requests.  This way the counties themselves can do the identifying and can ensure that the DREs matching our criteria continue to be preserved.  All of the DREs that fall into any of the 15 categories listed in the attachment to his email will contain electronic records that we intend to request in discovery, as soon as the current stay is lifted by the Court.  Accordingly, none of the DREs in any of these 15 these categories can be released from the litigation hold.  As more information becomes available we will expand this list to include other criteria before the release date to be agreed on.

With this list, all three counties now have advance notice that they need before the original deadline of tomorrow to identify, sequester, and continue to preserve all the electronic records on all of the DREs in these 15 categories—and none of the DREs in any of these 15 categories can be released from the litigation hold.  To restate the point in other words, you have a duty not to destroy evidence on the DREs in these 15 categories because you are on clear notice that we intend to seek electronic records from the DREs that meet these 15 criteria as soon as discovery opens.  You will be at risk of engaging in spoliation and contempt of court if you destroy evidence on any of the DRE machines that are included in any of the 15 categories we have identified in the attached list.

We also wish to conduct discovery on DREs that we will select based on their recorded vote counts by contest. You have not provided us this information as we have requested, and we are still expecting it to be delivered prior to our consenting to the release of any DREs or other electronic records from the current litigation hold. -By providing you the attached list of categories, we are not waiving our objection to releasing any DRE electronic records from the litigation hold prior to receiving the information we have requested on this list and the in our previous request for vote tallies and machine use by serial number.  When you do provide the information we previously requested concerning vote counts and concerning your inventory of machines, then we will be able to submit a more detailed list of DREs for you to preserve, and we may be able to identify machines that can be released from litigation hold with our consent at that time.

Note that the attached list only covers electronic records on the DREs that are in these 15 categories <u>and their memory cards.</u> All memory cards from all other DREs used in any of the Relevant Elections (even DREs that are not in the 15 categories) must continue to be preserved under both the Court's Order (Doc 122) and Plaintiffs' prior litigation hold letters. This preservation requirement exists pursuant to the 22-month federal statutory federal requirements and pursuant to Diebold's Security Policies as published in GEMS 1.18 Election Administrator's Guide. By providing categories of DREs that are of interest of the attached list, we do not suggest that the memory cards from all other DREs do not need to be preserved—they must be.

Please see Exhibit 1 attached to this email.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                    *** NOTE NEW CONTACT DETAILS BELOW ***
*SHAREHOLDER* | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

=================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

# EXHIBIT 2

# Jennifer Doran

| | |
|---|---|
| **From:** | Jennifer Stone <jstone@oconee.ga.us> |
| **Sent:** | Monday, December 30, 2019 10:14 AM |
| **To:** | Charlotte Sosebee; Tracy Dean; aphagan@co.banks.ga.us; bkilgore@greenecountyga.gov; Steve McCannon; 'Monica Franklin'; lcash@barrow.ga.org; glk@franklincountyga.gov; Fran Leathers; egober@stephenscountyga.com; chgh@hartcom.net; Jennifer E. Logan; sgregg@co.walton.ga.us; jphipps@co.walton.ga.us; 'Lavenda Bolton'; 'Melissa Shead'; ecprobate@hotmail.com; beckyblackmon@wilkescountyga.org; rtclem@aol.com; amantle@co.newton.ga.us; adavis@co.newton.ga.us; Beverly Nation; Jennifer Doran; 'Robin Webb'; ckathleen@greenecountyga.gov |
| **Subject:** | RE: Regional Meeting |

FYI... See below email I sent to Chris and his response.

Jennifer,
All of that equipment you asked about is coming soon, but I don't have specific dates for any of it.
The Dominion Techs will be in-county by mid-late February in time to assist with L&A and other matters.

Chris Harvey
Elections Director
Georgia Secretary of State

Main 470-312-2777
Cell   404-985-6351

Good morning Chris,

I hope you had a great Christmas first of all... I have a few questions about our new equipment.  We have received all except for the UPS's, the extra BMD's, the privacy screens, EMS system, the Central Scanner or the Mobile Ballot Printer.  When are these expected?  We will also need some extra poll pads and need to know who we need to contact to make that happen.  Also, when will we receive our cases for the equipment?  We haven't unpacked it from the boxes just yet, because we need to have the cases to be able to store it properly.  Another question...when will we receive our Dominion person that will be with us for the year?  We either will need them or instructions to conduct L&A.  Please advise.  Thanks!

Regards,
Jennifer Stone
Assistant Director
Oconee County Board of Elections & Registration
OFC: 706.769.3958
FAX: 706-310-3486

---

**From:** Charlotte Sosebee <Charlotte.Sosebee@accgov.com>
**Sent:** Thursday, December 19, 2019 1:49 PM