**EXHIBIT 1**

| | |
|---|---|
| **From:** | Vincent Russo <vrusso@robbinsfirm.com> |
| **Sent:** | Monday, December 30, 2019 6:22 PM |
| **To:** | Cary Ichter; Bryan Tyson; Josh Belinfante; Burwell, Kaye; Cheryl Ringer |
| **Cc:** | Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com); Cross, David D.; Robert McGuire; John Powers; Carey Miller; Alexander Denton; Brian Lake |
| **Subject:** | RE: March 2020 Primaries |

Cary,

Many of us have been out for the holidays and are catching up on emails. As you know, it is easy to get backed up during the holidays.

Most, if not all, of the information requested in the email chain below is also included in the Coalition Plaintiffs' Third Interrogatories to State Defendants, which is dated December 27. To avoid any confusion regarding State Defendants' response to those requests, we will address them in State Defendants' interrogatory responses, which we will get out to you in accordance with the FRCP and Judge Totenberg's Standing Order.

Regarding the implementation plan, the Court's August 15, 2019 Order directs the State Defendants to develop a plan for implementation no later than January 3, 2020. The proposed rules issued by the State Election Board on December 19 include procedures that address many of those issues. We plan to send a copy of the implementation to you by the end of the week per the Court's Order. However, if you have comments to the proposed rules, please send them to us, in addition to filing them with the State Election Board.

Additionally, we would appreciate you providing us with any information you have about the supposed continuing significant delays in the equipment delivery and deployment mentioned in yours and Bruce's emails. We already raised concerns with the Court about the potential impact on the rollout process that could result by forcing the State to store the old, decertified voting equipment. If the Coalition is aware of other issues related to the rollout, it would be more productive to provide us with the relevant information that we can share with the Secretary's office rather than withholding it. Also, UOCAVA governs when absentee ballots need to be mailed to overseas/military voters and is unrelated to the BMDs.

We are happy to hear additional suggestions/proposals you might have.

Thanks,

Vincent

**ROBBINS**

Vincent R. Russo
**Robbins Ross Alloy Belinfante Littlefield LLC**
www.robbinsfirm.com

**Robbins Government Relations LLC**
www.robbinsgr.com

500 14th Street, NW
Atlanta, GA 30318

404.856.3260 (Direct)
678.701.9381 (Main)

---

**From:** Cary Ichter <CIchter@IchterDavis.com>
**Sent:** Monday, December 30, 2019 11:30 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Burwell, Kaye <Kaye.Burwell@fultoncountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>; Cross, David D. <DCross@mofo.com>; Robert McGuire <ram@lawram.com>; John Powers <jpowers@lawyerscommittee.org>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: March 2020 Primaries


Counsel: While I understand that some of you have taken some time off for the holidays, the scheduled elections have not, and Coalition Plaintiffs are quite concerned about the State and counties' readiness to conduct a fair and successful election without disenfranchisement, ballot secrecy violations, and significant inconvenience of voters. As such, we have been working over the holidays to attempt to evaluate our next steps, and after 10 days and repeated requests, we have not received so much as the courtesy of a response from any of you, much less the information we have requested in the emails below. The information we have requested should be readily available and easy to forward.

Absent a substantive response, Coalition will be forced to seek the Court's intervention to order the delivery of the information to Plaintiffs. Please let us hear from you.

Cary Ichter

---

**From:** Cary Ichter
**Sent:** Thursday, December 26, 2019 2:45 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; jbelinfante@robbinsfirm.com; Burwell, Kaye <Kaye.Burwell@fultoncountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com) <bbrown@brucepbrownlaw.com>; Cross, David D. <DCross@mofo.com>; Robert McGuire <ram@lawram.com>; John Powers <jpowers@lawyerscommittee.org>; Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** RE: March 2020 Primaries


Counsel:

I'm writing to follow up on Bruce Brown's email of last week below, as he is out of the country. As best I can tell, no one responded in any substantive way (or any other way) to Bruce's email. If that is incorrect, I would appreciate it if you would send a copy of the response to me.

I would appreciate it if you would forward available responsive information Bruce requested available and follow up with us when the remaining requested information becomes available. The plans ordered by the Court should be readily available for distribution to us. From personal experience, it is

pretty clear that when the Defendants are playing "hide the ball," they simply ignore and shut down communications. That will not work, and I seriously suspect that the Court will not be pleased with these tactics of evasion and concealment.

As Bruce wrote, the Coalition Plaintiffs are quite concerned about the potential for serious implementation problems prior to the March 24 primary, particularly because of the continuing significant delays in the equipment delivery and deployment. It is our understanding that little more than 10% of the equipment had been delivered as of about a week ago, while UOCAVA ballots are required to be mailed by February 8.

The sad news last weekend of Senator Kirk's death means a vacancy election in nine counties will have to be held, likely in February, and the HD 171 vacancy election in three counties in January obviously add considerable stress to the already extremely challenging schedule. Given the challenges added by the latest developments, we would like to encourage the State Defendants to voluntarily reconsider the implementation schedule. We are happy to talk with you about some suggestions we have that would avoid seeking the Court's intervention.

We believe that the most important near-term actions to safeguard the upcoming vacancy elections and the March 24, 2020 elections would be the following:

1. Delay the deployment of the BMD units themselves (80,000 pieces of equipment) and conduct the March primary on hand marked paper ballots given the simplicity of the ballots with uniform ballot styles across the state. This would solve substantial portions of the logistical challenges of delivery, testing, debugging, programming the units prior to the end of February.

