**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRAD RAFFENSPERGER, et al., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION FILE <br><br> NO. 1:17-cv-2989-AT |

## DEFENDANT SECRETARY OF STATE'S OBJECTIONS AND RESPONSES TO COALITION PLAINTIFFS' SECOND AND THIRD INTERROGATORIES TO DEFENDANT SECRETARY OF STATE

Defendant Secretary of State Brad Raffensperger, in his official capacity as Secretary of State of Georgia ("Defendant") hereby responds through counsel of record collectively to Coalition Plaintiffs' ("Plaintiffs") Second and Third Interrogatories to Defendant Secretary of State as follows:

## GENERAL OBJECTIONS

These general objections are incorporated in each specific response below:

1. Defendant objects to the interrogatories that seek information or documents reflecting communications protected by the attorney-client privilege and material protected by the work product doctrine.

2. Defendant objects to the interrogatories that are overly broad and seek information neither relevant to this civil action nor reasonably likely to lead to the discovery of admissible evidence.

3. Defendant objects to the interrogatories that are unduly burdensome, unreasonably cumulative, or duplicative, or call for cumulative documents or information.

4. Defendant objects to the interrogatories that are intended solely for the purposes of annoyance, embarrassment, harassment, or oppression.

5. Defendant objects to the instructions and definitions that vary from, purport to modify or enlarge, or are inconsistent with the Federal Rules of Civil Procedure.

6. Defendant objects to the interrogatories to the extent they are addressed to "Defendant Kemp." Governor Brian Kemp is not a party to this lawsuit.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Please identify all counties which, as of December 26, 2019, have received their planned supply of acceptance-tested Dominion Voting System equipment, including PollPad pollbooks, which equipment is expected to be deployed in elections prior to March 31, 2020. Also please identify the counties expected to

accept delivery of the completed shipment of their such voting system equipment after January 15, 2020.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 2:**

Describe the changes planned to Dominion system BMD screens used in the November 5 pilot elections to protect voter privacy of the vote selections on the BMD screen. Please also state who shall be responsible for selecting, implementing, monitoring, and paying for such changes; the expected cost of such changes per machine; and the expected implementation date of such changes.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted

claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 3:**

Describe the criteria and metrics being used for voting system readiness in order to determine whether the default back-up hand marked paper ballot plan directed by the Court will be deployed for any elections in 2020, and describe the decision-making process for determining whether the back-up plan will be deployed and when the "GO" and "NO GO" decision will be made for the back-up plan.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary

to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 4:**

Identify the basis for Secretary Raffensperger's reported statement that the Secretary of State's Office is "ahead of schedule getting new machines to local election officials."

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 5:**

Identify the basis for the statement in a recent Secretary of State Office's press release that, "Posting of rules Tuesday by the State Elections Board keeps on schedule the statewide implementation of the new secure paper ballot system."

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 6:**

Describe and identify the basis for the statement Secretary of State Raffensperger made to the State Election Board on December 17 that the new voting system implementation was ahead of schedule.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted

claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 7:**

As of the date of your response, describe the most recent information received from vendors regarding the anticipated completion of delivery and acceptance testing of Dominion voting system components for Georgia counties.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the

case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 8:**

Identify the counties for which Diebold equipment and related electronic records have been removed from the county's custody, and as to each, identify the date on which the equipment was retrieved and its current location and disposition (e.g., stored, recycled, destroyed, or the like).

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 9:**

With respect to the counties for which Diebold equipment and related electronic records have been removed from the county's custody, please:

 (a) Identify all contractors engaged to gather or recover such equipment and records from counties, and describe the preservation instructions originally given to such contractor(s) and any changes to the preservation instructions;

 (b) Identify the counties from which such equipment has been gathered or recovered and the schedule or plan for the collection of the remaining equipment in the possession of the counties, and describe the original preservation instructions (and any changes to them) given to the counties related to such equipment and records;

 (c) Describe the kinds of inventory records of electronic records of such equipment or records maintained by said contractor(s);

 (d) Identify such equipment or records of any kind or description that have been destroyed or altered or are no longer in the possession or control of the Secretary of State; and

 (e) State where such equipment or records are currently being stored.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc.

418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 10:**

Identify the individuals, contractors, and/or suppliers responsible for the creation of the November 5, 2019 and December 3, 2019 Cobb County Dominion election databases.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 11:**

Identify each and every basis in fact for the Secretary of State's office statement made by Walter Jones to the Washington Post that "DeMillo was leading a national activist disinformation campaign," and identify each and every document that tends to prove or disprove such purported facts.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 12:**

Identify the individuals, contractors, and/or suppliers responsible for the creation of the election databases planned for the March 24, 2020 election.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted

claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 13:**

Identify the dates of past and planned future meetings and members of election officials' working groups which have been charged with working on proposed audit protocols and rules for upcoming elections.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the

case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

**Interrogatory No. 14:**

Describe and identify every plan produced by State Defendants and the distribution list for each plan prepared in response to directives in the Court Order of August 15, 2019.

**Response:** Defendant objects to this interrogatory because discovery is closed or stayed. [Doc. 626 ("The Court **STAYS** discovery only as to the newly asserted claims" that "challenge the constitutionality of Georgia's implementation of a new statewide ballot marking device 'BMD' voting system in 2020 elections."); Doc. 418 (ordering fact discovery closed on November 15, 2019); *see* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . . .").] Defendant reserves the right to supplement this response, including by adding additional objections, if the Court orders Defendant to respond.

This 10th day of January, 2020.

        ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC

        */s/ Vincent R. Russo*
        Vincent R. Russo
        Georgia Bar No.: 242628

vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250


TAYLOR ENGLISH DUMA LLP

Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for Defendant Secretary of State*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a true and correct copy of the **DEFENDANT SECRETARY OF STATE'S OBJECTIONS AND RESPONSES TO COALITION PLAINTIFFS' SECOND AND THIRD INTERROGATORIES TO DEFENDANT SECRETARY OF STATE** on all counsel of record by electronic mail addressed as follows:

David D. Cross
DCross@mofo.com
John Carlin
JCarlin@mofo.com
Jane P. Bentrott
JBentrott@mofo.com
Catherine L. Chapple
CChapple@mofo.com
Robert W. Manoso
RManoso@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite. 6000
Washington, DC 20006

Halsey G. Knapp, Jr.
HKnapp@khlawfirm.com
Adam M. Sparks
Sparks@khlawfirm.com
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309

Cary Ichter
Attorney for William Digges III,
Laura Digges, Ricardo Davis and
Megan Missett
ICHTER DAVIS LLC
3340 Peachtree Road NE - Suite 1530
Atlanta, Georgia 30326

Bruce P. Brown
Attorney for Coalition for
Good Governance
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE - Suite 6
Atlanta, Georgia 30306

Robert A. McGuire, III
Attorney for Coalition
for Good Governance
Robert McGuire Law Firm

John Michael Powers
David Brody
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW

| | |
|---|---|
| 113 Cherry St. #86685<br>Seattle, Washington 98104-2205 | 1500 K Street, NW, Suite 900<br>Washington, DC 20005 |

Kaye Burwell
David Lowman
Cheryl Ringer
OFFICE OF THE FULTON COUNTY ATTORNEY
141 Pryor Street
Suite 4038
Atlanta, Georgia 30303

 This 10th day of January, 2020.

           */s/ Vincent R. Russo*
           Vincent Russo
           Georgia Bar No.: 242628