**EXHIBIT 8**

| | |
|---|---|
| **From:** | Cary Ichter |
| **To:** | Carey Miller; Bryan Tyson; Josh Belinfante; Vincent Russo; cheryl.ringer@fultoncountyga.gov; Cross, David D.; Bruce Perrin Brown Esq. (bbrown@brucepbrownlaw.com); Robert McGuire; John Powers; Kaiser, Mary; Bryan Jacoutot; Cate Berenato; Alexander Denton; Marilyn Marks |
| **Subject:** | FW: Cary, Rob, --please review re: records selection/preservation |
| **Date:** | Wednesday, December 18, 2019 3:40:02 PM |
| **Attachments:** | 20180627, UPDATED EMAIL Exhibit 1 Advance Preliminary List of Criteria for DRE Electronic Record Preservation.pdf<br>20180627, REDLINE -- EMAIL Exhibit 1.pdf |

Carey:

In preparing our list of DREs and related electronic records required for sampling, our clients need a better understanding of the existing condition and inventory of the equipment and records. We expect to make several inquiries before we can nail down exactly what records should continue to be preserved and then selectively sampled.

Please see Robert McGuire's email below and related attachments. Can you confirm that all records described on the attached June 27, 2018 list have been segregated and preserved as requested? If so, please provide an inventory of the records listed so that our clients may make a selection from those inventories.

We are preparing an updated list based on information from the 2018 elections and will send it along shortly.

Additionally, we assume, because of the minimal storage space required, the State will have no objection to preserving all memory cards preserved or used for DREs and Optical Scanners since the inception of this litigation. Please let us know if that is not the case.

Cary Ichter, Partner
Ichter Davis, LLC
Ste 1530
3340 Peachtree Road, NE
Atlanta, GA 30326-1084
(404) 869-7600
(404) 869-5243/DID
(404) 869-7610/Fax
(404) 769-1353/Cell
cichter@ichterdavis.com
www.ichterdavis.com

---

**From:** Rob McGuire <ram@lawram.com>
**Date:** Wednesday, June 27, 2018 at 6:16 PM
**To:** Daniel Walter White <dwhite@hlclaw.com>
**Cc:** Bruce Brown <bbrown@brucepbrownlaw.com>, Cary Ichter <CIchter@IchterDavis.com>,

"william@nhphlaw.com" <william@nhphlaw.com>, John Salter <john@barneslawgroup.com>, Roy Barnes <Roy@barneslawgroup.com>, "Adam M. Sparks" <sparks@khlawfirm.com>, "Chapple, Catherine L." <CChapple@mofo.com>, Conaway <JConaway@mofo.com>, "David D. Cross" <DCross@mofo.com>, "Halsey G. Knapp, Jr." <hknapp@khlawfirm.com>, "Jane P. Bentrott" <JBentrott@mofo.com>, John Carlin <JCarlin@mofo.com>, Miriyala <AMiriyala@mofo.com>, Robert Manoso <RManoso@mofo.com>, Marilyn Marks <marilyn@aspenoffice.com>
**Subject:** FW: Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Daniel,

Just as a reminder, we (the Coalition Plaintiffs) still have not received the initial information we requested from Cobb and DeKalb Counties in order to select DRE electronic records for continued preservation.

Also, as we understand it, Logic and Accuracy testing for the July runoff was scheduled to begin on the machines June 11. (Fulton County gave a public notice of this testing on June 5, 2018 – we presume the same testing is underway in Cobb and DeKalb Counties.)

Assuming that DRE machines to be used for July are in fact already being tested and deployed to the polling places for early voting starting Monday in Cobb County and in DeKalb County, we assume that the commencement of testing before the release of DREs from sequestration means that sufficient machines have been acquired for the testing and July election that are not still being sequestered under Court Order and/or our litigation hold requests. This must mean that the Counties no longer require the release of any DRE electronic records prior to the July 24 primary. If this is not correct, please let me know, but otherwise it stands to reason that perhaps we can avoid expending the resources needed to make selections of DREs to release at this time, and we can instead perhaps await further proceedings related to discovery. Do you agree? Please clarify Cobb and DeKalb Counties' respective positions on this matter, so that we can all conserve resources, if possible.

Lastly, Coalition Plaintiffs have been able to update the DRE-selection criteria we expect to use in discovery, which I sent to you, among others, for Cobb and DeKalb Counties in my email copied below. Attached is an updated list of those criteria, along with a redline showing changes since June 21.

