**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**DECLARATION OF DAVID D. CROSS IN SUPPORT OF
CURLING PLAINTIFFS' SUPPLEMENTAL OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS ADDRESSING
RIPENESS RAISED *SUA SPONTE* BY THE COURT**

I, David D. Cross, declare as follows:

1.　　I am a member of the bars of the State of New York and the District of Columbia. I am a partner with the law firm of Morrison & Foerster LLP, and lead counsel in this case representing Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs) in the above-captioned matter. I have been admitted *pro hac vice* in these proceedings. I have personal knowledge of the facts in this declaration and, if called to testify as a witness, I would testify under oath to these facts.

2.　　Attached as Exhibit 1 to this Declaration is a true and correct copy of the January 24, 2020 Notice of Intent to Post a Rule of the State Elections Board,

1

Chapter 183-1-15, Rules of State Election Board, Rule 183-1-15-.03 Optical Scan

Recount Procedure and Notice of Public Hearing.


I declare under penalty of the perjury laws of the State of Georgia and the

United States that the foregoing is true and correct and that this declaration was

executed this 27th day of January, 2020, in Lehi, Utah.


*/s/ David D. Cross*

David D. Cross

# EXHIBIT 1

**NOTICE OF INTENT TO POST A RULE OF THE STATE ELECTIONS BOARD,
CHAPTER 183-1-15, *RULES OF STATE ELECTION BOARD*, RULE 183-1-15-.03
*OPTICAL SCAN RECOUNT PROCEDURE*
AND NOTICE OF PUBLIC HEARING.**

TO ALL INTERESTED PERSONS AND PARTIES:

Notice is hereby given that pursuant to the authority set forth below, the Georgia State Election Board, (hereinafter "SEB") proposes to post an SEB rule, Rule 183-1-15-.03 *Optical Scan Recount Procedure* (hereinafter "proposed rule").

This notice, together with an exact copy of the proposed new rule and a synopsis of the proposed rule, is being distributed to all persons who have requested, in writing, that they be placed on a distribution list.  A copy of this notice, an exact copy of the proposed rule, and a synopsis of the proposed rule may be reviewed during normal business hours of 8:00 a.m. to 5:00 p.m. Monday through Friday, except official state holidays, at the Office of the Secretary of State, Elections Division, 2 Martin Luther King Jr. Drive, S.E., 8th Floor West Tower, Atlanta, Georgia 30334.  These documents will also be available for review on the State Election Board's web page at https://sos.ga.gov/index.php/elections/state_election_board.  Copies may also be requested by contacting the Elections Division at 404-656-2871.

To provide the public an opportunity to comment upon and provide input into the proposed rule, a public hearing will be held on:

February 28, 2020
9:00 a.m.
2 Martin Luther King Jr. Dr. SE
18th Floor, West Tower
Room 1816
Atlanta, GA 30334

At the public hearing anyone may present data, make a statement, comment or offer a viewpoint or argument whether orally or in writing.  Oral statements should be concise and will be limited to 3 minutes per person. Additional comments should be presented in writing.  Lengthy statements or statements of a considerable technical or economic nature, as well as previously recorded messages, must be submitted for the official record on or before February 17, 2020 to the address below.  Written comments must be received on or before February 17, 2020 and be addressed to Jasmine Shannon by mail to Office of the Secretary of State, Elections Division, 2 Martin Luther King Jr. Drive, S.E., 8th Floor West Tower, Atlanta, Georgia 30334 or by email to jshannon@sos.ga.gov.

The State Election Board will consider the proposed rule at a meeting scheduled to begin at 9:00 a.m. on February 28, 2020 at 2 MLK Jr. Dr. SE, 18th Floor, West Tower, Room 1816, Atlanta, Georgia 30334.

This notice is given in compliance with O.C.G.A. § 50-13-4.

This 24th day of January, 2020.

Brad Raffensperger
Chairman, State Elections Board

Posted:  January 24, 2020

**SYNOPSIS OF THE PROPOSED RULE OF THE
STATE ELECTIONS BOARD, CHAPTER 183-1-15, *RULES OF STATE
ELECTION BOARD*, RULE 183-1-15-.03 *OPTICAL SCAN RECOUNT
PROCEDURE***

Purpose:  The purpose of the rule is to provide a detailed description of the procedure for recounting votes using an optical scanning voting system.

Main Features:  The main feature of the rule is to implement a uniform procedure for conducting a recount that ensures an accurate and timely tabulation of the ballots cast while maintaining chain of custody and integrity of the process.

**THE PROPOSED RULE OF THE STATE ELECTION BOARD, CHAPTER 183-1-15, *RULES OF STATE ELECTION BOARD*, RULE 183-1-15-.03 *OPTICAL SCAN RECOUNT PROCEDURE***

NOTE: Struck through text is proposed to be deleted.  Underlined text is proposed to be added.  There is no current rule under State Board Rule 183-1-15-.03.

**RULE 183-1-15-.03 Optical Scan Recount Procedure**

1. Recounts of primaries and elections conducted using an optical scanning voting system shall be in accordance with this rule.

2. The recount shall be conducted by tabulating all ballots utilizing ballot scanners.

3. Prior to conducting a recount, the election superintendent shall test each ballot scanner to be used in the recount. A test deck shall be prepared to include scanning ballots marked by an electronic ballot marker and absentee ballots marked by hand. A manual hand count of the test deck shall be made and compared to the electronic tabulation of the test deck. If the two counts do not match, the discrepancy shall be researched and additional tests may be run. If the discrepancy cannot be resolved such that the manual hand count and electronic tabulation of the test deck matches, the ballot scanner shall not be used in the recount.

