**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**COALITION PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS ADDRESSING RIPENESS**

The Coalition Plaintiffs' claims related to Georgia's Dominion Voting System[1]—that its use does not comply with the Equal Protection and Due Process Clauses and violates the fundamental right to vote—are ripe.  This conclusion is amply supported by the detailed factual allegations and evidence set forth in the Coalition Plaintiffs' First Supplemental Complaint, *see* Doc. 628, and the Curling Plaintiffs' Third Amended Complaint, *see* Doc. 629.  Plaintiffs' filings show that the current and threatened enforcement of legal requirements for all in-person voters to use the Dominion System are causing and will cause Plaintiffs and other Georgia voters to suffer imminent deprivations of constitutional rights.  In fact, as

---

[1] *See* Doc. 640-1, at 2 n.2 (defining "Georgia's Dominion Voting System") (hereinafter, the "Dominion System").

explained below, some Coalition Plaintiffs and some of the Coalition for Good Governance's members have already been burdened in the exercise of their right to vote because of the problems of the new voting system.

## I.     The Legal Standard For Ripeness In The Eleventh Circuit

"We determine ripeness, which addresses both constitutional and prudential concerns, by evaluating '(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration.'" *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1380, (11th Cir. 2019). "Concerning fitness for judicial decision, we ask whether the parties raise an issue that we can decide without further factual development and whether the institutional interests of the court and agency favor immediate review." *Id.* "As for 'hardship,' litigants must show that they are 'forced to choose between foregoing lawful activity and risking substantial legal sanctions.'" *Id.* "If a claim is fit for judicial decision, that is end of the inquiry, and the matter is ripe, given that the absence of a 'hardship' 'cannot tip the balance against judicial review' under those circumstances." *Id.*

"We assess ripeness on a claim-by-claim basis. A facial challenge presenting a purely legal argument, for example, 'is presumptively ripe for judicial review' because that type of argument does not rely on a developed factual record." *Id.* "In contrast, an as-applied challenge 'necessarily requires the development of a

factual record for the court to consider.'" *Id.*  Importantly—where it is undisputed

that a plaintiff is "subject to" a challenged law "and is complying with its

regulations," such claims "require no more factual development to be ripe for

review." *Id.*

## II.   The Coalition Plaintiffs' Claims Are Ripe

Coalition Plaintiffs' supplemental claims invoke the fundamental right to

vote, the Equal Protection Clause, and the Due Process Clause to mount an as-

applied challenge to Defendants' enforcement of two statutes— O.C.G.A. § 21–2–

300(a)(2) (2019) and O.C.G.A. § 21–2–383(c) (2019)—that require in-person

Georgia voters to vote using the Dominion System.  These claims are fit for

judicial decision, and Coalition Plaintiffs will suffer hardship if the Court

withholds its consideration.

### A.   Fitness For Judicial Decision

The Coalition Plaintiffs' First Supplemental Complaint (the "FSC", Doc.

628), alleges imminent violations of constitutional rights:

- Georgia held elections using the Dominion System on November 5, 2019 (in a limited number of counties) with related recounts on December 3, 2019.  Twelve counties are currently conducting early voting in special state office elections with election dates of January 28 and February 4.  (Doc. 699, at 2.)  Every county plans to use the new system for elections beginning during the March 24, 2020 presidential primary election.  (Doc. 628, ¶ 7.) Voting begins

February 4 in the March 24 election as voters begin casting mail ballots.

- The Dominion System's ballot-marking devices ("BMDs") rely on a QR code or "barcode," the use of which in voting systems is inherently insecure, unreliable, and dangerous.  (Doc. 628, ¶¶ 167–75.)

- Because of the length and complexity of modern ballots, requiring voters to verify even a human-readable text summary of their touchscreen choices is a severe burden on the right to vote that will cause in-person voters to be less likely to cast an effective vote than are mail absentee voters.  (*Id.* ¶ 110.)

- Without every voter accurately verifying his or her complete ballot, BMD election outcomes become unauditable because the ballot cards are not uniformly reliable as records of voter intent.  (*Id.* ¶¶ 116.)

