IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

The Court has scheduled a brief hearing on Plaintiffs' Motions for Preliminary Injunction [Docs. 619 & 640] on March 6, 2020 at 2:00 p.m. for the purpose of asking some limited questions of the State's counsel, witness-representatives (i.e., Chris Harvey), and designated experts regarding planned recount and audit processes and other BMD vote casting matters. To facilitate the hearing, Defendants shall be prepared to address the following:

(1) What is the status of the State Election Board rules on precertification tabulation audits required under O.C.G.A. § 21-2-498? What is the expected date for notice and comment on these proposed rules?

(2) The State has indicated that it conducted a risk-limiting audit pilot in November 2019 in Bartow County. The Secretary of State's website also currently indicates that "a pair of audits verified the accuracy of the system" and that "public audits will be routine beginning with this fall's general election." https://sos.ga.gov/index.php/elections/dress_rehearsal_shows_georgia_ready_

[for presidential preference primary](#).  (Entry posted 2/26/2020, Last visited February 29, 2020.)   O.C.G.A. § 21-2-498(e) requires the Secretary of State to provide the General Assembly with a comprehensive report regarding the results of the pilot audit within 90 days.  What is the status of that report?  Assuming the report is complete (as 90 days have passed), Defendants should file the report on the docket by March 4, 2020.[1]

Defendants should be prepared to have a witness address:  (a)  the results and findings of the pilot audits; (b) whether the State will be using such post-election audits or expanded alternative versions of the audits with  similar or different methodology to the ones earlier piloted in the upcoming March 2020 primary election (and if so, explain); (c) if no post-election auditing will be used in the March 2020 election, when will broader preparatory auditing be used in the coming election cycle, in light of the imminence of far more challenging, large, and complex election operations to be managed in the general elections?; and (d) will a scan of the visual image of each BMD ballot cast by voters be maintained by each County and/or the State of Georgia for record or future audit purposes?[2]

(3)   The State's counsel addressed at the last hearing the State's preliminary plans for handling voter identified concerns regarding the accuracy or operation of *particular* BMD machines or ballot scanner/printers flagged

---

[1] If any portion of the Report is deemed confidential by the State, it may file the Report under seal at this preliminary juncture.
[2] The Court anticipates that Defendants' counsel and Mr. Harvey will be able to address these questions.

2

during the voting process at specific precincts during an election. Mr. Harvey should address the following: What is the status of these plans? What are the plans?

(4) The State Defendants' new expert, Dr. Juan Gilbert, attests that the Dominion BMD voting system is currently auditable because: (a) it creates a voter-verifiable human readable paper record and (b) the human readable portion of the paper ballot printout is the official record and controls in any recount and audit as opposed to the QR barcode that is scanned for tabulation. Does Dr. Gilbert's testimony presuppose there is a current audit procedure in place for use in the March 2020 elections? State Defendants and their expert should be prepared to provide the factual and/or legal basis for Dr. Gilbert's opinions that (i) the human readable portion of the paper ballot printout is the official vote record, and (ii) the human readable portion of the paper ballot printout controls in any recount or audit.[3]

Counsel for the parties may be allowed time for limited follow-up questions to those posed by the Court. Counsel should not prepare a presentation or opening/closing argument, but should be prepared to answer any questions regarding the topics identified above.[4] If there is any new and relevant information regarding these topics the parties wish to share with the Court that is

---

[3] The Court understands that Dr. Gilbert will be made available via telephone.
[4] If counsel wish any of their experts to access the hearing via a telephone number to be made available by the Court, they should identify such witnesses for the Court.

3

not covered in the briefing, they can file it on the docket by Thursday, March 5, 2020 at 12:00 p.m.

**IT IS SO ORDERED** this 2nd day of March, 2020.

_____
**Amy Totenberg**
**United States District Judge**