# Exhibit 1
# Declaration of Richard DeMillo

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al. <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN P. KEMP, et al. <br><br> Defendant. | CIVIL ACTION FILE NO.: 1:17-cv-2989-AT |

**SUPPLEMENTAL DECLARATION OF RICHARD A. DeMILLO**

**RICHARD A. DeMiLLO** hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I have personal knowledge of the facts in this declaration and if called on to testify, I could and would testify competently thereto.

2. This declaration supplements my previous declaration of November 2, 2018 [Doc. 548], and December 16, 2019 [ Doc 680-1 at 45-56]

3. I am not a retained expert by any party to this action, but in the desire to aid the Court in the evaluation of technical assertions, I wish to voluntarily offer my opinion on the particular topic of the essential requirements post-election audits when computerized voting system are used for tabulation.

1

4. In my December 16, 2019 I stated at ¶ 22(c) that my personal "observations in the three BMD pilot voting locations in the November 5, 2019 Georgia municipal elections also confirm that far fewer than half of all voters do more than glance at ballot cards prior to casting the ballot." That fact would not permit a valid post-election audit of the outcomes to be conducted of the precincts I observed.

5. One location included in those personal observations was a precinct in the City of Cartersville election. The City of Cartersville election was later chosen by the Secretary of State for a post-election review of some attributes of the election. The Secretary of State erroneously claimed that these tests represented a Risk Limiting Audit of the Cartersville election and the accuracy of the outcomes. (https://sos.ga.gov/index.php/elections/risk-limiting_audit_concludes_paper-ballot_system_accurate )

6. As stated by Dr. Philip Stark in his Declaration of December 16, 2019, "The Cartersville pilot audit did not—and in principle could not—confirm that the reported outcomes were correct, because it did not and could not show that the BMDs functioned correctly."

7. The types of post-election reviews that are being conducted on BMD elections in Georgia cannot be considered "audits" of the correctness of

the election outcomes, because the machine generated ballot card that is tabulated is not a reliable or adequately voter-verified source record.

8. The paper I co-authored with Dr. Stark and Dr. Andrew Appel, *Ballot marking devices (BMDs) cannot assure the will of the people,* has been revised since it was last cited to this Court in Dr. Stark's December 16, 2020 Declaration (Doc. 680-1Stark Decl. ¶ 30b). The updated version is relevant to Georgia's attempts at audits is available at this link. (https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3375755).

9. The new Election Rule recently promulgated by the State Election Board Rule 183-1-12-.11(2)(b) requires that a voter "shall… review the selections on his or her printed ballot, scan his or her printed ballot into the scanner, and return the voter access card to a poll officer." The State's recent attempt to force voters to verify ballots cannot be effective to mitigate the issues that the Appel, DeMillo, and Stark paper presents regarding the inability of voters to create an adequately verified record for auditing. Even if the issues discussed in the Appel, DeMillo, and Stark paper could be resolved, the new rule would not be effective because it neither specifies that the puropose of the review is to detect errors introduced by the ballot marking device nor provides an objective

3

method for determining whether the review has been competently carried out.

Executed on this date, March 5, 2020.

Richard A. DeMillo