IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## NOTICE OF FILING REGARDING MARCH 6, 2020 HEARING

In two sua sponte orders entered on March 2, 2020 (the "Orders"), the Court posed a variety of questions for State Defendants to answer at the March 6, 2020 hearing set in accordance with the Court's February 28, 2020 notice of hearing.[1] [Docs. 714–15]. In accordance with the Court's instruction for the parties to file any information relevant to the Orders into the docket today, March 5, 2020, State Defendants submit this notice of filing.

The Court now has before it Plaintiffs' third set of preliminary injunction motions in this case. State Defendants interpret the Court's questions regarding those motions in the Orders to reach evidentiary matters

---

[1] The "State Defendants" are Defendants Secretary of State Brad Raffensperger, the State Election Board, and Board Members David Worley, Rebecca Sullivan, and Anh Le.

of interest to the Court, and they are prepared to address those at the March 6 hearing. Before the Court reaches those substantive questions, however, State Defendants believe the Court first should consider threshold matters, including whether the Court has jurisdiction over Plaintiffs' claims, as raised in State Defendants' Motion to Dismiss those Complaints. [Doc. 645]. Additionally, the Court next should consider whether Plaintiffs' preliminary-injunction motions seek relief that exceeds the scope of their operative complaints. Finally, State Defendants provide additional information in response to the Court's Orders this week in advance of the March 6, 2020 Hearing.

## I.     The Court must determine its jurisdiction and rule on State Defendants' Motion to Dismiss.

The United States Supreme Court has explained that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).  The Supreme Court continued: "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a

court to act ultra vires." *Id.* at 101-02 (describing standing as "the threshold jurisdictional question" in that case). And the Eleventh Circuit has held the same. *See U.S. v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) ("That this Court must first satisfy itself of our own jurisdiction is a rule without exception . . . .").

In *Davis v. Collins*, this Court considered a defendant's motion to dismiss, which sought dismissal on a variety of grounds, including lack of subject-matter jurisdiction. *Davis v. Collins*, No. 1:18-CV-03345-AT, 2018 WL 6163155 at *1 (N.D. Ga. Oct. 11, 2018) (Totenberg, J.). In granting the motion to dismiss in *Davis*, this Court elaborated at length on federal trial courts' need to decide jurisdictional questions before substantive ones, noting that "it is axiomatic that without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at *2 (quoting *Steel Co.*, 523 U.S. at 94) (brackets and internal quotation marks omitted). In doing so, this Court quoted relevant language from another trial court: "Before addressing the substantive issue of Plaintiffs' motion for preliminary injunction, the Court must first address the jurisdictional issue associated with Defendants' argument that this case must be dismissed for lack of federal subject matter

jurisdiction." *Id.* (quoting *Select Portfolio Servicing, Inc. v. Evaluation Sols., L.L.C.*, No. 306 CV 582J33, 2006 WL 2691784, at *2 (M.D. Fla. Sept. 20, 2006) (brackets and internal quotation marks omitted)). *Accord Hoak v. Ledford*, No. 1:15-CV-03983-AT, 2016 WL 8948417, at *13 n.15 (N.D. Ga. Sept. 27, 2016) (Totenberg, J.) (stating, in proposed class action, that trial court must make determination of jurisdictional standing before certifying the class; "when the court lacks jurisdiction, its only function is to announce that fact and dismiss the case") (citing *Steel Co.*, 523 U.S. at 94).[2]

State Defendants filed their Motion to Dismiss Plaintiffs' most-recent complaints on October 25, 2019. [Doc. 645]. That motion raises exactly the sort of jurisdictional questions binding precedent requires the Court to consider before entertaining the merits and substance of Plaintiffs' claims. *Steel Co.*, 523 U.S. at 94; *Amodeo*, 916 F.3d at 971; *Davis*, 2018 WL 6163155 at *2. Accordingly, before hearing evidence on Plaintiffs' motions, State Defendants respectfully request the Court rule on Defendants' Motion to Dismiss and determine its jurisdiction.[3]

---

[2] Judicial economy points to the same result, particularly in a case such as this one—pending for nearly three years.

[3] To be clear, State Defendants request the Court consider the entirety of their Motion to Dismiss before addressing Plaintiffs' claims.

