IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,            :
                                    :
                                    :
        Plaintiffs,                 :
                                    :
v.                                  :        CIVIL ACTION NO.
                                    :        1:17-cv-2989-AT
BRAD RAFFENSPERGER, *et al.*,       :
                                    :
                                    :
        Defendants.                 :

## **ORDER**

This matter is before the Court on the Plaintiffs' Motions for Attorney's Fees and Expenses [Docs. 595, 596]. Plaintiffs seek an award of attorney's fees and expense as prevailing parties under 42 U.S.C. § 1988 in light of this Court's August 15, 2019 Order granting in part their Motions for Preliminary Injunction. Collectively, Plaintiffs seek a total of $6,302,766.30 in attorney's fees and expenses up through the date of the Court's preliminary injunction Order.[1]

Although they do not expressly acknowledge the nature of their request, Plaintiffs are requesting an interim award as no final judgment has been entered in this case and Plaintiffs have filed amended complaints asserting additional challenges to the State's newly enacted Ballot Marking Device (BMD) voting system.

---

[1] Coalition Plaintiffs request an award of $1,899,381 in attorney's fees and expenses. (Coalition Reply, Doc. 705 at 3.) Curling Plaintiffs request an award of attorneys' fees and expenses of $4,403,385.30. (Curling Reply, Doc. 706 at 44.)

Section 1988 authorizes the Court, in its discretion, to award prevailing parties in civil rights actions reasonable attorney's fees as part of the costs in an action as private attorneys general. 42 U.S.C. § 1988; *Fox v. Vice*, 563 U.S. 826, 833 (2011) (recognizing that prevailing civil rights plaintiffs ordinarily are entitled to a fee award under § 1988 because they serve as "private attorneys general" who vindicate policies that "Congress has considered of the highest priority"); *Farrar v. Hobby*, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring).  "The statute itself prescribes no time frame for filing the request for attorney's fees." *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 724 (11th Cir. 1992).  Generally, attorney's fee requests "must be made within a reasonable period of time *after the entry of final judgment*." *Id.* (emphasis added) (citing *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers*, 817 F.2d 1533, 1536 (11th Cir. 1987) and *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983)).

At the same time, however, the Supreme Court has recognized that in some circumstances a person may be a "prevailing party" under § 1988 without having obtained a favorable "final judgment following a full trial on the merits," and that Congress contemplated the award of fees *pendente lite* to be appropriate in some cases. *Hanrahan v. Hampton*, 446 U.S. 754, 756–57 (1980).  Section 1988 permits such an interlocutory award of counsel fees only when a party has prevailed on the merits and established his entitlement to relief on at least some of his claims.  *Id.* at 757-58.  Eleventh Circuit precedent also recognizes that the availability of interim fee awards can further the purposes of § 1988 by enabling civil rights

attorneys to undertake representation when litigation is likely to be protracted in difficult and complex cases that require significant investment of time and resources. *See James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 358–59 (5th Cir. 1977)[2] ("There is a danger that litigants will be discouraged from bringing [civil rights] suits because of the risks of protracted litigation and the extended financial drain represented by such a risk. An award of interim attorneys' fees will prevent extreme cash-flow problems for plaintiffs and their attorneys."); *McGuire v. Murphy*, 285 F. Supp. 3d 1272, 1284 (M.D. Ala. 2018); *Walters v. City of Atlanta*, 652 F. Supp. 755, 761 (N.D. Ga. 1985), *modified on other grounds*, 803 F.2d 1135 (11th Cir. 1986).

In considering whether to allow Plaintiffs to recover an interim fee award, the Court is mindful of the following factors relevant to the propriety of an interim award of attorney's fees: "(1) whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated; (2) whether the moving party will be unable to continue litigating the case absent an interim award; (3) whether the party opposing the interim award has been guilty of dilatory tactics; and (4) whether the action has been or is likely to be unduly protracted." *McGuire v. Murphy*, 285 F. Supp. 3d at 1284 (quoting *Walters v. City of Atlanta*, 652 F. Supp. at 761).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

Again, Plaintiffs have not addressed these factors in their fee motions, instead focusing solely on their entitlement as prevailing parties and the asserted reasonableness of the amount of fees and expenses requested.  Along with an additional consideration discussed below, at least two of these factors counsel against a finding that an interim award is necessary under the circumstances.

