# EXHIBIT B

# Bryan Tyson

| | |
|---|---|
| **From:** | Bryan Tyson |
| **Sent:** | Friday, January 24, 2020 4:26 PM |
| **To:** | Cary Ichter; Bruce Brown; hmaholdingsllc@gmail.com; Cross, David D.; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; Bryan Tyson; cheryl.ringer@fultoncountyga.gov; Carey Miller; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante; Bentrott, Jane P.; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary; ram@lawram.com; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato |
| **Subject:** | Curling v. Raffensperger - Delivery of GEMS Databases |
| **Attachments:** | Cover Letter for GEMS Databases 01 24 2020 (01674924xBE13C).PDF |
| | |
| **Follow Up Flag:** | Copied to Worldox (Clients\0075459\0003\01675740.MSG) |

Counsel:

Consistent with the conversation with the Court last Friday, the following GEMS Databases are being delivered by courier to Mr. Icther's office and are being sent by Fedex Saturday delivery to Mr. Cross and Ms. Kaiser's office:

1. 2016 Presidential Preference Primary
2. 2016 General Primary and Nonpartisan General
3. 2016 November General Election
4. 2017 CD 6 Special Election
5. 2017 CD 6 Special Election Runoff
6. 2018 General Primary and Nonpartisan General
7. 2018 General Primary Runoff

This list is consistent with what Plaintiffs agreed was the list of elections they needed during the call with the Court last week. Transcript of January 17, 2020 Teleconference at 26:23-27:23. There were only three statewide elections in 2016, not four as we believed on the call. The 2016 General Primary Runoff did not include any statewide offices, but rather Congressional District 3 and a handful of legislative seats. See https://results.enr.clarityelections.com/GA/62848/174629/en/summary.html  Consistent with Plaintiffs' request for statewide elections only, Transcript at 14:12-14, 23:11-13, we have not included the GEMS Databases from that election.

These databases are being produced on six CDs, one for each election except that both 2017 elections are on a single disc, with the data stored in the format maintained by the Georgia Archives and/or the Elections Division of the Secretary of State's office. Each statewide election leads to 159 individual CDs from counties, which have been grouped together by election. As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

Following the call with the Court on January 17, Ms. Kaiser and Mr. McGuire sent three different emails, asking a variety of questions about additional parameters for the review of the GEMS Databases. State Defendants provide the following answers:

1. To Ms. Kaiser's question of January 17: State Defendants have no objection to Dr. Woods and his team conducting their analysis at their offices, so long as he and his team adhere to the protective order in this matter and the limited purpose of the review. Transcript at 36:11-18.
2. To Mr. McGuire's question of January 17: State Defendants will only be providing post-election databases for each election. The Court specifically limited the analysis of the GEMS databases to identifying machines, not for mining through the databases for other information. Transcript at 36:11-18. Because the pre-election databases are created before any memory cards are associated with particular DRE units for an election, we will be providing the post-election databases for the listed elections. If you can provide us with additional information about why the pre-election databases are relevant to the identification of DRE units used in particular elections, we will reconsider your request.
3. To Mr. McGuire's question of January 21: State Defendants appreciate the identification of Mr. Wilson as the individual who will be undertaking the analysis under the supervision of Mr. Ichter.
4. To Mr. McGuire's question of January 21: State Defendants do not object to Mr. Wilson conducting his analysis in Ann Arbor, so long as he abides by the general protective order in this case and is under the supervision of "senior personnel." Transcript at 32:24-34:25. Like Dr. Woods, Mr. Wilson's analysis of the GEMS databases is limited to identifying machines, and not conducting other discovery or analysis on the databases. Transcript at 36:11-18.
5. To Mr. McGuire's question of January 21: State Defendants object to Ms. Marks having any part in the analysis or review of the GEMS Databases being produced. The Court specifically limited the analysis of the GEMS Databases to identifying machines, not a general review of the databases themselves and required someone "at least a step removed" from the PR efforts of the Coalition to conduct the analysis. Transcript at 36:11-18, 34:9-13. Ms. Marks does not meet that description and State Defendants will not agree to allow her to have any part of the analysis.
6. To Mr. McGuire's question of January 21: State Defendants are only producing post-election databases for the reasons outlined in response to item 2.

We further propose that, in lieu of a statistical sample (or if a sample cannot be provided on the timeline set by the Court), State Defendants collect the units currently held by counties that were segregated by earlier orders of the Court and preserve those units for whatever the Court may order, with authorization to destroy the remaining units. This approach imposes almost no burden on anyone to search for machines and ensures that units that have not been used since the 2017 special election will be preserved for whatever the Court may order if the Court determines the DRE claims are not moot. *See* Transcript at 27:24-29:6.

The cover letter being sent with each set of CDs is attached. As indicated in that letter, if you require any further technical information to review the databases, please let us know and we will provide it immediately.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.