# EXHIBIT F

taylor | english

**Taylor English Duma LLP** 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339
Main: 770.434.6868 Fax: 770.434.7376 taylorenglish.com

Bryan P. Tyson
Direct Dial: (678) 336-7249
Email: btyson@taylorenglish.com

May 9, 2020

**VIA EMAIL TO bbrown@brucepbrownlaw.com**
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE, Suite 6
Atlanta, Georgia 30306

**VIA EMAIL TO MKaiser@mofo.com**
David Cross, Esq.
Mary Kaiser, Esq.
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888

      *Re:*    *Curling v. Raffensperger*
             *Cost of Preservation of DRE Machines*

Dear Ms. Kaiser and Messrs. Brown and Cross:

As we all navigate the fallout of the spread of COVID-19, I write to revisit our earlier requests regarding the more than 30,000 DREs being stored in warehouses at Georgia taxpayer expense and propose options for resolving the outlay of taxpayer funds. I begin with a brief recap of where we stand.

## FACTUAL BACKGROUND

As you will recall, on November 11, 2019, in consideration of Plaintiffs' requests for a forensic examination of the DREs, Judge Totenberg issued an order requiring the continued preservation of all roughly 30,000 of those units. [Doc. 668]. At a status conference on December 6, 2019, Judge Totenberg urged the parties to meet and discuss the disposition of the DREs, in consideration of the cost of approaching $500,000 per year to store the units that, if not for this litigation, would have already been securely disposed of because the State cannot use them in any subsequent elections. Transcript of December 6 conference, at 85:25-86:5. State Defendants then made multiple requests of Plaintiffs for a statistical sample of DREs to preserve so that the remainder could be destroyed, resulting in significant savings to the taxpayers of the State of Georgia. [Doc. 689-1, 689-2].

On December 20, 2019, Plaintiffs advised that they needed a comprehensive inventory of all machines (which had been previously produced) but additionally needed to

Bruce Brown, Esq.
David Cross, Esq.
May 9, 2020
Page 2

know "the precinct and election during which it was last used." [Doc. 689-3]. Curling Plaintiffs further explained that, as soon as this "usage" information was provided, they could create a statistical sample in coordination with their experts. [Doc. 692, p. 18].

During another teleconference with the Court on January 17, 2020, the Court proposed a theoretical resolution, that the "State will provide CDs of the GEMS databases to Plaintiffs counsel by January 24th. Plaintiffs will provide the State with a list of DREs for preservation by February 3rd." [Doc. 701]. During that hearing, Ms. Kaiser noted, "But we know that the GEMS database has a sealed machine ID, **and if that is the same thing as the machine serial code**, this information may exist electronically in the GEMS database." Transcript of January 17 teleconference, at 14:18-21 (emphasis added). At that same teleconference and in later correspondence, counsel for State Defendants explained the manual process that was required to locate serial numbers of DREs used in particular elections, which are different than the machine IDs referenced by the Plaintiffs. Transcript of January 17 teleconference, at 12:2-14:9; *see generally*, Exhibits attached to this letter.

On January 24, 2020, State Defendants provided the GEMS Databases it was able to locate, explained in detail the process used, and answered several questions from Plaintiffs. January 24 email from B. Tyson, attached as Ex. A. While some databases were missing as a result of the actions of some counties, State Defendants produced 743 of the 795 requested GEMS Databases on January 24, or more than 93% of the databases requested. At that time, State Defendants continued to search for the remaining 52 databases.

On January 31, Curling Plaintiffs notified State Defendants that "We may also need additional information from Defendants **since we have learned that the GEMS databases do not contain machine serial numbers** needed to isolate specific machines." Email from M. Kaiser, attached as Ex. B (emphasis added). In other words, Plaintiffs had now identified the exact concern State Defendants had raised previously. Transcript of January 17 teleconference, at 12:2-14:9. In fact, the entire exercise of gathering over 700 GEMS Databases seems to have been useless for the purpose for which Plaintiffs proposed it.

State Defendants then notified Plaintiffs that we saw no need to continue searching for GEMS Databases if the serial numbers were not included—as previously explained, reconciling "Machine ID" codes to serial numbers would be practically impossible *Id.*; Email from B. Tyson attached as Ex. C. Email correspondence continued explaining these issues, but ultimately reaching the same point—a statistical sample of DREs by Machine ID would be useless because it would still require a manual county-by-county search for additional paper records. Email from B. Tyson, attached as Ex. D.

Regardless of whether the information would be useful, Plaintiffs proceeded to create samples based almost exclusively on Machine IDs. On February 10, Curling Plaintiffs emailed a spreadsheet containing a statistical sample of DREs and optical scanners they

Bruce Brown, Esq.
David Cross, Esq.
May 9, 2020
Page 3

proposed the State continue to maintain. It consisted of **10,242 units**[1]—more than a third of the entire inventory of DREs—with only Machine ID information and nothing further. Coalition Plaintiffs' list was more reasonable, consisting of 473 DREs by Machine ID and another 140 units identified by serial number. It is practically unknowable whether there is any overlap between the various samples.

As all of you are aware, slightly more than a week after the March 6 hearing on the latest round of preliminary-injunction motions, the COVID-19 pandemic took hold and resulted in nationwide and state declarations of public-health emergencies. Later, on May 1, 2020, Governor Kemp ordered all state agencies to plan for cuts of at least 14% based on anticipated lost revenue. *See* Atlanta Journal-Constitution, *Georgia agencies told to plan billions in spending cuts due to pandemic,* https://www.ajc.com/news/state--regional-govt-- politics/georgia-agencies-told-plan-billions-spending-cuts-due- pandemic/tLrAiX29jBWzIizTLzX8wN/ (May 1, 2020).

The Elections Division budget for the Secretary of State is slightly over $6.2 million for Fiscal Year 2020. *See* H.B. 792 (2020), line 304.100. The Secretary is currently paying more than $36,000 per month to store the DREs that will never be used again. Cutting 14% of the Elections Division budget to meet the Governor's requirements will require a cut of $868,343. In other words, the cost of storing the DREs is more than $430,000 per year— almost half of the required cuts.

## LEGAL ISSUES

You are well aware of our position that any issues involving DREs are now moot. Continuing to preserve the DREs at a significant cost to Georgia taxpayers in times of national crisis for state budgets across the country is wasteful and unnecessary

Fed. R. Civ. P. 1 explains that the reason for the Federal Rules is to "secure the just, speedy, **and inexpensive** determination" of cases (emphasis added). Continuing to maintain more than 30,000 DREs that will never be used again—at a significant cost to the state—is inconsistent with this requirement.

Further, in other cases involving physical property that a party seeks to analyze, such as airplane or boat wreckage, courts have held that "it would be unreasonable to expect the owner to store the [property] indefinitely at a cost that far exceeds the value of the [property]." *Fanning v. Honeywell Aero.*, No. 3:14-1650, 2016 U.S. Dist. LEXIS 165873 at *8 (M.D. Tenn. Dec. 1, 2016) quoting *Pirello v. Gateway Marina*, 2011 U.S. Dist. LEXIS 113632 at *5 (E.D.N.Y. Sept. 30, 2011). This is especially true when the State is spending sums approaching a half-million dollars a year for machines that have a value of exactly zero to the State of Georgia.

