IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO STATE DEFENDANTS' CONSOLIDATED MOTION TO MODIFY ORDER**

Pursuant to Local Rule 7.1(D), Plaintiffs respectfully request a short extension of two weeks to respond to the Motion by State Defendants to Modify Order (Dkt. No. 735). This would extend the deadline for Plaintiffs' response from June 15—two business days from today—to June 29.

The extension is needed for several reasons. First, Plaintiffs' counsel's offices have been closed for months, requiring attorneys and staff to work remotely, due to the still-growing pandemic and the widespread civil rights protests. Second, Plaintiffs' counsel needs sufficient time to work with their statistical and election security experts to respond to the Motion, including addressing State Defendants'

1

misrepresentations.[1]  Third, State Defendants' persistent refusal to engage with Plaintiffs regarding these issues or to otherwise explain or substantiate their allegations has forced Plaintiffs to use the Open Records Act to obtain basic information about the preservation of electronic voting equipment, including how State Defendants arrived at the costs they have represented to this Court (which they have refused to break down or explain in any way).  Plaintiffs need time to obtain that information, which should help the Court address State Defendants' Motion and which is needed for Plaintiffs to understand and consider State Defendants' proposal that Plaintiffs assume storage costs for preservation.

---

[1] For example, State Defendants claim that Curling Plaintiffs' proposed statistical sample set "consisted of **10,242 individual DRE units**—more than a third of the entire inventory of DREs." (Dkt. No. 735 at 8 (emphasis in original).)  This is false.  As State Defendants admit, Curling Plaintiffs actually identified individual Machine IDs—not "individual DRE units"—in their sample set, because State Defendants refused to provide information needed to identify equipment by serial numbers.  (*Id.*)  State Defendants also admit that the same DRE often corresponds to multiple Machine IDs because DREs are reused in multiple elections with different Machine IDs.  (*See id.* at 3-4 ("For example, in one election, a DRE unit with a serial number of 12345 may be identified in the GEMS Database as Machine ID 11.  In the next election, the same DRE unit with a serial number of 12345 may be identified in the GEMS Database as Machine ID 12.").)  Thus, it logically follows that Curling Plaintiffs' proposed sample consists of much fewer "individual DRE units" than the number of Machine IDs listed for the sample.  Machine IDs were the only means available for identifying equipment for sampling with the very limited information State Defendants have provided.

In a disappointing display of gamesmanship, State Defendants have refused to consent to this Motion. They claim that they "cannot justify" the expense of a mere two-week extension. (Exhibit A.) The insincerity of this claim is evident in the fact that State Defendants waited *three months* to respond to the samples Plaintiffs proposed on February 10 and waited another three weeks to file their Motion. (Dkt. No. 735-6.) State Defendants finally responded to Plaintiffs' proposed samples on May 9, but ignored Curling Plaintiffs' immediate response to that letter seeking basic information to try to reach a compromise solution.[2] (Exhibit C.) Thus, if State Defendants could justify the expense of preserving the election equipment—including tens of thousands of DREs Plaintiffs offered to release on February 10—while they took no action to address this issue for the last several months, surely a mere two-week extension to afford Plaintiffs due process can be readily justified as well.

---

[2] State Defendants omitted Curling Plaintiffs' May 9 correspondence from their filing and misrepresented its contents. They claim in their Motion that "Curling Plaintiffs ask[ed] questions that were either already answered by the letter or had been the subject of prior communications." (Dkt. No. 735 at 9.) When asked to support this representation, they could identify no such "prior communications" and instead cited their May 9 letter, which does not contain the information Curling Plaintiffs requested. (Exhibit B.) And in violation of this Court's repeated instruction for the parties to cooperate and work out a compromise solution for this issue, they again refused to engage with Plaintiffs apart from motion practice before the Court. (*Id.*)

Forcing Plaintiffs to brief a two-week extension and forcing this Court to deal with this Motion—especially during the current environment when Plaintiffs' and the Court's resources already are taxed and confronted with highly unusual and challenging circumstances—is unreasonable and a waste of time and money.

A proposed order granting an extension for both the Curling Plaintiffs and the Coalition Plaintiffs is attached. Plaintiffs respectfully request that the Court enter the Order at its earliest convenience given the current deadline of Monday, June 15, only two business days from today.

Respectfully submitted this 11th day of June, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Jane P. Bentrott (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

5

<u>*/s/ John Powers*</u>
John Powers
David Brody
Lawyers' Committee for Civil Rights Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                           */s/ David D. Cross*
                                           David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, a copy of the foregoing **Plaintiffs' Joint Motion for Extension of Time to Respond to State Defendants' Consolidated Motion to Modify Order** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                                      */s/ David D. Cross*
                                                                      David D. Cross