IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' JOINT EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING

Georgia's June 2020 primary elections were a mess, to say the least.[1]

Coming on the heels of the chaotic pilot elections last fall,[2] the recent primary

elections eliminated any doubt that the State's new, exorbitantly-expensive, overly-

---

[1] Pam Fessler, *Chaos In Primary Elections Raises Fears For November*, Nat'l Pub. Radio (June 15, 2020, 5:00 AM), https://www.npr.org/2020/06/15/876474124/chaos-in-primary-elections-raises-fears-for-november.

[2] On November 12, 2019, Election Supervisor for the Cobb County Board of Elections & Registration, Janine Eveler observed that "the counties that were doing the ballot marking device pilot were dead in the water."  GA VOTERS FOR HMPBs, *Cobb HMPB Pilot*, YouTube (Nov. 15, 2019), https://www.youtube.com/watch?v=rL_4rihgbhc&feature=youtu.be.  *See also*, Chris Herbert, *UPDATE: Election officials experiencing technical difficulties in most pilot counties*, Valdosta Daily Times (Nov. 5, 2019), https://www.valdostadailytimes.com/news/local_news/update-election-officials-experiencing-technical-difficulties-in-most-pilot-counties/article_09922df1-498c-5643-b547-b75788ba5566.html.

complicated, and unsecure BMD-based election system is woefully inadequate to afford Georgia voters their constitutional right to vote. These elections also confirmed that, in contradiction to this Court's August 15, 2019 Order, Defendants have not adopted a reasonable backup plan for hand-marked paper ballots. As expected, the new system failed (again). Polling sites lacked working pollbooks and sufficient emergency backup paper ballots—or did not use even what they had—forcing many voters to choose between waiting in line for hours or forgoing their votes altogether.[3]

The Secretary of State, who is responsible for implementing and administering the new election system across the State, has turned to finger-pointing rather than taking responsibility for the failings and finding solutions.[4] He blamed the counties—especially Fulton County[5]—for problems with new

---

[3] *See* State Election Board Rule 183-1-12.11(2)(c)(d) (authorizing the use of emergency paper ballots any time that a line at the polling place exceeds 30 minutes, which occurred at many polling sites during the June 2020 elections).

[4] Jason Braverman, *Secretary of State blames election day issues on county leaders, opens investigation into Fulton and DeKalb*, 11 Alive News (June 9, 2020, 1:58 PM), https://www.11alive.com/article/news/politics/elections/georgia-elections-investigation-into-fulton-and-dekalb-county/85-f55de1d1-e80e-46c2-bc32-d0b6484d3ba7.

[5] Mark Niesse and Ben Brasch, *Fulton reverses course and accepts emailed absentee ballot requests*, The Atlanta Journal-Constitution (July 15, 2020), https://www.ajc.com/news/state--regional-govt--politics/fulton-rejects-emailed-absentee-ballot-requests-after-primary-problems/p0LYsStYeF7NdlNhwgsyUK/.

cumbersome equipment that his office thrust upon them with too little time, too little training, and too little resources.⁶ As a result, there is little reason to expect that the Secretary of State will remedy these failings.

Plaintiffs understand this Court's reluctance to wade into election matters handled by the State and counties. But there comes a time when their failings are so substantial as to deprive voters of the constitutional right to vote. At that time, it falls to the courts to step in and protect that right, as with any other. This is not an overreach by the courts. Rather, it is the necessary and appropriate exercise of the important power the courts possess to enforce the constitution and the fundamental rights enshrined within in it.⁷ For Georgia, that time is now. With additional statewide elections—including a Presidential election—rapidly approaching, appropriate relief is needed from this Court to avoid further deprivations of the right to vote in Georgia and to ensure that the results of future

---

⁶ Tim Perry, *Georgia officials continue to point fingers in wake of chaotic primary*, CBS News (June 11, 2020, 5:16 PM), https://www.cbsnews.com/news/georgia-primary-election-2020-officials-point-fingers-in-wake-of-primary/.
⁷ *See, e.g.*, *Bush v. Gore*, 531 U.S. 98, 105 (2000), *Obergefell v. Hodges*, 135 S. Ct. 2584, 2605 (2015), *Loving v. Virginia*, 388 U.S. 1, 12 (1967), *Reynolds v. Sims*, 377 U.S. 533, 555, 566 (1964), *Brown v. Bd. of Educ. of Topeka, Shawnee Cnty., Kan.*, 347 U.S. 483, 495 (1954), *supplemented sub nom. Brown v. Bd. of Educ. of Topeka, Kan.*, 349 U.S. 294, 300 (1955).

elections in Georgia actually reflect the will of the voters.

