## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## PLAINTIFFS' JOINT STATEMENT ADDRESSING SCOPE AND TIMING OF PROPOSED EXPEDITED DISCOVERY

Pursuant to the Court's Order dated July 29, 2020 (Dkt. No. 750), Plaintiffs hereby outline the scope of their anticipated expedited discovery requests and propose a schedule to be completed by August 24.  Although they ultimately intend to seek the full scope of discovery available to them under the Federal Rules of Civil Procedure and this Court's applicable orders to prove up the merits of their claims, Plaintiffs seek certain expedited discovery for the purposes of their pending preliminary injunction motions due to time constraints imposed by upcoming elections and the constitutional harms Georgia voters face under the current voting system.[1]

---

[1] Early voting for the August 11, 2020 elections began on July 20.  Ga. Sec'y of State, *2020 State Elections and Voter Registration Calendar*, https://sos.ga.gov/admin/files/2020%20Revised%20Short%20Calendar.pdf (last

### A.     Limits for Expedited Discovery Period

Plaintiffs intend to pursue the following discovery mechanisms as part of expedited discovery:

- For each of (i) Fulton County and (ii) State Defendants:[2]

    o   14 document requests pursuant to Rule 34;

    o   8 interrogatories pursuant to Rule 33;

    o   20 requests for admission[3] pursuant to Rule 36;

    o   A single Rule 30(b)(6) deposition on the record;[4]

    o   Forensic examination by Dr. Alex Halderman and Harri Hursti (and those working at their direction who are needed to conduct the examination) of the memory cards already provided to Dr. Halderman by Cobb, DeKalb, and Fulton Counties;[5]

---

visited July 31, 2020).

[2] "State Defendants" comprise Secretary of State Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp.  For the sake of the proposed expedited discovery, Plaintiffs treat State Defendants as a single group (e.g., Plaintiffs will serve no more than ten document requests to all State Defendants collectively as part of the expedited discovery intended).

[3] Requests for admission help narrow the disputes between the parties and identify undisputed facts, which will reduce the burden on the Court in resolving Plaintiffs' preliminary injunction motions.  They also require much less work and expense than interrogatories or document requests because each typically is required to be simply admitted or denied.

[4] If Fulton County were to designate someone other than Richard Barron for its Rule 30(b)(6) deponent, Plaintiffs also would separately depose Mr. Barron pursuant to Rule 30(b)(1) as part of the expedited discovery period.

[5] Consistent with this Court's June 25, 2020 Order (Dkt. No. 745), Dr. Halderman has completed a limited examination of the memory cards from Fulton and Cobb

- o forensic examination by Dr. Alex Halderman and Harri Hursti (and those working at their direction who are needed to conduct the examination) of a reasonable sample of election equipment, selected by Plaintiffs, used in Georgia elections since the 2016 elections;[6]

- o inspection, observation, and testing pursuant to Rule 34[7] of scanner and tabulation operations; operations to upload election data to servers during the elections scheduled to occur on August 11, 2020; pre-

---

Counties, which Defendants produced July 21 and 24, 2020, respectively. Defendants have indicated that they will produce memory cards for DeKalb County on July 31, 2020. Dr. Halderman has confirmed that he can use the information extracted from the memory cards to identify DREs for sampling based on their use in specific elections. This and other forensic examination may begin during the period for expedited discovery but likely will continue long after.

[6] Despite multiple hacks of and serious vulnerabilities in Georgia's election system (*see Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1368-72 (N.D. Ga. 2019); *see also* Mark Niesse, *Can Georgia's electronic voting machines be trusted?*, Atlanta Journal-Constitution (Sept. 21, 2018), https://www.ajc.com/news/state--regional-govt--politics/can-georgia-electronic-voting-machines-trusted/QQbzOXGzieODS64yu6cFjJ/; Kim Zetter, *Georgia election systems could have been hacked before 2016 vote*, Politico (Jan. 16, 2020), https://www.politico.com/news/2020/01/16/georgia-election-systems-could-have-been-hacked-before-2016-vote-100334; Mark Niesse & Jack Gillum, *Case files discredit Kemp's accusation that Democrats tried to hack Georgia election*, Atlanta Journal-Constitution (June 1, 2020), https://www.ajc.com/news/state--regional-govt--politics/became-political-inside-kemp-false-election-hacking-allegations/xcMXfkgKGRsFxOeglGn57N/), Defendants have steadfastly refused to conduct any forensic examination of that system, including by their own election security experts (*see Curling*, 397 F. Supp. 3d at 1362 ("Again, Dr. Shamos is not aware of any evidence that the State of Georgia has undertaken any forensic examination of Georgia's DREs for contamination.")). Georgia voters cannot have reasonable confidence in the election system without a reliable forensic examination of that system to confirm that it has not been compromised and that it operates securely and accurately.

[7] Coalition Plaintiffs will be serving a Rule 34 inspection request today calling for a response by Monday, August 3, 2020, given the time-sensitivity of the inspections requested.

election equipment testing and[8] polling place installation; PollPad operations and monitoring; and mail ballot processing;[9] for any expert for whom any Defendant relies on his or her testimony for purposes of Plaintiffs' preliminary injunction motions or Defendants' responses thereto, that Defendant (or those Defendants) will (i) specifically identify no later than August 4, 2020, all documents, things, and other information the expert relied upon for any portion of that testimony and (ii) produce no later than August 6, 2020, all such non-public documents, things, and other information;

- For State Defendants, a deposition of their expert, Dr. Juan Gilbert, of no more than 2.5 hours on the record pursuant to Rule 30(b)(1);[10]

- For Dominion Voting Systems, Inc., five document requests and a single Rule 30(b)(6) deposition of no more than 3.5 hours pursuant to Rule 45;

---

[8] The timing of the Rule 34 inspections are critical.  Plaintiffs, alongside their experts, would like the opportunity to observe certain activities and operations relating to the ongoing August 11, 2020 elections, including the testing and set-up of equipment, the tabulation software and associated processes used for absentee ballots. And given the possibility of contamination, Plaintiffs also seek to observe the preparation and associated uploading of data to and from servers and memory cards.

