IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

**STATE DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' NOTICE OF FILING EVIDENCE RELATING TO PAPER POLLPAD BACKUP RELIEF**

Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, "State Defendants") briefly respond in opposition to Coalition Plaintiffs' Notice of Filing Evidence Relating to Paper Pollpad Backup Relief [Doc. 755].

Coalition Plaintiffs' latest batch of declarations illustrates exactly why this case should proceed on a normal discovery track instead of on an emergency basis. Looking just at the first declaration filed, Coalition Plaintiffs have included hearsay about how counties in North Carolina utilize a check-in process that differs from Georgia's, [Doc. 755, p. 18]; descriptions of Ms. Marks' and the Coalition's policy advocacy to the State Election Board,

*id.* at ¶¶ 6-13; and Ms. Marks' personal opinions about how her preferred policy option would have improved an election held during a pandemic,[1] *id.* at ¶ 29. Coalition Plaintiffs also offer ideas about poll worker training, *id.* at pp. 76-78; ballot secrecy on BMDs, *id.* at pp. 80-81, 97-98, 126; whether voters review ballots, *id.* at p. 139-140; the proper positioning of PollPads to avoid glare on voter's driver's licenses during check-in, *id.* at p. 102; commentary on whether green dots assist poll officials with setting up encoders, *id.* at p. 105; and their frustrations that policymakers do not believe them, *id.* at 121-122.

State Defendants have not yet been able to test any of these declarations through depositions or other discovery. This Court already noted that it only has "preliminary evidence" before it regarding Coalition Plaintiffs' claims and Coalition Plaintiffs have simply provided more untested declarations. [Doc. 751, p. 23]. Coalition Plaintiffs take the position that their requested relief is already "required by SEB regulations,"[2] [Doc. 755, p. 169], [Doc. 756, p. 23], but seek significant changes to Georgia election processes

---

[1] At least one declaration filed by Coalition Plaintiffs indicates that pollworkers utilized paper lists, even though the declarant was not sure how they were utilized. *Id.* at p. 102.

[2] If Coalition Plaintiffs believe that an SEB Rule is being violated, they have the option of seeking mandamus in a Georgia superior court, as they have done in other situations. *Coalition for Good Governance v. Gaston*, Case No. 20CV000077(S) (Sumter County Superior Court).

and poll worker training[3] for the August 11 election (eight days from today) and the November 3 election (92 days from today). [Doc. 756, p. 7]. Even without the significant Eleventh-Amendment and "follow the law" injunction issues raised by Coalition Plaintiffs' proposed relief, it is too late to make these changes and this Court should allow the case to proceed on a normal discovery track so it can review evidence that is tested by the adversarial process as it weighs Plaintiffs' claims.

Last Thursday, the U.S. Supreme Court again stayed a district-court order that made significant changes to election processes for November related to ballot initiatives, with the Chief Justice noting the need for "clear and administrable guidelines from the courts." *Little v. Reclaim Idaho*, No. 20A18, 2020 U.S. LEXIS 3585, at *2 (U.S. July 30, 2020). *Accord Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207, 206 L. Ed. 2d 452 (2020); *Purcell v. Gonzalez*, 549 U. S. 1, 127 S. Ct. 5 (2006) (*per curiam*); *Frank v. Walker*, 574 U. S. 929, 135 S. Ct. 7 (2014); *Veasey v. Perry*, 574 U.S. 951, 135 S. Ct. 9 (2014); *Tex. Democratic Party v. Abbott*, 140 S. Ct. 2015, 2015 (2020); *Thompson v. DeWine*, No. 19A1054, 2020 U.S. LEXIS 3376, at *1

---

[3] Coalition Plaintiffs also apparently presume that State Defendants are responsible for training poll workers—which they are not. O.C.G.A. § 21-2-50(a)(11) (Secretary responsible for training superintendents and registrars, not poll officials).

(U.S. June 25, 2020). It is time for this case to continue through the regular adversarial process and allow this Court the ability to weigh admissible evidence regarding Plaintiffs' claims.

Respectfully submitted this 3rd day of August, 2020.

> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966
> blake@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318
> Telephone: (678) 701-9381
> Facsimile:  (404) 856-3250
>
> */s/Bryan P. Tyson*
> Bryan P. Tyson
> Georgia Bar No. 515411
> btyson@taylorenglish.com
> Bryan F. Jacoutot
> Georgia Bar No. 668272
> bjacoutot@taylorenglish.com
> Diane F. LaRoss
> Georgia Bar No. 430830
> dlaross@taylorenglish.com

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' NOTICE OF FILING EVIDENCE RELATING TO PAPER POLLPAD BACKUP RELIEF** has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson