IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' SUPPLEMENTAL JOINT STATEMENT ADDRESSING SCOPE AND TIMING OF PROPOSED EXPEDITED DISCOVERY**

Pursuant to the Court's direction, Plaintiffs hereby significantly narrow the scope of their anticipated expedited discovery requests.

**A.   Limits for Expedited Discovery Period**

Plaintiffs seek to pursue the discovery mechanisms below as part of expedited discovery. Plaintiffs also plan to pursue additional discovery, including of third parties, in the ordinary course pursuant to the Federal Rules and this Court's Orders, some of which can be completed by September 4 without expedited timelines.

- For each of Fulton County and State Defendants:
    - Ten document requests for State Defendants pursuant to Rule 34 (eight of which are attached hereto as Exhibit A and were served on August 3, 2020[1]) and five document requests for Fulton County (which

---

[1] Plaintiffs narrowly-tailored the eight document requests already served to those documents that are crucial for addressing the issues before the Court on their

> Plaintiffs anticipate serving this week);

- o Four interrogatories pursuant to Rule 33 (which Plaintiffs anticipate serving this week);

- o Ten requests for admission pursuant to Rule 36;

- o For the memory cards already in Dr. Halderman's possession from Cobb, DeKalb, and Fulton Counties, forensic examination by him and Harri Hursti (and those working at their direction who are needed to conduct the examination);[2]

- o Forensic examination by Dr. Alex Halderman and Harri Hursti (and those working at their direction who are needed to conduct the examination) of forensic images of ten DREs, ten BMDs, one GEMS server, one Dominion EMS server, and five poll pads (including a copy of the software application needed to examine the poll pads), each to be selected by Plaintiffs, used in Georgia elections since the 2016 elections;[3] and,

---

preliminary injunction motions and, in particular, rebutting Defendants' defenses and allegations regarding those issues.  Except for Request No. 7, which merely seeks documents State Defendants contend support their opposition to Plaintiffs' requested relief, each request is limited to documents "showing" or "reflecting" specific categories of information (rather than all documents regarding those topics) and each request is limited in temporal scope, focusing on recent Georgia elections using the new Dominion equipment or hand-marked paper ballots.

[2] This request imposes no burden or expense on Defendants because Plaintiffs already have these memory cards.

[3] Dr. Halderman has confirmed that he can use the information extracted from the memory cards produced from Fulton, Cobb, and DeKalb Counties to identify DREs for sampling based on their use in specific elections.  Since DREs and GEMS servers are no longer allowed to be used in Georgia, this analysis would not disrupt or otherwise impact elections.  Similarly, creating forensic images of a handful of BMDs and a single Dominion EMS server would not impose any meaningful burden on Defendants given the ease and little time with which those images can be created of such few pieces of equipment.  Plaintiffs have established that they and their

ny-1969187

- For Fulton County, inspection, observation, and testing pursuant to Rule 34 of scanner and tabulation operations; operations to upload election data to servers during the elections scheduled to occur on August 11, 2020; pre-election equipment testing and[4] polling place installation; PollPad operations and monitoring; and mail ballot processing[5]; for any expert for whom any Defendant relies on his or her testimony for purposes of Plaintiffs' preliminary injunction motions or Defendants' responses thereto, that Defendant (or those Defendants) will (i) specifically identify no later than August 4, 2020, all documents, things, and other information the expert relied upon for any portion of that testimony and (ii) produce no later than August 6, 2020, all such non-public documents, things, and other information. (*See* Exhibit C.)

- For Dominion Voting Systems, Inc. ("Dominion"), three document requests and a single Rule 30(b)(6) deposition of no more than 3.5 hours pursuant to Rule 45 (per the draft subpoena and notice attached hereto as Exhibit B).

---

experts can maintain any confidential information on any of those images securely. Defendants' unwavering and inexplicable refusal to conduct any forensic examination of its election system, including by their own election security experts, makes this analysis critically important and long overdue, especially with another Presidential election this fall.

[4] The timing of the Rule 34 inspections are critical. Plaintiffs, alongside their experts, would like the opportunity to observe certain activities and operations relating to the ongoing August 11, 2020 elections, including the testing and set-up of equipment, the tabulation software and associated processes used for absentee ballots. And given the possibility of contamination, Plaintiffs also seek to observe the preparation and associated uploading of data to and from servers and memory cards.

