# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**PLAINTIFFS' JOINT REQUEST FOR PRODUCTION
OF DOCUMENTS AND INSPECTION OF THINGS
TO STATE DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs request that Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants") produce and make available for inspection the documents, electronically stored information, and tangible things specified herein below in this Set of Requests for Production (the "Requests").

ny-1967718

**Definitions**

Plaintiffs hereby incorporate by reference all definitions provided in the Curling Plaintiffs' June 3, 2019 First Requests for Production of Documents to State Defendants.  However, Plaintiffs modify the definitions below as follows:

"Complaints" refer to Dkt. Nos. 226, 627, and 628, respectively Curling Plaintiffs' Third Amended Complaint and Coalition Plaintiffs' First Supplemental Complaint.

"Election System" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), ballot marking devices (BMDs) (including but not limited to ImageCastX Ballot Marking Devices), BMD-adjacent equipment (including but not limited ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), the KnowInk PollPad Plus system and associated components, software (such as any version of the Global Election Management System (GEMS) or the BallotStation software or the software associated with the "Dominion Voting Democracy Suite" and the KnowInk PollPad Plus system used in any election in the state of Georgia), script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation,

2

recording, processes, or procedures of elections in the State of Georgia, including without limitation voter registration information, election results data, DREs, BMDs, optical scanners, modems, network equipment, other peripheral devices, any server that hosts or has hosted the GEMS software or any other election management system, or the Election Night Reporting system, voter registration systems or databases, online voter registration servers, electronic poll books and related components, administrative credentials, the Center for Election Systems (CES) (including but not limited to when it was located at Kennesaw State University), or information related to employees, agents, representatives, volunteers, or others acting on behalf of you, the State of Georgia, or any county or municipality with respect to elections in the State of Georgia.

"Relevant Time Period" means January 1, 2019, until the present unless otherwise indicated.

## Instructions

Plaintiffs hereby incorporate by reference all instructions provided in the Curling Plaintiffs' June 3, 2019 First Requests for Production of Documents to State Defendants. However, Plaintiffs modify Instruction No. 2 below as follows:

2.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity

3

or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including but not limited to election database files (.edb files), election resource files (.xtr files), ballot results files (.brs files), audit log files (.adt files), GEMS backup files (.gbf files), DB dump files (.dbf files), election control files (.d files), AccuBasic scripts (.abs and .abo files), software updates (including but not limited to .nb0, .bin, and .ins files), other election software or data files, and system and server log files in their native formats. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value,

application type, file type, file name, file size, file path, and folder path.  Documents

produced in native format shall be accompanied by a native link field.

## REQUESTS FOR PRODUCTION

### Request for Production No. 1:

Documents showing (i) all protocols and/or procedures for using hand-marked

paper ballots as a back-up for the June 9, 2020 primary elections and any subsequent

elections per the Court's August 2019 Order granting a preliminary injunction

(*Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1410 (N.D. Ga. 2019)); (ii) all steps

taken to develop any such protocols and/or procedures including all considerations

and/or discussions that were part of that development; (iii) whether, when, where,

and why (or why not) hand-marked paper ballots were provided to voters as a back-

up or emergency ballots for the June 9, 2020 primary elections pursuant to State

Election Board Rules 183-1-12-.11(2)(c)-(d) or other authority;[1] (iv) all reports,

evaluations, findings, or assessments relating to the use and/or cost of hand-marked

paper ballots; and (v) all failures to comply, including but not limited to any decision

not to comply, with any protocols, procedures, rules, court orders, and/or laws related

---

[1] This Request includes but is not limited to any efforts by Defendants to block the
use of hand-marked paper ballots.  *See* Stephen Fowler, *Athens-Clarke Ordered To
Stop Using Hand-Marked Paper Ballots Immediately*, Georgia Public Broadcasting
(March 11, 2020), https://www.gpb.org/news/2020/03/12/athens-clarke-ordered-
stop-using-hand-marked-paper-ballots-immediately.

ny-1967718

to using hand-marked paper ballots in the June 9, 2020 primary elections, including but not limited to State Election Board Rules 183-1-12-.11(2)(c)-(d).

