# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' JOINT NOTICE OF DEPOSITION OF
DOMINION VOTING SYSTEMS, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs will take the deposition by oral examination of Non-Party Dominion Voting Systems, Inc. ("Dominion") as permitted by Rule 45 of the Federal Rules of Civil Procedure and applicable court orders in the above-captioned matter. This deposition will take place on Wednesday, **August __, 2020**, beginning at **11:00 a.m. ET / 9:00 a.m. MT**, and continue from day to day until completed, at Dominion Voting Systems, Inc., 717 17th Street, Suite 310, Denver, Colorado 80202, using an online platform for remote participation. The deposition shall be taken by oral examination with written and/or sound and visual record made thereof before a court reporter or other officer authorized by law to administer oaths.

1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Dominion is hereby notified of its obligation to designate one or more officers, directors, managing agents, employees, or other persons to testify on its behalf about the matters set forth in Attachment A. The person(s) so designated shall be required to testify about each of those matters known or reasonably available to Dominion. In addition, Dominion is hereby notified of its obligation to produce responsive documents, pursuant to Attachment B, at least two days before the deposition noticed in the accompanying subpoena.

Respectfully submitted this 5th day of August, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC |  (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |

ny-1969188

Suite 6  
Atlanta, Georgia 30306  
(404) 881-0700  

113 Cherry St. #86685  
Seattle, Washington 98104-2205  
(253) 267-8530  

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*  
Cary Ichter  
Georgia Bar No. 382515  
ICHTER DAVIS LLC  
3340 Peachtree Road NE  
Suite 1530  
Atlanta, Georgia 30326  
(404) 869-7600  

*Counsel for William Digges III, Laura Digges,*  
*Ricardo Davis & Megan Missett*

*/s/ John Powers*  
John Powers  
David Brody  
Lawyers' Committee for Civil Rights  
Under Law  
1500 K St. NW, Suite 900  
Washington, DC 20005  
(202) 662-8300  

*Counsel for Coalition Plaintiffs*

ny-1969188

# ATTACHMENT A: RULE 30(B)(6) TOPICS FOR EXAMINATION

1. Dominion's knowledge of testing of Georgia's current Dominion voting system equipment. Specifically:
   a. Dominion's knowledge of acceptance testing in Georgia;
   b. Dominion's involvement in Logic and Accuracy Testing of Georgia's current Dominion voting equipment and the results thereof; and,
   c. Dominion's knowledge of other state and county testing of Georgia's current Dominion voting equipment and the results thereof.

2. Dominion's responsibilities with respect to Georgia's counties' conduct during 2020 Georgia elections. Specifically:
   a. Scope of Dominion's responsibilities in 2020 Georgia elections;
   b. Dominion's oversight of technicians and other election workers in 2020 Georgia elections; and,
   c. Dominion's involvement in hiring and training activities for technicians and other election workers for 2020 Georgia elections.

3. Hand-marked ballot scanning and vote counting, and adjudication software applications. Specifically:
   a. Functionality and operation of Georgia's current Dominion voting software for scanning hand-marked paper ballots;
   b. Functionality and operation of Georgia's current Dominion voting software for adjudicating voter marks; and,
   c. Training of technicians, other election workers, and/or counties on above matters.

4. Dominion's knowledge of electronic pollbook issues in Georgia 2020 elections. Specifically:
   a. Identification of known issues requiring hardware or software changes to electronic pollbooks and
   b. Report writing capabilities of the system.

5. Dominion's knowledge of security issues related to Georgia's current voting system. Specifically:
   a. Potential for remote access to system components, including but not limited to voter registration databases and/or websites;

    b. Dominion's recommendations regarding securing voting equipment components, including but not limited to those that are stored overnight in early voting polling places;
    c. Transfer of data from Georgia's prior system to the current Dominion voting system and the use of any aspects of Georgia's prior system with the current Dominion voting system since its adoption;
    d. Security and wireless connections involving electronic pollbooks; and,
    e. Reports, evaluations, assessments, and/or findings regarding security concerns, breaches, attempted breaches, and/or vulnerabilities involving components in use with Georgia elections.

6. Dominion's knowledge of auditability and voter verifiability of Dominion ballot-marking devices in use with Georgia elections. Specifically:
    a. Dominion's knowledge of methods and/or reliability of voter verification of contents of ballot card printouts produced by Georgia's current Dominion voting system; and,
    b. Dominion's knowledge of methods and/or reliability of pre-election and/or post-election auditing of election results produced by Georgia's current Dominion voting system, including but not limited to risk-limiting audits of that system.

7. Authentication, identification, substance, and context of any documents produced in response to the accompanying subpoena.

## ATTACHMENT B: DOCUMENTS REQUESTED FOR PRODUCTION

**Definitions**

The following words, terms, or phrases shall, for purposes of the requests for production of documents below and for the Rule 30(b)(6) topics in Attachment A, have the meanings specified, unless otherwise expressly stated in each request:

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Related to," "relating to," and "regarding" shall mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A

draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Georgia" or "Georgia Secretary of State" or "Georgia counties" means and includes Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, and Matthew Mashburn in their official capacities, the Georgia Secretary of State's Office, CES, and the Georgia State Election Board, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each, any, or all of the forgoing.

"Including" means including without limitation.

"Relevant Time Period" means January 1, 2019, until the present unless otherwise indicated.

"You", "Your", and "Dominion" mean and include Non-Party Dominion Voting Systems, Inc., its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of the subjects of oral examination.

**Instructions**

1.  For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies

ny-1969188

that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2. Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive election system files including but not limited to election database files (.edb files), election resource files (.xtr files), ballot results files (.brs files), audit log files (.adt files), GEMS backup files (.gbf files), DB dump files (.dbf files), election control files (.d files), AccuBasic scripts (.abs and .abo files), software updates (including but not limited to .nb0, .bin, and .ins files), other election software or data files, and system and server log files in their native formats. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not

as several single-page documents). Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

3. If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was

distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

4. If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 3 above.

5. If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

6. These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

9. The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority. Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

10. Documents shall be produced to Plaintiffs via e-mail or comparable electronic means to their counsel of record or other individuals identified by Plaintiffs for receipt.

**Document Requests**

1. Documents, including but not limited to communications internal to You or between or among any of You, Georgia Secretary of State, and/or Georgia counties, reflecting plans for Georgia's implementation of its Dominion voting system (including interconnecting systems, such as third-party systems) and the timing and feasibility of those plans, including ongoing implementation issues or challenges; execution or operational issues or challenges related to any 2020

ny-1969188

elections; solutions implemented, planned, or contemplated for any such issues or challenges; and research, reports, assessments, findings, and publications (proprietary or non-proprietary) of the security, reliability, and accuracy of any component of Georgia's Dominion voting system.

2. Documents, including but not limited to communications internal to You or between or among any of You, Georgia Secretary of State, and/or Georgia counties, reflecting research, reports, assessments, findings, and publications (proprietary or non-proprietary) pertaining to (i) auditability or verifiability of election results produced by Your ballot-marking devices in use with Georgia elections and (ii) voter verification of the accuracy of ballot cards produced by such devices.

3. Any and all documents shown to or reviewed by your corporate designee(s) for the accompany deposition subpoena and notice in the course of preparing to give testimony at the deposition on the topics noticed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I certify that on August 5, 2020, the foregoing was served by process server on the registered agent of Dominion Voting Systems, Inc. The foregoing also was served by e-mail on all counsel of record.

*/s/ David D. Cross*
David D. Cross