IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' PRELIMINARY RESPONSE TO THE CURLING PLAINTIFFS' EMERGENCY MOTION FOR DISCOVERY**

Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, "State Defendants") submit this Preliminary Response to the Curling Plaintiffs' most recent "Emergency" Motion for Discovery (the "Curling Motion"). Doc. No. [769]. While the State Defendants reserve the right to respond more fully once this Court decides when and how a response is required, given that the Curling Plaintiffs have once again chosen to mischaracterize the record and lob baseless attacks on the integrity of the State Defendants and their counsel, an immediate response was required.

In short, the Curling Motion should be denied on three grounds: (1) it is factually wrong and does not reflect the current posture of the case; (2) there

is no emergency or need for supplemental authority; and (3) binding precedent now precludes the issuance of a preliminary injunction for the relief Plaintiffs seek.

1.   **The Curling Motion Ignores The Record.**

The Curling Plaintiffs have once again demonstrated the reasons why informal communications with them have proven so difficult. The parties held a 26(f) Conference while two motions for preliminary injunction remained alive and pending. Subsequent to that conference, Defendants did exactly what they promised: confer with the State to determine the burden associated with complying with the Plaintiffs' multiple discovery requests while administering a primary runoff, a congressional district special election, and preparing for the November election.

Not surprisingly, the Secretary, who is also responding to a myriad of election-related lawsuits filed by supporters of some of the Plaintiffs, indicated that all expedited discovery would be burdensome at this point as anyone working on expedited discovery has to be pulled from their tasks related to election preparation. State Defendants further agreed that Dr. Halderman could conduct a forensic analysis of the memory cards he already has, with a protocol to be sent today, which will largely mirror the process used for the analysis of those cards for the preservation issues.

More importantly, since that communication from the Secretary, this Court <u>denied</u> Plaintiffs' request for a preliminary injunction. Doc. No. [768]. Consequently, the only live matter pending is Plaintiffs' latest rounds of complaints. The ordinary rules of discovery, therefore, apply. This is not reneging or anything else that has been purposefully mischaracterized by Curling Plaintiffs' counsel. It is a response that recognizes the current posture of the case and information learned after the conversation with the Secretary. So correctly viewed, the Curling Motion represents another, tired attack on the State's counsel without reason and without explaining the totality of the record.

## 2. <u>There Is No "Emergency" Or Need For Expedited Discovery</u>.

The Curling Motion's contention that there is an "emergency" is flat wrong. Given that there is no pending preliminary injunction motion, there is simply no reason for expedited discovery. The next procedural steps are for the State Defendants to file an answer and engage in normal discovery, which this Court has ordered. In addition, this Court has already decided that the discovery sought by the Curling Plaintiffs is overly broad and unduly burdensome—and that is before the State Defendants have even responded. Going forward, the State Defendants are entitled—based on the Rules of

- 3 -

Procedure—to respond to the discovery in the normal course, which the State Defendants will do in a timely manner.

### 3. Binding Precedent Precludes Preliminary Injunctive Relief.

Finally, it is important to recognize where this case now sits. Plaintiffs have not filed a new motion for preliminary injunction. Defendants will be entitled to time to respond to any renewed motion for preliminary injunction. All of this puts a hearing closer and closer to the election at a time where the Supreme Court of the United States has repeatedly and without deviation stayed election cases that would change the administration of the November election. This has already been pointed out in the State Defendants' Supplemental Authority on the now-denied motion for preliminary injunction. Doc. No. [766].

Indeed, the Eleventh Circuit itself had a decision stayed that impacted Alabama's election administration. *See Merrill v. People First of Ala.*, 2020 U.S. LEXIS 3541, *1 (U.S., July 2, 2020). There is zero reason to believe that this case will be any different. Consequently, a dispositive question on the Curling Motion becomes: to what ends? If binding precedent precludes relief for a new preliminary injunction at this time, there is an additional reason that expedited discovery would be improper. Instead, and as this Court has

repeatedly found, the State should be permitted to administer this election; Plaintiffs should proceed like any other litigant in any other case, and the parties will litigate this case under the normal rules and in the normal fashion. Any other result would almost assuredly be rejected by the Eleventh Circuit or the Supreme Court of the United States.

## CONCLUSION

The State Defendants will more fully respond to the Curling Motion at the appropriate time. But, there are ample grounds to deny the Curling Motion quickly and allow this case to proceed as it never has: on the normal course. For this reason, the State Defendants request that this Court DENY the Curling Motion.

Respectfully submitted this 10th day of August, 2020.

> */s/ Josh Belinfante*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Brian E. Lake
> Georgia Bar No. 575966

blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' PRELIMINARY RESPONSE TO THE CURLING PLAINTIFFS' EMERGENCY MOTION FOR DISCOVERY** has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

                                                */s/ Josh Belinfante*
                                                Josh Belinfante