IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|   |   |   |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

Plaintiffs' Emergency Motions for Expedited Discovery [Docs. 749, 769] are pending before the Court. The motions are **GRANTED IN PART** as follows:

1. As the Court stated several times during the August 5th telephone conference on Plaintiffs' first motion, Plaintiffs are entitled to expedited discovery properly tailored to support a request for an injunction on their pending claims with respect to the November 2020 general election.

2. Although the Court denied the most recent round of preliminary injunction motions based, in part, on a stale record, the Court understood and anticipated that Plaintiffs would be renewing their requests (sufficiently in advance of the November election) based on evidence obtained through expedited discovery as expressly stated in the August 7th Order. Therefore, Defendants' wholesale objection to expedited discovery in its Response brief (Doc. 772) and arguments that there is "no emergency" and "no need for expedited discovery"

because there is "no pending preliminary injunction" ignore this Court's assessment of the case posture and directives communicated to counsel. This position does not set forth an acceptable basis for responding to the Court's directives. The State Defendants' assertion of unilateral, wholesale objections to expedited discovery at this juncture simply has wasted everyone's time.

3. For the limited expedited discovery permitted in paragraph 5 herein, all objections to the requests for production shall be due within seven (7) calendar days of the date of this Order. All documents responsive to the requests for production shall be produced within fifteen (15) calendar days of the date of this Order. If necessary, Defendants may request a short extension of the response time for a discrete set of responsive documents.

4. Plaintiffs may proceed with the forensic examination by Dr. Halderman and Harri Hursti of copies of the memory cards already provided from Cobb, DeKalb, and Fulton Counties subject to the State's proposed protocol as modified by the Court and attached to this Order. Under Paragraph 6 of the protocol, Plaintiffs' experts shall prepare a central repository of the raw data copied from the memory cards to be provided to State Defendants' experts after service of a discovery request for such information. Plaintiffs are not required to provide Defendants or their experts with any protected work product prepared by the experts in connection with the forensic examination, including the analysis of the data or the results of any testing performed unless or until the experts provide an opinion and an expert report under Rule 26. While State Defendants have the right

to have counsel and designated technical staff on site to observe the Plaintiffs' copying process, at State Defendants' option, they may not observe the actual testing performed by Plaintiffs' experts.

5. From the materials provided to the Court it appears the Plaintiffs are seeking expedited discovery with respect to nine (9) Requests for Production[1]. The Court **GRANTS** Plaintiffs' motions with respect to these requests only.

6. The parties are **REMINDED** that they must meet and confer on any discovery disputes before submitting them to the Court and must follow the Court's guidelines for informal resolution of discovery disputes, including the submission of disputes in the form of a Consolidated Discovery Dispute Statement.

**IT IS SO ORDERED** this 11th day of August, 2020.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[1] These include the RPDs referenced in the Curling Plaintiffs' motion and the three RPDs in the Coalition Plaintiffs' Fourth RPDs to the Secretary of State. The Court has addressed the Curling Plaintiffs RPD No. 14 separately.