## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' ANSWER TO COALITION PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT

Defendants Secretary of State Brad Raffensperger, State Election Board members David Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp[1] (collectively "State Defendants") answer Coalition Plaintiffs'[2] First Supplemental Complaint [Doc. 628] as follows:

## <u>INTRODUCTION</u>

State Defendants reaffirm all of the answers and defenses asserted in their Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397]. State Defendants do not respond to the Table of Contents but, to the extent a

---

[1] Seth Harp is no longer a member of the State Election Board and was replaced by Matthew Mashburn.

[2] For clarity, State Defendants refer to the Plaintiffs listed in [Doc. 628 p. 6 n.1] as "Coalition Plaintiffs."

response is required, deny any allegations made or implied by the Table of Contents.

## FIRST AFFIRMATIVE DEFENSE

The allegations in Coalition Plaintiffs' First Supplemental Complaint fail to state a claim against State Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Coalition Plaintiffs lack a clear legal right to the relief sought.

## THRID AFFIRMATIVE DEFENSE

State Defendants have not subjected Plaintiffs to the deprivation of any rights under the United States or Georgia Constitutions.

## FOURTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' claims against State Defendants are barred by sovereign and official immunity.

## FIFTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' federal claims against State Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' claims against State Defendants are barred under the doctrines of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' federal claims against State Defendants are barred as they raise political questions that should not be addressed by the Court.

## NINTH AFFIRMATIVE DEFENSE

Coalition Plaintiffs' claims regarding the DRE/GEMS voting system are moot.

## TENTH AFFIRMATIVE DEFENSE

State Defendants reserve the right to amend their defenses and to add additional ones, including a lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

## ANSWER TO SPECIFIC PARAGRAPHS

State Defendants answer the specific paragraphs[3] of Coalition Plaintiffs' First Supplemental Complaint as follows:

---

[3] For simplicity and clarity's sake only, State Defendants use the defined terms of Coalition Plaintiffs' First Supplemental Complaint. State Defendants do not waive or admit any material allegation in Coalition Plaintiffs' First Supplemental Complaint that Plaintiffs may contend are implied by such use, and all such claims to the contrary are expressly denied.

1.     Paragraph 1 of Coalition Plaintiffs' First Supplemental Complaint contains legal conclusions that do not require a response. State Defendants deny any of the Coalition Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

2.     State Defendants that the State of Georgia adopted legislation to switch from DREs to a BMD-marked paper-ballot system through H.B. 316. The remaining allegations of this Paragraph refer to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

3.     State Defendants admit that Governor Kemp signed H.B. 316 into law on April 2, 2019 and that the law mandates the implementation of a new statewide voting system using BMD-marked paper ballots. The remaining allegations of this Paragraph refer to statutory language that speaks for itself and to which no response is required.

4.     State Defendants admit the allegations of Paragraph 4 of Coalition Plaintiffs' First Supplemental Complaint.

5.     State Defendants admit the allegations of Paragraph 5 of Coalition Plaintiffs' First Supplemental Complaint.

6.     State Defendants deny the allegations contained in this Paragraph and all subparts of Coalition Plaintiffs' First Supplemental Complaint.

7.     State Defendants admit that the Dominion BMD system was used in pilot elections in November 2019 and for the Presidential Preference Primary, General Primary, and Nonpartisan General Election on June 9, and will be used for all elections in Georgia (except for municipal elections) going forward. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

8.     State Defendants admit that they will apply state law as written for in-person voting in elections going forward that will require the use of the Dominion BMD system for most in-person voters. State Defendants further state that voters using provisional or emergency ballots may utilize some components of the Dominion BMD system, but not the entirety of the system. State Defendants do not control the decisions of Fulton County Defendants. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

9.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

10.     Paragraph 10 of Coalition Plaintiffs' First Supplemental Complaint contains legal conclusions that do not require a response. State Defendants deny any of the Coalition Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied and State Defendants deny that Coalition Plaintiffs are entitled to any relief.

11.     The answers stated in Paragraphs 18 through 23 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

12.     The answers stated in Paragraphs 24 through 27 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

13.     The answers stated in Paragraphs 32 through 34 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

14.     State Defendants admit that Brad Raffensperger is the Secretary of State of Georgia. The remaining allegations of Paragraph 14 are legal conclusions to which no response is required.

