# **EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRAD RAFFENSPERGER, et al., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NO. 1:17-cv-2989-AT |

## STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND JOINT REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS TO STATE DEFENDANTS

COME NOW Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants"), in their official capacities by and through their counsel of record and respond to Plaintiffs' Second Joint Request for Production of Documents and Inspection of Things to State Defendants as follows:

### RESPONSES TO REQUESTS

**Request for Production No. 9:**

Any reports, studies, findings, audits, evaluations, and/or assessments of actual or potential security breaches or vulnerabilities associated with the Election System since August 1, 2019, including but not limited to new, updated, or supplemental reports prepared by Fortalice Solutions or similar

consultants (*see* e.g., October 2017 Fortalice Report, Dkt. No 510-5 (PAYTON000001), November 2018 Fortalice Report, Dkt. No 510-6 (PAYTON000070), February 2018 Fortalice Report, Dkt. No 510-7 (PAYTON000120)).

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it requests documents that are unrelated to the claims and defenses in this case.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 10:**

Documents sufficient to show compliance with the Court's directive in its August 2019 Order granting a preliminary injunction (*Curling*, 397 F. Supp. 3d at 1411) that "[t]he Secretary of State's Office should work with its consulting cybersecurity firm to conduct an in-depth review and formal assessment of the issues relating to exposure and accuracy of the voter registration database discussed here as well as those related issues that will migrate over to the State's database or its new vendor's handling of the EPoll voter database and function," including documents sufficient to show any remedial measures taken or planned as part of that effort.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct.

3

1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it requests documents that are unrelated to the claims and defenses in this case. State Defendants further object to this Request on the grounds that the request is not relevant to the issues that are part of Plaintiffs' complaints; instead, the requests appear to be aimed toward a motion for contempt, which has not been filed.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 11:**

The data collected as part of the "pilot post-election audit" conducted in Fulton County after the June 9, 2020 primary elections and documents sufficient to show the specific steps taken in that "audit" and how audit procedures planned for November 2020 election differ from Fulton audit.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this

Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it requests documents that are unrelated to the claims and defenses in this case; and (4) it does not define what "sufficient to show" means in the context of the request.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 12:**

Documents sufficient to show any plans to remedy or avoid failures or glitches with any Dominion or KnowInk equipment used in Georgia elections since and including the June 2020 primary elections, including showing the specific steps to be taken as part of any such plans.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not

5

provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it requests documents that are unrelated to the claims and defenses in this case because there are no claims regarding optical scanners or check-in units; (4) it does not define what "sufficient to show" and "specific steps" in the context of the request; (5) does not define "failures or glitches" in the context of this request;.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 13:**

Documents sufficient to show any plans to ensure that each barcode, or QR code, printed with a Dominion ballot-marketing device during a Georgia

election accurately reflects the selections intended by the voter who cast the ballot bearing that barcode, including showing the specific steps to be taken as part of any such plans.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it does not define what "sufficient to show" and "specific steps" means in the context of the request.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

7

**Request for Production No. 14:**

Forensic examination by Dr. Alex Halderman and Harri Hursti (and those working at their direction) of (i) a reasonable sample, selected by Plaintiffs, of DREs, ballot-marking devices, ballot scanners (both AccuVote and Dominion), state election servers (both GEMS and Dominion), memory cards and/or smart cards used with Dominion election equipment, and pollpads (including any application software needed for the examination); and (ii) the memory cards from Cobb, DeKalb, and Fulton Counties already provided to Plaintiffs for any potential or actual security breaches or security vulnerabilities. The images may be made at facilities of Defendants' choosing and at times that will not interfere with the equipments' use in any elections.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an analysis of election equipment that is currently being used in ongoing elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections,

8

see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); and (3) it requests documents that are unrelated to the claims and defenses in this case because on Plaintiffs challenges the current ballot scanners or Poll Pad check-in units in their operative Complaints. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine. Plaintiffs have also not provided a "reasonable sample" as contemplated by this Request.

Subject to and without waiving the foregoing objections, State Defendants agreed to a protocol, which this Court has ordered, regarding request (ii). At such time as Plaintiffs provide a "reasonable sample," State Defendants will consider the size and scope of the sample.

**Request for Production No. 15:**

In-person inspection of the State's copies of Polling Place Recap Reports, PollPad Recap Reports for the June 9, 2020 elections, and any related reports concerning the counties' failure to reconcile the number of ballots counted to the number of voters checked in on the PollPads.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets,

9

sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it does not define what a "failure to reconcile the number of ballots counted to the number of voters checked in on the PollPads"; and (4) it requests documents that are unrelated to the claims and defenses in this case because no operative Complaint challenges the use of PollPads.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 16:**

Reports of inaccurate BMD ballots issued to voters in the June 9, 2020 election, including ballots inaccurately reflecting voters' touchscreen entries or ballots that improperly contained or did not contain the Presidential Primary candidates.

10

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam).

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

**Request for Production No. 17:**

Documents sufficient to show procedures, including but not limited to instructions to counties, regarding maintaining secure operations of the Dominion election system, including but not limited to procedures for transfer

11

of data through removable media and for air-gapping state and county election servers.

**Response:** State Defendants object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); (3) it does not define what "sufficient to show" means in the context of the request.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

This 18th day of August, 2020.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Jonathan D. Crumly*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a true and correct copy of the foregoing **STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND JOINT REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS TO STATE DEFENDANTS** on all counsel of record by electronic mail delivery as follows:

| | |
|---|---|
| Cary Ichter<br>Ichter Davis LLC<br>Suite 1530<br>3340 Peachtree Road N.E.<br>Atlanta, Georgia 30326<br>cichter@ichterdavis.com | Bruce P. Brown<br>BRUCE P. BROWN LAW LLC<br>1123 Zonolite Road, Suite 6<br>Atlanta, Georgia 30306<br>bbrown@brucepbrownlaw.com |
| David D. Cross<br>John P. Carlin<br>Lyle F. Hedgecock<br>Mary G. Kaiser<br>Morrison & Foerster, LLP 2000<br>Pennsylvania Avenue, NW<br>Washington, DC 20006<br>dcross@mofo.com<br>jcarlin@mofo.com<br>lhedgecock@mofo.com<br>mkaiser@mofo.com | John Michael Powers<br>David R. Brody<br>Ezra David Rosenberg<br>Lawyers' Committee for Civil Rights Under Law<br>Suite 900<br>1500 K Street, N.W.<br>Washington, DC 20005<br>jpowers@lawyerscommittee.org<br>dbrody@lawyerscommittee.org<br>erosenberg@lawyerscommittee.org |
| Kaye Burwell<br>David Lowman<br>Cheryl Ringer<br>Fulton County Attorney's Office<br>141 Pryor Street, Suite 4038<br>Atlanta, Georgia 30303 | Robert Alexander McGuire<br>Robert McGuire Law Firm<br>113 Cherry Street #86685<br>Seattle, WA 98104-2206<br>ram@lawram.com |

kaye.burwell@fultoncountyga.gov
david.lowman@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov

Halsey G. Knapp, Jr.
Adam Martin Sparks
Grant Edward Schnell
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
grant.schnell@hklaw.com

This 18th day of August, 2020.

*/s/ Jonathan D. Crumly*
Jonathan D. Crumly
Georgia Bar No.: 199466