# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## JOINT DISCOVERY STATEMENT
## REGARDING EXPEDITED DOCUMENT REQUESTS

## *Plaintiffs' Position*

Plaintiffs regret burdening this Court with yet another discovery dispute, but State Defendants refuse to comply with this Court's Standing Order or its August 11 Order granting expedited discovery (Dkt. No. 775)—and time is of the essence.

On August 18, State Defendants asserted virtually identical sweeping objections to every request this Court ordered for expedited discovery. (Exhibit 1, Excerpt of Responses to Second Joint RFPs.) All but one of those objections culminates in the same language: "Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search." (*Id.*) This Court's Standing Order expressly prohibits this very language. State Defendants refuse to identify the purported "non-objectionable scope" of any request and what they will withhold based on any objections asserted.

State Defendants even asserted the very same objections to every request that this Court already found "wasted everyone's time." (*Compare* Dkt. No. 775 at 1-2 *to* Exhibit 1 ("there is no pending preliminary-injunction motion and it is too late for any further relief to be ordered for the November 2020 elections").) State Defendants refuse to say whether they will withhold responsive documents based even on these objections, which the Court already ruled were not well founded.

1

Plaintiffs attempted to confer with Defendants on Tuesday and Wednesday of this week, but, reportedly because of other commitments, no one on Defendants' extensive legal team was able to do so.  This morning, State Defendants finally met with Plaintiffs by telephone.  They contend that they need not comply with this Court's Standing Order for expedited discovery, and thus they disregarded it—and still do.  They insist that Plaintiffs must wait to see what documents they ultimately produce, thereby rendering the Court's seven-day deadline for objections pointless.  They also contend that they have not been "apprised of what the scope for expedited discovery truly is right now."  (Exhibit 2, Email Correspondence.)  This ignores that the Court ordered expedited discovery for specific document requests.  Given the need to complete expedited discovery for preliminary injunction motions (Dkt. No. 785), Plaintiffs cannot lose yet another week or more just to find out what they will get from State Defendants.  Past experience strongly suggests that it will be far short of what Plaintiffs have requested and that State Defendants will continue to delay Plaintiffs' efforts to get help from this Court to obtain the discovery they need.

The Court should deem State Defendants' objections waived and require complete productions by August 26, 2020, for the expedited document requests.

*State Defendants' Position*

Nothing in this Court's order compels the production of particular documents (as opposed to the commencement of an expedited discovery process), nor does Plaintiffs' requests of documents strip the State of Georgia of its rights to object to discovery. The expedited discovery process is proceeding under the normal course, and there is no issue to bring before this Court.

When this Court ordered expedited discovery on August 11 [Doc. 775], it began immediately. Dr. Halderman began the analysis of memory cards on August 13 using the protocol proposed by State Defendants and ordered by the Court. State Defendants and Coalition Plaintiffs agreed to a protocol for imaging of DREs and that process began on August 14 and continues today in the offices of Taylor English. State Defendants immediately began searching for documents and expect to produce documents responsive to each of the requests within fifteen calendar days.[1]

In further compliance with this Court's order, State Defendants served their objections to the document requests within seven days, sending them to Plaintiffs at 3:14pm on Tuesday, August 18 (during working hours). Thirteen minutes later, counsel for Curling Plaintiffs responded, demanding immediate changes and

---

[1] The Secretary of State's office advises that they have removed staff from election-related tasks to assist in the search for the documents covered by the requests, which is ongoing.

3

requesting a meet-and-confer on Wednesday morning, when lead counsel for State Defendants was to appear for different clients in a preliminary-injunction hearing. State Defendants advised they would respond as soon as possible after the hearing.

After the hearing before Judge Ross, lead counsel for State Defendants conferred and asked Jonathan Crumly to respond to Plaintiffs, explaining that State Defendants did not see a reason to confer because there was no dispute—State Defendants expected to produce documents in response to every single request, had not yet reviewed the documents for various privileges and objections because the Secretary's office is still locating responsive documents, and would notify Plaintiffs when the documents were produced if any were being withheld pursuant to objections. State Defendants thought that would resolve the issue, but it did not.

Curling Plaintiffs' counsel proposed a call after 3:30pm yesterday (slightly more than 24 hours after receiving the objections) and State Defendants were unable to find availability and proposed 8:30am this morning, when the parties met by phone. As is unfortunately typical in this case (unlike other election cases in this District and Court), the conversation was unhelpful and did not lead to a resolution. It appears that Plaintiffs' counsel intended for the State to have documents ready to go or commit to (or waive) various requested documents—including to privileged communications—without seeing or completing their review of the documents that

4

are being compiled. This is not how discovery works, and the State Defendants do not read the Court's Order as compelling such waivers or guesses by the State's counsel. The Court's Order on expedited discovery required <u>objections</u> (not full responses) to be served seven days after its entry, clearly foreseeing that State Defendants would have objections to the document requests. As the Court is aware, there are significant scope issues (whether the ballot scanners and PollPads are part of this case despite not being challenged in any operative Complaint), timing issues (absentee ballots for the general election begin going out in 26 days), and definitional issues (extensive use of requests for documents "sufficient to show" facts) with Plaintiffs Second Joint Requests and Coalition Plaintiffs' Fourth Requests.

Plaintiffs' proposed timeline would require State Defendants to choose whether to assert particular objections without a review of the documents to be produced. State Defendants are working diligently to respond to the document requests while also completing the certification process for the August 11 runoff and preparing for the November general election. Even in the light of these strained resources, State Defendants have already produced responsive materials (the DREs) and are on track for the remaining responsive documents to be produced by August 26, 2020, the deadline set by the Court. A status conference may assist the Court with placing these issues in context as the Court considers a schedule.

*Plaintiffs' Reply*

The exigency of this issue is real—especially given the briefing and hearing schedule entered today.  State Defendants skirt the issue with irrelevant arguments about the right to assert objections and irrelevant allegations about other discovery.

These are the facts, and they are undisputed: (i) the Court ordered expedited discovery on specific document requests and required State Defendants' objections by August 18; (ii) State Defendants asserted virtually identical boilerplate objections to every one of those requests, including the very same objections this Court already concluded were not well founded; (iii) State Defendants violated this Court's Standing Order by willfully providing responses that the Order explicitly prohibits; (iv) State Defendants persistently refuse to identify the "non-objectionable scope" of any request or what objections they are standing on to withhold responsive documents, insisting Plaintiffs await their production on August 26 to find this out; (v) Plaintiffs, thus, have no idea what, if any, categories of documents State Defendants will continue to object to or will produce; (vi) if the production ends up deficient, as history suggests it will, Plaintiffs will have only two days to resolve any dispute and obtain the necessary documents before their replies are due, with the hearing only a week later.  This obviously is unworkable, and relief is needed now to determine the scope of the forthcoming production.

Respectfully submitted this 20th day of August, 2020.

/s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
(202) 887-1500

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020, a copy of the foregoing Joint Discovery Statement Regarding Expedited Document Requests was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross