IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' EMERGENCY MOTION FOR EXPEDITED
DISCOVERY FOR PRELIMINARY INJUNCTION HEARING**

Defendants Secretary of State Brad Raffensperger, State Election Board, and the State Election Board Members (collectively, the "State Defendants") submit this Motion for Expedited Discovery for the Preliminary Injunction Hearing. The basis to treat this Motion as an emergency is obvious—there is a hearing on September 9, 10, or 11 for a preliminary injunction motion filed in the waning hours of August 19—and the request sought is for nothing short of replacing the State's entire means of voting in-person.

**FACTS**

As good grounds for the ability to engage in expedited discovery, the State Defendants show as follows:

**THE COURT GRANTS PLAINTIFFS' EXPEDITED DISCOVERY**

1.  On July 17, 2020, the Plaintiffs jointly moved for expedited discovery ("Plaintiffs' Motion"). Doc. No. [749].

2.  Plaintiffs did not seek Defendants' consent before filing Plaintiffs' Motion, and Plaintiffs did not utilize this Court's discovery dispute mechanism. [*Id.*]

3.  This Court authorized expedited discovery in a phone conference on August 5, 2020. *See* Order, August 11, 2020, Doc. No. [775].

4.  The Court later denied Plaintiffs' Third Motions for Preliminary Injunction on August 7, 2020. Doc. No. [768].

5.  The State Defendants believed that the denial of the Third Motions for Preliminary Injunction mooted expedited discovery, but the Court clarified that was not the case on August 11, 2020. Doc. No. [775].

6.  The Curling Plaintiffs filed a Fourth Motion for Preliminary Injunction on August 19, 2020, just minutes before midnight (in fact, the exhibits were filed the following day). Doc. No. [785].

7.  Consequently, the Plaintiffs have been granted the opportunity to engage in expedited discovery, and the State Defendants are working—while administering a statewide runoff elections, a special election for Georgia's Fifth

Congressional District, and a statewide general election—to comply with the Plaintiffs' requests.

8. The State Defendants discovery requests are due on Wednesday, August 26, 2020.

### THE STATE'S REQUESTS FOR EXPEDITED DISCOVERY

9. Prior to last week, the State Defendants did not craft discovery requests to the latest preliminary injunction motions. The reason is clear: no live motion was pending until 11:55pm on Wednesday, August 19, 2020, and even then by only the Curling Plaintiffs.[1] Further, on Thursday, August 20, 2020, the Court scheduled a conference to discuss discovery.

10. It remains difficult to craft limited discovery for the Coalition Plaintiffs, because they have not filed their Fourth Motion for Preliminary Injunction at this time. State Defendants will, however, seek expedited discovery from the Coalition Plaintiffs once their Motion is filed such that Defendants will know how to defend against their claims.

---

[1] Plaintiffs typically file motions just before midnight, thereby depriving the State Defendants additional time to respond to various motions and other pleadings. By contrast, the State Defendants filed their objections to the Joint Discovery requests around 3:00 pm.

11. On Friday, August 21, 2020, during a conference with the Court, the State Defendants notified the Court and the Plaintiffs that they would be seeking expedited discovery in this matter.

12. As promised, the State Defendants sent an email to Plaintiffs' counsel with proposed discovery at 2:35pm on Friday, August 21, 2020.[2] The email asked Plaintiffs' counsel to inform the State Defendants' counsel "whether [Plaintiffs] *will consent to the expedited treatment* of these requests or whether we will need to seek the Court's intervention. We will be serving additional discovery requests for which we will not seek expedited treatment." *See* Ex. 1 (emphasis added). The discovery requests were attached to the email. *Id.*

13. Having heard nothing from Plaintiffs' counsel—and despite receiving an intervening message from Curling Plaintiffs requesting examination and testing of election equipment which will be utilized in the upcoming elections—the State Defendants followed up on the request at 10:26 am on the morning of August 24, 2020.[3]

---

[2] A true and accurate copy of the email and the attached discovery request is attached as a collective "Exhibit 1."
[3] A true and accurate copy of the email chain commencing on the morning of August 24 is attached as Exhibit 2."

14. Plaintiffs still failed to respond, though they made time to make their own discovery requests in the interim. Accordingly, State Defendants' counsel informed the Plaintiffs that the State would seek judicial intervention by 3:00pm on August 24, 2020, if the silence continued. Ex. 2.

15. The Curling Plaintiffs' lead counsel responded shortly thereafter, but he did not indicate whether they would allow for consent to treating the requests as expedited discovery, in like manner with Curling Plaintiffs' expedited requests. Instead, opposing counsel argued about the scope of discovery, which is not what the State Defendants were seeking and putting the cart before the horse. *Id.*

16. Some email exchanges continued, but there remains no indication that the Curling Plaintiffs will agree to expedited discovery, and the Coalition Plaintiffs have said nothing. *Id.*

17. The Court has scheduled a hearing on Plaintiffs Fourth Motions for Preliminary Injunction (including one that has not been filed yet) for some time between September 9 and 11.

18. Further, the State Defendants' sur-replies are due sometime in the future.

## ARGUMENT AND CITATION OF AUTHORITY

It is axiomatic that all parties should have equal rights to discovery in matters pending in federal court. *See* Fed. R. Civ. P. 1, 26(b). This Court has already granted discovery to Plaintiffs on an expedited basis, and due process alone warrants providing the same right to the State Defendants. Whatever disputes about the scope of discovery can be addressed later. Now, the only question before the Court is whether the State Defendants are entitled to expedited discovery.

The Curling Plaintiffs have offered no substantive reason why discovery, including this Court's discovery dispute mechanism, cannot be handled on an expedited basis. Instead, and foreshadowing the level of cooperation the State Defendants can expect in the future, the Curling Plaintiffs cannot even commit to having the same process that applies to the Plaintiffs also apply to the Defendants.[4]

Beyond being premature, the Curling Plaintiffs' objections to the scope of discovery are meritless. They have filed their *fourth* motion for preliminary injunction and, presumably, had some evidentiary basis for it. The State Defendants seek only that information. If the only evidentiary support for their motion is what is cited in the Fourth Motion for Preliminary Injunction, Doc. No.

---

[4] If the Court needs any additional authority as to why expedited discovery, now ordered, should be bilateral, it can turn to the Plaintiffs' Joint filing. Doc. No. [749].

[785], then Curling Plaintiffs can easily say so.  If it is more, they should provide it now.

The Curling Plaintiffs should be ordered to provide objections to discovery no later than 1:00 pm on Friday, August 28, 2020.  Responsive documents should be provided no later than 1:00 pm on September 4, 2020.

## **CONCLUSION**

In sum, this Court is being asked to impose drastic and game-changing rules on the State of Georgia weeks before early voting is set to commence.  The very least that should happen is to allow the State Defendants to obtain expedited discovery as the Plaintiffs have.  Filing this demand was needless and could have been resolved without the Court's intervention.  But, given the Curling Plaintiffs' decision not to answer the question posed by this Motion and the magnitude of the relief sought and the compressed time frame, this Court's intervention became necessary.  For these reasons, the State Defendants request that this Court GRANT its request for expedited discovery and ORDER the Curling Plaintiffs to respond to the discovery requests attached to the Exhibit 1.

Respectfully submitted this 24th day of August, 2020.

       */s/ Josh Belinfante*
       Vincent R. Russo
       Georgia Bar No. 242628
       vrusso@robbinsfirm.com

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY FOR PRELIMINARY INJUNCTION HEARING** has been prepared in Times New Roman 14 pt, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/Josh Belinfante*
Josh Belinfante