# Exhibit 1

| | |
|---|---|
| **From:** | Bryan Tyson |
| **To:** | Jonathan Crumly; "Bruce Brown"; Rashmi Ahuja; "cichter@ichterdavis.com"; Kaiser, Mary; "jpowers@lawyerscommittee.org"; "dbrody@lawyerscommittee.org"; "erosenberg@lawyerscommittee.org"; "kaye.burwell@fultoncountyga.gov"; "david.lowman@fultoncountyga.gov"; "cheryl.ringer@fultoncountyga.gov"; "ram@lawram.com"; "hknapp@khlawfirm.com"; "sparks@khlawfirm.com"; "grant.schnell@hklaw.com"; Diane LaRoss; James Balli; Bryan Jacoutot; Loree Anne Paradise; Drina Miller; Vincent Russo; Alexander Denton; Carey Miller; Kim Bunch; Josh Belinfante; Cross, David D.; Manoso, Robert W.; Conaway, Jenna B.; Hedgecock, Lyle F.; Miriyala, Arvind S. |
| **Subject:** | Curling - RPDs to Curling Plaintiffs |
| **Date:** | Friday, August 21, 2020 2:35:36 PM |
| **Attachments:** | State Defendants" Second RPDs to Curling Plaintiffs 08 21 2020 (01819507xBE13C).PDF |

**From External Sender**

Counsel:

As we discussed on the call with the Court today, attached are our second set of requests for production to Curling Plaintiffs. Please let us know whether you will consent to the expedited treatment of these requests or whether we will need to seek the Court's intervention. We will be serving additional discovery requests for which we will not seek expedited treatment.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  |  M: 404.219.3160  |  btyson@taylorenglish.com
Website  |  vCard  |  LinkedIn  |  Twitter

Georgia Legal Awards Litigation Department of the Year

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE |
| ) | NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, et al., ) | |
| ) | |
| Defendant. ) | |

## STATE DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CURLING PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 34 and as agreed-upon by counsel in this litigation, Defendant Brad Raffensperger in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; David J. Worley, Rebecca N. Sullivan, Anh Le, and Seth Harp, in their individual capacities and as members of the State Election Board, and the State Election Board of Georgia (collectively, the "State Defendants") hereby serve their Second Requests for Production of Documents on Donna Curling, Donna Price, and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs"). The Curling Plaintiffs are required to answer each request separately, and to serve a copy of the responses to the undersigned at Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339

no later than seven (7) days from service hereof. Additionally, the Curling Plaintiffs are required to serve responsive documents to the undersigned at Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339 no later than fifteen (15) days from service hereof.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. As used herein, the term "**document**" is used in the broadest sense possible under the Federal Rules of Civil Procedure and shall mean, without limitation, anything on which information is stored or from which information can be retrieved including, but not limited to, communications and correspondence, transmission or receipt of information, whether such exchange, transmission or receipt is oral, written, or otherwise; and includes, but is not limited to, letters, facsimiles, electronic mail, text messages, instant messages, and other electronic and data transmissions; any kind of written, typewritten, printed, recorded, computer produced, computer generated, or graphic material, however produced, reproduced, or generated, brochures, drawings, graphs, photographs, notes, memoranda, newspaper advertisements or articles, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, diaries, notebooks, minutes, summaries and/or records of negotiations or investigations, analyses, projects,

ledger sheets, accounts, journals, publications, contracts, records, tapes or transcripts of records and recordings, policies, guidelines, and business records relating to the subject matter to which the respective request refers, and including, without limitation, originals, copies, drafts, and/or any other writings, whether signed or unsigned, regardless of whether approved, sent, received, redrafted, executed, erased or otherwise defaced or mutilated, from wherever obtained, now in the possession, custody, or control of Curling Plaintiffs, their predecessors or successors, as well as any attorney or other agent acting on Curling Plaintiffs' behalf, within the scope of the Federal Rules of Civil Procedure.

2. The term "**communication**" refers to any manner or means of disclosure, statement, utterance, notation, disclaimer, transmittal, transfer, or exchange of information, whether orally or by document, and whether face-to-face, in person, by telephone, fax, delivery service, personal delivery, electronic mail, text messages, or otherwise, and includes documents, letters, resumes, payments, statements, invoices, bills, timesheets, correspondence, memoranda, reports and records of telephone calls, reports of meetings, and all accounts or summaries of oral conversations, messages, facts, figures, sketches, ideas, inquiries, or otherwise.

3. The term "**including**" shall be deemed a word of guidance but not of limitation and is not used to limit the general category which precedes it.

4. The terms "**evidence**," "**refer**," "**reflect**" and/or "**relate**" mean the document identified in the Request as well as all other documents and communications that constitute, concern, discuss, mention, evaluate, analyze, or otherwise have any logical connection with, in whole or in part, directly or indirectly to the requested document.

6. As used herein, the singular shall include the plural, and the plural shall include the singular. The conjunctive "**and**" shall include the disjunctive "**or**", and the disjunctive "**or**" shall include the conjunctive "**and**."

7. The terms "**Curling Plaintiffs,**" "**you**," and "**your**," refer to Donna Curling, Donna Price, and/or Jeffrey Schoenberg individually or collectively, as well as any employees, predecessors, successors, or any other representative or agent acting on behalf of any one of them.

8. The term "**Direct-Recording Electronic Voting Machine**" ("**DRE**") refers to machines designed to record votes by electronic means upon direct input or selection by a voter, including without limitation those used at any time in the State of Georgia, such as AccuVote TS and TSX.

9. The term "**Ballot Marking Device**" ("**BMD**") refers to machines designed to record votes by upon direct input or selection by a voter followed

by scanning of ballots marked by ballot markers, including without limitation those used at any time in the State of Georgia, such as the Dominion BMD Voting System (EAC Certification Number DVS-DemSuite 5.5-A) or Image Cast X models.

10. The term "**Election System**" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), software (such as any version of the Global Election Management System (GEMS) or BallotStation software), script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation, recording, processes, or procedures of elections.

11. The term "**Security Breach**" means any incident that involved the unauthorized access (whether by unauthorized parties or by authorized parties in excess of their actual authorization) to any aspect of the Election System or any attempt by an unauthorized party to gain access through a Security Vulnerability (as defined below) or exploit a Security Vulnerability (as defined below), regardless of whether any information or data was copied, altered, modified, deleted, taken or stolen.

12. The term "**Security Vulnerability**" means any known, identified, alleged, believed, or suspected risk (whether or not mitigated by other technology or procedures) of unauthorized access to any aspect of the Georgia Election System, including without limitation potential unauthorized access to voter registration information; potential unauthorized access to keys, passwords, or log-in credentials; an actual or possible ability to upload or implant malware; an actual or possible ability to alter vote tabulation, recording, results, reporting, or auditing; and potential alteration or loss of election results data.

## INSTRUCTIONS

1. In complying with this request for production of documents, you are required to produce the documents requested as they are kept in the usual course of business or to identify them to correspond with the category set forth in this request.

2. With regard to any document withheld because of a claim of privilege or work product, state:

    a. The reason for withholding the document(s);

    b. The name, address and title of the author(s) of the document(s);

    c. The name, address and title of each person;

    d.  To whom the document indicates an original or copy was sent;

    e.  Who has knowledge of the contents of the document;

    f.  The date on the document or, if undated, the date prepared;

    g.  The general subject matter and contents of the documents; and

    h.  The name, address, location and title of the person or persons having possession, custody or control of the document at the present time.

3. If any information or data requested appears in any document, the entire page containing such information or data, and all of the pages of any multiple-page document, shall be produced including all exhibits, attachments and amendments.

4. If any document or copy of a document in your possession contains notes or notations, you are requested to produce a copy of such document containing the notes or notations.

5. If any document requested was formerly in your possession, custody or control and has been lost or destroyed, you are requested to submit, in lieu of each document, a written statement which:

    a.  Describes in detail the nature of the document and its contents;

      b.    Identifies the person(s) who prepared or altered the documents and, if applicable, the person to whom the document was sent;

      c.    Specifies, if possible, the date the document was lost or destroyed, and the conditions of or reasons for destruction and the person requesting and performing such destruction.

6.    This document request is continuing in nature and shall apply to all documents coming into your possession subsequent to the service of this request through and including the final hearing in this matter.

## DOCUMENTS REQUESTED

1.    All documents that evidence, refer, reflect, or relate to alleged existence of malware on the imaged KSU server produced by State Defendants in this civil action.

2.    All documents that evidence, refer, reflect, or relate to alleged existence of malware on the memory cards for Cobb, DeKalb, and Fulton Counties produced by State Defendants in this civil action.

3.    All documents that evidence, refer, reflect, or relate to alleged existence of malware on any of the GEMS databases produced by State Defendants in this civil action.

4.    All documents that evidence, refer, reflect, or relate to alleged existence of malware on the imaged DRE units produced by State Defendants in this civil action.

5. All documents relied upon by Plaintiff Jeffrey Schoenberg to support his statement in his declaration [Doc. 785-5] that he is "concerned about the reliability of the BMD-based voting system." [Doc. 785-5, ¶10].

6. All documents relied upon by Plaintiff Donna Curling to support her statement in her declaration [Doc. 785-3] that she "will be forced to vote on a system that [she does] not believe will count [her] vote equally and fully," if Georgia used BMDs for voting in future elections. [Doc. 785-5, ¶6].

7. All documents relied upon to support Plaintiff Donna Curling's assertion in her declaration [Doc. 785-3] that the BMDs are "unverifiable voting machines."

8. All evidence that refers, reflects, or relates to the alleged "threats to the security, transparency, and verifiability of Georgia elections posed by implementation of the BMD-based election system by Dominion Voting Systems, Inc. and selected by the Georgia Secretary of State's Office" learned by Plaintiff Donna Curling according to her declaration. [Doc. 785-4, ¶ 8].

9. All documents relied upon by Plaintiff Donna Curling to support her statement in her declaration [Doc. 785-4] that the BMD-based voting system in Georgia "suffers from systemic vulnerability to advanced persistent threats." [Doc. 785-4, ¶ 10].

10. All evidence that refers, reflects, or relates to the alleged existence

of malware that Plaintiffs contend could alter election outcomes through attacks on the BMDs used in Georgia elections.

11. All documents that support the claim made by Dr. Halderman that "If attackers breached any of them to attack the DRE-based system, those attackers may continue to have such access under the BMD-based system." [Doc. 785-2, ¶ 11].

12. All documents sufficient to show that malware from the GEMS/DRE system can transfer to the Dominion BMD system.

13. All documents you plan to use in the Preliminary Injunction hearing.

This 21st day of August, 2020

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com

500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Jonathan D. Crumly*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served the foregoing **STATE DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CURLING PLAINTIFFS** by electronic mail and U.S. Mail to the following:

Cary Ichter
Ichter Davis LLC
Suite 1530
3340 Peachtree Road N.E. Atlanta, Georgia 30326
cichter@ichterdavis.com

Bruce P. Brown
BRUCE P. BROWN LAW LLC 1123 Zonolite Road, Suite 6 Atlanta, Georgia 30306
bbrown@brucepbrownlaw.com

David D. Cross
John P. Carlin
Lyle F. Hedgecock
Mary G. Kaiser
Morrison & Foerster, LLP 2000 Pennsylvania Avenue, NW
Washington, DC 20006
dcross@mofo.com
jcarlin@mofo.com
lhedgecock@mofo.com
mkaiser@mofo.com

John Michael Powers
David R. Brody
Ezra David Rosenberg
Lawyers' Committee for Civil Rights Under Law
Suite 900
1500 K Street, N.W.
Washington, DC 20005
jpowers@lawyerscommittee.org
dbrody@lawyerscommittee.org
erosenberg@lawyerscommittee.org

Kaye Burwell
David Lowman
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
kaye.burwell@fultoncountyga.gov
david.lowman@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov

Robert Alexander McGuire
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104-2206
ram@lawram.com

Halsey G. Knapp, Jr.
Adam Martin Sparks
Grant Edward Schnell
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
grant.schnell@hklaw.com

    This 21st day of August, 2020.

                                            */s/Jonathan D. Crumly*
                                            Jonathan D. Crumly