IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' CONSOLIDATED MOTION FOR LEAVE TO FILE DECLARATION OF DAVID HAMILTON UNDER SEAL AND BRIEF IN SUPPORT**

Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, "State Defendants") move this Court seal the Declaration of David Hamilton pursuant to the Protective Order entered in this case [Doc. 477, p. 11]; this Court's Standing Order [Doc. 11, p. 24] and Local Rule ("LR") App. H, section II(J).

The Declaration of David Hamilton outlines the election security measures undertaken by the State to remediate risks and describes cyber security processes related to the State's election systems. Public disclosure of this sensitive information could threaten the security of Georgia's election system.

## ARGUMENT AND CITATION OF AUTHORITY

A. <u>**Legal Standard.**</u>

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G) (noting a trial court may require that certain information "not be revealed or be revealed only in a specified way"). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also* Local Rules at App. H. § II(J) (incorporating these factors).

B. <u>**Good Cause Exists for Sealing the Declaration of David Hamilton.**</u>

There is good cause to seal David Hamilton's Declaration. First, "allowing access would . . . harm legitimate privacy interests." *See Romero*,

480 F.3d at 1246. The Documents include information regarding the Georgia election system's critical infrastructure, which, if published, although not sufficient in itself to compromise the system, could provide potential hackers or bad actors with additional information about methods of accessing Georgia's election system. Second, as for "the degree of and likelihood of injury if made public," the degree of the possible injury is high, as Georgians have an interest in the safekeeping of the state's election system. *See id.*

The security of elections systems is essential to ensure the right to vote and have that vote counted, other rights are "illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Elections officials in Georgia and across the country operate in a universe where the security of their systems is a paramount concern. Recognizing the fundamental importance of elections security, the United States Department of Homeland Security designated elections infrastructure as "Critical Infrastructure," a designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters." 42 U.S.C. § 5195c(e).

Election security information, while it "concerns public officials or public concerns," the fact that it relates to the public concern of safeguarding

elections is the reason the Documents should be sealed. *Romero,* 480 F.3d at 1246. Finally, there is not "a less onerous alternative to sealing the documents," due to the sensitivity of the information, while also providing it to the Court and Plaintiffs' counsel. *See* 42 U.S.C. § 5195c(e). *Id.*

## CONCLUSION

This Court should grant State Defendants' Motion for Leave to Seal the Declaration of David Hamilton. A proposed order is attached.

Respectfully submitted, this 26th day of August, 2020 .

>Vincent R. Russo
>Georgia Bar No. 242628
>vrusso@robbinsfirm.com
>Josh Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com
>Carey A. Miller
>Georgia Bar No. 976240
>cmiller@robbinsfirm.com
>Alexander Denton
>Georgia Bar No. 660632
>adenton@robbinsfirm.com
>Robbins Ross Alloy Belinfante Littlefield LLC
>500 14th Street, N.W.
>Atlanta, Georgia 30318
>Telephone: (678) 701-9381
>Facsimile:  (404) 856-3250
>
>*/s/Bryan P. Tyson*
>Bryan P. Tyson

-5-

        Georgia Bar No. 515411
        btyson@taylorenglish.com
        Jonathan D. Crumly
        Georgia Bar No. 199466
        jcrumly@taylorenglish.com
        James A. Balli
        Georgia Bar No. 035828
        jballi@taylorenglish.com
        Diane F. LaRoss
        Georgia Bar No. 430830
        dlaross@taylorenglish.com
        Bryan F. Jacoutot
        Georgia Bar No. 668272
        bjacoutot@taylorenglish.com
        Loree Anne Paradise
        Georgia Bar No. 382202
        lparadise@taylorenglish.com
        TAYLOR ENGLISH DUMA LLP
        1600 Parkwood Circle, Suite 200
        Atlanta, GA 30339
        Telephone: 678-336-7249

        *Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this brief was prepared in compliance with Local Rule 5.1C in that it is in Century Schoolbook 13-point font.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
