## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## JOINT DISCOVERY STATEMENT
## <u>REGARDING URGENT ACCESS TO EQUIPMENT</u>

*Plaintiffs' Position*

Plaintiffs seek critical, time-sensitive access to a single Dominion BMD, scanner, and necessary software (collectively, "Equipment").  Plaintiffs' experts need access to the Equipment to assess its security and reliability, as Dr. Halderman previously did with the DREs.  He showed how easily the DREs could be infected with vote-stealing malware, which he expects also can be done with the Equipment. (*See* Dkt. No. 309 at 5-8.)  Plaintiffs' experts urgently need the Equipment to perform the analyses before the September 10-11 hearing.  This would not destroy or render the Equipment unusable and it could return to service after the hearing, with the proper testing by the State or County at Plaintiffs' expense.  Plaintiffs had hoped to find it publicly available, but to no avail.  State Defendants acknowledged during an August 26 teleconference that it is not publicly available.  But they nonetheless refuse to provide access to the Equipment themselves or to help coordinate access with third parties.  Thus, Plaintiffs need urgent help from the Court.

Plaintiffs offered several possible solutions.  They requested State Defendants purchase the Equipment from Dominion with reimbursement by Plaintiffs, or consent to Plaintiffs purchasing it.  State Defendants declined.  Plaintiffs also requested access to Georgia Equipment not being used in ongoing or imminent elections.  They declined that too.  They first claimed that "all Dominion equipment

1

owned by the state is either currently in use for an election (such as the September 29 special election) or is being actively prepared for the November general election." (Exhibit 1.)  But they then acknowledged—upon further inquiry by Plaintiffs—that they do not actually know "what counties may or may not do in terms of equipment deployment." (*Id.*)  Thus, they do not actually know whether any of the 159 counties has a single BMD, single scanner, and the requisite software available.  So Plaintiffs offered to obtain access to the Equipment from a Georgia county directly.  State Defendants objected to that too, arguing they can block access even to Equipment purchased by the counties.

State Defendants have staked their defense on the claim that the BMD-based system is secure (even "air gapped").  Just as this claim was wrong with the DREs, it is wrong with the BMDs.  Plaintiffs are entitled to the opportunity to rebut Defendants' claim by examining the same sort of equipment and software used in Georgia, lest they argue—again—that Plaintiffs' concerns and expert analyses are merely speculative and not applicable to Georgia's election system.  State Defendants have no good reason to oppose such a narrow request, especially if a county agrees to provide the requested access, such as Fulton County.  The Court should Order Defendants to provide the requested access immediately at a mutually-convenient time and location in Georgia.

ny-1982892

*State Defendants' Position*

This Court granted limited expedited discovery in this case on August 11. [Doc. 775], but did not grant expedited discovery as to the Dominion BMD system, allowing Request No. 14 to go forward on the DRE memory cards only. *Id*. at pp. 2-3. During a later conference with the Court, Curling Plaintiffs' counsel indicated that they did not "anticipate asking to examine Dominion equipment that is going to be used in any of the elections." Tr. of Aug. 21, 2020 Teleconference at 34:4-9.

Plaintiffs did not serve an additional discovery request to access a BMD and other components, instead emailing counsel for State Defendants on Monday, stating "We need access to a Dominion BMD, scanner, printer, and required software" (Email from A. Miriyala on August 24, 2020, attached as Ex. 2). Thus, there is no actual discovery request about which there is a dispute.

State Defendants explained to Plaintiffs that all equipment of which the Secretary's office is aware is either being prepared for the November election or is in use. *See* Tr., 33:16-34:1. Further, Dominion has intellectual-property interests and has agreed to have its equipment tested in other election cases. A copy of a decision allowing access to Dominion equipment with protocols in place is attached as Ex. 3.

State Defendants do not object to Plaintiffs agreeing to a protocol with Dominion regarding the testing of its equipment, but do object to counties providing

3

equipment because it will place a burden on State Defendants to perform acceptance testing after the equipment is returned by Plaintiffs (if it can be reused) to ensure nothing was modified. Ga. Comp. R. & Regs. r. 183-1-12-.03 (acceptance testing). Further, counties providing equipment violates regulations about access to equipment, and approval is required before any EMS server can be relocated, as Plaintiffs request. Ga. Comp. R. & Regs. r. 183-1-12-.05(5) (access), -.06(3) (EMS).

After a call on other discovery issues yesterday that included this question (and no indication that Plaintiffs were going to use the Court's discovery-dispute process, let alone give State Defendants only four hours to respond with their section), Counsel for Curling Plaintiffs contacted counsel for Dominion after State Defendants provided the contact information in response to Plaintiffs' request[1] (Email to M. Maguire, attached as Ex. 4). Again, State Defendants do not object to Plaintiffs working out a protocol with Dominion for testing of the equipment.

The shocking reality is that none of Plaintiffs' experts have ever examined the Dominion BMD system. [Doc. 821-3 at 100:25-101:25, 136:04-136:11, 146:25-147:03] (Halderman); [Doc. 680-1, pp. 42-43] (Hursti). While Plaintiffs have not tested the Dominion system, other election-system experts have tested it extensively.

---

[1] Plaintiffs served a subpoena on Dominion on August 25 that did not include a request for inspection and without providing notice to Defendants before service.

4

*See* [Doc. 821-6]. While Plaintiffs clearly want to gain unfettered access to the Dominion system for their own purposes, they have shown no basis for that request—especially because they have never identified any component of the DRE/GEMS system that was actually compromised, despite access to the KSU server image, GEMS databases, memory cards, and imaged DREs.

Bringing a lawsuit does not automatically entitle a plaintiff to receive any sensitive information held by a defendant any more than suing the U.S. government would allow automatic access to plans for nuclear missiles. *See, e.g., Zoltek Corp. v. United States*, 61 Fed. Cl. 12, 15-16 (2004) (plaintiff could not access classified information about B-2 Bomber even though relevant to claims). Under Fed. R. Civ. P. 11, Plaintiffs represented that they had a good-faith belief about the claims they brought,[2] but their claims about the Dominion system are in sharp contrast to the claims about the DRE/GEMS system, which was based on Dr. Halderman's actual work on DRE-based voting systems. This Court should allow Plaintiffs to work out a testing protocol directly with Dominion and allow Georgia's election to go forward without being derailed by Plaintiffs' suddenly urgent desire to test equipment.

---

[2] Including that BMDs "suffer from the same security vulnerabilities" as DREs [Doc. 627, ¶ 11] and "the new Dominion BMD System is susceptible to infection by malware" [Doc. 628, ¶ 177], which were made apparently without any expert ever analyzing the actual Dominion system.

5

*Plaintiffs' Reply*

This is gamesmanship at its worst.  State Defendants complain that "none of Plaintiffs' experts have ever examined the Dominion BMD system" while they admit that this is because they are blocking Plaintiffs' access to it.  By repeating this mantra throughout their recent Opposition brief, State Defendants themselves emphasize and acknowledge Plaintiffs' experts' critical need to examine the Equipment.  (Dkt. No. 821 at 2, 9, 18.)  The Court should reject this catch-22.

Tellingly, State Defendants have abandoned their baseless claim that no Equipment is available in all of Georgia (*see* Exhibit 1), and now vaguely claim that mere minutes for "acceptance testing" is a "burden".  Plaintiffs' experts' need to examine a *single* BMD (*not* "unfettered access" to the system) far outweighs this trivial "burden".  State Defendants' analogy to obtaining "plans for nuclear missiles" is so absurd as to betray the frivolousness of their position.

Given State Defendants' position (albeit wrong) that a County must obtain their approval to loan Plaintiffs a BMD, the Court should order them to provide that approval.  Fulton County has informed Plaintiffs that it will loan Plaintiffs a BMD for testing purposes for a few weeks.  Plaintiffs believe that an order directing State Defendants to approve this loan is appropriate to avoid further dispute over this issue and to allow testing to proceed expeditiously.

6

Dated:  August 28, 2020                    Respectfully submitted,

  */s/ David D. Cross*_____
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,*
*Donna Price & Jeffrey Schoenberg*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been

prepared in accordance with the font type and margin requirements of LR 5.1, using

font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2020, a copy of the foregoing **Joint Discovery Statement Regarding Urgent Access to Equipment** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

<em>/s/ David D. Cross</em><br>David D. Cross

9

ny-1982892