**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' OBJECTION TO THE PRODUCTION OF THE FORTALICE REPORT

On August 28, 2020, this Court held a telephone conference regarding discovery and, acting on the State Defendants' request, ordered State Defendants to file their formal objections to the production of the Fortalice Report that State Defendants' withheld on the basis of privilege. [Doc. 832]. State Defendants submit this response and object to the disclosure of the Fortalice report in question, as it is work product created by a consulting expert at the direction of counsel for the purpose of litigation.

## INTRODUCTION

With good reason, the Federal Rules of Civil Procedure prohibit the production of documents protected by the work product doctrine. Plaintiffs now seek an order from this Court compelling the disclosure of a Fortalice

Report created at the direction of counsel in November 2019. The issue is apparent. The work-product doctrine exists "to protect the integrity of the adversary process by allowing a lawyer to work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Drummond Co., Inc. v. Conrad & Scherer, LL*P, 885 F.3d 1324, 1335 (11th Cir. 2018). State Defendants cannot adequately investigate the allegations in this litigation if those investigations are then subject to disclosure to Plaintiffs and their counsel. But that is exactly what the Plaintiffs are asking this Court to order, and it should be denied without any further consideration.

## PROCEDURAL BACKGROUND

After denying Plaintiffs' Third Motions for Preliminary Injunction, [Doc. 768], this Court granted limited expedited discovery relevant to the hearing on Plaintiffs' Fourth Motions for Preliminary Injunction. [Doc. 775]. The Court directed all objections to the Plaintiffs' Second Joint Request for Production of Documents and Coalition Plaintiffs' Fourth Request for Production of Documents be made no later than August 18, 2020. [Doc. 775 at ¶ 3]. Additionally, the Court ordered all responsive documents to be produced within fifteen days of the date of the Order and directed meet-and-confer on

any discovery disputes before submitting them to the Court. [Doc. 775 at ¶¶ 3, 6].

State Defendants made their objections to Plaintiffs Second Joint Request for Production of Documents on August 18, in accordance with the Court's Order.  Specifically, State Defendants objected to Plaintiffs' request for "[a]ny report, studies, findings, audits, evaluations, and/or assessments of actual or potential security breaches or vulnerabilities associated with the Election System since August 1, 2019, including but not limited to new, updated, or supplemental reports prepared by Fortalice Solutions[.]" (RFP 9). The Court held a telephone conference regarding the objections on August 21, 2020, in which Defendants understand the Court overruled their objections regarding scope.[1] At that time, counsel for the State Defendants further explained to the Court that counsel was not in a position to assert objections and withhold documents based on privilege because counsel had not yet been able to review all of the responsive documents. Aug. 21, 2020. Aug. 21, 2020 Tel. Conf., Tr. 8:3–6. Both the Court and Plaintiffs' counsel understood those objections were not yet ripe to be had. *Id.* at 5:18–21, 8:24–9:3. Pursuant to the Court's oral rulings at that Conference, Defendants produced non-

---

[1] State Defendants requested an Order reflecting the Court's oral rulings during the conference. The Court indicated no order would be forthcoming.

privileged documents responsive to the request, not otherwise subject to State Defendants' objections.

On August 26, when providing State Defendants' first expedited document production, State Defendants' counsel notified Plaintiffs' counsel that "State Defendants are withholding one responsive document to Request No. 9 because it is protected as Attorney Work Product."[2] Plaintiffs' counsel sent a flurry of emails in the early hours of August 27 and throughout the following morning of August 28 due to purported difficulties Plaintiffs had downloading the production.[3] Counsel for Curling Plaintiffs also asked for information to support State Defendants' claim of privilege in response to request number 9. *See* Ex. 2. In response, counsel for State Defendants stated that "the communication being withheld is a report concerning BMDs created by Fortalice and undertaken in preparation for active litigation at the direction of Ryan Germany, the General Counsel for the SOS. Mr. Germany was operating under the instruction of [the Robbins law] firm and the Taylor English law firm in our capacities as counsel for the State Defendants. The document is protected by the attorney work product doctrine." (*Id.*)

---

[2] A true and accurate copy of State Defendants' counsel's email to Plaintiffs' counsel on August 26, 2020 is attached hereto as **Exhibit 1**
[3] A true and accurate copy of the August 26-27, 2020 email chain between counsel is attached hereto as **Exhibit 2**.

In disregard of this Court's meet-and-confer requirement for discovery disputes, counsel for Curling Plaintiffs' emailed the Court's chambers the following day seeking intervention and asking for an *in camera* review of the withheld document.[4] Before the State responded, and without asking for the State's position, by email, the Court directed State Defendants to email the Fortalice report to the Court for an *in camera* review "as soon as possible."[5] State Defendants provided additional explanation, *id.*, and further requested that the *in camera* inspection "be ordered on the docket and that [the State Defendants] be given the opportunity to make a formal claim of privilege . . ." *See* Ex. 4.[6] The Court entered no such order, but entered a "Minute Entry" regarding a telephone conference held within two hours of Plaintiffs' initial email to the Court and, acting on the State Defendants' request, directed State Defendants to file their formal objections to the production of the Fortalice report that was withheld on the basis of privilege. [Doc. 832]. On

---

[4] A true and accurate copy of the August 28, 2020 email chain with the Court's chambers is attached hereto as **Exhibit 3**.

[5] A true and accurate copy of State Defendants' counsel's email requesting the *in camera* inspection be entered on the docket and that State Defendants have an opportunity to make a formal claim of privilege is attached hereto as **Exhibit 4**.

[6] Due to the quick succession of emails, Defendants response to Plaintiffs' email-brief was sent shortly after the Court requested the document for *in camera* inspection, resulting in multiple email "chains."

that telephone conference, the Court indicated that it had already reviewed the entire document. Transcript of August 28, 2020 Teleconference at 21:6-16.

## OBJECTION TO PRODUCTION OF FORTALICE REPORT

It is well-settled that the work product doctrine is "grounded in the realities of litigation in our adversary system." *Adams v. City of Montgomery*, 282 F.R.D. 627, 633 (2012) (citations and quotations omitted). The work product doctrine recognizes that attorneys may need to delegate to non-attorneys key tasks necessary to prepare for litigation. *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 149–150 (D.C.Cir.2015) (investigative report produced in anticipation of litigation by non-lawyer may be entitled to protection under work product or privilege doctrines). Here, the Fortalice report at issue is protected work product created at the direction of counsel for the purpose of *this* litigation—specifically, Plaintiffs' attack on the State's new BMD voting system, a system which Plaintiffs had sought to challenge under both the previous iterations of their complaints and under their Amended/Supplemental complaints.

Federal Rule of Civil Procedure 26(b)(3)(A) contemplates that "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," may be entitled to "a

qualified immunity" that shields the document from disclosure. *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F.Supp.3d 1319, 1323 (N.D. Ga. 2015) (quoting Fed. R. Civ. P. 26(b)(3)(A)). This includes documents prepared for a party's attorney, consultant, or agent. *See* Fed. R. Civ. P. 26(b)(3)(A). Protection under the work product doctrine requires that (1) the document be produced by an attorney or his agent and (2) created in anticipation of litigation. *United States ex rel. Bibby*, 165 F.Supp.3d at 1323. A party claiming protection under the work product doctrine has the burden to show that the documents at issue were prepared in anticipation of litigation through a privilege log and an explanatory affidavit from counsel. *See Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga.2007).

In determining whether the document was prepared for or in anticipation of litigation, courts first examine the temporal component since, to satisfy the anticipation of litigation requirement, "a document must, obviously, have been prepared before or during the litigation." *Bibby*, 165 F.Supp.3d at 1324 (citations and internal quotations omitted). Additionally, the document must have been prepared *for litigation* and not largely for a business purpose. *Id.* at 1325. To examine this distinction, courts in this circuit have applied either the "primary motivating purpose" test in *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981), or the "because of" test

7

in *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998). The "primary motivating purpose" test examines "whether the primary consideration in the creation of the document was anticipated litigation." *Bibby*, 165 F.Supp.3d at 1325. The "because of" test is slightly broader and considers whether "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared ... because of the prospect of litigation." *Id.* at 1325. Regardless of the standard, "a document created because of the prospect of litigation does not lose its protection just because it also serves a secondary, non-litigation purpose." *Id.*

As indicated by the document itself, and as will be shown on Defendants' forthcoming privilege log, the Fortalice report was created on November 27, 2019, there by satisfying the temporal requirement for two reasons.[7] First, the report was created after the Plaintiffs filed their operative complaints directly challenging the BMD system. [Docs. 627, 628]. *See Bibby*, 165 F.Supp.3d at 1324 ("To satisfy the temporal requirement of the 'in anticipation of litigation [requirement]' a document must, obviously, have been prepared before or during the litigation."). But even if Fortalice had

---

[7] The State Defendants informed the Plaintiffs that a privilege log would be forthcoming and provided the basis for the privilege assertion in good faith to the Plaintiffs before that point.  Plaintiffs ran to this Court anyway.

begun their review prior to Plaintiffs' amended complaints, Plaintiffs' intent to assert challenges to the new BMD System has been clear since at least May 31, 2019.[8]

The Fortalice report also satisfies both standards for determining the motivation for creating the document. The Fortalice report was created as a direct result of Plaintiffs' challenge to the BMD system. Germany Decl. at ¶¶ 4–5.[9] Notably, the Fortalice report was marked "attorney client privilege" *by Fortalice*, indicating that Fortalice understood the document's purpose was for defending against litigation. *Id.* at ¶ 6. But the Court need not rely solely on that indication—the undersigned assert, along with the Secretary's counsel by affidavit, that the document was created at the direction of counsel. *Id.* at ¶¶ 4–5. Moreover, the Fortalice report clearly indicates that the intent of the report is not to make recommendations for or against any plans in place in the State of Georgia, indicating that it has little, if any, business purpose.[10] *Id.* at ¶ 7. Accordingly, since ongoing litigation prompted

---

[8] *See* May 31, 2019 Scheduling Conference, Tr. 10:22–11:18 (Curling Plaintiffs stating they "would either possibly amend the complaint, file a new action, or possibly argue that what [the Defendants] have done [by adopting a BMD System] is within the scope of this case." Coalition Plaintiffs stating their "position is that the complaint currently embraces BMDs as well.")

[9] The declaration of Ryan Germany is attached hereto as **Exhibit 5**.

[10] This further delineates the nature of this report from prior work by Fortalice. As the Court is aware, prior reports offered risk identification and

Fortalice's work and creation of the document at issue, it satisfies both the "because of" and "primary motivating purpose" tests. *Bibby*, 165 F.Supp.3d at 1326.

Plaintiffs must meet a heavy burden by showing a substantial need for the document to prepare their case and that they cannot, without undue hardship, obtain a substantial equivalent to the document by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiffs claim that there is "no other means for obtaining this information," but this is not true and irrelevant anyway. *See* Ex. 3. Plaintiffs are seeking the information, on an expedited basis, in the hopes that it will compel this Court to order an entirely new election system in Georgia weeks before early voting commences. In addition, Plaintiffs have had no problem filing (now admittedly) unsubstantiated allegations about Georgia's election system, and according to their briefings, they already have the answers they seek. Moreover, Plaintiffs have obtained expedited discovery by this Court's prior Order and now possess in excess of 25,000 documents regarding the BMD system. This context matters as Rule 26(b)(1) applies to limit the scope of discovery to what is proportional to the needs of

---

remediation recommendations, along with IT security and policy recommendations.

the case. That maxim is even more appropriate where the contemplated discovery would compel material *prepared for* the litigation.

Furthermore, as Curling Plaintiffs' counsel recognizes, Fortalice was retained to assist the Secretary's IT team "in issue detection, incident identification and forensic analysis of activity in the SOS network and environment." *See* Ex. 3. However, the Fortalice report at issue is focused solely on the BMD system and the PollPads, not the Secretary's network and environment. Germany Decl. at ¶¶ 3, 7. Plaintiffs also claim that if other Fortalice reports were previously disclosed, the report at issue must be subject to disclosure also. *See* Ex. 3. But this is not the standard to overcome the work product doctrine, and Plaintiffs have plainly not met their heavy burden for this Court to disregard protection of the Fortalice report under the work product doctrine.

## CONCLUSION

The Fortalice report at issue was created specifically for this very litigation at the direction of counsel and Plaintiffs cannot meet their burden to show why the State Defendants must disclose litigation documents to the Plaintiffs in the same case. Accordingly, this Court should deny Plaintiffs request to compel disclosure of the Fortalice report.

Respectfully submitted this 31st day of August, 2020.

*/s/ Carey Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **STATE DEFENDANTS' OBJECTION TO THE PRODUCTION OF THE FORTALICE REPORT** has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<u>*/s/ Carey Miller*</u>
Carey A. Miller