# Exhibit 3

| | |
|---|---|
| **From:** | Carey Miller |
| **Sent:** | Friday, August 28, 2020 1:27 PM |
| **To:** | Cross, David D.; Holly Cole; Josh Belinfante; Bryan Tyson; Bruce Brown; Harry Martin |
| **Cc:** | Elizabeth.Monyak@cobbcounty.org; Carlin, John P.; Manoso, Robert W.; Alexander Denton; Bryan Jacoutot; Brian Lake; butler@epic.org; cheryl.ringer@fultoncountyga.gov; cichter@ichterdavis.com; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; Diane LaRoss; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; James Balli; jconarck@lawyerscommittee.org; Jonathan Crumly; jonlschwartz@mac.com; jphillips@trc-lawfirm.com; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; kurt.kastorf@gmail.com; Hedgecock, Lyle F.; lindenbaum@sandlerreiff.com; Loree Anne Paradise; Kaiser, Mary; mmurray@altber.com; pblitch@flemingnelson.com; Conaway, Jenna B.; rabney@lawyerworks.com; ram@lawram.com; sberzon_altber.com; sleyton_altber.com; sparks@khlawfirm.com; Vincent Russo; william@neyrhein.com; Miriyala, Arvind S. |
| **Subject:** | RE: Urgent Discovery Conference Needed - Curling v. Raffensberger |
| **Attachments:** | Email Correspondence re Joint Discovery Statement 8.28.20.pdf |

Ms. Cole:

State Defendants are working to provide a response brief to this Court and a document production to Coalition Plaintiffs, both due today. Yesterday, Plaintiffs demanded we provide our portion of a joint discovery statement within the four-hour timeline demanded by Plaintiffs, which we did and which Plaintiffs apparently did not seek to pursue until today (see attached email correspondence regarding the BMD joint discovery statement). If the Court wishes to take up this matter today, we will make ourselves available.

As to the privilege assertion, we have informed Plaintiffs that we will provide a formal log and claim of privilege upon the completion of expedited productions today—to be clear, an email was not intended to be our only and final assertion of privilege but instead were attempting to notify them of a withheld document in good faith. We do not believe a process of litigation-by-email is fruitful to the efficient resolution of this case. If the Court wishes to address this issue, we will complete a joint discovery statement or otherwise act as the Court directs.

**Carey A. Miller** | 404.856.3286 | ROBBINS

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Friday, August 28, 2020 1:00 PM
**To:** Holly Cole <Holly_Cole@gand.uscourts.gov>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Harry Martin <Harry_Martin@gand.uscourts.gov>
**Cc:** Elizabeth.Monyak@cobbcounty.org; Carlin, John P. <JCarlin@mofo.com>; Manoso, Robert W. <RManoso@mofo.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; butler@epic.org; cheryl.ringer@fultoncountyga.gov; cichter@ichterdavis.com; Carey Miller <carey.miller@robbinsfirm.com>; david.lowman@fultoncountyga.gov; dbrody@lawyerscommittee.org; Diane LaRoss <dlaross@taylorenglish.com>; erosenberg@lawyerscommittee.org; hknapp@khlawfirm.com; James Balli <jballi@taylorenglish.com>; jconarck@lawyerscommittee.org; Jonathan Crumly <jcrumly@taylorenglish.com>; jonlschwartz@mac.com; jphillips@trc-lawfirm.com; jpowers@lawyerscommittee.org; kaye.burwell@fultoncountyga.gov; kurt.kastorf@gmail.com; Hedgecock, Lyle F. <LHedgecock@mofo.com>; lindenbaum@sandlerreiff.com; Loree Anne

Paradise <lparadise@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; mmurray@altber.com; pblitch@flemingnelson.com; Conaway, Jenna B. <JConaway@mofo.com>; rabney@lawyerworks.com; ram@lawram.com; sberzon_altber.com <sberzon@altber.com>; sleyton_altber.com <sleyton@altber.com>; sparks@khlawfirm.com; Vincent Russo <vrusso@robbinsfirm.com>; william@neyrhein.com; Miriyala, Arvind S. <AMiriyala@mofo.com>
**Subject:** Urgent Discovery Conference Needed - Curling v. Raffensberger

Ms. Cole –

My apologies for reaching out this way, but we urgently need a discovery conference from the Court given our filing deadline only two business days from now and State Defendants' privilege assertion over a highly relevant document. Our case looks to be inadvertently sealed in its entirety and we can't currently file anything on the docket.

We learned Wednesday night – when State Defendants dumped tens of thousands of documents on us – that they are withholding as work product a single Fortalice report regarding the new BMD system. We immediately asked them about the privilege claim that night. (See attached August 26 email.) They have refused to provide the information required under Rule 26 to defend the privilege claim and to enable us to evaluate it, and they have refused our requests to meet and confer on this time-sensitive issue. (See attached August 27 email exchange.) (Notably, they had flexibility to meet within one business day when we offered to confer with them about their discovery requests to us this week.) Their refusal to cooperate has left us unable to proceed with the Court's mandated joint discovery process, and we cannot afford further delay. We need the Court to review the document *in camera*, which we expect will confirm that it is not privileged, just like the other damning Fortalice reports State Defendants produced last year.

The Court will recall how critical—and devastating—the prior Fortalice reports were in confirming the many, serious security vulnerabilities with the prior system. Those reports belied State Defendants' repeated claims that the system was secure and even belied sworn testimony from the Secretary of State's CIO, Mr. Beaver. That they now seek to withhold as "work product" the only known third-party report regarding the new BMD system is deeply concerning. Their claim that it, unlike every other Fortalice report, was prepared for "litigation"—which they've not even identified—suggests a deliberate effort to shield it from discovery. They've offered no explanation for treating this report any differently from the other Fortalice reports they produced. Their refusal also to provide even a date for the report or to identify the recipients of it is troubling and leaves their privilege claim unsupported.

Even if the claim had merit, work product is not an absolute bar to discovery in any event, as this Court knows. And there is a clear, substantial, and compelling need for this report. Again, it is the only known report by a third-party cybersecurity firm regarding the current election system in Georgia. There is no other means for obtaining this information. Moreover, State Defendants themselves have put the report at issue, relying on Fortalice's role in creating such reports for the new voting system in their Opposition to the preliminary injunction motions. (Hamilton Declaration, Dkt. 819 ¶ 13 ("A decision was made to retain the services of Fortalice Solutions, LLC to assist the newly assembled SOS Information Security team in issue detection, incident identification and forensic analysis of activity in the SOS network and environment."). State Defendants should not be permitted to trumpet Fortalice's role in assessing the security of the BMD system while shielding its analyses and findings behind a work product claim. Indeed, the Court should be troubled that State Defendants apparently concluded that the report does not support their litigation positions, lest they would have disclosed it.

Finally, when specifically asked by this Court in an August 21 conference if they expected to withhold any documents responsive to Plaintiffs' document request seeking Fortalice reports, State Defendants answered "no". They specifically indicated they were aware of Fortalice reports and intended to produce them. They made no mention of privilege. Nor can they say they were unaware of this document or its purported privilege at that time because they claim, as the basis for the work product assertion, that the document was prepared specifically at the direction of the same litigation counsel representing State Defendants in this case and who participated on that call with the Court. Importantly, despite their express commitment to the Court to produce Fortalice reports, we have found none in their production of tens of thousands of documents. This further highlights the need for the Fortalice report they are withholding.

Given our filing deadline for our reply in just two business days and the need for our teams, including our experts, to review and analyze this report for our reply briefs, we respectfully request urgent help from the Court today if at all possible. We're available for a discovery conference, and respectfully ask that the Court review the document *in camera* beforehand.

Separate from the above—but also time-sensitive—attached is a joint discovery statement regarding a distinct but related issue. We've been trying to file this in the court filing system, but again we can't currently file anything on the docket. We will do so as soon as this is resolved with the clerk's office. For now, we're providing the Court a courtesy copy. We are available to address this dispute with the Court today too.

Thank you,
David

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.