**EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| DONNA CURLING, ET AL., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, ET AL., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Kim Stancil, Elections Director - Cherokee County Board of Elections and Registration
Cherokee County Elections & Voter Registration Office, 2782 Marietta Highway, Suite 100, Canton, GA 30114

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Office of Cherokee County Elections and Voter Registration as specifically set forth in Attachment "A". | Date and Time: 09/02/2020 1:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2020

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Coalition for Good Governance , who issues or requests this subpoena, are:
Cary Ichter, Esq., 3340 Peachtree Rd NE, Ste. 1530, Atlanta, GA 30326, (404) 869-7600, cichter@ichterdavis.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-2989-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-02989-AT   Document 840-1   Filed 08/31/20   Page 4 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

Pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, Coalition for Good Governance, William Diges III, Laura Digges, Ricardo Davis, and Megan Missett ("Coalition Plaintiffs") request Non-Party Cherokee County Board of Elections and Registration ("Cherokee Board") to permit entry onto the designated land or other property possessed or controlled by the Cherokee Board identified herein so that the Coalition Plaintiffs may inspect, copy, measure, survey, photograph, test and/or sample the property or any designated object or operation on said property as set out herein.

**A.** **Items and Operations to be Inspected, etc. on September 2, 2020 at 1:00 p.m.**

The inspection, copying, measuring, surveying, photographing, testing, and/or sampling of the Cherokee Board's property and operations relating to the election records and Dominion Voting System (including the KnowInk PollPad system) to occur on September 2, 2020 at 1:00 p.m. includes the following:

1. Inspection and observation relating to the operation of the county's Dominion EMS server, and its system configuration while the server is operated by Cherokee County Elections Office employee Johnathan

Attachment "A"
**Subpoena for Inspection, Copying, Testing, or Sampling of Materials**
*Donna Curling, et al. v. Brad Raffensperger, et al.*, Civil Action No.: 1:17-cv-2989-AT
United States District Court for the Northern District of Georiga
1

Densmore. The observation shall include, but is not limited to, information sucha as, (a) the determination of what data and programs are present on the system, (b) security controls on the system, (c) network set up, and (d) functional navigation of the system. Coalition Plaintiffs' representatives will not operate or touch the system or its components, but will request that Mr. Densmore operate the system during the inspection.

2. Inspection and observation of Mr. Densmore's demonstration of the ability to print and cast multiple identical BMD ballots with one (1) voter access card.

3. Inspection and observation Mr. Densmore's demonstation of the ability to generate multiple voter access cards from the PollPad without supervisor permission for duplicate voter access cards.

4. Inspection and copying of digital printouts of Auditmark ballot images (with color overlays) flagged for review by the Ballot Review Panel and ballot images not flagged for review from the June 9, 2020 election. Such printouts to include the Auditmark interpretations made on each ballot image, including interpretations made by the Ballot Review Panel.

5. Inspection and coying of digital printouts of Auditmark ballot images for

**Attachment "A"**
**Subpoena for Inspection, Copying, Testing, or Sampling of Materials**
*Donna Curling, et al. v. Brad Raffensperger, et al.*, Civil Action No.: 1:17-cv-2989-AT
United States District Court for the Northern District of Georiga
2

all hand marked paper ballots for the June 9, 2020 election and the August 11, 2020 election. Such printouts to include the Auditmark interpretations made on each ballot image, including interpretations made by the Ballot Review Panel.

6. Inspection of the mail ballot scanner settings and software threshold settings related to detection and recording of ballot marks on hand marked ballots during the scanning of mail ballots.

B. **Conditions for Inspection**

1. Coalition Plaintiffs will give Cherokee Board counsel at least 24 hours' notice of the names and contact information of representatives authorized to conduct the inspections.

2. For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one (1) inspector knowledgeable of the voting system and two (2) representatives assisting and documenting the inspection work.

3. Photographs, video, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information.

**Attachment "A"**
**Subpoena for Inspection, Copying, Testing, or Sampling of Materials**
*Donna Curling, et al. v. Brad Raffensperger, et al.*, Civil Action No.: 1:17-cv-2989-AT
United States District Court for the Northern District of Georiga
3

4. Inspection and observation include adequate visual access to the activities and documents to read screens or paper documents similar to the level of visual access of the officials conducting the activities.

5. Coalition Plaintiffs' representatives shall be subject to the same confidentiality and non-disclosure agreements required of the officials conducting the activities observed or inspected.

**Attachment "A"**
**Subpoena for Inspection, Copying, Testing, or Sampling of Materials**
*Donna Curling, et al. v. Brad Raffensperger, et al.*, Civil Action No.: 1:17-cv-2989-AT
United States District Court for the Northern District of Georiga
4