IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>　*Plaintiffs,*<br><br>　v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>　*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' CONSOLIDATED MOTION FOR LEAVE TO FILE THE FORTALICE CONTRACT UNDER SEAL AND BRIEF IN SUPPORT**

Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, "State Defendants") move this Court seal the Fortalice Contract and email on scope of inspection [Doc. 848] pursuant to the Protective Order entered in this case [Doc. 477, p. 11]; this Court's Standing Order [Doc. 11, p. 24] and Local Rule ("LR") App. H, section II(J).

The Chief Information Security Officer Support Services Contract with Fortalice, Contract Number 47800-SOS0000034 (the "Fortalice Contract"), was filed provisionally under seal in accordance with this Court's instructions on the August 31, 2020 call. The contract includes information about a state

vendor that consults regarding a variety of election-security issues and should remain under seal.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Legal standard.**

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G) (noting a trial court may require that certain information "not be revealed or be revealed only in a specified way"). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also* Local Rules at App. H. § II(J) (incorporating these factors).

**B.      Good cause exists for sealing the Fortalice Contract.**

There is good cause to seal the Fortalice Contract. First, "allowing access would . . . harm legitimate privacy interests." *See Romero*, 480 F.3d at 1246. The Fortalice Contract includes information regarding the work of a vendor in cybersecurity for the Secretary of State, which may provide potential hackers or bad actors with additional information about the security of the election system. Second, as for "the degree of and likelihood of injury if made public," the degree of the possible injury is high, as Georgians have an interest in the safekeeping of the state's election system. *See id.*

The security of elections systems is essential to ensure the right to vote and have that vote counted, other rights are "illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Elections officials in Georgia and across the country operate in a universe where the security of their systems is a paramount concern. Recognizing the fundamental importance of elections security, the United States Department of Homeland Security designated elections infrastructure as "Critical Infrastructure," a designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters." 42 U.S.C. § 5195c(e).

Election security information, while it "concerns public officials or public concerns," the fact that it relates to the public concern of safeguarding elections is the reason the Documents should be sealed. *Romero,* 480 F.3d at 1246. Finally, there is not "a less onerous alternative to sealing the documents," due to the sensitivity of the information, while also providing it to the Court and Plaintiffs' counsel. *See* 42 U.S.C. § 5195c(e). *Id.*

## CONCLUSION

This Court should grant State Defendants' Motion for Leave to File the Fortalice Contract Under Seal. A proposed order is attached.

Respectfully submitted, this 1st day of September, 2020.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381

Facsimile: (404) 856-3250

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this brief was prepared in compliance with Local Rule 5.1C because it utilizes Century Schoolbook 13-point font.

>*/s/ Bryan P. Tyson*
>Bryan P. Tyson