IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CURLING PLAINTIFFS' MOTION TO SEAL PORTIONS OF THE DECLARATION OF J. ALEX HALDERMAN AND ITS INCORPORATING BRIEF IN SUPPORT OF THEIR REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") move the Court to seal portions of Curling Plaintiffs' Reply In Support of Motion for Preliminary Injunction (Dkt. No. 855 "Reply") as well as portions of the accompanying Declaration of J. Alex Halderman (Dkt. No. 855-1 "Halderman Decl."). Specifically, portions of the Reply in addition to paragraphs 12 and 63-71 of the Halderman Declaration (together the "Sensitive Information") cite, discuss, or otherwise disclose data or information in the Declaration of David J. Hamilton (Dkt. No. 819-1) designated by State Defendants as Confidential Information under this Court's Protective Order (Dkt. No. 477).

State Defendants describe the Sensitive Information as including "information regarding the Georgia election system's critical infrastructure, which, if published,

ny-1986051

although not sufficient in itself to compromise the system, could provide potential hackers or bad actors with additional information about methods of accessing Georgia's election system." (Dkt. No. 820 at 3). The Court granted the State Defendants' motion to seal Mr. Hamilton's declaration. (Dkt. No. 822).

Because public disclosure of sensitive information regarding the continued vulnerabilities of Georgia's election system could potentially cause considerable harm to election systems in both Georgia and across the United States, and in reliance on State Defendants' representations and designation of the Sensitive Information as Confidential, Curling Plaintiffs seek to seal the Sensitive Information. The Court's Standing Order (Dkt. No. 11 at 24), the Protective Order (Dkt. No. 477 at 11) and this Court's local rules concerning electronic filing (LR App. H, Section II(J), NDGA) authorize this motion and the filing under seal of the Sensitive Information. In further support, Curling Plaintiffs state as follows.

## ARGUMENT AND CITATION OF AUTHORITY

The Curling Plaintiffs recognize that there is a presumption of public access to judicial documents. However, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). "The common law right of access may be overcome by a showing of good cause, which

requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id*. (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001) (alteration in *Romero*). In determining whether to seal a document, the Court should consider the following, non-exhaustive list of factors: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Here, the balance of competing interests weighs in favor of sealing the Sensitive Information contained in the Halderman Declaration. These documents contain information designated as Confidential by State Defendants pursuant to paragraph 3 of the Protective Order (Dkt. No. 477). They also contain sensitive details regarding Defendants' current election security measures or lack thereof, publication of which would potentially aid bad actors in gaining unauthorized access to the systems currently in place both in Georgia and other jurisdictions. As designated, this information concerns legitimate privacy interests and need not be made publicly available in order to permit a fair and full consideration of the merits of the present case. Both parties, and the public, have a significant interest in

keeping these documents confidential. Finally, given the designation of the Sensitive Information, there is no less onerous alternative to placing this information under seal and providing access to it only to the Court and to counsel of record.

Therefore, Curling Plaintiffs respectfully request that the Court grant their Motion to Seal. A proposed order is attached for the convenience of the Court.

Dated: September 1, 2020      Respectfully submitted,

  /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

ny-1986051

*Counsel for Plaintiffs Donna Curling,
Donna Price & Jeffrey Schoenberg*

ny-1986051

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                                                 /s/ David D. Cross
                                                                                  David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** **Plaintiffs,** v. **BRAD RAFFENSPERGER, ET AL.,** **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, a copy of the foregoing **CURLING PLAINTIFFS' MOTION TO SEAL PORTIONS OF THE DECLARATION OF J. ALEX HALDERMAN AND ITS INCORPORATING BRIEF IN SUPPORT OF THEIR REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                        /s/ David D. Cross
                                        David D. Cross

ny-1986051