IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-CV-2989-AT

## **ORDER**

This matter is before the Court on Plaintiffs' Third Joint Request for Production [847], the parties' Joint Discovery Statement Regarding Urgent Access to Equipment [Doc. 829], and State Defendants' Objection to the Production of Protected Work Product/Fortalice Report [Doc. 838].

Plaintiffs' Request for Production No. 9 seeks production of "[a]ny report, studies, findings, audits, evaluations, and/or assessments of actual or potential security breaches or vulnerabilities associated with the Election System since August 1, 2019, including but not limited to new, updated, or supplemental reports prepared by Fortalice Solutions[.]" In response, State Defendants notified Plaintiffs' counsel in objections that they were withholding from production a November 2019 report prepared by Fortalice Solutions concerning BMDs as protected attorney work product. According to State Defendants, the report was

undertaken for purposes of this litigation at the direction of Ryan Germany, the General Counsel for the Secretary of State, after Plaintiffs filed their operative complaints challenging the BMD system. No other Fortalice Reports were apparently generated or produced in connection with Fortalice's ongoing consulting with the Secretary of State's Office regarding the security and operation of the SOS Office's information and election systems – consulting that had been expressly referenced in the relief section of the Court's Order of August 15, 2019 as well as in the Order itself.[1]

Plaintiffs seek to compel production of the Fortalice November 2019 report, requested by the SOS general counsel one month after the Court's order of August 15, 2019, on the assertion that there is "a clear, substantial and compelling need . . . for the only known report by a third-party cybersecurity firm regarding the current election system in Georgia" and there is "no other means for obtaining this information." (Doc. 838-3.)

In conjunction with their request for the reports, Plaintiffs also now seek access to the BMD voting equipment (and all associated voting equipment, i.e. scanners that count the vote, access cards, etc.) for testing by their experts in advance of the scheduled hearing on the pending motions for preliminary injunction. Plaintiffs did not initially serve a formal discovery request for the equipment, believing they could independently purchase the equipment. After

---

[1] *See, e.g.,* Order, Doc. 579 at 150 (re remedy), and 75-89 (scope of Fortalice's work and findings in 2017 and 2018 as to data system security vulnerability issues).

they learned no equipment was available for purchase or would be made available for their purchase, Plaintiffs informally sought access to the equipment directly from the Defendants. While the Fulton County Defendants agreed to provide one BMD to the Coalition Plaintiffs for inspection and assessment, the State Defendants declined Plaintiffs' request to provide access or assist Plaintiffs in purchasing the equipment from Dominion, and advised they would not allow Fulton County to loan out its BMD equipment.

Plaintiffs brought these related disputes to the Court's attention on Friday, August 28, 2020. The Court directed the State Defendants to produce the Fortalice report for *in camera* inspection and held discovery conferences with the parties on August 28, 2020 and August 31, 2020.[2]

The Court has reviewed the November 27, 2019 Report prepared by Fortalice entitled "Voting Process Analysis," the State Defendant's Objection to the Production of the Fortalice Report, and the Curling Plaintiffs' Notice of Authority regarding work product protection.

Based on the information before the Court, it appears that the Fortalice Report falls within the protection afforded by the attorney work product doctrine. Although the Secretary of State has an existing contract with Fortalice for the performance of cybersecurity services and has prepared reports that have been produced as evidence in this case previously, the Court cannot find that the

---

[2] The Court recognized the State Defendants' ongoing objections to production of the Fortalice report and production of the BMDs for testing at the August 31, 2020 discovery conference.

analysis of the BMD system undertaken at the direction of counsel in response to Plaintiffs' claims would have been prepared in substantially similar form absent Plaintiffs bringing their challenge to the BMDs in this litigation. *See In re Capital One Consumer Data Security Breach Litigation*, 2020 WL 2731238 at *3-4 (E.D. Va. May 26, 2020) (citing *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007).[3] Accordingly, the Court finds that the Defendants have asserted a valid attorney work product objection to Plaintiffs' request for production of the Fortalice report. However, that does not by itself resolve the discovery dispute.

At the same time that Defendants seek to preclude Plaintiffs' review of Fortalice's technical analysis of the BMD voting system, they also seek to preclude Plaintiffs from performing their own independent analysis of the system. The issues covered by such technical and security analysis fall within the heartland of this lawsuit's serious claims – and thus, Defendants' blocking position on all fronts is not sustainable, in the face of Plaintiffs' demonstration of substantial need in connection with the Fortalice Report's underlying voting data system/security evaluation. For this reason, the Court finds that Plaintiffs have shown a substantial need in turn for an inspection of the BMD voting system components, and in particular at this time, the BMD system and related ballot scanning and associated operational components. Accordingly, the Court **DENIES** Plaintiffs' Request to compel production of the November 2019 Fortalice Report but **GRANTS in part**

---

[3] The Court has reviewed the cases cited by the Curling Plaintiffs to support their argument that the Fortalice Report is not attorney work product. Though relevant, these cases are distinguishable and are not controlling.

Plaintiffs' Joint Request for access to the BMD voting system for purposes of an expert inspection as follows:

1. Per their agreement, the Fulton County Defendants are **DIRECTED** to provide Plaintiffs with one each of the following items needed for testing as described in the Secretary of State's Logic and Accuracy Procedures **NO LATER THAN SEPTEMBER 4, 2020 AT 5:30 P.M.**

    a. Dominion ImageCast X (ICX) Prime 21" BMD;

    b. ImageCast Precint (ICP) Scanner;

    c. 1 box of ballot paper with a minimum of 100 ballots;

    d. Programmed Technician Card;

    e. Programmed Poll Worker Card;

    f. USB Drive containing information from GA ICX BMD programming group;

    g. Print out of Ballot Activation Codes;

    h. Programmed Compact Flash Cards for Polling Place Scanner; and

    i. Programmed Security Key Tab for Polling Place Scanner.

2. Access to and testing of the equipment shall be subject to the terms of the Protective Order entered in this Case on July 11, 2019 at Doc. 477 in order to address the confidentiality and intellectual property concerns raised by the State Defendants and Dominion.

3. Plaintiffs shall arrange for all testing to be video (without sound) recorded continuously by an independent court videographer. This video shall be

made available to Defendants upon the completion of the Plaintiffs' experts' work **NO LATER THAN SEPTEMBER 10, 2020 AT 9:00 A.M.** and shall be supplemented thereafter.[4]

4. The equipment identified in subsection 1 above shall not be put back into service for any election and shall be temporarily sequestered, at a location to be agreed upon, during the pendency of this lawsuit for future testing as necessary in discovery.

5. Plaintiffs shall make financial arrangements with Fulton County to deposit funds to cover the cost of Dominion replacement equipment it will incur.

6. The Court will address issues relating to the Poll Pad equipment in a subsequent Order, as necessary.

**IT IS SO ORDERED** this 2nd day of September, 2020.

_/s/ Amy Totenberg_
**Amy Totenberg**
**United States District Judge**

---

[4] The Plaintiffs may also retain a copy of the certified video.