IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' CONSOLIDATED MOTION FOR LEAVE TO FILE THE SUPPLEMENTAL DECLARATION OF DAVID HAMILTON UNDER SEAL AND BRIEF IN SUPPORT**

Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, "State Defendants") move this Court seal the Supplemental Declaration of David Hamilton [Doc. 862] pursuant to the Protective Order entered in this case [Doc. 477, p. 11]; this Court's Standing Order [Doc. 11, p. 24] and Local Rule ("LR") App. H, section II(J).

The Supplemental Declaration of David Hamilton responds to the sealed declaration of Dr. Halderman and outlines additional security measures undertaken by the State to remediate risks and describes cyber security processes and infrastructure related to the State's election systems.

Public disclosure of this sensitive information could threaten the security of Georgia's election system. This Court sealed his earlier declaration for the same reasons, [Doc. 822], and those reasons apply even more to the detailed information contained in his supplemental declaration.

## ARGUMENT AND CITATION OF AUTHORITY

A. <u>Legal Standard.</u>

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G) (noting a trial court may require that certain information "not be revealed or be revealed only in a specified way"). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also* Local Rules at App. H. § II(J) (incorporating these factors).

### B. Good Cause Exists for Sealing the Supplemental Declaration of David Hamilton.

There is good cause to seal David Hamilton's Supplemental Declaration, as this Court did with his first declaration. [Doc. 822]. First, "allowing access would . . . harm legitimate privacy interests." *See Romero*, 480 F.3d at 1246. The Supplemental Declaration include information regarding the Georgia election system's critical infrastructure, which, if published, although not sufficient in itself to compromise the system, could provide potential hackers or bad actors with additional information about methods of accessing Georgia's election system. Second, as for "the degree of and likelihood of injury if made public," the degree of the possible injury is high, as Georgians have an interest in the safekeeping of the state's election system. *See id.*

The security of elections systems is essential to ensure the right to vote and have that vote counted, other rights are "illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Elections officials in Georgia and across the country operate in a universe where the security of their systems is a paramount concern. Recognizing the fundamental importance of elections security, the United States Department of Homeland Security designated elections infrastructure as "Critical Infrastructure," a

designation given to "systems and assets . . . so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security, national economic security, national public health or safety, or any combination of those matters." 42 U.S.C. § 5195c(e).

Election security information, while it "concerns public officials or public concerns," the fact that it relates to the public concern of safeguarding elections is the reason the Supplemental Declaration should be sealed. *Romero,* 480 F.3d at 1246. Finally, there is not "a less onerous alternative to sealing the documents," due to the sensitivity of the information, while also providing it to the Court and Plaintiffs' counsel. *See* 42 U.S.C. § 5195c(e). *Id.*

## CONCLUSION

This Court should grant State Defendants' Motion for Leave to Seal the Supplemental Declaration of David Hamilton. A proposed order is attached.

Respectfully submitted, this 4th day of September, 2020.

    Vincent R. Russo
    Georgia Bar No. 242628
    vrusso@robbinsfirm.com
    Josh Belinfante
    Georgia Bar No. 047399
    jbelinfante@robbinsfirm.com
    Carey A. Miller
    Georgia Bar No. 976240
    cmiller@robbinsfirm.com
    Alexander Denton

Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this brief was prepared in compliance with Local Rule 5.1C in that it is in Century Schoolbook 13-point font.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
