# EXHIBIT B

| | |
|---|---|
| **From:** | Robert McGuire |
| **To:** | Josh Belinfante |
| **Cc:** | Carey Miller; Bruce Brown; Bryan Tyson; Vincent Russo; Jonathan Crumly; Alexander Denton; Kim Bunch; David D. Cross; Marilyn Marks |
| **Subject:** | Re: Access to State Defendants" Document Productions |
| **Date:** | Sunday, August 30, 2020 10:14:02 PM |

Josh,

Our team is not aware of any protective order breach.

We'll address any other open issues raised below in a separate communication.

Thanks and good night.

Best,
Robert McGuire

Robert A. McGuire, III
*Shareholder*

the Robert McGuire Law Firm
1624 Market St Ste 226 #86685
Denver, CO 80202-2523
T/F: 720.420.1395

113 Cherry St #86685
Seattle, WA 98104-2205
T/F: 253. 267.8530

E: ram@lawram.com
www.lawram.com

*This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.*

> On Aug 30, 2020, at 5:15 PM, Josh Belinfante
> <Josh.Belinfante@robbinsfirm.com> wrote:
>
>
> Robert:
>
> Let me start by saying, hello.
>
> Thank you for answering most of my questions.  The one that remains outstanding, and I may have missed it, is: <u>have you confirmed that the persons you've identified have not shared the documents with third parties, specifically including litigants in other cases with whom the Coalition may have some joint</u>

<u>litigation agreement or other such arrangement</u>.  Depending on your answer, we're likely done.

As far as your other concerns go, the Georgia Rule of Professional Conduct prohibit attorneys from directly communicating with opposing parties who are represented by counsel.  Far from being vexatious, our omitting Ms. Marks from emails is for two reasons: (1) compliance with those Rules; and (2) as you acknowledge, she is not entitled to some of the information.  Rather than have us guess each time, we'll just let you forward things along as you see fit under your obligations.

If you want to renegotiate the protective order and take that up with the Court we can't stop you.  Nor can we stop you from requesting an extension of time to review designations.  But, we cannot agree to any potential request for an extension to file a reply brief (or to file a supplemental brief) and maintain the current hearing dates.  This expedited process has us sprinting for requested relief that the Court has already indicated (and the Supreme Court has made clear) it is unlikely to grant.  Beyond the strain that it puts on people who are actually running elections, we think getting bogged down in another discovery dispute that deprives us of time to respond to your use of our evidence is not in anyone's best interest, but its your case to continue to prosecute as you see fit.

Please confirm what I asked about above, and we can all get back to pushing paper back and forth between us.

Best regards,
JB


ROBBINS

Josh Belinfante
**Robbins Ross Alloy Belinfante Littlefield LLC**
500 Fourteenth Street NW
Atlanta, GA 30318
404.856.3262 (Direct)
678.701.9381(Main)
404.856.3250 (Fax)
www.robbinsfirm.com
-
**Please visit our affiliated government relations practice: Robbins Government Relations**
www.robbinsgr.com
-
**NOTE**:  This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

**From:** Robert McGuire <ram@lawram.com>
**Sent:** Sunday, August 30, 2020 7:09 PM
**To:** Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Carey Miller
<carey.miller@robbinsfirm.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Vincent Russo
<vrusso@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander
Denton <Alexander.Denton@robbinsfirm.com>; Kim Bunch
<Kim.Bunch@robbinsfirm.com>; David D. Cross <DCross@mofo.com>; Marilyn Marks
<Marilyn@USCGG.org>
**Subject:** RE: Access to State Defendants' Document Productions

**From External Sender**

Josh, hello.

We thought this was resolved after I gave Carey the confirmations he
requested, but we want to continue being as responsive as we can to
your side's concerns, which we assume are being raised in good faith
and not to harass.

At the outset, we do not read the protective order (Doc. 477) as
requiring us to answer your questions. (Please correct our view with a
citation to the order if you feel we are wrong about this.)   Also, how
we staff this case is arguably covered by work product privilege,
especially if there are no grounds to believe we aren't following the
order. (If you have any reasons to think otherwise, please tell us why
right away, so we can look into it.)

Having said all that, to alleviate your concerns, we will share (without
waiving work product privilege or our view about what the protective
order requires) that the following non-lawyer, non-paralegal
individuals are representative of Coalition who are involved in
reviewing the 30,000+ documents you recently produced:

- Rhonda Martin (board member of Coalition)
- Marilyn Marks (executive director of Coalition)
- Aileen Nakamura (member of Coalition)
- Jeanne Dufort (member of Coalition)
- Elizabeth Throop (member of Coalition)
- Samantha Whitley (analyst for Coalition)
- B Joy Wasson (member of Coalition)

As I already noted to Carey Miller:
1. All document reviewers (including Ms. Throop) are

representatives of Coalition, who are authorized to review "confidential" material under the protective order.

2. All were instructed about the significance of "confidential" and "AEO" designations before they began their review.

3. All were instructed that their agreement to be bound to the protective order was required before they could review "confidential" material.

4. All non-lawyer document reviewers were also instructed before review to check for AEO markings upon opening each new TIF image and to skip any AEO-marked images.

Josh, three more things:

- First, if you believe the terms of the protective order need to be reopened, then we are open to doing that.  If that happens, we have several issues of our own to raise, including (1) the burden of seeking court approval for challenged designations needs to be placed on the designating party, not the objecting party; and (2) the AEO designation needs to be modified in whatever manner is necessary to permit our client's executive director, Marilyn Marks, to be able to access AEO information in appropriate circumstances.

- Second, now that this exchange has caused us to review more closely some of the material that your side has marked as confidential and AEO, we have concerns that your side has restricted a lot of material inappropriately. We anticipate objecting to a number of your designation, but due to the size of the production we require more than the four days allowed by Paragraph 11 of the protective order.  We'll ask for an extension of time on our call with the Judge tomorrow.   Will you stipulate to giving us more time to challenge the confidential and AEO designations, or will you oppose it?

- Third, I have added Ms. Marks to this email chain.  When we place her on email chains with your side, it means we deliberately want her included in the communications chain. When you remove her, it causes problems on our end that are unnecessary and occasionally appears to be vexatious. So will you please instruct everyone on your end to stop removing her from emails?

Thanks.

Best,
Robert McGuire

Robert A. McGuire, III                                    *** NOTE NEW CONTACT DETAILS
BELOW ***
Shareholder  |  the Robert McGuire Law Firm
1624 Market St Ste 226 #86685, Denver, CO 80202-2523  |  113 Cherry St #86685, Seattle,
WA 98104-2205
E: ram@lawram.com  | T/F: 720.420.1395  | T/F: 253.267.8530  | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended
recipient. If you are not the intended recipient, please notify the sender by reply and
delete the message from your system. Any unauthorized dissemination, distribution or
copying hereof is prohibited.

---

**From:** Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Sent:** Sunday, August 30, 2020 2:18 PM
**To:** Robert McGuire <ram@lawram.com>; Carey Miller
<carey.miller@robbinsfirm.com>; Bruce Brown <bbrown@brucebrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Vincent Russo
<vrusso@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander
Denton <Alexander.Denton@robbinsfirm.com>; Kim Bunch
<Kim.Bunch@robbinsfirm.com>
**Subject:** RE: Access to State Defendants' Document Productions

Robert:

The status of these documents is very important to our clients. We have no way
of knowing who you are determining is a representative of the Coalition on any
given day. In fact, Ms. Throop did not identify herself as a representative of the
Coalition in her most recent declaration.

Consequently, we need to know who has had access, and we need confirmation
that none of the individuals who have had access to the documents have shared
confidential or AEO documents with any other person acting pursuant to a joint
litigation agreement or like understanding.

Bottom line, we do not know who is looking at these documents on your end.
We are entitled to know that, and given the potential lapse of security, we need
to know that immediately.

Thanks,
JB


ROBBINS
Josh Belinfante
Robbins Ross Alloy Belinfante Littlefield LLC
500 Fourteenth Street NW
Atlanta, GA 30318

404.856.3262 (Direct)
678.701.9381(Main)
404.856.3250 (Fax)
www.robbinsfirm.com
-
**Please visit our affiliated government relations practice: Robbins
Government Relations**
www.robbinsgr.com
-
**NOTE**: This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an
addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is prohibited.  If you have received this communication in error,
please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires
me to state that any opinions expressed with respect to a significant tax issue are not intended or written by
me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on
you or any other person who may examine this correspondence in connection with a Federal tax matter.

**From:** Robert McGuire <ram@lawram.com>
**Sent:** Sunday, August 30, 2020 4:09 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Bruce Brown
<bbrown@brucebrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante
<Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>;
Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander Denton
<Alexander.Denton@robbinsfirm.com>; Kim Bunch <Kim.Bunch@robbinsfirm.com>
**Subject:** RE: Access to State Defendants' Document Productions

**From External Sender**

Carey,

Thanks for your email.  Due to the manageable size of the document
universe thus far, the Coalition group hasn't had need to make use of
an e-discovery platform for managing documents before now.  These
most recent productions are much larger, so we are probably going to
have to start using one, but we haven't made that transition yet.  As a
result, the loadfile format that Curling requested hasn't been helpful to
our group and this means we have to determine on a page by page
basis what is and what is not marked for special treatment under the
protective order.  If you are able to provide Bates page numbers that
are confidential and AEO, then that would be very helpful for us to
have, so please do send it if you have that available.

In response to your questions at the end, I can confirm the following:

1. All document reviewers (including Ms. Throop) are
   representatives of Coalition, who are authorized to review

"confidential" material under the protective order.

2. All were instructed about the significance of "confidential" and "AEO" designations before they began their review.

3. All were instructed that their agreement to be bound to the protective order was required before they could review "confidential" material.

4. All non-lawyer document reviewers were also instructed before review to check for AEO markings upon opening each new TIF image and to skip any AEO-marked images.

Hopefully that alleviates any concerns.  If not, please let us know and we will do everything necessary to address whatever concerns may remain.

Thanks for disabling the DropBox link so that our document reviewers cannot inadvertently use a shared version of any files in the cloud, instead of the downloaded local version.

Best,
Robert McGuire

ROBERT A. MCGUIRE, III                    *** NOTE NEW CONTACT DETAILS
BELOW ***
SHAREHOLDER | THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523 | 113 CHERRY ST #86685, SEATTLE, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Sent:** Sunday, August 30, 2020 12:01 PM
**To:** Robert McGuire <ram@lawram.com>; Bruce Brown <bbrown@brucebrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Kim Bunch <Kim.Bunch@robbinsfirm.com>
**Subject:** RE: Access to State Defendants' Document Productions

Rob:

All of that information is contained within the load files and metadata of the documents (in addition to the stamped images). We presume Coalition Plaintiffs are

utilizing some form of e-discovery platform to conduct their review which would quickly and easily provide that information. Regardless, it is counsel's duty to the Court to abide by its orders and thus prevent widespread distribution of confidential/AEO material to those who are not authorized to review that material—if that requires counsel's review (or another who has executed the agreement to be bound) first to segregate those documents, then such may be appropriate.

At this juncture, we know that at least one unauthorized person has reviewed a confidential-stamped document and can only presume that individual had seen that stamp (though I make no assumption as to whether the person knows of the import of those designations). I presume Coalition Plaintiffs have these documents in some location other than dropbox which of course was never intended to serve as Plaintiffs' review platform, nor would I suspect you'd want that to be the case. We will disable that link now to avoid any implication that Defendants have consented to the further review of Confidential documents by unauthorized persons as I do not read your email as confirming such activity has ceased. We request you inform your clients as to the restrictions regarding the documents under the protective order.

At minimum, while I understand it is Sunday afternoon and it is never my intention to impose on counsel's or others' time to rest on the weekend, please confirm when you 1) have connected with Ms. Throop (and any others to whom you have disseminated the file link), 2) have informed them of the designations under the protective order and their import, and 3) have instructed any individuals with whom you shared the link and do not meet the requirements of the Protective Order to cease review of designated documents.

**Carey A. Miller**|404.856.3286| ROBBINS

**From:** Robert McGuire [mailto:ram@lawram.com]
**Sent:** Sunday, August 30, 2020 2:24 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Kim Bunch <Kim.Bunch@robbinsfirm.com>
**Subject:** RE: Access to State Defendants' Document Productions

From External Sender

Carey,

To reiterate my last point below and correct an omitted-word typo in it, here is that point:

My understanding is that you have <u>NOT</u> segregated or otherwise identified by BATES range those materials within the production, so obviously any document reviewer has to look for the AEO stamp as a first step in complying with the order.  If you wish to help us do that, why don't you send us an itemization of the BATES pages that you have marked confidential and the BATES pages that you have marked AEO?

Best,
Rob

Robert A. McGuire, III                                    *** NOTE NEW CONTACT DETAILS
BELOW ***
*Shareholder*  |  the Robert McGuire Law Firm
1624 Market St Ste 226 #86685, Denver, CO 80202-2523 | 113 Cherry St #86685, Seattle, WA 98104-2205
E: ram@lawram.com | T/F: 720.420.1395 | T/F: 253.267.8530 | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Robert McGuire
**Sent:** Sunday, August 30, 2020 11:15 AM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Kim Bunch <Kim.Bunch@robbinsfirm.com>
**Subject:** RE: Access to State Defendants' Document Productions

Carey,

Please cool off on the (now repeated) suggestions that we have misrepresented anything to the Court.  If you think you can download the first two DropBox links of materials you sent, please try it yourself on a different computer than the one that is linked to DropBox—better yet, let's ask the Judge to try it.  It turns out that DropBox apparently has a download limit, so when we tried to login using the links and passwords you sent us for the first two production, we got a message that the zipfiles were too large for a direct download.  That was the state of things when I contacted you asking for a different download solution, and that was state of things when I informed the Court that we had only just gotten access to the files after you provided the IBM app as an alternate method to download the two big productions.  Those statements were correct and neither of them misrepresented anything.  The fact that your third (and newer) production is small

enough to download directly from DropBox says nothing about our difficulties handling the first two productions, which is what we were discussing in my email to the Court.

As far as the remainder of your points, we will get back to you once our team has had a chance to connect.  It is Sunday afternoon, so we will connect as soon as possible.  Rest assured that all non-attorneys have instructions not to review any AEO materials.  My understanding is that you have segregated or otherwise identified by BATES range those materials within the production, so obviously any document reviewer has to look for the AEO stamp as a first step in complying with the order.  If you wish to help us do that, why don't you send us an itemization of the BATES pages that you have marked confidential and the BATES pages that you have marked AEO?

One of us will be back in touch with you as soon as possible.

Best,
Robert McGuire


ROBERT A. MCGUIRE, III                    *** NOTE NEW CONTACT DETAILS
BELOW ***
SHAREHOLDER  |  THE ROBERT MCGUIRE LAW FIRM
1624 MARKET ST STE 226 #86685, DENVER, CO 80202-2523  |  113 CHERRY ST #86685, SEATTLE,
WA 98104-2205
E: ram@lawram.com  | T/F: 720.420.1395 | T/F: 253.267.8530  | www.lawram.com

This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender by reply and delete the message from your system. Any unauthorized dissemination, distribution or copying hereof is prohibited.

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Sent:** Sunday, August 30, 2020 10:32 AM
**To:** Bruce Brown <bbrown@brucebrownlaw.com>; Robert McGuire
<ram@lawram.com>
**Cc:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante
<Josh.Belinfante@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>;
Jonathan Crumly <jcrumly@taylorenglish.com>; Alexander Denton
<Alexander.Denton@robbinsfirm.com>; Kim Bunch <Kim.Bunch@robbinsfirm.com>
**Subject:** Access to State Defendants' Document Productions

Bruce and Robert:

We just received notification from one of our paralegals that Liz Throop, who we understand to be a  was accessing and commenting on a document in the Dropbox of our document production. A screenshot of the comment notification is attached. As an initial matter, this shows that Coalition Plaintiffs have no issue accessing the documents

in the dropbox which raises the question of why Mr. McGuire informed the Court on Thursday that that the documents had only "just been received" when Coalition Plaintiffs apparently have no issue accessing the documents, unlike Curling Plaintiffs' purported issues.

More importantly though, the document on which Ms. Throop made a comment is designated "Confidential" under the protective order in this case [Doc. 477]. That protective order of course limits the disclosure of Confidential documents and Ms. Throop is not a party, has not been identified as an expert in this litigation, and we have never received an Acknowledgement and Agreement to Be Bound for her.

Further, since Ms. Throop is accessing the Dropbox directly, she also has access to all other documents therein. Specifically, numerous documents designated Attorneys Eyes' Only are also located on this file-share link which was not intended to be directly shared directly with any parties, much less non-parties. Like the requirements for access to confidential materials, Ms. Throop meets none of the qualifications to access AEO material; we do not know yet if she has accessed AEO documents but are working to determine that now.

Please provide an immediate explanation for this violation of the Protective Order in this case. Given the seriousness of this violation, we plan to notify the Court of this breach at 3:00pm this afternoon.

Thanks,

Carey

## ROBBINS

Carey A. Miller
Counsel
**ROBBINS ◆ ROSS ◆ ALLOY ◆ BELINFANTE ◆ LITTLEFIELD LLC**
500 Fourteenth Street NW
Atlanta, GA 30318
678.701.9381(Main)
404.856.3286 (Direct)
404.856.3250 (Fax)
www.robbinsfirm.com
-
**Please visit our affiliated government relations practice: Robbins Government Relations**
www.robbinsgr.com

-
**NOTE**: This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires

me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.