IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE UNNECESSARY AND IMPROPER EXAMINATION OF WITNESSES AND FOR PROTECTIVE ORDER**

In their final witness list filed Friday, September 4, 2020, State Defendants indicated they intend to call Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (the "Curling Plaintiffs") and non-party Louis M. Franzoni, Jr. as witnesses at the scheduled September 10-11, 2020 evidentiary hearing on Plaintiffs' Motions for Preliminary Injunction (Dkt. 785, 800, 809). Curling Plaintiffs are ready and willing to sit for any examination that would be useful for the Court. But they should not be subjected to intimidation, harassment, bullying, embarrassment, undue burden, or any other improper purpose for examination at the hearing.

Despite Curling Plaintiffs' repeated requests that State Defendants identify the purpose and topics for which they seek to call Mr. Franzoni and Curling

1

Plaintiffs—whose testimony State Defendants do not discuss in either of their briefs opposing the pending preliminary injunction motions—they have identified *none*. Nor could they, because State Defendants themselves explicitly admit that examining Mr. Franzoni and Curling Plaintiffs is "unnecessary" and would not "be useful for the Court or the parties." Tellingly, State Defendants have never sought to examine any Plaintiff in any prior hearing. The Court should preclude State Defendants from calling Curling Plaintiffs and Mr. Franzoni for improper purposes.

## STATEMENT OF FACTS

Plaintiff Donna Curling is a voter and Fulton County resident. Plaintiff Donna Price is a voter and DeKalb County resident. Plaintiff Jefferey Schoenberg is a voter and DeKalb County resident as well. Louis M. Franzoni ("Chip") is a non-party voter who is a realtor and served for four years on the DeKalb County school board. He is an elector and resident of Fulton County who described his inability to cast his vote using the BMD system in the June 2020 election. (Dkt. 785-6.)

State Defendants filed their preliminary witness list on August 24, 2020. (Dkt. 806.) They explicitly conceded that "State Defendants do not believe that having live witnesses will be useful for the Court or the parties." (*Id.* at 1.) Despite this concession, State Defendants nonetheless indicated they may call Curling Plaintiffs and Mr. Franzoni at the upcoming hearing on the pending preliminary injunction

2

motions. (*Id.* at 2.) They curiously identified no other witness, including their own employees or experts or any other Plaintiff. (*Id.*) Rather, they specifically targeted only Curling Plaintiffs and Mr. Franzoni, who provided a sworn declaration in support of Curling Plaintiffs' preliminary injunction motion. (Dkt. 785-6.)

On September 2, 2020, after State Defendants filed their Opposition (Dkt. 821) and Curling Plaintiffs filed their Reply (Dkt. 855), Curling Plaintiffs' counsel emailed State Defendants' counsel about this issue. (Ex. 1 at 4.) Curling Plaintiffs' counsel expressed concern about the purpose for which State Defendants might call them and Mr. Franzoni given the concession that any such examination would not "be useful for the Court or the parties." (*Id.* at 4.) To try to assuage this concern, Curling Plaintiffs' counsel asked State Defendants to confirm that any such examination would be for a proper purpose. Specifically, counsel asked State Defendants to "please explain for *each* of [the witnesses] why that examination would be useful for the Court (in direct contradiction to your stated position), what specific topics you contend would be useful to cover in *each* of their examinations, and how long *each* examination likely would take." (*Id.* at 4.)

State Defendants' counsel responded promptly, within 45 minutes, but refused to provide the information requested or to identify *any* purpose or topic for calling Curling Plaintiffs or Mr. Franzoni. (*Id.* at 3.) State Defendants' counsel would not

3

even confirm that they would call Curling Plaintiffs and Mr. Franzoni for a proper purpose. (*Id.*) Instead, he curiously responded that he needed to understand the "basis" for Curling Plaintiffs' concern simply to answer the question of whether State Defendants would call them "for an 'intimidating or harassing' purpose." (*Id.*)

Curling Plaintiffs' counsel promptly responded and again explained their concern, given the lack of any purpose or topics provided by State Defendants for calling them and the concession that live testimony from them would not "be useful for the Court or the parties." (*Id.* at 2.) State Defendants' counsel responded within eight minutes. (*Id.* at 1.) The response again failed to identify any scope or purpose of the testimony, instead wrongly accusing counsel of using "another opportunity to attack the State" and inexplicably claiming "it is nearly impossible to respond to your email." (*Id.*) State Defendants' counsel also reiterated their position that "the issue can be decided on the what [sic] has been submitted," and yet insisted on calling Curling Plaintiffs and Mr. Franzoni without explanation. (*Id.*) Perhaps most disappointing, State Defendants' counsel seemed to confirm that they are calling witnesses only as some tit-for-tat retribution for Curling Plaintiffs seeking live examination of important witnesses, stating: "*If you want to drop your insistence on witnesses to speak about relief that the Court has consistently indicated it is very reluctant to give, we will gladly reconsider our position*." (*Id.* at 3 (emphasis

4

added).)  Indeed, the email seemed to imply that State Defendants are threatening to call Curling Plaintiffs and Mr. Franzoni as leverage to try to force Curling Plaintiffs to abandon live witnesses entirely at the hearing.  Curling Plaintiffs' assessment of the need to call certain witnesses live at the hearing should have no bearing on State Defendants' own assessment of whether they need to do the same, which—again—they repeatedly admit they do not.

Rather than further exchange unproductive emails, Curling Plaintiffs waited for State Defendants' final witness list, which they hoped either would omit them and Mr. Franzoni as admittedly not "useful for the Court or the parties" or would specify a proper purpose and relevant topics for each of them and Mr. Franzoni. Unfortunately, State Defendants did neither, leaving Curling Plaintiffs concerned.

In their opposition and sur-reply to Curling Plaintiffs' pending preliminary injunction motion, State Defendants repeatedly emphasize that Curling Plaintiffs have filed their fourth preliminary injunction motion and had three prior hearings (of course, none of that has anything to do with the merits of the pending motion). (Dkt. 821 at 1, 3, 30; Dkt. 865 at 7.)  And they complain that Curling Plaintiffs have never been examined in this litigation, as if that's anyone's doing but State Defendants'. (Dkt. 821 at 6.)  State Defendants omit the fact that they have never once sought to examine Curling Plaintiffs in this case, instead evidently concluding

5

for *three* prior preliminary injunction motions and *three* prior hearings that any such examination was unnecessary and not useful. They offer no reason to reach a different conclusion now and in fact explicitly admit that any such testimony is still "unnecessary" and "not useful" at this stage of the case and that they are prepared to forgo live witnesses if Plaintiffs would do the same.

## LEGAL STANDARD

The court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Evid. 611(a)(3) (the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to protect witnesses from harassment or undue embarrassment), Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Evid. 401, 403, Fed. R. Civ. P. 11(b). Protective Orders are appropriate where necessary to protect a party or witness from annoyance, embarrassment, or oppression. *See Cobb v. City of Roswell, Ga.*, No. 1:11-cv-446-AT, 2011 WL 13262054, at *2 (N.D. Ga. Oct. 18, 2011) (protective order granted against testimony not likely to be necessary); *Rocker v. City of Ocala, Fla.*, 355 F. App'x 312, 314–15 (11th Cir. 2009) (protective order properly granted against testimony from witness not shown to have unique relevant knowledge); *New Sanitary Towel Supply, Inc. v. Consol. Laundries Corp.*, 24 F.R.D. 186, 189 (S.D.N.Y. 1959) (examination not justified where it "can

serve no useful purpose in furthering the defendants' cause other than to afford an opportunity to vex and harass an opposing litigant.").

The court has discretion to determine the parameters for oral testimony in a preliminary injunction hearing, considering the need for speed and practicality as well as accuracy and fairness. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1313 (11th Cir. 1998). Oral testimony is typically required for disputed facts material to the preliminary injunction issues. *Id.* at 1311-1312; *see also J.M., by and through, Lewis v. Crittendon*, No. 1:18-cv-568-AT, 2018 WL 7080041 (N.D. Ga. Apr. 10, 2018) (excluding late-disclosed testimony of limited relevance at preliminary injunction hearing); *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.2 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1170 (11th Cir. 2019) (district court has discretion on request for preliminary injunction as to whether hearing testimony is needed for credibility or facts in dispute).

## ARGUMENT

State Defendants have repeatedly stated their belief that live witness testimony is "unnecessary" and not "useful for the Court or the parties" regarding Plaintiffs' pending preliminary injunction motions. (Dkt. 806 at 1; Dkt. 861 at 1; Ex. 1 at 3.) Nevertheless, State Defendants intend to call, among other witnesses,

7

Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg and non-party Louis M. Franzoni, Jr. at the hearing, which will begin in only two days. (Dkt. 861 at 2-3.) These are irreconcilable positions given parties are not permitted to waste time and judicial resources with witness examinations that are unnecessary and not useful. State Defendants have not—and cannot—identify a need to call these four witnesses live at the hearing, as they explicitly admit.

First, despite having the opportunity to file *two* briefs opposing Plaintiffs' preliminary injunction motions, State Defendants do not even mention Donna Curling, Donna Price, Jeffrey Schoenberg, or Louis M. Franzoni, Jr. in their briefing on the pending motions, except to generally characterize them as advocates for a hand-marked paper ballot election system and against BMDs. (Dkt. 821 at 5.) This is not surprising given that—as in 2018 and 2019—this Court's preliminary injunction assessment turns on the reliability of Georgia's election system *as administered by Defendants*. State Defendants themselves argue that the relevant "factual issues" relate to "the security of the Dominion system," voter complaints from the June election that they produced in discovery, and "Georgia's audit process." (*Id*. at 2-10.) Curling Plaintiffs and Mr. Franzoni are not experts in this case and have no *unique* knowledge about those "factual issues" that State Defendants contend are relevant for the upcoming hearing. As voters with only

8

limited public access to the election system, they unsurprisingly have no *unique* insight into the security vulnerabilities and the inadequate audit protocols that render Georgia's election system unconstitutional. Curling Plaintiffs understandably, and rightly, rely on other witnesses who have the requisite knowledge and expertise, such as Dr. Halderman (whom State Defendants will cross-examine) and State Defendants' own employees (who have disclosed serious vulnerabilities and other constitutional deficiencies).

Second, not only do State Defendants not discuss Curling Plaintiffs or Mr. Franzoni in their pending briefs, they also do not address—much less rebut—the specific allegations in their declarations at all. They do not dispute that each is a registered voter in Georgia, has voted in prior elections in Georgia, intends to vote in future elections in Georgia, believes the current BMD-based election system in Georgia cannot reliably count his or her votes, and views being forced to vote via absentee ballot rather than voting in person along with fellow Georgia voters is an unfair and unlawful burden on their right to vote. Likewise, State Defendants do not dispute the facts underlying the burdens Mr. Fanzoni and his wife suffered while voting in June. Thus, cross-examination of Curling Plaintiffs and Mr. Franzoni at the upcoming hearing—as State Defendants admit—would be "unnecessary" and "not useful." This is very different from the cross-examinations Plaintiffs intend to

9

conduct at the hearing. Plaintiffs have addressed each of State Defendants' declarations in detail, disputing—and rebutting—many of the allegations. And this Court may recall the extent of damning information that cross-examinations of State Defendants' witnesses have uncovered, such as ballot-building in personal homes, Internet-facing removable media and telephone wires connected to election servers, and testimony from State Defendants' own experts indicting their election system, including the current system.[1] *See, e.g., Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1350-53 (N.D. Ga. 2019); (Dkt. 554, Shamos Dep. at 56:13-57:1, 57:13-21).

Third, State Defendants emphasize that this is Curling Plaintiffs fourth preliminary injunction motion and yet strangely complain that "no Plaintiff has ever testified or sat for a deposition in this case."[2] (Dkt. 821 at 6.) This is not a reason to examine them live at a preliminary injunction hearing. In fact, this only underscores what State Defendants themselves admit: that live testimony from Curling Plaintiffs is neither necessary nor useful for the Court to decide preliminary injunction issues in this case. State Defendants offer no reason to conclude that the

---

[1] No doubt this is why they prefer the format of the March hearing where cross-examination of their witnesses was not permitted. (Dkt. 861 at 2.)
[2] This is a strange complaint because State Defendants themselves are solely responsible for this fact, having chosen not to examine any Plaintiff at any point in this case. It's difficult to imagine a more nonsensical complaint from someone than that something hasn't happened only because *that person* was responsible to make it happen and simply chose not to do it.

pending (fourth) motion and the upcoming (third) hearing are somehow so different from the prior preliminary motions and hearings in this case that suddenly they need to call Curling Plaintiffs live at the hearing. Nor could they offer any such reason given "State Defendants do not believe that having live witnesses will be useful for the Court or the parties."[3] (Dkt. 806 at 1.)

Fourth, and most telling, State Defendants have not identified any purpose or topic for calling Curling Plaintiffs or Mr. Franzoni at the hearing. They have had ample opportunity—and obligation—to do so, in their preliminary witness list, their counsel's emails where he was specifically asked for that information (twice), and in their final witness list. This alone should be dispositive. State Defendants have resorted to snark, evasion, and a vague claim about "rights to a fair hearing." (Ex. 1 at 3.) But they acknowledge that their "rights to a fair hearing" never required or warranted examining any Plaintiff at any prior hearing or for any prior preliminary injunction motion. More importantly, the vague notion that a "fair hearing" requires

---

[3] In a footnote in their final witness list, State Defendants make passing reference to Plaintiffs' standing. (Dkt. 861 at 2 n.1.) But, State Defendants did not argue standing in either of their briefs opposing Curling Plaintiffs' pending injunction motion. (Dkts. 821 and 865.) Perhaps this was because the Court already rejected their standing arguments. (Dkt. 751 at 34-45 (denying State Defendants' Motion to Dismiss for lack of standing).) Regardless, given standing did not warrant any current briefing, it certainly cannot warrant calling three Plaintiffs for live testimony. Further, as a non-party, standing is not an issue for Mr. Franzoni.

affirmatively calling Curling Plaintiffs and Mr. Franzoni live at the hearing directly contradicts their argument that all live testimony is "unnecessary" and "not useful." These are irreconcilable positions.

These circumstances give rise to a genuine and compelling concern about State Defendants' purpose for calling Curling Plaintiffs and Mr. Franzoni at the hearing. State Defendants' counsel wrongly dismissed this legitimate concern as "another opportunity to attack the State." (Ex. 1 at 1.) Not so. As explained in the *two* emails he responded to, this concern logically flows from (i) State Defendants' admission that all live testimony is "unnecessary" and "not useful" for deciding the pending preliminary injunction motions, (ii) State Defendants refusal to identify the purpose or topics for which they seek to call any of those four witnesses at the hearing, and (iii) Curling Plaintiffs' and Mr. Franzoni's lack of unique or necessary testimony for the disputes at issue in the currently pending motion. It's perfectly rational and appropriate to be concerned about why someone suddenly would seek to do something they never sought to do before in the same circumstances on multiple occasions *and* when they refuse to tell you why they seek to do it.

Finally, as already noted, State Defendants devote much of their final witness list to arguing that no live witnesses are needed at all, but they also make a claim that is simply untrue—namely: "Plaintiffs' replies offer essentially nothing that this

Court has not already seen or heard in the other 860 docket entries in this case." (Dkt. 861 at 1.) Based upon this false claim, they argue that they "will demonstrate the lack of substantive new evidence filed by both groups of Plaintiffs eliminates any further need for the Court to spend judicial resources on witness testimony." (*Id.*) This is incredibly misleading. The reality is that Plaintiffs already have provided this Court evidence of significant vulnerabilities that were not already in the prior "docket entries in this case," such as the *undisputed* fact that the QR codes Georgia relies on to tabulate votes are *not* encrypted as State Defendants previously claimed and represented in sworn testimony. (Dkt. 855-1, Halderman Decl. ¶¶ 37-38.) Moreover, State Defendants are well aware that Plaintiffs are continuing to develop evidence as quickly as possible, including the expedited examination they and their experts are performing on the Dominion voting equipment this Court ordered produced. So it simply is not true that Plaintiffs have provided this Court with no new evidence and that no live witnesses are necessary or useful for the Court.[4]

---

[4] State Defendants' complaint about wasted time in prior preliminary injunction hearings is misplaced given their own prior examinations about such topics as "the Big Chicken" and where the sun sets in Michigan. (Dkt. 861 at 2.)

## CONCLUSION

Unwilling, or unable, to identify any proper purpose or relevant topics for live examination of any of the Curling Plaintiffs or Mr. Franzoni at the upcoming hearing only two days from now, the Court should exercise its discretion and preclude what Curling Plaintiffs fear is an intention to harass, intimidate, embarrass, or unduly burden them and Mr. Franzoni.  By State Defendants' own admission, any such examination is "unnecessary" and "not useful for the Court or the parties."  Indeed, these witnesses do not have unique knowledge of the specific issues in dispute at this stage, unlike Plaintiffs' experts and State Defendants' witnesses.

No doubt State Defendants will distort this motion as some effort to hide from cross-examination.  Nothing could be further from the truth.  Curling Plaintiffs stand ready for vigorous cross-examination at the appropriate time and place in this case.  As State Defendants acknowledge, the upcoming hearing is not the time or place and would merely waste valuable judicial resources and unduly burden Curling Plaintiffs and Mr. Franzoni.

Dated:  September 8, 2020

Respectfully submitted,

 /s/ David D. Cross
David D. Cross (*pro hac vice*)
John P. Carlin (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
JCarlin@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

15

ny-1986821

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                        */s/ David D. Cross*
                                                        David D. Cross

ny-1986821

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER , ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a copy of the foregoing **CURLING PLAINTIFFS' MEMORANDUM IN SUPPORT OF *MOTION IN LIMINE* TO PRECLUDE UNNECESSARY AND IMPROPER EXAMINATION OF WITNESSES AND FOR PROTECTIVE ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                               */s/ David D. Cross*
                                               David D. Cross