# EXHIBIT 1

| | |
|---|---|
| **From:** | Josh Belinfante <Josh.Belinfante@robbinsfirm.com> |
| **Sent:** | Wednesday, September 2, 2020 1:29 PM |
| **To:** | Cross, David D.; Bryan Tyson; Hedgecock, Lyle F.; Miriyala, Arvind S.; Bruce Brown; cichter@ichterdavis.com; ram@lawram.com |
| **Cc:** | Vincent Russo; Carey Miller; Jonathan Crumly; Bryan Jacoutot; Loree Anne Paradise; Diane LaRoss; Alexander Denton; Halsey G. Knapp; 'Adam M. Sparks'; Conaway, Jenna B. |
| **Subject:** | RE: Witnesses |

**External Email**

Well, David, the only thing that's not odd about your email is that it you used it as another opportunity to attack the State. It's not supposed to be that way.

I still do not know what the "improper" and "harassing" purposes you are talking about are, so it is nearly impossible to respond to your email.

As I made clear, the issue can be decided on the what has been submitted. You've insisted on witnesses, and so the scope of the hearing has necessarily been broadened. This is particularly unfortunate given what the Court has said about the chances it grants the sweeping relief you seek weeks before an election.

Please drop the attacks and tell me what you're worried about for your clients. Or, if you can tell me where there's a law that says plaintiffs are immune from testifying in cases that they brought, I'm sure I'll read it.

Thanks,
JB

**ROBBINS**

Josh Belinfante
**ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC**
500 Fourteenth Street NW
Atlanta, GA 30318
404.856.3262 (Direct)
678.701.9381(Main)
404.856.3250 (Fax)
www.robbinsfirm.com

**Please visit our affiliated government relations practice: Robbins Government Relations**
www.robbinsgr.com

**NOTE**:  This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, September 2, 2020 1:21 PM

1

**To:** Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; Hedgecock, Lyle F. <LHedgecock@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Bruce Brown <bbrown@brucebrownlaw.com>; cichter@ichterdavis.com; ram@lawram.com
**Cc:** Vincent Russo <vrusso@robbinsfirm.com>; Carey Miller <carey.miller@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Loree Anne Paradise <lparadise@taylorenglish.com>; Diane LaRoss <dlaross@taylorenglish.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Halsey G. Knapp <hknapp@khlawfirm.com>; 'Adam M. Sparks' <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Witnesses

Hi Josh -

There's nothing odd about my email. You say witnesses are not useful. You then say you're going to call our clients as witnesses. It necessarily follows that you plan to conduct examinations of our clients that you admit would not be useful. And you've identified no topics or any need for those examinations. So please explain why you would burden us and the Court with examinations you explicitly acknowledge would be useless.

You say you're not going to allow your clients to be denied a fair hearing. What do examinations of our clients have to do with that? You've had two PI hearings where you didn't need to examine them for a fair hearing, and you've argued this time our motions are even more easily denied based on your interpretation of legal precedent. So again, how are examinations of our clients suddenly needed — in a third hearing — for a fair hearing?

Regarding our concerns about an improper purpose, again, you acknowledge you see no proper purpose for any live witnesses since none is useful for the Court or the parties. It logically follows that you would be examining our clients for an improper purpose, ie a purpose you admit would not be useful for the Court or the parties. It's unsettling that you don't deny this in your email and instead strangely claim you need more information from us just to articulate the purpose(s) for which you seek to examine them.

To your last point, there's no rhetoric in my email. It's a genuine concerned based on your stated intention to conduct examinations of our clients that you admit would not be useful and have never been needed or sought before. We will oppose any such effort. You of course are free to call any witnesses for any proper purpose subject to any limits in any applicable rules or orders, as are we. But your witness list raises a legitimate and serious concern about your intended examinations of our clients (and Mr. Franzoni) on its face as I've explained (twice), and your dismissive, vague response furthers that concern.

Thanks.
DC

---

**From:** Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Date:** Wednesday, Sep 02, 2020, 12:55 PM
**To:** Cross, David D. <DCross@mofo.com>, Bryan Tyson <btyson@taylorenglish.com>, Hedgecock, Lyle F. <LHedgecock@mofo.com>, Miriyala, Arvind S. <AMiriyala@mofo.com>, Bruce Brown <bbrown@brucebrownlaw.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, ram@lawram.com <ram@lawram.com>
**Cc:** Vincent Russo <vrusso@robbinsfirm.com>, Carey Miller <carey.miller@robbinsfirm.com>, Jonathan Crumly <jcrumly@taylorenglish.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Loree Anne Paradise <lparadise@taylorenglish.com>, Diane LaRoss <dlaross@taylorenglish.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Halsey G. Knapp <hknapp@khlawfirm.com>, 'Adam M. Sparks' <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>

**Subject:** RE: Witnesses

**External Email**

David:

Let me start with this.  We do think having witnesses is unnecessary, but you convinced the Court otherwise, and we are not going to allow our clients' rights to a fair hearing to be denied.  That should be obvious.  If you want to drop your insistence on witnesses to speak about relief that the Court has consistently indicated it is very reluctant to give, we will gladly reconsider our position.

You then suggest that we could be calling witnesses for an "intimidating or harassing" purpose.  In order more fully respond to this incredibly odd email of yours, it might be helpful if we understood the basis of that statement.

And, given that you've indicated you would plan to "oppose" us calling some witnesses (always your prerogative), it would be helpful if we could discern what your concerns are beyond the rhetoric.

Best regards,
JB

**ROBBINS**

Josh Belinfante
**ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC**
500 Fourteenth Street NW
Atlanta, GA 30318
404.856.3262 (Direct)
678.701.9381(Main)
404.856.3250 (Fax)
www.robbinsfirm.com

**Please visit our affiliated government relations practice: Robbins Government Relations**
www.robbinsgr.com

NOTE:  This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, September 2, 2020 12:10 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Hedgecock, Lyle F. <LHedgecock@mofo.com>; Miriyala, Arvind S. <AMiriyala@mofo.com>; Bruce Brown <bbrown@brucebrownlaw.com>; cichter@ichterdavis.com; ram@lawram.com
**Cc:** Vincent Russo <vrusso@robbinsfirm.com>; Carey Miller <carey.miller@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Loree Anne Paradise <lparadise@taylorenglish.com>; Diane LaRoss <dlaross@taylorenglish.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Halsey G. Knapp <hknapp@khlawfirm.com>; 'Adam M. Sparks'

3

<sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** Witnesses

**From External Sender**

Bryan –

Given your witness list for the hearing is coming due this week, I wanted to let you know that we were surprised to see our clients on your prior list. You've never seen a need or even asked to examine them in any prior hearing, and you didn't identify any topics or time estimates for their examination in your recent filing. You also explicitly acknowledge in that same filing that examining them at the hearing would not "be useful for the Court or the parties." You admit in that same filing that "State Defendants do not believe that having live witnesses will be useful for the Court or the parties." This leaves us concerned that calling our clients at the hearing for examination that you admit would be useless for the Court and the parties is aimed at intimidating or harassing them or for some other improper purpose. We have the same concern for the fourth witness on your list for the same reason. If you still intend to call them as witnesses, please explain for *each* of them why that examination would be useful for the Court (in direct contradiction to your stated position), what specific topics you contend would be useful to cover in *each* of their examinations, and how long *each* examination likely would take. We will oppose any effort to examine them for improper purposes.

Thanks,
DC

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.