EXHIBIT

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| DONNA CURLING, ET AL., <br> *Plaintiff* <br> v. <br> BRAD RAFFENSPERGER, ET AL., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:17-cv-2989-AT |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: KIM STANCIL - Elections Director
Cherokee County Elections & Voter Registration Office, 2782 Marietta Highway, Suite 100, Canton, GA 30114

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Office of Cherokee County Elections and Voter Registration as set forth in Attachment "A". | Date and Time: <br> 10/01/2020 11:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2020

CLERK OF COURT

OR

_____    _____
Signature of Clerk or Deputy Clerk    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Coalition for Good Governance                                                      , who issues or requests this subpoena, are:
Cary Ichter, Esq., 3340 Peachtree Rd NE, Ste. 1530, Atlanta, GA 30326, (404) 869-7600, cichter@ichterdavis.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-2989-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-02989-AT   Document 915-1   Filed 09/23/20   Page 4 of 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

## Items and Operations to be Inspected, Copied, Tested

The following operations occurring at the following indicated times and places and the following records related to the November 3, 2020 election are subject of this Request:

1. Inspection and testing of the mail ballot scanner settings and software threshold settings used in the Logic and Accuracy Testing related to detection and recording of ballot marks on hand marked ballots for the November 3, 2020 election.

2. Testing of mail ballot scanner and adjudication software accuracy by Coalition Plaintiffs' representatives during Cherokee County Logic and Accuracy Testing. The test will be conducted by Coalition Plaintiffs' representatives hand marking 50 blank ballots to be supplied by Cherokee for the November 3, 2020 election. Testing will include a tabulation of the test ballots on an ICC scanner along with review and copying, generating digital printouts, or exports of the resulting ballot images, as well as a review of the on-screen adjudication results of the 50 ballot test batch. The testing and inspection shall be accomplished at a mutually agreeable time during Cherokee County's Logic and Accuracy Testing during the week of September 28, 2020.

3. Inspection, observation and photographing ongoing Logic and Accuracy Testing

of election equipment at Cherokee County's Election facility for the November 3, 2020 election during the week of September 28, 2020, with visual access adequate to read the touchscreens, printouts and scanner output. The test shall include the inspection and testing of precinct scanner settings for emergency hand marked ballots.

## Conditions for Inspection

A. Coalition Plaintiffs will give Cherokee County counsel at least 24 hours' notice of the names and contact information of representatives authorized to conduct the inspections.

B. Parties will cooperate to share and update times and places of election activities to be inspected and the inspection schedule given the fluid nature of Logic and Accuracy Testing activities.

C. For each inspection activity, Coalition Plaintiffs' representatives will be permitted to have one inspector knowledgeable of the voting system and two representatives assisting and documenting the inspection work.

D. Photographs, videos, electronic and paper copies and printouts of all documents related to activities and records inspected are permitted to the extent that they do not contain personal identifying information.

E. Inspection and observation include adequate visual access to the activities and documents to read screens or paper documents similar to the level of visual access

of the officials conducting the activities.

Dated: September 23, 2020

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
**ICHTER DAVIS LLC**
3340 Peachtree Road NE, Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610
cichter@ichterdavis.com

AND

Bruce P. Brown
Georgia Bar No. 064460
bbrown@brucebrownlaw.com
**Bruce P. Brown Law LLC**
1123 Zonolite Road NE, Suite 6
Atlanta, Georgia 30306
Tel.: 404.881.0700

AND

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Pro Hac Vice (ECF No. 125)
**ROBERT MCGUIRE LAW FIRM**
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Attorneys for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis, and Megan Missett*