IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.,* <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

### STATE DEFENDANTS' MOTION TO SEAL OR ALTERNATIVELY REDACT THE TRANSCRIPT OF THE OCTOBER 1, 2020 HEARING

During the emergency hearing before this Court on October 1, 2020, the Court indicated that it would determine what portions of the hearing could be made available on the public docket. Hearing Trans. at 63:9-12. Thereafter, the Court stated that the parties "are welcome to send [the Court], just having participated in this, any of your position about this and about what portion should be in the public or if all of it can be in the public." Hearing Trans. at 63:17-20. In response, Defendants Brad Raffensperger, Rebecca N. Sullivan, David J. Worley, Anh Le, and Matthew Mashburn (collectively, "State Defendants") file this motion to seal or redact portions of the hearing transcript containing sensitive information related to the Dominion BMDs and Dominion's intellectual property.

## ARGUMENT AND CITATION TO AUTHORITY

### A. Legal Standard.

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G) (noting a trial court may require that certain information "not be revealed or be revealed only in a specified way"). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also* Local Rules at App. H. § II(J) (incorporating these factors).

### B. Good Cause Exists for Sealing or Redacting the Documents.

There is good cause to seal Dr. Coomer's testimony from the hearing. Dominion is not a party to this lawsuit, but Dominion voluntarily attended

the hearing to assist the Court with its questions. And now Dominion is at risk of having its intellectual property rights compromised as a result of voluntarily attending the October 1, 2020 hearing and being forthright in response to questions from the Court and Plaintiffs' counsel.

The testimony of Dr. Coomer at the October 1, 2020 hearing includes information regarding Dominion's review of its BMD system in light of the unique layout on the BMD for the United States Senate special election on the ballot this year.  Dr. Coomer also testified about Dominion's findings from its review of the unique issue due to the layout of the United States Senate special election on the ballot. Specifically, the portions of the hearing transcript that should be sealed or redacted are at the following page and line numbers: 23:10 – 26:1; 26:5 – 26:16; 27:5 – 27:14; 28:9 – 29:5; 29:14 – 30:8.

While Dr. Coomer's testimony may not be sufficient in itself to compromise the BMDs, it would disclose intellectual property of Dominion, which should be a consideration given the company's voluntary participation in the Court's hearing.  Thus, "allowing access would . . . harm legitimate privacy interests." *See Romero*, 480 F.3d at 1246.

## CONCLUSION

Good cause having been shown, State Defendants' Motion to Seal or Alternatively Redact the October 1, 2020 Hearing Transcript should be granted.

Respectfully submitted this 2nd day of October, 2020.

> */s/ Vincent Russo*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Robbins Ross Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318
> Telephone: (678) 701-9381
> Facsimile:  (404) 856-3250
>
> Bryan P. Tyson
> Georgia Bar No. 515411
> btyson@taylorenglish.com
> Jonathan D. Crumly
> Georgia Bar No. 199466
> jcrumly@taylorenglish.com
> James A. Balli
> Georgia Bar No. 035828
> jballi@taylorenglish.com
> Diane F. LaRoss

Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

- 6 -

## L.R. 7.1(D) CERTIFICATION

I certify that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been prepared using 13-pt Century Schoolbook font.

> */s/ Vincent R. Russo*
> Vincent R. Russo

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing STATE DEFENDANTS' MOTION TO SEAL OR ALTERNATIVELY REDACT THE TRANSCRIPT OF THE OCTOBER 1, 2020 HEARING with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 2nd day of October, 2020.

>*/s/ Vincent R. Russo*
>Vincent R. Russo
>Georgia Bar No. 242628