IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

Before the Court is State Defendants' Motion to Seal or Alternatively Redact the Transcript of the October 1, 2020 Hearing ("Motion") [Doc. 933]. State Defendants seek an order sealing or redacting page and line numbers 23:10 – 26:1; 26:5 – 26:16; 27:5 – 27:14; 28:9 – 29:5; and 29:14 – 30:8 ("Cited Portions") of the October 1, 2020 hearing transcript, largely constituting the testimony of Dr. Eric Coomer. (Doc. 935, "Transcript" or "Tr.") Plaintiffs filed a joint response in opposition. (Doc. 936.)

**A.   Legal Standard**

The public has a presumptive right to review and copy documents filed with the courts in civil proceedings. *Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is sometimes referred to as the "common law right of access." *Id.* This right of access, however, is not absolute. For example, "it does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245

(11th Cir. 2007). Determining whether good cause exists "requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309) (alterations in original).

> Factors to consider include
>
> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted). *See also* L.R. App. H. § II(J), NDGa (incorporating these factors). Furthermore, [a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citations omitted).

**B. Discussion**

State Defendants' Motion is remarkable for what it does not argue. It does not argue that the testimony of Dr. Coomer is categorically exempt from the common law right of access.[1] It also acknowledges that "Dr. Coomer's testimony may not be sufficient in itself to compromise the BMDs." (Motion at 3.) Instead, it appears that the sole basis for redacting the Cited Portions of the Transcript is that

---

[1] State Defendants do not argue that Dr. Coomer's testimony constitutes discovery material or part of a proceeding to enforce discovery obligations that would not be subject to the common law right of access under *Chicago Tribune*. 263 F.3d at 1312. Nor could they, as it was clearly given in connection with Plaintiffs' latest request for injunctive relief, (Doc. 800) which the Court has already granted in part, but has kept under advisement in part to consider, among other things, the new evidence presented by Coalition Plaintiffs in their of Notice of Filing Supplemental Evidence Relating to Defects in Every Database for November 2020 General Election. (Doc. 916.)

2

doing otherwise "would disclose intellectual property of Dominion," which State Defendants contend "should be a consideration given the company's voluntary participation in the Court's hearing." (*Id.*)

Under certain circumstances, the common law right of access may be overcome by the necessity of protecting intellectual property. *Romero*, 480 F.3d at 1246 (instructing the Court to weigh "whether allowing access would impair court functions or harm legitimate privacy interests"). Moreover, Rule 26(c)(1)(G) empowers the Court to enter protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also* L.R. App. H. § II(J)(1), NDGa ("Counsel generally should not request sealing of an entire filing but only those portions of the filing for which there is legal authority to seal, including but not limited to scientific formulas, confidential pricing calculations, trade secrets, and sensitive security data."); Fed. R. Civ. P. 5.2(d), (e) (authorizing sealing or redaction of electronically filed documents for good cause).[2]

State Defendants do not explain what exactly constitutes confidential intellectual property in the Cited Portions. Indeed, the word "trade secret" does not

---

[2] The Court's Protective Order (Doc. 477), Section 2.d, provides that a third party may designate materials as "Confidential," but such party bears the burden of demonstrating that a designation is appropriate. Neither Dominion nor State Defendants have met their burden of showing that the information in the Cited Portions is confidential for the reasons that follow. Furthermore, the Protective Order does not bind the Court. (*Id.* § 15; see also L.R. App. H. § II(J)(1), NDGa ("Agreements between or among the parties to protect documents from public disclosure, **whether through designation under a confidentiality agreement or protective order** or otherwise, **will not prevent their disclosure** in the event the Court denies sealed filing for the documents.") (emphasis added).

3

even appear in the Motion. Plaintiffs have aptly justified the assertion that the Cited Portions contain intellectual property subject to protection as the State's "ipse dixit." (Doc. 936.) The Court has reviewed the Cited Portions and cannot ascertain any basis for granting State Defendants' Motion.

The fact that the BMD's have experienced a ballot configuration issue relating to the Senate Special Election is public. (Transcript of Sept. 28, 2020 Telephone Conf. at 5–6, Doc. 925.) The fact that the BMDs run on an Android Operating System is public and is set forth in the State's contract with Dominion.[3] State Defendants provide no explanation of why the fact that "indexes" are created by Android OS and "referenced" by the BMDs' software would constitute Dominion's intellectual property, rather that part of the operating system itself. (Tr. 23:18–23.) The same is true of the fact that Android increments indexes or that the references to indexes are reset upon a power cycle. (*Id.* at 23–24.)

The only other possible candidates for protection are the cause of the issue itself (Tr. 23:18–22), the circumstances necessary to bring about the issue (*id.* 27:10–14), and Dominion's fix of the issue (*id.* 24:8–10). State Defendants do not attempt to argue that a software bug would qualify as a trade secret; the Court doubts this could be so.[4] And while the Court could conceive of a circumstance where Dominion's fix of a bug could receive some sort intellectual property

---

[3] *Security-Focused Tech Company, Dominion Voting to Implement New Verified Paper Ballot System*, Ga. Sec'y of State, https://sos.ga.gov/securevoting/ (last visited Oct. 2, 2020).
[4] Restatement (Third) of Unfair Competition § 39 (1995) ("A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others.").

protection under some theory, the high level of generality at which the "fix" was discussed at the hearing does not appear to justify redaction under the circumstances. (Tr. 24:8–10) ("Instead of referencing this particular ID, we reference it now as what is called a tag. There is no collision possible between our tag and these Android IDs."). As such, the Court finds that State Defendants have not met their burden to show that the common law right of access is overcome by any intellectual property interest of Dominion.

The Court certainly appreciates Dominion's participation and Dr. Coomer's explanations, but the voluntary participation of a party does not justify sealing or redacting information. L.R. App. H. § II(J)(1), NDGa ("It is the general policy of this Court not to allow the filing of documents under seal without a Court order, **even if all parties consent to the filing under seal**."). As movants, it was the State Defendants' job to justify protection of any purported privacy interest of a third party, not the Court's.

**C.   Conclusion**

The Motion to Seal or Alternatively Redact the Transcript of the October 1, 2020 Hearing ("Motion") [Doc. 933] is **DENIED**. The Clerk is **DIRECTED** to **UNSEAL** the Transcript [Doc. 935]. Members of the public seeking a copy of the Transcript should review L.R. App. H. § IV(A), NDGa.

**IT IS SO ORDERED** this 5th day of October, 2020.

*/s/ Amy Totenberg*
**Amy Totenberg**
**United States District Judge**