IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al,* <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 1:17-CV-2989-AT |

**STATE DEFENDANTS' CONSOLIDATED MOTION FOR LEAVE TO FILE MATTERS UNDER SEAL AND BRIEF IN SUPPORT**

Defendants Secretary Raffensperger, the State Election Board, and State Election Board Members Rebecca Sullivan and David Worley (collectively, "State Defendants") move this Court for leave to file [Doc. 939] under seal. For the reasons stated herein, State Defendants request the Court grant this Motion and order [Doc. 939] sealed.

As stated in State Defendants Notice of Filing Regarding Voting System Test Laboratory Report and EAC Submission, [Doc. 938], State Defendants sought to expeditiously file the requested documentation with the Court and filed the matter under seal for that purpose. With the benefit of time for counsel to confer with our client and nonparty Dominion Voting Systems, State Defendants have determined that only a portion of the

document filed at [Doc. 939] need be sealed. Defendants have now filed an appropriately redacted document in the docket and request this Court order the unredacted document sealed.

## ARGUMENT AND CITATION TO AUTHORITY

I. **Legal standard for sealing the docket entry.**

"It is uncontested" that the public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing sensitive documents is warranted upon a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In determining whether good cause exists to support sealing, courts are instructed to consider: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; see also Local Rules at App. H. § II(J) (incorporating these factors).

In addition, right-to-access considerations are weaker with respect to pre-trial motions. *See Syngenta Crop Protection, LLC v. Willowood, LLC,*

2017 WL 6001818, at *2 (M.N.C. Dec. 4, 2017) (civil trial is where public's interest in access "is almost at its peak").

## II. Good cause exists for sealing the docket entry.

By docket entry dated September 28, 2020, this Court ordered, *sua sponte*, that State Defendants file the "evaluation results and documentation of testing procedures" related to the software update deployed for the Dominion BMDs. State Defendants subsequently filed a letter brief explaining the software update and acceptance testing. [Doc. 924]. The Court, again by docket entry dated September 30, 2020, requested "an explanation . . . of the State Defendants' filing of information responsive to the Court's text order of September 28, 2020" be filed by 5:15 PM the same day. While noting and preserving their objections to the request, State Defendants complied and filed an explanation, informing the Court that the documentation sought was not yet available but that the State Defendants would subsequently file such when it became available. [Doc. 929]. Subject to those objections, the State Defendants filed the requested documentation provisionally under seal as soon as it became available. [Doc. 939]. After an opportunity to confer, State Defendants have now submitted the same document publicly, redacting only the hash value of the software update.

State Defendants contend that the hash value contained in the letter report (and redacted in the publicly filed version) is information that would create a threat to the ongoing security of the State's voting system if publicly disclosed. *See* [Doc. 477 at 5 (protective order)]. As the Court is aware, a hash value comparison is one way in which the Secretary and county officials confirm the software update is the same trusted version as tested by the State's Voting System Test Laboratory, Pro V&V, and produced (and tested) by the voting system vendor, Dominion. *See generally* [Doc. 924]. As State Defendants explained there: "Plaintiffs have claimed that malware could trick the hash value into matching, to do so would require knowledge of the update's hash value before it could be 'spoofed' and further ignores that the hash value can be verified outside of the system itself." *Id.* at 2. Accordingly, disclosure of that hash value (particularly when coupled with information recklessly filed into the record by Plaintiffs, *e.g.* [Doc. 928-1]) could jeopardize security of the voting system by providing an avenue for an attacker to "spoof" the hash value of software that is not authentic.

Finally, since the document at issue has now been filed in redacted form, [Doc. 948], the public's interest in accessing the information has been appropriately preserved. For these reasons, good cause exists for treating the redacted hash value as Attorneys' Eyes Only material, pursuant to the

protective order entered in this case, and sealing the unredacted document filed at [Doc. 939]. A proposed order to that effect is attached hereto.

## **CONCLUSION**

Good cause having been shown, State Defendants' Motion for leave to file [Doc. 939] under seal should be granted.

Respectfully submitted this 5th day of October, 2020.

*/s/ Carey Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli

Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing STATE DEFENDANTS' CONSOLIDATED MOTION FOR LEAVE TO FILE MATTERS UNDER SEAL AND BRIEF IN SUPPORT was prepared double-spaced in 13-point Century Schoolbook pursuant to Local Rule 5.1(C).

*/s/ Carey Miller*
 Carey Miller
 Georgia Bar No. 976240