IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' NOTICE OF FILING OF CORRESPONDENCE WITH STATE DEFENDANTS AND THEIR REFUSAL TO COMPLY WITH THE <u>COURT'S SEPTEMBER 28, 2020 DOCKET ORDER</u>**

Plaintiffs jointly submit the attached correspondence with State Defendants, who suggested it should be filed on the public docket since the Court's clerk was copied on some of the correspondence. (Exhibit 1.) The correspondence raises serious concerns about State Defendants' representations to the Court and Plaintiffs regarding the ongoing implementation of new election software on some 34,000 BMDs across all 159 counties—and about State Defendants' use of software for elections they say are already "underway" that does not satisfy the law. Recent reporting by the Associated Press on this issue heightens these concerns.

On Friday, October 2, 2020, regarding the recent, rushed Pro V&V report concerning this software change, State Defendants made the following unequivocal,

unconditional representation to the Court: "The same Letter Report has been submitted to the EAC for approval." (Dkt. 938 at 2.) State Defendants, however, provided no documentation to support this representation, in violation of this Court's September 28, 2020 Docket Order directing them to do so. The Court specifically ordered the following: "The State Defendants are also DIRECTED to file a copy of the documentation subsequently submitted to the EAC for approval in conjunction with the modified software, presuming that this submission proceeds."

According to the Chairman of the EAC, they did not receive a request for approval of the new software State Defendants are imposing on the counties in Georgia until *yesterday*—not last week as State Defendants represented to this Court.[1] This may explain State Defendants' refusal to answer any questions about their representation to the Court in their filing on Friday. State Defendants have persistently refused to state whether the hastily-prepared Pro V&V report, or the related Engineering Change Order ("ECO") (which bears no date indicating when it was prepared), actually was submitted to the EAC last week—or at any time since— for approval as they represented to this Court. (Ex. 1.) They refuse even to state

---

[1] Kate Brumback, *With time short, judge mulls Georgia voting system changes*, Associated Press (Oct. 7, 2020), https://apnews.com/article/technology-senate-elections-georgia-elections-voting-machines-6a6be19f168a719e68c107c7426df9f3 ("The EAC was reviewing the request from Dominion Voting after *receiving it Tuesday*, according to Ben Hovland, commission chairman." (emphasis added)).

2

whether they know one way or the other, despite representing to the Court that it was submitted last week. (*Id.*) It now appears from the Associated Press story that EAC approval was requested yesterday only after Plaintiffs pressed State Defendants and Dominion for the last several days for information about the claim that the Pro V&V report was provided to the EAC last week.

In fact, in their latest filing, yesterday afternoon, State Defendants appear to retreat from their prior representation to the Court and now state: "State Defendants *understand* [the undated ECO] has been submitted to the EAC by Dominion Voting Systems." (Dkt. 953 at 1 (emphasis added).) Yesterday's filing provides no indication of when anything was submitted to the EAC or any documentation showing that anything was submitted last week or even before they submitted yesterday's filing. This is especially concerning given State Defendants' refusal to simply answer whether any approval request for the new BMD software— apparently developed by Dominion over a weekend—had been submitted to the EAC for approval or even to answer whether they know one way or the other. *At best*, State Defendants made a critically-important representation to this Court without actually knowing whether it was true. This is consistent with their repeated inaccurate representations to Plaintiffs and this Court, many of which this Court has detailed in its Orders and thus Plaintiffs will not repeat them here.

State Defendants claim that only Dominion would have any documentation supporting their representations to the Court that the Pro V&V report and ECO have been submitted to the EAC. (Ex. 1.) But they refuse to even answer the simple question of whether they have requested this documentation from Dominion. (*Id.*) The Court should infer that they have not. The Court also should infer that they refuse to ask because they already know, or do not want to confirm for themselves, that the Pro V&V report and ECO in fact were not submitted to the EAC by last Friday when they represented to the Court that the Pro V&V report had been submitted. Their refusal to answer such basic questions, coupled with the lack of any supporting documentation for their representations to the Court, is telling, as is Dominion's sudden refusal to cooperate, to provide any documentation showing any request for EAC approval or to even confirm the request was made. (Exhibit 2.) Obviously State Defendants could obtain from their agent, Dominion, a copy of any request to the EAC and any related documentation at any time. Dominion is acting at State Defendants' direction, from addressing the software failure that supposedly prompted the change to implementing the new software on the BMDs in Georgia, *which Dominion technicians are doing.*[2]

---

[2] It is unclear whether these technicians have undergone the requisite, rigorous background checks and security screening to have such access to the election equipment, including the ability to install software on the voting machines. It

4

State Defendants' continued refusal to answer any questions about any request for EAC approval is especially galling given their counsel indicated last night that he would respond to those questions if Plaintiffs would remove the Court's clerk from the correspondence. (Ex. 1.) Plaintiffs promptly did that, as requested. (*Id.*) The same counsel for State Defendants waited to respond this morning that they would not answer any questions. (*Id.*) This is just the sort of gamesmanship Plaintiffs have suffered from State Defendants in this case since they replaced their prior counsel. State Defendants' counsel have exhibited a disturbing disregard for their duties under the Federal Rules, this Court's Orders, and Georgia's Rules of Professional Conduct (e.g., Rules 3.3 and 3.4). Only the Court has the power to bring this continued campaign of obstruction and obfuscation to a close, as Plaintiffs and the public deserve.

State Defendants have exhibited persistent, open disregard for this Court's September 28, 2020 Docket Order. Their initial response to the Order conveyed overt contempt, dismissing the Court as a nuisance and providing nothing the Court

---

appears at least some of the technicians are temporary hires rather than full-time Dominion employees. The casual approach to implementing this new software, which Plaintiffs have witnessed firsthand, stands in stark contrast to State Defendants' objections to Plaintiffs obtaining access to the same election equipment and the draconian measures they insisted on for examination of that equipment, such as a costly videographer.

requested. (Dkt. 929 at 1.) In the subsequent October 1, 2020 hearing, the Court told State Defendants counsel that their response was not acceptable. (Dkt. 935 at 6-7). The Court's remarks fell on deaf ears. For now the Court and Plaintiffs must again endure State Defendants' failure to be forthcoming and candid about issues that are directly relevant to this case and of enormous importance to the public.

In addition, this particular issue involving the submission of the new software to the EAC should be viewed in the context of a number of other violations of Georgia law that the Secretary is committing (or forcing the counties to commit), some of which are outlined in correspondence to Defendant Fulton County, attached hereto as Exhibit 3.

State Defendants should be required to publicly provide at least the following information to the Court immediately today, *including the related communications and other documentation*:

1) Was the Pro V&V report (Dkt. 939) provided to the EAC and, if so, when and by whom?

2) Was the ECO (Dkt. 953-2) provided to the EAC and, if so, when and by whom?

3) Has the EAC responded, formally or informally, to either the Pro V&V Report or the ECO or any other related communication addressing the

software that is now being installed on Georgia's BMDs and, if so, what was the response and when was it received?

4) If the answer to (1) is no, why not and what was the basis for State Defendants' representation to the Court on Friday and their "understanding" yesterday to the contrary?

Respectfully submitted this 7th day of October, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER , ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2020, a copy of the foregoing **PLAINTIFFS' NOTICE OF FILING OF CORRESPONDENCE WITH STATE DEFENDANTS AND THEIR REFUSAL TO COMPLY WITH THE COURT'S SEPTEMBER 28, 2020 DOCKET ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross