# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CURLING PLAINTIFFS' NOTICE OF JOINDER IN COALITION PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY THE COURT'S SEPTEMBER 28 ORDER

Donna Curling, Donna Price and Jeffrey Schoenberg (the "Curling Plaintiffs") hereby join the Coalition Plaintiffs in opposing State Defendants' requested stay of the "limited, common sense remedy" this Court ordered on September 28. (Dkt. 918 at 1.) As noted in the Court's Order and contrary to State Defendants' claim, Curling Plaintiffs *do* "actively support[] the Coalition Plaintiffs' pollbook motion" and the pollbook-related relief granted by this Court.[1] (*Compare* Dkt. 918 at 41 *with* Dkt.

---

[1] Curling Plaintiffs have consistently participated in discovery targeting PollPad operations in Georgia which necessitate the paper pollbook backup relief. (*See, e.g.*, Dkt. 763 (joint statement regarding expedited discovery including request for forensic examination of PollPads and related software); Dkt. 786 at 8 (Defendants' response to same).) Curling Plaintiffs' expert Dr. Alex Halderman has opined on the security of the "Internet-attached pollbooks that interface with the BMDs" to which the paper pollbook backups are an alternative. (Dkt. 855 ¶ 12.)

951 at 11 n.7.) State Defendants wrongly assume that their persistent noncompliance with this Court's August 2019 order—including as it relates to pollbooks—has not been challenged by Curling Plaintiffs. It has.

On September 16, 2020, Curling Plaintiffs submitted a brief requesting that this Court use its inherent authority to enforce its previous orders to fashion appropriate relief in response to the preliminary injunction motions before the Court. (*See* Dkt. 901 at 5 ("This Court already laid the foundation for the contemplated alternative relief in its August 2019 Order . . . [and] is well within its discretion to enforce this already-awarded relief[.]").) State Defendants quibble with the Court's citation to this submission, arguing that the absence of the word "pollbooks" indicates Curling Plaintiffs do not support the requested and granted relief. Not so. Curling Plaintiffs, of course, have focused many of their efforts on the disturbing failures with Georgia's Dominion BMDs that render them unconstitutional and require hand-marked paper ballots to protect the right to vote in Georgia. But they have long supported the critical need for the relief this Court granted regarding the pollbooks, which Curling Plaintiffs did not have to *focus* on in their own efforts in this case because Coalition Plaintiffs were doing so.

State Defendants concede that, among the relief granted in 2019, this Court mandated development of an implementation plan "to address errors and

discrepancies in the voter registration database [eNet] that may cause eligible voters to … be prevented from casting a regular ballot in their properly assigned precinct" and the statewide provision of a "printout of the voter registration list for that precinct." (Dkt. 579 at 149-50.) State Defendants did not appeal that Order. Consistent with their September 16 submission to this Court, Curling Plaintiffs acknowledge and respect the Court's authority to grant the paper pollbook relief to effectuate its previous Order and to limit the unlawful burdens Defendants continue to impose on Georgians' constitutional right to vote.

Lastly, Curling Plaintiffs share Coalition Plaintiffs' extreme disappointment with State Defendants' "cowardly drive-by attacks" on this Court. (Dkt. 962 at 2-3.) Much of State Defendants' Motion is devoted to spinning a remarkably misleading narrative that presents them as undeserving victims of unfair treatment by the Court. But as Coalition Plaintiffs explain, that narrative omits State Defendants' own strategic decisions throughout this case that are responsible for the Orders this Court has entered, including calling no witnesses in the first preliminary injunction hearing and wasting time examining an expert about where the sun rises in Michigan, barring their own election security experts from examining Georgia's election system, using the prior DRE/GEMS system and adopting the new Dominion BMD system against the advice of their own election security experts, and

3

repeatedly providing the Court misleading and even inaccurate information (sometimes in sworn testimony). State Defendants' repeated complaint that the Court did not allow them to examine Plaintiffs is especially unfair and misleading. They emphasize that this litigation has been proceeding for years and involved two prior evidentiary hearings in 2018 and 2019. But they omit the fact that in all that time, including this year during fact discovery, they have never once sought to depose any Plaintiff. This fact highlights the obvious impropriety of this baseless attack on the Court. State Defendants have made clear that they view this Court and its efforts to understand the facts and enforce the Constitution as a nuisance. And they have approached the right to vote in Georgia with the same contempt and disregard for their duties and the law.

Staying this Court's Order would allow State Defendants to continue to trample on the right to vote in Georgia and impose even worse chaos on counties and voters across the state than they suffered in June. The Court should deny the Motion.

Respectfully submitted this 10th day of October, 2020.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| John P. Carlin (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2000 Pennsylvania Avenue, NW | Suite 3250 |
| Suite 6000 | Atlanta, GA 30309 |
| Washington, DC 20006 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2020, a copy of the foregoing **CURLING PLAINTIFFS' NOTICE OF JOINDER IN COALITION PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY THE COURT'S SEPTEMBER 28 ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross