## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**

**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## COALITION PLAINTIFFS' RESPONSE TO STATE
## DEFENDANTS' MOTION FOR EXTENSION TO RESPOND TO
## COALITION PLAINTIFFS' RENEWAL OF
## <u>MOTION FOR ATTORNEYS FEES</u>

The State Defendants' Motion (Doc. 972) for Extension of Time until January 5, 2021 to Respond to Coalition Plaintiffs' Renewal of Motion for Attorneys' Fees (Doc. 967) ("Coalition Plaintiffs' Renewal") should be denied for the following reasons:

*First,* the Motion misses the point entirely of Coalition Plaintiffs' Renewal, which asks *the Court* to renew its consideration of the Coalition Plaintiffs' August 2019 Motion for Attorneys' Fees (Doc. 595) ("the Underlying Motion"), a Motion that has been fully briefed by all parties for months.  It does not matter how busy the State Defendants' lawyers are now; their work here is done.

*Second,* the State Defendants' Motion for Extension is completely nonsensical.  The entire purpose of Coalition Plaintiffs' Motion to Renew is to have the Underlying Motion decided and to obtain the fee award promptly.  An extension would clearly be prejudicial: a three-month delay in a consideration of the issue has the impact of denying the Motion to Renew on the merits and further prolongs the recovery of attorney's fees as provided by law.

*Third,* even if the State Defendants had not already finished their work on the Underlying Motion, their argument that they need an extension because of the ongoing election is irrelevant and factually unsupportable.  They state that "State Defendants are actively preparing for Election Day on November 3."  The Coalition Plaintiffs hope that is the case, but a renewal of the consideration of the fully briefed Underlying Motion by the Court is not going to require any effort by Michael Barnes, Chris Harvey, Merritt Beaver or any other busy State Official.  Furthermore, the notion that the State election officials are hunkering down to ensure a secure and accurate election, and are too busy to be bothered with this litigation, is factually incorrect in the extreme.  To the contrary: the State Defendants and their lawyers are busy appealing this Court's Order on Paper Pollbook Backups even though their own Director of Elections Chris Harvey testified that compliance would be no problem *and* Fulton County's Election Director Rick Barron said it would be beneficial.  The State Defendants had

enough time to pursue the appeal; they have already had enough time to respond to the Motion to Renew.

Worse, and particularly disturbing, the evidence shows that the State Defendants, and in particular the State Board of Elections, is not being consumed with ensuring a safe, accurate and smooth-running election.  Instead, they are actively using their enforcement power to obstruct Coalition Plaintiffs' legitimate discovery and intimidating third parties – such as Cherokee County elections officials.  The Court will recall that, on Friday, September 25, 2020, Cherokee County told Coalition Plaintiffs had to cancel a previously scheduled scanner inspection because its scanners failed to work in internal testing.  (Doc. 916).  The same day, State Election Director Chris Harvey circulated a memo to all counties stating that the databases for every county had to be replaced.  (*Id.*).  The Court scheduled a telephone conference for the upcoming Monday, September 28, 2020, and during the telephone conference, counsel for Coalition Plaintiffs disclosed that the Coalition Plaintiffs would be inspecting Cherokee County's scanners the next day, Tuesday, 29, 2020.  (Doc. 916; Tr., Sept. 28, 2020 at 29).

The next morning, Coalition Plaintiffs conducted their inspection in Cherokee County.  Present at the inspection, in addition to Cherokee County's election official Johnathan Densmore and outside counsel Ann Brumbaugh, were Bryan Tyson and Brian Jacoutot from the Taylor English law firm, two

investigators from the Secretary of State's office (Frank Braun and Mark Woodard) *and* technicians and a manager from Dominion, Mitch Keddrell. (A. Nakamura Decl., attached as Exhibit A). None of these men had reason to pry into Coalition Plaintiffs' expert's research and investigation of the scanners.

During the inspection, one of the Dominion technicians told the group that Dominion had changed the scanner settings the evening before – that is, after the hearing in which Coalition Plaintiffs had disclosed their intent to perform the inspection the next morning and the time of the inspection the next day. (A. Nakamura Decl., Exhibit A, ¶ 9). Coalition Plaintiffs could not confirm what changes Dominion made to the scanners, but the changes obviously were made to modify something about how the scanners were operating.

Worse still, after the inspection at Cherokee County, the Secretary of State's officed announced that it was investigating the Cherokee BOER. (Doc. 971 at 6). According to Cherokee County's filings in this case: "As a result of this investigation, the Dominion Tech representative embedded in the Cherokee BOER was removed on October 5, 2020." (*Id.* at 6). Coalition Plaintiffs believe that this embedded Dominion Tech is the same technician that stated during the inspection that Dominion had made the overnight changes to the scanner settings. Further, on "October 6, 2020, Johnathan Densmore, a Cherokee BOER employee who had

conducted the first two inspections, resigned, leaving the Cherokee BOER with a total of six full-time employees." (*Id.*).

Whether and to what extent the State Defendants are using their enforcement power to intimidate officials and obstruct discovery is beyond the scope of this brief.   But what we do know is this: the assertion that the State Defendants are too busy with the elections to explain their opposition to Plaintiffs' motions is completely without merit.

*Fourth,* the State Defendants say that their "appeal may render the Renewal Motion moot." (Doc. 972 at 2).  The State Defendants do not explain this statement or cite to any authority for it. The State Defendants *have not appealed* the Order granting the injunctive relief upon which the Underlying Motion is based, and there is no scenario in which the appeal of this Court's Order on the Paper Pollbook Backups has any impact upon the award of fees for an injunction granted over a year ago which has never been appealed and any appeal of which would be moot.

*Fifth,* the State Defendants have offered no reason on the merits why Coalition Plaintiffs' Motion to Renew should not be granted.  As explained in Coalition Plaintiffs' Motion, even if the State's financial condition were a factor in authorizing the delay of an award of fees, the State's current financial position is strong, and even stronger now than a year ago – long before the pandemic.

Having no answer to Coalition Plaintiffs' Motion to Renew on the merits, the State Defendants resort is filing a completely meritless request for a three-month extension.  Their motion for an extension should be denied, the Coalition Plaintiffs' Motion to Renew should be granted, the Coalition Plaintiffs' Motion for Fees should be granted, and the State Defendants should be ordered to promptly pay the fees and costs.

Respectfully submitted this 18th day of October, 2020.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for the Coalition Plaintiffs*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br>**E**<br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2020, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

<u>*/s/ Bruce P. Brown*</u>
Bruce P. Brown

EXHIBIT

A

## DECLARATION OF AILEEN NAKAMURA

**AILEEN NAKAMURA** declares, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. My name is Aileen Nakamura.

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

3. I am an active member of Coalition for Good Governance and spend at least 30 hours a week volunteering my time for litigation support and election-related activities undertaken by the organization.

4. On September 29, 2020, I accompanied Marilyn Marks and Harri Hursti at the Cherokee County Elections Warehouse at 400 East Main St, Canton, GA 30114, to help record and document Coalition for Good Governance's inspection and testing of ballot scanning.

5. I arrived around 10:05 a.m.  Already present were Bryan Tyson, an attorney representing the Secretary of State's office, Ann Brumbaugh, attorney for Cherokee Board of Elections, Jennifer Akins (Cherokee County Elections, Assistant Director), the Cherokee BOE Chairman, and the Dominion technician assigned to Cherokee County at that time, whose name I do not know.

6.  A few minutes later, two men walked in and did not introduce themselves. From the sign-in sheet which I photographed when I signed out (see Exhibit 1), they were Investigators from the Secretary of State's office – Paul Braun and Mark Woodard.

7. Around 10:30, another gentleman arrived and again was not introduced. Based on the sign-in sheet, his name appears to be Mitch Keddrell from Dominion.

8. A few minutes later, another attorney representing Secretary of State's office, Bryan Jacoutot, arrived and Mr. Tyson left about 15 minutes later. Mr. Jacoutot was still present when I left at 12:28.

9. During the scanning work, the Dominion technician assigned to Cherokee County, whose name I do not know, told us that another Dominion representative had come to the office the evening before and changed some things on the scanner. Ms. Marks responded, "they fixed settings on the scanner?"

10. The Cherokee Dominion technician affirmed saying "uh huh" and went on to say that Dominion representatives changed the "things that they normally do." He then referenced the Dominion representative selecting and removing "Ambiguous Marks, Write-In vote, and Cross-Vote" parameters on the scanner.

11. Ms. Marks then again stated, "so they just changed settings on the scanner." The Dominion technician responded, "Correct, to make sure that everything could be scanned," and stated that the Dominion representatives also reviewed "adjudication." He stated that in the adjudication process that some votes that are not counted are not flagged in a manner for reviewers to easily see that the votes are uncounted, and that after long days of this work, reviewers might miss such uncounted votes.

12. I noticed on the way out by looking at the sign-in sheet that included the day before, September 28, 2020, that Dominion representative Brad Skelton had signed in the previous afternoon at 4:51 and signed out at 5:47 pm. (Exhibit 1).

13. At approximately 11:30 a.m. on September 29, after we had completed the baseline scanning test, we were considering taking a break to review the baseline data. Ms. Brumbaugh told us that we would not be permitted to take a break. At approximately noon, Ms. Brumbaugh told us that we must leave by 12:30, which she later offered to extended only as far as 1 p.m. We had prepared to stay for the day. Ms. Brumbaugh gave no reason for requiring the abrupt halt to our inspection and investigation other than staff having other work to perform.

14. We left at approximately 12:28 p.m. because we could not complete the next scanning test in 30 minutes and it made no sense to start the scanning that we would not be permitted to complete.

15. Coalition for Good Governance filed an open records request with Cherokee County on September 30, 2020.   Exhibit 2 is a true and correct copy of Cherokee County's response to the open records request.  The letter references an investigation by the Secretary of State.


Aileen Nakamura

EXHIBIT

1

Exhibit 1: Photograph of Cherokee Sign-In Sheet with I took on 9/29/20

EXHIBIT

2

# The Law Office of
# Ann S. Brumbaugh, LLC

The High House
309 Sycamore Street
Decatur, Georgia 30030

Phone: 404-458-4088 (o); 404-593-8295 (c)
E-Mail: ab@annbrumbaughlaw.com
Website: annbrumbaughlaw.com

October 5, 2020

VIA EMAIL

Marilyn R. Marks, Executive Director
c/o Board Secretary, Coalition for Good Governance
1520 Cress Court
Boulder, CO 80304
Marilyn@USCGG.org

Re:  *Respone to September 30, 2020 Open Records Request*

Dear Ms. Marks:

This letter serves as the Cherokee County Board of Elections and Registration's ("Cherokee BOER") response to your September 30, 2020 Open Records request in which you requested the following records:

1.  *General instructions from the Secretary of State or Dominion for the handling of the new electronic media and contents picked up today, such as the steps to be taken to install, conduct Acceptance Testing, and LAT test the equipement.*

Response:  Please see the attached records.

2.  *Documents reflecting revised dates for the LAT process in Cherokee County.*

Response:  Please see the attached records.

3.  *All documents and communications from the Secretary of State or Dominion related to the scanner testing conducted by your office or by Coalition for Good Governance on our experts.*

Response:  Cherokee BOER previously turned over responsive documents as they were requested by your September 26, 2020 Open Records request.

4.  *All communications (subsequent to September 1, 2020) between your office or your legal counsel and any of the following people listed on the sign in sheet used September 29, 2020 at the inspection:*

   *a.  Bryan Tyson*
   Response:  Neither Cherokee BOER nor I have any responsive documents.

   *b.  Paul Braun (SOS Investigator)*
   Response:  Cherokee BOER does not have any responsive documents. Records in my possession are exempt from disclosure pursuant to O.C.G.A. § 50-18-72(a)(4) as they are "records of law enforcement . . . in any pending investigation . . ."

   *c.  Mark Woodard (SOS Investigator)*
   Response:  Neither Cherokee BOER nor I have any responsive documents.

   *d.  Mitch Keddrell (sp?) (Dominion)*
   Response:  Neither Cherokee BOER nor I have any responsive documents.

5.  *All communications regarding the nature of the interest of the SOS investigators present at the inspection and scanner testing on September 29.*

Response:  Cherokee BOER does not have any responsive documents.

Sincerely,

Ann S. Brumbaugh
*Attorney for the Cherokee Board of Elections and Registration*

CC:  Cary Ichter (with attachments)