IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' CONSOLIDATED MOTION TO QUASH SUBPOENA TO JORDAN FUCHS AND BRIEF IN SUPPORT

COME NOW Defendants Secretary of State Brad Raffensperger, and the State Election Board and its Members (collectively, "State Defendants"), and file this Motion to Quash Curling Plaintiffs' Subpoena for Production of Documents directed to Jordan Fuchs, Deputy Secretary of State of Georgia, showing the Court as follows:

## INTRODUCTION

On November 4, 2020, the day after the 2020 General Election, Curling Plaintiffs noticed a subpoena, pursuant to Fed. R. Civ. P. 45, for the production of documents, which they intended to serve on the same day on Jordan Fuchs, Deputy Secretary of State. [Doc. 1001]. The subpoena in question seeks eleven broad categories of documents, largely concerning a

press release made by the Secretary of State in response to an article

published by the *Atlanta Journal-Constitution*. The subpoena commands

compliance with the subpoena be had on Saturday, November 14, 2020 at

10:00 am. [Doc. 1001-1].

      After receiving notice of the subpoena, State Defendants' counsel, on

November 9, 2020, sought to request an extension for compliance with the

subpoena. Curling Plaintiffs' counsel refused to agree to such an extension for

the subpoena, demanding compliance with three of the requests on Saturday,

November 14, 2020.[1] Ms. Fuchs, as Deputy Secretary of State, is currently of

course consumed with her responsibilities in certifying the results of the

November 2020 Election at this time. Making matters worse, Ms. Fuchs is

also currently quarantining due to possible exposure to the coronavirus.

      State Defendants are cognizant of this Court's standing order regarding

discovery disputes amongst the parties. However, due to the short time for

compliance (during a busy time for staff of the Secretary), Curling counsel's

apparent unwillingness to discuss modification of the subpoena, the

procedural defects of the subpoena, and the irrelevant requests contained

therein, State Defendants file this Motion to Quash to avoid any waiver.

---

[1] *See* Email communications between counsel dated November 9, 2020, attached hereto as **Exhibit 1**.

## ARGUMENT

**I.    The subpoena has not been properly served under Rule 45 and seeks documents requested through normal discovery.**

First, Effective service has not occurred since a copy of the subpoena has not, to State Defendants' knowledge, been served upon Ms. Fuchs. While service on counsel for a party will generally suffice for service under Fed. R. Civ. P. 5, "Rule 45, which governs subpoenas does not expressly incorporate the service provisions of Rule 5, but rather requires that service of subpoenas '**be made by delivering a copy thereof to such person**.'" *Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (emphasis added).[2] Indeed, authority in this Circuit suggests that service on counsel for the person subject to the subpoena, rather than the person named therein, is insufficient. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding that a subpoena served on a party's counsel as opposed to the party himself was "not served in conformity with the rule").[3] This Court has also followed the rule in *Harrison*, requiring service on the

---

[2] (quoting the pre-2013 version of Fed. R. Civ. P 45(b)(1)). This requirement remains, but in a slightly different form: "Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).

[3] "Cases decided by the Court of Appeals for the Fifth Circuit before 1981 are binding precedent in the Eleventh Circuit today." *Hope v. Pelzer*, 536 U.S. 730, 742 (2002) (citing *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981)).

person named in the subpoena. *See, e.g. Klockner*, 211 F.R.D. 685, 687 (citing *Harrison*, 404 F.2d at 273); *see also Tidwell-Williams v. Northwest Georgia Health System, Inc.*, 1998 WL 1674745 *7 (N.D. Ga. Nov. 19, 1998) (citing *Harrison*, 404 F.2d at 273) (stating that Rule 45 requires personal service).

Here, the undersigned counsel understand that the subpoena was served on Mr. Ryan Germany, general counsel for the Secretary of State. And no proof of service has been filed pursuant to Rule 45(b)(4) to indicate otherwise. Accordingly, the subpoena should be quashed on this basis alone. To hold otherwise would render the plain language of Rule 45 nugatory.

Second, the Curling Plaintiffs have improperly contorted the function and purpose of Rule 45 to serve the purpose of a conventional document request. "In general, a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Al. 2010). Such subpoenas are not proper where the propounding party "ha[s] adequate opportunity to discover the demanded documents through the normal discovery process." *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 (11th Cir. 2019).

Here, not only do Curling Plaintiffs still have the opportunity to serve the same requests to State Defendants—they already have. Exactly one week

after issuing the subpoena, on November 11, 2020, Curling Plaintiffs served nearly identical requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34. A true and accurate copy of the requests for production is attached hereto as **Exhibit 2.**

## II.    The subpoena seeks documents beyond the scope of discovery and, in any event, the subpoena is unduly burdensome.

While a party may seek discovery from non-parties by issuing a Rule 45 subpoena, "[t]he standards governing scope of discovery under Rule 26(b) apply to Rule 45 as well." *Agilysis, Inc. v. Hall*, No. 1:16-cv-03557-ELR, 2018 WL 1229990 at *4 (N.D. Ga. Jan. 11, 2018). Rather than seeking documents pertaining to their claims in this case, Curling Plaintiffs instead apparently seek documents pertaining to a contemplated defamation claim. Indeed, on October 23, 2020, Curling Plaintiffs' counsel sent correspondence to the undersigned demanding the Secretary "retract and correct [the alleged] defamatory statement." *See* Oct. 23, 2020 Email from D. Cross, attached as **Exhibit 3.** Put simply, Plaintiffs have not alleged any claim for defamation and cannot use discovery in this case to pursue such a claim. But even if they had, this Court would not enjoy supplemental jurisdiction over such a state law claim where its jurisdiction is rooted in claims arising under the United

States Constitution. *See* [Doc. 645-1, p. 33] (arguing for dismissal of Curling

Plaintiffs' State law declaratory judgment claim).[4]

Even if this Court finds that the subpoena is within the scope of

discovery of this litigation, which it is not, the subpoena is unduly

burdensome. "A party or attorney responsible for issuing and serving a

subpoena must take reasonable steps to avoid imposing undue burden or

expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Curling

Plaintiffs failed to take such reasonable steps issuing an overly broad

subpoena in the midst of the 2020 Election. It is no secret that the Secretary

and his staff are at capacity with their focus on certifying election results

prior to November 20, 2020, under extraordinary circumstances and Ms.

Fuchs' exposure to the coronavirus exacerbates that reality. Seeking the

production of documents which are relevant to Curling Plaintiffs' intended

defamation claim, rather than this case, and demanding the production be

---

[4] Notably, Curling Plaintiffs apparently are unfamiliar with Georgia's anti-SLAPP statute as well, O.C.G.A. § 9-11-11.1, creating another hurdle to any such defamation claim. Regardless, the documents apparently sought to pursue such a defamation claim against Ms. Fuchs are further protected political speech of Ms. Fuchs. *See Pebble Ltd. P'ship v. Envtl. Prot. Agency,* 310 F.R.D. 575, 582 (D. Alaska 2015) (citing *Wyoming v. U.S. Dept. of Agriculture,* 208 F.R.D 449, 454 (D.D.C. 2002)).

made on the Saturday ten days following ineffective service (at Plaintiffs'

presumably closed law firm) is on its face unduly burdensome.

Respectfully submitted this 13th day of November, 2020.

/s/ Carey A. Miller
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249
*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that the foregoing STATE DEFENDANTS' CONSOLIDATED
MOTION TO QUASH SUBPOENA TO JORDAN FUCHS AND BRIEF IN
SUPPORT has been prepared with one of the font and point selections
approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been
prepared using 13-pt Century Schoolbook font.

*/s/ Carey A. Miller*
Carey A. Miller