**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, *et al.*, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | 1:17-CV-02989-AT |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BRAD RAFFENSPERGER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**<u>MARY CAROLE COONEY, VERNETTA NURIDDIN, KATHLEEN D. RUTH, MARK WINGATE, AND AARON JOHNSON'S RESPONSE TO COALITION PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES</u>**

Kaye Woodard Burwell
                                Georgia Bar No. 775060
                                Cheryl M. Ringer
                                Georgia Bar No. 557420
                                David R. Lowman
                                Georgia Bar No. 460298

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia  30303
(404) 612-0246
(404) 730-6324 (fax)

i

COME NOW the Members of the Fulton County Board of Registration and Elections, Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate, and Aaron Johnson and respond to Coalition Plaintiffs' Renewed Motion for Attorneys' Fees and Costs by incorporating the arguments and reasons contained in their previous briefs on this issue (Docs. 661, 667)[1] and by showing this Honorable Court the following:

## I. BACKGROUND

The Fulton County BRE is comprised of residents of Fulton County that have heeded the call to serve the citizens and voters of Fulton County. They are both Democrats and Republicans. Their occupations include, among others, attorneys and physicians. Their mandate is to ensure that Fulton County elections comply with applicable federal and state law and are worthy of the public's trust. They are constrained by state law to follow the will of the Georgia General Assembly as set forth in state law. They have each taken an oath to attend to all primaries and elections in Fulton County and to truly, impartially and faithfully perform their duties in accordance with Georgia law; and they have done just that.

---

[1] These Defendants also incorporate herein and adopt the arguments of the State Defendants in their response(s) to Coalition Plaintiffs' Renewed Motion for Attorneys' Fees and Costs.

The plaintiffs[2], represented by a revolving door of lawyers, have an agenda that is counter to the will of the people of Georgia. The agenda of these plaintiffs is to deprive Georgia voters of the ability to vote by means other than hand-marked paper ballots. Notwithstanding that plaintiffs have not identified a single reported instance of fraud via voting machine, these plaintiffs seek to dictate how Georgia's 5 million voters will cast their votes. However, Georgia's voters elected the members of the Georgia General Assembly and tasked them, not Plaintiffs, with making these determinations. Plaintiffs are seeking an end-run around our democratic process and are seeking to enrich their lawyers at the expense of these citizen members of the Fulton County BRE.

After this Court granted in part and denied in part Plaintiffs' Motions for Preliminary Injunction on August 15, 2019, Coalition Plaintiffs filed a motion for attorney's fees as prevailing parties under 42 U.S.C. § 1988 (Doc. 595), the Members of the Fulton County BRE filed a response (Doc. 661), to which the Plaintiffs replied on January 21, 2020 (Doc. 705).[3]

---

[2] This case was initially brought by Donna Curling, Coalition for Good Governance, Donna Price, Jeffrey Schoenberg, Laura Digges, William Digges III, and Ricardo Davis, all represented by two lawyers from one law firm, Holcomb & Ward, LLP.

[3] Coalition Plaintiffs seek an award of $1,483,422 in fees and $415,959 in expenses, for a total award of $1,899,381 (Doc. 705 at 42).

On May 26, 2020, the Court denied the motions for fees without prejudice. (Doc. 733). On October 11, 2019, Plaintiffs filed a Joint Motion for Sanctions (Doc. 623) seeking monetary sanctions of $297,368.49 against State Defendants based on their alleged obstructive discovery tactics in connection with the GEMS database. On August 10, 2020, the Court denied the Joint Motion for Sanctions without prejudice, stating that it would "take up the issue of imposing purely monetary sanctions for alleged past discovery abuses at the conclusion of this case along with other fee issues, as appropriate." (Doc. 771).

Coalition Plaintiffs have now renewed their fee request based upon their "successful efforts to obtain a preliminary injunction against the State's continued use of the DRE/GEMS voting system." (Doc. 667 at p. 3). However, it should be noted that this litigation was filed July of 2017 challenging the DRE/GEMs voting system, after it was already clear that the State of Georgia was moving away from the DRE/GEMS system and to a new voting system statewide. As a matter of fact, in 2017, ES&S conducted a small pilot test of its electronic ballot marking devices for a municipal election in Rockdale County, Georgia, laying the groundwork for its selection as the vendor for Georgia's new machines.[4] Plaintiffs know that their suit

---

[4] https://www.ajc.com/news/state--regional-govt--politics/paper-ballots-pass-election-day-test-georgia/aSxtI3JO1voMq2X2ukxzxK/

was filed after the State of Georgia was in the process of retiring the DRE voting system. If this suit had never been filed, the DRE-base voting system would have still been retired at the end of 2019. As such, the Members of the Fulton County BRE hereby show that the Coalition Plaintiffs are not entitled to an interim award of attorneys' fees in this case.

## II.   STANDARD OF REVIEW

In an action brought under 42 U.S.C. § 1983, the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Unless Plaintiffs fit within this definition, they are subject to the general rule in U.S. courts that requires each party in litigation to bear its own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 248, 95 S.Ct. 1612, 1616 (1975); *D'Aguanno v. Gallagher,* 50 F.3d 877, 882 (11th Cir. 1995).

## III.   ARGUMENTS AND CITATIONS TO AUTHORITY

"To qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgement or settlement." *Walker v. City of Mesquite, TX*, 313 F.3d 246, 249 (5th Cir. 2002). As will be

4

discussed below, Plaintiffs are not prevailing parties against the members of the Fulton County BRE and, therefore, are not entitled to fees from them.

### A. Coalition Plaintiffs Do Not Address the Financial Affairs of the Fulton County BRE In Their Renewed Motion.

In their argument for the imposition of attorney's fees, the Coalition Plaintiffs discuss the fiscal affairs of the State, stating "Fortunately, the State of Georgia's financial condition has dramatically improved since the Court's May 26, 2020 Order. Indeed, the State's financial condition is sound and has improved substantially since this time a full year ago, before the COVID-19 pandemic." (Doc. 967, at p. 6). However, there is no mention of the financial condition of the members of the Fulton County BRE. There is no testimony or evidence regarding the financial condition of these citizen members of the BRE.

In *Council for Periodical Distributors Ass'ns v. Evans*, the Eleventh Circuit recognized that in certain cases an award of attorney's fees under 42 U.S.C. § 1988 should not be imposed jointly and severally upon multiple defendants. 827 F.2d 1483, 1487-88 (11th Cir. 1987). "Fees can be divided according to relative culpability of the various defendants." *Id*. Here, the Court should not award any attorneys' fees against the Members of the Fulton County BRE because they have no authority over the matters about which Plaintiffs have complained.

Plaintiffs brought this case to challenge the mandated, *state wide* voting system. The case was originally brought against several county defendants; and arguably should have included all 159 counties in Georgia as defendants. Now, the Coalition Plaintiffs are seeking fees for work that includes discovery and motions against non-defendant counties. Coalition Plaintiffs have been propounding and receiving discovery from (and having discovery disputes with) other counties. The members of the Fulton County BRE should certainly not be required to bear fees for an issue that is state-wide.

To the extent Plaintiffs are seeking attorneys' fees from the six members of the BRE, such a request is unreasonable and unfair. The Fulton County BRE members have continuously argued that the injunctive relief sought by Plaintiffs impacts all 159 county boards of registration and elections and election superintendents throughout the State of Georgia, and that they could not provide or implement the relief sought by Plaintiffs. Indeed most of the relief sought by the Coalition Plaintiffs was specifically requested of the Secretary of State. (Doc. 419, pp. 1-5). As such, it is unreasonable for Plaintiffs to seek attorneys' fees against the one exemplar County BRE that Plaintiffs kept in the case after dismissing the other county defendants. (Doc. 225).

### B. Plaintiffs Are Incorrect in Asserting that Only the First of the *Walters* Factors is Applicable in This Case, with Respect to the Fulton County BRE.

In its Order denying the Motions for Fees without prejudice, the Court relied upon the first two of four factors that the district court in *Walters v. City of Atlanta*, 652 F. Supp. 755 (N.D. Ga. 1985), identified as considerations that courts should use to evaluate requests for an interim award of fees: namely, "(1) whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated," and "(2) whether the moving party will be unable to continue litigating the case absent an interim award." (Doc. 733 at 3).[5] Neither of these factors have changed with respect to Coalition Plaintiffs in this case, and their Renewed Motion for Fees must be denied.

First, as the Court stated in its Order, "[p]laintiffs themselves argue that their original claims challenging Georgia's former DRE voting system which has been discontinued are fundamentally the same in their objective as their newly asserted claims challenging Georgia's BMD voting system. Indeed, the ultimate relief requested – an order requiring Georgia to move to hand-marked paper ballots for all elections – is identical for both sets of claims. Thus, if Plaintiffs' arguments are to

---

[5] Plaintiffs continue to litigate this matter with multiple attorneys from out of state. (*See* Exhibit A, attached hereto for the list of attorneys have entered an appearance on behalf of the Coalition Plaintiffs).

7

be accepted, the first factor would weigh against an award now because the grounds for an interim fee award may arguably not be sufficiently discrete from matters remaining to be litigated." (Doc. 733, at 5). This is still true given the current posture of this case.

Second, neither group of Plaintiffs have asserted that their counsel will be unable to continue litigating this case, or unable to take on other election cases, due to a lack of resources (i.e. the second of the Walters' factors). The Court in its discretion held it is "more prudent to wait until a final resolution of this case to award fees." (Doc. 733, at 6). In making this determination, the Court recognized the immediate pressing needs and deficits the State must address due to the current public health crisis and the reverberating economic fallout from the COVID-19 pandemic. As the Court stated, the 2020 election cycle under the pandemic circumstances may well demand expenditures beyond the norm. *Id.* This is also still true for Fulton County in this case, whose citizens' tax dollars fund elections. Further, it would be impossible for the members of the BRE to fund Plaintiffs' agenda. Thus, Coalition Plaintiffs' motion should still be denied.

Coalition Plaintiffs have now asserted "that only the first factor –'whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated' – is actually relevant in the context of Coalition Plaintiff's current motion."

(Doc. 967, at p. 8).  However, with respect to the members of the Fulton County BRE, the matters to be litigated are essentially the same.   Coalition Plaintiffs are seeking "interim fees for their successful efforts to obtain a preliminary injunction *against the State's continued use* of the DRE/GEMS voting system." (Doc. 967, p. 3).  Accordingly, it cannot be said that Plaintiffs were prevailing parties with respect to the members of the Fulton County BRE, as there was no conduct of the Fulton County BRE that was sought to be changed or enjoined.  Fulton County's election board, like the other 158 counties in the State of Georgia, is bound by law to use whatever voting system that state law mandates.

Further, the Order on the Renewed Motion for Preliminary Injunction ("Order") did nothing to materially alter the behavior of the Fulton County BRE or their relationship with the other parties. Indeed, the Order <u>denied</u> the preliminary injunction with respect to elections taking place in 2019. Thus, the Fulton County BRE moved forward with the September 2019 and November 2019 elections as they normally would have absent the Court's order – by using the DREs – and not with the hand-marked paper ballots sought by Plaintiffs.

The Fulton County BRE is using the new state-instituted Ballot Marking Devices for elections taking place in 2020. Accordingly, it cannot be said that Plaintiffs were prevailing parties with respect to the manner in which the Fulton

County BRE conducted elections after issuance of the Order. Nor were Plaintiffs prevailing parties with respect to the relief they sought – an election with only hand-marked paper ballots.  As such, as against the members of the Fulton County BRE, the Order **did not** modify the Fulton County BREs behavior or provide the relief sought by Plaintiffs at the time the judgment was issued.

From the Fulton County BRE's perspective, the matters being litigated are the same; *whether they will be conducting elections on the state-wide electronic voting system, instead of hand marked paper ballots; as the Plaintiffs desire.*

This Court previously recognized that Georgia law confers on the Georgia Secretary of State the primary responsibility to manage Georgia's electoral system. (Doc. 579, p.17, citing O.C.G.A. §21-2-50(b)). The Secretary of State has the statutory responsibility to "develop, program, build, and review ballots for use by counties and municipalities on voting systems in use in the state." O.C.G.A. §21-2-50(a)(15). In their Third Amended Complaint, the Coalition Plaintiffs point to actions taken by the Members of the Fulton County BRE "[w]ith the authorization of Defendants Kemp and the State Board." (Doc. 226 ¶¶135-138). This case is about State law and choices made by the Georgia General Assembly and the Secretary of State. Only from the State Defendants could Plaintiffs get the relief they now use as

a basis for an award of attorneys' fees. The Fulton County BRE members were not necessary parties with respect to state action.

Coalition Plaintiffs' reliance on *Common Cause, Georgia v. Billups*, 554 .3d 1340 (11th Cir. 2009), does not weigh in favor of awarding fees against the Fulton County BRE. In *Common Cause*, the district court preliminarily enjoined the enforcement of Georgia's voter identification law. After the entry of the preliminary injunction, the state repealed the law and replaced it with another voter identification law. The plaintiffs amended their complaint to challenge the new law, which was rejected on the merits by the district court. In ruling that plaintiffs could recover fees, the Court ruled that the plaintiffs had "materially altered their relationship with the election officials" because the "injunction prevented Georgia from enforcing the requirement of photo identification for in-person voting." 554 F.3d at 1356.

Plaintiffs now analogize that holding to the present case. However, such an analogy is based upon, "[t]he State's decision to purchase the Dominion Voting System, like the State's rewriting of the voter identification law in Common Cause . . . ," (Doc. 967 at p. 14) altering the legal relationship between the parties. The legal relationship between the Coalition Plaintiffs and the Fulton County BRE has not been altered by the preliminary injunction, as the Fulton County BRE has no authority to create the law requiring the state-wide DRE based electronic voting

11

system or to re-write the law.  As has been hammered home in the numerous briefs and papers in this case, the Georgia Secretary of State has the primary responsibility to manage Georgia's electoral system.  The Fulton County BRE has no authority or responsibility to do so.

As a result, no portion of any attorneys' fees this Court may award should be imposed on the Members of the Fulton County BRE. The Members of the Fulton County BRE had no authority over the matters that were the subject of the relief granted by this Court.  Any judgment for the fees Plaintiffs are requesting from the members of the Fulton County BRE would be against individual citizens who serve on the BRE, not some entity described by plaintiffs as the "Fulton Defendants."

### IV.   CONCLUSION

Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate, and Aaron Johnson, the Fulton County citizens who answered the call to serve on the Fulton County Board of Registrations and Elections,  respectfully request that the Court deny Coalition Plaintiffs' Renewed Motion for Attorneys' fees or, alternatively, deny the requests with respect to the BRE members.  If the Court were to assess attorneys' fees against the members of the BRE, we request that the court apportion, as to them, only 1/159 of any reasonable attorneys' fees and expenses

since the preliminary injunction order applies equally to all 159 boards of registration and elections in Georgia.

This 2nd day of December, 2020.

Respectfully submitted,

OFFICE OF THE FULTON COUNTY ATTORNEY

/s/ Cheryl M. Ringer
Cheryl M. Ringer
Georgia Bar No. 557420

Kaye Woodard Burwell
Georgia Bar No. 775060

David R. Lowman
Georgia Bar No. 460298

141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia  30303
(404) 612-0246
(404) 730-6324 (fax)

## **CERTIFICATION**

The undersigned counsel hereby certifies that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B) (Times New Roman 14-point) and that the brief complies with the page length limitations in Local Rule 7.1(D).

/s/ Cheryl M. Ringer
Cheryl M. Ringer
Georgia Bar No. 557420

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **FULTON COUNTY DEFENDANTS' RESPONSE TO COALITION PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES** by means of the Court's CM/ECF system upon all counsel of record who have registered with that system.

This 2nd day of December, 2020.

/s/ Cheryl M. Ringer
Cheryl M. Ringer
Georgia Bar No. 557420