## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, *et al.,* | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-CV-02989-AT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD RAFFENSPERGER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>MARY CAROLE COONEY, VERNETTA NURIDDIN, KATHLEEN D. RUTH, MARK WINGATE, AND AARON JOHNSON'S RESPONSE TO CURLING PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES</u>

Kaye Woodard Burwell
Georgia Bar No. 775060
Cheryl M. Ringer
Georgia Bar No. 557420
David R. Lowman
Georgia Bar No. 460298

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia  30303
(404) 612-0246
(404) 730-6324 (fax)

COME NOW the Members of the Fulton County Board of Registration and Elections, Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate, and Aaron Johnson and respond to Curling Plaintiffs' Renewed Motion for Attorneys' Fees and Costs by incorporating the arguments and reasons contained in their previous briefs on this issue (Docs. 661, 667)[1] and by showing this Honorable Court the following:

## I.   <u>BACKGROUND</u>

The Fulton County BRE is comprised of residents of Fulton County that have heeded the call to serve the citizens and voters of Fulton County. They are both Democrats and Republicans. Their occupations include, among others, attorneys and physicians. Their mandate is to ensure that Fulton County Elections comply with applicable federal and state law and are worthy of the public's trust. They are constrained by state law to follow the will of the Georgia General Assembly as set forth in state law. They have each taken an oath to attend to all primaries and elections in Fulton County and to truly, impartially and faithfully perform their duties in accordance with Georgia law; and they have done just that.

---

[1] These Defendants also incorporate herein and adopt the arguments of the State Defendants in their response(s) to Curling Plaintiffs' Renewed Motion for Attorneys' Fees and Costs.

The Curling plaintiffs[2], on the other hand, represented by a host of lawyers, many from out of state, have an agenda that is counter to the will of the people of Georgia. The agenda of these plaintiffs is to deprive Georgia voters of the ability to vote by means other than hand-marked paper ballots. Notwithstanding not a single reported instance of fraud via voting machine, these plaintiffs seek to determine how Georgia's 5 million voters will cast their votes.

The Original Complaint in this case was brought against the State Election Board, and the superintendents and boards of registration and elections for Cobb County, DeKalb County, Fulton County, as well as the Center for Election Systems at Kennesaw State and its director. The case was described by Plaintiffs in the Introduction paragraph of their Complaint as one questioning "the precise results" of the June 20, 2017 runoff election between Karen Handel and John Ossoff. (Dkt. 1, p. 4) The Complaint, included an election contest, a request for recanvassing of votes, a request for a re-examination of the system among other things. (Dkt 1) The operative complaint today is miles away from the initial Complaint and Plaintiffs

---

[2] This case was initially brought by Donna Curling, Coalition for Good Governance, Donna Price, Jeffrey Schoenberg, Laura Digges, William Digges III, and Ricardo Davis, all represented by two lawyers from one law firm, Holcomb & Ward, LLP. Steptoe & Johnson was handling the case (*pro bono),* but the Coalition for Good Governance objected to this representation and Steptoe & Johnson withdrew. (Dkt. 128)

seek to saddle the citizen members of the BE with the fees incurred by the many redundant lawyers representing these plaintiffs.

It is important to note that up to and including their latest filings, Plaintiffs have never proven any inaccuracy in the reporting of results from the DRE-based voting system. Instead, Plaintiffs identified what they termed "vulnerabilities" and a "likely compromised system". Based upon these vulnerabilities, Plaintiffs set forth a host of alleged claims that changed and morphed over the years with various amendments and new attorneys. Plaintiffs should not be allowed to saddle these defendants with attorneys' fees resulting from the choice to object to pro bono counsel and then change lawyers and strategy again and again.

After this Court granted in part and denied in part Plaintiffs' Motions for Preliminary Injunction on August 15, 2019, Curling Plaintiffs filed a motion for attorney's fees as prevailing parties under 42 U.S.C. § 1988 (Doc. 596)[3], the Fulton Defendants filed a response (Doc. 661), to which the Plaintiffs replied on January 21, 2020 (Doc. 706).

Curling Plaintiffs have now renewed their fee request based upon, "the injunction this Court awarded in August 2019, which effectively became a

---

[3] Curling Plaintiffs seek an award of $4,403,385.30 (Doc. 706 at 44).

permanent injunction with Defendants' abandonment of the DRE and GEMS components of Georgia's election system . . ." (Doc. 998 at p. 1). It must be noted that this challenge to the DRE-based voting system was filed in July of 2017, after it was already clear that the State of Georgia was moving away from the DRE/GEMS system and to a new voting system statewide. As a matter of fact, in 2017, ES&S conducted a small pilot test of its electronic ballot marking devices for a municipal election in Rockdale County, Georgia, laying the groundwork for its selection as the vendor for Georgia's new machines.[4] Plaintiffs know that their suit was filed after the State of Georgia was in the process of retiring the DRE voting system. Thus, if this case had never been filed, the DRE-based voting system would have ceased to be used in the State of Georgia in 2019. Thus, the Members of the Fulton County BRE hereby show that the Curling Plaintiffs are not entitled to an interim award of fees in this case.

## II.   **STANDARD OF REVIEW**

In an action brought under 42 U.S.C. § 1983, the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Unless Plaintiffs fit within this definition, they are subject to the

---

[4] https://www.ajc.com/news/state--regional-govt--politics/paper-ballots-pass-election-day-test-georgia/aSxtI3JO1voMq2X2ukxzxK/

general rule in U.S. courts that requires each party in litigation to bear its own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 248, 95 S.Ct. 1612, 1616 (1975); *D'Aguanno v. Gallagher,* 50 F.3d 877, 882 (11th Cir. 1995).

## III.    <u>ARGUMENT AND CITATIONS TO AUTHORITY</u>

"To qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgement or settlement." *Walker v. City of Mesquite, TX*, 313 F.3d 246, 249 (5th Cir. 2002). As will be discussed below, Plaintiffs are not prevailing parties against the members of the Fulton County BRE and, therefore, are not entitled to fees from them.

### A. Curling Plaintiffs Do Not Address the Financial Affairs of the Fulton County BRE In Their Renewed Motion.

In their argument for the imposition of attorney's fees, the Curling Plaintiffs discuss the fiscal affairs of the State, stating "But Curling Plaintiffs also agree that the State's financial position in the current emergency has improved and stabilized. Thus, even if this were a valid consideration for the Court in deciding this request under 42 U.S.C. § 1988—and Curling Plaintiffs respectfully submit it is not—it does not weigh against the request." (Doc. 998, at p.5- 6).  However, there is no mention

of the financial condition of members of the Fulton County BRE.  There is no testimony or evidence regarding the financial condition of these citizen members of the Fulton County BRE.

In *Council for Periodical Distributors Ass'ns v. Evans*, the Eleventh Circuit recognized that in certain cases an award of attorney's fees under 42 U.S.C. §1988 should not be imposed jointly and severally upon multiple defendants. 827 F.2d 1483, 1487-88 (11th Cir. 1987). "Fees can be divided according to relative culpability of the various defendants." *Id*. Here, the Court should not award any attorneys' fees against the Members of the Fulton County BRE because they have no authority over the matters about which Plaintiffs have complained.

Plaintiffs brought this case to challenge the mandated, ***statewide*** voting system that was originally brought against several county defendants; and arguably should have included all 159 counties in Georgia as defendants.  Now the Curling Plaintiffs are seeking fees for work that includes discovery and motions against non-defendant counties. Curling Plaintiffs have been propounding and receiving discovery from (and having discovery disputes with) other counties.  The members of the Fulton County BRE should certainly not be required to bear fees for an issue that is state wide.

To the extent Plaintiffs are seeking attorneys' fees from the six members of the BRE, such a request is unreasonable and unfair. The Fulton County BRE members have continuously argued that the injunctive relief sought by Plaintiffs impacts all 159 county boards of registration and elections and election superintendents throughout the State of Georgia, and that they could not provide or implement the relief sought by Plaintiffs. Indeed most of the relief sought by the Curling Plaintiffs was specifically requested of the Secretary of State. (Doc. 387-1, pp. 1-10). As such, it is unreasonable for Plaintiffs to seek attorneys' fees against the one exemplar County BRE that Plaintiffs kept in the case after dismissing the DeKalb County Defendants and the Cobb County Defendants. (Doc. 225).

### B. Plaintiffs Are Incorrect in Asserting that the *Walters* Factors Support their Request for Fees, with Respect to Fulton County BRE.

In its Order denying the Motions for Fees without prejudice, the Court relied upon the first two of four factors that the district court in *Walters v. City of Atlanta*, 652 F. Supp. 755 (N.D. Ga. 1985), identified as considerations that courts should use to evaluate requests for an interim award of fees: namely, "(1) whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated," and "(2) whether the moving party will be unable to continue litigating

the case absent an interim award." (Doc. 733 at 3).[5]  Neither of these factors have changed with respect to Curling Plaintiffs in this case, and their Renewed Motion for Fees must be denied.

First, as the court stated in its Order, "[p]laintiffs themselves argue that their original claims challenging Georgia's former DRE voting system which has been discontinued are fundamentally the same in their objective as their newly asserted claims challenging Georgia's BMD voting system. Indeed, the ultimate relief requested – an order requiring Georgia to move to hand-marked paper ballots for all elections – is identical for both sets of claims. Thus, if Plaintiffs' arguments are to be accepted, the first factor would weigh against an award now because the grounds for an interim fee award may arguably not be sufficiently discrete from matters remaining to be litigated." (Doc. 733, at 5).  This is still true in this case.

Second, neither group of Plaintiffs asserted that their counsel will be unable to continue litigating this case, or unable to take on other election cases, due to a lack of resources.  The Court in its discretion held it is "more prudent to wait until a final resolution of this case to award fees."  (Doc. 733, at 6).  In making this

---

[5] Plaintiffs continue to litigate this matter with multiple attorneys from out of state. (*See* Exhibit A, attached hereto for the list of attorneys have entered an appearance on behalf of the Curling Plaintiffs).

determination, the Court recognized the immediate pressing needs and deficits the State must address due to the current public health crisis and the reverberating economic fallout from the COVID-19 pandemic.  As the Court stated that the 2020 election cycle under the pandemic circumstances may well demand expenditures beyond the norm.  *Id.* This is also still true for Fulton County in this case, whose citizens' tax dollars fund elections.  Further, it would be impossible for the members of the BRE to fund Plaintiffs' agenda.  Thus, Curling Plaintiffs' motion should still be denied.

Curling Plaintiffs assert that they are entitled to fees "based on the first factor alone," that is 'whether the grounds for an interim award are sufficiently discrete from matters remaining to be litigated' (Doc. 998, at p. 7).   However, with respect to the members of the Fulton County BRE, the matters to be litigated are essentially the same.   Curling Plaintiffs are seeking interim fees for their successful efforts to obtain a preliminary injunction ***against the use*** of the DRE/GEMS voting system in Georgia.  ***State Defendants*** did not appeal the prohibition against the DRE/GEMS system's use . . ." (Doc. 998, p. 3).   Accordingly, it cannot be said that Plaintiffs were prevailing parties with respect to members of the Fulton County BRE, as there was no conduct of the Fulton County BRE that was sought to be changed or enjoined.

Fulton County's election board, like the other 158 counties in the State of Georgia, is bound by law to use whatever voting system that state law mandates.

Further, the Order on the Renewed Motion for Preliminary Injunction ("Order") did nothing to materially alter the behavior of the Fulton County BRE or their relationship with the other parties. Indeed, the Order <u>denied</u> the preliminary injunction with respect to elections taking place in 2019. Thus, the Fulton County BRE moved forward with the September 2019 and November 2019 elections as they normally would – by using the DREs – and not the hand-marked paper ballots sought by Plaintiffs.

The Fulton County BRE is using the new state-instituted Ballot Marking Devices for elections taking place in 2020. Accordingly, it cannot be said that Plaintiffs were prevailing parties with respect to the manner in which the Fulton County BRE conducted elections after issuance of the Order. Nor were they prevailing parties with respect to the relief they sought – an election with only hand-marked paper ballots.  As such, as against the members of the Fulton County BRE, the Order **did not** modify the Fulton County BREs behavior or provide the relief sought by Plaintiffs at the time the judgment was issued.

From the Fulton County BRE's perspective, the matters being litigated are the same; *whether they will be conducting elections on the state-wide electronic voting system, instead of hand-marked paper ballots; as the Plaintiffs desire.*

This Court previously recognized that Georgia law confers on the Georgia Secretary of State the primary responsibility to manage Georgia's electoral system. (Doc. 579, p.17, citing O.C.G.A. §21-2-50(b)).  The Secretary of State has the statutory responsibility to "develop, program, build, and review ballots for use by counties and municipalities on voting systems in use in the state." O.C.G.A. §21-2-50(a)(15).  In their Second Amended Complaint, the Curling Plaintiffs allege Defendants violated Plaintiffs' fundamental right to vote by deploying a DRE voting equipment system mandated by State Defendants.  (Doc. 70 ¶¶ 61-65). This case was about State law and choices made by the Georgia General Assembly and the Secretary of State.  Only from the State Defendants could Plaintiffs get the relief they now use as a basis for an award of attorneys' fees. The Fulton County BRE members were not necessary parties.

Plaintiffs' reliance on *Common Cause, Georgia v. Billups*, 554 .3d 1340 (11th Cir. 2009), does not weigh in favor of awarding fees against the Fulton County BRE. In *Common Cause*, the district court preliminarily enjoined the enforcement of Georgia's voter identification law.  After the entry of the preliminary injunction, the

state repealed the law and replaced it with another voter identification law. The plaintiffs amended their complaint to challenge the new law, which was rejected on the merits by the district court.

In ruling that plaintiffs could recover fees, the Court ruled that the plaintiffs had "materially altered their relationship with the election officials" because the "injunction prevented Georgia from enforcing the requirement of photo identification for in-person voting." 554 F.3d at 1356. However, the legal relationship between the Curling Plaintiffs and the Fulton County BRE has not been altered by the preliminary injunction, as the Fulton County BRE has no authority to create the law requiring the state-wide DRE based electronic voting system or to re-write the law. As has been hammered home in the numerous briefs and papers in this case, the Georgia Secretary of State the primary responsibility to manage Georgia's electoral system. The Fulton County BRE has no authority or responsibility to do so.

Additionally, Curling Plaintiffs argue, "Plaintiffs previously filed for sanctions on the basis of *State Defendants'* obstruction of—and repeated false claims about—important discovery relevant to the GEMS databases. Plaintiffs' joint submissions at Dkt. 623 and Dkt. 656 provide extensive detail regarding the improper tactics *State Defendants* have long employed and continue to employ in

this case, which cause unnecessary expenditures and financial burden that ***State Defendants*** should have to bear. The Court need only review the last couple months of filings as a reminder of the tiresome, expensive, and improper tactics employed in this case. This factor weighs heavily in Curling Plaintiffs' favor." (Doc. 998, p. 10).

Curling Plaintiffs do not and cannot point to or allege any conduct or "tactics" on the part of the Fulton County Defendants that have been employed to obstruct, delay or cause any unnecessary expense in this case.  It would be improper to impose any award of fees or expenses against the members of the Fulton County BRE in this case, which Curling Plaintiffs seek, "to finally ***hold State Defendants accountable*** for their improper litigation tactics," in this case." (Doc. 998, p. 11).

As a result, no portion of any attorneys' fees this Court may award should be imposed on the Members of the Fulton County BRE. The Members of the Fulton County BRE had no authority over the matters that were the subject of the relief granted by this Court; and employed no "dilatory tactics" for which Curling Plaintiffs seek relief.  Any judgment for the fees Plaintiffs are requesting from the members of the Fulton County BRE would be against individual citizens who serve on the BRE, not an entity.

## IV.     <u>CONCLUSION</u>

Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate, and Aaron Johnson, the Fulton County citizens who answered the call to serve on the Fulton County Board of Registrations and Elections,  respectfully request that the Court deny Curling Plaintiffs' Renewed Motion for Attorneys' fees or, alternatively, deny the requests with respect to the BRE members.  If the court were to assess attorneys' fees against the members of the BRE, we request that the court apportion only 1/159 of the reasonable attorneys' fees and expenses against them since the order applies to all 159 boards of registration and elections in Georgia.

This 2nd day of December, 2020.

Respectfully submitted,

OFFICE OF THE FULTON COUNTY ATTORNEY

<u>/s/ Cheryl M. Ringer</u>
Cheryl M. Ringer
Georgia Bar No. 557420

Kaye Woodard Burwell
Georgia Bar No. 775060

David R. Lowman
Georgia Bar No. 460298

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia  30303

14

(404) 612-0246
(404) 730-6324 (fax)

## **<u>CERTIFICATION</u>**

The undersigned counsel hereby certifies that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B) (Times New Roman 14-point) and that the brief complies with the page length limitations in Local Rule 7.1(D).

/s/ Cheryl M. Ringer
Cheryl M. Ringer
Georgia Bar No. 557420

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing **FULTON COUNTY DEFENDANTS' RESPONSE TO CURLING PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES** by means of the Court's CM/ECF system upon all counsel of record who have registered with that system.

This 2nd day of December, 2020.

<u>/s/ Cheryl M. Ringer</u>
Cheryl M. Ringer
Georgia Bar No. 557420