IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

JOINT DISCOVERY STATEMENT
REGARDING PUBLIC STATEMENTS ABOUT THIS CASE, PLAINTIFFS
AND THEIR EXPERTS, AND THE JUDGE

Per the Order denying State Defendants' Motion to Quash Subpoena to Jordan Fuchs and directing State Defendants to comply with this Court's dispute resolution procedures (Dkt. 1012), the parties have conferred regarding the subpoena that was the subject of that Motion and present the following dispute for resolution.

*Plaintiffs' Position*

Plaintiffs seek very narrow and necessary discovery from Jordan Fuchs, Deputy Secretary of State, concerning public statements she made about *this case*:

> Filing a lawsuit and *confusing a federal judge with your misleading claims* doesn't turn disinformation into accurate information. *Other federal judges have more accurately found that these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility*. Did the AJC explore any of those *decisions* as part of their 'investigation'? Probably not.[1]

These claims about Plaintiffs, their experts, and this Court are false. Plaintiffs are aware of no "decisions" from any "federal judges" finding that they "have zero credibility." Nor have Plaintiffs spread "disinformation" or "confus[ed]" Judge Totenberg. Tellingly, State Defendants refuse to produce or identify *any* documents supporting these allegations. Ms. Fuchs has simply not responded to the subpoena.

The current dispute is limited to *three* discrete requests (4, 10, and 11) regarding Ms. Fuchs' statements.[2] State Defendants' sole objection is relevance. They again burden this Court with a frivolous dispute, incredibly claiming that statements explicitly about this case made by the Deputy Secretary of State, personally and officially on behalf of State Defendants, hold no relevance. First,

---

[1] Ga. Sec'y of State, *In High-Stakes Election, Atlanta's Newspaper Susceptible to Election Disinformation Campaigns* (Oct. 24, 2020), https://sos.ga.gov/index.php/elections/in_highstakes_election_atlantas_newspaper_susceptible_to_election_disinformation_campaigns (emphasis added).

[2] *See* Exhibit 1. Plaintiffs are reserving their position regarding the other requests in the subpoena.

1

State Defendants and Ms. Fuchs felt the statements *about this case* were important enough to make publicly—and to keep public, without correction, after Plaintiffs objected. (Dkt. 1010-3.) Second, if Ms. Fuchs and State Defendants actually have federal court "decisions" and other materials that they contend show that Plaintiffs and their experts "have zero credibility," Plaintiffs are entitled to obtain those in discovery. State Defendants have attacked Plaintiffs' and their experts' credibility in this case already, and they should not be permitted to sandbag Plaintiffs with these materials later. (*See*, *e.g.*, Dkt.. 821 at 5.) State Defendants claim to have "18 categories of documents" responsive to the three narrow requests at issue. If true, they are obligated to produce those documents now. Third, if Ms. Fuchs and State Defendants have no documents to substantiate their statements, establishing this is highly relevant for the Court to evaluate their credibility—or lack thereof. Fourth, Ms. Fuchs' public statements bear directly on the public interest element of this case, as they expressly concern the integrity of these proceedings. Fifth, Plaintiffs and their experts depend on their integrity and reputations for vital cooperation from third parties, such as county officials and other election security experts, to develop necessary information for this case. Ms. Fuchs' attacks have a chilling effect on that cooperation, impeding Plaintiffs' ability to prosecute their claims. Ms. Fuchs and State Defendants must produce documents now in discovery substantiating their public statements—or admit they have none.

*State Defendants' Position*

Both groups of Plaintiffs in this case and their counsel have advocated publicly for hand-marked paper ballots at State Election Board meetings and before the legislature and have attacked the positions of State Defendants publicly and in the press.[3] When the Secretary of State's Office responded to an article in the *Atlanta-Journal Constitution* about this case in a press statement, Curling Plaintiffs sought to use a Rule 45 subpoena on an employee of a party in this case to seek what they could have obtained through normal document requests.[4] Perhaps in recognition of this inappropriate use of a Rule 45 subpoena, Curling Plaintiffs also issued Rule 34 document requests to State Defendants that included three requests that were identical to the three "discrete requests (4, 10, and 11)" about which Curling Plaintiffs now lodge this dispute. Indeed, on Friday, November 27, State Defendants responded to those document requests, including the exact same requests giving rise to Curling Plaintiffs' current dispute. For each response, State

---

[3] Georgians for Verified Voting (led by Ms. Curling) and the Coalition for Good Governance both seek hand-marked ballots, have lobbied the legislature for that system, and regularly make public statements advocating for their preferred system. The political advocacy by those involved in this case includes lead counsel for Curling Plaintiffs, who has publicly referred to Vice President Pence as excrement (https://twitter.com/Cross_Examine/status/1314027637996695554) and claimed that support for President Trump is "grounded in racism" (https://twitter.com/Cross_Examine/status/1200659298688352257).

[4] State Defendants further note that the subpoena was apparently not served in accordance with Rule 45 and Curling Plaintiffs have filed no proof of service indicating otherwise. *See* [Doc. 1010, pp. 3-4] (collecting cases).

Defendants indicated they would produce non-privileged documents. Thus, there is no need for this dispute to even be before the Court, because Curling Plaintiffs will receive the documents they seek through discovery.

Further, the requests are not relevant to the claims in this case and are not likely to lead to the discovery of admissible evidence. This case is about voting technology. Documents regarding the factual basis for Ms. Fuchs' statements have no relevance to the claims in this case. Instead, counsel for Curling Plaintiffs have repeatedly asserted Ms. Fuchs made "defamatory public statements about [Curling Plaintiffs] and their experts," and informed the undersigned they "intend to vigorously pursue [their] clients' rights and protect their interests and reputations." [Doc. 1010-1, pp. 2-3]. Left unsaid is this Court's lack of jurisdiction to entertain such a defamation claim because the proper forum would be Georgia state court. But if this Court finds the subpoena relevant to *this case*, then every public statement made by every individual in this lawsuit about this case is subject to discovery. Given the public advocacy by all the parties involved in this case, this would be a significant expansion of the scope of discovery.

Finally, a simple search would yield any number of cases where federal judges (and others) have rejected the positions of Plaintiffs and their experts. Those include *Coalition for Good Governance v. Raffensperger*, Case No. 1:20-cv-01677-TCB (N.D. Ga. 2020); *Stein v. Boockvar*, No. 16-6287, 2020 U.S. Dist.

LEXIS 75476, at *7-8 (E.D. Pa. Apr. 29, 2020); *Stein v. Cortés*, 223 F. Supp. 3d 423, 441 (E.D. Pa. 2016); *Coalition for Good Governance v. Gaston*, Case No. 20CV00077(S), Sumter Superior Court; *Coalition for Good Governance v. Raffensperger*, Case No. 2018CV313418, Fulton Superior Court; and *Guscoria v. McGreevey*, Case No. MER-L-2691-04, New Jersey Superior Court (2008). This Court will also weigh the evidence before it after discovery and determine whether Plaintiffs are entitled to any relief. But there is no need to burden this Court with this dispute because Curling Plaintiffs will receive the documents they seek.

This dispute further underscores the need to place this case on a normal discovery track. A Joint Preliminary Report and Discovery Plan was negotiated by the parties before the most recent preliminary-injunction hearing. This case needs clear deadlines for expert reports, expert discovery, and motions for summary judgment so it can move toward its final resolution. That need is especially urgent given the current national headlines focused on this Court's earlier findings in this case and the document signed by several of Plaintiffs' experts on November 16, 2020 stating that "no credible evidence has been put forth that supports a conclusion that the 2020 election outcome in any state has been altered through technical compromise."[5]

---

[5] https://josephhall.org/papers/Experts-Statement-on-the-US-2020-General-Election-16NOV2020-1057.pdf

*Plaintiffs' Reply*

State Defendants again have "wasted everyone's time." (Dkt. 775 at 1-2.) Plaintiffs identified five bases for the relevance of the *three narrow* requests at issue. State Defendants ignore every one, instead misleadingly citing irrelevant Tweets and arguing about a hypothetical lawsuit. They also falsely claim the subpoena was not properly served. But they omit that Ms. Fuchs authorized service of the subpoena on Ryan Germany, whom State Defendants admit received it. (Dkt. 1025; Dkt. 1010 at 4.) This is all to avoid admitting what their arguments confirm: there are no "decisions" from any "federal judges" finding that Plaintiffs "have zero credibility." *None* of their cited cases supports this public attack.[6]

State Defendants also vaguely claim, for the first time, that they will make some sort of production at some unspecified time of their choosing. But, they (again) willfully violate this Court's Standing Order with responses to the requests that this Court expressly prohibits, because they provide no indication of what, if anything, State Defendants actually will produce. (Exs. 1 and 2.) Given State Defendants have refused to produce any documents in discovery for months and given Ms. Fuchs has not agreed to produce any documents at all, the Court should order them to produce all responsive documents immediately. They claim no burden, nor could they for such narrow discovery.

---

[6] https://www.facebook.com/JordanMFuchs/posts/10223949498475300.

6

Dated: December 4, 2020                    Respectfully submitted,

  /s/ David D. Cross
David D. Cross (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
VAscarrunz@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> v. <br><br> **BRAD RAFFENSPERGER , ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, a copy of the foregoing JOINT DISCOVERY STATEMENT REGARDING PUBLIC STATEMENTS ABOUT THIS CASE, PLAINTIFFS AND THEIR EXPERTS, AND THE JUDGE was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

9