# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | |
| ) | NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, et ) | |
| al., ) | |
| ) | |
|     Defendant. ) | |

## STATE DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS TO NON-PARTY JORDAN FUCHS [DOC. 1001-1]

**COME NOW** Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, the "State Defendants"), in their official capacities by and through their counsel of record and object to Curling Plaintiffs' Request for Production of Documents and Inspection of Things to Non-Party Jordan Fuchs (the "Requests") as follows:

## INTRODUCTION

Plaintiffs issued a subpoena directed to Jordan Fuchs, the Deputy Secretary of State on November 4, 2020, a copy of which is attached hereto as Exhibit 1. The subpoena for documents contains eleven (11) separate requests seeking the production of documents in the possession of the Secretary of State.

The subpoena is returnable on Saturday, November 14, 2020. Based on the information available today, the statements made by Ms. Fuchs in the

1

statement referenced in the subpoena were made in her capacity as Deputy Secretary of State, and, therefore the State Defendants file the following objections to the subpoena as a whole. State Defendants are simultaneously filing a motion to quash the subpoena and incorporate by reference all arguments made therein as objections.

## OBJECTIONS TO SUBPOENA AS A WHOLE

**First Objection:** The State Defendants object on the ground that it is improper to issue a Rule 45 subpoena to a non-party, where, as here, Plaintiffs have ample opportunity to discover the demanded documents through the normal discovery process as they have done in the Requests for Production of Documents served on November 11, 2020, which are identical.

**Second Objection:** The State Defendants object because Ms. Fuch is an employee of the Georgia Secretary of State's offices, and, therefore, any attempt to compel her to produce documents in less than 30 days is improper.

**Third Objection:** The State Defendants object on the ground that the comments made by Ms. Fuchs were protected speech under the United States and Georgia Constitutions and any claims assumed against her for such comments would violate O.C.G.A. § 9-11-11.1.

**Fourth Objection:** State Defendants object to the subpoena in so far as the issuance of the subpoena is inconsistent with Section II(e) of this Court's Standing Order.

**Fifth Objection:** When State Defendants requested an extension to respond to the subpoena due to Ms. Fuchs' involvement in the current Presidential election, counsel for the Curling Plaintiffs characterized her statements as "defamatory" and expressed his intention "vigorously pursue [his] client's rights ... with respect to the ... attacks by Ms. Fuchs ...".  Under these circumstances, State Defendants object to the subpoena in its entirety on the ground that it appears to be nothing more than an attempt to use the Rule 45 subpoena power of this Court to gather potential evidence for use in a state law defamation claim against a non-party, which is improper and impermissible.

**Sixth Objection:** Ms. Fuchs objects to the subpoena as a whole on the ground that it is unduly burdensome and oppressive in so far as she is currently in quarantine due to possible Covid-19 exposure.

## OBJECTIONS TO INDIVIDUAL REQUESTS

**First Objection**: State Defendants object to each of the Requests because, as Curling Plaintiffs and this Court are well aware, Ms. Fuchs, in her capacity as Deputy Secretary of State, is in the midst of overseeing the results of the November 3, 2020 general election. This election has not yet concluded and neither Plaintiffs, the State Defendants, nor this Court are able to ascertain when it will reach its conclusion at this time. State Defendants object to the

3

production deadline of November 14, 2020, because the elections that Ms.
Fuchs is currently overseeing must be certified in the next few weeks and,
therefore, Curling Plaintiffs' Requests are unduly burdensome in the
proposed timeframe.

**Second Objection**: State Defendants object to Curling Plaintiffs' Requests
because they are wholly irrelevant to the above-styled action, far outside the
scope of discovery, are unduly burdensome, and appear calculated to harass
the State Defendants by pulling in individual employees of the State
Defendants in their personal capacities. Further, and for the foregoing
reasons, the Requests are not reasonably calculated to lead to admissible
evidence.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request No. 1:** *All communications between or among You and any other
individual or entity related to Plaintiff Donna Curling, Donna Price, or Jeffrey
Schoenberg.*

**Response:** State Defendants object to this Request as unduly burdensome to
the extent Plaintiffs seek a response that is not limited in time. State
Defendants further object to this request because it requires Ms. Fuchs to
divert time and resources to respond to irrelevant document requests while she
is working to certify the results of a high turnout election for a defendant in
the above-style action. State Defendants further object because it requests
inspection of items and communications that neither relevant to the claims

4

**Response:** State Defendants object to this Request as overly broad and unduly burdensome because Plaintiffs seek a response that is not limited in time, subject matter, or party. State Defendants further object to this request because it requires Ms. Fuchs to divert time and resources to respond to irrelevant document requests while she is working to certify the results of a high turnout election for a defendant in the above-style action. State Defendants further object because it requests inspection of items and communications that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

**Request No. 4:** *All documents related to the following statements by You, including but limited to all documents you contend support each assertion of these statements: "These same activists have called for years for Georgia to have an auditable paper trail and conduct a post-election audit. Now we do both of those things. Filing a lawsuit and confusing a federal judge with your misleading claims doesn't turn disinformation into accurate information. Other federal judges have more accurately found that these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility. Did the AJC explore any of those decision as part of their 'investigation'? Probably not."*

**Response:** State Defendants object to this Request as unduly burdensome because it requires Ms. Fuchs to divert time and resources to respond to irrelevant document requests while she is working to certify the results of a high turnout election for a defendant in the above-style action. State

Defendants further object to this Request on the grounds that the request is so broad as to include documents that are not relevant to the issues that are part of Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence.   State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

**Request No. 5:** *All documents related to any actual or potential security vulnerabilities or intrusions with respect to Georgia's Election System, including but not limited to any assessment of the security of Georgia's Election System.*

**Response:** State Defendants object to this request on the grounds that it is unlimited as to time and is unduly burdensome and oppressive in so far as  it requires Ms. Fuchs to divert time and resources to respond to irrelevant document requests while she is working to certify the results of a high turnout election for a defendant in the above-style action. The State Defendants further object to this Request on the ground it is so broad as to cover documents that are not relevant to the claims in this case nor reasonably calculated to lead to admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

**Request No. 6:** *All documents related to any actual or potential concerns regarding the reliability of Georgia's Election System, including but not limited to any assessment of the reliability of Georgia's Election System.*

object to this Request on the ground it is so broad as to cover documents that are not relevant to the claims in this case nor reasonably calculated to lead to admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

**Request No. 10:** *All documents you relied upon when making the statement that activists "confuse[ed] a federal judge with ... misleading claims."*

**Response:** State Defendants object to this Request on the grounds that it is unlimited as to time and is unduly burdensome and oppressive in so far as it requires Ms. Fuchs to divert time and resources to respond to irrelevant document requests while she is working to certify the results of a high turnout election for a defendant in the above-style action. State Defendants further object to this Request on the grounds that the request is so broad to include documents that are not relevant to the issues that are part of Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

**Request No. 11:** *All documents you relied upon when making the statement that "these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility."*

**Response:** State Defendants object to this Request  on the grounds that it is unlimited as to time and is unduly burdensome and oppressive in so far as it requires Ms. Fuchs to divert time and resources to respond to irrelevant document requests while she is working to certify the results of a high turnout election for a defendant in the above-style action. State Defendants further object to this Request on the grounds that the request is so broad as to include documents that are not relevant to the issues that are part of Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence.  State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

This 13th day of November, 2020.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com

500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/ R. Dal Burton*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a true and correct copy of the foregoing **STATE DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS TO NON-PARTY JORDAN FUCHS** on all counsel of record by electronic mail delivery as follows:

Cary Ichter
Ichter Davis LLC
Suite 1530
3340 Peachtree Road N.E. Atlanta,
Georgia 30326
cichter@ichterdavis.com

Bruce P. Brown
BRUCE P. BROWN LAW LLC 1123
Zonolite Road, Suite 6 Atlanta,
Georgia 30306
bbrown@brucepbrownlaw.com

David D. Cross
John P. Carlin
Lyle F. Hedgecock
Mary G. Kaiser
Veronica Ascarrunz
Eileen M. Brogan
Morrison & Foerster, LLP 2000
Pennsylvania Avenue, NW
Washington, DC 20006
dcross@mofo.com
jcarlin@mofo.com
lhedgecock@mofo.com
mkaiser@mofo.com
vascarrunz@mofo.com
ebrogan@mofo.com

John Michael Powers
David R. Brody
Ezra David Rosenberg
Lawyers' Committee for Civil
Rights Under Law
Suite 900
1500 K Street, N.W.
Washington, DC 20005
jpowers@lawyerscommittee.org
dbrody@lawyerscommittee.org
erosenberg@lawyerscommittee.org

Kaye Burwell
David Lowman
Cheryl Ringer
Fulton County Attorney's Office

Robert Alexander McGuire
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104-2206
ram@lawram.com

141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
kaye.burwell@fultoncountyga.gov
david.lowman@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov

Halsey G. Knapp, Jr.
Adam Martin Sparks
Grant Edward Schnell
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
grant.schnell@hklaw.com

This 13th day of November, 2020.

*/s/ R. Dal Burton*
R. Dal Burton
Georgia Bar No. 097890

14

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| Donna Curling, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02989-AT |
| | ) |
| Brad Raffensperger, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Jordan Fuchs
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Krevolin & Horst LLC<br>1201 W. Peachtree St., NW, Ste. 3250<br>Atlanta, GA 30309 | Date and Time:<br><br>11/14/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/04/2020

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Donna Curling, Donna Price & Jeffrey Schoenberg _____ , who issues or requests this subpoena, are:
Adam M. Sparks, 1201 W. Peachtree St., NW, Ste. 3250, Atlanta, GA 30309, (404) 835-8067, sparks@khlawfirm.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-02989-AT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*

                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION

**Notice to Nonparty:**

Please produce responsive documents by the date provided in the accompanying subpoena.

**Definitions**

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Concerning," "related to" or "relating to," and "regarding" shall mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

1

"Document" and "documents" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Election System" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), ballot-marking devices (BMDs) (including but not limited to ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including but not limited ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), the KnowInk PollPad Plus system and associated components, software (such as any version of the Global Election Management System (GEMS) or the BallotStation software or the software associated with the "Dominion Voting Democracy Suite" and the KnowInk PollPad Plus system used in any election in the state of Georgia), script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation,

2

recording, processes, or procedures of elections in the State of Georgia, including without limitation voter registration information, election results data, DREs, BMDs, optical scanners, modems, network equipment, other peripheral devices, any server that hosts or has hosted the GEMS software or any other election management system, or the Election Night Reporting system, voter registration systems or databases (e.g., "eNet"), online voter registration servers, electronic poll books and related components, administrative credentials, the Center for Election Systems (CES) (including but not limited to when it was located at Kennesaw State University), or information related to employees, agents, representatives, volunteers, or others acting on behalf of you, the State of Georgia, or any county or municipality with respect to elections in the State of Georgia.

"Including" means including without limitation.

"Litigation" means *Donna Curling, et al. v. Brad Raffensperger, et al.,* No. 1:17-cv-02989-AT (N.D. Ga.), formerly *Donna Curling, et al. v. Brian Kemp, et al.*, No. 1:17-cv-02989-AT (N.D. Ga.).

"Person" and "Entity" mean and include a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company,

governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"You" or "Your" mean Jordan Fuchs, Deputy Secretary of State, and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the Requests.

**<u>Instructions</u>**

1.      For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices.  Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately.   Each draft of a document is a separate document.  A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file.  Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats.  Also, provide any responsive Election System

files including but not limited to election database files (.edb files), election resource files (.xtr files), ballot results files (.brs files), audit log files (.adt files), GEMS backup files (.gbf files), DB dump files (.dbf files), election control files (.d files), AccuBasic scripts (.abs and .abo files), software updates (including but not limited to .nb0, .bin, and .ins files), other election software or data files, and system and server log files in their native formats.  Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents).  Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found.  Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path.  Documents produced in native format shall be accompanied by a native link field.

3.      If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

4.      If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 3 above.

5.      If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

6

6.      These document requests shall not be deemed to call for identical copies of documents.  "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8.      Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

9.      The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority.  Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

10.    Documents shall be produced to Plaintiffs via e-mail or comparable electronic means to their counsel of record or other individuals identified by Plaintiffs for receipt.

**Document Requests**

1.    All communications between or among You and any other individual or entity related to Plaintiff Donna Curling, Donna Price, or Jeffrey Schoenberg.

2.    All communications between or among You and any other individual or entity related to any of the following experts or other individuals: J. Alex Halderman, Vincent Liu, Andrew W. Appel, Lowell Finley, Rebecca Wilson, Matthew D. Bernhard, Philip B. Stark, Richard A. DeMillo, Wenke Lee, or Harri Hursti.

3.    All communications between or among You and any other individual or entity regarding this Litigation.

4.    All documents related to the following statements by You, including but not limited to all documents you contend support each assertion of these statements:  "These same activists have called for years for Georgia to have an auditable paper ballot trail and conduct a post-election audit. Now we do both of those things. Filing a lawsuit and confusing a federal judge with your misleading claims doesn't turn disinformation into accurate information. Other federal judges

8

have more accurately found that these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility. Did the AJC explore any of those decision as part of their 'investigation'? Probably not."[1]

5.      All documents related to any actual or potential security vulnerabilities or intrusions with respect to Georgia's Election System, including but not limited to any assessment of the security of Georgia's Election System.

6.      All documents related to any actual or potential concerns regarding the reliability of Georgia's Election System, including but not limited to any assessment of the reliability of Georgia's Election System.

7.      All documents related to any actual or potential concerns regarding the reliability of any of Georgia's rules, laws, policies, procedures, or practices for auditing elections or regarding any audits conducted or planned for any election in Georgia since August 1, 2019.

8.      All documents related to any complaint or concern expressed by any voter regarding Georgia's Election System since October 1, 2019.

---

[1] Ga. Sec'y of State, *In High-Stakes Election, Atlanta's Newspaper Susceptible to Election Disinformation Campaigns* (Oct. 24, 2020), https://sos.ga.gov/index.php/elections/in_high-stakes_election_atlantas_newspaper_susceptible_to_election_disinformation_campaigns.

9

9.     All documents related to the feasibility, reliability, or efficacy of using hand-marked paper ballots for elections in Georgia since January 1, 2015.

10.     All documents you relied upon when making the statement that activists "confus[ed] a federal judge with … misleading claims."

11.     All documents you relied upon when making the statement that "these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility."