# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, the "State Defendants"), in their official capacities by and through their counsel of record and serve their Objections and Responses to Curling Plaintiffs' Second Request for Production of Documents (the "Requests") as follows:

### OBJECTIONS TO REQUESTS AS A WHOLE

1. State Defendants object to each of the Requests because, as Curling Plaintiffs and this Court are well aware, State Defendants are in the midst of overseeing the results of the November 3, 2020 general election and preparing for the upcoming runoffs in both State and Federal elections. This election cycle has not yet concluded and neither the Curling Plaintiffs, the State Defendants, nor this Court are able to ascertain when it will reach its conclusion at this

time. Therefore, Curling Plaintiffs' Requests, which seek production of documents by December 11, 2020, are unduly burdensome in the proposed timeframe.

2. State Defendants object to Curling Plaintiffs' Requests because they seek information that is wholly irrelevant to the above-styled action, far outside the scope of discovery, and appear calculated to harass the State Defendants by pulling in individual employees of the State Defendants in their personal capacities. Further, and for the foregoing reasons, the Requests are not reasonably calculated to lead to admissible evidence.

## OBJECTIONS TO DEFINITIONS

1.    State Defendants object to the definition of "You" and "Your" on the grounds that, as written, it would include attorneys for the State Defendants and, hence, seek information protected by the attorney client privilege and work product doctrine.

## OBJECTIONS TO INSTRUCTIONS

1.    State Defendants object to Instruction Numbers 3 and 4 on the grounds that it seeks to impose obligations on privilege logs beyond those required by the Federal Rules of Civil Procedure. State Defendants will respond in accordance with the requirements of the Federal Rules of Civil Procedure.

2.    State Defendants object to Instruction Number 8 on the grounds that it seeks to impose requirements on supplementation beyond those required by

2

the Federal Rules of Civil Procedure.  State Defendants will supplement their responses, if needed, in accordance with the Federal Rules of Civil Procedure.

## **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**Request No. 39:** *All communications between or among You and any other individual or entity related to Plaintiff Donna Curling, Donna Price, or Jeffrey Schoenberg.*

**Response:** State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek a response that is not limited in time. State Defendants further object to this request because it requires State Defendants to divert time and resources to respond to document requests while they are working to recount the results of the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants further object because it requests inspection of items and communications that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents, if any, at a mutually agreeable time after this election cycle has concluded if Curling Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents.

**Request No. 41:** *All documents related to the following statements by You, including but limited to all documents you contend support each assertion of these statements: "These same activists have called for years for Georgia to have an auditable paper trail and conduct a post-election audit. Now we do both of those things. Filing a lawsuit and confusing a federal judge with your misleading claims doesn't turn disinformation into accurate information. Other federal judges have more accurately found that these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility. Did the AJC explore any of those decision as part of their 'investigation'? Probably not."*

**Response:** State Defendants object to this Request as unduly burdensome because it requires State Defendants to divert time and resources to respond to document requests while they are working to recount the results the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants further object to this Request on the grounds that the Request is so broad as to include documents that are neither relevant to the issues raised in Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object on the ground that the statements made are protected speech under the United States and Georgia Constitutions and any claims asserted against Ms. Fuchs would violate O.C.G.A. § 9-11-11.1. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine. The request also seeks information which is publicly available.

Subject to these objections, State Defendants will produce non-privileged documents and will not withhold documents except based on privilege to be identified on an appropriate privilege log.

**Request No. 42:** *All documents related to any actual or potential security vulnerabilities or intrusions with respect to Georgia's Election System, including but not limited to any assessment of the security of Georgia's Election System.*

**Response:** State Defendants object to this Request as unduly burdensome to the extent Curling Plaintiffs seek a response that is unlimited as to time. State Defendants further object to this Request because it requires State Defendants to divert time and resources to respond to document requests while they are working to recount the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants further objects to this Request to the extent that it seeks documents that may contain confidential information, sensitive election security information, and/or state secret, which will only be produced pursuant to the protective order in this case. State Defendants also object to the phrase "…actual or potential security vulnerabilities or intrusions…" on the ground that it is unduly vague and ambiguous, is susceptible to multiple interpretations, and is so broad as to include documents that are not relevant to the claims in this case nor reasonably calculated to lead to admissible evidence. State Defendants object that the definition of "Election System" is defined to include components that

working to recount the results of the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants object to the phrase "…any complaint or concerns expressed…" because it is unduly vague and ambiguous, is susceptible to multiple interpretations, and is so broad as to include documents that are not relevant to the issues that are part of Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce all non-privileged documents, if any, at a mutually agreeable time after this election cycle has concluded if Curling Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. Any non-privileged documents containing sensitive election security information will be produced pursuant to the protective order.

**Request No. 47:** *All documents Jordan Fuchs relied upon when making the statement that activists "confus[ed] a federal judge with … misleading claims."*

**Response:** State Defendants object to this Request as unduly burdensome because it is duplicative of Request No. 41 and requires State Defendants to divert time and resources to respond to irrelevant document requests while they are working to recount the results the November 3, 2020 election and

preparing for both State and Federal election runoffs. State Defendants further object to this Request on the grounds that the Request seeks documents that are neither relevant to the issues raised in Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object on the ground that the statements made are protected speech under the United States and Georgia Constitutions and any claims asserted against Ms. Fuchs would violate O.C.G.A. § 9-11-11.1.  State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine. The request also seeks information which is publicly available and equally available to Curling Plaintiffs.

Subject to these objections, State Defendants will produce non-privileged documents and will not withhold documents except based on privilege to be identified on an appropriate privilege log.

**Request No. 48:** *All documents Jordan Fuchs relied upon when making the statement that "these same activists and 'experts' who are spreading disinformation in Georgia have zero credibility."*

**Response:** State Defendants object to this Request as unduly burdensome because it is duplicative of Request No. 41 and requires State Defendants to divert time and resources to respond to irrelevant document requests while they are working to recount the results the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants further

11

object to this Request on the grounds that the Request seeks documents that are neither relevant to the issues raised in Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants also object on the ground that the statements made are protected speech under the United States and Georgia Constitutions and any claims asserted against Ms. Fuchs would violate O.C.G.A. § 9-11-11.1.   State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine. The request also seeks information which is publicly available and equally available to Curling Plaintiffs.

Subject to these objections, State Defendants will produce non-privileged documents and will not withhold documents except based on privilege to be identified on an appropriate privilege log.

This 27th day of November, 2020.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632

adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/ R. Dal Burton*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a true and correct copy of the foregoing **STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** on all counsel of record by electronic mail delivery as follows:

Cary Ichter
Ichter Davis LLC
Suite 1530
3340 Peachtree Road N.E. Atlanta,
Georgia 30326
cichter@ichterdavis.com

Bruce P. Brown
BRUCE P. BROWN LAW LLC 1123
Zonolite Road, Suite 6 Atlanta,
Georgia 30306
bbrown@brucepbrownlaw.com

David D. Cross
John P. Carlin
Lyle F. Hedgecock
Mary G. Kaiser
Veronica Ascarrunz
Eileen M. Brogan
Morrison & Foerster, LLP 2000
Pennsylvania Avenue, NW
Washington, DC 20006
dcross@mofo.com
jcarlin@mofo.com
lhedgecock@mofo.com
mkaiser@mofo.com
vascarrunz@mofo.com
ebrogan@mofo.com

John Michael Powers
David R. Brody
Ezra David Rosenberg
Lawyers' Committee for Civil
Rights Under Law
Suite 900
1500 K Street, N.W.
Washington, DC 20005
jpowers@lawyerscommittee.org
dbrody@lawyerscommittee.org
erosenberg@lawyerscommittee.org

Kaye Burwell
David Lowman
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303

Robert Alexander McGuire
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104-2206
ram@lawram.com

14

kaye.burwell@fultoncountyga.gov
david.lowman@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov

Halsey G. Knapp, Jr.
Adam Martin Sparks
Grant Edward Schnell
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com
grant.schnell@hklaw.com

This 27th day of November, 2020.

/s/ R. Dal Burton
R. Dal Burton
Georgia Bar No. 097890