IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## STATE DEFENDANTS' STATEMENT REGARDING WHETHER THE COURT SHOULD CERTIFY ITS JULY 30, 2020 ORDER [DOC. 751] FOR INTERLOCUTORY APPEAL TO THE ELEVENTH CIRCUIT

As this Court recognized during the January 19, 2021 teleconference with the parties, there are significant jurisdictional issues in this case. Issues which the State Defendants have repeatedly raised throughout this litigation. *See, e.g.,* [Docs. 8-1, 49-1, 83-1, 234-1, 645-1, 653, 658, 708, 821, 951]. Simply put, Plaintiffs continue to lack standing (among other jurisdictional bars) because they cannot demonstrate a concrete and imminent injury-in-fact that is personal to the Plaintiffs, rather than a generalized grievance, nor can Plaintiffs satisfy the traceability and redressability requirements of standing. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020)

1

(vacating and ordering dismissal of voting rights case due to lack of standing).

Since this Court's July 30, 2020 Order denying State Defendants' motion to dismiss, other courts in this district and the Eleventh Circuit Court of Appeals have again and again dismissed similar election cases for the same jurisdictional defects that plague Plaintiffs—including cases with eerily similar challenges to Georgia's election equipment as the claims brought by Plaintiffs in this case, in some instances those other plaintiffs even utilized the orders of this Court and expert affidavits submitted to the Court in the course of this case. *See, e.g., Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020); *Wood v. Raffensperger*, No. 1:20-cv-5155-TCB, 2020 WL 7706833 (N.D. Ga. Dec. 28, 2020); *Wood v. Raffensperger*, No. 1:20-cv-04651-SDG, 2020 WL 6817513 (N.D. Ga. Nov. 20, 2020), *Pearson v. Kemp*, No. 1:20-cv-4809-TCB (N.D. Ga. Dec. 7, 2020).  As the Court mentioned during its January 19 teleconference with the parties, courts across the country have also rejected comparable election cases based on lack of Article III standing. *See Wisconsin Voters Alliance v. Pence*, No. 20-3791, 2021 WL 23298 (D.D.C. Jan. 4, 2021); *Bowyer v. Ducey*, No. 20-2321, 2020 WL 7238261 (D. Ariz. Dec. 9, 2020); *King v. Whitmer*, No. 20-13134, 2020 WL 7134198 (E.D. Mich. Dec. 7, 2020).

This Court rightly noted concerns regarding the propriety of having the parties expend resources on discovery while significant jurisdictional issues hang over the case. And 28 U.S.C. § 1292(b) provides a process for precisely the type of situation the Court is faced with now: permitting this Court to certify its Order denying State Defendants' motion to dismiss, [Doc. 751], which involves controlling questions of law and certification of which would "materially advance the ultimate termination of the litigation."

The protracted nature of this litigation shows that certification of the Court's Order will materially advance the litigation. At this juncture, the Plaintiffs in this case have filed at least ten different preliminary-injunction motions, sought various rounds of "emergency" expedited discovery, and have been granted multiple evidentiary hearings, all without materially advancing the case over the span of more than three years. Moreover, the Court's two most-recent orders on those interlocutory injunction motions are now subject to two different appeals, with one injunction being stayed pending the outcome of the appeal.[1] Undoubtedly, this Court will be faced with the same jurisdictional questions should it proceed without certifying the Order and

---

[1] These pending appeals further support the Court's certification of its order, such that it will avoid piecemeal appeals regarding this case. *See Parnell v. W. Sky Financial, LLC*, No. 4:14-cv-0024-HLM, 2014 WL 12628523 *2 (N.D. Ga. May 29, 2014).

will be further burdened by discovery disputes, expert reports, and dispositive motions, all implicating the controlling jurisdictional matters the Court appears inclined to certify for appellate review. Consequently, State Defendants respectfully submit that a stay of proceedings pending appeal would also be appropriate here, preserving the time and resources of the parties and this Court while Plaintiffs standing is in doubt, and preventing simultaneous exercise of jurisdiction by this Court and the Eleventh Circuit. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1250 (11th Cir. 2004) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Given these issues and State Defendants' pending appeals, State Defendants concur with the Court's inclination to certify the July 30, 2020 Order [Doc. 751] on State Defendants' Motion to Dismiss to the Eleventh Circuit Court of Appeals for review.

Respectfully submitted this 21st day of January, 2021.

*/s/ Vincent Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com

4

Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

5

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Response has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this Response has been prepared using 13-pt Century Schoolbook font.

*/s/ Vincent Russo*
Vincent R. Russo