IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' JOINT STATEMENT REGARDING STANDING**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 1

    A.   An Appeal on Standing Now Would Be Improper and Prejudicial .............. 1

    B.   An Appeal on Standing Now Would Compound Costs and Delay .............. 4

    C.   The Court's Standing Ruling Remains Correct ............................................ 6

III.   CONCLUSION ................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Sch. Bd.*
   557 F.3d 1177 (11th Cir. 2009)......................................................................6

*Arcia v. Fla. Sec'y of State*,
   772 F.3d 1335 (11th Cir. 2014)......................................................................7

*Bennett v. Pippin*,
   74 F.3d 578 (5th Cir. 1996)............................................................................4

*Bischoff v. Osceola Cnty.*,
   222 F.3d 874 (11th Cir. 2000)........................................................................1

*Black Voters Matter Fund v. Raffensperger*,
   No. 1:20-CV-01489-AT, 2020 WL 4597053 (N.D. Ga. Aug. 11, 2020)...............6

*Boda v. United States*,
   698 F.2d 1174 (11th Cir. 1983)......................................................................5

*Charles H. Wesley Educ. Found., Inc. v. Cox*,
   408 F.3d 1349 (11th Cir. 2005)......................................................................7

*Commodores Ent. Corp. v. McClary*,
   648 F. App'x 771 (11th Cir. 2016)..................................................................4

*Common Cause/ Ga. v. Billups*,
   554 F.3d 1340 (11th Cir. 2009)......................................................................7

*Doe v. Kearney*,
   329 F.3d 1286 (11th Cir. 2003)......................................................................8

*Fla. State Conf. of N.A.A.C.P. v. Browning*,
   522 F.3d 1153 (11th Cir. 2008)......................................................................6

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
   344 F.3d 1263 (11th Cir. 2003)......................................................................8

*Jacobson v. Fla. Sec'y of State*,
  974 F.3d 1236 (11th Cir. 2020) ................................................................. 9, 10

*Keating v. City of Miami*,
  598 F.3d 753 (11th Cir. 2010) ......................................................................... 2

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................... 4

*Memphis A. Phillip Randolph Inst. v. Hargett*,
  No. 3:20-cv-00374, 2020 WL 5412126 (M.D. Tenn. Sept. 9, 2020) ..................... 7

*People First of Ala. v. Merrill*,
  467 F. Supp. 3d 1179 (N.D. Ala. 2020) ............................................................ 7

*Region 8 Forest Serv. Timber Purchasers Council v. Alcock*,
  993 F.2d 800 (11th Cir. 1993) ......................................................................... 5

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................. 6, 7

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
  137 S. Ct. 1645 (2017) ..................................................................................... 6

*Wood v. Raffensperger*,
  981 F.3d 1307 (11th Cir. 2020) ................................................................. 9, 10

**Rules**

Fed. R. Civ. P. 15 ................................................................................................. 5

## I.  INTRODUCTION

The Court should not certify its July 30, 2020 Order on the Motion to Dismiss (Dkt. 751) for interlocutory appeal to allow the issue of standing to be addressed now.  Doing so would omit the substantial record developed since that ruling, distorting appellate review and prejudicing Plaintiffs.  Interlocutory appeal of a six-month-old ruling would only inject substantial unnecessary delay and expense into this litigation—just as the 2018 appeal did, which the Court of Appeals recognized as frivolous.  (Dkt. 969 n.3.)  The law on standing has not changed since this Court correctly denied the Motion to Dismiss ("MTD").  As State Defendants themselves just recently acknowledged, "an opportunity for the Court to review standing and the scope of the claims *following the conclusion of discovery will benefit all involved.*"  (Dkt. 1046 at 2 (emphasis added).)  The Court should assess Defendants' standing arguments *after discovery* at trial on the merits.

## II.  ARGUMENT

### A.  An Appeal on Standing Now Would Be Improper and Prejudicial

Appellate courts do not review denials of motions to dismiss on standing grounds for good reason:  plaintiffs are entitled to prove up standing at trial.  *See Bischoff v. Osceola Cnty.*, 222 F.3d 874 (11th Cir. 2000) (district court should resolve disputed factual issues regarding standing at a pretrial evidentiary hearing

1

or at trial on the merits). Appellate review now would be improper and prejudicial.

The July 2020 Order was made on the pleadings and correctly found that Plaintiffs' allegations of the threat of imminent harm based on Georgia's BMD-based voting system were sufficient on the pleadings to demonstrate standing to proceed on their asserted claims; Plaintiffs' allegations establish injury to their constitutional rights, a causal connection, and redressability. (Dkt. 751.) Appellate review of the Court's ruling on standing at the MTD stage would seemingly be limited to the record the Court had before it, and was permitted to consider, at that time. *Keating v. City of Miami*, 598 F.3d 753, 761 (11th Cir. 2010). Such review also would have to apply the standard applicable at that early stage of the case on a MTD. *Id.*

Since the MTD ruling, however, this case has developed substantially, including discovery, a three-day hearing, and nearly 300 pages of preliminary injunction decisions with findings that bear on Plaintiffs' standing, all of which are part of "a massive and complex record" here. (Dkt. 964.) Since its MTD ruling, this Court has found that "Plaintiffs have shown demonstrable evidence that the manner in which Defendants' alleged mode of implementation of the BMD voting system, logic and accuracy testing procedures, and audit protocols deprives them or puts them at imminent risk of deprivation of their fundamental right to cast an

effective vote." (*Id.* at 79.) This finding, among others, further supports Plaintiffs' standing. There is no reason to rewind the clock and obtain appellate review of a MTD ruling that does not reflect a *full* or even *current* record in this case.

During the January 19 Court conference, State Defendants seemed to suggest supplementing the record on appeal of the Court's MTD ruling with new evidence the Court did not have before it then—and that would go beyond the face of the pleadings. Specifically, they mentioned an "audit" they conducted of the November 3, 2020 election. But this would compound the impropriety and prejudice to Plaintiffs from appellate review of the Court's MTD ruling now. First, this Court has not issued a decision on standing for which it has considered the current record, including any "audit" of any elections occurring after that ruling. Nor does the Court have that full record before it, such as the months of additional analysis Dr. Halderman has done on the election equipment and Mr. Hursti's observation of Dominion server performance irregularities in recent elections. Thus, there is no standing decision that reflects the current record.

Second, Plaintiffs are entitled to complete discovery and present a fully developed record to this Court to prove up standing before the Eleventh Circuit assesses standing here. State Defendants agree, just recently admitting that "an opportunity for the Court to review standing and the scope of the claims *following*

3

*the conclusion of discovery will benefit all involved.*" (Dkt. 1046 at 2 (emphasis added).) Indeed, the Supreme Court has made clear that each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.* with the manner and degree of evidence *required at the successive stages of the litigation.*" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (emphasis added). *See also Commodores Ent. Corp. v. McClary,* 648 F. App'x 771, 775 (11th Cir. 2016).

"After a trial on the merits, the sufficiency of the allegations in the complaint is irrelevant." *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996). After all, "Rule 12(b)(6) measures the sufficiency of the plaintiff's allegations," but after factual development, the question becomes whether "[t]he plaintiff has proved, not merely alleged, facts sufficient to support relief." *Id.* Now that this case is well beyond the MTD stage and headed to a resolution on the merits, there is no reason for appellate review as it stood at that earlier stage.

### B. An Appeal on Standing Now Would Compound Costs and Delay

Plaintiffs appreciate the Court's concern of avoiding needless costs, but an appeal of the MTD ruling now would needlessly compound costs and delay. Not only would it present the Eleventh Circuit with an anachronistic appeal on a tiny portion of the current record, it almost certainly would gain nothing. Even if the

Court of Appeals were to accept the appeal and reverse this Court's denial of the MTD on standing,[1] Plaintiffs would be entitled to file new pleadings to cure the identified deficiencies. Fed. R. Civ. P. 15 ("The court should freely give leave [to amend] when justice so requires."); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) ("motion for leave to amend complaint after dismissal for lack of jurisdiction 'should be granted liberally'" (citation omitted)); *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) (when a court dismisses on "jurisdictional grounds," the "dismissal is without prejudice"). Thus, even the most conservative outcome of an interlocutory appeal now is another round of amended complaints—*which would incorporate the substantial evidence developed in this case since that ruling*. This highlights the prejudice and waste of resources of appellate review of an incomplete record.

Further, State Defendants are expressly challenging standing on appeal already in the context of the Court's preliminary injunction rulings. (Civil Appeal Statement, Case 20-13730, at 2.) Thus, not only is there no need to certify the MTD ruling for appeal for the Eleventh Circuit to review standing, doing so would complicate and confuse appellate review of standing by asking the Court of

---

[1] The Eleventh Circuit declined to address Defendants' standing arguments when presented in the last appeal and dismissed it as frivolous. *See* Dkts. 969 n.3; 338 at 15-16.

5

Appeals to review the same issue at different stages of the case applying different standards to different records. The Court should avoid such prejudice.

### C. The Court's Standing Ruling Remains Correct

The law on standing is well established. "[T]he 'irreducible constitutional minimum' of standing consists of three elements. . . . The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1159 (11th Cir. 2008).[2] An injury-in-fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548. "[C]ontemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy

---

[2] Only one plaintiff need have standing per claim and form of relief sought. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("At least one plaintiff must have standing to seek each form of relief requested in the complaint"); *Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Sch. Bd*. 557 F.3d 1177, 1194 (11th Cir. 2009) ("Because Balzli has standing to raise those claims, we need not decide whether either of the organizational plaintiffs also has standing to do so."); *see also Black Voters Matter Fund v. Raffensperger*, No. 1:20-CV-01489-AT, 2020 WL 4597053, at *20 (N.D. Ga. Aug. 11, 2020) ("Only one named Plaintiff needs to have standing for each claim asserted in the complaint.").

6

the 'injury-in-fact' requirement." *Id.* at 1552. "The Supreme Court has rejected the argument that an injury must be 'significant'; a small injury, 'an identifiable trifle,' is sufficient to confer standing." *Common Cause/ Ga. v. Billups,* 554 F.3d 1340, 1351 (11th Cir. 2009).

The injury-in-fact requirement has never presented a significant obstacle to individual voter standing, for whom injury-in-fact has arisen from being, for example, wrongly identified as non-citizens, *Arcia*, 772 F.3d at 1341; required to make a special trip to produce identification, *Common Cause/Ga.*, 554 F.3d at 1351; and unable to vote in one's home precinct, *Charles H. Wesley Educ. Found., Inc. v. Cox,* 408 F.3d 1349, 1352 (11th Cir. 2005). "[I]n general, a voter always has standing to challenge a statute that places a requirement on the exercise of his right to vote." *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 3:20-cv-00374, 2020 WL 5412126, at *13 (M.D. Tenn. Sept. 9, 2020); *see People First of Ala. v. Merrill,* 467 F. Supp. 3d 1179, 1198 (N.D. Ala. 2020) (citing *Spokeo*, 136 S. Ct. at 1548). "A plaintiff need not have the franchise wholly denied to suffer injury." *Common Cause/Ga.*, 554 F.3d at 1351 (citing *Cox*, 408 F.3d at 1352).

The causation element requires only that the injury-in-fact giving rise to standing must be fairly traceable to the defendant's challenged conduct. *Spokeo*, 136 S. Ct. at 1547. This requirement is easily satisfied in the voting context, where

7

enforcement of laws imposes direct and indirect injuries on voters. "[N]o authority even remotely suggests that proximate causation applies to the doctrine of standing. . . . Instead, even harms that flow indirectly from the action in question can be said to be 'fairly traceable' to that action for standing purposes." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003) (internal citations and quotation marks omitted).

Finally, "the redressability requirement will usually be satisfied where there is evidence that the plaintiff is likely to encounter the same injurious conduct in the future." *Doe v. Kearney*, 329 F.3d 1286, 1292 (11th Cir. 2003). Where the challenged conduct is enforcement of voting regulations that apply to voters in every election, redressability presents little obstacle to a voter's standing.

None of the recent election cases addressing standing changes well-settled jurisprudence or disturbs this Court's well-reasoned July 2020 Order. State Defendants admit as much, acknowledging that their standing argument currently on appeal does not involve the interpretation or application of any particular case. (Civil Appeal Statement, Case 20-13730, at 2.) The flurry of election litigation in recent months has overwhelmingly been directed at the outcome of one specific election. This is far removed from the claims here, which do *not* concern election outcomes or any specific election but rather burdens placed on each Plaintiff's

right to have his or her vote counted in any election in Georgia through a secure, reliable, transparent, verifiable election system. The claims here also are based on documented *facts* and *science*, not unsubstantiated claims of widespread election fraud and outlandish theories.

The Eleventh Circuit's recent decisions in *Jacobson* and *Wood* do not warrant an interlocutory appeal of standing. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020); *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020). There, the Court of Appeals found no standing because those plaintiffs failed to allege a concrete, particularized injury-in-fact—unlike here. This Court already rightly distinguished *Jacobson* on the basis that necessary parties were absent and the Secretary of State lacked the requisite authority. (Dkt. 969 n.12.) In *Jacobson*, the Eleventh Circuit found that the Florida Secretary of State did not have the authority to alter the arrangement of candidates on ballots, as the plaintiffs sought, and thus the plaintiff's injury was not redressable by or traceable to the defendant. 974 F.3d at 1253. Unlike *Jacobson*, Defendants admit they have the authority to require that hand-marked paper ballots be made available at polling locations, which was a key subject of proof and argument in the September 2020 hearing. (Dkt. 964 at 12-13.) And the Court has twice found redressability here already. (Dkts. 309 at 25-26; 751 at 44-45.)

In *Wood*, the plaintiff complained that supposed irregularities affected the outcome of a specific past election, thus "harm[ing] the electorate collectively." 981 F.3d at 1316. The court held that generalized harm is insufficient. *Id*. at 1314. The court contrasted that situation with one in which the alleged violation placed "individual burdens" on voters. *Id.* at 1315-16. This case is the latter. Plaintiffs allege an individual burden on how their own votes must be cast and counted—not a collective harm regarding the outcome of an entire election. This Court has already correctly found Plaintiffs' alleged injury imposes real and immediate burdens on their right to vote that are not speculative, are impending, and establish an injury-in-fact. (Dkt. 751 at 41.)

Again, Plaintiffs here bring suit based upon "an interest in their ability to vote and in their vote being given the same weight as any other," not upon the outcome of an election, like *Jacobson* or *Wood*. *Jacobson*, 974 F.3d at 1246. This case concerns the ongoing injury to Plaintiffs' right to vote arising from an incurably unconstitutional voting system, not any specific election. As this Court has found multiple times, Plaintiffs plainly have standing to pursue their claims.

## III.  CONCLUSION

The parties just last week *agreed* on the need to move forward with discovery and trial. (Dkts. 1046, 1048.) Plaintiffs submit it is time to do that.

10

Respectfully submitted this 21st day of January, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle P. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs Laura Digges, William Digges III,
Ricardo Davis, & Megan Missett*

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** **Plaintiffs,** v. **BRAD RAFFENSPERGER, ET AL.,** **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                          */s/ David D. Cross*
                                                          David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2012, a copy of the foregoing **PLAINTIFFS' JOINT STATEMENT REGARDING STANDING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                    */s/ David D. Cross*
                                                    David D. Cross