IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

**ORDER**

The parties have briefed the question whether the Court should certify its July 30, 2020 Order on the Motion to Dismiss (Doc. 751) for interlocutory appeal to allow the issue of standing to be addressed in connection with Defendants' pending consolidated appeal of the Court's Orders on preliminary injunction. Plaintiffs object to certification of the Court's order based solely on the pleadings because it would omit the substantial record developed since that ruling, distorting appellate review and prejudicing Plaintiffs. (Doc. 1051.) In light of Plaintiffs' concern, the Court is considering holding an evidentiary hearing to address Plaintiffs' standing to proceed based on developments in the governing law in this Circuit (and others) in recent election challenges since this Court's prior order addressing Plaintiffs' standing to challenge the election system as a whole. *See Bischoff v. Osceola Cnty.*, 222 F.3d 874, 881 (11th Cir. 2000) ("[I]n a case where the evidence relating to standing is squarely in contradiction as to central matters and requires credibility findings, a district court cannot make those findings simply by relying on the

paper record but must conduct a hearing at which it may evaluate the live testimony of the witnesses.").

Accordingly, the parties should be prepared to discuss during a telephone conference with the Court on Tuesday, February 2, 2021 at 11:00 a.m.[1] the following subjects: (1) the possibility of an evidentiary hearing and the nature of the evidence that would be presented at such a hearing if one were held; (2) the nature of the additional evidence that might be needed in advance of such a hearing and if any pre-hearing discovery would be necessary in that connection; (3) if an evidentiary hearing is not necessary, whether the parties seek oral argument that might conceivably be useful to the Court's updating its last standing ruling (Doc. 751) based on the current state of the record as well as recent case authority developments.

**IT IS SO ORDERED** this 28th day of January, 2021.

_____
**Amy Totenberg**
**United States District Judge**

---

[1] If any of the parties' lead counsel have conflicts that make this date and time not feasible, they are **DIRECTED** to immediately notify Mr. Harry Martin, the Court's Deputy Courtroom Clerk.