IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRIAN KEMP, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

**COALITION PLAINTIFFS' REPLY BRIEF ON STANDING**

I. **Defendants Focus On The Wrong Injuries—Standing Is Not The Merits**

State Defendants mistake how standing works. They consistently and erroneously conflate the injury required for the Court's threshold analysis of standing—*i.e.*, whether Coalition Plaintiffs are entitled to invoke the Court's jurisdiction at all—with harms that bear on the Court's ultimate analysis of the legal merits of the claims—*i.e.*, whether Coalition Plaintiffs are entitled to the relief they seek under the law governing their claims.

Injuries that are asserted and sufficient for standing do not necessarily have to be the same injuries that are asserted and analyzed to decide the merits of a claim. No identity or nexus is required between the injury-in-fact that creates standing to challenge a defendant's conduct and the judicially cognizable burdens that make the challenged conduct a violation of law. *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.,* 438 U.S. 59, 78 (1978) (rejecting the argument that, "in addition to proof of injury and a causal link between such injury and the challenged conduct, appellees must demonstrate a connection between the injuries they claim and the constitutional rights being asserted").

For example, in *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1354 (11th Cir. 2009), the Eleventh Circuit found standing to sue where the injury-in-fact was two individual plaintiffs' personal time wasted traveling to their county registrar's office to obtain photo identification. The merits of the case, however, were decided

by analyzing whether the State's interests in combating voter fraud outweighed "the magnitude of the burden imposed on [all] voters who do not possess an acceptable photo identification." *Id.* at 1354 (quotation marks omitted). The injury-in-fact used for standing differed from the harm used to decide the merits.

In *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005), plaintiff Earline Crawford was found to have standing to seek an injunction against the State of Georgia's enforcement of a prohibition on the submission of multiple voter registration forms in a single package. Ms. Crawford's injury-in-fact was "being unable to vote in her new home precinct" because the form changing her own address had been rejected as part of a package submission. *Id.* at 1352. But the merits of the case were decided based on analysis of the legality of the State's prohibition under the National Voter Registration Act of 1933, with the irreparable-injury component of the requested injunctive relief determined on the basis of the "associational and franchise-related rights asserted by the Plaintiffs." *Id.* at 1355. Again, standing injury and the harms weighed in the course of deciding the merits were different.[1]

Coalition Plaintiffs' injuries-in-fact for standing purposes must likewise be

---

[1] Where future harm is concerned, as in this case, actual injury to an identifiable member of Coalition is not even required. *See Fla. State Conference of the NAACP v. Browning*, 522 F.3d 1153, 1160–61 (11th Cir. 2008) ("[W]e have not required that the organizational plaintiffs name names because every member faces a probability of harm in the near and definite future. The Supreme Court has accepted imminent harm as satisfying the injury-in-fact requirement of Article III standing.").

2

analyzed distinctly from the burdens on the Plaintiffs *and voters as a whole* that are relevant to determining whether the State Defendants' conduct is illegal on the merits. State Defendants wrongly claim that "the record in this case is devoid of actual evidence of an injury-in-fact to establish standing." (Doc. 1066, at 5.) They completely ignore the ample evidence of burdens and inconveniences that individual Plaintiffs have and will personally experience as a direct or indirect[2] result of Defendants requiring in-person voters to use BMDs or differential treatment of otherwise similarly situated absentee-by-mail and in-person voters. All the injuries that Defendants wrongly call speculative and hypothetical are harms that bear on the *merits*, not injuries-in-fact for standing.[3]

## II. Defendants' Brief Addresses The "Actual And Imminent" Prong, Which Is Outside What The Court Asked The Parties To Brief

This Court asked for briefing on the concreteness and particularization components of injury-in-fact, but State Defendants devote three pages to the actual-and-imminent component. This Court has already rightly found that Coalition Plaintiffs' injuries-in-fact are not speculative, but "certainly impending." (Doc. 751, at 38.) Defendants cite to *Tsao v. Captiva MVP Restaurant Partners*

---

[2] "[E]ven harms that flow indirectly from the action in question can be said to be 'fairly traceable' to that action for standing purposes." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003).

[3] Even applying Defendants' erroneous conception of standing, the record contains so much evidence of actual vote counting errors and secret ballot violations that the imminent recurrence of such injuries in the future cannot reasonably be treated as speculative or hypothetical.

3

*LLC*, ___ F.3d ___, No. 18-14959, 2021 U.S. App. LEXIS 3055, 2021 WL 381948 (11th Cir. Feb. 4, 2021), and *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020), in vain because the injuries that Coalition Plaintiffs rely upon for standing are in no way hypothetical or speculative, unlike the injuries asserted in those cases. Here, in-person voters *will* have to vote on openly visible public touchscreens and cast unreadable votes on QR-encoded ballot cards. Here, mail voters *will* have to pay for postage and rely on central count scanners that are proven to ignore some humanly discernible (and thus legally cast) votes. Again, the Defendants are improperly conflating standing with the merits.

**III.   The Objections to Coalition's Organizational Standing Are Wrong**

In their attack on Coalition's organizational standing, Defendants rely on a D.C. Circuit case for the holding that Coalition "cannot be diverting resources because it is doing the very thing it exists to do." (Doc. 1066, at 14 (citing *Treasury Emps. Union v. U.S.*, 101 F.3d 1423, 1430 (D.C. Cir. 1996).) Defendants misread the D.C. Circuit case,[4] but, in any event, the law in the Eleventh Circuit could not be clearer, as Judge Jones recognized just this week, when he noted:

> Even when an organization diverts its resources to achieve its typical goal in a different or amplified

---

[4] *National Treasury Union* was an attack on the line-item veto, but the plaintiff organization's mission was to improve the welfare of government workers, a mission that was not related to the challenged conduct. In ruling that the organization did not have standing, the D.C. Circuit cited with approval, but distinguished, cases like this one, in which the challenged actions of the defendant were "'at loggerheads with the stated mission of the plaintiff.'" 101 F.3d at 1439 (citation omitted).

4

> manner, the organization may still gain standing. . . .
> To create a concrete injury, the diversion must cause a
> perceptible impairment of organizational activities. . . .
> And to show the concrete injury, the organization must
> identify the specific activities from which it diverted or is
> diverting resources.

*Fair Fight Action, Inc., v. Raffensperger*, No. 1:18-CV-5391-SCJ (N.D. Ga. Feb. 16, 2021) (Order, CM/ECF Docket #612, at 10) (citations omitted).

In *Fair Fight*, the State Defendants made organizational standing arguments identical to those they make against Coalition's standing here—namely, that Coalition "(1) [is] not diverting resources; (2) [is] serving its organizational mission, [and] (3) cannot identify what activities they diverted resources from." *Id.* at 11, 11–12. Judge Jones rightly rejected the first two of these arguments *Id.* at 12, 13.[5] In addition, Judge Jones rightly rejected another identical argument, also made here, that "diversion of resources" cannot confer standing because that would favor organizations over individuals. *Id.* at 14 n.10 ("the law currently gives standing to organizations that divert resources to counteract a defendant's unlawful acts"). Identical attacks on Coalition's standing fail here for the same reasons.

## IV. Conclusion

Coalition Plaintiffs have sufficient injuries-in-fact for standing.

---

[5] The third argument does not apply in this case, since the record here identifies many activities of Coalition that have been "perceptibly impaired" by Coalition's diversion of resources to oppose the State Defendants' illegal conduct. (See Summary, Doc. 1071-1, at 7 ¶ G and referenced documents (Docs. 1071-2, 1071-3, 1071-4, 1071-5).)

Respectfully submitted this 17th day of February, 2021.

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 386-6856

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., **Plaintiffs,** v. BRIAN KEMP, ET AL., **Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE AND SERVICE

This Certificate has been prepared in accordance with the requirements of LR 5.1 and served on all counsel via the PACER-ECF system.

This 17th day of Februrary, 2021.

>  */s/ Bruce P. Brown*
> Bruce P. Brown
> BRUCE P. BROWN LAW LLC
> 1123 Zonolite Rd. NE, Suite 6
> Atlanta, Georgia 30306
> (404) 386-6856
> *Counsel for Plaintiff Coalition for Good Governance*

7