# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13730-RR

_____

DONNA CURLING, an individual,
COALITION FOR GOOD GOVERNANCE,
DONNA PRICE,
JEFFREY SCHOENBERG,
LAURA DIGGES, et al.,

                                                Plaintiffs - Appellees,

versus

SECRETARY OF STATE FOR THE STATE OF GEORGIA,
GEORGIA STATE ELECTION BOARD,
DAVID J. WORLEY,
REBECCA N. SULLIVAN,
STATE ELECTION BOARD,
AHN LE,
MATTHEW MASHBURN,

                                                Defendants - Appellants.

_____

No. 20-14067-RR

_____

DONNA CURLING,
an individual,
COALITION FOR GOOD GOVERNANCE,
a non-profit corporation organized and existing
under Colorado Law,
DONNA PRICE,
an Individual,
JEFFREY SCHOENBERG,
an Individual,
LAURA DIGGES,
an Individual, et al.,

                                                Plaintiffs - Appellees,

versus

DAVID J. WORLEY,
REBECCA N. SULLIVAN,
BRAD RAFFENSPERGER,
in his individual capacity and his official capacity
as Secretary of State of Georgia and Chair of the
State Election Board,
ANH LE,
MATTHEW MASHBURN,

                                                                              Defendants - Appellants.

_____

On Appeal from the United States
District Court for the Northern District of Georgia

_____

BEFORE JORDAN, LAGOA, and BRASHER, Circuit Judges.

BY THE COURT:

      The motion of the appellees, the Coalition Plaintiffs, to lift the stay of the injunction is DENIED.

BRASHER, Circuit Judge, joined by LAGOA, Circuit Judge, concurring:

I concur in the decision to deny the motion to lift the stay. In my view, the Secretary of State has established that the district court almost certainly erred as a matter of law in imposing the injunction. The district court held that the possibility of an election-day computer glitch in the state's voting technological imposed a "severe burden" on voters under the *Anderson/Burdick* balancing test. *See Burdick v. Takushi,* 504 U.S. 428 (1992); *Anderson v. Celebrezze*, 460 U.S. 780 (1983). But we have held that electronic voting systems are not a severe burden merely because they are electronic. *Wexler v. Anderson*, 452 F.3d 1226, 1232 (11th Cir. 2006). And the possibility of a computer glitch in an otherwise nonburdensome voting system is no more a severe burden than the possibility of an election-day snowstorm or traffic jam. Severe burdens under *Anderson/Burdick* are burdens imposed as a direct result of a state's laws and policies, such as drastic limits on voting hours or restrictions on ballot access, not "burdens . . . arising from life's vagaries." *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 197 (2008). *See also Duncan v. Poythress*, 657 F.2d 691, 699 (5th Cir. Unit B 1981) (the Constitution provides no guarantee against innocent irregularities in the administration of elections). Moreover, the standard remedy for an election-administration error—whether human, analog, or digital—is to allow a voter to cast a provisional ballot that will ultimately be counted. *See, e.g., Crawford*, 553 U.S. at 197-98; 42 U.S.C. § 15482(a). And, if there is an election-day computer glitch in Georgia's electronic voter rolls, Georgia law provides that opportunity.

To be clear, another panel will decide whether the district court's injunction should be vacated after full briefing and oral argument. But, for the purposes of the present motion, I believe the Secretary has established that the injunction should remain stayed.

JORDAN, Circuit Judge, concurring in part and dissenting in part.

    I would lift the stay as to (1) the requirement that the state provide county election officials with an updated pollbook that can be printed and which has all the information available in the electronic pollbook, (2) the requirement that the state direct county election officials to print and provide and the proper pollbook backup for each polling place, and (3) the requirement that the state direct county election officials to use the paper pollbook backup in case of equipment malfunction or emergency.   I therefore concur in part and dissent in part.