IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

## **ORDER**

A major tide of election cases hit the federal courts during the 2020-21 national election cycle. Given the nature of the cases filed, dozens of decisions were issued in the federal courts addressing threshold issues relating to standing and the legal and evidentiary requirements for establishment of voter claims under the First Amendment and Fourteenth Amendments. The instant case is in a far different procedural and evidentiary posture than most of the voting cases brought directly before or after the 2020 elections. Multiple injunctive relief hearings have previously been held in this case and voluminous evidence has been introduced in the record. However, some of the central constitutional issues and defenses posed in this case overlap with the issues addressed by district and appellate courts in this most recent period. For all of these reasons, the Court held a conference with the parties on January 19, 2021 after receiving submissions from the parties indicating their respective conflicting views as to how this case should proceed, if summary judgment proceedings would be appropriate given the injunction hearings to date, and an appropriate trial schedule. After considering the parties' submissions and

the flurry of election law developments over the prior months, the Court requested additional briefs on issues relating to Plaintiffs' standing in this case. (Docs. 1039, 1048, 1049, 1051, 1053.)

The Court has considered the parties' briefs as well as case law developments in the last seven months in determining how this case should proceed. It has also considered that the Eleventh Circuit Court of Appeals has granted a stay of two injunctive orders issued by this Court, pending that Court's review of these orders.[1] In light of the volume of resources that have already been devoted to this case, the challenging nature of the legal and evidentiary issues before the Court as well as evolving election case law, the Court concludes that it is prudent to proceed to establish an abbreviated schedule for the parties' completion of discovery and summary judgment briefing. The parties are directed to attempt to agree upon a joint schedule no later than May 7, 2021 and file such by May 10, 2021. If the parties cannot agree on a joint schedule by May 7, 2021, they shall file their independently proposed schedules by May 11, 2021.

In reviewing their course of action and any requisite tailoring or cutting back of the claims brought here, the Court advises Plaintiffs to carefully consider and address the implications for their claims of the Eleventh Circuit's opinion in *Wood v. Raffensperger,* 981 F.3d 1307 (11th Cir. 2020).  In *Wood*, the Plaintiff contended that his vote was unconstitutionally diluted because the ballots of absentee ballot voters were allegedly

---

[1] *See* Doc. 986 on the docket of the instant case in this district, inclusive of the Eleventh Circuit Court of Appeals Order of October 24, 2020, issuing stay in Eleventh Circuit Case No. 20-13720-RR.  The Eleventh Circuit has yet to decide whether it may properly exercise jurisdiction over one of the orders appealed that was consolidated on January 4, 2021 with the first injunctive order appealed.  (Doc. 1036 on the docket of the instant case in this district and 11th Circuit case 20-13730). The Court of Appeals also recently on April 1, 2021 issued an Order denying the Coalition Plaintiffs' Motion to Lift the Stay of one of the injunctions. (Doc. 1082-1, including Eleventh Circuit's Order in Case 20-13730.)

favored over those cast by in-person voters on computerized voting equipment. The Eleventh Circuit rejected this claim, brought as a post-election challenge, as a basis for standing and Wood's assertion of federal constitutional claims. *Id.* at 1315 ("Setting aside the fact that "[i]t is an individual voter's *choice* whether to vote by mail or in person," these complaints are generalized grievances.  Even if we assume that absentee voters are favored over in-person voters, that harm does not affect Wood as an individual—it is instead shared identically by the four million or so Georgians who voted in person this November …. And irregularities in the tabulation of election results do not affect Wood differently from any other person.") (internal citation omitted). Further, as Plaintiffs' concerns regarding the Dominion voting system and the QR code methodology for capturing votes form one central basis of Plaintiffs' claim that this specific digitized voting system burdens their First Amendment protected exercise of the franchise, all parties should be prepared to brief this freshly in terms of governing First Amendment law and examination of what burdens are *actually* at play and the significance of such relative to ordinary burdens and imperfections in the election system as a whole.

      **SO ORDERED** this 3rd day of May, 2021.

                                                **Amy Totenberg**
                                                **United States District Judge**