# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-cv-2989-AT |

## STATE DEFENDANTS' AND FULTON DEFENDANTS' PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY AND SUMMARY JUDGMENT MOTIONS

On May 3, 2021, the Court directed the parties to attempt to agree upon a joint schedule for the completion of discovery and summary judgment briefs and file any joint schedule by May 10, 2021. [Doc. 1088]. The parties conferred on May 7, 2021, but were unable to agree to a joint schedule in full. Counsel for State Defendants and Fulton Defendants do, however, understand the parties are in agreement as to the general timeline for the close of fact discovery. Because the parties were unable to agree to a joint schedule, State Defendants and Fulton Defendants (collectively, "Defendants") jointly submit the following proposed schedule as directed by the Court.

## I. Process of discovery moving forward.

In preparing a proposed schedule, Defendants note that there remain issues which may delay the outlined discovery schedule, including outstanding discovery disputes, a leave of absence from opposing counsel, and municipal elections to be administered by Fulton Defendants this year.

First, the Court has not yet ruled on various objections by county election officials, as non-parties to this case, to Plaintiffs' subpoenas for production of documents. [Docs. 1037-1038, 1052, 1054, 1062]. There are also discovery disputes pending with the Court, [Docs. 1057, 1080], and Defendants anticipate quickly submitting additional discovery disputes to the Court due to Plaintiffs' incomplete responses and objections to State Defendants' discovery requests earlier this year, which remain unresolved despite conferring with Plaintiffs. Defendants further understand Plaintiffs will raise additional discovery disputes, including access to additional components of the Dominion voting system. Further access to the Dominion system will require this Court's intervention to determine whether it will grant that access and, if so, the security protocols surrounding it. Setting aside Defendants' view of Plaintiffs' claims, this Court is aware of others' use of information presented to this Court in support of spurious allegations concerning the hacking or manipulation of the Dominion System. And

ongoing litigation between Dominion (who is not a party to this case) and those who made such claims only heightens the magnitude of this forthcoming dispute.

Second, David D. Cross, lead counsel for Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg, has filed a leave of absence with the Court for June 3 – June 25, 2021. This may delay the proposed discovery schedule outlined above. While Defendants will be ready to proceed with depositions during this time, they suspect lead counsel's absence may delay depositions that could otherwise be taken in June.

Third, municipal general elections are scheduled for November 2, 2021, in Fulton County, for both mayor and city council. And a likely runoff is scheduled for November 30, 2021. Preparation for these elections may delay production of discovery documents from Fulton Defendants.

Fourth, no joint preliminary report and discovery plan has been filed since Plaintiffs amended and supplemented their complaints. Consequently, there is no Rule 26(f) plan governing the current iteration of Plaintiffs' claims. State Defendants understood that report would be filed by Plaintiffs' counsel, *see* [Doc. 1046 at 1], but no report was ever filed. Defendants do not raise this issue to cast blame. Indeed, when counsel conferred regarding the plan, they were simultaneously handling expedited discovery ordered by this

- 3 -

Court and preparing for the September 2020 Hearing on Plaintiffs' preliminary injunction motions—filing the plan simply got lost in the shuffle of the latest round of emergency motions. Nonetheless, Defendants believe establishing that plan, with the assistance of the Court, will improve the efficiency of discovery and potentially narrow some disputes.

Finally, it remains to be seen if Plaintiffs will narrow the scope of their claims in light of this Court's Order. [Doc. 1088]. Indeed, as the Court recognized, the import of the Eleventh Circuit's decision in *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020), on Plaintiffs' claims here is significant. [Doc. 1088 at 2–3]. And clearly identifying "what burdens are *actually* at play" in this case, *id.* at 3 (emphasis in original), will not only aid the Court in reaching a decision on the merits, but will improve the efficiency of discovery by clearly defining its scope. Further, it is not known when a decision will be issued by the Eleventh Circuit Court of Appeals in the pending consolidated appeals that will eliminate the need for some categories of discovery. Plaintiffs have recently obtained *ex parte* extensions on their filing deadlines in the consolidated appeals, so their principal brief will not be filed until at least June 2, 2021. As this Court previously recognized, the Eleventh Circuit's decision in the consolidated appeals could narrow the issues before this Court.

As this Court is aware, the Secretary of State's Elections Division has limited resources. Defendants continue to believe that staying discovery until the Eleventh Circuit rules on the pending appeals would be prudent.[1] Accordingly, Defendants again respectfully ask that this Court reconsider staying discovery until the Eleventh Circuit decides the pending appeals.

## II. Defendants do not believe that simultaneous expert reports will be helpful.

A significant point of disagreement between the parties during the conference required by the Court is whether expert reports should be submitted simultaneously. Given the broad scope of issues about which Plaintiffs' experts have opined throughout the course of this case so far, and the potential that the issues will narrow or otherwise shift again, Defendants propose that Plaintiffs' expert reports be submitted before Defendants' expert reports. A simultaneous submission risks inviting reports from Defendants

---

[1] According to media statements by counsel for Curling Plaintiffs, the primary reason for filing Plaintiffs' Joint Motion for Sanctions, [Doc. 1083], was to get this Court to order the parties to proceed with discovery. *See* Law360 article dated May 3, 2021, attached as Exhibit A. If this statement is correct, it appears that Plaintiffs filed the Joint Motion for an improper purpose, including to circumvent the discovery-dispute process, which would provide a basis for sanctions.

that have nothing to do with the issues Plaintiffs actually decide to pursue in this case.

Staggered expert reports will assist the Court in focusing on the issues Plaintiffs actually plan to pursue instead of requiring Defendants to respond to every issue that has come up in this case's history so far, or which may come up in any new analysis undertaken by Plaintiffs' experts.

### III.  Defendants' joint proposed schedule.

If the discovery disputes outlined above can be resolved quickly, and presuming discovery can be obtained in a timely manner, Defendants believe the following schedule for discovery and motions provides a reasonable timeframe to complete discovery and file summary judgment motions:

| | |
|---|---|
| Initial Disclosure of Plaintiffs' Experts and the topic(s) on which they will opine | June 1, 2021 |
| Initial Disclosure of Defendants' rebuttal experts | June 30, 2021 |
| Plaintiffs' Expert Disclosures (reports) | July 12, 2021 |
| Defendant's Expert Disclosures (reports) | August 13, 2021 |
| Plaintiffs' Rebuttal Expert Disclosures (reports) | August 27, 2021 |
| Close of Fact Discovery | August 13, 2021 |

| | |
|---|---|
| Close of Expert Discovery | September 10, 2021 |
| Dispositive Motions (filed) | October 11, 2021 |
| Dispositive Motions (response) | November 1, 2021 |
| Dispositive Motions (reply) | November 22, 2021 |

Respectfully submitted this 11th day of May, 2021.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466

jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*


OFFICE OF THE COUNTY ATTORNEY
Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060

*/s/ Cheryl Ringer*
Cheryl Ringer
Georgia Bar No. 557420
David R. Lowman
Georgia Bar No. 460298
**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303

- 8 -

(404) 612-0246
(404) 730-6324 (fax)

*Counsel for Fulton Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this STATE DEFENDANTS' AND FULTON DEFENDANTS' PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY AND SUMMARY JUDGMENT MOTIONS has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Proposed Schedule has been prepared using 13-pt Century Schoolbook.

/s/*Bryan P. Tyson*
Bryan P. Tyson