# EXHIBIT A



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Ga. Election Officials Won't Be Sanctioned In Voting Case

By **Rosie Manins**

Law360 (May 3, 2021, 6:20 PM EDT) -- A Georgia federal judge denied a sanctions bid Monday by Georgia voters against state election officials in a long-running dispute over voting methods, saying the motion was ill-timed and lacked supporting evidence.

U.S. District Judge Amy Totenberg said the complicated and incomplete nature of the case, ongoing since 2017, means state election officials aren't entirely to blame for stalled discovery. She also said it was improper for voters to seek sanctions based largely on their unsuccessful request for the same relief in late 2019, when she decided to consider it alongside attorney fees upon a final outcome in the case.

A handful of Georgia voters and the civil rights group Coalition for Good Governance **sought sanctions** against Georgia Secretary of State Brad Raffensperger and other state election officials in early April, claiming their side was forced to unnecessarily spend almost $300,000 on discovery the state officials refused to provide. State defendants opposed the motion, claiming it was meritless and based on plaintiffs' misrepresentations of the case.

Judge Totenberg said discovery had stalled partly because she asked parties in January whether the plaintiffs had standing to bring their claims, following a slew of recent rulings by federal judges in Georgia dismissing voters' election-related suits for lack of standing.

Raffensperger and the other election officials **urged** Judge Totenberg in late January to certify for appeal to the Eleventh Circuit her **ruling** in July that plaintiffs had standing, so the appellate court could decide whether the case could proceed.

"While the court well understands the history of discovery obstacles recited in plaintiffs' motion, it also recognizes that the current paralysis in discovery may be at least in part attributable to the inchoate status of this case pending the court's full consideration of the parties' briefing on threshold standing issues," Judge Totenberg said in her order Monday.

She said the voters' initial sanctions bid in 2019, over discovery related to Georgia's old Global Election Management System, or GEMS, was not an appropriate basis for a renewed motion, in tandem with the state defendants' lack of responsiveness to discovery requests since the **presidential election** in November and Georgia's **senatorial runoffs** in January.

"The frozen, post-election status of discovery in this case without a more specific presentation of the state defendants' alleged current bad faith violations of their discovery obligations or its counsel's alleged egregious multiplication of proceedings, does not provide adequate factual or legal grounds by itself for the court's imposition of discovery sanctions at this time," Judge Totenberg said.

The Eleventh Circuit is already considering two interlocutory **appeals** in the case related to injunctive relief, including an **order** in late September for the state to provide paper backups of voter information for the Nov. 3 election. That was largely to reassure electors the state's malfunction-plagued digital system could be easily bypassed if necessary.

Judge Totenberg directed parties in a separate order Monday to come up with a joint schedule before May 7 to complete discovery and file briefs on summary judgment.

She also urged plaintiffs to consider the Eleventh Circuit's ruling in December that a Georgia voter lacked standing to bring his election-related claims against Raffensperger and others, affirming the **dismissal** of the suit by one of Judge Totenberg's colleagues in the Northern District of Georgia.

Judge Totenberg pointed plaintiffs to language in the appellate court's opinion, declaring a single voter's individual standing as insufficient for claims relating to the millions of Georgians who vote in elections.

"In reviewing their course of action and any requisite tailoring or cutting back of the claims brought here, the court advises plaintiffs to carefully consider and address the implications for their claims of the Eleventh Circuit's opinion," she said.

Parties were further ordered to prepare arguments over plaintiffs' concerns regarding the state's use of Dominion Voting Systems and QR code technology and whether that burdened voters' First Amendment rights.

David D. Cross of Morrison & Foerster LLP, lead plaintiffs' counsel, told Law360 the voters and their attorneys understand

the court's preference to address the full scope of misconduct at the end of the case, but it means they continue to be burdened by the cost of defendants' actions.

Plaintiffs are happy the state has been ordered to proceed with discovery, which was the primary reason they renewed their motion for sanctions, Cross said.

"So in that respect, we got the relief we really needed right now," he said on Monday.

Cross said the Eleventh Circuit's recent rulings on voters' standing were in cases far removed from the plaintiffs' claims, "which are based on facts and science, not absurd conspiracy theories."

Raffensperger's spokesperson told Law360 the state election officials are disappointed Judge Totenberg is taking seriously claims about voting machines similar to those consistently rejected by courts after the 2020 presidential election as being astonishingly speculative.

"Moving forward with discovery will cost even more taxpayer dollars to investigate baseless claims when the case should be dismissed," spokesperson Ari Schaffer said Tuesday.

Plaintiffs are represented by David D. Cross, Veronica Ascarrunz, Eileen M. Brogan, Lyle F. Hedgecock, Mary G. Kaiser and Robert W. Manoso of Morrison & Foerster LLP; Halsey G. Knapp Jr. and Adam M. Sparks of Krevolin & Horst LLC; Cary Ichter of Ichter Davis LLC; Bruce P. Brown of Bruce P. Brown Law LLC; and Robert A. McGuire III of the Robert McGuire Law Firm.

Defendants are represented by Vincent R. Russo, Josh Belinfante, Carey A. Miller and Alexander F. Denton of Robbins Ross Alloy Belinfante Littlefield LLC and Bryan P. Tyson, Jonathan D. Crumly, James A. Balli, R. Dal Burton, Diane F. LaRoss, Bryan F. Jacoutot and Loree A. Paradise of Taylor English Duma LLP.

The case is Curling et al. v. Raffensperger et al., case number 1:17-cv-02989, in the U.S. District Court for the Northern District of Georgia.

-- Additional reporting by Adrian Cruz, Suzanne Monyak and Andrew Kragie. Editing by Andrew Cohen.

*Update: This article has been updated with comment from the Georgia Secretary of State's Office.*

All Content © 2003-2021, Portfolio Media, Inc.