## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>PLAINTIFFS' JOINT PROPOSED SCHEDULE</u>

Pursuant to the Court's May 3, 2021 Order directing the parties to submit proposed schedules to the Court by May 11, 2021 (Dkt. 1088) if the parties could not agree on a proposed schedule, Plaintiffs jointly submit their proposed abbreviated schedule.  State Defendants proposed a mid-August cutoff for fact discovery during the parties' meet-and-confer, and Plaintiffs agree with that, assuming State Defendants finally produce long-needed discovery expeditiously.  State Defendants also proposed a mid-September cutoff for expert discovery, which Plaintiffs generally agree with as well, except that the parties disagree about the timing of expert disclosures.  The parties also disagree about dispositive briefing and *Daubert* motions, to the extent the latter is appropriate at all.

*Proposed Schedule*

Plaintiffs respectfully propose the following abbreviated schedule:

| CASE EVENT | DATE PROPOSED BY PLAINTIFFS |
|---|---|
| Amended Initial Disclosures | May 24, 2021 |
| Final Day to Submit Motions to Supplement or Amend Pleadings | June 15, 2021 |
| Supplemental Initial Disclosures (to include identification of experts who will submit reports and the subject matter(s) of those intended reports) | July 14, 2021 |
| Opening Expert Disclosures (reports) | August 2, 2021 (both sides simultaneously) |
| Close of Fact Discovery | August 16, 2021 |
| Rebuttal Expert Disclosures (reports) | August 25, 2021 (both sides simultaneously) |
| Close of Expert Discovery | September 3, 2021 |
| Last Day to Submit a Pretrial Order | September 13, 2021 |
| Trial Readiness | September 15, 2021 |

<u>Expert Discovery</u>

This case is ideal for simultaneous expert disclosures.  As the Court noted, this case is in an advanced procedural and evidentiary posture.  (Dkt. 1088.)  As State Defendants themselves often emphasize, there have been three preliminary

injunction hearings in this case.  As part of those proceedings, the parties have briefed the issues underlying the merits of Plaintiffs' claims at great length, including compiling significant evidence as this Court has found.  Experts for both sides exchanged detailed declarations laying out their analyses and opinions regarding the security and reliability of Georgia's election system.  They also testified at length about their work, including in response to rigorous cross examination.  Additionally, Plaintiffs informed Defendants that they anticipate no more than about five experts at trial, and the experts are expected to be witnesses who already have testified in this case.  Thus, Defendants already know who Plaintiffs' experts likely will be and generally what the substance and scope of their respective analyses and opinions will be.

Unlike the usual case where there has been no expert discovery when a schedule is being determined, here there has been extensive expert discovery on the same issues this Court will address at trial.  Indeed, the very standard this Court applied in each of the preliminary injunction proceedings specifically evaluated Plaintiffs' likelihood of success on the merits of their claims.  Of course Plaintiffs need additional important fact discovery from Defendants, which Plaintiffs' experts will need to address, but the contours of the expert analyses regarding the issues in this case are well known to both sides.  Thus, both sides are fully capable

3

of simultaneous expert disclosures, which would allow for "the just, speedy, and inexpensive determination of" this case at long last.  Fed. R. Civ. P. 1.

State Defendants object to simultaneous expert disclosures.  But their objection contravenes this Court's directive for an abbreviated schedule and State Defendants' own longstanding argument in this case that Georgia's election system is secure and reliable and that Plaintiffs' experts' well-documented concerns about that system are meritless.  If State Defendants truly believe that,[1] then they should be fully prepared to offer expert analyses and opinions supporting their claims without awaiting another round of expert disclosures from Plaintiffs.  Defendants should not need further analyses from Plaintiffs' experts simply to defend a system they claim is unassailable.  They know what efforts have been made to secure Georgia's election system and to verify election results in the state, and they and their experts should be fully prepared to evaluate and defend those efforts and the

---

[1] Many Georgia legislators disagree: a state study committee called for a return to hand-marked paper ballots due to security concerns, just as Plaintiffs seek here. *See* Doug Richards, *Georgia Republicans want to get rid of new voting machines*, 11 Alive News (Feb. 9, 2021), https://www.11alive.com/article/news/dump-voting-machines-gop/85-a0c0e1f4-c527-4b52-8755-ad21e3e1810e?fbclid=IwAR1UiQlcbMHUTM9zqiPvND5WHGISU6tCWny4zj1GkOGNI0g360EkrhTZeX8 (quoting both Republican and Democratic lawmakers concerned with the system's security).  Sen. Elena Parent (D-Atlanta) stated "there is a more secure and less expensive method that [] should have [been] adopted two years ago in Georgia."  *Id.*

system if it is secure and reliable as they claim.

Simultaneous expert disclosures do not prejudice Defendants.  If anything, it prejudices Plaintiffs, who will have to respond to Defendants' experts before seeing their rebuttals to Plaintiffs' experts' opening reports.  To the extent Plaintiffs' experts' reports contain any purportedly unexpected analyses or opinions, Defendants' experts will have an opportunity to respond to those in their rebuttal reports.  Plaintiffs' experts will be in the same position with any experts Defendants offer.  Thus, this approach is fair, balanced, and expedient.

Lastly, State Defendants proposed during the parties meet-and-confer that Plaintiffs provide their expert disclosures in June, nearly two months before the close of fact discovery.  They also objected to Plaintiffs' experts addressing in their rebuttal reports fact discovery disclosed after their opening reports without submitting "supplemental" reports to which Defendants' experts would then respond.  This obviously is unfair to Plaintiffs and highly inefficient.  First, given how much fact discovery obviously will occur in July and August, so-called "supplemental" reports would be inevitable from Plaintiffs' experts, lest they are forced to ignore much of the discovery record that Defendants' experts would get to consider, which of course is a nonstarter.  This means Defendants' experts inevitably would provide a *fourth* round of expert disclosures, which adds

5

avoidable delay and expense to expert discovery and vitiates any abbreviated schedule.  Second, by giving Defendants' experts the last word, Plaintiffs would be unfairly prejudiced as the party with the burden on their claims.  Giving Defendants such an advantage after the close of fact discovery and long after receiving Plaintiffs' experts' opening reports would greatly prejudice Plaintiffs while needlessly injecting delay and cost into the case.

In short, simultaneous expert disclosures, followed by expert depositions, is the most reasonable, efficient, expedient, and fair approach to expert discovery in this case given the expert record already developed by both sides.  And regardless of the sequencing of reports, Plaintiffs submit that neither party needs more than two weeks to respond to the other side's expert reports due to the extensive expert discovery already completed in this case.  The time-intensive portion of developing expert analyses and opinions should be occurring now to supplement the existing expert record.

### Dispositive Briefing and *Daubert* Motions

Plaintiffs continue to believe that dispositive briefing and *Daubert* motions will only waste judicial and party resources and time.

First, this will be a bench trial where the Court is the ultimate factfinder and will solely resolve the merits of Plaintiffs' claims.  Dispositive briefing merely

requires the parties to spend enormous money and time preparing extensive briefs and voluminous exhibits to make the same presentations in writing that this Court will have to address at trial—and the Court will have to conduct the same evaluation of that record it will have to conduct at trial, except that for dispositive briefing it will have to evaluate the evidence in the light most favorable to Plaintiffs.  And worse, it will have to conduct this evaluation on a static, written record without the benefit of live examination.  Similarly with *Daubert* motions, the Court will have to evaluate the reliability of experts the same as it would at trial, but on a static, written record.  Thus, dispositive briefing and *Daubert* motions will serve only to force this Court and the parties to do the same substantial work twice, but on a more limited record.

Second, the Court already has found that Plaintiffs are likely to succeed on the merits of their claims, which is an even higher standard than the dispositive briefing standard.  (Dkt. 579; Dkt. 964.)  At the very least, this establishes the existence of disputed material facts that must be resolved on the merits at trial. Similarly, the Court already has evaluated the qualifications and reliability of Plaintiffs' experts and found them reliable for several preliminary injunction opinions—including an injunction against Georgia's GEMS/DRE election system that remains in place today.  Thus, there is no legitimate argument that Plaintiffs'

experts cannot meet the *Daubert* standard, rendering any such briefing a waste of time and resources.

If the Court chooses to allow dispositive briefing and *Daubert* motions, Plaintiffs respectfully submit—per this Court's directive for an abbreviated schedule—that the Court should require them to be filed within one week of the close of discovery, with oppositions due two weeks later, and replies due one week thereafter.  Again, this case already has an extensive record, and State Defendants claim Plaintiffs' and their experts' concerns about Georgia's election system are entirely unfounded.  Defendants should be able to largely prepare their dispositive and *Daubert* motions now.  The default schedule Defendants embrace applies in the usual case where the parties do not already have an extensive record of fact discovery and expert disclosures, as Defendants do here.  That schedule would needlessly inject months of delay into the case, contrary to this Court's directive for an abbreviated schedule.

Lastly, should the Court allow dispositive briefing and *Daubert* motions, Plaintiffs respectfully request that the Court hold any such motions in abeyance until after trial.  This would allow the Court and Plaintiffs to avoid wasting enormous time and expense on those motions as explained above.

Fact Discovery

Finally, it is important to understand that Plaintiffs' abbreviated schedule assumes that State Defendants will, at long last, finally cooperate in discovery. Plaintiffs will not burden this Court with a recounting of State Defendants' years of obstruction, but suffice to say that no abbreviated discovery schedule can work if State Defendants are allowed to continue to impose unilateral stays of discovery and to ignore their discovery obligations altogether.

It already is clear that this Court will need to resolve numerous important fact discovery disputes arising from State Defendants' refusal to provide meaningful discovery.  There is critical discovery Plaintiffs still need from Defendants, such as access to the Dominion Election Management System (EMS) to complete the analyses that has been ongoing with the Dominion equipment provided by Fulton County as well as related analyses of the security and reliability of Georgia's election system.  Plaintiffs will file a joint discovery brief as soon as possible, and Plaintiffs request a conference with the Court at its earliest convenience to resolve those disputes.  Moving this case to resolution on the merits expeditiously and efficiently—and maintaining an abbreviated schedule—requires Defendants to engage in good faith on long-avoided discovery.

In tonight's filing, Defendants again ask this Court to stay discovery pending

the outcome of the current appeals before the Eleventh Circuit.  This contravenes this Court's Order directing the parties to file proposed schedules and constitutes an improper motion to reconsider.  More troubling, it signals Defendants' continued desire to impede discovery in this case.  The Court should reject this request—yet again—and proceed with the abbreviated discovery schedule it already ordered.[2]

---

[2] Defendants make an entirely gratuitous and misleading attack on Curling Plaintiffs in reference to a comment in an article about this Court's Order deferring a decision on sanctions until later in the case. (Dkt. 1089 at 5 n.1.) Defendants even threaten sanctions against Plaintiffs.  (*Id.*) What Curling Plaintiffs' counsel actually said—as the cited article makes clear—is simply that the primary reason they renewed their motion for sanctions was because State Defendants had continued to disregard their discovery duties and so sanctions were needed to *both* remedy the past violations *and* spur compliance going forward.  (*Id.* at Ex. A.) This is no grand revelation as Defendants claim—*it is exactly what Plaintiffs explained in that motion*.  (Dkt. 1083 at 1, 3, 9.)  It also is an entirely proper purpose for sanctions, which are intended to both remediate violations and discourage further misconduct, as Plaintiffs would have further explained in support of their renewed motion for sanctions had they been permitted to file a reply brief.  In any event, this Court has made clear that this is an issue for another day, and Defendants' reference here—coupled with misportraying the article—is improper and a distraction.

Respectfully submitted this 11th day of May, 2021.

<table>
<tr><td>

_/s/ David D. Cross_
David D. Cross (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Eileen Brogan (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500

</td><td>

_/s/ Halsey G. Knapp, Jr._
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

</td></tr>
</table>

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

<table>
<tr><td>

_/s/ Bruce P. Brown_
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

</td><td>

_/s/ Robert A. McGuire, III_
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

</td></tr>
</table>

*Counsel for Plaintiff Coalition for Good Governance*

_/s/ Cary Ichter_
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs Laura Digges, William Digges III,*
*Ricardo Davis, & Megan Missett*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                     */s/ David D. Cross*
                                     David D. Cross

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2021, a copy of the foregoing **PLAINTIFFS'**

**JOINT PROPOSED SCHEDULE** was served on all counsel of record by

electronic delivery of a PDF version.

 */s/ David D. Cross*
David D. Cross

ny-2110129

13