IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

JOINT DISCOVERY STATEMENT
REGARDING DISCOVERY FROM STATE DEFENDANTS

*Plaintiffs' Position*

Plaintiffs need from Defendants: (i) Dominion EMS DVD files, (ii) a fully-configured EMS for all counties prior to September 25, 2020, (iii) fully-configured EMS for all counties after September 25, 2020 (iv) a fully-configured ICC scanner, (v) a copy of the Democracy Suite EMS software, version 5.5A(GA), (vi) a fully-configured[1] BMD for Fulton, Cobb, or DeKalb counties used in the November 2020 election, including a printer, and (vii) all necessary software, cards, USB drives, passcodes, and other devices necessary to operate this equipment.  These items are responsive to Plaintiffs' Joint RFPs 18, 20, 21, and 22—plus 19(a), 23(a), for which State Defendants originally agreed to produce the requested discovery.  (Exs. A, B.)  Plaintiffs' experts need access to the equipment to complete their assessment of the election system's security and reliability.  The relevance is undisputed.

State Defendants refuse to produce any discovery related to Dominion based upon purported "intellectual property and confidentiality concerns" and unspecified "security concerns."  But the Court previously rejected the same objections when requiring production of a Dominion BMD and scanner from Fulton County subject to the Protective Order in this case.  (Dkt. 858.)  State Defendants' objections are

---

[1] In every instance, "fully-configured" means a system programmed and actually used in a Georgia statewide election and not since altered.

1

particularly meritless given similar—and even more—Dominion equipment, software, and election data have been produced in other election cases.[2] In *Bailey*, the parties received a complete disk image of the county EMS, memory card and USB images from all scanners and BMDs, pre- and post-election election projects (equivalent to GEMS databases) related to Dominion ICP scanners and ICX BMDs—the same equipment used in Georgia polling places—and the same or similar EMS software Georgia uses.  Dr. Alex Halderman examined some of the material as an expert for the Michigan Secretary of State.

Additionally, Plaintiffs' Joint RFPs 25-28 and 32-39 seek certain documents involving Pro V&V's and Dominion's roles regarding Georgia's election system. State Defendants are withholding responsive documents as "trade secrets or proprietary information of Pro V&V and Dominion."[3]  The blanket refusal to produce highly relevant documents relating to two third parties intimately involved in the security and administration of Georgia's election system is improper, especially given this Court's prior rejection of essentially the same objections.  (Dkt.

---

[2] *See* Decision and Order, *Bailey v. Antrim Cnty.*, No. 2020009238CZ (Mich. Cir. Ct. Dec. 4, 2020) (https://protect-us.mimecast.com/s/i252C1wBEMsMD1qODuLBoxJ?domain=bloximages.chicago2.vip.townnews.com).

[3] State Defendants also state documents "with sensitive election security information will be produced pursuant to the protective order" but have not produced such documents.

858.) The information is indisputably relevant and the Court's Protective Order resolves any legitimate confidentiality concerns.

### *State Defendants' Position*

Plaintiffs have been given access to GEMS Databases [Doc. 463], multiple DREs,[4] DRE memory cards [Doc. 745], a copy of the FBI's image of a KSU server from 2017 [Doc. 668], and precinct components of the Dominion system [Doc. 858]. But the *Curling* cyber ninjas found *no compromise* and now demand more.[5]

At the very least, this Court should require Plaintiffs to show some actual compromise of any component they *already have access to*, otherwise binding precedent holds their allegations are insufficient and this case should be dismissed. *Tsao v. Captiva MVP Rest. Partnres, Ltd. Liab. Co.*, 986 F.3d 1332 (11th Cir. 2021); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (en banc). And the protective order alone is not enough—Plaintiffs will conduct tests on equipment they cannot obtain on the black market and then demand that testing be made public. *See generally*, September 2020 hearing [Doc. 909, 910,

---

[4] The State is *still* storing approximately 30,000 *decertified* DREs related to Plaintiffs' original claims, which are moot.

[5] State Defendants will not repeat their arguments about contractual obligations, trade secrets, and federal law on the preservation of election equipment in great detail. This Court already knows those arguments and the State Defendants incorporate them by reference from the last time we did this. *See, e.g.,* [Docs. 829, 838, 843, 845, 847].

3

911]. Worse yet, whether by themselves or others who share their beliefs, it will then be utilized to sow distrust.[6] *See, e.g.*, [Doc. 1084-5 (filings in *Pearson*)].

State Defendants have *never* agreed to produce Dominion equipment to Plaintiffs and this Court already required equipment be produced for Plaintiffs' parlor trick. Plaintiffs now seek more, never mind that they did not "anticipate asking to examine Dominion equipment that is going to be used in any of the elections." [Doc. 810 at 33:22-34:9]. Not only might Plaintiffs' demands violate federal law, *see* Ltr. from DOJ to Hon. Karen Fann (May 5, 2021), Ex. D, but Dominion has also warned all of its customers not to turn over equipment to non-certified third parties. *See* Ex. E (May 6, 2021).[7] Further, if Plaintiffs' demands are permitted, the equipment can *never* again be utilized, requiring counties (who, other than Fulton, are not parties) replace that equipment (and do so before 2021 municipal elections and 2022 state elections). This is not targeted discovery

---

[6] Experts agree. *See* Jen Fifield, *Election experts say giving Maricopa County Routers to Election Auditors Could Be Security Threat*, AZCentral (May 11, 2021 1:54 PM MT), Ex. C ("It's quite concerning if information about the technical specifics of security flaws in voting machines falls into the wrong hands," [Halderman] said ... All of this, [Bernhard] said could lead to more ... distrust").

[7] Pending litigation elsewhere will only heighten this concern. *See, e.g.*, Jen Wieczner, *Big Lies vs. Big Lawsuits*, Fortune Magazine (Apr. 2, 2021 6:30 AM), https://fortune.com/longform/dominion-voting-lawsuits-fox-news-trump-allies-2020-election-libel-conspiracy-theories/. *See also, e.g.*, *U.S. Dominion, Inc. v. Fox News Network*, No. N21C-03-257 (Del. Super. Ct.); *id.*, Defs' Mot. to Dismiss at 1–8, attached hereto as Ex. F (discussing at length plaintiffs' claims here).

relevant to the claims and defenses at issue—alleged vulnerabilities, *not* compromise—and proportional to the needs of this case. Fed. R. Civ. P 26(b)(1). It is an unduly burdensome witch hunt.

Plaintiffs' remaining complaints are without merit. State Defendants have responded to Plaintiffs' discovery missives, *see* [Doc. 1084 at 8–9], and rather than submit the joint discovery statement they promised, on whether it should proceed given the appeals and jurisdictional concerns, Plaintiffs sought sanctions to avoid this Court's standing order.[8] More recently, State Defendants proposed search terms to Plaintiffs, but they have not responded, and other discovery disputes— including Plaintiffs' refusal to produce communications—remain pending. State Defendants proposed all pending discovery issues be resolved at a meet and confer set for May 27, 2021 and an omnibus discovery dispute filing be prepared. *See* Emails between counsel, Ex. G. Plaintiffs refused and insisted on a noon deadline while several of the State's counsel were out of town on family vacations. *Id.*

This case remains the only elections case in this district where discovery is as difficult as Plaintiffs are making it. It will ensure efficiency for the Court to resolve all of these disputes at the same time instead of continuing to be presented

---

[8] *See* [Doc. 1089-1 at 3 ("Plaintiffs are happy the state has been ordered to proceed with discovery, which was the primary reason they renewed their motion for sanctions, Cross said . . . 'we got the relief we really needed right now.'")].

with piecemeal disputes—demanded by one side at the eleventh-hour. The request should be denied and a discovery conference with the Court convened.

### *Plaintiffs' Reply*

Defendants respond with snark, *ad hominems*, misstatements, and irrelevant issues. Their arguments are meritless. First, their burden claim is unsupported and belied by the ease with which they produced other election equipment, as they note themselves. Second, their confidentiality argument is belied by Plaintiffs' and their experts' compliance with the Protective Order regarding the equipment they currently have. More importantly, Defendants ignore the fact that Dr. Halderman—and many others—already received similar Dominion equipment and software in Michigan. Defendants' silence on this fact is dispositive. Third, Defendants trip over themselves in arguing that the GEMS system is relevant to this dispute having insisted the BMD system is wholly separate and untainted. Fourth, Defendants maintain their catch-22 position, that Plaintiffs must show some "compromise" of the BMD system—but without getting access to equipment and software *actually used in Georgia elections*. They also ignore Dr. Halderman's demonstration for the Court last September and his subsequent analysis, *which requires this material now to complete*, just as in Michigan. Defendants cannot fairly defend the system while refusing to allow Plaintiffs to fully examine it.

Respectfully submitted this 27th day of May, 2021.

| | |
|---|---|
| */s/ David D. Cross* | */s/ Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle P. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs Laura Digges, William Digges III,
Ricardo Davis, & Megan Missett*

7

*/s/Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2021, a copy of the foregoing **Joint Discovery Statement Regarding Discovery from State Defendants** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

>  */s/ David D. Cross*
> David D. Cross