# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

### STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH JOINT REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF THINGS TO STATE DEFENDANTS

**COME NOW** Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, the "State Defendants"), in their official capacities by and through their counsel of record and object to Plaintiffs' Fourth Joint Request for Production of Documents and Inspection of Things to State Defendants (the "Requests") as follows:

### OBJECTIONS AND RESPONSES

**Request for Production No. 19:** One of each of the following, including all necessary underlying software, passcodes, usernames, and any other materials or keys required to access the devices and information listed below:

a. A copy of the EMS database for all counties prior to the discovery of the database issue referenced in the September 25, 2020, 4:25 p.m. e-mail from Chris Harvey (Dkt. No. 916 at 9);

1

    b. A copy of ImageCast Central election files for Fulton County, as provisioned from the database in (a);
    c. For a representative polling place in Fulton County, as provisioned from the database in (a):
        1. A USB drive containing information from "GA ICX BMD" programming group
        2. A programmed Compact Flash Card for Polling Place Scanner and "rezero" passcode
        3. A programmed Security Key Tab for Polling Place Scanner and passcode
        4. A programmed Technician Card and passcode
        5. A programmed Poll Worker Card and passcode
        6. A document of Ballot Activation Codes.

**Response:** State Defendants object to this Request as it is unduly burdensome, vague, and overly broad because it requires production of voting machine equipment and content while election officials are conducting elections and dealing with the lingering effects of the COVID-19 pandemic. Accordingly, State Defendants should not be required to divert scarce and finite resources necessary to effectively manage the November elections to respond to this Request. State Defendants also object to this Request as unduly burdensome because it is too late for any further relief to be ordered for the November 2020 elections and state officials are engaged in the operations of the elections right now, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); *See also,* Opinion and Order of this Court on Plaintiffs' Motions for Preliminary Injunction (Doc. 964, p. 84)("In election cases, the Supreme Court and Eleventh Circuit have made ever more

abundantly clear the mandate that district courts must exercise great restraint in considering the grant of injunctive relief that requires new rules on the cusp of an election where the Court's Order could cause electoral disruption and voter confusion.") State Defendants further object to this Request because it requests inspection of items that are unrelated to the claims and defenses in this case. State Defendants further object to this Request as it seeks inspection of items that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets of nonparties. State Defendants will not provide any items which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request because it is unreasonable and unduly burdensome as the Plaintiffs seek to inspect and test voting equipment being used currently in an actual election.

State Defendants are withholding responsive materials to this request on the basis of these objections.

**Request for Production No. 20:** One copy of the Democracy Suite EMS software, version 5.5A(GA), including the following:

      a. A copy of the Democracy Suite EMS software, version 5.5A(GA) installation disk used to provision EMS and ICC systems in Georgia;
      b. Any necessary installation keys or passwords;
      c. ImageCast Central software; and,
      d. Election Event Designer software.

3

**Response:** State Defendants object to this Request as it is unduly burdensome and overly broad because it requires production of voting machine equipment and content while election officials are conducting elections and dealing with the lingering effects of the COVID-19 pandemic. Accordingly, State Defendants should not be required to divert scarce and finite resources necessary to effectively manage the November elections to respond to this Request. State Defendants also object to this Request because it is too late for any further relief to be ordered for the November 2020 elections and it is unduly burdensome to require election officials to stop running the existing election to respond to this request, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); *See also,* Opinion and Order of this Court on Plaintiffs' Motions for Preliminary Injunction (Doc. 964, p. 84)("In election cases, the Supreme Court and Eleventh Circuit have made ever more abundantly clear the mandate that district courts must exercise great restraint in considering the grant of injunctive relief that requires new rules on the cusp of an election where the Court's Order could cause electoral disruption and voter confusion.") State Defendants further object to this Request because it requests inspection of items that are unrelated to the claims and defenses in this case. State Defendants further object to this

4

Request as it seeks inspection of items that may contain confidential information, trade secrets, and/or sensitive election security information of nonparties. State Defendants will not provide any items which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request because it is unreasonable and unduly burdensome as the Plaintiffs seek to inspect and test voting equipment being used currently in an actual election.

State Defendants are withholding responsive materials to this request on the basis of these objections.

**Request for Production No. 21:** One hard disk image of a fully-configured EMS.

**Response:** State Defendants object to this Request as vague in terms of what a "fully-configured EMS" is and whether it applies to any particular election. State Defendants further object to this Request as it is unduly burdensome because it requires production of voting machine equipment and content while election officials are conducting elections and dealing with the lingering effects of the COVID-19 pandemic. Accordingly, State Defendants should not be required to divert scarce and finite resources necessary to effectively manage the November elections to respond to this Request. State Defendants further object to this Request as it seeks inspection of items that may contain

5

confidential information, trade secrets, and/or sensitive election security information of nonparties. State Defendants will not provide any items which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request because it is unreasonable and unduly burdensome as the Plaintiffs seek to inspect voting equipment being used currently in an actual election.

State Defendants are withholding responsive materials to this request on the basis of these objections.

**Request for Production No. 22:** One hard disk image of a fully-configured ICC.

**Response:** State Defendants object to this Request as vague in terms of what a "fully-configured ICC" is and whether it applies to any particular election. State Defendants further object to this Request as it is unduly burdensome because it requires production of voting machine equipment and content while election officials are conducting elections and dealing with the lingering effects of the COVID-19 pandemic. Accordingly, State Defendants should not be required to divert scarce and finite resources necessary to effectively manage the November elections to respond to this Request. State Defendants further object to this Request as it seeks inspection of items that may contain confidential information, trade secrets, and/or sensitive election security

6

information of nonparties. State Defendants will not provide any items which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request because it is unreasonable and unduly burdensome as the Plaintiffs seek to inspect voting equipment being used currently in an actual election.

State Defendants are withholding responsive materials to this request on the basis of these objections.

**Request for Production No. 23:** One of each of the following after corrective actions and testing by Dominion Systems, Inc., including all necessary underlying software, passcodes, usernames, and any other materials or keys required to access the devices and information listed below:

   a. A copy of the EMS database for all counties;
   b. A copy of ImageCast Central election files for Fulton County, as provisioned from the database in (a);
   c. For a representative polling place in Fulton County, as provisioned from the database in (a):
      1. A USB drive containing information from "GA ICX BMD" programming group
      2. A programmed Compact Flash Card for Polling Place Scanner and "rezero" passcode
      3. A programmed Security Key Tab for Polling Place Scanner and passcode
      4. A programmed Technician Card and passcode
      5. A programmed Poll Worker Card and passcode
      6. A document of Ballot Activation Codes.

**Response:** State Defendants object to this Request as it is unduly burdensome, vague, and overly broad because it requires production of voting

machine equipment and content while election officials are conducting elections and dealing with the lingering effects of the COVID-19 pandemic. Accordingly, State Defendants should not be required to divert scarce and finite resources necessary to effectively manage the November elections to respond to this Request. State Defendants also object to this Request as unduly burdensome because it is too late for any further relief to be ordered for the November 2020 elections and State officials are engaged in the operations of the elections right now, see *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *Purcell v. Gonzalez*, 549 U. S. 1 (2006) (per curiam); *See also,* Opinion and Order of this Court on Plaintiffs' Motions for Preliminary Injunction (Doc. 964, p. 84)("In election cases, the Supreme Court and Eleventh Circuit have made ever more abundantly clear the mandate that district courts must exercise great restraint in considering the grant of injunctive relief that requires new rules on the cusp of an election where the Court's Order could cause electoral disruption and voter confusion.") State Defendants further object to this Request because it requests inspection of items that are unrelated to the claims and defenses in this case. State Defendants further object to this Request as it seeks inspection of items that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets of nonparties. State Defendants will not provide any items

8

which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request because it is unreasonable and unduly burdensome as the Plaintiffs seek to inspect and test voting equipment being used currently in an actual election.

State Defendants are withholding responsive materials to this request on the basis of these objections.

This 13th day of October, 2020.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson

9

GA Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*