# Exhibit D

**U.S. Department of Justice**

Civil Rights Division

_____

May 5, 2021

VIA EMAIL

The Honorable Karen Fann
President, Arizona State Senate
1700 West Washington Street, Room 205
Phoenix, AZ  85007

Dear Senator Fann:

I write regarding issues arising under federal statutes enforced by the United States Department of Justice that are related to the audit required by the Arizona State Senate for the November 2020 federal general election in Maricopa County.  News reports indicate that the Senate subpoenaed ballots, elections systems, and election materials from Maricopa County and required that they be turned over to private contractors, led by a firm known as Cyber Ninjas.

The Department has reviewed available information, including news reports and complaints regarding the procedures being used for this audit.  The information of which we are aware raises concerns regarding at least two issues of potential non-compliance with federal laws enforced by the Department.

The first issue relates to a number of reports suggesting that the ballots, elections systems, and election materials that are the subject of the Maricopa County audit are no longer under the ultimate control of state and local elections officials, are not being adequately safeguarded by contractors at an insecure facility, and are at risk of being lost, stolen, altered, compromised or destroyed.[1]  Federal law creates a duty to safeguard and preserve federal election records.  The Department is charged with enforcement of provisions of the Civil Rights Act of 1960, 52 U.S.C. §§ 20701-20706.  This statute requires state and local election officials to maintain, for twenty-two months after the conduct of an election for federal office, "all records and papers" relating to any "act requisite to voting in such election…" _Id._ at § 20701.  The purpose of

_____

[1] _See, e.g.,_ https://www.azfamily.com/news/investigations/cbs_5_investigates/security-lapses-plague-arizona-senates-election-audit-at-state-fairgrounds/article_b499aee8-a3ed-11eb-8f94-bfc2918c6cc9.html; https://www.azmirror.com/2021/04/23/experts-raise-concerns-about-processes-transparency-as-election-audit-begins/; https://tucson.com/news/local/arizona-senate-issues-subpoena-demanding-access-to-2-million-plus-ballots-cast/article_a426fc7b-60d8-5837-b244-17e5c2b2ddb4.html; https://www.azmirror.com/2021/02/26/judge-sides-with-senate-says-maricopa-must-turn-over-election-materials-for-audit/

these federal preservation and retention requirements for elections records is to "secure a more effective protection of the right to vote." *State of Ala. ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 853 (M.D. Ala. 1960*), aff'd sub nom. Dinkens v. Attorney General*, 285 F.2d 430 (5th Cir. 1961) (per curiam), *citing* H.R. Rep. 956, 86th Cong., 1st Sess. 7 (1959); *see also* Federal Prosecution of Election Offenses, Eighth Edition 2017 at 75 (noting that "[t]he detection, investigation, and proof of election crimes – and in many instances Voting Rights Act violations – often depend[s] on documentation generated during the voter registration, voting, tabulation, and election certification processes").[2]

If the state designates some other custodian for such election records, then the Civil Rights Act provides that the "duty to retain and preserve any record or paper so deposited shall devolve upon such custodian."  52 U.S.C. § 20701.  The Department interprets the Act to require that "covered election documentation be retained either physically by election officials themselves, or under their direct administrative supervision." *See* Federal Prosecution of Election Offenses at 79.  In addition, if the state places such records in the custody of other officials, then the Department views the Act as requiring that "administrative procedures be in place giving election officers ultimate management authority over the retention and security of those election records, including the right to physically access" such records.  *Id.*  We have a concern that Maricopa County election records, which are required by federal law to be retained and preserved, are no longer under the ultimate control of elections officials, are not being adequately safeguarded by contractors, and are at risk of damage or loss.

The second issue relates to the Cyber Ninjas' statement of work for this audit.[3]  Among other things, the statement of work indicates that the contractor has been working "with a number of individuals" to "identify voter registrations that did not make sense, and then knock on doors to confirm if valid voters actually lived at the stated address."  Statement of Work at ¶ 2.1.  The statement of work also indicates that the contractor will "select a minimum of three precincts" in Maricopa County "with a high number of anomalies" in order "to conduct an audit of voting history" and that voters may be contacted through a "combination of phone calls and physical canvassing" to "collect information of whether the individual voted in the election" in November 2020.  Statement of Work at ¶ 5.1.  This description of the proposed work of the audit raises concerns regarding potential intimidation of voters.  The Department enforces a number of federal statutes that prohibit intimidation of persons for voting or attempting to vote.  For example, Section 11(b) of the Voting Rights Act provides that "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote…"  52

---

[2] *See* https://www.justice.gov/criminal/file/1029066/download
[3] *See* https://www.washingtonpost.com/context/cyber-ninjas-statement-of-work/2013a82d-a2cf-48be-8e9f-a26bfd5143e5/

U.S.C. § 10307(b).  Past experience with similar investigative efforts around the country has raised concerns that they can be directed at minority voters, which potentially can implicate the anti-intimidation prohibitions of the Voting Rights Act.  Such investigative efforts can have a significant intimidating effect on qualified voters that can deter them from seeking to vote in the future.

We would appreciate your response to the concerns described herein, including advising us of the steps that the Arizona Senate will take to ensure that violations of federal law do not occur.

Sincerely,

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division
pamela.karlan@usdoj.gov


cc:     Glenn McCormick, Acting United States Attorney for the District of Arizona
        Mark Brnovich, Arizona Attorney General
        Katie Hobbs, Arizona Secretary of State
        Stephen Richer, Maricopa County Recorder