**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONNA CURLING, *et al.*

*Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

*Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-02989-AT

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of State Defendants' briefing on standing issues [Docs. 1066, 1094, 1105], State Defendants respectfully submit the attached ruling by the United States Supreme Court as Exhibit A, in which the Court determined that individual and state plaintiffs lacked standing to challenge the Patient Protection and Affordable Care Act ("ACA") in *California, et al. v. Texas et al.,* Case No.: 19-840 (June 17, 2021).

*California* involved a challenge to the ACA after Congress lowered the tax penalty for any individual who fails to obtain health insurance to $0. Justice Breyer wrote for the Court that, "[b]ecause of this, there is no possible Government action that is causally connected to the plaintiffs' injury[.]" *Id.* at

p. 9.[1] Further, the Court explained that the plaintiffs' proposed injury "is not 'fairly traceable' to any 'allegedly unlawful conduct' of which the plaintiffs complain." *Id.*

The *California* plaintiffs could not show that any federal employee would enforce the challenged provision. *Id.* This is almost identical to the claims at issue here, where no state official is requiring Plaintiffs to vote on any particular equipment they do not like—because Plaintiffs are free to vote absentee by mail and use a hand-marked paper ballot. Like the plaintiffs in *California*, who faced no punishment from the federal government if they did not purchase insurance, Plaintiffs here suffer no state sanction when they make the freely available choice to vote hand-marked paper ballots in Georgia elections. *Id.*

Further, even if the desire to vote in person could constitute an injury, it is not traceable to State Defendants, because there is no enforcement mechanism that forced Plaintiffs to make that choice, just as the plaintiffs in *California* said they "already suffered a pocketbook injury, for they have already bought health insurance." *Id.* at 11. But that was insufficient because there was no actual or threatened government action that caused them harm.

---

[1] Citations are to the PDF pages marked in blue at the top of the exhibit.

*Id*. at 9-10 (explaining plaintiffs "have not pointed to any way in which the defendants [or any other federal employees] . . . will act to enforce [the challenged statutory provision]. . . . In a word, they have not shown that any kind of Government action or conduct has caused or will cause the injury they attribute to [the challenged provision]").

Finally, any injury to Plaintiffs here requires the decisions of independent third parties—either in-person voters not reviewing their own ballots or bad actors attempting to hack election systems. But "where the causal relation between injury and challenged action depends upon the decision of an independent third party . . . [standing] is ordinarily 'substantially more difficult' to establish." *Id*. at 15 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992)). That is especially true here, when Plaintiffs rely exclusively on vulnerabilities as opposed to allegations of any actual hacking. Plaintiffs have not sufficiently alleged an injury that is not dependent on the independent decisions of third parties, precluding jurisdiction.

Actual standing matters because proceeding in its absence to adjudicate the merits of plaintiffs' claims would improperly "grant unelected judges a general authority to conduct oversight of decisions of the elected branches of government." *Id*. at 13. State Defendants again urge this Court to consider the allegations of the operative Complaints, determine the lack of any

particularized injury and the lack of a traceable and redressable injury, and dismiss this case in its entirety.

Respectfully submitted this 22nd day of June, 2021.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890

dburton@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson