IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

**PLAINTIFFS' JOINT MOTION TO EXTEND THE SCHEDULE DUE TO DEFENDANTS' CONTINUED NONFEASANCE IN DISCOVERY**

Plaintiffs respectfully request a 60-day extension of all deadlines due to Defendants' continued failure to comply with their discovery obligations. Defendants still have produced *no discovery* since the September 2020 preliminary injunction hearing, except for an incomplete and deficient set of election database files for some Georgia counties for some elections. Defendants have refused to provide any estimate on when they will even begin completing the database files, or producing other documents. And State Defendants now suddenly insist on renegotiating search terms the parties agreed to nearly three weeks ago, after committing nearly two weeks ago to reviewing and producing relevant documents captured by those terms. Plaintiffs cannot prepare meaningful, comprehensive

expert reports by July 1 with no new discovery from Defendants. A document production deadline is needed for Defendants to finally comply in discovery.

Fed. R. Civ. P. 16 (b)(4) authorizes the extension of a deadline upon a showing of "good cause and with the judge's consent." Good cause readily exists here. Currently, Plaintiffs are obligated to serve their experts' opening reports by July 1, 2021—barely more than a week from today. Plaintiffs' experts need additional time to obtain and review important discovery information from Defendants that is not even forthcoming at this point to prepare informative opening reports.[1] A key focus of some of Plaintiffs' experts will be on how the Dominion voting system operates in practice, including specific deficiencies evidenced by county election data that render the voting system unsecure, unreliable, unable to be audited, and ultimately unconstitutional. Defendants owe Plaintiffs important discovery on this very issue,

---

[1] Although Dr. Alex Halderman could produce an opening report regarding his analyses of the election equipment obtained from Fulton County, which has revealed highly disturbing problems with Georgia's voting system, it would be unfair, inefficient, and prejudicial to Plaintiffs to require such a piecemeal approach to expert discovery. Plaintiffs and Dr. Halderman have not yet received any of the election equipment or data that are the subject of a pending discovery dispute. (Dkt. 1094.) Moreover, Plaintiffs anticipate that Defendants, as in the past, will respond to any such report with a variety of factual allegations, such as about supposed security measures that somehow mitigate serious security vulnerabilities with the voting system. Plaintiffs and Dr. Halderman are entitled to discovery regarding those allegations, and Defendants' defenses, before having to submit an opening expert report, in order to take account of any allegations Defendants will make and any information they will rely upon for their defenses.

which Plaintiffs' experts need for their opening reports. Discovery attempts on Fulton County through Open Records Requests have so far been equally unsuccessful in obtaining necessary election data.

In the May 11, 2021 Joint Proposed Schedule (Doc. 1090), Plaintiffs made clear that the proposed schedule assumed reasonably-expeditious production of needed discovery, consistent with this Court's directive for an abbreviated discovery period. Unfortunately, Defendants have disregarded that directive, continuing to stonewall and failing to adhere to agreements on discovery reached weeks ago.

The only discovery Defendants have produced since the September 2020 preliminary injunction hearing is partial November and January election data that is far short of what they agreed to produce (and what the counties are obligated to provide the Secretary of State after elections). For example, Fulton County's essential November recount data is missing, and its January 2021 election data has not yet been produced by Defendants. Few counties supplied essential cast vote records that were supposed to be part of the promised data production. Some counties, such as Gwinnett, where software tabulation errors occurred that merit investigation, provided almost no meaningful election data. Such data is needed for Plaintiffs' experts' analyses of Georgia's voting system, from the accuracy of mail ballot scans with updated threshold settings, to the effectiveness of post-election

audits (which Defendants have made a key issue in this case), to the accuracy of tabulations. And all the data Plaintiffs seek are supposed to be included in the Election Project files each county is obligated to preserve and send the Secretary of State after each election. State Defendants agreed to produce those Election Project files.

Plaintiffs only recently received State Defendants' partial election data production, and Defendants have provided no indication of when—or even if—the rest of the promised election data is coming. As a result, the election data and important categories of documents (such as assessments of cybersecurity compromises, vulnerabilities with Georgia's voting system, or audit discrepancies) needed for Plaintiffs' experts to prepare robust opening reports has not been produced and is nowhere in sight from Defendants. This is a problem of Defendants' making.

For these reasons, Plaintiffs request (i) a 60-day extension of all deadlines in the case for completion and (ii) a deadline of July 15, 2021, for completion of Defendants' production of documents and data, including complete Project Package files (including cast vote records) from at least Fulton, Gwinnett, Clayton, Cobb, DeKalb, Hall, Henry, Muscogee, Thomas, Lowndes, Heard, and Rockdale counties from the November 2020 and January 2021 elections (including the November 2020

recounts).  It unfortunately remains clear that Defendants will not meaningfully engage in discovery in this case without concrete deadlines set and enforced by this Court.  Their dilatory tactics have squandered substantial time and contravened this Court's directive for an abbreviated discovery schedule.  It is long past time to complete discovery and resolve this case on the merits, which Defendants resist at every opportunity.  Plaintiffs appreciate the Court's assistance.

Respectfully submitted this 23rd day of June, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle P. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs Laura Digges, William Digges III,*
*Ricardo Davis, & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *David D. Cross*
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER , ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, a copy of the foregoing

**PLAINTIFFS' JOINT MOTION TO EXTEND THE SCHEDULE DUE TO DEFENDANTS' CONTINUED NONFEASANCE IN DISCOVERY** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross