## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-cv-02989-AT |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION TO EXTEND THE SCHEDULE

### INTRODUCTION

History continues to repeat itself in this case, with yet another filing from Plaintiffs accusing State Defendants of bad faith in the discovery process—the only election case in this district where these allegations are consistently leveled against State Defendants. But this time it's especially strange. Curling Plaintiffs continue to accuse State Defendants of not producing documents when Curling Plaintiffs themselves have not produced a single document since their one production before the preliminary injunction hearing last year (containing a grand total of nine pages of a single email). Curling Plaintiffs have made no effort to remedy this dearth of document

1

production despite responding on January 11, 2021 to twenty separate document requests by saying they would produce responsive documents.

Plaintiffs also took the unusual step of filing the present motion to extend discovery *while they were on the phone* with counsel for State Defendants discussing these and other discovery issues in this case and in blatant disregard for this Court's standing order on discovery disputes. While calling their motion a request for an extension, by its terms, it is actually a motion to compel. Further, Plaintiffs have known of the deadline for their expert report for weeks time and did not raise any issues with document production or the databases for their expert reports until just days ago. The Court should deny Plaintiffs' motion and keep this case on track for resolution.

## FACTUAL BACKGROUND

After considering threshold arguments about standing in January, which had delayed discovery, this Court directed the parties to file proposed discovery schedules in early May. [Doc. 1088]. The parties then held a meet and confer on May 7, 2021 to discuss both proposed schedules and the state of discovery in this case. Those discussions led to several agreements, including the agreement to exchange correspondence outlining each party's final positions on any remaining discovery disputes with the goal of bringing those disputes to the Court through the Joint Discovery Statement process for

resolution, if required. The parties exchanged letters and, on May 14, State Defendants reiterated their earlier statements that the search terms Curling Plaintiffs had proposed months before would be far too broad. State Defendants agreed to provide revised search terms by May 20, 2021 so they could begin the search for documents. *See* May 14, 2021 Letter from B. Tyson to D. Cross, attached as Ex. A. In response, Plaintiffs only raised a single issue—whether the position of State Defendants changed with respect to the production of Dominion equipment. Email from V. Ascarrunz to B. Tyson, attached as Ex. B.

The Court then set a schedule on May 18, 2021 with the current deadlines. [Doc. 1092, 1093]. State Defendants provided revised search terms to Plaintiffs on May 20, as promised. Letter from B. Tyson to D. Cross, attached as Ex. C. After exchanging some clarifying emails, Plaintiffs did not provide proposed revised search terms until ten days later, on June 1, 2021. Letter from D. Cross to B. Tyson, attached as Ex. D. State Defendants then began the process of applying those search terms, retrieving applicable documents, and uploading them to an e-discovery platform. Plaintiffs never advised the Defendants that they needed emails or other documents to finalize their expert reports.

In the meantime, the Court held a discovery conference on the only discovery dispute brought to the Court by Plaintiffs. During that conference,

counsel for Curling Plaintiffs mentioned election databases as a key item they were missing in discovery. Counsel for State Defendants explained that the Secretary would only have whatever the counties provided his office. [Doc. 1099, 41:11-15]. After a discussion of format, Plaintiffs confirmed they wanted a format that did not require converting each file, and State Defendants agreed to produce "whatever was sent back to us from the counties for the November 2020 and January 2021 elections." Email from B. Tyson to D. Cross, attached as Ex. E. Four days later, after uploading database files from hundreds of individual USB drives, totaling more than 560GB, State Defendants sent a hard drive containing the databases by overnight delivery, noting specifically that they were producing "whatever the counties sent after the election." Email from B. Tyson to D. Cross, attached as Ex. F. Plaintiffs never raised any issues with that production with State Defendants prior to their allegations in the current Motion that the production of the databases was insufficient.

In the meantime, State Defendants ran the search terms, which returned more than 300,000 emails. State Defendants advised Plaintiffs of the volume of this result on June 10, and Plaintiffs did not follow up until June 19. When they did so, Plaintiffs still never raised any need for the production to prepare their expert reports. Email from D. Cross to B. Tyson, attached as Ex. G. As State Defendants explained to Plaintiffs on June 21, the *Fair Fight Action*

litigation, which challenged machines in addition to almost every aspect of Georgia elections, resulted in the production of only 280,000 emails *in total*. Email from C. Miller to D. Cross, attached as Ex. H. Completing review and production of the files in that case, as a point of comparison, took months at significant expense to the State. After Curling Plaintiffs requested a meet and confer on the search issues, the parties agreed to meet and confer at 4:00 pm on June 23. Email from M. Kaiser to B. Tyson, attached as Ex. I.

During that meet and confer, in which lead counsel for Curling Plaintiffs did not participate, Plaintiffs filed the present motion to extend the discovery schedule, accusing State Defendants of stonewalling, "failing to adhere to agreements" on discovery, and claiming that State Defendants "will not meaningfully engage in discovery in this case without concrete deadlines." [Doc. 1118, p. 3, 5].

## ARGUMENT AND CITATION OF AUTHORITY

### I. Plaintiffs' motion should be denied because it violates this Court's standing order.

While titled as a motion for an extension of discovery, the relief requested is a motion to compel—specifically, to set deadlines and require the production of particular categories of documents and information. [Doc. 1118, pp. 4-5]. This Court's standing order specifically states that parties "shall not file

5

discovery motions including motions to compel . . . without permission from the Court." Standing Order, p. 20. Plaintiffs failed to meet and confer about the subject of their motion prior to filing it, failed to obtain permission of the Court, and failed to prepare a Joint Discovery Statement for filing. For this reason alone, Plaintiffs' motion should be denied.

## II. Plaintiffs' motion should be denied because the information requested is not tied to their expert reports.

Until June 21, Plaintiffs never raised an issue that production of documents was necessary to the preparation of their expert reports. They have known that State Defendants found their search terms too broad since March, have known of the deadline for their expert since mid-May, and engaged in weeks of discussion about scope of the terms, including waiting 10 days to respond to State Defendants' proposed terms. Fact discovery does not close until mid-August under the current schedule. [Doc. 193]. Plaintiffs should not be rewarded with additional time to prepare their expert reports when they have never raised the issue of needing this type of discovery to complete their expert reports.

6

### III. Plaintiffs' motion should be denied regarding election databases because State Defendants produced exactly what they said they would.

Plaintiffs complain for the first time in their motion that the databases production is insufficient for their expert—despite never raising this issue with State Defendants as a discovery dispute. State Defendants repeatedly advised Plaintiffs that, while counties are supposed to send the Project Package files to the Secretary's office after an election, the counties do not always do that, and that State Defendants therefore would produce whatever the counties sent. Despite these warnings, Plaintiffs chose not to seek discovery from each county—which clearly have the ability to create the relevant Project Packages—but instead decided to rely on the information held by State Defendants.[1] Plaintiffs should not be rewarded for failing to go to the source (the counties) for the information they seek by requiring State Defendants to go seek out the files they say they need from each county. State Defendants have complied with their discovery obligations regarding databases, and no relief should be ordered.

---

[1] Plaintiffs of course know how ask counties for records and have done so on numerous occasions during this litigation.

## IV. Curling Plaintiffs have produced no documents in response to any document requests from State Defendants.

In January 2021, Curling Plaintiffs agreed to produce responsive documents for 20 different requests for production from State Defendants. To date, State Defendants have received none.[2] The only document production of Curling Plaintiffs since this Court ordered expedited discovery in advance of the September 2020 preliminary-injunction hearing remains a single email chain totaling nine pages. State Defendants, in response to Curling Plaintiffs' request during Wednesday's meet and confer, identified the deficient requests. Email from B. Tyson to M. Kaiser, attached as Ex. J. Unfortunately, State Defendants anticipate the issue will need to be brought to the Court. For Curling Plaintiffs to dramatically (and incorrectly) accuse State Defendants of producing "*no discovery*" [Doc. 1118, p. 1] (emphasis in original) while engaging in the same behavior is, unfortunately, how this case continues to proceed.

## CONCLUSION

Discovery is proceeding in this case, despite Plaintiffs' accusations and despite serious, pending questions about Plaintiffs' standing to bring this case. This Court should not reward Plaintiffs for their failure to engage in the discovery process or for their invective against State Defendants.

---

[2] Coalition Plaintiffs produced a few hundred pages of documents.

State Defendants remain open to extending deadlines in this case if that is needed—but Plaintiffs should go through the proper process of requesting that relief if they feel they need it.

Respectfully submitted this 25th day of June, 2021.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250


**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com

9

R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION TO EXTEND THE SCHEDULE has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson