**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DONNA CURLING, *et al.*
       *Plaintiffs,*

       v.

BRAD RAFFENSPERGER, *et al.*,
       *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

**JOINT DISCOVERY STATEMENT**
**REGARDING DISCOVERY FROM STATE DEFENDANTS TO**
**COALITION PLAINTIFFS**

### *Issue No. 1 – Discovery of communications with voters*
### *State Defendants' Position*

On its website, CGG provides the public with a summary of its current projects, daily updates on significant developments in this litigation and press stories about the litigation. Its Executive Director, Marilyn Marks has taken a personal and active role in the prosecution of this case by travelling to precincts all over the State and acting as a poll watcher. To discover what communications CGG has had with voters and what statements it has made about this litigation and its efforts to gain support for its claims in this case, State Defendants asked CGG to produce only those communications with actual voters that referenced the litigation on the challenges CGG made in it (RFP No, 15)[1]; documents reflecting CGG's efforts to track voters actually affected by the Election System (RFP No. 18), and CGG's communications with that same set of voters (RFP No. 19). These documents are relevant and CGG should be required to produce those that it admits to having in its possession.

### *Coalition Plaintiffs' Response to Issue No. 1*

The documents are not discoverable under Rule 26(c) because they are not (A) "relevant to any party's claim or defense" or (B) "proportional to the

---

[1] Portions of CGG's responses to State Defendants' Requests which contain the requests and responses are attached as Exhibit "A".

needs of the case." As to relevancy, the State Defendants have insisted that because these documents mention the lawsuit that they are "relevant," but they have not – and do not in this Joint Statement - explain what these documents are relevant to: they have never identified any fact "of consequence" that this discovery would have a tendency to make "more or less probable." Fed. R. Evid. 401. And there is nothing about these document requests that would suggest their relevancy. CGG is the plaintiff and there are no claims against CGG. There are no claims or defenses that relate to the action or inaction of CGG or to the communications that it has with voters or anyone else. In the good faith conferences prior to the presentation of this dispute to the Court, **CGG specifically asked the State Defendants to identify the claim or defense as to which this discovery relates. Rather than doing so, the State Defendants have said only that the discovery is "clearly relevant," or "there can be no doubt of their relevancy," or that the discovery goes "to the core issues in this case," or (as below relating to Issue 2) the "documents are relevant on their face."**

Even if there were some marginal relevancy of these documents to an as-yet unidentified claim or defense, the discovery would not be proportionate because it is exceptionally broad. Everyone is a potential "voter." And every voter is "affected by the Election System." This litigation has been pending

four years and CGG's communications with potential voters relating to this litigation would represent several thousand emails and messages. Making discovery even more burdensome, communications about this litigation are frequently included within communications addressing other topics as well. The discovery also is not proportional in that it is not important "in resolving the issues, " Fed. R. Civ. P. 26(b), as no issues have been identified. CGG's financial records (which it has produced to the State Defendants) show that it has extremely limited resources. Clearly, the burden or expense of the proposed discovery "outweighs its likely benefit."

*State Defendants' Reply to Issue No. 1*

The discovery requests are relevant to CGG's claims and CGG admits they possess responsive documents. State Defendants are entitled to explore facts in CGG's possession about their claims of "widespread issues" and the nature of their proffered declarants' statements. The information about its effort to locate potential declarants is relevant to how "widespread" problems were and relevant to CGG's allegations of organizational harm. [Doc. 628 at ¶ 218 ("educating its members and the voting public")]. On scope and burden, the requests are limited to four years and were narrowed in negotiation to only items referencing this litigation. CGG chose to engage in this litigation and cannot hide from discovery merely because it claims it has limited resources.

- 3 -

### *Issue No. 2 – Discovery of communications with other groups*
*State Defendants' Position*

In its First Supplemental Complaint, CGG claims to "serve as a non-partisan educational and informational resource for the public, press, campaigns, candidates, and political parties," to that it collaborates "in voting rights and election integrity initiatives with other nonpartisan nonprofits and academics," and that it engages in "developing and sharing research and investigation of  reported election problems with the press, public and other members of the election-integrity community." [Doc 226, p. 15, ¶ 21]. To test those specific allegations, State Defendants sent targeted discovery asking CGG to produce its communications with members of the press about this case and the challenges CGG is making in it (RFP No. 22);[2] CGG's communications with political campaigns  (RFP No. 23),  political candidates (RFP No. 24), political parties (RFP No. 25), voting rights or election-integrity organizations (RFP No. 27), and members of the academic community (RFP No. 28). Importantly, each such request was expressly limited to "any and all documents…that mention or refer to the Litigation and/or [CGG's] challenges

---

[2] Copies of CGG's responses to State Defendants' Requests for Production of Documents which contain the individual requests and the responses are attached as Exhibit "B".

to the Election System."[3]  Since these documents are relevant on their face and

CGG admits to their existence, the documents must be produced.

*Coalition Plaintiffs' Response to Issue No. 2*

The State Defendants are not entitled to this discovery for the same

reasons as set forth in Response to Issue No. 1: the State Defendants have

not and cannot identify any claim or defense as to which this discovery is

relevant or any fact of consequence that this discovery would have a tendency

to make "more or less probable."  Fed. R. Evid. 401.  That CGG has made

general allegations relating to its mission and its organization does not open

itself up to this unlimited discovery having no bearing on any issue in the

case.  The attempted discovery of CGG's communications with the press,

politicians, and other organizations – apart from being beyond discovery and

not proportionate – also is disturbing coming from the State Defendants who

have shown no reluctance in leveling sharp and entirely inappropriate and

unfounded criticisms of CGG and its members in the media. *See Oppenheimer*

*Fund, Inc. v. Sanders,* 437 U.S. 340, 353 (1978) ("In deciding whether a

request comes within the discovery rules, a court is not required to blind

itself to the purpose for which a party seeks information.").

---

[3] To be clear, State Defendants only seek CGGs' communications TO the
press, not communications FROM the press to CGG.

*State Defendants' Reply on Issue No. 2*

State Defendants have repeatedly asserted that CGG cannot claim a diversion of resources by merely doing its baseline work. *See, e.g.*, *SAVE v. Hargrett*, 947 F.3d 977, 982 (6th Cir. 2020) (holding organization's alleged diversionary actions insufficient because they were the mission of organization). CGG admits responsive documents exist and put the information in question at issue in this case itself by alleging it for purposes of standing. CGG cannot decide on a whim that documents going to this claim are not discoverable; State Defendants are entitled to discovery of information relevant to its allegations. If CGG is not serving as a "resource for the public, press, campaigns, candidates, and political parties," and is only funding this litigation, it is not *diverting* resources at all. These communications may also show whether CGG is *benefiting* from this litigation instead of being *harmed*.

CGG now also claims potential retaliation for its responses. But if CGG is concerned about the privacy of its information, it can mark communications under the Protective Order in this case to prevent their public disclosure. State Defendants are entitled to test the allegations CGG makes in its complaint. Given already-public documents about CGG's activities, State Defendants believe CGG is serving no other purpose beyond paying for this litigation. If that is the case, then it has no standing. The documents are relevant.

- 6 -

Respectfully submitted this 8th day of July, 2021.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830

- 7 -

dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this JOINT DISCOVERY STATEMENT REGARDING DISCOVERY FROM STATE DEFENDANTS TO COALITION PLAINTIFFS has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this document has been prepared using 13-pt Century Schoolbook.

*/s/Bryan P. Tyson*
Bryan P. Tyson