IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs,*

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

**JOINT DISCOVERY STATEMENT
REGARDING ACCESS TO PLAINTIFFS' EXPERT
REPORT AND UNDULY BURDENSOME DISCOVERY**

## *Issue No. 1 – Access to Dr. Halderman's Expert Report*
### *State Defendants' Position*

On July 1, Curling served Dr. Halderman's expert report in this case, marking it as "Attorneys' Eyes Only." [Doc. 1126]. All parties understood the Court's direction, [Doc. 858 at 5], to mean things related to the inspection of Dominion equipment was Attorneys' Eyes Only, consistent with this Court's treatment of material flowing from that inspection in the September 2020 PI Hearing. Given the critical-infrastructure nature of the Dominion equipment, State Defendants agree it should remain AEO.

On July 6, Defendants requested Plaintiffs consent to Dominion's access to the report under the protective order. Coalition initially objected unless CGG's Executive Director, Ms. Marks, was likewise designated. *But see* [Docs. 438-1 at 34:14-23; 883] (denying similar requests). Curling asked a series of questions and refused to answer further. Defendants requested to confer the next day, but Curling refused because lead counsel was unavailable. In a July 8 conference, both asserted the entire report should be public. In either event, Plaintiffs refuse consent unless Defendants disclose all of Dominion's (their client's agent's) communications with Defendants' experts. Given Dominion's voluntary participation through members of its staff throughout 2020 (often in closed proceedings, at times at the Court's request), Defendants believe their access to the report is consistent with the Court's treatment of the issue.

*Curling Plaintiffs' Response to Issue No. 1*

Defendants claim that Plaintiffs refuse to consent to disclose Dr. Halderman's report to Dominion. Not so. Plaintiffs offered to devise parameters for proper disclosure to individuals at Dominion, such as Dr. Coomer. This is consistent with Dominion's prior involvement, with it producing documents to all parties and Dr. Coomer providing information to all parties and the Court in hearings. Defendants said no. They insist on carte blanche disclosure to anyone at Dominion—which would include low-level, part-time techs—without identifying those individuals *and* without disclosing what they learn from Dominion unless it behooves them. This is untenable. First, Dr. Halderman details serious vulnerabilities with the Dominion equipment and how bad actors could steal votes in elections, including voters in the voting booths. (Ex. A) If Dominion receives this report, it becomes potentially discoverable in Dominion's litigation against those accused of lying about the 2020 Presidential election.[1] That those individuals and their "experts" could obtain (and misuse) the report is a serious concern Defendants ignore. Second, Plaintiffs and the Court are entitled to any information Dominion provides regarding Dr. Halderman's report. Dominion is an

---

[1] *See, e.g.*, https://www.washingtonpost.com/politics/dominion-voting-systems-giuliani-lawsuit/2021/01/25/b0fc3db4-5f14-11eb-afbe-9a11a127d146_story.html.

interested third party, not an independent consultant subject to the work product protection. That Defendants fear disclosure of what Dominion will say about Dr. Halderman's report is telling—and damning.

Defendants also falsely claim that Plaintiffs "asserted the entire report should be public." Plaintiffs explained that it should become public at the right time in the right way with proper *redactions*.[2] (Ex. B.) Defendants seek to conceal the entire report, but they didn't designate the Fulton equipment AEO, and—contrary to their false claim that "[a]ll parties understood the Court's direction, [Doc. 858 at 5], to mean things related to the inspection of Dominion equipment was Attorneys' Eyes Only"—*they said they didn't know and hadn't considered the issue* when asked if they believe Dr. Halderman's report is AEO. The deadline for AEO designation has passed. Dkt. 477 at 12. Further, if Dominion receives the report, it likely will have to disclose the vulnerabilities in states where the equipment is used.

Defendants have refused to say why they need help from Dominion just to respond to Dr. Halderman's report, how they intend to obtain it (they haven't contacted Dominion about this), why they should receive information that

---

[2] Coalition Plaintiffs' position is that the report should be minimally redacted and made public, and the full report should be made available to parties and Dominion under confidentiality designation.

Plaintiffs did not receive, or why they waited to raise this knowing the report would address the Fulton equipment. They vaguely say only that they need Dominion's expertise to respond to the report. But they didn't designate any experts from Dominion, and can't now. And that Defendants cannot defend their *own* election equipment is a stunning and damning admission.

*State Defendants' Reply to Issue No. 1*

Defendants seek access for specific individuals and Halderman's declaration should not be considered.

### *Issue No. 2 – Burden of Search Terms*
*State Defendants' Position*

The parties have engaged in negotiations regarding search terms to locate responsive documents. The original terms returned approximately 300,000 emails and attachments alone for review, a disproportionate burden relative to the needs of the case.[3] The parties conferred June 23 on the issue, among others.[4] Acting on participating Curling counsel's request, State Defendants provided proposed revisions and comparative numbers on June 28; more than 100,000 documents were identified. Though it would require "significant time for review and production," Defendants' counsel provided the information

---

[3] Plaintiffs already possess thousands of documents regarding Dominion equipment which are far more substantive than emails. Plaintiffs also possess databases, BMDs, and "project packages," in addition to other materials.

[4] Lead counsel for Curling Plaintiffs did not participate, but filed a motion due to Defendants' "Nonfeasance in Discovery" in the midst of it. [Doc. 1118].

"before proposing any further modifications." Curling then asked for comparative results on expanded terms. Defendants explained they "were not inclined to move backwards" and reiterated their position of disproportionate burden. Nonetheless, State Defendants obliged.[5]

Notwithstanding their counteroffer and Defendants' pursuit of "further modifications," Curling unilaterally "agreed" to the previously provided terms.[6] As it stands, the terms capture many non-responsive documents and impose an undue burden on Defendants,[7] underscored by unresolved jurisdictional issues. Plaintiffs insist, never mind the "abbreviated" discovery this Court envisioned. [Doc. 1088]. When considering the needs of this case, it is important to recognize that Plaintiffs have not tailored their claims, *id.*, and their expert reports remain focused only on insufficient vulnerabilities. *See* [Doc. 1066].[8] This Court has afforded Plaintiffs ample time to assert something more. If their experts cannot do so with all they already have, Georgia taxpayers should not be compelled to fund a fishing expedition. Regardless, the burden imposed is disproportionate on its own. Defendants request a protective order, declining

---

[5] More than 25,000 additional documents were identified.
[6] Curling asserted no conference had occurred so the parties again conferred on July 8. Briefing in the appeals from this case concluded the day prior.
[7] Counsel estimates more than 8,000 attorney hours will be required for review.
[8] Coalition served declarations this Court has already seen as their reports.

this burdensome demand and narrowing discovery.

*Plaintiffs' Response to Issue No. 2*

As Plaintiffs already showed, *on June 4*, Defendants agreed to begin producing documents using *agreed* search terms; they reneged weeks later. (Dkt. 1122 at 5-6.) Plaintiffs agreed to Defendants' revised search terms on June 30 and informed the Court of this that day. A week later, Defendants reneged *again*. They admit they've reviewed *no* documents *for production* captured by the search terms and refuse to use the twice-agreed-upon terms or to propose any others. They've produced no documents since last summer (but for some incomplete election data), including from the hundreds of thousands of documents they say they produced in the *Fair Fight* litigation that they emphasize includes the "same" claims as here. Many responsive documents, such as policies and reports, do not require search terms to collect and produce. Their production would be nearly done now had they cooperated in good faith and adhered to *either* of their agreements. Instead, they needlessly burden this Court with a motion that specifies no particular relief and is yet another transparent delay tactic. A production deadline is needed to finally move discovery forward and resolve this case on the merits.

*State Defendants' Reply to Issue No. 2*

Curling has produced one email in all of 2020-2021. Defendants sought to file last week, Ex. C.; Curling served new discovery the same day. [Doc. 1129].

Respectfully submitted this 12th day of July, 2021.

*/s/ David D. Cross*

David D. Cross (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
VAscarrunz@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
Krevolin & Horst, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

*/s/ Bryan P. Tyson*

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com

| | |
|---|---|
| Suite 6 | Diane F. LaRoss |
| Atlanta, Georgia 30306 | Georgia Bar No. 430830 |
| (404) 881-0700 | dlaross@taylorenglish.com |
| | Bryan F. Jacoutot |
| */s/ Robert A. McGuire, III* | Georgia Bar No. 668272 |
| Robert A. McGuire, III | bjacoutot@taylorenglish.com |
| *Admitted Pro Hac Vice* | Loree Anne Paradise |
| (ECF No. 125) | Georgia Bar No. 382202 |
| ROBERT MCGUIRE LAW FIRM | lparadise@taylorenglish.com |
| 113 Cherry St. #86685 | TAYLOR ENGLISH DUMA LLP |
| Seattle, Washington 98104-2205 | 1600 Parkwood Circle, Suite 200 |
| (253) 267-8530 | Atlanta, GA 30339 |
| | Telephone: 678-336-7249 |
| *Counsel for Coalition for Good Governance* | *Counsel for State Defendants* |

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600
*Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett*[9]

---

[9] Coalition Plaintiffs state they join this Statement only as to issue number 2.

## **L.R. 7.1(D) CERTIFICATION**

I certify that this JOINT DISCOVERY STATEMENT REGARDING ACCESS TO PLAINTIFFS' EXPERT REPORT AND BURDENSOME NATURE OF SEARCH TERMS has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 13-pt Century Schoolbook.

*/s/Bryan P. Tyson*
Bryan P. Tyson