EXHIBIT 1

# ROBERT MCGUIRE
# LAW FIRM

**WASHINGTON**:

113 Cherry Street #86685
Seattle, Washington  98104-2205

**COLORADO**:

1624 Market St. Ste. 226 #86685
Denver, Colorado  80202-2523

www.lawram.com

August 23, 2021

*Via CM/ECF Filing*

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

Re:   *Curling v. Raffensperger*, Nos. 20-13730 & 21-14067

Dear Mr. Smith:

Plaintiffs-Appellees Coalition for Good Governance, Laura Digges, William Digges III, Ricardo Davis, and Megan Missett ("Coalition Plaintiffs") respectfully submit this response under Federal Rule of Appellate Procedure 28(j) to State Defendants' letter of August 10, 2021.

The new Opinion cited by State Defendants—*Wood v. Raffensperger*, No. 20-14813 (11th Cir. 2021)—is very similar to the earlier decision of *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020), which is already discussed in the briefs. *See* Coalition Plaintiffs' Br. 42–43.

The new *Wood* case, like the earlier one, applies the well-established rule that a generalized grievance is not an injury-in-fact that confers standing. But State Defendants misapply the new *Wood* case because the individual Coalition Plaintiffs' standing injuries involve burdens and inconveniences that they personally suffer when they vote. Such injuries are individually particularized to these Plaintiffs, unlike the undifferentiated generalized grievances about election integrity, writ large, that Wood asserted.

The new *Wood* case does not apply to Coalition Plaintiffs' injuries here any more than does the earlier *Wood*. A grievance is not "generalized" simply because many people happen to experience similar individual harms. Rather, a grievance is "generalized" only where the harm is to an interest that is itself generalized, rather than individually centered—such as the public's interest in election integrity. Otherwise all mass deprivations of individual rights, including mass

Mr. David J. Smith
Re: *Curling v. Raffensperger*, Nos. 20-13730 & 21-14067
August 23, 2021
Page 2

atrocities, would be non-justiciable since widely shared (but individually experienced) injuries could always be characterized as generalized grievances.

Putting aside the standing of the individual Coalition Plaintiffs, *Wood* has no bearing at all upon—indeed, does not even mention—the issue of organizational standing. Plaintiff Coalition for Good Governance is an entity that has established organizational standing based on its own diversion of resources. *See* Coalition Plaintiffs' Br. 38–39, 46–48. Because only one plaintiff must have standing per claim, *American Civil Liberties Union of Florida, Inc. v. Miami-Dade Sch. Bd.*, 557 F.3d 1177, 1195–96 (11th Cir. 2009), and because nothing in *Wood* affects the sufficiency of Coalition for Good Governance's organizational standing, the standing of all Coalition Plaintiffs is established.

Very truly yours,

Robert A. McGuire, III, Esq.

| ROBERT A. MCGUIRE, III | BRUCE P. BROWN |
|---|---|
| ROBERT MCGUIRE LAW FIRM | BRUCE P. BROWN LAW LLC |
| 113 Cherry Street, PMB 86685 | 1123 Zonolite Road NE, Suite 6 |
| Seattle, WA 98104 | Atlanta, GA 30306 |
| T: (253) 267-8530 | T: (404) 386-6856 |

*Counsel for Plaintiff–Appellee Coalition for Good Governance*

CARY ICHTER
ICHTER DAVIS LLC
3340 Peachtree Road NE, Suite 1530
Atlanta, GA 30326
T: (404) 869-7600

*Counsel for Plaintiffs–Appellees Laura Digges, William Digges III, Ricardo Davis, and Megan Missett*

Mr. David J. Smith
Re: *Curling v. Raffensperger*, Nos. 20-13730 & 21-14067
August 23, 2021
Page 3

### CERTIFICATE OF INTERESTED PERSONS

I hereby certify that the CIP filed in the Coalition Plaintiffs' June 2, 2021, Answer Brief is correct and complete.

Dated: August 23, 2021        /s/ Robert A. McGuire, III
                              Robert A. McGuire, III

### CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 346 words.

Dated: August 23, 2021        /s/ Robert A. McGuire, III
                              Robert A. McGuire, III

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system on August 23, 2021. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 23, 2021        /s/ Robert A. McGuire, III
                              Robert A. McGuire, III