IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

## **ORDER**

The parties in this matter have raised an ongoing stream of discovery disputes since the Court's entry of its May 3, 2021 Order directing an abbreviated, expedited discovery period and summary judgment briefing. In efforts to assist the parties in moving through these disputes as expeditiously and pragmatically as possible, the Court has held a series of substantive, lengthy phone conferences with counsel. Some progress has been made, but a core set of disputes remain. The Court once again tackles final resolution of these lingering disputes here. In the interest of efficiency, the Court only addresses the major remaining areas of discovery disputes by subject matter, rather than on a single request by request basis that would require an extravagant expenditure of time on the Court's part and likely only trigger more disputes. The Court addresses the issues here in the

streamlined manner that it has urged the parties to adopt as it proceeds to present the central summary judgment issues before the Court.

1. **Disputes in Connection with the Responses and Objections of the Plaintiff Coalition to Brad Raffensperger's First Request for Production of Documents (Doc. 1127)**

The First Requests for Production of Defendants Raffensperger *et al.* seek a wide range of information and documents that exceed the scope of discovery required for examining the Coalition's standing as an organization or the relevant issues in dispute before the Court. The Coalition asserts a range of overbreadth, burdensomeness, vagueness, and relevance objections to a significant number of Defendants' Requests for Production. The Court sustains these objections except as noted below.

Plaintiff Coalition shall respond to Request Nos. 3, 4, and 8. It is also directed to provide a written interrogatory form of response to Request No. 2 regarding diversion of resources and attach financial and organizational documents that illustrate and detail Plaintiff Coalition's contentions in this connection.

As the Court has previously advised the parties, in its view, the most straightforward, efficient, and non-burdensome manner for Defendants to obtain evidence regarding the Plaintiffs' organizational and individual standing as well as assertion of injury is to take the depositions of the Plaintiff parties and/or to send properly tailored discovery requests asking Plaintiffs to identify the facts which they contend support the basis of their asserted standing and for identification of

the documents and witnesses that support this contention. Further, if Defendants genuinely want to obtain some of the documents they have sought in their extraordinarily far-ranging production requests directed toward the Coalition for Good Governance, the Court encourages defense counsel to sit down with Plaintiffs' counsel to discuss their proposal for a properly narrowed, trimmed-down, and focused set of these production requests.

2. **State Defendants' Concerns Regarding the Curling Plaintiffs' Document Production (Doc. 1149 at pp. 4-6; Doc. 1151)**

The State Defendants raise the concern that the individual Curling Plaintiffs did not produce email from their personal accounts, although this is a privilege that Defendants assert for themselves based on the justification that they have been sued in their official capacities only. In a prior phone conference with counsel this summer, the Court advised counsel that, given the parameters of the expedited summary judgment proceeding and the privacy issues involved in personal email, it did not favor discovery of personal email. The Court adheres to that ruling. That said, if individual Plaintiffs have evidence from their personal email responsive to requests for production that have been sent or will be sent addressing their contentions supporting their standing in this case, they should be prepared to produce such email and the full chain of communications in which such email is a part of (to the extent not privileged or wholly irrelevant) promptly within 14 days.[1]

---

[1] The Court would take the same approach to any discovery the State Defendants seek from the individual Coalition Plaintiffs' private email. The Court also notes that in the event Plaintiffs seek email at some juncture from the private email accounts of any State Defendants, they would similarly need to provide a very strong reason for such a request and seek Court approval for it.

3

The Court notes that the parties should agree to protocols for the handling and protection of any information that is private and sensitive in nature.

To the extent that there are still any remaining non-produced portions of chains of other email communications (or attachments thereto) that the Curling Plaintiffs have previously produced, Defendants should identify such specifically to Plaintiffs' counsel within 7 days of the date of this Order.  Unless Plaintiffs have previously asserted a proper objection to the production of the relevant portions of the email chain, they shall supplement their response within 7 days of receiving Defendants' information.  If such an objection has been asserted and Defendants seek production of that portion of the email chain, the parties should within 4 days meet and confer after Defendants have identified the missing portions of the email chain or its attachments.

### 3. Plaintiffs' Concerns Regarding the State Defendants' Discovery Production

**(a)**   Plaintiffs' ongoing concerns regarding the speed of Defendants' discovery production have been addressed by the Court through its multiple phone conferences with the parties.  Absent a major slow down or problem in the State's document production, the Court does not view it as necessary to address this matter further.  Defendants, however, are required to provide the Court and parties an updated report regarding the status of their production and the percentage of its completion by September 13, 2021 and every two weeks thereafter.

**(b)** As the transcript of the August 19, 2021 discovery status hearing reflects, Plaintiffs are still seeking either the State Defendants' agreement or an order from this Court authorizing Fulton County's production of a sample of its election equipment actually used in the course of the November 2020 election— *i.e.*, one piece of equipment that performs the essential election vote count functions (*i.e.*, BMD, printer, scanner, the peripherals that accompany the equipment, and a copy of the County's EMS server). Fulton County, the only county that is now a defendant in this case, has purportedly communicated to the Plaintiffs that it has no objection to the production of this equipment. This equipment (with the exception of the printer) was produced on loan prior to the November 2020 election for Plaintiffs' examination and operation during a limited time frame in connection with the September 2020 preliminary injunction hearing. Plaintiffs maintain that their experts' assessment of the equipment and program will be subject to attack if they do not have evidence from a similar sample of the equipment actually used in the November 2020 election. The Court understands the reasons for Plaintiffs' request. However, at this juncture, given the developments in election law over the last year and the manual verification of the vote of the Presidential race in Georgia, the Court cannot see how Plaintiffs' access to the "used" election equipment would further sharpen the issues in this case. Plaintiffs would need to provide the Court with a more concrete explanation than was furnished at the August 19th conference and in other submissions of how this November election equipment and software would likely be of greater value in

showing that the vote cast by a specific voter was voided, miscounted, or altered or that the BMD QR process altered specific voters' electoral choices.[2] Accordingly, the Court is not now prepared to grant Plaintiffs' request for this equipment discovery.

### 4. Protocols for Handling Confidential Material

As far as the Court has been advised, the parties have made no progress in connection with any discussion of the handling of certain confidential materials for purposes of conducting depositions. The Court directs the parties to confer anew and report on what agreements they have been able to reach by September 20, 2021.

**IT IS SO ORDERED** this 13th day of September 2021.

**Honorable Amy Totenberg**
**United States District Judge**

---

[2] If the flash drives used to update Dominion software directly before the election pose a real substantive discovery issue for Plaintiffs because they have never examined these before, they have not made that clear nor was that issue concretely addressed at the August 19, 2021 discovery conference. The Court encourages the parties to discuss this specific issue further in the event this remains an outstanding issue.