# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**JOINT DISCOVERY STATEMENT REGARDING STATE DEFENDANTS' RESPONSES TO CURLING PLAINTIFFS' SECOND SET OF INTERROGATORIES AND CURLING PLAINTIFFS' CISA REQUEST**

### *I. Issue No. 1 – Curling Plaintiffs' Second Set of Interrogatories*
*A. Curling Plaintiffs' Position*

State Defendants refuse to provide meaningful responses to Curling Plaintiffs' Second Set of Interrogatories. After first serving boilerplate objections, State Defendants served supplemental responses on August 23. Other than Interrogatory 26 which State Defendants claim is "moot," the responses merely cite information or documents that are publicly available or already were produced. Rule 33(d) does not allow a party to withhold responsive information by relying only on documents it has already produced. Curling Plaintiffs are entitled to all responsive information from State Defendants. For example, in response to Interrogatory 15 concerning known, attempted, or suspected security breaches or vulnerabilities involving the BMD system, State Defendants provide no meaningful answer, including whether any breaches have occurred or were suspected. They instead refer to the Complaints in this case, Dr. Halderman's expert report, and allegations by other experts "available on the public docket." The other interrogatory responses similarly lack meaningful answers.

*B. State Defendants' Response*

Plaintiffs have been given access to GEMS Databases [Doc. 463], DREs and memory cards [Doc. 745], a copy of the FBI's image of a KSU server from 2017 [Doc. 668], precinct components of the Dominion system [Doc. 858], and all

- 1 -

election "project packages" in State Defendants' possession and those obtained by subpoenas to non-party counties, *see* Aug. 19, 2021 Hrg. Tr. 14–19; 51:8–52:9. Plaintiffs further possess thousands of documents from Dominion, Fortalice, and the State, including Dominion Manuals, Official Election Bulletins and State procedural manuals, and internal documents and communications. Productions remain ongoing.

Instead of sending narrowly tailored discovery requests or taking depositions, Curling Plaintiffs served extraordinarily broad and burdensome interrogatories that exceed the scope of discovery. For example, Interrogatory 15, which Curling Plaintiffs reference above, states:

> Describe with specificity each known, attempted, or suspected Security Vulnerability or Security Breach involving any part of Georgia's Current Election System, including describing with specificity any and all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected as a result of any such Security Vulnerability or Security Breach.

Coupled with Curling Plaintiffs' definitions of "Security Breach" and "Security Vulnerability" in the interrogatories, the breadth of Interrogatory 15 and the burden on State Defendants to respond makes compliance with Rule 26 impossible. Plaintiffs themselves refused to respond to similar requests. Regardless, Plaintiffs possess equipment and thousands of documents they demanded from which "the

burden of deriving or ascertaining the answer will be substantially the same," Rule 33(d), and their argument that previously produced documents do not apply is misplaced and illogical. Whether under Rule 26 or 33(d), State Defendants are not required "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973); *see also* Rule 26.

### C. Curling Plaintiffs' Reply

State Defendants do not dispute that they have refused to provide any meaningful response to any of the interrogatories at issue. As they always do, they simply claim to have provided other discovery, including documents and Court-ordered election equipment.[1] But this does not obviate their obligation under Rule 33 to actually answer each interrogatory with information *not yet disclosed*—and they do not dispute that they possess responsive information *not yet disclosed*. For example, in response to Interrogatory 15 concerning known, attempted, or suspected security breaches or vulnerabilities involving the BMD system, State Defendants do not dispute that they refuse to even state whether any breaches have occurred or were suspected. State Defendants' argument that this request seeks

---

[1] State Defendants' document production continues to be inadequate, missing highly relevant documents produced by third parties, such as Dominion, that State Defendants were obligated to preserve and produce. They refuse to explain this, whether because of spoliation (like the KSU server) or inadequate collection efforts. Regardless, this heightens the need for answers to the interrogatories.

irrelevant information and that they need not do Curling Plaintiffs' investigation for them is nonsensical. Curling Plaintiffs have no way to obtain the information sought except from State Defendants. Their claim that depositions are sufficient also fails, especially given the disappointing willingness certain of State Defendants' witnesses have shown to be less than forthcoming and accurate under oath. State Defendants are obligated to answer the interrogatories with the information in their possession, custody, or control. Enough with the games.

## II. Issue No. 2 – Providing Dr. Halderman's Report to CISA
### A. Curling Plaintiffs' Position

During the August 19 status conference, this Court directed State Defendants to meet and confer with Plaintiffs regarding providing Dr. Halderman's sealed report concerning the BMD system to the Cybersecurity and Infrastructure Security Agency (CISA).[2] CISA has normal, established, secure procedures specifically for this type of critically-important information.[3] During the parties' discussion, State Defendants persisted with their reflexive refusal to agree to this disclosure, without providing any meaningful reason for doing so. Because neither

---

[2] *See* https://www.cisa.gov/about-cisa ("the Nation's risk advisor, working with partners to defend against today's threats and collaborating to build more secure and resilient infrastructure for the future"); https://www.cisa.gov/election-security.
[3] *See* https://www.cisa.gov/coordinated-vulnerability-disclosure-process#:~:text=CISA%20Coordinated%20Vulnerability%20Disclosure%20(CVD,the%20affected%20vendor(s).

Dominion nor State Defendants (*by their own choice*) have access to Dr. Halderman's sealed report, nothing is being done to mitigate the serious vulnerabilities and flaws he has identified with the BMD system in use in Georgia and elsewhere. This is precisely the sort of serious issue CISA is authorized and equipped to address.

### B. State Defendants' Response

*By the Curling Plaintiffs' own choice*, State Defendants, their staff, and Dominion do not have access to and thus have not reviewed Dr. Halderman's sealed report because Curling Plaintiffs marked the report as "Attorneys Eyes Only." Regardless, the use of information derived from access to the Dominion Voting System granted to Plaintiffs' experts should be used only in this Court to advance their claims and defenses—Curling Plaintiffs still have not explained any relevance of this request to this case. Curling Plaintiffs are free to contact Dominion about its equipment and submit reports to CISA based on information that they obtain outside of this case. But the thousands of pages of sensitive information obtained under the protective order should remain within the confines of the case.

### C. Curling Plaintiffs' Reply

State Defendants' claim that their staff cannot access Dr. Halderman's

sealed report "[b]*y the Curling Plaintiffs' own choice*" is knowingly and willfully false. State Defendants themselves insisted on the AEO designation when Curling Plaintiffs asked about withdrawing it. More importantly, though, Curling Plaintiffs have *repeatedly* asked State Defendants to identify specific individuals at the Secretary's Office for access. Not only have they refused to do this *for months*, their lead counsel, Vincent Russo, admitted during the last meet-and-confer that *they do not even know who at the Secretary's Office should obtain access*. State Defendants' repeated misstatements to this Court must stop.

Regarding CISA, they do not dispute that *nothing* is being done to address the severe vulnerabilities that Dr. Halderman identified—*none of which State Defendants, its experts, or Dominion dispute*. Given how easily the vulnerabilities can be exploited to steal votes (and even alter elections), including by voters in the voting booth, remedial measures must be taken immediately. This Court observed already that it "is not an aid to anyone here" if only Dr. Halderman has access to his report. It is undisputed that CISA is tasked with addressing such issues, is capable of doing so securely, and needs the report to do so—and the public interest in this case fully supports CISA's access. *See* Ex. A. State Defendants' objection is baseless, and this Court should not condone their desire to leave voters subject to the undisputed vulnerabilities, which could deprive them of their votes.

Respectfully submitted this 21st day of September, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Vincent R. Russo | Bryan P. Tyson |
| Vincent R. Russo | Georgia Bar No. 515411 |
| Georgia Bar No. 242628 | btyson@taylorenglish.com |
| vrusso@robbinsfirm.com | Jonathan D. Crumly |
| Josh Belinfante | Georgia Bar No. 199466 |
| Georgia Bar No. 047399 | jcrumly@taylorenglish.com |
| jbelinfante@robbinsfirm.com | James A. Balli |
| Carey A. Miller | Georgia Bar No. 035828 |
| Georgia Bar No. 976240 | jballi@taylorenglish.com |
| cmiller@robbinsfirm.com | R. Dal Burton |
| Alexander Denton | Georgia Bar No. 097890 |
| Georgia Bar No. 660632 | dburton@taylorenglish.com |
| adenton@robbinsfirm.com | Diane F. LaRoss |
| Robbins Ross Alloy Belinfante | Georgia Bar No. 430830 |
| Littlefield LLC | dlaross@taylorenglish.com |
| 500 14th Street, N.W. | Bryan F. Jacoutot |
| Atlanta, Georgia 30318 | Georgia Bar No. 668272 |
| Telephone: (678) 701-9381 | bjacoutot@taylorenglish.com |
| Facsimile: (404) 856-3255 | Loree Anne Paradise |
| | Georgia Bar No. 382202 |
| | lparadise@taylorenglish.com |
| | TAYLOR ENGLISH DUMA LLP |

- 8 -

                                    1600 Parkwood Circle, Suite 200
                                    Atlanta, GA 30339
                                    Telephone: 678-336-7249

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> v. <br><br> **BRAD RAFFENSPERGER , ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, a copy of the foregoing **Joint Discovery Statement Regarding State Defendants' Responses to Curling Plaintiffs' Second Set of Interrogatories and Curling Plaintiffs' CISA Request** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                  */s/ David D. Cross* <br>
                                                  David D. Cross