# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>No. 1:17-cv-2989-AT |

## STATE DEFENDANTS' RESPONSES AND OBJECTIONS TO CURLING PLAINTIFFS' SECOND SET OF INTERROGATORIES

State Defendants, Brad Raffensperger, in his official capacity as Secretary of State of Georgia, Rebecca N. Sullivan, Sara Tindall Ghazal, Matthew Mashburn, Anh Le, and the Georgia State Election Board ("State Defendants") hereby respond through counsel of record to Curling Plaintiffs' Second Set of Interrogatories to State Defendants as follows:

## PRELIMINARY STATEMENT

State Defendants incorporate the following preliminary statement within all responses which follow.

1.      State Defendants object to the interrogatories that seek information or documents reflecting communications protected by the attorney-client privilege and material protected by the work product doctrine.

2.      State Defendants object to the interrogatories that are overly broad and seek information neither relevant to this civil action nor reasonably likely to lead to discovery of admissible evidence.

3.      State Defendants object to the interrogatories that are unduly burdensome, unreasonably cumulative, or duplicative, or call for cumulative documents or information.

4.      State Defendants object to the interrogatories that are intended solely for the purposes of annoyance, embarrassment, harassment, or oppression.

5.      State Defendants object to the interrogatories as discovery has not yet closed and State Defendants are currently producing nearly all documents in the possession of the State Defendants, from which Curling Plaintiffs can obtain the information sought herein.

6.      State Defendants incorporate their continued objection to the scope of discovery in this case as beyond that permitted by the scope of Rule 26 and inconsistent with the abbreviated discovery ordered by the Court.

Case 1:17-cv-02989-AT   Document 1178   Filed 09/21/21   Page 4 of 24

7.      State Defendants further object inasmuch as these requests reflect information Plaintiffs alleged they possessed in their complaints and responsive to State Defendants' outstanding discovery requests.

8.      State Defendants reserve the right to supplement these responses as discovery proceeds.

9.      State Defendants object to the instructions and definitions that vary from, purport to modify or enlarge, or are inconsistent with the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 15:

Describe with specificity each known, attempted, or suspected Security Vulnerability or Security Breach involving any part of Georgia's Current Election System, including describing with specificity any and all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected as a result of any such Security Vulnerability or Security Breach.

### RESPONSE TO INTERROGATORY NO. 15:

State Defendants object to this Interrogatory as it seeks confidential information, trade secrets, sensitive election security information, and/or state

secrets. State Defendants further object to the Interrogatory to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine. State Defendants also continue to object to this Interrogatory as overly broad through Curling Plaintiffs' use of the defined term "Security Vulnerability," which is defined to include "potential unauthorized access to voter registration information; potential unauthorized access to keys, passwords, or log-in credentials; an actual or possible ability to upload or implant malware; an actual or possible ability to alter vote tabulation, recording, results, reporting, or auditing; and potential alteration or loss of election results data." That term includes hypothetical physical access and hypothetical computer access to any component of the election system.

State Defendants further object to this interrogatory as overly broad and not proportional to the needs of the case because it seeks detailed information about every "alleged, believed, or suspected risk (whether or not mitigated by other technology or procedures) of unauthorized access to any aspect of the Current Election System" and requires State Defendants to describe "all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected" as a result of hypothetical vulnerabilities. State Defendants continue to object to this interrogatory as compound or

disjunctive.  Finally, State Defendants object to this interrogatory on the basis that it seeks to require State Defendants "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973).

Subject to and without waiving the foregoing objections, State Defendants list below a non-exhaustive summary of examples of alleged vulnerabilities:

- Alleged unauthorized access to the BMD system by Marilyn Marks, Richard DeMillo, and Rhonda Martin, which is the subject of a pending State Election Board investigation in SEB Case No. 2019-043;

- Allegations by designated experts in this case available on the public docket;

- Allegations by Alex Halderman contained in his public rebuttal declaration dated August 2, 2021; and

- Allegations contained in the operative complaints of Coalition Plaintiffs and Curling Plaintiffs in this case.

Because Curling Plaintiffs have marked Alex Halderman's report as "Attorneys Eyes Only," State Defendants have not reviewed the report and thus lack knowledge about vulnerabilities claimed in the report.  State Defendants reserve the right to supplement this response as discovery develops and they continue to prepare for trial.

**INTERROGATORY NO. 16:**

Describe with specificity all efforts, including each process and procedure, undertaken to assess, evaluate, test, or audit the security of the Current Election System, including the results, conclusions, or findings of any such effort and the identity of each entity or individual involved and their respective roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 16:**

State Defendants object to this Interrogatory as it seeks confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants also object to the Interrogatory to the extent it seeks documents subject to the attorney-client privilege and/or the work-product doctrine.  State Defendants further object to the interrogatory as overly broad and unduly burdensome, as the request requires State Defendants to describe "all efforts" and identify all processes and individuals involved in such efforts.  This would include identifying every county election worker involved in logic and accuracy testing and every person involved in the 2020 post-election risk-limiting audit.

Subject to and without waiving the foregoing objections, State Defendants list below a non-exhaustive summary of documents available to Curling Plaintiffs

of efforts undertaken to assess, evaluate, test, or audit the security of the Current

Election System:

- testing performed by Pro V&V conducted for EAC certification of the
  election system, which information was previously produced to plaintiffs,
  *see, e.g.*, STATE-DEFENDANTS-00048415, -00017924, -00017937, -
  00023546, -00023548, -00106691, -00110569;

- acceptance testing conducted on the BMD system prior to the rollout of the
  new equipment, *see, generally*, State Defendants' Production 6 (August
  2020);

- logic and accuracy testing conducted by county elections officials during the
  2019 pilot elections, the 2020 election cycle, and the 2021 election cycle—
  the procedure for performing logic and accuracy testing is available to
  plaintiffs, *see, e.g.*, STATE-DEFENDANTS-00048761 & -00095996, and
  documents related to logic and accuracy testing by the counties is available
  from the counties; and

- the 2020 risk-limiting audit conducted after the 2020 General Election, the
  result of the RLA is publicly available and has been filed into the record in
  this case, Doc. 1105-3.

State Defendants reserve the right to supplement this response as discovery develops and they continue to prepare for trial.

## INTERROGATORY NO. 17:

Describe with specificity each action You took in response to or otherwise prompted by or related to any known, attempted, or suspected Security Breach of any part of the Current Election System since Georgia adopted and implemented that system, including how each such action complied with or did not comply with any applicable policy and what each such policy states or provides.

## RESPONSE TO INTERROGATORY NO. 17:

State Defendants object to this the definition of "You" and "Your" as overbroad and unduly burdensome because the definition includes "any of [Secretary Raffensperger's] predecessors, current and former members of the State Election Board, the divisions, departments, partnerships, and joint ventures of or subject to the control of either the Georgia Secretary of State or of the Georgia State Election Board, all directors, officers, employees, contractors, consultants, representative, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Topics, including to the extent applicable the Georgia Technology Authority."  State

Defendants further object to this interrogatory as compound insofar as it seeks

information about actions taken and also compliance with policies.

Subject to and without waiving the foregoing objections, State Defendants

direct Curling Plaintiffs to the following non-exhaustive list of documents

produced in this case: STATE-DEFENDANTS-00113132, -00113135, -00094046.

State Defendants reserve the right to supplement this response as discovery

develops and they continue to prepare for trial.

**INTERROGATORY NO. 18:**

Describe with specificity each process and procedure by which a voter may

vote in an election in the State of Georgia using a paper ballot, including (i) each

process and procedure by which any such voter may obtain such a paper ballot, (ii)

each policy, process, procedure, and cost for creating, designing, preparing,

procuring, printing, handling, collecting, tallying or tabulating, maintaining,

storing, and auditing such paper ballots, and (iii) how, if at all, each such process,

procedure, policy, and cost has changed as a result of applicable legislation enacted

in Georgia during the last 12 months.

**RESPONSE TO INTERROGATORY NO. 18:**

State Defendants object to this Interrogatory as overbroad, unduly

burdensome, and not proportional to the needs of the case, as it seeks public

information that is readily available to Curling Plaintiffs.  State Defendants further

object to this interrogatory as compound.  Additionally, State Defendants object to

this interrogatory on the basis that it seeks to require State Defendants "to do the

interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369,

370 (D.D.C. 1973).  Curling Plaintiffs already possess documents reflecting costs

and processes as posed in parts (ii) & (iii) of this interrogatory.  *See, e.g.,* STATE-

DEFENDANTS-00093519, -00094048, -00100820, -00100822, -0010115, -

00101206, -00101209.  State Defendants reserve the right to supplement this

response as discovery develops and they continue to prepare for trial.

## INTERROGATORY NO. 19:

Identify any efforts made to ensure that any actual or potential hack or

compromise of Georgia's prior GEMS/DRE election system could not and did not

affect Georgia's Current Election System, as well as the success or failure of any

such efforts, including any connections (direct or indirect), interactions, or other

actual or potential exchanges of software or data between the two election systems

(such as the use of removable media with both systems).

## RESPONSE TO INTERROGATORY NO. 19:

State Defendants object to this interrogatory as overbroad, unduly

burdensome, and ambiguous.  State Defendants cannot guess what is considered a

potential hack or a potential compromise of the DRE/GEMS system, and because this request is not limited to the "Relevant Time Period," it would require State Defendants to locate information spanning more than 15 years to respond.

Subject to and without waiving the foregoing objections, State Defendants respond that they do not have knowledge of any hack of the DRE/GEMS system that could affect the BMD system.  State Defendants further possess no knowledge regarding "connections …, interactions, or … exchanges of software or data between the two systems."  In this regard, State Defendants further direct Curling Plaintiffs to the testimony of Dr. Coomer during both the March 6, 2020 status conference and the September 11, 2020 preliminary injunction hearing, in which he states that no data was extracted or reused from the prior DRE/GEMS system. Additionally, State Defendants direct Curling Plaintiffs to Rule 590-8-3-.01, which was adopted on August 13, 2019.  State Defendants reserve the right to supplement this response as discovery develops and they continue to prepare for trial.

**<u>INTERROGATORY NO. 20:</u>**

Describe the policies and training on efforts made to "air-gap" any components of Georgia's Current Election System, and the success or failure of any such efforts, as well as practices concerning these issues undertaken by the Secretary of State or anyone acting on its behalf or at its direction.

**RESPONSE TO INTERROGATORY NO. 20:**

State Defendants object to this Interrogatory as it seeks confidential

information, trade secrets, sensitive election security information, and/or state

secrets. State Defendants also object to this Interrogatory as vague and overly

broad. Additionally, State Defendants object to this interrogatory on the basis that

it seeks to require State Defendants "to do the interrogating party's investigation

for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973). Curling

Plaintiffs already possess documents related to this interrogatory. *See, e.g.,*

STATE-DEFENDANTS-00118702, -00122772. State Defendants reserve the

right to supplement this response as discovery develops and they continue to

prepare for trial.

**INTERROGATORY NO. 21:**

Describe any connections, interactions, or other actual or potential

exchanges of software or data between Georgia's Current Election System and any

other computer system or device via the Internet, telephone lines, cable lines,

satellites, or other third-party system, network, equipment or devices.

**RESPONSE TO INTERROGATORY NO. 21:**

State Defendants object to this Interrogatory as overbroad and ambiguous

regarding the phrase "any connections, interactions, or … potential exchanges of

software or data between Georgia's Current Election System and any other computer system or device …".  State Defendants further object to this Interrogatory as compound.  Additionally, State Defendants object to this interrogatory on the basis that it seeks to require State Defendants "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973). Curling Plaintiffs already possess documents related to this interrogatory.  *See, e.g.,* STATE-DEFENDANTS-00082387, -00122772.  State Defendants reserve the right to supplement this response as discovery develops and they continue to prepare for trial.

**INTERROGATORY NO. 22:**

Describe practices and policies for transferring scanned ballot data, tabulation data, or information for Georgia 2020 or 2021 election to You, including when, how, and by whom such data or information was collected or transmitted.

**RESPONSE TO INTERROGATORY NO. 22:**

State Defendants object to this the definition of "You" and "Your" as overbroad and unduly burdensome for the same reasons stated in response to Interrogatory 17.  State Defendants object to this Interrogatory as overbroad and unduly burdensome insofar as it requires State Defendants to describe when, how,

and by whom such data or information was collected or transmitted by individuals

in each of the 159 county elections offices.

Additionally, State Defendants object to this interrogatory on the basis that it

seeks to require State Defendants "to do the interrogating party's investigation for

[them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973). Curling Plaintiffs

already possess documents related to this interrogatory.  *See, e.g.,* STATE-

DEFENDANTS-00093130, -0081920, -00109042; *see also* Ga. Comp. R. & Regs.

r. 183-1-12-.12.  State Defendants reserve the right to supplement this response as

discovery develops and they continue to prepare for trial.

## INTERROGATORY NO. 23:

Describe any testing, examination, reexamination, evaluation, study,

analysis, investigation, or assessment of the security, integrity, reliability, or

accuracy of Georgia's Current Election System or its prior GEMS/DRE election

system since each election system was first adopted in Georgia as well as any

efforts to obtain, or avoid obtaining, any such testing, examination, reexamination,

evaluation, study, analysis, investigation or assessment.

## RESPONSE TO INTERROGATORY NO. 23:

State Defendants object to this Interrogatory as overbroad, unduly

burdensome, and not proportional to the needs of the case insofar as the

DRE/GEMS election system is no longer in use in Georgia and any claims

regarding the DRE/GEMS election system are moot.  Furthermore, to respond to

this interrogatory requires State Defendants to provide information from the past

20 years, which is unrealistic and also not proportional to the needs of this case.

*See* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS

system is not necessary to the Court's resolution of the Plaintiffs' claims based on

the current posture of the case . . ."  State Defendants also object to this

interrogatory as ambiguous.  Curling Plaintiffs have three definitions for the term

"describe" in Curling Plaintiffs' Second Set of Interrogatories to State Defendants,

and it is unclear which definition, if any, are applicable to this interrogatory.

Furthermore, Curling Plaintiffs' request that State Defendants "describe . . . any

efforts to obtain, or avoid obtaining, any such testing, [etc.]" is ambiguous.

Subject to and without waiving the foregoing objections, State Defendants

list below a non-exhaustive summary of testing, examination, reexamination,

evaluation, study, analysis, investigation, or assessment of the security, integrity,

reliability, or accuracy of Georgia's BMD voting system:

- The BMD voting system and the DRE/GEMS voting system both underwent

  assessments and testing to obtain certification by the EAC.  Evidence of

  testing, examination, and the assessment of Georgia's BMD system has been

produced in this case, including but not limited to, STATE-DEFENDANTS-

00120786, -00016769–17257.  Additionally, information evidencing EAC

approval of Georgia's voting system is available at

https://www.eac.gov/voting-equipment/system-certification-process.

- The BMD voting system and the prior DRE/GEMS voting system were both

  required by law to undergo logic and accuracy testing prior to each election.

- Acceptance testing of the BMD voting system was also conducted prior to

  implementation.  *See* Doc. 821-6.

- After the 2020 General Election, the BMD voting system was subjected to

  further assessment by the statutorily mandated statewide audit of the

  Presidential election.  The results of the audit can be viewed at:

  https://sos.ga.gov/index.php/elections/historic_first_statewide_audit_of_pap

  er_ballots_upholds_result_of_presidential_race.

State Defendants reserve the right to supplement this response as discovery

develops and they continue to prepare for trial.

**INTERROGATORY NO. 24:**

Describe any complaints regarding the security, integrity, reliability, or

accuracy of Georgia's Current Election System or its prior GEMS/DRE election

system since each election system was first adopted in Georgia, including when

and by whom any such complaints were made and any responses thereto and any efforts to obtain, or avoid obtaining, such complaints.

**RESPONSE TO INTERROGATORY NO. 24:**

State Defendants object to this Interrogatory as overbroad and unduly burdensome.  The DRE/GEMS election system is no longer in use in Georgia and any claims regarding the DRE/GEMS election system are moot.  Furthermore, to respond to this interrogatory requires State Defendants to provide information from the past 20 years, which is neither realistic nor proportional to the needs of this case.  *See* Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . .").  State Defendants further object to this interrogatory as ambiguous regarding the term "complaints," which might refer to court pleadings, SEB complaints, or even emails from the general public about the "security, integrity, reliability, or accuracy" of Georgia's current and past voting systems.

Subject to and without waiving the foregoing objections, State Defendants provide a non-exhaustive list of cases involving complaints about the security, integrity, reliability, or accuracy of Georgia's BMD voting system or its prior

GEMS/DRE election system.  Copies of complaints in such cases are publicly available to Curling Plaintiffs.

- *Favorito v. Handel*, 285 Ga. 795 (2009).

- *Curling, et al. v. Kemp, et al.*, Civil Action No. 2017CV290630 (Fulton Co. Sup. Ct. 2017).

- *Coalition for Good Governance, et al. v. Crittenden*, Civil Action No. 2018CV313418 (Fulton Co. Sup. Ct. 2018), *dismissal aff'd sub nom. Martin, et. al. v. Fulton Cnty. Bd. of Registration and Elections, et. al.*, 307 Ga. 193 (2019).

- *Coalition for Good Governance et al v. Raffensperger et al*, Civil Action 1:20-cv-01677-TCB.

- *Anderson v. Raffensperger*, Civil Action No. 1:20-cv-03263-MLB.

- *Pearson v. Kemp*, Civil Action No. 1:20-cv-4809-TCB.

- *Wood v. Raffensperger*, No. 1:20-cv-5155-TCB, 2020 WL 7706833 (N.D. Ga. Dec. 28, 2020) *aff'd* Case No. 20-14813 (11th Cir. Aug. 6, 2021).

- *Wood v. Raffensperger*, 501 F. Supp. 3d 1310 (N.D. Ga. 2020) *aff'd* 981 F.3d 1307 (11th Cir. 2020).

Additionally, State Defendants object to this interrogatory on the basis that it seeks to require State Defendants "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973). Curling Plaintiffs already possess documents related to this interrogatory—and have had them since last August. *See, e.g.,* STATE-DEFENDANTS-0048071–48112.  State

Defendants reserve the right to supplement this response as discovery develops and they continue to prepare for trial.

**INTERROGATORY NO. 25:**

Describe the potential implementation and operation, if any, of an election system using hand-marked paper ballots as the primary means of voting in person in Georgia elections, including any examination, evaluation, study, analysis, or assessment of the reliability, feasibility, or costs thereof, any proposal or request for any such election system for use in Georgia, including when and by whom any such proposal or request was made and any response thereto.

**RESPONSE TO INTERROGATORY NO. 25:**

State Defendants object to this Interrogatory as it is overly broad and unduly burdensome, as State Defendants do not decide the method for voting in Georgia. State Defendants do not have knowledge to describe the potential implementation and operation of a hypothetical voting system using all hand-marked paper ballots. Any such implementation and operation would depend on amendments to the Georgia Election Code by the General Assembly. Additionally, State Defendants object to this interrogatory on the basis that it seeks to require State Defendants "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973). Curling Plaintiffs already possess documents related to

this interrogatory.  *See, e.g.,* STATE-DEFENDANTS-00093519, -00094048, -00100820, -00100822, -0010115, -00101206, -00101209.

**INTERROGATORY NO. 26:**

Describe with specificity Your process for identifying, collecting, searching, reviewing, and producing Documents and other relevant materials responsive to Curling Plaintiffs' First Request for Production of Documents to State Defendants (served June 3, 2019).

**RESPONSE TO INTERROGATORY NO. 26:**

State Defendants object to this Interrogatory as seeking work product and attorney-client communications. State Defendants further object to this Interrogatory as beyond the scope of Rule 26.  State Defendants also object to this Interrogatory on the basis that the claims at issue as of June 3, 2019 are now moot and the discovery period for such claims has now closed. *See* Doc. 410-2, Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . ."); *see also* Local Rule 37.1(B).

Submitted this 23rd day of August, 2021.

/s/ Vincent Russo
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com

-20-

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

Counsel for State Defendants

-21-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a true and correct copy of the

foregoing **STATE DEFENDANTS' RESPONSES AND OBJECTIONS TO**

**PLAINTIFFS' SECOND SET OF INTERROGATORIES** was served on all

counsel of record by electronic delivery of a PDF version.

This 24th day of August, 2021.

*/s/ Vincent Russo*
Vincent R. Russo
