IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' MOTION TO EXTEND THE SCHEDULE**

Coalition Plaintiffs respectfully request a partial extension of the fact-discovery period (currently set to end on November 15, 2021) (Doc. 1176) in order to afford all parties sufficient time for (1) the completion of delayed document and data productions and the provision of responses and supplemental responses to already-served written discovery requests, (2) the noticing and completion of numerous fact-witness depositions, some of which are dependent on the prior completion of the foregoing productions and provision of written discovery responses, and (3) the resolution of discovery disputes that are either currently outstanding or that may arise upon the completion and provision of the currently pending productions and responses.

Coalition Plaintiffs do *not* seek to re-open any case deadlines that have already passed—*i.e.*, this motion does not seek to re-open the time for propounding

1

written discovery, for serving non-party document subpoenas, or for disclosing experts, to the extent that those deadlines have already passed.

Along with the requested extension of the close of fact discovery, Coalition Plaintiffs respectfully ask the Court to extend all remaining deadlines accordingly. Thus, the change in schedule being requested is as follows:

| Case Event | Current Deadline (per Doc. 1176) | Proposed Extended Deadline |
|---|---|---|
| Close of Fact Discovery | November 15, 2021 | March 18, 2022 |
| Close of Expert Discovery | December 6, 2021 | April 8, 2022 |
| Summary Judgment Motions (Filed) | January 5, 2022 | May 9, 2022 |
| Summary Judgment (Response) | January 25, 2022 | May 30, 2022 |
| Summary Judgment (Reply) | February 4, 2022 | June 9, 2022 |
| Daubert Motions | No later than the deadline for submission of the Pretrial Order | No later than the deadline for submission of the Pretrial Order |
| Pretrial Order | Date of last Summary Judgment ruling + 20 days | Date of last Summary Judgment ruling + 20 days |
| Trial Readiness | TBD thereafter | TBD thereafter |

Fulton County Defendants and Curling Plaintiffs do not oppose the requested relief. State Defendants are unprepared to join the motion and may oppose it, but during conferrals conceded that the relief is needed.

There is good cause for granting the requested modification of the schedule and no party will be prejudiced, both as explained herein.

I. **Good Cause Exists to Extend the Current Fact-Discovery Cutoff**

There are several reasons why the requested extension should be granted, each of which independently constitutes good cause for extending the current fact-discovery cutoff of November 15, and all of which, collectively, justify the schedule that Coalition Plaintiffs have proposed above.

*First*, Cheryl Ringer, lead counsel for Defendant Fulton County, is on medical leave from October 28 to December 1, 2021, which means she will be absent for the remainder of the current fact-discovery period and at least two weeks beyond. (Doc. 1196.)

*Second*, Richard Barron, formerly Election Director for Defendant Fulton County, has resigned from his position with the County, effective as of December 31, 2021, and is in the midst of a challenging management transition.

*Third*, Coalition Plaintiffs are awaiting completion of large-scale document and data production, as well as written discovery responses, by Fulton County.

These materials (which were originally required to be produced by Fulton County in September and earlier but which have been repeatedly delayed) bear directly on Coalition Plaintiffs' injuries-in-fact due to Defendants' challenged conduct and thus are needed by Plaintiffs for purposes of further documenting individuals' standing injuries. These materials must be received and analyzed before Coalition Plaintiffs will be prepared to conduct their planned Rule 30(b)(6) deposition of Fulton County because the substance of the materials will be a substantial part of any deposition. In addition, because these materials and the analysis that derives from them bear directly on the contested issue of standing, these materials and analysis will also need to be disclosed to Fulton County and State Defendants in advance of the close of fact discovery, so that Defendants will have adequate opportunity to evaluate the significance of the materials and analysis for Plaintiffs' claims.

Given the absence of Ms. Ringer and the resignation of Mr. Barron, Coalition Plaintiffs, after conferring with Fulton County, anticipate that Fulton County Defendants will inevitably require additional time to accomplish these productions and to prepare a 30(b)(6) witness to address the topics that Coalition Plaintiffs have already served in anticipation of the productions being completed.

*Fourth*, Coalition Plaintiffs, after conferring with Fulton County, anticipate that the foregoing productions and deposition preparation will be further delayed

because Fulton County is in the process of finalizing the November 2 election, and must conduct runoff elections on November 30, all while operating under threat that the State Election Board may imminently take over the administration of Fulton County's elections, using powers granted by the recently enacted SB 202.

*Fifth,* because of congressional and legislative redistricting, Fulton County and the State Defendants will be heavily involved in updating the voter files for new districts and precincts starting in late November and carrying through late winter/early spring. (Coalition Plaintiffs understand that county election officials have officially requested a delayed primary from May to June because of the county officials' workload of changing maps and precinct assignments.)

*Sixth*, a delay will provide additional time for the interlocutory appeal of the injunctive relief previously granted by the Court in this matter to be resolved. Although standing is not properly before the Eleventh Circuit in that appeal, as Curling and Coalition Plaintiffs have both argued, State Defendants have taken the contrary view.  To the extent the Eleventh Circuit's disposition of the appeal occurs prior to the resolution of summary judgment motions by this Court, that appellate decision could dispose of contested issues that this Court will otherwise have to deal with.  An extension of the discovery period that has the effect of postponing summary judgment motions until after oral arguments in the appeal could have substantial benefits for judicial economy.

With respect to the appropriate length of an extension, Coalition Plaintiffs are requesting a four-month extension of the fact-discovery period to account for the timing issues noted in points 2 through 5 above, as well as in recognition that the November and December holiday periods are upcoming.  In addition, Coalition Plaintiffs understand that Curling Plaintiffs' lead counsel, David Cross, has two trials set for two and four weeks in other matters, beginning respectively on November 29, 2021, and in late January 2022. Because of all these considerations, a shorter-term extension than to mid-March is likely to be insufficient.

## II.     State Defendants Will Not Be Prejudiced By The Requested Extension

As already noted, Fulton County does not oppose the relief requested, nor do the Curling Plaintiffs.  When undersigned counsel conferred about this motion with State Defendants, their counsel responded in pertinent part, as follows:

> We cannot join or otherwise not oppose your request on account of the threshold jurisdictional defenses you have heard before, which we maintain should be addressed first and which will be argued in the 11th Circuit before the close of fact discovery under your proposed schedule. Additionally, the pending severance/fees motion affects proper timeframe and scope of discovery in the event claims are severed and in what form. I understand we are unlikely to agree to that over email, but I want to be forthright with you on our position.
>
> **However, in the event the Court moves beyond these issues, we agree the discovery schedule needs to be adjusted for some of the reasons you address** and also to include time for the suspended and postponed Curling

>Plaintiff depositions, the postponed CGG 30b6, and expert depositions, among other issues.

(Email from counsel sent Thursday, Nov 04, 2021 (emphasis added).)

State Defendants will presumably explain this position more fully in their response, and Coalition Plaintiffs will address it in reply.  For now, suffice it to say that State Defendants will suffer no harm or prejudice of any kind if the requested extension is granted, especially since they concede that the fact-discovery schedule "needs to be adjusted for some of the reasons" given by Coalition Plaintiffs, as well as for State Defendants' own reasons, which are alluded to in their email response.

## CONCLUSION

Coalition Plaintiffs have established good cause for an extension of the fact-discovery period and subsequent deadlines.  State Defendants can claim no prejudice from such an extension.  Accordingly, the Court should grant the extension and adopt an amended schedule that reflects the deadlines set out above and in the attached proposed order.  Given the current cutoff for fact discovery is just over a week away, Coalition Plaintiffs respectfully request the Court's attention to this Motion at its earliest opportunity.

Respectfully submitted this 8th day of November, 2021.

| | |
|---|---|
| */s/ Bruce P. Brown* <br> Bruce P. Brown | */s/ Robert A. McGuire, III* <br> Robert A. McGuire, III |

| | |
|---|---|
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on November 8, 2021, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.  In addition, pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Robert A. McGuire, III
Robert A. McGuire, III