IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-CV-2989-AT |

**CONSOLIDATED RESPONSE IN LIMITED
OPPOSITION TO PLAINTIFFS' MOTION TO
EXTEND SCHEDULE AND REQUEST FOR HEARING**

The State Defendants respectfully submit this response in limited opposition to Plaintiffs' Motion to Extend the Schedule, [Doc. 1204][1] and request this Court schedule a hearing or conference on the Motion and Plaintiffs' Motion for Severance, [Docs. 1182, 1188]. As alluded to in Coalition Plaintiffs' motion, State Defendants reluctantly agree that the current discovery schedule should be adjusted. However, prior to extending discovery,

---

[1] The motion appears to be only filed on behalf of the Coalition Plaintiffs, but based on correspondence from counsel, State Defendants understand that Curling Plaintiffs likewise seek an extension. For the sake of simplicity, State Defendants refer to the Plaintiffs, collectively, herein.

1

State Defendants submit that Plaintiffs' severance motion and the jurisdictional issues plaguing this case must be addressed.

Discovery in this case has moved far beyond the "abbreviated" discovery this Court permitted and beyond the scope of Rule 26. Just recently, Plaintiffs served subpoenas on two counties seeking documents ranging from scanner logs from the 2020 General Election to preservation of ballot images, among other things. *See* [Docs. 1206, 1207]. Never mind that the Plaintiffs' complaints do not encompass any challenge or contest to the 2020 election results. Likewise, Plaintiffs continue serving superfluous and burdensome new discovery requests, including **191 Requests for Admission**.[2] Plaintiffs claim more discovery is needed to establish their standing, [Doc. 1204 at 4], but Plaintiffs will not find an injury-in-fact by extending their fishing expedition into next year—Plaintiffs' standing problem is a *pleading* problem they refuse to address.

Instead, extending discovery without first addressing the jurisdictional "elephant in the room" will increase litigation expenses and do nothing to advance resolution of the actual claims in this case. Underscoring this problem is Plaintiffs' pending severance motion, leaving the parties and the

---

[2] These requests are attached hereto as Exhibit A.

Court guessing as to what claims may remain. Without resolving these issues, the parties and this Court will continue to wrestle with disputes owing to the lack of clarity on the claims that actually remain.

**I.     To the extent this Court resolves or moves beyond the jurisdictional issues, State Defendants reluctantly agree the schedule should be extended.**

Though State Defendants maintain the jurisdictional issues discussed herein are pleading problems that cannot be addressed by discovery, State Defendants understand this Court has determined an abbreviated discovery and summary judgment schedule is the appropriate course to resolve this case. However, this round of discovery is neither "abbreviated" as this Court contemplated, nor proportional to the needs of the case at this juncture. Indeed, under Plaintiffs' proposed schedule, this abbreviated round of discovery will extend to cover nearly eleven months since the Court's scheduling order was entered, [Docs. 1093, 1094], beyond even the most extensive discovery track contemplated in the Local Rules of the United States District Court for the Northern District of Georgia. L.R. 26(A) (providing for discovery periods of zero, four, and eight months). Never mind that Plaintiffs have already been afforded multiple rounds of expedited

discovery and have possessed election equipment, manuals, and policies for more than a year now.

Nonetheless, because discovery has expanded so drastically, State Defendants are obligated to prepare for equally expansive summary judgment briefing and an expansive record related thereto. State Defendants also concur with the practical and logistical difficulties imposed by the calendar and obligations of counsel and the parties. [Doc. 1204 at 3–5]. For these reasons, State Defendants reluctantly agree that an extension to the schedule is necessary.

State Defendants disagree with Plaintiffs, however, that such an extension should be limited in a manner that vitiates the benefit of an extension in the first instance. For example, Plaintiffs propose the fact and expert discovery periods be extended four months, to March 18, and April 8, 2022, respectively. But at the same time, Plaintiffs maintain that the deposition of Dr. Halderman must go forward on November 17, 2021 (even though Dr. Halderman now has a scheduling conflict requiring the deposition to conclude by 4:15 p.m.), that the parties continue to respond to discovery requests within fifteen days in contravention of the Rules, and that non-parties comply with overly broad subpoenas in a similarly expeditious

manner.³ Instead, if the Court affords a discovery extension as contemplated by the Plaintiffs, State Defendants submit that there is no reason to rush through this discovery that Plaintiffs claimed was so important to the case.

Likewise, State Defendants are unclear as to what all is entailed within Plaintiffs' proposed extension. For example, if the existence of additional documents is uncovered during the deposition of fact witnesses or experts, will requests for those documents be entertained? In any event, if the Court determines an extension of discovery should be limited to outstanding issues, State Defendants provide here the following non-exhaustive list of discovery items which should be included in any order:

- Re-scheduling of the depositions of Donna Curling and Donna Price, postponed pending the Court's order issued last Friday, [Doc. 1203];

- Depositions of Dr. Halderman, those of the Coalition Plaintiffs' experts, and discovery pertaining to both;

---

³ State Defendants maintain this shortened response period is no longer applicable as the scheduling order from which it is derived is, itself, inapplicable to the present posture of this case.

- The 30(b)(6) deposition of Coalition for Good Governance, postponed at the request of Plaintiffs' counsel but for which no new date has been offered;

- Resolution of subpoenas issued to Cobb and Dekalb Counties;

- Interrogatory responses to which answers were reserved pending the end of fact discovery; and

- Additional (and superfluous) document requests, interrogatories, and requests for admission.

In light of this lack of clarity, State Defendants believe that applicable discovery deadlines should be stayed pending resolution of this extension motion and/or issuance of a new schedule and appreciate the Court's attention to this practical difficulty by way of its docket entry order dated today, November 10, 2021.

**II.    This Court's jurisdiction and Plaintiffs' severance motion must be resolved before a discovery extension is granted.**

The Eleventh Circuit has cautioned Courts to resolve facial challenges to subject matter jurisdiction before extensive discovery. "Allowing a case to proceed to discovery on a facially invalid claim 'does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and

damage the integrity and the public's perception of the federal judicial system.'" *In Re Smith*, 849 F. App'x 867, 872 (11th Cir. 2021) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)). Further, this Court "not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *see also Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (noting that "it is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction").[4] And when subject matter jurisdiction ceases to exist, the Court is left with only one function: "announcing the fact and dismissing the case," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (quoting *Ex Parte McCardle*, 7 Wall. 506, 514 (U.S. 1868)), not extending discovery on claims it lacks jurisdiction to entertain.

      The Court is well-aware of the jurisdictional issues involved here and State Defendants incorporate their recent briefing on Plaintiffs' lack of standing here. *See, e.g.*, [Docs. 1066, 1094, 1105, 1117, 1147]. As State Defendants pointed out during the August 19, 2021 Discovery Conference,

---

[4] This decision is binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

7

Plaintiffs' lack of standing "here is a pleading problem. It is not a discovery problem." [Doc. 1160 at 47:13–14]. That pleading problem remains for one reason: Plaintiffs declined to tailor or cut back their claims as this Court invited them to do six months ago. [Doc. 1088].

The jurisdictional problems are underscored by Plaintiffs' recent severance motion too. There, not only do Plaintiffs concede that their DRE claims are moot, [Doc. 1182-1], but they seek to keep some undefined different version of their DRE claims in this case. Consequently, not only must this Court now dismiss the DRE claims, *see* [Doc. 1201], but the Court and the parties are left guessing as to what the remaining claims entail. But even beyond this important jurisdictional issue, the contours of Plaintiffs' claims (and which claims will remain) are unknown until this Court rules on their pending severance motion, rendering continued discovery a potentially wasteful endeavor and the determination of matters that are relevant to Plaintiffs claims impossible.

For these reasons, State Defendants respectfully submit that this Court must consider its subject matter jurisdiction over Plaintiffs' claims and rule upon Plaintiffs' motion for severance before considering a discovery extension. Otherwise, the parties and this Court will continue to expend

enormous amounts of resources on claims binding precedent forecloses or that otherwise remain undefined and will lead to continued disputes.

### III. A hearing on Plaintiffs' severance motion or otherwise a status conference should be set to facilitate resolution of the motion for extension.

In light of the issues addressed herein, State Defendants believe a hearing or status conference will assist the Court and the parties in resolving scheduling issues. As explained herein, the scheduling request (and scope of discovery to be extended) is dependent on resolution of Plaintiffs' severance motion, which will be fully briefed upon receipt of Plaintiffs' Reply, and the interaction of all these issues leaves plenty of ground to cover. State Defendants believe prompt resolution of this matter is required and respectfully request the Court set a time for such a hearing or conference during the week of November 15, 2021, to the extent the Court is available.

## CONCLUSION

State Defendants maintain that the jurisdictional problems plaguing this case and Plaintiffs' severance motion should be resolved prior to any extension of discovery. Without doing so, the parties will continue to expend resources on repetitive discovery disputes owing to the unclear nature of what remains in this case. To the extent this Court resolves those issues or

otherwise reaches the schedule extension request, State Defendants concur that an extension is necessary but believe the extension should not be limited in the manner Plaintiffs propose. Finally, State Defendants believe a hearing or status conference can provide the parties and the Court with much needed clarity on the matter.

Respectfully submitted, this 10th day of November 2021.

/s/ *Carey A. Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander F. Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico-Prats
Georgia Bar No.  664717
jprats@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Robbins Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone:  770-434-6868

*Counsel for the State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that Defendants' foregoing Consolidated Response in Limited Opposition to Plaintiff's Motion to Extend the Schedule and Request for Hearing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

This 10th day of November, 2021.

/s/   *Carey A. Miller*
Carey A. Miller