IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**JOINT DISCOVERY STATEMENT
REGARDING PRODUCTION OF FULTON COUNTY
NOVEMBER 3, 2020 ELECTION FILES**

**November 12, 2021**

JOINT DISCOVERY STATEMENT REGARDING PRODUCTION OF
FULTON COUNTY NOVEMBER 3, 2020 ELECTION FILES

Pursuant to Part III(e) of this Court's Standing Order, the Coalition Plaintiffs have conferred with Defendant Fulton County but have been unable to resolve this dispute. As explained below, despite being given ample opportunity, Fulton County has not responded to Coalition Plaintiffs' proposed joint discovery statement, first transmitted to Fulton County on October 28, 2021. Attached hereto as Exhibit A is the relevant discovery (Document Request No. 26 of Coalition Plaintiffs August 20, 2021 Second RFP).

**Issue: Fulton County has not objected to or produced documents, including ballot images, election project files, or cast vote records**

*Coalition Plaintiffs' Position*

Fulton County has not objected to or produced documents responsive to Document Request No. 26 of Coalition Plaintiffs August 20, 2021 Second RFP (Ex. A). The requested documents include: (i) Election Project ballot images from in-person voting for the official original vote tallies, (ii) a full set of Election Project ballot images for the presidential contest recount, (iii) complete Election Project files for both the original count and recount, and (iv) cast vote records exported in json format for both the original count and recount.

Fulton County has not served a response to the document requests or given any reason for non-production. Coalition Plaintiffs have followed up with Fulton

1

County on this request 5 times only to receive 3 responses indicating that Fulton County would look into the matter.

Coalition Plaintiffs need access to complete sets of ballot images to demonstrate the discrepancies and irregularities in the official vote counts generated by the Dominion Voting System and the significant undisclosed discrepancies of thousands of vote tallies Coalition has detected in the hand count audit results.  These documents are relevant to Coalition Plaintiffs' claims that the Dominion System does not accurately detect and tabulate all legal marks as votes, does not consistently tabulate accurate vote tallies, and cannot be reliably audited under Georgia's current audit scheme.

In addition, for purposes of the further documenting Plaintiffs' standing, Coalition Plaintiffs wish to provide detail of additional injuries as a result of vote counting errors that occurred in their home precincts, showing the realistic chance that their votes were not counted accurately and that they are at risk of their votes not being accurately counted in future elections.  Based on initial analysis of ballot images and officially reported vote counts, discrepancies exist in Fulton Plaintiffs' and CGG members' precincts 06J (Megan Missett), 06L1 (CGG Board Member, Virginia Forney), 08H (CGG Board Member, Rhonda Martin), SS06 (Aileen Nakamura, CGG member), as well as other Fulton CGG members. Preliminary analysis indicates that hundreds if not thousands of ballots were double counted in

the official certified results, but no accurate estimate can be made until all ballot images and cast vote records are produced.

Fulton must make all reasonable efforts to locate these electronic documents that may be in various back-up files or with other custodians. Fulton admitted in their response to Requests for Admission that a significant portion of the in-person ballot images were not preserved for the original official count. In-person ballots account for approximately 375,000 ballots, and almost all such images are missing from production. Additionally, at least 18,000 ballot images are missing from production of the recount ballots images.[1] Fulton also repeatedly fail to fulfill Coalition's request for json format cast vote records. Cast vote records are a source record of the tabulation of all ballots. Without such ballot images and cast vote records, the November ballot tabulations in the machine counts and the hand count audit cannot be reasonably replicated or accurately tested, and accurate estimates of all irregularities occurring in Plaintiffs' and members' precincts cannot be identified or quantified for purposes of further supporting Plaintiffs' standing.

Finally, if a copy of the images has been delivered to the Superior Court, Fulton should seek a court order to permit them to produce the images.

---

[1] Electronic ballot images are election records subject to preservation requirements beyond those required in litigation. Federal and state election statutes require the retention of electronic election records for 22 and 24 months, respectively, and Georgia Election Rule 183-1-12-.13 requires that a copy of the ballot images be delivered to the Clerk of the Superior Court for preservation.

*Fulton's Position*

(No response has been received.)

*Coalition Plaintiffs' Reply*

Coalition Plaintiffs did not initiate this discovery dispute process without first sending numerous emails and making phone calls to Fulton County in an effort to obtain the documents. Having exhausted those efforts, with the discovery period winding down, Coalition Plaintiffs on October 28, 2021 informed Fulton County that it was initiating the joint discovery dispute process and forwarded Coalition Plaintiffs' position, restated above. That prompted Fulton County to state that it was going to produce files. But, after at least eight more email reminders, on November 10, Fulton County produced a partial set of ballot images which had been previously produced, but failed to produce the vast majority of the requested documents. Those documents are listed on page 1. Incomplete files of ballot images have been previously obtained in Open Records Requests, but image files noted above as missing have not been produced.

Coalition made additional attempts to obtain Fulton County's position to insert into this submission, but Fulton County did not respond. Coalition Plaintiffs will submit copies of emails reflecting its efforts to resolve this dispute if the Court directs.

The records are essential for use by Coalition Plaintiffs' experts in the analysis of the significant discrepancies, including double counting, that plague Fulton County's tabulation of the November 2020 election results and the hand count audit results. Expert research is required to determine whether the irregularities are the result of systemic software bugs, maliciously introduced malware, human error, or malfeasance.  Further, the records are needed for Coalition's most complete response to the Court's recommendation that concrete explanations and specific examples of votes cast being miscounted or voided be documented and presented to the Court.  (Order, Doc. 1171 at 5).  Coalition Plaintiffs are prepared to provide the Court with numerous compelling examples from Plaintiffs' and Coalition for Good Governance's members' voting precincts, derived from the incomplete data provided by Fulton County.  However, Coalition Plaintiffs prefer to provide the Court with such examples derived from complete and final Fulton County records.

While no irregularities in vote tabulations have been detected by Coalition Plaintiffs that would alter the outcome of the presidential election in Georgia, the severity of the vote count discrepancies involving most down ballot races, and discrepancies in the hand count audit reflected in Fulton County's data, are central topics for Coalition Plaintiffs' depositions of Defendants Fulton County and the

Secretary of State. It is important that the Defendants' deposition testimony on such irregularities be based on the most complete election records available.

Fulton County has not lodged any objection to the production of these documents or challenged their discoverability. Coalition Plaintiffs' motion should therefore be granted.

This 12th day of November, 2021.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 386-6856 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> v. <br> E <br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on November 12, 2021, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.  In addition, pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

7

EXHIBIT

A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

# COALITION PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO FULTON COUNTY DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs Coalition for Good Governance, Megan Missett, Laura Digges, Williams Digges, and Ricardo Davis ("Coalition Plaintiffs") request that Defendant Fulton County Board of Registration and Elections members Alex Wan, Mark Wingate, Kathleen D. Ruth, Vernetta Keith Nuriddin, and Aaron V. Johnson ("Fulton County Defendants") produce and make available for inspection the documents, electronically stored information, and tangible things as specified below in this Set of Requests for Production (the "Requests") and do so within ten (10) days of service hereof.

the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

4. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

5. The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority. Coalition Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

## REQUESTS

**Request for Production No. 26**

All election project files created by the Dominion EMS from the November 2020 election original count and recount, including Cast Vote Records exported in the JSON format.

This 20th day of August, 2021

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
**ICHTER DAVIS LLC**
3340 Peachtree Road NE, Suite 1530