## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br><br> Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** | Civil Action No. 1:17-CV-2989-AT |

## JOINT DISCOVERY STATEMENT REGARDING DISCOVERY FROM FORTALICE SOLUTIONS, LLC

### *Curling Plaintiffs' Position*

Curling Plaintiffs served a subpoena duces tecum on Fortalice on June 10, 2021, and a deposition subpoena regarding four discrete topics on October 19. (Exs. 1-2.) Fortalice finally completed its production and provided a privilege log on November 1. (Ex. 3.) All but 7 of the 230 documents on the privilege log are being withheld as "state secrets" *at the direction of State Defendants*. (Ex. 4.) State Defendants' directive to Fortalice to withhold documents is improper.

First, the Court issued a protective order for any legitimate confidentiality interest (Dkt. 477) and exhibited an ability to issue further protective orders when warranted (*see, e.g.*, Dkt. 858, Dkt. 463). Second, State Defendants have provided no support for their "state secrets" claim. In fact, they likened the purported secrecy of the Fortalice documents to the prior GEMS database; but this only undermines their secrecy claims here given similar claims about the GEMS database proved to be false. (Dkt. 623.) Third, State Defendants previously affirmed that they are not withholding any information on confidentiality grounds. (*See* Dkt. 810 at 78; Dkt. 1099 at 35-36.) They should not be allowed to renege on that commitment with their improper directive to Fortalice. Fourth, Curling Plaintiffs have agreed that Fortalice may apply appropriate redactions to highly-sensitive, *nonresponsive* information in otherwise responsive documents.

State Defendants do not dispute that the documents are highly relevant. The Court will recall the importance of previously-produced Fortalice documents, including belying sworn testimony from State Defendants. (Dkt. 579 at 75-90.) The withheld documents concern the security and reliability of Georgia's election system, bearing directly on Plaintiffs' standing (and the merits of their claims).

Fortalice also has declined a deposition. Given Fortalice is acting as State Defendants' agent, per their directive to withhold documents, the Court should order them to direct their agent to comply with the deposition subpoena.

## *State Defendants' Response*

At issue is Curling Plaintiffs' subpoena served on non-party Fortalice Solutions. Rule 45 of the Federal Rules of Civil Procedure—not this Court's Standing Order—sets forth the procedure for enforcement of the subpoena. This Court does not possess jurisdiction over this dispute and cannot compel compliance by non-party Fortalice Solutions. If Curling Plaintiffs wish to enforce the subpoena, counsel needs to do so in a court with jurisdiction over Fortalice, which is the Western District of North Carolina as counsel for Fortalice informed them a week ago. Because this is not a dispute involving discovery served on State Defendants, the discovery dispute process that Curling Plaintiffs wish to proceed

under is not the appropriate mechanism for compelling compliance with the subpoena to non-party Fortalice.

## *Curling Plaintiffs' Reply*

State Defendants' Response concedes this dispute. They do not contest that *State Defendants* are the ones asserting the purported "state secrets" and other claims on which the documents are being withheld; that Fortalice is acting as State Defendants' agent; that Fortalice is taking direction from State Defendants to withhold the documents on the privilege log (i.e., "withheld on state secret grounds *per GA SOS*" (Ex. 3 (emphasis added).)); that these documents are highly relevant to Curling Plaintiffs' standing and concern the security and reliability of Georgia's election system; and that the Court has issued a robust Protective Order and that State Defendants have agreed not to withhold confidential information in light of that Order. Based on these undisputed facts, this Court is fully empowered to order State Defendants to withdraw their improper directive to their agent, Fortalice, and instead direct Fortalice to produce the documents—and to appear for the deposition. State Defendants cite no contrary authority, nor could they.

State Defendants have an obligation under Rules 26 and 34 to preserve and produce documents within their control, which includes documents within their agents' custody or possession. *See Wright v. Wright (In re Wright)*, 2005 Bankr.

3

LEXIS 1881, at *8-9 (N.D. Ga., Aug. 9, 2005) ("[U]nder Rule 34, control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."). Fortalice's status as a non-party has no bearing on State Defendants' discovery obligations to direct their agent to produce responsive documents and appear for a deposition. *See Infinite Energy, Inc. v. Chang*, 2008 U.S. Dist. LEXIS 129851, at *13 (N.D. Ga., May 30, 2008) (*quoting In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").

State Defendants' Response is not only meritless but would lead to a catch-22 where no court would have the authority to order this discovery. No doubt if Curling Plaintiffs were to move to enforce their subpoena in the Western District of North Carolina, Fortalice (and State Defendants) would argue that that court lacks the authority to compel production since the objection at issue is asserted by State Defendants, who would not be parties to any such subpoena enforcement action. This is especially true to the extent State Defendants contend the

documents are privileged, as any such privilege would belong to State Defendants as the clients, not Fortalice as their agent. This would mean that neither that court nor this Court could order discovery of highly-relevant documents. That is not the law, and for good reason. State Defendants' effort to create such a dilemma is not well taken and would only further waste considerable time and resources. This Court unquestionably has authority to compel the discovery sought.

State Defendants have not supported their claims underlying their directive to Fortalice to withhold the documents, and it is their burden to do so—they do not even try. Moreover, State Defendants' own production confirms the inaccuracy of their claims regarding the documents they have directed Fortalice to withhold. For example, State Defendants themselves produced an email chain containing entries 225 and 230 on the Fortalice log. (Ex. 3, Ex. 5.) Neither supports State Defendants' "state secrets" claim. In fact, State Defendants did not designate this document AEO in their production, conceding the lack of sensitivity they now claim regarding these same and similar documents.

In short, State Defendants offer no arguments at all in support of their objection to the documents sought or their directive to their agent, Fortalice, to withhold those documents; and they do not dispute any of the facts. This is dispositive. The Court should grant the relief Curling Plaintiffs properly seek and

5

order State Defendants to direct Fortalice to produce the withheld documents and to appear for the properly-noticed deposition.

Respectfully submitted this 17th day of November, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Vincent R. Russo | Bryan P. Tyson |
| Vincent R. Russo | Georgia Bar No. 515411 |
| Georgia Bar No. 242628 | btyson@taylorenglish.com |
| vrusso@robbinsfirm.com | Jonathan D. Crumly |
| Josh Belinfante | Georgia Bar No. 199466 |
| Georgia Bar No. 047399 | jcrumly@taylorenglish.com |
| jbelinfante@robbinsfirm.com | James A. Balli |
| Carey A. Miller | Georgia Bar No. 035828 |
| Georgia Bar No. 976240 | jballi@taylorenglish.com |
| cmiller@robbinsfirm.com | R. Dal Burton |
| Alexander Denton | Georgia Bar No. 097890 |
| Georgia Bar No. 660632 | dburton@taylorenglish.com |
| adenton@robbinsfirm.com | Diane F. LaRoss |
| Robbins Ross Alloy Belinfante | Georgia Bar No. 430830 |
| Littlefield LLC | dlaross@taylorenglish.com |
| 500 14th Street, N.W. | Bryan F. Jacoutot |
| Atlanta, Georgia 30318 | Georgia Bar No. 668272 |
| Telephone: (678) 701-9381 | bjacoutot@taylorenglish.com |

Facsimile: (404) 856-3255

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, a copy of the foregoing **Joint Discovery Statement Regarding Discovery from Fortalice Solutions, LLC** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

9