# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Donna Curling, et al. </br> *Plaintiff* </br> v. </br> Brad Raffensperger, et al. </br> *Defendant* | ) </br> ) </br> ) Civil Action No. 1:17-cv-02989-AT </br> ) </br> ) </br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Fortalice Solutions, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Krevolin & Horst LLC </br> 1201 W. Peachtree St., NW, Ste. 3250 </br> Atlanta, GA 30309 | Date and Time: </br> 06/22/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/08/2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Donna Curling, Donna Price & Jeffrey Schoenberg _____, who issues or requests this subpoena, are:
Adam M. Sparks, 1201 W. Peachtree St., NW, Ste. 3250, Atlanta, GA 30309, (404) 835-8067, sparks@khlawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02989-AT

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-02989-AT   Document 1229-1   Filed 11/17/21   Page 4 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A: DOCUMENTS DESIGNATED FOR PRODUCTION

**Notice to Nonparty:**

Please produce responsive documents by the date provided in the accompanying subpoena.

**Definitions**

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Complaints" refer to Dkt. Nos. 226, 627, and 628, respectively Coalition Plaintiffs' Third Amended Complaint, Curling Plaintiffs' Third Amended Complaint, and Coalition Plaintiffs' First Supplemental Complaint.

"Concerning," "related to" or "relating to," and "regarding" shall mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing,

establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Constitute" means containing, comprising, embodying, making up, or to be the elements or components of.

"Document" and "documents" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001.  A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Dominion" means Dominion Voting Systems Corporation, its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, contractors, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Requests.

"Election superintendent" means superintendent as defined in O.C.G.A. § 21-2-2(35) and any of its predecessors, divisions, departments, partnerships, joint

ventures, directors, officers, employees, contractors, representatives, consultants, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Requests.

"Election System" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), ballot-marking devices (BMDs) (including but not limited to ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including but not limited ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), the KnowInk PollPad Plus system and associated components, software (such as any software associated with "Dominion Voting Democracy Suite" (D-Suite) and the KnowInk PollPad Plus system used in any election in the state of Georgia), script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation, recording, processes, or procedures of elections in the State of Georgia, including without limitation voter registration information, election results data, DREs, BMDs, PollPads optical scanners, modems, network equipment, other peripheral devices, any server that hosts or has hosted the GEMS, Democracy Suite, or any other election management system, or the Election Night Reporting system, voter

3

registration systems or databases (e.g., "eNet"), online voter registration servers, electronic poll books and related components, administrative credentials, the Center for Election Systems (CES) (including but not limited to when it was located at Kennesaw State University), or information related to employees, agents, representatives, volunteers, or others acting on behalf of you, the State of Georgia, or any county or municipality with respect to elections in the State of Georgia.

"Including" means including without limitation.

"Office of the Secretary of State of Georgia" means Secretary of State Brad Raffensperger, any of his predecessors, the divisions, departments, partnerships, and joint ventures of or subject to the control of either the Georgia Secretary of State or of the Georgia State Election Board, all directors, officers, employees, contractors, consultants, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Requests, including to the extent applicable the Georgia Technology Authority.

"Person" and "Entity" mean and include a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company,

4

ny-2024781

governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"You" or "Your" mean Fortalice Solutions, LLC, its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, contractors, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Requests.

**Instructions**

1. For each Request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2. Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity

or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Also, provide any responsive Election System files including software installation files, configuration files, input files, intermediate data files, output files, report files, system and application log files, or other election software or data files (in their native formats) associated with any component of the Election System as used in Georgia elections (the D-Suite EMS servers, workstations, and applications, ImageCast Precinct (ICP) and ImageCast Central (ICC) tabulators, and ImageCast X (ICX) BMDs, and associated peripherals), including but not limited to software and/or firmware installation files (such as MSI, EXE, or APK or files in a proprietary binary format); scripts and/or configuration files used to provision or harden the installed software or firmware; EMS election project files, election project backup files, compressed archives of election project databases, and system permission rule sets; Microsoft SQL Database files; election definition and behavioral and configuration files used by ICX, ICP, and ICC devices (DAT files for ICX BMDs and files in the binary file formats used by the ICP and ICC tabulators); security credentials and encryption keys, including authentication data used to program security cards and keys to be used by the ICX, ICP, ICC and PollPad devices; result files (in the proprietary binary file format

collected from the ICP and ICC tabulators); scanned ballot images; result reports in XML, PDF, HTML, and Excel formats; and device log, system log, and audit log files and reports. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

    3.    Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found.

    4.    If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the

document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

5. If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 3 above.

6. If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

7. These Requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

8. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

9. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

10. The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority. Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

11. Documents shall be produced to Plaintiffs via e-mail or comparable electronic means to their counsel of record or other individuals identified by Plaintiffs for receipt.

**Document Requests**

1. Documentation of work performed for the Office of the Secretary of State of Georgia related to the Election System.

2.	Documentation of work performed for the Office of the Secretary of State of Georgia related to the Georgia voter registration database.

3.	Documentation of work performed for the Office of the Secretary of State of Georgia related to the Georgia Online Voter Registration System or My Voter Page.

4.	Documentation of work performed for the Office of the Secretary of State of Georgia related to the Center for Election Systems.

5.	Documentation of work performed for the Office of the Secretary of State of Georgia related to equipment produced, sold or leased by Dominion or KnowInk, including but not limited to components or systems interacting with any such equipment.

6.	Documents relating to actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, or compromises involving any aspect of Georgia's Election System, including but not limited to Georgia's voter registration database or any computer systems or network environments that support the operation of the Election System.

7.	Documents related to security recommendations You provided to the Office of the Secretary of State of Georgia  Dominion, Pro V&V, PCC, GCR, Civix, or any other entity or individual regarding any aspect of Georgia's Election

System or any other computer system or network administered or maintained by the Office of the Secretary of State of Georgia, including any mitigations performed or proposed relating to any such recommendations.

8. Documents, including communications internal to You or between or among any of You, the Office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding this litigation.

9. Documents, including communications internal to You or between or among any of You, the Office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding any plaintiff or member of Coalition for Good Governance in this litigation.

10. Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding any expert retained by any party in this litigation, including but not limited to Michael Shamos, Juan Gilbert, Benjamin Adida, Jack Cobb, Eric Coomer, David Hamilton, Candice Hoke, Alex Halderman, Matthew Bernhard, Logan Lamb, Andrew Appel, Lowell Finley, Nathan Woods, Vincent Liu, Harold T.

Daniel, Jr., Harri Hursti, Kevin Skoglund, Philip Stark, Richard DeMillo, Ritchie Wilson, Lonna Rae Atkeson, Virginia Martin, Rebecca Wilson, and Amber McReynolds.