IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al*.<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-CV-2989-AT |

**STATE DEFENDANTS' RESPONSE TO THE LIMITED MOTION TO INTERVENE BY R. KYLE ARDOIN, in his official capacity as the LOUISIANA SECRETARY OF STATE**

During the November 19, 2021 status conference when discussing Curling Plaintiffs' and Dr. Halderman's request to disclose Dr. Halderman's expert report to CISA, the Court stated, "we're not going to be disseminating [Dr. Halderman's report] all over -- to anyone and anyone who somehow has some interest in it." Hearing Tr. at 90:24-91:2. Relying on public filings and statements by Dr. Halderman in declarations, the Louisiana Secretary of State, R. Kyle Ardoin ("Intervener"), seeks to intervene in this case now for the limited purpose of obtaining Dr. Halderman's sealed expert report. [Doc. 1243]. Dr. Halderman's purported reference to the voting machines used for

early voting in Louisiana is not a reason to grant Intervener's motion under Federal Rule of Civil Procedure 24(b). *See* [Doc. 1243 at 1].

Permissive intervention under Rule 24(b)(1)(B) requires Intervener to have a *claim* or *defense* that shares a common question of law or fact with this case or a right to intervene under a federal statute. *See* Fed. R. Civ. P. 24(b)(1). Because Intervener does not have a claim or defense that shares with the main action a common question of law or fact, permissive intervention under Rule 24(b)(1)(B) is not appropriate. Likewise, Intervener does not have a conditional right to intervene by a federal statute for intervention under Rule 24(b)(1)(A). And although Intervener is a state governmental officer, the claims in this action are based solely on constitutional questions. Intervener does not have a *claim* or *defense* based on either a statute or executive order administered by Intervener or any regulation, order, requirement, or agreement issued or made under such statute or executive order. *See* Fed. R. Civ. P. 24(b)(2).

Dr. Halderman was granted access to Georgia's voting system for this litigation, and not for the purpose of filing reports with CISA or marketing it to various governmental entities and other individuals.[1] Moreover,

---

[1] Testimony of Dr. Halderman before the Louisiana Voting System Commission, Part 3, at 1:10:00, (Dec. 14, 2021) *available at*

Intervener has not requested information from Dominion about the report, although Dominion is a vendor of the State of Louisiana. Intervener may have a general interest in Dr. Halderman's report, but that is not a reason for this Court to grant Intervener's motion.

Finally, if Intervener is allowed to intervene in this case for the limited purpose of obtaining access to Dr. Halderman's sealed expert report,

---

https://www.loom.com/share/d784b2995ead4cc69bf596bae3d1ce75 ("CLARY: Do we have any idea when that report will become publicly available? HALDERMAN: Um, that is, uh, that is, uh, the jurisdiction of the court. So the federal court in Georgia. CLARY: Okay. Thank You. HALDERMAN: The, I will, I will point out that the, um, the judge in that case has, uh, has said that she would be receptive to requests from other states to, uh, receive a copy of the report for mitigating problems in their own systems. Um, if they're able to assure the court that it's confidentiality will be maintained"); Testimony of Col. Phil Waldron before the Louisiana Voting System Commission, Part 1, at 44:40, (Dec. 14, 2021) *available at* https://www.loom.com/share/bcdc6751e11f4f7a8f2dc77c486c162f (WALDRON: "And then, uh, professor Halderman, I believe, is going to speak in here just a little bit, uh, also identified vulnerabilities in a specific piece of the elections system, … his report is under protective order for the court. Um, he is recommended, I believe that's in Georgia. Uh, he has recommended that that information be released to DHS CISA so that they can mitigate the vulnerabilities. Um, Louisiana is one of the states that is, uh, listed in his report. Um, I think that's a great step, but I think it needs to go a step further, that information needs to be released to the public and the citizens who have that responsibility to understand what their voting system is.") *see also* Emma Brown, *Phil Waldron, Backer of Jan. 6 PowerPoint, is Invited to Speak to Louisiana Voting Panel*, Washington Post, (Dec. 14, 2021 at 7:44 p.m. EST) https://www.washingtonpost.com/investigations/phil-waldron-powerpoint-louisiana-voting/2021/12/14/e2fa4aaa-5cec-11ec-bda6-25c1f558dd09_story.html (discussing testimony before the Commission).

Intervener should be subject to the Protective Order, [Doc. 477], and confirm that the report will not be subject to production under Louisiana's open records laws. The report contains sensitive, non-public information about Georgia's voting system that Dr. Halderman only has access to due to the special access that he was given by the Court.

Respectfully submitted, this 5th day of January 2022.

*/s/ Vincent Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico-Prats
Georgia Bar No. 664717
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com

4

James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this STATE DEFENDANTS' RESPONSE TO THE LIMITED MOTION TO INTERVENE BY R. KYLE ARDOIN, in his official capacity as the LOUISIANA SECRETARY OF STATE, has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.  Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Vincent Russo*