**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** | |
| **Plaintiffs,** | **Civil Action No. 1:17-CV-2989-AT** |
| **v.** | |
| **BRAD RAFFENSPERGER, ET AL.,** | |

**DISCOVERY STATEMENT REGARDING COALITION PLAINTIFFS'
RESPONSES TO STATE DEFENDANTS' SECOND REQUESTS FOR
PRODUCTION OF DOCUMENTS AND ANH LE'S FIRST
<u>INTERROGATORIES</u>**

*State Defendants' Position*

State Defendants request this Court's intervention concerning Coalition Plaintiffs' responses and objections to Defendants' Second Requests for Production and Anh Le's Interrogatories. Ex. A. Defendants wrote Plaintiffs seeking resolution and/or confirmation of their position regarding certain identified requests on December 8, 2021. Plaintiffs failed to respond. The following requests are at issue:

**Request No. 2** seeks documents "sufficient to show the total number of contributors, and total amount of contributions received by [CGG] as a result of fundraising efforts concerning the Litigation." CGG stated it "would not produce any documents in response to this Request" because it was irrelevant. CGG's fundraising efforts are at issue because they alleged the BMD System will "force Coalition to divert personnel, time, and resources" to educating its members and the public, "imapair[ing] Coalition's ability to engage in the organization's other projects." [Doc. 628 at ¶ 218]. However, documents responsive to this request will likely show CGG has actually *benefitted* from this litigation. And, if that is the case, it is more evidence that shows CGG is not diverting resources *from* its mission, but is fulfilling its organizational purpose by engaging in this litigation. *See Jacobson v.*

Case 1:17-cv-02989-AT   Document 1245   Filed 01/06/22   Page 3 of 10


*Fla. Sec'y of State*, 974 F.3d 1236, 1249 (11th Cir. 2020); *Shelby Advocates for Valid Elections v. Hargrett*, 947 F.3d 977, 982 (6th Cir. 2020).

**Request No. 3** seeks communications between the Coalition Plaintiffs and individuals pursuing similar claims. Plaintiffs stated they would not produce responsive documents on the basis of a relevance objection. "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Here, this request is tailored to only communications which bear on this case; those concerning the Litigation or Election System (as defined by Plaintiffs' complaint).

Moreover, information known to Defendants about CGG's interaction with these individuals demonstrates the relevance of this request. Ms. Greenhalgh previously was V.P. for the National Election Defense Coalition which filed an amicus brief in support of Plaintiffs, [Doc. 246], and sought to file another, CURLING-001015, she is a senior advisor to Free Speech for People which has pursued identical claims,[1] and held a forum (jointly with CGG) involving numerous

---

[1] https://freespeechforpeople.org/challenging-insecure-voting-systems/.

experts in this case;[2] Mr. Favorito is (or was) a member of CGG, [Doc. 52 at 137:24–25], has coordinated with Plaintiffs and their organizations, *see, e.g.* CURLING-0010090, submitted affidavits in support of Plaintiffs, *see, e.g.*, [Doc. 413 at 289], and is pursuing similar "verifiability" claims, *compare VoterGA v. State of Georgia*, No. 2021CV353604 (Fulton Cnty. Sup. Ct.) *with* [Docs. 627, 628]; Mr. Wood and Ms. Powell likewise pursued factually similar and legally identical claims.[3]

**Request No. 4** seeks documents or communications related to the "important and time-sensitive issue" raised by Curling Plaintiffs via electronic mail to the Court on or about December 23, 2020. CGG objected to this request as "irrelevant," stated that Curling—not Coalition—raised the issue, and asserted that communications are protected by attorney-client privilege and work product. On relevance, this issue forms the basis of (at least) some of Curling Plaintiffs' claims, if not Coalition's claims too. Likewise, it is of no import *who* raised the issue, if CGG possess responsive documents, they are discoverable. To the extent CGG's refusal to produce documents is rooted in their privilege claim(s), Coalition Plaintiffs have yet to produce a privilege log to the extent a privilege even applies.

---

[2] https://freespeechforpeople.org/todays-electronic-voting-machines/.

[3] Defendants do not concede the propriety of Plaintiffs' objections to subpart (g) of Request No. 2, but in the interests of expediency and compromise, Defendants are willing to abandon that request.

**Request No. 5** seeks communications concerning Dr. Halderman's report between the Coalition Plaintiffs and individuals that are *not* expert witnesses or counsel. Plaintiffs objected on relevance and undue burden. This Request is relevant for the same reason Request 4 is relevant. And the burden imposed to search for responsive documents is minimal: the report is dated July 1, 2021, a six-month timeframe; and the request seeks only communications with non-experts or counsel, limiting the universe of people who could (or should) have responsive documents.

**Request No. 6** seeks communications between the Coalition Plaintiffs and any declarant or fact witness upon whom CGG intends to rely. Coalition Plaintiffs objected on breadth and a common interest privilege, but stated they were willing to confer on narrowing the request. Defendants limited the request to communications concerning the Litigation or the Election System, and explained the timeframe was limited to January 1, 2019 to present. CGG has not responded.

**Request No. 8** seeks documents or communications concerning membership with CGG, including registration, dues, responsibilities, obligations, or benefits of membership. CGG stated it would produce documents but has not confirmed their production so that Defendants may proceed with the 30(b)(6) deposition of CGG.

**Request No. 9** seeks documents or communications concerning the membership status of Rep. Jasmine Clark, Dana Bowers, and Brian Blosser. CGG

objected on the basis of relevance, attorney-client privilege, work product, and

"other relevant privilege[s]." These individuals have submitted testimony in support

of CGG and CGG has relied on their membership status in this Court and on appeal.

Defendants are entitled to documents reflecting whether they are, in fact, members.

**Interrogatory No. 11** asks Coalition to identify fact witnesses upon whom

they will rely. CGG objected on the basis that the interrogatory was compound and

prematurely seeks discovery of Plaintiffs' final witness list. But this interrogatory

poses related questions, not *discrete* subparts, FRCP 33(a)(1), and Defendants have

not exceeded their interrogatory limit. Defendants limited this request to fact

witnesses upon whom CGG will rely at summary judgment. CGG has not responded.

**Interrogatory No. 12** asks Coalition to identify members that are residents of

Georgia and their dates of membership. Coalition objected based on "Coalition

Plaintiffs' First Amendment rights," but stated Megan Missett joined CGG by oral

agreement in 2017. Defendants limited this request to those individuals upon whom

CGG is relying for associational standing. Defendants are entitled to probe whether

those individuals have standing themselves and thus confer standing to CGG.

*Coalition Plaintiffs' Response*

*State Defendants' Reply*

State Defendants reserve their right to reply if and when Coalition Plaintiffs provide any response. State Defendants wrote to Plaintiffs on these issues and requested to confer on December 8, 2021. State Defendants again renewed their request to confer on December 15, Coalition Plaintiffs responded that they would get back to Defendants in a couple days. Hearing nothing further since then, State Defendants requested Coalition Plaintiffs provide their portion of this statement on December 28. State Defendants have received no response.

Respectfully submitted this 6th day of January, 2022.

 /s/                                           /s/
                              *Counsel for Coalition Plaintiffs*

/s/ Carey A. Miller                    Bryan P. Tyson
Vincent R. Russo                       Georgia Bar No. 515411
Georgia Bar No. 242628                 btyson@taylorenglish.com
vrusso@robbinsfirm.com                 Jonathan D. Crumly
Josh Belinfante                        Georgia Bar No. 199466
Georgia Bar No. 047399                 jcrumly@taylorenglish.com
jbelinfante@robbinsfirm.com            James A. Balli
Carey A. Miller                        Georgia Bar No. 035828
Georgia Bar No. 976240                 jballi@taylorenglish.com
cmiller@robbinsfirm.com                R. Dal Burton
Alexander Denton                       Georgia Bar No. 097890
Georgia Bar No. 660632                 dburton@taylorenglish.com
adenton@robbinsfirm.com                Diane F. LaRoss
ROBBINS ALLOY BELINFANTE               Georgia Bar No. 430830
LITTLEFIELD LLC                        dlaross@taylorenglish.com
500 14th Street, N.W.                  Bryan F. Jacoutot
Atlanta, Georgia 30318                 Georgia Bar No. 668272

Telephone: (678) 701-9381          bjacoutot@taylorenglish.com
Facsimile:  (404) 856-3255          Loree Anne Paradise
                                    Georgia Bar No. 382202
                                    lparadise@taylorenglish.com
                                    TAYLOR ENGLISH DUMA LLP
                                    1600 Parkwood Circle, Suite 200
                                    Atlanta, GA 30339
                                    Telephone: 678-336-7249

*Counsel for State Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been

prepared in accordance with the font type and margin requirements of LR 5.1, using

font type of Times New Roman and a point size of 14.

                                        */s/ Carey A. Miller*
                                        Carey A. Miller