# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br><br> Defendants. | Civil Action File <br><br> No. 1:17-CV-2989-AT |

## JOINT DISCOVERY STATEMENT REGARDING DISCOVERY FROM PLAINTIFF EXPERT WITNESS DR. J. ALEXANDER HALDERMAN

### *State Defendants' Position*

State Defendants served a Notice to Take the Expert Deposition of J. Alex Halderman on November 11, 2021. Served with this Notice was a request for production of documents at the time of deposition. These documents included ten separate requests for the production of items related to the Expert Report filed by Dr. Halderman in this action. Curling Plaintiffs filed a series of blanket and repeated objections, often with no basis. These objections are improper but State Defendants are willing to work with the Curling Plaintiffs and this Court in order to adequately protect the purportedly sensitive information. Despite this willingness, Curling Plaintiffs stand on their objections and will not provide responsive documents or things.

First, the Court issued a protective order for any legitimate confidentiality interest (Dkt. 477) and exhibited an ability to issue further protective orders when warranted (*see*, *e.g.*, Dkt. 858, Dkt. 463). Second, State Defendants have a right to examine the information requested because it forms the basis of Dr. Halderman's opinions about the Dominion equipment and an objection that the information is "highly sensitive" is not one recognized under the Federal Rules of Civil Procedure. That the Curling Plaintiffs do not believe State Defendants are able to safeguard any such information, apart from having no basis in reality, is of no

-1-

moment. The requested information cannot be withheld on this basis.

Third, the objections Curling Plaintiffs repeatedly make regarding the meaning of words such as "adversarial objective" are not well founded. The State Defendants deliberately adopted the language of Dr. Halderman's Expert Report in the discovery requests so that there would be *no confusion* as to what was being requested. And Curling Plaintiffs' manufactured ambiguity in these terms is not a proper objection. The words have the meaning that Dr. Halderman ascribed to them in his Expert Report.

Finally, the objections on the basis of timeliness are improper. The State Defendants properly served the requested documents within the *expert discovery* window, seeking information about Dr. Halderman's opinions, giving Curling Plaintiffs ample time to procure such documents prior to Dr. Halderman's deposition. But even if they were untimely, there is good reason for this Court to command production—without it, State Defendants will be deprived of a full and fair opportunity to examine Dr. Halderman's opinions, evaluate the real-world application of his methods, and defend itself on the merits of the opinions Dr. Halderman has offered. Put simply, Plaintiffs' position is that Dr. Halderman's opinions are beyond testing or question, but that is not consistent with the adversarial system of the federal courts.

### *Curling Plaintiffs' Response*

There is little actually at issue here. Dr. Halderman has no documents responsive to Requests 1 (regarding "Raspberry Pi") and 6, as State Defendants know. And Curling Plaintiffs fully complied with their Rule 26 disclosure obligations, which afford State Defendants the facts or data he considered in forming his opinions. To the extent they seek broader discovery, Rule 26 bars that. State Defendants' claim that they "will be deprived of a full and fair opportunity to examine Dr. Halderman's opinions" without the requested discovery is completely baseless. They identify no missing facts or data despite a full-day deposition of Dr. Halderman. They also ignore that he provided a 60-page report (with 92 references) that meticulously and comprehensively details not just his opinions, but also his specific methods and steps as well as the particular facts and data he considered in reaching each of his opinions. (Dkt. 1131.) State Defendants' own conduct confirms the completeness of Curling Plaintiffs' disclosures. They served the ten new requests *over four months* after receiving the *July 1*, 2021 Report—just *four* business days before Dr. Halderman's November 17 deposition, *two* business days before the close of fact discovery, and *less than 30* days before the close of expert discovery. Parties do not wait months, until the final days of discovery, to seek necessary information. And Dr. Gilbert expressed no need for any of this.

The only live issue concerns the source code requested for Dr. Halderman's attacks on Georgia's BMDs in Requests 2 and 7. But those requests are improper. First, State Defendants (and Dominion) refused to produce source code as unnecessary and highly sensitive; the same reasoning, and fairness, hold for Dr. Halderman's source code. Second, as this Court previously found with the DREs, producing a copy of vote-stealing software would present unacceptable risk to elections. (Dkt. 513.) The risk is even higher with the BMD attack software. And the time for State Defendants' experts to inspect the software in Michigan has long passed, which State Defendants declined to do in any event. Third, under State Defendants' insistence on a 30-day response period for document requests, the documents were due December 13, 2021—*after* the close of *both* fact and expert discovery. (Dkt. 1176.) Thus, the requests are untimely. Dkt. 11 at 13 ("All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.") (emphasis in original). State Defendants offer no justification for waiting over four months—and after the deadline to serve document requests—to seek this discovery. Finally, they do not explain how they could even use the documents at this late stage. They are not allowed to rely on any experts beyond Drs. Gilbert and Adida, and neither of those experts is allowed to provide any further response to Dr. Halderman's Report—

their responses were due months ago.[1] (Dkt. 1093.) The requests thus come long after the documents could be used in the case, the timing of which is entirely on State Defendants.[2] It would *highly prejudice* Plaintiffs if State Defendants were allowed to assert at summary judgment or trial new arguments about Dr. Halderman's Report that they never disclosed in discovery, as they now seek to do.

State Defendants' claim that "Plaintiffs' position is that Dr. Halderman's opinions are beyond testing or question" is false. He has been cross examined more than any other witness. Curling Plaintiffs even offered to let State Defendants' internal election security personnel question him informally about his Report months ago; but they declined. Dominion, however, agreed, and State Defendants participated in that meeting. The truth is that State Defendants had many months to assess Dr. Halderman's opinions, including in his deposition. They squandered that time by publicly dismissing his findings as "a load of crap," refusing to read the report themselves, and serving a public records request on the University of Michigan instead of serving these requests in discovery. They chose that approach and must accept the consequences. The Court should deny these improper requests.

---

[1] Given that source code is highly technical, State Defendants would have to rely on an expert to use it. It was far too late for that when the requests were served.
[2] The recent expert discovery extension allows State Defendants only to respond to *supplemental* reports, not to provide analyses they could have provided previously. (Dkt. 1238.) Dr. Halderman does not intend to supplement his Report.

### *State Defendants' Reply*

State Defendants' discovery requests are timely. This Court extended fact discovery for "already-served written discovery requests" until January 31, 2022, and "discovery of facts and data that experts considered or relied on for their opinions" until February 15, 2022. [Doc. 1238]. In fact, it was at Plaintiffs' urging that the Court extended "abbreviated" discovery (twice) and, under the original schedule, State Defendants' experts had *two weeks* to respond to a report Dr. Halderman had been formulating for *ten months*. Further, Curling Plaintiffs' speculation as to *what* State Defendants will do with the documents and things is irrelevant and an improper basis for withholding discovery. Indeed, the same could be said for numerous requests of other plaintiffs in this case who never filed *any* expert reports and now intend to "supplement" those opinions. In any event, State Defendants are entitled to evaluate the requested information to formulate their defense and are not obligated to disclose their litigation strategy. Finally, Curling Plaintiffs' confidentiality objection is inapposite. Curling Plaintiffs have obtained sensitive state secrets and critical infrastructure repeatedly in this case—without which there would be no report or intrigue from third parties for the report. Precluding the State from evaluating whether Dr. Halderman's latest assertions would work in the real world would be highly prejudicial to the State.

Respectfully submitted this 6th day of January, 2022.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Lyle P. Hedgecock (*pro hac vice*) | Adam M. Sparks |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 341578 |
| Robert W. Manoso (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Vincent R. Russo | Bryan P. Tyson |
| Vincent R. Russo | Georgia Bar No. 515411 |
| Georgia Bar No. 242628 | btyson@taylorenglish.com |
| vrusso@robbinsfirm.com | Jonathan D. Crumly |
| Josh Belinfante | Georgia Bar No. 199466 |
| Georgia Bar No. 047399 | jcrumly@taylorenglish.com |
| jbelinfante@robbinsfirm.com | James A. Balli |
| Carey A. Miller | Georgia Bar No. 035828 |
| Georgia Bar No. 976240 | jballi@taylorenglish.com |
| cmiller@robbinsfirm.com | R. Dal Burton |
| Alexander Denton | Georgia Bar No. 097890 |
| Georgia Bar No. 660632 | dburton@taylorenglish.com |
| adenton@robbinsfirm.com | Diane F. LaRoss |
| Robbins Ross Alloy Belinfante | Georgia Bar No. 430830 |
| Littlefield LLC | dlaross@taylorenglish.com |
| 500 14th Street, N.W. | Bryan F. Jacoutot |
| Atlanta, Georgia 30318 | Georgia Bar No. 668272 |
| Telephone: (678) 701-9381 | bjacoutot@taylorenglish.com |
| Facsimile:  (404) 856-3255 | Loree Anne Paradise |
| | Georgia Bar No. 382202 |
| | lparadise@taylorenglish.com |
| | TAYLOR ENGLISH DUMA LLP |
| | 1600 Parkwood Circle, Suite 200 |
| | Atlanta, GA 30339 |

-8-

Telephone: 678-336-7249

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>Defendants. | Civil Action File<br><br>No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *Vincent R. Russo*
Vincent R. Russo