# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

**CURLING PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANTS' DOCUMENT REQUESTS INCLUDED IN THE AMENDED NOTICE TO TAKE THE EXPERT DEPOSITION OF J. ALEX HALDERMAN, PH.D.**

On November 11, 2021, Defendants served an "amended" notice ("Notice") to take the expert deposition of J. Alex Halderman, Ph.D. on Wednesday, November 17, 2021.[1]  In accordance with Rules 26, 30, and 34 of the Federal Rules of Civil

---

[1] Although Defendants purport to have filed an *amended* notice of deposition for Dr. Halderman, Curling Plaintiffs have no record of a prior notice for Dr. Halderman's 2021 deposition, nor does there appear to be any record of any such notice filed with the Court.  Defendants previously served a notice of deposition for Dr. Halderman in June 2019, but that concerned the GEMS/DRE election system that the Court enjoined from further use and that Defendants have argued is no longer part of this case.  On June 17, 2019, Defendants served a request for production of documents for Dr. Halderman, but that request was for different documents than those identified in Defendants' pending Notice.  Curling Plaintiffs have no record of a prior request from Defendants for the documents requested in the pending Notice.

1

Procedure, Curling Plaintiffs hereby serve their responses to the requests for documents included in the Notice on their own behalf and on behalf of their expert, Dr. Halderman.

**Request Category No. 1:**

The Notice seeks from Dr. Halderman "all communications between the deponent and counsel for Plaintiffs that:

1. Relate to compensation for the expert's study or testimony;

2. Identify facts or data that the plaintiffs' attorney(s) provided and that the expert considered in forming the opinions to be expressed; or

3. Identify assumptions that the plaintiffs' attorney(s) provided and that the expert relied on in forming the opinions to be expressed."

**Response to Request Category No. 1:**

Curling Plaintiffs assert the following specific objections to these requests:

First, each of these requests is untimely. Document requests were due at least 30 days before the close of fact discovery. Defendants served these requests only four days before the close of fact discovery (and only about three weeks before the close of expert discovery), and thus they are untimely. Defendants' failure to serve timely requests is unjustified and inexcusable. Curling Plaintiffs have relied on Dr. Halderman as an expert in this litigation for years, and Defendants have had his 2021

2

report and reply declaration regarding the current election system since the summer, several months before Defendants served these requests. Defendants had a full and fair opportunity to serve these requests at any time during discovery in this case and chose to wait until after the deadline to do so. Moreover, the untimeliness of the requests is especially egregious given that Defendants made a deliberate decision not to pursue such discovery in this case upon receiving Dr. Halderman's declarations and report, and instead to pursue discovery regarding his work through a FOIA request submitted to Dr. Halderman's employer, the University of Michigan (in an apparent attempt to circumvent the protections afforded Curling Plaintiffs and Dr. Halderman under the Federal Rules and the Court's Local Rules and governing Orders). Defendants had ample time (from several months to a few years) to request the information they now seek from Dr. Halderman, but deliberately did not do so. It is far too late to begin that process now, when discovery is supposed to be closing soon and no new discovery is permitted (except where certain discovery was not reasonably foreseeable, which this plainly was for several months or more).

Second, Defendants' request for "all communications between the deponent and counsel for Plaintiffs that [r]elate to compensation for the expert's study or testimony" is improper as propounded. The term "study" is vague and ambiguous in the context of this case given its breadth and the many submissions from and

3

examinations of Dr. Halderman. Curling Plaintiffs will construe it to be limited to the analyses and opinions disclosed in Dr. Halderman's 2021 report and declaration regarding the current election system. Communications with Dr. Halderman that relate to his work in this case are generally privileged, as are descriptions of his work that he did not rely on for his opinions, including those in communications related to his compensation for such work. Such information is not discoverable under Fed. R. Civ. P. 26, and thus this request is improper to the extent it encompasses privileged communications. This request also seeks information that is not relevant to any claim or defense in this case, as it does not make any fact of significance more or less probable. This request also is overbroad insofar as it includes his work regarding the prior DRE/GEMS system, which Defendants maintain is no longer relevant to the claims or defenses in this case and is beyond the scope of discovery. And the request is unduly burdensome given the effort that would be required to search and collect "all communications that relate to compensation" for Dr. Halderman's work spanning several years, numerous declarations, and several hearings, which have been the subject of innumerable communications with counsel during that time period. To the extent the information requested is properly discoverable, Defendants had a full and fair opportunity to examine Dr. Halderman about his compensation for his work in this case at his deposition and during their

4

prior examinations of him in this case. Defendants have offered no reason why that was not a sufficient opportunity to obtain the information they belatedly seek to the extent it is discoverable. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Regarding Defendants' requests that Dr. Halderman "[i]dentify facts or data that the plaintiffs' attorney(s) provided and that the expert considered in forming the opinions to be expressed" and "[i]dentify assumptions that the plaintiffs' attorney(s) provided and that the expert relied on in forming the opinions to be expressed," he has done so already in his written submissions (including his 2021 report and his various declarations) and oral testimony (including his 2021 deposition and various hearing examinations) in this case to the extent he considered any facts or data or relied on any assumptions that the plaintiffs' attorneys provided in forming his opinions expressed in this case. Curling Plaintiffs are aware of no responsive information not already disclosed to Defendants.

**Request Category No. 2:**

The Notice seeks from Dr. Halderman "all data and programs utilized in the development of the opinions in declarations submitted in this case regarding the DRE system challenged in Curling Plaintiffs' Third Amended Complaint and the

5

BMD system challenged in Curling Plaintiffs' Third Amended Complaint. This request specifically includes:

1. A copy of any schematic or plan used to configure the Raspberry Pi(s) utilized to attempt adversarial objectives described in the Report, whether self-created or provided through a third-party source (i.e. the internet).

2. A copy of the source code and all libraries used to make Python scripts utilized to attempt adversarial objectives described in the Report.

3. All documents that evidence, refer, reflect, or relate to the process of creating, compiling, and running the adversarial attacks described in the Report, including command lines, links to relevant files, and/or flow charts.

4. All documents that evidence, refer, reflect, or relate to any resources used to accomplish or attempt the adversarial attacks described in the Report.

5. All documents that evidence, refer, reflect, or relate to reference material, hardware manuals, or similar documents used to attempt the adversarial objectives described in the Report.

6. All documents or notes related to adjusting source code or altering any hardware device used in attempting the adversarial objectives described in the Report.

7. The source code for the alteration of the Dominion BMD and printer about which Dr. Halderman testified in the September 2020 preliminary injunction hearing.

**Response to Request Category No. 2:**

Curling Plaintiffs assert the following specific objections to these requests:

First, each of these requests is untimely. Document requests were due at least 30 days before the close of fact discovery. Defendants served these requests only four days before the close of fact discovery (and only about three weeks before the close of expert discovery), and thus they are untimely. Defendants' failure to serve timely requests is unjustified and inexcusable. Curling Plaintiffs have relied on Dr. Halderman as an expert in this litigation for years, and Defendants have had his 2021 report and reply declaration regarding the current election system since the summer, several months before Defendants served these requests. Defendants had a full and fair opportunity to serve these requests at any time during discovery in this case and chose to wait until after the deadline to do so. Moreover, the untimeliness of the requests is especially egregious given that Defendants made a deliberate decision not to pursue such discovery in this case upon receiving Dr. Halderman's declarations and report, and instead to pursue discovery regarding his work through a FOIA request submitted to Dr. Halderman's employer, the University of Michigan

7

(in an apparent attempt to circumvent the protections afforded Curling Plaintiffs and Dr. Halderman under the Federal Rules and the Court's Local Rules and governing Orders). Defendants had ample time (from several months to a few years) to request the information they now seek from Dr. Halderman, but deliberately did not do so. It is far too late to begin that process now, when discovery is supposed to be closing soon and no new discovery is permitted (except where certain discovery was not reasonably foreseeable, which this plainly was for several months or more).

Second, Curling Plaintiffs object that these requests seek information that is proprietary and highly sensitive, the disclosure of which would present grave risk to election security due to the numerous serious vulnerabilities with the current election system and Defendants' (and Dominion's) refusal to address those vulnerabilities in any way. Curling Plaintiffs and Dr. Halderman, consistent with the limitations and protections of Fed. R. Civ. P. 26 and the Court's prior rulings and Orders, cannot in good conscience disclose information that could be used to steal or alter votes or election outcomes. Defendants have articulated no need for the information sought, much less a need that substantially outweighs the extreme sensitivity and danger associated with disclosure of that information—especially in the unsecured environment in which Defendants operate, as established by the evidence in this

8

case, and in light of the advanced persistent threats to elections, including specifically in Georgia, from sophisticated actors, both foreign and domestic.

Third, regarding the request for a "copy of any schematic or plan used to configure the Raspberry Pi(s) utilized to attempt adversarial objectives described in the Report, whether self-created or provided through a third-party source (i.e. the internet)," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the term "adversarial objectives" is vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his declarations, 2021 report, and oral testimony. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Fourth, regarding the request for a "copy of the source code and all libraries used to make Python scripts utilized to attempt adversarial objectives described in the Report," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly

9

burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the term "adversarial objectives" is vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his declarations, 2021 report, and oral testimony. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Fifth, regarding the request for "[a]ll documents that evidence, refer, reflect, or relate to the process of creating, compiling, and running the adversarial attacks described in the Report, including command lines, links to relevant files, and/or flow charts," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the terms "adversarial attacks," "command lines," "relevant files," and "flow charts" are vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his

declarations, 2021 report, and oral testimony. And the request seeks documents, such as communications and work product, that are privileged or otherwise protected from discovery. This includes, for example, communications with Curling Plaintiffs or their counsel regarding Dr. Halderman's work and documents relating to work he performed but did not rely on in formulating his opinions in this case. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Sixth, regarding the request for "[a]ll documents that evidence, refer, reflect, or relate to any resources used to accomplish or attempt the adversarial attacks described in the Report," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the term "adversarial attacks" is vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his declarations, 2021 report, and oral testimony. And the request seeks documents, such as communications and work product, that are privileged or otherwise protected from discovery. This includes,

for example, communications with Curling Plaintiffs or their counsel regarding Dr. Halderman's work and documents relating to work he performed but did not rely on in formulating his opinions in this case. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Seventh, regarding the request for "[a]ll documents that evidence, refer, reflect, or relate to reference material, hardware manuals, or similar documents used to attempt the adversarial objectives described in the Report," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the term "adversarial objectives" is vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his declarations, 2021 report, and oral testimony. And the request seeks documents, such as communications and work product, that are privileged or otherwise protected from discovery. This includes, for example, communications with Curling Plaintiffs or their counsel regarding Dr. Halderman's work and documents relating to work he

12

performed but did not rely on in formulating his opinions in this case. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Eighth, regarding the request for "[a]ll documents or notes related to adjusting source code or altering any hardware device used in attempting the adversarial objectives described in the Report.," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the terms "adjusting source code" and "adversarial objectives" are vague and ambiguous in the context of this case and the breadth of work Dr. Halderman has disclosed in his declarations, 2021 report, and oral testimony. And the request seeks documents, such as communications and work product, that are privileged or otherwise protected from discovery. This includes, for example, communications with Curling Plaintiffs or their counsel regarding Dr. Halderman's work and documents relating to work he performed but did not rely on in formulating

his opinions in this case. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

Ninth, regarding the request for the "source code for the alteration of the Dominion BMD and printer about which Dr. Halderman testified in the September 2020 preliminary injunction hearing," Curling Plaintiffs object that this seeks information that is not discoverable under Fed. R. Civ. P. 26. The request is overbroad and unduly burdensome, and seeks information that is not relevant or necessary for Defendants' development and pursuit of their asserted defenses regarding the current election system. Defendants are not entitled to information Dr. Halderman did not consider or rely on in formulating his opinions in this case. Additionally, the term "alteration of the Dominion BMD and printer" is vague and ambiguous. And the request seeks documents that are privileged or otherwise protected from discovery. This includes, for example, documents relating to work Dr. Halderman performed but did not rely on in formulating his opinions in this case. For the reasons asserted above, Curling Plaintiffs decline to produce responsive documents from Dr. Halderman, as they are not discoverable.

In sum, Defendants have all they are entitled to and need under the limits set by the Federal Rules of Civil Procedure, the Court's Local Rules, and applicable rulings and Orders of the Court to fully and fairly understand, evaluate, and respond

to Dr. Halderman's analyses and opinions offered in this case. Defendants' own conduct confirms this fact—were there any legitimate need for the information sought here, Defendants would not have waited until just days before Dr. Halderman's deposition and the close of discovery to suddenly serve such expansive requests. The new expansive discovery Defendants seek is untimely, overbroad, unduly burdensome, and highly sensitive. Defendants have offered no specific measures to address the extreme sensitivity of the information sought, which—unlike the information Plaintiffs have sought from Defendants and their vendors, such as Fortalice and Dominion—includes software that has been proven capable of surreptitiously altering votes and even potentially election outcomes with the current election system. Curling Plaintiffs and Dr. Halderman cannot in good conscience disclose such information, even were these requests timely and otherwise proper.

Respectfully submitted this 3rd day of December, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Mary G. Kaiser (*pro hac vice*) | Adam M. Sparks |
| Hannah Rose Elson (*pro hac vice*) | GA Bar No. 341578 |
| Zachary Fuchs (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L St, NW, Suite 900 | Suite 3250 |
| Washington, DC 20006 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I certify that on December 3, 2021, a copy of the foregoing was served by email on all counsel of record.

/s/ *David D. Cross*
David D. Cross

16