IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**JOINT DISCOVERY STATEMENT ON PRODUCTION OF DOCUMENTS CONCERNING THE "IMPORTANT AND TIME SENSITIVE ISSUE" RAISED TO THE COURT ON OR ABOUT DECEMBER 23, 2020**

*State Defendants' Position*

Defendants request this Court's intervention concerning Curling Plaintiffs' response and objections to Request No. 3 of State Defendants' Second Requests for Production of Documents. Ex. A. The Request seeks documents or communications related to the "important and time-sensitive issue" raised by Curling Plaintiffs via electronic mail to the Court on or about December 23, 2020. *See* [Doc. 1106]. Plaintiffs objected to this request as "irrelevant" and stated that "to the extent responsive information exists … [it] is contained in the expert disclosures of Dr. J. Alex Halderman." Curling Plaintiffs' relevance objection is illogical. Dr. Halderman's report forms the foundation of Plaintiffs' case; if the Request is irrelevant, but Plaintiffs admit the report addresses the subject matter of the Request, then the Court should disregard that portion of the report. Further, that the topic is addressed by the report does not shield related documents from discovery—it underscores the relevance of this request and Plaintiffs assert no privilege claim. Defendants are entitled to discovery of responsive documents and communications.

Defendants wrote to Curling Plaintiffs seeking resolution on this issue, among others, on December 8, 2021, and requested counsel confer before December 14. Plaintiffs responded on December 16, 2021 indicating they had "no documents to produce." The parties then exchanged numerous emails, with Plaintiffs stating, at

1

various times, that there were "no documents to produce," that documents were not withheld except for privilege, and that *ex parte* communications with the Court were not being withheld. Counsel conferred January 5, 2022.

Curling Plaintiffs now admit that responsive, *ex parte* communications with the Court are being withheld. Defendants understand that "emails" with the Court's former law clerk concerning the "important and time-sensitive issue" were exchanged. Defendants (and Coalition Plaintiffs) objected to such communication on December 23, 2020, [Doc. 1106], but that objection has never been addressed, and Defendants remain unaware of the messages' contents. [Doc. 1105 at 6, n. 2]. And Defendants can only assume the Court reviewed those requests when it declined Plaintiffs' email request for an emergency conference. [Doc. 1106]. The Court is sitting as the finder of fact in this case, and there is no basis to withhold communications between the Court and Plaintiffs concerning Halderman's findings.

Defendants understand that Plaintiffs are unwilling to produce the *ex parte* communications without permission or order of the Court. Accordingly, Defendants request the Court order production of these communications. Defendants further request the Court order Curling Plaintiffs to provide a response consistent with this Court's standing order: one which clearly states that no other responsive documents are being withheld on the basis of Curling Plaintiffs' objections (if that is the case).

*Curling Plaintiffs' Response*

It is difficult to understand why State Defendants have burdened the Court with this request. Their claim that they "remain unaware of the messages' contents" is inaccurate. As they admit, Curling Plaintiffs explained that the concerns that prompted the outreach to the Court at issue were disclosed in Dr. Halderman's Expert Report many months ago. Evidently, State Defendants do not believe that and are fishing for something more that they speculate exists regarding his findings.

It also is untrue that "Curling Plaintiffs now admit that responsive, *ex parte* communications with the Court are being withheld." To be clear, Curling Plaintiffs have had no *ex parte* communications with *this Court*. Rather, their counsel sent a single substantive message to the Court's former clerk at her request containing information that has been part of the record in this case or publicly known for many months.[1] Further, the Court gave Defendants an opportunity to respond to the substance of that message by requiring disclosure of Dr. Halderman's Expert Report and allowing Defendants to respond to that report, which they did months ago.[2]

---

[1] Model Code of Judicial Conduct: Canon 2, Rule 2.9(A)(3) ("A judge may consult with *court staff* and court officials *whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities* . . . provided the judge makes reasonable efforts to avoid receiving factual information that is *not part of the record*, and does not abrogate the responsibility personally to decide the matter.").
[2] *Id.* at Rule 2.9(A)(1)(b).

3

(Dkt. 1176.) And there can be no reasonable claim that Curling Plaintiffs "will gain a procedural, substantive, or tactical advantage as a result of" the single substantive communication with a former clerk.[3] Indeed, the Court denied the request underlying the correspondence and took no action on it.

As Curling Plaintiffs stated in the message to the Court's former clerk, they have no objection to the Court sharing that correspondence with representatives of the other parties.[4] Curling Plaintiffs have withheld it because they were instructed to send it only to the former clerk. Although they believe the correspondence itself is of no consequence for the Court's determination of this matter, was entirely proper, and is cumulative of information already known to all parties, they are not standing on any objection and instead defer to this Court for direction.[5]

---

[3] *Id.* at Rule 2.9(A)(1)(a).

[4] State Defendants misapprehend Curling Plaintiffs' relevance objection. Obviously Dr. Halderman's Report is highly relevant. But a single email that conveys a high level concern about his findings does not *itself* make any fact of consequence in this case more or less likely, and it is cumulative of his Report.

[5] State Defendants note that Curling Plaintiffs responded on December 16, 2021 indicating they had "no documents to produce" but now acknowledge they are withholding responsive documents. Curling Plaintiffs did not initially locate responsive documents. State Defendants suggested searching co-counsel's emails during a meet-and-confer, which yielded the correspondence at issue. Curling Plaintiffs immediately alerted State Defendants to this. Only Curling Plaintiffs' lead counsel, Messrs. Cross and Knapp, have ever read the correspondence.

4

*State Defendants' Reply*

State Defendants concur that it is difficult to understand why the parties have had to resort to use of this Court's discovery dispute resolution process here. Curling Plaintiffs do not here contest the relevance of State Defendants' request for "all documents or communications related to the 'important and time-sensitive issue' raised with the Court in the Litigation via electronic mail on or about December 23, 2020[.]" Ex. A. And the distinction drawn by Curling Plaintiffs between "this Court" and the Court's law clerks is not supported by law or logic. *See also* Standing Order: Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg at 8–9 ("Counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court **or the Court's staff**.") (emphasis added). Nor should that distinction have any bearing on their response to State Defendants' Request which "includes, **but is not limited to**, … documents or communications between [Curling Plaintiffs] and the Court ex parte." Ex. A (emphasis added). Whether intentional or not, this is yet another example of how Curling Plaintiffs' coy and misleading responses to State Defendants' requests has made discovery in this case so difficult.[6]

---

[6] Curling Plaintiffs' deficient discovery responses and searches have already become apparent to State Defendants in at least one other instance. *See* [Doc. 1155 at 9–15]

5

Curling Plaintiffs resort to discussion of the ABA Model Rules for Judicial Conduct concerning *ex parte* communications, but the Model Rules are not presently at issue. Even if they were though, the Model Rules neither condone the *ex parte* communications nor support withholding disclosure to the State Defendants. Model Code of Judicial Conduct: Canon 2, Rule 2.9(A)(1) & (A)(1)(b) (permitting *ex parte* communication "which does not address substantive matters" and requiring the parties be "promptly notif[ied] … of the substance of the ex parte communication"). In any event, State Defendants served a simple discovery request, seeking documents that bear on issues in this case. *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). That should end the discussion and Curling Plaintiffs should be ordered to produce communications they now admit exist.[7] State Defendants further request this Court order Curling Plaintiffs to produce any other responsive documents in their possession or otherwise provide a response compliant with this Court's standing order—certifying that other documents do not exist, if that is the case.

---

(discussing communications responsive to the same single email produced in advance of the September 2020 Hearing, but withheld until June 2021).

[7] Curling Plaintiffs now state that a "single substantive message" was exchanged, but earlier explained to State Defendants that ex parte "emails" exist. State Defendants are entitled to production of all such communications, whether Curling Plaintiffs consider them substantive or not.

Respectfully submitted this 11th day of January, 2022.

/s/ David D. Cross  
David D. Cross (*pro hac vice*)  
Veronica Ascarrunz (*pro hac vice*)  
Lyle P. Hedgecock (*pro hac vice*)  
Mary G. Kaiser (*pro hac vice*)  
Robert W. Manoso (*pro hac vice*)  
MORRISON & FOERSTER LLP  
2100 L Street, NW, Suite 900  
Washington, DC 20037  
(202) 887-1500

/s/ Halsey G. Knapp, Jr.  
Halsey G. Knapp, Jr.  
GA Bar No. 425320  
Adam M. Sparks  
GA Bar No. 341578  
KREVOLIN & HORST, LLC  
1201 West Peachtree Street, NW  
Suite 3250  
Atlanta, GA 30309  
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Carey A. Miller  
Vincent R. Russo  
Georgia Bar No. 242628  
vrusso@robbinsfirm.com  
Josh Belinfante  
Georgia Bar No. 047399  
jbelinfante@robbinsfirm.com  
Carey A. Miller  
Georgia Bar No. 976240  
cmiller@robbinsfirm.com  
Alexander Denton  
Georgia Bar No. 660632  
adenton@robbinsfirm.com  
ROBBINS ALLOY BELINFANTE  
LITTLEFIELD LLC  
500 14th Street, N.W.  
Atlanta, Georgia 30318  
Telephone: (678) 701-9381  
Facsimile: (404) 856-3255

Bryan P. Tyson  
Georgia Bar No. 515411  
btyson@taylorenglish.com  
Jonathan D. Crumly  
Georgia Bar No. 199466  
jcrumly@taylorenglish.com  
James A. Balli  
Georgia Bar No. 035828  
jballi@taylorenglish.com  
R. Dal Burton  
Georgia Bar No. 097890  
dburton@taylorenglish.com  
Diane F. LaRoss  
Georgia Bar No. 430830  
dlaross@taylorenglish.com  
Bryan F. Jacoutot  
Georgia Bar No. 668272  
bjacoutot@taylorenglish.com  
Loree Anne Paradise  
Georgia Bar No. 382202  
lparadise@taylorenglish.com

7

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ Carey A. Miller

9