# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br><br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR DISCOVERY DISPUTE STATEMENT

State Defendants offer this Reply in support of their position in the discovery dispute with Coalition Plaintiffs, [Docs. 1245, 1257].[1]

**Request No. 2** – State Defendants are perplexed by CGG's response. Defendants presume CGG maintains records of its financial activities and framed this request to avoid unduly burdening CGG and its donors, but CGG is now employing a narrow reading of that request to avoid producing *any* documents. State Defendants will proceed with the 30(b)(6) of CGG, but an amended response to the request is required. CGG has never before explained that responsive documents do not exist, whether "as a practical matter," [Doc. 1257 at 1], or otherwise.

**Request No. 3** – CGG argues that the State Defendants have not demonstrated relevance of this request. [Doc. 1257 at 3 (citing FRE 401)]. But CGG confuses the standard for relevance of requested *discovery* and that for purposes of the Federal Rules of Evidence. In the context of discovery, relevance has been construed "broadly to encompass *any matter that bears on*, or that reasonably could lead to other *matter that could bear on*, any issue that is or may be in the case." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (emphasis added). And no showing of *admissibility* is required to obtain discovery. *Id.* Indeed, accepting

---

[1] CGG's response regarding Requests 8 and 9, and Interrogatory 12, resolves those disputes. The State will await production and a revised interrogatory response.

1

CGG's narrow reading would mean relevance of a request could *never* be demonstrated without knowledge of the responsive document(s) being withheld.

In any event, the request here is reasonably calculated to lead to admissible evidence: seeking only communications and documents related to the Election System or the Litigation, with individuals pursuing identical claims. Defendants provided this Court known examples of interaction with these individuals, [Doc. 1245 at 3–4], and responsive documents and communications may undercut testimony of Plaintiffs themselves, their experts, or other third parties (like Mr. Favorito) testifying in support of Plaintiffs, *see, e.g.*, [Doc. 413 at 289], whether for impeachment or substance. Plaintiffs have repeatedly argued "how different they are from Lin Wood, how different they are from the Kraken case." "[W]hat they say about their claims, what they say about this case, what they say about the Wood litigation is absolutely relevant to their claims and [the] defenses at issue here." [Doc. 1160 at 73:18–20, 76:5–7].

**Request No. 4** – Defendants appreciate that Coalition Plaintiffs are now willing to "produce non-privileged document(s)," [Doc. 1257 at 3], but as Defendants pointed out, CGG has never produced a privilege log. [Doc. 1245 at 4].

**Request No. 5** – CGG again relies upon the wrong standard of relevance for purposes of discovery. Here, responsive documents and communications bear on a

matter in this case—Dr. Halderman's report—and there is no basis to withhold responsive non-privileged documents. *See, supra*, reply to Request 3.

**Request No. 6 & Interrogatory No. 11** – CGG has repeatedly filed hundreds of pages of declarations and "evidence" that they ostensibly later relied upon. *See, e.g.*, [Docs. 412, 413, 506, 723, 755, 809, 1071]. Defendants are seeking CGG's communications with any of those individuals, to the extent they continue to rely upon them in this case. Interrogatory Number 11 is likewise targeted to the same purpose, to identify any such individuals upon whom CGG relies. Oddly, CGG is apparently no longer "willing to meet and confer" on this issue, [Doc. 1245-1 at 5] *see also* Nov. 19, 2021 Hrg. Tr. at 66:06–69:10, but if CGG is not continuing to rely upon third-party declarants or fact witnesses then the issue will be resolved.

Respectfully submitted this 19th day of January, 2022.

| | |
|---|---|
| */s/ Carey A. Miller* | Bryan P. Tyson |
| Vincent R. Russo | Georgia Bar No. 515411 |
| Georgia Bar No. 242628 | btyson@taylorenglish.com |
| vrusso@robbinsfirm.com | Jonathan D. Crumly |
| Josh Belinfante | Georgia Bar No. 199466 |
| Georgia Bar No. 047399 | jcrumly@taylorenglish.com |
| jbelinfante@robbinsfirm.com | James A. Balli |
| Carey A. Miller | Georgia Bar No. 035828 |
| Georgia Bar No. 976240 | jballi@taylorenglish.com |
| cmiller@robbinsfirm.com | Diane F. LaRoss |
| Alexander Denton | Georgia Bar No. 430830 |
| Georgia Bar No. 660632 | dlaross@taylorenglish.com |
| adenton@robbinsfirm.com | Bryan F. Jacoutot |
| ROBBINS ALLOY BELINFANTE | Georgia Bar No. 668272 |
| LITTLEFIELD LLC | bjacoutot@taylorenglish.com |
| 500 14th Street, N.W. | Loree Anne Paradise |
| Atlanta, Georgia 30318 | Georgia Bar No. 382202 |
| Telephone: (678) 701-9381 | lparadise@taylorenglish.com |
| Facsimile:  (404) 856-3255 | TAYLOR ENGLISH DUMA LLP |
| | 1600 Parkwood Circle, Suite 200 |
| | Atlanta, GA 30339 |
| | Telephone: 678-336-7249 |

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>    Defendants. | Civil Action No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

>   */s/ Carey A. Miller*
>   Carey A. Miller