IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, ET AL.,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,

    Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

## **ORDER**

The parties' Joint Discovery Statement regarding discovery from Fortalice Solutions, LLC is currently before the Court. (Doc. 1229.) The State Defendants asserted two major objections to the discovery requests. First, the State Defendants argued that the Curling Plaintiffs are required to seek relief from a federal court in North Carolina, where Fortalice is located. Second, the State Defendants asserted a state secrets privilege as the basis for withholding all of the documents identified on a spreadsheet log provided by the State Defendants in response to the Curling Plaintiffs' document requests. The issues surrounding this discovery dispute directly impact the scope of the Curling Plaintiffs' January 20, 2022 deposition of Merritt Beaver, the Chief Information Officer for the Secretary of State's office, the January 25, 2022 deposition of the Secretary of State's 30(b)(6) witness, and the depositions of several others.

The Court quickly disposes of the State Defendants' first objection. As Fortalice produced the documents at issue in its capacity as a contractor of the Georgia Secretary of State's office and directly for the use of the Secretary of State's office, the documents are clearly within the control and access of the State Defendants. Therefore, this Court has jurisdiction and authority to address the instant discovery dispute relating to the State's production of these documents and to order the production of Fortalice documents created for the Secretary of State's use.

In an endeavor to address the substantive issues in dispute as directly and efficiently as possible, the Court previously directed that the State Defendants produce for the Court's in camera review the final Fortalice reports identified and the last draft of the report(s) available when no final report had been issued. (Doc. 1240.) The Court has completed that review.[1]

The Court at this juncture does not have the benefit of the State's articulation of the contours of the state secrets privilege that it has asserted here as a basis for withholding the documents or how it applies here. The Curling Plaintiffs maintain that the State Defendants acknowledge the documents' relevance and have not asserted otherwise in their discovery submission on this matter. (Doc. 1229.) The Court would benefit from the State Defendants providing it with a short brief, not

---

[1] The Court notes that additional documents relating to these reports -- i.e., emails between various employees and contractors -- are also listed on the State Defendants' privilege log as protected by the state secrets privilege. The Court has not reviewed this second group of documents and therefore does not assess the relative relevance or importance of these emails at this time.

to exceed four pages, regarding the scope and application of the Georgia state secrets privilege here and any authority construing it. The Court is reluctant to enter an Order at this juncture without the benefit of such a short addendum and a response, not to exceed four pages, from the Curling Plaintiffs.

In light of the circumstances described, the Court directs the parties to confer today and determine an agreed upon period (i.e., not to exceed two hours or thereabouts) that will be reserved for resuming Mr. Beaver's deposition — or the deposition of another single deponent of the Curling Plaintiffs' choice — in the next 10 days, once the Court issues an Order on this matter.[2] The supplemental short briefs relating to state secrets should be filed no later than **Monday, January 24, 2022 at 9:30 AM by State Defendants and by 7:30 PM by the Curling Plaintiffs**.

**IT IS SO ORDERED** this 19th day of January, 2022.

Honorable Amy Totenberg
United States District Judge

---

[2] In so ruling, the Court does not suggest that it will rule one way or another. It simply recognizes that there may be some form of follow-up issues that counsel may need to address in light of the Court's ruling.