IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:17-CV-2989-AT |

## STATE DEFENDANTS' SUPPLEMENTAL BRIEF ON STATE SECRETS

This brief responds to the Court's directive as it considers the scope of the Georgia state secrets privilege to the Fortalice privilege log. [Doc. 1266].

Georgia law uses the term "state secrets" for several categories of documents, including (1) information related to informants and investigations in the penal system, O.C.G.A. § 42-5-6(b); (2) information related to persons and entities that assist in administering the death penalty, O.C.G.A. § 42-5-6(d); (3) records related to the activities of the Board of Pardons and Paroles, O.C.G.A. § 42-9-53; and (4) investigations into subversive activities, O.C.G.A. § 16-11-9. A consistent feature of these categories of information is that the lack of disclosure of the information "protects the future usefulness of the [information], . . . and is a matter of sound public policy within the statutes."

*Strozier v. State*, 314 Ga. App. 432, 435 (2012) (applied to confidential informants). Further, while finding that Department of Transportation records related to cost estimates were not state secrets, the Georgia Supreme Court explained that the term "confidential state secrets" had been used for "subjects at a lower level than national or state security." *Hardaway Co. v. Rives*, 262 Ga. 631, 633 (1992). Given that the privilege applies in less-serious situations, it seems natural to conclude that subjects at a level of "national or state security" would be appropriate subjects for the application of that privilege.

This Court has previously recognized that there are some components of the "critical infrastructure" of the election system, 42 U.S.C. § 5195c(e), that are too sensitive even for Attorney's Eyes Only designation. *See, e.g.*, [Doc. 463] (setting additional protections beyond AEO for certain categories of election information). This is because election systems are "so vital to the United States that [their] incapacity or destruction . . . would have a debilitating impact on security . . ." 42 U.S.C. § 5195c(e).

Applying this background, the Fortalice documents reviewed by the Court are appropriately excluded from production as a state secret. As the Court has seen, the documents withheld—at Fortalice's recommendation—include extensive, detailed information including IP addresses, ports, data center design, and other items that map out the entirety of the Secretary's

2

information technology infrastructure. Any release of those documents could imperil the very cybersecurity about which Plaintiffs say they are so concerned. Discovery of those specific documents, if even relevant to Plaintiffs' claims, is not proportional to the needs of this case because Plaintiffs are able to make their case—if at all—through the extensively detailed records already made available, including with numerous reports of Fortalice *Plaintiffs already possess*. In addition, allowing the discovery process in this case to provide Plaintiffs access to the entirety of the Secretary's information technology infrastructure is not "abbreviated" in any sense of the term. *See* [Doc. 1088] (directing abbreviated discovery in this case).

There is also another solution. Weeks ago, Fortalice offered to redact the specific mapping and routing information from the documents withheld pursuant to the state secrets privilege, if Plaintiffs were willing to bear that cost (which otherwise would be imposed on non-party Fortalice). Plaintiffs declined that offer and instead pursued the current discovery dispute. This Court should first require Plaintiffs to entertain Fortalice's reasonable offer to redact the specific ports, IP addresses, and other information that map out the entirety of the Secretary's information-technology infrastructure. Then, in the unlikely event Plaintiffs can demonstrate a specific to need for the limited information subject to redaction, this Court can address that narrower issue.

The 2020 elections sadly showed the country and this Court the serious nature of charges made against state election equipment and systems—even to the point of the President of the United States drafting an executive order directing the Department of Defense to seize voting equipment. *See* Unsigned Presidential Findings, attached as Ex. A (Dec. 16, 2021) (quoting [Doc. 964]), as publicized by Politico, *Read the never-issued Trump order that would have seized voting machines*, https://www.politico.com/news/2022/01/21/read-the-never-issued-trump-order-that-would-have-seized-voting-machines-527572 (January 21, 2022). This Court should protect Georgia's election system by upholding the application of the state secrets privilege to the withheld Fortalice documents as matters of state security and because they are documents that should remain confidential to "protect[] the future usefulness of the [information], . . . . and [as] a matter of sound public policy within the statutes." *Strozier*, 314 Ga. App. at 435.

In the alternative, this Court should not allow the release of the information without redactions by Fortalice, at Plaintiffs' expense. The information reviewed by the Court should be protected at a level higher than AEO to protect the integrity and security of Georgia's election system.

Respectfully submitted this 24th day of January, 2022 by 9:30 A.M. [Doc. 1266].

>Vincent R. Russo
>Georgia Bar No. 242628
>vrusso@robbinsfirm.com
>Josh Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com
>Carey A. Miller
>Georgia Bar No. 976240
>cmiller@robbinsfirm.com
>Alexander Denton
>Georgia Bar No. 660632
>adenton@robbinsfirm.com
>Javier Pico-Prats
>Georgia Bar No. 664717
>ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC
>500 14th Street, N.W.
>Atlanta, Georgia 30318
>Telephone: (678) 701-9381
>Facsimile: (404) 856-3255
>
>*/s/ Bryan P. Tyson*
>Bryan P. Tyson
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Jonathan D. Crumly
>Georgia Bar No. 199466
>jcrumly@taylorenglish.com
>James A. Balli
>Georgia Bar No. 035828
>jballi@taylorenglish.com
>Diane F. LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>Bryan F. Jacoutot

5

Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this State Defendants' Supplemental Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Bryan P. Tyson*
Bryan P. Tyson