THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION FILE <br><br> NO. 1:17-CV-2989-AT |

### STATE DEFENDANTS' NOTICE OF OBJECTION TO COALITION PLAINTIFFS' DEPOSITION NOTICES

Defendants Secretary of State Brad Raffensperger and individual members of the State Election Board, collectively the "State Defendants," hereby serve notice of their objection to Coalition Plaintiffs' January 19, 2022 Notice to Take the Deposition of Secretary of State Brad Raffensperger (the "Raffensperger Notice"), and Coalition Plaintiffs' January 20, 2022 Amended Notice of Rule 30(b)(6) Deposition of the Georgia Secretary of State (the "Coalition 30(b)(6) Notice"), collectively the "Notices."

The Raffensperger Notice purports to command the appearance of Secretary of State Brad Raffensperger for a deposition to be taken on January 31, 2022.[1] This Notice is flawed and unenforceable for several reasons. First,

---

[1] The Raffensperger Notice is attached hereto as Exhibit A.

1

Coalition Plaintiffs have unreasonably delayed seeking this deposition to the extent it is necessary, never before seeking this deposition in five years that this case has been pending nor during the preceding eight (8) months of "abbreviated" discovery. [Docs. 1088, 1092]. Second, the Raffensperger Notice fails to provide "reasonable written notice" in advance of the purported deposition date, less than two weeks before the purported date of the deposition. Third, the Raffensperger Notice extends well beyond the bounds of the "abbreviated" discovery envisioned by the Court, [Doc. 1088], and beyond the bounds of discovery that is proportional to the needs of the case at this juncture, Fed. R. Civ. P. 26(b)(1). Fourth, the Raffensperger Notice seeks to obtain the testimony of a high-ranking government official without the requisite showing of a special need to depose the Secretary by demonstrating that testimony is not available from alternate witnesses. *In re U.S.*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)); *In re USA*, 624 F.3d 1368 (11th Cir. 2010); *see also Fair Fight Action v. Raffensperger*, 333 F.R.D. 689 (N.D. Ga. 2019) (declining to permit the deposition of the Secretary for lack of showing special need); *Davis ex rel. J.D.D. v. Carroll*, No. 8:16-cv-0998, 2017 WL 11151858 (M.D. Fla. Jul. 24, 2017) (declining to order deposition of State agency commissioner).

The Coalition 30(b)(6) Notice purports to command the appearance of representatives of the Secretary's Office for a deposition on thirty (30) topics and sub-topics.[2] The Notice was served on January 20, 2022, seeking to conduct the deposition on January 25, 2022, a date previously scheduled for the 30(b)(6) deposition of the Secretary but since moved to February 3–4, 2022. The Coalition 30(b)(6) Notice is likewise flawed. First, as with the Raffensperger Notice, this is the first time the Coalition Plaintiffs have ever sought a deposition in this recent "round" of discovery. Further, the Notice seeks to depose the Secretary's Office on matters that are not at issue in this case and beyond the bounds of Rule 26(b)(1) and the abbreviated discovery ordered by the Court. Second, the Coalition 30(b)(6) Notice fails to provide "reasonable written notice," Fed. R. Civ. P. 30(b)(1), being served by electronic mail three (3) business days before the date of the deposition. Third, Coalition Plaintiffs failed to "confer in good faith about the matters for examination," Fed. R. Civ. P. 30(b)(6)—quite the opposite, counsel for the Coalition have been aware of extensive negotiations between State Defendants and counsel for the Curling Plaintiffs concerning topics for a 30(b)(6) deposition that the State Defendants understood to be joint on behalf of both Plaintiffs. Fourth, the Coalition 30(b)(6)

---

[2] The Coalition 30(b)(6) Notice is attached hereto as Exhibit B.

Notice purports to require a second 30(b)(6) deposition of the Secretary's Office without leave of Court, State Defendants object to any additional 30(b)(6) deposition of the Secretary's Office.

For the foregoing reasons, State Defendants will not be producing witnesses for depositions pursuant to either of the Notices. State Defendants file this Notice of Objection to preserve all rights given the impending dates identified in the Notices, the close of discovery, and Coalition Plaintiffs' failure to confer with State Defendants concerning the Notices as required by Rule 30(b)(6) and this Court's Standing Order.

This 24th day of January 2022.

>*/s/ Carey A. Miller*
>Vincent R. Russo
>Georgia Bar No. 242628
>vrusso@robbinsfirm.com
>Joshua B. Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com
>Carey A. Miller
>Georgia Bar No. 976240
>cmiller@robbinsfirm.com
>Alexander F. Denton
>Georgia Bar No. 660632
>adenton@robbinsfirm.com
>Javier Pico-Prats
>Georgia Bar No. 664717
>jpicoprats@robbinsfirm.com
>Robbins Alloy Belinfante Littlefield LLC
>500 14th Street, N.W.
>Atlanta, Georgia 30318

4

Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants*. | Civil Action File <br><br> No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13.

*/s/ Carey A. Miller*
Carey A. Miller