# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' AMENDED NOTICE OF
<u>RULE 30(b)(6) DEPOSITION OF GEORGIA'S SECRETARY OF STATE</u>**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Coalition Plaintiffs will take the deposition by oral examination of the Georgia's Secretary of State as permitted by Rule 30(b)(6) of the Federal Rules of Civil Procedure and applicable court orders in the above-captioned matter and as set forth in Schedule A. This deposition will take place on Tuesday, January 25, 2022, or on a mutually agreeable date, beginning at 9:30 a.m. EST, and will continue from day to day until completed. In light of the current health issues around the country, the deposition will take place online by videoconference, such that each participant may participate from a location of his or her choosing. The deposition shall be taken by oral examination with written and/or sound and visual record made thereof before a court reporter or other officer authorized by law to administer oaths.

1

Dated this 20th day of January, 2022.

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600
cichter@ichterdavis.com

*Counsel for William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700
bbrown@brucepbrownlaw.com

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530
ram@lawram.com

*Counsel for Coalition for Good Governance*

2

## SCHEDULE A

## DEFINITIONS

The following words, terms, or phrases shall, for purposes of the Topics below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topics all information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Communication" shall mean any transmission of information by any means, including without limitation: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

"Concerning," "related to" or "relating to," and "regarding" shall mean analyzing, alluding to, concerning, considering, commenting on, consulting,

3

comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)), as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Topics.

"Dominion" means Dominion Voting Systems, Inc., its predecessors, divisions, subsidiaries, affiliates, partnership and joint ventures, and all directors, officers, employees, contractors, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Topics.

"Dominion Worker" means employees, contractors, representatives, and agents of Dominion, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Topics.

"Electronic Pollbook" refers to the Election Systems & Software ExpressPoll, PollPad system supplied by KnowInk, or any other similar electronic pollbook system.

"Election System" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), ballot-marking devices (BMDs) (including ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), the KnowInk PollPad Plus system and associated components, software (such as any version of the Global Election Management System (GEMS), the BallotStation software or the software associated with the "Dominion Voting Democracy Suite" (D-Suite) and the KnowInk PollPad Plus system used in any election in the state of Georgia, script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation, recording, processes, or procedures of elections in the State of Georgia, including voter registration information, election results data, DREs, BMDs, optical scanners, modems, network equipment, other peripheral devices, any server that hosts or has hosted the GEMS software, Dominion software, or any other election management system, or the Election Night Reporting system, voter registration systems or databases (e.g., "eNet"), online voter

registration servers, electronic pollbooks and related components, administrative credentials, the Center for Election Systems (CES) (including when it was located at Kennesaw State University), or information related to employees, agents, representatives, volunteers, or others acting on behalf of You, the State of Georgia, or any county or municipality with respect to elections in the State of Georgia. "Including" means including without limitation.

"Person" means and includes a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Topics.

"You" or "Your" means and includes Georgia's Secretary of State, any of its predecessors, the divisions, departments, partnerships, and joint ventures of or subject to the control of the Georgia Secretary of State, all directors, officers, employees, contractors, consultants, representative, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to the

subject matter of these Topics, including to the extent applicable the Georgia Technology Authority.

## INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Office of the Secretary of State shall designate one or more of its officers, directors, managing agents, employees, or other persons to testify on its behalf about the matters set forth in the Topics set forth below. The Person(s) so designated shall be required to testify about each of those matters known or reasonably available to the Office of the Secretary of State. At least five days in advance of the date of deposition, the Office of the Secretary of State is directed to provide to counsel for Plaintiffs a written designation of the name(s) and position(s) of the Person(s) designated to testify on each of the following topics.

## TOPICS

1. Implementation and conduct of Georgia's statewide post-election audit of the 2020 presidential election, including the following subtopics:

    a. Decision making and planning for the scope, methodology, and planned use of the results of the audit;

    b. The decision to attempt to use the audit as an "audit, recount, and recanvass all-in-one," and the process planned to be used for that attempt;

    c. Arrangements and communications with third parties involved in the post-election audit, including but not limited to Voting Works, Verified Voting, Brennan Center, and Carter Center;

    d. Decisions concerning public and press access to audit activities;

    e. Instructions to counties for maintaining accounting control of tally sheets and Ballots being counted;

    f. Your efforts, if any, to verify the completeness of the county tally sheets, and the process for counties' submission of the tally sheets to Your office after the audit;

    g. Efforts made by Your office to spot check or verify entries in the Arlo application worksheets, or the accuracy of the final detailed audit report;

    h. Your investigation of Governor Kemp's November 17, 2021 letter to the State Election Board regarding the Fulton County post-election audit;

    i. Your communications with counties regarding the accuracy of the hand count audit or issues raised with the counties for follow up or correction of the audit reports;

    j. Your communications with the public, the press, political parties, legislators, and campaigns regarding the process and results of the audit;

    k. Statements made by Secretary Raffensperger to the press regarding the purpose, conduct, results and effectiveness of the audit;

    l. Communications with legislators concerning potential legislative changes to Georgia audit processes.

2. Any testing, examination, evaluation, study, analysis, assessment, or audit of the electronic records of the November 2020 election to determine the nature and

quantity of irregularities and errors in ballot tabulations of some ballots by the Dominion Voting System tabulated in the official election results, including:

    a. Triple counting of ballots in the Fulton County presidential election recount;

    b. Communications with Dominion concerning the multiple counting of ballots;

    c. Communications with county officials concerning the multiple counting of ballots;

    d. Internal communications in the Secretary of State's office concerning the multiple counting of ballots;

    e. Inaccuracies in the scanning and the tabulating process in the November 2020 election and recount, including ballots that were interpreted differently in the first tabulation and the recount.

    f. Any testing, examination, evaluation, study, analysis, or investigation of ballots counted in only one of the two official counts;

    g. System configurations or settings that permitted out-of-county ballots, and primary election ballots to be processed in Fulton County's November 2020 general election.

3. The conduct of the November 2020 presidential recount, including:

    a. Instructions to counties for the conduct of the presidential recount for the November 2020 election, and communications with counties regarding the accuracy of the recount and recount processes;

    b. The nature of discussions with representatives of the Donald Trump campaign or the Republican National Committee regarding the planning of, conduct of, or results of the post election audit and the recount;

      c. communications with any person concerning double and triple counting of votes in the recount.

4.    Georgia's requirements to ensure absolute secrecy of the ballot and all activities taken by You to ensure that such requirements are met, including;

      a. Any policies and practices adopted, contemplated, or implemented to try to ensure absolute secrecy of the ballot using the BMD touchscreen machines;

      b. Any testing, examination, evaluation, study, analysis, or assessment of the extent to which absolute secrecy of the ballot is maintained when the voters use the BMD touchscreen machines;

      c. Communications with election officials in Georgia counties concerning the BMD touchscreen machines and ballot secrecy requirements;

      d. Any testing, examination, evaluation, study, analysis or assessment of the Dominion precinct scanners recording of a timestamp associated with every ballot as it is scanned.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** **Plaintiffs,** v. **BRAD RAFFENSPERGER, ET AL.,** **Defendants.** | Civil Action No. 1:17-CV-2989-AT |

**CERTIFICATE OF SERVICE**

I certify that on January 20, 2022, Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, Ricardo Davis and Megan Missett ("Coalition Plaintiffs") by and through counsel of record, served a true and correct copy of Coalition Plaintiffs' Amended Notice of 30(b)(6) Deposition of Georgia's Secretary of State on counsel of record by electronic delivery of a PDF version.

/s/ *Cary Ichter*
Cary Ichter

11