**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

**CURLING PLAINTIFFS' REPLY TO STATE DEFENDANTS'
<u>SUPPLEMENTAL BRIEF ON STATE SECRETS</u>**

State Defendants' "state secrets privilege" claim fails. ***First***, that is not the purpose of that privilege. The Supreme Court first addressed it in *U.S. v. Reynolds* when the Air Force Secretary invoked "the privilege against revealing military secrets…." 345 U.S. 1, 2, 6 (1953). The state secrets privilege rarely has been cited in civil litigation and nearly always applies to national security, *i.e.* shielding military secrets that could subject the U.S. to physical attacks from foreign militaries and non-state actors. *See, e.g.*, *Gen. Dynamics Corp. v. U.S.*, 563 U.S. 478 (2011) (regarding Naval aircraft); *El-Masri v. U.S.*, 479 F.3d 296, 311 (4th Cir. 2007) (regarding CIA program). It has never applied to election security.

The Supreme Court controls here. Fed. R. Evid. 501. Yet State Defendants do not discuss *Reynolds*, instead citing Georgia Code that involves the *state penal* context and thus are irrelevant. And their key cases are off base. *Strozier v. State* involved a confidential informant, not security. 314 Ga. App. 432, 435 (2012). *Hardaway Co. v. Rives* did not address federal law at all, instead analyzing *Georgia's* statutory state secrets privilege, codified at O.C.G.A. § 24-5-501(a)(4). State Defendants did not, and could not, rely on that state law (which concerns privileged communications, not state secrets). They cite no other authority, nor could they. Even *Rives* holds that statutory exemptions from disclosure (including state secrets) must be construed narrowly. 262 Ga. 631, 633-35 (1992).

1

***Second***, State Defendants did not properly invoke the state secrets privilege. Under *Reynolds*: first, "[t]here must be [a] formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer;" and second, "[t]he court itself must determine whether the circumstances are appropriate for the claim of privilege[.]" 345 U.S. at 7-8. Step one, dubbed the "Agency Head" rule, is important because the privilege "can neither be claimed nor waived by a private party." *Id.* at 7. State Defendants fail at step one. Arguing this Court lacked jurisdiction to decide this issue, State Defendants emphasized that *Fortalice* invoked the privilege. (Dkt. 1229 at 3, Ex. 4.) Even now, they provide no invocation by the Secretary, much less evidence of "actual personal consideration" of each of these documents by him (or even any other officer in his office, were that sufficient). *This is fatal*. They had ample opportunity to provide this, including two rounds of briefing. They failed to do so.

***Third***, State Defendants offer *no* evidence for the privilege at all, such as sworn declarations. They bear the high burden to prove a bona fide privilege for *each* document. See *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Claims by counsel are insufficient, especially conclusory ones like those here. *Cf. U.S. ex rel. Schaengold v. Mem'l Health, Inc.*, 2014 WL 5767042, at *5 (S.D. Ga. Nov. 5, 2014). So is *in camera* review of the documents by the

2

Court. *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011). That nobody knowledgeable about these documents could be bothered to submit testimony supporting the privilege claims in *two* rounds of briefing disposes of any notion that they contain information as sensitive as military secrets or the like.

*Fourth*, the documents' extreme relevance is undisputed, and other Fortalice documents produced are no substitute. For example, State Defendants trumpeted (in sworn testimony) Fortalice's penetration testing as indicative of the election system's security—until *later*-produced Fortalice reports revealed it had failed miserably. (Dkt. 510-6 at 6.) State Defendants have been similarly misleading about Fortalice's work in 2020 and 2021, including more penetration testing, which the Secretary's former CISO testified occurs *annually* and for which reports were not produced. The Fortalice documents bear directly on the core issue of the security of Georgia's voting system and the IT network of which it is a part.[1]

*Fifth*, State Defendants fail to prove that the Court's Protective Order is inadequate to protect any confidential information. (Dkt. 477). Tellingly, they identify no additional protective measures needed apart from some discrete

---

[1] State Defendants' claim that Curling Plaintiffs can get the same information from documents they already have fails. Were that true, then they waived any privilege for *these* documents by producing others with the same "secret" information. Of course, they provide no evidence that the documents are cumulative at all.

3

redactions. And on that point, they misstate the facts. *Curling Plaintiffs*—not Fortalice or State Defendants—proposed the discrete redactions State Defendants now admit are sufficient. (Ex. 1 ("we suggest redacting information like individual IP addresses, ports, and other similar identifiers").) Fortalice and State Defendants did not accept the offer, nor did they ask Curling Plaintiffs to pay the cost.[2]

*Finally*, State Defendants cite an unsigned Executive Order reportedly considered by former President Trump. This is a not-so-subtle effort to intimidate this Court into denying critical discovery, for fear that another of its orders might be misused by those spreading the "Big Lie" about the 2020 election. Notably, Curling Plaintiffs and Dr. Halderman adamantly rejected the "Big Lie" and fully complied with the Court's Orders.[3] The discovery sought will help better secure Georgia elections as prior "confidential" discovery in this case already has.

---

[2] Fortalice asked Curling Plaintiffs to pay for redactions of *irrelevant* (not secret) information in *other* documents *not at issue here*. Curling Plaintiffs agreed that Fortalice need not produce those documents at all if the parties could resolve other disputes. Regarding the cost of redactions of the documents at issue here, the Court already found that Fortalice is the Secretary's agent; thus, State Defendants should pay that cost given the parties typically bear their own document production costs. The Court also should order State Defendants to pay Curling Plaintiffs' fees and costs associated with this dispute given they now admit *Curling Plaintiffs'* compromise proposal from months ago is sufficient for production.

[3] State Defendants' lead counsel represented Trump's campaign in at least one 2020 election challenge in Georgia that was dismissed for lack of evidence. https://www.ajc.com/politics/trump-hires-election-lawyers-who-were-supposed-to-defend-georgia/WNCZZOIDZFEF3PYKEV3IROORRI/

Dated:  January 25, 2022

Respectfully submitted,

 */s/ David D. Cross*
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
Zachary Fuchs (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
DCross@mofo.com
MKaiser@mofo.com
VAscarrunz@mofo.com
HElson@mofo.com
ZFuchs@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                     */s/ David D. Cross*
                                                     David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, a copy of the foregoing **CURLING PLAINTIFFS' REPLY TO STATE DEFENDANTS' SUPPLEMENTAL BRIEF ON STATE SECRETS** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

 */s/ David D. Cross*
David D. Cross