# EXHIBIT 1

| | |
|---|---|
| **From:** | Adam M. Sparks <sparks@khlawfirm.com> |
| **Sent:** | Sunday, November 7, 2021 9:11 PM |
| **To:** | Aubry, Meghan; Connelly, James; Claypoole, Theodore F.; Bryan Tyson; Carey Miller |
| **Cc:** | Halsey G. Knapp, Jr.; Conklin, Rommy L.; Cross, David D. |
| **Subject:** | Re: Curling v. Raffensperger - Deposition Subpoena Meet-and-Confer re: Fortalice Solutions |
| **Attachments:** | image003.png |

Counsel,

We have not heard from you about the issues we discussed and I wrote you about on Thursday. Please advise.

If it helps to move the ball forward on the privilege log issue, we suggest redacting information like individual IP addresses, ports, and other similar identifiers to further assure State Defendants and Fortalice that this information would remain undisclosed. We think this addresses the State Defendants expressed concerns about cybersecurity and scope of responsive information provided.

Best regards,

**Adam M. Sparks**
Litigation, Regulation, Election Law
Tel: 404-835-8067
Email: sparks@khlawfirm.com

**Krevolin | Horst**

One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700
www.khlawfirm.com

*Sent from my mobile; please forgive typos, shorthand, misspellings, etc.*

*A Member of Primerus International Society of Law Firms*

*The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of client(s) represented by Krevolin & Horst, LLC the particular matter that is the subject of this message, and may not be relied upon by any other party.*

*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

On Nov 4, 2021, at 4:33 PM, Adam M. Sparks <sparks@khlawfirm.com> wrote:

Counsel,

Thank you for making the time to confer this morning about Curling Plaintiffs' October 15, 2021 deposition subpoena to Fortalice Solutions. During our conference, I committed to follow up on a couple of items after gathering more information, which I do below.

Concerning the privilege log entries and on consideration, there is little that comes to mind in terms of "magic words" or particular technical language that would enable us to consider a contemplated division between material and immaterial technical information about the cybersecurity infrastructure of the Secretary of State's office. To the extent State Defendants stand on their scope objection out of concern for consequences of potential public disclosure of items referred to in the log or out of a claim that the items are irrelevant, and to the extent Fortalice adopts that objection as the basis for not disclosing those items described as protected by the state secrets privilege in its privilege log, I invite you to suggest specific means by which Curling Plaintiffs can fairly evaluate those entries for relevancy, or at least for applicability to components of Georgia's election system. Curling Plaintiffs continue to maintain their position that the items are improperly designated as falling within the state secrets privilege and improperly withheld, but certainly will consider additional information you can provide on this point.

Further, as I stated on the call, the Protective Order provides ample protections for producing information like this in discovery. In fact, it considers information like this expressly. *See* D.E. 477, para. 3(b). I understand you all are conferring about what State Defendants contemplate are sufficient additional protections above and beyond the Protective Order in light of State Defendants likening these assertedly-privileged items to the GEMS database and related materials, for which significant additional procedures were imposed as their instance earlier in our litigation. Please advise me of your position as we discussed this week, and Curling Plaintiffs will consider that as well.

Concerning the additional, limited set of spreadsheets described in Ms. Aubry's email dated yesterday, I appreciate your representation that the redaction would be rather burdensome. We're willing to forego those if we can negotiate a compromise, which would include release of withheld responsive documents as discussed above (which we understand may include confidentiality designations or additional procedures you will propose) and would include a deposition regarding work Fortalice has done for the Georgia Secretary of State.

Please let us know your thoughts on these matters; on Mr. Connelly's conversation with Fortalice regarding the authorizations they have sought to discuss information it deems confidential or requiring certain security clearance to receive; on the specific privilege log entries with an attorney-client privilege designation that did not appear supported by the entry and other describing data; and any other matters you confirmed you would discuss that I have mistakenly omitted here.

2

And, should you conclude we need judicial intervention to resolve a dispute, whether incident to the June or October subpoenas, please advise us promptly given the operative discovery schedule. Jamie and Meghan, would you agree to have Judge Totenberg resolve this given your request that Curling Plaintiffs and State Defendants come to a resolution, or would we need to plan to brief a motion to compel in the Court where the subpoena would ordinarily be enforced?

I appreciate your courtesy and the time you've already spent on this matter today. I understand that this is a busy time for everyone.

Best regards,

<image003.png>
**Adam M. Sparks**
Litigation, Regulation, Election Law
Tel: 404-835-8067
Email: sparks@khlawfirm.com
www.khlawfirm.com


One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250 | Atlanta, GA 30309
Tel: 404-888-9700
www.khlawfirm.com

*A Member of Primerus International Society of Law Firms*

*The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of client(s) represented by Krevolin & Horst, LLC the particular matter that is the subject of this message, and may not be relied upon by any other party.*

*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*