```
From:    Cary Ichter CIchter@IchterDavis.com
Subject: RE: 17-cv-02989-AT Curling et al v. Raffensperger et al
Date:    January 23, 2022 at 2:48 PM
To:      Bryan Tyson btyson@taylorenglish.com, Amanda Bradley Amanda_Bradley@gand.uscourts.gov, Cross, David D.
         DCross@mofo.com, Gavin Palmer Gavin_Palmer@gand.uscourts.gov, Carey Miller carey.miller@robbinsfirm.com,
         Alexander Denton Alexander.Denton@robbinsfirm.com, bbrown@brucepbrownlaw.com, Bryan Jacoutot
         bjacoutot@taylorenglish.com, Brian Lake Brian.Lake@robbinsfirm.com, cheryl.ringer@fultoncountyga.gov,
         david.lowman@fultoncountyga.gov, Dal Burton dburton@taylorenglish.com, Diane LaRoss dlaross@taylorenglish.com,
         Elson, Hannah R. HElson@mofo.com, hknapp@khlawfirm.com, James Balli jballi@taylorenglish.com, Josh Belinfante
         Josh.Belinfante@robbinsfirm.com, Jonathan Crumly jcrumly@taylorenglish.com, Javier Pico-Prats
         javier.picoprats@robbinsfirm.com, kaye.burwell@fultoncountyga.gov, Loree Anne Paradise lparadise@taylorenglish.com,
         Melanie Johnson melanie.johnson@robbinsfirm.com, Kaiser, Mary MKaiser@mofo.com, ram@lawram.com,
         sparks@khlawfirm.com, Ascarrunz, Veronica VAscarrunz@mofo.com, Vincent Russo vrusso@robbinsfirm.com,
         Conaway, Jenna B. JConaway@mofo.com
Cc:      Harry Martin Harry_Martin@gand.uscourts.gov
```



Ms. Bradley: The purpose of this message is to respond briefly to Mr. Tyson's email of 4:59 pm on Friday evening. Mr. Tyson complains that the Coalition Plaintiffs have expanded the scope of the topics for the Secretary's Rule 30(b)(6) witness and that the recent notice with additional topics was "the first time the Coalition had sent topic separately from Curling Plaintiffs." Mr. Tyson went on to say that the State Defendants understood Plaintiffs would be conducting a joint deposition and do not intend to permit multiple 30(b)(6) depositions in the same case.

We disagree with Mr. Tyson's underlying premise. For the most part, the amended notice more precisely defines topics that were more generally described in the initial notice. That was done to better enable all the parties to prepare for the deposition. If that more detailed description of topics requires the State to dedicate more time to preparing designees, that is not the fault of the Coalition. The Coalition Plaintiffs did not receive certain critical data and documents until December 8, 2021, after asking for it for more than six months. Indeed, the State had blocked the Coalition Plaintiffs efforts to receive certain of the electronic election records, including critical cast vote records, for months. The State finally dropped its objection at the November 19, 2021 hearing, and then Fulton County delayed the submission to the Court of a joint request that those records be produced.

The Court issued the Order on December 3rd (Doc. 1239), and while Fulton then provided important (but incomplete) supplemental records, they have still failed to provide at least 20,000 electronic records covered by the Court's order. Fulton claims they transmitted the complete records to the Secretary of State in early December 2020 and that Plaintiffs should be able to obtain the records from the State, yet counsel for the state says the State cannot locate them. We believe it is essential that we discovery what happened to those records, whether they still exist, and if they do not, why not.

Of course, given the volume of document produced at that time, it took the Coalition Plaintiffs' analysts and consulting experts time to process the information and develop areas of inquiry based upon their content. These documents produced on December 8, 2021, only partially complete the puzzle, and being able to ask questions about them and the issues they raise is essential to the Coalition Plaintiffs' discovery efforts. Indeed, the documents we received in that production offer undeniable evidence of double and triple counting of votes included in the official results.

It is the Coalition's understanding that the Rules, not the State Defendants, define the scope of what is permissible for the deposition of an entity. The Coalition Plaintiffs are entitled to take their own deposition of the State; they are not required by the Rules to share a deposition with the Curling Defendants. The State Defendants' assertion that they will not permit multiple 30(b)(6) depositions is curious. We frankly do not care how may persons are designated as witnesses for the State, but if the State needs to produce more than a single designee to testify on the topics set forth, then that is what the State is obligated do.

Our notice we served and received by the State Defendants well ahead of the scheduled deposition

our notice we served and received by the State Defendants well ahead of the scheduled deposition, and if the State needs additional time to prepare a witness for the additional topics, we are happy to delay the taking of the deposition, provided the Court

Finally, I would note that none of this affects the scope of what Plaintiffs may ask about in the deposition(s). The 30(b)(6) notice defines what the designee must be prepared to address; it does not define the scope of inquiry. Plaintiffs are allowed to inquire about anything that is relevant or could lead to the discovery of admissible evidence, regardless of what the notice sets forth.

If the Court prefers, Coalition Plaintiffs can convert this issue to a formalized discovery dispute for the Court's consideration. If that is preferable, please advise. Thank you, Cary Ichter

**Cary Ichter, Partner**
**Ichter Davis, LLC**
3340 Peachtree Road NE
Suite 1530
Atlanta, GA 30326
phone 404.869.5243
fax 404.869.7610
cell 404.769.1353
cichter@IchterDavis.com



This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Sent:** Friday, January 21, 2022 4:59 PM
**To:** Amanda Bradley <Amanda_Bradley@gand.uscourts.gov>; Cross, David D. <DCross@mofo.com>; Gavin Palmer <Gavin_Palmer@gand.uscourts.gov>; Carey Miller <carey.miller@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; bbrown@brucebrownlaw.com; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; cheryl.ringer@fultoncountyga.gov; Cary Ichter <CIchter@IchterDavis.com>; david.lowman@fultoncountyga.gov; Dal Burton <dburton@taylorenglish.com>; Diane LaRoss <dlaross@taylorenglish.com>; Elson, Hannah R. <HElson@mofo.com>; hknapp@khlawfirm.com; James Balli <jballi@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; kaye.burwell@fultoncountyga.gov; Loree Anne Paradise <lparadise@taylorenglish.com>; Melanie Johnson <melanie.johnson@robbinsfirm.com>; Kaiser, Mary <MKaiser@mofo.com>; ram@lawram.com; sparks@khlawfirm.com; Ascarrunz, Veronica <VAscarrunz@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Cc:** Harry Martin <Harry_Martin@gand.uscourts.gov>
**Subject:** RE: 17-cv-02989-AT Curling et al v. Raffensperger et al

Ms. Bradley:

Thank you for the assistance with these depositions.

One other issue has arisen with the Secretary's 30(b)(6) deposition and the Coalition Plaintiffs that will require the Court's resolution. Yesterday evening, Coalition Plaintiffs provided additional topics for the 30(b)(6) of the Secretary's office, which was the first time the Coalition had sent topics separately from Curling Plaintiffs. (Curling Plaintiffs take no position on this issue.) State Defendants understood Plaintiffs would be conducting a joint deposition and do not intend to permit multiple 30(b)(6) depositions in the same case.

State Defendants have no objection to moving forward on the notice that was previously discussed on the schedule the Court outlined below. But if State Defendants must also prepare witnesses for the additional topics Coalition Plaintiffs served yesterday, we will require additional time to do so. We would appreciate direction from the Court about how to proceed.

Thanks,

Bryan



**Bryan P. Tyson**
Taylor English Duma LLP | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | vCard | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: See Feedback as a Gift.**

Click here to learn more about our TED Tenets.

Georgia Legal Awards Litigation Department of the Year

California | Florida | Georgia | Illinois | Indiana | Michigan | North Carolina | Pennsylvania | Tennessee | Texas | Washington

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Amanda Bradley <Amanda_Bradley@gand.uscourts.gov>
**Sent:** Friday, January 21, 2022 2:54 PM
**To:** Cross, David D. <DCross@mofo.com>; Gavin Palmer <Gavin_Palmer@gand.uscourts.gov>; Carey Miller <carey.miller@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; bbrown@brucebrownlaw.com; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Brian Lake <Brian.Lake@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>; cheryl.ringer@fultoncountyga.gov; cichter@ichterdavis.com; david.lowman@fultoncountyga.gov; Dal Burton <dburton@taylorenglish.com>; Diane LaRoss <dlaross@taylorenglish.com>; Elson, Hannah R. <HElson@mofo.com>; hknapp@khlawfirm.com; James Balli <jballi@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Jonathan Crumly <jcrumly@taylorenglish.com>; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; kaye.burwell@fultoncountyga.gov; Loree Anne Paradise <lparadise@taylorenglish.com>; Melanie Johnson <melanie.johnson@robbinsfirm.com>; Kaiser, Mary <MKaiser@mofo.com>; ram@lawram.com; sparks@khlawfirm.com; Ascarrunz, Veronica <VAscarrunz@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Cc:** Harry Martin <Harry_Martin@gand.uscourts.gov>
**Subject:** RE: 17-cv-02989-AT Curling et al v. Raffensperger et al

Counsel,

The Curling Plaintiffs and State Defendants may postpone the depositions as described in Mr. Cross's email.

Regards,
Amanda

--

Amanda D. Bradley, Esq.