IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs*, v. BRAD RAFFENSPERGER, *et al.*, *Defendants*. | Civil Action File No. 1:17-cv-2989-AT |

**STATE DEFENDANTS' NOTICE OF OBJECTION TO THE SUPPLEMENTAL REPORTS OF DRS. STARK AND BUELL**

Pursuant to this Court's Orders extending the discovery schedule, [Doc. 1238 at 1, n. 2], and directing the parties to identify any specific discovery disputes they anticipate will require resolution, [Doc. 1272], the State Defendants hereby serve notice of their objection to the supplemental reports of Drs. Stark and Buell. As explained herein, the supplemental reports attempt to cover up Coalition Plaintiffs' failure to move this case forward during the preceding eight months of "abbreviated" discovery. [Doc. 1088]. Put simply, Coalition Plaintiffs failed to serve expert reports when they were due on July 1, 2021, [Doc. 1093], and now seek to have this Court consider their "supplemental" reports covering issues that could (and should) have been addressed by July 1, 2021, if they relate to their claims in

this case at all.  Because of the impending discovery deadlines in this case, State Defendants file this Notice of Objection to reserve all rights to exclude these supplemental reports, including but not limited to exclusion as sanction under Rules 37 and 26 for failing to comply with the Court's Order setting deadlines for discovery.  State Defendants request this Court's direction on how it prefers to resolve this dispute.

## I.     Coalition Plaintiffs failed to comply with this Court's scheduling orders.

Recognizing binding decisions of the Eleventh Circuit Court of Appeals and "the volume of resources that [had] already been devoted to this case," this Court determined it prudent on May 3, 2021 to "establish an abbreviated schedule for the parties' completion of discovery and summary judgment briefing." [Doc. 1088].  Pursuant to that same order, the Parties conferred and submitted proposed schedules.  After submission of those proposed schedules, the Court entered an Amended Scheduling Order setting forth the deadlines for discovery and dispositive motions. [Doc. 1093].  Pertinent here, the Court ordered initial disclosure of the names of Plaintiffs' experts and topics by June 15, 2021, followed by disclosure of their expert reports on July 1, 2021, and Defendants' expert reports on July 16, 2021. [Doc. 1093].

Coalition Plaintiffs identified five (5) purported experts on June 15, 2021, as required. However, instead of filing actual expert reports on the July 1, 2021 deadline, Coalition Plaintiffs simply re-served 277 pages of declarations previously filed in this case.[1] Pertinent here, those previously filed declarations included two (2) from Dr. Buell from 2017 and 2018, offering "observations regarding the security of the DRE System" and arguing that the "reported results generated by the [DRE] system" should not "be relied on for a determination of the outcome of the June 20[, 2017 CD-6] special election," *see* Ex. 1 at 6–21, and seven different declarations of Dr. Stark, dating back to September 9, 2018, Ex. 1 at 200–280. Having no shortage of opinions on various topics, Coalition Plaintiffs later served a rebuttal report of Dr. Stark on August 2, 2021, which purported to respond to Dr. Gilbert's Report—despite Dr. Stark offering nothing new on July 1. The three other individuals identified in Coalition Plaintiffs' June 15, 2021 disclosures (Messrs. Harri Hursti, Logan Lamb, and Kevin Skoglund) have provided *no new reports or declarations* since the Court's order for abbreviated discovery.

---

[1] A true and accurate copy of Coalition Plaintiffs' July 1, 2021 Expert Disclosures is attached hereto as Exhibit 1.

Coalition Plaintiffs never raised the prospect of potential "supplemental" expert reports until the November 19, 2021, Hearing on Plaintiffs' severance motion and motion to extend the discovery schedule. Even in their motion for a discovery schedule extension, Coalition Plaintiffs made clear that they did "*not* seek to re-open any case deadlines that have already passed," including deadlines "for disclosing experts." [Doc. 1204] (emphasis in original).  Lacking clarity on the experts that remained in this case, counsel for the State Defendants requested Plaintiffs identify the experts they intend to rely upon for the purpose of narrowing outstanding discovery.  Nov. 19, 2021 Hrg. Tr. 73:18–74:06.  At that time, Coalition Plaintiffs stated they would be relying upon Dr. Stark and Kevin Skoglund, *id.* at 74:19–75:02, and—for the first time—revealed they intended to provide new reports from Dr. Stark and Mr. Skoglund, never mind that the deadline for doing so had already passed, *id.* at 75:03–77:13.  Only after being reminded of this deficiency and pressed by this Court for an explanation did Coalition Plaintiffs then explain they were not waiving their ability to provide reports from *any* of their five purported experts and that this delay was due to purportedly outstanding discovery. *Id.* at 77:20–81:23.

Coalition Plaintiffs have never explained what, exactly, they were waiting on, but according to the "supplemental" expert report of Dr. Buell,

that purportedly outstanding discovery concerned only "JSON [ ] cast vote record files." Buell Report at ¶ 13. But Plaintiffs have possessed all the election "project packages" in State Defendants' possession—for all counties that sent them—since June 11, 2021. If nothing else, Coalition Plaintiffs' failure to raise *any* concern about a delayed production of expert reports until the November 19 Hearing belies any real urgency to obtain this purportedly crucial information and demonstrates that Coalition Plaintiffs' concerns were not timely raised.

## II. Coalition Plaintiffs "supplemental" reports should be excluded.

Coalition Plaintiffs followed through on their intention to "supplement" their experts' reports (never mind that neither filed an initial report subject to supplementation under Fed. R. Civ. P. 26(e) to begin with) on January 11, 2022,[2] hitting State Defendants with hundreds of pages of "reports" in the final weeks of discovery. But the opinions offered in the supplemental reports can hardly be described as those which are relevant, or "helpful," to determining a disputed issue, they instead simply form the basis of a

---

[2] The State's counsel agreed to permit Buell's report be served a day after the deadline to provide those reports, [Doc. 1238], in light of a family medical situation impacting Dr. Buell. Coalition Plaintiffs provided Dr. Stark's supplemental report on January 10, then provided a revised report on January 11.

presumably forthcoming motion for even *more* discovery. Moreover, even if the supplemental reports did advance the case in any material way, Coalition Plaintiffs are improperly utilizing Rule 26(e)'s provision for supplementation to make entirely new arguments or otherwise conduct analysis that could have been conducted before.

As a starting point, this Court should see the "supplemental" reports for what they are: an invitation for more discovery. For example, Dr. Stark concludes his report by opining on the need for "access to the physical ballots" from the 2020 election, Stark Rpt. at ¶ 61, and stating he "would like to supplement [his] report" once he has reviewed those ballots and other experts' conclusions from the "inspect[ion] of hardware and software used in the November 2020 election," *id.* at ¶ 62. Dr. Buell likewise limits his opinion to the proposition "that additional basic, and more complete, data must be provided," including an inspection of "paper ballots and their scanning records must be granted," and "access to the key components of hardware and software used in the November 2020 election will be necessary" to determine whether purported discrepancies were "caused by exploitation of the system's security vulnerabilities or human error or insider malfeasance." Buell Rpt. at ¶ 2. Apparently, Coalition Plaintiffs' counsel has failed to make either of their experts aware that they say they are *not*

contending the November 2020 election was hacked, [Doc. 1105-1 at 7], that this Court has declined to grant inspection of hardware and software used in the 2020 elections, [Docs. 1094, 1105, 1111], that the United States District Court for the District of Colorado has declined to grant such inspection, *Curling v. Dominion Voting Systems*, No. 1:21-mc-00164 (D. Colo. Aug. 18, 2021), and that numerous ballot inspection lawsuits proceeding in Georgia courts have been repeatedly dismissed for lack of standing. *See, e.g.*, *Favorito v. Fulton County*, No. 2020CV343938 (Fulton Cnty. Super. Ct. Oct. 13, 2021).

Even setting all this aside, Dr. Stark's "supplemental" report treads no new ground on matters that were not available to him at the time expert reports were due. Instead, Dr. Stark relies solely upon publicly available information and cites *no information produced by Defendants*. As Dr. Stark put it, to compile his "report," he reviewed press statements of the Secretary's office, Stark Report at nn. 4, 6, 7, "audit documentation available at the Secretary of State's website at the url https://sos.ga.gov/index.php/elections/2020_general_election_risk-limiting_audit," *id.* at ¶ 25, and elsewhere on the Secretary's website, *id.* at ¶¶ 33, 34, 40, nn. 12-13, and publicly available election results, *id.* at ¶ 46. State Defendants do not doubt that Dr. Stark has plenty to say about the risk-limiting audit, but it all could and should have been said more than six months ago on July 16, 2021, **when**

**expert reports were due.** *See Cochran v. Brinkmann, Corp.*, No. 1:08-cv-1790-WSD, 2009 WL 4823858 at *5 (N.D. Ga. Dec. 9, 2009) (noting that supplementation "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy").

## III.  Conclusion

As it stands now, State Defendants are stuck between a rock and a hard place with the close of discovery rapidly approaching.  State Defendants raise this issue in light of the Court's order directing the parties identify specific additional disputes that will require resolution, [Doc. 1272].  State Defendants have requested deposition dates for Drs. Buell and Stark, but for the reasons stated herein the need for those depositions should be obviated by the Court's proper exclusion of these supplemental reports.  If the supplemental reports remain before this Court, State Defendants will be severely prejudiced by their production at the eleventh-hour and reserve all rights to respond to those reports with an equal amount of time and consideration as the three months since Coalition Plaintiffs first raised the possibility of submitting them.

This 25th day of January 2022.

*/s/ Carey A. Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander F. Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico-Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

>Loree Anne Paradise
>Georgia Bar No. 382202
>lparadise@taylorenglish.com
>Taylor English Duma LLP
>1600 Parkwood Circle
>Suite 200
>Atlanta, GA 30339
>Telephone: 678-336-7249
>
>*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | Civil Action File <br><br> No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13.

This 25th day of January, 2022.

> */s/ Carey A. Miller*
> Carey A. Miller