IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

**STATE DEFENDANTS' NOTICE OF FILING REGARDING SPECIFIC DISCOVERY DISPUTES THAT WILL REQUIRE RESOLUTION**

The State Defendants submit this Notice of Filing pursuant to the Court's Order directing the Parties to identify any specific discovery disputes the parties currently anticipate that will require resolution. State Defendants provide the following items they anticipate will need to be resolved:

1. **30(b)(6) Deposition of the Coalition for Good Governance and Related Discovery Dispute.** On September 4, 2021, State Defendants served their first Amended Notice to take the deposition of the Coalition for Good Governance (CGG) pursuant to Rule 30(b)(6). That deposition was scheduled to be taken October 4, 2021, by agreement of counsel, but was later postponed at Coalition Plaintiffs' request for completion of their document production. State Defendants have requested a new date

(or dates) for that deposition on multiple occasions over the last several months but have received no response. To reserve all rights, the State Defendants served a Second Amended Notice for a deposition to be conducted January 31, 2022, or on another mutually agreeable date. However, the Fulton County 30(b)(6) is expected to continue on the same day and, more importantly, the discovery dispute between State Defendants and Coalition Plaintiffs remains pending. [Docs. 1245, 1257, 1265]. State Defendants respectfully request the Court resolve the discovery dispute and permit the 30(b)(6) deposition of CGG be conducted in short order, within the time permitted for State Defendants' discovery of Plaintiffs' experts.

2. **Outstanding Document Production.** This Court ordered Curling Plaintiffs to produce documents and communications responsive to State Defendants' discovery request concerning the "important and time-sensitive issue." [Doc. 1252]. Coalition Plaintiffs, in response to a separate dispute, agreed to also produce such documents and those responsive to other requests. [Doc. 1257]. State Defendants have not received a production from either group.

3. **Coalition Plaintiffs' Notices Depose Secretary Raffensperger and to conduct a 30(b)(6) of the Secretary's Office.** State

Defendants have addressed these Notices in their Notice of Objection, [Doc. 1271], and Coalition Plaintiffs have responded, [Doc. 1275]. State Defendants intend to proceed on the previously noticed topics on February 3-4, 2022, but absent an order of the Court otherwise will not be preparing witnesses on Coalition Plaintiffs' additional topics, producing witnesses for a second 30(b)(6) deposition, or making Secretary Raffensperger available.

4. **Deposition of Donna Price.** Following the conclusion of the deposition of Dr. Appel, scheduled for Thursday, January 27, 2022, depositions of the Curling Plaintiffs and their experts will be complete other than the deposition of Donna Price. State Defendants understand that personal issues are complicating the scheduling of her deposition, but will need to take that deposition for the purpose of summary judgment if Ms. Price remains as a plaintiff.

5. **Coalition Plaintiffs' Supplemental Reports and Depositions of their Experts.** State Defendants have filed a Notice of Objection to Coalition Plaintiffs' Supplemental Expert Reports, [Doc. 1278], which should be excluded from this Court's consideration. However, as it stands now, State Defendants must take the deposition of Coalition Plaintiffs' experts. State Defendants have requested their availability

for the dates of February 7, 8, 9, or 15, but Coalition Plaintiffs have not responded.

6. **Discovery Dispute Regarding Dr. Halderman.** State Defendants requested a production of specifically identified documents and things Curling Plaintiffs objected. The discovery dispute between State Defendants and Curling Plaintiffs remains pending. [Doc. 1246].

7. **Curling Plaintiffs' Request to Depose Jordan Fuchs.** On January 24, 2022 Curling Plaintiffs provided a Word document purporting to notice the deposition of Jordan Fuchs, Deputy Secretary of State beginning January 31. By email correspondence, Curling Plaintiffs' counsel stated that they had been awaiting availability for Ms. Fuchs' deposition since last October and had "repeatedly" followed up since, but State Defendants have no record of that.[1] Likewise, when the Parties convened to discuss the discovery dispute filed at [Doc. 1250] and a comprehensive deposition scheduling plan as Curling Plaintiffs requested, the prospect of her deposition was not raised. In any event, at this point Curling Plaintiffs have deposed or are scheduled to depose

---

[1] The only request pertaining to Ms. Fuchs is encapsulated in the December 4, 2020 joint discovery dispute statement filed at [Doc. 1026] and which remains pending.

eleven (11) different fact witnesses or experts in this round of "abbreviated" discovery, including SOS employees (in their personal and individual capacities) and State Election Board Members, in addition to the deposition of State Defendants' expert Dr. Gilbert. Curling Plaintiffs' proposal to take a 12th deposition of the State Defendants (in addition to their depositions from Fulton County) is a far cry from seeking only "a handful of [ ] depositions" Curling Plaintiffs sought in November, Nov. 19, 2021 Hr'g Tr. at 41:22–23, and beyond the ten depositions permitted by the Rules without leave of Court, Fed. R. Civ. P. 30(a)(2)(A)(i). State Defendants will not be producing Ms. Fuchs for a deposition.

8. **Interrogatories for Which Curling Plaintiffs Reserved Responses until Thirty Days Prior to the Close of Discovery.** Early in this case, Curling Plaintiffs reserved responses to interrogatories served by the State which they deemed contention interrogatories until thirty (30) days prior to the close of discovery. *See* Nov. 19, 2021 Hr'g Tr. at 112:12–113:09. Thirty days prior to the close of fact discovery has since passed on three different occasions:  July 16, 2021, per [Doc. 1093]; October 15, 2021, per [Doc. 1176]; and January 1,

2022 per the current scheduling order at [Doc. 1238]. Curling Plaintiffs have yet to provide substantive responses.

The above list includes every topic on which State Defendants currently anticipate needing this Court's assistance to conclude discovery in this case.

Respectfully submitted this 26th day of January 2022.

<div style="margin-left: 3em;">

*/s/Carey A. Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com

</div>

>James A. Balli
>Georgia Bar No. 035828
>jballi@taylorenglish.com
>Diane F. LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com
>Loree Anne Paradise
>Georgia Bar No. 382202
>lparadise@taylorenglish.com
>TAYLOR ENGLISH DUMA LLP
>1600 Parkwood Circle, Suite 200
>Atlanta, GA 30339
>Telephone: 678-336-7249
>
>*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Notice of Filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 13-pt Century Schoolbook font.

>*/s/ Carey A. Miller*
> Carey A. Miller