IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

**CURLING PLAINTIFFS' SUBMISSION REGARDING ANTICIPATED
DISCOVERY DISPUTES AND DISCOVERY EXTENSION**

Curling Plaintiffs submit this filing in response to the Court's January 24, 2022 Order (Dkt. 1272) regarding anticipated discovery disputes the Court may need to resolve and a possible further extension of discovery. In short, (i) Curling Plaintiffs hope to avoid burdening this Court with additional discovery disputes and will know whether that is possible after completing the depositions of Defendants; and (ii) Curling Plaintiffs oppose any extension that would delay briefing and resolution of Defendants' forthcoming dispositive motion beyond the current deadlines but do not otherwise object to a modest expansion of fact discovery to allow the completion of outstanding discovery.

**A. Potential Discovery Disputes for the Court's Resolution**

*1. State Defendants*

Unfortunately, State Defendants have persisted with their long-standing obstruction in discovery, from evasive interrogatory responses to missing documents to unanswered requests for admission. Curling Plaintiffs have not already presented these significant deficiencies to the Court because they hope to obtain much of that discovery through depositions of State Defendants, including key employees of the Secretary's Office, which may obviate the need for relief for State Defendants' many discovery failings. That, of course, will depend on how well prepared and knowledgeable State Defendants' Rule 30(b)(6) deponents are

1

on the topics State Defendants agreed to last fall and the extent of the information percipient witnesses are able and willing to provide in their testimony.

The one issue the Court needs to resolve now is State Defendants' refusal to provide verifications for any of their interrogatories in violation of Rule 33 in response to Curling Plaintiffs' repeated requests. Curling Plaintiffs proposed a mutual exchange of verifications, and State Defendants declined. The Court should order all parties to produce by 3:00 p.m. ET on Friday, January 28, 2022, verifications signed by the parties (not counsel, per Rule 33) for all their respective interrogatory responses.

Pursuant to the Court's Order to identify anticipated discovery disputes that may require resolution, Curling Plaintiffs identify additional categories they presently have identified:

    *a) Document Requests*

It has become increasingly clear that State Defendants' document production lacks highly-relevant, responsive documents. Curling Plaintiffs will need help from the Court if State Defendants continue to refuse to remedy the deficiencies. For example:

- <u>Monthly Reports from Fortalice</u>: Fortalice task orders show that it provided monthly reports to the Secretary's Office regarding the various work it performed as a security consultant, including in

2020 and 2021. Those reports were not produced based on a search and review of State Defendants' production. The Secretary's former Chief Information Security Officer (CISO), David Hamilton, testified last week that those reports went to Merritt Beaver, the Secretary's Chief Information Officer. Despite Mr. Beaver's key role and responsibilities concerning election security, he produced a very small number of documents, a concern Curling Plaintiffs have raised with State Defendants but to no avail.

- <u>Cybersecurity / Penetration Testing Reports from Fortalice</u>: In addition to the monthly reports, Fortalice also provided specific reports regarding other important security work it has done for the Secretary's Office. For example, Fortalice performed penetration testing for the Secretary of State in 2019, 2020, and 2021, as it did in prior years. Mr. Hamilton testified that Fortalice does this annually—but these reports are not found in State Defendants' production. Mr. Hamilton also testified that Fortalice does an annual risk assessment for the Secretary's Office and provides a written report each year regarding that assessment—these also are not found in State Defendants' production.

- <u>Documents from Mr. Hamilton's non-Secretary of State email account</u>: Mr. Hamilton testified that he sent and received emails concerning his work as the Secretary's CISO from a non-Secretary of State email account, but that account was not searched for production of responsive documents.

b) *Interrogatories*

State Defendants have refused to answer numerous interrogatories. For example, they refuse to state:

- whether there has been any "successful or attempted instance of unauthorized access to or copying or alteration of data" on the BMD voting equipment used in Georgia elections;

3

- the "efforts undertaken to try to secure" the BMD voting equipment used in Georgia elections "against unauthorized access to or copying or alteration of data, including the results, conclusions, or findings of any such efforts;"

- the "efforts undertaken to ensure that any unauthorized access to or copying or alteration of data on any component of Georgia's prior GEMS/DRE election system could not and did not affect any equipment used with any election in Georgia since it adopted Dominion BMDs," including whether those efforts were successful;

- whether State Defendants contend that any of the BMD voting equipment is "air-gapped," and if so, what steps were taken to effectuate and maintain any such "air-gapping" for that equipment and whether those steps were successful;

- "any requests, proposals, or actual or contemplated plans for the implementation of an election system using hand-marked paper ballots as the primary means of voting in person in Georgia elections since it adopted Dominion BMDs."[1]

   c) *Requests for Admission*

State Defendants refused to answer the vast majority of Curling Plaintiffs' requests for admission, and the answers they did provide are mostly evasive, non-responsive, or inconsistent with prior positions they have made in this case. For

---

[1] The Georgia Republican Party in its 2021 Convention Resolutions Committee Report calls for "[r]eplacing all Dominion voting systems with secure hand marked paper ballots which should be scanned and tabulated using a device that is not connected to the internet, and to do so with the passage of legislation for the governor to sign prior to the start of the candidate qualifying beginning March 7, 2022." https://gagop.org/2021-convention-resolutions-committee-report/

4

example, they refuse to answer:

- Admit that you have no evidence of any widespread voter fraud in Georgia in connection with the elections held in Georgia on November 3, 2020 and January 5, 2021;

- Admit that you have no evidence that the Election System counted any illegal vote(s) in the election held on November 3, 2020;

- Admit that You did not produce to Plaintiffs any in-depth review or formal assessment of the Election System required by the Court in its August 15, 2019 Order;

- Admit that the Secretary of State's Office did not work with a consulting cybersecurity firm to conduct an in-depth review and formal assessment of issues relating to exposure of the voter registration database after August 15, 2019;

- Admit that You did not develop procedures or take other action to address any of the deficiencies found by the Court in its August 15, 2019 Order concerning the voter registration database;

- Admit You did not produce to Plaintiffs a copy of a plan for implementation as described in paragraph 1 of the Court's August 15 2019 Order at p. 149;

- Admit the DRE System is not completely separate from the BMD System;

- Admit the BMD System uses some components from the DRE System;

- Admit that the BMD System is not completely separate from the eNet System;

- Admit that security deficiencies or vulnerabilities identified by Fortalice with the eNet System have not been fully mitigated;

- Admit that the results of the full hand recount of the human-readable

5

text on BMD-marked ballots did not match the results of the QR Code scanning for those ballots within an expected margin of error;

- Admit that the full hand recount performed in connection with the November 2020 Election did not check whether the human-readable text on BMD-marked ballots matched the results of the QR Code scanning;

- Admit that the full hand recount performed in connection with the November 2020 Election did not check whether the QR codes on BMD-marked ballots actually reflected the selections each voter intended for each of those ballots;

- Admit that voters cannot read QR codes on their respective BMD-marked ballots to determine whether their respective ballots actually reflect each and every selection the voter made on the corresponding BMD for each such ballot;

- Admit that the 22 vulnerabilities Fortalice identified in the Secretary of State's information technology environment have not been fully remediated;

- Admit that You have not performed a comprehensive cybersecurity analysis of the Election System;

- Admit that BMD printed ballots that are photocopied are counted the same as originals by the scanner equipment;

- Admit that no expert who has testified on your behalf in this litigation has, to your knowledge, forensically examined any BMD used in any actual elections in Georgia to determine whether malware was loaded on to any such BMD at any point in time (and related requests seeking similar admissions regarding other voting equipment and software used with Georgia elections);

- Admit that the testing relating to the "Letter Report" did not test whether the changes created new problems impacting the reliability, accuracy, or security of the BMD system;

Because requests for admission enable the parties and the Court to streamline the presentation of evidence in the case, including for dispositive motions, by significantly narrowing the issues in dispute, Curling Plaintiffs anticipate seeking help from the Court in obtaining answers to at least some of these and potentially other requests.

  *2. Fulton County Defendants*

Fulton County Defendants, while generally cooperative, have produced a small amount of documents with significant gaps in the production. And last Friday, they produced their first Rule 30(b)(6) designees for deposition, who were unknowledgeable on some of the key topics on which the witnesses were designated. They will produce additional Rule 30(b)(6) designees on Monday, January 31, 2022. Curling Plaintiffs hope these deponents will obviate the need for help from the Court, and likewise hope to resolve the longstanding document production deficiencies with Fulton County Defendants without the Court's involvement.

**B. Extension of Fact Discovery**

Curling Plaintiffs strongly oppose any extension that would postpone or delay the existing deadlines for dispositive briefing. They have worked hard, at enormous expense, to develop a record that amply establishes their respective

7

standing and proves up the merits of their claims. They have narrowly focused in "abbreviated" discovery on the cybersecurity of Georgia's BMD voting equipment and its impact on Curling Plaintiffs' personal and individual right to vote in future elections. They are eager to resolve their claims on the merits.

Curling Plaintiffs will prove that Georgia's BMD system is shockingly and unlawfully unsecure in an environment of advanced persistent threats from sophisticated nation states and other capable bad actors. They will show that State Defendants—and the counties that rely on the Secretary of State for election security in Georgia—have done far too little to secure the BMD system against those extraordinary threats, including prior compromises. State Defendants publicly pretend the serious security failings with the system do not exist while refusing to even read the report describing them and offering *no rebuttal* in this case to the extensive, detailed evidence Curling Plaintiffs have developed establishing those failings—and their own election security expert, Dr. Juan Gilbert, offers no disagreement with those failings and admits that Dr. Alex Halderman, who identified those many failings, is the expert Dr. Gilbert himself would turn to for just the kind of cybersecurity analysis Dr. Halderman conducted of Georgia's BMD voting equipment. State Defendants' own cybersecurity expert, Theresa Payton, testified that it is only a matter of time until a U.S. election is

hacked. (Dkt. 570 at 206.) Thus, it is imperative that all reasonable measures are taken to protect Curling Plaintiffs' individual right to vote. They should not suffer further delay to prove up their claims and obtain critical relief.

Curling Plaintiffs do not oppose an extension of fact discovery to February 28, 2022, *with no extensions of any other deadlines*. This should allow the parties to complete outstanding discovery. Unfortunately, the parties are jammed up on depositions because State Defendants refused (for months) to produce their witnesses before the final two weeks of January. They also delayed depositions of the Secretary's former CISO and former Security Manager by claiming for months they would produce both for depositions and suddenly announcing in mid-January that they "could not locate" either former employee. That representation was outright false—in fact, they were in contact with both witnesses about the depositions *immediately after* claiming they could not locate the witnesses and *before* Curling Plaintiffs served the subpoenas State Defendants insisted were needed. Despite this obstruction, Curling Plaintiffs are on track to complete fact depositions of Defendants by February 4, 2022, as this Court already permitted.

Lastly, Curling Plaintiffs recently informed State Defendants that Donna Price would need to be deposed in the latter half of February due to significant health issues she has been suffering.

9

Dated:  January 26, 2022

Respectfully submitted,

 /s/ David D. Cross
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
Zachary Fuchs (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
DCross@mofo.com
MKaiser@mofo.com
VAscarrunz@mofo.com
HElson@mofo.com
ZFuchs@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                           */s/ David D. Cross*
                                           David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, a copy of the foregoing **CURLING PLAINTIFFS' SUBMISSION REGARDING ANTICIPATED DISCOVERY DISPUTES AND DISCOVERY EXTENSION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

           */s/ David D. Cross*
           David D. Cross