IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' BRIEF
CONCERNING ANTICIPATED DISCOVERY
DISPUTES REQURING RESOLUTION BY THE COURT**

As directed by the Court in its Order of January 24, 2022, [Doc. 1272] the Coalition Plaintiffs submit this summary of additional disputes between the parties that the Coalition Plaintiffs reasonably believe may require attention from the Court as follows:

Given the ongoing difficulty in obtaining essential electronic election records from Defendants in general, and Fulton County in particular, it is reasonable to anticipate that there will be discovery disputes that will require Court intervention. Further, it is anticipated that, once Defendants are required to produce those the November 2020 election records, Defendants will then use every means at their disposal to conceal the details of irregularities contained therein. The disputes that arise from those efforts will also almost certainly require the Court's intervention.

1

Fulton County has not fully complied with the Court's December 3, 2021 Order to produce full election project packages and all ballot images for the November 2020 recount. Partial files were served on December 8, 2021, which have been used extensively by Coalition analysts in locating evidence of systemic ballot counting irregularities in the Fulton Plaintiffs' and CGG Fulton members' precincts.

Over 20,000 electronic records are still missing from the production without explanation. Numerous attempts to confer with Fulton County and repeated requests have been unproductive. Given the likelihood systemic irregularities evidenced in the missing records, it's important that they be produced in discovery. If the records still exist and if they are in the possession, custody, or control of Fulton County, Fulton County's failure to produce the records already justifies a finding of contempt. If, as Fulton County appears to claim, the records have been turned over to the Secretary of State, the Coalition Plaintiffs need the Court's intervention to have State Defendants locate and produce the documents. Fulton County's explanation does not absolve the county of its duty to comply with the Court's Order, however, because the county is obligated to maintain copies of election records for at least twenty-two (22) months following each election for certain federal offices.[1]

---

[1] State and local election officials are required to "retain and preserve" all records relating to any "act requisite to voting" for twenty-two months after the conduct of "any general, special, or primary election" at which citizens vote for "President, Vice President, presidential elector, Member of the Senate, [or] Member of the House of Representatives," 52 U.S.C. § 20701. The materials covered by Section 301 extend

2

Of course, if Fulton County cannot account for the whereabout and status of those election records, the Coalition Plaintiffs will need the Court to consider spoliation sanctions against Fulton County. Counsel for Coalition Plaintiffs continue to attempt to confer with Fulton to urge full compliance with the Court's December 3 order.

Request for Fulton document production made by the Coalition Plaintiffs in October 2021 on topics of systemic irregularities remains substantially incomplete. The Coalition has recently narrowed the request to focus outstanding requests on issues of irregularities and counting errors that Coalition analysts have detected in the November 2020 election results in Fulton County. If Fulton County does not promptly produce the records, the Coalition will need to seek the Court's intervention and assistance.

The Coalition Plaintiffs have already raised certain discovery disputes with the State Defendants that relate to the Coalition's Rule 30(b)(6) deposition notice to the State Defendants and to the Coalition Plaintiffs noticing the deposition of the Secretary himself. The State Defendants objection to the Coalition Plaintiffs expert reports has been briefed by the State Defendants. The Coalition Plaintiffs will respond in due course.

---

beyond "papers" to include other "records." Jurisdictions must therefore also retain and preserve records created in digital or electronic form.

The root cause of the systemic vote counting irregularities in the November 2020 election detected by Coalition is unknown. The cause could be human error, malfeasance, system malfunctions, malware, or something else. When and if it becomes necessary to determine the root cause of these irregularities, discovery disputes are anticipated.

Coalition Plaintiffs have already discussed with Fulton County the need to inspect paper ballots to confirm the extent of double and triple counted ballots. Pursuant to State law, the Coalition can only access original ballots pursuant to a Court order. The Coalition had asked Fulton County to consent to such an order, and the County has refused.

The Court has not permitted an examination of the hardware, software, and electronic records resident on the EMS servers to date, but determining the cause of identified tabulation discrepancies may require evaluation of the servers and related equipment. This issue will likely also need to be presented to the Court.

Further, examination of the poll pads and scanners which are included in the Coalition's claims will likely generate discovery disputes. Once the Eleventh Circuit rules on the issues on appeal related to those voting system components, examination of such equipment is anticipated to be necessary. Defendants are likely to object.

Respectfully submitted this 26th day of January, 2022.

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATES OF SERVICE AND COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

I further certify that on January 26, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter
