IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-02989-AT |

### HERRING NETWORKS, INC.'S MOTION TO JOIN AND SUPPLEMENT FOX NEWS NETWORK, LLC'S MOTION TO INTERVENE FOR LIMITED PURPOSES

Herring Networks, Inc., d/b/a One America News Network ("OAN"), respectfully moves to join and supplement Fox News Network, LLC ("FNN") in its Motion to Intervene for Limited Purposes pursuant to Federal Rule of Civil Procedure 24 (the "Motion") (Doc. 1251).

FNN seeks to intervene for the limited purpose of obtaining access to the report drafted by Dr. J. Alex Halderman and filed on July 1, 2021 under seal (the "sealed report") (Doc. 1130-1). As detailed by FNN, the sealed report discusses "numerous security vulnerabilities" in Dominion voting systems that "are not general weaknesses or theoretical problems, rather specific flaws in [Dominion's]

ICX software . . . that can [be] exploit[ed] to steal votes on ICX devices." *See* Sept. 21, 2021 Decl. of J. Alex Halderman, ¶ 1 (Doc. 1177-1).

OAN joins FNN's Motion and similarly seeks to intervene for the limited purpose[1] of obtaining the sealed report with an Attorneys' Eyes Only designation.[2] OAN has a substantial interest — which is not adequately protected without intervention — in obtaining the sealed report because it is integral to OAN's defense in two defamation lawsuits filed against OAN by Dominion and Dominion's former Director of Product Strategy and Security, Dr. Eric Coomer. *See US Dominion, Inc., et al. v. Herring Networks, Inc., d/b/a One America News Network, et al.*, Case No. 1:21-cv-02130 (D.D.C. Aug. 10, 2021) (the "*Dominion* Action") and *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-cv-034319 (Colo. Dist. Ct. Dec. 22, 2020) (the "*Coomer* Action"). Dr. Halderman has been retained as an expert by Dr. Coomer and has provided opinions in the *Coomer* Action that

---

[1] OAN reserves the right to seek access to additional documents filed in this action under seal if necessary based on what the sealed report and/or other filings reveal and how this and related litigation progresses.

[2] OAN requests that the Court grant access to the sealed report to only its outside counsel and their staff at Vedder Price P.C. It reserves the right to seek leave to designate a retained expert(s) or consultant(s) in the *Dominion* and/or *Coomer* Actions to assist in the review of the sealed report. *See* Doc. 884 ("Plaintiffs may designate Susan Greenhalgh as a consultant to assist in review of AEO-designated documents.").

potentially contradict his findings in the sealed report. In short, the sealed report is the best (and perhaps only) way for OAN to properly and fully defend not only its allegedly defamatory statements, but also to rebut the opinions by Dr. Halderman as a purported expert in the *Coomer* Action.

As further detailed in the accompanying Memorandum of Law, OAN satisfies the requirements for intervention under Federal Rule of Civil Procedure 24(a) and (b).[3] And if this motion is granted, OAN's outside counsel at Vedder Price P.C. agree to abide by the confidentiality measures in the Protective Order, including the AEO designation of the sealed report (Doc. 477).

For the reasons set forth in FNN's Motion to Intervene for Limited Purposes and the Memorandum in support, as well as the reasons set forth herein and in the accompanying Memorandum of Law, OAN respectfully requests that the Court enter an Order granting OAN's motion and requiring production of Dr. Halderman's July 1, 2021 sealed expert report to Vedder Price P.C.

---

[3] Requesting access to the sealed report from this Court is the only way for OAN to obtain the report because courts routinely require parties seeking documents protected from disclosure under a protective order in a separate action to seek relief from the court that entered the protective order.

Respectfully submitted,

By: /s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
Stillman Welch, LLC
3453 Pierce Drive, Suite 150
Chamblee, Georgia 30341
(404) 895-9040
brandon@stillmanwelch.com

Blaine C. Kimrey
(Pro Hac Vice application pending)
Jeanah Park
(Pro Hac Vice application pending)
Bryan Clark
(Pro Hac Vice application pending)
Julia L. Koechley
(Pro Hac Vice application pending)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
(312) 609-7500
bkimrey@vedderprice.com
jpark@vedderprice.com
bclark@vedderprice.com
jkoechley@vedderprice.com

*Counsel for Herring Networks, Inc.*

Dated:           January 27, 2022

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ T. Brandon Welch
T. Brandon Welch