IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-02989-AT |

**HERRING NETWORKS, INC.'S MEMORANDUM IN SUPPORT
OF MOTION TO JOIN AND SUPPLEMENT
FOX NEWS NETWORK, LLC'S
<u>MOTION TO INTERVENE FOR LIMITED PURPOSES</u>**

Herring Networks, Inc., d/b/a One America News Network ("OAN"), respectfully moves to join and supplement Fox News Network, LLC ("FNN") in its Motion to Intervene for Limited Purposes pursuant to Federal Rule of Civil Procedure 24 (the "Motion") (Doc. 1251). In support, OAN states as follows:

<u>**INTRODUCTION**</u>

FNN seeks to intervene for the limited purpose of obtaining access to the report drafted by Dr. J. Alex Halderman and filed on July 1, 2021 under seal (the "sealed report") (Doc. 1130-1). As detailed by FNN, the sealed report discusses "numerous security vulnerabilities" in Dominion voting systems that "are not general weaknesses or theoretical problems, rather specific flaws in [Dominion's]

ICX software . . . that can [be] exploit[ed] to steal votes on ICX devices." *See* Sept. 21, 2021 Decl. of J. Alex Halderman, ¶ 1 (Doc. 1177-1).  OAN joins FNN's Motion and similarly seeks to intervene for the limited purpose[1] of obtaining the sealed report.

OAN has a substantial interest in obtaining the sealed report because it addresses questions common to the claims and defenses in two lawsuits filed against OAN by Dominion and Dominion's former Director of Product Strategy and Security, Dr. Eric Coomer.  *See US Dominion, Inc., et al. v. Herring Networks, Inc., d/b/a One America News Network, et al.*, Case No. 1:21-cv-02130 (D.D.C. Aug. 10, 2021) (the "*Dominion* Action") and *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-cv-034319 (Colo. Dist. Ct. Dec. 22, 2020) (the "*Coomer* Action").  And while the plaintiffs refer to and rely on Dr. Halderman in both actions, Dr. Halderman also has been **retained as an expert by Dr. Coomer** (who argues that he and Dominion are synonymous for purposes of defamation). *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law in the *Coomer* Action (Filing ID 18E3B7708C609).  As a retained expert in the *Coomer* Action,

---

[1] OAN reserves the right to seek access to additional documents filed in this action under seal if necessary based on what the sealed report and/or other filings reveal and how this and related litigation progresses.

Dr. Halderman has provided opinions that potentially contradict his findings in the sealed report.

## ARGUMENT

The Court should allow OAN to intervene for the limited purpose of obtaining access to the sealed report because OAN satisfies the requirements for intervention under Federal Rule of Civil Procedure 24. OAN is entitled to intervention as a matter of right under Rule 24(a)(2) because OAN timely filed this motion, the information in the sealed report relates to the subject of this action, and OAN has a substantial interest in same, which would be impaired if this motion were not granted because OAN's interest is not adequately represented by the parties in this action. Fed. R. Civ. P. 24(a)(2); *Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) (noting that intervention as a matter of right is appropriate when the following four factors are met: (1) the motion is timely filed; (2) the intervenor has an interest in the subject of the action; (3) the intervenor's ability to protect its interests would be impaired if the motion is denied; and (4) the intervenor's interests are not adequately protected by the parties in the action).

Alternatively, OAN is entitled to permissive intervention under Rule 24(b). Fed. R. Civ. P. 24(b); *see also Georgia Aquarium, Inc. v. Pritzker*, 309 F.R.D. 680, 690 (N.D. Ga. 2014) (internal citations omitted) (noting that there is a two-step

process for granting permissive intervention under which "[t]he court must first determine whether the applicant's claim or defense and the main action share common questions of law or fact. If this requirement is fulfilled the court must exercise its discretion in determining whether intervention should be allowed."). Because OAN "has a claim or defense that shares with the main action a common question of law or fact," it has timely filed this motion. *See* Fed. R. Civ. P. 24(b)(1)(B). And while granting this motion would not unduly delay the adjudication of this action or prejudice any party to this action, the denial would severely prejudice OAN. *See* Fed. R. Civ. P. 24(b)(3).

## I. OAN is a defendant in two actions directly implicating the sealed report.

OAN has a substantial interest — which is not adequately protected without intervention — in obtaining the sealed report because it is integral to OAN's defense in both the *Dominion* and *Coomer* Actions. *See, e.g., Lancer Ins. Co. v. Hitts*, No. 5:09-CV-302 (CAR), 2010 WL 2867836, at *2 (M.D. Ga. July 20, 2010) (finding that, without intervention, the intervenor's interest would be impaired because the outcome of the action "may foreclose legal arguments and remedies . . . that may otherwise be available to [the intervenor] in the underlying litigation").

*First*, whether Dominion's voting systems suffer from serious security risks or are vulnerable to manipulation or voting fraud are factual questions central to both

the *Dominion* and *Coomer* Actions. For example, in the *Dominion* Action, Dominion alleges that OAN defamed Dominion by reporting on allegations made by public figures — such as the President of the United States — that "Dominion's software and algorithms manipulated vote counts in the 2020 Presidential Election." *Dominion* Compl., ¶ 3 (Doc. 1 in the *Dominion* Action). Dominion further asserts that OAN "knew the lies it was promoting and endorsing had been debunked" by numerous individuals, including "election security experts . . . [and] Republican Georgia Secretary of State Brad Raffensperger." *Dominion* Compl., ¶ 10; *see also* ¶ 128.

And in the *Coomer* Action, Dr. Coomer claims that the defendants, including OAN, "manufactured and spread a false narrative that Dominion — a business that had partnered with more than 1,300 jurisdictions in the United States to provide various election support services — conspired to rig its equipment and the election in favor of President Biden." *Coomer* Am. Compl., ¶ 4 (Filing ID 5D2B3A08F794E). Dr. Coomer also cites "several false statements of voter fraud relating to Dominion" by OAN in his Complaint as alleged support for his defamation claim. *Coomer* Am. Compl., n.85.

Both plaintiffs also highlight OAN's program titled *Dominion-izing the Vote* (in which Dr. Halderman appeared), which per Dominion, "promis[ed] viewers that

it would answer the question, 'How compromised was the 2020 election?'" *Dominion* Compl., ¶ 125; *see also* ¶¶ 126-137; *Coomer* Am. Compl., n.83; *Coomer* anti-SLAPP response ¶¶ 82-89 (Filing ID E9E5DD591D201).

**Second**, in the *Coomer* Action, Dr. Halderman has been retained as an expert by Dr. Coomer.[2] There, Dr. Halderman submitted a declaration — dated a month after the sealed report was filed in this action — that appears likely to contradict his findings in the sealed report. *See* Aug. 31, 2021 Decl. of J. Alex Halderman, attached as Exhibit A (the "Aug. 31 Declaration").

For example, in the Aug. 31 Declaration, Dr. Halderman opines that the defendants, including OAN, "advanced baseless conspiracy theories" and that their "***vote-rigging allegations were always implausible***, consisting of wild speculation, readily debunked claims, and incoherent technical assertions, and months of subsequent investigations and audits have both failed to vindicate their theories and added further evidence that the election outcome was correctly decided." Ex. A, ¶ 7 (emphasis added). However, Dr. Halderman essentially testified in *Fair Fight*

---

[2] OAN does not yet know whether Dominion has retained Dr. Halderman as an expert in the *Dominion* Action. But Dominion cites a letter written by various election security experts, including Dr. Halderman, asserting that they had "forcefully rebutted the lies about Dominion, explaining that they 'have never claimed that technical vulnerabilities have actually been exploited to alter the outcome of any US election.'" *Dominion* Compl., ¶ 118.

*Action, Inc. et al. v. Raffensperger, et al.*, Case No. 1:18-cv-05391 (N.D. Ga. Nov. 27, 2018) (the "Fair Fight Action") that vote-rigging allegations are *not implausible*:

> Q. Then the subhead line indicates that professor J. Alex Halderman has made a career studying electronic voting security. His research has changed the concept of stolen elections from theory to reality. Would you agree with that assessment that elections have actually been stolen?
> A. ***Well, of course elections have been stolen.***
> Q. Through hacking electronic voting machines?
> A. I think it's probably true that there have been elections that have been altered as a result of a cyberattack. I can't point to one that successfully was because if it was successfully altered, we probably wouldn't know about it.
>
> . . .
>
> Q. Okay. ***So it's your testimony that the Dominion system is subject to remote cyberattack that could compromise its functioning?***
> A. ***Potentially, yes.***

*See* Feb. 25 Dep. Tr. of J. Alex Halderman, 60:23-61:10, 122:5-8) (Doc. 821-3 in this action) (emphasis added); *see also* Aug. 19, 2020 Decl. of J. Alex Halderman, ¶ 13 (Doc. 785-2) (citing to a declaration filed by Dr. Coomer and asserting that "Dominion does not dispute that its products can be hacked by sufficiently capable adversaries").

Further, Dr. Halderman opined in the *Coomer* Action that "had votes been weighted or otherwise tampered with by a computer algorithm during counting, this would have been detected . . ." and that "[i]t would not be feasible to use adjudication to change or discard 'enormous batches' of ballots without detection." Ex. A, ¶¶ 34,

45. But Dr. Halderman appears to have provided contradictory testimony in the *Fair Fight* Action:

> Q. So let me rephrase my question then. Are you saying that any election in the United States has ever been stolen through a hack of an electronic voting machine?
> A. I can't point to a specific one. But again, I think there's a substantial risk that one has that we don't know about.
> Q. But sitting here today, you can't identify a single election in the US that has had the result changed through a hack of the electronic voting systems?
> A. No. Although, as I say, we probably wouldn't know. That's one of the problems with electronic voting systems.

Feb. 25 Dep. Tr. of J. Alex Halderman, 62:7-19 (Doc. 821-3 in this action).

Based on the publicly available information, OAN expects that Dr. Halderman provided similar opinions critical of Dominion voting systems in the sealed report. Given the allegations pled and the contradictory positions taken by Dr. Halderman, if the *Dominion* and *Coomer* Actions progress into full-blown reciprocal discovery, OAN not only will have to defend its allegedly defamatory statements, but also will need to rebut the opinions by Dr. Halderman as a purported expert in the *Coomer* Action. Because the sealed report — which is a "25,000-word report [that] was the result of 12 weeks of intensive testing of Dominion equipment from Fulton County" and "identif[ies] for the first time specific vulnerabilities and the ways they could be exploited" — provides the best (and perhaps only) method for doing so, this Court should allow OAN access to the sealed report. *See* Kate Brumback, *Experts: False*

*claims on voting machines obscure real flaws*, AP NEWS, Aug. 13, 2021, https://apnews.com/article/technology-business-science-voting-election-2020-6755cf1c409f4aab613df8891b84272d. And as the Court suggested that the Louisiana Secretary of State do (in denying a motion by the Secretary of State to intervene (Doc. 1249)), OAN can't hire Dr. Halderman to assess Dominion voting systems because Dr. Halderman has been retained as a purported expert by Dr. Coomer, who is adverse to OAN.[3]

---

[3] OAN also cannot seek access to the sealed report in the *Dominion* or *Coomer* Actions, as non-party U.S. Dominion, Inc. suggests in its objection to FNN's motion to intervene (which was filed without U.S. Dominion, Inc.'s counsel having an appearance on file) (Doc. 1285). Courts routinely require parties seeking documents protected from disclosure under a protective order in a separate action to seek relief from the court that entered the protective order. *See, e.g., Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) ("[T]his Court is without authority to alter the Protective Order entered by another court by ordering production of any documents within the scope of the Protective Order."); *State Auto. Mut. Ins. Co. v. Davis*, 2007 WL 2670262, at *2 (S.D. W. Va. Sept. 7, 2007) ("[I]n the interests of fairness, preserving the reliability of protective orders, and upholding the principle of comity, the court declines to order production of documents covered by the protective order in [a separate action]."); *Mugworld, Inc. v. G.G. Marck & Assocs., Inc.*, 2007 WL 2229568, at *1 (E.D. Tex. June 15, 2007) (citations omitted) ("When [a separate] matter is ongoing, courts have held that any request necessitating the modification of the protective order be directed to the issuing court."); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 501 (S.D. Ohio 2002) (finding that if the plaintiffs wished to use deposition testimony subject to a protective order issued by another court, "they should have sought modification of that order from the issuing court"); *Dushkin Publ'g Group, Inc. v. Kinko's Service Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991) (refusing to compel production of pleadings and discovery documents marked as "confidential" pursuant to a protective order in a separate action). As such, OAN has correctly requested

**II.      OAN's motion is timely and granting it access to the sealed report would not prejudice any party, though barring access would highly prejudice OAN.**

OAN's motion is timely, which is a requirement for intervention as a matter of right, as well as permissive intervention. *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019). Courts consider the following factors in evaluating timeliness: (1) the length of time between when the intervenor should have known of its interest before seeking to intervene; (2) the prejudice suffered by the existing parties should the motion be granted; (3) the prejudice suffered by the intervenor should the motion be denied; and (4) the existence of any "unusual circumstances" weighing against intervention. *Id.* For the reasons set forth in FNN's motion, the present motion also is timely because each of the four factors weigh in OAN's favor.

As it relates to OAN specifically, OAN has joined FNN's motion despite the fact that OAN has motions to dismiss pending in both the *Dominion* and *Coomer* Actions. OAN moved now because it feared not doing so might be deemed a waiver in light of FNN's having moved. And if the parties progress beyond the pleadings stage in the *Dominion* and/or *Coomer* Actions, reviewing the sealed report will be

---

access to the sealed report from this Court because it entered the protective order and ordered that the sealed report be subject to the protective order.

integral to OAN's defense, as discussed *supra* pp. 3-6.  Furthermore, the parties in this action will not be prejudiced if OAN is allowed to intervene for the limited purpose of accessing the sealed report, but OAN will be highly prejudiced if its outside counsel and experts are barred from viewing the report.

Finally, there are no unusual circumstances weighing against intervention, particularly in light of the limited nature of the proposed intervention and disclosure and OAN's willingness to opt into the protective order in this case.  *Infra* p. 8; *see Vanda Pharms., Inc. v. Food & Drug Admin.*, No. CV 19-301 (JDB), 2021 WL 1820264, at *3 (D.D.C. May 6, 2021) ("Where intervention is sought only for a collateral purpose like unsealing documents, the ordinary requirements for permissive intervention are relaxed.").

### III. OAN's proposed disclosure is limited to its outside counsel who will comply with the protective order.

OAN requests that the Court grant access to the sealed report — with an Attorneys' Eyes Only designation — to only its outside counsel and their staff at Vedder Price P.C.[4]  Vedder Price agrees to abide by the confidentiality measures in the Protective Order (Doc. 477).

---

[4] OAN reserves the right to seek leave to designate a retained expert(s) or consultant(s) in the *Dominion* and/or *Coomer* Actions to assist in the review of the sealed report.  *See* Doc. 884 ("Plaintiffs may designate Susan Greenhalgh as a consultant to assist in review of AEO-designated documents.").

-12-

## **CONCLUSION**

For the reasons set forth in FNN's Motion to Intervene for Limited Purposes and the Memorandum in support, as well as the reasons set forth herein, OAN respectfully requests that the Court enter an Order granting OAN's motion and requiring production of Dr. Halderman's July 1, 2021 sealed expert report to Vedder Price P.C.

Respectfully submitted,

By: /s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
Stillman Welch, LLC
3453 Pierce Drive, Suite 150
Chamblee, Georgia 30341
(404) 895-9040
brandon@stillmanwelch.com

Blaine C. Kimrey
(*Pro Hac Vice* application pending)
Jeanah Park
(*Pro Hac Vice* application pending)
Bryan Clark
(*Pro Hac Vice* application pending)
Julia L. Koechley
(*Pro Hac Vice* application pending)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
(312) 609-7500
bkimrey@vedderprice.com
jpark@vedderprice.com
bclark@vedderprice.com
jkoechley@vedderprice.com

*Counsel for Herring Networks, Inc.*

Dated:        January 27, 2022

-14-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ T. Brandon Welch
T. Brandon Welch