IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br><br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

### COALITION PLAINTIFFS' STATEMENT ON THE DISCLOSURE OF THE HALDERMAN REPORT

Coalition Plaintiffs recommend that the Court take the following action with respect to the disclosure of Dr. Halderman's Report to governmental authorities, the public, and to the parties in this case:

*First,* the Court should permit Dr. Halderman to submit his <u>unredacted</u> report to CISA immediately, without restricting CISA's standard evaluation and disclosure process. Such disclosure will permit CISA to begin its evaluation process immediately.

*Second,* the Court should order the Curling Plaintiffs to file Dr. Halderman's <u>redacted</u> report on the public docket within 30 days after the unredacted report is submitted to CISA, but in any event by no later than March 4, 2022.

*Third,* the Court should issue an order stating that the operative confidentiality designation of the <u>redacted</u> version of Dr. Halderman's Report under the protective order

1

(Doc. 477) is "Confidential." This designation will allow the principals of the parties in this case—not just their attorneys—to view the contents of the <u>redacted</u> Halderman report and will permit them to begin to incorporate Dr. Halderman's findings into their preparations for summary judgment and for trial on the merits.

    Coalition Plaintiffs believe that the foregoing recommendations appropriately balance the competing interests and concerns.  The immediate submission of the Halderman Report to CISA is crucial, but it should not unreasonably delay the public disclosure of the Report, which must be promptly disclosed to Georgia state and county election officials, and filed on the public docket, so that public officials can secure the upcoming May primary elections. These proposals will permit CISA to have adequate time – thirty days - to evaluate Dr. Halderman's findings and make all initial disclosures that CISA feels are appropriate while also permitting the parties to make immediate use of the redacted report, including allowing attorneys to share the report with their clients, so that the parties may prepare for summary judgment and make necessary litigation decisions. Coalition Plaintiffs' proposed approach also ensures that our country's respected CISA process will first introduce the public to Dr. Halderman's findings, which should ensure that those findings are credibly, accurately, and objectively communicated to the public.

    The cybersecurity risk to the Dominion Voting System has been elevated during the last six months by alleged copying and release of the Dominion Election Management software in Mesa County, Colorado and Antrim County, Michigan. Only this week media reported that yet another unofficial copy of this software has been distributed to

unauthorized actors, this time in Elbert County, Colorado. When Dr. Halderman's analysis and findings are considered in the context of Dominion software having already been made available to unauthorized persons, it is clear that Georgia's voting system must be immediately secured and appropriate mitigations undertaken.  Georgia law and State Election Board rules provide for the emergency use of hand marked paper ballots counted by the current optical scanners in circumstances such as these in which use of the Ballot Market Devices is not secure or infeasible.  As the Court's direction, the Secretary of State successfully piloted this back-up plan solution in 2019. The escalated cybersecurity threat to the Dominion Voting System caused in part by reckless actions of out-of-state actors reinforces the need for Georgia to expand and enhance its post-election audit activities for upcoming elections. With hand marked paper ballots, robust audits, and good canvassing procedures, outcome changing irregularities can be detected and corrected.

      Coalition Plaintiffs strongly believe that Defendants, even if they act only out of prudence rather than due to any judicial command, should make immediate preparations to conduct the May 2022 primaries using hand marked paper ballots, backed by a plan to utilize thorough pre-certification post-election audits. If Defendants do not act promptly to prepare to conduct upcoming elections without need to rely upon the most vulnerable Dominion components, the Court should consider entering an injunction against the use of the touchscreen BMD units, and mandating expanded audits until such time as CISA's evaluation has been completed and any appropriate mitigations implemented.

Respectfully submitted this 2nd day of February, 2022.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC |  (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br>E<br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE AND SERVICE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14, and has been served on all counsel via the Court's electronic filing system.

This 2nd day of February, 2022.

                                               */s/ Bruce P. Brown*
                                               Bruce P. Brown