# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | Civil Action File No. 1:17-cv-2989-AT |

## STATE DEFENDANTS' REPLY REGARDING THE SUPPLEMENTAL REPORTS OF DRS. STARK AND BUELL

State Defendants file this Reply in support of their objection to Coalition Plaintiffs' supplemental reports. [Doc. 1275]. During the January 27, 2022 discovery conference, this Court directed counsel for the Coalition Plaintiffs to confer with counsel for the State Defendants as to whether this issue could be resolved by agreement and, if not, to confirm the manner in which the parties would proceed. Jan. 27, 2022 Hr'g Tr. at 80:4–19. Counsel for the State has heard no further on the issue, but Coalition Plaintiffs have responded to the State's Objection. [Doc. 1297]. In the absence of agreement or conferral, and in light of the discovery schedule, State Defendants reply here and simultaneously move this Court to exclude the supplemental reports for the reasons stated in the existing briefing on the dispute.

Simply put, Coalition Plaintiffs' response misses the forest for the trees. Rather than putting forth any argument that the supplemental reports of Drs. Stark and Buell are consistent with Rule 26(e) and this Court's scheduling orders, they have taken the opportunity to demand this case be morphed into a ballot inspection lawsuit, never mind that Plaintiffs have long insisted that they are *not* contesting the outcome of the 2020 elections. Moreover, though Coalition Plaintiffs complain that "discovery related to [their] claims had barely begun" at the time their initial expert reports were due, [Doc. 1297 at 4, n.3], that ignores the "voluminous" record and "volume of resources" dedicated to this case which led the Court to permit *abbreviated* discovery at Plaintiffs' insistence. [Doc. 1088]. It also ignores that State Defendants were permitted only fourteen days to respond to those reports.

In any event, Coalition Plaintiffs' "supplemental" expert reports are due to be excluded. Procedurally, exclusion is justified for improper use of Rule 26(e), failure to comply with the court's scheduling orders under Rule 16(b), and under this Court's inherent authority to manage its cases and ensure they proceed in a just and efficient manner. On the substance, the reports are not "helpful" as required by Federal Rule of Evidence 702, they simply demand more discovery—but that is not an issue to be resolved at

summary judgment—or otherwise offer only equivocal theories on matters that are irrelevant to this case.

For Dr. Stark, Plaintiffs do not contest that his "supplemental" report addresses his review of *public information* that was available to him long before his expert report was due on July 1 and has *nothing* to do with Plaintiffs' discovery complaints. Indeed, Dr. Stark does not claim to have reviewed anything produced in discovery *at all*. Had Dr. Stark wished to opine on the import of that publicly available information, he should have done so on July 1, 2021. [Doc. 1093]. Instead, Coalition Plaintiffs simply reserved prior declarations in this case. [Doc. 1278-1 at 199–280]. Put simply, Plaintiffs cannot be permitted to use supplementation as an excuse to have Dr. Stark "engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. Brinkmann Corp.*, 2009 WL 4823858 at *5 (N.D. Ga. Dec. 9, 2009), *aff'd sub nom. Cochran v. The Brinkmann Corp.*, 381 F. App'x 968 (11th Cir. 2010). Nor can they point to discovery disputes to justify their dilatory disclosure since Dr. Stark relied only upon information available to him when his report was due.

Moreover, the only expert disclosure of Dr. Stark in this round of "abbreviated" discovery is his *rebuttal* report, responding to Dr. Gilbert's "declaration of July 16, 2021." [Doc. 1297-3]. Thus, the only report available

for "supplementation" under Rule 26(e) is that *rebuttal* report, but Dr. Gilbert has offered nothing further.[1] And Dr. Stark's new "supplement" extends beyond the bounds of proper rebuttal which is "limited to contradicting or rebutting evidence on the same subject matter identified by another party," not "advanc[ing] new opinions or new evidence." *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017). He instead treads entirely new ground, seeking to morph this case into an election contest, recount, or ballot inspection lawsuit. "Expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Andrews v. Autoliv Japan, Ltd.*, No. 1:14-cv-3432-SCJ, 2020 WL 10965912 at *7 (N.D. Ga. Mar. 11, 2020) (quoting *Withrow v. Spears*, 967 F. Supp 2d. 982, 1002 (D. Del. 2013)) (alteration adopted). Consequently, the report is simply not a supplement expanding on rebuttal, it is an entirely new report served six months after this Court's deadline for disclosures and it should not be permitted.

---

[1] Coalition Plaintiffs know this because it was explained to them—and the Court—during the November 19, 2021 Hearing. Tr. at 22:1–2 ("Dr. Stark didn't submit a new declaration, and thus Dr. Adida did not submit a new rebuttal declaration."), 75:03–21 (explaining that no new opinion on Risk-Limiting Audits had been disclosed), 76:24–79:05 (pointing out that disclosure deadline had passed with no new opinions).

Dr. Buell, on the other hand, has no report (rebuttal or otherwise) to "supplement" under Rule 26(e). The instant "supplemental" report is the first appearance of Dr. Buell in this case whatsoever since *August 2018*. Indeed, when Plaintiffs' deadline for disclosing expert reports came to pass on July 1, 2021, they simply re-served his prior declarations from August 7, 2018, and June 29, 2017. But the speculation contained in those prior declarations is limited to only the DRE System.[2] Consequently, the only topic on which any supplementation could possibly be had is to support Plaintiffs' DRE claims which they now *admit are moot* and should have been dismissed more than two years ago. But Dr. Buell's new work addresses only the Dominion BMD System and the results of the 2020 elections—a system Coalition Plaintiffs chose not to offer new opinions on in July of last year and an election Plaintiffs insist they are not contesting. Coalition Plaintiffs' "twisted attempt to use Rule 26(e) to justify their untimely disclosures is unprecedented, and unfair." *Cochran*, 2009 WL 4823858 at *6; *see also Bell v. Guardian Auto. Corp.*, No. 1:15-cv-01350-ELR, 2021 WL 3017987 at *3–5 (N.D. Ga. Jan. 21,

---

[2] Moreover, Plaintiffs have more recently acknowledged their DRE claims are moot. [Doc. 1182-1 at 6]. Plaintiffs have offered no explanation for their insistence to continue pressing those moot claims, nor the (apparently meaningless) discovery on those claims they have obtained since the State transitioned away from DREs, *see, e.g.*, [Docs. 668, 745]. And the State *continues to store more than 30,000 DRE machines for no apparent reason.*

2021) (excluding "supplemental" appraisal reports of individual properties where expert "had never previously opined on the value of Plaintiffs' individual properties").

Even setting aside Coalition Plaintiffs' improper use of Rule 26(e) and the last-minute nature of their disclosure (eight months deep in "abbreviated" discovery), the opinions offered are not "helpful" to the trier of fact for three reasons. First, both experts' opinions are an effort to undermine the results of the 2020 elections, something Plaintiffs have steadfastly insisted has nothing to do with this case. If Plaintiffs wanted to file an election contest they could have done so—in fact, they've done it before when they initially sought to declare the 2017 CD-6 special election void *ab initio*—but instead, Plaintiffs have maintained that this case is now only challenging the Dominion BMD System prospectively. Second, both offer opinions that simply opine on their need for more discovery to produce *yet another supplemental report. See* [Doc. 1297-4 at ¶ 2], [Doc. 1297-5 at ¶ 61–62]. Not only does this beg the question of when will discovery ever end? But a request for more discovery is not *evidence* to be presented at trial or summary judgment, Fed. R. Civ. P. 26(a)(2)(A), and it is therefore irrelevant. Third, neither expert offers any conclusive opinion, only equivocal opinions and speculation. For example, Dr. Buell cannot say whether his dive into election files reveals purported

"system malfunctions, malware, [errors] by election workers at the state or county level, … or perhaps even malfeasance," [Doc. 1297-4 at ¶ 56], only that more discovery is necessary for the Coalition Plaintiffs to determine "root causes." *Id.* at ¶ 2. Such "equivocal" opinions do not "assist the trier of fact." *Guinn v. S. Ry. Corp.*, 441 F. Supp. 3d 1319, 1328 (N.D. Ga. 2020) (citing *Bowers v. Norfolk S. Corp.*, 537 F. Supp 2d 1343, 1368 (M.D. Ga. 2007), *aff'd*, 300 F. App'x 700 (11th Cir. 2008)).

\* \* \* \* \*

This Court, over State Defendants' objection, permitted Plaintiffs an "abbreviated" discovery period to build a record for summary judgment and invited Plaintiffs to tailor their claims in light of binding precedent. [Doc. 1088]. Eight months after issuing that order, however, Coalition Plaintiffs are still pleading for more discovery and *expanding* the confines of their claims. What's more, they seek to do so by twisting Rule 26(e) beyond recognition and ignoring this Court's scheduling orders. Even after all that though, the "supplemental" reports offer nothing that is helpful to the trier of fact in resolving the issues in dispute. It is beyond time for discovery to come to a close, and there is no reason to permit Coalition Plaintiffs' improper supplementation to lay the foundation for more discovery on matters beyond the confines of this case.

Respectfully submitted, this 8th day of February 2022.

>*/s/ Carey A. Miller*
>Vincent R. Russo
>Georgia Bar No. 242628
>vrusso@robbinsfirm.com
>Joshua B. Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com
>Carey A. Miller
>Georgia Bar No. 976240
>cmiller@robbinsfirm.com
>Alexander F. Denton
>Georgia Bar No. 660632
>adenton@robbinsfirm.com
>Javier Pico-Prats
>Georgia Bar No. 664717
>jpicoprats@robbinsfirm.com
>Robbins Alloy Belinfante Littlefield LLC
>500 14th Street, N.W.
>Atlanta, Georgia 30318
>Telephone: (678) 701-9381
>Facsimile:  (404) 856-3255
>
>Bryan P. Tyson
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Jonathan D. Crumly
>Georgia Bar No. 199466
>jcrumly@taylorenglish.com
>James A. Balli
>Georgia Bar No. 035828
>jballi@taylorenglish.com
>Diane F. LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com

- 9 -

Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>    *Defendants*. | Civil Action File<br><br>No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13.

This 8th day of February, 2022.

                              */s/ Carey A. Miller*
                              Carey A. Miller

- 10 -