# EXHIBIT A

Coalition for Good Governance's Responses to
Defendant Anh Le's First Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFF COALITION FOR GOOD GOVERANCE'S RESPONSES TO DEFENDANT ANH LE'S FIRST INTERROGATORIES**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, the Coalition for Good Governance ("CGG"), by and through counsel, hereby responds and objects to Defendant Anh Le's First Interrogatories to CGG, served August 16, 2021.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:**

Please identify any and all criticisms you have of the State's audit of the 2020 General Election.

**Response:**

CGG objects to this Interrogatory as overly broad as it seeks "any and all criticisms." CGG cannot compile every minor criticism of a state-wide audit involving thousands of people. CGG also objects because the CGG is still trying to

1

collect documentation of what happened during the audit of the 2020 General Election, to analyze for potential problems. CGG cannot identify any and all criticisms of the audit while that analysis is still ongoing.

Without waiving the foregoing objections, CGG responds that it is critical of the lack of any procedures to reconcile the tallies of the audit and the machine counts of the 2020 General Election. Clear procedures would have allowed counties to find where the counts differed, to examine the causes of those differences, and to fix certain problems in the election process, and ensure a more accurate final certified result. The lack of those procedures has left those tasks to private groups and citizens when they should have been handled by state and county officials in a transparent process with adequate citizen oversight in the first place.

**Interrogatory No. 2:**

Please identify all polling place locations in the State of Georgia visited by your experts in the Litigation in connection with their work on this case and any and all persons who accompanied your experts on such visits.

**Response:**

CGG's expert Harri Hursti visited the following polling locations:

- High Museum (Fulton)
- State Farm Arena (Fulton)
- FanPlex (Fulton)

- Fairburn Senior Center (Fulton)

- Christ Episcopal Church (Fulton)

- Central Park Rec. Center (Fulton)

- Ponce de Leon Library (Fulton)

- UGA Campus (Spalding County)

- First Assembly of God Church (Spalding)

At each location he was either accompanied by Marilyn Marks or Dan Weber. For some locations, he was also accompanied by a PBS news crew. CGG will supplement this response upon a more thorough search of manual records.

**Interrogatory No. 3:**

Identify each and every one of the "[a]uditing and voting system experts" that you rely on in Paragraph 115 of the First Supplemental Complaint for the statement that such "experts are in virtually unanimous agreement that in most elections, many, if not most, voters will be unable from memory, without the benefit of any visual cues or context, to reliably, accurately, and completely, verify the completeness and correctness of a paraphrased textual summary of the selections they previously made on the touchscreen over the course of potentially 5 or 10 minutes." Because the allegation in the complaint concedes that there is not unanimity on the issue, please identify those experts who agree and disagree with what you allege to be the "virtually unanimous" position.

3

**Response:**

CGG relies on the expert opinions of Phillip Stark, Harri Hursti, Duncan Buell, and Richard DeMillo. CGG also relies on academic papers already cited in this case, including, *Can Voters Detect Malicious Manipulation of Ballot Marking Devices?*, Bernhard, M., et. al., (2020); and *What Voters are Asked to Verify Affects Ballot Verification: A Quantitative Analysis of Voters' Memories of Their Ballots*, DeMillo et. al., (2018). CGG is not aware of any experts that take the position that verifying a BMD ballot is easy or can be done universally. The only disagreement among experts that CGG is aware of is whether or not the voting process can be improved enough so that an adequate number of voters accurately verify their ballots.

**Interrogatory No. 4:**

Identify a system of ballots that are "uniformly reliable as records of voter intent" as you allege in Paragraph 116 of the First Supplemental Complaint.

**Response:**

Hand marked paper ballots are reliable records of voter intent.

**Interrogatory No. 5:**

Identify every study, test, research, or other document that supports your contention in Paragraph 118 of the First Supplemental Complaint.

**Response:**

CGG objects to this Interrogatory because it is so unintelligible, CGG cannot determine what information Defendant is seeking. Paragraph 188 of the First Supplemental Complaint reads, "Requiring voters to perform a challenging, memory-based verification of a paraphrasing of their touchscreen vote selections in order to assure that the printed text summary accurately reflects the voters' choices severely burdens the right to vote." This paragraph is merely stating that requiring a burdensome task in order to vote is a burden on the right to vote. CGG is unaware of any studies, tests, or research that would help clarify that statement.

**Interrogatory No. 6:**

Identify what constitutes "high education levels, excellent memories, [and] excellent English skills" that are alleged in Paragraph 120 of the First Supplemental Complaint.

**Response:**

CGG objects that this Interrogatory is unintelligible. Paragraph 120 of the First Supplemental Complaint does not suggest there are some thresholds or qualifications for what constitutes, for example, and excellent memory. In the United States, "high[er] education" levels means "any schooling beyond high school. ... Higher education includes the following: Colleges and universities. When most people speak of higher education, they are referring to colleges and universities."

See https://americanprofile.com/articles/what-is-higher-education/. "Excellent memor[y]" refers to the mental capacity or faculty of retaining and reviving facts, events, impressions, etc., or of recalling or recognizing previous experiences. See https://www.dictionary.com/browse/memory. Excellent English skills refer to the "four skills" of listening, speaking, reading, and writing using the English language. Of course, other skills such as pronunciation, grammar, vocabulary, and spelling all play a role in effective English communication, but those typically are not as important with respect to voting.

**Interrogatory No. 7:**

Identify every voter who has been "reluctant to even show pollworkers their ballot card to try to demonstrate the inaccuracies, because doing so will reveal their private ballot choices" as are alleged in Paragraph 139 of the First Supplemental Complaint.

**Response:**

CGG objects to this interrogatory as unduly burdensome because it asks to identify "every" voter that would be reluctant to show their ballot to a poll worker. Coalition Plaintiffs cannot list every voter who would be reluctant to give up their Constitutionally protected right to a secret ballot. However, individual members of CGG—Laura Digges, William Digges, Megan Missett, and Ricardo Davis—would

be reluctant to show their ballots to a poll worker, as would numerous members who have filed declarations stating the importance of the absolute secrecy of their ballots.

**Interrogatory No. 8:**

Identify each and every expert sho led to your statement, in Paragraph 167 of the First Supplemental Complaint, that "[c]ybersecurity experts warn that the use of a 'barcode' application for voting systems is inherently dangerous."

**Response:**

CGG relies on the expert opinions of Phillip Stark, Harri Hursti, and Duncan Buell.

**Interrogatory No. 9:**

Identify each and every individual who, during DEFCON 27, allegedly "identified twenty vulnerabilities, including flaws that specifically affect the scanners used by the Dominion BMD System" as articulated in Paragraph 173 of the First Supplemental Complaint.

**Response:**

Information on vulnerabilities found in voting equipment during DEF CON 27 can be found in the report "DEF CON 27 Voting Machine Hacking Village" from August 2019.[1] The report was co-authored by Matt Blaze (Georgetown University), Harri Hursti (Nordic Innovation Labs), Margaret MacAlpine (Nordic Innovation

---

[1] Available at https://media.defcon.org/DEF%20CON%2027/voting-village-report-defcon27.pdf

Labs), Mary Hanley (University of Chicago), Jeff Moss (DEF CON), Rachel Wehr (Georgetown University), Kendall Spencer (Georgetown University), and Christopher Ferris (Georgetown University).

However, CGG objects to this request as unduly burdensome because it asks to identify "each and every individual" who identified these vulnerabilities. The report does not list every participant who found a vulnerability, and the possible participants include any "hackers, technologists, academics, and other experts" who attended the conference that year. CGG is in no better position to identify these individuals than the State Defendants are.

**Interrogatory No. 10:**

Identify the "transportation costs" associated with "choosing to vote by mail" as alleged in Paragraph 204 of the First Supplemental Complaint.

**Response:**

CGG objects that this Interrogatory is duplicative of one also sent to the individual plaintiff members of Coalition for Good Governance. CGG incorporates by reference the individual plaintiff members' responses and objections to this Interrogatory. Individual plaintiffs' members responses are indicative of such transportation costs experienced by numerous other CGG members.

**Interrogatory No. 11:**

Identify any and all fact witnesses upon whom you will rely at summary judgment or at trial in this litigation and any such witnesses' expected testimony.

**Response:**

Coalition Plaintiffs object to Interrogatory No. 21 as an improper compound interrogatory consisting of multiple discrete subparts. See Fed. R. Civ. P. 33(a)(1). Coalition Plaintiffs further object to this Interrogatory on the grounds that it prematurely seeks discovery of Plaintiffs' final witness list for trial.

**Interrogatory No. 12:**

Identify all "members" of the Coalition for Good Governance that are residents of the State of Georgia, the date their membership began, and (if applicable) the date their membership ended.

**Response:**

Coalition Plaintiffs object to this Interrogatory because it impermissibly seeks membership lists in violation of Coalition Plaintiffs' First Amendment rights.

Without waiving the foregoing objection, CGG responds that Plaintiff Megan Missett is a member of CGG. She joined the organization through an oral agreement in 2017 and continues to be a member.

**Interrogatory No. 13:**

Identify the responsibilities or obligations entailed in being a "member" of Coalition for Good Governance, and any benefits conferred by such membership.

**Response:**

Members of the Coalition for Good Governance work together to promote the goals of the organization. Through their work with the Coalition for Good Governance, members have volunteered their time and efforts to improve the election systems across multiple states. CGG provides voter education on issues such as protecting voter privacy, and mail ballot application processes, and provides volunteers or interns to help member voters who contact CGG during elections. CGG provides members with poll watcher training. CGG provides members with education for citizen lobbying on election-related matters. CGG speaks on behalf of members to election officials during their public meetings. The foregoing benefits are examples, but not all of the types of benefits that CGG provides its members.

This 15th day of September, 2021.

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
Tel: (404) 869-7600
cichter@ichterdavis.com

*Attorney for Megan Missett, Ricardo Davis, Laura Digges and William Digges*

and

/s/Bruce P. Brown
Bruce P. Brown
BRUCE P. BROWN LAW LLC
Georgia Bar No. 064460
1123 Zonolite Road, Suite 6
Atlanta, GA 30306
(404) 881-0700
bbrown@brucepbrownlaw.com

*Attorney for Coalition for Good Governance*