# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## COALITION PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO EXCLUDE SUPPLEMENTAL REPORTS OF DRS. BUELL AND STARK

Coalition Plaintiffs respectfully submit this brief to respond to Defendants' self-styled "Emergency Motion" and to respond to certain questions posed by the Court in its February 11, 2022 Order (the "Order"). Also, as the Court has already denied Defendants' motion with respect to Dr. Stark, Coalition Plaintiffs will not be addressing that aspect of the motion.

As the Court indicated in the Order, the Court contemplated the possibility that informal communications between the parties may have given Defendants adequate notice of Dr. Buell's participation in discovery on the topics covered by his report. Indeed, that is the case.

State Defendants imply there was unfair surprise in the topics covered by Dr. Buell's report. In fact, it is Coalition Plaintiffs and Dr. Buell who were caught by unfair surprise by having to alter the original plans for Dr. Buell's work very near the July 1, 2021 deadline for submission of expert reports. Coalition Plaintiffs did not expect the State to produce materially incomplete and unverifiable electronic records shortly before the July 1 deadline. Nor did Coalition Plaintiffs anticipate during early 2021 that the Court would: (i) limit current discovery to the individual Plaintiffs injury-in-fact (Order, Doc. 1154 at 1) and (ii) require individual Plaintiffs to identify injuries associated with their recent voting experience before Coalition Plaintiffs would have access to the software and equipment used in the Georgia voting election system. (Doc. 1171 at 6). Coalition Plaintiffs had originally planned for Dr. Buell to examine and evaluate that software, equipment, and related records.

The records which Dr. Buell analyzed for his report and the essential need for them were addressed in the August 19, 2021 hearing (Aug. 19, 2021, Hr'g Tr. 13:4) in the context of Coalition Plaintiffs' counsel explanation of electronic records' having evidence of inaccurate tabulations:

> And so if we have evidence that one of our plaintiffs has voted in a precinct where votes have been counted incorrectly and it is a result of the deficiencies in the voting system that we're challenging, to us that seems like that is a pretty good lock on standing at the very least and very likely that entitles us to prevail on the merits.

(Aug. 19, 2021, Hr'g. Tr. 63:8-13).

The electronic records which were analyzed by Dr. Buell in his January 11, 2022 report are the records that have been the subject of scores of hours of attorneys' review as the records have been sought throughout most of 2021. Those records depict systemic tabulation flaws of currently unknown causes. While State Defendants may claim they did not know until November's hearing which of the Coalition's experts (Buell, Hursti, Skoglund or Lamb) would conduct the analysis of the electronic ballot records, it was clear during most of 2021 that Coalition Plaintiffs clearly communicated to Defendants the documents and analysis were essential discovery to be conducted by their experts, and would certainly be the subject of one or more experts' reports. Given the dozens of communications between the parties concerning the need for production, review and analysis of those records, the State Defendants cannot be remotely or unfairly surprised by Dr. Buell's analysis or findings. Embarrassed, yes; surprised, no. They understandably want to a way to keep Dr. Buell's damning findings out of the record.

Throughout his declarations filed in 2017 and 2018 (Doc. 1278-1, at 6-21). Dr. Buell references his background in voting systems research involving post-election tabulation verification using electronic records and software review of election management systems. Logically, this was the very type of work that

3

Coalition Plaintiffs had anticipated undertaking in discovery when Dr. Buell was engaged, and Defendants should have reasonably expected that kind of analysis to be undertaken when the required records are made available. Given Dr. Buell's background and the Coalition Plaintiffs' repeated and urgent requests for materials critical to his analysis, Defendants cannot credibly claim surprise by Dr. Buell's *planned* research activities or surprise that those activities were effectively thwarted by their failure to timely produce critical discovery.

State Defendants' attempt to portray Dr. Buell as being involved only in the DRE portion of the case (Doc. 1308 at 5), but that effort is wholly disingenuous. On September 15, 2021, Coalition Plaintiffs responded to Defendant Ahn Lee's Interrogatories Nos. 3 and 8, stating they were relying on Dr. Buell's expert opinions regarding BMDs. *See* Exhibit A.

Counsel for Coalition Plaintiffs wrote State Defendants' counsel on July 30, 2021, stating that Coalition was awaiting the production of the Election Project Packages for all counties and noting that the "experts need access" to those materials. Counsel went on to explain that the records were an "essential element of our experts' discovery work" and that it "would soon hinder the work of the experts" if the files were not promptly provided. (Doc. 1298-1 at 7, 8).

Counsel for State Defendants responded acknowledging Coalition's statement that the files were needed for "*experts'* analysis," but denied having possession of the records (Doc. 1298-1 at 7), although the Secretary's office had sole possession of Cobb County ballot images, a fact not made known to Coalition Plaintiffs until October 5, 2021 (Doc. 1298-4 at 13, 14).

On October 11, 2021, Coalition Plaintiffs wrote to counsel for State Defendants, stating that Coalition's "*experts* worked with the Cobb County files," as they sought 450,000 still missing files. (Doc. 1298-5 at 3). On October 18, 2021, Coalition wrote again seeking complete Cobb County electronic records that were in the possession of State Defendants, despite their denials and representations to the contrary (Doc. 1298-1 at 7; Aug. 19, 2021 Hr'g Tr. 14:23-15:12), noting that Coalition's experts had inventoried the delivered files to ascertain what files were still missing. (Doc. 1298-4 at 6).

Coalition Plaintiffs again wrote to State Defendants counsel on November 30, 2021, attempting to obtain the missing Fulton electronic records noting, "We really need to let our *experts* work with them." (Doc. 1298-3 at 4). Although Coalition Plaintiffs did not specifically name Dr. Buell as the particular expert who required the files, his involvement as Coalition Plaintiffs' expert related to voting system vulnerabilities, his analysis of post-election electronic balloting records, and his

5

analysis of specific Plaintiffs' home precinct vote tabulation discrepancies can hardly be a surprise to the State Defendants.

Counsel for Coalition Plaintiffs continued to pursue the Fulton electronic files on December 1, 2021, advising Defendants' counsel that "[i]t is imperative that Coalition *experts* be given a fair opportunity to analyze these basic election records, most of which have been requested repeatedly since May." (Doc. 1298-3 at 2, 3). The December 1 email also stated that Coalition Plaintiffs' representative met with Fulton County Board counsel and representatives of Fulton County following the November 19, 2021 hearing in an effort to obtain the requested files (Doc. 1298-3 at 2-4). The follow-up meeting was referenced by Coalition's November 22 email noting that the *experts* needed to receive the electronic files. (Doc. 1298-3 at 4).

A follow-up meeting was held on November 23, 2021, between Coalition Plaintiffs and counsel for Fulton for the purpose of informing Fulton County of the concerns emerging from the work of Dr. Buell and Plaintiffs' consulting experts. Coalition encouraged Fulton County to cooperate in locating the missing documents and ESI and resolving the issues that were being uncovered given the upcoming 2022 elections. Coalition Plaintiffs' counsel urged Fulton County's counsel to engage in follow-up meetings to address the irregularities being detected. Coalition Plaintiffs' counsel and Fulton County's counsel held a follow up meeting on to

discuss the irregularities on January 10, 2022 (Doc. 1298-10 at 8), when the needed records for the experts' work were also discussed.

Defendants opposed Coalition Plaintiffs' planned discovery activity related to electronic data and software on the EMS server and other election system components, and to date, the Court has denied such equipment discovery. (Doc. Order 1171 at 6). When that equipment and data discovery is ultimately permitted, Dr. Buell plans to participate examining the equipment and data produced, as has long been the Coalition's plan.

On July 1, 2021, there was simply nothing to report on the topic of examination of the security of the installed voting system components, given that such work had not been authorized by the Court. The July 1, 2021 transmittal of the prior expert reports was accompanied with the disclosure that "the referenced Reports ***will be supplemented by further expert opinions*** that will be forthcoming as soon as possible after Defendants have responded to numerous requested, but currently overdue and outstanding, discovery requests that are required by Coalition Plaintiffs' experts in order to formulate those forthcoming opinions." (Doc. 1278-1 at 2) (emphasis added).

As the Court is aware, on the topic of Dr. Buell's other anticipated work consisting, in part, of a review of the electronic records related to cast vote records

7

and tabulations, the Court later issued guidance that Plaintiffs focus their discovery work on the Plaintiffs' voting experiences to show injury-in-fact. (Order Doc. 1171-6). The basic required electronic records essential to any such analysis for Fulton, DeKalb and Cobb counties (where six of the seven individual Plaintiffs reside) were not produced until long after July 1, 2021. If State Defendants have been surprised in any way, it is a problem of their own making. Indeed, the Coalition Plaintiffs were surprised to find that certain records were unavailable, others were partially destroyed, delayed, incomplete or contained significant and unexpected tabulation errors highly relevant to Plaintiffs' claims of systemic deficiencies across the various components of the Dominion Voting System.

Given the poor condition of the electronic records, the extremely delinquent and still incomplete production, Dr. Buell had to adapt his work to meet unanticipated requirements. Rather than produce all the required Election Project Packages and ballot images in their possession or control that would have disclosed these irregularities months earlier, State Defendants forced Coalition Plaintiffs into a protracted subpoena and data production process to attempt to obtain the needed records from DeKalb and Cobb counties, home counties of four named Plaintiffs, and objected to the production of the cast vote records until November 2021.

All the while, despite their representations to the Court and Plaintiffs, the Secretary of State's office had *sole* possession of the Cobb County ballot images and allegedly had an electronic copy of the withheld complete Fulton Recount Election Package. (Doc. 1298-3 at 4). By creating unnecessary, months-long delays in records production (Doc. 1297-1 at 9), withholding electronic records in their possession, obstructing discovery with less than candid denials regarding possession of the needed records, and misrepresenting the accuracy of the tabulations (Doc. 1105-3 at 2) including claiming that the system had been proven to "work the way it was supposed to" (June 2, 2021 Hr'g Tr. 29:13-18), State Defendants should not now benefit by excluding Dr. Buell's efforts to appropriately respond to changing circumstances and the unanticipated posture of the case.

The reality is that State Defendants wish to exclude the damning facts of the irregularities in the November 2020 election tabulations in Dr. Buell's report that detail the further injury-in-fact to named Plaintiffs and Coalition for Good Governance members. Those facts demonstrate a strong likelihood of future harm unless the voting system deficiencies are mitigated. State Defendants can no longer claim that such irregularities and discrepancies are hypothetical or speculative given Dr. Buell's analysis. State Defendants should not be permitted to prejudice Coalition Plaintiffs' pursuit of their claims because their actions successfully prevented Dr.

Buell and Coalition Plaintiffs from timely analysis of complete electronic data central to Coalition Plaintiffs' claims.

Respectfully submitted this 16th day of February 2022.

        */s/ Cary Ichter*
        CARY ICHTER
        Georgia Bar No. 382515
        cichter@ichterdavis.com
        **ICHTER DAVIS LLC**
        3340 Peachtree Road NE,
        Suite 1530
        Atlanta, Georgia 30326
        (404) 869-7600

        */s/Bruce P. Brown*
        Bruce P. Brown Georgia
        Bar No. 64460
        **BRUCE P. BROWN LAW LLC**
        1123 Zonolite Rd.,
        Suite 6
        Atlanta, Georgia 30306
        (404) 881-0700

        */s/ Robert A. McGuire, III*
        Robert A. McGuire, III
        Admitted Pro Hac Vice (ECF No. 125)
        ROBERT MCGUIRE LAW FIRM
        2703 Jahn Ave NW, Suite C-7
        Gig Harbor, WA 98335
        (844) 318-6730

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Cary Ichter*
Cary Ichter

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, a true and correct copy of the foregoing **COALITION PLAINTIFFS' COALITION PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO EXCLUDE SUPPLEMENTAL REPORTS OF DRS. BUELL AND STARK** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

*/s/ Cary Ichter*
Cary Ichter