IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

　　*Plaintiffs*,

　　v.

BRAD RAFFENSPERGER, *et al.*,

　　*Defendants*.

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

## MOTION TO STAY PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, TO AMEND THE SCHEDULE

State Defendants move this Court to stay proceedings in this case pending a decision of the Eleventh Circuit in the appeals from this Court's 2020 Preliminary Injunction Orders, Appeal Nos. 20-13730 and 20-14067. Such a stay will allow for completion of the outstanding discovery addressed herein and for summary judgment motions and briefing to reflect the Eleventh Circuit's decision in those appeals. Alternatively, State Defendants request this Court amend the schedule and defer the deadline for summary judgment motions until after oral argument in the appeals, scheduled for May 19, 2022. As explained herein, a stay of proceedings is an appropriate exercise of this Court's "broad discretion[,] … incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). Even if not,

1

good cause exists to modify the scheduling order at this juncture. This is particularly true where, as here, multiple outstanding discovery issues remain, the propriety of the Court's injunctions will be argued weeks after the conclusion of summary judgment briefing under the current schedule, pre-election preparation for the primary is underway, and a lengthy trial involving the State Defendants and their counsel in the matter *Fair Fight Action v. Raffensperger*, No. 1:18-cv-05391 (N.D. Ga.), is scheduled to begin in the midst of the current briefing schedule.

## I.   Outstanding discovery matters

This round of abbreviated discovery has expanded dramatically in the ten months since this Court determined discovery to be appropriate. [Doc. 1088]. At present, the parties have taken more than twenty depositions in this round of discovery, including Plaintiffs taking the depositions of four SEB members, six current and former employees of the Secretary of State's Office, State Defendants' expert Dr. Gilbert, and at least three current and former employees of the Fulton County Board of Registration and Elections. Likewise, State Defendants have deposed all individual Coalition Plaintiffs, two of the three individual Curling Plaintiffs, and Curling Plaintiffs' experts Drs. Halderman and Appel.

Nonetheless, certain discovery issues remain outstanding or otherwise have been scheduled in a manner which will make moving for summary judgment by March 17, [Doc. 1236], impossible:

1. *The Important and Time-Sensitive Issue Raised with the Court in December 2020.* Curling Plaintiffs, via electronic mail to the Court's clerk, raised what they described as an "important and time-sensitive issue" on December 23, 2020. [Doc. 1106]. State Defendants requested documents concerning this issue and, ultimately, a discovery dispute statement was filed with the Court. [Doc. 1250]. As explained therein, Curling Plaintiffs had communicated that "emails" with the Court's former law clerk existed but that only one was "substantive." *Id.* at 3–4. State Defendants noted in response that they sought all responsive communications, whether Curling Plaintiffs deemed them "substantive" or not, *id.* at 6 n. 7, and this Court ordered production of "any document(s) or communication(s) responsive" to the request on January 12, 2022. [Doc. 1252]. Curling Plaintiffs did not produce any documents at that time, however. On January 31, 2022, Curling Plaintiffs produced a single email message, apparently the "substantive" communication. On February 25, 2022, the remaining

emails with the Court were produced.[1] State Defendants refrain

from detailed discussion regarding those messages here while the

confidential designation remains applicable. However, the contents

of the messages raise significant concerns which will require further

discovery to (1) confirm completion of the production; (2) confirm

that no other *ex parte* communications have occurred; and (3)

understand the nature of a telephone call referenced therein.

2. *Coalition for Good Governance 30(b)(6)*. On February 3, 2022, State

Defendants requested confirmation that the discovery productions of

the Coalition for Good Governance ("CGG"), relating to those

matters discussed during the January 27, 2022 conference, was

complete.[2] *See also* [Docs. 1245, 1257, 1265] (discovery dispute

regarding Second Requests and Interrogatories). State Defendants

received a response to that inquiry on March 2, 2022, and intend to

---

[1] Both of these messages are filed separately under seal as ordered by the Court. [Doc. 1252 at n.1]. State Defendants do not believe a confidential designation for that document is appropriate and request this Court review that designation. *Id.*

[2] The State's expressed concern regarding document productions was underscored during the deposition of Mr. Sterling, in which Coalition Plaintiffs questioned Mr. Sterling about a recording that had not been produced. By proceeding with this deposition, State Defendants do not waive their rights to seek relief with respect to any deficient document productions.

take the 30(b)(6) deposition of CGG on one of the dates provided by Coalition's counsel: March 11, 16, or 17.[3]

3. *CGG Associational Standing.* In addition to the 30(b)(6) deposition of CGG to explore its organizational standing, discovery is required to explore CGG's claimed associational standing. As this Court is aware, CGG refused to identify individuals upon whom it was relying for associational standing until being directed to do so during the January 27, 2022, conference with the Court. On February 2, 2022, following the close of discovery under the existing scheduling order, CGG identified sixteen purported members upon whom they intend to rely. Of course, associational standing requires CGG to prove "that its members would otherwise have standing to sue in their own right," *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1249 (11th Cir. 2020), and Defendants thus must conduct discovery on the injury claimed by these "members," twelve of whom are not Plaintiffs.

---

[3] Previously, CGG had offered the dates of February 16, 17, or 18, but State Defendants had not received the aforementioned confirmation regarding CGG's productions and, within a week of offering those dates, the deposition of Mr. Sterling was moved to the 16th (at Plaintiffs' request) and CGG indicated that the 17th and 18th were no longer options for their availability.

4. *Deposition of Donna Price.* As the Court is aware, Ms. Price's deposition was delayed due to personal reasons. State Defendants are now scheduled to take her deposition on March 8, 2022.

5. *Continued depositions of Messrs. Beaver and Barnes.* State Defendants have agreed to make Mr. Beaver available for the remaining time of his deposition (shortened by the Feb. 2, 2022 conference with the Court and a flight of Mr. Beaver) plus an additional two hours as ordered by the Court, [Doc. 1266], for a total of four additional hours. At Curling Plaintiffs' request, State Defendants have proposed dates for next week and Curling Plaintiffs today determined to continue the deposition on March 10. State Defendants have likewise agreed to make Mr. Barnes available for the time remaining on his deposition, which ended early due to childcare obligations. Approximately thirty minutes of the seven-hour period remain for Mr. Barnes. However, State Defendants understand Curling Plaintiffs wish to resume Mr. Barnes's deposition for another four hours, in addition to the nearly

thirteen hours of deposition time Mr. Barnes has already sat for.[4]

State Defendants maintain that 17 hours of deposition time is

inconsistent with both the Rules of Civil Procedure and this Court's

Order for abbreviated discovery. [Doc. 1088].

All of the matters listed above render the March 17, 2022 deadline for summary judgment motions impractical. Indeed, the parties will still be completing depositions within a week of the summary judgment deadline, leaving little time to receive transcripts and incorporate such matters into motions. And even still, absent a full understanding of the *ex parte* communications, State Defendants simply cannot move forward as planned. Ordinarily, a short delay of the summary judgment deadline would be appropriate, but the State Defendants and their counsel will be consumed with trial in *Fair Fight Action v. Raffensperger* scheduled to begin April 11, 2022 and ending May 16, 2022. Accordingly, State Defendants request this Court stay proceedings until the Eleventh Circuit rules on the appeals or,

---

[4] In addition to the Feb. 11, 2022 Deposition of Mr. Barnes, he was also deposed by Plaintiffs on June 27, 2019. *See* [Doc. 472-10] (deposition transcript).

alternatively, to delay summary judgment until after oral argument in the

appeals, set for May 19, 2022, while the discovery outlined above concludes.[5]

## II.    A stay of proceedings or amendment to the scheduling order is warranted.

This Court enjoys "broad discretion to stay proceedings as an incident

to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07

(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Especially in cases of

extraordinary public moment, [a plaintiff] may be required to submit to delay

not immoderate in extent and not oppressive in its consequences if the public

welfare or convenience will thereby be promoted." *Id.* at 707. And the

"Supreme Court has explained that 'a federal district court and a federal

court of appeals should not attempt to assert jurisdiction over a case

simultaneously.'" *Blinco v. Green Tree Svc., LLC*, 366 F.3d 1249, 1251 (11th

Cir. 2004) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56,

58 (1982)). Generally, a stay should be granted if (1) the moving party is

likely to succeed on the merits; (2) the moving party will be irreparably

injured absent a stay; (3) a stay will not substantially injure the other parties

interested in the proceeding; and (4) the public interest favors a stay. *Hand v.*

---

[5] A copy of the Eleventh Circuit's Argument Calendar issued to the parties by the Court is attached as **Exhibit A**.

*Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)). Likewise, Rule 16(b)(4) permits modification of a scheduling order for "good cause and with the judge's consent."

In this case, one of public import by the very nature of Plaintiffs' requested relief—dictating the State employ a voting process other than that prescribed by the General Assembly—a stay will undoubtedly promote convenience and efficient use of this Court's (and the parties') resources. *Clinton*, 520 U.S. at 707. Another Court in this district also chose to stay its summary judgment decision (and require new briefing) in analogous circumstances. *See Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-cv-05391, ECF Nos. 617 at 89–90 (exercising discretion to stay consideration of Section 2 claims pending a Supreme Court decision in *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021)). Indeed, the Eleventh Circuit has held: "a district court has good reason, '**if not an excellent one**' to stay a case 'to await a federal appellate decision that is **likely to have a substantial or controlling effect** on the claims and issues in the stayed case.'" *Id.* at 89 (emphasis added) (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)) (citing *Clinton*, 520 U.S. at 706). Nor would such a stay prejudice Plaintiffs. Quite the opposite: staying this case for ruling on the appeals is likely to elucidate the proper

application the *Anderson/Burdick* framework and Article III standing principles in this case, thus reducing duplicative efforts of the parties. On the other hand, if summary judgment is briefed now, this Court will be forced to either: (1) rule while the Eleventh Circuit also considers this case and without the benefit of a controlling opinion; or (2) hold those motions pending resolution of the appeals which likely will require additional briefing or even discovery tailored to the Eleventh Circuit's decision.

For similar reasons, the State Defendants also satisfy the *Nken* factors. First, a motions panel of the Eleventh Circuit has already held that State Defendants have met their burden on the *Nken* factors, [Doc. 986], and re-affirmed that conclusion on April 1, 2021, explaining that State Defendants "established that the district court almost certainly erred as a matter of law in imposing the injunction." [Doc. 1082-1 (Brasher and Lagoa, JJ., concurring)]. Consequently, the State has demonstrated it is likely to succeed on the merits of at least its appeal of the Pollbook Order. And the State will be irreparably injured by moving for summary judgment within a week of the last deposition Plaintiffs plan to take and without knowledge of the substance of Plaintiffs' *ex parte* communication(s) with the Court.

Nor will Plaintiffs be injured by a stay of litigation pending a ruling of the Eleventh Circuit. Indeed, the Eleventh Circuit's ruling on the appeals will

10

likely provide clarity to disputed legal issues, which may well render
summary judgment moot, stale, or dated and require the parties to begin this
exercise anew. *See* [Doc. 1082-1 (addressing application of *Anderson/Burdick*
to Plaintiffs' claims)]. Finally, a stay of the litigation serves the public
interest by efficiently either disposing of this matter or providing clarity as to
the applicable legal standards.

In the event this Court declines to stay the litigation, modification of
the scheduling order is required. Ms. Price's deposition has been delayed for
personal reasons and the 30(b)(6) deposition of CGG was postponed at
Plaintiffs' request for completion of their document productions. Likewise, the
*ex parte* communications and CGG's identified members were only recently
produced despite State Defendants' request for that information months ago.
*See* [Docs. 1245, 1257, 1265 (discovery dispute regarding CGG associational
standing) & 1250 (discovery dispute regarding *ex parte* communications)].
Consequently, State Defendants have not "lacked diligence" in attempting to
complete discovery. *Am. Heritage Life Ins. Co. v. Johnston*, 2022 WL 30175
(11th Cir. Jan. 4, 2022).

### III.   Conclusion

This Court should exercise its discretion to stay proceedings in this case pending outcome of the appeals which are "likely to have a substantial or controlling effect on the claims and issues" before the Court. *Miccosukee*, 559 F.3d at 1198. Doing so will also avoid this Court and the Eleventh Circuit exercising jurisdiction over the claims in this case at the same time and potentially reaching differing conclusions. *Blinco*, 366 F.3d at 1251. Further, a stay will allow for the completion of discovery outlined herein and allow the parties to address summary judgment in one round of briefing rather than requiring a delayed decision and likely supplemental briefing. If the Court declines to await a precedential ruling in this case, however, the current schedule should be amended to delay summary judgment briefing until after oral argument in the appeals. Otherwise, the State will have, at most, a week from the conclusion of depositions to move for summary judgment and will be forced to do so without understanding this Court's decision on the "important and time-sensitive issue" and apparent discussion of the same with Curling Plaintiffs in the absence of the Defendants.

Respectfully submitted this 4th day of March 2022.

*/s/ Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628

vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200

13

Atlanta, Georgia 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **<u>L.R. 7.1(D) CERTIFICATION</u>**

I certify that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this Response has been prepared using 13-pt Century Schoolbook font.


<u>*/s/ Vincent R. Russo*</u>
Vincent R. Russo