# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## JOINT FILING REGARDING DISCOVERY PER COURT ORDER

<u>**Plaintiffs' Statement**</u>

**I.     Time Necessary to Complete Depositions that Have Been Previously Noticed:**

**A.     Coalition Plaintiffs' Position**

The Coalition Plaintiffs do not need additional time to complete depositions prior to the motion for summary judgment.  Although Coalition Plaintiffs are entitled to completion of depositions after responsive documents have been produced, they are prepared to forgo certain planned discovery including depositions at this time (per the Court's directive for "abbreviated" discovery in this phase of the case) until after the resolution of the Defendants' forthcoming summary judgment motion.  That deferred discovery includes the still incomplete Fulton Defendants' document production and noticed, but not scheduled 30(b)(6) deposition, which has been awaiting complete document production.  Therefore additional time to conduct Fulton's Rule 30(b)(6) deposition is not needed at *this stage* of the case.  After making numerous unaccepted offers of deposition dates, Coalition Plaintiffs do not wish to delay the schedule to make any future dates available for the Rule 30(b)(6) Deposition of Plaintiff Coalition for Good Governance (Marilyn Marks).

**B.      Curling Plaintiffs' Position**

Curling Plaintiffs do not need any additional time to complete depositions

that have been previously noticed, subject to the important caveat below regarding

State Defendants' failure to comply with Rule 30(b)(6).  All Curling Plaintiffs have

been deposed, as have all their experts.

**II.      Time Necessary to Supplement Discovery Requests Previously Served
and/or Authorized by the Court:**

**A.      All Plaintiffs' Position**

Plaintiffs do not need additional time to supplement discovery requests

previously served or authorized.  Plaintiffs, however, do await production by State

Defendants of certain investigative files, as discussed below in the section on

"Open Discovery Disputes."

**III.     Open Discovery Disputes:**

The following is a list of discovery issues about which the parties disagree

relating to discovery that has been sought:

**A.      Discovery Sought by Plaintiffs:**[1]

1.     *State Investigation Files*:  Plaintiffs discovered during recent

depositions of the Secretary of State's Office that it failed to produce important

---

[1] There are additional significant deficiencies with Defendants' discovery, but
Plaintiffs are not pursuing those at this time to comply with the Court's directive

documents regarding investigations that its Investigations Division has handled
into specific election security concerns, such as use of Dominion voting machines
that did not comply with state and county security requirements for use in elections
and mishandling of voting machines and cast ballots.  These documents are
responsive to Curling Plaintiffs' Requests for Production Nos. 1 and 8 and
Plaintiffs' Joint Requests for Production No. 2.  (*See* Exhibit A.)

     2.     *Rule 30(b)(6) Deposition of the Secretary of State's Office*:  None of
the Secretary's Rule 30(b)(6) deponents undertook any preparation for their
examinations on the topics the parties *agreed upon* for the deposition apart from
meeting with litigation counsel (except that Mr. Beaver reviewed *two* of the
recently-produced Fortalice reports).  Each witness improperly relied only on his
own personal knowledge, which was extremely limited and fell far short of the
Secretary's obligations under Rule 30(b)(6).  Although Plaintiffs are entitled to
appropriately-knowledgeable witnesses on all the agreed-upon topics, they are
prepared to forgo such testimony at this time (per the Court's directive for
"abbreviated" discovery in this phase of the case) as long as State Defendants are
bound by and restricted to the testimony provided by their Rule 30(b)(6)

---

for "abbreviated" discovery addressing Plaintiffs' standing.  Plaintiffs reserve all
rights to revisit those deficiencies after the Court resolves Defendants' forthcoming
summary judgment motion addressing standing.

deponents.  In other words, they are not to be allowed to offer any information, evidence, or allegations not encompassed within the testimony of the witnesses they chose to testify to the knowledge of the Secretary's Office or otherwise disclosed in their document production or written discovery responses in summary judgment, opposing injunctive relief or at trial.

3.    *Rule 30(b)(6) Deposition of Fortalice*:  Because the Secretary's Rule 30(b)(6) witnesses were unprepared and did not speak with anyone at Fortalice or others knowledgeable about Fortalice's important security assessments for the Secretary, Plaintiffs are entitled to a Rule 30(b)(6) deposition of Fortalice as the Secretary's agent.  Not only is Fortalice serving as the Secretary's Chief Information Security Officer, but Plaintiffs finally learned during the recent Rule 30(b)(6) deposition of Merritt Beaver, the Secretary's CIO, why State Defendants have produced so few documents regarding Fortalice's important security work: after the devastating Fortalice reports came to light in 2019 that this Court relied on in part for its August 2019 injunction of Georgia's DRE voting system, Mr. Beaver directed Fortalice to no longer communicate anything in writing to the Secretary's Office for the purpose of avoiding discovery of those communications, including Fortalice's various assessments, findings, and recommendations.  Thus, Plaintiffs are entitled to a deposition of Fortalice to obtain critical discovery

regarding its work and the serious election security failings it has identified.  That

said, Plaintiffs are prepared to forgo those depositions in this phase of the case on

the compromise conditions described in Paragraph 2 above.

4.     *Depositions of Secretary Raffensperger and Deputy Secretary Fuchs*:

Because the Secretary's Rule 30(b)(6) witnesses were unprepared and did not

speak with anyone at the Secretary's Office, including Secretary Raffensperger and

Deputy Secretary Fuchs, for their examinations, they directed Plaintiffs to the

Secretary and Deputy Secretary for answers to important questions.  Plaintiffs,

thus, have established a clear need for those depositions.  That said, Plaintiffs are

prepared to forgo those depositions in this phase of the case on the compromise

conditions described in Paragraph 2 above.

5.     *Third-Party County Subpoenas*:  Coalition Plaintiffs have outstanding

third-party subpoenas to Dekalb and Cobb Counties (home counties for certain

individual plaintiffs) for cast vote records in json format and other November 2020

election records primarily related to the accuracy of tabulations.  State Defendants

have objected to this discovery, but they voluntarily waived this objection with

respect to Fulton County, which produced such records.  Coalition Plaintiffs will

attempt to promptly resolve this issue through conferrals with State Defendants.

6.     *Inspection of Original Fulton Paper Ballots*:  As noted in Coalition Plaintiffs' experts' reports, inspection of original paper ballots is required to help determine the systemic cause of the double and triple counting of thousands of votes and the failure to count some valid ballots, including in some Plaintiffs' home precincts.  Fulton County Defendants have denied Coalition Plaintiffs' request to inspect such ballots.  During the pendency of the motion for summary judgment, Coalition Plaintiffs are prepared to forgo the ballot inspection needed to determine the cause of the known tabulation discrepancies.

7.     *Coffee County:*  Coalition Plaintiffs may seek leave of the Court to serve non-party subpoenas relating to alleged unauthorized copying and theft of the Dominion Voting System software in Coffee County, Georgia for which State Defendants failed to produce knowledgeable witnesses despite specific requests from Coalition Plaintiffs' counsel.  Nor have the relevant investigative files been produced by State Defendants.  The allegations, if true, are time-sensitive and highly relevant to the issue of continued use of the Dominion Voting System in its current configuration.  This discovery should not delay the filing of the motion for summary judgment.

**B.      Discovery Sought by State Defendants:**

*1. Deposition of the Court's Former Judicial Clerk*:  State Defendants informed Plaintiffs that they seek to depose this Court's former judicial clerk, Ms. Holly Cole.  Plaintiffs do not believe such a deposition is necessary or proper.

*2. Rule 30(b)(6) Deposition of Coalition for Good Governance:*  State Defendants have failed to show diligence in scheduling the deposition.  On January 27, Coalition Plaintiff offered the entire month of February for this deposition but the State Defendant did not select a date.  On March 1, five dates in March were offered, but the State Defendants waited until yesterday to select a date.  Therefore, Coalition Plaintiffs do not believe that it is appropriate to extend the schedule further for this purpose.

*3. Depositions of Coalition Members Upon Whom CGG Intends to Rely for Associational Standing:*  State Defendants have deposed four CGG members (each also a party-Plaintiff) but has not deposed the other 14.  At State Defendants' request, Coalition identified these 14 members on February 2, 2022, as individuals they intend to rely on to help establish associational standing.  State Defendants have not noticed these depositions or indicated when they want to take these depositions.  State Defendants have simply waited too long for these additional depositions.

## IV.   Parties' Positions on Due Date for Motion for Summary Judgment

### A.   Coalition Plaintiffs' Position

Coalition Plaintiffs would oppose an extension of more than a week, so long as the BMD units are in use as the primary voting system.  Coalition Plaintiffs will explain their position in response to the State Defendants' Motion for a Stay or Extension, which they seek to file on March 18, 2022.

### B.   Curling Plaintiffs' Position

Curling Plaintiffs oppose any extension.  The current deadline was set, by agreement of the parties, quite some time ago, and this Court was clear in recent hearings that there would be no further extensions.  Curling Plaintiffs have worked very hard to accommodate the Court's deadlines and it would be highly prejudicial to change those deadlines now for reasons Curling Plaintiffs will explain in their response to State Defendants' untimely Motion for a Stay or Extension.  Curling Plaintiffs seek to file that response on March 18, 2022, per the 14-day time period under the Local Rules.

## V.   Parties' Position on a Stay

### A.   Coalition Plaintiffs' Position

Coalition Plaintiffs would not oppose a stay of the entire case, lasting no longer than 45 days, if it were entered prior to any additional depositions.

*However,* Coalition Plaintiffs would carve out any stay of the Court's consideration of the pending Motion for Attorney's Fees, as that motion has been fully briefed and is ripe for decision. Coalition Plaintiffs will explain their position in response to the State Defendants' Motion for a Stay or Extension, which they seek to file on March 18, 2022.

### B. Curling Plaintiffs' Position

Curling Plaintiffs oppose any stay of the case for the same reasons they oppose an extension, except they note that a stay would be even more prejudicial. Curling Plaintiffs will explain in their response to State Defendants' untimely Motion for a Stay or Extension their reasons for opposing a stay.

### <u>State Defendants' Statement</u>

This Court directed the parties to confer and identify outstanding discovery requests the parties agree were timely filed and/or noticed and those items the parties dispute are timely. [Doc. 1335]. Since the filing of State Defendants' motion to stay or, in the alternative, to amend the schedule, the depositions of Ms. Price and Mr. Beaver concluded on March 8 and March 10, 2022, respectively.

State Defendants understand the parties disagree on the following issues and, as requested by the Court, note the expected time to complete discovery on these issues:

1. *CGG 30(b)(6) deposition.* This morning, Coalition for Good Governance ("CGG") informed State Defendants that they would now oppose a deposition of CGG. Never mind that State Defendants noticed and scheduled this deposition to occur on October 4, 2021, but delayed that deposition at CGG's request for time to produce additional documents. Having still not heard confirmation from CGG on completion of their document production, State Defendants again served notice of this deposition on January 20, 2022. Again receiving no response to a February 2 request of State Defendants to confirm document productions, the deposition did not go forward still.[2] *See* [Doc. 1327 at 4-5]. More recently, Coalition Plaintiffs offered March 11, 17, or 18, to take the deposition. During conferral yesterday, State Defendants offered to proceed on either the 17th or 18th of March and CGG's counsel

---

[2] Even setting aside this lack of answer on document productions, the February dates offered by CGG became unavailable due to the delay of Mr. Sterling's deposition (again, at Plaintiffs' request) and unavailability of Coalition counsel. [Doc. 1327 at 5, n.3].

stated they would confirm availability of their counsel to defend the deposition on those dates. They have now reversed course.

2. *Discovery regarding CGG's associational standing*. On August 16, 2021, State Defendants requested CGG identify members that are residents of the State of Georgia and their dates of membership. Upon receipt of Coalition Plaintiffs' objection on First Amendment grounds, State Defendants narrowed that request to only those individuals upon whom CGG's is relying for its associational standing allegations. [Doc. 1245 at 6]. CGG failed to respond to State Defendants' proposed limitation, necessitating the filing of a discovery dispute on January 6, 2022, [Doc. 1245], responses and replies followed on January 12 and 19, respectively, due to CGG's failure to complete a joint discovery statement. [Docs. 1257, 1265]. In response, CGG indicated it would "provide a list of such members who Coalition at this time is relying upon for associational standing," [Doc. 1257], but those individuals were not disclosed to State Defendants until February 2, 2022, after the existing deadline for fact discovery.

   a. *Timeliness*. In its recent order, this Court noted a lack of clarity on when State Defendants had presented this request to Coalition Plaintiffs. State Defendants have not noticed any such depositions

given the late disclosure of those individuals, but note for the Court at least the following instances in which the issue has been raised:

    i.    During the November 19, 2021 Hearing on Plaintiffs' Motion to Sever, State Defendants' counsel noted their need to know "who [CGG is] going to rely upon for associational standing other than the named individual member plaintiffs. Because we're going to need to, if not depose every single one of them, at least investigate as to … their allegations of injury on which Coalition standing relies upon." Nov. 19, 2021 Hrg. Tr. 66:15–21. Counsel for CGG then explained that they had not received a discovery dispute letter on the topic from the State, but that counsel "[would] be glad to entertain it in good faith and process it in due course." *Id.* at 69:7–10.[3] State Defendants provided such a letter on December 8, 2021, on this topic and others, but it was not entertained or responded to, necessitating discovery dispute resolution.

---

[3] Further discussion on the matter in the same conference can be found at Tr. 22:18–23:22.

ii.   The issue arose again during the January 27, 2022 conference with the Court in which counsel for CGG stated: "We will give that list. We haven't done so yet. We need to do so. I completely agree. And we will follow-up our interrogatory responses by February 2nd. And we will verify those. And to the extent that requires additional discovery, which I doubt -- but if it does, we will stipulate that that would be reasonable for the State to do so." Jan. 27, 2022 Conf. Tr. 56:4–10; *see also id.* at 54:19–55:3.

iii.   Finally, State Defendants' counsel expressed this intent in telephone conversations with CGG's counsel while discussing the State's proposal to stay proceedings on their Complaint, occurring over the two weeks preceding State Defendants' motion.

b.   *Expected time for completion.* During conferral amongst the parties, State Defendants proposed two options: (1) The State will proceed with depositions of these individuals to understand the nature of their purported injury; or (2) The State will move to exclude those individuals for late disclosure and Coalition can proceed relying only

upon their diversion theory and associational standing based on the named individual plaintiffs that have been deposed. Based on State Defendants' experience taking numerous voter depositions in the *Fair Fight* matter, the State expects remote depositions under the first option will require approximately 2-3 weeks to complete, assuming CGG's cooperation in locating and producing these individuals. If subpoenas are required, the process will likely extend longer.

3. *The "Important and Time-Sensitive Issue" Raised in December 2020.* In order to effectively defend this case, the State Defendants must understand the nature of subsequent discussion referenced in communications produced by Curling Plaintiffs on February 25, 2022. [Doc. 1328-2].[4] State Defendants make no assumptions as to the nature of that subsequent discussion. Nevertheless, a material and substantive communication occurred, followed by another which itself indicates subsequent discussion and which was withheld from State Defendants even after an initial Court-ordered production. These facts necessitate clarity on the issue. State Defendants do not expect this to require significant time, excepting

---

[4] These communications were not produced on January 31, 2022, with the initial message, [Doc. 1328-1], despite being subject to production under the Court's January 31, 2022 Order. [Doc. 1252].

objections, and believe either a brief deposition (by oral or written questions), an affidavit under oath, or otherwise an explanation in open Court will likely suffice. State Defendants need only understand what was discussed, questions raised and answered therein, and the reason(s) expressed in that discussion, if any, for denying Curling Plaintiffs' emergency email request. State Defendants further maintain that the communications produced should not be subject to the Protective Order. [Doc. 1327 at 4 n.1].

4. *Discovery Concerning Dr. Halderman's Methods*. The Court directed State Defendants to propose a protocol for this inspection. Jan 27, 2022 Conf. Tr. 37:14–19. State Defendants have proposed the same protocol be utilized as was for Dr. Halderman's inspection of BMD equipment, provided that the video recording would not be produced to opposing counsel unless State Defendants intend to offer testimony on the inspection at trial. State Defendants do ***not*** believe this discovery issue impacts the summary judgment timeline as they do not intend to elicit any testimony on the inspection for summary judgment purposes. *Id.* at Tr. 31:21–32:3.

5. *Curling Plaintiffs' objection to preparation of 30(b)(6) witnesses*. Curling Plaintiffs have noted objections at various times that the State's 30(b)(6)

witnesses were not adequately prepared to provide deposition testimony on their exceedingly broad topics. State Defendants disagree but are entertaining Curling Plaintiffs' proposal that the record be closed as to testimony though the State Defendants admit some confusion on the proposal. In any event, the State does not intend to elicit some additional non-disclosed declaration or testimony of its employees for purposes of summary judgment if that resolves the matter.

6. *Curling Plaintiffs' request for investigative files*. State Defendants believe this request is untimely. Curling Plaintiffs first requested State Defendants produce investigative files during a February 23, 2022 conference amongst the parties. At that time, State Defendants requested Curling Plaintiffs identify the request to which they contend such files are responsive, renewing that request by email on February 25, 2022. During yesterday's conferral amongst counsel, Plaintiffs for the first time pointed to Curling Plaintiffs' 1st and 8th requests for documents as purportedly encompassing those files, but those requests were served in June of **2019** and concern only the DRE/GEMS system. Plaintiffs further pointed to their August 3, 2020 First Joint Requests for documents served during the period of expedited discovery preceding the 2020 preliminary-injunction hearing. However,

State Defendants objected to those requests and alternative, narrowed requests were compelled by the Court. [Doc. 775 at 3] (compelling responses to Plaintiffs' requests identified in [Doc. 769]). Notwithstanding the foregoing, depending on the scope of Plaintiffs' request, the time to produce such files could require up to three weeks and may raise investigative privilege issues in any active matters. Without a specific request, however, Defendants cannot adequately respond.

7. *Dr. Stark's Amended Supplemental Expert Report.* This Court permitted Coalition Plaintiffs to propose an amended report within 14 days of its order on the State's motion to exclude. [Doc. 1322]. State Defendants received Dr. Stark's second supplemental report on March 9, 2022 (the 14th day following the Court's Order), and will respond within seven days as ordered by the Court. *Id.* at 4. State Defendants have not taken the deposition of Dr. Stark given their objection to his original supplemental report and anticipated (and now disclosed) amended report.

## PROPOSED REVISED SCHEDULE

State Defendants maintain that the most efficient and prudent course of action at this juncture remains staying proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and

issues in [this case]." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009); *see also* [Doc. 1327]. Should the Court agree, State Defendants propose that the Court either immediately stay the case or issue an order allowing for any limited discovery the Court determines appropriate to conclude by April 1, 2022 and staying the case at that time.

In the event the Court determines to amend the schedule instead, State Defendants propose the following timeline to account for the State's impending trial in the *Fair Fight* matter and the turnaround for necessary deposition transcripts:

- Discovery raised in these filings as essential to summary judgment and deemed timely by the Court will conclude by **April 1, 2022**.

- Summary judgment motions be filed three weeks from the date of oral argument in the appeals on **June 9, 2022**.

- Responses will be due on **June 30, 2022**, pursuant to Local Rule 7.1(B).

- Replies due by **July 14, 2022**, pursuant to Local Rule 7.1(C).

As explained in State Defendants' motion, [Doc. 1327 at 7], ordinarily the State Defendants would propose delaying summary judgment for only a few weeks to account for delayed depositions, receipt of those transcripts, and other discovery

matters discussed herein. However, the impending *Fair Fight* trial scheduled for April 11, 2022, through May 16, 2022, and the parties' oral argument in the Eleventh Circuit on May 19, 2022, makes that impractical. State Defendants believe this schedule is reasonable and appropriately accounts for outstanding matters, but note that any intervening ruling of the Eleventh Circuit will likely still require supplemental briefing as discussed in State Defendants' motion. [Doc. 1327 at 10].

## Fulton County Defendants' Statement

### I.   Time Necessary to Complete Depositions that Have Been Previously Noticed:

The Fulton County Defendants do not need additional time to complete depositions.  Fulton County Defendants assert there is no additional document production, as it has indicated previously that the Fulton Defendants have produced all the responsive documents of which they have possession.  Fulton County is willing to make available, as previously discussed, the additional 30(b)(6) witnesses for deposition.

### II.   Open Discovery Disputes:

The following is a list of discovery issues about which the parties disagree relating to discovery that has been sought:

The Fulton County Defendants object to the Coalition Plaintiffs' request to inspect the original paper ballots.  Coalition Plaintiffs' request in this regard expands the scope of the discovery beyond the expedited discovery the Court allowed for this case and beyond the allegations in the lawsuit.  Additionally, pursuant to O.C.G.A § 21-2-500, the ballots have been transferred to the Clerk of the Superior and Magistrate Court of Fulton County and placed under seal such that the Fulton County Defendants do not have custody of the ballots and are unable to provide the inspection even if was within the reasonable bounds of discovery.

### III.    Parties' Positions on Due Date for Motion for Summary Judgment

Fulton County Defendants are in agreement with State Defendants' position with regard to an extension of the due date for Motions for Summary Judgment.

### IV.    Parties' Position on a Stay

Fulton County Defendants are in agreement with State Defendants' position with regard to a stay of the proceedings in this case.

Respectfully submitted this 11th day of March, 2022.

 /s/ David D. Cross                        /s/ Halsey G. Knapp, Jr.
David D. Cross (*pro hac vice*)         Halsey G. Knapp, Jr.
Mary G. Kaiser (*pro hac vice*)         GA Bar No. 425320
Veronica Ascarrunz (*pro hac vice*)     Adam M. Sparks
Hannah R. Elson (*pro hac vice*)        GA Bar No. 341578
Zachary Fuchs (*pro hac vice*)          KREVOLIN & HORST, LLC
MORRISON & FOERSTER LLP                 1201 West Peachtree Street, NW
2100 L Street, NW, Suite 900            Suite 3250
Washington, DC 20037                    Atlanta, GA 30309
(202) 887-1500                          (404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown                      /s/ Robert A. McGuire, III
Bruce P. Brown                           Robert A. McGuire, III
Georgia Bar No. 064460                   Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC                     (ECF No. 125)
1123 Zonolite Rd. NE                     ROBERT MCGUIRE LAW FIRM
Suite 6                                  113 Cherry St. #86685
Atlanta, Georgia 30306                   Seattle, Washington 98104-2205
(404) 881-0700                           (253) 267-8530

*Counsel for Plaintiff Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ Carey A. Miller*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

OFFICE OF THE COUNTY ATTORNEY
Y. Soo Jo, County Attorney

*/s/ Cheryl Ringer*
Cheryl Ringer
Georgia Bar No. 557420
David R. Lowman
Georgia Bar No. 460298
Kaye Burwell
Georgia Bar No. 775060
**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038

Atlanta, Georgia 30303
(404) 612-0246
(404) 730-6324 (fax)

*Counsel for Fulton Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 11, 2022, a copy of the foregoing **JOINT FILING REGARDING DISCOVERY PER COURT ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

- 1 -