

March 15, 2022

Honorable Amy Totenberg
U.S. District Court Judge
United States District Court
Northern District of Georgia
Atlanta, Georgia

    Re:    *Curling v. Raffensperger,* No. 1: 17-v-2989-AT: Plaintiffs' Opposition to State Defendants' Motion to Stay Proceedings (ECF No. 1327)

Dear Judge Totenberg:

This letter responds to your oral order to provide case law and a restatement of Plaintiffs' position concerning State Defendants' Motion to Stay Proceedings (ECF No. 1327). This is written on behalf of both the Coalition Plaintiffs and the Curling Plaintiffs. We write to express two points.

***First,*** the Coalition Plaintiffs originally did not have an objection to a relatively short stay of the case. However, given that the State Defendants have been granted an extension of time to file their Motion for Summary Judgment, Coalition Plaintiffs oppose the granting of a stay unless the State during the pendency of any stay agrees to not use the BMDs as the primary method of voting, at least until their vulnerability (as explained in the Halderman Report and as assessed by CISA) is fully mitigated. Curling Plaintiffs' position in opposition to a stay of the case remains unchanged.

The leading case generally on the power of a district court to stay a case before it pending resolution of other similar cases is *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Justice Cardozo, writing for the Court, held that the district court abused its discretion in staying the case. As for cases involving stays where an appeal is involved, the Court is referred to *Blinco v. Green Tree Servicing, LLC,* which specifically addressed "[w]hether a party is entitled to a stay of all proceedings in the district court until resolution of an

appeal *from a denial of arbitration* [as] an issue of first impression for this Court." 366 F.3d 1249, 1251 (11th Cir. 2004) (emphasis added). The court found that "[a]ll proceedings" necessarily were at issue because "[t]he only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated *at all* in the district court," such that "[t]he issue of continued litigation in the district court is not collateral" to the question on appeal. *Id.* *Blinco* is distinguishable because the appeals involve only discrete orders entering relief to only one group of plaintiffs.

*Miccosukee Tribe v. South Florida Water Management District,* 559 F.3d 1191 (11th Cir. 2009), on which State Defendants also rely, is also distinguishable. That court was concerned with the jurisdiction of the appellate court over whether it could review the district court decision to enter a stay under 28 U.S.C. 1291, not the wisdom of the stay itself as the language quoted in the Motion appeared to suggest. *See* 559 F.3d at 1193-94. A later court expressly distinguished *Miccosukee Tribe* on, among other grounds, that delaying the case would delay any owed relief to innocent and injured third parties and that litigation expenses are not an irreparable injury and could not be, for if they were, the irreparable injury factor would always favor a party seeking a stay pending appeal. *F.T.C. v. IAB Mktg. Assocs., LP*, 972 F. Supp. 2d 1307, 1312–13 (S.D. Fla. 2013). *See also Delta Air Lines, Inc. v. Marriott Int'l, Inc.*, No. 1:20-CV-01125-ELR, 2021 WL 5033481, at *3–4 (N.D. Ga. July 20, 2021) ("Even where the costs of litigation are substantial, such costs alone do[ ] not constitute irreparable injury. Additionally, the Court notes that [defendant's] assertion of irreparable injury is undercut because [defendant] waited two weeks to request a stay of the order.") (Citations and internal quotations omitted).

Further, it should go without saying that the concurring opinion of the motions panel which denied a motion to dissolve the stay of the Court's October 2020 order is and will be irrelevant to the assigned merits panel's evaluation. *Barrientos v. CoreCivic, Inc.*, 951 F.3d 1269, 1275 (11th Cir. 2020) ("We recognize that, like any decision made by a motions panel, a petition for interlocutory review under § 1292(b) may be improvidently granted.") (citing 11th Cir. R. 27–1(g)); *United States v. Harris*, 798 F. App'x 519, 520 (11th Cir. 2020) ("the government has renewed its contention that the appeal waiver bars Harris' appeal. It urges us, as the panel considering the appeal on the

merits, to vacate the motion panel's earlier order. We have the authority to do that."); *Jones v. United States*, 224 F.3d 1251, 1256 (11th Cir. 2000) ("[T]he motion panel's denial does not bind the panel hearing the case on the merits. …. In other words, the 'law of the case' doctrine does not apply to an administrative ruling issued pending oral argument.") (citing Rule 27-1(g)).

***Second***, whether or not a stay is granted, all Plaintiffs urge the Court to consider anew how the parties are prejudiced by these scheduling decisions and how the parties' respective interests may be accommodated. Plaintiffs do *not* ask the Court to reconsider its ruling that accommodates the practical difficulties that the State Defendants' law firms have run into in meeting the deadlines that were set months ago, even though the State Defendants waited until the last moment to seek relief. Plaintiffs, however, do urge the Court to consider the stresses upon the Plaintiffs' lawyers given the long pendency of their Motions for Attorney's Fees. Unlike the State Defendants, Plaintiffs are not asking the Court to make a special exception for the Plaintiffs or for the Court to excuse poor planning or execution. Instead, Plaintiffs' Motions has been ripe for determination under well-established law since it was filed almost three years ago. (ECF Nos. 595, 596). And, apart from the law, any prudential considerations that led the Court to initially withhold ruling on the Motions, such as the State's budget, are no longer a concern.

Plaintiffs' counsel are mindful that they have made this request to the Court many times and would not make this request again unless it were absolutely necessary to protect their clients' interest. Plaintiffs' counsel undertook this representation voluntarily, not knowing how long the litigation would go on, but the strain has become too much. Plaintiffs' counsel cannot continue in this way; it is unsustainable. Congress enacted Section 1988 to encourage lawyers to undertake matters that are in the public interest. This congressional intent will not be fulfilled if undertaking cases like this one become a punishing hardship, particularly when the lawyers achieve substantial and meaningful success for their clients that is manifestly in the public interest.

Plaintiffs therefore urge that the Court, during any period in which State Defendants' lawyers' schedules are accommodated or if the case is ultimately stayed, to consider and, if appropriate, grant Plaintiffs' Motions

Judge Amy Totenberg
March 15, 2022
Page 4

for Attorneys' Fees to give Plaintiffs and future litigants like them some prospect of being able to attract or retain counsel in this case.

    Respectfully submitted,

                                            */s/Bruce P. Brown*