IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | Civil Action File No. 1:17-cv-2989-AT |

**STATE DEFENDANTS' NOTICE OF OBJECTION
TO THE AMENDED REPORT OF DR. STARK**

Pursuant to this Court's Order allowing Plaintiffs to file an amended report from Dr. Stark, including potential data or data analysis from Dr. Buell's disallowed report, [Doc. 1322], the State Defendants hereby serve notice of their objection to the scope of the amended report of Dr. Stark.[1]

While opposing State Defendants' motion to stay the case and likewise any extension to the summary judgment deadline, Coalition Plaintiffs are at the same time continuing to expand their expert disclosures and produce new documents. Specifically, State Defendants moved to stay this case on March 4, 2022, [Doc. 1327], Coalition Plaintiffs produced the instant report

---

[1] A true and accurate copy of the March 9, 2022 Declaration of Philip B. Stark is attached as Exhibit A.

on March 9, 2022, have since provided two additional document productions on March 15, 2022 (two days prior to the CGG 30(b)(6)), and likewise objected to 30(b)(6) deposition topics for the first time on March 15, though they have had the same exact deposition topics since at least September 2021 and expressed no concern. State Defendants are preparing for summary judgment which Plaintiffs insisted must move forward and Plaintiffs' late disclosure of new evidence and expert reports will severely prejudice State Defendants' ability to do so. *Cochran v. Brinkmann, Corp.*, No. 1:08-cv-1790-WSD, 2009 WL 4823858 at \*6 (N.D. Ga. Dec. 9, 2009)); *see also Bell v. Guardian Auto. Corp.*, No. 1:15-cv-01350-ELR, 2021 WL 3017987 at \*3–5 (N.D. Ga. Jan. 21, 2021).

Dr. Stark provided his first amended supplemental report on January 11, 2022. That report addressed only information which had been publicly available since at least November 19, **2020**. *See* [Doc. 1278 at 7] (explaining that Dr. Stark's report reviewed SOS press statements, audit documentation on the SOS website, and publicly available election results); *see also* [Doc. 1105-3] (filing containing the same audit information). State Defendants sought to exclude this late disclosure (and that of Dr. Buell) on January 25, 2022, in part because Dr. Stark's opinions on the matter should have been disclosed when expert reports were due. [Doc. 1278] at 7–8 (citing

*Cochran*, 2009 WL 4823858 at \*6). Coalition Plaintiffs do not dispute that Dr. Stark's first amended supplemental report addresses only publicly available information.

The Court excluded Dr. Buell's supplemental report but nonetheless allowed Dr. Stark's first amended supplemental report and permitted Coalition Plaintiffs to further supplement and amended that report "[i]n the event there is data and data analysis from Dr. Buell's report that properly may be viewed as also falling within the scope of Dr. Stark's expert testimony and reports furnished in this case." [Doc. 1322].

Dr. Stark's March 9, 2022 second amended report includes 27 new paragraphs (nearly a 50% increase in length over the earlier report) and 5 new appendices, in Paragraphs 58-84 and Appendices 5-9. The additional paragraphs and appendices allow Dr. Stark and the Plaintiffs in this case to submit new discovery and analysis, past the discovery deadline issued by the Court. [Doc. 1238].

In paragraphs 58-84, Dr. Stark reviewed data which was attempted to be provided in Dr. Buell's report. However, Dr. Stark had not previously analyzed any of this data procured by the Coalition Plaintiffs and now discloses entirely new methods for his analysis. He states during various paragraphs, "I do not know in detail how those spreadsheets came to exist,"

[Ex. A at ¶ 59] and later goes on to explain "Coalition Plaintiffs also identified" **hand-marked paper ballots** which were allegedly double-scanned and that he "used the software in Appendix 6 to check their work." [Ex. A at ¶ 73]. Of course, as Dr. Stark explains in his declaration, that software contained in Appendix 6 is itself newly disclosed. [Ex. A at ¶ 1]. State Defendants object to these being outside the scope of Dr. Stark's reports, as this is new information he had not previously reviewed and analyzed. If Coalition Plaintiffs wanted to previously include these documents and analysis, they should have properly submitted them throughout the extensive discovery in this case, but no later than February 15, 2022. [Doc. 1238].

Further, Dr. Stark was allowed to include new information in his report with the limited scope that it be information that: [1] was in Dr. Buell's disallowed report; and [2] fell within the scope of Dr. Stark's expert testimony and reports in this case. [Doc. 1322]. Instead, Dr. Stark used this opportunity to include various new pieces of information contained outside the scope of Dr. Buell's testimony. This includes: Appendix 5, which is a declaration by Marilyn Marks which was signed on March 9, 2022, the day Dr. Stark's amended report was submitted; Appendix 6, which is a computer software Dr. Stark created; and Appendix 9, which is a picture of dice

- 4 -

Dr. Stark used as a point during his analysis. None of this information was previously included in Dr. Buell's disallowed report, and is thus outside the scope of additional data or data analysis allowed by the Court.

If Dr. Stark's report is allowed to be supplemented with this additional data and data analysis, State Defendants will be severely prejudiced by its production as Coalition Plaintiffs did not produce this information appropriately during the extensive discovery period, which concluded in February 15, 2022, and should not be allowed to be included now to correct the error of Coalition Plaintiffs.

This 16th day of March 2022.

> */s/ Carey A. Miller*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Joshua B. Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander F. Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Javier Pico-Prats
> Georgia Bar No. 664717
> jpicoprats@robbinsfirm.com
> Robbins Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318

Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, <br><br>　　*Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br>　　*Defendants*. | Civil Action File <br><br> No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13.

This 16th day of March, 2022.

　　　　　　　　　　　　　　　　*/s/ Carey A. Miller*
　　　　　　　　　　　　　　　　Carey A. Miller