IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| Defendants. | : | |

### **ORDER**

This matter is before the Court on the State Defendants' Motion to Stay Proceedings Pending Appeal or, in the Alternative, Amend the Schedule [Doc. 1327].

The State Defendants filed their Motion on March 4, 2022. At that time, the deadline for the parties to move for summary judgment was March 17, 2022. In response to the State Defendants' Motion, the Court directed the parties to attend a telephone conference on March 11, 2022 to address the Motion and the parties' respective positions on staying the case and/or potentially amending the existing summary judgment schedule in light of defense counsel's involvement in a month-long trial starting in mid-April as well as outstanding discovery items in the instant

case.[1]  At the conclusion of that telephone conference, the Court set a new briefing schedule for summary judgment in which initial briefs would be due on March 31, 2022, responses would be due on April 22, 2022, and replies would be due on May 6, 2022.  *See* (Minute Entry, Doc. 1341).  The Court also took the State Defendants' Motion to Stay under advisement and directed Plaintiffs to file a short letter response by March 15, 2022.  (*Id.*)

A few days thereafter, the Court received a status report from the U.S. Cybersecurity and Infrastructure Security Agency ("CISA")[2] regarding its ongoing review of the provisionally sealed expert report filed by the Curling Plaintiffs' cybersecurity expert Dr. J. Alex Halderman.[3]  (Doc. 1343.)  In its update to the Court, CISA stated that based on progress in the review of the report to date, it "soon may be in a position to conduct limited pre-disclosure releases of certain information to relevant states that use the specific version of the election software analyzed in Dr. Halderman's report," and that "limited pre-disclosures to other

---

[1] The trial in *Ebenezer Baptist Church of Atlanta, Georgia, Inc. v. Raffensperger*, No. 1:18-cv-5391 before Judge Jones in this district — formerly known as "Fair Fight" — is projected to extend through all or part of the week of May 9, 2022.  The trial has been previously re-set several times due to Covid-19 conditions.  On January 20, 2022, Judge Jones reset the February 2022 trial to commence on April 11, 2022.  *Ebenezer Baptist Church of Atlanta, Georgia, Inc. v. Raffensperger*, No. 1:18-cv-5391 (N.D. Ga.), (Doc. 703).  Unfortunately, defense counsel did not bring the potential impact of this scheduling challenge to the Court's attention until the eleventh hour when they filed the State Defendants' Motion to Stay on March 4, 2022, long after the Fair Fight trial was re-scheduled.
[2] CISA is represented by the U.S. Department of Justice in these proceedings.
[3] The Court previously authorized the parties to share an unredacted copy of Dr. Halderman's report with CISA for the purpose of undergoing its formal Coordinated Vulnerability Disclosure ("CVD") process.  (Doc. 1315 at 1.)  CISA has cautioned the Court that "premature disclosure of Dr. Halderman's report, even in redacted form, could, in the event any vulnerabilities ultimately are identified, assist malicious actors and thereby undermine election security," and that public disclosure of the report "even in redacted form" should await the completion of CISA's CVD process.  (*Id.* at 2.)

stakeholders, such as states that use other versions of the election software or entities that certify election systems, may be contemplated in the future." (*Id.* at 2.) However, CISA indicated that this process is still ongoing, that a range of technology, testing, and other factors could delay the review and any remedial follow-up process needed. Accordingly, CISA requested that the Court order it to provide another status report in 30 days. (*Id.*) The Court is mindful that ongoing developments with CISA's review of Dr. Halderman's report may affect the parties' arguments in the forthcoming motions for summary judgment.

Further, as the State Defendants noted in the March 11 telephone conference, a consolidated appeal of two preliminary injunction orders previously issued in this matter are currently scheduled for oral argument before the Eleventh Circuit on May 19, 2022. Although it is not clear whether the Eleventh Circuit will address Plaintiffs' standing to challenge the State's BMD system in the context of the narrower issues that are currently before it on appeal, the upcoming oral argument may provide the parties and the Court with further guidance on that front. If the Eleventh Circuit is inclined to address Plaintiffs' standing to challenge the State's election system more broadly, its decision on those issues could have "a substantial and controlling effect on the claims" at issue here. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

That said, the Court recognizes that there is no guarantee of an imminent decision from the Eleventh Circuit, or even that the Circuit will ultimately choose to address Plaintiffs' standing in the broader sense that the State Defendants

3

suggest. Furthermore, if the Circuit ultimately does not address Plaintiffs' standing relative to the broader BMD claims which are not now directly before the Eleventh Circuit, if this Court were to stay the case pending the issuance of a decision from the Eleventh Circuit, this Court might have delayed litigation and resolution of this lengthy case for naught. These are legitimate, though not controlling, concerns on the part of Plaintiffs that the Court must consider in managing the case.

All things considered, the Court finds that the most prudent and ultimately efficient course at this juncture is to stay the case until after the May 19, 2022 oral argument before the Eleventh Circuit. At that point, the parties and this Court will have the benefit of both an additional status report from CISA and some limited guidance, or at least tea leaves, from the Eleventh Circuit oral argument. However, the Court will not stay the deadlines for completing outstanding discovery given that the parties are nearing the completion of discovery after many long months and multiple discovery dispute conferences with the Court. A quick resolution of outstanding discovery that the parties committed to completing at the March 11, 2022 phone conference (subject to their various "conditions") will enable the parties to expeditiously move forward and brief summary judgment at the point the Court fully lifts the stay.

The Court acknowledges Plaintiffs' concern that even a brief stay of the case would inhibit their ability to obtain relief prior to the 2022 election. But given that the parties still have not completed discovery and that briefing on a yet to be filed

4

motion for summary judgment would not be completed until May 6, 2022 (with the roughly two week extension granted on March 11, 2022), the Court now sees no real benefit of requiring briefing on a schedule that may well have to be later amended in light of developments on CISA's end and other fronts.[4]  Additionally, the Court notes in this connection that it cannot instantly spit out an Order on a motion for summary judgment of substantial complexity and public importance. Accordingly, even viewing these circumstances optimistically, a trial would not be feasible until sometime in the summer, with an Opinion issued thereafter.  And even if Plaintiffs prevailed in their request that the Court enjoin future use of the BMD voting system or a more moderate remedy, the Court highly doubts that it would be feasible for the State Defendants to implement substantial changes to Georgia's election system (if any are required) prior to the November elections this year. The Court recognizes Plaintiffs' counsel have been highly aware of the Court's reluctance (and limited authority) to order injunctive relief in the months immediately preceding an election.  See, *e.g., Purcell v. Gonzalez,* 549 U.S. 1 (2006) (holding that federal district courts ordinarily should not enjoin state election laws in the period close to an election).  But both the scope of discovery pursued here and the endless discovery disputes between the parties — and likely the upside down world of almost two years of the pandemic — have indeed delayed the schedule.

---

[4]  Even if the Court had not granted this short two-week extension, that was warranted given defense counsel's upcoming one month trial, the same scheduling challenges noted here would be present.

That said, the Court is willing to expedite the timeline for trial in the event that Plaintiffs' claims move past summary judgment.

Accordingly, the State Defendants' Motion to Stay Proceedings Pending Appeal or, in the Alternative, Amend the Schedule [Doc. 1327] is **GRANTED IN PART**. The case is **STAYED** until **May 26, 2022**.[5] The existing deadlines for completing outstanding discovery shall be excluded from the stay. The Court will schedule a conference in the first week of April to address any outstanding discovery disputes that require the Court's resolution and potential discovery follow-up.[6]

Consistent with CISA's request, the Court **ORDERS** CISA to provide the Court with another status report regarding its review of Dr. Halderman's report and any related disclosures within 30 days of the date of this Order.

**IT IS SO ORDERED** this 17th day of March, 2022.

**Honorable Amy Totenberg**
**United States District Judge**

---

[5] The Court will conduct a conference with counsel on May 26, 2022 at a time to be determined.
[6] Notwithstanding the stay, the Court considers the prior March 31, 2022 deadline for summary judgment to be the effective deadline for completing outstanding discovery. All remaining discovery that does not require a conference with the Court should therefore be completed by that date.