IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

**ORDER**

On March 4, 2022, the State Defendants filed a Motion to Stay Proceedings Pending Appeal or, in the Alternative, Amend the Schedule. (Doc. 1327, 1328.) In an effort to assess the scope of discovery matters that remained outstanding and the reasonableness of the established summary judgment briefing schedule, the Court in turn directed the parties to file a consolidated list of outstanding discovery matters and the anticipated length of time required for their completion. (Doc. 1335.) The parties' Joint Filing Regarding Discovery Per Court Order (Doc. 1340) both provided this list as well as identified a large swath of discovery disputes and concerns, even though the Court had only recently on February 2, 2022 resolved a host of their discovery disputes.[1]

[1] The Court addressed these matters in its conference with counsel on March 11, 2022. (Doc. 1342.)

Among the matters raised by the State Defendants was their extraordinary request that the Court authorize a deposition of the Court's former judicial law clerk ("the clerk") who assisted the Court in its work on this case, or alternatively, for her provision of an affidavit on the subject matter identified by the State Defendants. (Doc. 1340 at 8, 15-16.) For the reasons that follow, the Court **DENIES** that request.

The State Defendants seek more information about two communications between the Curling Plaintiffs' counsel and the Court's law clerk regarding the Curling Plaintiffs' email request for an emergency conference with the Court on December 23, 2020. At 3:25 p.m. that day, Mr. Cross on behalf of the Curling Plaintiffs requested that the Court hold a conference regarding an "important and time sensitive issue" and that the conference be restricted to two essential litigation counsel for each party as well as Dr. Halderman (Plaintiffs' expert witness), Dominion's Chief Technology Officer, and Dominion's counsel. Counsel for all parties were copied on Mr. Cross's email to the clerk.

The law clerk responded at 5:22 p.m. that day in an email to Mr. Cross and copied all counsel. She advised that the Court would be closed the next day (Christmas Eve) and that she would follow-up on Monday. She concluded her short email note with the sentence, "In the meantime, please provide some information on the nature of your request in a separate email to me."

Mr. Tyson, counsel for State Defendants, immediately responded to this email, thanking the clerk for her email and writing: "There currently are no

pending motions before the Court that would inform what kind of relief Curling Plaintiffs are seeking or issues they may be raising. Given Curling Plaintiffs' frequent accusations of bad faith against State Defendants and especially in light of the times in which we live, we must respectfully object to any ex parte communications in this case and request to be included on the email outline the nature of this request." Mr. McGuire, on behalf of the Coalition Plaintiffs, also responded (via an email at 6:00 p.m. on December 23, 2020) and requested that the Coalition Plaintiffs "be copied on any communications with the Court from any party." Mr. McGuire's email was sent to all counsel, including Mr. Cross.

Mr. Cross in turn emailed the law clerk at 8:31 p.m. on December 23, 2020, noting he had been tied up with a family matter and therefore could not respond earlier. His letter provided additional information regarding the proposed subject matter of the requested hearing and the reasons he was requesting that the hearing be held on a confidential basis with two designated counsel for each of the parties. Mr. Cross did not include counsel for the Defendants or the Coalition Plaintiffs in this correspondence. Mr. Cross copied his co-counsel Mr. Knapp on his email to the law clerk.

The law clerk responded to Mr. Cross's email on December 24, 2020 and asked if he would be available for a brief phone call with her that day. The clerk included Mr. Knapp on this email, and Mr. Cross responded in a one-word reply that he was available. No other counsel were copied. The clerk then indicated via a six-word email on December 24, 2020 transmitted at 2:08 p.m. that she would

call Mr. Cross shortly. The clerk then made a courtesy call to Mr. Cross to advise him that the hearing request had been denied and subsequently sent an email to all parties' counsel, informing them that "Judge Totenberg has declined the Curling Plaintiffs' request for an emergency conference."

Neither counsel for Defendants nor counsel for the Coalition Plaintiffs filed any letters or motions with the court in the days or immediate months after the Court's action on December 24 (denying the Curling Plaintiffs' request for a hearing) to request that the Court order Mr. Cross to provide a copy of his follow-up letter explaining the grounds for his request for a hearing or to provide more information regarding the alleged urgent matter he wished to have a hearing on. Similarly, in the immediate weeks and months thereafter, defense counsel did not request that the Court hold a conference regarding Plaintiffs' actual grounds for the hearing request or the Court's denial of that hearing request, even though the Court has per force scheduled an ongoing series of hearings and conferences at short notice upon the request of all counsel throughout this litigation.

The Court would greatly have preferred if the Curling Plaintiffs' emergency hearing request had not been raised by email at a time when the Court was closing for the holidays and staff and the undersigned were consumed with family matters. These circumstances — including that this matter arose during the Christmas holidays in the first bizarre year of COVID while the 2020 election recount continued and runoff elections were occurring — were unfortunate and made for an abbreviated mode of reviewing the Curling Plaintiffs' "emergency" hearing

request. But nothing in the Court's procedure for identifying the proposed subject matter of the Curling Plaintiffs' hearing request justifies the State Defendants' extraordinary request now, fifteen months later, for discovery from the Court itself, through its former law clerk, regarding what happened and the Court's reasons for quickly denying the Curling Plaintiffs' request for a hearing in which legal representatives of all counsel would be present. This is an unwarranted intrusion into the Court's decision making that makes no sense, and one the Court will not authorize.

The Court has at all times in this contentious case sought to maximize the parties' access to the Court by holding phone conferences and hearings upon the requests of various counsel. But, in December 2020, with the State Defendants' appeals of two of the Court's narrow injunction orders regarding election matters pending before the Eleventh Circuit and the great hoopla attendant to the vote re-count in Georgia and runoff election voting, the Court would have had to be presented with extraordinary reasons to conduct an election related emergency hearing during the Christmas holiday.

So, to be clear, in response to the State Defendants' backhanded request to secure from the law clerk the reasons why the Court denied the Curling Plaintiffs' hearing request, the undersigned judge explains the reasons directly in this Order.

Simply put, the Curling Plaintiffs' request was not supported by sufficient or exceptional cause to conduct a hearing regarding an election that was ongoing at that very moment. The Court made the decision quickly on December 24, 2020 as

this was not a close call, and the Court did not want to leave counsel or their clients hanging on Christmas Eve or Christmas Day to find out if an emergency hearing would be held shortly. The law clerk made a courtesy call to Mr. Cross simply to convey the Court's decision to decline the Curling Plaintiffs' emergency hearing request in light of the ongoing election.

That the Court summarily denied the Curling Plaintiffs' request for a hearing to address matters arising in the midst of a hotly contested ongoing election should not have been a surprise to defense counsel because they have consistently throughout this litigation maintained that the Court should not in any manner act in connection with an ongoing election. Indeed, the Court had previously refused to order broad scale injunctive relief on the cusp of an election, consistent with the standards of *Purcell v. Gonzalez*, 549 U.S. 1 (2006). (Doc. 308.) The Court finally notes that the State Defendants have always been free to request information from the Curling Plaintiffs' counsel regarding what concerns prompted them to request the emergency hearing in the first place. Accordingly, State Defendants will suffer no prejudice in their defense of this case by virtue of the Court's decision here.

For the foregoing reasons, the Court **DENIES** the State Defendants' request to depose or secure the affidavit of the Court's former law clerk. (Doc. 1340 at 8.)

**IT IS SO ORDERED** this 18th day of March, 2022.

**Honorable Amy Totenberg**
**United States District Judge**