# Exhibit B

| | |
|---|---|
| **From:** | Cross, David D. |
| **To:** | Carey Miller; Vincent Russo; Lowman, David; Bruce Brown; Bryan Tyson (btyson@taylorenglish.com); Josh Belinfante; Robert McGuire; Cary Ichter |
| **Cc:** | Ringer, Cheryl; Kaiser, Mary; Conaway, Jenna B.; "Halsey G. Knapp, Jr."; "Adam M. Sparks" |
| **Subject:** | RE: Call with the Court |
| **Date:** | Tuesday, March 15, 2022 12:02:07 PM |
| **Attachments:** | image002.png |

Carey -

It is difficult to believe that you genuinely believe your witnesses complied with their obligations as well as Rule 30b6 witnesses. Not one of them did anything to prepare for their depositions apart from meeting with litigation counsel except for Mr. Beaver only for his most recent deposition and for that he reviewed only two of the fortalice reports you have produced including 19 versions of one of those reports. He was unable to speak to any of the other reports produced in this case. None of your witnesses was able to testify on any of the topics beyond his own personal knowledge. In effect, all we got were personal depositions of each of your witnesses; we have not actually had a single rule 30b6 with deposition on any of the topics. The courts have been unequivocal that this approach is improper as we are entitled to the knowledge of the secretary's office on each of the topics, not just the personal knowledge of the individual witnesses you selected for testimony. In short, we did not receive the information we are entitled to on any of the topics agreed to for the rule 30b6 deposition.

Just one example highlights the obvious impropriety of what you've done here. None of your witnesses could speak to Dr. Halderman's July report at all, including whether any measures have been taken to address the vulnerabilities identified in that report or whether those vulnerabilities exist in the system. Not only had none of them read the report, my memory of the testimony is that they had never even heard of the report before they were deposed except for Mr. Sterling. They certainly knew nothing of it's substance even at a high level, nor did they know anything about the hack Dr. Halderman accomplished on the Fulton County equipment in September 2020. That means, given these witnesses represent the knowledge of the secretary's office on the topics which encompass the substance of Dr. Halderman's report, that not one person in the entire secretary's office has read that report or knows anything about its substance or whether the vulnerabilities identified in it exist or are mitigated in any way by any measures. (As an aside, it's very troubling that your client evidently called for the release of a report that, according to the Rule 30b6 deposition, no one in the office has any knowledge of.) You are either required to produce a witness who can testify to whatever the secretary's office has on that subject or you're foreclosed from offering any evidence, allegations, or arguments on the topic in this case. To avoid further time and expense for both sides, we have proposed stipulated order capturing this foreclosure rather than proceeding with additional witnesses.

Your argument that we can litigate this issue later under rule 37 is not acceptable. The whole point is to avoid spending time and money litigating this issue at all, whether to pursue additional witnesses now or to seek foreclosure later. You made a choice to put up witnesses without preparing them on the topics they were to testify on apart for meeting with you rather than individuals in the secretary's office who have knowledge on those topics and rather than reviewing documents that would educate them on those topics. All we are asking is that you now live with the consequences of that choice, which means we need a commitment that's binding by a court order (so we are not litigating it later) that you are not going to offer any evidence, allegations, or arguments on any of the topics that are not captured in the testimony of your witnesses, in your documents produced to date in this case, or in your current written discovery responses. We see no reason why you would object to that order unless you have in mind some surprise for us at summary judgment.

Regarding the investigative files, simply repeating yourself and ignoring our responses does not move the ball forward. The request is not untimely as we have pointed out multiple times, including by directing you to document requests that go back years, including one serve jointly by all plaintiffs after the BMD system was adopted. That request was never withdrawn. You have not otherwise explained how that request does not encompass these documents, and if you maintain it was withdrawn, provide us today please the correspondence from plaintiffs stating unequivocally that we withdrew it. Otherwise, that

request stands and encompasses these documents. Further, as I also pointed out and to which you've never responded, the parties were entitled to ask for documents that came to light in the depositions. We had no way of knowing that you had not produced investigative files before we got into the depositions, nor did we have any insight into what kinds of files exist regarding investigations into election security issues. So even if this were a new request arising from the depositions, it still would be timely. Lastly, the scope is clear and it is narrow: we are only seeking documents related to investigations into election security concerns. You have a number of examples of those in the depositions that we identified as exhibits or addressed in the testimony, and none of your witnesses was able to speak about those investigations, including what was done or what was found. Instead, they directed us to the investigative files for those investigations or to Ms. Watson or others in that department. In short, there is no credible argument that the documents we are seeking are unresponsive to our requests, that our request is untimely, or that the documents are irrelevant. Are you going to produce them, and if so, when?

Best,
DC

---

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Date:** Monday, Mar 14, 2022, 12:06 PM
**To:** Cross, David D. <DCross@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>, Lowman, David <David.Lowman@fultoncountyga.gov>, Bruce Brown <bbrown@brucepbrownlaw.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, 'Halsey G. Knapp, Jr.' <hknapp@khlawfirm.com>, 'Adam M. Sparks' <sparks@khlawfirm.com>
**Subject:** RE: Call with the Court

**External Email**

---

David-

On 30b6 witnesses, we disagree that the four current and former SOS employees you deposed as 30(b)(6) witnesses were unprepared to provide deposition testimony on your exceedingly broad topic designations. At this point, you have vaguely complained of this but have yet to identify which topics you were unable to obtain adequate testimony on due to allegedly unprepared witnesses. Setting this aside though, your proposal makes little sense to me but maybe I'm misunderstanding. As it stands, your remedy for anything offered at summary judgment that was not disclosed in response to discovery requests would be to object and/or move under rule 37 to exclude as a discovery sanction for failure to disclose. Likewise, with a stipulated order that, as I understand it, simply reiterates the purpose of Rule 37, a similar objection or motion for I presume contempt would still be required. Am I missing something here? In any event, any stipulated order would need to apply both ways, as Rule 37 does without one. And further, as we stated in our joint discovery filing, we do not intend to offer any undisclosed affidavit or other form of testimony at summary judgment.

On investigative files, I see two problems. First, your request is untimely as explained in our portion of the joint filing. Setting this aside though, the second issue is that I do not understand what you are requesting. SOS investigators are generally responsible for investigating alleged non-compliance with SEB rules and/or statutory requirements and the vast majority of these investigations have nothing to do with this case. In a good faith effort to put this to bed, and without waiving our timeliness objection, can you identify what you mean by "investigative files" and a reasonable scope which you believe is relevant to this case? If it is the case that there

is a reasonably particular request, we can take it to our clients, but I must admit it strikes me as inconsistent with your stance on the schedule and your stipulation proposal to close the record.

Thanks

**Carey A. Miller** |404.856.3286| ROBBINS

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Saturday, March 12, 2022 12:04 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Lowman, David <David.Lowman@fultoncountyga.gov>; Bruce Brown <bbrown@brucepbrownlaw.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>; Kaiser, Mary <MKaiser@mofo.com>; Conaway, Jenna B. <JConaway@mofo.com>; 'Halsey G. Knapp, Jr.' <hknapp@khlawfirm.com>; 'Adam M. Sparks' <sparks@khlawfirm.com>
**Subject:** RE: Call with the Court

Hi Carey -

Following up on yesterday's hearing, we would appreciate your final position by 3pm on Monday regarding our concerns with your Rule 30(b)(6) witnesses. The Court directed us to work this out with you or to file a motion to compel, which we will file early next week if we need to. Please let us know by Monday whether you will accept our compromise proposal discussed this past Thursday and articulated in our joint filing yesterday. In particular, we need from you by Monday written confirmation that you will agree to a stipulated order that precludes State Defendants at summary judgment from offering any information, evidence, facts, or allegations that were not disclosed in the testimony of your Rule 30(b)(6) witnesses or in your document production or written discovery responses.

We also need to know by Monday when you will produce the investigative files that we've requested including emails to or from individuals involved with investigations into election security concerns. We reserve all rights regarding those documents.

Best regards,
DC

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Date:** Friday, Mar 11, 2022, 8:58 AM
**To:** Cross, David D. <DCross@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>, Lowman, David <David.Lowman@fultoncountyga.gov>, Bruce Brown <bbrown@brucepbrownlaw.com>, Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Call with the Court

**External Email**

Here is our portion and a signature block. Thanks

**Carey A. Miller** | 404.856.3286 | ROBBINS

---

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Thursday, March 10, 2022 10:58 PM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Lowman, David <David.Lowman@fultoncountyga.gov>; Bruce Brown <bbrown@brucepbrownlaw.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>; Kaiser, Mary <MKaiser@mofo.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Call with the Court

Carey –

Let's push our exchange to 9am tomorrow. Our side needs a bit more time to consolidate our portion and my team tells me an hour will be sufficient time to finalize and file the joint statement.

Thanks,
DC


**DAVID D. CROSS**
**CHAIR OF ANTITRUST LITIGATION PRACTICE**
Partner | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-8795
mofo.com | LinkedIn | Twitter

---

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Sent:** Thursday, March 10, 2022 1:28 PM
**To:** Cross, David D. <DCross@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>; Lowman, David <David.Lowman@fultoncountyga.gov>; Bruce Brown <bbrown@brucepbrownlaw.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>
**Subject:** RE: Call with the Court

**External Email**

---

All, I understand Mr. Beaver's deposition has concluded. Are you guys available to confer still as directed by the Court?

Assuming so, we can get on this number at 1:45 or so: 1-877-594-8353,,,71403914,#   Thanks

Toll-Free Dial-in: **(877) 594-8353** or **(720) 362-6860** for international callers

Participant passcode: **71403914** then #

**Carey A. Miller** | 404.856.3286 | ROBBINS

---

**From:** Cross, David D. [mailto:DCross@mofo.com]
**Sent:** Wednesday, March 9, 2022 9:09 AM
**To:** Carey Miller <carey.miller@robbinsfirm.com>; Vincent Russo <vrusso@robbinsfirm.com>; Lowman, David <David.Lowman@fultoncountyga.gov>; Bruce Brown <bbrown@brucepbrownlaw.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>
**Subject:** RE: Call with the Court

Friday 330-430 works for us. And that aligns with the Court's availability.

---

**From:** Carey Miller <carey.miller@robbinsfirm.com>
**Date:** Wednesday, Mar 09, 2022, 9:02 AM
**To:** Vincent Russo <vrusso@robbinsfirm.com>, Lowman, David <David.Lowman@fultoncountyga.gov>, Cross, David D. <DCross@mofo.com>, Bruce Brown <bbrown@brucepbrownlaw.com>, Bryan Tyson <btyson@taylorenglish.com>) <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>
**Subject:** RE: Call with the Court

**External Email**

---

We can be available Friday after 12:30 for conference with Court. Conferring after the Beaver deposition makes sense to me but we'll only have until about 3pm tomorrow following deposition. Seems like that will be enough time for us to discuss, but can resume late afternoon/early evening if necessary.

Ok by us to let Ms Bradley know on Friday availability.

**Carey A. Miller** | 404.856.3286 | ROBBINS

**From:** Vincent Russo
**Sent:** Wednesday, March 9, 2022 8:55 AM
**To:** Lowman, David <David.Lowman@fultoncountyga.gov>; Cross, David D. <DCross@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Carey Miller <carey.miller@robbinsfirm.com>; Bryan Tyson (btyson@taylorenglish.com) <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>
**Subject:** Re: Call with the Court

Copying my co-counsel for State Defendants to coordinate availability.

Thanks,

Vincent

*Sent from my iPhone*

**From:** Lowman, David <David.Lowman@fultoncountyga.gov>
**Sent:** Wednesday, March 9, 2022 8:31:20 AM
**To:** Vincent Russo <vrusso@robbinsfirm.com>; Cross, David D. <DCross@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>
**Cc:** Ringer, Cheryl <Cheryl.Ringer@fultoncountyga.gov>
**Subject:** RE: Call with the Court

**From External Sender**

We will be available Friday.



### David R. Lowman
Assistant County Attorney
Office of the Fulton County Attorney
141 Pryor Street, SW
Suite 4038
404-612-0246 (main)
404-612-0286 (direct)
Connect with Fulton County:
Website | Facebook | Twitter | Instagram | FGTV | #OneFulton E-News

Notice of Confidentiality:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication, and any attachments thereto, contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, viewing, copying, distribution or use of any of the information contained in or attached to this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you.

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Sent:** Wednesday, March 9, 2022 8:29 AM
**To:** Cross, David D. <DCross@mofo.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; Lowman, David <David.Lowman@fultoncountyga.gov>
**Subject:** RE: Call with the Court

I am not available Friday, so we will need to add other counsel for State Defendants to this to see who is available that day.

Thanks,

Vincent

**ROBBINS**

Vincent R. Russo
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 Fourteenth Street NW
Atlanta, GA 30318
404.856.3260 (Direct)

678.701.9381 (Main)
www.robbinsfirm.com

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, March 9, 2022 8:28 AM
**To:** Bruce Brown <bbrown@brucepbrownlaw.com>; Vincent Russo <vrusso@robbinsfirm.com>; Lowman, David <david.lowman@fultoncountyga.gov>
**Subject:** RE: Call with the Court

We're not available before Friday. So that timing works for us. I suggest we all confer after the Beaver deposition tomorrow.

---

**From:** Bruce Brown <bbrown@brucepbrownlaw.com>
**Date:** Wednesday, Mar 09, 2022, 7:01 AM
**To:** Cross, David D. <DCross@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>, Lowman, David <david.lowman@fultoncountyga.gov>
**Subject:** Call with the Court

**External Email**

---

I am emailing just you three of you to keep this manageable.  I recommend a late Friday afternoon call with the Court.  Agree?  May I tell Ms. Bradley? That way we can at least attempt to find some time before then to confer on some of the other issues and answer some of her questions.

As to the Court's questions, initially, we do not need to argue about any of this.  We are expected to have different positions and we just need to be clear with each other and with the Court as to what those positions are, see if there is any common ground, and, if not, let the Court decide:

The issues as I see them might be grouped as follows, but I welcome your take:

1. What discovery is incomplete (that is, already asked or noticed, but not answered, produced or deposed).

2. What if any new discovery is necessary before the summary judgment phase of the case and, if different, before a trial on the merits.

3. What discovery disputes remain between the parties

4. Can the parties agree on an extension for the summary judgment motion due date?

5. Do you want a stay and if so for how long or to what event?   What conditions would be required before you would agree to a stay? For example: if the State agreed to not use BMDs until CISA finished its review and the Court could confirm that they were not vulnerable, then the plaintiffs might agree to a longer stay.

6. Coalition Plaintiffs are also going to ask the Court if there is any extension or stay for the Court to consider our long ripe fee request on the DRE piece of the case during any stay or extension.

Thanks – let me know your thought on our call with the Court and if this outline makes any sense.

Bruce

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).