IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.,* <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR CLARIFICATION OR MODIFICATION**

State Defendants moved this Court to clarify or modify its March 18, 2022 Order, [Doc. 1348], concerning *ex parte* communications between the Court's former law clerk and counsel for the Curling Plaintiffs. [Doc. 1349]. Having obtained the State Defendants' consent to an extension of time, Curling Plaintiffs filed a forty-three (43) page response to the State Defendants motion on April 11, 2022.[1] [Doc. 1367]. The State Defendants now offer this reply, showing the Court as follows:

---

[1] While Curling counsel (through his paralegal) sought State Defendants' consent to an extension, no mention was made of Curling Plaintiffs' intent to exceed the page limitations of the Local Rules of this Court in response to State Defendants' thirteen-page motion. State Defendants respond separately in opposition to that request.

State Defendants filed a thirteen-page motion seeking to correct the record on a matter they (and their counsel) wish they did not have to address at all. Rather than directly responding to that simple motion, Curling Plaintiffs double down on the theme of the ex parte communications, contort the law in a failed attempt to excuse their conduct, and insist that they have sole authority to dictate State Defendants' position before this Court. The simple fact State Defendants addressed in their motion is that the ex parte communications never should have occurred and that the substance of those ex parte communications had little (if anything at all) to do with what the Court's former clerk actually requested. This reality was compounded by Curling Plaintiffs' withholding of the messages—even after the Court ordered them be produced—and by Plaintiffs' misleading statement of State Defendants' position. Curling Plaintiffs' forty-page response misses the mark for (at least) three reasons.

First, Curling Plaintiffs blame the State Defendants and deposition schedules for their belated production of the **single** "substantive" email and continued withholding of additional emails indicating a telephone call occurred. [Doc. 1367 at 30–32]. But Curling Plaintiffs neglect to mention that: (1) it is not State Defendants' duty to instruct counsel of the need to comply with Court orders; (2) the Court's Order compelling production, [Doc. 1252],

should have never been necessary in the first instance; (3) there should have been **zero** confusion as to what State Defendants sought because they **explicitly** requested "all such communications, whether Curling Plaintiffs consider them substantive or not," [Doc. 1250 at 6, n.7], and this Court ordered production of all documents or communications, [Doc. 1252]; and (4) it was not even Curling Plaintiffs' lead counsel (so consumed with the taking of depositions, [Doc. 1367 at 27–28]) that located and produced the messages.[2]

Second, Curling Plaintiffs obfuscate the impropriety of the messages by using the Court's former law clerk as a shield. Specifically, Curling Plaintiffs cite to Canon 3(A)(4) as permitting the *ex parte* communications and that Curling Plaintiffs' counsel was simply doing "what the Court's former law clerk directed him to do."[3] [Doc. 1367 at 41]. State Defendants do not dispute that the Court requested "additional information" but, as explained in State

---

[2] In fact, Curling counsel first alleged that the Morrison & Foerster law firm's email servers automatically deleted the messages. Curling Plaintiffs now state only that counsel was "unable to locate copies." [Doc. 1367 at 28].

[3] Curling Plaintiffs note that the ABA "'Model Code' [of Judicial Conduct] does not govern the federal courts." [Doc. 1367 at 34, n.20]. State Defendants do not disagree. However, Curling Plaintiffs apparently forgot that *they* relied extensively on "this 'Model Code'" in a misguided attempt to shield production of the communications. [Doc. 1250, nn. 1–3].

Defendants' Motion, the message hardly provided any additional information about the request at all. [Doc. 1349 at 7–9]. Even still though, Curling Plaintiffs' contortion of Canon 3 does not support their contention: Curling Plaintiffs' missive had particular (substantive) purposes in mind, undermining the credibility of State Defendants, their counsel, and the elections being held in two weeks.[4] Nothing in Canon 3 authorizes such communications and Curling Plaintiffs' authority provides no such avenue either. Indeed, in *Carranza v. Fraas*, 763 F. Supp. 2d 113 (D.D.C. 2011), the only *ex parte* communication at issue was requesting a party respond—on the public docket—to a motion for reconsideration seeking the same relief that had previously been denied, on the same basis as had been previously offered. *Id.* at 120. The *Carranza* court notably did not request such an opposition be made *ex parte* as is the case here. Even still, the relief sought in *Carranza* (recusal) is strikingly different than that sought here: correcting factual recitations without even disputing the thrust of the underlying order.

Third, Curling Plaintiffs' response does not dispute that State Defendants did not request this Court authorize a deposition of its staff.

---

[4] Curling Plaintiffs point to media reports concerning the opinion of a Georgia State University "legal ethics professor," [Doc. 1367 at 10–11], as a basis for their *ex parte* communication. Notably, Curling Plaintiffs did not ask this professor for his opinion on these *ex parte* communications.

4

Instead, they claim it was State Defendants' fault for not correcting **Plaintiffs'** portion of the filing. Of course, Curling Plaintiffs' response itself demonstrates the folly of resting upon counsel's recitation of another's position in a conference, rather than responding to what counsel actually requests of the Court. *Compare, e.g.*, [Doc. 1367 at 31 (wrongly claiming they understood State Defendants only sought the email counsel withholding the message deemed substantive)]; *with* [Doc. 1250 at 6, n.7 (requesting all *ex parte* communications "whether Curling Plaintiffs consider them substantive or not")]. Moreover, this argument rests on the improper premise that the State Defendants do not speak for themselves before this Court. It remains undisputed that it was Plaintiffs, [Doc. 1340 at 8]—not State Defendants, [Doc. 1340 at 15–16]—who made this inflammatory request. But even accepting this absurd argument, State Defendants' counsel reasonably believed the relief sought by State Defendants (and the justifiable basis for raising the issue) could be addressed with the Court later that day. Counsel was instructed otherwise by the Court once the conference convened.

## CONCLUSION

This Court should take Curling Plaintiffs' voluminous response for what it is: an attempt to distract from the improper *ex parte* communications

5

at issue. For the reasons stated in State Defendants' motion, this Court should amend or modify its order to make the following facts clear: (1) the State Defendants sought disclosure of the communications which were still withheld in spite of a Court order; (2) the communications were improper as both a matter of procedure and substance; and (3) the State Defendants did not request this Court authorize a deposition of its former staff.

Respectfully submitted, this 25th day of April 2022,

/s/ *Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200

/s/ *Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander F. Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
ROBBINS ALLOY BELINFANTE
LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Atlanta, Georgia 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Reply has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 13-pt Century Schoolbook font.

*/s/ Vincent R. Russo*
Vincent R. Russo