IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' RESPONSE TO FOX NEWS NETWORK, LLC'S
CONSENT MOTION REGARDING
OBTAINING AN UNREDACTED COPY OF
<u>DR. HALDERMAN'S REPORT</u>**

On May 20, 2022, Fox News Network, LLC ("FNN") moved to lift the stay of FNN's Motion to Intervene for Limited Purpose and requests that this Court (a) lift its order staying FNN's motion to intervene and (b) grant FNN's request to obtain a redacted and unredacted copy of Dr. J. Alex Halderman's July 1, 2021 expert report.[1]  Plaintiffs and Dr. Halderman again respectfully request that this Court immediately unseal, de-designate, and publicly release the *redacted* version of Dr. Halderman's report.  It then would be available to FNN and everyone else—

---

[1] FNN's characterization of its filing as a "Consent Motion" is improper and misleading.  Only Dominion reportedly has consented to the relief sought.  But Dominion is not a party here.  FNN did not contact Plaintiffs for consent and do not indicate that they contacted any other parties either.

including voters and election officials who have a critical interest in understanding the serious deficiencies Dr. Halderman has identified with certain of Dominion's voting equipment that voters in Georgia and other jurisdictions are forced to use to vote in person. Plaintiffs strongly oppose FNN's motion for access to Dr. Halderman's *unredacted* report. The redacted portions are extremely sensitive and would not be appropriate for FNN to access. Finally, should the Court continue to seal Dr. Halderman's redacted report, including continuing to withhold it from Plaintiffs, other voters, and election officials across the country, then Plaintiffs and Dr. Halderman would object to FNN accessing the redacted report because it has failed to establish any legitimate and compelling need for *FNN itself* to access Dr. Halderman's report; and it would be improper to afford FNN access to that report while continuing to deny access to those with a legitimate and compelling need for access to it, including Plaintiffs in this case. In sum, the Court should deny FNN's Motion as to the *unredacted* report entirely; and the Court should deny FNN's Motion as to the *redacted* report only if it continues to seal the redacted report, which it should immediately unseal and publicly release.

      To be clear, Plaintiffs and Dr. Halderman have long held that his *redacted* report should be publicly available so election officials and voters alike are aware of the serious problems detailed in it with certain of Dominion's voting equipment

and can take appropriate steps to avoid those problems in elections, such as switching to hand-marked paper ballots for voting.  Dr. Halderman's July 1, 2021 expert report was designated in its entirety as "Attorneys' Eyes Only" under this Court's existing protective order because Curling Plaintiffs believed at the time that designation was required at the insistence of State Defendants.  (Dkts. 858 and 1081.)  And indeed State Defendants long insisted it remain sealed in its entirety, including withholding it from Cybersecurity and Infrastructure Security Agency (CISA) and other Secretaries of State.  (*See* Dkt 1177 at 5.)  This persisted until an abrupt and unexplained about-face on January 27, 2022.[2]  (*Compare* Dkt. 1286 at 1-2 *with* Dkt. 1295 at 81-88.)

Dr. Halderman submitted a narrowly-redacted version on November 8, 2021 with the goal of facilitating public release of the unredacted portions (which State Defendants still opposed until January 2022).  Those narrow redactions are very important.  In his report, Dr. Halderman identifies and discusses numerous, serious vulnerabilities with Georgia's current Dominion voting system, including specific details that might be dangerous in the wrong hands given those vulnerabilities

---

[2] Ga. Sec'y of State, *Secretary Raffensperger Calls on J. Alex Halderman to Agree to Release "Secret Report" and Pre-Election Testimony* (Jan. 27, 2022), https://sos.ga.gov/news/secretary-raffensperger-calls-j-alex-halderman-agree-release-secret-report-and-pre-election.

could be exploited to alter votes or even election outcomes. As Dr. Halderman explained in his July 12, 2021 declaration, "it is important to make findings about vulnerabilities public in the right way, considering both the timing of the public disclosure and its content," and as such, it is important "to strike this balance by withholding specific details that would greatly benefit potential attackers while shedding little light for the public about the scope or nature of the security problems." (Dkt. 1133 at 2-3.)

There is no dispute that Dr. Halderman's unredacted report contains highly-sensitive information. (Dkt 1130 at 2; Dkt. 1133 at 5.) The question before the Court on FNN's Motion then is twofold: (i) whether FNN should obtain a *redacted* report that this Court (at State Defendants' repeated urging) has not allowed anyone access to apart from State Defendants, Dominion, and CISA, even barring Plaintiffs themselves from accessing it; and (ii) whether FNN should obtain an *unredacted* report detailing undisputed, step-by-step measures of how to alter votes or even election outcomes using certain of Dominion's existing voting equipment (for which State Defendants admit they have taken no mitigation measures). FNN, a third party, should not be allowed access to something that even Plaintiffs themselves—who have spent hundreds of thousands of dollars on the report and its underlying analyses and who, if voting in person, are forced to vote on the

equipment at issue—are not permitted to access.[3] And FNN certainly should not be permitted access to the *unredacted* report under any circumstances.

Generally, courts do not seal information in public proceedings, because "access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021). "The proper standard for district courts to apply in these circumstances is whether there was good cause to unseal the document." *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 66 (11th Cir. 2013).

Again, the *redacted* report should be immediately unsealed, de-designated, and publicly released. But failing that, FNN has failed to show good cause to have access *for itself* to Dr. Halderman's sealed report.

*First*, FNN failed to identify any relevance of Dr. Halderman's report to its case against Dominion. Nor is the relevance of Dr. Halderman's report apparent

---

[3] Plaintiffs' lack of access to their own expert report, which this Court has permitted *all* State Defendants and non-party Dominion to access for many months now, has greatly prejudiced their ability to prosecute their own claims and imposed an unfair burden and imbalance on Plaintiffs in this case. At the very least, the Court should allow *Plaintiffs* immediate access to their own expert report, especially given no other party in this case—including State Defendants—opposes that access, per State Defendants' recent call for public release of the report. In fact, no party supports sealing any of the unredacted portions of Dr. Halderman's July 1, 2021 expert report.

5

given it does not address past elections or the claims of election fraud involving the November 2020 elections at issue between Dominion and FNN.

*Second*, Dr. Halderman specifically warned that "[i]t would be dangerous to provide Dominion with the complete report if it were then disclosed through discovery in the company's various ongoing defamation suits to anyone who might misuse it." (Dkt. 1133 at 5.) That expert testimony stands unrefuted; FNN does not even address it.

*Third*, it would be against the public interest to share the report only with individuals or entities for their own self-serving ends, as FNN admits. FNN offers no legitimate and compelling need for access to a report that voters and most election officials still cannot access and that details significant problems with the voting system they are being forced to use (because State Defendants, including Secretary Raffensperger, insisted for many months that Dr. Halderman's report remain sealed to the public). (Dkt. 1177 at 6.)

*Fourth*, the redacted portions of the report are especially sensitive, posing serious risk to voters and election outcomes in various jurisdictions across the country that use Dominion voting equipment. FNN does not and could not offer any legitimate and compelling need for that specific information.

Accordingly, FNN's request for access to Dr. Halderman's report should be denied, except insofar as the Court publicly releases the *redacted* version of the report which then would be available to FNN and all others.  *See also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-cv-03066-JEC-RGV, 2014 WL 12663206, at *3 (N.D. Ga. Aug. 11, 2014) (denying motion to unseal because "[Third-party intervener] has not shown good cause for access to any of the specific documents it seeks that remain under seal in this case").  Plaintiffs and Dr. Halderman respectfully urge this Court to unseal, de-designate, and publicly release the *redacted* report immediately.

Respectfully submitted this 24th day of May, 2022.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| Zachary Fuchs (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |

| | |
|---|---|
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                   */s/ David D. Cross*
                                                   David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO FOX NEWS NETWORK, LLC'S CONSENT MOTION REGARDING OBTAINING AN UNREDACTED COPY OF DR. HALDERMAN'S REPORT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                               */s/ David D. Cross*
                                               David D. Cross