## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA CURLING, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 1:17-CV-02989-AT |
| | ) | |
| BRAD RAFFENSPERGER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## FOX NEWS NETWORK'S REPLY MEMORANDUM IN SUPPORT OF ITS CONSENT MOTION TO LIFT STAY OF ITS MOTION TO INTERVENE FOR LIMITED PURPOSE

Fox News Network, LLC ("FNN") files this reply in support of its Consent Motion to Lift Stay of FNN's Motion to Intervene for Limited Purpose, ECF No. 1382.[1]  FNN moved to intervene to obtain a copy of Dr. Halderman's expert report ("Report").  The Report is essential to FNN's defense against Dominion's billion-dollar-plus defamation action pending in Delaware state court.  The Special Master

---

[1] Plaintiffs take issue with FNN's characterization of its "Consent Motion to Lift Stay of its Motion to Intervene for Limited Purpose" as a consent motion because Plaintiffs were not consulted prior to filing. *See* Pls.' Resp. Br. at 1 n.1, ECF No. 1383.  But any confusion caused by this characterization was dispelled by the second sentence of the motion, which states that *Dominion* consented to the motion. FNN made no representations as to Plaintiffs' consent to this motion, nor would it make sense to seek consent from Plaintiffs since Plaintiffs did not oppose FNN's underlying Motion to Intervene for Limited Purpose.

in that case recognized in his May 6, 2022 order that FNN should have access to Dominion's copies of the redacted and unredacted Report subject to this Court's approval and consistent with any conditions this Court imposes. The deadline for document production in the Delaware state court matter is July 31, 2022. Therefore, it is critical that FNN have access to the Report as soon as possible. At every opportunity, FNN has repeated its willingness and ability to comply with this Court's protective order related to the Report. It remains willing and able to do so.

All parties, as well as Dominion and FNN, have represented to this Court that the Report should be disclosed. However, Plaintiffs now argue, for the first time, that FNN should only have access to the redacted Report *if* it is publicly released and that FNN should not have access to the unredacted Report based on unsubstantiated concerns that FNN will "misuse" the Report. *See generally* Pls.' Resp. to FNN's Consent Mot. Regarding Obtaining an Unredacted Copy of Dr. Halderman Report, ECF No. 1383 ("Pls.' Resp. Br."). As explained below, Plaintiffs' arguments are untimely and without merit. Accordingly, FNN respectfully requests that the Court grant its motion and permit Dominion to produce the Report consistent with its discovery obligations in the Delaware state court action.

## ARGUMENT

### I.   PLAINTIFFS' RESPONSE IS AN UNTIMELY ATTEMPT TO OPPOSE FNN'S INTERVENTION MOTION.

Plaintiffs' response is an untimely and improper attempt to litigate the merits of FNN's Motion to Intervene.  Plaintiffs incorrectly argue that the questions raised in FNN's Motion to Lift Stay are (1) whether FNN should have access to the redacted Report and (2) whether FNN should have access to the unredacted Report.  *See* Pls.' Resp. Br. at 4.  FNN's Motion to Lift Stay, however, is not about whether FNN should receive the Report. Those issues were litigated in FNN's underlying Motion to Intervene, which Plaintiffs did not oppose.  Delaware plaintiff Dominion is the only party that timely opposed FNN's Motion to Intervene, and Dominion has now withdrawn that opposition.  *See* U.S. Dominion, Inc.'s Not. of Withdrawal of Opp. to FNN's Mot. to Intervene for Limited Purpose, ECF No. 1393.  Indeed, Dominion, FNN, and the Special Master in the Delaware action are united in agreement that FNN should receive the Report—which is in Dominion's possession and subject to discovery orders in the Delaware case pending this Court's approval.

Plaintiffs in this action failed to raise any issue with FNN's Motion to Intervene until now, nearly half a year out of time and after the parties and Court in Delaware (through the Special Master) have made clear that FNN should have access to the Report for the Delaware case.  To the extent Plaintiffs wanted to challenge

3

whether it was appropriate for FNN to receive the Report, their time to do so expired on January 26, 2022, fourteen days after FNN filed its Motion to Intervene. *See* N.D. Ga. L.R. 7.1. Plaintiffs failed to oppose the motion then and should not be permitted to do so now after Dominion and FNN have expended significant time and resources to resolve what was effectively a discovery dispute between Dominion and FNN.

## II.  PLAINTIFFS HAVE PROVIDED NO BASIS FOR DENYING FNN ACCESS TO THE REPORT.

Plaintiffs' out-of-time opposition to FNN receiving the Report is not only improper as late, it is deeply flawed in substance. Plaintiffs argue that FNN should not receive the Report because (A) FNN did not explain how the Report is relevant to the Delaware action; (B) Dr. Halderman opined that releasing the Report "would be dangerous"; (C) it is against the public interest to release the Report to FNN; and (D) the unredacted Report poses a risk to voters and election outcomes. But all of that is wrong and none of Plaintiffs' arguments has any merit.

### A.  FNN Has Shown that the Report Is Relevant to the Delaware Action.

Plaintiffs first argue that the Report is irrelevant to the Delaware case because "it does not address past elections or the claims of election fraud involving the November 2020 elections at issue between Dominion and FNN." *See* Pls.' Resp.

4

Br. at 5-6.  That argument fails to acknowledge that Dominion, FNN, and the Special Master all *agree* that FNN should have access to the Report for the preparation of FNN's defense in the Delaware case, and that the Report is discoverable in the Delaware litigation.  *See* Stip. & Order Regarding Prod. of Expert Report by Dr. J. Alex Halderman, ECF No. 1382-1.

Critically, Plaintiffs' argument also ignores FNN's clear and detailed explanation of the Report's relevance in its Memorandum in Support of Motion to Intervene for Limited Purposes (which Plaintiffs did not oppose).[2]  *See, e.g.*, Memo. in Supp. of Mot. to Intervene for Limited Purposes at 5, 10–12, ECF No. 1251-1. As previously explained, FNN's defense in the Delaware litigation includes whether exploitable vulnerabilities existed in Dominion's voting machines during the 2020 election. *See id.* at 5.  The Report speaks directly to this issue, and it need not address fraud or the 2020 election specifically to have significant probative value in the Delaware litigation.  Indeed, Plaintiffs' ongoing concern for the vulnerabilities documented in the Report confirm that the Report contains evidence of vulnerabilities that existed during the 2020 election and continue to exist today.

---

[2] That Plaintiffs are responding to arguments raised in FNN's brief in support of its Motion to Intervene underscores the fact that Plaintiffs' response is actually an untimely opposition to FNN's Motion to Intervene.

CISA's recent advisory regarding Dominion's voting systems, issued just days ago, also confirms that the Report contains evidence of ongoing vulnerabilities – not just vulnerabilities that existed in 2018 when the Report was written. *See* CISA, ICS Adv. 22-154-01, *Vulnerabilities Affecting Dominion Voting Systems ImageCast X* (June 3, 2022), available here: https://www.cisa.gov/uscert/ics/advisories/icsa-22-154-01 (recommending "election officials continue to take and further enhance defensive measures to reduce the risk of exploitation of . . . vulnerabilities" in Dominion Voting Systems currently in use).

**B.     There is No Evidence FNN Will Misuse the Report.**

Next, Plaintiffs argue that Dr. Halderman warned against providing "Dominion with the complete report" because Dominion might have to produce the Report "in [its] various ongoing defamation suits to anyone who might misuse it." Pls.' Resp. Br. at 6.  But Plaintiffs tellingly offer no evidence that FNN will misuse the report.  To the contrary, FNN has repeatedly pledged that it will comply with the restrictions and conditions imposed by this Court, including treating the report as attorney's-eyes-only.  Plaintiffs' abstract concerns about potential misuse cannot be the basis for denying FNN access to concrete materials discoverable in the Delaware litigation, particularly in light of FNN's commitment to complying with this Court's

orders concerning the Report and the fact that the Delaware Court also has a protective order in place that will govern the Report when produced by Dominion.

## C. Disclosing the Report to FNN is Consistent with the Public Interest.

Plaintiffs argue that disclosing the Report to FNN "would be against the public interest" because the disclosure would be for FNN's "own self-serving ends." Pls.' Resp. Br. at 6. But Plaintiffs never specify what "public interest" is at stake if FNN is granted access to the Report or how exactly disclosure to FNN threatens that interest. More to the point though, this argument, repeated elsewhere in Plaintiffs' response, treats disclosure of the Report to FNN and the public as an "either/or." It is not. Disclosure of the Report to a third party for narrow use in a freestanding litigation has no bearing on whether the Report is more broadly disclosed to the public, or whether this Court changes the scope of its protective order with respect to Plaintiffs.

Moreover, allowing discovery to proceed unimpeded in the Delaware litigation promotes the public interest in the truth-seeking function of discovery. As this Court explained when applying the federal discovery rules, "the ascertainment of as many facts as possible leads to the truth, the discovery of which is the object of all legal investigation." *Camacho v. Nationwide Mut. Ins. Co.*, 287 F.RD. 688, 692 (N.D. Ga. 2012) (Totenberg, J.); *see also First Coast Energy, L.L.P. v. Mid-*

*Continent Cas. Co.*, 286 F.R.D. 630, 632 (M.D. Fla. 2012) ("The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result."). Denying FNN access to the Report impedes its ability to defend itself against the billion-dollar-plus claims asserted by Dominion in the Delaware litigation.[3] FNN's access to the Report is therefore a key instrument for discovering the truth and obtaining a "fair and just" result in that case. Consequently, permitting FNN to access the Report does not conflict with the "public interest" — it promotes it.

### D. FNN's Pledge to Comply with the Court's Protective Order Precludes Any Security Risk Posed by Granting FNN Access to the Report.

Finally, Plaintiffs argue that the redacted portions of the Report are "especially sensitive" and that there is no "legitimate and compelling need" to disclose the redacted information. As for the first point, the limited disclosure FNN

---

[3] Related to this point, Plaintiffs argue that FNN has not shown that it has a "legitimate and compelling" need for the Report. Pls.' Resp. Br. at 6. While Plaintiffs offer no authority for what a "legitimate and compelling" need would be, given the important First Amendment implications and significant dollar amounts at stake in the Delaware litigation, it is hard to see how FNN's need is not "legitimate and compelling" under any interpretation of those terms.

seeks does not pose a security risk.  FNN has assured this Court that it will treat the Report as attorney's-eyes-only and comply with any restrictions or conditions the Court imposes.  The Court has already authorized the distribution of the Report to a number of professionals – Plaintiffs' counsel, counsel for the State, CISA, Dominion, and potentially other stakeholders – without issue.  FNN's request only marginally expands the scope of disclosure to other professionals who have a strong interest in ensuring compliance with the Court's orders.

As for Plaintiffs' second point, the billion-dollar-plus liability coupled with the important First Amendment considerations at stake in the Delaware action constitute a "legitimate and compelling need."  The claims asserted against FNN justify a full and complete disclosure of facts and information that FNN is entitled to under Delaware's discovery rules.  Dominion, the Special Master, and FNN agree that the unredacted Report would be subject to disclosure in the Delaware litigation in the absence of this Court's protective order.  Furthermore, it would be improper to allow Plaintiffs in this action to determine what information FNN needs to defend itself in litigation that Plaintiffs are not involved in.  The Court in the Delaware action has spoken: FNN is entitled to the Report, if this Court will allow it.

## <u>CONCLUSION</u>

For the foregoing reasons, FNN respectfully requests that the Court grant FNN's Motion to Lift Stay and permit it to access the Report consistent with the terms of the Special Master's stipulated order in the Delaware litigation. Once again, FNN reiterates its commitment to comply with this Court's confidentiality orders and to take all necessary measures and precautions to maintain the confidentiality of the Report.

Respectfully submitted this 6th day of June, 2022.

/s/ Charles E. Peeler
Charles E. Peeler
Georgia Bar No. 570399
charles.peeler@troutman.com
Wheaton P. Webb
Georgia Bar No. 902682
wheaton.webb@troutman.com
TROUTMAN PEPPER HAMILTON
   SANDERS LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Tel:    (404) 885-3409
Fax:    (404) 885-3900

Charles L. Babcock
(*Admitted Pro Hac Vice*)
cbabcock@jw.com
Joel R. Glover
(*Admitted Pro Hac Vice*)
jglover@jw.com
JACKSON WALKER LLP

1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel:     (713) 752-4210

Scott A. Keller
(*Admitted Pro Hac Vice*)
scott@lehotskykeller.com
LEHOTSKY KELLER LLP
200 Massachusetts Avenue NW
Washington, DC 20001
Tel:     (512) 693-8350

*Attorneys for Fox News Network, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point-size of 14.

*/s/ Charles E. Peeler*
Charles E. Peeler
Georgia Bar No. 570399
Troutman Pepper Hamilton Sanders, LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Telephone: 404.885.3409
Email: Charles.peeler@troutman.com
*Attorney for Fox News Network, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2022 I electronically filed the forgoing ***Reply in Support of FNN's Consent Motion to Lift Stay of FNN's Motion to Intervene for Limited Purpose*** with the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

*/s/ Charles E. Peeler*
Charles E. Peeler
Georgia Bar No. 570399
Troutman Pepper Hamilton Sanders, LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Telephone: 404.885.3409
Email: Charles.peeler@troutman.com
*Attorney for Fox News Network, LLC*