IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

# **ORDER**

This matter is before the Court on the State Defendants' Motion for Clarification or Modification of the Court's March 18, 2022 Order [Doc. 1349] and the Curling Plaintiffs' Motion for Leave to File Excess Pages in their Response in Opposition to the State Defendants' Motion for Clarification or Modification [Doc. 1366].

In its March 18, 2022 Order, the Court addressed the State Defendants' discovery request concerning communications that the Court's former judicial law clerk had with the Curling Plaintiffs' counsel regarding the Curling Plaintiffs' request for an emergency conference with the Court on December 23, 2020. (Doc. 1348.)[1] The Court ultimately denied the State Defendants' request, which the Court

---

[1] As the Court noted in its March 18, 2022 Order, the Curling Plaintiffs' request for an emergency conference was denied.

understood to be a request to depose its former law clerk regarding the law clerk's follow-up communication with the Curling Plaintiffs' counsel (or alternatively to obtain the clerk's sworn statement or an explanation in Court). The State Defendants now seek an order either clarifying or modifying the Court's March 18, 2022 Order primarily on the ground that the Court misunderstood the nature of their request. The Curling Plaintiffs oppose the State Defendants' motion and also seek the Court's leave for an additional 15 pages for their response.

For the following reasons, the State Defendants' Motion for Clarification or Modification of the Court's March 18, 2022 Order is **GRANTED IN PART and DENIED IN PART**, and the Curling Plaintiffs' Motion for Excess Pages is **GRANTED**.

**I.     The Curling Plaintiffs' Motion for Excess Pages**

Before the Court considers the State Defendants' Clarification/Modification Motion, it addresses the Curling Plaintiffs' Motion for Excess Pages. In their Motion for Excess Pages, the Curling Plaintiffs seek leave to include an additional 15 pages in their response brief beyond the 25-page limit imposed by the Court's Local Rules. The Curling Plaintiffs argue that the additional pages are needed to fully lay out the key factual background of this case and to refute the arguments made by the State Defendants in their Clarification/Modification Motion.

On the same day that the Curling Plaintiffs filed their Motion for Excess Pages, the Curling Plaintiffs also filed a 39-page response to the State Defendants' Clarification/Modification Motion. (Doc. 1367.) The State Defendants

subsequently filed an opposition to the Curling Plaintiffs' Motion for Excess Pages. (Doc. 1372.) In their opposition, the State Defendants argue that the Curling Plaintiffs violated the Local Rules by failing to obtain the Court's permission prior to filing a brief in excess of the established 25-page limit, and that the Curling Plaintiffs failed to demonstrate good cause for their request.

The Court recognizes that the present dispute involves unusual circumstances and may have reputational implications for counsel. And though the Curling Plaintiffs' response is certainly not a model of brevity, the Court understands why additional pages may have been required to provide the Court with the full context of the dispute and the rationale for the Curling Plaintiffs' position. Therefore, under the circumstances, the Court finds that the Curling Plaintiffs have established good cause for their request to submit a response up to forty pages. Accordingly, the Curling Plaintiffs' Motion for Excess Pages is **GRANTED**.

## II.   The State Defendants' Motion for Clarification or Modification

The Court now considers the State Defendants' Clarification/Modification Motion. Through this Motion, the State Defendants request that the Court clarify its March 18, 2022 Order by acknowledging the following facts:

- "First, State Defendants have, in fact, sought information from Plaintiffs regarding the matter—even though it should not have been their duty to do so—only to be stonewalled and misled entirely." (Doc. 1349 at 2.)

- "Second, the underlying email, which remains under seal, provided very little, if any, 'additional information regarding

> the proposed subject matter of the requested hearing.' [Doc. 1348 at 3]. Rather, the sealed email contains unwarranted attacks on State Defendants and their counsel as a basis for an *ex parte* communication with the Court that itself was obviously inappropriate and improper." (*Id.*)

- "Third, State Defendants never requested this Court authorize a deposition of its former clerk." (*Id.*)

Regarding the first two requests, the Court briefly recounts the relevant sequence of events to ensure the record is clear. On December 23, 2020, both the Coalition Plaintiff's counsel and the State Defendants' counsel requested that they be included on any communications concerning the requested emergency hearing. Less than 24 hours later, the Court denied the Curling Plaintiffs' request on December 24, 2020. In the seven months after the Court denied the Curling Plaintiff's request, there is no indication in the record that the State Defendants made any formal requests to opposing counsel, or the Court, to obtain any records relating to the request for the emergency hearing.[2]

Then, in August 2021, the State Defendants served a request for production of "[a]ll documents or communications related to the 'important and time-sensitive issue' raised with the Court" from the Curling Plaintiffs. (*See* Docs. 797, 1250-1.) The State Defendants also sent a similar request to the Coalition Plaintiffs. (*See* Docs. 1245, 1245-1, 1257.) The Coalition and Curling Plaintiffs

---

[2] However, on June 9, 2021, the State Defendants briefly referenced this matter in a footnote in a response brief in opposition to the Plaintiffs' then pending discovery requests. In that footnote, the State Defendants merely stated, "Defendants (and apparently Coalition Plaintiffs) remain unaware of the *ex parte* communication and 'emergency conference' Curling Plaintiffs sought with the Court in December 2020. In any event, the Court was unpersuaded." (Doc. 1105 at 6.)

objected to producing any responsive documents, and several months later, in January 2022, the State Defendants raised the discovery dispute with the Court. (Docs. 1245, 1245-1, 1250-1.) Less than a week after the State Defendants raised the issue with the Court, the undersigned directed the Curling Plaintiffs to produce all documents responsive to the State Defendants' request on January 12, 2022. (Doc. 1252.) After receiving the Curling Plaintiffs' initial production on January 28, 2022 and a requested supplemental production on February 25, 2022, the State Defendants filed the responsive documents on the docket on March 4, 2022. (Doc. 1328.) With the timeline of events clarified and the Court's earlier order directing disclosure of the requested documents, the Court's view is that this matter has been fully addressed and there is no need for further clarification regarding the State Defendants' first two requests.[3]

The Court now turns to the State Defendants' third and primary request. On this issue, the Curling Plaintiffs and State Defendants dispute whether the State Defendants ever expressly requested to depose the Court's former law clerk. The State Defendants argue that — contrary to the Curling Plaintiffs' understanding of their request — they never specifically requested a deposition of the Court's former law clerk. Instead, they contend that Plaintiffs "contorted" the State Defendants' request as a request to depose the Court's former law clerk in the Plaintiffs' portion

---

[3] The Court is not willing to wade further into the acrimony between counsel.

5

of a joint filing to the Court,[4] and that the State Defendants' own portion of that filing contained no such request. The State Defendants add that they "did not have the opportunity to rebut or correct" the Plaintiffs' representation of their request in the teleconference with the Court that afternoon because the Court indicated during the teleconference that it would be addressing that matter separately. (Doc. 1349 at 11.)

In response, the Curling Plaintiffs argue that the State Defendants expressly or impliedly requested to depose this Court's former law clerk based on the State Defendants' representation to Plaintiffs' counsel during a March 10, 2022 meet-and-confer that they needed "to understand what was discussed on that phone call and that, from the State's perspective, it would probably require a deposition of someone who was on the call." (Doc. 1367 at 33) (quoting Doc. 1349 at 11). In the Curling Plaintiffs' words:

> They knew when they made that request that the only two people on that very brief call were Curling Plaintiffs' lead counsel at Morrison & Foerster LLP and the Court's former clerk, because they had been told that already. Thus, they knew that their request for "a deposition of someone who was on the call" would have to be one of those two individuals. And they did not specify either.

(*Id.*) The Curling Plaintiffs continue:

---

[4] The joint filing at issue was prepared in response to an order by the Court directing the parties to provide "a consolidated list of outstanding discovery requests that were timely filed along with a description of how much time the parties need to complete each specific discovery item." (Doc. 1335.) To the Court's surprise, the joint filing was over 20 pages long and contained a number of outstanding discovery requests that had never been raised with the Court. The joint filing's structure also may have resulted in some confusion about which party authored which specific requests as well as whether and to what extent each party's representations in their respective portions were disputed. (*See* Doc. 1340.)

> Given the surprise of this extraordinary request on that call, Curling Plaintiffs' counsel specifically asked if they were seeking to depose him. State Defendants were unequivocal in reiterating that they needed to depose "someone who was on the call" and, importantly, that they were not specifically seeking to depose Curling Plaintiffs' counsel—which of course left only the Court's former clerk. At that point, Coalition Plaintiffs' counsel spoke up to confirm that State Defendants were seeking to depose this Court's former clerk and advised that the parties move on from the topic since State Defendants would have to ask the Court for that deposition. State Defendants did not disagree or withdraw their request.

(*Id.* at 34) (footnote omitted).[5] The Curling Plaintiffs then state that "[b]ased on that unambiguous discussion," they chose to memorialize the State Defendants' request in their own portion of the joint filing with the Court the following day. (*Id.*)

Although the Curling Plaintiffs' counsel may have reasonably construed the State Defendants' request as a request to depose the Court's former law clerk, there is no indication that the State Defendants ever explicitly made that precise request. Rather, based on Plaintiffs' representations to the Court, it appears that counsel for the State Defendants simply would neither confirm nor deny whether in fact they were seeking such a deposition in their meet-and-confer with Plaintiffs' counsel. And in their own portion of the joint filing submitted to the Court, the State Defendants stated only that they needed further information about the

---

[5] The State Defendants disagree with this portrayal of events, at least in part. The State Defendants argue that their counsel "suggested that Curling Plaintiffs' counsel on the call could provide an affidavit instead." (Doc. 1349 at 11.) They further explain that "Curling Plaintiffs' counsel indicated he would do so but at that point it was Coalition Plaintiffs' counsel that jumped in to demand State Defendants seek a deposition of the clerk." (*Id.*)  Plaintiffs' counsel deny this rendition — and maintain that Mr. Cross consistently has offered to provide his own affidavit.

7

communications between the Curling Plaintiffs' counsel and this Court's former law clerk, and that they "believe[d] either a brief deposition (by oral or written questions), an affidavit under oath, or otherwise an explanation in open Court w[ould] likely suffice."[6] (Doc. 1340 at 15–16.) By comparison, in their own portion of the joint filing with the Court, Plaintiffs characterized the State Defendants' request as a request for the "Deposition of the Court's Former Law Clerk." (*Id.* at 8.) Thus, it was only Plaintiffs who expressly characterized the State Defendants' request as a request to depose the Court's former clerk — but this characterization appears to have honestly manifested Plaintiffs' understanding of opposing counsel's remarks in their conference.

It is still not entirely clear to the Court whether the State Defendants were in fact seeking to depose this Court's former law clerk or asking for the clerk and/or Mr. Cross to make an explanatory statement in court or otherwise under oath. But either way, the nature of counsel's communications with each other and the Court appear to have generated disagreement as to what occurred during counsel's discussions. This is especially so given the substantial friction in counsel's relationship. For purposes of the present Motion, however, the Court corrects and clarifies its Order of March 18, 2022 in this regard to indicate that, regardless of whether or not the State Defendants intended to request a deposition or a sworn

---

[6] The Court's Order of March 18, 2022 addresses that question directly. (Doc. 1348 at 4) ("The clerk then made a courtesy call to Mr. Cross to advise him that the hearing request had been denied and subsequently sent an email to all parties counsel, informing them that 'Judge Totenberg has declined Curling Plaintiffs' request for an emergency conference.'").

statement of the law clerk, the State Defendants never made an express request to the Court to depose or require the testimony of the Court's former law clerk.

### III.   Conclusion

For the reasons stated above, the State Defendants' Motion for Clarification or Modification of this Court March 18, 2022 Order [Doc. 1349] is **GRANTED IN PART and DENIED IN PART**, and the Curling Plaintiffs' Motion for Excess Pages [Doc. 1366] is **GRANTED**.

The Court recognizes the dynamics that have caused breaks in communication and separate concerns for each set of counsel as well as the Court. It is now time to move on.

**IT IS SO ORDERED** this 17th day of June, 2022.

_____
**Honorable Amy Totenberg
United States District Judge**