IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' STATEMENT ON PROCEEDING TO TRIAL
AND DENYING OR DEFERRING SUMMARY JUDGMENT**

Pursuant to this Court's request (June 7, 2022 Tr. at 60:23-61:3), Plaintiffs provide their position on this Court's ability to deny summary judgment without unnecessary and expensive responsive briefing from Plaintiffs or to defer briefing and resolution of summary judgment until after or during trial.

Summary judgment at this stage would be an extremely time-consuming, expensive, and dilatory exercise that would result in a wasteful duplication of this Court's and the parties' efforts. It would require this Court, as the factfinder in this case, to ultimately review an extensive record involving complex issues *twice* and to evaluate the merits of Plaintiffs' claims *twice*. Plaintiffs would incur the substantial cost of marshaling that extensive evidence and presenting it to the Court *twice* (more precisely, *three* times given the significant record Plaintiffs

1

already presented for their 2020 preliminary injunction motions). The best use of judicial resources—as well as Plaintiffs' limited resources—would be to proceed directly to trial. Should Defendants nevertheless needlessly burden this Court with a motion for summary judgment, this Court has ample authority to: 1) deny the motion without requiring a response from Plaintiffs; or 2) hold the motion and any briefing on it in abeyance until after trial, or at least the close of Plaintiffs' evidence at trial. As this Court will see upon receipt of a summary judgment motion, denial of the motion without briefing is especially appropriate here given the compelling evidence Plaintiffs have compiled and the numerous material fact disputes in this case. But either course is proper, preserves already-strained judicial and party resources, and moves this case to resolution on the merits expeditiously, per Rule 1 of the Federal Rules of Civil Procedure.

"District courts 'enjoy broad discretion in deciding how best to manage the cases before them.'" *Enwonwu v. Fulton-DeKalb Hosp. Authority*, 286 F. App'x 586, 595 (11th Cir. 2008) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). A district court's discretion over when and how to address summary judgment motions extends broadly, such that "even in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be

to proceed to a full trial.'" *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  "A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing." *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991).  This Court would be well within its discretion to defer consideration and briefing of a summary judgment motion until after a full trial. *See*, *e.g.*, *Bolden v. Winkelman*, 19 F.3d 21, 21 (7th Cir. 1994) ("The decision whether to rule on a motion for summary judgment prior to trial is within the trial court's discretion."); *Shipe v. Mason*, 500 F. Supp. 243, 245, 246 n.3 (E.D. Tenn. 1978), *aff'd*, 633 F.2d 218 (6th Cir. 1980) (postponing consideration of plaintiff's motion for summary judgment until after a bench trial and then overruling the motion); *Rypkema v. Bowers*, 66 F.R.D. 564, 569 (N.D.W. Va. 1974) (the court "has discretion to postpone consideration of a summary judgment until after a hearing on the merits," particularly in deciding constitutional questions); *Williams v. Howard Johnson's Inc. of Washington*, 323 F.2d 102, 105 (4th Cir. 1963) (the district court "has the discretion to postpone consideration of the motion for summary judgment until after a hearing on the merits. The principles governing summary judgment procedure should be applied in a common sense manner to the

3

realities of the litigation at hand."); *Woods v. Robb*, 171 F.2d 539, 541 (5th Cir. 1948) (holding, where the district court "wished to try the case on its merits with full evidence," that "[t]he refusal to pass on the motion for a summary judgment was within the discretion of the court").

First, summary judgment briefing on jurisdictional issues would be futile. Not only has this Court considered and ruled on Plaintiffs' standing on multiple occasions, (Dkts. 309 at 16-29; 375 at 34-53; 579 at 4 n.1, 11, 12-20, 133-153; 751 at 34-45; 918 at 48-62; 964 at 79-89), but the Eleventh Circuit has again made clear, as it did in 2019,[1] that there is standing here to pursue Plaintiffs' claims. The panel did not even want to hear any argument on standing, contrary to State Defendants' oft-repeated predictions that oral argument on their appeals would eliminate this case entirely on standing. (Dkt. 1388-2 at 4-20, 25, 27, 47.) While State Defendants make much of the fact that the panel acknowledged only the Coalition's standing, under the well-established one-plaintiff rule, all Plaintiffs here can and should proceed to trial because all Plaintiffs are pursuing essentially the same relief. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("At least one plaintiff must have standing to seek each form of relief

---

[1] In 2019, the Eleventh Circuit declined to address Defendants' standing arguments and dismissed them as frivolous. (*See* Dkts. 969 at 4 n.3; 338 at 15-16.)

requested in the complaint."); *A.C.L.U. of Fla., Inc. v. Miami-Dade Sch. Bd.*, 557 F.3d 1177, 1194 (11th Cir. 2009) ("Because [one of the plaintiffs] has standing to raise those claims, we need not decide whether either of the organizational plaintiffs also has standing to do so."); *see also Black Voters Matter Fund v. Raffensperger*, 478 F. Supp. 3d 1278, 1306 (N.D. Ga. 2020) ("Only one named Plaintiff needs to have standing for each claim asserted in the complaint."). In short, there is no basis for yet another standing inquiry by this Court in this case, and doing so would further compound the substantial waste of time and resources this Court and Plaintiffs already have suffered from State Defendants' approach to this litigation.

With respect to the merits, summary judgment would not narrow the issues for trial in any meaningful way. Although State Defendants asserted this as a basis for addressing summary judgment before trial, they could not articulate how summary judgment likely would narrow the triable issues in this case. (June 7, 2022 Tr. at 50:21-51:7.) Their reliance on the *Fair Fight* litigation is misplaced and illustrates the frailty of their position. The *Fair Fight* plaintiffs asserted "five constitutional and statutory challenges based upon factually distinct 'theories of voter suppression,'" which the court carefully parsed in a 96-page summary judgment order, granting in part, denying in part, staying in part, and mooting in

part those various claims.  Order at 6, 94-96, *Fair Fight Action v. Raffensperger*, No. 1:18-cv-05391-SCJ (N.D. Ga. Mar. 31, 2021), Dkt. 617.

Fundamentally here, however, there is one pending issue for the Court to decide: whether Georgia's current Dominion voting system is sufficiently secure and reliable to protect the Constitutional right of Plaintiffs to vote and have their vote counted as intended.  (*See* Dkt. 964 at 4, 19-78; Dkt. 785-1.)  The Court will not be able to dispose of this singular, fundamental issue at summary judgment. Plaintiffs' claims are supported by ample evidence—as this Court observed in its October 11, 2020 preliminary injunction decision on an even narrower record, (Dkt. 964 at 133, 143-44)—and turn on hotly-contested fact disputes, including involving the credibility of key witnesses, which this Court must evaluate at trial.

Plaintiffs request that this Court set a trial date that allows the parties to expeditiously complete the limited discovery that remains outstanding on challenges with respect to the BMD component of the voting system.  (*See* Dkts. 1400 & 1401.)  Should Defendants burden this Court and Plaintiffs with a wasteful summary judgment motion, Plaintiffs request that this Court exercise its broad discretion and either deny the motion without requiring a response from Plaintiffs or hold the motion and any briefing on it in abeyance until after the close of trial, or at least Plaintiffs' evidence at trial.  Plaintiffs already have incurred millions of

6

dollars in fees and costs in this case from State Defendants' dilatory and vexatious approach to this litigation. They should not be required to waste even more resources on presenting their case to the Court twice.

Respectfully submitted this 17th day of June, 2022.

| | |
|---|---|
| /s/ Mary G. Kaiser | /s/ Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| MORRISON & FOERSTER LLP | KREVOLIN & HORST, LLC |
| 2100 L Street, NW, Suite 900 | 1201 West Peachtree Street, NW |
| Washington, DC 20037 | Suite 3250 |
| (202) 887-1500 | Atlanta, GA 30309 |
| | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Russell T. Abney | /s/ Robert A. McGuire, III |
| Russell T. Abney | Robert A. McGuire, III |
| Georgia Bar No. 000875 | Admitted Pro Hac Vice |
| WATTS GUERRA, LLP | (ECF No. 125) |
| 4 Dominion Drive, Building 3 | ROBERT MCGUIRE LAW FIRM |
| Suite 100 | 113 Cherry St. #86685 |
| San Antonio, TX 78257 | Seattle, Washington 98104-2205 |
| (404) 670-0355 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Mary G. Kaiser*
Mary G. Kaiser

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, a copy of the foregoing **PLAINTIFFS' STATEMENT ON PROCEEDING TO TRIAL AND DENYING OR DEFERRING SUMMARY JUDGMENT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Mary G. Kaiser*
Mary G. Kaiser