IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |
|---|---|

### COALITION PLAINTIFFS' RESPONSE TO COURT'S ORDER (DOC.1408) REGARDING COFFEE COUNTY DISCOVERY

Coalition Plaintiffs respectfully submit this information in response to the Court's June 28, 2022 Order (Doc. 1408).

*Individual Depositions*:

Deposition and document subpoenas have been issued as referenced in the Certificate of Service of Discovery (Doc. 1399) as follows:

| Witness | Role | Noticed Date of Deposition |
|---|---|---|
| Benjamin R. Cotton | Reportedly conducted forensic image of the Coffee County EMS server | August 9, 2022 |
| Paul V. Maggio | Employee of computer consulting firm Sullivan Strickler, believed to have conducted | July 11, 2022 |

|  | unauthorized copying of Coffee County EMS server |  |
|---|---|---|
| Scott G. Hall | Witness whose recorded telephone call claims first-hand knowledge of individuals involved in the operation to access and copy Coffee County EMS server and other voting system components | July 12, 2022 |
| James A. Barnes Jr. | Coffee County Election Supervisor (April 2021-December 2021) | July 13, 2022 |
| Cathleen A. Latham | Reportedly organized third parties' access to Coffee voting system components for unauthorized copying of the system | July 19, 2022 |
| Emily Misty Hampton | Coffee County Election Supervisor during 2020 election through February 2021 | July 20, 2022 |
| Eric B. Chaney | Member of Coffee County Board of Elections | August 2, 2022 |

*Institutional Representative Depositions (Fed. R. Civ. P. 30(b)(6)):*

<u>Coffee County Election Board</u>

The Rule 30(b)(6) Deposition Notice to the Coffee County Election Board

lists the following topics:

1. Any information You have concerning SEB Case Number 2020-250.

2. How any Persons gained Unauthorized Access to Coffee County's Election System, EMS Server and Election Data.

3. When and for how long any Persons had Unauthorized Access to Coffee County's Election System, EMS Server and Election Data.

4. The identity of the Persons involved in any way, or who have knowledge of, any Unauthorized Access to Coffee County's Election System, EMS Server and Election Data, including, but not limited to, Persons who organized, planned, communicated about, led, participated in, were present during, or have knowledge of such events.

5. Any and all Coffee County Election System devices, data, systems, processes, and/or Documents to which Persons gained access during the Unauthorized Access to Coffee County's Election System, EMS Server and Election Data.

6. Any Communications by or between You and/or the State Elections Board and its members, other Georgia counties, the Secretary of State, and/or other third parties concerning SEB Case Number 2020-250 or Unauthorized Access to Coffee County's Election System, EMS Server and Election Data.

7. Any investigation, assessment, evaluation, findings, report or other Documents concerning SEB Case Number 2020-250 or Unauthorized Access to Coffee County's Election System, EMS Server and Election Data.

8. Why the Coffee County EMS server was replaced in 2021.

9. When and why the Coffee County EMS server's password was changed by any Person after the 2020 presidential election and any problems Coffee County officials encountered with the EMS server password in 2021.

10. The termination of and/or any disciplinary actions or proceedings concerning any Coffee County Board of Registration and Election employees or personnel after October 1, 2020.

11. The process and/or procedures to change a/the password for the Coffee County EMS server at all times during the Relevant Time Period.

12. Any work, investigation, or Communication concerning any Unauthorized Access to Coffee County's Election System, EMS Server, and Election Data not captured in Topics 1 – 11.

13. Any actual or potential security vulnerabilities, risks, failings, deficiencies, concerns, complaints, hacks, tabulation discrepancies, or compromises involving any aspect of Coffee County's Election System, including but not limited to any computer systems or network environments that support the operation of the Election System.

14. Any testing, examination, evaluation, study, analysis, investigation, or assessment of the security, reliability, or accuracy of the Coffee County Election System after October 1, 2020.

<u>Secretary of State</u>

Plaintiffs have not yet noticed a Rule 30(b)(6) deposition for the Secretary of State. Plaintiffs instead have attempted to first negotiate mutually-agreeable language for the deposition by proposing the following topic:

> Any alleged event(s) in which one or more individuals not authorized by Georgia state law obtained access to one or more components of Georgia's Current Election System in Coffee County or elsewhere, including but not limited to an EMS server; Dominion or KnowInk software, firmware, or hardware; an ENR server or computer; a computer or removable media used with Georgia's Current Election System; BMD touchscreen machines, ballot scanners, PollPads, or electronic election records; or voted ballots.

Unfortunately, the Secretary of State has been unwilling to agree to Plaintiffs' proposed topic or to offer suggested modifications or otherwise to discuss the issue, leaving the issue unresolved as indicated below.

4

*Open Issues From Joint Discovery Dispute*:

The unresolved issues that remain from the Joint Discovery Dispute (Doc. 1360) involve documents Plaintiffs have requested and State Defendants have refused to produce, as indicated below using the same numbers as in the Joint Discovery Dispute. State Defendants have broadly asserted investigative privilege over *every* document responsive to Plaintiffs' requests but have not provided—or agreed to provide—a privilege log; nor have they explained how *every* responsive document could be privileged, which cannot be correct.

| Item number | Description | Status |
|---|---|---|
| i. | Election Project Packages from the November 3, 2020 original count and recount; | unresolved |
| ii. | Election Project Package from the January 5, 2021 runoff election | unresolved |
| iii. | "Documentation from their [Coffee's] Election Management System to back up their uploaded results" for the November 2020 recount, | unresolved |
| iv. | Communications between Cathy Latham and Gabriel Sterling (of the Secretary of State's office) concerning Coffee County November 2020 ballot processing problems | unresolved |
| v. | Communications between Cathy Latham and Secretary Raffensperger regarding Coffee County ballot processing problems | unresolved |
| vi. | State Defendants' investigation files (whether complete or in process) related to | unresolved |

|      |                                                                                                                                                                     |            |
|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------|
|      | Coffee County investigations during the period 2020 to the present                                                                                                  |            |
| vii. | All documents referencing or regarding a breach of the voting system in Coffee County in 2020 or 2021                                                               | unresolved |
| viii.| All documents referencing or regarding a potential hack of the Coffee County voting system and/or its potential impact on the November 3, 2020 machine recount results. | unresolved |

*Other Relevant and Outstanding Issues*:

<u>June 6, 2022 Conference</u>

During the Court's June 6, 2022 Conference, the Court Ordered State Defendants to provide the following information:

   1) a report on whether Dominion has been asked to help access the Coffee County EMS server that State Defendants represented is inaccessible because of a password change (Hearing Tr. 28: 9-21); and

   2) the dates on which the State Election Board Coffee County investigation case was initiated and/or amended to include the Coffee County server issues (Hearing Tr. 19:22-25).

State Defendants have not provided all the information the Court directed them to provide, and Plaintiffs have been unsuccessful in obtaining a response from State Defendants.

April 7, 2022 Conference

During the April 7, 2022 Conference, the Court directed State Defendants to provide documents memorializing the transfer of the Coffee County EMS server and program files to the Secretary of State's office (Hearing Tr. 53: 23-25) and State Defendants' communications with the Coffee County Board (Hearing Tr. 54: 11-17).  State Defendants responded May 9, 2022, by providing only a single document: an equipment test document dated June 8, 2021 (Doc. 1377-4) *for the replacement EMS server* for Coffee County, which State Defendants represented was the date the prior Coffee County EMS server was replaced by the Secretary of State.  State Defendants have produced no documents responsive to the Court's directive.  It stands to reason there must be communications and other documentation of this unusual (and potentially unlawful)[1] action by State Defendants.  Replacing a county EMS server is no ordinary event, and it could not plausibly occur without some paper trail indicating when, why, and how it occurred and who was involved.

Plaintiffs request that the Court (1) set a prompt deadline for State Defendants to finally comply with the Court's directives at the two recent

---

[1] The EMS server the Secretary of State admits he took from Coffee County contained the only known copies of the Coffee County electronic election records for 2020 and the January 2021 elections, which the county is legally required to maintain. O.C.G.A. §21-2-500(a).

7

conferences and order timely compliance; and (2) order State Defendants to produce the documents captured in Items (i)-(viii) above on or before July 8, 2022.[2]

| | |
|---|---|
| s/ *Russell T. Abney* | /s/ *Robert A. McGuire, III* |
| Russell T. Abney | Robert A. McGuire, III |
| Georgia Bar No. 000875 | Admitted Pro Hac Vice |
| WATTS GUERRA, LLP |  (ECF No. 125) |
| Suite 100 | ROBERT MCGUIRE LAW FIRM |
| 4 Dominion Drive, Building 3 | 113 Cherry St. #86685 |
| San Antonio, TX 78257 | Seattle, Washington 98104-2205 |
| (404) 670-0355 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

---

[2] Plaintiffs also asked during the two recent conferences with the Court for their own election security experts to obtain access to the Coffee County EMS server that State Defendants now possess and claim is not accessible due to a password change.  Plaintiffs' understand that the Court has not yet resolved this request.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on June 24, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record. In addition, pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *Russell T. Abney*
Russell T. Abney