**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **Donna Curling,** *et al.*, )<br>)<br>Plaintiff , )<br>) Case No. 1:17-CV-02989-AT<br>v. )<br>)<br>**Brad Raffensperger,** *et al*; )<br>)<br>Defendants. )<br>_____ ) | |

**MOTION TO QUASH SUBPOENAS AND MOTION FOR A PROTECTIVE ORDER BY PAUL V. MAGGIO WITH INDWELLING BRIEF IN SUPPORT**

Paul V. Maggio, a nonparty, files this Motion to Quash Subpoenas and Motion for a Protective Order pursuant to Federal Rules of Civil Procedure 26 and 45 and shows as follows:

**I.   Introduction & Background**

1. Nonparty Paul V. Maggio ("Maggio") was served with a *Subpoena to Testify at a Deposition in Civil Action* and a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* issued by Plaintiffs on June 15, 2022.

2. Maggio is not a party to the matter before the court. Maggio is an executive with SullivanStrickler, a technology company that, among

   other things, offers e-discovery support and electronic forensic and collections tools to its clients.

3.  Maggio served his Written Objection Pursuant to Fed. R. Civ. P. 45 to the Subpoena to Testify at a Deposition in Civil Action and Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Plaintiffs via e-mail to Plaintiff's counsel on June 29, 2022.

4.  The "Definitions" section within Attachment A to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* defines "Unauthorized Access to Coffee County's Election System, EMS Servers and Election Data" to mean "any event(s) that took place after November 3, 2020, in which one or more Coffee County election officials (including members of its board of elections or persons under their authority or direction) granted access to one or more Unauthorized Persons to access Coffee County's Election System components, EMS server, electronic records, and election ballots, as referenced, for instance, in the following media articles: https://www.washingtonpost.com/investigations/2022/05/l3/coffee-county-misty-hampton-election/; https://www.thedailybeast.com/how-a-coffee-county-gop-chair-coordinated-a-voting-machine-breach;

https://www.salon.com/2022/05/13/georgia-official-allowed-conspiracist-to-breach-voting-system-in-search-of-fraud-report/ .

5. The "Definitions" section within Attachment A to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* defines "Unauthorized Persons" to mean "any Person other than an employee or agent of the Coffee County Election Board, the Secretary of State, or Dominion Voting Systems, respectively."

6. These definitions are used throughout the specific requests in the subpoena, and as such, they expressly incorporate the subject matter of the online articles referenced in the Definitions.

7. The articles reference a video apparently made by Misty Hampton that went "viral" but no link to the video was provided by Plaintiffs.

8. The articles reference events occurring in other states, former President Donald Trump, and the events of January 6, 2021 at the Capitol.

9. The articles include hyperlinks to still other articles, which themselves contain hyperlinks to other articles, rendering the Definition in subpoena that includes reference to such articles, an impossible to decipher rabbit hole of reporting on various election-related issues.

10. Upon accessing the links referenced in Definitions section of the subpoena, Maggio was presented with the following language from the authors of the refenced articles:

   a. Suspected or attempted breaches have spurred law enforcement investigations in Colorado, Michigan and Ohio. One such case has already led to criminal charges. Tina Peters, an elections official in Mesa County, Colo., was indicted in March on charges stemming from her alleged efforts to secretly copy a Dominion Voting Systems server last year.[1]

   b. In Michigan, state police are investigating an alleged breach of voting equipment after the 2020 election in Roscommon County. A local NBC television affiliate in western Michigan reported last week that police had raided a township office in a different county as part of that investigation.[2]

   c. "Voting systems are considered by the federal government to be "critical infrastructure," vital to national security, and access to their software and other components is tightly regulated."[3]

---

[1] https://www.washingtonpost.com/investigations/2022/05/13/coffee-county-misty-hampton-election/
[2] *Id.*
[3] *Id.*

    d. "Raffensperger's office declined to comment for this report, citing the pending litigation and an ongoing investigation of the Coffee County matter. Attorneys for Raffensperger told the court last month that the secretary of state's office launched the investigation as soon as it became aware of the recorded phone call. They said state officials have not found evidence of a security breach."

    e. "The state board referred the findings to Georgia Attorney General Chris Carr (R) for potential civil penalties. A spokeswoman for Carr told The Post this week that the review remains 'active and ongoing.'"[4]

    f. "The Georgia Secretary of State claims it is investigating how a local election supervisor gave a cadre of 2020 election truthers improper access to an election computer system, in what initially seemed like the latest example of rogue actors misusing their government positions to cast doubt on President Joe Biden's victory over Donald Trump."[5]

    g. "Last month, *The Washington Post* revealed that the Secretary of State's office was investigating the matter."[6]

---

[4] *Id.*
[5] https://www.thedailybeast.com/how-a-coffee-county-gop-chair-coordinated-a-voting-machine-breach
[6] *Id.*

    h. "Secretary of State Brad Raffensperger's office has maintained it is investigating the alleged unauthorized access in Coffee County. Last summer, the secretary of state's office seized and replaced the computer server in question."[7]

    i. "Similar attempts in Colorado, Michigan, and Ohio have been investigated. One, in Mesa County, Colorado, has already led to an indictment."[8]

    j. "In an interview with Post, Hampton said that she was unaware that the visit might contravene the state's guidance barring voting equipment from being released to the public."[9]

    k. "As the Washington Post notes, suspected and attempted breaches in election security have prompted multiple investigations in states like Ohio, Colorado, and Michigan."

11. Accordingly, the subpoenas are aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions.

---

[7] *Id.*
[8] *Id.*
[9] https://www.salon.com/2022/05/13/georgia-official-allowed-conspiracist-to-breach-voting-system-in-search-of-fraud-report/

    a. **II.** **<u>Legal Standard</u>**

**A.** **<u>Motion To Quash Subpoenas</u>**

12. The Federal Rules of Civil Procedure generally provide that "[p]arties may obtain discovery regarding any nonprivileged mater that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).

13. However, if a subpoena seeks information that is protected by privilege or other legally recognized exception to compel disclosure, it can be quashed or modified. Fed. R. Civ. P. 35(d)(3)(A)(iii).

14. Rule 45 of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court by which a subpoena was issued must quash or modify that subpoena if it…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

15. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V.

16. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers

might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted).

17. As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings.

18. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution and asks this Court to quash both the *Subpoena to Testify at a Deposition in Civil Action* and a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* issued by Plaintiffs on June 15, 2022 on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

19. Moreover, the Definitions within the subpoena include within them hyperlinks to articles which themselves include hyperlinks to still other articles, which themselves contain hyperlinks to other articles, rendering the Definition in subpoena that includes reference to such articles, an impossible to decipher rabbit hole of reporting on various election-related

issues. Accordingly, the subpoena is impossibly vague and improper, leaving Maggio tasked with deciphering what documents and things are sought related to what subjects that may be reported on in the included links and the hyperlinks therein.

Respectfully submitted this 29th day of June, 2022.

                                **WINTER CAPRIOLA ZENNER, LLC**

                 By: /s/ Richard J. Capriola
                     Richard J. Capriola, Esq.
                     Georgia Bar No. 108880
                     Eric B. Coleman
                     Georgia Bar No. 107648

***Attorneys for Paul V. Maggio***
3490 Piedmont Road, N.E., Suite 800
Atlanta, GA  30305
(404) 844-5700
(404) 844-5701 (fax)
rcapriola@wczlaw.com
ecoleman@wczlaw.com

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1
## AND CERTIFICATE OF SERVICE

I certify that the foregoing document was prepared using 14-point Times New Roman font in compliance with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This also certifies that I have served counsel with the foregoing by filing it using the CM/ECF system, which will send notification of the filing to all attorneys of record in this case.

          **WINTER CAPRIOLA ZENNER, LLC**

          By: /s/ Eric B. Coleman
          Eric B. Coleman
          Georgia Bar No. 107648

***Attorneys for Paul V. Maggio***
3490 Piedmont Road, N.E., Suite 800
Atlanta, GA  30305
(404) 844-5700
(404) 844-5701 (fax)
ecoleman@wczlaw.com