## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

     *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

     *Defendants*.

CIVIL ACTION

FILE NO. :17-CV-2989-AT

### STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' FILINGS

This Court directed State Defendants respond to Plaintiffs' request to preclude Defendants from moving for summary judgment under Federal Rule of Civil Procedure 56, [Doc. 1403], Coalition Plaintiffs' request to hold oral argument on discovery matters, [Doc. 1407], and Coalition Plaintiffs statement regarding a pending joint discovery dispute, [Doc. 1409]. State Defendants note that they currently are under severely constrained resources, with some counsel in another trial before Judge Grimberg, *Rose v. Raffensperger*, No. 1:20-cv-02921-SDG (N.D. Ga.) and the remainder of counsel consumed with filing proposed findings of fact and conclusions of law, by July 1, regarding the six-week *Fair Fight Action v. Raffensperger* trial. With that in mind, State Defendants briefly respond as follows:

I.     **State Defendants do not oppose Coalition Plaintiffs' request for hearing and request argument likewise be had on Plaintiffs' motion to suspend application of Rule 56.**

State Defendants do not oppose the request for oral argument, but make three additional requests concerning such argument.

First, State Defendants request argument be held following the time for objections and responses of third-parties to Plaintiffs' various non-party subpoenas on the same subject. *See* [Doc. 1399]. State Defendants do not presently know whether the recipients of those subpoenas will be making objections before this Court or elsewhere, but either way, determination of whether Coffee County-related depositions and other matters contained in the discovery dispute can go forward will be pertinent to whether the subpoenas also comply with the scope of discovery in this case. Consequently, it makes logical sense to address those matters when they are all ripe for review.

Second, State Defendants also request oral argument be held on Plaintiffs' joint motion to preclude State Defendants from moving for summary judgment. *See* [Doc. 1403]. As explained in more detail below, Plaintiffs' motion seeks extraordinary relief—essentially, preemptive denial of a summary judgment motion this Court has not reviewed—and is

unsupported by their own authority. State Defendants believe oral argument on this motion will benefit the Court in deciding the issue.

Finally, State Defendants request that argument on the propriety of the motions—rather than a conference on the matter—be held in person, at a time suitable for the Court. State Defendants believe that in-person argument on motions this weighty—and that could conclusively determine the course of this litigation—will aid the Court in resolving the matters.

## II.   Plaintiffs' own authority does not support their extraordinary request to preemptively deny summary judgment.

Plaintiffs ask for an extraordinary order in their motion: seeking an order precluding State Defendants from requesting the Court review this case at summary judgment or, in the alternative, denying any summary judgment motion of the Defendants, sight unseen and without response from the Plaintiffs.[1] By its plain text, however, Rule 56 provides to any party the mechanism of summary judgment, which the Court "**shall grant** … if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court shall state

---

[1] In reality, of course, these two requests seek the same relief—denying summary judgment now without any actual review of the motion and Plaintiffs' claims. This is a remarkable request by Plaintiffs, who ostensibly brought suit to vindicate constitutional due process.

on the record the reasons for granting or denying the motion." FRCP 56(a) (emphasis added). Indeed, the Supreme Court has previously noted that exercise of summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FRCP 1). In that regard, Rule 56 must be construed not only with the rights of plaintiffs in mind, but also with "due regard" for the rights of persons defending against such claims. *Id.* at 317. State Defendants have not located any recent authority supporting the preemptive denial of summary judgment or precluding a litigant from moving for summary judgment entirely and the Plaintiffs cite none. Instead, they rely upon four cases from the past thirty years to support their request, all of which are readily distinguishable.

For example, Plaintiffs rely on *Enwonwu v. Fulton-Dekalb Hosp. Auth.* For the general principle that "[d]istrict courts 'enjoy broad discretion in deciding how to best manage the cases before them.'" 286 F. App'x 586, 595 (11th Cir. 2008) (quoting *Chudasama* v. Mazda Motor Corp., 123 F.3d 1353, 1366)); [Doc. 1403 at 2]. However, Plaintiffs conveniently disregard the second half of the sentence. The full sentence from *Enwonwu*—noticeably

omitted from Plaintiffs' citation—demonstrates its plain inapplicability to

this case and is excerpted below:

> District courts "enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997), **and that discretion extends to whether to consider untimely motions for summary judgment**, see *Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir.1989).

286, F. App'x 586, 595 (11th Cir. 2008) (internal marks and citations in

original) (emphasis supplied). Here, however, there can be no dispute that

Defendants will *not* be untimely in moving for summary judgment under

Rule 56 which requires motions be made within thirty days of the close of fact

discovery, absent order of the Court or Local Rule providing otherwise. FRCP

56(b); N.D. Ga. L. R. 56.1(D) (providing the same 30-day timeline absent

Court order). Indeed, this case has remained stayed while the appeal in this

case remains pending, thereby staying the Court's summary judgment

deadline as well. [Doc. 1347] Nonetheless, although the Court expressly

stated that it "considers the prior March 31, 2022 deadline for summary

judgment to be the effective deadline for completing outstanding discovery,"

*id.* at 6 n.6, Plaintiffs' recent subpoenas, deposition requests, and document

demands indicate they do not believe discovery has concluded.

Moreover, the case relied upon by the *Enwonwu* court demonstrates the benefit of determining dispositive motions prior to trial. In *Chudasama*, the Eleventh Circuit addressed "the mischief that results when a district court effectively abdicates its responsibility to manage a case involving contentious litigants and permits excessive and dilatory discovery tactics to run amok." 123 F.3d 1353 (1997). Reviewing the district court's imposition of sanctions, the Eleventh Circuit found an abuse of discretion in the district court's "[f]ailure to rule on significant pretrial motions before issuing dispositive orders." *Id.* at 1367 (citing *In re School Asbestos Litig.*, 977 F.2d 764, 792–793 (3d Cir. 1992) ("In our view, a district court's failure to consider the merits of a summary judgment motion is a failure to exercise its authority when it has the duty to do so."). "In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim." 123 F.3d at 1368. Likewise here, the burdens of permitting Plaintiffs' extravagant claims have steadily increased over nearly five years of litigation, and the Court's duty to finally determine—pursuant to a timely Rule 56 motion—the validity of their claims has also increased.[2]

---

[2] *Enwonwu* (an unreported case) is also not persuasive here for the same reasons stated above. *See McNamara v. Gov't Employees Ins. Co.*, 30 F.4th

Other authority cited by Plaintiffs also does not support precluding or preemptively denying summary judgment. [Doc. 1403 at 2–3]. *Black v. J.I Case Co.* stands for the rather unremarkable proposition that an interlocutory order denying summary judgment is not reviewable "where final judgment adverse to the movant is rendered on the basis of a subsequent full trial on the merits." 22 F.3d 568, 570 (5th Cir. 1994). Nowhere in *Black* did the Fifth Circuit address whether such a motion could be filed at all, indeed it already had been filed. The same goes for *United States v. Certain Real and Personal Property Belonging to Hayes*, which considered the propriety of the district court's ruling on a Rule 56 motion—that motion, of course, had necessarily been filed and a written order thereon entered. 943 F.32d 1292 (11th Cir. 1991).

Finally, Plaintiffs cite to *Bolden v. Winkleman*, an unpublished disposition of the Seventh Circuit affirming a magistrate judge's refusal to rule upon a summary judgment motion that did not comply with Rule 56(c), "cited no legal authority, and was unsupported by depositions, interrogatories, admissions or affidavits." 19 F.3d 21 (table), 1994 WL 66695 at *1 (7th Cir. Mar. 3, 1994). Of course, this order is not precedential even in

---

1055, 1060–61 (11th Cir. 2022) (noting the district court's duty to separately determine whether unpublished opinions are persuasive).

the Seventh Circuit, *U.S. v. Townsend*, 762 F.3d 641, 646 (7th Cir. 2014) (citing 7th Cir. R. 32.1(b)) and has no application to the facts here.[3]

Setting aside that Plaintiffs have offered *no* authority supporting their extraordinary request, their arguments on efficiency and the substantial record in this case do not counsel in favor of precluding summary judgment. Defendants agree that the record is, in fact, substantial, encompassing nearly five years of litigation and (at least) ten separate motions for preliminary injunction. Summary judgment here will vindicate "several of the purposes of Rule 56, such as 'to prevent vexation and delay, improve the machinery of justice, [and] promote the expeditious disposition of cases.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188–89 (11th Cir. 2005) (quoting Wright & Miller, *Federal Practice and Procedure* § 2712 (2d ed. 2002)); *see also id.* at 1188 & n.15 ("[W]e expect that district judges will be open to such [summary judgment] motions.") (citing *Chudasama*, 123 F.3d at 1368).

While State Defendants appreciate Plaintiffs' view on the *Fair Fight Action* matter and the utility of summary judgment there, the distinction

---

[3] Elsewhere, the Seventh Circuit has held that courts must exercise their inherent power to control and manage their docket "in a manner that is *in harmony with* the Federal Rules of Civil Procedure." *Strandell v. Jackson Cnty., Ill.*, 838 F.3d 884 (7th Cir. 1987). Not in a manner which disregards application of Rule 56 in its entirety.

they draw is unsupported by the record here. As a starting point, this case involves two separate plaintiff groups proceeding on three different complaints: Curling Plaintiffs' Third Amended Complaint, and Coalition Plaintiffs' Third Amended Complaint and First Supplemental Complaint. And those complaints assert seven different causes of action—four claims by Coalition Plaintiffs and three claims by Curling Plaintiffs—that remain pending at this juncture, each applicable to only those respective plaintiff groups. As a testament to this reality, each Plaintiff group has consistently sought different relief based on different claims with each round of preliminary injunction motions in this case. Consequently, Plaintiffs' reliance on the one plaintiff standing rule is misplaced—standing must exist as to each claim and is not "dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.4 (1996).[4]

The Plaintiff groups are proceeding on separate complaints for a reason and cannot be permitted to rely on the other's standing (without even Rule 56

---

[4] To be clear, State Defendants do not concede that any party to this lawsuit has standing. The same generalized grievance that prohibits the individual plaintiffs from having standing is likewise an obstacle to the Coalition's standing because the general principles of standing are also applicable to an organization's standing. *See, e.g., Citizens for Responsibility and Ethics in Washington v. U.S. Office of Special Counsel*, 480 F.Supp.3d 118, 134 (D.D.C. 2020) (CREW "may not 'employ a federal court as a forum in which to air ... generalized grievances about the conduct of government.'").

review) after *they* made the decision to proceed on two complaints in furtherance of their differing "litigation strategy and goals." [Doc. 104 at ¶ 5]; *see also* [Doc. 135]. The one-plaintiff rule provides that when one party has standing to bring a claim, the *identical claims* brought by other parties to the same lawsuit are justiciable. *Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 330 (1990); *see also Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n.9. But if a party relying on the one-plaintiff rule seeks damages or remedies distinct from those sought by the plaintiff with standing, it is appropriate to consider the standing of that party. *Priorities USA v. Benson*, 448 F.Supp.3d 755, 762 (E.D. Mich. 2020). At summary judgment then, this Court must consider the standing of each individual plaintiff group to assert each of their respective claims. Put another way, if the Court were to find that CGG has standing to assert one of its claims, that does not mean that Curling Plaintiffs have standing to assert that claim along with CGG (they have asserted their own separate claim), nor does it mean they have standing for a claim in *their* Complaint (which must be separately analyzed).

Even setting this aside, summary judgment will significantly narrow the issues at trial on the merits too. Briefing on an evidentiary record will, for one, clearly identify what actual burden is alleged relative to Plaintiffs'

claims as precedent demands. *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 205 (2008) (Scalia, J., concurring) ("Of course, we have to identify a burden before we can weigh it."). Likewise, it will assist in delineating precisely what imposes this burden as well—is it the scanners? The Poll Pads? The EMS? The BMDs?—and whether claims on ancillary matters are encompassed in the complaints. And if this Court determines that the precise burden imposed is minimal or slight, trial may be ultimately unnecessary. Plaintiffs' state in their request that "[s]ummary judgment at this stage would be extremely time-consuming, expensive, and dilatory excise that would result in a wasteful duplication of this Court's and the parties' efforts." [Doc. 1403 at 1]. However, for the reasons set forth above, summary judgment would conceivably save time and money prior to trial.

In sum, it is not enough for Plaintiffs to wave their hands with vague statements of their purported claims, [Doc. 1403 at 6], this Court must make a "necessary preliminary determination of *what claims the plaintiff has actually raised* (and therefore, what claims he must have standing to raise)." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964 (11th Cir. 2005). The Court then will be required to evaluate the burden imposed, as pleaded by Plaintiffs' respective complaints, relative to the State's interests. And the Court will be

required to do so whether at trial or summary judgment. State Defendants

submit though that doing so at summary judgment is entirely appropriate.[5]

## III.   State Defendants' Response to Coalition Plaintiffs' depositions and information regarding the joint discovery statement, [Doc. 1360].

State Defendants reincorporate herein their arguments concerning the

joint discovery dispute. [Doc. 1360].

State Defendants oppose the Coalition Plaintiffs' request to conduct

additional Rule 30(b)(6) depositions based on Coalition Plaintiffs' delay in

seeking such depositions. As this Court is aware, Coalition Plaintiffs only

disclosed the recording between the Coalition's Executive Director and Mr.

Hall during the February 24, 2022 deposition of Mr. Sterling. However, it

appears from the naming convention of the recording file that Coalition

Plaintiffs have possessed this information for more than a year now, since

**March 7, 2021**. This failure is also striking in light of the Coalition Plaintiffs'

prior attempt to demand preparation for additional 30(b)(6) deposition topics

within a week of depositions proceeding. But even those proposed topics were

---

[5] Of course, at least some claims remain in Plaintiffs' complaints which even they admit are moot, but which nonetheless remain in this case; presumably, only on account of Plaintiffs' inability to identify the scope of that claim. *See* [Doc. 1201 (response to motion to sever "DRE Claims")]. At minimum then, summary judgment will be beneficial to resolving *what* those claims are.

not focused on this incident which had not yet been disclosed to State Defendants.

Put simply, Coalition Plaintiffs (nor Curling Plaintiffs who State Defendants understand issued subpoenas to non-parties) should not be rewarded for their tactics of delay and surprise. They had ample opportunity to seek discovery concerning Coffee County for the ten-months in which the parties were engaged in "abbreviated" discovery. They chose not to. This same reasoning applies to all other discovery items mentioned in Coalition Plaintiffs' filing. [Doc. 1409].

If, however, the Court determines that Plaintiffs' newly served discovery may be had on topics for which they were aware for more than a year, the State Defendants reserve all rights to likewise seek discovery, including joining in the noticed non-party depositions. Likewise, since discovery is apparently continuing in the light of these third-party subpoenas, requested depositions of the Secretary's Office, and ordered depositions of new SEB members—about whom Plaintiffs were also aware **during the discovery period**—State Defendants reserve all rights to propound discovery of their own, including seeking discovery of CISA in relation to its court-ordered review of Dr. Halderman's report.

## CONCLUSION

For the reasons stated herein, State Defendants do not oppose oral argument on Coalition Plaintiffs' discovery issues but likewise request oral argument on Plaintiffs' extraordinary request to preclude the application of Rule 56 to this case. That request is unsupported even by Plaintiffs' own authority and contravenes the purpose of the Rules of Civil Procedure. Should this Court grant Plaintiffs' motion, however, Defendants request this Court certify such an order for appellate review under 28 U.S.C. § 1292(b). *Lind v. United States Parcel Svc., Inc.*, 254 F.3d 1281, 1285 (2001) (citing *Lum v. City of Honolulu*, 963 F.2d 1167, 1169–70 (9th Cir. 1992) and *Ayres v. General Motors Corp.*, 234 F.3d 514, 516 (11th Cir. 2000)).

Respectfully submitted this 30th day of June 2022.

<div style="margin-left:40%">

*/s/Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC

</div>

500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **<u>L.R. 7.1(D) CERTIFICATION</u>**

I certify that this Filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 13-pt Century Schoolbook font.


*<u>/s/Vincent R. Russo</u>*
Vincent R. Russo