# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENAS BY <u>PAUL V. MAGGIO</u>

Nonparty Paul V. Maggio's ("Maggio") Motion to Quash Subpoenas is meritless. On June 15, 2022, Maggio was served with two subpoenas: one for a deposition and another for documents regarding the specific topic of potential unauthorized access to Coffee County's voting system equipment and data. Maggio's Motion to Quash should be denied because (1) Maggio cannot avoid a deposition with a blanket assertion of the Fifth Amendment privilege; (2) Maggio's Fifth Amendment privilege does not extend to the production of the documents requested; and (3) Plaintiffs' discovery requests fully comply with the requirements of Rules 26 and 45.

## ARGUMENT

**I.   The Eleventh Circuit does not allow for blanket assertions of the Fifth Amendment privilege against self-incrimination.**

In his Motion to Quash, Maggio asserts that "he is compelled to assert his rights under the Fifth Amendment to the United States Constitution . . . on the basis that [the subpoenas] would require [him] to . . . testify regarding matters that are protected by the Fifth Amendment." (Mot. at 8.) This blanket assertion of the Fifth Amendment Privilege against self-incrimination is the principal basis under which Maggio requests the court quash the subpoenas served on him. But the Eleventh Circuit has explicitly held that such blanket assertions of this privilege are impermissible. *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir.

1991) ("[A] blanket refusal to produce records or to testify will not support a [F]ifth [A]mendment claim."). This rule flows from the Supreme Court's holding in *United States v. Apfelbaum* that Fifth Amendment protections only apply when an individual is "confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." 445 U.S. 115, 128 (1980). This requires Maggio to appear for a deposition and respond to specific questions as asked; only then might any risk of incrimination from his involvement with unlawful activities involving Georgia' voting system be "substantial and real." He cannot refuse to appear at all "merely because he declares that in doing so he would incriminate himself." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). Nor does the law allow blanket withholding of relevant documents.

Moreover, it is settled law that "it is for the court to say" whether an individual's invocation of the Fifth Amendment is proper. *Id.* (citing *Rogers v. United States*, 340 U.S. 367 (1951)). The Court cannot make that necessary assessment without knowing the specific questions asked in order to assess the propriety of the Fifth Amendment invocation. *See Argomaniz*, 925 F.2d at 1356. Thus, Maggio must appear for questioning at a deposition, and he may assert the Fifth Amendment privilege in response to each specific question as he sees fit and as the law allows. Because Maggio cannot make a blanket assertion of the Fifth

Amendment privilege as he has here, his Motion to Quash the subpoenas is unsupported and should be denied.

## II. The Fifth Amendment privilege against self-incrimination does not prohibit the production of documents that may contain incriminating information.

Maggio's argument that the document subpoena should be quashed because it "would require [him] to produce documents . . . regarding matters that are protected by the Fifth Amendment" fails for two reasons. (Mot. at 8.) First, again, his blanket assertion of the Fifth Amendment Privilege is not permitted. Second, it is well settled "that a person may be required to produce specific documents even though they contain incriminating assertions," as long as "the creation of those documents was not 'compelled'." *United States v. Hubbell*, 530 U.S. 27, 36 (2000). Thus, "papers that are voluntarily prepared prior to the issuance of the summonses" are not considered to "contain compelled testimonial evidence." *Id.* at 36-37 (citing *Fisher v. United States*, 425 U.S. 391 (1976)). As a result, an individual cannot avoid compliance with a subpoena "merely because the demanded documents contained incriminating evidence." *Id.* at 37. Hence, in this case, where the subpoena does not seek the creation of any incriminating (or other) documents, the Fifth Amendment provides no support for Maggio's Motion. As a result, he must

3

produce all responsive documents, including any data or files obtained from any Georgia voting equipment, systems, or devices.

### III. Plaintiffs' subpoenas fully comply with Rules 26 and 45.

Finally, Maggio's Motion to Quash incorrectly claims that the subpoenas do not comply with the requirements of Rules 26 and 45. Maggio argues that the "subpoena is impossibly vague . . . leaving Maggio tasked with deciphering what documents . . . are sought," and he complains about the scope of the requests because they reference certain press reports, which he claims renders them overbroad. (Mot. at 8.) Maggio is wrong. The document requests are narrowly tailored to the singular topic of potential unauthorized access to Georgia's voting system, and there can be no genuine ambiguity about that.

Rule 26 allows for discovery that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality is generally defined by looking at "the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." *Id. See also Southeastern Mechanical Services, Inc. v. Brody*, No. 1:09-CV-0086-GET-SSC, 2009 WL 3095642 (N.D. Ga. 2009) (stating that "the scope of subpoenas for production of documents pursuant to Rule 45 is the same as the scope of discovery under Rule 26(b).") (internal citations omitted). Any objection to a discovery

4

request "should be plain enough and specific enough so that the court can understand in what way the [requests] are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). A party objecting based on a claim of undue burden bears the burden of showing how the requests are "overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Williams v. Art Institute of Atlanta*, No. 1:06-CV-0285-CC/AJB, 2006 WL 3694649 at *4 (N.D. Ga. 2006) (quoting *Compagnie Française d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).  Claims of expense and burden that are "merely conclusory" are insufficient to meet that burden. *Panola Land Buyers*, 762 F.2d at 1559.

    Maggio falls far short of his burden.  *First*, he provides no facts or any specific showing at all to support his burden claim.  Nor does his claim make sense unless he is implying he has some massive trove of emails, text messages, data, and other documents related to unauthorized access to Georgia's voting system that would be burdensome to produce—but even in that scenario, such documents obviously would be of such extreme importance to this case that they would readily satisfy the proportionality standard for discovery.  This case concerns the reliability of that voting system and its implications for the individual right to votes

and the outcomes of local, state, and national elections in Georgia. More specifically, the subpoenas at issue seek information to understand the extent to which Georgia's voting system might have been accessed by unauthorized individuals and its security and reliability compromised. It is hard to imagine that any burden Maggio might bear in producing responsive documents could so outweigh the needs and stakes of this case—and the tremendous public interest it it—to obviate him from complying.

*Second*, Maggio identifies no confusion or specific ambiguity regarding the document requests. The only particular issue he raises concerns references (links) to certain press reports but that issue is easily resolved. As is apparent, those references were included merely as context to help provide clarity and specificity for the requests, making clear that the focus of the subpoenas is the potential unauthorized access to Coffee County voting system equipment or data after the November 2020 elections. That situation is the subject of each of the press reports at issue. That those press reports may include hyperlinks to other articles or videos does not somehow render the subpoenas unenforceable; nor does Maggio explain any actual ambiguity or confusion that purportedly flows from those additional links.

## CONCLUSION

Paul V. Maggio's Motion to Quash Subpoenas is entirely without merit. His sweeping invocation of the Fifth Amendment is improper and does not relieve him of his obligation to appear for a deposition and produce all responsive documents, including incriminating documents given Plaintiffs are not asking him to create any documents for the subpoena. And the narrow topic of the document subpoena is readily apparent on its face and presents no meaningful burden for Maggio. But even if it were burdensome, the extreme relevance of the documents sought would far outweigh any real burdens. Thus, the Court should deny the Motion.

Respectfully submitted this 13th day of July, 2022.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| MORRISON & FOERSTER LLP | KREVOLIN & HORST, LLC |
| 2100 L Street, NW, Suite 900 | 1201 West Peachtree Street, NW |
| Washington, DC 20037 | Suite 3250 |
| (202) 887-1500 | Atlanta, GA 30309 |
| | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Russell T. Abney | /s/ Robert A. McGuire, III |
| Russell T. Abney | Robert A. McGuire, III |
| Georgia Bar No. 000875 | Admitted Pro Hac Vice |
| WATTS GUERRA, LLP | (ECF No. 125) |
| 4 Dominion Drive, Building 3 | ROBERT MCGUIRE LAW FIRM |

7

| | |
|---|---|
| Suite 100 | 113 Cherry St. #86685 |
| San Antonio, TX 78257 | Seattle, Washington 98104-2205 |
| (404) 670-0355 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENAS BY PAUL V. MAGGIO** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ David D. Cross
David D. Cross

10