IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>FILE NO. 1:17-CV-2989 |

**STATE DEFENDANTS' BRIEF**
**REGARDING INVESTIGATIVE PRIVILEGE**

State Defendants provide herein a short brief regarding the investigative privilege as directed by the Court. [Doc. 1422].

This Court's jurisdiction over this case is rooted in Plaintiffs' claims "arising under the Constitution … of the United States." 28 U.S.C. § 1331. And "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting Fed. R. Evid. 501).

The federal common law recognizes an investigative privilege which protects investigatory files from disclosure. *See, e.g., In re Polypropylene*

*Carpet Antitrust Litig.*, 181 F.R.D. 680, 686–87 (N.D. Ga. 1998) (applying investigative privilege to documents containing sensitive information related to investigation of antitrust violations); *see also, e.g.*, *U.S. v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986) ("We recognize a qualified government privilege not to disclose sensitive investigative techniques."). The privilege is rooted in important public policy that recognizes "the harm to law enforcement efforts which might arise from public disclosure of investigatory files." *Polypropylene Carpet*, 181 F.R.D. at 686–87 (internal quotations and marks omitted). Other District Courts in this Circuit have also recognized the privilege. *See e.g.*, *JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts & Quartz Crystals*, 297 F.R.D. 522, 529 (S.D. Fla. 2013); *Barnette v. Folmar*, 151 F.R.D. 685, 689 (M.D. Ala. 1993). The privilege, however, is not absolute and can be overcome by a showing of need. *Polypropylene Carpet*, 181 F.R.D. at 688. Such a determination employs a balancing test weighing a party's need against the public interest in non-disclosure.[1] *Id.*

---

[1] Some courts employ the use of certain factors to aid in this balancing: "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the

State Defendants' supplemental privilege log references 13 items subject to a claim of investigative privilege, following the review of potentially relevant investigative reports ordered by the Court. One entry on the privilege log for which a claim of investigative privilege is asserted is also subject to a claim of work product. All documents noted on the log subject to a claim of investigative privilege are investigative reports for which the matter has not yet been finally resolved. Those cases have been bound over to the Attorney General's Office for civil enforcement proceedings or otherwise remain under investigation and are pending presentation to the State Election Board for a determination of appropriate action. For each of these investigations, however, investigative summaries have been produced to the Plaintiffs. The investigative summaries provide factual summaries of investigative findings and potential violations but, unlike the reports, do not reveal detailed evaluative information and investigative techniques.

---

information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case." *Polypropylene Carpet*, 181 F.R.D at 688.

3

Here, the Plaintiffs cannot show a need for the information sufficient to overcome the State's interest in the fidelity of investigation and prosecution of violations of State law. As a starting point, it remains undisputed that Plaintiffs in this case maintained the recording which spawned the latest discovery foray into Coffee County **since March 7, 2021**. *See* Jul. 15, 2022 Conf. Tr. 22:23–23:08. This alone precludes Plaintiffs from demonstrating a sufficient need for these investigative reports. Indeed, the only apparent "need" spurring Plaintiffs to ascribe newfound significance to this recording a year later was the long-awaited (thrice extended) close of abbreviated discovery and the specter of summary judgment (which Plaintiffs insisted this Court should avoid entirely).[2]

Notably too, Plaintiffs' discovery quest has only tangential (at most) relevance and importance to their case. In this case, the Plaintiffs seek an injunction prohibiting electronic voting systems as a matter of constitutional law. Their claims would not be resolved by relief addressing security regulations surrounding the Dominion BMD System. Put another way, even if the Defendants in this case (and the 158 counties in Georgia not a party to

---

[2] State Defendants presume that other topics covered in the course of that telephone call—including suspicions of a Nigerian immigration conspiracy—were not deemed worthy of further discovery.

this litigation) perfectly administered every election in every single respect and perfectly secured the Dominion BMD System, Plaintiffs still would remain unsatisfied without removal of the BMDs themselves. Consequently, investigations concerning those matters which would not resolve Plaintiffs' claims have no bearing on whether the use of BMDs violates the Constitution of the United States as Plaintiffs allege.

In any event, the newly disclosed allegations in Coffee County concern an active investigation which remains ongoing. And Plaintiffs have subpoenaed nearly a dozen individuals from whom they can obtain the discovery they seek, in addition to the overwhelming volume of open records requests submitted to Coffee County. State Defendants respectfully submit there is no need to permit Plaintiffs' intrusion into confidential files of a potentially criminal investigation and risk jeopardizing the fidelity of that investigation.

Respectfully submitted, this 22nd day of July 2022.

/s/*Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller

Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 13-pt Century Schoolbook font.

*/s/Vincent R. Russo*
Vincent R. Russo