# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Donna Curling,** *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-CV-02989-AT |
| v. ) | |
| ) | |
| **Brad Raffensperger,** *et al*; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## REPLY TO MOTION TO QUASH SUBPOENAS AND MOTION FOR A PROTECTIVE ORDER BY PAUL V. MAGGIO

Paul V. Maggio, a nonparty, files this Reply to his Motion to Quash Subpoenas and Motion for a Protective Order pursuant to Federal Rules of Civil Procedure 26 and 45 and shows as follows:

Paul Maggio has fully complied with the subpoena for his deposition, and that issue is now moot. One of the subpoenas that was the subject of this motion required Mr. Maggio to appear and testify at a deposition on July 11, 2022 at 9:00 a.m. (a copy of the Subpoena is attached hereto as Exhibit A.) The location of the deposition was identified as Krevolin & Horst, LLC, 1201 W. Peachtree St., NW, Suite 3250, Atlanta, Georgia 30309. The subpoena identifies Halsey G. Knapp, Jr. as the attorney representing certain Plaintiffs in the case. (Capriola Dec. ¶ 3.)

On July 11, 2022, Mr. Maggio and the undersigned attorney appeared at the office of Krevolin & Horst, LLC as directed by the subpoena. When Mr. Maggio and his counsel arrived, they were informed by Mr. Knapp that he did not know of the scheduled deposition, did not have a court reporter, and was not prepared to go forward with Mr. Maggio's deposition. (Capriola Dec. ¶ 4.)

At no time before July 11, 2022, did Maggio or his attorney inform Mr. Knapp or any counsel for Plaintiffs that Mr. Maggio would not appear for his deposition at the scheduled time. (Capriola Dec. ¶ 5.) Prior to the deposition, counsel for Mr. Maggio placed two phone calls to Mr. Knapp to discuss the subpoenas but received no response. (Capriola Dec. ¶ 6.) By letter of June 24, 2022, counsel for Mr. Maggio asked Mr. Knapp if Plaintiffs would extend the deadline for Mr. Maggio to respond to the Subpoena to Produce Documents due to counsel's previously scheduled vacation the week of June 27, 2022. (Capriola Dec. ¶ 7; Ex. A.) On June 28, 2022, Mr. Knapp responded by email offering a two-day extension, but only if Mr. Maggio waived his right to file a motion to quash the subpoena. (*Id.*, Ex. B.)

Mr. Maggio appeared for his deposition as required by the subpoena, but the Plaintiffs were not prepared to go forward and did not avail themselves of the opportunity to depose Mr. Maggio in accordance with the subpoena that they issued. Mr. Maggio incurred costs and attorneys' fees to appear for his deposition in

2

accordance with the subpoena. Accordingly, Mr. Maggio has fully complied with the subpoena for his deposition, and that issue is now moot.

Respectfully submitted this 26th day of July, 2022.

                              **WINTER CAPRIOLA ZENNER, LLC**

                        By: /s/ Richard J. Capriola
                            Richard J. Capriola, Esq.
                            Georgia Bar No. 108880
                            Eric B. Coleman
                            Georgia Bar No. 107648

*Attorneys for Paul V. Maggio*
3490 Piedmont Road, N.E., Suite 800
Atlanta, GA  30305
(404) 844-5700
(404) 844-5701 (fax)
rcapriola@wczlaw.com
ecoleman@wczlaw.com

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1 AND CERTIFICATE OF SERVICE

I certify that the foregoing document was prepared using 14-point Times New Roman font in compliance with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This also certifies that I have served counsel with the foregoing by filing it using the CM/ECF system, which will send notification of the filing to all attorneys of record in this case.

**WINTER CAPRIOLA ZENNER, LLC**

By: /s/ Eric B. Coleman
Eric B. Coleman
Georgia Bar No. 107648

***Attorneys for Paul V. Maggio***
3490 Piedmont Road, N.E., Suite 800
Atlanta, GA  30305
(404) 844-5700
(404) 844-5701 (fax)
ecoleman@wczlaw.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| Donna Curling, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-02989-AT |
| | ) |
| Brad Raffensperger, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Paul V. Maggio
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Krevolin & Horst, LLC<br>1201 W. Peachtree St. NW, Suite 3250<br>Atlanta, GA 30309 | Date and Time:<br>07/11/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: transcribed stenographically and recorded on videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/15/2022

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Donna Curling, Donna Price & Jeffrey Schoenberg , who issues or requests this subpoena, are:

Halsey G. Knapp, Jr., 1201 W. Peachtree St., NW, Ste.3250, Atlanta, GA 30309, 404-888-9611, hknapp@hklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02989-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).