# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## PLAINTIFFS' SURREPLY IN OPPOSITION TO MOTION TO QUASH SUBPOENAS AND MOTION FOR A PROTECTIVE ORDER BY PAUL V. MAGGIO

Curling Plaintiffs respectfully submit this surreply for the limited purpose of correcting the factual record introduced by third-party subpoena respondent Paul V. Maggio in his reply and declaration [Dkt. 1432, 1432-1] (collectively, the "Reply") filed in support of his Motion to Quash Subpoenas and Motion for a Protective Order By Paul V. Maggio With Indwelling [sic] Brief in Support [Dkt. 1411] (the "Motion"). The Reply omits communications among counsel which support denial of the Motion in full.

The same day that Mr. Maggio filed his Motion, June 29, his counsel served Curling Plaintiffs with a letter incorporating that Motion by reference and stating Mr. Maggio's objections to Curling Plaintiffs' subpoenas (the "Objections Letter"). The Objections Letter (attached as Exhibit 2 to the Declaration of Halsey G. Knapp, Jr., filed contemporaneously herewith ("Knapp Decl.")), opens by stating:

> I write on behalf of our client, Paul V. Maggio. *We are in receipt of your client's Subpoena to Testify at a Deposition in Civil Action and* a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Plaintiffs on June 15, 2022. The following is our client's objections to the issued subpoenas in accordance with Fed. R. Civ. P. 45(d)(2)(B). In serving these objections, our client incorporates by reference its Motion to Quash and Motion for a Protective Order filed contemporaneously herewith in its entirety as if fully set forth herein. A copy is attached for your convenience.

Objections Letter at 1 (emphasis added). Under a heading titled "Specific Objections, Mr. Maggio pastes the same five sentences in response to each of 14

requests for documents. He then concludes:

> In light of the objections set forth above and the motion to quash and for a protective order that we filed today on behalf of our client, *Mr. Maggio will await further order from the Court before responding to the above-referenced subpoenas*. We welcome the opportunity to discuss this matter with you further.

*Id.* at 7 (emphasis added). Pretermitting the question of the validity of these objections (they lack merit – *see generally* Pls.' Opp. to Mot. to Quash Subpoenas by Paul V. Maggio [Dkt. 1419] ("Opposition Brief") – Mr. Maggio unequivocally stated that he would "await further order from the Court *before responding* to the above-referenced *subpoenas*." *Id.* (emphasis added).

This Objections Letter, received on the evening of June 29 contemporaneously with Mr. Maggio's Motion, was the final communication by counsel for Mr. Maggio to counsel for Curling Plaintiffs. Knapp Decl., ¶¶ 11-12. Having received no further communications until Mr. Maggio and counsel appeared in person on July 11, 2022, there was no basis for Curling Plaintiffs to expect Mr. Maggio to produce, testify, appear, or otherwise respond to either of the subpoenas prior to an order on his Motion expressly demanding that the Court "quash *both* the Subpoena to Testify at a Deposition in Civil Action" and the documents Subpoena because they "would require [Mr.] Maggio to produce documents *and testify* regarding matters that are protected by the Fifth

3

Amendment." Motion, ¶ 18 (emphasis added).

In the declaration included with Mr. Maggio's Reply, his counsel asserts that "[a]t no time before July 11, 2022 did *I* inform Mr. Knapp or any counsel for Plaintiff that Mr. Maggio would not appear for his deposition at the scheduled time." Dkt. 1432-1, ¶ 5 (emphasis added). Although that may technically be true, it elides the straightforward statement in the Objections Letter served by that attorney's *partner*. Objections Letter at 1 ("I write on behalf of *our* client, Paul V. Maggio") (emphasis added), 7. Both attorneys, of course, represent Mr. Maggio in this action. *Id.*; Motion at 9-10; Dkt. 1432 at 3-4. And that letter made clear that Mr. Maggio would not comply with either subpoena unless ordered to do so by this Court.

The sequence and substance of communications among counsel is important. Mr. Maggio's Reply paints a misleading picture. He was served with both subpoenas on June 15. Knapp Decl., ¶ 6 & Ex. 1. Curling Plaintiffs have identified only two calls to their local counsel from Mr. Maggio's counsel, both on June 28. Knapp Decl., ¶ 9. Curling Plaintiffs' counsel responded that same day offering a brief extension of time if Mr. Maggio intended to comply with the document subpoena. *Id.,* ¶ 10; Dkt. 1432-1, ¶ 7 & pp. 6-7. This was followed by the June 29 Motion demanding quashal or modification of *both* subpoenas (Motion, ¶¶ 17-18),

and by the Objections Letter. *Silence followed*. Knapp Decl., ¶ 12. The production date for the document subpoena was June 30, 2022. *Id.,* ¶ 5. But Mr. Maggio produced no documents at all, consistent with his refusal to comply with either subpoena per his Objections Letter and Motion to Quash. *Id.,* ¶ 13. On July 11, 2022, nearly two weeks later, Mr. Maggio appeared at Mr. Knapp's office out of the blue purportedly for his deposition. *Id.*, ¶ 14.

Mr. Maggio's counsel implies in his declaration that his calls to Curling Plaintiffs' local counsel a) were made in close proximity to the date and time on the deposition subpoena and b) went without recognition or response. Dkt. 1432-1, ¶ 6. *Neither is accurate*. Curling Plaintiffs heard nothing from Mr. Maggio between his June 29 Motion to Quash and Objections Letter (indicating a refusal to comply with either subpoena absent a Court order to do so) and his unexpected arrival *two weeks later* on July 11. Knapp Decl., ¶¶ 7-12. Mr. Maggio's argument that he has complied with his obligations by ambushing counsel after representing that he would not comply with either subpoena and after having failed to comply *at all* with the document subpoena is just the sort of gamesmanship courts routinely reject.[1]

---

[1] Mr. Maggio's counsel's report of the substance of his conversations with Curling Plaintiffs' local counsel is inaccurate. Having issued the subpoena, Curling Plaintiffs' local counsel of course "kn[e]w of the scheduled deposition." *See* D.E.

Between Mr. Maggio's outright refusal to comply with the documents subpoena, his Motion seeking to quash or modify the subpoenas, his counsel's final representation that he "will await … further order from the Court before responding to" the subpoenas, the lack of any document production preceding the noticed deposition date, and the lack of any communication indicating Mr. Maggio planned to appear on that date, Curling Plaintiffs' counsel understood, with very good reason, that Mr. Maggio would not appear without being ordered to do so by the Court. There was simply no basis to believe that Mr. Maggio would appear, contradicting his own written intention to Curling Plaintiffs' counsel, and certainly no email, call, text, suggestion, or other communication stating that he would until he did so without warning on July 11. He has neither complied with his obligations under the Federal Rules nor mooted the necessity for this Court to deny the Motion to Quash.

Finally, Mr. Maggio's Reply omits additional important information.  His counsel represented on July 11 in an in-person exchange with Curling Plaintiffs' local counsel that Mr. Maggio would ultimately produce documents and testify at a

---

1432-1, ¶ 4. Rather, as explained herein, he expressed surprise at their appearance, having relied on Mr. Maggio's counsel's unequivocal statement that Mr. Maggio would not "respond[] to" either subpoena unless and until "further order from the Court" and having observed Mr. Maggio's failure to produce any documents in response to the document subpoena weeks earlier. Knapp Decl., ¶¶ 13-14.

later date, and intends to invoke his Fifth Amendment rights to most, and perhaps all, substantive deposition questions.  Knapp Decl., ¶¶ 15-16.  Given this stated intention, any prejudice to Mr. Maggio resulting from any genuine confusion regarding the deposition would appear to be nominal.   Any preparation Mr. Maggio already made for the deposition is not wasted—it will be useful for when he ultimately testifies as his counsel represented he will.  So the only time lost were the mere minutes at Curling Plaintiffs' local counsel's office on July 11 sorting out the apparent confusion.

In short, the Motion remains meritless.[2] Plaintiffs respectfully submit that the Court should deny the Motion and compel compliance with the subpoenas on an expedited basis.

---

[2] It bears noting that Mr. Maggio's Reply does not refute or even respond to *any* of Curling Plaintiffs' arguments in their Opposition Brief (Dkt. 1419), thus conceding that his Motion lacks merit.

Respectfully submitted, this 28th day of July, 2022.

/s/ David D. Cross
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
DCross@mofo.com
MKaiser@mofo.com
VAscarrunz@mofo.com
HElson@mofo.com


/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,*
*Donna Price & Jeffrey Schoenberg*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,** **Plaintiffs,** **v.** **BRAD RAFFENSPERGER, ET AL.,** **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## DECLARATION OF HALSEY G. KNAPP, JR.

HALSEY G. KNAPP, JR., pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1.     My name is Halsey G. Knapp, Jr.  I am over twenty-one (21) years of age.  I am not suffering from any civil disabilities, and I am capable of making the within declaration.

2.     This declaration is given based on my personal knowledge of the facts set forth herein and is given in connection with my firm's representation of Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs") in the above-styled action, and specifically in connection with Plaintiffs' *Motion For Leave To File Surreply In Opposition To Motion To Quash Subpoenas And Motion For A Protective Order By Paul V. Maggio*.

3.     I am a member of the law firm of Krevolin & Horst, LLC ("K&H"), which has served as local counsel on behalf of the Curling Plaintiffs in the above-styled litigation before the Honorable Amy Totenberg since March 30, 2018.

4.     I have personal knowledge and familiarity with the legal work performed by K&H in connection with the Curling Plaintiffs' representation in this case.  All work by K&H was done under my direct supervision.

5.     I authorized the drafting, issuance, and service of two subpoenas on Paul V. Maggio, one for documents regarding the specific topic of potential unauthorized access to Coffee County's voting system equipment and data, to be produced on June 30, 2022, and one for a deposition to take place after the documents were produced.

6.     Mr. Maggio was served with both subpoenas on June 15. A true and correct copy of the affidavit of service of the subpoenas on Mr. Maggio is attached to this Declaration as Exhibit 1.

7.     K&H personnel have examined firm call and email records to determine when and by whom local counsel of record for Curling Plaintiffs was contacted by representatives of Mr. Maggio since he was served with the subpoenas. K&H identified five communications between service of the subpoenas and Mr. Maggio's arrival at K&H on the morning of July 11, 2022.

2

8.     First, I received via email the letter from Richard J. Capriola dated June 24, 2022 that appears at Dkt. 1432-1, p. 5 at approximately 9:30 a.m. on June 24, 2022.

9.     Next, K&H received two calls from Mr. Capriola's law firm. One was made to K&H's main telephone line on June 28, 2022. Another was made to my direct telephone line that same day.

10.     Then, I responded to Mr. Capriola's communications at approximately 7:00 p.m. on June 28, 2022 via the email that appears at Dkt. 1432-1, pp. 6-7.

11.     Finally, I received both Mr. Maggio's Motion to Quash Subpoenas and Motion for a Protective Order and the letter dated June 29, 2022 containing his objections to the subpoenas from Mr. Capriola's partner, Mr. Coleman (the "Objections Letter") via email at approximately 9:30 p.m. A true and correct copy of the Objections Letter is attached to this Declaration as Exhibit 2.

12.     This June 29, 2022 Objections Letter constituted the final communication of which I am aware by any known representative of Mr. Maggio, including his counsel, to counsel for Curling Plaintiffs until Messrs. Maggio and Capriola arrived at the K&H office on July 11, 2022.

13.     The Objections Letter states that "Mr. Maggio will await further order from the Court before responding to the above-referenced subpoenas," which

Curling Plaintiffs' counsel understood to mean that Mr. Maggio would neither produce documents nor appear to testify in response to the two subpoenas he referenced unless and until the Court compelled him to do so in ruling on his pending Motion. Mr. Maggio did not produce and has not produced documents. Accordingly, Plaintiffs did not reserve a court reporter for Mr. Maggio's deposition and turned to responding to the pending Motion to quash both subpoenas.

14.     When I arrived at K&H on the morning of July 11, 2022, I was surprised to find Messrs. Maggio and Capriola in a conference room expecting Mr. Maggio's deposition to proceed. Given the unequivocal representation in the Objections Letter and pending Motion, I informed them that I did not know Mr. Maggio intended to appear.

15.     Mr. Capriola and I then discussed when Mr. Maggio might subsequently comply with amended subpoenas, ultimately produce documents, and thereafter testify.

16.     Mr. Capriola further communicated that Mr. Maggio intended to invoke his Fifth Amendment rights in response to most, and perhaps all, substantive questions they anticipated Plaintiffs posing in the deposition.

FURTHER DECLARANT SAYETH NOT.

This 28th day of July 2022.

Halsey G. Knapp, Jr.

# EXHIBIT 1

## AFFIDAVIT OF SERVICE
UNITED STATES DISTRICT COURT
Northern District of Georgia

Case Number: 1:17-CV-02989-AT

Plaintiff: **Donna Curling, et al**

vs.

Defendant: **Brad Raffensperger, et al**

For:
Halsey Knapp
Krevolin Horst
1201 W. Peachtree Street, NW
3250 One Atlantic Center
Atlanta, GA 30309

Received by Ancillary Legal Corporation on the 15th day of June, 2022 at 2:30 pm to be served on **Paul V. Maggio, 300 BROOKHILL CROSSING CT, APT C, ALPHARETTA, GA 30004**

I, Dee Fazzio, being duly sworn, depose and say that on the **15th day of June, 2022 at 8:34 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Cover Letter, Subpoena to Testify at a Deposition in a Civil Action, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Attachment A, Witness Fee Check $75.10** to: **Paul V. Maggio** at the address of: **300 BROOKHILL CROSSING CT, APT C, ALPHARETTA, GA 30004.**

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Additional Information pertaining to this Service:**
6/15/2022 8:34 pm Service was perfected along with a Witness Fee Money Order in the amount of $75.10.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ___22___
day of ___June___, ___2022___ by the affiant
who is personally known to me.

NOTARY PUBLIC

EXPIRES
GEORGIA
September 6, 2025
PUBLIC
CHEROKEE COUNTY
NOAH CHAPMAN
NOTARY

**Dee Fazzio**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2022005532
Ref: Curling

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

# EXHIBIT 2



Eric B. Coleman, Esq.
dir tel  404.844.5663
ecoleman@wczlaw.net

Winter Capriola Zenner, LLC
One Securities Centre
3490 Piedmont Road NE
Suite 800
Atlanta, Georgia 30305
tel  404.844.5700
fax  404.844.5701
wczlaw.net

June 29, 2022

**VIA EMAIL ONLY**
hknapp@khlawfirm.com

Halsey G. Knapp, Jr.
Krevolin & Horst, LLC
One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309

Re:      **Curling** *et al. v. Raffensperger et al.*
United States District Court for the Northern District of Georgia
CAFN: 1:17-CV-02989-AT

Dear Halsey:

I write on behalf of our client, Paul V. Maggio. We are in receipt of your client's *Subpoena to Testify at a Deposition in Civil Action* and a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* issued by Plaintiffs on June 15, 2022. The following is our client's objections to the issued subpoenas in accordance with Fed. R. Civ. P. 45(d)(2)(B). In serving these objections, our client incorporates by reference its Motion to Quash and Motion for a Protective Order filed contemporaneously herewith in its entirety as if fully set forth herein. A copy is attached for your convenience.

**Specific Objections:**

Request 1: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not

to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 2: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 3: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same

would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 4: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 5: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 6: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not

to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 7: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 8: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same

would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 9: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 10: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 11: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not

to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 12: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 13: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same

would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

Request 14: This request is aimed at discovery of documents, information, and other things, as well as testimony, related to alleged conduct that has been the subject matter of criminal investigations and even indictments in other jurisdictions. Under the Fifth Amendment to the United States Constitution, "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The Fifth Amendment "permits a person to refuse to testify against himself at a criminal trial in which he is a defendant" and "also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Vega v. Tekoh*, 21-499, 2022 WL 2251304, at *4 (U.S. June 23, 2022) (internal citations omitted). As evidenced by the language of the articles included in the Definitions of the subpoena, the subject matter of the subpoenas seeks information from Maggio that might later incriminate him in future criminal proceedings. While Maggio denies any criminal wrongdoing, he is compelled to assert his rights under the Fifth Amendment to the United States Constitution on the basis that the same would require Maggio to produce documents and testify regarding matters that are protected by the Fifth Amendment.

In light of the objections set forth above and the motion to quash and for a protective order that we filed today on behalf of our client, Mr. Maggio will await further order from the Court before responding to the above-referenced subpoenas. We welcome the opportunity to discuss this matter with you further.

Sincerely,

Eric B. Coleman

cc:     Richard J. Capriola, Esq. (via email)