IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on Paul V. Maggio's Motion to Quash Subpoenas and Motion for a Protective Order [Doc. 1411] and Plaintiffs' Motion for Leave to File Surreply [Doc. 1437].

On June 15, 2022, Plaintiffs served Maggio with two subpoenas — one to testify and the other to produce documents — related to alleged unauthorized access to the voting system in Coffee County, Georgia. On June 29, 2022, Maggio served Plaintiffs with written objections to the subpoena and filed a Motion to Quash. In his Motion, Maggio argues that the subpoenas are related to conduct that has been the subject of criminal investigations and indictments in other jurisdictions, and that responding to the requests "might later incriminate him in future criminal proceedings." (Mot., Doc. 1411 at 8.) He therefore objects to Plaintiffs' request based on his Fifth Amendment privilege against self-

incrimination. In addition, Maggio objects to the document subpoena on the ground that it is "impossibly vague and improper." (*Id.* at 9.)

Plaintiffs filed an Opposition to Maggio's Motion on July 13, 2022. (Opp'n, Doc. 1419.) In their Opposition, Plaintiffs argue that the Eleventh Circuit has expressly rejected blanket Fifth Amendment claims of the sort that Maggio seeks to invoke here. (*Id.* at 2–3) (quoting *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991) ("[A] blanket refusal to produce records or to testify will not support a [F]ifth [A]mendment claim.")). Thus, Plaintiffs contend that, rather than making this blanket Fifth Amendment assertion, Maggio must first appear for his deposition and then assert his Fifth Amendment privilege in response to specific questions. Relying on *United States v. Hubbell*, 530 U.S. 27 (2000), Plaintiffs also assert that the Fifth Amendment privilege against self-incrimination does not prevent the production of documents that may contain incriminating information "as long as 'the creation of those documents was not "compelled."'" (Opp'n at 4) (quoting *Hubbell*, 530 U.S. at 36). Finally, Plaintiffs argue that the document requests are "narrowly tailored to the singular topic of potential unauthorized access to Georgia's voting system" and Maggio has failed to show that responding to these requests would be overly burdensome. (*Id.* at 5.)

Maggio filed a Reply on July 26, 2022. (Reply, Doc. 1432.) In his Reply, Maggio explains that he and his attorney showed up for the deposition at the noticed time on the morning of July 11, 2022, but Plaintiffs were not prepared to proceed. Based on this sequence of events, Maggio argues that he "fully complied

with the subpoena for his deposition," Plaintiffs failed to "avail themselves of the opportunity to depose" him, and the issue is now "moot." (*Id.* at 2–3.) Two days later, Plaintiffs sought leave to file a Surreply "to correct the record stated by Mr. Maggio." (Surreply Mot., Doc. 1437 at 1.) In their proposed Surreply, Plaintiffs explain that in the letter Maggio's counsel sent to Plaintiffs on June 29 objecting to the subpoenas, Maggio's counsel explicitly stated,

> In light of the objections set forth above and the motion to quash and for a protective order that we filed today on behalf of our client, *Mr. Maggio will await further order from the Court before responding to the above-referenced subpoenas.*

(Doc. 1437-1 at 4) (emphasis in original); (*see id.* at 24). Plaintiffs emphasize that this letter was the final communication they had with Maggio and his counsel before they unexpectedly showed up for the deposition unannounced on July 11.

Under the circumstances, Plaintiffs contend that they had no basis to believe that Maggio would appear for the deposition. Plaintiffs add, "Mr. Maggio's argument that he has complied with his obligations by ambushing counsel after representing that he would not comply with either subpoena . . . is just the sort of gamesmanship courts routinely reject." (*Id.* at 6.) The Court agrees that Mr. Maggio's appearance after expressly representing he would not respond to the subpoena does not fulfill his responsibilities. Nor has Maggio complied with his legal obligations to comply with the subpoena under the facts presented. Maggio does not contest any of the authority Plaintiffs cite for the proposition that Maggio must appear for his deposition and assert his claims of privilege in response to

3

specific questions instead of refusing to appear based on a blanket assertion of privilege.  Nor does Maggio dispute Plaintiffs' assertion that, at least in these circumstances, the Fifth Amendment does not prohibit the production of documents when the creation of the documents was not compelled.  Simply put, Maggio has not provided an adequate basis for the Court to quash either subpoena.

Accordingly, Paul V. Maggio's Motion to Quash Subpoenas and Motion for a Protective Order [Doc. 1411] is **DENIED** and Plaintiffs' Motion for Leave to File Surreply [Doc. 1437] is **GRANTED**.

**IT IS SO ORDERED** this 1st day of August, 2022.

**Honorable Amy Totenberg**
**United States District Judge**