# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CURLING PLAINTIFFS' NOTICE OF EXPLANATION OF REDACTIONS IN ITS MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

In response to the Court's August 1, 2022 Order (Dkt. 1443), Curling Plaintiffs clarify the redactions to certain of the exhibits attached to their pending motion for fees and costs as prevailing parties (Dkt. 629) (the "Fees Motion").

*First,* the Court may disregard redactions to the billing reports and invoices from Morrison & Foerster LLP. These redactions were intended to exclude time entries for which Curling Plaintiffs do not seek fees at all, which contain personal identifying information ("PII"), or for which the Curling Plaintiffs seek fees pursuant to their motion for sanctions regarding the GEMS databases (Dkt. 623) (the "GEMS Motion"), so as to avoid any suggestion of an effort at double recovery. To the extent Curling Plaintiffs seek fees for any of the redacted time entries, they are

reflected in the Morrison & Foerster LLP billing reports and invoices submitted with the GEMS motion.

*Second*, the Court may disregard redactions to the billing reports and invoices from Krevolin & Horst, LLC that apply to *entire* time entries, as opposed to *mere excerpts of the descriptions* of certain time entries. The latter redactions were intended to preserve attorney-client or work product privileges protecting the substance of certain descriptions of work performed on this matter.

Curling Plaintiffs more specifically explain the redactions below:

<u>Dkt. 631 at pp. 23-134</u>

These redactions were applied to time entries for which Morrison & Foerster LLP is not seeking recovery of fees in this Fees Motion. Some of the redactions capture time related to the parties' litigation of the production of the GEMS databases—the Curling Plaintiffs separately moved for the recovery of these fees and costs in the GEMS Motion (Dkt. 623). Other redactions capture time for which the Curling Plaintiffs are not seeking fees because that time was unrelated to Morrison & Foerster LLP's recoverable tasks during the Fee and Cost Recovery Stage beginning on July 28, 2019, as described in the Declaration of David D. Cross. (*See* Dkt. 631 at pp. 3-4, 9-10.)

Dkt. 631 at pp. 135-207

These redactions were applied to entries on Morrison & Foerster LLP's Cost Report that Morrison & Forrester is not seeking to recover.

Dkt. 631 at pp. 208-326

These redactions were applied to invoices submitted by Morrison & Foerster LLP and obscure PII such as payment information and personal addresses. One redaction covers a portion of an email chain that doesn't relate to an invoice. (Dkt. 631 at 211.)

Dkt. 631 at pp. 327-368

No redactions.

Dkt. 631 at pp. 369-441

These redactions obscure costs that Morrison & Foerster LLP is not seeking to recover.

Dkt. 631 at pp. 458-480

There are two types of redactions applied to certain time entries on Krevolin & Horst LLC's Statement of Account. For fees they do not seek to recover in this Fees Motion, Krevolin & Horst redacted entire time entries. For other fees sought in the Fees Motion, Krevolin & Horst redacted substantive descriptions of time to preserve attorney-client or work product privileges.

Dkt. 631 at pp. 481-518

These redactions were applied to the invoices submitted by Krevolin & Horst LLC and obscure confidential firm expense information or PII.

Dkt. 706-1 at pp. 7-39

These redactions were applied to time entries for which Morrison & Foerster LLP is not seeking fees because they were not recoverable tasks during the Fee and Cost Recovery Stage. (*See* Dkt. 706-1 at p. 3.)

Dkt. 706-1 at pp. 40-91

No redactions.

Counsel will submit unredacted versions of Dkt. 631 and Dkt. 706-1 for *in camera* review, if that will aid the Court.

[signature on following page]

Respectfully submitted this 3rd day of August, 2022.

| | |
|---|---|
| /s/ *David D. Cross* | /s/ *Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| MORRISON & FOERSTER LLP | GA Bar No. 341578 |
| 2100 L Street, NW, Suite 900 | KREVOLIN & HORST, LLC |
| Washington, DC 20037 | 1201 West Peachtree Street, NW |
| (202) 887-1500 | Suite 3250 |
| | Atlanta, GA 30309 |
| | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

>  */s/ David D. Cross*
> David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2022, a copy of the foregoing **CURLING PLAINTIFFS' NOTICE OF EXPLANATION OF REDACTIONS IN ITS MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross