# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL. <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL. <br><br> Defendants. | CIVIL ACTION NO.: 1:17-cv-02989-AT |

## MOTION TO QUASH SUBPOENAS AND FOR ATTORNEY'S FEES AND COSTS BY NONPARTY CATHLEEN A. LATHAM

COMES NOW Cathleen Latham, a nonparty to this action, and files this Motion to Quash Subpoenas and For Attorney's Fees and Costs pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, showing this Court as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

Cathleen Latham is a nonparty witness in this case, which was filed almost five years ago in 2017. On June 15, 2022, Plaintiffs issued nonparty subpoenas to Ms. Latham for certain documents and her deposition. Around July 12, 2022, Ms. Latham produced documents and communications in good

faith to Plaintiffs pursuant to her subpoenas. Through agreement of the Parties, Ms. Latham's deposition was set for August 8, 2022.

Between the service of her original subpoenas in this case and the date set for her deposition, Ms. Latham, who served as one of the presidential elector nominees in the 2020 election, was informed by the Fulton County District Attorney's Office (DA's Office) that she and her fellow electors had suddenly and without explanation been converted from witnesses in that investigation to "targets." As such, when Ms. Latham sat for her deposition in this case on August 8, 2022, she invoked her federal and state privileges not to testify substantively on advice of her legal counsel.[1]

During the deposition, Plaintiffs asked Ms. Latham about an email address that they had come across in the documents that *she had produced to*

---

[1] Ms. Latham has committed no crime and has nothing to hide in either the Fulton County investigation or in this case. Because she is an innocent person who is in danger of being ensnared by ambiguous circumstances, however, her legal counsel has advised her to invoke her federal and state constitutional and statutory privileges against self-incrimination, and Ms. Latham has followed and will continue to follow her counsel's advice. *See, e.g., Grunewald v. United States,* 353 U.S. 391, 421 (1957) ("*[N]o implication of guilt"* can be drawn from an individual's invocation of her Fifth Amendment privilege before the grand jury . . . ."*Too many,* even those who should be better advised, *view this privilege as a shelter for wrongdoers. They too readily assume that those who invoke it are either guilty of crime or commit perjury in claiming the privilege.'*") (quoting *Ullmann v. United States,* 350 U.S. 422, 426 (1956) (emphasis added)); *Slochower v. Board of Higher Education,* 350 U.S. 551, 557-558 (1956)) ("*The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances*.") (emphasis added).

*them* – magnolia64@protonmail.com.  Upon checking her records, Ms. Latham was able to (and did immediately) confirm that the person who held that email address was Scott Hall, an individual about whom Plaintiffs had asked in some of their subpoenas.  Although Ms. Latham had previously searched her emails and texts for Mr. Hall's name, she realized in her deposition that she had inadvertently neglected to connect this email address (which obviously does not contain his name) with Mr. Hall and to search for the email address specifically in responding to her nonparty subpoenas.  She performed that search on the spot, showing the Plaintiffs the communications that she had with this email address.  Ms. Latham also affirmed that she would pull each such email or communication and provide them to her attorneys to then be provided to Plaintiffs.  That should have been the end of that.

Rather than accept this obviously reasonable and good faith solution to an inadvertent oversight by a nonparty witness or even, less reasonably, filing a motion to compel with this Court to enforce the original subpoenas, Plaintiffs instead have taken the outrageous, unnecessary, and unprecedented step of purporting to subpoena Ms. Latham to produce her personal phone and her personal electronic devices *to be imaged by Plaintiffs*.[2]  A copy of this subpoena

---

[2] As discussed herein, Ms. Latham's phone and devices not only contain her personal communications, financial information, health information, etc. that she is entitled to keep

MOTION TO QUASH SUBPOENAS         Page **3**

is attached hereto as **Exhibit A**. Plaintiffs have no basis for this extraordinary, invasive, and extreme request.[3] This Court, therefore, should quash their subpoenas and, consistent with the requirements of Rule 45, assess Ms. Latham's fees and expenses for filing this Motion against Plaintiffs.

### ARGUMENT AND CITATION OF AUTHORITY

I. **Plaintiffs Have Not And Cannot Meet Their Burden To Establish That Ms. Latham Has Any Relevant Information That She Has Not Provided.**

A party seeking to subpoena discovery from a nonparty under Fed. R. Civ. P. 45 "must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1)." *United States Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 WL 5604367, at *3 n.4 (S.D. Ga. Sept. 23, 2015). "[U]nder the recent Amendments to Rule 26(b), the traditionally liberal limits on discovery must be juxtaposed

---

private, but also contain significant information subject to the attorney client privilege, the work product doctrine, and state and federal constitutional privileges. She is a *nonparty witness* in this case that has been ongoing for more than *five years* without her involvement, and she has provided Plaintiffs all of the non-privileged information that they have requested. Even if she had additional relevant information, which she does not, it simply could not be of such critical importance to justify this offensive attempt to invade her privacy and her privileged communications. And Plaintiffs have not and cannot explain to Ms. Latham or to the Court why they cannot obtain additional information about Mr. Hall (if they purport to want or need it) from Mr. Hall himself.

[3] Plaintiffs' attempt to subpoena Ms. Latham's devices is so devoid of any basis and such an extreme overreaction that it begs the question of their true motives in seeking to image Ms. Latham's devices. Under the circumstances, a reasonable person could suspect that Plaintiffs' goal is to circumvent Ms. Latham's invocation of her Fifth Amendment privilege and/or to invade her attorney-client communications for political or other improper purposes.

against proportionality considerations in a given case and the Court's obligation to determine, on a case-specific basis, the appropriate scope of discovery." *In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-CV-0514-AT, 2018 WL 8666473, at *1 (N.D. Ga. Aug. 16, 2018) (internal citations omitted).

Additionally, the proponent of a Rule 45 subpoena "must frame a *reasonable and limited directive* that *seeks only what is actually relevant and least intrusive*." *United States ex rel. Mohanty v. S. Georgia Rehab, Inc.*, No. 2:02-CV-71-WCO, 2005 WL 8157452, at *6 (N.D. Ga. Sept. 1, 2005) (emphasis added). Even if the subpoenaing party can successfully show relevance, proportionality, and this required narrow tailoring (none of which are present in this case), the Court must nonetheless limit discovery sought under Rule 45 when "the burden of compliance outweighs its likely benefit or relevance." *See Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC,* Case No. 1:12-CV-62, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013). Importantly, "[n]on-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome.*" Id.*, at *2 (internal citations and quotations omitted). *"The burden on the non-party is particularly great when the party issuing the subpoena seeks private information." Id.* (emphasis added).

Without explanation or any showing as to relevant, discoverable, and undisclosed information they expect to find or why they cannot obtain such

MOTION TO QUASH SUBPOENAS     Page **5**

hypothetical information from another source, Plaintiffs purport to force Ms. Latham to submit her private cell phone and all of her personal electronic devices for imaging so that they can rifle through her personal, confidential, and privileged information unfettered. In reality, Ms. Latham has *no* undisclosed information relevant to Plaintiffs' case. Plaintiffs, however, seek to exploit Ms. Latham's inadvertent oversight of Mr. Hall's email address as an excuse to go on an unbounded fishing expedition through Ms. Latham's private (and in many instances, privileged) communications and documents in the naked hope that they may stumble upon some tidbit that might aid their five-year-old case. This demand would be outrageous even if Ms. Latham were a party in this litigation; the demand in the face of her status as a nonparty witness in this civil matter is patently absurd, abusive, and violative of Rules 26 and 45.[4]

The ludicrousness of this demand is exacerbated by the fact that Ms. Latham has *already provided* the documents and communications that she has

---

[4] Even if the Government sought this information, it would be required to provide probable cause to a neutral magistrate and obtain a search warrant to perform such an invasive search and seizure. It would also be required to have a filter review team and process in place to cull out private, irrelevant communications, as well as attorney client and other privileged communications. Private parties must be held to much higher standards before they are ever allowed to exercise police-like powers and invade the privacy and privileges of any citizen, certainly a nonparty citizen.

MOTION TO QUASH SUBPOENAS      Page **6**

that are responsive to her nonparty subpoenas. She provided the overlooked email address communications on the spot in her deposition and offered to provide copies of those communications to Plaintiffs through her attorney. She simply does not have any additional information to provide to Plaintiffs, and they have not and cannot make any showing that she does. Even if this were not the case, however, nothing would justify this unprecedented, heavy-handed attempted intrusion into her private and privileged information and communications. Plaintiffs have articulated no relevant, discoverable information at issue, and their demand to image Ms. Latham's phone and devices is exceedingly disproportionate to any alleged discovery need, even if they could articulate one, which they cannot.

What Ms. Latham *does* have in her private cell phone and personal electronic devices are private documents and communications unrelated to Plaintiffs' claims (including financial and health information), communications and documents that are privileged under the federal and state privileges against self-incrimination (which are also not relevant to Plaintiffs' claims), communications that are subject to the attorney client privilege and work product doctrine (which are also not discoverable or relevant to Plaintiffs'

claims),[5] and communications that are privileged under FERPA (which are also not relevant to Plaintiffs' claims).[6] The significant and dangerous burden of allowing Plaintiffs to violate Ms. Latham's privacy and constitutional and legal privileges through unfettered access to her private phone and devices more than outweighs Plaintiffs' baseless speculation that Ms. Latham has discoverable and relevant information that she has not disclosed. The question of proportionality here is not a close one.

Other courts have refused to allow *parties* in litigation to image an opposing party's electronic devices even before Rule 26 was amended to add the proportionality requirement, denouncing such requests as extraordinary. *See, e.g., Calyon v. Mizuho Securities USA, Inc.*, No. 07CIV02241RODF, 2007 WL 1468889 (S.D.N.Y. May 18, 2007) (denying party's request to image opposing party's computer because the requesting party failed to show why it

---

[5] As noted, Ms. Latham has been (mis)labeled as a target in the Fulton County District Attorney's investigation into the 2020 election. As such, her phone and other electronic devices contain significant protected information, documents, and communications that she has a federal and state constitutional privilege not to have disclosed or produced. Her phone and devices also contain voluminous materials protected by the attorney client privilege and work product doctrine in connection with the DA's investigation and her status as a whistleblower under the Georgia Whistleblower Protection Act (O.C.G.A. section 45-1-4(d)). While allowing private parties to image the personal cell phones and devices of nonparty witnesses is completely unjustifiable and disproportionate for even a regular person or witness, the invasiveness and burden to Ms. Latham would be even more extreme under these circumstances.

[6] As a public schoolteacher, Ms. Latham has educational information protected under FERPA in her electronic devices.

would be entitled to such "extraordinary" access); c*f. Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, No. C10-05297 RMW (HRL), 2013 WL 11235928, at *2 (N.D. Cal. Oct. 15, 2013) (adopting parties' protocol that included stipulation that "[n]either [the requesting party]'s personnel nor counsel will ever inspect or otherwise handle [the responding party]'s computers"). These principles apply with even greater force to nonparty witnesses, particularly after the proportionality amendments to Rule 26.

Because Plaintiffs' have not satisfied and cannot satisfy their burden to show that Ms. Latham has any relevant information that she has not produced, because Plaintiffs' request is plainly not a *"reasonable and limited directive that seeks only what is actually relevant and least intrusive," S. Georgia Rehab, Inc.*, 2005 WL 8157452, at *6, and because Plaintiffs' demands are in no way proportional to their alleged need, this Court should quash the subpoenas.

**II.     Plaintiffs Have Violated Their Mandatory Obligations Under Rules 26 and 45, And This Court Should Impose Ms. Latham's Attorney's Fees and Costs As Required by the Rule.**

When discovery is sought from a nonparty witness, Rule 45(d)(1) requires that "a party or attorney responsible for issuing and serving a subpoena *must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.*" (Emphasis added). The Rule further requires that the Court "*must enforce this duty and impose an*

*appropriate sanction*—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* (emphasis added).

Causing a third-party to incur the expense of litigation by filing a motion to quash can violate the mandate of Rule 45(c)(1). *See, e.g., In re Birch Commc'ns, Inc.*, No. 1:14-CV-03904-WSD, 2015 WL 2083502, at *4 (N.D. Ga. Jan. 16, 2015), *objections sustained in part and overruled in part sub nom. In re Subpoena issued to Birch Commc'ns, Inc.*, No. 1:14-CV-3904-WSD, 2015 WL 2091735 (N.D. Ga. May 5, 2015) (citing *Caretolive v. Von Eschenbach,* 2008 WL 552431, at *3 ("[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense[,]'") (emphasis added); *Thompson v. Carrier Corp.,* 2009 WL 3446391, at *2 (M.D. Ga. October 21, 2009) (imposing sanctions in the amount of reasonable attorney's fees incurred in bringing motion to quash two improperly served Rule 45 subpoenas); *Tidwell–Williams v. Northwest Georgia Health System,* 1998 WL 1674745, at *1 (N.D. Ga. November 19, 1998) (forcing a non-party to defend against the untenable position of the party who issued the Rule 45 subpoena constitutes an undue burden supporting the imposition of sanctions)).

Here, Plaintiffs have not even attempted compliance with their mandatory Rule 45 duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" or their Rule 26 obligation to ensure that their discovery demands are proportional. Instead, Plaintiffs have unreasonably and without justification skipped over all reasonable steps here[7] and jumped straight into the extreme and untenable -- attempting to force Ms. Latham, a nonparty, to submit to the *most invasive discovery possible* without *any* showing that she has *any* undisclosed information relevant to their case (which she does not).

In short, Plaintiffs' subpoena demands are facially extreme and disproportionate, and there is no reasonable possibility that they could have believed otherwise when they issued these subpoenas. In addition to quashing the subpoena, this Court should require, consistent with the mandates of Rule 45, Plaintiffs to pay Ms. Latham's attorney's fees and costs in filing this Motion in light of their utter failure to perform their mandatory responsibilities under the Rules.

---

[7] As noted, Ms. Latham has already shown Plaintiffs' counsel the Scott Hall emails at issue and has offered to provide copies of them as well. As such, Plaintiffs already have access to the information that they are allegedly seeking. Additionally, Plaintiffs have not (and cannot explain) why they cannot seek whatever information about Mr. Hall that they believe to be relevant from Mr. Hall himself or from other witnesses.

## CONCLUSION

For the reasons set forth herein, Ms. Latham requests that this Court quash the subpoenas and that it assess the fees and costs of responding to these facially unreasonable and improper subpoenas to Plaintiffs.

Dated: August 14, 2022                             Respectfully submitted,

**CHEELEY LAW GROUP, LLC**

/s/ Robert D. Cheeley
Robert D. Cheeley
Georgia Bar No. 122727
2500 Old Milton Pkwy, Suite 200
Alpharetta, Georgia 30009
T: (770) 814-7001
bob@cheeleylawgroup.com
gabrielle@cheeleylawgroup.com

**PIERSON LAW LLC**

*/s/ Holly A. Pierson*
Holly A. Pierson
Georgia Bar No. 579655
2951 Piedmont Road NE, Suite 200
Atlanta, Georgia 30305
T: (404) 353-2316
hpierson@piersonlawllc.com

*Counsel for Nonparty Cathleen Latham*

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I certify that the foregoing document was prepared using 13-point Century Schoolbook font in compliance with Local Rule 5.1 (C)(3).

*/s/ Holly A. Pierson*
Holly A. Pierson
Georgia Bar No. 579655

## CERTIFICATE OF SERVICE

I certify that today I filed the foregoing MOTION TO QUASH SUBPOENAS AND FOR ATTORNEY'S FEES AND COSTS BY NONPARTY CATHLEEN LATHAM via the Court's CM/ECF system, which automatically serves all counsel of record.

Dated: August 14, 2022

>       */s/ Holly A. Pierson*
> Holly A. Pierson
> Georgia Bar No. 579655

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Donna Curling, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:17-cv-02989-AT |
| ) | |
| Brad Raffensperger, et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cathleen A. Latham

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Office of Kathryn Grant<br>202 W. Gordon St., Unit E<br>Valdosta, GA 31602 | Date and Time:<br>08/15/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/08/2022

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Donna Curling, Donna Price & Jeffrey Schoenberg , who issues or requests this subpoena, are:
Halsey G. Knapp, Jr, 1201 W. Peachtree St., NW, Ste.3250, Atlanta, GA 30309, 404-888-9611, hknapp@hklawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02989-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-02989-AT   Document 1455   Filed 08/14/22   Page 18 of 20

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Notice to Nonparty:

You are commanded to permit inspection, copying, testing, or sampling of the material as described herein:

### Definitions

The following words, terms, or phrases shall, for purposes of the requests for production of documents below, have the meanings specified, unless otherwise expressly stated in each request:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"You" or "Your" mean Cathy Latham and any other person acting on Your behalf or under Your direction or control with respect to the subject matter of the Requests.

1

## Instructions

1. For each personal electronic device or account, you are to unlock, log in, open, connect to, access or in the alternative to provide the permissions, passwords, codes, etc. required to gain access to the device or account.

## Requested Material

1. All personal electronic devices such as cellphones, smartphones, tablets, laptops, removable media (e.g. USB drives, external hard drives, etc.), desktops, cloud-based storage accounts (e.g. Dropbox, Apple iCloud, etc.), or servers.