IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

The Court held a hearing on September 9, 2022 to address Plaintiffs' request to continue discovery related to Coffee County election system breakage issues beyond the Court's September 2, 2022 deadline. At the conclusion of the hearing, the Court authorized Plaintiffs to continue and complete depositions and subpoena enforcement proceedings that had previously been formally initiated prior to the September 2, 2022 discovery deadline. This discovery included securing the testimony of identified witnesses who had thus far not made themselves available in response to subpoenas and compelling the production of documents from a witness, Doug Logan. The Court advised the parties that it would provide an Order by the end of the day to address the remainder of Plaintiffs' discovery requests and disputes.

Having considered the parties' arguments, the Court hereby **GRANTS** Plaintiffs' request for supplemental discovery related to Coffee County election system breakage issues. The supplemental discovery period shall not exceed three weeks and will begin on Monday, **September 12, 2022**.

Plaintiffs may depose the following individuals during the supplemental discovery period:

- Jeffrey Lenberg
- Alex Cruce
- Robert Sinners
- Ed Voyles
- Scott Hall
- Stefanie Lambert

As the Court indicated during the hearing, Defendants will also be authorized to conduct discovery related to Coffee County election system breakage issues during the supplemental discovery period. Defendants are directed to advise the Court of any discovery they are seeking by **Tuesday, September 13, 2022 at 6:00 P.M.** As the parties' counsel appear to have reached a resolution regarding how to address their disputes regarding the document subpoena served on Marilyn Marks, the Court will not address those issues further here.

In addition, the State Defendants are **DIRECTED** to produce forensic copies of the EMS server and ICC seized by the Secretary of State from Coffee County in June 2021 subject to an Attorneys' Eyes Only designation.

The State is not required at this time to "de-designate" documents produced by Paul Maggio as not confidential.[1] However, the Court notes here for the record that counsel have agreed that either party may use these documents during the course of a deposition and show such document(s) to the witness. If Plaintiffs' counsel need to consult with a potential witness regarding an issue addressed in one of the Maggio documents, counsel should first attempt to secure defense counsel's agreement that Plaintiffs' counsel may proceed to disclose the document to such a witness. If no agreement can be reached, Plaintiff's counsel can raise the issue with the Court, but a showing of good cause will be a predicate for such disclosure.

As the Court indicated during the hearing, the parties should continue to discuss narrowing the issues regarding the State's assertion of investigative privilege for purposes of Gabriel Sterling's upcoming Rule 30(b)(6) deposition. The parties are **DIRECTED** to advise the Court if Mr. Sterling's deposition can be scheduled on September 26, October 4, or possibly October 5 or 6 so that the Court may make itself available in the event that disputes arise with respect to the scope of the investigative privilege in connection with specific questions. The Court will

---

[1] If any party files these documents on the docket in connection with a non-discovery pretrial motion that requires judicial resolution on the merits, Plaintiffs may resubmit their request for these documents to be made publicly available. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.").

advise counsel between September 12 and 14 as to whether the October 5 or 6 dates are precluded by a possible trial.

Motions for Summary Judgment will be due 45 days after the conclusion of all discovery authorized by this supplemental discovery period.[2]

**IT IS SO ORDERED** this 9th day of September, 2022.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[2] The Court understands that the subject matter of Mr. Sterling's deposition will extend beyond the issues related to Coffee County and that the parties may not be able to complete Mr. Sterling's deposition within the three-week discovery period due to the need to accommodate the Court's schedule.