**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**PLAINTIFFS' OPPOSITION TO MOTION FOR EXCESS PAGES AND MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO MOTION TO QUASH SUBPOENAS AND FOR ATTORNEY'S FEES AND COSTS BY CATHLEEN A. LATHAM**

Plaintiffs respectfully seek leave to file a sur-reply in opposition to Cathleen A. Latham's ("Latham") Motion to Quash Subpoenas and Motion for Attorney's Fees and Costs (Dkt. 1455, the "Motion"), and Plaintiffs oppose Latham's Motion for Leave to File Excess Pages (Dkt. 1479). At twice the length of the original Motion, the Reply (Dkt. 1480) exceeds the page limit set by the rules and asserts *numerous new* arguments that were waived. Although Latham now complains about the time she had to prepare her Motion (Dkt. 1479 at 1), she never requested any additional time to do so before filing it, nor did she suggest she lacked sufficient time in the Motion itself. Neither did she seek leave to assert new arguments in her Reply. The Court should deny the motion for excess pages for

what is supposed to be a concise reply merely supporting Latham's initial arguments concerning the *singular discrete discovery issue* regarding collecting improperly-withheld responsive documents directly from her personal device. The Court also should disregard all new arguments. "[C]ourts generally will not consider issues raised for the first time in a reply brief." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1290 (N.D. Ga. 2013) (citing authority).[1]

Should the Court allow Latham's Reply, a sur-reply is necessary to refute her new arguments, correct the record as wrongly asserted by Latham in her Reply, and address significant new evidence not available at the time of Plaintiffs' Opposition (Dkt. 1470), which Latham misleadingly ignores in her Reply despite its significant length. Additional deposition testimony and other evidence of Latham's *substantial* role orchestrating the Coffee County voting system breach were produced since the filing of Plaintiffs' Opposition that further highlight the misrepresentations in and otherwise impropriety of Latham's Reply. This new

[1] Latham repeatedly makes much of the length of Plaintiffs' Opposition *including the exhibits*, implying this warrants an oversized Reply. This is just another effort to distort the facts. Plaintiffs' Opposition was within the page limit set by the Local Rules. The hundreds of additional pages Latham cites were largely deposition transcripts that Plaintiffs filed in full for the benefit of the Court. (*See* Dkts. 1470-1, -5, -11.) Tellingly, Latham barely mentions that testimony in her Reply, and so she certainly did not need additional pages to address those transcripts.

evidence and Plaintiffs' response to Latham's misrepresentations and new arguments should be considered by the Court in resolving the Motion.[2]

Plaintiffs invited Latham, through her counsel, several times to withdraw the Motion and to conduct the sort of inquiry into the facts required by the Federal Rules and the Rules of Professional Conduct since it was already clear that the Motion did not accurately convey the facts when filed. But Latham and her counsel instead doubled down on those misrepresentations in correspondence with Plaintiffs' counsel and again weeks later in their Reply. Plaintiffs need an opportunity to respond unless the Court rightly disregards the improper Reply.

---

[2] For example, after Plaintiffs filed their Opposition, the Coffee County Board of Elections produced surveillance video that confirmed the falsity of Latham's testimony in her deposition that she had been at the Coffee County Elections Office only briefly on the afternoon of January 7, 2021. (*See* Dkt. 1471-1 at 6.) In fact, she personally welcomed both teams that arrived that day to facilitate the breach of the voting system and escorted them into the building. She remained there much of the day while the breach occurred in plain view in the office. *See* Zachary Cohen & Jason Morris, *Newly obtained surveillance video shows fake Trump elector escorted operatives into Georgia county's elections office before voting machine breach*, CNN (Sept. 6, 2022), https://www.cnn.com/2022/09/06/politics/surveillance-video-voting-machine-breach-coffee-county-georgia/index.html. The claim in her Reply—without any supporting evidence, such as a sworn declaration from Latham—that she somehow simply forgot about her substantial role with the breach and her continued insistence in the Reply that she did not "participate[] in whatever SullivanStrickler and others were allegedly doing," (Reply at 22) further highlights her lack of credibility and refusal to own the facts of her own conduct, which in turn confirms that the unsworn and unsubstantiated claim in her Motion and Reply that she has produced all responsive documents cannot be taken at face value.

Respectfully submitted, this 15th day of September, 2022.

*/s/ David D. Cross*
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500

*/s/ Halsey G. Knapp, Jr.*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Russell T. Abney*
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Counsel for Plaintiff Coalition for Good Governance*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2022, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO MOTION FOR EXCESS PAGES AND MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO MOTION TO QUASH SUBPOENAS AND FOR ATTORNEY'S FEES AND COSTS BY CATHLEEN A. LATHAM** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross