# EXHIBIT 10

| | |
|---|---|
| **From:** | Cross, David D. |
| **To:** | Holly Pierson |
| **Cc:** | Bob Cheeley; Middleton, Caroline L.; bbrown@brucepbrownlaw.com; Kaiser, Mary; Conaway, Jenna B.; Adam M. Sparks; hknapp@khlawfirm.com; Ascarrunz, Veronica; Russ Abney; Bryan Tyson; Josh Belinfante; vrusso@robbinsfirm.com |
| **Subject:** | RE: Motion to Quash Subpoena and For Attorney"s Fees and Costs |
| **Date:** | Thursday, August 18, 2022 5:08:45 PM |

We gave you every opportunity to provide accurate information and to comply with your legal duties. We will not communicate with you further. We will respond to your motion in due course.

Best,
DC

---

**From:** Holly Pierson <hpierson@piersonlawllc.com>
**Date:** Thursday, Aug 18, 2022, 5:05 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Adam M. Sparks <sparks@khlawfirm.com>, hknapp@khlawfirm.com <hknapp@khlawfirm.com>, Ascarrunz, Veronica <VAscarrunz@mofo.com>, Russ Abney <rabney@wattsguerra.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, vrusso@robbinsfirm.com <vrusso@robbinsfirm.com>
**Subject:** Re: Motion to Quash Subpoena and For Attorney's Fees and Costs

**External Email**

---

David --

Let's dispense with the condescending mansplaining of my attorney obligations -- my actions are not the ones subject to legitimate question here.

Your assertions about Ms. Latham's knowledge of or involvement in any security breach involving the Coffee County elections are simply false, making your claim to have evidence of the same equally false.  Not only do I know these facts from my client, but my understanding of the state of the evidence in this case is that not a single person has testified that Ms. Latham was present, that she knew anything about a breach, or that she participated in the same.  That's because she did not.  Even if someone had testified to those facts, which I understand no one has, they would be lying (and provably so).  So, either spell out what alleged "evidence" that has not been produced in discovery or testified to by any witness that you are relying upon to make these absurd allegations or admit that you do not have any such evidence.  (And if your "credible evidence" is the word of Misty Martin, whom I understand is a disgraced former elections employee who was fired for lying and has an axe to grind, that is an obvious nonstarter .)

Your subpoena on its face not only asks but demands to rifle through Ms. Latham's private data without any limitation.  You have again failed to identify, despite several very specific requests now, a single document or communication that you believe Ms. Latham has that has not been provided to Plaintiffs or any basis for that belief.   The only logical conclusion is that you cannot identify any such document or communication and have no good faith basis for any subsequent subpoena, much less

the outlandish one you have attempted here.

Given how entirely inaccurate your factual allegations about Ms. Latham are, we obviously do not and are not required to accept your generalized assurance that you have a "compelling basis" for any of this.  You have been offered every opportunity to provide that information, and you have consistently failed/refused to provide any of the basics, much less the specifics, necessary to support your factual allegations, to identify any document or communication that you believe exists that you do not have, or to provide any other information that would even begin to justify the ridiculously invasive subpoena you have served.

Bob and I are still happy to discuss, but we were unable to do so before 4 PM today.  If there is a time after your deposition tomorrow that would work, let us know.  If not, let's look at the first of the week.  But please come prepared to discuss the specifics we have been asking for -- these generalized, unsubstantiated assertions are not going to get us anywhere.

Holly

Holly A. Pierson
404-353-2316
www.piersonlawllc.com

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Thursday, August 18, 2022 12:59 PM
**To:** Holly Pierson <hpierson@piersonlawllc.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>; Middleton, Caroline L. <CMiddleton@mofo.com>; bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>; Kaiser, Mary <MKaiser@mofo.com>; Conaway, Jenna B. <JConaway@mofo.com>; Adam M. Sparks <sparks@khlawfirm.com>; hknapp@khlawfirm.com <hknapp@khlawfirm.com>; Ascarrunz, Veronica <VAscarrunz@mofo.com>; Russ Abney <rabney@wattsguerra.com>; Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Subject:** RE: Motion to Quash Subpoena and For Attorney's Fees and Costs

Holly -

You should bear in mind that under the rules, you have a duty to conduct a reasonable inquiry into the allegations your client makes. You cannot simply accept them as true and pass them on as fact. We have evidence that your client not only was at the coffee county office during the breach, but that she facilitated it, including by providing a generic scanner from her church to copy ballots that day and for days after. The more your client misstates the facts and her involvement, the deeper the hole she digs for herself, not just in our case, but with respect to any criminal proceedings she eventually will be a part of. We have been very patient and cooperative with her, originally through Bob and now with you. Feel free to call me this afternoon before 4pm if you'd like to talk (571.205.0301). But please understand that we are not pursuing this lightly and not without a compelling basis.

We also have never once asked to rifle through her personal data; contrary to what you represented in your motion, we specifically proposed otherwise to Bob and he never responded as I recall.

I respectfully encourage you to vet what your client is telling you before you continue to make your own representations on this topic.

Best,
DC

---

**From:** Holly Pierson <hpierson@piersonlawllc.com>
**Date:** Thursday, Aug 18, 2022, 12:39 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, bbrown@brucebrownlaw.com <bbrown@brucebrownlaw.com>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Adam M. Sparks <sparks@khlawfirm.com>, hknapp@khlawfirm.com <hknapp@khlawfirm.com>, Ascarrunz, Veronica <VAscarrunz@mofo.com>, Russ Abney <rabney@wattsguerra.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Subject:** Re: Motion to Quash Subpoena and For Attorney's Fees and Costs

External Email

---

David,

With all due respect in return, you are completely off base here. Cathy has no knowledge as to whether there was any breach of Coffee County's voting machines in the 2020 election or the 2021 runoff, and she certainly did not participate in any such breach if it occurred. If you are alluding to the rumor that Scott Hall imaged some or all of the machines, she has no knowledge of that. Our understanding, however, is the secretary of state has possession of those machines, has had them examined to see whether they were imaged, and has affirmed that no such imaging or other breach occurred.

Cathy's knowledge is limited to what she has already told you — that Mr. Hall reached out to her after her December 30, 2020 Senate testimony about the problems with scanners in Coffee County to discuss that topic. A short time later, Mr. Hall asked to be put in touch with the Coffee County Board of Elections about scanning ballots, and Cathy facilitated (but did not substantively participate in) that contact. Cathy ran into Mr. Hall at the Coffee County Board of elections building on January 7, which is the first time she had ever met him in person. She had no involvement in him being at the building and has no idea what specifically he was doing there.

In February 2021, Mr. Hall asked Cathy for some publicly available information about the RLA hand recount and problems in other counties, and she sent him that publicly available information.

That's it. Cathy did not work for the Coffee County Board of Elections and had no ability or authority to authorize or not authorize anyone, including Mr. Hall, to enter or evaluate the election equipment, and she did not do so. There cannot be any credible, compelling evidence that Cathy participated in any scheme or breach or wrongdoing because she simply did not (and it is far from clear to us that any improper breach occurred or any improper actions were taken or committed by anyone).

Additionally, as you know and as we made clear in our motion, Cathy does not have any other documents or communications responsive to Plaintiffs' subpoena. You have already seen the communications with the magnolia64@gmail.com address, and those are being produced to you as agreed at the deposition. You have and have seen everything responsive that she has. So there's just no there there. Even if this were not the case, attempting to force a private non-party citizen to have all their personal devices imaged so that you can rifle through them is beyond outrageous and entirely disproportionate under any circumstances. Even more so here where there simply is nothing and no reason to believe that there is.

As to your allegations of possible fifth amendment waiver, we are fully prepared to litigate that issue with Judge Totenberg if necessary. Judge Totenberg is a strong proponent of individuals' constitutional rights, and I seriously doubt that she will lightly imply a waiver of fifth amendment rights in a non-party deposition in a civil case when Cathy simply answered a few questions about the documents that she produced. Even if we were wrong about that, which we doubt, the law is clear that fifth amendment privileges are proceeding-based and that waiver in one proceeding (i.e., a civil deposition) is not and cannot be waiver in any other proceeding (i.e., a criminal investigation etc.).

The big picture point is this – Cathy doesn't have anything else relevant to tell Plaintiffs and doesn't have any documents responsive to Plaintiffs' subpoenas that you haven't already seen and that you don't already have (or will shortly have).   Let's get on the phone and try to figure out where the disconnect is here and resolve it. Specifically, we need to understand the "evidence" upon which you are relying to reach these incorrect assumptions so we can try to get that straightened out. We also need you to tell us what documents or communications you believe Cathy has that she has not produced, and the basis for that belief. And we need to understand what you specifically believe is inaccurate in our motion and the basis for that.

Why don't you suggest some times this afternoon and/or on Friday that work for your team, and Bob and I will try to coordinate our schedules to make one of the proposed times work.

Holly



Holly A. Pierson
404-353-2316
www.piersonlawllc.com

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, August 17, 2022 8:16 PM
**To:** Holly Pierson <hpierson@piersonlawllc.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>; Middleton, Caroline L. <CMiddleton@mofo.com>; bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>; Kaiser, Mary <MKaiser@mofo.com>; Conaway, Jenna B. <JConaway@mofo.com>; Adam M. Sparks <sparks@khlawfirm.com>; hknapp@khlawfirm.com <hknapp@khlawfirm.com>; Ascarrunz, Veronica <VAscarrunz@mofo.com>; Russ Abney <rabney@wattsguerra.com>; Bryan Tyson <btyson@taylorenglish.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Subject:** RE: Motion to Quash Subpoena and For Attorney's Fees and Costs

Holly,

With all due respect, your email below is divorced from reality. Surely you have read the press that has broken about the breach of the coffee county voting system in January 2021. Your client was a part of that according to the evidence we already have. That our case has been pending several years is obviously irrelevant to the issues surrounding her involvement in those events and the extent to which she has additional responsive documents that she has not yet produced, including those we looked at on her phone in the deposition itself. Whatever documents she may still have related to the events leading up to, involving, or after the breach of the coffee county voting system are of course highly relevant to our case, as Judge Totenberg has already ruled multiple times.

Respectfully, your client is not the typical third-party witness; rather, we have compelling evidence that she was a key player in what was an extraordinary breach of the state's voting system. And again, we have evidence that she was not truthful in her deposition.

We also believe that she has waived any fifth amendment privilege by answering numerous questions on the same topics on which she invoked the fifth amendment. If we are required to litigate the subpoena, we will make that argument to the judge, and if the court agrees, she not only will be compelled to provide full testimony under oath in our case, but I would expect any waiver will extend to any criminal proceedings against her as well.

I'm deposing Paul Maggio on Friday. I may be available to speak with you before that or I can talk tomorrow. As with most discovery disputes, I believe it's in the best interest of everyone involved to work out a compromise solution here that gets us what we need and are entitled to under the law while protecting any legitimate interests your client has. We tried to explore that before you filed your motion, but Bob would not engage. I'm happy to try to work it out with you tomorrow or Friday. We will need to coordinate with Bruce Brown as well

Best,
DC

---

**From:** Holly Pierson <hpierson@piersonlawllc.com>
**Date:** Wednesday, Aug 17, 2022, 7:39 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, bbrown@brucebrownlaw.com <bbrown@brucepbrownlaw.com>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Adam M. Sparks <sparks@khlawfirm.com>, hknapp@khlawfirm.com <hknapp@khlawfirm.com>, Ascarrunz, Veronica <VAscarrunz@mofo.com>, Russ Abney <rabney@wattsguerra.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Subject:** Re: Motion to Quash Subpoena and For Attorney's Fees and Costs

David,

Ms. Latham is a non-party witness that Plaintiffs have subpoenaed to testify in the fifth year of their case. I find it difficult to believe that anything she knows or could say could possibly be material or critical to their case, and I'm certain that she did not intentionally provide any inaccurate information. If there is a misunderstanding or miscommunication that needs to be clarified, then let's put the specifics of that accusation on the table and resolve it.

The same with our motion. If you believe there are things in our motion that are inaccurate, please tell us what they are. We are happy to discuss, but until those specifics are provided for us to assess, we have no basis to withdraw the motion.

I am traveling in the morning but would be happy to have a conference call tomorrow afternoon or on Friday. Or, if you prefer, you can provide the details in a return email. Whatever is most efficient.

Thanks,

Holly

Holly A. Pierson
www.piersonlawllc.com
404-353-2316

> On Aug 17, 2022, at 7:05 PM, Cross, David D. <DCross@mofo.com> wrote:
>
> Holly -
>
> Thanks for the explanation. We will respond to the motion in due course. I did, however, want to give you an opportunity to withdraw it. We have evidence indicating that Ms. Latham was

untruthful in her deposition under oath, and your pending motion also includes inaccurate representations. We remain willing to work out some compromise solution to this, as I offered Bob previously. If we are required to respond to the motion, we will seek appropriate relief.

Best,
DC

---

**From:** Holly Pierson <hpierson@piersonlawllc.com>
**Date:** Wednesday, Aug 17, 2022, 1:00 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Bob Cheeley <Bob@cheeleylawgroup.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, bbrown@brucepbrownlaw.com <bbrown@brucepbrownlaw.com>, Kaiser, Mary <MKaiser@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Adam M. Sparks <sparks@khlawfirm.com>, hknapp@khlawfirm.com <hknapp@khlawfirm.com>, Ascarrunz, Veronica <VAscarrunz@mofo.com>, Russ Abney <rabney@wattsguerra.com>, Bryan Tyson <btyson@taylorenglish.com>, Josh Belinfante <josh.belinfante@robbinsfirm.com>
**Subject:** Motion to Quash Subpoena and For Attorney's Fees and Costs

**External Email**

David et al.,

Attached is the Motion to Quash etc. we filed on Cathy's behalf this past Sunday. The Motion was inadvertently filed twice, so Bob's firm also filed a motion to strike the second, duplicate motion. We wanted to make sure there was no confusion considering that motion to strike and ensure that you guys were aware that the original Motion to Quash is still "live."

Let us know if you have any questions.

Holly

Holly A. Pierson
404-353-2316
www.piersonlawllc.com

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.