IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

           CIVIL ACTION NO.
           1:17-cv-2989-AT

**ORDER**

Non-party witness Cathleen A. Latham's Motion to Quash Subpoenas[1] and

For Attorneys' Fees and Costs (Doc. 1455) is currently before the Court and has

been fully briefed.

Ms. Latham's Motion seeks to quash the Curling Plaintiffs' subpoena of

August 15, 2022 seeking her production of "[a]ll personal electronic devices such

as cellphones, smartphones, tablets, laptops, removable media (e.g., USB drives

external hard drives, etc.), desktops, cloud-based storage accounts (e.g., Dropbox,

Apple iCloud, etc.) or server." (Doc 1455 at 16-20.)  The subpoena was issued after

Ms. Latham's deposition on August 8, 2022 and after she allegedly failed to provide

---

[1] Ms. Latham interchangeably refers to her Motion as a Motion to Quash "Subpoena" (singular) and Motion to Quash "Subpoenas" (plural). However, the text of the Motion deals only with the August 15 subpoena. Accordingly, the Court construes the Motion as a Motion to Quash only the August 15 subpoena.

responsive, truthful, or accurate information during that deposition as well as after her prior alleged failure to provide most of the documents requested in document subpoenas served in June and July 2022.[2]  Plaintiffs now seek to use a third-party contractor to forensically image Ms. Latham's electronic devices in an effort to retrieve information and documents withheld to date.

The parties are at a standstill as to resolving these discovery disputes. Ms. Latham contends that she has fully complied with the document requests subject to her constitutional and other asserted objections to both the August 15, 2022 subpoena and the previously issued document subpoenas.  Plaintiffs dispute this and maintain that they have served the subpoena to forensically image Ms. Latham's devices as a last resort because she has failed to be responsive, truthful, or accurate in providing requested documents and information likely to be available on these devices.

Accordingly, the Court will hold a hearing on **September 26, 2022 at 12:30 PM** to address Ms. Latham's Motion to Quash and relatedly her alleged failure to provide requested documents and information in response to the June and July subpoenas as well as during her deposition.  The hearing will be held by telephone, and the call-in information will be separately provided. Ms. Latham's counsel is **DIRECTED** to ensure that Ms. Latham is available during the hearing so that appropriate questions may be posed to her as needed.

---

[2] The subpoenas were issued on June 15, 2022, and July 26, 2022.

Additionally, by **September 25, 2022 at 5:00 PM**, Plaintiffs and Ms. Latham (via counsel) are **DIRECTED** to identify which documents Ms. Latham has already produced in response to Plaintiffs' document requests. Plaintiffs are also **DIRECTED** to identify what categories of documents Ms. Latham has not produced, which they believe to be in her possession or access, and that Plaintiffs have not been able to obtain from other sources.

In the event Plaintiffs plan to file a motion to compel relative to the first two subpoenas they have served, Plaintiffs must file such by Sunday, September 26, 2022 at 10:00 A.M.  Ms. Latham's response to these motions will be due on September 27, 2022 at 8:00 PM.

**IT IS SO ORDERED** this 22nd day of September, 2022.

**Honorable Amy Totenberg**
**United States District Judge**

3