IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE OF
<u>CATHLEEN A. LATHAM WITH DOCUMENT SUBPOENAS</u>**

Plaintiffs need to obtain all of Cathleen Latham's (Latham) documents leading up to and concerning the breach that occurred in Coffee County to learn more fully who orchestrated the breach, why, what data was obtained, and how the breach implicates the safety and security of the Georgia voting election system. Latham was the epicenter of coordinating the Coffee County breach but has not been forthcoming. She did not fully comply with the original June and July Subpoenas and has moved to quash the August Subpoena concerning her electronic devices. Compliance with all three Subpoenas should be compelled.

## FACTUAL BACKGROUND

To avoid burdening the Court with repetition of recent filings, Plaintiffs incorporate in full by reference the following documents, which set forth the relevant factual background:

- Plaintiffs' Response to Court Request for Information Regarding Latham's Responses to Subpoenas, filed concurrently with this Motion (Dkt. 1494) ("Plaintiffs' Response"), identifies the three document subpoenas served on Ms. Latham (Exs. 1-3[1]), identifies the documents produced by Ms. Latham, and identifies the documents that she has not produced.

- Plaintiffs' Opposition to Motion to Quash Subpoenas (Dkt. 1470)

---

[1] Exhibits referenced are Plaintiffs' Response exhibits (*see* Dkts. 1494-1 to -4).

1

("Opposition to Motion to Quash"), filed on August 29, 2022, details the evidence relating to Lathan's failure to produce relevant documents from her electronic devices and failure to search for for key emails, texts, and messages. (Dkt. 1470 at 2, 4, 8-14.) Given Latham's non-compliance with the original subpoenas, immediately following her August 8 deposition and as a last resort, Plaintiffs served Latham with another document subpoena to collect the relevant data on her personal electronic devices. (Ex. 3.)

- Plaintiffs' Sur-reply in Opposition to Motion to Quash Subpoenas ("Sur-reply"), filed on September 19, 2022 (Dkt. 1489), addresses new evidence showing that Latham was untruthful in her deposition and Latham's continuous efforts to double down on misrepresentations in her sworn deposition, ignore evidence refuting her testimony and her representations to this Court, and the compelling need for the data from Latham's devices because she was a primary facilitator in the breach of Georgia's voting system. At each step, Plaintiffs have sought to provide Latham with opportunities to rectify her non-compliance of the original subpoenas. (*See* Dkt. 1489-10.)

On August 14, 2022, Latham filed the Motion to Quash Subpoenas and for

Attorney's Fees and Costs ("Motion to Quash"). (Dkt. 1455.) While nominally referring to two document subpoenas, it only addressed the request in the August 8 subpoena concerning forensic imaging of her electronic devices. The original June 15, 2022 and July 19, 2022 subpoenas are thus not the subject of any motion to quash and are still operative; Latham did not even serve any objections to those subpoenas. As described in Plaintiffs' Response, compliance with those two subpoenas is not complete and should be compelled. And compliance with the third subpoena is necessary in view of Latham's evasiveness and heavy reliance on her phone (*see* Ex. 4 (photos from the day of the breach showing Latham continually using her phone); *see also* Dkt. 1489-4 at 31, 36, 37, 38 (same)).

## ARGUMENT

Federal Rule of Civil Procedure 45 permits discovery of non-parties by subpoena. The scope of discovery for a nonparty is "the same as the scope of a discovery request made upon a party to an action under Rule 26." *BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2016 U.S. Dist. LEXIS 196079, at *7 (N.D. Ga. 2016) (citing *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011)). Rule 26(b)(1) is broad, permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Eleventh Circuit has held that "the Rules

'strongly favor full discovery whenever possible.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (citing *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013)).  As a result, a civil litigant is "generally entitled to 'any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (citing *Degen v. United States*, 517 U.S. 820, 825-26 (1996)).  Federal Rule of Civil Procedure 37 provides that "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  As relief, the court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Latham has been evasive and incomplete in her responses and an order to compel is warranted.  Fed. R. Civ. P. 37(a).  Latham's responses to the June and July document subpoenas (Exs. 1-2) are incomplete and Latham has neither served objections nor moved to quash those subpoenas.  An order compelling full compliance is thus warranted.  As to the August subpoena, Latham's motion to quash lacks merit for the reasons set forth in Plaintiffs' Opposition and Sur-reply (Dkts. 1470, 1489) and an order compelling compliance is warranted.

Plaintiffs have a compelling need for the unproduced documents and data, including directly from Latham's devices, because she was a primary facilitator of

the breach of Georgia's voting system. As a former GOP caucus chair for over 125 Georgia counties and a key player among those who tried to overturn the 2020 Presidential election, she is likely to have highly relevant communications with the individuals who conceived of, planned, orchestrated and carried out the breach and copying of the Georgia voting system equipment and ballots in Coffee County on January 7, 2022 and similar activities that may have been planned or executed in other counties. Given Latham's central role in the efforts of the Trump campaign to overturn the 2020 presidential election (e.g., as a "fake elector") and to undermine voter confidence in George's elections, she likely has documents she has refused to produce or even look for that would provide important details on the full scheme organized and successfully implemented in coffee County Georgia and more broadly across the country, such as in Michigan and Arizona. Her persistence in hiding her involvement and pleading the Fifth Amendment even as to documents suggests that compelled production is necessary to reveal additional details about the work performed, the information obtained in the breach, what was done with the compromised software and data, and the people involved in planning and orchestrating the breach, which puts all Georgia voters and future elections at enormous risk. The side-by-side comparison of her representations under oath and

the facts as learned from other sources is staggering.  (*See* Dkt. 1489-9.)[2]  She and her counsel have also repeatedly insisted that she was not involved "in whatever SullivanStrickler and others were allegedly doing." (Dkt. 1480 at 22, 23.)  But the video evidence and sworn testimony confirm she was "one of the primary points of contact for organizing and facilitating" the forensic work SullivanStrickler performed in the Coffee County Elections Office.  (Dkt. 1489-2 at 119:4-15.)  In fact, she "was literally the person who welcomed Mr. Maggio and his team at the elections office the morning of January 7, 2021." (*Id.* at 125:11-20.) "Cathy Latham also provided direction on what was required for collection."  (*Id.* at 146:10-21).  Even the Secretary of State is now on board that this activity presents serious risks. (Dkt. 1492.)  Yet, Latham did not produce:

- any communications with SullivanStrickler;
- additional communications with Scott Hall apart from items she forwarded months later;
- any communications with Eric Chaney, Ed Voyles, or anyone else

---

[2] Plaintiffs have learned a great deal from the Coffee County security vide footage, but it has not been easy.  Coffee County insisted for weeks that no such video existed, then that no additional video existed, then that certain video would not be produced, which Plaintiffs are still trying to obtain.  Even the video received to date cuts off in February 29, 2021, within days of the sudden termination of Misty Hampton and Jil Riddlehoover, which was the same day Michael Lindell inexplicably flew to Douglas Georgia during the night.  So Plaintiffs do not yet have insight into what else may have been done with Georgia's voting system through the efforts and access granted by Latham while that office lacked an election supervisor or any other employees for over a month.

- regarding the forensic efforts;
- any communications with those organizing the imaging and copying activities, including Ms. Hampton or any representative of SullivanStrickler or the Trump campaign;
- any Signal messages or emails from her Proton Mail account though it is apparent she used both (Dkts. 1489 at 11; 1489-7);
- the photographs she took relating to the Coffee County inspections.

And she only produced a few documents (Plaintiffs Response). The information submitted concurrently with this Motion in Plaintiffs' Response to Court Request for Information Regarding Latham's Responses to Subpoena demonstrates each of the categories of documents Ms. Latham has not produced, which are believed to be in her possession, custody, and control, and that Plaintiffs have not been able to obtain from other sources. Importantly, Plaintiffs have yet to learn (1) who Sidney Powell's and Jesse Binnall's clients were for the SullivanStrickler engagements and the work they did in Georgia and elsewhere, (2) what the purpose of the breach was, including to what extent it was intended to affect future elections, and (3) what else was done with respect to Georgia's voting system in Cofffee County, including whether the access Latham and others granted bad actors to the system was used to manipulate elections in Georgia going forward. Accordingly, Plaintiffs move to compel compliance with the June 15, 2022, July 19, 2022, and August 8, 2022 document subpoenas including all personal electronic devices for imaging and all of the documents identified in the chart in Plaintiffs Response as requested by Curling

7

RFPs 1-9 and 12 and Coalition RFPs 1-9, 11-20.

Of particular note are communications with SullivanStrickler, Misty Hampton, Eric Chaney, Scott Hall, Anthony Rowell, Sidney Powell, Alex Cruce, Jeffrey Lemberg, Doug Logan, Rudy Giuliani, Jenna Ellis, Stefani Lambert, Russell Ramsland, Patrick Byrne, Lin Wood, and Ben Cotton.  With the exception of SullivanStrickler, none of these individuals have produced documents and have either resisted subpoenas or were not served with them.  When asked about them at her deposition, Latham pled the Fifth Amendment.  (Dkt. 1470-1 at 23-24, 28-31, 36-44, 52.)  Thus, Latham is the only source of her communications with them and may well be the only or best source of their involvement.

Unfortunately, Plaintiffs have little faith based on Latham's actions to date that she will diligently comply on her own even if ordered on the June and July subpoenas and thus also seek to compel the forensic copying of Ms. Latham's electronic devices, with sufficient safeguards of her personal and privileged data as described in Plaintiffs' Sur-reply (Dkt. 1489.)

Respectfully submitted this 25th day of September, 2022.

/s/ David D. Cross
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Russell T. Abney
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*Counsel for Plaintiff Coalition for Good Governance*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2022, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                      */s/ David D. Cross*
                                                      David D. Cross