IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.<br><br>    Defendants. | CIVIL ACTION NO.: 1:17-cv-02989-AT |

## LATHAM RESPONSE TO COURT REQUEST FOR INFORMATION REGARDING RESPONSE TO SUBPOENAS

COMES NOW Cathleen Latham, a nonparty to this action, and files this Response to this Court's September 22, 2022 Order, showing the Court as follows:

1. Plaintiffs have described in their Response (filed this morning) the documents produced by Mrs. Latham.

2. Plaintiffs' assumptions that Mrs. Latham has responsive communications or documents that she has not produced in response to her nonparty subpoenas is simply wrong. Mrs. Latham has produced all communications that she has regarding the events of January 7, 2021 in

Coffee County.  She has no knowledge of or documents relating to alleged later visits to Coffee County by Doug Logan and/or Cyber Ninjas.

3. Specifically, an independent IT vendor has verified that Mrs. Latham does not have any texts or Signal communications that she has not produced with anyone at SullivanStrickler (Paul Maggio, Jennifer Jackson, Karuna Naik, Jim Nelson) or Scott Hall, who are the individuals who organized and some of whom apparently performed whatever forensic activities occurred in Coffee County on January 7, 2021.

4. Additionally, the undersigned has personally searched Mrs. Latham's email[1] for responsive, nonprivileged communications and documents with each of the individuals listed in Plaintiffs' Response to Court Request for Information Regarding Latham's Subpoena Responses (filed with the Court today),[2] and the outside independent IT expert has

---

[1] Plaintiffs mention that they do not have any emails from Mrs. Latham's protonmail account, but Mrs. Latham's protonmail account is no longer active, and she does not have access to that account.  Additionally, Plaintiffs complain that Mrs. Latham did not produce any photos from January 7, 2021, but Plaintiffs neglect to tell the Court that Mrs. Latham testified in her deposition that she replaced her cell phone in May 2021 and because she was not backed up in iCloud, some information and photos may not have made the transition to the new phone.   In any event, we have confirmed that she does not have any photos from that day in her possession now.

[2] Specifically, searches were performed for the following names/terms:
- Audit

- Forensic audit
- Dominion
- Sidney Powell
- sidney@federalappeals.com
- afrye@harveybinnall.com
- Paul Maggio
- Scott Hall
- magnolia64@protonmail.com
- SullivanStrickler
- Sullivan Strickler
- Misty Hampton
- Misty Martin
- Misty.hampton@coffeecounty-ga.gov
- Eric Chaney
- ericchaney80@gmail.com
- Doug Logan
- Jeff Lenberg
- Jim Nelson
- Jennifer Jackson
- Ed Voyles
- bevoyles@gmail.com
- Wendell Stone
- Robert Sinners
- rasinners@gmail.com
- RSinners@donaldtrump.com
- Stefanie Lambert
- Matthew McCullough
- Larry Nesmith
- Anthony Rowell
- Alex Cruce
- Rudy Giuliani
- Jenna Ellis
- Shawn Still
- Alex Kaufman
- Russell Ramsland
- Conan Hayes
- David Shafer
- Patrick Byrne
- Lin Wood
- Garland Favorito
- Mike Lindell
- Cyber Ninja

RESPONSE TO COURT REQUEST FOR INFORMATION                    Page **3**

reviewed her text messages and Signal communications for those same terms. These reviews confirm that *no additional communications or documents* regarding the planning for or execution of SullivanStrickler's activities in Coffee County on January 7, 2021 or any later activity by Doug Logan and/or Cyber Ninjas[3] exist in Mrs. Latham's possession.

5. This result is consistent with Plaintiffs' own evidence. The 30(b)(6) representative, Dean Felicetti, testified that his understanding was the SullivanStrickler team was first connected with Ms. Latham *on January 7, 2021.  See* Doc. 1489, Ex. 2, at pp. 194, lines 21-22; p. 195, lines 1-2.

6. These independent reviews and their results also confirm the truth of Mrs. Latham's testimony that she simply could not have been and was not involved in the decision to have the Coffee County voting equipment reviewed by or forensically imaged by SullivanStrickler or anyone else, and she was not privy to the conversations or communications in which those decisions were apparently made. She did not spearhead or organize these efforts and, as a natural consequence of these actual facts,

---

[3] Mrs. Latham has no knowledge of Mr. Logan or Cyber Ninjas' activities, and we are unaware of any evidence, even as alleged by Plaintiffs, that connects her to these later visits by these individuals. A news story improperly identified one of the persons entering the building at a later date in 2021 with Doug Logan as Cathy Latham, but the person in the photo is not her.

she does not have any additional communications or documents about these activities.[4]

## **CONCLUSION**

For the reasons set forth in Mrs. Latham's Motion to Quash, her Reply, and herein, this Court should quash Plaintiffs' subpoena and award attorney's fees and costs, as required by Rule 45, to Mrs. Latham.  Additionally, this Court should deny the Motion to Compel as moot, since no responsive material exists.[5]

---

[4] Plaintiffs make much of Mr. Felicetti's supposed testimony that Mrs. Latham was a key point of contact for SullivanStrickler and that she supposedly gave direction to the SullivanStrickler team.  When that actual deposition testimony is reviewed, however, it is Plaintiffs' counsel who is making these statements and just getting Mr. Felicetti, who was not present in Coffee County on January 7, 2021, to agree to them.  See Doc. 1489, Ex. 3, p. 119, lines 4-15; p. 125, lines 11-22; p. 126, lines 1-2.  Mr. Felicetti admits in his deposition that he cannot identify Mrs. Latham.  *Id.* at p, 126, lines 14-16.  Clearly Mr. Felicetti lacks any personal knowledge of these allegations, and no testimony has been produced from the SullivanStrickler team members who were present to validate this hearsay allegation, which Mrs. Latham denies.

[5] Mrs. Lathan asks the Court for additional time to respond to the Motion to Compel if it is not quashed based upon these findings.

Dated: September 25, 2022          Respectfully submitted,

                                   **PIERSON LAW LLC**

                                   */s/ Holly A. Pierson*
                                   Holly A. Pierson
                                   Georgia Bar No. 579655
                                   2951 Piedmont Road NE, Suite 200
                                   Atlanta, Georgia 30305
                                   T: (404) 353-2316
                                   hpierson@piersonlawllc.com

                                   **CHEELEY LAW GROUP, LLC**

                                   Robert D. Cheeley
                                   Georgia Bar No. 122727
                                   2500 Old Milton Pkwy, Suite 200
                                   Alpharetta, Georgia 30009
                                   T: (770) 814-7001
                                   bob@cheeleylawgroup.com
                                   gabrielle@cheeleylawgroup.com

                                   *Counsel for Nonparty Cathleen Latham*

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I certify that the foregoing document was prepared using 13-point Century Schoolbook font in compliance with Local Rule 5.1 (C)(3).


*/s/ Holly A. Pierson*
Holly A. Pierson
Georgia Bar No. 579655

## CERTIFICATE OF SERVICE

I certify that today I filed the foregoing RESPONSE TO COURT REQUEST FOR INFORMATION via the Court's CM/ECF system, which automatically serves all counsel of record.

Dated: September 25, 2022

/s/ Holly A. Pierson
Holly A. Pierson
Georgia Bar No. 579655
