# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* | |
| *Plaintiffs,* | |
| v. | CIVIL ACTION |
| BRAD RAFFENSPERGER, *et al.*, | FILE NO. 1:17-cv-2989-AT |
| *Defendants.* | |

## NOTICE OF FILING REGARDING DISCOVERY DISPUTE

State Defendants provide herein their "position[ ] on the discovery dispute" as directed by the Court. According to Plaintiffs, that dispute involves "invocation of the investigative privilege for a relatively small set of documents on the privilege log." The State Defendants assert the privilege for nine documents identified on the privilege log concerning a law-enforcement investigation on behalf of the State by certified peace officers employed by the Secretary and now by the Georgia Bureau of Investigation. This Court should refuse Plaintiffs' attempt to interfere in that investigation because the privilege protects the documents at issue and, more fundamentally, because the documents are unrelated to Plaintiffs' claims and the relief they seek.

First, the Eleventh Circuit has recognized a qualified government privilege not to disclose "sensitive investigative techniques." *U.S. v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). And here, the items on the privilege log, if revealed, would "harm [] law enforcement efforts." *Polypropylene Carpet*, 181 F.R.D. at 686–87. Requiring disclosure of the "investigative plan" and "list of evidence and witnesses for the GBI" would reveal the precise course of the investigation. Plaintiffs can obtain general information about the investigation in the 30b6 deposition without these documents. Moreover, they already have obtained general information about the investigation and incident through non-party depositions, discovery requests, and their own forensic image of

Coffee County election equipment. This is dispositive. *F.E.C. v. Rivera*, 335 F.R.D. 541, 549 (S.D. Fla. 2020) (declining to compel disclosure of investigative files where facts available through other means).

Second, Plaintiffs cannot demonstrate need for the documents apart from satisfying their own curiosity.[1] The witnesses, evidence, and methods of investigation are irrelevant to whether vulnerabilities in a reasonable, non-discriminatory election system burdens the right to vote.[2] Indeed, "federal courts must resist the temptation to step into the role of elected representatives, weighing the costs and benefits of various procedures when the State has already done so in a reasonable and nondiscriminatory way." *Curling v. Raffensperger*, Nos. 20-13730, 20-14067 (11th Cir. Oct. 5, 2022), [Doc. 1502 at 24]. That is as true of election administration as it is of the State's investigatory process. *Cf. Younger v. Harris*, 401 U.S. 37, 44 (1971) (recognizing that "Our Federalism" vindicates and protects federal rights "in ways that will not unduly interfere with the legitimate activities of the State"). This Court should decline Plaintiffs' invitation and proceed with the 30b6 deposition of the Secretary's office without these sensitive documents.

---

[1] That Coalition's corporate representative is a witness to the Coffee County incident likewise counsels toward a cautious approach to the request.
[2] Plaintiffs recently explained that the relevance was the unauthorized access and extent of a breach. Sep. 9, 2022 Conf., Tr. 15:09–14; 53:10–21. But those facts are already available to them through previously authorized discovery.

Respectfully submitted this 6th day of October, 2022.

**Robbins Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

-4-

*Attorneys for State Defendants*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing NOTICE has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
*Counsel for State Defendants*
