# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

## PLAINTIFFS' FILING REGARDING INVESTIGATIVE PRIVILEGE

Over the last several months, the Court has given State Defendants many opportunities to meet their high burden to substantiate their investigative privilege claims, including with their latest privilege log. But they repeatedly failed to do so. It is time for immediate production of all the documents at issue.

First, State Defendants have cited no authority supporting their claim in the context here. (Dkts. 1427, 1444.) The investigative privilege concerns *public* disclosure. (Dkt. 1438 at 11.) Here, the Court's Protective Order protects any genuinely confidential information. (Dkt. 477.) They allege no specific failing of that protection or harm to any ongoing investigation from such disclosure here.

Second, State Defendants' burden is clear and undisputed: Secretary Raffensperger and/or SEB Chairman Duffey *must* (i) raise the formal claim of privilege; (ii) assert the privilege based on *his actual personal* review and consideration of the documents; and (iii) make a *detailed specification of the information* for which the privilege is claimed, with an *explanation of why this particular information* properly falls within the privilege. (Dkt. 1438 at 14.) Despite multiple briefs, privilege logs, and hearings, State Defendants have satisfied *none* of these requirements. They have provided no indication that Secretary Raffensperger or SEB Chairman Duffey is *even aware of the invocation* much less *personally* making it based on *his own* careful review and consideration

1

of each document at issue, which is required. Neither their privilege logs nor Ryan Germany's months-old declaration comes close to what is required. (Dkt. 1444-1.) He is not the head of the Secretary's Office or the SEB and thus lacks the requisite authority to invoke the investigative privilege; and he does not claim to have personally reviewed any of the documents and assessed—much less explained—their specific investigative sensitivity. Moreover, his declaration looks to be materially inaccurate in important respects and conflicts with Raffensperger's own public statements about his office's efforts to investigate the voting system breach through Coffee County.[1] Thus, the declaration is at best unreliable.

In *Navarro v. Applebee's Int'l, Inc.*, the Court ordered the documents at issue produced without providing any further opportunities to meet the high burden for the privilege. 2010 WL 3745905, at *2 (M.D. Ga. Sept. 20, 2010). This Court has been very accommodating. It is time to order immediate production of all the documents. Any further delay affording State Defendants *yet another* opportunity to meet their high burden would be highly prejudicial to Plaintiffs, especially with the SOS Rule 30(b)(6) deposition scheduled for less than a week from now.

---

[1] https://www.11alive.com/article/news/politics/coffee-county-breach-timeline-georgia-secretary-of-statebrad-raffensperger-response/85-f3d75b6f-6ba8-445b-88d6-7fda894358be.

2

Respectfully submitted this 6th day of October, 2022.

/s/ David D. Cross
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Hannah R. Elson (*pro hac vice*)
Zachary Fuchs (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500

/s/ Halsey G. Knapp, Jr.
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

/s/ Russell T. Abney
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*Counsel for Plaintiff Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC

3

3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

/s/ *David D. Cross*
David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER , ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, a copy of the foregoing **PLAINTIFFS' FILING REGARDING INVESTIGATIVE PRIVILEGE** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ David D. Cross
David D. Cross

6