# EXHIBIT A

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Thursday, Sep 22, 2022, 12:48 PM
**To:** J. Matthew Maguire, Jr. <mmaguire@pcwlawfirm.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

Matt -

Thanks for the explanation. But you have a very different take on the situation than we do and it's hard to see how Dominion believes it was authorized to do what it did.

It is of course true that we and Dr. Halderman wanted *Dominion* to have the report so that *it* could take available measures to try to mitigate the risk to voters when using this equipment. But at no point did we even suggest that Dominion could share the report with anyone other than its counsel. Nor did Dominion or its counsel ever request that of us or the court. Any argument that Dominion *needed* an outside consultant to understand and respond to the Halderman report about its own software and equipment would be deeply troubling if true; but of course we all know that's not the case.

Moreover, the protective order allows the disclosure of AEO material to experts only when needed for the purposes of this litigation. Dominion is not a party to this litigation, which it has made clear many times, and nobody from MITRE is an expert *witness* in this case (nor could they be at this late stage, as the judge made clear many months ago). Thus, the purpose of this disclosure to MITRE could not have been for this litigation. Indeed, it's quite obvious that that disclosure was not for this litigation given it apparently happened some months ago and we are only now learning of it — and Dominion's filing confirms that it seeks to use this new report based on that disclosure *for its own commercial relationships with its customers*, not for this litigation. In short, the protective order plainly does not permit what Dominion did here.

It's not clear to us why you attached that transcript. You've not directed us to any portion that you contend authorized this disclosure, nor are we aware of any. We have not yet gone back through all the hearing transcripts regarding the Halderman report, but our recollection is that the judge was quite clear on at least one occasion that Dominion was allowed to share the report with only those who needed it within the company. MITRE obviously is not a part of Dominion, and again Dominion of course didn't need an outside consultant to understand and address the Halderman report. The MITRE report itself makes this clear given Dominion did not even share its own equipment or software with MITRE, instead having MITRE rely only on the Halderman report and some curated set of documentation Dominion provided about its software. (We'll put aside for the moment what that says about the reliability of MITRE's findings and the apparent fear Dominion has about having even its own consultant examine the equipment and software directly as Dr. Halderman did — *and as many others have*, including many "election deniers," as we now know from the breach in Coffee County, Georgia, and elsewhere).

In short, we do not see any credible argument that Dominion was allowed to do what it did. And the purpose of what it did is clear: to prepare a response to the Halderman report for commercial purposes which it now seeks to share with its customers to mislead them into believing that the many serious vulnerabilities Dr. Halderman found and that CISA validated are unimportant. The misleading nature of the report, and its obvious unreliability, is apparent on the face of even the executive summary that was filed publicly, which explicitly states that MITRE's findings *presume a lack of access to the Dominion equipment*. That was a baseless assumption when the report was prepared, but it's outright absurd at this point given what has come to light about Coffee County and other places, such as Michigan. And it is telling that Dominion is seeking to provide

the MITRE report to its customers without also providing the Halderman report which actually identifies in detail the vulnerabilities that MITRE dismisses based on demonstrably-wrong assumptions and that CISA validated months ago. (MITRE even misunderstands Georgia law in assuming that the QR codes do not govern tabulation results.)

We will respond to your filing in due course. Suffice to say that we have a stark disagreement about this disclosure and reserve the right to seek all appropriate relief in light of what we view as a willful breach of the Court's protective order.

Best,
DC

**From:** J. Matthew Maguire, Jr. <mmaguire@pcwlawfirm.com>
**Date:** Thursday, Sep 22, 2022, 10:10 AM
**To:** Cross, David D. <DCross@mofo.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

**External Email**

David,

I'm having a hard time understanding where this email is coming from. The Curling Plaintiffs practically begged Dominion to meet with Dr. Halderman about his findings of alleged vulnerabilities in Dominion's system. The purpose of the meeting was to give Dominion an opportunity to address any alleged vulnerabilities before the next election. In a November 19, 2021 hearing (transcript attached), Judge Totenberg she clearly said that Dominion should have a copy of the unredacted report as this was consistent with the "greater good" (i.e., remediation of any alleged vulnerabilities). (T. at 87-88). Thereafter, Dominion's counsel provided the unredacted report confidentially to its retained expert, MITRE, so that MITRE consider Dr. Halderman's findings and advise Dominion on them. This was in keeping with the Judge Totenberg's comments on the record and within the contemplation of everyone involved but, more importantly, it was expressly permitted under Section 5(b) of the PO which allows AEO materials to be shared with expert witnesses. Dominion's counsel has only shared the report with MITRE and CISA.

-Matt

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, September 20, 2022 4:15 PM
**To:** J. Matthew Maguire, Jr. <mmaguire@pcwlawfirm.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

Hi Matt -

Hope you're doing well.

Can you please explain how it is that Dominion shared Halderman's July 2021 report with MITRE given the Court has been treating the report as AEO and has prohibited disclosure beyond those authorized to access AEO material under the PO? We don't see how the PO allows this disclosure. She specifically allowed

disclosure to Dominion and CISA. We're not aware of her ever authorizing disclosure to MITRE. We have a response due to your filing, and we need to understand Dominion's position on this.

We also need to know the identities of any other individuals or organizations the report has been shared with to Dominion's knowledge.

Best,
DC

---

**From:** J. Matthew Maguire, Jr. <mmaguire@pcwlawfirm.com>
**Date:** Monday, Sep 19, 2022, 3:36 PM
**To:** Cross, David D. <DCross@mofo.com>
**Subject:** RE: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

**External Email**

Yes, momentarily.

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Monday, September 19, 2022 3:35 PM
**To:** J. Matthew Maguire, Jr. <mmaguire@pcwlawfirm.com>
**Subject:** FW: [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

Are you filing the full MITRE report under seal with the court? I haven't seen a filing on that but the notice seems to say you are.

---

**From:** ECFdocuments@pacerpro.com <ECFdocuments@pacerpro.com>
**Date:** Monday, Sep 19, 2022, 3:26 PM
**To:** Ali, Reema Shocair <RAli@mofo.com>, Searby, Julia Flynn <JSearby@mofo.com>, Palmore, Joseph R. <JPalmore@mofo.com>, Vasiliu, Andreea R. <AVasiliu@mofo.com>, Cross, David D. <DCross@mofo.com>, Docket-DC <DocketDC@mofo.com>, Manoso, Robert W. <RManoso@mofo.com>, Conaway, Jenna B. <JConaway@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Hedgecock, Lyle F. <LHedgecock@mofo.com>, Swanbeck, Sonja Nicole <SSwanbeck@mofo.com>, Porter, Reiley Jo <RPorter1@mofo.com>, Wiesebron, Tamara <TWiesebron@mofo.com>, Woods, Cathy A. <CWoods@mofo.com>, Ascarrunz, Veronica <VAscarrunz@mofo.com>, dgoldschmidt@mofo.com <dgoldschmidt@mofo.com>, Elson, Hannah R. <HElson@mofo.com>, Joseph, Oluwasegun <OJoseph@mofo.com>, Middleton, Caroline L. <CMiddleton@mofo.com>, Jihadi, Wail <WJihadi@mofo.com>
**Subject:** [89828-0000001] Curling et al v. Raffensperger et al (Doc# 1486, N.D. Ga. 1:17-cv-02989-AT)

3

**External Email**

### Curling et al v. Raffensperger et al

**Docket entry number: 1486**

NOTICE Of Filing and Request for Guidance on the Application of the Court's Protective Order by U.S. Dominion, Inc. (Attachments: # (1) Exhibit 1: Executive Summary)(Maguire, Joseph) (Entered: 09/19/2022)

*Date entered: 2022-09-19*

VIEW CASE

https://app.pacerpro.com/cases/5199781

Sent from PacerPro, the fastest and most insightful way to access federal court records. Questions? support@pacerpro.com

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.