# EXHIBIT B

| | |
|---|---|
| **From:** | Cross, David D. |
| **Sent:** | Wednesday, October 5, 2022 1:13 PM |
| **To:** | Vincent Russo; Josh Belinfante |
| **Cc:** | 'Bruce Brown'; Bryan Tyson; Carey Miller; Conaway, Jenna B.; 'Halsey G. Knapp, Jr.'; 'Adam M. Sparks'; Javier Pico-Prats; Alexander Denton; Kaiser, Mary; 'Russ Abney'; 'Cary Ichter'; 'cheryl.ringer@fultoncountyga.gov'; 'David Lowman' |
| **Subject:** | RE: MITRE |

Vincent –

Thanks for the reply. We don't see any proper basis for the Court to consider the MITRE report in this case.

First, it's extremely untimely. You successfully excluded one of Plaintiffs' expert reports as untimely earlier this year. In keeping with that position from you and the Court's corresponding ruling, we don't see any reasonable argument that this report is somehow timely. Are you prepared to withdraw your objection to Duncan Buell's report and allow the Court to consider it, should you intend to ask the Court to consider the MITRE report?

Second, no Defendant has ever disclosed—timely or otherwise—MITRE as an expert in this case for any purpose. Per your objection to and the Court's Order regarding Duncan Buell's report, this too precludes use of the MITRE report in this case.

Third, unlike the CISA report, which is an official public record with findings from a federal agency resulting from an investigation within the scope of its duties and authority, the MITRE report was prepared secretly by a private consultant at the direction of Dominion for its own purposes, which look to be commercial. Thus, it not only is hearsay, it's very different from the CISA report. So whatever extent the Court can consider the CISA report has no bearing on the issue of the MITRE report.

Fourth, Dominion is not a party to this case, and we're aware of no authority allowing a third party to inject its own expert report into a case, especially at this very late stage and from an expert not timely (or ever) disclosed in the case by the parties.

Fifth, we have not be afforded an opportunity to cross examine Dominion and MITRE about the report or take any discovery related to the report. This is markedly different from the CISA report where the Court expressly allowed you, at your request, to seek discovery regarding the CISA report during the summer; you chose not to do that and the deadline for that discovery has long passed. Putting that aside for the sake of argument, though, are you prepared to make Dominion and MITRE both available for deposition immediately if you intend to ask the Court to consider the MITRE report? Do you have the control over both to do that? My understanding is that you do not.

Sixth, given the apparent commercial purpose of the MITRE report and the secretive manner in which it was prepared (among other reasons – eg, the obviously wrong assumptions it expressly states underlie its findings), we don't believe the report is relevant to this case in any event.

Seventh, the MITRE report is the product of an unambiguous breach of the Court's Protective Order. We've conveyed this concern to Dominion and received no response to our detailed explanation of the terms of the Protective Order and how it explicitly prohibits this sort of disclosure to MITRE. Allowing the Court to consider something that was the intended result of what we believe was a willful violation of the Court's Protective Order would be, in our view, highly improper for a variety of reasons, not the least of which is the perverse message that would send to litigants about the importance of protective orders.

These are just the initial objections that come to mind. There may be more, which we reserve should we have to brief this issue. We'd prefer to avoid incurring the time and expense of any such briefing given we see no reasonable argument for the Court's consideration of the MITRE report. If you maintain that the Court can properly consider the MITRE report and you intended to ask the Court to do so, we'd appreciate a response to each of the objections above at your earliest opportunity.

Best,
DC


**DAVID D. CROSS**
**CHAIR OF ANTITRUST LITIGATION PRACTICE**
Partner | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
P: +1 (202) 887-8795
mofo.com | LinkedIn | Twitter

---

**From:** Vincent Russo <vrusso@robbinsfirm.com>
**Sent:** Wednesday, October 5, 2022 11:46 AM
**To:** Cross, David D. <DCross@mofo.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** 'Bruce Brown' <bbrown@brucepbrownlaw.com>; Bryan Tyson <btyson@taylorenglish.com>; Carey Miller <carey.miller@robbinsfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; 'Halsey G. Knapp, Jr.' <hknapp@khlawfirm.com>; 'Adam M. Sparks' <sparks@khlawfirm.com>; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Kaiser, Mary <MKaiser@mofo.com>; 'Russ Abney' <rabney@wattsguerra.com>; 'Cary Ichter' <CIchter@ichterdavis.com>; 'cheryl.ringer@fultoncountyga.gov' <cheryl.ringer@fultoncountyga.gov>; 'David Lowman' <David.Lowman@fultoncountyga.gov>
**Subject:** RE: MITRE

**External Email**

---

David,

This is to confirm that State Defendants believe the MITRE report should be public, which is also our position on Dr. Halderman's report. The SEB has also unanimously decided to ask the Court to make the reports public, which it decided at the last SEB meeting.

Regarding whether we intend to rely on the MITRE report, the report is relevant to the issues in this case, and it is a development – similar to the CISA report. What is the basis for your position that the Court should not be able to rely on the MITRE report? There has been a substantial amount of out-of-time discovery in this case, and the MITRE report is no different than the CISA report in that regard.

Finally, we did not disclose Dr. Halderman's report to MITRE. As I recall, plaintiffs and the Court wanted Dominion to have a copy of Dr. Halderman's report and supported Dr. Halderman and Dominion engaging in discussion about his report. You will need to contact Dominion's counsel about when it provided the report to MITRE. If you believe Dominion has violated the Protective Order by (presumably) providing the report to MITRE, you will need to take that up with the Court.

Thanks,

Vincent

**ROBBINS**

Vincent R. Russo
**ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC**
500 Fourteenth Street NW
Atlanta, GA 30318
404.856.3260 (Direct)
678.701.9381 (Main)
www.robbinsfirm.com

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, October 4, 2022 8:06 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** 'Bruce Brown' <bbrown@brucepbrownlaw.com>; Bryan Tyson <btyson@taylorenglish.com>; Carey Miller <carey.miller@robbinsfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; 'Halsey G. Knapp, Jr.' <hknapp@khlawfirm.com>; 'Adam M. Sparks' <sparks@khlawfirm.com>; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Kaiser, Mary <MKaiser@mofo.com>; 'Russ Abney' <rabney@wattsguerra.com>; 'Cary Ichter' <CIchter@ichterdavis.com>; 'cheryl.ringer@fultoncountyga.gov' <cheryl.ringer@fultoncountyga.gov>; 'David Lowman' <David.Lowman@fultoncountyga.gov>
**Subject:** RE: MITRE

Hi Vincent and Cheryl -

I have not seen a response to my email below. Please respond by noon tomorrow given we have a brief due this week regarding the MITRE report. We need to understand what your position is on any use of that report in this case before we address the report in our filing this week.

Additionally, we'd appreciate knowing by noon tomorrow what your position is on whether the MITRE report should be made public. We assume the state's position that Dr. Halderman's report, at least in redacted form, should be public has not changed. If it has, please let us know that by tomorrow morning as well.

Lastly, we need to know by noon tomorrow whether you or your clients were aware before the recent Dominion filing that Dr. Halderman's sealed report had been shared with MITRE, and if so, when you first learned of that.

We've gone back through court filings, hearing transcripts, and correspondence, and we have not found any indication from you or Dominion that Dr. Halderman's report was provided to MITRE for its analysis. Since that authorization was never requested from the Court for disclosure to MITRE and the PO obviously prohibited that disclosure, we had always understood that MITRE prepared its report without reviewing Dr. Halderman's work, which we had believed to be one of the weaknesses with MITRE's findings. So we were very surprised to learn about the disclosure to MITRE in Dominion's recent filing. The judge was unequivocally clear on numerous occasions that the report cannot be shared without her express permission, even requiring information about CISA's confidentiality measures before she would allow the report to be shared with the agency that is responsible in part for election security at the federal level. Given the explicit and rigid limitations the Court has applied to Dr. Halderman's sealed report, which were reiterated in a number of hearings and orders, we never suspected that the report had been shared with MITRE or anyone else beyond Defendants, Plaintiffs' experts who are allowed access to AEO material, CISA, and Dominion.

We look forward to hearing from you by tomorrow morning.

Best,
DC

---

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Friday, Sep 30, 2022, 5:27 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>
**Cc:** 'Bruce Brown' <bbrown@brucepbrownlaw.com>, Bryan Tyson <btyson@taylorenglish.com>, Carey Miller <carey.miller@robbinsfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, 'Halsey G. Knapp, Jr.' <hknapp@khlawfirm.com>, 'Adam M. Sparks' <sparks@khlawfirm.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Kaiser, Mary <MKaiser@mofo.com>, 'Russ Abney' <rabney@wattsguerra.com>, 'Cary Ichter' <CIchter@ichterdavis.com>, 'cheryl.ringer@fultoncountyga.gov' <cheryl.ringer@fultoncountyga.gov>, 'David Lowman' <David.Lowman@fultoncountyga.gov>
**Subject:** MITRE

Hi Vincent and Cheryl -

Can you please confirm that defendants are not seeking, and will not seek, to have the Court rely on or consider in any way the MITRE report recently filed by Dominion for any purpose in our case and that defendants will not oppose a request by plaintiffs for the Court to disregard that report in our case apart from deciding Dominion's motion? Although we believe the report on balance actually helps our case (see, e.g., footnote two in the executive summary), it is of course far too late for defendants (or Dominion) to offer that report in our case.

We would appreciate a response by noon on Monday so we can plan accordingly as we work to wrap up discovery, and in light of the deposition scheduled for Tuesday.

Best,
DC

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.