# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

## PLAINTIFFS' FILING REGARDING KOTH DECLARATION AND STATE DEFENDANTS' INVESTIGATIVE PRIVILEGE CLAIM

The Koth Declaration filed this morning by State Defendants (Dkt. 1509-1) does not support their withholding of information under the investigative privilege. "The law enforcement investigative privilege is based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files." *In re Polypropylene Carpet Antitrust* Litigation, 181 F.R.D. 680, 687 (N.D. Ga. 1998) (internal quotations and citation omitted).  Plaintiffs do not seek "public disclosure" of any of the documents at issue. Rather, they have emphasized many times that the Protective Order in this case provides sufficient safeguards to preserve any legitimate confidentiality any of these documents has.

State Defendants have been on notice of this argument for months, including again during last week's Court conference.  (Oct. 7, 2022 Hr'g Tr. at 6:4-10.)  Yet the Koth Declaration does not address this critical issue at all.  In fact, Ms. Koth does not allege at any point that disclosure of any of the documents to Plaintiffs under the safeguards of the Court's Protective Order would in any way potentially jeopardize or harm any ongoing investigation.  Nor does she object to any such disclosure. Instead, all she states is that disclosing the documents "without proper safeguards to preserve their confidentiality" or "without proper consideration for their confidentiality" could somehow possibly "jeopardize" or "interfere with" certain investigations.  (Dkt. 1509-1 at 5–6.)  But the Protective Order readily

1

resolves this concern, by giving "proper consideration" to the documents through State Defendants' ability to designate any documents as confidential where warranted and by then applying "proper safeguards to preserve their confidentiality" under the full authority of this Court and its broad federal powers to enforce those safeguards and hold accountable any who would breach them. (Dkt. 477.)  Again, Ms. Koth offers no disagreement with these facts, which are dispositive.

Additionally, the Koth Declaration confirms that State Defendants are withholding factual information, not just the sort of sensitive investigative methods and processes that are intended to be protected by the investigative privilege.  For example, the declaration indicates State Defendants are withholding information provided by an investigative consultant regarding analysis of the EMS server taken from Coffee County.  (Dkt. 1509-1 at 4.)  That factual information is important to assessing the risk the breach in Coffee County presents to future elections in Georgia as well as to understanding the full scope of that breach, including what exactly was done to voting software and equipment used in Georgia elections.  The Koth Declaration also seems to indicate that State Defendants are withholding factual information obtained through witness interviews, such as in investigator notes.  (*Id.*)

Even if this sort of factual information were within the narrow scope of the investigative privilege—and it isn't—that would not resolve the issue. The investigative privilege is not an absolute bar to disclosure. *In re Polypropylene*, 181 F.R.D. at 688 ("The law enforcement investigatory privilege is not absolute. It can be overridden in appropriate cases by the need for the privileged materials.") (citation omitted). Courts weigh nearly a dozen factors to determine whether the investigative privilege bars disclosure of particular information. *Id.* Here, those factors weigh in favor of disclosure at least as to factual information. For example, information State Defendants have relating to the potential statewide impact of the breach in Coffee County on the State's voting software and equipment that has been in their possession since at least June of last year as well as information obtained from witnesses regarding that breach (and any others) is highly relevant to the claims and defenses in this litigation. Additionally, Plaintiffs have no other means of obtaining that specific information, especially where witnesses are refusing to cooperate or even comply with subpoenas, are asserting the Fifth Amendment, and in some cases are successfully evading service of subpoenas (at significant cost to Plaintiffs). Despite multiple rounds of briefing, numerous Court conferences, multiple privilege logs, and now the Koth Declaration, State Defendants have not addressed these factors at all, much less met the high burden

the factors require.

In sum, the Court gave State Defendants yet another opportunity to make the required showing to support their investigative privilege claim. State Defendants again failed to meet their burden. The Koth Declaration offers nothing more than a conclusory claim that disclosure of the documents at issue might somehow—in some vague, unspecified way—jeopardize or interfere with one or more ongoing investigations. Importantly, though, the Koth Declaration acknowledges that any imagined jeopardy or harm can be addressed simply by giving "proper consideration" and applying "proper safeguards" to the documents at issue. This Court's Protective Order readily does that, and Ms. Koth does not disagree.

Accordingly, the Court should order State Defendants to immediately produce all documents withheld under investigative privilege claim, and State Defendants of course would be permitted to make any confidentiality designations that comply with the Protective Order for any of those documents.

Respectfully submitted this 10th day of October, 2022.

| | |
|---|---|
| */s/ David D. Cross* | */s/ Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| Zachary Fuchs (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*/s/ Russell T. Abney*
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                   */s/ David D. Cross*
                                                   David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2022, a copy of the foregoing **PLAINTIFFS' FILING REGARDING KOTH DECLARATION AND STATE DEFENDANTS' INVESTIGATIVE PRIVILEGE CLAIM** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                                      */s/ David D. Cross*
                                                     David D. Cross