IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | |
| Defendants. | |

## **ORDER**

Currently before the Court are the Coalition Plaintiffs' Emergency Motion for Relief from Protective Order ("the Emergency Motion") [Doc. 1505] and Expedited Motion Challenging Attorneys' Eyes Only Designations ("the Expedited Motion") [Doc. 1508]. Through the Emergency Motion, the Coalition Plaintiffs seek an Order allowing them to designate Coalition for Good Governance Executive Director Marilyn Marks as an "expert and consultant" for purposes of the Court's Protective Order with respect to all AEO-designated Coffee County-related discovery documents. The Coalition Plaintiffs have requested this relief on an emergency basis so that Ms. Marks may assist her counsel in the Secretary of State's upcoming Rule 30(b)(6) deposition, which is scheduled for Wednesday, October 12, 2022. Through the Expedited Motion, the Coalition Plaintiffs seek to remove the AEO designations from "a particular subset of Coffee County documents" — 22 documents totaling 39 pages — so that these documents will be

available to all parties and the public — as well as to Ms. Marks — in advance of Wednesday's deposition. As was the case with the Emergency Motion, the Coalition Plaintiffs request a resolution of the Expedited Motion in advance of Wednesday's Rule 30(b)(6) deposition so that Ms. Marks will be able to assist counsel during the deposition.

The Coalition Plaintiffs provided the Court with copies of the specific documents they seek to de-designate as AEO through the Expedited Motion, but they did not do the same in connection with their Emergency Motion. At this stage, it is not clear to the Court precisely what documents fall within the Coalition Plaintiffs' definition of "Coffee County-related discovery documents" for purposes of the Emergency Motion. With respect to the Expedited Motion, although the Court has reviewed the 39 pages of documents identified by the Coalition Plaintiffs, the Court is hesitant to make a final determination as to whether the AEO designations should be removed from these documents without providing the parties with a full opportunity for briefing. Unfortunately, it does not appear that it will be feasible for the parties to fully brief these issues in advance of the October 12 planned deposition given the recent date of the Coalition's filing (October 7, 2022) and State defense counsel's prior communication that the deposition cannot be further delayed because the deponent has significant responsibilities associated with the upcoming election. With that background in mind, the Court has endeavored to resolve the Coalition Plaintiffs' motions to the extent it is necessary for the Court to do so in advance of Wednesday's deposition.

Specifically, while the Court does not find that there is any pressing need for Ms. Marks to review the AEO-designated documents on behalf of the Coalition's counsel *in advance* of the deposition, the Court will permit Ms. Marks to be present for the AEO portions of the deposition and to discuss this information with her counsel during the day of the deposition, subject to the following caveats.  First, Ms. Marks must treat any information regarding AEO communications presented or discussed in the deposition as confidential, and not subject to disclosure at this juncture.  Second, counsel for the Coalition Plaintiffs must assume responsibility for advising Ms. Marks fully regarding the confidentiality obligations and restrictions imposed by the AEO agreement and in turn, the limits regarding her communications regarding such to individuals other than counsel.  Second, Ms. Marks must excuse herself from the portions of the deposition in which the following pages from the State Defendants' production are discussed, *if Defense counsel so requests*:

- SOS-INV-0000009
- SOS-INV-0000011
- SOS-INV-0000012
- SOS-INV-0000035
- SOS-INV-0000036
- SOS-INV-0000044
- SOS-INV-0000045
- SOS-INV-0000051
- SOS-INV-0000052
- SOS-INV-0000075
- SOS-INV-0000076
- SOS-INV-0000077
- SOS-INV-0000078
- SOS-INV-0000082

- SOS-INV-0000083
- SOS-INV-0000085
- SOS-INV-0000086

The Court will reach a final determination as to whether the AEO designations for each of these pages should be removed after the conclusion of the deposition, once the parties have had the opportunity to brief the issue. If Defendants can show compelling reasons why Ms. Marks should not be able to hear deposition testimony and information regarding any additional AEO-designated documents, they should identify such documents and reasons for the Court by **Tuesday, October 11, 2022 at 12:00 P.M.**

The Court wishes to emphasize that while Coalition counsel will be authorized to discuss AEO-related documents and related testimony with Ms. Marks, the Court will only make a final decision regarding the AEO status of these documents after briefing on this matter has been completed. Plaintiffs' counsel and Ms. Marks are directed to proceed accordingly, and no AEO documents shall be provided to Ms. Marks to view, share, or discuss with anyone other than her counsel after the date of the deposition until the Court's issuance of its final determination of this AEO dispute.[1]

Defendants should file their response to the Expedited Motion identifying what, *if any,* of the documents the Court has flagged, they contend should properly retain their AEO status by **Monday, October 17, 2022** or alternatively, notify

---

[1] Accordingly, Ms. Marks may not retain these specific AEO documents until the Court approves this.

opposing counsel and the Court that they will not be filing a response. Plaintiffs will have until **Friday, October 21, 2022** to file a reply, if one is required. In addition, the Court will hold a Teleconference on either Tuesday, October 18 in the afternoon or Wednesday October 19 to discuss how the parties may most efficiently address the Coalition Plaintiffs' request to remove the AEO designations from the remaining unidentified documents covered by the Emergency Motion. Counsel are directed to advise the Court's Deputy, Mr. Martin, if they have any conflicts on these two dates.

    **IT IS SO ORDERED** this 10th day of October, 2022.

_____
**Honorable Amy Totenberg**
**United States District Judge**