IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>    *Plaintiffs,*<br><br>    v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:17-cv-2989-AT |

## SECOND DECLARATION OF SARA KOTH

Pursuant to 28 U.S.C. § 1746, I, SARA KOTH, make the following declaration:

1. My name is Sara Koth. I am over the age of 21 years, and I am under no legal disability which would prevent me from giving this declaration. If called to testify, I would testify under oath to these facts.

2. I am currently the Chief Investigator of the Office of Secretary of State's Investigations Division. I explained my role and responsibilities in my declaration filed at Docket No. 1509-1 and incorporate all of those statements by reference.

3. I have reviewed an additional set documents over which State Defendants are asserting investigative privilege in this case and which I understand are being withheld on the basis of investigative privilege.

4. I am not a lawyer, but understand that the purpose of the investigatory privilege includes protecting law enforcement techniques and procedures, preserving the confidentiality of sources, protecting witnesses and law enforcement personnel, safeguarding the privacy interests of individuals involved in an investigation, and otherwise protecting the fidelity of investigations by preventing interference in those investigations.

5. I offer this declaration in support of a claim of investigative privilege concerning the following documents, all of which contain information about active investigations, which, if released, could harm those investigations:

a. <u>SEB2020-250 Coffee County.PDF</u>. These three documents are an email chain between Steven Ellis, deputy general counsel, and Meghan Kelling, Elections Legal Affairs Coordinator, regarding the status of investigations into Coffee County. Disclosure of these documents without proper consideration for their confidentiality could jeopardize those investigations by revealing the methods and notes of investigators.

b. <u>Sharepoint Server Location</u>. The Investigations Division places various files into a Sharepoint server for centralized reporting and information. The only documents on the Sharepoint Server Location related to SEB 2020-250 that have not already been discussed in my prior declaration relate to the original scope of the investigation that did not include the improper access to the server. This case was originally bound over to the Attorney General's office for prosecution and these documents will become part of that investigation when the Attorney General has to make his determination about the proper course of conduct. As a result, these documents pertain to investigations which, at their conclusion, are reported to the State Election Board and may be bound over to the Attorney General or appropriate District Attorney for enforcement. Revealing information of active elections investigations contained in these documents without proper safeguards to preserve their confidentiality could similarly interfere with those investigations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 11th day of October, 2022.

*Sara Koth*

SARA KOTH