# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

## STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

In light of recent court orders in relation to attorneys' fees and Georgia elections, State Defendants respectfully submit the attached opinions of the U.S. Court of Appeals for the Fifth Circuit in *Amawi v. Paxton*, 48 F.4th 412 (5th Cir. 2022) and the U.S. District Court for the Northern District of Georgia in *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2022 WL 4725887 (N.D. Ga. Sept. 30, 2022). Copies of those opinions are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

### I.    *Amawi v. Paxton*

In the Fifth Circuit decision, the court determined that the plaintiffs may not be awarded attorneys' fees where the plaintiffs sought and received a preliminary injunction against state defendants, and the state legislature

later mooted the case by the passage of a bill, which the governor signed into law. In such a situation, plaintiffs could only be awarded attorneys' fees if they proved that the legislature acted "*in direct response* to the district court's preliminary injunction." *Amawi,* 48 F.4th at 418. In *Amawi*, the plaintiffs were unable to show that the mooting legislative act "was passed *in direct response* to the district court's preliminary injunction. . . . And '[t]he mere fact that a legislature has enacted legislation that moots an [action], without more, provides no grounds for assuming that the legislature was motivated by' the 'unfavorable precedent.'" *Id.* The Fifth Circuit specifically noted the fact that the introduction of the legislation predated the district court's injunction order as a basis to infer that the legislature was not motivated by a desire to preclude an award of the plaintiffs' attorneys' fees. *Amawi*, 48 F.4th at 419.

In *Amawi*, the Fifth Circuit discussed a three-part test to determine whether injunction-mooting legislation bars a plaintiff's recovery of attorneys' fees, requiring the plaintiff to:

> (1) win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits.

*Id.* (citing *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008)). The court explained that this test satisfies Supreme Court precedent "because it requires that a party obtain a judicial ruling which results in a material change in the legal relationship between the parties." *Id.*

Like the plaintiffs in *Amawi*, Plaintiffs'[1] here seek attorneys' fees "based on this Court's August 15, 2019 Order" (the "Order"), which granted in part, and denied in part, Plaintiffs' Motion for Preliminary Injunction. [Doc. 595, 579]. The Order prohibited the use of the GEMS/DRE voting system after 2019, yet acknowledged that the voting system was "finally headed towards its conclusion" pursuant to the "new Georgia electronic BMD voting system legislation adopted in 2019." [Doc. 579 at 151-152].

Analogous to *Amawi*, the Georgia General Assembly passed H.B. 316, which mooted the preliminary injunction by removing the GEMS/DRE voting system and replaced it with the current BMD voting system. That bill was signed into law April 2, 2019, over four months before the Order was entered on August, 15, 2019.[2] Plaintiffs later filed Renewed Motions for Attorneys' Fees in 2020. [Doc. 967, 998].

---

[1] Curling Plaintiffs and Coalition Plaintiffs are collectively referred to here as "Plaintiffs."

[2] Georgia began exploring a replacement for its DRE machines in 2017. [Doc. 357-4 at 2]. The Georgia House of Representatives later created the Joint

Applying the three-part *Dearmore* test to the case at bar, as the Fifth Circuit did in *Amawi*, Plaintiffs fail to satisfy the third element, because they cannot show that H.B. 316 was passed in direct response to the Court's preliminary injunction. As in *Amawi*, the introduction of H.B. 316 predated this Court's action, and there is no basis to infer that the Georgia legislature was motivated by a desire to preclude an award of attorneys' fees related to an order the Court had not yet entered. Thus, as in *Amawi*, it is improper to award Plaintiffs here attorneys' fees for a preliminary injunction on the mooted GEMS/DRE claims.

## II.  *Fair Fight Action, Inc. v. Raffensperger*

*Fair Fight Action* is another case filed against Georgia's Secretary of State, along with Georgia's State Election Board and its members, in the U.S. District Court for the Northern District of Georgia, Atlanta Division. The Honorable District Court Judge Steve Jones presided over the case, and, after "what is believed to have been the longest voting rights bench trial in the

---

Study Committee on the Selection of Georgia's Future Voting System for Secure, Accessible, and Fair Elections to examine Georgia's voting system and related policy areas, and to consider options for replacement of the DRE voting system. H.R. 1699 (2018). The next legislative session, the Georgia General Assembly passed legislation adopting a new voting system using BMDs, and the Governor signed the legislation on April 2, 2019. 2019 Ga. Laws Act No. 24 (H.B. 316).

history of the Northern District of Georgia," held in favor of the defendants on all counts. *Fair Fight Action*, 2022 WL 4725887 at 1.

State Defendants include the final decision in *Fair Fight Action* as supplemental authority here given its similarities to the *Curling* case. *Fair Fight Action* involved events occurring contemporaneously to those in this case and included similar claims regarding Georgia's voting machines and prayers for relief.

First, *Fair Fight Action* and *Curling* were both brought in response to elections for which the plaintiffs did not agree with the outcome. *Fair Fight Action* was filed on November 27, 2018 by Stacey Abrams' organization Fair Fight Action, Inc. after Ms. Abrams lost to Brian Kemp (then Georgia's Secretary of State) in Georgia's gubernatorial race. Similarly, *Curling* was brought after Karen Handel defeated Thomas Jonathan "Jon" Ossoff for Georgia's 6th Congressional District in the June 20, 2017 runoff. This context is important to assessing the plaintiffs' prayers for relief in both cases.

Second, both cases include similar allegations and claims regarding Georgia's voting machines. In *Fair Fight Action*, however, over the course of several years, all claims regarding Georgia's voting machines were dismissed. Specifically, all voting machine related claims asserted in the plaintiffs' original and amended complaints in *Fair Fight Action* were mooted and

withdrawn after the passage of H.B. 316, which provided for the implementation of new voting machines.

Instructive to the present case, Judge Jones properly issued a verdict for the State in *Fair Fight Action*, in part, on the grounds that the plaintiffs there—like the Plaintiffs in this lawsuit—were challenging aspects of election *administration* instead of election policy. *Fair Fight Action, Inc.*, 2022 WL 4725887, at *49. Here, Plaintiffs have spent the better part of three months expanding the case and taking on the mantle of private law enforcement and conducting parallel investigations with the GBI and Office of Secretary of State.[3] Investigations are part of election administration and not the enforcement of an election policy set forth in a statute, regulation, or written policy. In such circumstances, the *Fair Fight Action* decision's citation to binding Supreme Court and Eleventh Circuit precedent is relevant here: "*Anderson-Burdick* applies when a party challenges a state's law, statute, rule, or policy, not a mistake in election administration." *Id.* at *52 (citing *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 190 (2008); *Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *Jacobson v. Fla. Sec. of State*, 974 F.3d

---

[3] Indeed, documents now show that the Coalition Plaintiffs failed to disclose their ongoing conversations with those at the center of the Coffee County investigation—at and around the time of the November 2020 election and January 2021 runoffs.

1236, 1262 (2020)). Any investigation in Coffee County (or other alleged misdeeds) is plainly election administration only, and it cannot provide a basis for Plaintiffs' latest iteration of their claims.

Judge Jones' judgment also reiterates the judicial restraint that must be exercised in election cases: "Federal judges can have a lot of power—especially when issuing injunctions. And sometimes, we may even have a good idea or two. But the Constitution sets out our sphere of decisionmaking, and that sphere does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *Fair Fight Action*, 2022 WL 4725887 at 57 (quoting *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020)). Judge Jones concluded his Order by stating, "[a]lthough Georgia's election system is not perfect, the challenged practices violate neither the constitution nor the VRA. As the Eleventh Circuit notes, federal courts are not 'the arbiter[s] of disputes' which arise in elections; it [is] not the federal court's role to 'oversee the administrative details of a local election.'" *Fair Fight Action*, 2022 WL 4725887 at 94 (quoting *Curry v. Baker*, 802 F.2d 1302, 1306 (11th Cir. 1986)).

State Defendants urge this Court to review Plaintiffs' requests for attorneys' fees and remaining claims in light of the recent decisions referenced above and attached hereto.

Respectfully submitted, this 12th day of October, 2022.

/s/ Vincent R. Russo
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339

Telephone: 678-336-7249

*Counsel for State Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this State Defendants' Notice of Supplemental Authority has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.  Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Vincent R. Russo*
Vincent R. Russo

## CERTIFICATE OF SERVICE

I certify that today I filed the foregoing **STATE DEFENDANTS'**

**NOTICE OF SUPPLEMENTAL AUTHORITY** via the Court's CM/ECF

system, which automatically serves all counsel of record.

This 12th day of October, 2022.

*/s/ Vincent R. Russo*
Vincent R. Russo