**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, *et al.*

    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## RESPONSE TO COALITION PLAINTIFFS' MOTIONS REGARDING AEO DESIGNATIONS

This Court has long recognized that confidentiality matters in a case involving critical infrastructure like election equipment. To that end, the Court upheld the assertion of investigative privilege over a number of documents related to the active investigation involving the improper access to equipment in Coffee County. [Doc. 1513].

Coalition Plaintiffs have consistently litigated this case in the media in addition to before this Court, including providing discovery materials received from third parties to the press prior to providing those materials to State Defendants and informing media about subpoenas before they were served. Ms. Marks also has communicated extensively with individuals involved in the improper equipment access, including Ms. Latham and Ms. Hampton, among

others. *See e.g.*, [Doc. 1498-2].[1] This Court has recognized the nature of Ms. Marks' advocacy—which she has a First Amendment right to do—when considering earlier requests that she be given access to confidential material. [Doc. 438 at 34:14-23].

In recognition of the unique nature of this litigation, protecting the active investigation documents (including documents not covered by the investigative privilege) is critically important. The protective order allows the AEO designation for "information that constitutes proprietary or sensitive information that the producing party maintains as confidential in the normal course of its operations such that disclosure could impede legitimate operations." [Doc. 477, p. 4].

When producing documents related to the investigation, State Defendants originally marked every document AEO in the interests of timing to ensure that all relevant, non-privileged documents could be provided to Plaintiffs on the timeline specified by the Court. As Plaintiffs correctly identify, after further review, State Defendants lifted the designation from all but 39

---

[1] State Defendants are not alleging that Ms. Marks participated in the improper access, even though she has a number of communications with individuals involved in that access.

pages of the production.[2] This Court then flagged a subset of these documents and required State Defendants to respond, "identifying what, *if any*, of the documents the Court has flagged, they contend should properly retain their AEO status." [Doc. 1512, p. 4].

Each of these documents should remain AEO with the exception of SOS-INV-0000075 and SOS-INV-0000076 for the following reasons:

SOS-INV-0000009, SOS-INV-0000011, SOS-INV-0000035, SOS-INV-0000036, SOS-INV-0000051, SOS-INV-0000052, SOS-INV-0000082, SOS-INV-0000083, SOS-INV-0000085, and SOS-INV-0000086 – these documents disclose the identity of individuals involved in the GBI investigation, including the role of other individuals in crafting investigative strategy. State Defendants believe that this information could impede the investigation if released.

SOS-INV-0000012 – this document discloses the identity of individuals within the GBI who are working on the investigation. State Defendants believe that this information could impede the investigation if released.

---

[2] The "Confidential" designation was placed on SOS-INV000093 because the documents attached to that email contain personal identifying information of individuals. Ms. Marks is not prohibited from accessing documents marked "Confidential."

SOS-INV-0000044 and SOS-INV-0000045 – this document specifically references Ms. Marks' phone call, along with other information provided to the GBI related to the investigation, along with the identify of individuals involved in the investigation. State Defendants believe that this information could impede the investigation if released.

SOS-INV-0000075 and SOS-INV-0000076 – this is an internal communication with the Secretary's office regarding the investigation. State Defendants will re-produce this document as only Confidential and not AEO.

SOS-INV-0000077 and SOS-INV-0000078 – this document discloses which types of evidence are currently in the possession of the GBI related to the investigation. State Defendants believe that this information could impede the investigation if released.

Finally, no issues with the use of investigative documents occurred during the 30(b)(6) deposition. As a result, there is no basis to now expand the universe of individuals who can review the documents. This Court should allow the investigation to proceed without further disclosure or interference until such time as the GBI is prepared to release information related to the investigation.

Respectfully submitted this 17th day of October, 2022.

**Robbins Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/ Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing RESPONSE TO COALITION PLAINTIFFS' MOTIONS REGARDING AEO DESIGNATIONS has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
*Counsel for State Defendants*