IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DONNA CURLING, *et al.*, | : | |
| Plaintiffs, | : : : | |
| v. | : : | CIVIL ACTION NO. 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : : | |
| Defendants. | : : | |

## **ORDER**

Currently before the Court is Non-Party U.S. Dominion, Inc.'s Motion for Leave to File Under Seal [Doc. 1488]. In its Motion, Dominion requests leave to file under seal a report prepared by the MITRE Corporation's National Election Security Lab ("MITRE NESL").

Earlier this year, Dominion retained MITRE NESL to perform an independent evaluation of the expert report prepared by the Curling Plaintiffs' cybersecurity expert, Dr. J. Alex Halderman, which is currently filed under seal.[1] Dominion refers to MITRE NESL's evaluation of Dr. Halderman's report as "the MITRE Report." After MITRE NESL completed its report, Dominion filed the executive summary for the MITRE Report on the public docket for this case, and it

---

[1] As this Court explained in its August 11, 2022 Order, Dr. Halderman's report "concerns potential vulnerabilities in Dominion's ICX ballot marking device system that is used for elections in the State of Georgia as well as several other States." (Doc. 1453 at 1.) For the reasons explained in detail in that Order, the Court has previously determined that Dr. Halderman's report should remain under seal at least until the conclusion of the 2022 election cycle.

separately filed the full version of the MITRE Report provisionally under seal. (*See* Docs. 1486-1, 1487-1.)  Now, in addition to requesting that the full version of the MITRE Report be filed under seal on an official basis, Dominion requests guidance from the Court regarding whether it may share the full version of the MITRE Report with its customers.

As an initial matter, it does not appear that Dominion's Motion is properly before the Court as Dominion is not a party in this case.  Furthermore, this Court has repeatedly emphasized that further dissemination of Dr. Halderman's report at this time in the election cycle presents "complicated risks" relative to election security.  (*See* Doc. 1453 at 16 n.6) (quoting Doc. 1249 at 4–5).  The same is true of the MITRE Report, which directly addresses the very same material contained within Dr. Halderman's report.  Moreover, as Plaintiffs previously indicated, Dominion's decision to share Dr. Halderman's report with MITRE NESL in the first place potentially violated the Court's Protective Order.  Plaintiffs note that the MITRE Report "quotes extensively from the unredacted Halderman Report— which has been treated as 'Attorneys' Eyes Only' since it issued on July 1, 2021, and has been under seal since filed with the Court on July 12, 2021," and that Dominion has neither sought nor obtained permission to disclose the unredacted version of Dr. Halderman's report to a third party. (Doc. 1506 at 3–4.)  By the same token, Dominion's provision of the MITRE Report to its customers at this time would also potentially violate the Court's Protective Order.

Accordingly, Dominion's Motion for Leave to File Under Seal [Doc. 1488] is **DENIED**. The Clerk is **DIRECTED** to remove from the docket the exhibits attached to Dominion's Notice of Filing and Request for Guidance on the Application of the Court's Protective Order (Doc. 1486-1) and Provisionally Sealed Notice of Filing MITRE Report (Doc. 1487-1) on the ground that they were improperly filed.

**IT IS SO ORDERED** this 20th day of October, 2022.

_____
**Honorable Amy Totenberg**
**United States District Judge**