**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONNA CURLING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-02989-AT |
| | ) | |
| BRAD RAFFENSPERGER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NON-PARTY U.S. DOMINION, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO DOMINION'S NOTICE OF FILING AND REQUEST FOR GUIDANCE ON THE APPLICATION OF THE COURT'S PROTECTIVE ORDER

Non-party U.S. Dominion, Inc. ("Dominion") submits this Reply to Plaintiffs' Response to Non-Party Dominion, Inc.'s Notice of Filing and Request for Guidance on Application of the Court's Protective Order (Dkt. 1506) ("Plaintiffs' Response") in order to respond to Plaintiffs' false allegations about Dominion. Specifically, Plaintiffs' Response accuses Dominion of violating the Court's Protective Order (Dkt. 477) when it provided an unredacted copy of the July 1, 2021 report of Plaintiffs' expert J. Alex Halderman ("Halderman Report")—a report ***about Dominion***—to Dominion's retained expert, MITRE Corporation's National Election Security Lab ("MITRE").

As an initial matter, this issue only came to Plaintiffs' attention because Dominion, a non-party, sought guidance from the Court to ensure Dominion's **compliance** with the Protective Order (Dkt. 1486). With that request, Dominion filed the MITRE report executive summary on the public docket, and filed the complete report under seal. (Dkt. 1487). If Dominion had knowingly violated the Protective Order as Plaintiffs' allege, *see* Pltf's Resp. at 6, it would not put the "evidence" of its violation before the Court and the parties. In fact, Dominion acted in good faith reliance on the terms of the Protective Order and on statements made by the Court and Plaintiffs' counsel during a November 19, 2021 motions hearing. In that hearing, Plaintiffs' counsel David Cross very clearly stated that "… we think both the State, Fulton County, and Dominion as the vendor should have this report [the July 1, 2021 Halderman Report], should review it, and should figure out if there are remedial measures that can be taken." Nov. 19, 2021 Hr'g Tr. at 93-94, excerpted pages attached as **Exhibit 1**.

The Court had no objection to the Secretary of State's office sharing the Halderman Report with Dominion. *Id.* at 86. In fact, the Court encouraged Dominion to share the report with **others** involved in the safety and security of the election system:

> And if they [Dominion] have other contractors who are involved with this, whether it is Fortalice or other entities that are responsible for the delivery of the system and the safety and security and functionality of the election system, it is to the greater good of the public. And I certainly would authorize that, if there is any question about that.

*Id.* at 87. And then the Court stated, "[b]ut to confidential entities that are working on these issues, it is all to the greater good. I certainly think they ought to be authorized to review it." *Id.*

Consistent with this colloquy, Dominion retained MITRE to perform an independent evaluation of the unredacted Halderman Report. This should be entirely uncontroversial, given that the subject of the Halderman Report ***is Dominion's own equipment***. In any event, MITRE was and remains under a strict contractual obligation to keep confidential any documents or information received as part of its engagement, including material protected by court order such as the Halderman Report. MITRE can be trusted to honor its confidentiality obligations; its principal business is to operate federally funded research and development centers that provide independent technical expertise to federal agencies. Since it was founded in 1958, MITRE has addressed some of the nation's most complex technical challenges from nuclear weapons security to highly sensitive data analysis, working with the most classified levels of government information. Likewise, MITRE's National Election Security Lab (MITRE NESL) is a trusted authority on cybersecurity in the election space, and it provides election industry participants (including, state, local, and federal officials) a means to maintain public trust and confidence in our election systems. In light of the exceptionally sensitive data

MITRE handles in the normal course of its operations, Plaintiffs' asserted security concerns are meritless.[1]

Plaintiffs argue that the Court's concerns about the manner in which the Halderman Report would be released to the U.S. Cybersecurity and Infrastructure Security Agency ("CISA") should have signaled to Dominion that it could not unilaterally (and confidentially) share the Halderman Report with its retained expert. That argument is misguided. The Court was concerned that the Halderman Report could fall into the wrong hands if shared with CISA because CISA, a federal agency, is subject to the Freedom of Information Act. MITRE, by contrast, is a private company that has been keeping the government's secrets since 1958.

It also is not credible for Plaintiffs to now feign surprise that MITRE had access to the Halderman Report. MITRE NESL was directly involved in the CISA process that Dr. Halderman initiated involving his sealed report since at least May 2022. ***Dr. Halderman's team was informed by CISA that MITRE NESL was conducting an independent analysis.*** Not once did Dr. Halderman or his team express concern about MITRE's involvement in evaluating the allegations in his sealed report. Plaintiffs sat on

---

[1] In response to a recent inquiry from the Court, Dominion has not provided the Halderman Report to any individual or entity outside of Dominion's legal team and its experts (and in each with strict confidentiality protocols in place), with one exception: Dominion produced the report to counsel for Fox News Network, LLC on an attorney's eyes only basis pursuant to a Stipulated Order entered on September 15, 2022 in *US Dominion, Inc., et al. v. Fox News Network, LLC*, Del. Sup. Ct. Case No. N21C-03-257 EMD. A copy of the Stipulated Order is attached as **Exhibit 2**.

such "concerns" for months, only to raise them on the eve of the midterm elections by accusing one of the nation's preeminent federally funded research centers of being a potential security risk (despite decades of experience guarding some of the nation's most classified secrets). That smacks of gamesmanship. Plaintiffs are not worried about security; they are upset that MITRE, one of the top independent election security organizations in the country, has produced a report that provides a powerful rebuttal to the Halderman Report.[2]

While Plaintiffs pay lip service to the notion that the Halderman Report and the MITRE Report should "travel together at all times," Pltf's Resp. at 14, the reality is that Plaintiffs have shrewdly ensured that the public has to date only heard their side of the story. They have done so by selectively releasing information that is based on the very same sealed report that Dominion shared with MITRE. On September 21, 2021, for example, Plaintiffs filed on the public docket a 12-page Declaration of J. Alex Halderman ("Halderman Declaration") (Dkt. 1177-1) that summarizes the opinions contained in Dr. Halderman's sealed July 1, 2021 report, thus ensuring that his opinions

---

[2] While Plaintiffs correctly point out that MITRE is not an expert witness in the *Curling* litigation, they nevertheless spend several pages mounting a specious attack on MITRE's qualifications, methodology and conclusions. Plaintiffs' attacks demonstrate a complete misunderstanding of the MITRE report (and their attacks on Dominion's technical capabilities are sophomoric and false). Unless and until the reliability of MITRE's conclusions are properly put before this Court or another, Dominion will allow MITRE's reputation and its report to speak for themselves. Dominion confirms that MITRE is more than willing to answer any questions the Court may have about its report, including its methodology and conclusions—though it seems Plaintiffs would rather the Court not have the benefit of MITRE's expertise.

made their way into the public domain.[3] Dominion does not understand how this is consistent with the Court's Protective Order, let alone with Plaintiffs' professed outrage at MITRE having access to the Halderman Report.

The irony here is that while Plaintiffs wrongly excoriate Dominion for allegedly violating the Protective Order, amidst their own ongoing efforts to shut down any public rebuttal to Dr. Halderman's completely unwarranted alarmism, it is Dr. Halderman himself who has acted inappropriately in his dealings with CISA. Specifically, Dr. Halderman violated CISA's Coordinated Vulnerability Disclosure ("CVD") Process for dealing with disclosure of potential cybersecurity vulnerabilities. The CISA CVD Process involves five sequential steps: (1) CISA receives a vulnerability report; (2) CISA analysts work to understand the alleged vulnerability and its potential risks; (3) CISA works with the affected vendor (Dominion in this case) to mitigate any risk; (4) when possible and when necessary, CISA may work with the vendor to **"apply mitigation strategies prior to public disclosure"**; and (5) public disclosure by CISA and the source of the vulnerability report. *See* https://www.cisa.gov/coordinated-vulnerability-disclosure-process (last visited Oct. 18, 2022) (emphasis added). Here, Dr.

---

[3] This filing prompted a spate of motions to intervene filed by Fox News Network, LLC, Newsmax, Inc. and others in active litigation with Dominion over their false claims that Dominion's voting machines manipulated the results of the November 2020 presidential election. The court denied these motions on August 11, 2022 (Dkt. 1453). After communicating with Dr. Halderman, the Louisiana Secretary of State also filed a motion to intervene (Dkt. 1243), which the Court promptly denied (Dkt. 1247).

Halderman put the cart before the horse by publicizing his alleged vulnerabilities in the Dominion election systems *before* engagement by CISA.

It was these actions (and others like them) by the Plaintiffs and their expert that prompted Dominion to seek the Court's guidance on the release of a redacted MITRE report to Dominion's customers and others. To that end, Dominion joins in the Plaintiffs' request that the Halderman Report be unsealed in redacted form so long as Dominion is permitted to file on the public docket the MITRE Report (with appropriate redactions) at the same time. Dominion opposes Plaintiffs' request that the release of the MITRE Report be delayed until "the appropriate parties, including Dr. Halderman and CISA, have had an opportunity to review it for needed redactions." Pltf's Resp. at 15, n.14. Plaintiffs have zero basis for arguing that Dr. Halderman, rather than Dominion, is the better judge of what information *about Dominion's own systems* should be redacted. And the request that the Halderman Report be released immediately while the MITRE Report is reviewed for redaction by a federal agency *and Dr. Halderman*, is a patently absurd publicity stunt leading into the midterm elections.

## CONCLUSION

Dominion has at all times acted with the utmost good faith and in compliance with its legal obligations. The Court should allow the public release of the MITRE Report with appropriate redactions, and deny any further relief sought by the Plaintiffs.

Respectfully submitted: October 20, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com
Robert J. Kozloski, III
Georgia Bar No. 548519
rkozloski@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000
F: (404) 873-8050

*Counsel for Non-Party U.S. Dominion, Inc.*

## CERTIFICATE OF COMPLIANCE
## AND SERVICE

I hereby certify that the foregoing as prepared using Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in L.R. 5.1(B). I further certify that I filed the within and foregoing *Non-Party U.S. Dominion, Inc.'s Reply to Plaintiffs' Response to Dominion's Notice of Filing and Request for Guidance on the Application of the Court's Protective Order* using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

Respectfully submitted: October 20, 2022.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com