IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:17-CV-2989 |

**STATE DEFENDANTS' NOTICE OF FILING
PROPOSED SUMMARY JUDGMENT SCHEDULE**

Pursuant to the Court's directive during the October 19, 2022, Teleconference and related minute entry order, [1519], State Defendants propose the following schedule to govern the completion of previously authorized supplemental discovery and motions for summary judgment:

- **November 30** – all outstanding discovery completed, and record closed for purposes of Summary Judgment. State Defendants understand Plaintiffs now seek at least the following outstanding discovery:

    o (1) production of documents from non-party Cathleen Latham; (2) production of documents and/or deposition of non-party Doug Logan; (3) potentially depositions and/or document production of non-parties Alex Cruce, Ed Voyles, Scott Hall, Jeffrey Lenberg,

and Stefanie Lambert, *see* [Doc. 1477 at 2]; and (4) an additional 30(b)(6) deposition of the Secretary.[1]

- **January 17, 2023** – Motion(s) for summary judgment due.[2]
    - Forty-five (45) days following November 30, falls on Saturday, January 14, 2023. The next business day is Tuesday, January 17, due to the Martin Luther King, Jr., holiday. This forty-five-day period is consistent with the Court's most-recent scheduling order providing that "Motions for Summary Judgment will be due 45 days after the conclusion of all discovery authorized by this supplemental discovery period." [Doc. 1477 at 4].
- **March 6, 2023** – Response(s) to motion(s) for summary judgment due.
    - Forty-five days from the filing date falls on Friday, March 3, 2023. In the interest of fairness, State Defendants propose this date to account for the federal holiday's effect on scheduling.
- **March 20, 2023** – reply/replies in support due.

---

[1] The additional 30(b)(6) deposition of the Secretary is subject to Plaintiffs' identification of specific topics. Plaintiffs have not provided such identification and oppose any additional 30(b)(6) in its absence. State Defendants reserve their right to oppose any continuation upon receipt.
[2] As previously authorized, State Defendants intend to file two motions for summary judgment applicable to Complaints of each Plaintiff group, but a single statement of material facts. Mar. 11, 2022, Conf. Tr. 47:12–23. It is unknown whether Plaintiffs intend to move for summary judgment.

In the alternative, State Defendants respectfully submit this Court should clarify that discovery is now closed—precluding any further discovery, including document productions and depositions or continuations thereof— and summary judgment will then follow 45 days later as contemplated under the existing schedule.[3] State Defendants presume Plaintiffs will not consent to such an order on account of the discovery they continue to seek and an impending trial for Curling Plaintiffs' lead counsel but, as explained below, Plaintiffs have never indicated they believed discovery was complete. In fact, they are currently seeking to continue discovery.

## STATEMENT IN SUPPORT OF PROPOSED SCHEDULE

Since September 9, 2022, all parties have been operating under the same governing schedule for summary judgment: that motions would be due "45 days after the conclusion of all discovery authorized by this supplemental discovery period." [Doc. 1477 at 4]. While the same order required such discovery conclude within three weeks (on October 3, 2022) such discovery was not completed and, as recently as the October 19, 2022 teleconference, Plaintiffs maintained the same. Indeed, in addition to the continued 30(b)(6)

---

[3] Depending on the date the Order is entered, this would fall around the first or second full weeks of December.

3

of the Secretary occurring on October 12, 2022, Plaintiffs continue to seek third-party discovery of multiple individuals. Plaintiffs cannot have their cake and eat it too; either discovery remains ongoing, or it does not, but it cannot be retroactively applied to one party's detriment.

The Court's September 9 Order contemplated the following discovery to be had during this supplemental period, none of which Plaintiffs currently view as complete:

- *Latham Document Production*- outstanding and subject to a dispute between Ms. Latham's counsel and Plaintiffs' counsel.

- *Document Production of Doug Logan*- subject to a motion to compel in the Middle District of Florida, Case No. 8:22-mc-WFJ-AEP, with a hearing scheduled for November 1, 2022. *Id.*, ECF No. 8. It is unclear to State Defendants whether Plaintiffs seek to compel *both* a production and deposition.

- *Depositions and/or Document Productions of Cruce, Hall, Lambert, Lenberg, and Voyles*- each of these individuals were referenced in the Court's September 9, 2022 Order. [Doc. 1477 at 2]. State Defendants understand that at least Messrs. Cruce and Hall have not been served with a subpoena, Oct. 19, 2022, Disc. Conf. Tr. 46:04–09. State Defendants understand a subpoena has been issued for Mr. Voyles,

4

[Doc. 1481], but are unaware of whether it has been served. Likewise, a subpoena was issued for Ms. Lambert but as of September 9, 2022, had not been served. Sep. 9, 2022, Disc. Conf. Tr. 45:10–46:01. State Defendants are unaware as to whether a subpoena has been issued to Mr. Lenberg.

- *Continued 30(b)(6)*- The continued deposition of Mr. Sterling occurred on October 12, 2022. Plaintiffs expressed during the October 19 teleconference that they were seeking yet another continuation. State Defendants have not received any specific identification from Plaintiffs as the Court contemplated and State Defendants reserve all rights to oppose such a continuation.

State Defendants' proposed schedule permits ample time to complete this discovery. Further, State Defendants' proposed schedule also accounts for the conflict of Curling Plaintiffs' lead counsel—in trial throughout most of December, Oct. 21, 2022, Disc. Conf. Tr. 48:11–49:02—and will result in no prejudice to Plaintiffs. In fact, State Defendants' proposed schedule permits them time to complete all the discovery Plaintiffs could possibly need for purposes of summary judgment.

On Friday, October 21, 2022, Plaintiffs' counsel informed counsel for the State Defendants that they were proposing summary judgment motions

5

be due on or before November 12, 2022, clarified today to instead be a proposed due date of November 15. State Defendants believe this proposal is unappealing for at least three reasons.

First, Plaintiffs' proposal would be prejudicial to the State Defendants who have been operating under the terms of the Court's prior scheduling order. Indeed, discovery remains currently ongoing at Plaintiffs' behest and, rather than accounting for 45 days following its completion, the proposal would have motions due 27 days after the October 19 Conference, during which Plaintiffs expounded at length on the discovery they viewed as previously authorized and outstanding.[4] In short, this effectively deprives State Defendants of the time this Court has already authorized. Second, this proposal does not account for the State Defendants' concerns pertaining to the impending General Election expressed in the October 19 Conference, falling a week after the election. Third, requiring State Defendants' motion be due on November 15 is of no real benefit to Plaintiffs anyway: Curling Plaintiffs' lead counsel would have less than two weeks with the motion (including the week of Thanksgiving) before beginning trial with a response

---

[4] This date would also be 34 days from the most-recent 30(b)(6) of the Secretary—which Plaintiffs still insist should continue. On the other hand, 45 days from this deposition's conclusion would fall on the first day of Curling counsel's trial.

due in the midst of trial, and Coalition Plaintiffs apparently don't believe this proposal would expedite briefing at all, seeking instead to defer ruling and hold discovery open.

Indeed, the only real benefit Plaintiffs' proposal could confer would be extremely prejudicial to State Defendants—pre-emptively contorting Rule 56(d) of the Rules of Civil Procedure, to provide them ample time to brief a response and discover additional evidence with the State's brief in-hand. Nonetheless, Plaintiffs have not provided any "affidavit or declaration [with] *specified reasons*" explaining why they have been unable to discover "facts essential to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added).

Even if Plaintiffs were to produce the affidavit required by Rule 56(d), their proposed relief would make little sense in the context of this case where discovery has been ongoing for nearly a year-and-a-half, in addition to the various prior rounds of emergency and/or expedited discovery. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.3d 1313, 1316 (11th Cir. 1990) (affirming trial court's denial of Rule 56[(d)] motion where summary judgment granted two years after complaint being filed and "[t]he parties also agreed on a discovery schedule which the trial court extended on several occasions"). Moreover, Plaintiffs have known about the Coffee County allegations since at least March 7, 2021; have known about Mr. Cruce and

Mr. Hall's involvement for a similar period of time;[5] and have had months to seek discovery concerning the same, obtaining a significant amount of information concerning the matter in that period of time—including documents, depositions, and forensic images of Coffee County election equipment. State Defendants do not know why Plaintiffs waited until September to seek and/or compel the discovery they now claim is crucial. All of these reasons counsel against Plaintiffs' Rule 56(d) proposal. *See Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891–892 (7th Cir. 2018) (holding that "[w]here the failure to secure discovery is due to a party's own lack of diligence, the district court can in its discretion hold the party to the consequences of its choice"); *Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 769 F.2d 561, 564 (9th Cir. 1985) (affirming denial of motion where Plaintiffs had been afforded ample discovery).

In any event, pre-emptively utilizing Rule 56(d) is simply unnecessary where discovery (in Plaintiffs' own view) remains ongoing, and scheduling is now before the Court. In reality, Plaintiffs' proposed relief under Rule 56(d) is a motion for another scheduling extension from which only they can benefit.

---

[5] Indeed, based on discovery obtained from CGG and Ms. Marks, she and Mr. Cruce frequently communicated about the Dominion Voting System and various conspiracy theories.

## CONCLUSION

State Defendants provide herein a reasonable schedule which accounts for any and all known conflicts, does not operate to prejudice *any* party, and remains consistent with the current order governing the summary judgment schedule. For the foregoing reasons, State Defendants respectfully request the Court adopt the schedule proposed herein or, in the alternative, enter an order closing all discovery (whether outstanding or not) and requiring motions for summary judgment be filed within 45 days thereof.

Respectfully submitted, this 24th day of October, 2022.

>  */s/ Vincent R. Russo*
>  Vincent R. Russo
>  Georgia Bar No. 242628
>  vrusso@robbinsfirm.com
>  Josh Belinfante
>  Georgia Bar No. 047399
>  jbelinfante@robbinsfirm.com
>  Carey A. Miller
>  Georgia Bar No. 976240
>  cmiller@robbinsfirm.com
>  Alexander Denton
>  Georgia Bar No. 660632
>  adenton@robbinsfirm.com
>  Javier Pico Prats
>  Georgia Bar No. 664717
>  jpicoprats@robbinsfirm.com
>  Anna Edmondson
>  Georgia Bar No. 289667
>  aedmondson@robbinsfirm.com
>  Robbins Alloy Belinfante Littlefield LLC
>  500 14th Street, N.W.

Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Notice of Filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 13-pt Century Schoolbook font.

*/s/ Vincent R. Russo*
Vincent R. Russo