IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'**
<u>**NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

On October 12, 2022, State Defendants filed a Notice of Supplemental Authority.[1] (Dkt. 1515.) The Court should disregard it because it goes far beyond a mere "notice" of new authority and instead is an improper sur-reply to Plaintiffs' motions for attorneys' fees (Dkts. 595, 596, 967, 998).[2] State Defendants' cited cases also have no bearing on Plaintiffs' Motions because (i) the *Amawi v. Paxton* decision is a Fifth Circuit opinion that does not bind this Court or apply the Eleventh Circuit standard; and (ii) the portions of the *Fair Fight* Order State Defendants selectively excerpt has nothing to do with the pending motions for attorneys' fees or the claims or defenses here and contradict the Secretary of State's Office's deposition testimony on the same day this Notice was filed.

## I. *Amawi v. Paxton*

State Defendants argue that the Court should adopt the Fifth Circuit's test in *Amawi v. Paxton* for determining Plaintiffs' Motions for attorneys' fees. (Dkt.

---

[1] State Defendants do not object to Plaintiffs filing a response to their Notice of no greater length than that Notice.

[2] Notices of supplemental authority are supposed to be just that—mere notice. *Cf.* Fed. R. App. Pro. 28(j) (noting that filings of supplemental authorities should not exceed 350 words). At seven pages and nearly 1,500 words, the argumentative sur-reply required leave of the Court, which Defendants did not get. *United States v. Zak*, 2020 WL 11191757, at *2 (N.D. Ga. Jan. 29, 2020) ("A district court's decision to permit the filing of a sur-reply is purely discretionary and should be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'") (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008)).

1515 at 2.)  In *Amawi*, the Fifth Circuit held that a plaintiff is a prevailing party if it meets three requirements:  "the plaintiff (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits."  48 F.4th 412, 417-18 (5th Cir. 2022).  The third factor is satisfied "'when the defendant moots the plaintiff's action in response to a court order, not just in response to the filing of a lawsuit.'"  *Id.* at 418 (quoting *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008)).

That out-of-circuit opinion is not binding on this Court, however, and is inconsistent with the governing Eleventh Circuit standard.[3]  In this Circuit, a

---

[3] *Amawi* also is readily distinguishable:  i) Texas moved to stay the preliminary injunction after the statutory change, which Defendants did not do (here the injunction has stood for years); ii) unlike in *Amawi*, Secretary Raffensperger admitted that Defendants had to change the voting system when they did due to this Court's injunction—an admission that the Secretary's own counsel explicitly repeated before this Court on October 20, 2021 (Dkt. 1194 at 32:22–33:1 ("But, frankly, Your Honor, we lost that issue.") (statement of Defs.' counsel Carey Miller referring to the DRE-based claims)); and iii) the Court's September 17, 2018 Order (Dkt. 309 at 38) found that "Plaintiffs are substantially likely to succeed on the merits of one or more of their constitutional claims," which no doubt prompted the Georgia legislature to require a new voting system, *but with no stated implementation deadline*.  Defendants did not suddenly act of their own volition to rush to deploy a new voting system, nor was Secretary Raffensperger's

2

"plaintiff qualifies as a prevailing party entitled to attorneys' fees under 42 U.S.C. § 1988 if there is a 'material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Common Cause Ga. v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021) (quoting *Sole v. Wyner*, 551 U.S. 74, 77 (2007)). The Eleventh simply "require[s] either (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Id*. (affirming this Court's award of attorneys' fees to plaintiffs who won a temporary restraining order). "'[P]revailing party status may be based on 'succe[ss] on any significant claim affording [the litigant] some of the relief sought, either *pendente lite* or at the conclusion of the litigation.'" *Id*. (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791 (1989)).

Thus, in the Eleventh Circuit, the grant of a preliminary injunction on the merits entitles a plaintiff to prevailing party status and an award of attorney's fees. *Id*. To the extent the Fifth Circuit requires more under the three-part test articulated in *Amawi*, that test does not—and cannot—apply here.[4] This is

---

announcement of the Dominion system *the first business day after the hearing* that led to the Court's August 2019 injunction a mere coincidence. (Dkts. 552, 575.)

[4] Plaintiffs nonetheless meet the *Amawi* test. The first two prongs are obviously met. As to the third, to the extent Defendants mooted Plaintiffs' DRE claims by replacing that system, that plainly was "in response to a court order," *Amawi*, 48

3

especially true given the Eleventh Circuit just considered this question last year and enforced the standard Plaintiffs applied in their motions and that State Defendants now seek to evade, implicitly conceding that Defendants cannot meet it. *Common Cause Ga.,* 17 F.4th at 107 (holding that grant of preliminary injunction on entitles plaintiff to prevailing party status and attorney's fees).

## II. *Fair Fight Action, Inc. v. Raffensperger*

State Defendants' presentation of the court's opinion in *Fair Fight Action, Inc. v. Raffensperger,* 2022 WL 4725887 (N.D. Ga. Sept. 30, 2022) (the "*Fair Fight* Order") bears little relationship to reality or to the facts of this case.[5] The Court is well aware of the importance of the case at hand to Plaintiffs' fundamental right to vote (and in the case of the Coalition, to that right of its members and to its organizational mission). Regardless of whether State Defendants' assertions about the motivation or "context" (Dkt. 1515 at 5) of the *Fair Fight* litigation are

---

F.4th at 418, warning Defendants in 2018 of the likely injunction to come (which would make Plaintiffs prevailing parties to recover their fees and costs) if Defendants were to continue to "bur[y] their heads in the sand" (Dkt. 309 at 45). The Georgia legislature required a new voting system *only after* this Court issued its September 17, 2018 Order rejecting Defendants' unwavering defense of the antiquated and unreliable DRE system.

[5] Judge Jones notably analyzed the *Fair Fight* plaintiffs' in-person absentee ballot cancellation claim under *Anderson-Burdick* and found, if that framework were to apply, "that the burden on voters outweighs" the State's asserted justifications for those burdens. *Id.* at *53. State Defendants omit this finding from their Notice.

4

correct—and they are not—they offer nothing helpful, much less "important," to this Court's understanding of Plaintiffs' pending motions or binding Eleventh Circuit law.  The *Fair Fight* Order did not address the issue of fees and costs owed a prevailing party under 42 U.S.C. § 1988; nor did it address the constitutionality of the GEMS/DRE system this Court enjoined from further use in 2019—a victory for which Plaintiffs seek fees and costs as afforded them by law and an issue for which the *Fair Fight* Order holds no relevance at all.[6]  Moreover, this case is not about election outcomes.  It's about preserving the individual right to vote and ensuring Plaintiffs can verify their individual votes are cast as intended and counted as cast, such that election processes are secure, accurate, and reliable.  Georgia's current voting system violates that right and frustrates those important purposes.

State Defendants' argument that Plaintiffs' claims concern "election administration instead of election policy" (Dkt. 1515 at 6) fares no better.  Setting

---

[6] To the extent the Court nonetheless perceives *Fair Fight* to have any relevance for resolving Plaintiffs' fee requests here, it bears noting that other district court opinions, even within this District, are not binding on this Court. *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co.*, 240 F.3d 956, 965 (11th Cir. 2001) (decisions of "fellow judges are persuasive, [but] they are not binding authority"); *Hair v. Lazega & Johanson LLC*, 2014 WL 12571424, at *9 (N.D. Ga. July 7, 2014), *report and recommendation adopted*, 2014 WL 12575746 (N.D. Ga. Aug. 6, 2014) ("[T]he district court cannot be said to be bound by a decision of one of its brother or sister judges.") (quoting *Fishman,* 240 F.3d at 965).

aside that Defendants' argument bears wholly on the merits and thus says nothing about the proper disposition of Plaintiffs' pending fee requests, State Defendants are wrong.  The Secretary of State's Office—through its corporate deponent on the same day State Defendants filed their Notice—refuted Defendants' own argument:

> [T]he legislature passed a *policy*.  The executive branch, under Secretary Raffensperger, executed that *policy*.  We executed it going through a DOAS bid process; and then we worked with the SEB to put *rules and processes* around it, following best practices we learned from other states and from the vendor, in talking to counties.

(Ex. A, Sterling Dep. Tr. at 175:6-12 (emphasis added).)  This "policy" and the "rules and processes" adopted by State Defendants to "execute[] that policy" are what Plaintiffs challenge with the current Dominion BMD system, just as with the prior GEMS/DRE system that this Court enjoined from future use years ago.

State Defendants offer no basis for applying Judge Jones's fact-specific analysis of a single claim in the *Fair Fight* case to the *different* claims in *this* case.  State Defendants themselves have emphasized many times that the *Fair Fight* plaintiffs dropped claims challenging the voting system like those here.  Their effort to reverse course and impose the *Fair Fight* Order on this case fails.

## III. Conclusion

The Court should grant Plaintiffs' Motions at its earliest opportunity. Plaintiffs incurred enormous fees and costs in procuring the 2019 injunction

against the antiquated, unreliable GEMS/DRE system, and that injunction caused the prompt termination of that system in Georgia—just as the Secretary of State and his counsel have acknowledged. Nothing in State Defendants' improper "Notice" supports denying Plaintiffs' Motions or is even useful to the Court in resolving those Motions.

Respectfully submitted this 26th day of October, 2022.

| | |
|---|---|
| */s/ David D. Cross* | */s/ Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Veronica Ascarrunz (*pro hac vice*) | Adam M. Sparks |
| Hannah R. Elson (*pro hac vice*) | GA Bar No. 341578 |
| MORRISON & FOERSTER LLP | KREVOLIN & HORST, LLC |
| 2100 L Street, NW, Suite 900 | 1201 West Peachtree Street, NW |
| Washington, DC 20037 | Suite 3250 |
| (202) 887-1500 | Atlanta, GA 30309 |
| | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*/s/ Russell T. Abney*
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges,
Ricardo Davis & Megan Missett*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                                          */s/ David D. Cross*
                                                         David D. Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2022, a copy of the foregoing **PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                             */s/ David D. Cross*
                                             David D. Cross