IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:17-CV-2989-AT |

**STATE DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES IN SUPPORT OF FORTHCOMING MOTIONS FOR SUMMARY JUDGMENT**

State Defendants Brad Raffensperger, in his official capacity as Secretary of State of Georgia, and members of the State Election Board (collectively, the "State Defendants") submit this Motion for Leave to File Excess Pages In Support of Forthcoming Motions for Summary Judgment.

Pursuant to this Court's currently operative Scheduling Order (Doc. 1529), State Defendants are to file their proposed Motions for Summary Judgment on or before December 19, 2022. The State Defendants intend to file two motions, along with two accompanying supporting briefs: one in the case brought by the Curling Plaintiffs, and one in the case brought by the Coalition for Good Governance Plaintiffs (collectively, the "Plaintiffs"). At

this time, the State Defendants intend to raise arguments on both standing and the merits of the Plaintiffs' claims.[1]

Over two years ago, this Court noted that these lawsuits have generated "extensive . . . evidentiary submissions." Curling v. Raffensperger, 493 F. Supp. 3d 1264, 1268 (N.D. Ga. 2020), appeal dismissed, 50 F.4th 1114 (11th Cir. 2022). This has only grown more true in the years since. For this reason and others, an extension of page limitations

---

[1] The State Defendants are cognizant that the Eleventh Circuit recently ruled that—solely for the purpose of an alleged injury-in-fact at a preliminary-injunction stage—the Coalition for Good Governance has standing to bring its challenges to Georgia's electronic voting system. See Curling v. Raffensperger, 50 F.4th 1114, 1121 (11th Cir. 2022). That decision, however, reflects only arguments on (1) injury-in-fact to (2) a voting advocacy organization. Other aspects of standing were not addressed by the appellate court, nor was the standing of the Curling Plaintiffs. See also generally Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (explaining that standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [and] each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation"); Fair Fight Action, Inc. v. Raffensperger, No. 1:18-cv-05391-SCJ (N.D. Ga. Feb. 16, 2021) ("The party invoking federal jurisdiction bears the burden of establishing standing—and, at the summary judgment stage, such a party can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts.") (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013)) (ellipses omitted). In addition, cases where one party's standing satisfied the standing requirements for other parties do not appear to have involved two complaints with distinct theories as is presented by this consolidated lawsuit. See, e.g., Cahaba Riverkeeper v. U.S. Envtl. Prot. Agency, 938 F.3d 1157, 1163 (11th Cir. 2019).

is warranted. These additional reasons include the: (1) complexity of the case; (2) number of causes of action; (3) number of potential expert witnesses; (4) breadth of witness testimony topics; and (5) (at least from the State Defendants' perspective) shifting nature of Plaintiffs' theories in the light of new technology, audits, elections, and post-election activity.

The State Defendants therefore ask for leave to file additional pages as follows:

1. Brief in Support of Motion for Summary Judgment in the <u>Curling</u> case: 50 pages.

2. Brief in Support of Motion for Summary Judgment in the <u>Coalition for Good Governance Case</u>: 50 pages.

3. Each Reply Brief: 25 pages.[2]

The State Defendants do not oppose each set of Plaintiffs having leave to file responsive briefs that are at or less than 50 pages.[3]

---

[2] These briefs would be in addition to timely motions requesting oral argument on the summary judgment motions and any potential <u>Daubert</u> motions.

[3] On the afternoon of November 14, 2022, the State Defendants asked counsel for both sets of Plaintiffs whether they would consent to this Motion. The Coalition For Good Governance Plaintiffs oppose this Motion. At the time of this filing, the State Defendants have not heard a response from the Curling Plaintiffs. Separately, State Defendants note their current opposition to Plaintiffs filing surreplies in further opposition to either of State Defendants'

This Court has previously granted leave to file excess pages in motions and briefs in this case.  See, e.g., (Doc. 787).  Other courts in this district have done the same in election cases.  See Fair Fight Action, Inc. v. Raffensperger, No. 1:18-cv-05391-SCJ (N.D. Ga. Aug. 4, 2020) (granting leave to file excess pages in summary judgment reply briefs after granting leave to file excess pages in summary judgment briefs); Cooper v. Raffensperger, No. 1:20-cv-1312-ELR (N.D. Ga. Oct. 23, 2019) (order granting in part and denying in part motion for leave to file excess pages in ballot access case).  Indeed, the State Defendants' proposal for enlarged page limitations here are modeled after those sought and granted in the Fair Fight litigation.

For the reasons stated herein, the State Defendants respectfully request that this Court GRANT this Motion.  A proposed order is attached as "Exhibit 1."

Respectfully submitted, this 15th day of November 2022.

>                             */s/ Vincent R. Russo*
>                             Vincent R. Russo
>                             Georgia Bar No. 242628
>                             vrusso@robbinsfirm.com
>                             Josh Belinfante
>                             Georgia Bar No. 047399
>                             jbelinfante@robbinsfirm.com
>                             Carey A. Miller

---

summary judgment motions in the absence of a showing by any Plaintiff of any need for such a brief.

4

Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this **STATE DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES IN SUPPORT OF FORTHCOMING MOTIONS FOR SUMMARY JUDGMENT** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.  Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Vincent R. Russo*
Vincent R. Russo