## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**

**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**

**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## COALITION PLAINTIFFS' NOTICE RELATING
## TO SCANNER AND POLLBOOK CLAIMS

At the November 15, 2022 hearing, counsel for Coalition Plaintiffs informed the Court that counsel would be notifying the Court if and to the extent any additional discovery was necessary on the Coalition Plaintiffs' claims relating to the scanners and electronic pollbooks.  Discovery had been stayed on those claims during the State Defendants' appeal of this Court's orders (Doc. 964 (scanners); Doc. 918 (pollbooks)).  The Eleventh Circuit's mandate issued on November 3, 2022 (Doc. 1534).

This is to give notice that Coalition Plaintiffs will not seek additional discovery on these claims.  On November 30, 2022, counsel for Coalition Plaintiffs informed counsel for Defendants that no additional discovery on these claims will

be sought and that Coalition Plaintiffs will try these claims with the rest of the case.

As to the scanners, in compliance with this Court's Order (Doc. 964 at 142), Coalition Plaintiffs timely submitted their proposed remedy on October 26, 2020 (Doc. 990). State Defendants did not respond to the Coalition Plaintiffs' proposed remedy.

As to the electronic pollbooks, the State's technology and operation has changed such that equitable relief is even more essential to mitigate cybersecurity risks and the currently available remedy is even less burdensome. Unlike the Diebold ExpressPoolbooks units at issue in 2020, the PollPads units currently used in Georgia are connected to the internet. PollPads can also read removable media. Therefore, reliable accurate backups to the vulnerable electronic voter data on the PollPads may now be easily provided using read-only USB drives, avoiding the (marginally) burdensome printing and distribution of hard copies.

Respectfully submitted this 30th day of November, 2022.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 386-6856 | (253) 267-8530 |

*Counsel for Coalition for Good Governance*

_/s/ Cary Ichter_
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF COMPLIANCE AND SERVICE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14, and that it has been

electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to all attorneys of record.

This 30th day of November, 2022.


*/s/ Bruce P. Brown*
Bruce P. Brown