John Powers ($400) is a Counsel in the Voting Rights Project of the

Lawyers' Committee, which he joined in 2015.  A 2013 graduate of Georgetown

University Law Center, Mr. Powers worked for eight year in the Voting Rights

Section at the Department of Justice.  Since joining the Lawyers' Committee, Mr.

Powers has played significant roles in numerous voting rights cases in federal

courts in Georgia.  (Ex. E, E. Rosenberg Decl., ¶ 22).

Other lawyers from the Lawyers Committee representing the Coalition

Plaintiffs in this case included Jon Greenbaum ($650), Chief Counsel of the

Lawyers' Committee (J.D., UCLA, 1993), David Brody ($400) (J.D., Harvard,

2012), Jacob Conarck ($250) (J.D., Antonin Scalia Law School at George Mason

University, 2018), and Ryan Snow ($250) (J.D., University of Virginia, 2018).

In support of the reasonableness of the rates of the six lawyers with the most

time on the case (McGuire, Brown, Ichter, Ney, Rosenberg and Powers), the

Coalition Plaintiffs have filed the Declaration of Robert B. Remar (Ex. A).  Mr.

Remar, a partner at Rogers & Hardin, has practiced in Atlanta since 1974.  Mr.

Remar is Vice President and Treasurer of the American Civil Liberties Untion, a

Fellow of the American College of Trial Lawyers, and the 2018 Recipient of the

ACLU of Georgia's Lifetime Achievement Award.  (Ex. A, Remar Delc. Ex. A).

Mr. Remar has substantial experience in complex commercial, constitutional and

public interest litigation and is personally familiar with hourly billing rates of

lawyers who practice in Atlanta.  Mr. Remar also has personal knowledge of the

skill and experience of Mr. Brown and Mr. Ichter and the work of the Lawyers'

Committee, particularly its voting rights work.  (Remar Decl. ¶ 10).

Mr. Remar reviewed the curriculum vitae of the lawyers, this Court's Order

(Doc. 579), the Coalition Plaintiffs' Special Motion (Doc. 595), fee applications in

several recent class action cases, and the online billing rate database of the *Fulton

County Daily Report.*   Mr. Remar concludes:

> Based upon my experience and my review of the above-referenced
> sources it is my professional opinion that the hourly rates sought by
> Plaintiffs' counsel in this litigation are well within the reasonable
> range of rates charged by attorneys of comparable skills and
> experiences practicing in the Atlanta metropolitan area, including the
> United States District Court for the Northern District of Georgia.

(Ex. A, R. Remar Decl., ¶ 9).

The reasonableness of the rates of the other lawyers and professionals

representing the Coalition Plaintiffs from the Lawyers' Committee is addressed in

the Mr. Rosenberg's Declaration.  (Ex. E, E. Rosenberg Decl. ¶¶ 28-35, 49-51).

Mr. Rosenberg's Declaration also cites a number of reported cases in which rates

far in excess of what the Coalition Plaintiffs is seeking were deemed reasonable in

the Atlanta market.  (*Id.* at 51).

## VII.  REASONABLENESS OF EXPENSES AND CGG TIME

It is well settled that prevailing parties are entitled to be reimbursed fully for the expense the litigation.  "Where cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply."  *Dowdell,* 698 F.2d at 1188–89.  The purpose of Section 1988 "is to ensure the effective enforcement of the civil rights laws, by making it financially feasible to litigate civil rights violations."  *Id.* at 1189.  Which expenses are covered under Section 1988 is not "settled by reference to any pre-determined list of items."  *Id.* "Because civil rights litigants are often poor, and judicial remedies are often non-monetary, the Act shifts the costs of litigation from civil rights victim to civil rights violator."  *Id.*

> The Act's [i.e., Section 1988's] legislative history of Section 1988 states two justifications for cost-shifting.  First, it "is designed to give victims of civil rights violations effective access to the judicial process." H. Rep. No. 1558 at 1, 94th Cong., 2d Sess. (1976). . . . Second, it provides an incentive to individuals to act as "private attorneys general," playing a significant role in the enforcement of important congressional policies. . . . Because the Act is designed to translate policy into fact, the standard of reasonableness is governed by the economic realities of civil rights litigation.

*Dowdell,* 698 F.2d at 1189.  "Both justifications for cost-shifting indicate that all reasonable expenses should be fully recoverable."  *Id.* at 1190.

"With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) (quoting *Dowdell*, 698 F.2d at 1192). "As is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation." *Dowdell*, 698 F.2d at 1192.)

"We reject any interpretation of 'reasonable costs' which would penalize attorneys for undertaking civil rights litigation. 'No one expects a policeman, or an office holder, to pay for the privilege of enforcing the law. It should be no different for a private citizen. . . ." … Certainly it should be no different for the civil rights attorney." *Dowdell*, 698 F.2d at 1191.

The basis for and reasonableness of the expenses incurred by the lawyers and law firms is set forth in the attached declarations.

Finally, the Coalition Plaintiffs are claiming as additional expenses the time that was necessarily and reasonably spent by Marilyn Marks, Executive Director of Coalition for Good Governance, and her staff of paid interns. Each of these individuals performed work, in the nature of paralegal or law clerk tasks. They did so at the direction and under the supervision of counsel. The work they performed would have needed to be done by attorneys of record, had these individuals not

54

been utilized.  By leveraging these non-lawyer indiviudals in this manner, the

Coalition Plaintiffs' counsel were able to significantly reduce the amount of

attorney time that had to be spent on fact-gathering, investigation, discovery

review, exhibit preparation, and case logistics.  Counsel's utilization of these non-

lawyer individuals  to assist in this case permits the Coalition Plaintiffs now to

request reimbursement at substantially lower hourly rates than would be required

had attorneys done this work instead.   (Ex. G, Marks Decl., *passim*).

The Eleventh Circuit agrees that such economizing through the use of non-

lawyers is appropriately compensable:

> "[P]aralegal time is recoverable as 'part of a prevailing party's award
> for attorney's fees and expenses, [but] *only to the extent that the
> paralegal performs work traditionally done by an attorney*." … The
> same analysis applies here. To hold otherwise would be
> counterproductive because excluding reimbursement for such work
> might encourage attorneys to handle entire cases themselves, thereby
> achieving the same results at a higher overall cost."

*Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis in original); *see also*

*Webster Greenthumb,* 112 Supp. 2d at 1366–67 ("While it is true that time for

secretaries, office managers, and other administrative personnel is deemed to be

subsumed into an attorney's market rate, the same is not true for paralegals, law

clerks, and other legal assistants to the extent they perform work traditionally

performed by an attorney.")

Other expenses incurred by the Coalition, and each of the lawyers and law firms, is set out in the attached declarations and summarized below.

## VIII.  SUMMARY

For the foregoing reasons, the Coalition Plaintiffs are entitled to an award of $1,406,393 in fees and $340,965 in expenses, as shown by the following Table II:

**Table II: Summary of Fees and Expenses[12]**

|  | Hours | | Top Lawyer Rate | | Total Fees | | Expenses[13] | | Total |
|---|---|---|---|---|---|---|---|---|---|
| McGuire | 554.21 | $ | 615.00 | $ | 340,839 | $ | 4,808 | $ | 345,647 |
| Brown | 954.5 | $ | 625.00 | $ | 596,563 | $ | 469 | $ | 597,032 |
| Ichter | 294 | $ | 625.00 | $ | 155,912 | $ | 1,772 | $ | 157,684 |
| LC | 760.5 | $ | 650.00 | $ | 266,730 | $ | 13,155 | $ | 279,885 |
| Ney | 129 | $ | 450.00 | $ | 46,349 | $ | - | $ | 48,514 |
| CGG | | $ | - | $ | - | $ | 320,761 | $ | 320,761 |
| Totals | 2535.21 | | | $ | 1,406,393 | $ | 340,965 | $ | 1,747,358 |

---

[12] Mr. McGuire and Mr. Brown have solo practices and their total fees are the product of their hours times their rate.  The other organizations have more than one timekeeper, so the total fees sought will be less than the product of the top hourly rate times the number of hours.  Details of these figures may be found in the declarations for each lawyer or law firm.

[13] Included in the category of CGG expenses is amounts sought for Ms. Mark's time.

Respectfully submitted this 15th day of October, 2019.

*/s/ Bruce P. Brown*                    */s/ Robert A. McGuire, III*

Bruce P. Brown                          Robert A. McGuire, III
Georgia Bar No. 064460                  Admitted Pro Hac Vice
BRUCE P. BROWN LAW LLC                    (ECF No. 125)
1123 Zonolite Rd. NE                    ROBERT MCGUIRE LAW FIRM
Suite 6                                 113 Cherry St. #86685
Atlanta, Georgia 30306                  Seattle, Washington 98104-2205
(404) 881-0700                          (253) 267-8530

*Counsel for Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

*/s/ Ezra D. Rosenberg*
Ezra D. Rosenberg
John Powers
David Brody
Lawyers' Committee for Civil Rights
Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8300

*Counsel for Coalition Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**                                                    **Civil Action No. 1:17-CV-2989-AT**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of LR 5.1,

using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER , ET AL.,**
**Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Bruce P. Brown*
Bruce P. Brown

59

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,** | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 1:17-CV-2989-AT** |
| **BRAD RAFFENSPERGER, ET AL.,** | |
| **Defendants.** | |

## COALITION PLAINTIFFS' DETAILED
## SPECIFICATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

### INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Declaration of Robert B. Remar |
| Exhibit B | Declaration of Robert A. McGuire |
| Exhibit C | Declaration of Bruce P. Brown |
| Exhibit D | Declaration of Cary Ichter |
| Exhibit E | Declaration of Ezra D. Rosenberg |
| Exhibit F | Declaration of William B. Ney |
| Exhibit G | Declaration of Marilyn Marks |

E

X

H

I

B

I

T


A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, ET AL.,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,

    Defendants.

Civil Action File No.
1:17-CV-2989-AT

---

## <u>DECLARATION OF ROBERT B. REMAR</u>

1.    My name is Robert B. Remar.  I make this declaration pursuant to 28 U.S.C. § 1746 in support of the hourly rates requested by the Coalition Plaintiffs' counsel in Coalition Plaintiffs' Motion For An Award Of Attorney's Fees And Costs in the above-captioned matter.

2.    I am a 1974 graduate of Boston College Law School and a member in good standing of the State Bar of Georgia since 1974.  I am admitted to practice in the Supreme Court of the United States, the United States Courts of Appeals for the Eleventh and Fifth Circuits, and the United States District Courts for the

Northern, Middle and Southern District of Georgia and the Northern District of New York.  I am also an inactive member of the Bar of the Commonwealth of Massachusetts.

3.    I began my law practice in 1974 with the Georgia Legal Services Program.  In 1983 I left Georgia Legal Services Program and practiced in a number of small firms doing a substantial amount of civil rights, constitutional law and plaintiff's employment litigation.  In 1996 I joined the law firm of Rogers & Hardin LLP.  I am currently a partner at Rogers & Hardin representing both plaintiffs and defendants in complex commercial litigation matters.  I also handle pro bono civil rights cases from time to time.  A complete copy of my biography as found on the Rogers & Hardin website is attached hereto as Exhibit "A".

4.    I have been asked by Coalition Plaintiffs' counsel to review the reasonableness of the  hourly rates they are seeking in Plaintiffs' motion for attorneys' fees and expenses and to offer an opinion as to the reasonableness of those hourly rates.  The lawyers, their year of law school graduation and their requested rates are as follows:

    a.  Bruce Brown, 1984:  $625.00

    b.  Gary Ichter, 1984: $625.00

    c.  Robert McGuire, 1999:  $615.00

2

    d.  William Ney, 1999: $450.00

    e.  Ezra Rosenberg of the Lawyer's Committee for Civil Rights Under Law, 1974: $650.00

    f.  John Powers of the Lawyer's Committee for Civil Rights Under Law, 2013: $400.00

5.    Based upon my experience and my knowledge of the billing rates of my firm and other law firms, I am personally familiar with hourly billing rates of lawyers who practice in the metropolitan Atlanta area, including in the United States District Court for the Northern District of Georgia.

6.    In connection with my review of the hourly rates sought by Plaintiffs' counsel in this matter I reviewed the biographies/curriculum vitae of Messrs. Brown, Ichter, McGuire, Ney, Rosenberg and Powers.  I also reviewed Coalition Plaintiffs' Special Motion For Award Of Attorneys' Fees And Expenses (ECF 595) and the Court's August 15, 2019 Order in *Curling v. Raffensberger* (ECF 579).

7.    In addition to my general familiarity with billing rates for lawyers who practice in the Northern District of Georgia, I reviewed declarations and motions for attorney's fees in two recent class actions filed in the Northern District of Georgia where I represented the Defendants.  In *Arby's Restaurant Group, Inc. Data Security Litigation Consolidated Consumer Case*, Case No. 1:17-CV-1035-

3

WMR, Plaintiffs' counsel sought to recover fees based upon a percentage of the common fund. In support of their fees motion Plaintiffs' counsel submitted declarations setting forth their standard hourly rates. The Barnes Law Group hourly rates for partners were from $550.00 to $750.00 per hour and $350.00 per hour for an associate. The hourly rate for the partners at Morgan & Morgan were $864.00 to $950.00, and for Evangelista Worley, $775.00 per hour for partner time. In *T. S. Kao, Inc. d/b/a Lucky Seven v. North American Bancard, LLC, et al.*, Civil Action No. 1:16-CV-04219-SCJ, Plaintiffs' counsel also sought a percentage of the common fund for their fee award. In support of that fee request Kenneth Canfield of Doffermyre, Shields, Canfield & Knowles, LLC stated that his hourly rate was $1,000.00. The Chicago firm of Dicello, Levitt and Gutzler reported hourly rates for partners from $750.00 to $985.00 with associate and senior counsel rates from $500.00 to $680.00 per hour. While the *Arby's* and *T.S. Kao* cases were consumer/merchant class actions, the *Curling v. Raffensberger* case was certainly of equal complexity and importance. This is in contrast to the Court's Order in *Georgia State Conference of the NAACP, et al. v. Kemp, et al.*; Civil Action No. 1:78-CV-1397-TCB (ECF 52) where the Court accepted the requested hourly rates but adjusted the loadstar because the National Voter Registration Act claims were not particularly complex.

4

8.    In connection with my review of the reasonableness of Plaintiffs' counsels' hourly rates I also reviewed hourly rate information from the online billing rate database of the *Fulton County Daily Report*. That data shows hourly billing rates from 2006 through 2014. I also reviewed the February 24, 2014 edition of *The Fulton County Daily Report* that listed 2013 hourly rates for Atlanta lawyers. That list was compiled from cases filed in the Bankruptcy Court for the Northern District of Georgia and other federal courts. I am familiar with a number of the lawyers listed whose practice area includes complex litigation. That data confirms that the rates sought by Plaintiffs' counsel here are within the range of rates charged for comparable work in the Atlanta metropolitan area.

9.    Based upon my experience and my review of the above-referenced sources it is my professional opinion that the hourly rates sought by Plaintiffs' counsel in this litigation are well within the reasonable range of rates charged by attorneys of comparable skills and experiences practicing in the Atlanta metropolitan area, including in the United States District Court for the Northern District of Georgia.

10.    My opinion is further supported by my personal knowledge of Mr. Brown and his legal skills. In particular, Mr. Brown and I worked together in defending a challenge to the award of the Georgia statewide health benefit plan,

5

litigation that involved tens of millions of dollars. I also know Mr. Ichter by reputation as a highly skilled litigator. My firm has also litigated against Mr. Ichter. As the Vice President and Treasurer of the American Civil Liberties Union I am familiar with the work of the Lawyer's Committee for Civil Rights Under Law, particularly its voting rights work.

11.     Pursuant to 28 U.S.C. § 1746 I declare under the pains and penalties of perjury that the foregoing is true and correct.

This  4th  day of October, 2019.

Robert B. Remar

6

E

X

H

I

B

I

T


A



# ROGERS & HARDIN

Keyword

Advanced Search

| ATTORNEYS | PRACTICES | NEWS AND INSIGHTS | ABOUT US | CAREERS |

## Robert B. Remar
**Partner**
T: 404.420.4631
F: 404.230.0966

rremar@rh-law.com
v-Card







## OVERVIEW

Robert B. Remar is a partner with Rogers & Hardin LLP. In his more than 44 years of practice he has handled numerous complex, high profile litigation matters. He has tried scores of cases to juries in both state and federal courts. His practice focuses on complex commercial and business disputes, employment, administrative law, health care, class actions and civil rights/constitutional law.  He also acts as an arbitrator and mediator. He is a Fellow of the American College of Trial Lawyers.

Mr. Remar is selected by *Best Lawyers in America* as the 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory law.  He was also selected as the 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory law and, in 2014, as Atlanta "Lawyer of the Year" in First Amendment law.

For 12 years Mr. Remar was an Adjunct Professor teaching litigation at Georgia State University College of Law and for 13 years his practice included serving as the Hearing Officer for the Georgia Public Service Commission. He has been on the National Board of Directors of the American Civil Liberties Union for 31 years and currently serves as Vice-President, Treasurer, and Secretary.

## REPRESENTATIVE EXPERIENCE

– Mr. Remar and a team of Rogers & Hardin attorneys represent SouthStar Energy Services, Georgia's largest natural gas marketer with operations in ten states, in all aspects of its business, including litigation, contract and regulatory matters

– Part of the Rogers & Hardin team defending nationwide class actions involving credit card processing fees.

– Has represented one of the country's largest insurers in numerous complex matters, including commercial disputes and coverage issues

– Part of the Rogers & Hardin defense team that represented one of the country's largest manufacturers of building products in product liability claims. Won motions to dismiss state-wide class actions in Florida and North Carolina.

– Lead a Rogers & Hardin team in filing amicus briefs in the Supreme Court and the Eleventh Circuit in the Georgia-Florida "water wars" cases.

– Co-counsel in the defense of financial institutions and consumer consolidated class actions involving a card payment data breach

– Successfully represented the majority owners in a three week trial regarding ownership of the Atlanta Hawks, Atlanta Thrashers and the rights to the Philips Arena

– Defended a former director in a multi-party Delaware Chancery Court derivative action seeking over $120 million for alleged breach of fiduciary duty

– Represents health care professionals in licensing board complaints

– Defended county and county officials in highly contentious and publicized federal court jury trials involving civil rights and employment claims

– Successfully defended a county Board of Elections in a challenge to the election of the County Commission Chair and successfully defended another county Board of Elections in the District Court and Court of Appeals in a redistricting challenge

– Along with a team of Rogers & Hardin attorneys successfully represented then Georgia Attorney General Thurbert Baker in a suit brought by the Governor seeking to compel the Attorney General to dismiss an appeal pending in the United States Supreme Court

– Successfully represented in-town Atlanta neighborhoods in the contentious Presidential Parkway litigation

– Co-counsel in the successful defense of "yield spread premium" class actions against Bank of America and Chase Manhattan Mortgage Corporation

– Co-lead counsel to the plaintiff class in the ground-breaking "prime rate" case *Kleiner v. First National Bank of Atlanta*

– Represented the plaintiff class in a four-week §1983 "anti-slapp" jury trial, one of the first in the country to be tried

## Practices

Class Actions

Complex Business Litigation
   Contract Disputes
   Business Torts and RICO

Civil Rights and Constitutional Law

Energy Law

Insurance-Related Litigation

Restrictive Covenants, Trade Secrets and Proprietary Information

Intellectual Property
   Protection of Trade Secrets and Proprietary Information

Professional Liability and Disciplinary Proceedings
   Legal Malpractice Defense
   Mental Health Professionals

Administrative Law

Health Care Litigation

Appellate

Employment Law
   Employment Discrimination Litigation

## Assistant

Susan Mathis
Direct   404.954.7526
smathis@rh-law.com

## Education

J.D., Boston College, 1974

B.A., University of Massachusetts, 1970

## Bar Admissions

Georgia, 1974

Massachusetts, 1975, Inactive

United States Supreme Court, 1981

United States Court of Appeals for the Fifth Circuit, 1978

United States Court of Appeals for the Eleventh Circuit, 1981

United States Court of Appeals for the Second Circuit, 1995

United States District Court Northern District of Georgia, 1979

- Represented a nationwide class of women and children recipients of federal supplemental food benefits and three members of Congress challenging the Reagan administration's "impoundment" of federal funds. The D.C. District Court issued an injunction directing release of the funds
- Represented the plaintiff class in a constitutional challenge to Georgia's civil commitment procedures for persons found not guilty by reason of insanity
- Represented the plaintiff class in a constitutional challenge to the fee system for the compensation of small claims court judges

United States District Court Middle District of Georgia, 1982

United States District Court Southern District of Georgia, 1974

United States District Court Northern District of New York, 1992

## PROFESSIONAL & COMMUNITY ACTIVITIES

- Fellow, American College of Trial Lawyers
- Member, Atlanta International Arbitration Society
- Hearing Officer (Administrative Law Judge), Georgia Public Service Commission 1984-1997
- Adjunct Professor (Litigation), Georgia State University College of Law 1984-1996
- Member, Bar Council, U.S. District Court, Northern District of Georgia 1996-1999
- Board of Directors, Federal Defender Program, U.S. District Court, Northern District of Georgia 2002-2007 (Chair 2006-2007)
- Special Assistant Attorney General, State of Georgia 1987-1997, 2003-2005
- Vice-President, Treasurer, and Secretary, National Board of Directors, American Civil Liberties Union (Board Member since 1986)
- President, American Civil Liberties Union of Georgia 1985-1987
- Board of Experts (in civil rights), *Lawyers Weekly*, Lawyers Weekly Publications (Boston, Mass.) 1985-1993
- Board of Directors (Former Chair), Georgia Appellate Practice and Educational Resource Center, Inc. 1987-
- President, Georgia Consumer Center, Inc. 1988-1991
- Board of Directors and President, Georgia Center For Law In The Public Interest 1992-1995 (now Greenlaw)
- Georgia Consumer Advisory Board (By Appointment of the Governor) 1982-1983
- Georgia Energy Regulatory Reform Commission (By Appointment of the Governor) 1980-1982
- Chair, Access to Civil Justice Committee, American Bar Association Individual Rights and Responsibilities Section 1983-1997
- State Bar of Georgia Special Committee on Post-Conviction Proceedings 1985- 2014 (Chair 1991- 2014)
- State Bar of Georgia Indigent Defense Committee 1999-
- Chair, Individual Rights Section, State Bar of Georgia 1981-1983
- Co-Chair, Consumer Rights and Remedies Committee, State Bar of Georgia 1979-1983
- State Bar of Georgia Special State Tort Claims Act Committee 1991-1992
- Board of Trustees, The Institute of Continuing Legal Education in Georgia 1981-1982
- Member, State Bar of Georgia Advisory Committee On Legislation 1995-1996
- Member, City of Atlanta Board of Ethics 2002-2005
- Board of Advisors, American Constitution Society, Atlanta Chapter
- Master of the Bench, Lamar Inn of Court, American Inns of Court
- American Bar Association
- Atlanta Bar Association
- Federal Bar Association
- Lawyers Club of Atlanta

## SPEECHES & PRESENTATIONS

- Chair and Presenter, "Ethics For In-House Counsel," Georgia Chapter, Association of Corporate Counsel (2014)
- Panelist, "Practicing Psychiatry: A Moral Adventure," Georgia Psychiatric Physicians Association 2014 Winter Meeting
- "Pretrial and Trial Conduct Dilemmas", Lamar Inn of Court (2014)
- Issues of Special Importance To Mental Health Professionals, Fundamentals of Health Care Law, Institute of Continuing Legal Education In Georgia (2008- 2018)
- "Courts and Secrecy", Lamar Inn of Court (2011)
- Issues of Legal Privilege And Psychologist Ethics, DeKalb Bar Association Family Law Section (2017)
- Panelist, Genesis and Persistence in Advocacy for Peace, Muted Voices Symposium, National World War I Museum and Memorial (2017).
- Co-Author, Law and Mental Health Professionals: Georgia (APA Press 1996)

## PROFESSIONAL RECOGNITION

- Recipient of ACLU of Georgia 2018 Lifetime Achievement Award
- Recipient of Justice Robert Benham Award For Community Service presented by the State Bar of Georgia, 2018
- Fellow, American College of Trial Lawyers
- Vice-President, Treasurer, and Secretary, American Civil Liberties Union

– *The Best Lawyers In America®:* 2018 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2015 Atlanta "Lawyer of the Year" in Administrative/Regulatory Law, 2014 Atlanta "Lawyer of the Year" in First Amendment Law.  Also recognized in Bet-the-Company Litigation, Commercial Litigation, Litigation - Labor & Employment, Litigation - Regulatory Enforcement (SEC, Telecom, Energy)

– Legal Leader *Chambers USA*: General Commercial Litigation

– *Georgia Super Lawyers 2017:* General Litigation, Business Litigation, and Administrative Law

– *Benchmark Litigation*: Listed as Local Litigation Star in Georgia

– *Who's Who In America*

– *Who's Who In American Law*

– *Georgia Best Lawyers 2016:* Administrative/Regulatory Law, Bet-the-Company Litigation, First Amendment Law, Labor and Employment

## RECOGNITIONS                                    View All

August 2019
The Best Lawyers in America® Recognizes 14 Rogers & Hardin Attorneys

April 2019
Rogers & Hardin Recognized in 2019 Chambers USA Guide

February 2019
12 Rogers & Hardin Partners Recognized by Super Lawyers in 2019

November 2018
U.S. News - Best Lawyers® "Best Law Firms" Recognizes Rogers & Hardin

October 2018
Rogers & Hardin Receives 2019 Benchmark Litigation Highly Recommended Ranking

Copyright 2019 Rogers & Hardin LLP. All Rights Reserved.
Home    Attorneys    Practices    News and Insights    About Us    Careers          Search    Contact Us    Site Map    Disclaimer    Privacy Policy    Remote Access
2700 International Tower  229 Peachtree Street NE  Atlanta, GA 30303  T: 404.522.4700

POWERED BY CONTENT PILOT.

Case 1:17-cv-02989-AT   Document 695   Filed 10/16/19   Page 22 of 42

E

X

H

I

B

I

T

B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

### DECLARATION OF ROBERT A. MCGUIRE, III

1.      My name is Robert A. McGuire, III.  I am over the age of 21 and competent to testify.  I have personal knowledge of the facts stated in this Declaration, which I offer in support of the Coalition Plaintiffs' Special Motion for Award of Attorneys' Fees and Costs (Doc. 595).  If called as a witness,  I would testify under oath to these facts.

2.      On January 9, 2018, I entered my appearance *pro hac vice* in this case on behalf of the Coalition for Good Governance ("Coalition"). (Doc. 129.)  Since my appearance, I have at different times served variously as lead counsel and as co-lead counsel for Coalition.

3.      The portion of the Coalition Plaintiffs' request for an award that is attributable to my work is **$345,647.17**.  This amount consists of (1) $340,839.15 for attorney fees, which I have calculated by the lodestar method on the basis of

554.21 hours of attorney work performed at a market rate of $615.00 per hour; and (2) $4,808.02 in out-of-pocket litigation-related expenses that I advanced on behalf of Coalition.

4.      This Declaration attests to facts that support the reasonableness of using $615 per hour as a market rate to value my professional time, the reasonableness and necessity of my spending at least 554.21 hours on the work I have performed in this litigation, and the reasonableness and necessity of the $4,808.02 of litigation expenses I have incurred on behalf of the Coalition.

### EDUCATION AND PROFESSIONAL BACKGROUND

5.      In June 1999, I received my J.D. from Yale Law School, where I served as an Editor and a Senior Editor of the Yale Law Journal.

6.      I received my Bachelor of Arts with honors from Princeton University, where I majored in the Woodrow Wilson School of Public & International Affairs and minored with distinction in Russian Studies.

7.      I am a member of the bars of the States of New York, Colorado, and Washington.

8.      I am presently sole shareholder of the Robert McGuire Law Firm, through which I have practiced law for more than ten years.  Before forming my

own litigation firm in mid-2009, I was a U.S. Senior Associate in the London office of Allen & Overy LLP—one of the largest law firms in the world.

*Non-Practice Experience*

9. Between college and law school, I worked as a Business Analyst with McKinsey & Company, Inc., in Atlanta, Georgia. Following law school, I served as a law clerk to the Honorable James B. Loken on the United States Court of Appeals for the Eighth Circuit.

10. Since law school, I have worked for periods in non-legal capacities as (1) founder and executive of a seed-stage legal-services Internet startup company; (2) Senior Policy Advisor covering a portfolio of issues in the Governor of Colorado's Office of Policy & Initiatives; and (3) campaign manager and in other senior campaign roles with several gubernatorial, state senate, and statewide initiative campaigns in the State of Colorado.

11. I have engaged in teaching, speaking, and publishing activities including as (1) an adjunct professor of election law courses at the University of Denver's Sturm College of Law; (2) co-author of a major article published in the Duke Law Journal;[1] (3) speaker on legal topics at the Institute for Law and

---

[1] See Ian Ayres & Robert McGuire, *Using the False Claims Act to Remedy Tax-Expenditure Fraud*, 66 DUKE L.J. 535 (2016).

Economic Policy's 22nd Annual Symposium on Vindicating Virtuous Claims and most recently at Def Con 27's Voting Machine Hacking Village.

*Legal Practice Experience*

12.     Since my graduation from law school in 1999, I have practiced law both with the U.S. Law Group of London-based global law firm Allen & Overy LLP, and with my own firm.

13.     At Allen & Overy, I served as both an associate (during 2001–03) and a senior associate (during 2007–09) in the Derivatives and Structured Finance section of the firm's International Capital Markets Group.  By the conclusion of my tenure with A&O, my hourly billable rates as a U.S. Senior Associate ranged from $725 per hour to more than $1000 per hour, depending upon the exchange rate between the U.S. Dollar and the British Pound. These hourly rates were routinely charged for my time and paid by Allen & Overy's clients, which included some of the largest businesses and financial institutions in the world, all of whom were sophisticated and prolific consumers of legal services.

14.     In 2009, I left A&O to return to the United States to start my own practice, which I now conduct through the Robert McGuire Law Firm.  Since starting my own firm, my practice has focused on federal and state election laws and regulations (particularly relating to certified voting systems and voting system

security), related open records and open meetings actions, and related constitutional claims. My practice in these areas has allowed me to appear before federal, state, and administrative law courts as lead counsel on behalf of clients in numerous appellate and original matters.

15.    In addition to formal appearances, I have also advised clients outside the courtroom on election law and voting system matters in a number of jurisdictions, including North Carolina, South Carolina, Georgia, Colorado, and Washington State.

16.    In addition to being admitted to practice before the state courts of New York, Colorado, and Washington, I am currently admitted to the bars of the Supreme Court of the United States; the U.S. Court of Appeals for the Tenth Circuit; the U.S. Court of Appeals for the Ninth Circuit; the U.S. District Court for the District of Colorado; and the U.S. District Court for the Western District of Washington.  I have been admitted *pro hac vice* in actions in Maryland, California, Florida, and Georgia state courts.

17.    In my practice with my own law firm since 2009, I have represented, among others, (1) The President-elect of the United States, his campaign committee, and the Chairman of the Republican National Committee in litigation involving the Electoral College in the State of Washington; (2) a coalition of public

bodies and office holders challenging the proposed decennial reapportionment of Colorado's General Assembly; (3) a West African energy company engaged in fraud litigation against a Wall Street bank; (4) various candidates, office holders, and voters in a variety of election contest actions in Colorado and elsewhere; and (5) multiple private *qui tam* relators in cases brought to remedy fraud against the government under the federal False Claims Act.

## MY ENGAGEMENT IN THIS MATTER

18.    I have a long-standing professional relationship under which I have represented the Coalition for Good Governance (including its predecessor The Rocky Mountain Foundation) and its Executive Director, Marilyn Marks, in her personal capacity, in multiple voting and election-law matters, in both federal and state courts, in different jurisdictions.

19.    In May–June 2017, I served as lead counsel in the state court case *Curling v. Kemp*, No. 2017CV290630 (Fulton Cnty. Sup. Ct. filed May 25, 2017), where I represented The Rocky Mountain Foundation and its co-plaintiffs in that action (Donna Curling and Donna Price, who are now part of the Curling Plaintiffs group in this case).

20.    Because of my history with the state court case, my practice focus, and my past work done on various litigation matters for Coalition's Executive

Director, Coalition initially sought to engage me to litigate this matter.  Due to an

impending trial that I had scheduled in another matter for late 2017, I was unable

to commit to bringing this case as lead counsel.  The Plaintiffs in this matter thus

initially moved forward with Steptoe & Johnson and Holcomb & Ward.

21.     When conflicts of interest began to appear among the plaintiffs after

this case was initiated, Coalition engaged me to provide independent advice

relating to the ongoing litigation of the case.

22.     Between July 10 and November 14, 2017, I spent at least **23.7 hours**

providing advice to Coalition on case strategy, assisting with evidentiary

preservation matters, independently evaluating defense arguments for dismissal,

and reviewing the drafting of amended claims in what would become the Second

Amended Complaint.

23.     In early November 2017, Steptoe & Johnson concluded that it was too

conflicted to continue representing Coalition and the other plaintiffs and apparently

chose among the plaintiffs by seeking permission to withdraw from representing

Coalition.  (Doc. 104.)

24.     At this point, facing the loss of representation and unable to proceed

without counsel, Coalition urgently renewed its request for me to step into this case

as its lead counsel.  I agreed to do so and promptly applied for *pro hac vice*

admission on December 12, 2017.  I thereafter formally appeared on January 9, 2018 (Doc. 129).

25.    In conjunction with my agreement to serve as lead counsel, I requested, and Coalition agreed, to expand the legal team to include experienced Georgia counsel who were willing and able to share the workload as necessary and eventually operate as co-lead counsel on satisfactory payment terms, including on a contingent-fee basis.

26.    This attorney-client agreement to litigate this case on a team basis was necessary because the magnitude of the case, my firm's limited size and resources, and my distance from the court all combined to ensure both that (1) my firm would not be able to afford to litigate this case on a fully contingent basis; and (2) Coalition would not be able to afford to engage my firm on a fully paid basis.

27.    The foregoing division of workload was initially implemented by the engagement of my firm in December 2017, sponsored by Coalition's then local counsel, William Ney.  William and I were joined by Bruce Brown and Cary Ichter, who appeared in March 2017.  More recently, in 2019, lawyers from the Lawyers Committee for Civil Rights Under Law have also appeared to assist.

28.    This team-oriented approach, which has permitted sharing of and transitions in the lead counsel role over time, has required me and others to spend

significant time on communications and strategy, as well as on conferrals both with the team and with Coalition's Executive Director. This team approach has proven to be a very effective arrangement, and I credit it for making possible Coalition's unbroken string of successes in defeating motions to dismiss, winning an interlocutory appeal, and now obtaining a preliminary injunction against DREs.

## MY WORK IN THIS CASE

29.      My role in this case, through the 2019 injunction order, has involved the following major categories of work:

(1) providing independent advice prior to my formal appearance;

(2) setting Coalition's independent litigation strategy at the outset of 2018 and then drafting and defending the Coalition's Third Amended Complaint accordingly;

(3) co-preparing and litigating the 2018 injunction motion, which caused this Court to find the Coalition Plaintiffs had a likelihood of success on the merits and which established a substantial portion of the evidentiary record that underlay the 2019 injunction order;

(4) successfully opposing the State Defendants' interlocutory appeal of jurisdiction and standing on behalf of the Coalition Plaintiffs;

(5) providing ongoing strategic and discovery planning;

(6) assisting in work done to amend and enforce the 2019 injunction order;

(7) assisting to prepare the Coalition Plaintiffs' present fee application;

(8) preparing a supplemental complaint addressing ballot marking devices and accompanying motion for leave to file; and

(9) contributing to provide all other necessary litigation work on projects that do not warrant being listed in a separately broken out category.

30.    In this fee application, I am claiming for all of my time spent in the foregoing categories, *excluding* (1) my time spent on the interlocutory appeal, since only the Court of Appeals may make awards for appellate attorney fees;[2] (2) my time spent on Coalition's supplemental complaint against BMDs, since the BMDs only became part of this case after the injunction against DREs was granted; and (3) my hours of recorded time that I have determined to exclude from Coalition's fee claim in the exercise of my "billing judgment."

---

[2] Note that two time entries (2.69 hours total on January 8–9, 2019) are included for time spent in mediation conducted while this case was before the Eleventh Circuit. Settlement discussions are not forum-dependent and thus time spent on mediation during the interlocutory appeal is properly awardable by this Court.

**IDENTIFICATION OF MY TIME SPENT**

31.     In my timekeeping records for this case, I have recorded a grand total

of **602.11 hours** for all of non-appellate and non-BMD work.

32.     As a routine practice, I record all my time in timekeeping software as

I spend it on client work.  This means that I create my time records in real time as

work is done, continually, throughout the day, every day with only rare exceptions.

**EXERCISE OF BILLING JUDGMENT**

33.     In preparing this declaration, I reviewed all of my recorded non-

appellate and non-BMD time entries to determine how much of this 602.11 hours

should properly be claimed in Coalition's present fee petition.

34.     Out of my total 602.11 non-appellate and non-BMD hours recorded, I

exercised "billing judgment" to exclude from Coalition's claim a total of

**47.9 hours** (or **8.0%** of my total non-appellate and non-BMD time).  The excluded

time breaks down as follows:

- 18.29 hours (3.0% of my total non-appellate and non-BMD time)

    spent on travel from Seattle to Atlanta for two hearings.  This amounts

    to cutting my total recorded travel time by half.  Although travel of

    out-of-town attorneys is fully compensable under Section 1988 in the

    Eleventh Circuit, clients frequently seek discounts for travel time, so I

preemptively reduced the hours of travel included in this claim by half to ensure that the claim better corresponds to what a client would typically pay.

- 21.75 hours (3.6% of my total non-appellate and non-BMD time) spent on tasks that either appeared unnecessarily redundant or that could not be substantiated by my contemporaneous time records without necessarily revealing privileged or work product matters.

- 7.86 hours (1.3% of my total non-appellate and non-BMD time) spent on tasks performed at the client's behest but that do not directly advance a litigation goal. Examples of such time include responding to reporters, reviewing client press releases, being interviewed for an HBO documentary, and the like.

## REASONABLENESS OF REMAINING TIME CLAIMED

35. After exercising my billing judgment to exclude 47.9 hours of my recorded time from Coalition's claim, the remaining amount of non-appellate and non-BMD time that I am claiming for totals **554.21 hours**.

36. Attached as **Exhibit A** is a report showing 418 time entries describing in dates and detail of the work that I performed during the claimed 554.21 hours.

The entries shown on Exhibit A are true and correct copies of the information recorded in my timekeeping software.[3]

37.     When the 554.21 hours are broken out into the date periods discussed in the Coalition Plaintiffs' supplemental memorandum filed herewith, the hours fall into the time periods as shown in the following table:

| Phase | Dates | Major Activities in the Phase | McGuire Hours | Pct. Time |
|---|---|---|---|---|
| Phase I | Through Feb. 28, 2018 | Case Initiation, State Court Complaint; Second Amended Complaint | 152.69 | 27.5% |
| Phase II | Mar. 1, 2018 – June 30, 2018 | Third Amended Complaint; Motions to Dismiss | 147.93 | 26.7% |
| Phase III | July 1 to Sept. 19, 2018 | 2018 Motion for Preliminary Injunction | 185.62 | 33.5% |
| Phase IV | Sept. 20 to Oct. 2, 2018 | Consideration of Motion for Reconsideration and Motion for Additional Injunctive Relief | 10.12 | 1.8% |
| Phase V | Oct. 3, 2018 to Feb. 8, 2019 | Stay, 2018 Election, Appeal | 4.98 | 0.9% |
| Phase VI | Feb. 9 to Aug. 15, 2019 | 2019 Motion for Preliminary Injunction | 8.59 | 1.5% |
| Phase VII | Aug. 16, 2019 to Present | Enforcement and Fee Application (BPB Hours only through August; will update) | 44.28 | 8.0% |
|  |  | **Total:** | **554.21** | **100%** |

---

[3] I modified a small number of these entries to correct spellings and to paraphrase text in a way that will avoid disclosing privileged and work product matters In every case when such modifications are made, I have denoted the modification by using brackets to surround the modified language (i.e., "[" and "]").

38. A different way to break down the 554.21 hours is by category of work, rather than time period. When the 554.21 hours are broken out into the categories of work that I have discussed above in Paragraph 29, the hours fall into the work categories as shown in the following table:

| Category | Work Description | McGuire Hours | Pct. Time |
|---|---|---|---|
| 1 | Providing independent advice prior to my formal appearance | 23.70 | 4.3% |
| 2 | Setting Coalition's independent litigation strategy at the outset of 2018 and then drafting and defending the Coalition's Third Amended Complaint accordingly | 212.33 | 38.3% |
| 3 | Preparing and litigating the 2018 injunction motion | 163.32 | 29.5% |
| 4 | Opposing the State Defendants' interlocutory appeal of jurisdiction and standing | - | -% |
| 5 | Providing ongoing strategic and discovery planning | 59.64 | 10.8% |
| 6 | Obtaining and enforcing the 2019 injunction | 14.10 | 2.5% |
| 7 | Preparing this fee application | 35.09 | 6.3% |
| 8 | Preparing a supplemental complaint addressing ballot marking devices and accompanying motion for leave to file | - | -% |
| 9 | All other necessary litigation work | 46.03 | 8.3% |
| | **Total:** | **554.21** | **100%** |

14

39.     Based on my personal knowledge of the work memorialized in my timekeeping records, and based on my professional experience of litigating voting and election-law matters, the 554.21 hours that are being claimed for my work in this case were all both reasonable and necessarily performed for the successful prosecution of the Coalition Plaintiffs' claims.

## CLAIMED HOURLY RATE

40.     I am claiming an hourly rate of **$615.00 per hour** for my work performed in this case.

41.     Based on my personal knowledge of legal markets and my professional experience of litigating voting and election-law matters, the claimed rate is reasonable for an attorney of my background and experience to charge for litigating this case.

## BILLING PRACTICES

42.     As of 2019, my billable rates vary by client, jurisdiction, and type of fee arrangement.

43.     When a client is able and agrees to pay for my services at my standard billable rate on a monthly basis as and when work is performed, I consider that client's work to be a "low-risk" engagement.  I am able to accept low-risk engagements without including a risk premium in the hourly pricing of my

services.  Clients whose engagements are low-risk typically include large and well-funded organizations with significant and regular cash flows, government bodies with taxing authority, and individuals with personal access to substantial financial resources.

44.     Clients that are less well-funded, such as less well-off individuals, small businesses, and smaller public-interest organizations, are generally unable to pay me at my standard hourly rates for any extended period of engagement. These clients usually request alternative payment arrangements such as contingent-fee, partially-contingent, or a fixed fee-for-service billing arrangements.  Clients seeking these kinds of alternative payment arrangements can usually afford to pay something during the course of litigation, but they do not expect to be able to pay in full for my legal fees until and unless they are able to either (1) recover damages; or (2) obtain statutory fee-shifting.  When I serve clients under such alternative arrangements, I consider their engagements to be "high-risk" because I know from the outset that my services will only be fully paid in the event that the client ultimately prevails.

45.     Because clients in high-risk engagements do not always win, and because receiving a full fee recovery can take years even when clients do win their high-risk engagements (due to the slow pace of litigation), the hourly rates that I

charge to clients with high-risk engagements must necessarily be significantly higher than the rates I charge for comparable work in low-risk engagements. The difference between these rates can be considered a "risk premium."

46.     Without the assurance of being paid a risk premium, I would be unable to serve clients with high-risk engagements. This is true because any time that I commit to spend on high-risk work may never be compensated, yet that commitment to high-risk work is guaranteed to reduce my availability, hour-for-hour, to accept other, low-risk work at my usual rates during the same time period.

47.     If I assume that my clients will prevail only 50% of the time, I would have to charge a risk premium of 100% for fully contingent work in order for my high-risk engagements to be economically equivalent to my low-risk engagements. In the absence of a sufficient risk premium, I simply cannot afford to take on high-risk engagements due to the opportunity cost to my firm that inevitably results from my available time being limited.

48.     For clients with low-risk engagements, my current standard rates for new clients are $495 per hour in the Denver market and $525 in the Seattle market.

49.     In this case, Coalition's fee arrangement with me does not provide for Coalition to make full payment to me for my time at standard rates as work is performed, but rather provides for my firm's full compensation ultimately to be

made by Coalition out of any fee that this Court may award to Coalition for my time. Under these circumstances, a risk premium on top of my standard rates is warranted. Moreover I would not have been able to take this case unless I was able to anticipate that my firm would ultimately be paid at an hourly rate that included an appropriate risk premium. The $615 per hour rate requested here provides an appropriate premium.

50. In my professional estimation, and in view of the prevailing Atlanta legal fee rates discussed by fee expert Rob Remar, a rate of $615 per hour is a reasonable market rate in the Atlanta market for an attorney with my background and experience.

51. The reasonableness of my requested hourly rate is substantiated by the fact that a rate of $615 per hour implies a risk premium of only $120 above my lowest standard rate of $495 per hour. This amounts to a risk premium of less than 25%, which is a very conservative risk premium (and thus likely appears more reasonable from the perspective of the Defendants). A 25% risk premium is especially conservative considering that this case involves uncertain, high-stakes litigation against several well-funded and well-represented defendants in a complex matter without direct precedential authority that addresses the subject matter.

52. Based on all of these considerations, as well as on my personal knowledge of legal markets and my professional experience of litigating voting and election-law matters, the requested rate of $615 per hour is safely below the highest reasonable rate that could properly be awarded for my work under the circumstances of this case.

## EXPENSES

53. The entries shown on **Exhibit B** are true and correct copies of the information recorded in my timekeeping software for the expenses I incurred in this case.

54. Based on my personal knowledge of the expenses shown on Exhibit B, and based on my professional experience of litigating voting and election-law matters as well as other civil cases, the expenses on Exhibit B were all reasonably and necessarily incurred and contributed to Coalition's success in obtaining the 2019 preliminary injunction order.

## CONCLUSION

For my part in producing the successful order granting a preliminary injunction in this case, the Coalition for Good Governance should be awarded a total of **$345,647.17**, calculated as follows:

- First, using the lodestar method, the time I reasonably and necessarily spent (554.21 hours, as shown in Exhibit A), valued at a reasonable hourly rate of $615 per hour, produces a total for attorney fees of $340,839.15.

- Second, the expenses that I reasonably and necessarily incurred on behalf of Coalition, as shown in Exhibit B, total $4,808.02.  The sum of these amounts is $345,647.15.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15th day of October, 2019.

Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

# EXHIBIT A

# Robert McGuire Law Firm - Time Entry

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 1 | 07/10/2017 | Call with MRM to get up to speed on status of contest action and role required. | 0.50 |
| 2 | 07/15/2017 | Review materials provided by MRM and proposed amended complaint. | 2.00 |
| 3 | 07/17/2017 | Call w MRM re contest complaint revisions and structuring. | 1.08 |
| 4 | 07/20/2017 | Review EAC email regarding FBI security document. | 0.10 |
| 5 | 07/23/2017 | Call with MRM regarding evaluation of drafting of amended contest and 1983 complaint by local counsel Ward Holcomb. | 0.28 |
| 6 | 07/24/2017 | Review draft of amended contest and 1983 complaint focusing only on sufficiency of counts. | 3.00 |
| 7 | 07/25/2017 | Review cases and attend call with MRM regarding same and regarding drafting process for amended contest complaint. | 0.50 |
| 8 | 07/26/2017 | Call with MRM regarding case strategy, amendment or dismissal of contest, and next steps. | 0.43 |
| 9 | 07/27/2017 | Calls to MRM regarding case status developments. | 0.41 |
| 10 | 08/09/2017 | Call with MRM regarding removal and strategy for federal court. | 0.66 |
| 11 | 08/13/2017 | Call with MRM regarding strategy for removed federal case, esp. preliminary injunction issues. | 0.61 |
| 12 | 08/19/2017 | Call with MR regarding preliminary injunction strategy and amendment of complaint. | 0.50 |
| 13 | 08/23/2017 | Call with Marilyn regarding role going forward and status update. | 0.41 |
| 14 | 09/05/2017 | Call with MRM regarding equal protection issues and forensic discovery efforts. | 0.75 |
| 15 | 09/15/2017 | Call with MRM regarding Steptoe draft of amended complaint. | 0.58 |
| 16 | 09/17/2017 | Review Steptoe amended complaint. Calls with MRM with comments. | 3.00 |
| 17 | 09/18/2017 | Call with MRM regarding options following CGG withdrawal from Georgia contest claim. | 0.58 |
| 18 | 09/26/2017 | Call with MRM regarding evidentiary preservation issues during transition of counsel. | 0.30 |
| 19 | 09/29/2017 | Call with MRM regarding evidentiary spoliation. | 1.00 |
| 20 | 10/01/2017 | Call with MRM regarding strategy with respect to transition of counsel away from Steptoe. | 1.08 |
| 21 | 10/03/2017 | Review State's motion to dismiss SAC. | 1.75 |
| 22 | 10/03/2017 | Call MRM to discuss strength of State's motion to dismiss SAC. | 1.33 |
| 23 | 10/12/2017 | Review MRM emailed summary of status and draft open records request to Milsteen, per MRM request. | 0.20 |
| 24 | 10/12/2017 | Call with MRM regarding litigation hold issues, counsel substitution. | 1.33 |
| 25 | 10/13/2017 | Call with MRM re draft response to MTDs. | 0.08 |
| 26 | 11/01/2017 | Call with MRM regarding spoliation, third-party preservation letter, and import of Georgia AG's withdrawal as counsel for defendants. | 0.16 |
| 27 | 10/29/2017 | Call from MRM regarding spoliation letter and to receive case update. | 0.33 |
| 28 | 11/14/2017 | Review and comment on CGG draft status report. Call w MRM re same. | 0.75 |
| 29 | 12/09/2017 | Discussion w MRM regarding status, strategy, potential appearance. | 0.58 |
| 30 | 12/12/2017 | Review emails from MRM, William Ney about limited appearance and records preservation. | 0.33 |
| 31 | 12/12/2017 | Call with MRM regarding evidentiary preservation and limited appearance. | 0.71 |
| 32 | 12/12/2017 | Email to Steptoe regarding participation on conferral call about data and equipment transfer. | 0.25 |
| 33 | 12/12/2017 | Call with MRM and email to Highsmith regarding conferral call about KSU equipment and data transfer | 0.33 |
| 34 | 12/12/2017 | Participate in court-mandated conferral call regarding transfer of data and equipment from KSU to Georgia SOS. | 0.41 |
| 35 | 12/12/2017 | Prepare pro hac vice application, email William Ney re same. | 0.50 |
| 36 | 12/12/2017 | Prepare email to Schnell and Highsmith regarding information on transfer. | 0.25 |
| 37 | 12/13/2017 | Call with MRM and revisions to proposed preservation order. Revise proposed order and send to opposing counsel Schnell and Highsmith. | 0.75 |
| 38 | 12/13/2017 | Call with Ney regarding joint report and limited scope appearance. | 0.16 |
| 39 | 12/13/2017 | Drafting joint report regarding preservation order. Call with MRM regarding revisions to same. Circulate to opposing counsel. | 2.25 |
| 40 | 12/14/2017 | Revise joint statement and circulate to opposing counsel, William Ney. | 1.00 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 41 | 12/13/2017 | Call with Marilyn regarding strategy for team litigation of case. | 1.28 |
| 42 | 12/15/2017 | Call with MRM to discuss strategy and team plan. | 0.70 |
| 43 | 12/15/2017 | Second call with MRM to discuss strategy and team plan. | 1.36 |
| 44 | 12/18/2017 | Call with MRM, Candice Hoke re strategy. | 2.00 |
| 45 | 12/18/2017 | Review claims in SAC and proposed TAC, per tables prepared by MRM. | 0.50 |
| 46 | 12/18/2017 | Review Hoke article. | 0.23 |
| 47 | 12/18/2017 | Research, consider, and revise table of new claims for Third Amended Complaint. | 3.38 |
| 48 | 12/19/2017 | Respond to MRM comments on draft table of claims. | 0.25 |
| 49 | 12/19/2017 | Emails w MRM re proposed claims in Third Amended Complaint. | 0.10 |
| 50 | 12/19/2017 | Call with MRM regarding strategy update for co-counsel. | 0.66 |
| 51 | 12/19/2017 | Call with prospective co-counsel, MRM regarding strategy for Third Amended Complaint. | 1.50 |
| 52 | 12/19/2017 | Attention to file; organizing documents received from client in preparation for drafting of third amended complaint. | 1.00 |
| 53 | 12/19/2017 | Review Hoke article. | 1.25 |
| 54 | 12/20/2017 | Review and comment on evidentiary preservation letter for Fulton County. | 0.41 |
| 55 | 12/29/2017 | Call with MRM regarding drafting of third amended complaint. | 0.46 |
| 56 | 12/31/2017 | Review MRM draft of third amended complaint. Begin revisions. | 2.00 |
| 57 | 01/02/2018 | Call with MRM regarding next steps and strategy for moving case forward with narrowed parties and streamlined claims. | 1.91 |
| 58 | 01/02/2018 | Review ex parte docket entry #117 in connection with amendment of complaint. | 0.40 |
| 59 | 01/04/2018 | Review and revise [per comments by MRM] draft of third amended complaint. | 7.75 |
| 60 | 01/05/2018 | Call with MRM regarding court's order. | 0.33 |
| 61 | 01/05/2018 | Drafting Third Amended Complaint. | 5.30 |
| 62 | 01/05/2018 | Review draft entry of appearance and email local counsel William Ney re same. | 0.16 |
| 63 | 01/06/2018 | Drafting third amended complaints and claims. | 10.00 |
| 64 | 01/07/2018 | Email to MRM regarding claims to bring and claims not to bring, and which plaintiffs to include in third amended complaint. | 0.75 |
| 65 | 01/08/2018 | Correspond with MRM and William Ney re service issues and revised scope of Ney appearance. | 0.50 |
| 66 | 01/09/2018 | Speak with Court clerk's office regarding entry of appearance and CM/ECF login. | 0.25 |
| 67 | 01/12/2018 | Called MRM for strategy discussion re Steptoe withdrawal, motion to amend complaint, substance of complaint, plaintiffs, associational standing, Article III injury, background facts of case. | 2.16 |
| 68 | 01/16/2018 | Review plaintiffs' responses to Steptoe WDL motion. Email with co-counsel Ney and call w MRM re same. | 0.33 |
| 69 | 01/16/2018 | Review Totenberg court rules; draft and file required certificate of compliance and letter requesting leave of absence for February, April. | 0.75 |
| 70 | 01/16/2018 | Call with MRM regarding strategy w/r/t Steptoe withdrawal; injury theories; use of UC Irvine clinic; Candice Hoke consulting expert role and associate[d] privilege issues. | 1.58 |
| 71 | 01/16/2018 | Research standing in 11th Circuit | 2.33 |
| 72 | 01/17/2018 | Drafting injury and standing section of Third Amended Complaint. | 5.83 |
| 73 | 01/18/2018 | Drafting and revising Third Amended Complaint allegations re standing, injury, and claims. | 2.60 |
| 74 | 01/18/2018 | Call with MRM regarding order granting Steptoe withdrawal and resulting case timeline. | 0.56 |
| 75 | 01/19/2018 | Review Ney email to MRM re substitution of counsel. | 0.10 |
| 76 | 01/19/2018 | Call with MRM regarding timing of TAC. | 0.33 |
| 77 | 01/22/2018 | Drafting standing allegations and claims. | 9.33 |
| 78 | 01/24/2018 | Drafting third amended complaint. | 7.00 |
| 79 | 01/24/2018 | Call with MRM regarding [claims and relief sought]. | 2.33 |
| 80 | 01/29/2018 | Drafting v3 of Third Amended Complaint. | 4.00 |
| 81 | 01/29/2018 | Call with MRM regarding Open Records Request to Henry County and opposing counsel correspondence re same. | 0.21 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 82 | 01/29/2018 | Review and comment on MRM draft letter to Salter re Henry County open records request. | 0.28 |
| 83 | 01/30/2018 | Review Jaugsetter letter to MRM re Henry County ORA inspection; review and comment on MRM draft response. | 0.08 |
| 84 | 01/30/2018 | Call with MRM to discuss v3 draft of proposed Third Amended Complaint. | 0.50 |
| 85 | 01/31/2018 | Call with MRM re ORA requests and plan for call with UC Irvine Law School Intellectual Property, Arts and Technology Clinic. | 0.33 |
| 86 | 02/02/2018 | Review portion of Kemp interview by Erick Erickson regarding KSU errors. | 0.10 |
| 87 | 02/02/2018 | Review and respond to Cary Ichter email regarding rationale for naming KSU as party. | 0.33 |
| 88 | 02/05/2018 | Revising third amended complaint per MRM comments. | 4.83 |
| 89 | 02/07/2018 | Revisions and drafting to draft Third Amended Complaint. | 5.75 |
| 90 | 02/10/2018 | Finalizing revisions and drafting on circulation draft of third amended complaint. | 4.00 |
| 91 | 02/11/2018 | Finalizing revisions and drafting on circulation draft of third amended complaint. | 2.33 |
| 92 | 02/12/2018 | Finalizing revisions and drafting on circulation draft of third amended complaint. | 6.99 |
| 93 | 02/13/2018 | Call with MRM re TAC draft, plan, timing, and next steps. | 0.23 |
| 94 | 02/14/2018 | Review MRM comments and call with MRM re draft Third Amended Complaint. | 4.00 |
| 95 | 02/17/2018 | Drafting and finalizing circulation v.1 of Third Amended Complaint draft. | 3.83 |
| 96 | 02/19/2018 | Call with MRM to discus final pre-circulation revisions to TAC and how individual plaintiffs should be represented | 1.50 |
| 97 | 02/19/2018 | Review docket to ensure compliance with local rule 3.3. Draft initial Rule 3.3 certificate of compliance. | 0.41 |
| 98 | 02/25/2018 | Attention to filings by pro se plaintiffs. | 0.20 |
| 99 | 02/26/2018 | Call with MRM regarding status. | 1.16 |
| 100 | 02/28/2018 | Call with MRM re Cary, Bruce, and William as local counsel additions to team. | 0.75 |
| 101 | 03/01/2018 | Call with Bruce Brown re draft TAC substance and comments. | 0.70 |
| 102 | 03/06/2018 | Call with MRM, Cary, William re draft third amended complaint and co - counseling possibilities. | 0.75 |
| 103 | 03/16/2018 | Attention to docketing ECF Nos. 145. Correspondence with MRM re call. | 0.10 |
| 104 | 03/20/2018 | Call with MRM regarding strategy for going forward. | 1.00 |
| 105 | 03/23/2018 | Attention to docketed filings. | 0.10 |
| 106 | 03/24/2018 | Consider roles and responsibilities and prepare chart. Email to MRM re same. | 1.25 |
| 107 | 03/27/2018 | Revise doc with attorney roles and responsibilities and email co-counsel Brown, Ichter, Ney plus MRM re allocation of roles and scheduling discussion. | 0.25 |
| 108 | 03/27/2018 | Strategy call with MRM. | 0.58 |
| 109 | 03/27/2018 | Preparatory call with MRM and call with new local counsel for Curling, Price, Schoenberg - Halsey Knapp, Adam Sparks. | 0.63 |
| 110 | 03/27/2018 | Sent email to legal team regarding roles and responsibilities; sent email to Ney regarding him appearing for individual plaintiffs. | 0.25 |
| 111 | 03/29/2018 | Emails w MRM and Ney re representation [arrangements for individual Coalition Plaintiffs]. | 0.20 |
| 112 | 03/30/2018 | Call with co-counsel Ichter, Ney, Brown and MRM re moving forward when case reactivates next week. Debriefing call with MRM. | 1.50 |
| 113 | 03/30/2018 | Call with MRM regarding relief to be included in Third Amended Complaint. | 0.30 |
| 114 | 03/30/2018 | Review Ney draft entry of appearance and related emails w MRM. Email re same. | 0.10 |
| 115 | 03/31/2018 | Revise draft Third Amended Complaint for circulation to client and legal team, per comments from [co-counsel]. | 1.33 |
| 116 | 04/01/2018 | Review and respond to emails between MRM, local counsel re appearances and absences. | 0.25 |
| 117 | 04/01/2018 | Revise draft third amended complaint with new introductory para from MRM, Ichter. | 1.75 |
| 118 | 04/02/2018 | Attention to docketing of ECF Nos. 155, 156, 157. | 0.10 |
| 119 | 04/02/2018 | Review Ichter, MRM revisions to intro paragraphs. | 0.16 |
| 120 | 04/02/2018 | Call w MRM re TAC and required conferrals. | 0.41 |
| 121 | 04/02/2018 | Call w MRM re additional TAC questions and revisions. | 0.25 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 122 | 04/02/2018 | Revise Third amended Complaint draft per comments from Brown and MRM. Call with MRM re same. Prepare and send conferral email to counsel for Price, Curling, Schoenberg. | 3.33 |
| 123 | 04/03/2018 | Call w MRM regarding UC Irvine, conferral w adverse plaintiffs re TAC, conferral with defendants re TAC[.] | 0.50 |
| 124 | 04/03/2018 | Draft and send email to counsel David Cross re conferral w adverse plaintiffs re TAC. | 0.50 |
| 125 | 04/03/2018 | Organize and draft conferral emails to Defendants re leave to file TAC. | 1.95 |
| 126 | 04/03/2018 | Call MRM re conferrals with Defendants re TAC. | 0.61 |
| 127 | 04/03/2018 | Prepare motion for leave to file Third Amended Complaint, proposed order, and finalize TAC for filing. | 2.66 |
| 128 | 04/04/2018 | Review Brown comments on motion for leave and proposed order. Finalize TAC draft per comments from UC Irvine clinic and MRM. | 2.46 |
| 129 | 04/04/2018 | Final review and revisions to proposed TAC. | 0.83 |
| 130 | 04/05/2018 | Draft and circulate request for status conference. | 0.78 |
| 131 | 04/05/2018 | Calls with MRM re strategy to move forward. | 0.20 |
| 132 | 04/05/2018 | Prepare change of address, notice of absence, update service certificates, and revise request for status conference. Confer with MRM and Bruce Brown re same. | 1.58 |
| 133 | 04/06/2018 | Call with MRM re strategy on spoliation preliminary injunction, discovery. | 0.58 |
| 134 | 04/06/2018 | Review Halderman video on hacking DREs. | 0.10 |
| 135 | 04/06/2018 | Review MRM spoliation memo. | 0.75 |
| 136 | 04/09/2018 | Call w MRM, BB, CI re preliminary injunction and expedited discovery; plus need for demand letter; plus conferrals with co-plaintiffs Curling, Schoenberg, Price. Summary email to team with next steps. | 1.41 |
| 137 | 04/09/2018 | Call w opp. counsel for Cobb defendants re third amended complaint and evidentiary preservation. | 0.16 |
| 138 | 04/09/2018 | Review Def Kemp's opposition to motion for leave to amend; review Aguilar case from 5th Cir. | 0.25 |
| 139 | 04/10/2018 | Review and respond to emails with MRM and co-counsel BB and CI. | 0.75 |
| 140 | 04/11/2018 | Review ECF 169, Fulton Defs' response to request for status conference. Email to MRM & team re accuracy of factual assertions. | 0.10 |
| 141 | 04/11/2018 | Review MRM rough outline of expedited discovery needed for preliminary injunction. | 0.33 |
| 142 | 04/12/2018 | Review MRM draft demand letter. | 0.25 |
| 143 | 04/13/2018 | Call with Bruce Brown, MRM re co-plaintiffs' request for extension of time to respond to our motion for leave to amend, issue of severance, requirements for spoliation motion. Email to co-plaintiffs' counsel David Cross to respond to his conferral on MEXT response. | 1.00 |
| 144 | 04/23/2018 | Call with Bruce Brown prior to conferral with Cross. | 0.25 |
| 145 | 04/23/2018 | Conferral call with David Cross, Jane Bentrott, Bruce Brown re third amended complaint. | 0.68 |
| 146 | 04/23/2018 | Call with Bruce to assess conferral. | 0.35 |
| 147 | 04/23/2018 | Call with MRM to discuss conferral call, severance, preservation issues. | 1.13 |
| 148 | 04/23/2018 | Review MRM emails re mandamus counts, draft and send email to David Cross re our position on keeping [those] claims. | 0.75 |
| 149 | 04/24/2018 | Draft response to Curling/Price/Schoenberg counsel re preservation and sampling. | 0.50 |
| 150 | 04/24/2018 | Call with MRM regarding severance, amendment, preservation, status conference on 4/30 and 5/1. Emails with court clerk re scheduling status conference. | 0.91 |
| 151 | 04/25/2018 | Research and respond to Jan Bentrott conferral re stipulation of dismissal. | 0.75 |
| 152 | 04/25/2018 | Call with MRM re scheduling following court setting of status conference for 5/1. | 0.28 |
| 153 | 04/25/2018 | Draft response to Jane Bentrott conferral email regarding [stipulated] dismissal of matters in Second Amended complaint. | 1.00 |
| 154 | 04/25/2018 | Email to MRM re development of discovery plan for team meeting scheduled for 4/30. | 0.75 |
| 155 | 04/26/2018 | Emails with MRM and William Ney about letter to [Fulton] County re evidentiary preservation. | 0.25 |
| 156 | 04/26/2018 | Review and consider Curling plaintiffs' response to motion to amend. | 0.50 |
| 157 | 04/28/2018 | Organize files and documents in preparation for 4/30 planning meeting and 5/1 status conference. | 2.00 |
| 158 | 04/28/2018 | Draft reply supporting motion for leave to file third amended complaint. | 7.50 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 159 | 04/29/2018 | Draft reply supporting motion for leave to file third amended complaint. Revise and circulate per comments. | 4.07 |
| 160 | 04/29/2018 | 9.5 hours of travel time from Gig Harbor, Washington, to hotel in Atlanta, Georgia. [] | 4.75 |
| 161 | 04/30/2018 | Team meeting.  (8:30a E-6:30p) | 10.00 |
| 162 | 04/30/2018 | Correspond with Cross and Grant Schnell re stipulation. | 0.33 |
| 163 | 05/01/2018 | Travel to and attend status conference. | 2.25 |
| 164 | 05/01/2018 | Prepare arguments for status conference. | 2.25 |
| 165 | 05/01/2018 | Meeting with co-counsel Bruce Brown and co-pls' counsel David Cross regarding strategy and next steps following status conference. | 2.25 |
| 166 | 05/01/2018 | Meet with MRM to discuss DRE sampling. | 1.40 |
| 167 | 05/01/2018 | Case strategy planning over lunch with MRM. | 1.08 |
| 168 | 05/02/2018 | 9.5 hours of attorney travel time from hotel in Atlanta, Georgia, to Gig Harbor, Washington. | 4.75 |
| 169 | 05/02/2018 | Call with MRM and Cary Ichter (CI) regarding plan for statistical sampling of DREs. | 0.40 |
| 170 | 05/02/2018 | Call with MRM regarding DRE sampling plan to be conducted by co-plaintiffs and resulting impact on our discovery and case strategy. | 1.00 |
| 171 | 05/03/2018 | Call with MRM and Cary Ichter in advance of conferral with counties and state. | 0.50 |
| 172 | 05/03/2018 | Conferral call with county defendants and state defendants. | 1.13 |
| 173 | 05/03/2018 | Follow-up call with Cary Ichter, MRM after conferral regarding spoliation and/or contempt motion and additional steps to take to preserve.  Subsequent follow-up call with MRM re same. | 0.52 |
| 174 | 05/04/2018 | Call w MRM and Cary Ichter regarding preservation and spoliation issues re Fulton, SOS, and other counties. | 0.83 |
| 175 | 05/06/2018 | Draft notice of material differences in allegations between second and proposed third amended complaints. Revise same per comments from MRM and co-counsel BPB. | 6.83 |
| 176 | 05/08/2018 | Email to team regarding court requirement to propose sampling plan by today. | 0.50 |
| 177 | 05/09/2018 | Correspond via email with opposing counsel in advance of court call. | 1.83 |
| 178 | 05/09/2018 | Call with MRM, CI, BPB regarding Rule 34 observation, DRE preservation, and amendment. | 1.33 |
| 179 | 05/09/2018 | Conference call with Court. | 1.00 |
| 180 | 05/09/2018 | Post-hearing team call. | 0.38 |
| 181 | 05/10/2018 | Team conference call in advance of court-mandated meeting with opposing counsel. | 1.30 |
| 182 | 05/10/2018 | Call with MRM to debrief following 5/10 hearing conducted by Ichter and Brown. | 0.86 |
| 183 | 05/14/2018 | Exchange text messages with MRM and emails with co-counsel BPB regarding next steps. | 0.60 |
| 184 | 05/14/2018 | Revise and send Coalition Plaintiffs' response to defendants' inquiry about preservation of optical scanners. | 1.10 |
| 185 | 05/16/2018 | Correspondence with Salter and all counsel regarding "joint proposed schedule" to be filed 5/17 and re questions about DRE evidence.  Confer with client executive director MRM re same. | 1.00 |
| 186 | 05/17/2018 | Prepare and file Notice of Compliance with Order (Doc 205.) | 0.50 |
| 187 | 05/17/2018 | Revise Curling Plaintiffs' draft of joint proposed schedule; correspond with Catherine Chapple re same; correspondence and call with MRM re same. | 1.75 |
| 188 | 05/21/2018 | Strategy call with MRM, BPB, WN. | 1.66 |
| 189 | 05/21/2018 | Communicate with David Cross about potential way to spur action on MTDs and motion for leave to amend. | 0.90 |
| 190 | 05/23/2018 | Review and respond to emails w team re Rule 27 discovery. | 0.50 |
| 191 | 05/24/2018 | Email to team re trial strategy. | 0.25 |
| 192 | 05/25/2018 | Review order at Doc 215; call with MRM to discuss appropriate strategy. | 0.83 |
| 193 | 05/29/2018 | Review and respond to MRM emails w Cary Ichter and legal team re potential Rule 27 preservation motion. | 0.75 |
| 194 | 05/29/2018 | Draft proposed schedule, circulate in email to team. | 0.75 |
| 195 | 05/29/2018 | Email correspondence with MRM regarding preservation issues, discovery, and trial strategy. | 1.50 |

| Entry | Date | Description | Total Time |
|-------|------|-------------|-----------|
| 196 | 05/31/2018 | Review drafts of stipulation by Curling Pls. Provide footnote to preserve objection. | 0.33 |
| 197 | 05/31/2018 | Review Curling Pls.' proposed joint notice. Email to Curling counsel with feedback. | 0.50 |
| 198 | 06/01/2018 | Prepare for and participate in team call re severance, sovereign immunity, PI hearing timing, special master request, other strategy questions. | 2.11 |
| 199 | 06/05/2018 | Call with MRM re PI/MTD amicus brief offer by Matthew Murray and timing going forward. | 0.41 |
| 200 | 06/05/2018 | Review order (Doc 220) and MRM email re same and re proposing a schedule. Review case cited by Order, review MRM texts re expediting motion for early discovery and respond to same. | 0.50 |
| 201 | 06/06/2018 | Prepare for and attend call with MRM and voting machine experts - Matt Bernard, Duncan Buell, Logan Lamb re potential for voting machine demonstration. | 1.00 |
| 202 | 06/06/2018 | Prepare and circulate internally schedule of MTD briefings, discovery, and MPI. Revise and circulate to Curling pls.' counsel. Correspond w David Cross re same. | 1.10 |
| 203 | 06/06/2018 | Email to MRM and BPB regarding planning for proof of facts. | 0.33 |
| 204 | 06/07/2018 | Review and comment on Curling Pls.' draft TAC. | 0.50 |
| 205 | 06/08/2018 | Review cross-emails between David Cross and John Salter re MTDs and immunity briefings. Emails w MRM and team re same. | 0.50 |
| 206 | 06/08/2018 | Review MRM letter to voting commission. Email to MRM re same. | 0.16 |
| 207 | 06/08/2018 | Email to team re Monday call for scheduling and proof discussions. | 0.10 |
| 208 | 06/11/2018 | Review MRM's 6/6/18 emailed materials and prepare for call with MRM and BPB regarding scheduling, proof strategy. | 1.00 |
| 209 | 06/11/2018 | Call with MRM and BPB regarding proof strategy and scheduling. | 2.08 |
| 210 | 06/11/2018 | Revise proposed case schedule (v4) and prepare and send email to David Cross explaining revisions (v4) and conferring. | 0.45 |
| 211 | 06/11/2018 | Call with MRM and Matthew Murray regarding potential subjects of amicus briefing. | 0.80 |
| 212 | 06/11/2018 | Call w MRM regarding HAVA and MPI strategy. | 0.41 |
| 213 | 06/12/2018 | Email correspondence with MRM regarding Curling Pls.' filing of renewed notice of dismissal and related strategy questions. | 0.10 |
| 214 | 06/12/2018 | Review notice and dismissal filed by Curling Pls.' on 6/11/18. | 0.25 |
| 215 | 06/12/2018 | Respond to DeKalb counsel re recap sheets and additional info required to release DREs. | 0.41 |
| 216 | 06/13/2018 | Review and rspond to Daniel White email re recap sheets. | 0.50 |
| 217 | 06/13/2018 | Emails with MRM re schedule to propose. | 0.40 |
| 218 | 06/13/2018 | Correspond with David Cross re schedule; revise schedule per comments; draft and send email to Defs' counsel with proposed schedule. | 0.75 |
| 219 | 06/13/2018 | Call with David Cross regarding legislative immunity argument from State Board members. | 0.16 |
| 220 | 06/14/2018 | Review 14 emails from MRM, Cary Ichter, Matt Murray - variously on amicus brief and potential to subpoena DREs from nonparty. Respond on DRE issue. | 0.28 |
| 221 | 06/15/2018 | Call with MRM regarding subpoenas, evidence for merits hearing, schedule. | 1.40 |
| 222 | 06/15/2018 | Emails to David Cross and Daniel White re relief requested in lawsuit. | 0.33 |
| 223 | 06/18/2018 | Email to MRM and team about scheduling. | 0.10 |
| 224 | 06/18/2018 | Email Salter re DRE info requirements for releasing DREs from litigation hold. | 0.25 |
| 225 | 06/18/2018 | Email follow up with Fulton County regarding proposed joint schedule. | 0.25 |
| 226 | 06/18/2018 | Draft notice of proposed joint schedule. Circulate to co-plaintiffs counsel. Revise same per comments. | 1.42 |
| 227 | 06/19/2018 | Team and client emails re work division on motion for subpoena, strategy in the face of immunity defenses. | 1.25 |
| 228 | 06/19/2018 | Revise and circulate to David Cross alternate proposed joint schedule. | 0.25 |
| 229 | 06/19/2018 | Revise proposed schedule and exhibits 1 and 2. Circulate to David Cross. | 2.20 |
| 230 | 06/19/2018 | Review and revise CI draft of motion for leave to serve subpoena. Draft proposed order. Email to CI re same. | 0.66 |
| 231 | 06/20/2018 | Review team emails regarding subpoena motion. Revise and finalize notice of proposed schedule. Communicate with client and David Cross re same. | 2.08 |
| 232 | 06/20/2018 | Organize information from DREs provided by Defs pursuant to Doc 210. | 1.25 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 233 | 06/21/2018 | Planning email to team re Rule 34 inspection for July election. | 0.41 |
| 234 | 06/21/2018 | Revise MRM draft email re DRE preservation for counties' counsel. Emails with MRM re same. | 1.66 |
| 235 | 06/21/2018 | Strategy call with MRM re larger case strategy, planning for MPI schedule, and potential for early discovery. | 1.16 |
| 236 | 06/22/2018 | Emails with Daniel White (DeKalb counsel) re his 6/22/18 communications to Court. | 0.75 |
| 237 | 06/27/2018 | Respond to MRM emails.  Revise exhibit of preservation criteria and send to counties per MRM. | 1.00 |
| 238 | 06/29/2018 | Email to BPB and CI re Hall County preservation letter to Salter. | 0.33 |
| 239 | 06/29/2018 | Email to John Salter re 6/18 email requesting GEMS server report. | 0.10 |
| 240 | 06/29/2018 | Respond to Daniel White 6/28 email. | 1.00 |
| 241 | 06/29/2018 | Call with MRM re Fulton LAT testing; rule 27 options; contempt motion; scheduling of MPI hearing. | 0.68 |
| 242 | 07/02/2018 | Email exchanges with David Cross, MRM regarding spoliation and contempt alternatives. | 0.20 |
| 243 | 07/02/2018 | Exchange emails with MRM re case strategy. | 0.75 |
| 244 | 07/03/2018 | Revise draft and send email to Fulton County re LAT testing. | 0.50 |
| 245 | 07/03/2018 | Email to Daniel White re nonresponsiveness. | 0.10 |
| 246 | 07/03/2018 | Email exchanges with MRM re potential Hall county subpoena motion. | 0.75 |
| 247 | 07/03/2018 | Review DeKalb's response (Doc 232) and attachments. | 0.11 |
| 248 | 07/05/2018 | Research tolling effect of motion to dismiss directed at amended complaint under Rules 12 and 15; research issues related to converting Rule 12 motion to Rule 56 motion; consider research and draft email to MRM with advice. | 1.50 |
| 249 | 07/09/2018 | Review and respond to MRM emails to counsel team received from 7/7 and 7/9 about fact gathering and MTD response plans.  Emails with Cary Ichter regarding Fulton County preservation issues. | 0.80 |
| 250 | 07/09/2018 | Review and consider State's MTD TAC. | 0.75 |
| 251 | 07/10/2018 | Call with MRM re Hall County evidence. | 0.43 |
| 252 | 07/10/2018 | Read MRM comments on State's MTD TAC. | 1.00 |
| 253 | 07/11/2018 | Drafting response to MTD TAC. | 2.00 |
| 254 | 07/09/2018 | Draft response to MTD TAC. | 1.50 |
| 255 | 07/11/2018 | Email to Cheryl Ringer.  Emails to co-counsel re same. Email to CI and MRM re next steps. | 0.25 |
| 256 | 07/12/2018 | Drafting response to MTD TAC. | 2.16 |
| 257 | 07/12/2018 | Call with Matt Murray and David Cross re amicus brief. | 0.25 |
| 258 | 07/13/2018 | Drafting response to MTD TAC. | 10.83 |
| 259 | 07/14/2018 | Drafting response to MTD TAC. | 10.00 |
| 260 | 07/15/2018 | Drafting response to MTD TAC. | 9.88 |
| 261 | 07/16/2018 | Drafting response to MTD TAC. | 9.75 |
| 262 | 07/17/2018 | Revise and finalize response to MTD TAC. | 5.16 |
| 263 | 07/18/2018 | Emails w David Cross re Fulton DRE production. | 0.75 |
| 264 | 07/18/2018 | Call with co-counsel re strategy for MPI. | 1.05 |
| 265 | 07/18/2018 | Attention to file - managing court filings and emails. | 1.00 |
| 266 | 07/18/2018 | Call with MRM to continue discussion of strategy toward MPI. | 0.70 |
| 267 | 07/19/2018 | Call with lawyers BPB, CI and client MRM re strategy (Continued from yesterday). | 0.80 |
| 268 | 07/23/2018 | Call with MRM and BPB regarding MPI strategy matters. | 1.16 |
| 269 | 07/24/2018 | Emails with Bruce Brown, MRM re MPI plan. | 0.20 |
| 270 | 07/26/2018 | Call with MRM re discussions between BPB and Salter. | 0.20 |
| 271 | 07/27/2018 | Call with MRM to get updated on status and plan for MPI merits hearing. | 1.51 |
| 272 | 07/30/2018 | Call with MRM re background on Secretary Kemp. | 0.75 |
| 273 | 07/30/2018 | Call with MRM and BPB re MPI. | 1.75 |
| 274 | 07/30/2018 | Prepare and file ECF No. 254 request for leave of absence. | 0.33 |
| 275 | 07/31/2018 | Revise and comment on BPB drafts of MPI and proposed order. | 0.50 |
| 276 | 07/31/2018 | Research and draft three points for MPI brief.  Email BPB re same. | 2.16 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 277 | 08/01/2018 | Draft paragraph for MPI related to malfunctions and discrepancies. | 0.93 |
| 278 | 08/01/2018 | Zoom call with BPB and MRM re MPI logistics and content. | 0.50 |
| 279 | 08/01/2018 | Call with MRM regarding strategy for MPI. | 0.53 |
| 280 | 08/02/2018 | Zoom call with MRM, BPB re MPI filing and conferral with Curling Pls. | 0.50 |
| 281 | 08/02/2018 | Call with MRM re proposed order for MPI. | 0.33 |
| 282 | 08/02/2018 | Review SOS letter to GA counties; email to MRM and co-counsel re same. | 0.33 |
| 283 | 08/02/2018 | Review and comment on Lamb declaration. | 0.50 |
| 284 | 08/03/2018 | Review and comment on BPB draft of motion for preliminary injunction. | 2.33 |
| 285 | 08/03/2018 | Revise MPI and proposed PI order. Correspond w BPB, MRM re substance. | 0.80 |
| 286 | 08/03/2018 | Conferral communications re MPI with Curling Pls.' and amicus counsel. | 0.10 |
| 287 | 08/03/2018 | Call w MRM regarding strategy for MPI hearing and supplementation of declarations. | 0.41 |
| 288 | 08/06/2018 | Watch livestream of experts, MRM regarding DRE security system and case facts. | 1.33 |
| 289 | 08/07/2018 | Two calls with MRM and BPB regarding court order [Doc 259] and strategy for addressing MPI issues raised. | 0.50 |
| 290 | 08/07/2018 | Call w MRM re DHS role. | 0.13 |
| 291 | 08/07/2018 | Call with David Cross and BPB regarding Curling Pls.' MPI. | 0.68 |
| 292 | 08/07/2018 | Call with MRM and BPB regarding approach to MPI hearing after call with Curling Pls.' counsel. | 0.90 |
| 293 | 08/07/2018 | Call with MRM regarding DHS critical infrastructure designation background. | 0.41 |
| 294 | 08/07/2018 | Review Curling Pls. MPI. | 1.00 |
| 295 | 08/08/2018 | Call w BPB re standing declarations and Curling Pls.' conferral re schedule. | 0.20 |
| 296 | 08/08/2018 | Prepare verifications of TAC's standing allegations to support MPI. | 1.01 |
| 297 | 08/08/2018 | [Interview] Susan Greenhalgh regarding DHS designation of election systems as critical infrastructure. | 0.20 |
| 298 | 08/08/2018 | Call with MRM regarding strategy and open records requests for MPI. | 1.08 |
| 299 | 08/09/2018 | Call with MRM re declarations for standing for MPI. | 0.30 |
| 300 | 08/10/2018 | Call w MRM re feasibility and MPI solutions. | 0.13 |
| 301 | 08/13/2018 | Call on Zoom with MRM and BPB re MPI feasibility evidence. | 0.80 |
| 302 | 08/16/2018 | Call with MRM re MPI reply approach, logistics of factual support, strategy. | 0.63 |
| 303 | 08/16/2018 | Call with BPB re MPI reply and request for hearing - strategy and substance. | 0.41 |
| 304 | 08/17/2018 | Review and comment on BPB draft request for hearing. | 0.25 |
| 305 | 08/17/2018 | Review State's Response to MPI. | 1.00 |
| 306 | 08/17/2018 | Call with MRM and BPB to plan reply supporting MPI. | 1.66 |
| 307 | 08/19/2018 | Draft MPI Reply Brief inserts for BPB. Review MRM emails and materials for inclusion in reply. Correspond with MRM and BPB re same. | 6.50 |
| 308 | 08/19/2018 | Review draft reply brief. | 0.41 |
| 309 | 08/19/2018 | Review and comment on Bernhard declaration. | 0.75 |
| 310 | 08/20/2018 | Review Curling amended MPI and proposed order. | 0.16 |
| 311 | 08/20/2018 | Call w MRM to discuss plan for getting MPI reply filed with supporting materials. | 0.41 |
| 312 | 08/20/2018 | Draft motion for excess pages for MPI reply, and proposed order. | 0.33 |
| 313 | 08/20/2018 | Finalize and file motion for excess pages. | 0.25 |
| 314 | 08/20/2018 | Review and comment on draft Virginia Martin declaration. | 0.26 |
| 315 | 08/20/2018 | Call w MRM and BPB re MPI reply. | 0.58 |
| 316 | 08/20/2018 | Review and comment on BPB draft of MPI reply. | 1.50 |
| 317 | 08/20/2018 | Revise and comment on declarations of Bernhard, DeMillo, Martin, and McReynolds. | 1.00 |
| 318 | 08/29/2018 | Call with MRM re planning for hearing ordered by Doc. 279 (MPI hearing Order). | 0.53 |
| 319 | 08/29/2018 | Call with MRM and BPB regarding MPI hearing planning. | 1.00 |
| 320 | 08/30/2018 | Call with MRM about approaching David Cross re modifying Curlings' relief requested. | 0.21 |
| 321 | 08/31/2018 | Respond to Cross email re all-mail issues. | 0.33 |
| 322 | 08/31/2018 | Letter to David Cross re problems with proposing an all-mail election as a substitute for DRE voting. | 1.66 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 323 | 09/01/2018 | Prepare and send email to David Cross re Coalition Pls.' requested relief. | 0.25 |
| 324 | 09/04/2018 | Review and consider court order re hearing (Doc. 280).  Email to team re same. | 0.50 |
| 325 | 09/04/2018 | Prepare for and join call with MRM regarding MPI hearing set for 9/12. | 2.16 |
| 326 | 09/05/2018 | Call w BPB and MRM re MPI hearing preparation. | 1.71 |
| 327 | 09/05/2018 | Correspond with David Cross, BPB re relief sought by Curling Pls. and MRM's criticism of [Curling] Pls.' relief. | 1.00 |
| 328 | 09/05/2018 | Conferral call with Curling Pls.' counsel and BPB re MPI hearing. | 0.85 |
| 329 | 09/05/2018 | Call w BPB re conferral call. | 0.16 |
| 330 | 09/05/2018 | Call with MRM re MPI strategy and witnesses. | 1.53 |
| 331 | 09/06/2018 | Email to David Cross re subpoenas and witnesses. | 1.00 |
| 332 | 09/06/2018 | Call w MRM re [Curling's] subpoena of Kemp. | 0.33 |
| 333 | 09/06/2018 | Conferral call with all counsel per Doc. 280. | 0.50 |
| 334 | 09/06/2018 | Planning for MPI hearing with BPB and MRM. | 0.33 |
| 335 | 09/06/2018 | Second conferral [call] with Cross, BPB, and MoFo team. | 0.50 |
| 336 | 09/06/2018 | Consider examination times, then draft and circulate joint notice. | 2.00 |
| 337 | 09/07/2018 | Draft joint submission of Pls. for extra time. | 0.91 |
| 338 | 09/07/2018 | Call with MRM & BPB re preparations for 9/12 hearing. | 0.28 |
| 339 | 09/07/2018 | Call with MRM re preparations for 9/12 hearing. | 1.00 |
| 340 | 09/09/2018 | Travel to SEA and flight time SEA to PHX to ATL.  (11.5 hours less 1.5 hours of airport calls and 2.16 working on SEA-PHX plane.) | 3.92 |
| 341 | 09/09/2018 | Dinner and planning session with MRM. | 2.25 |
| 342 | 09/09/2018 | Review documents during travel. | 2.16 |
| 343 | 09/09/2018 | Calls with MRM regarding hearing preparations. | 1.50 |
| 344 | 09/09/2018 | Emails with MRM and with D. Cross regarding hearing preparations. | 0.83 |
| 345 | 09/09/2018 | Finalize and file DeMillo second declaration. | 0.75 |
| 346 | 09/17/2018 | Call with MRM re strategy in event of various outcomes on MPI. | 0.55 |
| 347 | 09/10/2018 | Review documents in advance of MPI hearing. | 1.50 |
| 348 | 09/10/2018 | Plan witnesses and arguments for MPI hearing with BPB and MRM. | 9.00 |
| 349 | 09/10/2018 | Planning with BPB and MRM. | 2.75 |
| 350 | 09/11/2018 | Preparing witness examinations for MPI hearing. | 2.75 |
| 351 | 09/11/2018 | Planning for MPI hearing with MRM and BPB. | 9.00 |
| 352 | 09/12/2018 | Prepare preclusion arguments. | 2.00 |
| 353 | 09/12/2018 | Travel to and attend preliminary injunction hearing. | 10.66 |
| 354 | 09/13/2018 | Strategy call with MRM regarding closing statements. | 0.30 |
| 355 | 09/13/2018 | Strategy call with MRM and BPB regarding closing statements and response to Defs.' suppl. witness declaration; drafting of same. | 2.00 |
| 356 | 09/13/2018 | Drafting and revision of closing statement. | 1.50 |
| 357 | 09/13/2018 | Air travel from ATL to PHX to SEA.  Ground transportation from airport home. | 4.88 |
| 358 | 09/17/2018 | Review order on MPI. | 1.50 |
| 359 | 09/17/2018 | Strategy call w MRM re MPI next steps. | 1.33 |
| 360 | 09/18/2018 | Call with MRM and BPB re post-MPI ruling strategy. | 1.56 |
| 361 | 09/19/2018 | Call with BPB and MRM re strategy for discovery and post-MPI ruling motion. | 0.31 |
| 362 | 09/19/2018 | MRM strategy call. | 0.33 |
| 363 | 09/20/2018 | Review correspondence re reconsideration strategy and proposal for expedited discovery schedule. | 0.33 |
| 364 | 09/20/2018 | Strategy email to team. | 0.33 |
| 365 | 09/20/2018 | Call with MRM, BPB re strategy for moving to merits. | 1.43 |
| 366 | 09/20/2018 | Call with BPB, MRM regarding expedited schedule negotiations with Curling Pls.' counsel.  Emails with David Cross re same. | 0.16 |
| 367 | 09/21/2018 | Emails with MRM, BPB, David Cross re schedule proposal.  Revise Curling drafts and send to DC. | 1.25 |
| 368 | 09/28/2018 | Review draft motion and attend call w BPB, MRM re motion for additional relief. | 1.50 |

| Entry | Date | Description | Total Time |
|---|---|---|---|
| 369 | 09/29/2018 | Draft and send email to CI re points for response to motion to stay. | 0.76 |
| 370 | 09/30/2018 | Review and comment on BPB & MRM draft of new motion for PI. | 2.83 |
| 371 | 09/29/2018 | Review UCI clinic memo on voluntary cessation and stays pending interlocutory appeals of immunity determinations.  Email to CI re same. | 0.16 |
| 372 | 09/30/2018 | Review and comment on CI draft of response to M Stay. | 0.33 |
| 373 | 10/01/2018 | Review draft Section II.B of new MPI. | 0.16 |
| 374 | 10/02/2018 | Review and comment on draft DRE-audit language in proposed order.  Email correspondence with BPB and MRM re same. | 0.88 |
| 375 | 10/11/2018 | Emails w MRM, BPB re reply supporting request for status conference. | 0.25 |
| 376 | 10/12/2018 | Attention to file - organizing PACER filings and email MRM re same. | 0.41 |
| 377 | 11/15/2018 | Call w BPB, MRM regarding triage strategy, Rule 27 motion for Rule 34 discovery pending appeal. | 0.58 |
| 378 | 11/16/2018 | Draft narrative for Rule 27 motion. | 0.75 |
| 379 | 11/20/2018 | Call w BPB regarding preservation strategy pending appeal. | 0.30 |
| 380 | 01/08/2019 | Strategy call w MRM, CI in advance of 11th Circuit mediation. | 0.51 |
| 381 | 01/09/2019 | Prepare for and attend 11th Circuit mediation by teleconference. | 2.18 |
| 382 | 02/15/2019 | Call with Catherine Chapple at MoFo re motion to lift stay. | 0.10 |
| 383 | 02/15/2019 | Call with MRM and BPB regarding strategy following appeal. | 0.50 |
| 384 | 04/11/2019 | Attention to file -- accumulated emails, correspondence, CM/ECF filings. | 1.50 |
| 385 | 05/24/2019 | Participate in telephone status conference. | 1.08 |
| 386 | 05/24/2019 | Strategy call with BB, MRM, CI regarding MPI, case schedule following status conference. | 0.25 |
| 387 | 06/13/2019 | Review and comment on draft discovery plan.  Email to BPB re same. | 0.25 |
| 388 | 06/15/2019 | Review and comment on BPB brief excerpt pertaining to secret ballot violations. | 0.50 |
| 389 | 06/17/2019 | Review and comment on BPB brief excerpt pertaining to secret ballot violations. Email to BPB re same. | 1.50 |
| 390 | 06/17/2019 | Call w MRM regarding potential MPI on barcode ballot machines. | 0.33 |
| 391 | 06/21/2019 | Review and comment on secret-ballot section of MPI.  Emails to MRM and co-counsel re same. | 1.25 |
| 392 | 06/29/2019 | Call with MRM regarding strategy on stopping BMDs and mootness. | 1.33 |
| 393 | 08/21/2019 | Review Doc 584, State's Motion for Clarification of Order on MPI. | 0.20 |
| 394 | 08/21/2019 | [FEE CLAIM] Prepare summary of hours and expenses for case and interlocutory appeal fro period running from inception of involvement through July 31, 2019. | 1.00 |
| 395 | 08/24/2019 | [FEE CLAIM] Comment on BPB draft motion for attorney fees. | 1.16 |
| 396 | 08/27/2019 | [FEE CLAIM] Comment on revised draft motion for attorney fees. | 0.83 |
| 397 | 08/28/2019 | [FEE CLAIM] Research expenses awardable under 1988 in 11th Cir.  Advise all co-counsel and client re findings. | 0.60 |
| 398 | 08/28/2019 | [FEE CLAIM] Research availabiltiy of appellate fee award by trial court for prevailing on interlocutory appeal. | 1.61 |
| 399 | 08/29/2019 | [FEE CLAIM] Assemble hours from July 2017 to JUly 2019 for fee claim. | 6.50 |
| 400 | 09/05/2019 | Review internal emails regarding conferral w Defs re use of GEMS or Dominion scanners in pre-March 2020 elections. | 0.33 |
| 401 | 09/05/2019 | Fact-gathering and planning call w MRM and BPB re motion for clarification of PI order w/r/t Q1-2020 elections. | 0.28 |
| 402 | 09/09/2019 | Planning and strategy call w MRM and BPB regarding substance and preparation of Motion re Implementation of PI Order. | 1.18 |
| 403 | 09/09/2019 | Planning and strategy call with MRM, BPB regarding law applicable to rule 59 motion. | 0.56 |
| 404 | 09/11/2019 | Review and comment on draft Rule 59 motion and brief directed at PI order. | 3.00 |
| 405 | 09/17/2019 | Correspond with MRM, opposing counsel to eliminate duplicative cost claims. Email to BPB, MRM regarding expedited briefing of Rule 59 motion. | 0.75 |
| 406 | 09/18/2019 | Correspond w. co-Pls.' counsel DC and co-parties co-counsel regarding timeliness of costs claim; research issue. | 1.16 |
| 407 | 09/26/2019 | Review State's response to Rule 59 motion.  Debrief with MRM and BPB by email. | 0.66 |
| 408 | 09/27/2019 | Team call w MRM, BPB to consider State and Curling responses and plan reply in support of Rule 59 motion. | 0.30 |
| 409 | 09/27/2019 | [FEE CLAIM] Drafted declaration supporting fee claim. | 1.08 |

| Entry | Date | Description | Total Time |
|-------|------|-------------|-----------|
| 410 | 09/28/2019 | Team call w MRM, BPB to consider State and Curling responses and plan reply in support of Rule 59 motion. | 1.35 |
| 411 | 09/30/2019 | [FEE CLAIM] Drafting declaration regarding hourly rate. | 1.58 |
| 412 | 10/01/2019 | [FEE CLAIM] Drafting declaration in support of fee award claim. | 2.33 |
| 413 | 10/02/2019 | Review and comment on draft reply iso Rule 59 motion. | 0.75 |
| 414 | 10/03/2019 | Continued review and comment on draft reply iso Rule 59 motion. | 0.58 |
| 415 | 10/07/2019 | [FEE CLAIM] Call w MRM and BPB to eliminate duplicative fees from claim. | 0.83 |
| 416 | 10/07/2019 | [FEE CLAIM] Drafting paragraphs relating early case history for inclusion in fee detail submission. | 1.66 |
| 417 | 10/14/2019 | [FEE CLAIM] Continue revision of declaration in support of fee claim.  Revise main brief in support of combined fees and expenses detail. | 10.00 |
| 418 | 10/15/2019 | [FEE CLAIM] Finalize fee declaration and fee detail records for Oct 15 submission. | 4.00 |

Case 1:17-cv-02989-AT   Document 596-5   Filed 10/16/19   Page 55 of 42

# EXHIBIT B

# Robert McGuire Law Firm - Expense Report

| Entry | Expense Date | Description | Cost |
|---|---|---|---|
| **May 1st, 2018 In-Person Status Conference (per Minute Docket Entry April 25, 2018)** | | | |
| 1 | 04/09/2018 | Alaska Airlines [] - flight SEA to ATL roundtrip for team meeting on April 27. | $515.41 |
| 2 | 04/09/2018 | Alaska Airlines changed [] - changed flights from SEA to ATL roundtrip 4-29 to 5-2 for April 30  team meeting and court hearing on May 1. | $580.99 |
| 3 | 04/29/2018 | Uber from ATL Hartsfield to hotel. | $51.29 |
| 4 | 04/29/2018 | Airline baggage charge. | $25.00 |
| 5 | 04/29/2018 | Toll bridge - travel to airport. | $7.00 |
| 6 | 04/29/2018 | Meal out of town. | $38.44 |
| 7 | 05/01/2018 | (Fedex) Printing of second amended complaint to prepare filing responsive to court order. | $7.93 |
| 8 | 05/01/2018 | Printing of materials for hearing. | $20.80 |
| 9 | 05/02/2018 | Lodging at Residence Inn Marriott Atlanta Midtown, April 29 to May 2, for status conference and team meetings. | $678.46 |
| 10 | 05/02/2018 | Alaska Airlines baggage fee. | $25.00 |
| 11 | 05/02/2018 | Seattle airport parking, April 29 to May 2. | $136.00 |
| 12 | 05/02/2018 | Uber from hotel to Atlanta airport. | $42.25 |
| **September 2018 preliminary injunction hearing** | | | |
| 13 | 09/06/2018 | American Airlines [] SEA to ATL roundtrip for MPI hearing - 9/9 to 9/13/2018. | $1,176.41 |
| 14 | 09/09/2018 | Bridge toll to airport. | $7.00 |
| 15 | 09/09/2018 | Meal during travel. | $20.82 |
| 16 | 09/09/2018 | In-flight Internet connectivity (SEA to PHX). | $12.00 |
| 17 | 09/09/2018 | Uber from Atlanta airport to hotel. | $68.09 |
| 18 | 09/12/2018 | Uber from hotel to courthouse with MRM and expert RAD. | $75.24 |
| 19 | 09/13/2018 | Lodging at Grand Hyatt Atlanta Buckhead, September 9 to 13, for preliminary injunction hearing and team meetings, including in-room meals. | $1,051.74 |
| 20 | 09/13/2018 | Uber from hotel to airport. | $67.15 |
| 21 | 09/13/2018 | In-flight Internet connectivity (ATL to PHX). | $16.00 |
| 22 | 09/13/2018 | SEA airport parking - Sept 9-13, 2018. | $185.00 |

**Grand Total** **$4,808.02**

Case 1:17-cv-02989-AT   Document 530-5   Filed 10/16/19   Page 16 of 842

E

X

H

I

B

I

T

C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )  **CIVIL ACTION** |
| vs. | ) |
| | )  **FILE NO. 1:17-cv-2989-AT** |
| BRAD RAFFENSPERGER, | ) |
| ET AL., | ) |
| | ) |
| **Defendants.** | ) |

## <u>DECLARATION OF BRUCE P. BROWN</u>

1.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

2.      My name is Bruce P. Brown.  I am over the age of 18 and competent to testify.  I have personal knowledge of the facts stated in this declaration.

3.       I represent the Coalition Plaintiffs in this case.  The purpose of this declaration is to provide evidence relating to Coalition Plaintiffs' Motion for Fees under 42 U.S.C. § 1988.

4.      A reasonable rate for my time is $625 per hour.  I graduated *summa cum laude* from University of Georgia School of Law in 1984.  After graduation, I clerked for Judge Edward A. Tamm of the United States Court of Appeals for the

District of Columbia Circuit and for Chief Justice of the United States Supreme Court Warren E. Burger.  I joined Long, Aldridge and Norman (now Dentons) in 1986 and made partner in 1992.  I started my own solo practice in 2012. Throughout my career, I have specialized in complex commercial, regulatory, and constitutional cases in state and federal court.  When I left McKenna, Long & Aldridge in 2012, my hourly rate was $605.

5.     I have substantial experience litigating Section 1983 cases in federal court, for plaintiffs and defendants.  In addition to voting cases, I currently represent the plaintiff in *Dean v. Olens,* No. 18-cv-0442-TCB, a Section 1983 and 1985(3) case involving a Kennesaw State University Cheerleader who "took a knee" during the National Anthem.  I am co-counsel for the defendant City of Atlanta in *Calhoun v. Pennington,* 09-cv-3286-TCB, a case involving a complex consent decree which resolved a Section 1983 action against the Police Department.  In addition, I was appointed Special Master by the District Court in *In re Airline Antitrust Litigation,* 1:09-MD-02089-TCB, and for twelve years was co-lead counsel for the State of Georgia in the "water wars" cases in the several District Courts, Courts of Appeal, and the United States Supreme Court.

6.     In this case, co-counsel and I have relied heavily on the support that we have received from our client, Coalition for Good Governance.  I have

reviewed the declaration of Marilyn Marks, filed herewith, and her observations about her contributions, and the contributions of her organization, are completely accurate. But for the support of the Coalition, we would have needed another team of lawyers and paralegals to represent the Coalition Plaintiffs in this case.

7.     Attached as Exhibit 1 is a true and correct record of my time on this case. I record my time regularly, and it is my practice to record my time regularly, for the Coalition and for my other clients. I use billing software called "CLIO," and the spreadsheet that is attached as Exhibit 1 is generated by the CLIO program.

8.     When I record my time, I do not include time that I spend on administrative or secretarial tasks that would in a larger firm be undertaken by employees who do not charge clients by the hour. In addition, after I record my time, I will use my judgment to reduce the amount of time recorded to reflect inefficiencies or other circumstances. In this case, I have reduced my time on a number of days so that I can be certain that the amount that I am charging is appropriate. In most instances in which I reduce my time after it is recorded, I will so indicate in the billing entry.

9.     In the spreadsheet attached as Exhibit 1, I have added rows that identify the "Phase" of the case and, in the column to the right of the last row of a particular phase, I have subtotaled the number of hours for the particular phase.

These phases correspond to the phases identified in the Coalition Plaintiffs'
Detailed Specification.

    10.    Exhibit 2 is a spreadsheet, also generated by my CLIO billing
software, of the expenses I have incurred in this case.

    This 15th day of October, 2019.

                                             Bruce P. Brown

4

Case 1:17-cv-02989-AT   Document 1505-1   Filed 10/16/19   Page 122 of 342

E
X
H
I
B
I
T

1

| Client | Date | User | Description of Work | Hours | Rate | Total | Phase Hours |
|--------|------|------|---------------------|-------|------|-------|-------------|
| | | | **PHASE II** | | | | |
| CGG Curling | 3/30/18 | Bruce Brown | Review file; review proposed third amended complaint; review memo from R. McGuire; extensive telephone call with C. Ichter; telephone call with M. Marks and team; draft engagement letter; review C. Icther draft; further work on matter. | 5 | $625.00 | $3,125.00 | |
| CGG Curling | 4/1/18 | Bruce Brown | Review local rules and Judge Totenberg's Standing Order; draft notice of appearance; draft certificate of compliance; emails to C. Ichter about pleadings. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 4/2/18 | Bruce Brown | Review and editing of draft Third Amended Complaint and transmit comments to R. Maguire; emails with client and R. Maguire about filings and strategy. | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 4/3/18 | Bruce Brown | Further work on draft third amended complaint; legal research on official capacity immunity; email to R. McGuire and M. Marks about the other plaintiffs. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 4/4/18 | Bruce Brown | Review motion for leave to amend; revise motion for leave to amend; legal research into standards for granting such motions and edit motion to include same; review pleadings relating to Steptoe's withdrawal; legal research as to applicability of Rule 41(a) dismissal; review and revise proposed order; circulated revised drafts of pleadings; further edits to same; legal research confirming viability of injunctive relief against state officials sued in their official capacity for injunctive relief; facilitate filing of pleadings; numerous email to R. McGuire and M. Marks; emails to J. Salter. | 5.9 | $625.00 | $3,687.50 | |
| CGG Curling | 4/5/18 | Bruce Brown | Review and edit request for status conference and emails regarding same; finalize, file and serve same; telephone conference with J. Salter and email R. McGuire regarding same; emails with team about meeting to plan strategy. | 1.8 | $625.00 | $1,125.00 | |
| CGG Curling | 4/6/18 | Bruce Brown | Substantive email to team about need to make a formal demand on Secretary Kemp about the feasibility and legality of his using Coalition Plaintiffs' proposed solution; further emails about next steps. | 1 | $625.00 | $625.00 | |
| CGG Curling | 4/6/18 | Bruce Brown | Email to team about Judge Totenberg's decision in Williams v. City of Atlanta and implications about making clear demand to Secretary Kemp and Section 1988 recovery. | 0.5 | $625.00 | $312.50 | |
| CGG Curling | 4/9/18 | Bruce Brown | Review status conference request and information about spoliation to prepare for conference call; conference call with team to discuss making a demand on Secretary Kemp, scope of injunctive relief, and coordinating efforts (if possible) with other plaintiffs; brief review of Kemp's response in opposition to motion for leave and emails regarding same. | 2.4 | $625.00 | $1,500.00 | |
| CGG Curling | 4/12/18 | Bruce Brown | Extensive work drafting and revising lengthy demand letter to Gov. Barnes and J. Salter; numerous emails and telephone discussions with M. Marks and team regarding same; | 4.8 | $625.00 | $3,000.00 | |
| CGG Curling | 4/13/18 | Bruce Brown | Consider response to Curling Plaintiffs for an extension of time to respond to motion to amend and emails regarding same (.8); extensive conference call with M. Marks and R. McGuire concerning other plaintiffs' position and whether to oppose, and consideration of motion to sever (.5 plus); research spoliation cases by Judge Totenberg and Judge Batten and email to team regarding same (.5); email responding to attorney Cross (.1). | 1.9 | $625.00 | $1,187.50 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 4/14/18 Bruce Brown | Further work on demand letter to Gov. Barnes and J. Salter. | 2 | $625.00 | $1,250.00 | |
| CGG Curling | 4/16/18 Bruce Brown | Revise and finalize letter to Gov. Barnes and J. Salter (1.9); exchange emails with J. Salter about Secretary Kemp's position (.3). | 2.2 | $625.00 | $1,375.00 | |
| CGG Curling | 4/17/18 Bruce Brown | Telephone conference with M. Marks; review draft press release for the Coalition (.5, not billed); further work on matter. | 1.3 | $625.00 | $812.50 | |
| CGG Curling | 4/18/18 Bruce Brown | Draft email to D. Cross concerning potential joint motion to sever; emails with M. Marks and team regarding same; | 1 | $625.00 | $625.00 | |
| CGG Curling | 4/19/18 Bruce Brown | Substantive email to D. Cross; numerous emails about replies to briefs in opposition to motion to amend; further work on matter. | 1.2 | $625.00 | $750.00 | |
| CGG Curling | 4/23/18 Bruce Brown | Telephone conference with R. McGuire, and then R. McGuire and D. Cross; telephone conference with M. Marks; consider approach toward Curling plaintiffs joinder and emails to team regarding same. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 5/1/18 Bruce Brown | Prepare for and attend court hearing; conference with R. McGuire and M. Marks thereafter. | 4.5 | $625.00 | $2,812.50 | |
| CGG Curling | 5/2/18 Bruce Brown | Follow up on court hearing; telephone call with C. Ichter about statistics experts and call with co-plaintiffs. | 2.2 | $625.00 | $1,375.00 | |
| CGG Curling | 5/3/18 Bruce Brown | Work on Rule 34 application; legal research on whether videotaping processes is allowed under Rule 34; emails to client regarding same. | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 5/4/18 Bruce Brown | Work with M. Marks on email about preservation of evidence. | 0.2 | $625.00 | $125.00 | |
| CGG Curling | 5/6/18 Bruce Brown | Review numerous emails about matter from opposing counsel and others; work on Rule 34 pleading and emails regarding same. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 5/7/18 Bruce Brown | Communications with client and opposing counsel about Rule 34 request; draft email to J. Salter about difference between state law and what Rule 34 request would allow; further work on matter. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 5/8/18 Bruce Brown | Work on Rule 34 notice issues; emails to team and J. Salter regarding same. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 5/9/18 Bruce Brown | Prepare for and telephone calls about conference call with the Court; prepare "pocket brief" on duty to preserve evidence;  emails to J. Salter; further work on matter. | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 5/10/18 Bruce Brown | Prepare for and attend meeting with counsel and then hearing with Court and follow up discussions and emails thereafter. | 4.5 | $625.00 | $2,812.50 | |
| CGG Curling | 5/11/18 Bruce Brown | Multiple emails and telephone calls regarding matter, including emails on advisability of filing a spoliation motion. | 3.2 | $625.00 | $2,000.00 | |
| CGG Curling | 5/14/18 Bruce Brown | Extensive email about reactions to Court agreement on preservation. | 0.5 | $625.00 | $312.50 | |
| CGG Curling | 6/1/18 Bruce Brown | Extensive conference call with team on strategy going forward. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 6/11/18 Bruce Brown | Extensive conference call regarding matter with M. Marks and team (2 hours, only 1 billed) | 1 | $625.00 | $625.00 | 1 |
| CGG Curling | 6/13/18 Bruce Brown | Revise and finalize draft letter to DeKalb and Kemp counsel; emails regarding same. | 1 | $625.00 | $625.00 | |
| CGG Curling | 6/15/18 Bruce Brown | Legal research on whether Rule 45 subpoena may be served prior to Rule 26 conference and emails regarding same. | 0.5 | $625.00 | $312.50 | |
| CGG Curling | 6/20/18 Bruce Brown | Extensive work drafting, revising and finalizing motion for issuance of subpoena and associated exhibits; emails to counsel; emails to D. Cross; multiple emails to M. Marks regarding same. | 3.1 | $625.00 | $1,937.50 | 69.70 |

**PHASE III**

| | | | | | |
|---|---|---|---|---|---|
| CGG Curling | 7/17/18 Bruce Brown | Review and analysis of motion to dismiss; review draft response and transmit edits and comments to R. McGuire; review file on motion for affidavit; emails with M. Marks regarding same; draft, review, revise and file reply. | 3.4 | $625.00 | $2,125.00 |
| CGG Curling | 7/18/18 Bruce Brown | Review recent filings; review amicus brief; Prepare for and call with M. Mark, R. McGuire and C. Icther about whether to enjoin DRE machine use in December election. | 1.2 | $625.00 | $750.00 |
| CGG Curling | 7/19/18 Bruce Brown | Consider next steps in the litigation and email memo to M. Marks regarding same. | 1.2 | $625.00 | $750.00 |
| CGG Curling | 7/19/18 Bruce Brown | Prepare for and telephone conference with M. Marks and co-counsel on timing of PI motion; review Defendant Kemp's press statements about security of election system. | 1 | $625.00 | $625.00 |
| CGG Curling | 7/23/18 Bruce Brown | Extensive telephone conferences with M. Marks, and then M. Marks and R. McGuire, about strategy in the case, specifics of remedy, whether to file a motion for a preliminary injunction; legal research on equitable relief; draft preliminary outline of motion. | 5.9 | $625.00 | $3,687.50 |
| CGG Curling | 7/24/18 Bruce Brown | Review Amicus Brief and study authorities for use in motion for a preliminary injunction; further work on motion; emails to M. Marks and R. Maguire about framing of requested relief and form of submission to the Court; further work on motion papers. | 4.1 | $625.00 | $2,562.50 |
| CGG Curling | 7/25/18 Bruce Brown | Work on motion papers; study South Carolina action; email to M. Manor; emails and telephone conversations with M. Marks about news reports and action to take in Georgia; emails about settlement possibilities with Sec. Kemp. | 3.2 | $625.00 | $2,000.00 |
| CGG Curling | 7/26/18 Bruce Brown | Telephone call with C. Ichter and J. Salter (Salter aborted call); further work on ideas to settle the matter with C. Ichter and M. Marks; extensive work on motion papers. | 3.5 | $625.00 | $2,187.50 |
| CGG Curling | 7/27/18 Bruce Brown | Work on motion papers; conference with M. Marks and C. Ichter; further extensive work on motion papers. | 6.5 | $625.00 | $4,062.50 |
| CGG Curling | 7/28/18 Bruce Brown | Further work on brief in support of motion for preliminary injunction; email memo to team regarding same; circulate draft brief. | 4 | $625.00 | $2,500.00 |
| CGG Curling | 7/29/18 Bruce Brown | Extensive work on motion for preliminary injunction, including substantive conference call with M. Marks about motion, brief and evidence; review brief; review draft affidavits; consider Rule 65, Local Rules, and Court's Standing Order; draft motion itself; draft proposed order; legal research into argument about dollar cost to defendant of injunctive relief. | 5.5 | $625.00 | $3,437.50 |
| CGG Curling | 7/31/18 Bruce Brown | Review law on injunctive relief; extensive telephone conference with M. Marks and R. McGuire; further work on motion papers. | 5 | $625.00 | $3,125.00 |
| CGG Curling | 7/31/18 Bruce Brown | Work on declarations and further work on brief; numerous emails and phone calls about motion for preliminary injunction; further legal research on irreparable harm. | 2.8 | $625.00 | $1,750.00 |
| CGG Curling | 8/1/18 Bruce Brown | Further work on preliminary injunction papers, including editing M. Bernhard declaration; reviewing R. Wilson declaration and email to her regarding same; review and edit D. Bower's declaration; prepare press statement; continued editing of motion papers. | 4.8 | $625.00 | $3,000.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 8/2/18 Bruce Brown | Further work on major declarations (Lamb, Bernhard, and others); further drafting of brief; additional legal research on irreparable harm; additional legal research on balancing of the equities and impact of cost upon defendants' equities; numerous telephone calls and emails with R. McGuire and M. Marks.  (Actual time 12 plus hours). | 8 | $625.00 | $5,000.00 | | 4 |
| CGG Curling | 8/3/18 Bruce Brown | Further substantial work revising and finalizing motion papers, including all declarations and exhibits thereto, brief, motion, and proposed order; numerous emails and telephone calls with R. McGuire and M. Marks regarding same; further editing, finalizing and filing papers. | 7.8 | $625.00 | $4,875.00 | | |
| CGG Curling | 8/5/18 Bruce Brown | Work on Open Records Act requests to defendants and others. | 1 | $625.00 | $625.00 | | |
| CGG Curling | 8/6/18 Bruce Brown | Work following up to filing; work with clerk preparing submission to Judge Totenberg; work on Open Records Act requests; telephone calls with media; research Secretary Kemp's testimony before Congress blaming federal government for interference; further work on matter. | 2.5 | $625.00 | $1,562.50 | | |
| CGG Curling | 8/7/18 Bruce Brown | Review Judge Totenberg's order and telephone calls and emails relating thereto to co-counsel and client; research about and email to Athens-Clarke County election officials; further extensive work on Open Records Act requests. | 4.9 | $625.00 | $3,062.50 | | |
| CGG Curling | 8/8/18 Bruce Brown | Work on declarations (.5); review Curling brief (.4); extensive work on Open Records requests and fact-gathering (2.4); telephone calls with media about case (.5) | 3.8 | $625.00 | $2,375.00 | | |
| CGG Curling | 8/9/18 Bruce Brown | Work on KSU and DOAS Open Records Act requests. | 0.9 | $625.00 | $562.50 | | |
| CGG Curling | 8/13/18 Bruce Brown | Follow up emails on Open Records Act; telephone conference with R. Maguire and M. Marks. | 1.5 | $625.00 | $937.50 | | |
| CGG Curling | 8/14/18 Bruce Brown | Review and analysis of defendants' papers and circulate memorandum to team regarding same; email to SOS regarding Open Records Act request. | 2.5 | $625.00 | $1,562.50 | | |
| CGG Curling | 8/15/18 Bruce Brown | Draft and revise introduction to Reply Brief; further work on legal research for Reply; numerous telephone calls and emails about strategy and Open Records Act requests; email to J. Salter; legal research on five day rule for Attorney General and injunctive relief. | 4.5 | $625.00 | $2,812.50 | | |
| CGG Curling | 8/16/18 Bruce Brown | Extensive work on Reply Brief; numerous telephone calls and emails about brief, Open Records requests, request for a hearing, and related matters. | 5.2 | $625.00 | $3,250.00 | | |
| CGG Curling | 8/17/18 Bruce Brown | Continued work on reply; telephone call with D. Cross; draft motion for hearing; extensive additional work on reply brief. | 3.5 | $625.00 | $2,187.50 | | |
| CGG Curling | 8/18/18 Bruce Brown | Drafting reply brief. | 4 | $625.00 | $2,500.00 | | |
| CGG Curling | 8/19/18 Bruce Brown | Drafting reply brief; circulate first draft; re-write of "spoliation" section; emails regarding declarations. | 3.6 | $625.00 | $2,250.00 | | |
| CGG Curling | 8/20/18 Bruce Brown | Extensive work on Reply Brief, including extensive revisions; review and revisions of declarations; numerous telephone conferences; substantial work on finalization and filing of papers (actual time 14 plus hours). | 12.5 | $625.00 | $7,812.50 | | 2.5 |
| CGG Curling | 8/21/18 Bruce Brown | Email to R. Maguire about laches and other arguments; emails and telephone calls regarding strategy going forward. | 1.2 | $625.00 | $750.00 | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 9/4/18 Bruce Brown | Emails with R. McGuire and M. Marks about ROIA or notice to produce; review of court order about scheduling. | 0.2 | $625.00 | $125.00 | | |
| CGG Curling | 9/5/18 Bruce Brown | Work on plan for evidence submission at the hearing; multiple emails and telephone call about difference in relief between Curling Plaintiffs and Coalition Plaintiffs; conference call with D. Cross and team regarding same; emails with J. Salter about hearing;  consider whether to call Secretary Kemp as a witness. | 3.2 | $625.00 | $2,000.00 | | |
| CGG Curling | 9/6/18 Bruce Brown | Multiple telephone conferences with co-counsel and Curling counsel about what witnesses to call and subpoena and schedule for examination; extensive consideration of whether to call Secretary Kemp and review documents relating to Secretary Kemp's opposition to federal funding of election equipment improvement and his charge that DHS was hacking Georgia. | 3.8 | $625.00 | $2,375.00 | | |
| CGG Curling | 9/7/18 Bruce Brown | Emails to co-counsel and defendants' counsel about joint notice; revise, finalize and file joint notice; emails concerning and finalize subpoena; conference call with R. Maguire and M. Marks about trial planning; telephone conference with M. Marks about evidence and testimony. | 3 | $625.00 | $1,875.00 | | |
| CGG Curling | 9/9/18 Bruce Brown | Conference call with M. Marks and continue preparation for the hearing; legal research on several issues; consider filing motion for appointment of special master; prepare cross-examination; email Dr. Stark and review and revise his declaration. | 3.5 | $625.00 | $2,187.50 | | |
| CGG Curling | 9/10/18 Bruce Brown | Further preparation for hearing; review and edit declarations; meet with R. Maguire and M. Marks; email with C. Ichter about special master brief; draft and revise timeline (actual hours 9 plus hours). | 7 | $625.00 | $4,375.00 | | 2 |
| CGG Curling | 9/11/18 Bruce Brown | Finalize and file declarations; intensive preparation for hearing; meet with expert C. DeMillo and assist in the preparation of his testimony; meet with M. Marks and R. Maguire; telephone conference with D. Cross; review W. Lee slides; prepare exhibits for hearing; prepare opening statement; legal research on various issues. | 9.3 | $625.00 | $5,812.50 | | |
| CGG Curling | 9/11/18 Bruce Brown | Additional substantial preparation for hearing; work on opening statement; attend hearing (actual time 9.5 plus) | 8 | $625.00 | $5,000.00 | | 1.5 |
| CGG Curling | 9/13/18 Bruce Brown | With R. Maguire, draft, revise and file post-hearing brief and response to declaration of R. Sullivan. | 2.8 | $625.00 | $1,750.00 | | |
| CGG Curling | 9/18/18 Bruce Brown | Review court order; draft and circulate strategy memo; numerous emails and telephone calls about order and next steps (2.4); meet with HBO film crew (not billed to client). | 2.4 | $625.00 | $1,500.00 | | |
| CGG Curling | 9/19/18 Bruce Brown | Draft initial motion for reconsideration; multiple conversations about appeal and next steps; emails with D. Cross about appeal and about discovery; review C. Hoke material; consider grounds for additional relief. | 3.3 | $625.00 | $2,062.50 | 166.00 | |

**PHASE IV**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 9/20/18 Bruce Brown | Extensive work on strategy and whether to file additional request for relief; telephone calls with R. Maguire, M. Marks; emails to D. Cross; emails and legal research about dangers of mootness. | 2.5 | $625.00 | $1,562.50 | | |
| CGG Curling | 9/21/18 Bruce Brown | Multiple emails and telephone communications about request for status conference and strategy. | 1 | $625.00 | $625.00 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 9/24/18 Bruce Brown | Further study on strategy and next steps; telephone call with C. Hoke and M. Marks; substantial additional communications on importance of considering mootnesss. | 2.8 | $625.00 | $1,750.00 | |
| CGG Curling | 9/25/18 Bruce Brown | Extensive call with M. Marks about staffing and additional litigation (not billed); numerous calls and emails about whether and how to move for additional injunctive relief; emails to amici about whether to seek injunction of paper ballot audit; outine grounds for injunctive relief and circulate. | 2.4 | $625.00 | $1,500.00 | |
| CGG Curling | 9/26/18 Bruce Brown | Extensive work on motion for additional injunctive relief; emails with amici; additional legal research; outline possible claims; work on requests for relief relating to audits. | 4.5 | $625.00 | $2,812.50 | |
| CGG Curling | 9/27/18 Bruce Brown | Further extensive work drafting brief. | 4 | $625.00 | $2,500.00 | |
| CGG Curling | 9/28/18 Bruce Brown | Continue drafting brief for circulation to team; emails with team about election results and turn-out metrics; consider email from Ms. Burgess and draft response; conference call with team; further drafting of motion. | 5.1 | $625.00 | $3,187.50 | |
| CGG Curling | 9/29/18 Bruce Brown | Revise draft and circulate; call with M. Marks. | 2.6 | $625.00 | $1,625.00 | |
| CGG Curling | 9/30/18 Bruce Brown | Extensive work on motion. | 6 | $625.00 | $3,750.00 | |
| CGG Curling | 10/1/18 Bruce Brown | Substantial work on motion for additional relief; drafting brief and reviewing supporting documentation; numerous emails and phone calls with R. McGuire and M. Marks. | 5.4 | $625.00 | $3,375.00 | |
| CGG Curling | 10/2/18 Bruce Brown | Draft and finalize motion papers; numerous emails and conference calls with M. Marks, R. McGuire, amici; further drafting and revision and finalization (actual time 10.5 plus). | 8 | $625.00 | $5,000.00 | 44.30 | 2.5 |

**PHASE V**

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 10/10/18 Bruce Brown | Emails and conferences relating to Court's minute order (.6), consider Defendant's motion to sever (.3). | 0.9 | $625.00 | $562.50 | 1.2 |
| CGG Curling | 10/11/18 Bruce Brown | Emails to D. Cross about severance; multiple emails about strategy and status conference. | 1.3 | $625.00 | $812.50 | |
| CGG Curling | 11/3/18 Bruce Brown | Substantial work relating to cyber-vulnerability of State's election system, including telephone discussion with M. Marks and R. DeMillo; draft email to J. Salter. | 1 | $625.00 | $625.00 | |
| CGG Curling | 11/4/18 Bruce Brown | Multiple emails and telephone conversations with press (NY Times, WaPo, and NPR),  client, D. Cross, R. Barnes about notification of vulnerability of the system | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 11/5/18 Bruce Brown | Multiple emails and telephone conversations about Secretary's patently false claim that Democrats hacked the DRE system with NY Times, Washington Post, NPR, Roy Barnes, | 2.2 | $625.00 | $1,375.00 | |
| CGG Curling | 11/7/18 Bruce Brown | Numerous telephone calls and emails about defendants' preservation duties after the election; emails and telephone calls with R. Shahar, pollwatcher, about election irregularities. | 1.8 | $625.00 | $1,125.00 | |
| CGG Curling | 11/14/18 Bruce Brown | Conference with M. Marks regarding next steps (1.5, only .5 billed); work on CA11 appeal (2.2 not billed). | 0.5 | $625.00 | $312.50 | 3.2 |
| CGG Curling | 11/15/18 Bruce Brown | Telephone conference with M. Marks and R. McGuire about next steps to preserve evidence; email to M. Marks about R. DeMillo's declaration. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 11/16/18 Bruce Brown | Review R. DeMillo declaration and extensive email to team regarding same; extensive telephone call with M. Marks about next steps; work on motion to preserve evidence. | 3.8 | $625.00 | $2,375.00 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 11/19/18 | Bruce Brown | Further work considering continued spoliation of DRE machines and preventative action; draft brief to this effect; consider whether Court likely to grant same; discuss alternatives with M. Marks; further work on brief and consider whether "sampling" alternative should be entire "ask". | 3.5 | $625.00 | $2,187.50 | |
| CGG Curling | 11/19/18 | Bruce Brown | Reconsider additional motion; discussions with M. Marks about Court Order regarding discovery and preservation; review and revise M. Marks' draft notification to J. Salter et al. regarding preservation and numerous discussions regarding same; finalize same. | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 11/20/18 | Bruce Brown | Additional work on preservation and spoliation issue; consider alternatives with M. Marks; multiple emails to J. Salter about State Rule requiring 30 day hold on DREs. | 1.8 | $625.00 | $1,125.00 | |
| CGG Curling | 11/30/18 | Bruce Brown | Telephone conferences with R, McGuire about whether to brief legislative immunity and respond to D. Cross emails regarding same. | 0.8 | $625.00 | $500.00 | |
| CGG Curling | 12/12/18 | Bruce Brown | Telephone conference with L. Bryan and J. Chandler about Fire Fight litigation and the Curling case, including assistance in gather evidence of DRE and epollbook problems. | 0.4 | $625.00 | $250.00 | |
| CGG Curling | 1/30/19 | Bruce Brown | Review briefs relating to CA11 appeal and attend oral argument (1.8, not billed); conference with M. Marks and R. McGuire after hearing to consider necessity of filing motion to preserve evidence or to initiate discovery (.5). | 0.5 | $625.00 | $312.50 | 1.8 |
| CGG Curling | 1/31/19 | Bruce Brown | Conference with M. Marks and R. McGuire about strategy for discovery and further study of race-targeted malware. | 0.4 | $625.00 | $250.00 | |
| CGG Curling | 2/8/19 | Bruce Brown | Review and analysis of Court of Appeals' decision; review Judge's orders regarding when case stops being stayed. | 0.8 | $625.00 | $500.00 | 26.20 |

**PHASE VI**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 2/11/19 | Bruce Brown | Work on discovery; prepare interrogatories and document requests; telephone calls and emails about scope of discovery and other procedural issues. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 2/12/19 | Bruce Brown | Extensive telephone call with J. Chanlder about strategy; legal research on "mandate"; telephone conference with M. Marks about whether to initiate dicovery before "mandate", preservation issues, status of old motion for additional injunctive relief. | 2.8 | $625.00 | $1,750.00 | |
| CGG Curling | 2/13/19 | Bruce Brown | Conference with M. Marks on discovery. | 0.5 | $625.00 | $312.50 | |
| CGG Curling | 2/15/19 | Bruce Brown | Telephone conference with M. Marks and R. McGuire about strategy, including timing of discovery launch. | 0.3 | $625.00 | $187.50 | |
| CGG Curling | 2/17/19 | Bruce Brown | Review and revise letter to V. Russo and B. Tyson regarding BMDs. | 0.7 | $625.00 | $437.50 | |
| CGG Curling | 2/18/19 | Bruce Brown | Review and revise letter to V. Russo and B. Tyson regarding BMDs. | 1.4 | $625.00 | $875.00 | |
| CGG Curling | 3/20/19 | Bruce Brown | Consider expedited discovery in advance of mandate, legal research about discovery timing, emails regarding same (1.5); outline and draft strategy memo for litigation and transmit to R. McGuire. | 2.3 | $625.00 | $1,437.50 | |
| CGG Curling | 3/21/19 | Bruce Brown | Multiple emails and telephone calls about planning and scheduling the "meet and confer" with defendants' counsel (1.2); consider drafting demand letter outlining claims (.5). | 1.7 | $625.00 | $1,062.50 | |
| CGG Curling | 3/22/19 | Bruce Brown | Emails with opposing counsel about meet and confer (.2); work on demand letter and emails with team regarding same (.8). | 1 | $625.00 | $625.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 3/23/19 | Bruce Brown | Further work on demand letter; multiple communications with M. Marks about new legislation, BMDs, auditability and mechanics. | 3.5 | $625.00 | $2,187.50 |
| CGG Curling | 3/24/19 | Bruce Brown | Finalize demand letter to Russo and others. | 1.8 | $625.00 | $1,125.00 |
| CGG Curling | 3/25/19 | Bruce Brown | Emails about discovery. | 0.2 | $625.00 | $125.00 |
| CGG Curling | 3/26/19 | Bruce Brown | Draft Request for Production of Documents to Secretary Raffensperger (for GEMS database) and circulate to R. McGuire and M. Marks; emails to V. Russo about upcoming elections schedule. | 2.4 | $625.00 | $1,500.00 |
| CGG Curling | 3/27/19 | Bruce Brown | Finalize and circulate discovery; telephone calls about discovery with B. Tyson and, separately, K. Burwell. | 1.1 | $625.00 | $687.50 |
| CGG Curling | 3/28/19 | Bruce Brown | Telephone conferences with M. Marks about, and then telephone conference with D. Cross and C. Chappel. | 2.3 | $625.00 | $1,437.50 |
| CGG Curling | 3/29/19 | Bruce Brown | Review rules on third-party discovery; draft notice of third-party discovery; emails to M. Marks regarding same. | 1.5 | $625.00 | $937.50 |
| CGG Curling | 4/1/19 | Bruce Brown | Draft, revise and finalize substantive letter to V. Russo concerning fundamental problems with the BMDs (1.5); prepare for "meet and confer" conference with Defendants' counsel, and communications with C. Chappel regarding same (1.0); conference call with opposing counsel and follow-up thereto (.6). | 3.1 | $625.00 | $1,937.50 |
| CGG Curling | 4/2/19 | Bruce Brown | Work drafting Status Report for the Court; email to V. Russo about election schedule; email about expert opinions on BMDs; further work on status report. | 2.8 | $625.00 | $1,750.00 |
| CGG Curling | 4/4/19 | Bruce Brown | Prepare for hearing; draft memo on BMDs; review file; telephone call with D. Cross and C. Chapple; draft discovery. | 5.5 | $625.00 | $3,437.50 |
| CGG Curling | 4/6/19 | Bruce Brown | Work on status report (1.9); extensive telephone conference with M. Marks about status report and litigation plan (1.0). | 2.9 | $625.00 | $1,812.50 |
| CGG Curling | 4/7/19 | Bruce Brown | Work on status report, schedule and preparation for hearing. | 2.5 | $625.00 | $1,562.50 |
| CGG Curling | 4/8/19 | Bruce Brown | Additional work on status report. | 1.1 | $625.00 | $687.50 |
| CGG Curling | 4/9/19 | Bruce Brown | Substantial revisions to status report (2.5); emails and telephone calls with Curling team regarding Status Report and planned schedule (.5); further preparation for hearing and conference with M. Marks (.5); revise and file Status Report (1.5); travel to and from hearing, attend hearing and conference after hearing (2.5). | 7.5 | $625.00 | $4,687.50 |
| CGG Curling | 4/12/19 | Bruce Brown | Review defendants' response to status report; telephone call with M. Marks regarding same; telephone call with D. Cross about response and proposing our own schedule; review and revise draft schedule. | 2.5 | $625.00 | $1,562.50 |
| CGG Curling | 4/15/19 | Bruce Brown | Finalize third-party discovery to Morgan County; telephone call to C. Henry (outside counsel to Morgan County) regarding same; review 30b6 topic list; meet with M. Marks about discovery.i | 2.8 | $625.00 | $1,750.00 |
| CGG Curling | 4/17/19 | Bruce Brown | Emaill to Morrison Foerster about timing of filing of preliminary injunction and communications with client regarding same. | 0.2 | $625.00 | $125.00 |
| CGG Curling | 4/18/19 | Bruce Brown | Work on amended motion for preliminary injunction; draft and revise outline with M. Marks; email to D. Cross about single brief; emails about scope of relief. | 2.4 | $625.00 | $1,500.00 |
| CGG Curling | 4/22/19 | Bruce Brown | Review Professor Appel paper on audits  (cost split with election contest case). | 0.3 | $625.00 | $187.50 |
| CGG Curling | 4/24/19 | Bruce Brown | Review, analysis and revision of affidavit of A. McReynolds and transmit comments with extensive email to M. Marks; email to D. Cross regarding same. | 1.6 | $625.00 | $1,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 5/2/19 Bruce Brown | Review Curling brief; multiple emails with team about next steps; consider State Defendants' motion to quash and response to it; conference with M. Marks. | | 2.4 | $625.00 | $1,500.00 |
| CGG Curling | 5/13/19 Bruce Brown | Review draft brief in support of MPI from MoFo ; draft extensive email to D. Cross about differences in relief sought; further work on matter. | | 1.5 | $625.00 | $937.50 |
| CGG Curling | 5/14/19 Bruce Brown | Draft and file brief in response to motion to quash; extensive work on proposed relief; numerous communications with M. Marks and D. Cross. | | 3.5 | $625.00 | $2,187.50 |
| CGG Curling | 5/15/19 Bruce Brown | Draft, revise and circulate motion to open discovery and proposed order. | | 2 | $625.00 | $1,250.00 |
| CGG Curling | 5/15/19 Bruce Brown | Further work on motion to open discovery; numerous emails and telephone calls with M. Marks and D. Cross regarding same; finalize motion and file. | | 3.5 | $625.00 | $2,187.50 |
| CGG Curling | 5/16/19 Bruce Brown | Substantial work on proposed remedy and emails with team about Curling's approach regarding scanners. | | 1.5 | $625.00 | $937.50 |
| CGG Curling | 5/18/19 Bruce Brown | Work on proposed relief; emails with D. Cross and M. Marks. | | 1 | $625.00 | $625.00 |
| CGG Curling | 5/19/19 Bruce Brown | Work on proposed remedy; draft extensive email to D. Cross explaining need to specify scanner; follow up emails. | | 1.5 | $625.00 | $937.50 |
| CGG Curling | 5/20/19 Bruce Brown | Review and edit affidavits; emails with D. Cross about proposed relief; continued work on brief. | | 4.2 | $625.00 | $2,625.00 |
| CGG Curling | 5/21/19 Bruce Brown | Substantial email to MoFo on CGG's briefing, including summary of new sections and recommendation that CGG file separate brief; review Judge Totenberg's Order; further substantial work on subpoenas and discovery. | | 2.5 | $625.00 | $1,562.50 |
| CGG Curling | 5/22/19 Bruce Brown | Draft new subpoena for Morgan County and subpoena for Rockdale County and work with T. Greenwald regarding service; telephone conference with D. Cross and C. Chapple; telephone calls and emails regarding conference with the court. | | 2.8 | $625.00 | $1,750.00 |
| CGG Curling | 5/23/19 Bruce Brown | Prepare for and meet with The Lawyers' Committee about strategy and planning for the case; review discovery needs and staffing. | | 5.5 | $625.00 | $3,437.50 |
| CGG Curling | 5/24/19 Bruce Brown | Prepare for and participate in telephone conference with Judge Totenberg (1.0); extensive follow up discussions with co-counsel (.5); emails and telephone discussion with M. Marks about next steps and substance of follow up brief on necessary parties (1.9); work on brief (1.0). | | 4.4 | $625.00 | $2,750.00 |
| CGG Curling | 5/25/19 Bruce Brown | Work on analysis of proper party defendants. | | 1 | $625.00 | $625.00 |
| CGG Curling | 5/26/19 Bruce Brown | Work on brief in support of motion for preliminary injunction (1.5); work on issue of proper parties, including numerous emails with M. Marks about her knowledge of Georgia procedure and election rules. | | 3 | $625.00 | $1,875.00 |
| CGG Curling | 5/27/19 Bruce Brown | Further work on outline of brief in support for motion for preliminary injunction and communications with M. Marks regarding same; work on discovery plan; extensive work on "proper parties" brief. | | 3.8 | $625.00 | $2,375.00 |
| CGG Curling | 5/28/19 Bruce Brown | Further work preliminary injunction brief, particularly ballot secrecy issue (3.5); substantial work completing, revising, editing, and finalizing brief regarding proper parties, including review of J. Powers' edits and comments (3.0). | | 6.5 | $625.00 | $4,062.50 |
| CGG Curling | 5/29/19 Bruce Brown | Finalize and file brief on proper parties (.5); extensive work on planning for conference with Judge Totenberg, including additional filings and scheduling changes; emails to MoFo about schedule change. | | 2.5 | $625.00 | $1,562.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 5/30/19 Bruce Brown | Email to team about lawyers-only meeting with the Court and how to address CGG's changes to the schedule with MoFo and the Court (.8); draft email to M. Marks regarding same (.3); draft email to D. Cross regarding same (.2); review cases on ballot secrecy (.5). | 1.8 | $625.00 | $1,125.00 | |
| CGG Curling | 5/31/19 Bruce Brown | Work with team to prepare for conference with Judge Totenberg (.5); work on ballot secrecy issues (.8); review Curling MPI and extensive analysis of same and memo to team regarding same (1.5). | 2.8 | $625.00 | $1,750.00 | |
| CGG Curling | 6/1/19 Bruce Brown | Communications with M. Marks and team about conference with Judge Totenberg (.8); legal research on anonymous ballot (2.5); finalize memo (section of brief) addressing ballot secrecy (.8). | 4.1 | $625.00 | $2,562.50 | |
| CGG Curling | 6/4/19 Bruce Brown | Review substantial number of emails from Mr. Martin, Deputy Clerk, State Defendants, M. Marks, D. Cross, C. Ichter, E. Rozenberg on: service of document requests; 30b6 depositions; scheduling of the preliminary injunction hearing; and further work on the motion for preliminary injunction; email exchange with D. Cross; email to Mr. Martin. | 4 | $625.00 | $2,500.00 | |
| CGG Curling | 6/5/19 Bruce Brown | Prepare for telephone call with team on discovery; review Judge Totenberg's standing order on protective orders and discovery disputes; review outline of brief; emails with R. McGuire about ballot secrecy section; participate in conference call with J. Powers and team on discovery. | 2.2 | $625.00 | $1,375.00 | |
| CGG Curling | 6/6/19 Bruce Brown | Review discovery plan and emails with team regarding same. | 0.8 | $625.00 | $500.00 | |
| CGG Curling | 6/7/19 Bruce Brown | Work on motion for preliminary injunction brief outline (.8); work on discovery to defendants on unique identifiers (.4); review and edit A. McReynolds declaration (.5); review and edit C. Hoke declaration and email to C. Hoke (.6); emails regarding discovery conference and M. Marks attendance (.3). | 2.6 | $625.00 | $1,625.00 | |
| CGG Curling | 6/8/19 Bruce Brown | Review and revise interrogatories to Defendants on undervotes and unique identifiers (.8); emails about discovery conference and strategy (.7). | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 6/9/19 Bruce Brown | Review transcript of Judge Totenberg's hearing on discovery and email to client regarding implication of same on scope of relief and presentation (.7); work on order of proof (1.3); work on V. Martin declaration and emails regarding same (.6). | 2.6 | $625.00 | $1,625.00 | |
| CGG Curling | 6/10/19 Bruce Brown | Prepare discovery plan and further work on order of proof (4.1); email about protective order (.2); work on discovery of GEMS database and unique identifiers and prepare for Rule 26 conference (3.8); attend Rule 26 conference and follow-up work relating thereto (1.5). | 9.6 | $625.00 | $6,000.00 | |
| CGG Curling | 6/11/19 Bruce Brown | Continual work on the case including emails with K. Anderson about protective order; email about M. Barnes deposition scheduling; work drafting, editing and finalizing RPDs to the State Defenandants; draft and edit Bartow County subpoena; work on race-based claims with the Lawyers' Committee; emails to V. Russo about new system implementation; further work on discovery (actual time over 9 hours). | 8 | $625.00 | $5,000.00 | |

1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 6/11/19 | Bruce Brown | Emails about and extensive telephone conference with M. Marks about spoliation claim and related discovery (2.5); draft and revise discovery relating thereto; extensive work on potential amendments; further work on matter. | 4.4 | $625.00 | $2,750.00 | |
| CGG Curling | 6/12/19 | Bruce Brown | Further continuing work on all aspects of case, including outlining brief in support of motion (2.9); work on protective order (.4); emails about discovery to Bartow and Rockdale counties (.4); draft and revise subpoena to counties (.2); emails about Barnes and Barron depositions and related issues (.8); revise requests to admit (.5); multiple communications about State's refusal to disclose information on new system implementation (1.0). | 6.2 | $625.00 | $3,875.00 | |
| CGG Curling | 6/13/19 | Bruce Brown | Work on joint discovery plan (1.5); extensive communications with client about protective order terms (1.3); communications about Barron and Barnes depositions (.5); continue work on declarations in support of brief and brief (3.1). | 6.4 | $625.00 | $4,000.00 | |
| CGG Curling | 6/14/19 | Bruce Brown | Substantial work on brief; work on proposed discovery plan; work on discovery to counties; emails to V. Russo about depositions; review draft discovery dispute statement (actual time 9 plus). | 8.5 | $625.00 | $5,312.50 | 0.5 |
| CGG Curling | 6/15/19 | Bruce Brown | Further work on brief; work on C. Hoke declaration and emails regarding same; draft introductory paragraph. | 5.8 | $625.00 | $3,625.00 | |
| CGG Curling | 6/16/19 | Bruce Brown | Work on brief; further work on declarations; extensive work on argument relating to undervote in African American precincts; draft discovery plan and circulate to the Lawyers' Committee team and to M. Marks; further work on matter. | 4.2 | $625.00 | $2,625.00 | |
| CGG Curling | 6/17/19 | Bruce Brown | Continual work on motion for preliminary injunction, including working on Lt. Governor section of the brief; considering pre-filing evidence; work with C. Hoke on declaration; email to Fulton County counsel; work on secret ballot section of the brief; further work on discovery plan; email to C. Miller for GEMS database production (actual time 9 plus). | 7 | $625.00 | $4,375.00 | 2 |
| CGG Curling | 6/18/19 | Bruce Brown | Further work on all matters in the case, including protective order, GEMS discovery dispute, declaration of C. Hoke, drafting electronic pollbooks section of the brief; numerous communications with opposing counsel and clients; prepare substantial pre-filing of evidence. | 8.6 | $625.00 | $5,375.00 | |
| CGG Curling | 6/19/19 | Bruce Brown | Finalize pre-filing of evidence; continue working on brief; review submission on discovery dispute and emails to D. Brody and M. Marks regarding same; conference call with Defendants' counsel on GEMS database; further work on brief. | 6.4 | $625.00 | $4,000.00 | |
| CGG Curling | 6/20/19 | Bruce Brown | Substantial work on brief, incliding drafting major sections and editing others, and multiple communications with Lawyers' Committee, M. Marks; further major revisions (actual time 10 plus). | 6 | $625.00 | $3,750.00 | 4 |
| CGG Curling | 6/21/19 | Bruce Brown | Substantial work finalizing and filing brief; draft and revise proposed order and motion; substantial discussion wit E. Rosenberg and team about ballot secrecy issue; finalize and file brief (actual tie 12.5 plus). | 10.8 | $625.00 | $6,750.00 | 1.7 |
| CGG Curling | 6/22/19 | Bruce Brown | Outline topics for Ledford and Barnes deposition; numerous emails with team to plan discovery. | 1.2 | $625.00 | $750.00 | |

| | | | | | |
|---|---|---|---|---|---|
| CGG Curling | 6/23/19 Bruce Brown | Draft and circulate emails on upcoming discovery; emails to Curling team regarding depositions; email to D. Brody about protective order status. | 1.2 | $625.00 | $750.00 |
| CGG Curling | 6/24/19 Bruce Brown | Draft and circulate email to B. Tyson about L. Ledford deposition; email to D. Brody and then Curling about protective order; conference call with Defendants' counsel regarding protective order; conference with M. Marks to plan discovery and hearing preparation; email to J. Powers about initial disclosures. | 5.5 | $625.00 | $3,437.50 |
| CGG Curling | 6/25/19 Bruce Brown | Draft and revise substantive email to C. Correia about FBI's image of elections.kennesaw.edu server; substantial preparation for Barnes deposition; work on discovery disputes. | 3.8 | $625.00 | $2,375.00 |
| CGG Curling | 6/26/19 Bruce Brown | Letter to Judge Totenberg; prepare for Barnes deposition; substantial work relating to subpoenas to counties. | 4.5 | $625.00 | $2,812.50 |
| CGG Curling | 6/27/19 Bruce Brown | Prepare for and take M. Barnes deposition; prepare for J. Doran deposition. | 9 | $625.00 | $5,625.00 |
| CGG Curling | 6/28/19 Bruce Brown | Prepare for J. Doran deposition; travel to Athens; take J. Doran deposition; conference call hearing with Judge Totenberg about GEMS discovery; travel to Atlanta (actual time 9 plus). | 8 | $625.00 | $5,000.00 |
| CGG Curling | 6/29/19 Bruce Brown | Work on GEMS discovery brief; emails with D. Cross and M. Marilyn about server and database issues; address issue of why clients, not just experts, need to see database; emails with D. Brody about brief; conference call with A. Halderman and M. Bernhard about GEMS database issues. | 4.8 | $625.00 | $3,000.00 |
| CGG Curling | 6/30/19 Bruce Brown | Work on GEMS database discovery brief. | 2 | $625.00 | $1,250.00 |
| CGG Curling | 7/1/19 Bruce Brown | Work on GEMS brief; edit D. Brody draft and transmit to D. Cross; review D. Cross and A. Halderman edits (4.8); emails to J. Power and M. Marks about pending discovery issues (.9); email to C. Ichter about spoliation (.5); email to team and D. Cross about M. Beaver deposition and other discover issues (.5). | 6.7 | $625.00 | $4,187.50 |
| CGG Curling | 7/2/19 Bruce Brown | Review Judge Jones' opinion in Fair Fight case and email to team, and D. Cross, regarding same; telephone discussion with J. Powers about initial disclosures; conference call with Fair Fight about common interests; telephone calls with counsel representing third party churches; review Judge Totenberg's decision on discovery and multiple discussions over email and telephone about how to respond with clients, Curling and experts. | 6.5 | $625.00 | $4,062.50 |
| CGG Curling | 7/3/19 Bruce Brown | Work on Plaintiffs' Proposal Regarding Security Protocols for Review of GEMS Database, including drafting with Curling team, multiple discussions with experts and clients. | 3.5 | $625.00 | $2,187.50 |
| CGG Curling | 7/4/19 Bruce Brown | Work on supplemental pleading on W. Digges; numerous communications about protective order with M. Marks and D. Brody; numerous emails with M. Marks about protective order terms; emails about ES&S contract and contractors. | 5.5 | $625.00 | $3,437.50 |
| CGG Curling | 7/5/19 Bruce Brown | Work on GEMS discovery dispute, including emails and telephone calls with defendants, D. Cross and M. Marks; prepare, revise and serve subpoena to ES&S and emails to defendants regarding same; emails and telephone calls regarding A. Halderman deposition; telphone call with defendant laywers; prepare filing regarding Digges. | 5.8 | $625.00 | $3,625.00 |

| | | | | | |
|---|---|---|---|---|---|
| CGG Curling | 7/6/19 Bruce Brown | Substantial work on GEMS discovery issues; planning for Bartow County deposition, including possibility of witness bringing a DRE machine; emails with J. Belinfante about discovery to third-party churches. | 3.8 | $625.00 | $2,375.00 |
| CGG Curling | 7/7/19 Bruce Brown | Work on discovery of Bartow County (.2); substantial work on reply brief relating to GEMS discovery, including multiple conferences with M. Marks and D. Cross and team; draft and revise brief; email to C. Ichter about spoliation brief and theory; draft proposed order on GEMS and transmit to D. Cross. | 5.8 | $625.00 | $3,625.00 |
| CGG Curling | 7/8/19 Bruce Brown | Substantial work on GEMS discovery, including Phase I document discovery, including drafting briefs, emails, proposed orders, and planning conference calls; emails with D. Cross on Shamos and Halderman discovery; substantial work on discovery to third party churches. | 8.8 | $625.00 | $5,500.00 |
| CGG Curling | 7/9/19 Bruce Brown | Continued work on GEMS discovery, including preparation for call with defense counsel, preparation of brief for filing on Phase I documents, numerous telephone conversations with D. Cross, M. Marks, M. Bernhard and A. Halderman (4.5); work on responses to third party subpoenas, including calls to Fair Fight and Common Cause lawyers and consideration of filing a motion to quash (1.5); further work on discovery to third parties (1.6); review Judge's order on GEMS discovery and emails and telephone calls about how to execute (1.1. | 8.7 | $625.00 | $5,437.50 |
| CGG Curling | 7/10/19 Bruce Brown | Draft, revise and circulate substantive email to defendants on terms of the proposed protective order, including First Amendment objection to retroactivity provision (1.2); emails about M. Bernhard deposition (.3); multiple emails and calls about plans for DB review and clarification of the Court's order, and non-confidential data extraction (2.5); review State's "mootness" brief (Doc. 466) and multiple emails and telephone conversations about planned response, including working with C. Chapple and D . Cross to draft, revise and file Doc. 470, Plaintiffs' Response to Minute Order (2.8); review Defendants' response brief and substantive email to team about the reply (1.5); draft response to V. Russo's suggestion that hearing needs to be delayed so that Dr. Shamos can be ready for his deposition (.1). | 8.4 | $625.00 | $5,250.00 |
| CGG Curling | 7/11/19 Bruce Brown | Review Defendants' Brief in Response to Motion for Preliminary Injunction and start work on reply; email regarding elections at issue; email to J. Belinfante regarding spoliation; prepare for and teleconference with Judge Totenberg on Phase I GEMS data dispute; email to D. Cross about expert review at Ann Arbor; multiple calls with A. Halderman, M. Marks, D. Cross etc. about document extraction; draft, revise and submit operative command language to Ms. Cole; participate in conference call and follow up thereto; extensive work with Curling team on protocol for GEMS database review and extraction; detailed email to M. Bernhard and R. Wilson regarding protocols (actual time 9 plus; 8.2 billed); review and edit motion to quash subpoena to third party churches (1.2). | 9.4 | $625.00 | $5,875.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 7/12/19 Bruce Brown | Work on reply brief, including telephone calls with all counsel and M. Marks; circulate list of tasks; begin drafting section on municipal elections and what's at stake; emails with A. McReynolds about her testimony; emails with C. Ichter about spoliation; emails with L. Bryan about witnesses on voting problems. | 8.5 | $625.00 | $5,312.50 | |
| CGG Curling | 7/13/19 Bruce Brown | Communications with M. Bernhard and D. Cross about Defendants' misrepresentations as to how unique the Georgia GEMS database is (.7); work on reply brief (4.9). | 5.6 | $625.00 | $3,500.00 | |
| CGG Curling | 7/14/19 Bruce Brown | Extensive work on GEMS extraction protocols, including numerous telephone calls and emails with D. Cross, A. Halderman, M. Bernhard and M. Marks, and emails to Defendants' counsel about issues to be resolved per Court's instructions on July 15 or submitted to the Court for determination (4.1); emails and telephone calls about Barnes deposition (.8); emails about Curling and Coalition remedies (1.5); work on reply brief, including ADA section, spoliation section, impact on municipalities, implementation section, and other sections of the brief (3.8 billed, actual time 5 plus). | 10.2 | $625.00 | $6,375.00 | 1.2 |
| CGG Curling | 7/15/19 Bruce Brown | Draft response to document requests and start responses to interrogatories (1.1); prepare for and participate in call with defense counsel on GEMS discovery and follow up conversation with Curling lawyers regarding same (1.5); work on reply, including ballot secrecy, implementation, and all other sections (6.0 billed, actual time 8.5 plus). | 8.6 | $625.00 | $5,375.00 | 2.5 |
| CGG Curling | 7/16/19 Bruce Brown | Further work on reply brief (actual time 12 plus). | 11 | $625.00 | $6,875.00 | 1 |
| CGG Curling | 7/17/19 Bruce Brown | Work on witness list and time of testimony with M. Marks and D. Cross (2.1); work on response to document requests and interrogatories (1.5); work on corrective notice of filing (.5, actual time 1.3); work on reply brief (7.5, actual time 9.5). | 11.6 | $625.00 | $7,250.00 | 2 |
| CGG Curling | 7/18/19 Bruce Brown | Draft major sections of Reply Brief; review and edit entire draft; finalize and file (6.4); further work on case, including letter to Judge Totentberg, telephone calls about witnesses and Dr. Shamos, work on interrogatory responses; prepare for hearing (3.3). | 9.7 | $625.00 | $6,062.50 | |
| CGG Curling | 7/19/19 Bruce Brown | Email to J. Belinfante about defendants' discovery requests to Ebenezer church and others; review joint discovery statement on third party discovery; review and analysis of Curling reply brief; consider plaintiffs' remedies and email to D. Cross regarding issues and remedies; work planning the hearing and outlining testimony. | 5.5 | $625.00 | $3,437.50 | |
| CGG Curling | 7/20/19 Bruce Brown | Prepare for hearing, including telephone conference with J. Power and M. Marks about witnesses; numerous emails with J. Belinfante about production of RFP documents; numerous communications with D. Cross about how to approach remedies (3.8); mutliple emails and telephone calls about public media attacks on State's position (not billed). | 3.8 | $625.00 | $2,375.00 | |
| CGG Curling | 7/22/19 Bruce Brown | Prepare for hearing. | 11.8 | $625.00 | $7,375.00 | |
| CGG Curling | 7/23/19 Bruce Brown | Prepare for hearing (actual time 13 plus). | 11 | $625.00 | $6,875.00 | 2 |
| CGG Curling | 7/24/19 Bruce Brown | Prepare for hearing (actual time 13 plus). | 11 | $625.00 | $6,875.00 | 2 |
| CGG Curling | 7/25/19 Bruce Brown | Prepare for first day of preliminary injunction hearing; attend hearing; prepare for second day of preliminary injunction hearing (actual time 14 plus). | 12 | $625.00 | $7,500.00 | 2 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CGG Curling | 7/26/19 | Bruce Brown | Prepare for day two of injunction hearing; attend injunction hearing (actual time 15.5). | 14 | $625.00 | $8,750.00 | 1.5 |
| CGG Curling | 7/29/19 | Bruce Brown | Review State's announcement on new contract; multiple communications about potential response; draft response brief and emails about content; draft section on why these BMDs violate Georgia law; draft section on why Coalition's remedy is the only feasible and constitutional alternative. | 4.6 | $625.00 | $2,875.00 | |
| CGG Curling | 7/30/19 | Bruce Brown | Revise and finalize brief in response to State's announcement (3.2); telephone calls and emails about State's misleading video (.5); review State's response on spoliation and emails regarding our reply (1.5). | 5.2 | $625.00 | $3,250.00 | |
| CGG Curling | 7/31/19 | Bruce Brown | Work on spoliation reply brief with C. Ichter; review record for determination of status of non-confidential document extraction and emails to D. Cross regarding same. | 2.2 | $625.00 | $1,375.00 | |
| CGG Curling | 8/1/19 | Bruce Brown | Work on spoliation reply brief, including editing C. Ichter draft and emails regarding same; factual research relating to M. Barnes' statements; further work on draft. | 2.9 | $625.00 | $1,812.50 | |
| CGG Curling | 8/2/19 | Bruce Brown | Emails about transcript distribution; work on protocol for GEMS database extraction to non-experts; circulate draft protocol; emails to M. Marks regarding same; transmit to D. Cross and then to B. Tyson. | 2.3 | $625.00 | $1,437.50 | |
| CGG Curling | 8/3/19 | Bruce Brown | Emails to Defendants about extraction protocol. | 0.1 | $625.00 | $62.50 | |
| CGG Curling | 8/7/19 | Bruce Brown | Emails regarding extraction protocol for GEMS databases (.8); extended conference with team about next steps on GEMS, BMDs, certification, discovery, etc. (1.5); follow up on third-party discovery to KSU and ES&S with the LC (.7). | 3 | $625.00 | $1,875.00 | |
| CGG Curling | 8/7/19 | Bruce Brown | Review and edit Curling objection to Secretary's attempt to keep GEMS data under seal (.5); review email from Judge Totenberg, via H. Cole and, with M. Marks, review record and transcript for proper response, draft and revise email to H. Cole (.8). | 1.3 | $625.00 | $812.50 | |
| CGG Curling | 8/8/19 | Bruce Brown | Numerous communications concerning FBI's delivery of image of wiped KSU server. | 0.8 | $625.00 | $500.00 | |
| CGG Curling | 8/11/19 | Bruce Brown | Emails to M. Marks about AEO material, protective order, and GEMS database discovery. | 0.9 | $625.00 | $562.50 | |
| CGG Curling | 8/13/19 | Bruce Brown | Telephone conference with M. Marks and R. Maguire about confidential matters relating to FBI server.; review emails; further work on matter. | 1.5 | $625.00 | $937.50 | |
| CGG Curling | 8/15/19 | Bruce Brown | Review Judge Totenberg's Order granting motion for preliminary injunction in part; numerous telephone calls about decision and next steps; further review of order; review emails about sanctions. | 3 | $625.00 | $1,875.00 | 502.60 |
| | | | **PHASE VII** | | | | |
| CGG Curling | 8/17/19 | Bruce Brown | Fee application: review authorities; review Judge Totenberg's decision on fees in the Mural Case; review Supreme Court cases on enhancement; draft extensive memo to team on preparing fee application; review Local Rule provisions on two-phased motions; further work on fee application issues. | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 8/18/19 | Bruce Brown | Review de-certification petition; emails with D. Cross about discovery motion; emails about whether to submit de-certification petition to the Court. | 1.5 | $625.00 | $937.50 | |

| | | | | | |
|---|---|---|---|---|---|
| CGG Curling | 8/21/19 Bruce Brown | Work on fee petition, including emails to other counsel and legal research (1.5); consider motion for clarification or status conference regarding implementation issues (.8). | 2.3 | $625.00 | $1,437.50 |
| CGG Curling | 8/22/19 Bruce Brown | Work on motion for fees, including legal research on entitlement. | 2.8 | $625.00 | $1,750.00 |
| CGG Curling | 8/23/19 Bruce Brown | Motion for fees: further legal research and drafting of motion; extensive telephone discussion with M. Marks on fees; email to counsel about fees; email to counsel about enhancement (3.5); work on discovery, FBI server, and other issues, including motion for clarification (.9). | 4.4 | $625.00 | $2,750.00 |
| CGG Curling | 8/26/19 Bruce Brown | Draft, revise and circulate draft status report; review edits, revise, and file; substantial revisions to Joint Discovery statement on FBI Server and then revise same and circulate. | 4.7 | $625.00 | $2,937.50 |
| CGG Curling | 8/27/19 Bruce Brown | Revise and circulate Motion for Fees (2.5); prepare for and participate in conference call with Judge Totenberg and follow up thereto (2.0); emails to team and to D. Cross about motion for fees (.5); draft reply brief on issue of discovery of FBI Image (.2). | 5.2 | $625.00 | $3,250.00 |
| CGG Curling | 8/28/19 Bruce Brown | Further work on initial ("Special") Motion for Fees, including consideration of enhancement and fees for successful defense of appeal; telephone call with M. Marks and team on expenses, rates and fees; review and circulate brief (3.7). | 3.7 | $625.00 | $2,312.50 |
| CGG Curling | 8/29/19 Bruce Brown | Edit and finalize fee petition, including collecting rates and hours from each firm, assessing resonble expenses, and tabulating and circulating for review total figures; revise, circulate, edit and file brief (3.5); other work on matter, including review of numbeous email on discovery and pending motions (.8); telephone conference with M. Marks about strategy and next steps (.5). | 4.8 | $625.00 | $3,000.00 |
| CGG Curling | 8/30/19 Bruce Brown | Work on fee substantiation and documentation, including emails regarding selection of expert witness (.5); extensive work on joint brief about server discovery, including review and revision of brief and R. Wilson declaration, and multiple emails or telephone calls with R. Wilson, A. Halderman, M. Marks, D. Cross and A. Uhler (3.1). | 3.6 | $625.00 | $2,250.00 |
| CGG Curling | 9/1/19 Bruce Brown | Draft and revise memorandum on unconstitutionality of presumption of validity of election results and circulate to R. McGuire and M. Marks. | 1.5 | $625.00 | $937.50 |
| CGG Curling | 9/2/19 Bruce Brown | Extensive discussion with M. Marks about North Carolina situation (.5 not billed); review strategy and priorities in Curling, including how and when to advance clarification or reconsideration of injunctive relief (.7); work on priorities and review emails about sanctions and other issues (.4). | 1.1 | $625.00 | $687.50 |
| CGG Curling | 9/4/19 Bruce Brown | Multiple communications following up on proposed changes to Judge Totenberg's Order to address First Quarter 2020 elections, use of GEMS, and epollbook changes, including emails and calls to B. Tyson, M. Marks, V. Russo, D. Cross, and revise proposed proposed order (2.3); review and revise motion for sanctions (1.5). | 3.8 | $625.00 | $2,375.00 |

118.6

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 9/5/19 Bruce Brown | Multiple communications about whether and how to clarify order to ensure Defendants' compliance with objective of developing a real backup plan; prepare for conference with defendants; telephone "meet and confer" with Defendants' counsel; emails with D. Cross and CGG team regarding same; extended telephone calls with CGG team about next steps and shape of motion to reconsider (actual time 4.4, reduced to 2.0) | 2 | $625.00 | $1,250.00 | 2.4 |
| CGG Curling | 9/6/19 Bruce Brown | Substantial work on the supplemental complaint, including reviewing drafts, emails with M. Marks and R. McGuire, revisions to supplemental complaint, researching document evidence; review and revise motion for leave; further work on all papers, finalize and file (8; actual time 9 plus, not billed); emails about Defendants' filings under seal (.2). | 0.2 | $625.00 | $125.00 | 8 |
| CGG Curling | 9/7/19 Bruce Brown | Review and analysis of State's Response Brief on GEMS discovery; forward same to M. Marks; email to counsel about unsealing the brief (.6); extensive conference with M. Marks about implementation of injunctive relief, problems with pilot, issues with certification and other obstacles that the State will face, and to ensure State complies with the Order (2.0); conference with M. Marks on Supplemental Complaint, BMDs, Martin fees and the LC, and related issues (1.0, not billed). | 2.6 | $625.00 | $1,625.00 | |
| CGG Curling | 9/8/19 Bruce Brown | Further work on motion for sanctions; review M. Marks' edits and further revisions; transmit to D. Cross (1.8); work on fee application, including legal research and emails about fee experts (.8). | 4.6 | $625.00 | $2,875.00 | |
| CGG Curling | 9/9/19 Bruce Brown | Draft outline of motion for reconsideration/regarding implementation; telephone calls and research regarding Rule 59(e) option (2.3); telephone calls and emails regarding potential fee experts (.2). | 2.5 | $625.00 | $1,562.50 | |
| CGG Curling | 9/10/19 Bruce Brown | Work on Rule 59(e) motion and brief, including drafting the motion, legal research on types of relief appropriate under Rule 59(e), plaintiffs' right to monitor, and Rule 59(e) standards; start drafting brief (3.4); legal research on fees motion, including review of Kennedy v. Crittenden and other cases where fees were enhanced because of undesirability of the case (.5). | 3.9 | $625.00 | $2,437.50 | |
| CGG Curling | 9/11/19 Bruce Brown | Revise Rule 59(e) motion and brief in support of motion and circulate to R. McGuire and MRM; email to B. Tyson about what system State planned to use for runoffs of pilots; draft and revise tactical incompetence section; extensive discussion and communications about the State's failure to plan on First Quarter 2020 elections and what to do about it in the Rule 59 motion; review brief and further discussions on framing of requested relief; emails about whether to include relief relating to failure of state to obtain state certification and legal research as to whether abstention doctrines apply (4.5); emails about rates for fee application and briefing schedule for responses to Special Motion (.4). | 4.6 | $625.00 | $2,875.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 9/12/19 Bruce Brown | Continue drafting and revising Rule 59(e) motion and brief, including generating and circulating new draft for review;transmit to E. Rosenberg;  considering comments from team; review S. Harvey memo; review M. Marks declaration; continued revision and finalization of motion papers (4.5 (actual time 6 plus)); emails about supplemental complaint, discovery, and K. Anderson proposal (.3, not billed). | 4.5 | $625.00 | $2,812.50 | 0.3 |
| CGG Curling | 9/15/19 Bruce Brown | Further discussions about Rule 59(e) motion; legal research regarind same (actual time 4 plus). | 3.5 | $625.00 | $2,187.50 | 1.5 |
| CGG Curling | 9/16/19 Bruce Brown | Draft status report for M. Marks and R. McGuire; review law on bill of costs. | 1 | $625.00 | $625.00 | |
| CGG Curling | 9/17/19 Bruce Brown | Extensive work on fee petition, including multiple emails about Holcomb & Ward; emails about potential expert on fees (R. Remar); legal research on fee petition (2.5); email to K. Burwell on duty to preserve election electronics (.2). | 2.7 | $625.00 | $1,687.50 | |
| CGG Curling | 9/18/19 Bruce Brown | Further work on fee petition, including emails and telephone calls about R. Remar; telephone conference with M. Marks about fee petition; numerous emails about extension request (2.2); work on motion for sanctions and transmit same to Lawyers' Committee (.4). | 2.6 | $625.00 | $1,625.00 | |
| CGG Curling | 9/19/19 Bruce Brown | Review response to motion for leave to amend and emails to M. Marks and R. McGuire regarding reply (.5); on fee application, email to R. Remar, draft, revise and file motion for extension (.5); emails regarding Curling's bill of costs (.2). | 1.2 | $625.00 | $750.00 | |
| CGG Curling | 9/20/19 Bruce Brown | Continue work on fees application. | 3 | $625.00 | $1,875.00 | |
| CGG Curling | 9/21/19 Bruce Brown | check time; perrin was here; not sure what happened | 0.1 | $625.00 | $62.50 | |
| CGG Curling | 9/24/19 Bruce Brown | Work with M. Marks and R. McGuire to finalize and file reply in support of motion for leave to file supplemental complaint (1.0 not billed) | 0 | $625.00 | $0.00 | |
| CGG Curling | 9/25/19 Bruce Brown | Work on fee application, including emails to team and R. Remar; further work on matter. | 1 | $625.00 | $625.00 | |
| CGG Curling | 9/26/19 Bruce Brown | Continued work on fee application, including preparation of material for R. Remar, conference all with R. Remar, email to team; legal research on recoverability of and range of expenses (2.6); review State's response to Rule 59(e) motion (.7). | 3.3 | $625.00 | $2,062.50 | |
| CGG Curling | 9/27/19 Bruce Brown | Work on fee application, including emails to R. Remar, B. Custer, C. Ichter, R. McGuire, W. Ney, Mr. Marks, and review file (1.5); emails with L. Bryan (.1); transmit brief to R. Wilson (.1). | 1.7 | $625.00 | $1,062.50 | |
| CGG Curling | 9/28/19 Bruce Brown | Initial draft of reply brief in support of Rule 59(e) motion; conference call with R. McGuire and M. Marks about same; email to B. Tyson about State's plans for piloted run-offs. | 3.5 | $625.00 | $2,187.50 | |
| CGG Curling | 9/29/19 Bruce Brown | Continued work on fee application, including work on phasing the case and reviewing work for reasonableness and email to R, McGuire and M. Marks regarding same (1.8); work on motion for fee recovery information for motion for sanctions (.5). | 2.3 | $625.00 | $1,437.50 | |
| CGG Curling | 9/30/19 Bruce Brown | Work on narrative for motion for sanctions and draft same into declaration; emails to D. Brody and M. Marks about their costs. | 2.5 | $625.00 | $1,562.50 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| CGG Curling | 10/1/19 Bruce Brown | Work on reply in support of Rule 59(e) motion, including telephone conference with M. Marks and further drafting of brief (2.5); legal research and emails about Rule 65(c)(2) (.5); work on fee application, including work on evidence of rates and associated communications with E. Rosenberg and R. Remar; email to team about documentation for fee application (2). | 5 | $625.00 | $3,125.00 | |
| CGG Curling | 10/2/19 Bruce Brown | Revise draft of Reply Brief in support of Motion for Rule 59(e) Relief and circulate to M. Marks and R. McGuire (2.4); further work on fee petition, including emails about rates (.5); further work on declaration in support of motion for sanctions (1.5); work with M. Marks on revisions to Reply Brief (2.) (Time reduced 1.0). | 3.6 | $625.00 | $2,250.00 | |
| CGG Curling | 10/3/19 Bruce Brown | Further work on Rule 59(e) reply brief, including telephone discussions about epollbooks and voter registration darabases (1.5); further work on fee application, including telephone conversation with R. Remar and review of his draft declaration (.9). | 2.4 | $625.00 | $1,500.00 | |
| CGG Curling | 10/4/19 Bruce Brown | Revise Rule 69 reply brief. | 2.8 | $625.00 | $1,750.00 | |
| CGG Curling | 10/5/19 Bruce Brown | Review Curling motion for preliminary injunction (.5, not billed); further work on motion for sanctions, including revising declaration to correct fee amounts and transmit to D. Cross (.3); work on Rule 59(e) reply and draft, revise and file motion for additional pages (2.6) | 2.9 | $625.00 | $1,812.50 | |
| CGG Curling | 10/6/19 Bruce Brown | Work on Supplemental Brief in Support of Fee Application, including review of early pleadings, consider rand research record of State's positions on various issues; outline brief. | 3.5 | $625.00 | $2,187.50 | |
| CGG Curling | 10/7/19 Bruce Brown | For fee application, review time records from W. Ney and email to him; review time records from the LC and email to E. Rosenberg regarding issues; review submission from R. McGuire (2.3); on Rule 59(e) reply, telephone conversation with M. Marks and further work on draft (.5). | 2.8 | $625.00 | $1,750.00 | |
| CGG Curling | 10/8/19 Bruce Brown | Further work on Rule 59(e) reply; finalize same and file. | 1.3 | $625.00 | $812.50 | |
| CGG Curling | 10/9/19 Bruce Brown | Work on fee application brief (2.0) (time on new MPI not included here). | 2 | $625.00 | $1,250.00 | |
| CGG Curling | 10/11/19 Bruce Brown | Work on fee application; review and organization all declarations; compile time. | 3 | $625.00 | $1,875.00 | |
| CGG Curling | 10/12/19 Bruce Brown | Work on fee application; draft description of work on each phase. | 6.3 | $625.00 | $3,937.50 | |
| CGG Curling | 10/13/19 Bruce Brown | Further work on fee petition; complete description of work in phases; draft and revise section anticipating defendants' response; extensive work on revisions; work on tables of hours; further work on draft (actual time 12.5). | 11 | $625.00 | $6,875.00 | |
| CGG Curling | 10/14/19 Bruce Brown | Edit brief in support of motion for fees; review changes by C. Ichter, E. Rosenberg, R. McGuire and M. Marks. | 3.9 | $625.00 | $2,437.50 | 145.70 |
| | | TOTAL | 954.5 | | $596,562.50 | 954.50 |

Case 1:17-cv-02989-AT Document 1505 Filed 10/16/19 Page 322 of 342

E

X

H

I

B

I

T

2

| Type | Date | Description | Amount |
|------|------|-------------|--------|
| ExpenseEntry | 9/3/18 | Hand Deliveries to Court House and Cobb County | 78.25 |
| ExpenseEntry | 8/4/19 | Georgia Messenger Service three trips in June and July to (a) US Courthouse; (b) Willingham to Mayfair (c) US Courthouse. | 122.81 |
| ExpenseEntry | 8/4/19 | Legal Ease - Morgan County service, Jennifer Doran, Paid BPB Check 1235 | 248 |
| ExpenseEntry | 9/27/19 | Georgia Messenger Service Delivery to Judge Totenberg | 19.95 |
| | | **Total** | 469.01 |

Case 1:17-cv-02989-AT   Document 530-5   Filed 10/16/19   Page 164 of 342

E

X

H

I

B

I

T


D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONNA CURLING, ET AL.,
Plaintiffs,

v.

BRAD RAFFENSPERGER, ET AL.,
Defendants.

Civil Action No. 1:17-CV-2989-AT

## DECLARATION OF CARY ICHTER

Pursuant to 28 U.S.C. §174, I certify under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.     My name is Cary Ichter.  I am a managing member of Ichter Davis, LLC (the "Firm") and a member in good standing with the State Bar of Georgia.  I offer this Declaration on my personal knowledge to provide the Court in this matter with information concerning services provided, costs advanced, and the value of the service provided to Laura Digges., William Digges, Richardo Davis and Megan Missett (collectively, the "Individual Coalition Plaintiffs") in the above-captioned action.

2.     I graduated *magna cum laude* from the University of Georgia School of law in 1984.  I was admitted to the State Bar of Georgia the same year.  I have practiced law in Georgia full-time and continuously since then.

3.    Attached hereto as Exhibit "1" is a listing of certain tasks performed by myself and other timekeepers in the Firm as well as the date on which the work was done, the time it took to perform each task, and the billing rate of each timekeeper.   The tasks performed by others in the Firm were performed at my direction and under my supervision.

4.    Exhibit "1" shows the Individual Coalition Plaintiffs have incurred $155,912.50 in attorneys' fees through October 4, 2019.

5.    For the work performed in this action, the Firm charged the Individual Coalition Plaintiffs $625, $350, $350, and $195 per hour for work performed by myself, Mr. Davis, Ms. Berland, and Ms. LeMieux, respectively.

6.    In my opinion, these hourly rates are well within the range charged by civil litigation firms for similar work by persons of similar experience and ability. This opinion is based on my experience as a litigator and managing partner of multiple civil litigation firms.   My opinion is also based on my knowledge of wat friends and colleagues in the market charge and the Fulton County *Daily Report*'s most recent billing rate report, a copy of which is attached hereto as Exhibit "B."

7.    I have reviewed Exhibit "1" for the tasks I performed, as well as the tasks performed by Mr. Davis, Ms. Berland and Ms. LeMieux under my supervision. Based on that review and my personal knowledge of the case, the total number of

hours devoted to the various tasks performed and reported in the attached Exhibit "1" were reasonable, necessary and required. In particular, I exercised billing judgment by omitting time entries from Exhibit "1" that I did not deem reasonable, necessary and/or required.

8.      Attached hereto as Exhibit "2" is a listing of certain expenses incurred by the Individual Coalition Plaintiffs in connection with the above-captioned action. The total of these expenses is $1,772.00 through the end of September 2019.

9.      I am one of the Firm's business records custodians.

10.      Exhibit "1" and Exhibit "2" consist of information (A) made at or near the time fo the described acts or events; (B) made by, or from information transmitted by, persons with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to compile that information.

11.      Based on my review of the Firm's billing records and my knowledge of the case, the total amount of fees and expenses ($157,684.50) incurred by the Individual Coalition Plaintiffs in connection with the above-captioned action were reasonable, necessary, and required.

I certify under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Dated: October 9, 2019.

Cary Ichter

Case 1:17-cv-02989-AT Document 1565-1 Filed 10/16/19 Page 89 of 342

E

X

H

I

B

I

T

1

Ichter Davis Time

| Date | Timekeeper | Time | Reference | Rate | Total | Phase Totals Dollars | Phase Totals Hours |
|------|-----------|------|-----------|------|-------|---------------------|-------------------|
| **PHASE I** | | | | | | | |
| 11/22/17 | Cary Ichter (CI) - lead attorney | 0.8 | Conference with Ms. Marks. | $625.00 | $500.00 | | |
| 11/23/17 | CI | 1.5 | Review complaint; prepare email to Ms. Marks. | $625.00 | $937.50 | | |
| 11/24/17 | CI | 0.5 | Various communications with Ms. Marks. | $625.00 | $312.50 | | |
| 11/26/17 | CI | 1.3 | Review and revise brief to disqualify Steptoe. | $625.00 | $812.50 | | |
| 12/15/17 | CI | 1.5 | Review exchange of emais; email to Mr. Brown; email to Ms. Marks; email to Mr. Grant; meeting with Mr. Brown regarding involvement; telephone call to Ms. Marks; review order regarding KSU duties transfer to Secretary of | $625.00 | $937.50 | | |
| 12/19/17 | CI | 1.8 | Conference call regarding amending complaint and initial strategy; review analysis of claims by co-counsel; exchange emails with Mr. Brown. | $625.00 | $1,125.00 | | |
| 1/18/18 | CI | 2.3 | Review materials from Ms. Marks regarding problems with DRE voting machines and various cases. | $625.00 | $1,437.50 | | |
| 2/8/18 | William Daniel Davis (WDD) - attorney | 0.6 | Attention to Open Records Act requests. | $350.00 | $210.00 | $6,272.50 | |
| | | | | | | | 10.3 |
| **PHASE II** | | | | | | | |
| 3/6/18 | CI | 4 | Review and revise third amended complaint; conference call with co-counsel and Ms. Marks. | $625.00 | $2,500.00 | | |
| 3/27/18 | CI | 0.3 | Review email from Mr. McGuire; respond to same. | $625.00 | $187.50 | | |
| 3/30/18 | CI | 2 | Conference call with Ms. Marks, and Messrs. Brown, McGuire and Nay regarding status and strategy; conference separately with Mr. Brown regarding same; prepare entry of appearance. | $625.00 | $1,250.00 | | |
| 4/2/18 | CI | 2.3 | Various email communications with Ms. Marks and Mr. Brown; review and revise Ms. Marks' introduction to third amended complaint; exchange emails regarding same and finalize. | $625.00 | $1,437.50 | | |
| 4/2/18 | JL | 0.6 | Revise Entry of Appearance on behalf of Coalition, Digges, and Davis; file and serve same. | $195.00 | $117.00 | | |
| 4/3/18 | CI | 0.8 | Review various emails exchanged among counsel; review various emails from Ms. Marks. | $625.00 | $500.00 | | |
| 4/4/18 | CI | 0.5 | Exchange various emails with Ms. Marks and team. | $625.00 | $312.50 | | |
| 4/4/18 | Janis Lemieux (JL) - paralegal | 0.5 | Download and update electronic case files with recent court-filed pleadings. | $195.00 | $97.50 | | |
| 4/5/18 | CI | 1 | Exchange various emails with Ms. Marks and team; review motion to amend. | $625.00 | $625.00 | | |
| 4/5/18 | JL | 0.3 | Update electronic case files with Coalition Plaintiffs' Motion for Leave to File Third Amended Complaint; calendar response deadline. | $195.00 | $58.50 | | |
| 4/6/18 | CI | 0.3 | Exchange various emails with Ms. Marks and team. | $625.00 | $187.50 | | |
| 4/9/18 | CI | 1.5 | Prepare for conference call; conference call with team and Ms. Marks -- discussion of status, strategy, tactics and schedule. | $625.00 | $937.50 | | |
| 4/10/18 | CI | 0.5 | Exchange emails regarding team meeting and regarding severance and details of demand letter. | $625.00 | $312.50 | | |
| 4/11/18 | CI | 0.3 | Review Fulton County request for status conference; exchange emails regarding same. | $625.00 | $187.50 | | |
| 4/12/18 | JL | 0.1 | Update electronic case files with Response in Support of Motion for Status Conference Hearing. | $195.00 | $19.50 | | |
| 4/14/18 | CI | 0.8 | Review Judge Totenberg's court rules. | $625.00 | $500.00 | | |
| 4/16/18 | CI | 1 | Review spoliation emails from client (Ms. Marks); review demand letter; exchange emails regarding Fulton County's non-compliance with Open Records requests. | $625.00 | $625.00 | | |
| 4/16/18 | JL | 0.2 | Update electronic case files with Response to Motion for Extension of Time; examine correspondence to R. Barnes and update electronic case files with same. | $195.00 | $39.00 | | |

Ichter Davis Time

| 4/17/18 | CI | 0.3 | Review email regarding demonstration of hacking voting machine; exchange emails regarding same. | $625.00 | $187.50 |
|---|---|---|---|---|---|
| 4/20/18 | JL | 0.1 | Retrieve and update electronic case files with Response to Motion to Amend Complaint; update electronic case files with Order. | $195.00 | $19.50 |
| 4/24/18 | CI | 0.5 | Exchange various emails with court regarding scheduling status conference; exchange emails with team regarding status conference and team meeting. | $625.00 | $312.50 |
| 4/25/18 | CI | 0.5 | Review email exchanges among team regarding responsibilities and preparation for status conference. | $625.00 | $312.50 |
| 4/29/18 | CI | 0.3 | Review consolidated reply regarding third amended complaint; exchange emails with team. | $625.00 | $187.50 |
| 4/30/18 | CI | 0.5 | Conference call with individual clients to review status of case and discuss upcoming status conference. | $625.00 | $312.50 |
| 5/1/18 | CI | 3 | Travel to courthouse; attend and participate in status conference; return travel to office. | $625.00 | $1,875.00 |
| 5/2/18 | CI | 3 | Meeting with Ms. marks regarding document preservation issues; conference call with motion lawyers and proposed experts; exchange emails with Cobb County lawyer; send email to Fulton and DeKalb County lawyers. | $625.00 | $1,875.00 |
| 5/2/18 | JL | 0.3 | Update electronic case files with recent motions and orders. | $195.00 | $58.50 |
| 5/3/18 | CI | 4.3 | Conference calls with Ms. Marks and Mr. White; Ms. Marks and Mr. Bryan; Ms. Marks and Mr. Maguire; all counsel regarding preservation issues. | $625.00 | $2,687.50 |
| 5/4/18 | CI | 3.8 | Review and revise letter to Ms. Ringer; review email from Mr. Brown to Mr. Salter; review Mr. Salter's response; prepare reply to Mr. Salter; various email communications with Ms. Marks and Mr. Maguire regarding status and regarding Ringer letter and related topics; conference call with Ms. Marks and Mr. Maguire; telephone call from Mr. White - Cobb County. | $625.00 | $2,375.00 |
| 5/5/18 | CI | 2.3 | Prepare emails to Fulton, DeKalb and Cobb counsel regarding dealing with release of DREs; review email from Ms. Marks regarding issue in DeKalb County; prepare email to Mr. Salter and Mr. Bennett; various communications with Ms. Marks regarding DeKalb issue and spoliation. | $625.00 | $1,437.50 |
| 5/7/18 | CI | 1.5 | Prepare emails to Cobb County regarding release of DREs; exchange various emails with Ms. Marks and team regarding spoliation issues and upcoming status conference; prepare email from Mr. Salter regarding requests for information; prepare Mr. Smith's response. | $625.00 | $937.50 |
| 5/8/18 | CI | 1 | Exchange emails regarding preservation issues; review and revise email to all counsel regarding same. | $625.00 | $625.00 |
| 5/9/18 | CI | 4.8 | Prepare for conference call with court on various preservation issues; conference cal with team regarding preservation issues and Rule 34 request; conference call with court regarding same; follow-up call with team regarding same. | $625.00 | $3,000.00 |
| 5/10/18 | CI | 4.5 | Review various emails from Mr. Salter, Ms. Marks, Mr. Brown and Mr. Cross; conference with Ms. Marks; review email from court; conference call regarding position regarding preservation of DREs and memory cards; additional emails from DeKalb, Ms. Marks, Mr. Salter, court; travel to courthouse; attend meeting of all parties. | $625.00 | $2,812.50 |
| 5/11/18 | CI | 0.5 | Review various emails. | $625.00 | $312.50 |
| 5/14/18 | CI | 0.4 | Update electronic case files with recent court-stamped pleadings. | $625.00 | $250.00 |

| Date | | | | | | |
|------|------|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|-----------|
| 5/14/18 | JL | 0.1 | Update electronic case files with Order; calendar deadline to respond to Court's inquiry re hold on electronic scanning machines. | $195.00 | $19.50 |
| 5/15/18 | CI | 0.5 | Exchange emails with Ms. marks regarding organizational matters and special master issue. | $625.00 | $312.50 |
| 5/16/18 | CI | 0.8 | Review various emails between team and Mr. Salter and Curling plaintiffs' counsel regarding plans for identifying DREs and questions to be presented; exchange emails with team regarding special master idea. | $625.00 | $500.00 |
| 5/17/18 | CI | 0.5 | Exchange various emails regarding status, strategy and special master idea. | $625.00 | $312.50 |
| 5/17/18 | JL | 0.1 | Update electronic case files with Notice of Compliance. | $195.00 | $19.50 |
| 5/20/18 | CI | 1.3 | Various communications with Ms. Marks; prepare email to Mr. Cross; prepare email to Mr. White; prepare email to Ms. Ringer and Mr. Salter. | $625.00 | $812.50 |
| 5/21/18 | CI | 1 | Various communications with Ms. Marks and team regarding weekend events, election upcoming and special master idea. | $625.00 | $625.00 |
| 5/23/18 | CI | 1 | Various communications regarding discovery, spoliation issues and special master issue; telephone call to Mr. Fellows; prepare email to Mr. Cross regarding special master issue; exchange text messages with Ms. Marks regarding testing of DREs; review emails exchanged by team the day before. | $625.00 | $625.00 |
| 5/24/18 | CI | 0.5 | Exchange emails with Mr. Maguire and Ms. Marks. | $625.00 | $312.50 |
| 5/24/18 | JL | 0.1 | Update electronic case files. | $195.00 | $19.50 |
| 5/26/18 | CI | 1 | Review various emails from Ms. Marks and Mr. Maguire regarding status and strategy -- access to functioning DRE; expert testimony -- what is needed and what testing must be done, etc. | $625.00 | $625.00 |
| 5/28/18 | CI | 3 | Research regarding use of special masters; prepare motion to appoint special master; exchange emails with Ms. Marks. | $625.00 | $1,875.00 |
| 5/29/18 | CI | 2 | Review and revise motion to appoint special master; exchange emails with Ms. Marks regarding commencement of discovery; review emails from Mr. Maguire regarding status and strategy; review Howe case; review Monsanto case. | $625.00 | $1,250.00 |
| 6/1/18 | CI | 1.5 | Review various emails regarding stipulation to be filed; review various emails regarding request for special master; conference call with CGG team. | $625.00 | $937.50 |
| 6/5/18 | CI | 0.5 | Review order on Curling amendment; exchange emails regarding same. | $625.00 | $312.50 |
| 6/5/18 | JL | 0.1 | Update electronic case files with recent court-stamped pleadings. | $195.00 | $19.50 |
| 6/8/18 | CI | 0.3 | Exchange various emails regarding Curling plaintiffs' amendment and related matters. | $625.00 | $187.50 |
| 6/9/18 | CI | 0.8 | Prepare email to Mr. Evans regarding newly -filed case against the Secretary of State; exchange with Ms. Marks regarding same. | $625.00 | $500.00 |
| 6/11/18 | CI | 0.3 | Exchange emails regarding use of sequestered DREs in recount. | $625.00 | $187.50 |
| 6/12/18 | CI | 0.5 | Review emails from opposing counsel with recap sheets; review exchange of emails regarding same. | $625.00 | $312.50 |
| 6/12/18 | JL | 0.6 | Upload Fulton DRE precinct reports. | $195.00 | $117.00 |
| 6/12/18 | JL | 1 | Update electronic case files with recent pleadings; upload Cobb County precinct reports. | $195.00 | $195.00 |
| 6/13/18 | JL | 0.1 | Update electronic case files with recent pleadings. | $195.00 | $19.50 |

Ichter Davis Time

| Date | Atty | Hours | Description | Rate | Amount | |
|---|---|---|---|---|---|---|
| 6/13/18 | JL | 0.5 | Upload additional Fulton County precinct reports | $195.00 | $97.50 | |
| 6/13/18 | JL | 0.5 | Upload DeKalb precinct reports. | $195.00 | $97.50 | |
| 6/14/18 | CI | 0.5 | Various email exchanges with Ms. Marks regarding subpoena to DeKalb regarding use of sequestered DREs; exchange emails with team regarding same; exchange of emails with Ms. Marks regarding recently filed voting rights case. | $625.00 | $312.50 | |
| 6/14/18 | JL | 0.2 | Update electronic case files with recent court-filed pleadings. | $195.00 | $39.00 | |
| 6/17/18 | CI | 0.5 | Review various emails regarding issues related to use of sequestered DREs in DeKalb recount. | $625.00 | $312.50 | |
| 6/18/18 | CI | 0.5 | Various email exchanges regarding schedule and subpoenas. | $625.00 | $312.50 | |
| 6/19/18 | CI | 2.8 | Exchange various emails with Mr. McGuire and Ms. Marks; prepare motion to permit issuance of subpoena. | $625.00 | $1,750.00 | |
| 6/20/18 | JL | 0.2 | Update electronic case files with recent pleadings. | $195.00 | $39.00 | |
| 6/21/18 | JL | 0.3 | Update electronic case files; examine Fulton DropBox for additional precinct reports. | $195.00 | $58.50 | |
| 6/22/18 | CI | 0.5 | Review exchange of emails regarding release of DREs from sequester and failure of defendants to provide necessary information. | $625.00 | $312.50 | |
| 6/27/18 | CI | 0.3 | Exchange emails regarding missing recap sheets. | $625.00 | $187.50 | |
| 6/30/18 | CI | 1.3 | Prepare letter to all counsel regarding discrepancies regarding Hall and Habersham Counties; conference with Ms. Marks regarding same. | $625.00 | $812.50 | $43,900.50 |
| | | | | | | 74.3 |
| **PHRASE III** | | | | | | |
| 7/5/18 | JL | 0.2 | Update electronic case files with State Defendants' Motion to Dismiss 3rd Amended Complaint; Update electronic case files with DeKalb Defendants' Response in Opposition to Coalition Plaintiffs' Motion for Subpoena. | $195.00 | $39.00 | |
| 7/13/18 | CI | 0.7 | Review recently exchanged emails from Ms. Marks and Mr. Maguire regarding spoliation issues; prepare email to team regarding same; telephone call to Ms. Marks. | $625.00 | $437.50 | |
| 7/16/18 | CI | 1 | Various communications with Ms. Marks; review and revise notice to court regarding preservation order; finalize same and forward to Ms. LeMieux. | $625.00 | $625.00 | |
| 7/16/18 | JL | 0.6 | Finalize, file, and serve Notice of Requested Call. | $195.00 | $117.00 | |
| 7/18/18 | CI | 1 | Exchange emails with team; conference call regarding possible motions and Fulton's default. | $625.00 | $625.00 | |
| 7/18/18 | JL | 0.6 | Update electronic case files with court-stamped Notice of Requested Call (DE 235); update electronic case files with court-stamped docket entries 236-247. | $195.00 | $117.00 | |
| 7/25/18 | CI | 0.5 | Meeting with Ms. Marks and tech guys; exchange emails with Mr. Brown and Mr. Salter regarding phone call. | $625.00 | $312.50 | |
| 7/26/18 | CI | 0.5 | Conference with Mr. Brown regarding conference call with Mr. Salter; conference with Ms. Marks regarding same; prepare memo on feasibility of paper ballot system. | $625.00 | $312.50 | |
| 7/27/18 | CI | 2 | Meeting with Ms. Marks and Mr. Brown regarding media coverage issues; settlement issues; motion for preliminary injunction; conference call with Mr. Kent and Ms. Marks. | $625.00 | $1,250.00 | |
| 8/2/18 | CI | 0.8 | Review motion for preliminary injunction and related emails. | $625.00 | $500.00 | |
| 8/3/18 | CI | 0.3 | Exchange various emails regarding motion for preliminary injunction. | $625.00 | $187.50 | |
| 8/7/18 | JL | 0.2 | Update electronic files with DE 259 Order; calendar deadlines in same. | $195.00 | $39.00 | |
| 8/13/18 | CI | 0.3 | Review various emails from Ms. Marks; review media reports regarding DRE issue. | $625.00 | $187.50 | |

| Date | | Hours | Description | Rate | Amount | | |
|------|------|-------|-------------|------|--------|------|------|
| 8/15/18 | JL | 0.1 | Update electronic case files with Fulton Defendants' response to motion for preliminary injunction. | $195.00 | $19.50 | | |
| 8/16/18 | JL | 0.1 | Update electronic case files with Request for Oral Argument. | $195.00 | $19.50 | | |
| 8/18/18 | CI | 0.3 | Exchange emails with Ms. Marks regarding writing column. | $625.00 | $187.50 | | |
| 8/21/18 | JL | 0.1 | Update electronic case files. | $195.00 | $19.50 | | |
| 9/4/18 | JL | 0.2 | Update electronic case files with Order rescheduling oral argument on motions; calendar all pre-hearing deadlines. | $195.00 | $39.00 | | |
| 9/6/18 | CI | 0.8 | Conference with Mr. Brown; telephone call to Mr. Hill; prepare email to Mr. Brown regarding special master motion. | $625.00 | $500.00 | | |
| 9/6/18 | JL | 0.1 | Update electronic case file with Notice of Revised Proposed Relief. | $195.00 | $19.50 | | |
| 9/7/18 | JL | 0.1 | Update electronic case files with Notice (DE 282) and Plaintiffs' Joint Submission (DE 283). | $195.00 | $19.50 | | |
| 9/9/18 | CI | 1.5 | Prepare first draft of special master motion; circulate same to team. | $625.00 | $937.50 | | |
| 9/10/18 | JL | 0.5 | Update electronic case files with Notice of Declaration of Demillo; prepare documents for attorney review and preparation for hearing. | $195.00 | $97.50 | | |
| 9/11/18 | CI | 1.5 | Continued work on special master documents; research regarding other cases where special masters have been appointed to monitor implementation of court orders; prepare email to team regarding same. | $625.00 | $937.50 | | |
| 9/11/18 | JL | 0.1 | Update electronic case files with Notices of Declarations. | $195.00 | $19.50 | | |
| 9/12/18 | CI | 10 | Exchange email with Mr. Brown regarding special master issue; all day hearing on motion for preliminary injunction; meeting with all counsel. | $625.00 | $6,250.00 | | |
| 9/13/18 | CI | 0.3 | Review various filing by parties. | $625.00 | $187.50 | | |
| 9/17/18 | JL | 0.1 | Update electronic case files with hearing transcript. | $195.00 | $19.50 | $14,022.50 | 24.5 |
| **PHASE IV** | | | | | | | |
| 9/20/18 | CI | 0.5 | Exchange of emails regarding status and strategy. | $625.00 | $312.50 | | |
| 9/24/18 | CI | 1 | Exchange emails with Ms. Marks; conference call with Ms. Marks, Mr. Brown and amicus lawyers. | $625.00 | $625.00 | | |
| 9/24/18 | JL | 0.1 | Update electronic case files with Motion to Stay. | $195.00 | $19.50 | | |
| 9/25/18 | CI | 0.5 | Review exchange of emails between counsel and Ms. Marks; respond to same. | $625.00 | $312.50 | | |
| 9/27/18 | WDD | 1.1 | At Mr. Ichter's request, review motion to stay pending appeal and begin research for opposition brief. | $350.00 | $385.00 | | |
| 9/27/18 | JL | 0.1 | Update electronic case files with recent pleadings. | $195.00 | $19.50 | | |
| 9/28/18 | CI | 1 | Participate in conference call regarding response to Motion to Stay and following injunction motions; review exchange of email regarding motion to stay. | $625.00 | $625.00 | | |
| 9/28/18 | JL | 0.5 | Update electronic case files with Notice from 11th Circuit. Calendar appeal deadlines. | $195.00 | $97.50 | | |
| 9/30/18 | CI | 7 | Review Third Amended Complaint; review preliminary injunction order; review motion to stay pending appeal; review Curling response to motion to stay; prepare Coalition Plaintiffs' response to motion to stay. | $625.00 | $4,375.00 | | |
| 9/30/18 | JL | 1 | Proof, format, prepare Certificate of Service, and finalize Memorandum in Opposition to Motion to Stay. Email exchange regarding same. | $195.00 | $195.00 | | |
| 10/1/18 | CI | 1.3 | Finalize and file response to motion to stay; exchange email with Mr. Cross; exchange email with Ms. Marks and Mr. Brown; prepare email regarding filing response. | $625.00 | $812.50 | | |
| 10/1/18 | JL | 0.6 | Revise, finalize, file, and serve Memorandum in Opposition to Motion to Stay. | $195.00 | $117.00 | | |

| Date | Init. | Hours | Description | Rate | Amount | | |
|------|-------|-------|-------------|------|--------|---|---|
| 10/2/18 | CI | 0.5 | Exchange of email with Ms. Marks regarding various issues related to new motion; review exchange of email between plaintiffs' counsel regarding same. | $625.00 | $312.50 | $8,208.50 | 15.2 |

| PHASE V | | | | | | | |
|---------|---|---|---|---|---|---|---|
| 10/9/18 | JL | 0.3 | Finalize, file, and serve 11th Circuit Appearance of Counsel Form; update electronic case files with NDGA filings. | $195.00 | $58.50 | | |
| 10/12/18 | JL | 0.2 | Update electronic case files with Motion in Support of Stay and Order and with 11th Circuit filings. | $195.00 | $39.00 | | |
| 10/16/18 | JL | 0.1 | Update electronic case files with 11th Circuit filings. | $195.00 | $19.50 | | |
| 10/26/18 | CI | 1 | Prepare email regarding preservation of defective machines; exchange various emails with Ms. Marks and Mr. Salter. | $625.00 | $625.00 | | |
| 10/30/18 | JL | 0.1 | Update electronic case files with recent pleadings. | $195.00 | $19.50 | | |
| 11/14/18 | JL | 1.5 | Upload all 11th Circuit Appendices; research and confirm 11th Circuit Rules and communicate same to counsel. | $195.00 | $292.50 | | |
| 11/15/18 | CI | 0.3 | Exchange various emails regarding oral argument, scheduling and mediation. | $625.00 | $187.50 | | |
| 11/15/18 | JL | 0.1 | Update electronic case files with 11th Circuit Order. | $195.00 | $19.50 | | |
| 11/15/18 | JL | 0.2 | Update electronic case files with Notice; update calendar regarding same. | $195.00 | $39.00 | | |
| 11/20/18 | CI | 0.8 | Review various communications among team and with Mr. Saxter regarding preservation issues. | $625.00 | $500.00 | | |
| 11/26/18 | CI | 0.8 | Conference call regarding appeals, brief and strategy with all plaintiff's counsel; exchange email among CGG team. | $625.00 | $500.00 | | |
| 11/29/18 | JL | 0.3 | Update electronic case file with Entry of Appearance for Curling Plaintiffs in 11th Circuit; review 11th circuit rules regarding briefing. | $195.00 | $58.50 | | |
| 11/30/18 | JL | 4.5 | Proof, finalize Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service of Coalition Plaintiffs/Appellees' Brief. | $195.00 | $877.50 | | |
| 12/3/18 | JL | 2.1 | Edit, confirm all page numbers after edits, revise Table of Contents and Table of Authorities, arrange binding and courier for filing hard copies with Clerk. | $195.00 | $409.50 | | |
| 12/4/18 | JL | 0.5 | Telephone call with 11th Circuit Clerk regarding closure of court on 12/3/18 due to water outage; telephone calls to and from Document Pros confirming delivery of hard copies to Clerk on 12/4/18; email exchange regarding same. | $195.00 | $97.50 | | |
| 12/18/18 | JL | 0.1 | Update electronic case file with Appellants' Reply Brief. | $195.00 | $19.50 | | |
| 1/3/19 | CI | 0.5 | Multiple email exchange regarding scheduling of mediation and attendance of same. | $625.00 | $312.50 | | |
| 1/4/19 | CI | 0.3 | Exchange various emails with team regarding mediation. | $625.00 | $187.50 | | |
| 1/7/19 | CI | 1 | Exchange various emails regarding scheduling; review appellate brief to prepare for mediation. | $625.00 | $625.00 | | |
| 1/7/19 | JL | 0.1 | Update electronic case file and calendar conference call regarding mediation. | $195.00 | $19.50 | | |
| 1/8/19 | CI | 0.5 | Conference call with Ms. Marks and Mr. Maguire regarding mediation planning. | $625.00 | $312.50 | | |
| 1/9/19 | CI | 0.3 | Travel to, participate in mediation; return travel to office; email to team; conference with Mr. Brown. | $625.00 | $187.50 | | |
| 1/14/19 | JL | 0.1 | Update electronic case files with Plaintiff's Reply. | $195.00 | $19.50 | | |
| 2/7/19 | JL | 0.1 | Update electronic case file with Opinion issued by 11th Cir. Court of Appeals. | $195.00 | $19.50 | $5,446.00 | 15.8 |

| PHASE VI | | | | | | | |
|----------|---|---|---|---|---|---|---|
| 3/8/19 | JL | 0.1 | Update electronic case files with 11th Circuit bill of costs. | $195.00 | $19.50 | | |
| 3/15/19 | JL | 0.2 | Update electronic case files with Notices of Appeal. | $195.00 | $39.00 | | |
| 3/18/19 | JL | 0.1 | Calendar scheduling conference. | $195.00 | $19.50 | | |
| 4/4/19 | JL | 0.1 | Update electronic case files with Motion for Use of Electronic Equipment. | $195.00 | $19.50 | | |
| 4/5/19 | JL | 0.1 | Update electronic case files with pleadings. | $195.00 | $19.50 | | |