IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:17-CV-2989-AT** |
| **BRAD RAFFENSPERGER, ET AL.,** | |
| **Defendants.** | |

## CURLING PLAINTIFFS' RESPONSES TO
## <u>DEFENDANT BRAD RAFFENSPERGER'S FIRST REQUESTS FOR</u>
## <u>ADMISSION</u>

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs"), by and through counsel, hereby respond and object to Defendant Brad Raffensperger's First Requests for Admission to Curling Plaintiffs ("Interrogatories"), served on December 28, 2020.

### PRELIMINARY STATEMENT

Curling Plaintiffs decline to do more than is required by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable rules and orders of this Court.

Nothing in these responses is an admission by Curling Plaintiffs of the

existence, relevance, or admissibility of any information, for any purpose. Curling Plaintiffs reserve objections stated herein as well as objections as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

Some of the information sought in these Requests is known or in the possession only of Defendants or is publicly available and therefore is as or more accessible to Defendants than to Curling Plaintiffs.

Curling Plaintiffs do not waive, intentionally or otherwise, any attorney-client privilege, work-product immunity, joint defense or common-interest privilege or any other privilege, immunity, or other protection that may be asserted to protect information from disclosure.

Curling Plaintiffs object to the "Instructions" to the extent they seek to impose requirements beyond those established by this Court or the Federal Rules of Civil Procedure and will provide responses in accordance with the rules.

Any admissions made herein, particularly as to the absence of evidence, are made based on the information currently known to Curling Plaintiffs and without the benefit of information requested of but not produced by Defendants. Curling Plaintiffs reserve the right to supplement their responses as information becomes

ny-2047964

known to them.

Some of the Requests are compound, complex, and contain multiple subparts that render them unclear or confusing.  Curling Plaintiffs have made a good faith effort, consistent with their duties under the applicable rules and orders, to reasonably construe each Request and to respond as they understand it.

## OBJECTIONS TO DEFINITIONS

Curling Plaintiffs object to the definition of "Election System" as not applicable to Curling Plaintiffs.  Curling Plaintiffs will understand this term to refer to all aspects of the election systems used in Georgia challenged in Curling Plaintiffs Third Amended Complaint (Dkt. No. 627).

## OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST FOR ADMISSION NO. 1:

Admit that you believe the results of the Presidential Election held on November 3, 2020 in Georgia are valid.

### RESPONSE:

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding the technical processes,

3

procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Curling Plaintiffs object to this Request as vague and ambiguous as to the term "valid." Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you believe the results of the other elections held on November 3, 2020 in Georgia are valid.

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Curling Plaintiffs object to this Request as vague and ambiguous as to the term "valid." Because Curling Plaintiffs' investigation, including expert analyses, of the

4

information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you have no evidence that any component of the Election System was actually hacked prior to or during the elections held on November 3, 2020.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have no evidence that any malware was actually inserted into any component of the Election System prior to or during the elections held on November 3, 2020.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you have no evidence that the results of any election held in Georgia held on November 3, 2020 were actually changed in any way as a result of the hacking of or the insertion of malware into any component of the Election System.

ny-2047964

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery.   Curling Plaintiffs object to this Request as vague and ambiguous as to the terms "actually changed in any way" and "the hacking of or insertion of malware."  Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have no evidence that any vote(s) in the Presidential Election held on November 3, 2020 in Georgia were actually switched from President Donald J. Trump to Joseph R. Biden, Jr. as a result of an anomaly in the software used in the Election System.

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it

seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

### **REQUEST FOR ADMISSION NO. 7:**

Admit that you have no evidence that any vote(s) in the Presidential Election held on November 3, 2020 were actually switched from President Donald J. Trump to Joseph R. Biden, Jr. as a result of an algorithm or any other design feature of the Election System.

### **RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures,

7

remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

### REQUEST FOR ADMISSION NO. 8:

Admit that you have no evidence that any vote(s) in the Presidential Election held on November 3, 2020 were actually switched from President Donald J. Trump to Joseph R. Biden, Jr. as a result of any problem of any kind with any component of the Election System.

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information

available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

### REQUEST FOR ADMISSION NO. 9:

Admit that you have no evidence that any vote(s) in any election held in Georgia on November 3, 2020 were actually switched from any candidate to another as a result of an anomaly in the software used in the Election System.

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you have no evidence that any vote(s) in any election held in Georgia on November 3, 2020 were actually switched from one candidate to another as a result of an algorithm or any other design feature of the Election System.

**RESPONSE:**

Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding the technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you have no evidence that any vote(s) in any election held in Georgia on November 3, 2020 were actually switched from one candidate to another as a result of any problem of any kind with any component of the Election System.

10

**RESPONSE:**

Curling Plaintiffs object to this Request as vague and ambiguous as to the terms "any vote(s) in any election" and "any problem of any kind."  Curling Plaintiffs object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you have no evidence of any widespread voter fraud in Georgia in connection with the elections held in Georgia on November 3, 2020.

**RESPONSE:**

Curling Plaintiffs object to the terms "widespread voter fraud" and "in connection with" as vague and ambiguous.  Curling Plaintiffs further object to this

Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

### REQUEST FOR ADMISSION NO. 13:

Admit that you have no evidence of any malfunction(s) of any component of the Election system that impacted the outcome of the Presidential Election held in Georgia on November 3, 2020.

### RESPONSE:

Curling Plaintiffs object to the term "impacted" in the context of this request as vague and ambiguous. Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding

the security and reliability of the Election System, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you have no evidence of any malfunction(s) of any component of the Election System that impacted the outcome of any of the other elections held in Georgia on November 3, 2020.

**RESPONSE:**

Curling Plaintiffs object to the term "impacted" and "other elections" in the context of this request as vague and ambiguous.  Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.   Curling Plaintiffs have long sought discovery from Defendants regarding technical processes, procedures, remedial measures, and other actions taken with regard to elections in Georgia, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and

because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

## REQUEST FOR ADMISSION NO. 15:

Admit that you have no evidence that the Election System failed to count any legal vote(s) in the Presidential Election held on November 3, 2020 in Georgia.

## RESPONSE:

Curling Plaintiffs object to the phrase "failed to count any legal vote(s)" as vague and ambiguous. Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System, but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

## REQUEST FOR ADMISSION NO. 16:

Admit that you have no evidence that the Election System counted any illegal vote(s) in the Presidential Election held on November 3, 2020 in Georgia.

ny-2047964

**RESPONSE:**

Curling Plaintiffs object to the phrase "counted any illegal vote(s)" as vague and ambiguous.  Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System but Defendants have not been forthcoming with the requested discovery.  Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you have no evidence that the Election System failed to count any legal vote(s) in any of the other elections held in Georgia on November 3, 2020.

**RESPONSE:**

Curling Plaintiffs object to the phrase "failed to count any legal vote(s)" and "other elections" as vague and ambiguous.  Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and

15

further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

## REQUEST FOR ADMISSION NO. 18:

Admit that you have no evidence that the Election System counted any illegal vote(s) in any of the other elections held in Georgia on November 3, 2020.

## RESPONSE:

Curling Plaintiffs object to the phrase "counted any illegal vote(s)" and "other elections" as vague and ambiguous. Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is

16

ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

### **REQUEST FOR ADMISSION NO.19:**

Admit that you are not contesting the outcome of the Presidential Election held in Georgia on November 3, 2020.

### **RESPONSE:**

Curling Plaintiffs object to the phrase "contesting" in the context of this request as vague and ambiguous.  Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that may be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System but Defendants have not been forthcoming with the requested discovery.   Curling Plaintiffs also object to this request as irrelevant insofar as they have not brought a claim in this case to overturn the outcome of the Presidential Election held in Georgia on November 3, 2020. Without waiving their objections, Curling Plaintiffs admit that they have not filed a contest to overturn the outcome of the Presidential Election held in Georgia on November 3, 2020.

ny-2047964

**REQUEST FOR ADMISSION NO. 20:**

Admit that you are not contesting the outcome of any of the other elections held in Georgia on November 3, 2020.

**RESPONSE:**

Curling Plaintiffs object to the phrase "contesting" and "other elections" in the context of this request as vague and ambiguous.  Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that may be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding the security and reliability of the Election System but Defendants have not been forthcoming with the requested discovery.  Curling Plaintiffs also object to this request as irrelevant insofar as they have not brought a claim in this case to overturn the outcome of the Presidential Election held in Georgia on November 3, 2020.  Without waiving their objections, Curling Plaintiffs admit that they have not filed a contest to overturn the outcome of any of the elections held in Georgia on November 3, 2020.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have no evidence that there was any mismatch between the QR Codes on the Paper Ballots cast in the Presidential Election held on in [sic]

Georgia on November 3, 2020 election and the human-readable portion of the Paper Ballots.

**RESPONSE:**

Curling Plaintiffs object to the term "mismatch" in the context of this request as vague and ambiguous.   Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery.  Curling Plaintiffs have long sought discovery from Defendants regarding the subject of this request but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you have no evidence that there was any mismatch between the QR Codes on the Paper Ballots cast in any of the other elections held on in Georgia on November 3, 2020 election and the human-readable portion of the Paper Ballots.

**RESPONSE:**

Curling Plaintiffs object to the term "mismatch" in the context of this request

as vague and ambiguous. Curling Plaintiffs further object to this Request as premature both to the extent it seeks Curling Plaintiffs' contentions and to the extent it seeks information that will be the subject of expert discovery and further fact discovery. Curling Plaintiffs have long sought discovery from Defendants regarding the subject of this request but Defendants have not been forthcoming with the requested discovery. Because Curling Plaintiffs' investigation, including expert analyses, of the information available to them is ongoing and because fact discovery is ongoing, Curling Plaintiffs presently lack sufficient information or knowledge to admit or deny this Request.

Dated: January 14, 2021                    Respectfully,

                                           /s/ David D. Cross
                                           David D. Cross (*pro hac vice*)
                                           Veronica Ascarrunz (*pro hac vice*)
                                           Eileen Brogan (*pro hac vice*)
                                           Lyle Hedgecock (*pro hac vice*)
                                           Mary G. Kaiser (*pro hac vice*)
                                           Robert W. Manoso (*pro hac vice*)
                                           MORRISON & FOERSTER LLP
                                           2100 L Street, NW, Suite 900
                                           Washington, DC 20037
                                           Telephone: (202) 887-1500
                                           DCross@mofo.com
                                           VAscarrunz@mofo.com
                                           EBrogan@mofo.com
                                           LHedgecock@mofo.com
                                           MKaiser@mofo.com

20

RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,
Donna Price & Jeffrey Schoenberg*

21