IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**NOTICE OF FILING CASE LAW AND APPENDICES REQUESTED FOR JANUARY 13, 2023 STATUS CONFERENCE**

**1.     The Court should not consider any allegation or exhibit in Defendants' summary judgment filings that are in violation of LR 56.1(B)(1)—and Plaintiffs should not be required to incur the enormous cost and burden of responding to any such allegations or exhibits.**

Local Rule 56.1(B)(1) requires that:

> A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact. The Court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts.

State Defendants have failed to comply with this requirement, which disposes of many of the allegations and exhibits in their summary judgment filings.  *See, e.g.*, Appendix B.[1]  Supporting legal authority includes:

- *See Peak v. Reliastar Life Ins. Co.*, No. 1:16-cv-3491-AT, 2018 U.S. Dist. LEXIS 224212, at *11 (N.D. Ga. Sep. 28, 2018) (citing *Cheatham v. DeKalb Cty.*, Georgia, 682 F. App'x 881, 884 (11th Cir. 2017)) (finding that

---

[1] State Defendants also cite heavily to pleadings rather than evidence, cite exhibits without page or paragraph cites within those exhibits, and often state issues or legal conclusions—or *counsel's argument* about evidence—rather than facts.

1

a "failure to comply with Local Rule 56.1 is not a mere technicality; instead, the rule provides the only permissible way for the [non-movant] to establish a genuine issue of material fact.")

- *Claiborne v. JPMorgan Chase Bank, N.A.*, No. 1:18-CV-5542-SDG-CCB, 2022 U.S. Dist. LEXIS 180564, at *17 (N.D. Ga. Aug. 22, 2022) (stating that "parties and the Court have a right to rely on the organization that the Local Rule [56.1] provides, and when, as [in that case], Plaintiff presents his facts without citation to evidence and fails to properly refute Defendants' facts, the orderly process breaks down.")

- *See Goode v. Wings of Alpharetta, Inc.*, No. 1:11-CV-1337-WSD-JSA, 2013 U.S. Dist. LEXIS 35591, at *9 (N.D. Ga. Jan. 18, 2013) (finding that "[t]he Court has excluded all assertions of fact that are immaterial or presented as legal conclusions, and has excluded assertions of fact unsupported by a citation to evidence in the record or asserted only in the [moving party's] brief and not in the Statement of Material Facts," which were brought forth by the Defendant.)

- *Id.* at *11 (citing *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)) (stating that "Local Rule 56.1 protects 'judicial resources by 'mak[ing] the

2

parties organize the evidence rather than leaving the burden upon the district judge.")

- *Id.* at *12-13 (finding that when "Plaintiff is represented by counsel [it] weighs against any leniency with regard to the Local Rule 56.1 violations.")

- *Ghertner v. Corp. Env'ts of Georgia, Inc.*, No. 119CV02295SDGRGV, 2020 WL 4551269, at *1 n.6 (N.D. Ga. June 26, 2020) (emphasis added) (quoting *Campbell v. Shinseki*, 546 F. App'x 874, 877 (11th Cir. 2013) (per curiam) (unpublished) (citation and internal marks omitted)), report and recommendation adopted, No. 119CV02295SDGRGV, 2020 WL 4577709 (N.D. Ga. July 31, 2020) (finding that "the Court has disregarded those facts that are not material, not supported by a citation to evidence, or stated as issues or legal conclusions [that were filed in a statement of undisputed facts in support of a motion for summary judgment]. *See* LR 56.1(B)(1)-(2), NDGa. [6] 'The substantive law will identify which facts are material, and material facts are those which are key to establishing a legal element of the substantive claim which might affect the outcome of the case.'")

2. **The Court should not consider any allegation or exhibit in Defendants' Statements of Undisputed Material Facts that are not cited in the briefs supporting their summary judgment motions—and Plaintiffs should**

**not be required to incur the enormous cost and burden of responding to any such allegations or exhibits**.

The Court's Standing Order provides that "[a]ll citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts." (Judge's Standing Order III.h.) State Defendants have failed to comply with this requirement, which *disposes of half of the over 450 allegations* in their Statements of Undisputed Material Facts and *all but five of their exhibits*.[2] *See*, *e.g.*, Appendices A and C. Supporting legal authority includes:

- *Laney v. BBB Logistics, Inc.*, Civil Action No. 1:18-cv-02071-SDG, 2020 U.S. Dist. LEXIS 267419, at *6-7 (N.D. Ga. May 20, 2020) (stating that "[this Court] is under no duty to consider Defendant's response beyond page

---

[2] In their summary judgment briefs supporting their motions, State Defendants do not cite any testimony from their own employees or experts or any documents they produced in discovery, despite their repeated (unsubstantiated) allegations that Georgia's unique statewide BMD-voting system is secure and reliable. State Defendants also cite no testimony in their briefs from any third parties, including any of the individuals involved in the breach of that voting system in Coffee County. Defendants simply ignore substantial evidence in their own documents and the testimony of their own employees and third parties confirming how frighteningly insecure Georgia's BMD system is, including for example repeated instances of the Secretary's Office directing counties to use in elections BMDs with broken or missing seals.

4

25" when the "Defendant blatantly violated both the Local Rules and the Court's Standing Order by filing a 43-page response without seeking leave to do so.")

- *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB (JCx), 2019 U.S. Dist. LEXIS 149162, at *29 n.7 (C.D. Cal. Aug. 14, 2019) (deciding to strike pages out of parties' filings, including Defendants' Motion for Summary Judgment and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, for violating the local rules and the Court's Standing Order.)

- *Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 U.S. Dist. LEXIS 189545, at *12 (C.D. Cal. Oct. 23, 2015) (finding that "[t]he [c]ourt, at its discretion, may refuse to consider pages or briefing that violates its standing order.")

As requested, attached as Appendix A is a list of paragraph numbers from State Defendants' Statement of Undisputed Material Facts that are not cited in *either* brief they filed in support of their two summary judgment motions directed at the Curling or Coalition Plaintiffs. Attached as Appendix B is a list of fact allegations asserted in State Defendants' summary judgment brief directed at Curling Plaintiffs that do not appear in their Statement of Undisputed Material

5

Facts. Lastly, attached as Appendix C is a list of exhibit numbers filed with State Defendants' summary judgment motions that are not cited in *either* brief they filed in support of those motions. These lists are not intended to be exhaustive but rather illustrative of the major procedural failings with Defendants' summary judgment filings.

State Defendants' assertion of *over 450* "material facts" highlights the fact-intensive nature of this case and the obvious impropriety of summary judgment—especially given that the vast majority of those allegations are hotly disputed and simply ignore or misstate the voluminous factual record developed in this case. Deferring Defendants' motions to trial is the fairest, most efficient and cost-effective way to proceed, per Rule 1 of the Federal Rules of Civil Procedure. At the very least, the Court should disregard—and promptly strike—all allegations and exhibits that do not comply with this Court's Local Rules and Standing Order. Requiring Plaintiffs to respond to *hundreds* of allegations and *dozens* of exhibits that Defendants themselves view as so immaterial as to omit from their briefs would needlessly impose hundreds of thousands of dollars in cost on Plaintiffs and consume limited resources in the limited time they have to respond to these meritless motions. Absent relief from the Court, Plaintiffs will be required to incur that enormous cost and burden given that, as noted in the Court's Standing Order,

"under Local Rule 56.1, NDGa, the failure by a respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement." (Standing Order at 8.)

Respectfully submitted this 13th day of January, 2023.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Hannah R. Elson (*pro hac vice*) | Adam M. Sparks |
| MORRISON & FOERSTER LLP | GA Bar No. 341578 |
| 2100 L Street, NW, Suite 900 | KREVOLIN & HORST, LLC |
| Washington, DC 20037 | 1201 West Peachtree Street, NW |
| (202) 887-1500 | Suite 3250 |
| | Atlanta, GA 30309 |
| | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

/s/ Russell T. Abney
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100

7

San Antonio, TX 78257
(404) 670-0355
*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

### CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, a copy of the foregoing **NOTICE OF FILING CASE LAW AND APPENDICES REQUESTED FOR JANUARY 13, 2023 STATUS CONFERENCE** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ David D. Cross
David D. Cross

10