IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., Plaintiffs, v. BRAD RAFFENSPERGER, ET AL., Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' RESPONSE TO STATE DEFENDANTS'
MOTION FOR LEAVE TO FILE MATTERS UNDER SEAL [DKT. 1575]**

**INTRODUCTION**

On January 9, 2023, State Defendants filed a Motion seeking leave to file certain materials in support of their motion for summary judgment under seal. (Dkt. 1575.) The Motion listed nine exhibits State Defendants filed provisionally under seal and in support of their Motions for Summary Judgment. (Dkts. 1567, 1568). State Defendants assert that they seek sealing of these exhibits "in an abundance of caution, and due to the belief that Plaintiffs would like these exhibits to be filed under seal," though they themselves think that none of the exhibits should be filed under seal.[1] (Dkt. 1575 at 2.) State Defendants expressly cite to none of the nine

---

[1] State Defendants did not confer with Curling Plaintiffs' about whether some or all of these exhibits should be filed or remain under seal before filing. *See also* Redacted Nov. 15, 2022 Hr'g Tr., Dkt. 1544 at 101-02 (COURT: "I would rather you go

exhibits in their summary judgment motions or in their supporting briefs.[2] *See* Dkt. 1578-3 (table of State Defendants' exhibits filed in support of summary judgment that are not cited in any summary judgment motions or briefs). State Defendants appear to rely on various deposition transcripts in their Statement of Facts, however, which are thereafter cited in Section II of their brief supporting their motion seeking summary judgment against Curling Plaintiffs.[3] *See* Dkt. 1567-1 at 11-16.

---

through sitting down and really trying to talk about them than having motions [to seal] immediately. STATE DFS.' COUNSEL: Sure. Right. COURT: I really don't want to have motions before you have actually conferred about them." STATE DFS.' COUNSEL: Right. COURT: It is a lot of work.").

[2] State Defendants only seek to file under seal the copies "of the specific pages of the deposition that are referenced in the brief" they were required to file by this Court's Standing Order. (Dkt. 11 at Section III.h.) Because State Defendants only cite to a Statement of Fact at many points in their summary judgment briefs, Curling Plaintiffs waded through State Defendants' Statement of Facts to attempt to determine which pages were actually referenced. Accordingly, Curling Plaintiffs construe the Motion to seek sealing only of the excerpts filed at Dkts. 1570-1 through 1570-9. By its terms, the Motion does not seek to seal the full transcripts provisionally filed in advance of the motions for summary judgment and of this Motion. *See* Dkts. 1552-53, 1557, 1559-64.

[3] Fulton County Defendants filed their own motion for summary judgment. (Dkt. 1571.) In their brief, they incorporate the argument and citations of authority filed by the State Defendants, (Dkt. 1573 at 12) and make one reference to and attach an exhibit of pages from the deposition transcript of plaintiff Donna Price. (Dkt. 1573 at 11, 46-53.) They make no other citations to the nine exhibits State Defendants seek to file under seal and do not independently seek to seal any exhibits in support of their motion for summary judgment.

Pretermitting whether the Court should strike State Defendants' proffered and provisionally sealed exhibits that are not cited in their motions or supporting briefs seeking summary judgment, Curling Plaintiffs oppose the Motion in part and consent in part to the relief requested, as follows.

## ARGUMENT AND CITATION OF AUTHORITY

### 1. Docket No. 1570-4 (the MITRE Report)

Curling Plaintiffs **consent** to and support the sealing of Dkt. 1570-4, State Defendants' Exhibit No. 41, the MITRE Report. Curling Plaintiffs further urge the Court to strike the MITRE Report from the docket, as it has once before. Order, Dkt. 1520 (directing clerk to strike Dkts. 1486-1 and 1487-1, the MITRE Report and Report executive summary). Filing this Report, the product of a clear breach of the Court's protective orders and already the target of an order to strike, without first seeking leave of the Court is improper – all the more so with State Defendants having provided zero discovery regarding the Report and not having produced the Report to Plaintiffs in discovery themselves despite having possession of it since June 2022.

Should the Court decide not to strike the MITRE Report again, then for reasons Curling Plaintiffs have previously submitted the Court should not permit public availability of the MITRE Report (1) while the long-sealed July 1, 2021 expert report of Dr. J. Alex Halderman – from which it extensively quotes – remains

under seal and unavailable to the public, and (2) while no version of the MITRE Report including proposed redactions necessary for public disclosure has been made available for review and comment by the appropriate parties, including Dr. Halderman and CISA.[4] (Dkt. 1506 at 1-2, 8-10, 15.) As State Defendants have explained before, they too believe the MITRE Report and Dr. Halderman's report should "travel in tandem," which informs Curling Plaintiffs' position that if the MITRE Report is not again struck from the docket, it should remain under seal while Dr. Halderman's report remains sealed. (Dkt. 1506 at 14-15 (quoting June 7, 2022 Hr'g Tr. at 10:21-11:9).)

Finally, and as Curling Plaintiffs intend to argue when it files its response to State Defendants' summary judgment motion, the MITRE Report suffers from several deficiencies and is inadmissible, as it "would be extremely unfair, prejudicial, and improper for the Court to consider this very-belated report provided in secret to previously-undisclosed 'experts' by a non-party in violation of the Court's Protective Order, especially where Plaintiffs have had no discovery relating to MITRE's Report." (Dkt. 1506 at 12-13 n.12.)

---

[4] Curling Plaintiffs sent to the Court the proposed redacted version of Dr. Halderman's report, which was sent before that time to all parties' counsel of record, in June 2022. Dkt. 1506 at 8 n.9.

Curling Plaintiffs reserve all rights and objections regarding the Court's consideration of the MITRE Report. For purposes of this Motion, however, they consent to and strongly urge its remaining under seal, should it remain on the docket at all.

**2.     Docket Nos. 1570-5 and 1570-6 (Coalition Plaintiffs' Experts' Deposition Transcript Excerpts)**

Curling Plaintiffs **take no position** on the sealing of Dkts. 1570-5 and 1570-6, which consist of unredacted excerpts from transcripts of depositions of Coalition Plaintiffs' experts. Curling Plaintiffs generally support the common law right of access to documents filed in connection with substantive motions, as does this Court and the U.S. Court of Appeals for the Eleventh Circuit. *See* Order, Dkt. 1453 at 13-16 (analyzing, *inter alia*, *Callahan v. United Network for Organ Sharing,* 17 F.4th 1356, 1362 (11th Cir. 2021); *F.T.C. v. AbbVie Prod. LLC,* 713 F.3d 54, 62 (11th Cir. 2013); *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). However, Curling Plaintiffs' defer to Coalition Plaintiffs' view of whether their experts' deposition testimony meets the high bar to warrant sealing of judicial records.

### 3. Docket Nos. 1570-1, 1570-2, and 1570-3 (Curling Plaintiffs' Deposition Transcript Excerpts)

With one exception and in light of Curling Plaintiffs' understanding of the Motion, *see* footnote 2 *supra,* Curling Plaintiffs **oppose** the sealing of Dkts. 1570-1, 1570-2, and 1570-3, which are unredacted excerpts from transcripts of the Curling Plaintiffs' respective depositions in this matter. The one exception is the inclusion in Mr. Schoenberg's excerpted deposition testimony of his current and immediate-past full residential addresses, the house number and street of which should be redacted. *See* Dkt. 1570-3 at 5; Standing Order No. 19-01 (N.D. Ga.), LR NDGa, App'x H, at A17-A18 (concerning mandatory redaction of portions of home addresses in court filings), A26 (same). Redaction is a "less onerous alternative" to sealing that is available with regards to protecting this information. *Chicago Trib.*, 263 F.3d at 1309.

Curling Plaintiffs conferred with State Defendants prior to filing this Response, who have agreed should the Court decline to grant their Motion to seal Dkt. 1570-3 to file a redacted version. With this understanding, Curling Plaintiffs oppose the sealing of the excerpts of their respective deposition transcripts filed at Dkts. 1570-1 and 1570-2 and the forthcoming redacted version of Dkt. 1570-3.[5]

---

[5] Curling Plaintiffs anticipate opposing any motion to seal their full deposition transcripts State Defendants filed on the docket so long as necessary redactions are

## 4. Docket Nos. 1570-7, 1570-8, and 1570-9 (Curling Plaintiffs' Experts' Deposition Transcript Excerpts)

Curling Plaintiffs **oppose** the sealing of Dkts. 1570-7, 1570-8, and 1570-9, which consist of unredacted excerpts of transcripts of two depositions of Curling Plaintiffs' expert Dr. J. Alex Halderman and of a deposition of Curling Plaintiffs' expert Dr. Andrew W. Appel. The sealed July 1, 2021 Halderman report and certain other prior declarations given by Dr. Halderman for this case contain sensitive data and other information bearing on vulnerabilities in Georgia's election system (and proprietary software Dr. Halderman created to test some of those vulnerabilities). While Curling Plaintiffs (and all other parties) now support making a **redacted** version of Dr. Halderman's sealed report public, making such information available without applying necessary redactions beforehand arguably raises complex risks and could aid unauthorized access to Georgia's election system, and to systems in other jurisdictions that use similar or identical components.[6] *See also* Orders, Dkts. 1249 at 4, 1453 at 1, 1520 at 1 n.1.

---

applied. Because a fuller review of those transcripts will take some time and because that motion to seal (or unseal) is not before the Court, Curling Plaintiffs do not take a position on the sealing of their respective full deposition transcripts in this Response.

[6] *See* footnote 4 *supra.*

In contrast, making the excerpted testimony of Dr. Halderman and Dr. Appel filed by State Defendants public presents no such danger. Neither would it threaten to reveal information protected by any reasonable conception of the investigative privilege or other sensitive or proprietary information. Consequently, Curling Plaintiffs think they should be publicly available and not filed under seal.

\* \* \*

Respectfully submitted, this 24th day of January 2023.

| | |
|---|---|
| **/s/ David D. Cross** | **/s/ Adam M. Sparks** |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Hannah R. Elson (*pro hac vice*) | Adam M. Sparks |
| Riley Jo Porter (*pro hac vice*) | GA Bar No. 341578 |
| Sonja N. Swanbeck (*pro hac vice*) | Jessica G. Cino |
| Caroline L. Middleton (*pro hac vice*) | GA Bar No. 577837 |
| Wail Jihadi (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Oluwasegun Joseph (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | Tel: (404) 888-9700 |
| (202) 887-1500 | Fax: (404) 888-9577 |
| | Email: hknapp@khlawfirm.com |
| | Email: sparks@khlawfirm.com |
| | Email: cino@khlawfirm.com |
| | *Counsel for Curling Plaintiffs* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

**/s/ Adam M. Sparks**
Adam M. Sparks
*Counsel for Curling Plaintiffs*

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, <br><br> v. <br><br> **BRAD RAFFENSPERGER, ET AL.,** Defendants. | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, a copy of the foregoing **CURLING PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR LEAVE TO FILE MATTERS UNDER SEAL [DKT. 1575]** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

**/s/ Adam M. Sparks**
Adam M. Sparks
*Counsel for Curling Plaintiffs*

10