# EXHIBIT 80

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

JOINT DISCOVERY STATEMENT
REGARDING PRODUCTION OF FBI SERVER IMAGE

**Issue:** The State Defendants are refusing to allow Plaintiffs to conduct forensic discovery on the FBI's image of the now-destroyed CES server.

*Plaintiffs'[1] Position*

**Discussion:** Within days after it became public knowledge that the elections.kennesaw.server at the KSU Center for Election Serves (CES) ("the Original CES Server") had been accessed and was vulnerable to unauthorized intruders, the CES Server was taken off line and retrieved by the FBI for analysis in March 2017. At that time, the Bureau made an image of the server (the "FBI Image No. 1"). Thereafter, the Original CES Server was returned to CES at KSU, and four days after this lawsuit was filed, it was destroyed. (Doc. 309 at 9).

---

[1] The Curling and Coalition Plaintiffs join in this discovery statement.

Case 1:17-cv-02989-AT   Document 589   Filed 08/28/19   Page 4 of 10

*State Defendants' Position*

Plaintiffs' timeline omits the significance of this Court's August 15, 2019 order denying the preliminary injunction but granting other relief (the "Order").[2] [Doc. 579]. The Order so significantly changed the landscape of this case that the Court itself ordered a status conference. [Docket Entry Order, August 23, 2019]. As discussed in the Joint Discovery Statement regarding DREs, Plaintiffs are only entitled to prospective injunctive relief. [Doc. 582, p. 5]. In light of the Order, State Defendants advised Plaintiffs that the hash record of the server image should be maintained until the parties receive further direction from the Court, as the server image now serves no purpose for the remaining issues in this case.

The Order makes two facts clear, barring an appeal by a party: (1) DREs and the GEMS databases may be used in the 2019 elections, including any run-off elections; and (2) the State may not use the "GEMS/DRE system in conducting elections after 2019." [Doc. 579 at 147-48]. Accordingly, the Order renders the KSU server information beyond the scope of discovery for at least two reasons.

First, the Plaintiffs' claims—which are limited to the DRE/GEMS system—are moot: the Order prevents the GEMS/DRE system from being used in 2020

---

[2] Plaintiffs appear to acknowledge that any agreement to allow the copying of the KSU server was made before the issuance of the Order, which Defendants contend makes the information irrelevant.

elections.[3] [Doc. 579 at 148]. Regardless of what is on the server image, none of the evidence about the KSU server can provide a basis for any *additional* relief that Plaintiffs' seek under the operative complaints. Second, the Order rendered the information on the image—which only relates to the old system maintained at KSU—irrelevant to any ongoing claims, because that system cannot be used after 2019. *Id.* at 64-73.

Plaintiffs do not argue anything to the contrary and cannot articulate how information on the server is relevant to future elections or this case going forward. Their second argument is about another potential spoliation effort. Plaintiffs' assertions are not relevant to the remaining claims in this case. Not only has there been no spoliation because the evidence still exists, but no relief can be afforded against the State Defendants because the entity that "wiped the servers" was KSU and not the State Defendants.[4] [Doc. 579 at 70]. Plaintiffs first sued KSU and then dismissed it from this lawsuit. *See, e.g.,* [Docs. 174 at 2; 222 at 3-4; 226].

---

[3] The State Defendants recognize that the Curling Plaintiffs have filed a motion to amend their complaint for a third time to challenge the new BMD system. [Doc. 581]. That motion has not been granted.

[4] Indeed, it was the acts of KSU that led the Attorney General to declare a conflict and retain the Barnes Law Group as outside counsel for State Defendants. *See, e.g.*, [Doc. 558-5, ¶¶ 23-24].

This 28th day of August, 2019.

/s/ Cary Ichter
CARY ICHTER
Georgia Bar No. 382515
cichter@ichterdavis.com
**ICHTER DAVIS LLC**
3340 Peachtree Road NE,
Suite 1530
Atlanta, Georgia 30326
Tel.: 404.869.7600
Fax: 404.869.7610

/s/Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 64460
**BRUCE P. BROWN LAW LLC**
1123 Zonolite Rd.
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted *Pro Hac Vice* (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
2703 Jahn Ave NW, Suite C-7
Gig Harbor, WA  98335
T: (844) 318-6730

/s/ Ezra D. Rosenberg
Ezra D. Rosenberg
John Powers
Co-Director, Voting Rights Project
Lawyers' Committee for Civil Rights Under Law
1500 K Street, NW, Suite 900

7

Washington, DC 20005
(202) 662-8345 (office)

*Attorneys for Coalition for Good Governance*

8