# EXHIBIT 124

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**JOINT DISCOVERY STATEMENT REGARDING STATE DEFENDANTS'
RESPONSES TO CURLING PLAINTIFFS' SECOND SET OF
<u>INTERROGATORIES AND CURLING PLAINTIFFS' CISA REQUEST</u>**

### I. Issue No. 1 – Curling Plaintiffs' Second Set of Interrogatories
#### A. Curling Plaintiffs' Position

State Defendants refuse to provide meaningful responses to Curling Plaintiffs' Second Set of Interrogatories. After first serving boilerplate objections, State Defendants served supplemental responses on August 23. Other than Interrogatory 26 which State Defendants claim is "moot," the responses merely cite information or documents that are publicly available or already were produced. Rule 33(d) does not allow a party to withhold responsive information by relying only on documents it has already produced. Curling Plaintiffs are entitled to all responsive information from State Defendants. For example, in response to Interrogatory 15 concerning known, attempted, or suspected security breaches or vulnerabilities involving the BMD system, State Defendants provide no meaningful answer, including whether any breaches have occurred or were suspected. They instead refer to the Complaints in this case, Dr. Halderman's expert report, and allegations by other experts "available on the public docket." The other interrogatory responses similarly lack meaningful answers.

#### B. State Defendants' Response

Plaintiffs have been given access to GEMS Databases [Doc. 463], DREs and memory cards [Doc. 745], a copy of the FBI's image of a KSU server from 2017 [Doc. 668], precinct components of the Dominion system [Doc. 858], and all

- 1 -

election "project packages" in State Defendants' possession and those obtained by subpoenas to non-party counties, *see* Aug. 19, 2021 Hrg. Tr. 14–19; 51:8–52:9. Plaintiffs further possess thousands of documents from Dominion, Fortalice, and the State, including Dominion Manuals, Official Election Bulletins and State procedural manuals, and internal documents and communications. Productions remain ongoing.

Instead of sending narrowly tailored discovery requests or taking depositions, Curling Plaintiffs served extraordinarily broad and burdensome interrogatories that exceed the scope of discovery. For example, Interrogatory 15, which Curling Plaintiffs reference above, states:

> Describe with specificity each known, attempted, or suspected Security Vulnerability or Security Breach involving any part of Georgia's Current Election System, including describing with specificity any and all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected as a result of any such Security Vulnerability or Security Breach.

Coupled with Curling Plaintiffs' definitions of "Security Breach" and "Security Vulnerability" in the interrogatories, the breadth of Interrogatory 15 and the burden on State Defendants to respond makes compliance with Rule 26 impossible. Plaintiffs themselves refused to respond to similar requests. Regardless, Plaintiffs possess equipment and thousands of documents they demanded from which "the

burden of deriving or ascertaining the answer will be substantially the same," Rule 33(d), and their argument that previously produced documents do not apply is misplaced and illogical. Whether under Rule 26 or 33(d), State Defendants are not required "to do the interrogating party's investigation for [them]." *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973); *see also* Rule 26.

### C. Curling Plaintiffs' Reply

State Defendants do not dispute that they have refused to provide any meaningful response to any of the interrogatories at issue. As they always do, they simply claim to have provided other discovery, including documents and Court-ordered election equipment.[1] But this does not obviate their obligation under Rule 33 to actually answer each interrogatory with information *not yet disclosed*—and they do not dispute that they possess responsive information *not yet disclosed*. For example, in response to Interrogatory 15 concerning known, attempted, or suspected security breaches or vulnerabilities involving the BMD system, State Defendants do not dispute that they refuse to even state whether any breaches have occurred or were suspected. State Defendants' argument that this request seeks

---

[1] State Defendants' document production continues to be inadequate, missing highly relevant documents produced by third parties, such as Dominion, that State Defendants were obligated to preserve and produce. They refuse to explain this, whether because of spoliation (like the KSU server) or inadequate collection efforts. Regardless, this heightens the need for answers to the interrogatories.

- 3 -

irrelevant information and that they need not do Curling Plaintiffs' investigation for them is nonsensical. Curling Plaintiffs have no way to obtain the information sought except from State Defendants. Their claim that depositions are sufficient also fails, especially given the disappointing willingness certain of State Defendants' witnesses have shown to be less than forthcoming and accurate under oath. State Defendants are obligated to answer the interrogatories with the information in their possession, custody, or control. Enough with the games.

### II. Issue No. 2 – Providing Dr. Halderman's Report to CISA
#### A. Curling Plaintiffs' Position

During the August 19 status conference, this Court directed State Defendants to meet and confer with Plaintiffs regarding providing Dr. Halderman's sealed report concerning the BMD system to the Cybersecurity and Infrastructure Security Agency (CISA).[2] CISA has normal, established, secure procedures specifically for this type of critically-important information.[3] During the parties' discussion, State Defendants persisted with their reflexive refusal to agree to this disclosure, without providing any meaningful reason for doing so. Because neither

---

[2] *See* https://www.cisa.gov/about-cisa ("the Nation's risk advisor, working with partners to defend against today's threats and collaborating to build more secure and resilient infrastructure for the future"); https://www.cisa.gov/election-security.
[3] *See* https://www.cisa.gov/coordinated-vulnerability-disclosure-process#:~:text=CISA%20Coordinated%20Vulnerability%20Disclosure%20(CVD,the%20affected%20vendor(s).

Respectfully submitted this 21st day of September, 2021.

 /s/ *David D. Cross*
David D. Cross (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500

 /s/ *Halsey G. Knapp, Jr.*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

/s/ *Vincent R. Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP

                1600 Parkwood Circle, Suite 200
                Atlanta, GA 30339
                Telephone: 678-336-7249

*Counsel for State Defendants*