# EXHIBIT 126

**Response to Revised Interrogatory 15:**

We continue to object to this interrogatory as overly broad and unduly burdensome. As discussed in our prior email correspondence, Judge Totenberg stated at the conference that she is not interested in a large volume of interrogatories. Breaking up the original interrogatory into ten separate interrogatories does not narrow the interrogatory as a whole.

Additionally, each separate request within Revised Interrogatory 15 is also overly broad and unduly burdensome. You ask State Defendants to "describe with specificity each successful or attempted instance of unauthorized access to or copying or alteration of," the following:

a. all software, firmware, source code, operational data, and election-related data on any Dominion *BMD* used in any election in Georgia;
b. all software, firmware, source code, operational data, and election-related data on any *printer* used with any Dominion BMD;
c. all software, firmware, source code, operational data, and election-related data on any *scanner* used to scan ballots cast in any election in Georgia;
d. all software, firmware, source code, operational data, and election-related data on any *server* containing election management system (EMS) software for use with any Dominion BMD used in any election in Georgia;
e. all software, firmware, source code, operational data, and election-related data on any *server* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs;
f. all software, firmware, source code, operational data, and election-related data on any *laptop* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs;
g. all software, firmware, source code, operational data, and election-related data on any *desktop computer* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs;
h. all software, firmware, source code, operational data, and election-related data on any *tablet* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion

    BMDs;
i. all software, firmware, source code, operational data, and election-related data on any *smartphone* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs; and
j. all software, firmware, source code, operational data, and election-related data on any *removable media* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs.

    As you know, the equipment that is referenced in this interrogatory is in the possession of county elections officials, not the State. The State conducted acceptance testing of the equipment, and counties conducted logic and accuracy testing before the elections. To investigate each of these interrogatories is extremely burdensome and would require significant time.

    Further, while some requests state that they apply only to equipment used to "collect, tally, record, transmit, design, or audit voting information" in any election in Georgia since Dominion BMDs were adopted, this appears to encompass every possible use of such equipment, and thus they are not narrow requests. These particular interrogatories even cover equipment used in the 2020 RLA, but there are no claims in this case about successful or attempted instances of unauthorized access to or copying or alteration of equipment used in audits.

    In an effort to provide information responsive to this request, State Defendants respond that they do not have knowledge of any election equipment used with the Dominion election system being hacked in an election in Georgia.

**Response to Revised Interrogatory 16:**

    Curling Plaintiffs' Revised Interrogatory 16 asks the State to describe with specificity all efforts undertaken to try to secure all Dominion *BMDs, printers, scanners, and EMS servers* used in any election in Georgia against unauthorized access or copying or alteration of data, including the results, conclusions, or findings of any such efforts and the identity of each entity or individual with responsibility for each such effort. Revised Interrogatory 16 also asks the State to describe with specificity all efforts undertaken to try to secure all *servers, laptops,*

*desktop computers, tablets, smartphones, and removable media* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs against unauthorized access or copying or alteration of data, including the results, conclusions, or findings of any such efforts and the identity of each entity or individual with responsibility for each such effort.

Our objections to your Revised Interrogatory 16 are for the same reasons that we objected to your Revised Interrogatory 15.  Additionally, it is unclear what is meant by the State Defendants efforts to try to secure the equipment listed in this interrogatory, but the State Election Board has promulgated regulations regarding secure storage of election equipment security of voting equipment.  *See e.g.,* SEB Rule 183-1-12.05.  Finally, we previously provided a non-exhaustive list of documents produced in this case that are responsive to this request.

**Response to Revised Interrogatory 19:**

Curling Plaintiffs' Revised Interrogatory 19 asks the State to describe with specificity all efforts undertaken to ensure that any unauthorized access to or copying or alteration of all software, firmware, source code, operational data, and election-related data on any component of Georgia's prior GEMS/DRE election system could not and did not affect any equipment used with any election in Georgia since it adopted Dominion BMDs.  It additionally asks the State to describe the success or failure of any such efforts as well as any connections or other actual or potential exchanges of data between the two election systems (such as the use of the same removable media or other devices with both systems).

This interrogatory is not narrower than your prior interrogatory.  We maintain the same objection as before and point you to our prior response to this interrogatory.

**Response to Revised Interrogatory 20:**

Curling Plaintiffs' Revised Interrogatory 20 asks whether any equipment used with any election in Georgia since it adopted Dominion BMDs is "air-gapped" and state with specificity all facts that support such contention.

We maintain our prior objections as before, especially because this interrogatory refers to literally every component of the system, including, apparently, all local county computers. In an attempt to respond to this request, the State has a number of specific requirements in regulations regarding the handling of election equipment that is in the possession of county officials and trains county superintendents on these requirements.

**Response to Revised Interrogatory 21:**

Curling Plaintiffs' Revised Interrogatory 21 asks the State to describe with specificity all Dominion *BMDs, printers, scanners, and EMS servers* used in any election in Georgia that have been connected to the Internet, telephone lines, cable lines, or satellites after Georgia procured the BMDs. The interrogatory also asks the State to describe with specificity all *servers, laptops, desktop computers, tablets, smartphones, and removable media* used to collect, tally, record, transmit, design, or audit voting information in any election in Georgia since it adopted Dominion BMDs that have been connected to the Internet, telephone lines, cable lines, or satellites after Georgia procured such equipment.

Our objections to your Revised Interrogatory 21 are the same as our objections to your Revised Interrogatory 15. We previously identified documents produced in this case that are responsive to this request. We do not know what you are referencing regarding cable lines, but there are cables used with the equipment, such as power cables. In an effort to provide responsive information, the State has no knowledge of Dominion *BMDs, printers, scanners, and EMS servers* procured by the State being connected to the Internet after Georgia procured such equipment.

**Response to Revised Interrogatory 24:**

State Defendants do not know of any complaints responsive to this interrogatory that are not currently publicly known.

**Response to Revised Interrogatory 25:**

State Defendants object to this interrogatory as overly broad and unduly

burdensome. It does not go to any claim or defense in this case, and describing every proposal or plan submitted to the State regarding the use of hand-marked paper ballots is extremely burdensome. Furthermore, documents responsive to this request have already been produced, such as the resolution referenced in the Revised Interrogatory 25, which was produced at STATE-DEFENDANTS-00184281.