# EXHIBIT 147

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DONNA CURLING, ET AL., *Plaintiffs*, v. BRAD RAFFENSPERGER, ET AL., *Defendants*. | No. 1:17-CV-2989-AT  STATUS REPORT |

As this Court directed on February 11, 2022, *see* Doc. 1315, the U.S. Cybersecurity and Infrastructure Security Agency (CISA), respectfully submits this status report to update the Court and the parties on CISA's ongoing Coordinated Vulnerability Disclosure (CVD) process.

CISA commenced its CVD process once it was able to share Dr. Halderman's report among its own staff and also with Dominion. *See* Doc. 1314. CISA continues to work with Dr. Halderman's team and Dominion to analyze the potential software vulnerabilities identified in the report.[1] After the analysis phase, CISA will continue to coordinate with Dr. Halderman and Dominion to develop and share measures to mitigate the risk of any confirmed vulnerabilities, as needed. The goal of this process is to provide sufficient time for any affected end users to obtain, test, and apply any mitigation measures before public disclosure of software

---

[1] CISA's CVD process addresses software vulnerabilities and does not cover other types of weaknesses, such as the physical security of the systems themselves or general machine design that are not tied to the software vulnerabilities under review. To address other sources of risk, CISA has published Best Practices for Securing Election Systems and encourages election officials to engage in information-security best practices, such as updating and patching software, enabling multi-factor authentication, chain-of-custody measures, software independence, and robust audits.

vulnerabilities. Moreover, through this process, CISA will strive to ensure accurate and objective disclosures by the vendor.

As CISA previously indicated, *see* Doc. 1314, the timeline for completion of the CVD process, which is already operating in a greatly expedited fashion, depends on a range of factors outside CISA's control, including the cooperation of third parties. CISA is aware of the urgency of this matter and is devoting extensive resources to this effort, is working closely with Dr. Halderman and Dominion to guide them through the CVD process, and will endeavor to garner their continued cooperation through the entire process to the greatest extent it is able. CISA is not yet in a position to provide a definitive timeline for completion, however, given that significant aspects of the process are outside of CISA's control and CISA cannot predict how expeditiously other parties will complete necessary parts of the process.

CISA anticipates that, ideally in coordination with Dominion and Dr. Halderman's team, it soon may be in a position to conduct limited pre-disclosure releases of certain information to relevant states that use the specific version of the election software analyzed in Dr. Halderman's report. In addition, limited pre-disclosures to other stakeholders, such as states that use other versions of the election software or entities that certify election systems, may be contemplated in the future. Such pre-disclosures are a typical part of CISA's CVD process.

Accordingly, CISA respectfully requests that the Court order that another status report shall be due in 30 days.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

BRIGHAM BOWEN
*Assistant Branch Director*

 /s/ Kate Talmor
KATE TALMOR
*Trial Attorney*
*Civil Division*
*Federal Programs Branch*
*US Department of Justice*
*1100 L St., NW*
*Washington, DC 2005*
*202-305-5267*
*kate.talmor@usdoj.gov*