# EXHIBIT 148

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DONNA CURLING, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br><br> *Defendants*. | No. 1:17-CV-2989-AT <br><br> STATUS REPORT |

As this Court directed on March 17, 2022, *see* Doc. 1347, the U.S. Cybersecurity and Infrastructure Security Agency (CISA), respectfully submits this status report to update the Court and the parties on CISA's ongoing Coordinated Vulnerability Disclosure (CVD) process.

CISA continues to work with Dr. Halderman's team and Dominion to analyze the potential software vulnerabilities identified in the report. After the analysis phase, CISA will continue to coordinate with Dr. Halderman and Dominion to develop and share measures to mitigate the risk of any confirmed vulnerabilities, as needed. The goal of this process is to provide sufficient time for any affected end users to obtain, test, and apply any mitigation measures before public disclosure of software vulnerabilities. Moreover, through this process, CISA will strive to ensure accurate and objective disclosures by the vendor.

Alternatively, if CISA and the parties involved in the CVD process are unable to agree on a workable path to disclosure, CISA will proceed with publishing a limited public advisory on its own, according to CISA's established process, for the benefit of affected end users and the cybersecurity community. CISA continues to communicate regularly with both Dr. Halderman and Dominion in an effort to guide this process and garner their cooperation.

As CISA previously indicated, *see* Doc. 1314, the timeline for completion of the CVD process, which is already operating in a greatly expedited fashion, depends on a range of factors outside CISA's control, including the cooperation of third parties. CISA is aware of the urgency of this matter and is devoting extensive resources to this effort. CISA is not yet in a position to provide a definitive timeline for completion, however, given that significant aspects of the process are outside of CISA's control and CISA cannot predict how expeditiously other parties will complete necessary parts of the process. CISA also is not yet in a position to make final determinations regarding the status of the alleged vulnerabilities or the sufficiency of any associated mitigations.

Although CISA has not yet conducted limited pre-disclosure releases of certain information to relevant states that use the election software analyzed in Dr. Halderman's report or other impacted stakeholders, it anticipates doing so in the near future. Such pre-disclosures are a typical part of CISA's CVD process.

Accordingly, CISA respectfully requests that the Court order that another status report shall be due in 30 days.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

BRIGHAM BOWEN
*Assistant Branch Director*

 /s/ Kate Talmor
KATE TALMOR
*Trial Attorney*
*Civil Division*
*Federal Programs Branch*
*US Department of Justice*
*1100 L St., NW*
*Washington, DC 2005*
*202-305-5267*
*kate.talmor@usdoj.gov*