# EXHIBIT 270

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, *et al.*

    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## RESPONSE TO COALITION PLAINTIFFS' MOTIONS REGARDING AEO DESIGNATIONS

This Court has long recognized that confidentiality matters in a case involving critical infrastructure like election equipment. To that end, the Court upheld the assertion of investigative privilege over a number of documents related to the active investigation involving the improper access to equipment in Coffee County. [Doc. 1513].

Coalition Plaintiffs have consistently litigated this case in the media in addition to before this Court, including providing discovery materials received from third parties to the press prior to providing those materials to State Defendants and informing media about subpoenas before they were served. Ms. Marks also has communicated extensively with individuals involved in the improper equipment access, including Ms. Latham and Ms. Hampton, among

others. *See e.g.*, [Doc. 1498-2].[1] This Court has recognized the nature of Ms. Marks' advocacy—which she has a First Amendment right to do—when considering earlier requests that she be given access to confidential material. [Doc. 438 at 34:14-23].

In recognition of the unique nature of this litigation, protecting the active investigation documents (including documents not covered by the investigative privilege) is critically important. The protective order allows the AEO designation for "information that constitutes proprietary or sensitive information that the producing party maintains as confidential in the normal course of its operations such that disclosure could impede legitimate operations." [Doc. 477, p. 4].

When producing documents related to the investigation, State Defendants originally marked every document AEO in the interests of timing to ensure that all relevant, non-privileged documents could be provided to Plaintiffs on the timeline specified by the Court. As Plaintiffs correctly identify, after further review, State Defendants lifted the designation from all but 39

---

[1] State Defendants are not alleging that Ms. Marks participated in the improper access, even though she has a number of communications with individuals involved in that access.

Respectfully submitted this 17th day of October, 2022.

**Robbins Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.:  976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:  (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411
btyson@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

-5-