# EXHIBIT 277

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSPERGER, et al.; | ) |
| | ) |
| Defendants. | ) |

**FULTON COUNTY DEFENDANTS' RESPONSE TO CURLING
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The Members of the Fulton County Board of Registration and Elections, Mary Carole Cooney, Vernetta Nuriddin, Kathleen D. Ruth, Mark Wingate and Aaron Johnson, (hereafter "Fulton County Defendants") hereby file this Response to Curling Plaintiffs' Motion for Preliminary Injunction. Defendants show that with respect to the Fulton County Defendants, Plaintiffs are not entitled to the equitable relief requested in their Motion for Preliminary Injunction filed on August 19, 2020 for the following reasons:[1]

---

[1] Fulton County Defendants also incorporate the reasons, arguments and citations

box," voter irregularities do not amount to constitutional violations. *Pettengill v. Putnam County R-1 School District*, 472 F.2d 121, 122 (8th Cir. 1973).

Further, Georgia courts have upheld the use of voting machines; therefore, Plaintiffs are not likely to succeed on the merits. *See Favorito v. Handel*, 285 Ga. 795 (2009). In *Favorito*, the Georgia Supreme Court rejected a constitutional challenge to the use of DRE machines for Georgia elections. In so doing, the Court held that voters are not entitled to have their votes cast and tabulated in a particular manner. Id. at 797. Plaintiffs assert that various persons agree that Georgia's system is susceptible, but this "consensus" is not evidence that anyone's constitutional rights have been violated, and does invalidate *Favorito* controlling Georgia law regarding Georgia elections.

### 2. Plaintiffs Cannot Show that They Will Suffer Irreparable Harm.

Plaintiffs are not entitled to a preliminary injunction based on theories alone. First, not every alleged constitutional violation regarding voting rights constitutes an irreparable injury. *See, e.g., Greater Birmingham Ministries v. State*, 161F.Supp.3d 1104, 1117 (N.D. Ala. 2016). Second, "Plaintiffs' allegations that voting machines may be 'hackable,' and the seemingly rhetorical question they pose respecting the accuracy of the vote count, simply do not constitute injury-in-

8

fact." *Stein v. Cortes,* 223 F.Supp.3d 423, 432 (E.D. Pa. 2016), citing *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 133 S.Ct. 1138, 1148 (2013).

Throughout the course of this litigation, neither Curling Plaintiff, nor any Plaintiffs' expert, has shown that there has in fact been a hacking or incursion into the State's system that has caused any harm, let alone caused irreparable harm. "[T]he absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The Plaintiffs should not now be heard to complain that they will suffer irreparable harm if this Court does not grant them a preliminary injunction halting the operation of a duly-enacted State statute that designates the manner of voting within the State of Georgia.

Plaintiffs have failed their burden to show irreparable harm. Indeed, allowing elections to proceed with the use of BMD machines does not prevent Plaintiffs from securing the relief that they ultimately seek (i.e., use of paper ballots that are verified via optical scanners). This relief is available to each and every person who seeks to take advantage of the absentee voting process. If Plaintiffs want to vote through the use of paper ballots, they can request an absentee paper ballot without the need of disrupting ongoing election preparation. O.C.G.A. §21-2-381; *Favorito*, 285 Ga. at 798.

All Georgia voters "have the option of casting an absentee ballot or using the touch screen electronic voting machines on Election Day." *Favorito,* 285 Ga. at 798. Plaintiffs cannot possibly show irreparable harm when they may easily cast the paper ballot they perceive as more secure. O.C.G.A. § 21-2-380(b).

Not every alleged constitutional violation regarding voting rights constitutes irreparable injury. *See, e.g., Greater Birmingham Ministries v. State*, 161 F.Supp.3d 1104, 1117 (N.D. Ala. 2016). "Plaintiffs' allegations that voting machines may be 'hackable,' and the seemingly rhetorical question they pose respecting the accuracy of the vote count, simply do not constitute injury-in-fact." *Stein v. Cortes*, 223 F.Supp.3d 423, 432 (E.D. Pa. 2016), citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138, 1148, 185 L.Ed.2d 264 (2013). Because of the *sine qua non* of injunctive relief, absent evidence that Georgia's BMD machines—much less the individual votes of these Plaintiffs—will be manipulated in any future Georgia election, Plaintiffs' failure to show substantial likelihood of irreparable injury, especially when they have ample time to exercise their right to vote by paper absentee ballots, as many apparently will, is fatal to their quest for an injunction.

10

embarrassing demands on a State in adjusting to the requirements of the court's decree." *Reynolds v. Sims*, 377 U.S. 533, 585 (1964).

**B.  Fulton County Defendants Cannot Provide the Relief Plaintiffs Are Seeking in Their Motion for Preliminary Injunction.**

The Curling Plaintiffs do not explicitly state that their motion for preliminary injunction and requested fees is brought only against the State Defendants.[3]  However, the requested relief can only be provided by the State Defendants and use of the statewide BMD-based system has been mandated by the Secretary of State and not by the Fulton County Defendants. [Doc. 785 pp. 1-2].

The counties are directed by the State in how they conduct elections. *See Fair Fight Action, Inc. v. Raffensperger*, et al., 413 F. Supp. 3d 1251 (N.D. Ga. 2019, wherein the Court reasoned that "by virtue of their offices as Secretary of State (and his role as the State's Chief Election Official (O.C.G.A. § 21-2-50(b)) and members of the State Election Board (who have a statutory duty pursuant to O.C.G.A. § 21-2-31(10) to take "such ... action, consistent with law, as the board may determine to be conducive to the fair, legal, and orderly conduct of primaries and elections)."  It is this statutory duty that causes the counties to follow the direction of the State when it comes to running elections in the State of Georgia.

---

[3] Plaintiffs often lump all defendants together, suing "Defendants" rather than specifying any articulable claim against the Fulton County Defendants.

16

Further, the Secretary of State of Georgia "is statutorily charged with the supervision of all elections in this State." *Smith v. DeKalb*, 288 Ga. App. 574, 576 (2007). The State creates the rules for conducting elections and the counties simply carry out these rules. State law provides that counties, through their Superintendents must conduct elections. O.C.G.A. § 21-2-70. These elections must be conducted in accordance with state law.

Pursuant to O.C.G.A. §§ 21-2-70 and 21-2-300, and the Court's August 15, 2019 Order, the Fulton County Defendants are required to conduct elections after December 31, 2019 using the newly-legislated statewide BMD-based voting system. The Fulton County Defendants are merely following Georgia Law as required in conducting elections and are constrained to follow Georgia law and this Court's order, when conducting elections in the future.

This motion for preliminary injunction is essentially a fourth bite at the apple. The instant motion is tantamount to an attempt to enjoin this Court's August 15, 2019 Order. This Court issued a ruling on August 15, 2019 with respect to the manner in which elections would be conducted throughout the State of Georgia in 2019 and 2020, if the new election system was not timely dispatched. However, the new system has been timely implemented.

This Motion for Preliminary Injunction is improper and as the Court indicated in its August 7, 2020 Order, the Plaintiffs are now attempting to bring in a "host of issues . . . that are not embraced within the ambit of this specific case." [Doc. 768 p. 11].

Consequently, the Fulton County Defendants state that they will conduct elections presently and in the future in the manner in which this Court and the State of Georgia have mandated.  Pursuant to the Court's previous Order, the Fulton County Defendants will be conducting future elections via Georgia's new statewide BMD-based voting system, the same as the 158 other counties in the State of Georgia.  Thus, Plaintiffs request for preliminary injunction must fail as to the Fulton County Defendants.

## CONCLUSION

For all of the above reasons, the Fulton County Defendants respectfully request that they be allowed to conduct current and future elections via Georgia's new statewide BMD-based voting system.

Respectfully submitted this 26th day of August, 2020.

                                                               **OFFICE OF THE COUNTY ATTORNEY**

                                                               **/s/ David R. Lowman**
                                                               David Lowman
                                                               Georgia Bar Number: 460298

    david.lowman@fultoncountyga.gov
    Kaye Burwell
    Georgia Bar Number:   775060
    kaye.burwell@fultoncountyga.gov
    Cheryl Ringer
    Georgia Bar Number: 557420
    cheryl.ringer@fultoncountyga.gov

    ATTORNEYS FOR DEFENDANTS
    MARY CAROLE COONEY,
    VERNETTA NURIDDIN, MARK
    WINGATE, KATHLEEN RUTH,
    AARON JOHNSON, AND THE
    FULTON COUNTY BOARD OF
    REGISTRATION & ELECTIONS

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

P:\CALitigation\Elections\Curling, Donna v. Kemp, Brian (Curling II) 1.17-CV-02989-AT- (DRL)\Pleadings\08.26.20 DEF's RESP to Curling PLTF's MOTION for Preliminary Injunction.doc