# EXHIBIT 278

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINTS**

I. **The facts cited by State Defendants may all be properly considered by the Court.**

Curling and Coalition Plaintiffs urge this Court to completely disregard State Defendants' cited facts about Georgia's voting system. [Doc. 650, pp. 6-7], [Doc. 651, pp. 11-13]. But this Court is permitted to look to "matters outside the pleadings, such as testimony and affidavits," *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotations and citations omitted), when a motion to dismiss challenges the existence of subject-matter jurisdiction. The Fed. R. Civ. P. 12(b)(1) jurisdictional motion raised by State Defendants requires specific facts, just like in *Lawrence*. *Id.* State Defendants explained the distinctions in the new claims involving BMDs and the prior

**II.     Plaintiffs lack standing to challenge the BMD Voting System.**

Plaintiffs cannot show (1) an injury in fact; (2) that is fairly traceable to the challenged conduct of defendants; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, ––– U.S. –––, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). At the outset, Curling Plaintiffs blur their DRE-related and BMD-related injuries in order to overcome the standing threshold. *See* [Doc. 651 at 12] ("While Curling Plaintiffs' claims regarding the Proposed Election System arise from recent actions taken by State Defendants, they are legally identical to the DRE-related claims . . . [n]o new facts materially alter the standing analysis here."). At the same time, Coalition Plaintiffs provide little, if any, argument related to standing, content to merely rest on the allegations in their First Supplemental Complaint. *See* [Doc. 650 at 22] ("Under these authorities, the standing of the individual Coalition Member Plaintiffs is established by the allegations in Paragraph 202 through 208 of the First Supplemental Complaint."). Neither approach is helpful to the Court, and both convey disregard for what is the "fundamental, threshold question" in every federal case. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

A. <u>Plaintiffs fail to demonstrate a concrete, particularized, and imminent injury.</u>

To establish an injury in fact, Plaintiffs must show their alleged injury is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

First, Curling and Coalition Plaintiffs have failed to allege a "concrete and particularized" injury, *Lujan*, 504 U.S. at 560-61, and instead seek to bootstrap BMD standing to their DRE claims. Although Curling and Coalition Plaintiffs allege a host of speculative problems with the BMDs (all of which are derivative of their past problems with DREs), they have not alleged any have occurred **in Georgia BMD elections**. *See Shelby Cnty. Advocates for Valid Elections v. Hargett*, Case No. 2:18-cv-02706-TLP-dkv, 2019 WL 4394754, at *7 (W.D. Tenn. 2019) (dismissing plaintiffs' claim for lack of standing where no evidence that upcoming elections will be compromised). Similarly, Curling and Coalition Plaintiffs' respective Complaints are devoid of any allegations that hacking, security-vulnerabilities, or other problems have been identified or exploited in Georgia's BMD voting system. Essentially, Curling and Coalition Plaintiffs' argument boils down to: (1) DREs have identified problems; (2) BMDs and

DREs are alike (disregarding the differences and clean break between the two); and, therefore (3) BMDs pose the same security risks and potential injuries as DREs. However, for standing purposes, more is required. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 ("It is the reality of the threat . . . not the plaintiff's subjective apprehensions . . . **the emotional consequences of a prior act simply are not a sufficient basis** for an injunction absent a real and immediate threat of future injury by the defendant.") (emphasis added). Moreover, Curling and Coalition Plaintiffs' contention that BMDs and DREs share the same flaws and vulnerabilities ignores the differences in the systems—differences apparent in the record that this Court must consider.

Nonetheless, taking Curling and Coalition Plaintiffs' allegations as stated, it remains "speculative whether hypothetical hackers—unidentified by Plaintiffs—will imminently target Plaintiffs' votes" in Georgia BMD elections. *Heindel v. Andino*, 359 F. Supp.3d 341, 356 (D. S.C. 2019). Just as in *Heindel*, Curling and Coalition Plaintiffs allege general problems with BMD systems and then assume these problems will occur in Georgia-conducted BMD elections. This type of projection is exactly the kind of "conjectural or hypothetical" claim that is insufficient to show injury-in-fact. *Lujan*, 504 U.S. at 560-61.

-6-

B. <u>Plaintiffs' claims are neither fairly traceable to State Defendants nor redressable by the Court.</u>

Further, Plaintiffs' alleged injuries cannot be traced to State Defendants. The traceability prong of standing requires "a causal connection between the injury and the conduct complained of[.]" *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003). Curling and Coalition Plaintiffs speculative alleged injuries (election irregularities and illegal hacking concerns) are simply too attenuated to be causally connected to the complained-of conduct—use of the BMD system in Georgia elections. Indeed, using Plaintiffs' logic, any and all voter irregularities or problems would be the fault of the State, as those problems would not have arisen if the State had not implemented the "complained-of" election system.

Finally, Curling and Coalition Plaintiffs injury is not redressable. To show redressability, a plaintiff must establish that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. "Redressability is established when a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010)

-7-

(alteration adopted and quotation marks omitted). Curling and Coalition Plaintiffs' alleged injuries would not be alleviated through their requested relief. No matter what election system Georgia employs, "the possibility of electoral fraud can never be completely eliminated . . . [.]" *Weber v. Shelley*, 347 F.3d 1101, 1106 (9th Cir. 2003). An immediate conversion to hand-marked paper ballots would only see the return of overvotes, undervotes, "hanging chads," and other mechanical and human errors that could negatively impact Curling and Coalition Plaintiffs' votes. *See generally Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). Indeed, redress to Plaintiffs' speculative future injury could only be had by this Court enjoining third-parties from "hacking" or "interfering" with a future election on any system—paper or otherwise.

### III. Plaintiffs' DRE Claims are now moot.

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. U.S*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Therefore, when an event occurs making a court's decision on an issue unnecessary, or makes the granting of effective relief impossible, the issue is moot and should not be addressed. *Id.*

-8-

Such is the case here and Plaintiffs' arguments that Defendants have waived mootness is unavailing.

First, the Court can, and in fact **must**, consider the issue of mootness. Indeed, "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." FED. R. CIV. P. 12(h)(3) (emphases added). That subject matter jurisdiction is not waivable and must be considered at any time is a fundamental maxim, because the Court loses subject matter jurisdiction over a claim if it becomes moot. *See, e.g., Leedom Mgmt. Grp., Inc. v. Perlmutter*, 532 F. App'x 893, 894 (11th Cir. 2013) (dismissing claim as moot on appeal).

Plaintiffs argue that State Defendants' waived any mootness arguments because they did not move to dismiss the DRE claims based on mootness in April 2019. [Doc 650 at 8].[2] Plaintiffs' argument completely disregards what the concept of mootness is all about—timing. A claim becomes moot when "issues presented are *no longer* 'live,'" and this can

---

[2] Coalition Plaintiffs also assert that State Defendants have waived mootness arguments by not explicitly referencing Coalition Plaintiffs' Third Amended Complaint. [Doc. 650 at 7]. However, the portion of State Defendants' Motion regarding mootness references claims made in Plaintiffs' "Amended and Supplemental Complaints," generally, and references "Plaintiffs' DRE claims" generally, too. [Doc. 645-1 at 12, 15]. Regardless, the Court may consider mootness at any time and may even do so *sua sponte*. *Nat'l Adv. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005).

happen at *any time* during the litigation. *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003) (emphasis added); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997). By April 2019, Georgia law had been amended to require the BMD voting system, but the State had not completed the procurement. Just because State Defendants chose not to move to dismiss the DRE claims based on mootness in April, does not mean their claims cannot be dismissed now—when they are moot.

Finally, the Court is unable to grant effective relief to Plaintiffs as to their DRE claims at this juncture. The Eleventh Circuit has explained:

> Our jurisdiction is limited, by the Constitution, to 'cases' and 'controversies.'" . . . Thus, "a justiciable controversy 'must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of *specific relief through a decree of a conclusive character*, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'

*Leedom*, 532 F. App'x at 895 (emphasis added) (internal citations omitted). Here, the November 2019 Georgia elections have already passed and the only elections remaining to be conducted on DREs are a handful of run-off elections on December 3—prior to conclusion of briefing on Plaintiffs'

-10-

preliminary injunctions.³ Thus, there is no effective relief that can now be granted for Plaintiffs' DRE claims, even on a preliminary basis.

### IV. Plaintiffs seek impermissible relief and Coalition Plaintiffs have failed to state a claim for violation of Procedural Due Process.

Curling and Coalition Plaintiffs both seek relief beyond the scope of *Ex Parte Young* and which would violate federal law. Moreover, Coalition Plaintiffs cite no authority for the proposition that a preferred method of voting is a liberty interest protected by Procedural Due Process, a claim which they have abandoned.

First, Curling Plaintiffs explicitly seek relief concerning use of the "DRE Voting System" in the "Relevant Previous Elections." *See* [Doc. 627 ¶¶ 98(a), 110, 112(a)]. Curling Plaintiffs, in their response, apparently assert that "notice relief" for past harm is available to them under *Green v. Mansour*, 474 U.S. 64 (1985). Simply put, "notice relief" for past conduct is not the type of remedy designed to prevent ongoing violations of federal law, as permitted by *Ex Parte Young*. *Id.* Since, as noted *supra*, Plaintiffs cannot obtain relief on DREs at this juncture, they are improperly seeking to

---

³ Moreover, the possibility of a vacancy or special election conducted on DREs before 2020 is so remote and speculative that it calls into question Plaintiffs' standing to assert a DRE claim on this basis.

-11-

obvious legal impropriety raises questions of why it was asserted in the first instance.

Regardless, Curling Plaintiffs have now abandoned their declaratory judgment claim and the Court should readily dismiss Count V. *White v. Ga. Dept. of Motor Veh. Safety*, 2006 WL 1466254 at *1 (N.D. Ga. May 19, 2006) ("it is well-accepted in this district that the failure to respond to arguments relating to a claim constitutes abandonment of the claim"); *see also Brown v. J.P. Turner & Co.*, 2011 WL 1882522 (N.D. Ga. May 17, 2011) (Carnes, C.J.) (noting that failure to respond to legal arguments in a motion to dismiss is, in itself, grounds for the Court to rule in favor of the movant). Here, Curling Plaintiffs avoid addressing State Defendant's arguments at all—grounds for dismissal in itself—and instead summarily reveal that the claim is indeed a state law claim. [Doc. 651 at 24]. Accordingly, the claim is barred by immunity. *See* [Doc. 645-1, 28–33] (asserting the legal impropriety of Curling Plaintiffs' state law declaratory judgment claim).

Respectfully submitted this 11th day of November, 2019.

>*/s/ Vincent R. Russo*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com

-15-

Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250


Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678)336-7249

*Counsel for State Defendants*