# EXHIBIT 281

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, : | |
| : | |
| Defendants. : | |

### **ORDER**

The Court made clear in its Orders of May 3, 2021 and May 20, 2021 (Docs. 1088, 1093) and several conferences with the parties its central goals for addressing this case at this juncture. These include: (1) the parties should cooperate in accomplishing streamlined, expedited discovery that is sufficient to provide a basic but sufficient evidentiary foundation for summary judgment briefing; (2) that plaintiffs should consider the impact of the Eleventh Circuit's ruling in *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020) on the future litigation and scope of their claims; and (3) that constitutional issues relating to proof of Plaintiffs' standing (i.e., evidence of how they have suffered individual and/or organizational harm in the exercise of their constitutional rights) remains of foremost import at this juncture to the Court's review of this case.

The Court conducted a phone conference with counsel on July 26, 2021 regarding a host of pending discovery disputes and scheduling issues in this case.[1] The Court has reviewed anew the range of discovery related filings before it as well as the transcript of the July

---

[1] These disputes are addressed in motions and filings at Docs. 1118, 1127, 1130

26th hearing.  While some progress was made at this last conference, the parties' filings thereafter make evident that little is happening fast and that endless tangling about discovery persists.  The Court is determined to issue a decision that allows this case to properly proceed or be appealed based on a fair record that reflects the work that has been devoted to this case by all parties as well as addresses the fundamental threshold issue of standing. But this requires the parties to cooperate in implementing a streamlined, meaningful discovery plan at this time.  To that end, the following items should be accomplished before or, as specified, at the August 19, 2021 discovery conference:

    (1) Defense counsel are directed to address how they have gone about preparing and identifying search terms, streamlining discovery, communicating about search terms on an ongoing basis with Plaintiffs' counsel; streamlining and refining the productivity of search terms in use with opposing counsel to minimize the identification and review of irrelevant documents; sharing and discussing together with Plaintiffs' counsel reports reflecting the results of search terms, and communicating about the results of use of specific search terms and whether too much "noise" (i.e., irrelevant documents or trash) is being produced by the search terms in use, and what modifications may be necessary; whether A.I. is being used to guide refinement of the search and production process.  Defense counsel are also directed to advise the Court regarding whether their 16 legal contractors are working full time on document review and what document production goals per week are now in place.

    (2) The State Defendants are directed to provide the Court and opposing counsel with a schedule for supplemental production of documents from the State's central repository at least one hour before the hearing.

(3) Plaintiffs' counsel are directed to provide Defendants with written verification that they have completed their production of discovery documents and responses to Defendants.[2] Such verification shall be provided at least one hour before the hearing.

(4) Plaintiffs' counsel are directed to provide defense counsel with confirmation of what dates the individual Plaintiffs or Plaintiff representatives can be made available for depositions. This information should be provided to Defendants at least one hour prior to the August 19th phone conference.

(5) Plaintiffs' counsel are directed to address how the current discovery is designed and framed to provide an evidentiary and legal basis for addressing the standing issues flagged by the Court's Order of May 3, 2021 (Doc. 1088) as well as by the Eleventh Circuit most recently in *L. Lin Wood v. Brad Raffensperger, et al.*, USCA Case 20-14813 (August 6, 2021).

(6) Plaintiffs' counsel are directed to clarify for the Court at the hearing whether it is seeking both the Fulton County election equipment that was used for the November 2020 and January 2021 elections it has requested *as well as* statewide election equipment. Plaintiffs' counsel also are directed how this request interfaces with their request for statewide election files. Counsel are further directed to clarify for the Court how this information would be used to establish their standing.

---

[2] In this connection, the Court notes that it does not view personal emails of Plaintiffs generally as discoverable. Similarly, generally it does not view the personal email of State employees and officers as discoverable.

3

(7) Plaintiffs' counsel are directed to clarify for the Court why they would require use of PollPad and Scanners that were used in November 2020 and January 2021.

(8) Defendants' counsel are directed to advise the Court what portions of state election files are public records. To the extent they are public and have been sought, Defense counsel should advise the Court whether they have provided these files to Plaintiffs' counsel as requested – and if not, by what date they shall be provided.

(9) The Parties are directed to address appropriate protocols for handling confidential and "attorney's eyes" only information.

**IT IS SO ORDERED** this 17th day of August, 2021.

_____
**Amy Totenberg**
**United States District Judge**