# EXHIBIT 282

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>    Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>    Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' BRIEF REGARDING STANDING**

I.  **INTRODUCTION**

The right to vote is itself personal and individual. *Gill v. Whitford*, __U.S. __, 138 S. Ct. 1916, 1929 (2018). "Voters who allege facts showing disadvantage to themselves as individuals have standing to sue to remedy that disadvantage." *Id*. The Supreme Court repeatedly has made clear that a plaintiff has standing even when many others are also injured by the same violation—or "the most injurious and widespread Government actions could be questioned by nobody." *United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 686-88 (1973). The harm to each Curling Plaintiff from Defendants' requirement that all in-person voting use Georgia's Dominion BMD system is personal and individual. That system deprives each Plaintiff individually of the right to cast a verifiable vote, to ensure that vote counts as intended, and to be treated equally with similarly-situated absentee voters. Since the Court's July 2020 ruling on standing (Dkt. 751), the record has expanded to provide further support for Curling Plaintiffs' standing, including expert analyses showing concrete, particularized, and actual harm to Curling Plaintiffs' right to vote. No recent court decisions in the Eleventh Circuit disturb well-settled standing jurisprudence or this Court's July 2020 Order.

II.  **BACKGROUND AND FACTUAL RECORD**

Plaintiff Donna Curling is a voter in the State of Georgia and a resident of

1

Plaintiff has explained that they cannot read a QR code, and so cannot verify when voting on a BMD that their individual votes are accurately recorded; further, no audit will be able to verify their votes were counted as they intended. (Dkts. 619-3 at 2; 619-4 at 3; 619-5 at 3.)

This Court found that BMD votes are tabulated based on the ballot's unencrypted QR barcode, which cannot be reviewed or verified by individual voters. *Curling v. Raffensperger*, No. 1:17-CV-2989-AT, 2020 WL 5994029, at *35 (N.D. Ga. Oct. 11, 2020) (citing testimony of experts Liu, Appel, Halderman). Following the September 2020 preliminary injunction hearing, the Court found that "Plaintiffs have shown demonstrable evidence that the manner in which Defendants' alleged mode of implementation of the BMD voting system, logic and accuracy testing procedures, and audit protocols deprives them or puts them at imminent risk of deprivation of their fundamental right to cast an effective vote (*i.e.*, a vote that is accurately counted)." *Id.* at *33. The Court further found that Plaintiffs' cybersecurity experts "have provided evidence credibly explaining how malware can mask itself when inserted in voting software systems or QR codes, erase the malware's tracks, alter data, or create system disruption . . . [that] often are not susceptible to full correction." *Id.* at *12. Since the September 2020 hearing, Dr. Halderman has continued his analysis and discovered additional vulnerabilities in

3

does not deprive" plaintiffs of standing); *Baker v. Carr*, 369 U.S. 128 (1962) (holding voters had standing where they asserted plain, direct and adequate interest in maintaining the effectiveness of their votes, not merely a right possessed by every citizen to require government be administered according to law); *Public Citizen, Inc. v. Miller*, 992 F.2d 1548 (11th Cir. 1993) (same; rejecting defendants' argument that voter plaintiffs lack standing because they have no more than a generalized grievance shared with all Georgia voters); *Weltner v. Raffensperger*, No. 1:20-cv-01407-ODE, 2020 WL 8116173 (N.D. Ga. May 18, 2020) (holding plaintiffs' alleged injury, though shared by all Georgia voters, is sufficiently concrete and particularized to confer standing and citing authority that injury to the right to vote meets injury in fact requirement regardless of the size of the impact). As discussed below, the cases cited by Defendants concern general grievances seeking that government be administered according to law rather than remedying burdens on individual rights. *Infra*, § III.3.

    **2. Curling Plaintiffs' Individual Right to Vote Is and Will Be Injured In Fact**

  For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 561 n.1. The Supreme Court has "long recognized that a person's right to vote is 'individual and personal in nature.'" *Gill*, 138 S. Ct. at 1929 (quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)). "Thus,

7

'voters who allege facts showing disadvantage to themselves as individuals have standing to sue' to remedy that disadvantage." *Id*. (quoting *Baker*, 369 U.S. at 206). "A plaintiff need not have the franchise wholly denied to suffer injury. Any concrete, particularized, non-hypothetical injury to a legally protected interest is sufficient." *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1351–52 (11th Cir. 2009). A 'debasement or dilution of the weight of [Plaintiffs'] vote[s],' even if such conduct does not completely deny Plaintiffs the right to vote," is unconstitutional. *Bush v. Gore*, 531 U.S. 98, 105 (2000); *see also Davis v. Bandemer*, 478 U.S. 109, 124 (1986) ("everyone [has] the right to vote and to have his vote counted"). As the Court previously determined, "courts have found that plaintiffs have standing to bring Due Process and Equal Protection claims where they alleged that their votes would likely be improperly counted based on the use of certain voting technology." Dkt. 309 at 21-22 (citing *Stewart v. Blackwell*, 444 F.3d 843, 855 (6th Cir. 2006), *vacated* (July 21, 2006), *superseded on other grounds*, 473 F.3d 692 (6th Cir. 2007)); *Banfield v. Cortes*, 922 A.2d 36, 44 (Pa. Commw. Ct. 2007).

This Court has twice in this case recognized that the Constitution affords Plaintiffs an individual interest in transparent, fair, accurate, and verifiable election processes that guarantee their fundamental right to cast an accountable vote. *Curling*, 2020 WL 5994029, at *33-34. Curling Plaintiffs suffer immediate and

8

irreparable harm to this interest when required by Defendants to cast a ballot that they cannot review or verify as reflecting their actual choice and that is vulnerable to failure or breach. *Id.* The Court correctly held: "This injury is not speculative; it is 'certainly impending,' since Plaintiffs intend to vote in person in each upcoming election in Georgia." (Dkt. 751 at 38.) The injury is thus individual, particularized, concrete, and inevitable.

### 3. Defendants Misportray Recent Election Decisions

No cases have disturbed the long-standing precedent discussed above. Defendants misportray the case law in arguing that courts have recently "again and again dismissed similar election cases." (Dkt. 1050.) This is incorrect.

First, all but one case Defendants cite concern partisan *post-election* attempts to change the *outcome of a specific election*; none concerns burdens placed on individual plaintiffs' right to vote. *Wood v. Raffensperger* ("*Wood I*"), No. 1:20-cv-04651-SDG, 2020 WL 6817513 (N.D. Ga. Nov. 20, 2020) (post-election partisan suit alleging general grievance of failure to follow law with no allegations of individual harm); *Wood v. Raffensperger* ("*Wood II*"), 981 F.3d 1307 (11th Cir. 2020) (post-election request for injunction of certification of election with no specific harm alleged as to plaintiff); Clerk's Judgment, *Pearson v. Kemp*, No. 1:20-cv-4809-TCB, ECF No. 75 (N.D. Ga. Dec. 7, 2020) (post-election contest seeking

9

Respectfully submitted this 12th day of February, 2021.

 /s/ David D. Cross                              /s/ Halsey G. Knapp, Jr.

David D. Cross (*pro hac vice*)           Halsey G. Knapp, Jr.
Veronica Ascarrunz (*pro hac vice*)       GA Bar No. 425320
Eileen Brogan (*pro hac vice*)            Adam M. Sparks
Lyle P. Hedgecock (*pro hac vice*)        GA Bar No. 341578
Mary G. Kaiser (*pro hac vice*)           KREVOLIN & HORST, LLC
Robert W. Manoso (*pro hac vice*)         1201 West Peachtree Street, NW
MORRISON & FOERSTER LLP                   Suite 3250
2100 L Street, NW, Suite 900              Atlanta, GA 30309
Washington, DC 20037                      (404) 888-9700
(202) 887-1500

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

16