# EXHIBIT 283

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**CURLING PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO SEVER**

Severance of Curling Plaintiffs' DRE claims is warranted and necessary because those claims have been long-resolved in Plaintiffs' favor and no further action on them is sought. *See Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) ("The district court plainly had sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable."). State Defendants offer no valid reason for opposing severance. They feign confusion about the claims to be severed and contradict their own prior argument that Curling Plaintiffs' current claims regarding Georgia's new Dominion BMD system are so distinct from the DRE claims as to require amended complaints—with which the Court agreed. (Dkt. 969 at 9 n.7.) The same reasoning mandates severance of the DRE claims now.

The Court and the parties have maintained the distinct DRE and BMD claims together in the same case for convenience—but no convenience exists any longer. Plaintiffs are entitled to sever their DRE claims so they can finalize the longstanding resolution of those claims, focus this case on the relief they seek regarding the current election system, and recover the substantial fees and costs they are owed as prevailing parties on the DRE claims. The Eleventh Circuit's recent *Common Cause* decision confirms Curling Plaintiffs' standing and their entitlement to fees and costs regarding the DRE claims. (Ex. 1 at 8.)

1

State Defendants improperly seek to convert their Opposition into a constructive motion to dismiss for lack of standing. Their arguments fail. First, Curling Plaintiffs have standing, as this Court has held. Second, Curling Plaintiffs' DRE claims are clear and distinct. Third, the requested relief is clear and necessary at this stage of the litigation. The Court should grant the Motion.

## I.   Curling Plaintiffs Have Standing

Defendants' latest standing argument ignores that this Court already has ruled that Curling Plaintiffs have standing (Dkts. 309, 751, 964), declined to certify that finding for interlocutory appeal to allow for necessary discovery (Dkt. 1088), and not received a motion for summary judgment from Defendants. Curling Plaintiffs have submitted significant briefing rebutting Defendants' arguments and will again—upon a complete record—if and when Defendants move for summary judgment. Defendants' invitation to dismiss the case now for lack of standing— tucked into an opposition on a motion to sever claims challenging *one* of those systems—is not only procedurally improper but ignores new evidence.

### A.   Recent Evidence Further Supports Curling Plaintiffs' Standing

Voting data State Defendants recently produced revealed that Ms. Price was disenfranchised in the June 2020 election when she voted absentee to avoid the

unconstitutionally-vulnerable BMD system—her vote never counted.[1]  (Ex. 2; Dkt. 1067-2 ¶ 12.)  Thus, absentee voting is no escape from the infirmities of the BMDs as State Defendants claim—it not only imposes undue burdens individually on each of the Curling Plaintiffs, but has resulted in a deprivation of the right to vote. "A choice between two evils is no choice at all." (Dkt. 964 at 83.)

Mr. Schoenberg has voted on Georgia's Dominion BMD system (contrary to State Defendants' repeated claim that no Plaintiff has), and he recently explained his individual harm, which concerns his personal right to vote, *not* the *results* of any Georgia election as State Defendants wrongly speculate:

- "[W]ithout evidence of the actual recording and counting of votes in a reliable transparent way, there is always the question of whether the elections are being operated fairly and more importantly to me personally, whether my vote counted.  I don't know that that vote has counted.  I would like to know that.  And every time I vote it is on a system that is not reasonably secure, I can't know that I have participated in the democratic process in a meaningful way.  That's the source of the harm here." (Ex. 3 at 125-126; *see also id.* at 83-84.)

- "I would not characterize this case as being only about risk by any stretch. Once you acquiesce, the risk has been realized. You are suffering harm by voting in an unverifiable way…. There's no [] human verifiable record of *my intent*. So that when reportedly the vote gets tallied, there's no way of saying afterwards that it reflected *what I intended* to have happen with *my vote*. I know after every vote I cast on the system that I

---

[1] Ms. Curling learned through discovery from State Defendants in this case that her attempt to vote absentee to avoid the prior DRE system similarly "resulted in [her] vote not being counted at all, a fact [she] did not learn until filings in this case were made by the Defendants." (*See* Dkt. 1067-1 ¶ 5.)

Respectfully submitted, this 15th day of November, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica S. Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Mary G. Kaiser (*pro hac vice*) | Adam M. Sparks |
| Lyle F. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| MORRISON & FOERSTER LLP | KREVOLIN & HORST, LLC |
| 2100 L Street, NW | 1201 West Peachtree Street, NW |
| Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*