# EXHIBIT 285

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## PLAINTIFFS' JOINT STATEMENT REGARDING STANDING

right to have his or her vote counted in any election in Georgia through a secure, reliable, transparent, verifiable election system. The claims here also are based on documented *facts* and *science*, not unsubstantiated claims of widespread election fraud and outlandish theories.

The Eleventh Circuit's recent decisions in *Jacobson* and *Wood* do not warrant an interlocutory appeal of standing. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020); *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020). There, the Court of Appeals found no standing because those plaintiffs failed to allege a concrete, particularized injury-in-fact—unlike here. This Court already rightly distinguished *Jacobson* on the basis that necessary parties were absent and the Secretary of State lacked the requisite authority. (Dkt. 969 n.12.) In *Jacobson*, the Eleventh Circuit found that the Florida Secretary of State did not have the authority to alter the arrangement of candidates on ballots, as the plaintiffs sought, and thus the plaintiff's injury was not redressable by or traceable to the defendant. 974 F.3d at 1253. Unlike *Jacobson*, Defendants admit they have the authority to require that hand-marked paper ballots be made available at polling locations, which was a key subject of proof and argument in the September 2020 hearing. (Dkt. 964 at 12-13.) And the Court has twice found redressability here already. (Dkts. 309 at 25-26; 751 at 44-45.)

9

In *Wood*, the plaintiff complained that supposed irregularities affected the outcome of a specific past election, thus "harm[ing] the electorate collectively." 981 F.3d at 1316.  The court held that generalized harm is insufficient.  *Id*. at 1314.  The court contrasted that situation with one in which the alleged violation placed "individual burdens" on voters.  *Id.* at 1315-16.  This case is the latter.  Plaintiffs allege an individual burden on how their own votes must be cast and counted—not a collective harm regarding the outcome of an entire election.  This Court has already correctly found Plaintiffs' alleged injury imposes real and immediate burdens on their right to vote that are not speculative, are impending, and establish an injury-in-fact.  (Dkt. 751 at 41.)

Again, Plaintiffs here bring suit based upon "an interest in their ability to vote and in their vote being given the same weight as any other," not upon the outcome of an election, like *Jacobson* or *Wood*.  *Jacobson*, 974 F.3d at 1246.  This case concerns the ongoing injury to Plaintiffs' right to vote arising from an incurably unconstitutional voting system, not any specific election.  As this Court has found multiple times, Plaintiffs plainly have standing to pursue their claims.

### III.   CONCLUSION

The parties just last week *agreed* on the need to move forward with discovery and trial.  (Dkts. 1046, 1048.)  Plaintiffs submit it is time to do that.

10

Respectfully submitted this 21st day of January, 2021.

| | |
|---|---|
| /s/ David D. Cross | /s/ Halsey G. Knapp, Jr. |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Veronica Ascarrunz (*pro hac vice*) | GA Bar No. 425320 |
| Eileen Brogan (*pro hac vice*) | Adam M. Sparks |
| Lyle P. Hedgecock (*pro hac vice*) | GA Bar No. 341578 |
| Mary G. Kaiser (*pro hac vice*) | KREVOLIN & HORST, LLC |
| Robert W. Manoso (*pro hac vice*) | 1201 West Peachtree Street, NW |
| MORRISON & FOERSTER LLP | Suite 3250 |
| 2100 L Street, NW, Suite 900 | Atlanta, GA 30309 |
| Washington, DC 20037 | (404) 888-9700 |
| (202) 887-1500 | |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

| | |
|---|---|
| /s/ Bruce P. Brown | /s/ Robert A. McGuire, III |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC | (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 881-0700 | (253) 267-8530 |

*Counsel for Plaintiff Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs Laura Digges, William Digges III,*
*Ricardo Davis, & Megan Missett*

11