# EXHIBIT 292

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., | ) |
| | ) |
| Plaintiffs, | )   CA No. 1:17cv02989-AT |
| | ) |
| v. | ) |
| | ) |
| BRIAN KEMP, et al., | ) |
| | ) |
| **Defendants.** | ) |

**STATE DEFENDANTS' BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS**

Come Now the State Election Board ("SEB"), Secretary of State and Chair of the SEB Brian P. Kemp, members of the SEB David J. Worley, Rebecca N. Sullivan, Ralph F. Simpson, and Seth Harp[1] (hereafter "State Defendants") through counsel, and pursuant to Fed. R. Civ. Proc. 81(c)(2)(C), hereby file their response to the Complaint.[2] The State Defendants move for dismissal of all claims pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

**Introduction and Procedural History**

This action was initially filed on July 3, 2017 in Fulton County Superior Court on behalf of six individuals and an out-of-state organization against twenty-

---

[1] Seth Harp, while appointed to the SEB has not yet been sworn in to office.
[2] Defendants Merle King and CES have not been served with process in this action.

1

machine. *See* Exhibit A, Declaration of Chris Harvey ¶¶ 4, 6-8; *See Hayes*, *supra*. Plaintiffs Schoenberg, L. Digges, and W. Digges, all voted by absentee ballot. Plaintiff Curling did not vote in the run-off election. Plaintiff CGG has not alleged that it has members that voted on the DRE machines in the run-off election.

### B. Plaintiffs' Federal Claims Are Barred by the Eleventh Amendment.

Plaintiffs' federal claims are asserted against the individually named State Defendants in their official capacities. Doc. 1-2 (Counts II and III). These claims are barred by the Eleventh Amendment.[7]

The Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).[8] Because claims against public officials in their official capacities are merely another way of pleading an action against the entity of which

---

[7] The State Defendants acknowledge that by removing this action to federal court they have waived immunity as to a federal *forum*. However, Defendants retain all defenses they would have had in state court, including immunity from liability. *Stroud v. McIntosh*, 722 F.3d 1294, 1303 (11th Cir. 2013) (citing *Lombardo v. Penn. Dep't of Pub. Welfare*, 540 F.3d at 190-198 (3rd Cir. 2008)).

[8] The Supreme Court has held that "§ 1983 does not override a State's Eleventh Amendment immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky*, 473 U.S. at 169 n.17.

the officer is an agent, "official capacity" claims against a state officer are included in the Eleventh Amendment's bar. *Kentucky*, 473 U.S. at 165.

While an exception to Eleventh Amendment immunity exists under *Ex parte Young*, 209 U.S. 123 (1908), it is limited to suits against state officers for *prospective* injunctive relief. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). "In *Young*, the Court held that a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law, even if the State itself is immune from suit under the Eleventh Amendment." *Idaho v. Coeur d' Alene Tribe*, 521 U.S. 261, 288 (1997) (O'Connor, J., concurring).

Two limitations on this exception to Eleventh Amendment immunity are applicable in this case. First, "[a] federal court cannot award *retrospective* relief, designed to remedy past violations of federal law." *Id.* (emphasis added). Second, "[i]n making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Ex parte Young*, 209 U.S. at 157.

7

Here, Plaintiffs challenge the use of DRE machines for an election that has already passed, and they seek to "void" the June 20, 2017 run-off election results. Doc. 1-2 ¶¶ 128, 138, 152, 161, 176 and prayer for relief. Plaintiffs' claims are clearly for retrospective relief and are therefore barred by the Eleventh Amendment.

Second, Plaintiffs' complaint lacks any factual allegations connecting the individual members of the SEB to the use of DRE machines in the Sixth Congressional District run-off election or any election. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000) (declining to apply *Ex parte Young* exception where Defendants had "no authority to enforce" the challenged statutory provision).

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Summit Med. Assocs., P.C.*, 180 F.3d at 1341 (quoting *Ex parte Young*, 209 U.S. at 157). Here, the only mention of each of the SEB members is in paragraph 64 of the complaint, which states:

> Defendants DAVID J. WORLEY, REBECCA N. SULLIVAN, RALPH F. "RUSTY" SIMPSON, and SETH HARP ("Members of the State Election Board") are members of the State Election Board in Georgia. In their individual capacities and their official capacities as members, they

8

> are responsible for (1) promulgating rules and regulations to ensure the legality and purity of all elections, (2) investigating frauds and irregularities in elections, and (3) reporting election law violations to the Attorney General or appropriate district attorney. *See* O.C.G.A. § 21-2-31.

Doc. 1-2 ¶ 64.  Plaintiffs do not connect any of the above responsibilities of the SEB with their causes of action.  Plaintiffs make no allegations that the members of the SEB played *any* role in determining what voting system was used in the June 20, 2017 run-off election or may be used in any future election.  To the contrary, Plaintiffs affirmatively allege that it is the Secretary of State that has the statutory responsibility to "approve the use of Georgia's voting systems and conduct any reexaminations of Georgia's voting systems, upon request or at his own discretion." Doc. 1-2 ¶ 63.  Because Plaintiffs fail to allege facts demonstrating a causal connection between the actions of the individual SEB members and the Plaintiffs' alleged injuries, the Eleventh Amendment bars their federal claims.  Moreover, because Plaintiffs' claims are premised on an alleged past violation of federal law and the relief they seek is retrospective in nature, their federal claims against the Secretary of State are also barred by the Eleventh Amendment.

    **C.    Plaintiffs' State Law Election Contest Claims And Failure to Re-Canvass Claim Are Barred by Sovereign Immunity.**

In Counts IV and V of the Complaint, the Plaintiffs seek to assert election contest claims under Article 13 of the Georgia Election Code against State

9

## CONCLUSION

For the foregoing reasons, the State Defendants pray that all claims against them be dismissed.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General          112505

ANNETTE M. COWART     191199
Deputy Attorney General

RUSSELL D. WILLARD    760280
Senior Assistant Attorney General

/s/Cristina M. Correia
CRISTINA M. CORREIA   188620
Assistant Attorney General

/s/Elizabeth A. Monyak
ELIZABETH A. MONYAK   005745
Assistant Attorney General

/s/Josiah B. Heidt
JOSIAH B. HEIDT       104183
Assistant Attorney General

Georgia Department of Law
40 Capitol Square SW
Atlanta, GA  30334
404-656-7063

Attorneys for State Defendants
