IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DONNA CURLING, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
|  | : 1:17-cv-2989-AT |
| BRAD RAFFENSPERGER, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Currently pending before the Court are Cathleen A. Latham's Motion to Quash Subpoenas and for Attorney's Fees and Costs [Doc. 1455] and Plaintiffs' Motion to Compel Compliance of Cathleen A. Latham with Document Subpoenas [Doc. 1493]. Ms. Latham seeks to quash and Plaintiffs seek compliance with subpoenas that require Ms. Latham to undergo a forensic audit of her personal devices. The purpose of the forensic audit is to search for documents in Ms. Latham's possession relating to an alleged breach of the election system in Coffee County, Georgia. Ms. Latham's Motion to Quash has been fully briefed, and although Ms. Latham never formally responded to Plaintiffs' Motion to Compel, Ms. Latham's position is that the briefing she submitted in connection with her Motion to Quash fully addresses the basis for her opposition to Plaintiffs' Motion to Compel. Therefore, the Court considers Plaintiffs' Motion to Compel to also be fully briefed.

At this stage, the Court understands that Ms. Latham and Plaintiffs disagree about whether these two pending Motions have been resolved. Ms. Latham's counsel represents that there is nothing for the Court to resolve because the parties previously reached an agreed-upon protocol for Ms. Latham to undergo a forensic audit of her personal devices, which would facilitate the collection, production, and review of the documents Plaintiffs sought in their subpoena. In contrast, counsel for Plaintiffs represent that even though they had previously reached an agreement with Ms. Latham's counsel to resolve the matter, the Court still needs to resolve the two pending Motions because Ms. Latham has not fully complied with the terms of their agreement.

To assist the Court in resolving this dispute, Plaintiffs are **DIRECTED** to inform the Court by **Friday, March 3, 2023** in a filing not to exceed 6 pages exactly how they believe Ms. Latham has failed to comply with the terms of her agreement with Plaintiffs and why it is still necessary for the Court to resolve the matter. Plaintiffs' submission should include an enumerated list of the specific terms of the agreement with which they believe Ms. Latham has failed to comply and an explanation regarding why they believe Ms. Latham has not complied. Along with their submission, Plaintiffs should include any written documents or email exchanges with Ms. Latham's counsel that confirm the existence and terms of their agreement. If any of these documents and communications contain materials that either Plaintiffs or Ms. Latham consider to be confidential, Plaintiffs should file them provisionally under seal. Ms. Latham shall have **10 days** to

respond to Plaintiffs' submission in a filing not to exceed 6 pages.

Alternatively, if the parties elect not to pursue this matter further and would prefer to withdraw their Motions, they should inform the Court of their intent to do so by **Tuesday, February 28, 2023**.

In the interim, Ms. Latham's Motion to Quash and for Attorney's Fees [Doc. 1455] and Plaintiffs' Motion to Compel [Doc. 1493] are both **STAYED**.

**IT IS SO ORDERED** this 22nd day of February, 2023.

_____
**Honorable Amy Totenberg**
**United States District Judge**