**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSBERGER, et al.; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**<u>FULTON COUNTY DEFENDANTS' RESPONSE TO JOINT STATEMENT
OF ADDITIONAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITIONS
TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>**

The Members of the Fulton County Board of Registration and Elections,

Mary Carole Cooney, Vernetta Nuriddin, David J. Burge, Mark Wingate, and

Aaron Johnson, (hereafter "Fulton County Defendants") hereby file this Response

to Plaintiffs' Joint Statement of Additional Facts in Support of Plaintiffs'

Oppositions to Defendants' Motions for Summary Judgment, as it pertains to the

Fulton County Defendants.

40. The programming and use of ballots in both the DRE and the Dominion BMD system is inherently tied to the accuracy of voter precinct and address information in the voter registration database, and inaccuracy in this voter information triggers a variety of obstacles in the voting process. Opp. Ex. 36 at 155:16-15 (Rick Barron testifying to the issues Fulton County experienced with the electronic pollpads in the September 2020 election); see also Opp. Ex. 2 at 88-89.

**Response:  Undisputed.**

68. Fulton County does not scan or inspect the USB devices used to update the software on BMD machines. Opp. Ex. 70 at 34:5-14.

**Response:  Undisputed.**

135. Per a Court order, on September 4, 2020, Fulton County provided Dr. Halderman a BMD and an ImageCast precinct programmed with Dominion software. Opp. Ex. 91 at 24.

**Response:  Undisputed.**

136. Dr. Halderman conducted extensive testing on the Fulton County BMD and related equipment and software over the course of 11 work sessions, including

included examining the machines, testing for vulnerabilities, and developing proof

of concept attacks. Dkt. 1131 at 4, 19.

**Response:  Undisputed.**

226. Fulton County described how it "took a lot for [Fulton County] to get the

State to produce any kind of poll worker manual" on the BMD system and how

"the State was pretty hands-off when it came to the system." Opp. Ex. 70 at 58:14-

59:16.

**Response:  Undisputed.**

229. Fulton County election workers used BMDs for the November 2020 election

that, in violation of election policies, were found with the side doors of the voting

machines that cover the machines' removable media ports open, unsealed, and

unsecured. Opp. Ex. 160; Opp. Ex. 85 at 50:3-15, 52:11-53:19, 54.25-56:1; Opp.

Ex. 161 at Slide 12.

**Response: Fulton County Defendants object to this paragraph because**
**Plaintiffs cite an inadmissible hearsay statement, and the Court should not**
**consider it.**

**LR 56.1(B)(2)(a)(2).**

230. There is no evidence that an investigation occurred or that the Fulton County BMDs were tested for compromise or removed from future use, despite the fact that an election worker reported the incident to the SOS's Office with a complaint containing photo evidence of the unlocked machines in question. Opp. Ex. 160; Opp. Ex. 162; Opp. Ex. 85 at 50:9-15, 55:18-23.

**Response:  Undisputed.**

231. A presentation on Fulton County "Election Day Issues," mentions that there was no seal on a scanner, in addition to other problems with BMDs, such as failure to power on, need to be reset, error signals, and other problems. Opp. Ex. 161 at Slide 6, 8.

**Response:  Undisputed.**

232. The presentation also mentions how "Not enough seals [were] provided" on election day. Opp. Ex. 161 at Slide 10. The presentation specifically states that the Messiah Precinct did not have the required seal on the voting scanner. Opp. Ex. 161 at Slide 12.

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs cite an inadmissible hearsay statement, and the Court should not consider it.**

**LR 56.1(B)(2)(a)(2).**

238. In Fulton County during the November 2020 election, a scanner containing 400-500 ballots was left unsecured overnight, and the precinct's election manager did not report the ballots to Fulton County. Opp. Ex. 60.

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs cite an inadmissible hearsay statement, and the Court should not consider it.**

**LR 56.1(B)(2)(a)(2).**

239. Later that night, the election manager stopped at her house to take a shower in the middle of transmitting completed ballots, leaving them unsecured in her personal vehicle for nearly 20 minutes. Opp. Ex. 85 at 218:5-219:6; Opp. Ex. 60.

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs cite an inadmissible hearsay statement, and the Court should not consider it.**

**LR 56.1(B)(2)(a)(2).**

241. In one Fulton County warehouse, election workers often left the storage area for the EMS server unlocked. Opp. Ex. 166 at 59:23-61:7.

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs cite an inadmissible hearsay statement, and the Court should not consider it.**

**LR 56.1(B)(2)(a)(2).**

242. One Fulton County pollworker reported that Dominion, not Fulton County Election Employees, seemed to be running an election warehouse, and that people were opening up 40-50 standalone scanners and "emptying the ballots into suitcases," with "no formal procedure." Opp. Ex. 168.

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs cite an inadmissible hearsay statement, and the Court should not consider it.**

**LR 56.1(B)(2)(a)(2).**

245. Fulton County experienced someone attempting to run vulnerability scans and run scripts to gain access into its external server environment, an incident which Fulton County was concerned may have been a "politically motivated attack." Opp. Ex. 170.

**Response:  Undisputed.**

247. The usual process to deliver poll pads to poll managers is "just to hand them [poll pads] out on Sundays" before elections. In Fulton County, poll managers would even "put them [poll pads] in their cars" after receiving them from the county. Opp. Ex. 70 at 47:3-15.

**Response:  Undisputed.**

388. The hand recount conducted for the 2020 Presidential election relied upon a tool that Mr. Richard Barron, former Fulton County Election Supervisor, called "a complete joke" – a piece of software called "Arlo" that was "not built" for the purpose of an audit. Opp. Ex. 70 at 147:7-149:14; Opp. Ex. 48 at 202:10- 203:24.

**Response:  Undisputed.**

420. Secretary Raffensperger has agreed that Fulton County Defendants' actions have disenfranchised voters like Ms. Curling. Opp. Ex. 229 ("The Department of Justice needs to take a long look at what Fulton County is doing and how their leadership disenfranchises Fulton voters through incompetence and malfeasance.").

**Response:   Fulton County Defendants object to this paragraph because Plaintiffs characterize a conclusion of law as a statement of material fact in dispute, and the Court should not consider it.**

**LR 56.1(B)(1)(c).**

**P.     State Law Requires Fulton County to Conduct Elections and Implement the Voting System in Fulton County.**

477. Fulton Defendants must, under State law, conduct elections and thereby implement the voting system in Fulton County. O.C.G.A. § 21-2-70; Dkt. 1573 p.

13-14.

**Response:  Undisputed.**

478. Fulton Defendants had knowledge of security failures in Georgia's voting system, including some of Dr. Halderman's statements about vulnerabilities in the BMD system. Opp. Ex. 70 at 165:4-166:4, 166:25-167:10; Opp. Ex. 243; Opp. Ex. 244; Opp. Ex. 245; Opp. Ex. 246; see also Dkt. 1590-10.

**Response:  Undisputed.**

479. Fulton Defendants expressed "serious concerns" in 2020 that "the new voting system is failing to read all votes marked by voters on absentee by mail ballots." Opp. Ex. 247 at 2.

**Response:  Undisputed.**

480. Fulton County's Elections Director, Richard Mr. Barron, has admitted that there is "no way for the voter to verify" the QR code on the BMD-printed ballot. Opp. Ex. 70 at 18:10-11, 31:1-5, 173:13, 180:20-181:7. He also testified: "the best thing to do would be for there to be minimal barcodes or Q.R. codes." Opp. Ex. 70 at 181:20-183:4.

**Response:  Undisputed.**

481. Fulton Defendants have not assessed or examined the Georgia voting system for cyber-attack vulnerabilities. Opp. Ex. 63 at 100:21-25.

**Response:  Undisputed.**

482. As of January 21, 2022, Fulton Defendants were not taking any measures to eliminate or remediate any cyber-attack vulnerabilities in the Georgia voting system. Opp. Ex. 63 at 101:1-6.

**Response:  Undisputed.**

483. Mr. Gilstrap was not aware of efforts that Fulton Defendants must make to ensure that components of Georgia's voting system as used in Fulton County are actually air gapped. Opp. Ex. 63 at 17:19-22.

**Response:  Undisputed.**

484. Mr. Gilstrap was not aware of claims that someone made a successful hacking attempt into Fulton County voting machines via remote WiFi towards the end of 2020. Opp. Ex. 63 at 102:13-18.

**Response:  Undisputed.**

485. It would be a concern to Fulton County if a third party had taken copies or images of voting equipment used in Fulton County elections, or voting data in those elections. Opp. Ex. 63 at 122:23-123:8.

 **Response:  Undisputed.**

486. Dominic Olomo was unable to answer what process Fulton County would follow if it learned about a problem with a Georgia BMD. Opp. Ex. 167 at 22:15-21; 23:10-23.

**Response:  Undisputed.**

487. Mr. Olomo was not able to testify about wireless connections involving components of Georgia's voting system apart from stating that poll pads are connected to WiFi during bulk updates and during logic and accuracy testing. Opp. Ex. 167 at 29:12-30:5.

**Response:  Undisputed.**

488. Fulton County has not conducted an assessment as to whether the information on cards created by poll pads and then inserted into Georgia BMDs as part of the voter check-in system are vulnerable to malicious attacks. Opp. Ex. 70 at 41:24-42:11.

**Response: Undisputed.**

489. Mr. Olomo stated there were no policies concerning cybersecurity (i.e., protection against cyber-attack vulnerabilities) that come to Fulton County from the Secretary of State's office and that Fulton County did not have any such policies of its own. Opp. Ex. 167 at 36:23-37:5.

**Response: Undisputed.**

490. Mr. Olomo had not read any of the expert reports in the case and was otherwise not aware of them. Opp. Ex. 167 at 33:12-19.

**Response: Undisputed.**

491. There were operational or execution issues and challenges for Georgia's election system in the Fulton County June 2020 primary election, including

unavailability of emergency paper ballots. Opp. Ex. 63 at 131:10-132:12; Opp. Ex. 111.

**Response: Undisputed.**

492. One issue encountered in the Georgia primary runoff election in 2020 was a problem with poll pad "decoders," which prevented the printing of ballot access cards. Problems such as the decoder issue have occurred since the August 2020 election in Georgia. Opp. Ex. 63 at 134:19-138:16; Opp. Ex. 112.

**Response: Undisputed.**

493. One issue encountered in 2020 elections was Georgia BMDs printing ballots with two QR codes, an issue that had previously been discovered during logic and accuracy testing. Opp. Ex. 63 at 138:21-141:15; Opp. Ex. 248.

**Response: Undisputed.**

494. Despite the issue of Georgia BMDs printing ballots with two QR codes, Fulton Defendants did not seek to alter or change their logic and accuracy procedures. Opp. Ex. 63 at 141:16-142:2.

**Response: Undisputed.**

495. Neither Fulton Defendants nor anyone at their direction or behest scans or conducts other inspections of USB devices used to update the software on Georgia's BMDs. Opp. Ex. 70 at 34:5-14.

**Response:  Undisputed.**

496. Neither Fulton Defendants nor anyone at their direction or behest has conducted an assessment as to whether the information on cards created by poll pads and then inserted into Georgia BMDs as part of the voter check-in system are vulnerable to malicious attacks. Opp. Ex. 70 at 41:24-42:11.

**Response:  Undisputed.**

497. Fulton County has an adversarial relationship with the Georgia Secretary of State and his office as well as the State Election Board. Opp. Ex. 70 at 115:25-117:14.

**Response:    Fulton County Defendants object to this paragraph because Plaintiffs characterize a conclusion of law as a statement of material fact in dispute, and the Court should not consider it.**

**LR 56.1(B)(1)(c).**

Respectfully submitted this 13th day of March 2023.

> Kaye W. Burwell
> Georgia Bar Number:   775060
> kaye.burwell@fultoncountyga.gov
> David Lowman
> ***/s/ David R. Lowman***
> Georgia Bar Number: 460298
> david.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404)612-0246

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DONNA CURLING, et al; | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 1:17cv02989-AT |
| BRAD RAFFENSBERGER, et al.; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing

**FULTON COUNTY DEFENDANTS' RESPONSE TO JOINT
STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF PLAINTIFFS'
OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT** with the Clerk of Court using the CM/ECF system, with the Clerk

of Court using the CM/ECF system, which will send email notification of such

filing to all attorneys of record.

This 13th day of March 2023.

*/s/ David R. Lowman*
David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov


**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246