2. Use updated paper pollbooks to serve as active back up records to adjudicate discrepancies and serve as the working pollbook if PollPads are not functioning properly.

3. Permit counties to choose whether to run the March primary as hand marked paper ballot elections with Dominion or Diebold optical scanners and EMS systems and related E-Pollbooks, to avoid rushed conversions and permit counties to use equipment with which they are familiar. [This would require Court approval.]

Additionally, such an approach avoids the apparently difficult to solve problem of BMD screen ballot secrecy prior to the upcoming elections.

We are happy to talk with you about these or other options. Ideally, we could present a joint motion to the Court presenting these changes and an amended Order that incorporates these modifications. Obviously, we believe that these issues need to be addressed immediately and feel that absent agreement from the State Defendants, that Coalition Plaintiffs must seek Court intervention to address these issues.

Cary Ichter, Partner
Ichter Davis, LLC
Ste 1530
3340 Peachtree Road, NE
Atlanta, GA 30326-1084
(404) 869-7600
(404) 869-5243/DID
(404) 869-7610/Fax

(404) 769-1353/Cell
cichter@ichterdavis.com
www.ichterdavis.com

---

**From:** Bruce Brown <bbrown@brucepbrownlaw.com>
**Sent:** Friday, December 20, 2019 9:38 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; jbelinfante@robbinsfirm.com; Burwell, Kaye <Kaye.Burwell@fultoncountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; John Powers <jpowers@lawyerscommittee.org>
**Subject:** March 2020 Primaries

Counsel,

As you are aware from the content of the recently filed reply brief, Coalition Plaintiffs are gravely concerned about the lack of preparedness for the rapidly approaching March primary. As we all know, this is the largest voting system implementation in U.S. history and, by the Secretary's staff own admission, the schedule to begin with was tight, even if everything went right.

By all reports, everything has not gone right and the State is far behind schedule. Tuesday's State Election Board meeting was particularly discouraging, with the Board rejecting a number of rules which, if implemented, would have reduced implementation risks and improved the security of the system and the integrity of the upcoming vote.

As you know, Judge Totenberg has repeatedly urged the parties to exchange information voluntarily and make every effort to work together to find solutions. In that spirit, we make the following urgent requests:

1. Please provide Plaintiffs with the current implementation schedule for the Dominion system and all information that you can provide comparing that schedule to the initial implementation schedule.
2. Please provide Plaintiffs immediately with a copy of the Secretary's hand marked paper ballot plan referenced by the Court on page 148 of her Order (Doc. 579) (ordering the State to "develop a default plan for use in the 2020 elections that addresses the contingency that the new BMD system enacted by the State Legislature may not be completely rolled out and ready for operation in time for the March 2020 Presidential Primary elections"). Given that the hand marked paper ballot pilots were a portion of that back up plan, *id.*, the plan should have been fully developed by the November 2019 elections. We therefore anticipate production of the plan ("the Hand Marked Paper Ballot Default Plan") immediately.

3. Please provide Plaintiffs with a report on the actions that the State has taken to implement the Hand Marked Paper Ballot Default Plan. If the Hand Marked Paper Ballot Default Plan is not fully ready to be deployed for the March 2020 Presidential Primary elections, what specific actions does the State need to take and when will those actions be completed?
4. On the subject of the paper copies of the pollbooks, the State's position at the Status Conference and in response to the Motion for Preliminary Injunction on the BMDs is that the State is already doing what CGG is asking the Court to order the State to do. It is very clear, however, that this is not the case. Specifically, the State Election Board this week rejected a proposed rule that would have provided the relief that CGG seeks: that is, the requirement that a paper copy of the pollbooks, *updated to reflect early and absentee voting,* be made available in every polling place, and used as the official record to adjudicate discrepancies. This is exactly what O.C.G.A. §21-2-401(b) requires. Instead of enacting a rule consistent with the law, the State Election Board is recommending a rule that would only require a voter registration list simply be kept at the polling place. Such a list will serve little value in resolving the ongoing disenfranchisement of voters when the electronic pollbooks malfunction, as was repeatedly the case in the pilot elections.

    The Secretary has never articulated any reason to *not* provide a paper copy of the pollbooks, updated to reflect early and absentee voting. Please reconsider the State's position on this issue so that CGG, if necessary, can get relief from the Court on this issue.
5. Please provide a copy of the plan that the Court on page 147 of its Order (Doc. 579) ordered the State *to be implemented* by January 3, 2020 addressing "the procedures to be undertaken by election officials to address errors and discrepancies in the voter registration database."
6. To the State: In light of the size of the BMD screens, what action does that State plan to take to protect voters' right to case a secret ballot? Does the State take the position that its vendor, Dominion, is HAVA complaint in this respect as the contract requires?

7. To Fulton County: In light of the size of the BMD screens, what actions does the County plan to take to protect voters' right to cast a secret ballot?
8. To Fulton County: please provide Plaintiffs with any copies of plans or reports of or by the State Defendants referenced above that you have received. In addition, from the perspective of Fulton County: If neither the Dominion Voting System implementation plan nor the Hand Marked Paper Ballot Default Plan is fully ready to be deployed for the March 2020 Presidential Primary elections in Fulton County, what specific actions does the State or Fulton County need to take and when will those actions be completed?

Many thanks and please let us know if you have any questions.

Bruce Brown