Thanks very much.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                              *** NOTE NEW CONTACT DETAILS BELOW ***

SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Thursday, June 21, 2018 11:43 AM
**To:** Daniel Walter White <dwhite@hlclaw.com>; Bennett Davis Bryan <bdbryan@dekalbcountyga.gov>; Laura K. Johnson <lkjohnson@dekalbcountyga.gov>; Cheryl Ringer <Cheryl.ringer@fultoncountyga.gov>; David Lowman <david.lowman@fultoncountyga.gov>; Kaye Burwell <Kaye.burwell@fultoncountyga.gov>
**Cc:** John Salter <john@barneslawgroup.com>; Roy Barnes <Roy@barneslawgroup.com>; Adam Sparks <sparks@khlawfirm.com>; Chapple, Catherine L. <CChapple@mofo.com>; Conaway <jconaway@mofo.com>; David D. Cross <DCross@mofo.com>; Halsey Knapp <hknapp@khlawfirm.com>; Jane P. Bentrott <JBentrott@mofo.com>; John Carlin <jcarlin@mofo.com>; Miriyala <amiriyala@mofo.com>; Robert Manoso <rmanoso@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Cary Ichter <CIchter@IchterDavis.com>; william@nhphlaw.com; Marilyn Marks (marilyn@aspenoffice.com) <marilyn@aspenoffice.com>
**Subject:** Categories of DREs to Identify and Preserve pending Release of Any from Litigation Hold

Counsel for Defendant Fulton County and for nonparties Cobb County and DeKalb County,

On behalf of the Coalition Plaintiffs I am writing to give you notice—which you already have from my previous correspondence—that we have not yet received the information that we require in order to consent to the release of electronic records stored on DREs and their memory cards from your preservation obligations. In order to be able to go through the exercise of identifying which DREs are of less interest to us (and which we can thus consent for you to remove from litigation hold), we have to receive the information we have previously requested. Please inform us as to when you plan to supply the vote tally information and complete the recap sheet information, giving us reasonable time to respond in order for you to prepare machines for the upcoming July 24 election.

Also, because discovery has not begun and we cannot research the records ourselves to locate the specific electronic records we seek to review, I am writing to provide the counties with 15 specific criteria we plan to use to make discovery requests. This way the counties themselves can do the identifying and can ensure that the DREs matching our criteria continue to be preserved. All of the DREs that fall into any of the 15 categories listed in the attachment to his email will contain electronic records that we intend to request in discovery, as soon as the current stay is lifted by the Court. Accordingly, none of the DREs in any of these 15 these categories can be released from the litigation hold. As more information becomes available we will expand this list to include other criteria before the

release date to be agreed on.

With this list, all three counties now have advance notice that they need before the original deadline of tomorrow to identify, sequester, and continue to preserve all the electronic records on all of the DREs in these 15 categories—and none of the DREs in any of these 15 categories can be released from the litigation hold. To restate the point in other words, you have a duty not to destroy evidence on the DREs in these 15 categories because you are on clear notice that we intend to seek electronic records from the DREs that meet these 15 criteria as soon as discovery opens. You will be at risk of engaging in spoliation and contempt of court if you destroy evidence on any of the DRE machines that are included in any of the 15 categories we have identified in the attached list.

We also wish to conduct discovery on DREs that we will select based on their recorded vote counts by contest. You have not provided us this information as we have requested, and we are still expecting it to be delivered prior to our consenting to the release of any DREs or other electronic records from the current litigation hold. -By providing you the attached list of categories, we are not waiving our objection to releasing any DRE electronic records from the litigation hold prior to receiving the information we have requested on this list and the in our previous request for vote tallies and machine use by serial number. When you do provide the information we previously requested concerning vote counts and concerning your inventory of machines, then we will be able to submit a more detailed list of DREs for you to preserve, and we may be able to identify machines that can be released from litigation hold with our consent at that time.

Note that the attached list only covers electronic records on the DREs that are in these 15 categories <u>and their memory cards.</u> All memory cards from all other DREs used in any of the Relevant Elections (even DREs that are not in the 15 categories) must continue to be preserved under both the Court's Order (Doc 122) and Plaintiffs' prior litigation hold letters. This preservation requirement exists pursuant to the 22-month federal statutory federal requirements and pursuant to Diebold's Security Policies as published in GEMS 1.18 Election Administrator's Guide. By providing categories of DREs that are of interest of the attached list, we do not suggest that the memory cards from all other DREs do not need to be preserved—they must be.

Please see Exhibit 1 attached to this email.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                                *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

UPDATED Exhibit 1: List of Criteria for DRE Electronic Record Preservation
Date: June 27, 2018

**Exhibit 1 Advance Preliminary List of Criteria for DRE Electronic Record Preservation**

This list supplements the previously supplied categories of machines for which the electronic records must be preserved. This list will be further supplemented as required information is made available for selection of electronic records for continued preservation. While this list focuses primarily on the electronic records in the internal memories of the DREs it should be understood that memory cards associated with the DREs or other related electronic equipment must be preserved as well. Unless otherwise specified the requests relate to all relevant elections including November 2016, April 2017, June 2017, November 2017, December 2017 and May 2018.

1. All DREs in which blank ballots were recorded. (Voter cast ballot with no selections.)

2. All DREs which were put in service in polling place and no ballots were cast on them.

3. All DREs which were prepared as backups but not put in service.

4. (Fulton only) All (TSx) DREs used for electronic election night transmission of results to the GEMS server.

5. All DREs from polling places in which the difference is greater than 3 between voter applications and total of DRE machine tapes count of ballots cast.

6. All DREs taken out of service during any relevant election because of voter complaints.

7. All DREs reported as "frozen" (or otherwise not operating properly) during voting day.

8. All DREs recording votes from precincts recording over 90% turnout according to the Clarity election night reporting statistics on the Secretary of States' website.

9. All DREs recording votes from precincts recording less than 35% turnout in the November 2016 election according to the Clarity election night reporting statistics on the Secretary of States' website.

10. All DREs that issued incorrect ballots to voters, (whether or not the voter reported the wrong ballot issuance.)

11. All DREs used as precinct accumulator machines.

12. All DREs used in polling places in which fewer memory cards were uploaded than the number of machines in the polling place.

13. All DREs and memory cards for which efforts were made to "wipe" or delete electronic election data from the internal memory from any of the relevant elections, as discussed on the parties' joint phone call on May 4, 2018.

UPDATED Exhibit 1: List of Criteria for DRE Electronic Record Preservation
Date: June 27, 2018

14. (Fulton County) All DREs used to record votes in the November 2016 election for precinct 02J.

15. (Fulton County) All DREs used to record a vote in CD6 from precinct 02J in the November 2016 election.

16. All DREs in a polling place for which total ballots cast per machine tape differs from total DRE ballots voted in that polling place as reported in GEMS.

17. All DREs in a polling place for which total electronic ballots cast on election day, (according to the machine tapes), differ from the Clarity report published on SOS website.

18. (Fulton County) All DREs in early voting in Ponce de Leon Library for the May 22, 2018 election.

19. (Fulton County) All DREs for election day voting in 07H precinct for May 22, 2018 election.

20. (Fulton County) All DREs in early voting in Northside Library for May 22, 2018 election.

21. (Fulton County) All DREs for election day voting in precinct 08H for December 2017 election.

22. All DRE machines in polling places where there is a difference between the quantity of voted ballots for each ballot combination and the quantity of each ballot combination in the electronic pollbook assigned for those voters voting.

UPDATED Exhibit 1: List of Criteria for DRE Electronic Record Preservation
Date: June ~~21~~27, 2018

13. All DREs and memory cards for which efforts were made to "wipe" or delete electronic election data from the internal memory from any of the relevant elections, as discussed on the parties' joint phone call on May 4, 2018.

14. (Fulton County) All DREs used to record votes in the November 2016 election for precinct 02J.

15. (Fulton County) All DREs used to record a vote in CD6 from precinct 02J in the November 2016 election.

16. All DREs in a polling place for which total ballots cast per machine tape differs from total DRE ballots voted in that polling place as reported in GEMS.

17. All DREs in a polling place for which total electronic ballots cast on election day, (according to the machine tapes), differ from the Clarity report published on SOS website.

18. (Fulton County) All DREs in early voting in Ponce de Leon Library for the May 22, 2018 election.

19. (Fulton County) All DREs for election day voting in 07H precinct for May 22, 2018 election.

20. (Fulton County) All DREs in early voting in Northside Library for May 22, 2018 election.

21. (Fulton County) All DREs for election day voting in precinct 08H for December 2017 election.

22. All DRE machines in polling places where there is a difference between the quantity of voted ballots for each ballot combination and the quantity of each ballot combination in the electronic pollbook assigned for those voters voting.

**Formatted:** List Paragraph, Indent: Hanging:  0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.5"