4. The recount shall be open to the view of the public, but no person except one designated for the purpose by the superintendent or the superintendent's authorized deputy shall touch any ballot or ballot container. The superintendent may designate a viewing area by which members of the public are limited for the purpose of good order and maintaining the integrity of the recount.

5. The tabulation of ballots must be completed through a precise, controlled process that ensures, for each ballot scanner used in the recount, no more than one ballot container is unsealed at any given time.

6.  A clear audit trail must be maintained at all times during the recount, including but not limited to, a log of the seal numbers on ballot containers before and after the recount.

7.  The ballot scanner shall be programmed to flag or reject ballots that contain an overvote for the contest to be recounted. One or more recount vote review panels shall be established, consistent with O.C.G.A. § 21-2-483(g), to manually review the overvoted ballots. The recount vote review panel shall determine by majority vote the elector's intent, as described in O.C.G.A. § 21-2-438(c), a duplicate ballot shall be created consistent with the elector's intent for the contest to be recounted, labeled "RECOUNT DUPLICATE", and used in the recount. The original overvoted ballot shall be retained.

8.  All ballots that required a duplicate ballot to be created in the original primary or election, as allowed by law, shall be reviewed by a recount vote review panel to determine that the votes marked in the contest to be recounted on the duplicated ballot are consistent with the elector's intent on the original ballot, as described in O.C.G.A. § 21-2-438(c). If a majority of the recount vote review panel determines that the duplicated ballot is not consistent with the elector's intent on the original ballot, a new true duplicate ballot shall be created consistent with the elector's intent for the contest to be recounted, labeled "RECOUNT DUPLICATE", and used in the recount. The original overvoted ballot and initial duplicated ballot shall be retained.

9.  If it appears that a ballot is so torn, bent, or otherwise defective that it cannot be processed by the ballot scanner, the recount vote review panel shall prepare a duplicate ballot for the contest to be recounted. All duplicate ballots created during the recount shall be clearly labeled by the word "RECOUNT DUPLICATE". The defective ballot shall be retained.

10. After all of the valid ballots to be included in the recount have been tabulated, the superintendent shall cause a printout to be made of the results and shall compare the results to the results previously obtained.  If upon completing the recount, it shall appear that the original vote count for the recounted contest was incorrect, such returns and all papers being prepared by the superintendent shall be corrected accordingly.

Authority: O.C.G.A. §§ 21-2-31, 21-2-495

## COPY OF THE PROPOSED NEW RULE

**RULE 183-1-15-.03   Optical Scan Recount Procedure**

1. Recounts of primaries and elections conducted using an optical scanning voting system shall be in accordance with this rule.

2. The recount shall be conducted by tabulating all ballots utilizing ballot scanners.

3. Prior to conducting a recount, the election superintendent shall test each ballot scanner to be used in the recount. A test deck shall be prepared to include scanning ballots marked by an electronic ballot marker and absentee ballots marked by hand. A manual hand count of the test deck shall be made and compared to the electronic tabulation of the test deck. If the two counts do not match, the discrepancy shall be researched and additional tests may be run. If the discrepancy cannot be resolved such that the manual hand count and electronic tabulation of the test deck matches, the ballot scanner shall not be used in the recount.

4. The recount shall be open to the view of the public, but no person except one designated for the purpose by the superintendent or the superintendent's authorized deputy shall touch any ballot or ballot container. The superintendent may designate a viewing area by which members of the public are limited for the purpose of good order and maintaining the integrity of the recount.

5. The tabulation of ballots must be completed through a precise, controlled process that ensures, for each ballot scanner used in the recount, no more than one ballot container is unsealed at any given time.

6. A clear audit trail must be maintained at all times during the recount, including but not limited to, a log of the seal numbers on ballot containers before and after the recount.

7. The ballot scanner shall be programmed to flag or reject ballots that contain an overvote for the contest to be recounted. One or more recount vote review panels shall be established, consistent with O.C.G.A. § 21-2-483(g), to manually review the overvoted ballots. The recount vote review panel shall determine by majority vote the elector's intent, as described in O.C.G.A. § 21-2-438(c), a duplicate ballot shall be created consistent with the elector's intent for the contest to be recounted, labeled "RECOUNT DUPLICATE", and used in the recount. The original overvoted ballot shall be retained.

8. All ballots that required a duplicate ballot to be created in the original primary or election, as allowed by law, shall be reviewed by a recount vote review panel to determine that the votes marked in the contest to be recounted on the duplicated ballot are consistent with the elector's intent on the original ballot, as described in O.C.G.A. § 21-2-438(c). If a majority of the recount vote review panel determines

that the duplicated ballot is not consistent with the elector's intent on the original ballot, a new true duplicate ballot shall be created consistent with the elector's intent for the contest to be recounted, labeled "RECOUNT DUPLICATE", and used in the recount. The original overvoted ballot and initial duplicated ballot shall be retained.

9.  If it appears that a ballot is so torn, bent, or otherwise defective that it cannot be processed by the ballot scanner, the recount vote review panel shall prepare a duplicate ballot for the contest to be recounted. All duplicate ballots created during the recount shall be clearly labeled by the word "RECOUNT DUPLICATE". The defective ballot shall be retained.

10. After all of the valid ballots to be included in the recount have been tabulated, the superintendent shall cause a printout to be made of the results and shall compare the results to the results previously obtained.  If upon completing the recount, it shall appear that the original vote count for the recounted contest was incorrect, such returns and all papers being prepared by the superintendent shall be corrected accordingly.

Authority: O.C.G.A. §§ 21-2-31, 21-2-495