The foregoing non-conclusory allegations are required to be accepted as true in conducting a typical facial analysis of subject-matter jurisdiction under Rule 12(b)(1).  *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  For purposes of conducting the factual analysis required by the ripeness doctrine for "as-applied" claims, these allegations are substantiated in the record by proffered testimony and documentary evidence that has already been submitted in support of the Coalition Plaintiffs' pending Motion for Preliminary injunction.  (*See, e.g.*, Docs. 640-1, 680-1.) The injunction papers document numerous concrete examples of the threatened (and now ongoing) constitutional injuries that will be caused if the State's enforcement of statutes that require voters

to use the new voting system is not enjoined. These numerous documented harms include infringements on constitutional rights due to insecure and inaccurate e-pollbooks (PollPads), secrecy violations caused by overlarge BMD screens, and voters' inability to verify the content of their votes before casting them, among other things. (*See, e.g.*, Docs. 640-1, 680-1.)

The State moved to dismiss the FSC but has proffered no evidence that casts doubt upon the ripeness of the supplemental claims.  Indeed, in its motion to dismiss, the State only mentioned ripeness within its argument that the *DRE claims* must be deemed moot *if* the supplemental claims are found to be ripe. (Docs. 645-1, at 12, 14.)  Fulton County did not dispute ripeness at all, but instead chose to answer the FSC rather than make a motion to dismiss.  (Doc. 644.)

The facts supporting the supplemental claims are thus "sufficiently developed so as to render that issue fit for judicial resolution."  *Temple B'Nai Zion, Inc. v. City of Sunny Isles Beach*, 727 F.3d 1349, 1358 (11th Cir. 2013); *see also Club Madonna*, 924 F.3d at 1380 ("Next, the Club's as-applied challenges … require no more factual development to be ripe for review. It is undisputed that the Club is subject to the Ordinance and is complying with its regulations. And that compliance is what forms the factual basis of the Club's as-applied arguments."). The supplemental claims are fit for judicial decision.

**B.     Hardship Of Withholding Court Consideration**

As for the second element, hardship, that element is established because any delay in the Court's consideration of the supplemental claims will subject Coalition Plaintiffs to irreparable injury in the form of infringements on their (and, in the case of Coalition, on its members') fundamental right to vote, constitutional right to equal protection, and constitutional right to procedural due process.  Such hardship is guaranteed to be suffered by Plaintiffs because it is not hypothetical or speculative that elections will be conducted using the Dominion System; such elections are imminent and in some cases already occurring.

As the Eleventh Circuit has recognized, the ripeness analysis is generally used to safeguard against judicial review of hypothetical or abstract matters. *Hallandale Prof. Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1997).  That is not a concern here, because the FSC includes concrete allegations regarding how the use of the challenged voting system threatens the constitutional civil rights of Plaintiffs and other eligible Georgia voters in December 2019, January 2020, February 2020, and March 2020 elections. *Compare* FSC (Doc. 628), ¶¶ 7–9, ¶¶ 200–220 (allegations of threatened injuries), *with*, *Temple B'Nai Zion, Inc.*, 727 F.3d at 1358–59 ("When a plaintiff is challenging a governmental act, the issues are ripe for judicial review if a plaintiff

shows he has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act.").

Coalition Plaintiffs do not seek to remedy contingent or developing events. The use of the Dominion System, but for the granting of injunctive relief, is a certainty. *Compare Texas v. United States*, 523 U.S. 296, 300 (1998) (challenge to a statute that provided for appointment of a master or management team as an educational sanction was unripe where the state had not yet identified any school district in which appointment was foreseen); *Wyatt, V.I., Inc. v. Gov't of the V.I.*, 385 F.3d 801, 806–07 (3d Cir. 2004) (challenge to an arbitration agreement was not yet ripe where government had sent cease and desist letters but not yet taken any further regulatory action). Hardship to the Coalition Plaintiffs will undeniably result if the supplemental claims are not adjudicated now.

## III.   Ongoing Enforcement Of The Injunction Against DREs Has No Bearing

The State is wrong when it argues that Coalition Plaintiffs' supplemental claims cannot be ripe unless continued proceedings directed at enforcement of the Court's order prohibiting DREs are moot. (Doc. 645-1, at 12, 14.) The status of Coalition Plaintiffs' claims relating to DREs (or of any claims relating to any other state action) has *nothing* to do with the ripeness of the supplemental claims brought to challenge the Dominion System. Given Defendants' undisputed use of new

system in the November 2019 election and intended use of the new system in all elections after December 31, 2019, Plaintiffs' supplemental claims are ripe regardless of the status of the DRE claims.

Plaintiffs' supplemental claims are based upon a substantial risk of future injury from the State's enforcement of existing laws. "Justiciability in such cases depends not so much on the fact of past injury but on the prospect of its occurrence in an impending or future election." *See Babbitt v. UFW Nat'l Union*, 442 U.S. 289, 300 n.12 (1979) ("Though waiting until appellees invoke unsuccessfully the statutory election procedures would remove any doubt about the existence of concrete injury resulting from application of the election provision, little could be done to remedy the injury incurred in the particular election."). The status of the DRE claims is irrelevant to justiciability of the new, supplemental claims.

## IV.   The Reference To Ripeness In The *Fair Fight* Decision Is Inapplicable

In *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-cv-5391-SCJ, 2019 WL 6836774 (N.D. Ga. May 30, 2019), Judge Jones considered a mootness objection to claims challenging the State's DRE voting system at a time when "the current DRE voting machines are still in use and will likely remain in use through at least the next election and potentially longer." *Id*. at *12. Under those circumstances, the Court rejected the mootness objection but, in so doing, noted in

8

passing that, "any of Plaintiffs' claims based on the new voting machines might not yet be ripe for review." *Id*. at *12 n.7.

That comment in *Fair Fight* has no bearing on the issue of ripeness here. The comment was both inconclusive and dicta.  More importantly, its justification is absent here. DREs have now been decertified, (Doc. 689, ¶¶ 9-10); they can no longer lawfully be used to conduct Georgia elections. The Dominion System is now being used as the State's voting system.  Unlike in *Fair Fight*, the Coalition Plaintiffs' supplemental claims in this case seek relief from imminently threatened burdens on voters' rights that will be caused by the State's operative voting system.  Those burdens are already being suffered, and they will be magnified when the ongoing botched implementation of the Dominion System foreseeably results in the severe burdens of delay and voter disfranchisement that the FSC alleges to be imminently threatened.  (Doc. 628, ¶¶ 198-99 (alleging that "[w]hen the Secretary fails to implement the Dominion BMD System in time, Georgia voters will suffer severe burdens to their fundamental right to vote" due to "inconsistent local implementations of election processes," poll worker confusion, long lines, etc.).)  *Fair Fight* involved different facts at a different time; its speculation about any potential unripeness of a challenge to the Dominion System in that case simply does not apply here.

9

Postponing judicial consideration of the constitutionality of the Dominion System until after some future election will needlessly expose Coalition Plaintiffs and other Georgia voters to violations of their constitutional civil rights, up to and including complete disfranchisement.  The ripeness doctrine does not permit such an outcome—federal courts may and should adjudicate claims involving citizens' prospective voting rights in exactly these kinds of circumstances.  *See, e.g.*, *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1164 (11th Cir. 2008) (finding "hardship to would-be voters," where "there is no doubt that the [challenged] statute will be enforced" and "there may not be enough time to reach a decision on the merits before the actual election"); *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (finding "plaintiffs would suffer undue hardship by waiting until the eve of the election to seek a decision in their case"); *Black v. McGuffage*, 209 F. Supp. 2d 889, 896 (N.D. Ill. Mar. 29, 2002) (holding plaintiffs' claims are ripe because challenged voting machines were "more than likely" to be used in upcoming elections).  This Court should likewise proceed to a hearing on the Coalition Plaintiffs' supplemental claims.

## V.    Conclusion

The Coalition Plaintiffs' supplemental claims related to the Dominion System are ripe, and the State's motion to dismiss should be denied.

Respectfully submitted this 27th day of January, 2020.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ John Powers*
Ezra Rosenberg
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III