II.    **Plaintiffs' Motions and the questions to be addressed at the March 6 Hearing exceed the scope of Plaintiffs' Complaints and jurisprudential limits of the federal judiciary.**

The Eleventh Circuit has recognized "[i]t is of course true that the case law has long established that the scope of an injunction should not exceed the identified violation." *Thomas v. Bryant*, 614 F.3d 1288, 1323 (11th Cir. 2010). Here, the controlling pleadings are Curling Plaintiffs' Third Amended Complaint and Coalition Plaintiffs' First Supplemental Complaint, [Docs. 627-28], which seek to subvert a policy decision of the State and impose Plaintiffs' preferred voting method. The questions to be addressed at the March 6 Hearing extend beyond the relief requested and, even if it were within the scope of the Complaints, the relief Plaintiffs seek exceeds the limits of whatever jurisdiction the Court may have.

First, the Curling Plaintiffs' Complaint, for example, contains no request for relief regarding the detailed administration of elections. Instead, Curling Plaintiffs request only declaratory and injunctive relief "prohibiting Defendants from using any system or devices for voting" they allege to be unconstitutional. [Doc. 627 ¶ 142].[4] Now, however, the Court has been drawn

---

[4] State Defendants note, however, that Curling Plaintiffs' voluminous citations to Georgia law may in fact be exceeding the limited scope of relief they can seek.

into a discussion of detailed administrative matters not contemplated in their Complaint.

Second, regardless of whether the Complaints encompass such detail, the federal judiciary is simply not in the business of administering elections. As highlighted in State Defendants' Motion to Dismiss, Plaintiffs now seek precisely what the Eleventh Circuit in this case indicated Plaintiffs could not seek: "[A] court order directing the precise way in which Georgia should conduct voting." *Curling v. Secretary of Georgia*, 761 F. App'x 927, 934 (11th Cir. 2019). There is no constitutional basis for this Court to oversee the administrative details of an election, a power the Constitution reserves to the State. U.S. Const. Art. I, § 4, cl. 1; *see also Pettengill v. Putnam Cty. R-1 Sch. Dist.*, 472 F.2d 121, 122 (8th Cir. 1973).

State Defendants are prepared to address the Court's questions in the March 6 evidentiary hearing, but they believe Plaintiffs' preliminary-injunction motions are pushing this Court into a position of "becom[ing] enmeshed in the minutiae of [state] operations." *See LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (explaining that Judges are not correctional officers and refusing to analyze the practical and theoretical implications of criminological doctrine in prison administration).

### III.   The paper ballot BMD System has been deployed throughout the State and the State Defendants continue implementing appropriate regulations and audits.

As the Court is aware, the State's new paper ballot BMD System has replaced the old DRE/GEMS system in its entirety, and citizens are currently voting with the new system. As part of deploying the BMD System, the State Election Board has implemented various rules and regulations to facilitate the deployment of the BMD System. *See, e.g.*, [Doc. 684] (notice of filing SEB Rules). State Defendants now wish to inform the Court that the Board has approved additional rules and amendments to previously promulgated rules, those relevant to this case are attached to this filing as **Exhibit 1**.

Finally, the Court requested State Defendants provide a report mandated by Georgia law regarding the State's audit pilot program. [Doc. 714, pp. 1–2]. Because the State's audit pilot program remains ongoing, the State has not completed that report. To date, the Secretary has conducted successful audits of the November 2019 municipal elections in the City of Cartersville (referenced by the Court) and the Senate District 13 special election, in Lee County, earlier this year. State Defendants will continue to conduct pilot audits throughout this year to determine and develop the most appropriate auditing procedure for statewide implementation. After the completion of the ongoing pilot program, the report required by O.C.G.A. §

21-2-498(e) will be prepared and provided to the Georgia General Assembly.

State Defendants are prepared to address this ongoing audit pilot at the

March 6 Hearing and provide additional information as requested by the

Court.

Respectfully submitted this 5th day of March 2020.

/s/ *Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250


Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the

foregoing **NOTICE OF FILING REGARDING MARCH 6, 2020**

**HEARING** has been prepared in Century Schoolbook 13, a font and type

selection approved by the Court in L.R. 5.1(B).

> */s/Vincent R. Russo*
> Vincent R. Russo

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **NOTICE OF FILING REGARDING MARCH 6, 2020 HEARING** with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all counsel of record.

This 5th day of March, 2020.

*/s/ Vincent Russo*