First, the Court notes (without commenting on the merits of such an argument) that Plaintiffs themselves argue that their original claims challenging Georgia's former DRE voting system which has been discontinued are fundamentally the same in their objective as their newly asserted claims challenging Georgia's BMD voting system.[3]  Indeed, the ultimate relief requested – an order requiring Georgia to move to hand-marked paper ballots for all elections – is identical for both sets of claims.[4]  Thus, if Plaintiffs' arguments are to be accepted, the first factor would weigh against an award now because the

---

[3]  Plaintiffs made this argument days after Governor Kemp signed HB 316 into law mandating implementation of BMDs as the new uniform statewide voting system and again in support of their requests to assert their BMD claims alongside the DRE claims and in response to Defendants' motions to dismiss the amended complaints.  (*See* Coalition Status Report, Doc. 351, arguing that their existing complaint encompassed a challenge to BMDs because "[l]ike the touchscreen DRE machines, the proposed new BMD touchscreen voting system does not produce an accountable vote or auditable results, offers no improvement over the DRE system, and shares the DRE's security flaws," and indicating they would seek to permanently enjoin DREs and BMDs); (*see also* Coalition Mot. for Leave to File Suppl. Compl., Doc. 600 at 7) ("[T][there is no prejudice to the Defendants since they have been well aware for months now that the Coalition Plaintiffs understand the scope of this action to properly encompass claims against any of the BMD systems that the State has been considering to replace DREs."); (*see also* Curling Resp. to Mot. to Dismiss Am. Compl., Doc. 651 at 17) ("While Curling Plaintiffs' claims regarding the [BMD] Election System arise from recent actions taken by State Defendants, they are legally identical to the DRE-related claims that this Court previously ruled Curling Plaintiffs have standing to pursue.")

[4]  Though the ultimate hand-marked paper ballot relief requested may be similar, the Court notes there are differences in the evidentiary record, at least at present, regarding Plaintiffs' claims in connection with the DRE and BMD claims.

grounds for an interim fee award may arguably not be sufficiently discrete from matters remaining to be litigated.  While the Court's view as to the similarity of the claims, as opposed to relief requested, may turn out to be different than that advocated by Plaintiffs, the Court recognizes that all parties here are capable of arguing both sides of this coin at different points.

Second, neither group of Plaintiffs has asserted that their counsel will be unable to continue litigating this case, or unable to take on other election cases, due to a lack of resources.  And as this Court is aware, counsel for Curling Plaintiffs at Krevolin and Horst and counsel for the Coalition Plaintiffs, Bruce Brown, Robert McGuire, and the Lawyer's Committee for Civil Rights, have filed several other cases involving challenges to Georgia's election provisions since the Court issued its August 2019 preliminary injunction Order.  Therefore, Plaintiffs have not at this time shown that they will be unable to continue litigating this case without the Court granting their fee award *pendente lite*.

The Court recognizes that awards of costs and fees under § 1988 exist to enable plaintiffs with meritorious claims to attract competent counsel in cases such as this one – cases that benefit the public by securing compliance with constitutional law, but that do not promise much, if anything, in the way of a monetary damages award. And very capable counsel are handling the respective Plaintiffs' claims here.  While there are certainly cases where requiring counsel to wait years between entry of final judgment and a fee award would undermine one purpose of § 1988 by making representation in civil rights cases financially

untenable and by discouraging members of the bar from undertaking similar cases in the future, this does not appear to be the case here.  At least Plaintiffs have not argued as much in their motions as a basis to justify an award prior to the entry of final judgment in this case.

This is not to diminish Plaintiffs and their counsel's contribution and commitment to protecting the constitutional rights of Georgia voters through their efforts in litigating this and other cases in this district.  Nor is it an indication that the Court does not believe that Plaintiffs are entitled as prevailing parties on some portion of their claims here to an eventual award of reasonable attorney's fees and expenses under § 1988.  However, the Court in its discretion finds that it is more prudent to wait until a final resolution of this case to award fees at this juncture.  This determination is influenced by the factors discussed above – but also in part by the Court's recognition of the immediate pressing needs and deficits the State must address due to the current public health crisis and the reverberating economic fallout from the COVID-19 pandemic.[5]  This is especially so given the monetary size of interim fees and expenses sought in this case.  It would not be in the public interest to add significant strain to the State's available financial resources necessary to address the welfare and safety of Georgians in these

---

[5] The Court also recognizes that the 2020 election cycle under the pandemic circumstances may well demand State expenditures beyond the norm.  The Secretary of State has recently expended more than $3,000,000 to expand Georgia voters' access to the absentee ballot voting process to assist voters in avoiding the risk of exposure posed by in-person voting during the imminent federal and statewide primary and general elections.  *See Black Voters Matter Fund et al v. Raffensperger*, Civil Action No. 1:20-cv-1489-AT.  And far more expenditures, beyond the norm for a Presidential election cycle, may well be required under the current circumstances.

unprecedented times. But time and circumstances may also change the Court's determination.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motions for Attorney's Fees and Expenses [Docs. 595, 596]. Plaintiffs may renew their request once a final judgment has been entered on their claims or if circumstances change that would support an interim award under the factors discussed herein.

**IT IS SO ORDERED** this 26th day of May, 2020.

**Amy Totenberg**
**United States District Judge**