---

[1] Specifically, the "sample" included 9,298 DREs and 944 optical-scan units.

Bruce Brown, Esq.
David Cross, Esq.
May 9, 2020
Page 4

Your remaining claims in this case are not related to DREs. The sole reason Plaintiffs continue to demand that the old DREs are stored is the completely theoretical, speculative accusation that some unknown malware *may* have crossed over into the new system.

Ultimately, given the high cost to Georgia taxpayers, the fact that your case is no longer even about these machines, and the fact that these machines can never again be used in Georgia elections pursuant to Georgia law, it makes no sense to continue preserving these DREs under these circumstances.

### PROPOSALS FOR RESOLUTION

Given the inability for anyone to create a meaningful statistical sample based on serial numbers, the fact that DREs are not stored in serial-number order, and the significant burden on the taxpayers of the State of Georgia to maintain machines that will never be used again during massive budget cuts in a pandemic, State Defendants offer the following possible resolutions:

1. Plaintiffs consent to an order allowing the destruction of the DREs; or

2. Plaintiffs assume the entirety of the costs of storing the existing DREs.

Please let us know by Wednesday, May 13 if you will consent to either of these options given the current crisis facing taxpayers across the country. If you do not agree to one of these options, please explain in writing why the taxpayers of Georgia need to continue to face this expense when the machines are being kept in a warehouse solely for the plaintiffs in this case.

If you cannot agree to these options, we will have no choice but to bring this matter to the Court on an emergency basis.

Sincerely,

Bryan P. Tyson

cc: All Counsel of Record (via email)

# EXHIBIT A

**Bryan Tyson**

| | |
|---|---|
| **From:** | Bryan Tyson |
| **Sent:** | Friday, January 24, 2020 4:26 PM |
| **To:** | Cary Ichter; Bruce Brown; hmaholdingsllc@gmail.com; Cross, David D.; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; Bryan Tyson; cheryl.ringer@fultoncountyga.gov; Carey Miller; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante; Bentrott, Jane P.; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary; ram@lawram.com; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato |
| **Subject:** | Curling v. Raffensperger - Delivery of GEMS Databases |
| **Attachments:** | Cover Letter for GEMS Databases 01 24 2020 (01674924xBE13C).PDF |
| | |
| **Follow Up Flag:** | Copied to Worldox (Clients\0075459\0003\01675740.MSG) |

Counsel:

Consistent with the conversation with the Court last Friday, the following GEMS Databases are being delivered by courier to Mr. Icther's office and are being sent by Fedex Saturday delivery to Mr. Cross and Ms. Kaiser's office:

1. 2016 Presidential Preference Primary
2. 2016 General Primary and Nonpartisan General
3. 2016 November General Election
4. 2017 CD 6 Special Election
5. 2017 CD 6 Special Election Runoff
6. 2018 General Primary and Nonpartisan General
7. 2018 General Primary Runoff

This list is consistent with what Plaintiffs agreed was the list of elections they needed during the call with the Court last week. Transcript of January 17, 2020 Teleconference at 26:23-27:23. There were only three statewide elections in 2016, not four as we believed on the call. The 2016 General Primary Runoff did not include any statewide offices, but rather Congressional District 3 and a handful of legislative seats. See https://results.enr.clarityelections.com/GA/62848/174629/en/summary.html  Consistent with Plaintiffs' request for statewide elections only, Transcript at 14:12-14, 23:11-13, we have not included the GEMS Databases from that election.

These databases are being produced on six CDs, one for each election except that both 2017 elections are on a single disc, with the data stored in the format maintained by the Georgia Archives and/or the Elections Division of the Secretary of State's office. Each statewide election leads to 159 individual CDs from counties, which have been grouped together by election. As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

Following the call with the Court on January 17, Ms. Kaiser and Mr. McGuire sent three different emails, asking a variety of questions about additional parameters for the review of the GEMS Databases. State Defendants provide the following answers:

1. To Ms. Kaiser's question of January 17: State Defendants have no objection to Dr. Woods and his team conducting their analysis at their offices, so long as he and his team adhere to the protective order in this matter and the limited purpose of the review. Transcript at 36:11-18.
2. To Mr. McGuire's question of January 17: State Defendants will only be providing post-election databases for each election. The Court specifically limited the analysis of the GEMS databases to identifying machines, not for mining through the databases for other information. Transcript at 36:11-18. Because the pre-election databases are created before any memory cards are associated with particular DRE units for an election, we will be providing the post-election databases for the listed elections. If you can provide us with additional information about why the pre-election databases are relevant to the identification of DRE units used in particular elections, we will reconsider your request.
3. To Mr. McGuire's question of January 21: State Defendants appreciate the identification of Mr. Wilson as the individual who will be undertaking the analysis under the supervision of Mr. Ichter.
4. To Mr. McGuire's question of January 21: State Defendants do not object to Mr. Wilson conducting his analysis in Ann Arbor, so long as he abides by the general protective order in this case and is under the supervision of "senior personnel." Transcript at 32:24-34:25. Like Dr. Woods, Mr. Wilson's analysis of the GEMS databases is limited to identifying machines, and not conducting other discovery or analysis on the databases. Transcript at 36:11-18.
5. To Mr. McGuire's question of January 21: State Defendants object to Ms. Marks having any part in the analysis or review of the GEMS Databases being produced. The Court specifically limited the analysis of the GEMS Databases to identifying machines, not a general review of the databases themselves and required someone "at least a step removed" from the PR efforts of the Coalition to conduct the analysis. Transcript at 36:11-18, 34:9-13. Ms. Marks does not meet that description and State Defendants will not agree to allow her to have any part of the analysis.
6. To Mr. McGuire's question of January 21: State Defendants are only producing post-election databases for the reasons outlined in response to item 2.

We further propose that, in lieu of a statistical sample (or if a sample cannot be provided on the timeline set by the Court), State Defendants collect the units currently held by counties that were segregated by earlier orders of the Court and preserve those units for whatever the Court may order, with authorization to destroy the remaining units. This approach imposes almost no burden on anyone to search for machines and ensures that units that have not been used since the 2017 special election will be preserved for whatever the Court may order if the Court determines the DRE claims are not moot. *See* Transcript at 27:24-29:6.

The cover letter being sent with each set of CDs is attached. As indicated in that letter, if you require any further technical information to review the databases, please let us know and we will provide it immediately.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

# EXHIBIT B

**Bryan Tyson**

| | |
|---|---|
| **From:** | Kaiser, Mary <MKaiser@mofo.com> |
| **Sent:** | Friday, January 31, 2020 12:30 PM |
| **To:** | Bryan Tyson; Robert McGuire; Cary Ichter; bbrown@brucepbrownlaw.com; Cross, David D.; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; cheryl.ringer@fultoncountyga.gov; Carey Miller; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante; Bentrott, Jane P.; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato |
| **Subject:** | RE: Curling v. Raffensperger - Delivery of GEMS Databases |

Bryan,

Given the delay of service, the files missing from your GEMS database production, and issues with accessing and processing the data provided—including potential corruption issues—Curling Plaintiffs need until next Friday, February 7, to provide our list of DREs for preservation. We may also need additional information from Defendants since we have learned that the GEMS databases do not contain machine serial numbers needed to isolate specific machines. However, our experts are exploring options to work with the existing data to come up with a reliable statistical sample. We hope to send the sample set sooner than next Friday but it depends on our experts' ability to use the data provided and the timing of obtaining the outstanding data the Court required you to provide for sampling.

Thanks,
Mary

**MARY KAISER**
Associate | Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
**P:** +1 (202) 887-6952
mofo.com | LinkedIn | Twitter

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 31, 2020 9:14 AM
**To:** Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; bbrown@brucepbrownlaw.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

**- External Email -**

---

Robert,

As I explained in my email last Friday:

> As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

To restate this again: we produced all the databases that were readily accessible from the Secretary's Office and the Archives. The Secretary's office is continuing to search in other locations for the additional databases you identified below as quickly as possible. If they cannot be obtained from the Archives, then we will have to request the databases from counties. We do not yet have a timeline for that process.

Not including the 2018 election databases that you already had, you now have 93% of the databases you requested for the statistical sample (743 of the 795 county databases). We expect that your experts are already making an effort to complete the vast majority of the work involved in creating a statistical sample for most of the counties in the State. Let us know if we are mistaken.

For your questions on preservation, I'll refer you to the transcript of the call with the Court.

Thanks,

Bryan

P.S. I have removed Mr. Wilson from this email.



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Robert McGuire <ram@lawram.com>
**Sent:** Thursday, January 30, 2020 12:06 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan, can you please respond to my message below?

We take your silence thus far to mean the State acknowledges that our ability to provide a list of DREs on 2/3 depends on the State getting us the databases that your side told the Court on 1/17 that we would have by 1/24.  We are still waiting for complete databases.

We want to be responsive as possible to the State's preservation concerns, but we obviously can't release DREs until and unless we get the info the State promised.  So please let us know—when can we expect to receive the complete GEMS databases?

Thanks in advance.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                    *** NOTE NEW CONTACT DETAILS BELOW ***
*SHAREHOLDER* | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com |T/F: 720.420.1395 |T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

---

**From:** Robert McGuire
**Sent:** Monday, January 27, 2020 9:42 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

Thank you for the delivery of disks containing certain GEMS databases to Cary Ichter's office on Friday (albeit right at the closing of business.)

The purpose of this email is to advise you that Coalition Plaintiffs have inventoried the files received and found that quite a few necessary files are missing. I have listed them below based on our initial inventory. It is possible that Ritchie Wilson's sample selection work will locate other missing or unusable data, and we will promptly inform you if that occurs.

Will you please let us know when your client can provide all the data for the elections that the State promised at the hearing (and that you represent as having been delivered to us in your email copied below)?

Note that the time frame for Coalition's communication of a complete selected sample (and thus of the DRE machines that must continue to be preserved) will necessarily have to be extended past February 3rd—at least in part, with respect to the counties we do not yet have info for.  Please confirm that the State does not object to extending the February 3rd deadline for our DRE listing until such time as (1) all information that the State promised to provide has been made available to us and (2) we have had an additional ten days from then—which is the amount of time that the Court considered reasonable for us to review the databases assuming their complete production on January 24th (which has not happened).

We oppose the proposal for destruction of any DRE system equipment until our sample selection work has been completed.  From the Coalition Plaintiffs' perspective, our necessary discovery will be impaired if the DREs are not kept in working order or if the records on them are in any way damaged by the recycler.   The State has previously told the Court that all this equipment would be preserved.  Preservation is provided for in the State's contract with the recycler.  Setting aside the State's litigation duty not to destroy electronic records from the identified elections until Plaintiffs agree that their sample needs have been satisfied, the State also has two-year records retention duties under federal and state laws.  Given all this, the cost of preservation cannot justify rushing now to destroy DREs prematurely.  Preserving the equipment for the brief amount of additional time now required to permit us to select and conduct our necessary discovery work does not create any unanticipated (much less undue) burden on the State.

The list of missing files based on our preliminary review are the following:


Election: 2016 03 01 Presidential Preference Primary
Total Counties Found: 153
Missing Counties:
015 bryan
026 chattahoochee
091 long
104 morgan
115 polk
153 wheeler
*A note about Macon County in the 2016 General Election: we received an unusable a file for this county. it is just a Windows Shortcut file,  not the actual database.


Election: 2016 05 24 Primary and NP General
Total Counties Found: 150
Missing Counties:
001 appling
017 burke
026 chattahoochee
044 dekalb
052 elbert
070 hancock
104 morgan

122 rockdale
149 warren


Election: 2016 11 08 General Election
Total Counties Found: 146
Missing Counties:
023 catoosa
026 chattahoochee
032 clinch
037 cook
038 coweta
056 fayette
057 floyd
059 franklin
062 glascock
094 macon (See above note)
100 miller
152 webster
159 worth


Election: 2018 05 22 Primary and NP General
Total Counties Found: 145
Missing Counties:
026 chattahoochee
033 cobb
040 crisp
042 dawson
054 evans
062 glascock
065 grady
069 hall
074 heard
078 jackson
130 talbot
144 union
150 washington
152 webster


Election: 2018 07 24 Primary Runoff
Total Counties Found: 149
Missing Counties:
001 appling
042 dawson
059 franklin
062 glascock
106 muscogee

127 stephens
142 turner
144 union
152 webster
156 wilcox

In the event the State has made an incomplete production because certain database records are not in the Secretary's possession or in the archives, the State's counsel has previously told the Court that a copy of the GEMS post-election databases is required to be filed with the Superior Court of the county conducting the election and that a Court Order for the release of copies of that data can be requested from the Superior Courts.  If the State cannot go back and obtain complete copies of the GEMS databases from the Secretary's own files or from the archives, then one possible solution would be for the State to request copies of the missing databases from the Clerks of the relevant Superior Courts.

Thank you for your prompt attention and response.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                        *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 24, 2020 1:26 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; Robert McGuire <ram@lawram.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** Curling v. Raffensperger - Delivery of GEMS Databases

Counsel:

Consistent with the conversation with the Court last Friday, the following GEMS Databases are being delivered by courier to Mr. Icther's office and are being sent by Fedex Saturday delivery to Mr. Cross and Ms. Kaiser's office:

1. 2016 Presidential Preference Primary
2. 2016 General Primary and Nonpartisan General
3. 2016 November General Election

4. 2017 CD 6 Special Election
5. 2017 CD 6 Special Election Runoff
6. 2018 General Primary and Nonpartisan General
7. 2018 General Primary Runoff

This list is consistent with what Plaintiffs agreed was the list of elections they needed during the call with the Court last week. Transcript of January 17, 2020 Teleconference at 26:23-27:23. There were only three statewide elections in 2016, not four as we believed on the call. The 2016 General Primary Runoff did not include any statewide offices, but rather Congressional District 3 and a handful of legislative seats. See https://results.enr.clarityelections.com/GA/62848/174629/en/summary.html Consistent with Plaintiffs' request for statewide elections only, Transcript at 14:12-14, 23:11-13, we have not included the GEMS Databases from that election.

These databases are being produced on six CDs, one for each election except that both 2017 elections are on a single disc, with the data stored in the format maintained by the Georgia Archives and/or the Elections Division of the Secretary of State's office. Each statewide election leads to 159 individual CDs from counties, which have been grouped together by election. As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

Following the call with the Court on January 17, Ms. Kaiser and Mr. McGuire sent three different emails, asking a variety of questions about additional parameters for the review of the GEMS Databases. State Defendants provide the following answers:

1. To Ms. Kaiser's question of January 17: State Defendants have no objection to Dr. Woods and his team conducting their analysis at their offices, so long as he and his team adhere to the protective order in this matter and the limited purpose of the review. Transcript at 36:11-18.
2. To Mr. McGuire's question of January 17: State Defendants will only be providing post-election databases for each election. The Court specifically limited the analysis of the GEMS databases to identifying machines, not for mining through the databases for other information. Transcript at 36:11-18. Because the pre-election databases are created before any memory cards are associated with particular DRE units for an election, we will be providing the post-election databases for the listed elections. If you can provide us with additional information about why the pre-election databases are relevant to the identification of DRE units used in particular elections, we will reconsider your request.
3. To Mr. McGuire's question of January 21: State Defendants appreciate the identification of Mr. Wilson as the individual who will be undertaking the analysis under the supervision of Mr. Ichter.
4. To Mr. McGuire's question of January 21: State Defendants do not object to Mr. Wilson conducting his analysis in Ann Arbor, so long as he abides by the general protective order in this case and is under the supervision of "senior personnel." Transcript at 32:24-34:25. Like Dr. Woods, Mr. Wilson's analysis of the GEMS databases is limited to identifying machines, and not conducting other discovery or analysis on the databases. Transcript at 36:11-18.
5. To Mr. McGuire's question of January 21: State Defendants object to Ms. Marks having any part in the analysis or review of the GEMS Databases being produced. The Court specifically limited the analysis of the GEMS Databases to identifying machines, not a general review of the databases themselves and required someone "at least a step removed" from the PR efforts of the Coalition to conduct the analysis. Transcript at 36:11-18, 34:9-13. Ms. Marks does not meet that description and State Defendants will not agree to allow her to have any part of the analysis.
6. To Mr. McGuire's question of January 21: State Defendants are only producing post-election databases for the reasons outlined in response to item 2.

We further propose that, in lieu of a statistical sample (or if a sample cannot be provided on the timeline set by the Court), State Defendants collect the units currently held by counties that were segregated by earlier orders of the Court and preserve those units for whatever the Court may order, with authorization to destroy the remaining units. This approach imposes almost no burden on anyone to search for machines and ensures that units that have not been used since the 2017 special election will be preserved for whatever the Court may order if the Court determines the DRE claims are not moot. *See* Transcript at 27:24-29:6.

The cover letter being sent with each set of CDs is attached. As indicated in that letter, if you require any further technical information to review the databases, please let us know and we will provide it immediately.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

# EXHIBIT C

**Bryan Tyson**

---

| | |
|---|---|
| **From:** | Bryan Tyson |
| **Sent:** | Monday, February 3, 2020 9:25 AM |
| **To:** | 'Kaiser, Mary'; Robert McGuire; Cary Ichter; bbrown@brucepbrownlaw.com; Cross, David D.; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; cheryl.ringer@fultoncountyga.gov; Carey Miller; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante; Bentrott, Jane P.; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato |
| **Subject:** | RE: Curling v. Raffensperger - Delivery of GEMS Databases |

Mary,

If the GEMS Databases do not contain machine serial numbers, as the Plaintiffs previously represented to the Court, we do not see a reason to continue searching for the remaining databases because we do not understand how those databases could possibly be relevant. Please let us know immediately what information you still require in order to generate your statistical sample.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Friday, January 31, 2020 12:30 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; bbrown@brucepbrownlaw.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

Given the delay of service, the files missing from your GEMS database production, and issues with accessing and processing the data provided—including potential corruption issues—Curling Plaintiffs need until next Friday, February 7, to provide our list of DREs for preservation. We may also need additional information from Defendants since we have learned that the GEMS databases do not contain machine serial numbers needed to isolate specific machines. However, our experts are exploring options to work with the existing data to come up with a reliable statistical sample. We hope to send the sample set sooner than next Friday but it depends on our experts' ability to use the data provided and the timing of obtaining the outstanding data the Court required you to provide for sampling.

Thanks,
Mary

**MARY KAISER**
Associate | Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
**P:** +1 (202) 887-6952
mofo.com | LinkedIn | Twitter

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 31, 2020 9:14 AM
**To:** Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; bbrown@brucebrownlaw.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

- External Email -

---

Robert,

As I explained in my email last Friday:

> As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

To restate this again: we produced all the databases that were readily accessible from the Secretary's Office and the Archives. The Secretary's office is continuing to search in other locations for the additional databases you identified below as quickly as possible. If they cannot be obtained from the Archives, then we will have to request the databases from counties. We do not yet have a timeline for that process.

Not including the 2018 election databases that you already had, you now have 93% of the databases you requested for the statistical sample (743 of the 795 county databases). We expect that your experts are already making an effort to complete the vast majority of the work involved in creating a statistical sample for most of the counties in the State. Let us know if we are mistaken.

For your questions on preservation, I'll refer you to the transcript of the call with the Court.

Thanks,

Bryan

P.S. I have removed Mr. Wilson from this email.

 **Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Robert McGuire <ram@lawram.com>
**Sent:** Thursday, January 30, 2020 12:06 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com> Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan, can you please respond to my message below?

We take your silence thus far to mean the State acknowledges that our ability to provide a list of DREs on 2/3 depends on the State getting us the databases that your side told the Court on 1/17 that we would have by 1/24. We are still waiting for complete databases.

We want to be responsive as possible to the State's preservation concerns, but we obviously can't release DREs until and unless we get the info the State promised. So please let us know—when can we expect to receive the complete GEMS databases?

Thanks in advance.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                    **\*\*\* NOTE NEW CONTACT DETAILS BELOW \*\*\***
*SHAREHOLDER* | THE ROBERT MCGUIRE LAW FIRM

1624 Market St Ste 226 #86685, Denver, CO 80202-2523 | 113 Cherry St #86685, Seattle, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Monday, January 27, 2020 9:42 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

Thank you for the delivery of disks containing certain GEMS databases to Cary Ichter's office on Friday (albeit right at the closing of business.)

The purpose of this email is to advise you that Coalition Plaintiffs have inventoried the files received and found that quite a few necessary files are missing. I have listed them below based on our initial inventory. It is possible that Ritchie Wilson's sample selection work will locate other missing or unusable data, and we will promptly inform you if that occurs.

Will you please let us know when your client can provide all the data for the elections that the State promised at the hearing (and that you represent as having been delivered to us in your email copied below)?

Note that the time frame for Coalition's communication of a complete selected sample (and thus of the DRE machines that must continue to be preserved) will necessarily have to be extended past February 3rd—at least in part, with respect to the counties we do not yet have info for. Please confirm that the State does not object to extending the February 3rd deadline for our DRE listing until such time as (1) all information that the State promised to provide has been made available to us and (2) we have had an additional ten days from then—which is the amount of time that the Court considered reasonable for us to review the databases assuming their complete production on January 24th (which has not happened).

We oppose the proposal for destruction of any DRE system equipment until our sample selection work has been completed. From the Coalition Plaintiffs' perspective, our necessary discovery will be impaired if the DREs are not kept in working order or if the records on them are in any way damaged by the recycler. The State has previously told the Court that all this equipment would be preserved. Preservation is provided for in the State's contract with the recycler. Setting aside the State's litigation duty not to destroy electronic records from the

identified elections until Plaintiffs agree that their sample needs have been satisfied, the State also has a two-year records retention duties under federal and state laws.  Given all this, the cost of preservation cannot justify rushing now to destroy DREs prematurely.  Preserving the equipment for the brief amount of additional time now required to permit us to select and conduct our necessary discovery work does not create any unanticipated (much less undue) burden on the State.

The list of missing files based on our preliminary review are the following:


Election: 2016 03 01 Presidential Preference Primary
Total Counties Found: 153
Missing Counties:
015 bryan
026 chattahoochee
091 long
104 morgan
115 polk
153 wheeler
*A note about Macon County in the 2016 General Election: we received an unusable a file for this county. it is just a Windows Shortcut file,  not the actual database.


Election: 2016 05 24 Primary and NP General
Total Counties Found: 150
Missing Counties:
001 appling
017 burke
026 chattahoochee
044 dekalb
052 elbert
070 hancock
104 morgan
122 rockdale
149 warren


Election: 2016 11 08 General Election
Total Counties Found: 146
Missing Counties:
023 catoosa
026 chattahoochee
032 clinch
037 cook
038 coweta
056 fayette
057 floyd
059 franklin
062 glascock

094 macon (See above note)
100 miller
152 webster
159 worth


Election: 2018 05 22 Primary and NP General
Total Counties Found: 145
Missing Counties:
026 chattahoochee
033 cobb
040 crisp
042 dawson
054 evans
062 glascock
065 grady
069 hall
074 heard
078 jackson
130 talbot
144 union
150 washington
152 webster


Election: 2018 07 24 Primary Runoff
Total Counties Found: 149
Missing Counties:
001 appling
042 dawson
059 franklin
062 glascock
106 muscogee
127 stephens
142 turner
144 union
152 webster
156 wilcox


In the event the State has made an incomplete production because certain database records are not in the Secretary's possession or in the archives, the State's counsel has previously told the Court that a copy of the GEMS post-election databases is required to be filed with the Superior Court of the county conducting the election and that a Court Order for the release of copies of that data can be requested from the Superior Courts.  If the State cannot go back and obtain complete copies of the GEMS databases from the Secretary's own files or from the archives, then one possible solution would be for the State to request copies of the missing databases from the Clerks of the relevant Superior Courts.

Thank you for your prompt attention and response.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                    *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the
intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized
dissemination, distribution or copying hereof is prohibited.

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 24, 2020 1:26 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross,
David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>;
Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake
<Brian.Lake@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; cheryl.ringer@fultoncountyga.gov; Carey
Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org;
erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>;
Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser,
Mary <MKaiser@mofo.com>; Robert McGuire <ram@lawram.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com;
Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** Curling v. Raffensperger - Delivery of GEMS Databases

Counsel:

Consistent with the conversation with the Court last Friday, the following GEMS Databases are being
delivered by courier to Mr. Icther's office and are being sent by Fedex Saturday delivery to Mr. Cross and
Ms. Kaiser's office:

1. 2016 Presidential Preference Primary
2. 2016 General Primary and Nonpartisan General
3. 2016 November General Election
4. 2017 CD 6 Special Election
5. 2017 CD 6 Special Election Runoff
6. 2018 General Primary and Nonpartisan General
7. 2018 General Primary Runoff

This list is consistent with what Plaintiffs agreed was the list of elections they needed during the call with
the Court last week. Transcript of January 17, 2020 Teleconference at 26:23-27:23. There were only three
statewide elections in 2016, not four as we believed on the call. The 2016 General Primary Runoff did not
include any statewide offices, but rather Congressional District 3 and a handful of legislative seats. See
https://results.enr.clarityelections.com/GA/62848/174629/en/summary.html  Consistent with
Plaintiffs' request for statewide elections only, Transcript at 14:12-14, 23:11-13, we have not included the
GEMS Databases from that election.

These databases are being produced on six CDs, one for each election except that both 2017 elections are
on a single disc, with the data stored in the format maintained by the Georgia Archives and/or the
Elections Division of the Secretary of State's office. Each statewide election leads to 159 individual CDs
from counties, which have been grouped together by election. As we advised you regarding the prior

production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

Following the call with the Court on January 17, Ms. Kaiser and Mr. McGuire sent three different emails, asking a variety of questions about additional parameters for the review of the GEMS Databases. State Defendants provide the following answers:

1. To Ms. Kaiser's question of January 17: State Defendants have no objection to Dr. Woods and his team conducting their analysis at their offices, so long as he and his team adhere to the protective order in this matter and the limited purpose of the review. Transcript at 36:11-18.
2. To Mr. McGuire's question of January 17: State Defendants will only be providing post-election databases for each election. The Court specifically limited the analysis of the GEMS databases to identifying machines, not for mining through the databases for other information. Transcript at 36:11-18. Because the pre-election databases are created before any memory cards are associated with particular DRE units for an election, we will be providing the post-election databases for the listed elections. If you can provide us with additional information about why the pre-election databases are relevant to the identification of DRE units used in particular elections, we will reconsider your request.
3. To Mr. McGuire's question of January 21: State Defendants appreciate the identification of Mr. Wilson as the individual who will be undertaking the analysis under the supervision of Mr. Ichter.
4. To Mr. McGuire's question of January 21: State Defendants do not object to Mr. Wilson conducting his analysis in Ann Arbor, so long as he abides by the general protective order in this case and is under the supervision of "senior personnel." Transcript at 32:24-34:25. Like Dr. Woods, Mr. Wilson's analysis of the GEMS databases is limited to identifying machines, and not conducting other discovery or analysis on the databases. Transcript at 36:11-18.
5. To Mr. McGuire's question of January 21: State Defendants object to Ms. Marks having any part in the analysis or review of the GEMS Databases being produced. The Court specifically limited the analysis of the GEMS Databases to identifying machines, not a general review of the databases themselves and required someone "at least a step removed" from the PR efforts of the Coalition to conduct the analysis. Transcript at 36:11-18, 34:9-13. Ms. Marks does not meet that description and State Defendants will not agree to allow her to have any part of the analysis.
6. To Mr. McGuire's question of January 21: State Defendants are only producing post-election databases for the reasons outlined in response to item 2.

We further propose that, in lieu of a statistical sample (or if a sample cannot be provided on the timeline set by the Court), State Defendants collect the units currently held by counties that were segregated by earlier orders of the Court and preserve those units for whatever the Court may order, with authorization to destroy the remaining units. This approach imposes almost no burden on anyone to search for machines and ensures that units that have not been used since the 2017 special election will be preserved for whatever the Court may order if the Court determines the DRE claims are not moot. *See* Transcript at 27:24-29:6.

The cover letter being sent with each set of CDs is attached. As indicated in that letter, if you require any further technical information to review the databases, please let us know and we will provide it immediately.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

# EXHIBIT D

**Bryan Tyson**

| | |
|---|---|
| **From:** | Bryan Tyson |
| **Sent:** | Monday, February 3, 2020 3:51 PM |
| **To:** | 'Kaiser, Mary'; Robert McGuire; Cary Ichter; bbrown@brucepbrownlaw.com; Cross, David D.; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; cheryl.ringer@fultoncountyga.gov; Carey Miller; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato |
| **Subject:** | RE: Curling v. Raffensperger - Delivery of GEMS Databases |

Mary,

Thanks for providing us with this update. Our understanding is that the "Machine ID" field in the GEMS Databases is the number used to create the memory cards that program each DRE for an election but is not tied to a particular DRE *across* elections. So in one election, the memory card created with Machine ID 01 could be placed in DRE 99999 but in the next election that same DRE might receive a memory card identifying it as Machine ID 07. As we understand it from our clients, the only record of which DRE serial number was tied to a particular Machine ID in a given election is on the Logic and Accuracy paperwork, which is never sent to the State by the counties. If you could check with your experts on this point and let us know if that will be an issue, we would appreciate it. Building a statistical model using Machine ID would still require going county-by-county to look for paperwork in each election to figure out which machines you seek to include in the sample.

During the telephone conference, counsel for the Coalition Plaintiffs stated that the information they sought was contained in the GEMS Databases. I will specify the particular group of Plaintiffs instead of referring to Plaintiffs generally in future correspondence.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Monday, February 3, 2020 12:42 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; bbrown@brucepbrownlaw.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>;

david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

While the GEMS databases do not identify machine serial numbers, they identify a "Machine ID" that matches a machine to the precinct and election in which it was used. Our experts are exploring whether they can identify a reliable statistical sample based on the "Machine ID" numbers, which could then be used to identify the physical machines for which we seek preservation. Curling Plaintiffs, thus, require the additional databases that were not included in Defendants' incomplete production and that the Court required Defendants to produce. Please confirm that you will provide the missing information and when you expect to do so.

Also, I'm not aware of Curling Plaintiffs having previously represented to the Court that the GEMS Databases contain machine serial numbers, as you attribute to us. Please direct us to where Curling Plaintiffs represented that to the Court. My recollection of the last status conference was that the Coalition Plaintiffs suggested using the GEMS Databases and we were clear that we didn't know if they contain the required information but would explore that, which is what our experts have been doing with the incomplete databases they have.

Thanks,
Mary

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Monday, February 3, 2020 9:25 AM
**To:** Kaiser, Mary <MKaiser@mofo.com>; Robert McGuire <ram@lawram.com>; Cary Ichter <CIchter@IchterDavis.com>; bbrown@brucebrownlaw.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

**- External Email -**

---

Mary,

If the GEMS Databases do not contain machine serial numbers, as the Plaintiffs previously represented to the Court, we do not see a reason to continue searching for the remaining databases because we do not understand how those databases could possibly be relevant. Please let us know immediately what information you still require in order to generate your statistical sample.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  |  M: 404.219.3160 | [btyson@taylorenglish.com](mailto:btyson@taylorenglish.com)
[Website](#) | [vCard](#)

[Georgia Legal Awards Litigation Department of the Year](#)

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Kaiser, Mary <[MKaiser@mofo.com](mailto:MKaiser@mofo.com)>
**Sent:** Friday, January 31, 2020 12:30 PM
**To:** Bryan Tyson <[btyson@taylorenglish.com](mailto:btyson@taylorenglish.com)>; Robert McGuire <[ram@lawram.com](mailto:ram@lawram.com)>; Cary Ichter <[CIchter@IchterDavis.com](mailto:CIchter@IchterDavis.com)>; [bbrown@brucepbrownlaw.com](mailto:bbrown@brucepbrownlaw.com); Cross, David D. <[DCross@mofo.com](mailto:DCross@mofo.com)>; Carlin, John P. <[JCarlin@mofo.com](mailto:JCarlin@mofo.com)>; Manoso, Robert W. <[RManoso@mofo.com](mailto:RManoso@mofo.com)>; Alexander Denton <[Alexander.Denton@robbinsfirm.com](mailto:Alexander.Denton@robbinsfirm.com)>; Bryan Jacoutot <[bjacoutot@taylorenglish.com](mailto:bjacoutot@taylorenglish.com)>; Brian Lake <[Brian.Lake@robbinsfirm.com](mailto:Brian.Lake@robbinsfirm.com)>; [cheryl.ringer@fultoncountyga.gov](mailto:cheryl.ringer@fultoncountyga.gov); Carey Miller <[carey.miller@robbinsfirm.com](mailto:carey.miller@robbinsfirm.com)>; [david.lowman@fultoncountyga.gov](mailto:david.lowman@fultoncountyga.gov); [dbrody@lawyerscommittee.org](mailto:dbrody@lawyerscommittee.org); [erosenberg@lawyerscommittee.org](mailto:erosenberg@lawyerscommittee.org); [hknapp@khlawfirm.com](mailto:hknapp@khlawfirm.com); Josh Belinfante <[Josh.Belinfante@robbinsfirm.com](mailto:Josh.Belinfante@robbinsfirm.com)>; Bentrott, Jane P. <[JBentrott@mofo.com](mailto:JBentrott@mofo.com)>; [jpowers@lawyerscommittee.org](mailto:jpowers@lawyerscommittee.org); [kaye.burwell@fultoncountyga.gov](mailto:kaye.burwell@fultoncountyga.gov); [sparks@khlawfirm.com](mailto:sparks@khlawfirm.com); [vrusso@robbinsfirm.com](mailto:vrusso@robbinsfirm.com); Cate Berenato <[Cate.Berenato@robbinsfirm.com](mailto:Cate.Berenato@robbinsfirm.com)>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

Given the delay of service, the files missing from your GEMS database production, and issues with accessing and processing the data provided—including potential corruption issues—Curling Plaintiffs need until next Friday, February 7, to provide our list of DREs for preservation. We may also need additional information from Defendants since we have learned that the GEMS databases do not contain machine serial numbers needed to isolate specific machines. However, our experts are exploring options to work with the existing data to come up with a reliable statistical sample. We hope to send the sample set sooner than next Friday but it depends on our experts' ability to use the data provided and the timing of obtaining the outstanding data the Court required you to provide for sampling.

Thanks,
Mary

**MARY KAISER**
Associate | Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
**P:** +1 (202) 887-6952
[mofo.com](#) | [LinkedIn](#) | [Twitter](#)

**From:** Bryan Tyson <[btyson@taylorenglish.com](mailto:btyson@taylorenglish.com)>
**Sent:** Friday, January 31, 2020 9:14 AM
**To:** Robert McGuire <[ram@lawram.com](mailto:ram@lawram.com)>; Cary Ichter <[CIchter@IchterDavis.com](mailto:CIchter@IchterDavis.com)>; [bbrown@brucepbrownlaw.com](mailto:bbrown@brucepbrownlaw.com); Cross, David D. <[DCross@mofo.com](mailto:DCross@mofo.com)>; Carlin, John P. <[JCarlin@mofo.com](mailto:JCarlin@mofo.com)>; Manoso, Robert W. <[RManoso@mofo.com](mailto:RManoso@mofo.com)>; Alexander Denton <[Alexander.Denton@robbinsfirm.com](mailto:Alexander.Denton@robbinsfirm.com)>; Bryan Jacoutot <[bjacoutot@taylorenglish.com](mailto:bjacoutot@taylorenglish.com)>; Brian Lake <[Brian.Lake@robbinsfirm.com](mailto:Brian.Lake@robbinsfirm.com)>; [cheryl.ringer@fultoncountyga.gov](mailto:cheryl.ringer@fultoncountyga.gov); Carey Miller <[carey.miller@robbinsfirm.com](mailto:carey.miller@robbinsfirm.com)>; [david.lowman@fultoncountyga.gov](mailto:david.lowman@fultoncountyga.gov); [dbrody@lawyerscommittee.org](mailto:dbrody@lawyerscommittee.org); [erosenberg@lawyerscommittee.org](mailto:erosenberg@lawyerscommittee.org); [hknapp@khlawfirm.com](mailto:hknapp@khlawfirm.com); Josh Belinfante <[Josh.Belinfante@robbinsfirm.com](mailto:Josh.Belinfante@robbinsfirm.com)>;

Bentrott, Jane P. <[JBentrott@mofo.com](mailto:JBentrott@mofo.com)>; [jpowers@lawyerscommittee.org](mailto:jpowers@lawyerscommittee.org); [kaye.burwell@fultoncountyga.gov](mailto:kaye.burwell@fultoncountyga.gov); Kaiser, Mary <[MKaiser@mofo.com](mailto:MKaiser@mofo.com)>; [sparks@khlawfirm.com](mailto:sparks@khlawfirm.com); [vrusso@robbinsfirm.com](mailto:vrusso@robbinsfirm.com); Cate Berenato <[Cate.Berenato@robbinsfirm.com](mailto:Cate.Berenato@robbinsfirm.com)>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

- External Email -

Robert,

As I explained in my email last Friday:

> As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

To restate this again: we produced all the databases that were readily accessible from the Secretary's Office and the Archives. The Secretary's office is continuing to search in other locations for the additional databases you identified below as quickly as possible. If they cannot be obtained from the Archives, then we will have to request the databases from counties. We do not yet have a timeline for that process.

Not including the 2018 election databases that you already had, you now have 93% of the databases you requested for the statistical sample (743 of the 795 county databases). We expect that your experts are already making an effort to complete the vast majority of the work involved in creating a statistical sample for most of the counties in the State. Let us know if we are mistaken.

For your questions on preservation, I'll refer you to the transcript of the call with the Court.

Thanks,

Bryan

P.S. I have removed Mr. Wilson from this email.



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  |  M: 404.219.3160  |  [btyson@taylorenglish.com](mailto:btyson@taylorenglish.com)
[Website](#) | [vCard](#)

[Georgia Legal Awards Litigation Department of the Year](#)

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Robert McGuire <[ram@lawram.com](mailto:ram@lawram.com)>
**Sent:** Thursday, January 30, 2020 12:06 PM
**To:** Bryan Tyson <[btyson@taylorenglish.com](mailto:btyson@taylorenglish.com)>; Cary Ichter <[CIchter@IchterDavis.com](mailto:CIchter@IchterDavis.com)>; Bruce Brown <[bbrown@shipinpax.com](mailto:bbrown@shipinpax.com)>; [hmaholdingsllc@gmail.com](mailto:hmaholdingsllc@gmail.com); Cross, David D. <[DCross@mofo.com](mailto:DCross@mofo.com)>; Carlin, John P. <[JCarlin@mofo.com](mailto:JCarlin@mofo.com)>; Manoso, Robert W. <[RManoso@mofo.com](mailto:RManoso@mofo.com)>; Alexander Denton <[Alexander.Denton@robbinsfirm.com](mailto:Alexander.Denton@robbinsfirm.com)>; Bryan Jacoutot <[bjacoutot@taylorenglish.com](mailto:bjacoutot@taylorenglish.com)>; Brian Lake <[Brian.Lake@robbinsfirm.com](mailto:Brian.Lake@robbinsfirm.com)>; [cheryl.ringer@fultoncountyga.gov](mailto:cheryl.ringer@fultoncountyga.gov); Carey Miller <[carey.miller@robbinsfirm.com](mailto:carey.miller@robbinsfirm.com)>; [david.lowman@fultoncountyga.gov](mailto:david.lowman@fultoncountyga.gov); [dbrody@lawyerscommittee.org](mailto:dbrody@lawyerscommittee.org); [erosenberg@lawyerscommittee.org](mailto:erosenberg@lawyerscommittee.org);

hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P.
<JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary
<MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato
<Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan, can you please respond to my message below?

We take your silence thus far to mean the State acknowledges that our ability to provide a list of
DREs on 2/3 depends on the State getting us the databases that your side told the Court on 1/17
that we would have by 1/24. We are still waiting for complete databases.

We want to be responsive as possible to the State's preservation concerns, but we obviously can't
release DREs until and unless we get the info the State promised. So please let us know—when
can we expect to receive the complete GEMS databases?

Thanks in advance.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                          *** NOTE NEW CONTACT DETAILS BELOW ***
*SHAREHOLDER* | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the
intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized
dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Monday, January 27, 2020 9:42 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown
<bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P.
<JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton
<Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake
<Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>;
david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org;
hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P.
<JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary
<MKaiser@mofo.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato
<Cate.Berenato@robbinsfirm.com>
**Cc:** Ritchie Wilson <rawilson52@gmail.com>
**Subject:** RE: Curling v. Raffensperger - Delivery of GEMS Databases

Bryan,

Thank you for the delivery of disks containing certain GEMS databases to Cary Ichter's office on
Friday (albeit right at the closing of business.)

The purpose of this email is to advise you that Coalition Plaintiffs have inventoried the files received and found that quite a few necessary files are missing. I have listed them below based on our initial inventory. It is possible that Ritchie Wilson's sample selection work will locate other missing or unusable data, and we will promptly inform you if that occurs.

<u>Will you please let us know when your client can provide all the data for the elections that the State promised at the hearing (and that you represent as having been delivered to us in your email copied below)?</u>

Note that the time frame for Coalition's communication of a complete selected sample (and thus of the DRE machines that must continue to be preserved) will necessarily have to be extended past February 3rd—at least in part, with respect to the counties we do not yet have info for.  <u>Please confirm</u> that the State does not object to extending the February 3rd deadline for our DRE listing until such time as (1) all information that the State promised to provide has been made available to us and (2) we have had an additional ten days from then—which is the amount of time that the Court considered reasonable for us to review the databases assuming their complete production on January 24th (which has not happened).

We oppose the proposal for destruction of any DRE system equipment until our sample selection work has been completed.  From the Coalition Plaintiffs' perspective, our necessary discovery will be impaired if the DREs are not kept in working order or if the records on them are in any way damaged by the recycler.  The State has previously told the Court that all this equipment would be preserved.  Preservation is provided for in the State's contract with the recycler.  Setting aside the State's litigation duty not to destroy electronic records from the identified elections until Plaintiffs agree that their sample needs have been satisfied, the State also has two-year records retention duties under federal and state laws.  Given all this, the cost of preservation cannot justify rushing now to destroy DREs prematurely.  Preserving the equipment for the brief amount of additional time now required to permit us to select and conduct our necessary discovery work does not create any unanticipated (much less undue) burden on the State.

The list of missing files based on our preliminary review are the following:

<u>Election: 2016 03 01 Presidential Preference Primary</u>
Total Counties Found: 153
Missing Counties:
015 bryan
026 chattahoochee
091 long
104 morgan
115 polk
153 wheeler
*A note about Macon County in the 2016 General Election: we received an unusable a file for this county. it is just a Windows Shortcut file,  not the actual database.

<u>Election: 2016 05 24 Primary and NP General</u>
Total Counties Found: 150

Missing Counties:
001 appling
017 burke
026 chattahoochee
044 dekalb
052 elbert
070 hancock
104 morgan
122 rockdale
149 warren


Election: 2016 11 08 General Election
Total Counties Found: 146
Missing Counties:
023 catoosa
026 chattahoochee
032 clinch
037 cook
038 coweta
056 fayette
057 floyd
059 franklin
062 glascock
094 macon (See above note)
100 miller
152 webster
159 worth


Election: 2018 05 22 Primary and NP General
Total Counties Found: 145
Missing Counties:
026 chattahoochee
033 cobb
040 crisp
042 dawson
054 evans
062 glascock
065 grady
069 hall
074 heard
078 jackson
130 talbot
144 union
150 washington
152 webster

<u>Election: 2018 07 24 Primary Runoff</u>
Total Counties Found: 149
Missing Counties:
001 appling
042 dawson
059 franklin
062 glascock
106 muscogee
127 stephens
142 turner
144 union
152 webster
156 wilcox

In the event the State has made an incomplete production because certain database records are not in the Secretary's possession or in the archives, the State's counsel has previously told the Court that a copy of the GEMS post-election databases is required to be filed with the Superior Court of the county conducting the election and that a Court Order for the release of copies of that data can be requested from the Superior Courts. If the State cannot go back and obtain complete copies of the GEMS databases from the Secretary's own files or from the archives, then one possible solution would be for the State to request copies of the missing databases from the Clerks of the relevant Superior Courts.

Thank you for your prompt attention and response.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III          *** NOTE NEW CONTACT DETAILS BELOW ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 24, 2020 1:26 PM
**To:** Cary Ichter <CIchter@IchterDavis.com>; Bruce Brown <bbrown@shipinpax.com>; hmaholdingsllc@gmail.com; Cross, David D. <DCross@mofo.com>; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; cheryl.ringer@fultoncountyga.gov; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bentrott, Jane P. <JBentrott@mofo.com>; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; Kaiser, Mary <MKaiser@mofo.com>; Robert McGuire <ram@lawram.com>; sparks@khlawfirm.com; vrusso@robbinsfirm.com; Cate Berenato <Cate.Berenato@robbinsfirm.com>
**Subject:** Curling v. Raffensperger - Delivery of GEMS Databases

Counsel:

Consistent with the conversation with the Court last Friday, the following GEMS Databases are being delivered by courier to Mr. Icther's office and are being sent by Fedex Saturday delivery to Mr. Cross and Ms. Kaiser's office:

1. 2016 Presidential Preference Primary
2. 2016 General Primary and Nonpartisan General
3. 2016 November General Election
4. 2017 CD 6 Special Election
5. 2017 CD 6 Special Election Runoff
6. 2018 General Primary and Nonpartisan General
7. 2018 General Primary Runoff

This list is consistent with what Plaintiffs agreed was the list of elections they needed during the call with the Court last week. Transcript of January 17, 2020 Teleconference at 26:23-27:23. There were only three statewide elections in 2016, not four as we believed on the call. The 2016 General Primary Runoff did not include any statewide offices, but rather Congressional District 3 and a handful of legislative seats. See https://results.enr.clarityelections.com/GA/62848/174629/en/summary.html  Consistent with Plaintiffs' request for statewide elections only, Transcript at 14:12-14, 23:11-13, we have not included the GEMS Databases from that election.

These databases are being produced on six CDs, one for each election except that both 2017 elections are on a single disc, with the data stored in the format maintained by the Georgia Archives and/or the Elections Division of the Secretary of State's office. Each statewide election leads to 159 individual CDs from counties, which have been grouped together by election. As we advised you regarding the prior production of the November 2018 GEMS Databases, some counties provided only GEMS Reports (not databases) on their CDs, provided blank or unreadable CDs, or provided only text files. We are working to locate those additional county databases, but they are relatively few out of the entire production.

Following the call with the Court on January 17, Ms. Kaiser and Mr. McGuire sent three different emails, asking a variety of questions about additional parameters for the review of the GEMS Databases. State Defendants provide the following answers:

1. To Ms. Kaiser's question of January 17: State Defendants have no objection to Dr. Woods and his team conducting their analysis at their offices, so long as he and his team adhere to the protective order in this matter and the limited purpose of the review. Transcript at 36:11-18.
2. To Mr. McGuire's question of January 17: State Defendants will only be providing post-election databases for each election. The Court specifically limited the analysis of the GEMS databases to identifying machines, not for mining through the databases for other information. Transcript at 36:11-18. Because the pre-election databases are created before any memory cards are associated with particular DRE units for an election, we will be providing the post-election databases for the listed elections. If you can provide us with additional information about why the pre-election databases are relevant to the identification of DRE units used in particular elections, we will reconsider your request.
3. To Mr. McGuire's question of January 21: State Defendants appreciate the identification of Mr. Wilson as the individual who will be undertaking the analysis under the supervision of Mr. Ichter.
4. To Mr. McGuire's question of January 21: State Defendants do not object to Mr. Wilson conducting his analysis in Ann Arbor, so long as he abides by the general protective order in this case and is under the supervision of "senior personnel." Transcript at 32:24-34:25. Like Dr. Woods, Mr. Wilson's analysis of the GEMS databases is limited to identifying machines, and not conducting other discovery or analysis on the databases. Transcript at 36:11-18.

5. To Mr. McGuire's question of January 21: State Defendants object to Ms. Marks having any part in the analysis or review of the GEMS Databases being produced. The Court specifically limited the analysis of the GEMS Databases to identifying machines, not a general review of the databases themselves and required someone "at least a step removed" from the PR efforts of the Coalition to conduct the analysis. Transcript at 36:11-18, 34:9-13. Ms. Marks does not meet that description and State Defendants will not agree to allow her to have any part of the analysis.

6. To Mr. McGuire's question of January 21: State Defendants are only producing post-election databases for the reasons outlined in response to item 2.

We further propose that, in lieu of a statistical sample (or if a sample cannot be provided on the timeline set by the Court), State Defendants collect the units currently held by counties that were segregated by earlier orders of the Court and preserve those units for whatever the Court may order, with authorization to destroy the remaining units. This approach imposes almost no burden on anyone to search for machines and ensures that units that have not been used since the 2017 special election will be preserved for whatever the Court may order if the Court determines the DRE claims are not moot. *See* Transcript at 27:24-29:6.

The cover letter being sent with each set of CDs is attached. As indicated in that letter, if you require any further technical information to review the databases, please let us know and we will provide it immediately.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.