To that end, Plaintiffs request an evidentiary hearing on their Motions for Preliminary Injunction (Dkt. Nos. 619, 640) at the Court's earliest availability, as well as expedited discovery before the hearing.  Georgia voters have been deprived the right to vote for far too long.  This Court is now the last resort before critically-important and fast-approaching elections this fall.

## ARGUMENT

Twice before, this Court has denied relief for approaching elections on the reasoning that it was too late.  *Curling v. Kemp*, 334 F. Supp. 3d 1303, 1327 (N.D. Ga. 2018) [hereinafter *Curling I*]; *Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1412 (N.D. Ga. 2019) [hereinafter *Curling II*].  Plaintiffs seek to avoid a similar outcome on their current Preliminary Injunction Motions, which have been pending since October 2019.  Such a result this year would be a grave injustice to Plaintiffs—and all other Georgia voters—given they filed their Motions over a year before November's General Election.

Unfortunately, it may be too late to fully protect the right to vote in Georgia for the General Primary Runoff, Nonpartisan General Runoff, and Special Runoff Election for Local and State Offices Elections in Georgia, which are scheduled for August 11, 2020, with advanced-in-person voting for these elections beginning on

July 20, 2020.[8] But time still remains—diminishing as it is day by day—for the November General Election, for which advance in-person voting begins on October 12, 2020.

There have been a substantial number of developments since Plaintiffs filed their Preliminary Injunction Motions that require expedited discovery and an evidentiary hearing to provide the Court a complete record for resolving the Motions. As the Court previously observed, "what's past is prologue"—and Georgia's June 2020 elections, like the chaotic 2019 pilot elections, provide a very troubling prologue for what awaits voters this fall. *Curling II*, 397 F. Supp. 3d at 1368. Among the issues encountered were implementation problems with the complicated new voting equipment,[9] lack of sufficient paper ballots for hand-marked votes when that equipment failed,[10] lack of training for poll workers on the

---

[8] Ga. Sec'y of State, *2020 State Elections and Voter Registration Calendar*, https://sos.ga.gov/admin/files/2020%20Revised%20Short%20Calendar.pdf (last visited July 16, 2020).

[9] Sam Levine, *Georgia primary blighted by long lines and broken voting machines*, The Guardian (June 9, 2020, 1:52 PM), https://www.theguardian.com/us-news/2020/jun/09/georgia-election-primary-long-lines-broken-voting-machines.

[10] Dareh Gregorian, *Voter turnout soared in Georgia despite massive primary day problems*, NBC News (June 12, 2020, 4:35 PM), https://www.nbcnews.com/politics/2020-election/voter-turnout-soared-georgia-despite-massive-primary-day-problems-n1230806.

new equipment,[11] inadequate numbers of polling locations,[12] and problems both with issuing and receiving absentee ballots.[13] These problems—which were foreshadowed by last year's chaotic pilots of the new BMD-based system—were foreseeable and avoidable, and they confirm the immediate need for the relief Plaintiffs seek in their Preliminary Injunction Motions. Tragically, the new system did not satisfy the "need for transparent, fair, accurate, and verifiable election processes." *Curling II*, 397 F. Supp. 3d at 1338. Far from it. The relief Plaintiffs seek is even more important now since it has become clear that in-person paper ballots for hand-marking at the polls and even absentee ballots are not reliably available to Georgia voters. [14]

---

[11] Richard Fausset, Reid J. Epstein & Rick Rojas, *'I Refuse Not to Be Heard': Georgia in Uproar Over Voting Meltdown*, N.Y. Times, https://www.nytimes.com/2020/06/09/us/politics/atlanta-voting-georgia-primary.html (June 11, 2020).

[12] Pam Fessler, *Chaos In Primary Elections Raises Fears For November*, Nat'l Pub. Radio (June 15, 2020, 5:00 AM), https://www.npr.org/2020/06/15/876474124/chaos-in-primary-elections-raises-fears-for-november.

[13] Steve Peoples, Ben Nadler & Sudhin Thanawala, *Heat, rain, long lines: Georgia election plagued by problems*, Associated Press (June 9, 2020), https://apnews.com/e7ea6e919fadb995c407eea3a4450176.

[14] Richard Fausset & Reid J. Epstein, *Georgia's Election Mess: Many Problems, Plenty of Blame, Few Solutions for November*, N.Y. Times (June 10, 2020), https://www.nytimes.com/2020/06/10/us/politics/georgia-primary-election-voting.html.

Defendants likely will tout their recent "audit" of the Fulton County primary election as evidence that the myriad problems in the June 2020 elections did not affect the results. But the history of Defendants' mistakes, misstatements, and misapprehensions throughout this case and their evident misunderstanding of the requirements for a "risk-limiting"—or otherwise reliable—audit[15] (together with information already available to Plaintiffs) call into question the propriety and reliability of the Fulton County "audit," and necessitate expedited discovery regarding that effort and its results. For example, Plaintiffs should be permitted to examine the "audit's" methodology and findings given the large number and wide variety of problems encountered with it.

Not only have Defendants failed to comply with their constitutional duties regarding Georgia elections, they also have failed to comply with this Court's August 15 Order, which required, in relevant part, that Defendants:

> develop a default plan for use in the 2020 elections that addresses the contingency that the new BMD system enacted by the State Legislature may not be completely rolled out and ready for operation in time for the March 2020 Presidential Primary elections or in subsequent elections in 2020 and provide, as part of that contingency plan, for the use of hand-marked paper ballots for voting, in

---

[15] Ga. Sec'y of State, *Secretary of State Proposes Rules for Election Audit Transparency* (Dec. 3, 2019), https://sos.ga.gov/index.php/elections/secretary_of_state_proposes_rules_for_election_audit_transparency.

7

> coordination with scanners and other equipment available through the State's contract with Dominion or amendment of such.

*Id*. at 1410. Defendants' failure to provide these ballots to voters when needed in the June 2020 election stands in stark contrast to the Court's Order—and their assurances to this Court earlier this year that they had adopted a reliable backup plan. (Dkt. No. 703 at 39:20-41:6.) This must not be allowed to continue, leaving countless voters unduly burdened or entirely disenfranchised.

This Court "expressly warned Defendants that further delay by the State in remediating its technologically outdated and vulnerable voting system would be intolerable and any future timeliness objections relating to the State's inability to comply with the requested relief would be of the State's own making." *Curling II*, 397 F. Supp. 3d at 1338. The Court also warned Defendants that their arguments as to administrative and resource constraints "would hold much less sway in the future" in post-2018 elections "if Defendants continue to move in slow motion or take ineffective or no action." *Id.* at 1340 (quoting *Curling I*, 334 F. Supp. 3d at 1327). The June 2020 elections, like the 2019 pilot elections, confirm that Defendants have taken ineffective action in addressing this Court's concerns about Georgia elections and in protecting the right to vote.

## CONCLUSION

For the reasons above, Plaintiffs request an evidentiary hearing on their Preliminary Injunction Motions as soon as the Court is available, to supplement the record with additional evidence and argument regarding intervening events and to address any questions or concerns this Court may have regarding the Motions and the relief sought. Further delay poses additional harm to Plaintiffs and all other Georgia voters, as demonstrated in the June 2020 elections (and the 2019 pilot elections). To ensure a complete record for the Court, Plaintiffs request a period of expedited discovery—to begin immediately—to obtain critical information regarding the failings associated with the new BMD-based election system.

Plaintiffs are available for a status conference as soon as possible to discuss this request, to the extent helpful for the Court.

Respectfully submitted this 17th day of July, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ John Powers*
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER , ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, a copy of the foregoing **PLAINTIFFS' JOINT EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

> */s/ David D. Cross*
> David D. Cross

13