[9] Coalition Plaintiffs attempted over 10 times during July to observe Fulton's Logic and Accuracy testing, required to be open to the public, but on all but one occasion were refused access. Coalition has also unsuccessfully sought information regarding the recording of votes on absentee ballots through Georgia's Open Records Act. Therefore, Rule 34 inspection is necessary for the meaningful inspection of these records and activities.

[10] Dr. Gilbert has not addressed the chaotic June 9, 2020 primary elections or their implications for the reliability of Georgia's current election system, nor have Plaintiffs had an opportunity to cross-examine him on that topic or his prior written testimony.  Cross-examination has proven critically important in testing—and ultimately refuting—written testimony Defendants have submitted on multiple occasions in this litigation, including from their prior election security experts (whom they abandoned for Plaintiffs' pending preliminary injunction motions).

- For Gwinnett, DeKalb, Athens-Clarke, Banks, and Oconee Counties: document requests for adjudicated ballot images of the mail ballots processed for the June 9, 2020 election; and,

- For Irwin County: document requests relating to logic and accuracy testing for the June 9, 2020 election and ballot image files.

### B.    Deadline for Written Responses and Document Productions

To ensure prompt resolution of discovery disputes and timely disclosure of discovery, Plaintiffs propose that (i) written responses to the forgoing expedited discovery requests be due by 5:00 p.m. ET within three calendar days of service and (ii) responsive documents be produced on a rolling basis beginning as soon as possible upon service of the corresponding requests and finishing within ten calendar days of service of those requests.

### C.    Schedule

| Case Event | Date |
|---|---|
| Discovery Opened | July 30, 2020 |
| Expedited Discovery Completed | August 24, 2020 |
| Plaintiffs' Supplemental Briefs Addressing New Evidence for Preliminary Injunction Motions | August 28, 2020 |

### D.    Email Service

The parties will serve by email all discovery requests and responses, as well as document productions (where technologically feasible), upon each party's

counsel of record or other individual(s) a party designates in writing for service no later than 5 p.m. ET on the day of service.

### E.      Depositions

In light of current circumstances, for the purposes of the expedited discovery period, any party may elect to conduct or otherwise participate in any deposition remotely by video via the internet, such as by Zoom or some other reliable tool or platform.   Depositions will occur after substantial completion of document productions and written discovery, and the parties will work in good faith to schedule the depositions as soon as possible.   Plaintiffs are available for depositions, depending on the timing of discovery from Defendants, August 11-12, 14, 18-19, and 21.  No party may object to conducting multiple depositions on the same day, but the parties will work in good faith to avoid this if possible.

### F.      Dispute Resolution

If the parties cannot resolve a discovery dispute within 24 hours of service of written responses or documents, they shall submit a joint filing to the Court regarding the dispute within the next 24 hours (but no later than 3:00 p.m. ET) and shall be available at the Court's convenience for any hearing or conference regarding the dispute.  Given the unusual difficulty Plaintiffs previously faced with obtaining

discovery from State Defendants, Plaintiffs believe this expedited dispute resolution

process is critical to complete expedited discovery in a timely manner.

Respectfully submitted this 31st day of July, 2020.

_/s/ David D. Cross_                             _/s/ Halsey G. Knapp, Jr._
David D. Cross (*pro hac vice*)              Halsey G. Knapp, Jr.
John P. Carlin (*pro hac vice*)              GA Bar No. 425320
Lyle P. Hedgecock (*pro hac vice*)           Adam M. Sparks
Mary G. Kaiser (*pro hac vice*)              GA Bar No. 341578
Robert W. Manoso (*pro hac vice*)            KREVOLIN & HORST, LLC
MORRISON & FOERSTER LLP                       1201 West Peachtree Street, NW
2000 Pennsylvania Avenue, NW                  Suite 3250
Suite 6000                                   Atlanta, GA 30309
Washington, DC 20006                         (404) 888-9700
(202) 887-1500

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

_/s/ Bruce P. Brown_                          _/s/ Robert A. McGuire, III_
Bruce P. Brown                               Robert A. McGuire, III
Georgia Bar No. 064460                       Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC                         (ECF No. 125)
1123 Zonolite Rd. NE                         ROBERT MCGUIRE LAW FIRM
Suite 6                                      113 Cherry St. #86685
Atlanta, Georgia 30306                       Seattle, Washington 98104-2205
(404) 881-0700                               (253) 267-8530

*Counsel for Coalition for Good Governance*

_/s/ Cary Ichter_
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC

3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

<u>*/s/ John Powers*</u>
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, a copy of the foregoing **PLAINTIFFS'**

**JOINT STATEMENT ADDRESSING SCOPE AND TIMING OF PROPOSED**

**EXPEDITED DISCOVERY** was electronically filed with the Clerk of Court using

the CM/ECF system, which will automatically send notification of such filing to all

attorneys of record.

*/s/ David D. Cross*
David D. Cross