[5] Coalition Plaintiffs attempted over 10 times during July to observe Fulton's Logic and Accuracy testing, required to be open to the public, but on all but one occasion were refused access. Coalition has also unsuccessfully sought information regarding the recording of votes on absentee ballots through Georgia's Open Records Act. Therefore, Rule 34 inspection is necessary for the meaningful inspection of these records and activities.

ny-1969187

### B. Depositions

Mindful of this Court's directive to narrow the scope of expedited discovery, Plaintiffs have eliminated all party depositions previously requested on an expedited basis *contingent upon* Plaintiffs' ability to examine certain key witnesses (e.g., Richard Barron, Chris Harvey, Merritt Beaver (or current Chief Information Officer for the Secretary of State), Dr. Juan Gilbert, and others) live at a preliminary injunction hearing, as in the past. This approach would minimize the burden on Defendants and afford the Court an opportunity to question witnesses itself. Witnesses could be examined at a hearing remotely by video via the internet, such as by Zoom or some other reliable tool or platform, given current circumstances, which has occurred successfully in many hearings in federal courts around the country since the pandemic began. If the Court declines to allow live witness examination at a hearing, Plaintiffs seek a Rule 30(b)(6) deposition of each of the Secretary of State's Office and Fulton County on an expedited basis, including individual depositions of certain key witnesses.

### C. Key Topics for Expedited Discovery

To be clear—and contrary to State Defendants' claim—Plaintiffs do not seek discovery because their preliminary injunction motions lack merit. Such an argument could be made of any request for discovery in any preliminary injunction

ny-1969187

proceeding, and yet discovery often occurs in such proceedings, just as it did last summer. Plaintiffs seek certain discovery to further support their motions and to rebut Defendants' defenses and allegations, just as they did with the discovery obtained before last year's preliminary injunction hearing, such as establishing the falsity of their allegations about the confidentiality and security of the GEMS databases, establishing the many serious security vulnerabilities with the election system through the Fortalice reports (and the falsity of Mr. Beaver's sworn testimony), and obtaining damning admissions from key witnesses such as Dr. Shamos. Given this history, it comes as no surprise that Defendants seek to avoid discovery until after this year's elections—but that would amount to a denial of Plaintiffs' preliminary injunction motions given the critically-important elections for which Plaintiffs seek relief this year, since they filed their pending motions last year. Plaintiffs respectfully submit that the following topics—consistent with the document requests already served—are crucial for narrow, targeted, expedited discovery, to ensure a full and complete record for the Court to decide Plaintiffs' pending preliminary injunction motions:

1. The use of hand-marked paper ballots as a back-up for electronic voting equipment in the June 9, 2020 primary elections, including shortages of such ballots and/or failure to use such ballots;

2. Actual or potential security breaches or vulnerabilities involving the election system, including any review, assessment, or remediation of any portion of

ny-1969187

> the system (e.g., a new or supplemental assessment or remediation by Fortalice or similar consultant);

3. Operational failures of the election system, including with the BMDs and scanners, during the June 9, 2020 primary elections, including the reasons for those failures, their impact on voters and the elections, and any remedial measures Defendants (or any other Georgia county) plan to take in the future;

4. The November 2019 pilot elections using hand-marked paper ballots and the new BMD-based system;

5. The costs associated with the new, BMD-based election system and the costs associated with elections using hand-marked paper ballots;

6. Issues involving the exposure or accuracy of the voter registration database and associated data migration efforts, including assessments of the State's database or its new vendor's handling of the EPoll voter database and function—as directed by the Court in its August 2019 Order granting a preliminary injunction (August 15, 2019 Order (Dkt. 579) at 150);

7. Post-election audits for Georgia elections, including the "pilot post-election audit" conducted in Fulton County after the June 9, 2020 primary elections, described in the June 29, 2020 Georgia Secretary of State press release titled "Audit Supports Primary Outcome,"[6] and plans, draft rules and procedures for all post-election audits planned for 2020; and

8. The feasibility of using hand-marked paper ballots in future Georgia elections.

---

[6] Plaintiffs attempted to obtain important information about this purported "audit" through open records requests to Defendants in recent weeks. Unfortunately, they all but ignored those requests, producing only a handful of documents that provide little, if any, insight into the audit or its results. In fact, Defendants have increasingly failed to comply with their open records obligations. Information already available to Plaintiffs raises serious questions and concerns about the reliability of the "audit".

ny-1969187

Respectfully submitted this 5th day of August, 2020.

/s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 887-1500

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

ny-1969187

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ John Powers*
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

ny-1969187

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *David D. Cross*
David D. Cross

ny-1969187

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, a copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL JOINT STATEMENT ADDRESSING SCOPE AND TIMING OF PROPOSED EXPEDITED DISCOVERY** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                         */s/ David D. Cross*
                                         David D. Cross

ny-1969187