**Request for Production No. 2:**

Documents from the Relevant Time Period reflecting all actual, potential, anticipated, suspected, contemplated, or alleged Security Breaches or Security Vulnerabilities including, but not limited, to documents reflecting (i) all investigations, reports, examinations, studies, findings, audits, evaluations, and/or assessments conducted by You or a third party on Your behalf or at Your direction regarding any such Security Breach or Security Vulnerability; and (ii) all actions and/or steps considered, contemplated, discussed, approved, implemented, and/or rejected as potential remediation for any such Security Breach or Security Vulnerability.

**Request for Production No. 3:**

Documents showing (i) all steps taken to comply with the Court's following directive in its August 2019 Order granting a preliminary injunction (*Curling*, 397 F. Supp. 3d at 1411): "The Secretary of State's Office should work with its consulting cybersecurity firm to conduct an in-depth review and formal assessment of the issues relating to exposure and accuracy of the voter registration database discussed here as well as those related issues that will migrate over to the State's

database or its new vendor's handling of the EPoll voter database and function;" (ii) all considerations and discussions that were part of any effort or decision to comply, or not comply, with that directive; (iii) all reports, evaluations, findings, or assessments relating to the accuracy, security, and/or reliability of any voter registration database; and (iv) all steps taken or planned to address any Security Breaches or Security Vulnerabilities relating to any voter registration database since the Court's August 2019 Order.

**Request for Production No. 4:**

Documents showing (i) the steps taken to implement Dominion and KnowInk election equipment, including but not limited to ballot-marking devices, scanners, electronic pollbooks, smart cards, memory cards, and servers, as well as related testing or procedures, including training of election workers, for each 2020 election; (ii) the timing and cost of each such step including but not limited to when each piece of equipment was provided to each county and to each polling site for each election; (iii) the number of electronic pollbooks, ballot-marking devices and scanners provided to each county and all considerations, discussions, and decisions that led to that number for each county; (iv) the number of electronic pollbooks, ballot-marking devices and scanners provided to each polling site and all considerations, discussions, and decisions that led to that number for each polling

ny-1967718

site; and (v) all reports, contracts, evaluations, findings, or assessments relating to the implementation, reliability, performance, operation, feasibility, use, accessibility, sustainability, storage, transportation, and/or cost of any Dominion and KnowInk election equipment.

**Request for Production No. 5:**

With respect to the "pilot post-election audit" conducted in Fulton County after the June 9, 2020 primary elections, described in the June 29, 2020 Georgia Secretary of State press release,[2] all data collected for or as part of the "audit," regardless of whether used or relied upon for the "audit," and documents showing (i) all protocols and/or procedures used for the "audit" as well as all considerations, discussions, and decisions related to the adoption of those protocols and/or procedures; (ii) all steps taken to develop, approve, adopt, implement, effectuate, and record the "audit" as well as all considerations, discussions, and decisions related to the adoption of those steps; (iii) how the audit supposedly qualified as a "risk-limiting audit," including the specification of the particular criteria used to characterize the "audit" as a "risk-limiting audit;" (iv) the identity of each employee, State Election Board member, county official, elected official, and/or agent with

---

[2] Ga. Sec'y of State, *Audit Supports Primary Outcome* (July 1, 2020), https://sos.ga.gov/index.php/general/audit_supports_primary_outcome.

8

responsibility for developing, approving, adopting, implementing, evaluating, supervising, monitoring, and/or recording any of the procedures, protocols, and/or steps that were part of the "audit;" (v) all actual, potential, contemplated, or anticipated concerns regarding the reliability, propriety, appropriateness, reasonableness, accuracy, or validity of the "audit;" and (vi) plans, protocols, and procedures for post-election audits following the remaining 2020 elections.

**Request for Production No. 6:**

Documents reflecting any malfunctions, inaccuracies, uncounted votes, or failures involving ballot-marking devices, ballot scanners,[3] electronic pollbooks, election-related servers, election-related smart cards, election-related memory cards, or other election-related electronic equipment used in the Election System during the June 2020 primary elections, including documents reflecting any reasons for or discussions of those inaccuracies, uncounted votes, malfunctions or failures, their

---

[3] This Request includes but is not limited to documents suggesting that Dominion scanning equipment did not register voter intent where hand-marked paper ballots were used. *See* Frank Bajak, *Activists cite tabulation flaw in mail-in ballots in Georgia*, PBS (June 13, 2020), https://www.pbs.org/newshour/politics/activists-cite-tabulation-flaw-in-mail-in-ballots-in-georgia ("In post-election reviews, bipartisan panels in all four counties detected unregistered votes while examining ballot images flagged by the vote-tallying scanner's software for anomalies."); Danny Hakim, Reid J. Epstein & Stephanie Saul, *Anatomy of an Election 'Meltdown' in Georgia*, N.Y. Times (July 25, 2020), https://www.nytimes.com/2020/07/25/us/politics/georgia-election-voting-problems.html.

impact on voters or the elections, and any remedial measures taken or planned in response including the timing and cost of each such measure and the identity of each employee, elected official, and/or agent with responsibility for developing, adopting, approving, and/or implementing any such measure.

**Request for Production No. 7:**

All documents You contend support Your opposition to any aspect of any relief sought in either of Plaintiffs' pending preliminary injunction motions (Dkt. Nos. 619 and 640) or complaints (Dkt. Nos. 226, 627, and 628).

**Request for Production No. 8:**

Documents  showing (i) all reports, evaluations, findings, or assessments relating to any pilot elections that utilized hand-marked paper ballots during the Relevant Time Period, including but not limited to pilot elections held in Cobb County; and (ii) all reports, evaluations, findings, assessments, complaints, challenges, or failures relating to any pilot elections that utilized ballot-marking devices during the years 2019-2020.

## REQUEST FOR INSPECTION

**Request for Inspection No. 1:**

Plaintiffs request to have their experts, Dr. Alex Halderman and Harri Hursti (and those working at their direction), forensically examine (i) a reasonable sample,

selected by Plaintiffs, of DREs, ballot-marking devices, ballot scanners (both AccuVote and Dominion), election servers (both GEMS and Dominion), and memory cards and/or smart cards used with Dominion election equipment; and (ii) the memory cards from Cobb, DeKalb, and Fulton Counties already provided to Plaintiffs for any Security Breaches or Security Vulnerabilities.

Respectfully submitted this 3rd day of August, 2020.


 */s/ David D. Cross*                          */s/ Halsey G. Knapp, Jr.*
David D. Cross (*pro hac vice*)          Halsey G. Knapp, Jr.
John P. Carlin (*pro hac vice*)           GA Bar No. 425320
Lyle P. Hedgecock (*pro hac vice*)     Adam M. Sparks
Mary G. Kaiser (*pro hac vice*)          GA Bar No. 341578
Robert W. Manoso (*pro hac vice*)      KREVOLIN & HORST, LLC
MORRISON & FOERSTER LLP             1201 West Peachtree Street, NW
2000 Pennsylvania Avenue, NW         Suite 3250
Suite 6000                                        Atlanta, GA 30309
Washington, DC 20006                      (404) 888-9700
(202) 887-1500

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Bruce P. Brown*                          */s/ Robert A. McGuire, III*
Bruce P. Brown                                 Robert A. McGuire, III
Georgia Bar No. 064460                     Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC              (ECF No. 125)
1123 Zonolite Rd. NE                          ROBERT MCGUIRE LAW FIRM
Suite 6                                              113 Cherry St. #86685
Atlanta, Georgia 30306                       Seattle, Washington 98104-2205
(404) 881-0700                                   (253) 267-8530

*Counsel for Coalition for Good Governance*

11

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ John Powers*
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

　　　　　　　　　　　　 /s/ David D. Cross
　　　　　　　　　　　　David D. Cross

13

ny-1967718

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| |
|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** |

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2020, a copy of the foregoing

**PLAINTIFFS' JOINT REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO STATE DEFENDANTS** was served on all counsel of record by electronic

delivery of a PDF version.

 /s/ David D. Cross
David D. Cross

14