15.     The answers stated in Paragraphs 35 through 37 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

State Defendants further state that Rusty Simpson and Seth Harp are no longer members of the State Election Board, having been replaced by Anh Le and Matthew Mashburn, respectively.

16.     The answers stated in Paragraphs 38 through 39 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

17.     The answers stated in Paragraphs 41 through 45 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

18.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

19.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

20.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

21.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

22.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

23.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

24.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

25.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

26.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

27.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

28.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

29.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

30.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

31.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

32.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

33.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

34.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

35.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

36.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

37.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

38.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

39.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

40.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

41.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

42.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

43.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

44.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

45.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

46.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

47.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

48.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

49.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

50.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

51.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

52.    State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

53.    This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

54.     State Defendants admit that the tabulation of BMD-generated paper ballots by the optical scanners is based on the QR code printed on the ballot. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

55.     State Defendants admit that the tabulation of BMD-generated paper ballots by the optical scanners is based on the QR code printed on the ballot. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

56.     State Defendants admit that the tabulation of BMD-generated paper ballots by the optical scanners is based on the QR code printed on the ballot for recounts. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

57.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

58.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited. The State Election Board has posted proposed rules regarding precertification tabulation audits for public comment.

59.     State Defendants admit that human auditors will examine components of BMD-generated ballots, including the text portion. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

60.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

61.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

62.     This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

63.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

64.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

65.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

66.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

67.     State Defendants admit that all of the listed items are components of the Dominion BMD System, but deny that every component of the system is included in the list.

68.     State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

69.     This Paragraph of Coalition Plaintiffs' First Supplemental Complaint contains no allegations against State Defendants which require a response. To the extent a response is required, State Defendants deny all allegations stated or implied in this Paragraph.

70.     State Defendants that in-person Election-Day and advance-in-person voters must check in when they arrive and must present proper identification. State Defendants deny that this Paragraph includes all steps

that may occur during check-in for in-person voting and deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

71.     State Defendants admit that, if Poll Pads are utilized for check-in, voters who present proper identification, are eligible to vote, and are present at a location where they are permitted to vote (either their precinct or an early-voting location), poll officials can encode a voter access card to be used to pull up a ballot on a BMD. State Defendants deny that this Paragraph includes all steps that may occur during check-in for in-person voting and deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

72.     State Defendants admit that in-person voters use voter access cards inserted into a Dominion ICX BMD to pull up an electronic version of their ballot. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

73.     State Defendants admit that, upon insertion of a properly activated voter access, a Dominion ICX BMD will display the ballot combination corresponding to that voter on multiple pages, if needed. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

16

74.     State Defendants that voters utilizing a BMD to mark their ballot will make selections on the electronic screen of the device. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

75.     State Defendants admit that the BMD displays a visual representation of the voter's selections and admits that it records voter selections temporarily for purposes of generating the voter's ballot when instructed to do so. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

76.     State Defendants admit that, when a voter is ready for the BMD to print his or her ballot, the voter can instruct the BMD to do so and a paper ballot is printed through the attached printer. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

77.     State Defendants admit that the ballot printed by a BMD contains both a QR code and text portion containing the voter's selections. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

78.     This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint and deny that the sample BMD ballot displayed is the same as that used in Georgia's system.

79.     State Defendants admit that the QR code on BMD-generated ballots contains the voter's choices. State Defendants deny that the QR contains "other information about the voter as well." The remaining allegations are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny all other allegations stated or implied in this Paragraph.

80.     State Defendants admit that the text portion of a BMD-generated paper ballot shows the voter's selections. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

81.     State Defendants admit, in a properly functioning BMD, the voter selections in the QR code and the text portion of the BMD-generated paper ballot are the same as those selected by the voter on the BMD. State

Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

82.   State Defendants admit that voters can review the text portion of a BMD-generated paper ballot prior to placing the ballot in the optical scanner. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

83.   State Defendants admit that, when a voter is voting in person at a precinct or advance voting site, has printed his or her ballot, and has had the opportunity to review his or her ballot, the voter should place the ballot into a ImageCast Precinct (ICP) optical scanner, where the ballot is scanned. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

84.   State Defendants admit that the ICP optical scanner scans the entirety of the ballot and records the selections by made by the voter. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

85.   State Defendants admit that, after the polls close, the information in the removal media on each ICP optical scanner is transferred to the county's central tabulation center, along with other election materials, including the paper ballots. State Defendants deny the remaining allegations

19

contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

86.     State Defendants admit that the information from the ICP precinct scanner is tabulated at the county tabulation center along with votes cast through other methods of voting to produce totals that can be transferred to the State, depending on the type of election. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

87.     State Defendants admit that the BMD-generated paper ballots from each precinct are sent to the county central tabulation center along with other election materials after precinct closes and that those paper ballots are available to be scanned and/or audited. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

88.     State Defendants admit that, in audits, auditors will inspect samples of the BMD-generated paper ballots. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

89.     State Defendants admit that Pro V&V was engaged to conduct certification testing of the Dominion BMD System in 2019. State Defendants

deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

90.     The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

91.     This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs First Supplemental Complaint.

92.     This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs First Supplemental Complaint.

93.     State Defendants deny the allegations contained in this Paragraph and all subparts of Coalition Plaintiffs' First Supplemental Complaint.

94.     This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants

admit that a petition from Coalition and Plaintiffs and others was filed in August 2019. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs First Supplemental Complaint.

95.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

96.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to documents which speaks for themselves and State Defendants deny any of Plaintiffs' characterizations of those documents. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

97.   State Defendants admit that the Dominion BMD system was used in pilot elections in November 2019 and for the Presidential Preference Primary, General Primary, and Nonpartisan General Election on June 9, and will be used for all elections in Georgia (except for municipal elections) going forward. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

98.   State Defendants admit that they will apply state law as written for in-person voting in elections going forward that will require the use of the Dominion BMD system for most in-person voters. State Defendants further state that voters using provisional or emergency ballots may utilize some

22

components of the Dominion BMD system, but not the entirety of the system. State Defendants do not control the decisions of Fulton County Defendants. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

99.     State Defendants admit the allegations contained in Paragraph 99 of Coalition Plaintiffs' First Supplemental Complaint about the types of scanners certified by the Secretary of State and their programming and further state that the listed scanners are also programmed to read hand-marked paper ballots in precincts in addition to the county election office. State Defendants deny that ballots generated by BMDs are "ballot cards."

100.    State Defendants admit that the optical scanners tabulate votes according to their settings. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

101.    State Defendants admit that many hand-marked paper-ballot designs utilize ovals to be filled in next to names of candidates and further admit that optical scanners tabulate filled-in ovals according to their settings. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

102.   State Defendants admit that, for voters who vote using BMD-generated paper ballots, the optical scanners utilize the QR codes to tabulate votes. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

103.   State Defendants admit that the QR code is in a propriety format and cannot be read by itself by voters without additional equipment. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint and deny that there is any variation between QR codes and text portions of BMD-generated ballots.

104.   State Defendants admit that State Election Board regulations require voters to be given printed and audible reminders to verify the selections on their ballots. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

105.   Paragraph 105 is a statement of law to which no response is required. State Defendants deny Coalition Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

106.   The first sentence in Paragraph 106 is a statement of law to which no response is required. State Defendants deny Coalition Plaintiffs'

characterizations of the law and deny all other allegations stated or implied in this Paragraph.

107. State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

108. State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

109. State Defendants admit that voters utilizing absentee-by-mail voting mark their own ballots. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

110. State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

111. State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

112. State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

113. Paragraph 113 is a statement of law to which no response is required. State Defendants deny Coalition Plaintiffs' characterizations of the law and deny all other allegations stated or implied in this Paragraph.

114.   State Defendants that a BMD will generate a paper ballot that contains a QR code and a text portion that a voter can then verify after the voter makes his or her selections on the BMD. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

115.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

116.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

117.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

118.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

119.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

120.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

121.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

122.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

123.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

124.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

125.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

126.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

127.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

128.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

129.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

130.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

131.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants

deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

132.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

133.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

134.   The allegations in this Paragraph related to Dr. Lee's state of mind are outside the scope of State Defendants' knowledge and are therefore denied on that basis. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

135.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

136.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

137.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

138.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

139.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

140.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

141.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

142.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

143.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

144.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

145.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

146.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

147.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

148.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

149.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

150.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

151.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

152.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

153.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants

deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

154.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

155.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

156.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited.

157.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

158.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

159.   State Defendants admit that Pro V&V testing of the Dominion BMD System did not include election audits, but deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

160.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

161.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

162.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

163.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

164.   State Defendants admit that H.B. 316 provides for audits. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

165.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

166.   State Defendants admit the allegations contained in Paragraph 166 of Coalition Plaintiffs' First Supplemental Complaint.

167.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

168.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a document which speaks for itself and State Defendants deny any of Plaintiffs' characterizations of that document. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

32

169.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

170.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

171.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited and deny all remaining allegations contained in this Paragraph.

172.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

173.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

174.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

175.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

176.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

177.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

178.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint and further adopt by reference their answers to Paragraphs 93 through 108, 109 through 124 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] and Paragraphs 27 through 30, 31 through 33, 45 through 61, and 62 through 69 of State Defendants' Answer to Curling Plaintiffs' Third Amended Complaint as allowed by Fed. R. Civ. P. 10(b) and (c).

179.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint .

180.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint .

181.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

182.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

183.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

184.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

185.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the legislation and statutes cited and deny all remaining allegations contained in this Paragraph.

186.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

187.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

188.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

189.   State Defendants admit that a presidential election cycle places additional demands and pressures upon the administration of the election. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

190.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

191.   State Defendants admit that, as part of its contract with Dominion and consistent with past practice for the rollout of DREs, Dominion is providing assistance with components and operational details of the BMD

System. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

192.   State Defendants admit that requiring untested and ad hoc procedures in an election, especially without sufficient time to implement those procedures, can have significant negative consequences for the election system. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

193.   This Paragraph of Coalition Plaintiffs' First Supplemental Complaint refers to a court order which speaks for itself. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

194.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

195.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

196.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

197.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

198.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

199.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

200.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

201.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

202.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

203.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

204.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

205.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

206.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

207.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

208.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

209.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

210.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

211.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

212.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

213.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

214.   The allegations in this Paragraph are outside the scope of State Defendants' knowledge and are therefore denied on that basis.

215.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

216.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

217.   The answers stated in Paragraphs 140 through 144 of State Defendants' Answer to Coalition Plaintiffs' Third Amended Complaint [Doc. 397] are adopted by reference as allowed by Fed. R. Civ. P. 10(b) and (c).

218.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

219.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

220.   This Paragraph contains a legal conclusion to which no response is required. State Defendants deny any allegations inconsistent with the law and deny all remaining allegations contained in this Paragraph.

221.   State Defendants incorporate by reference and reallege their responses to Coalition Plaintiffs' preceding allegations as if fully restated.

222.   State Defendants admit that they will apply state law as written for in-person voting in elections going forward that will require the use of the

Dominion BMD system for most in-person voters. State Defendants further state that voters using provisional or emergency ballots may utilize some components of the Dominion BMD system, but not the entirety of the system. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

223.   State Defendants deny the allegations contained in this Paragraph and all subparts of Coalition Plaintiffs' First Supplemental Complaint.

224.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

225.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

226.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

227.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

228.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

229.   State Defendants incorporate by reference and reallege their responses to Coalition Plaintiffs' preceding allegations as if fully restated.

230.   State Defendants admit that they will apply state law as written for in-person voting in elections going forward that will require the use of the Dominion BMD system for most in-person voters. State Defendants further state that voters using provisional or emergency ballots may utilize some components of the Dominion BMD system, but not the entirety of the system. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

231.   State Defendants deny the allegations contained in this Paragraph and all subparts of Coalition Plaintiffs' First Supplemental Complaint.

232.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

233.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

234.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

235.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

236.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

237.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

238.   State Defendants incorporate by reference and reallege their responses to Coalition Plaintiffs' preceding allegations as if fully restated.

239.   State Defendants admit that they will apply state law as written for in-person voting in elections going forward that will require the use of the Dominion BMD system for most in-person voters. State Defendants further state that voters using provisional or emergency ballots may utilize some components of the Dominion BMD system, but not the entirety of the system. State Defendants deny the remaining allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

240.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

241.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

242.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

243.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

244.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

245.   State Defendants deny the allegations contained in this Paragraph of Coalition Plaintiffs' First Supplemental Complaint.

## RESPONSE TO PRAYER FOR RELIEF

State Defendants deny that Coalition Plaintiffs are entitled to any of the relief they seek. State Defendants deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 13th day of August, 2020.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the

foregoing **STATE DEFENDANTS' ANSWER TO COALITION**

**PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT** has been

prepared in Century Schoolbook 13, a font and type selection approved by the

Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson