IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs,*

v.

  BRAD RAFFENSPERGER, *et al.,*

    *Defendants.*

CIVIL ACTION

NO. 1:17-CV-2989-AT

## STATE DEFENDANTS' RESPONSES AND OBJECTIONS TO COALITION PLAINTIFF'S SUPPLEMENTAL STATEMENT OF ADDITIONAL FACTS SUBMITTED IN RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT

State Defendants hereby submit these responses and objections to the individual facts asserted in Coalition Plaintiff's Supplemental Statement of Additional Facts (the "Supplemental SAMF") Submitted in Response to Motions for Summary Judgment (Doc. No. [1623]), showing the Court as follows:

As an initial matter, State Defendants object to Coalition Plaintiffs' Supplemental SAMF as it violates Plaintiffs' January 26, 2023 Stipulated Order Regarding Summary Judgment Briefing (the "Stipulated Order"). Doc. 1588. The Stipulated Order states that "Plaintiffs may *jointly* file any

statement of additional material facts in response to all pending motions for summary judgment." *Id.* (emphasis added). Coalitions Plaintiffs have violated the Stipulated Order by filing a Supplemental SAMF, in addition to the joint SAMF. For these reasons, State Defendants ask the Court to not consider Coalition Plaintiffs' Supplemental SAMF.

In an abundance of caution, despite Coalition Plaintiffs' violation of the Stipulated Order, State Defendants provide responses and objections to the Supplemental SAMF below.

1. Multiple Coalition Plaintiffs and CGG members have personal and professional reasons for wanting their vote selection to be private. Dkt. 1593 Decl. Defort ¶14-21; Doc. 1592 Decl. Forney ¶8-14; Doc. 1597 Decl. Nakamura ¶9-13, 22.

**<u>RESPONSE</u>**: Objection. The stated fact does not comply with LR 56.1(B)(1) because it is not a statement of fact, but is instead an opinion from Plaintiffs and CGG members.

2. Multiple CGG members fear being accused of attempting to see another voter's touchscreen voting selections, which is a felony under SB202, O.C.G.A. §21-2-568.1. Doc. 1596 Decl. Throop ¶25; Doc. 1597 Decl. Nakamura 43.

**RESPONSE**:  Objection. The stated fact does not comply with LR 56.1(B)(1) because it is not a statement of fact, but is instead an opinion from CGG members.

3.      BMD touchscreen notifications to the voter of races that they have not voted on (in error or on purpose) are displayed on the screen in a manner visible to the public.  Doc. 1596 Decl. Throop ¶ 33; Doc. 1594 Decl. Martin ¶ 8; Doc. 1595 Decl. Missett ¶ 19.

**RESPONSE**: Objection. The stated fact does not comply with LR 56.1(B)(1) because it is an argument, rather than a statement of fact, for whether BMD notifications are visible to the public.

4.      Multiple CGG members and Plaintiff Missett are unable to memorize the ballot content of a long ballot for purposes of verification.  Doc. 1595 Decl. Missett ¶16-17; Doc. 1597 Decl. Nakamura ¶48-51; Doc. 1596 Decl. Throop ¶39-40; Doc. 1594 Decl. Martin ¶10; Doc. 1592 Decl. Forney ¶20-21; Doc. 1593 Decl. Dufort ¶33; Doc. 680-1 Decl. Nakamura ¶39-40.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since a voter's ability to memorize the content of their ballot is of no consequence to the action. FRE 403; Local R. 56.1 (B)(1).

5.      Multiple CGG members have concerns that they cannot read the QR code when voting on a BMD.  Doc. 1592 Decl. Forney ¶23; Doc. 1595 Decl.

Missett ¶21; Doc. 1596 Decl. Throop ¶32; Doc. 1593 Decl. Dufort ¶13; Doc.

723 at 41 Decl. Nakamura ¶12; Doc. 1617 Decl. Wasson ¶19.

 **RESPONSE**: Objection. Plaintiffs opinions are not statements of fact.

Further, State Defendants object that the stated fact is argumentative and

does not comply with LR 56.1(B)(1).

 6. Chris Harvey, former State Election Director stated in state vote

education video that "the voter will be charged with reviewing and

confirming ballot choices," indicating the mandatory ballot confirmation

require of the voter.  https://www.youtube.com/watch?v=3QXV7scwQhA

(timestamp 2:10).

 **RESPONSE**: Objection. The asserted fact does not comply with LR

56(B)(1) as it is an argument rather than an undisputed fact. Plaintiffs have

mischaracterized Chris Harvey's statement in the state vote education video.

Chris Harvey's statement that "the voter will be charged with reviewing and

confirming ballot choices" in no way "indicates" that ballot confirmation, by a

voter, is mandatory. Moreover, the word "mandatory," or any derivation

thereof, is a legal conclusion that does not comply with LR 56(B)(1). Finally,

State Defendants object that no admissible evidence is cited, as only a

hyperlink is provided, which links to an unauthenticated video.

7.     Multiple CG members fear voting on Election Day when poll pads would be used to check in voters, given the history of electronic pollbook problems. Doc. 1597 Decl. Nakamura ¶58-67; Doc. 1594 Decl. Martin ¶13; Doc. 1593 Decl. Dufort ¶35-36; Doc. 1071-3 Dufort ¶11; Doc. 1071-5 Decl. Nakamura ¶27.

**RESPONSE**:  Objection. The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

8.     Multiple CGG members fear loss of ballot secrecy when their votes are exposed by touchscreen displays.  Doc. 1596 Decl. Throop ¶26-27; Doc. 1597 Decl. Nakamura ¶¶9-13, 22; Doc. 1594 Decl. Marin ¶11; Doc. 1592 Decl. Forney ¶¶8-13, 19, 25; Doc. 1595 Decl. Missett ¶18-19; Doc. 1593 Decl. Dufort ¶14-22; Doc. 723 Decl. Shea Roberts ¶9-12; Doc. 723 Decl. Lucia Gambino ¶7-8.

**RESPONSE**: Objection. The stated fact does not comply with LR 56.1(B)(1) because it is not a statement of fact, but is instead an opinion from CGG members. State Defendants further object that the stated fact is argumentative for whether votes are "exposed by touchscreen displays."

9.     Multiple CGG members are uncomfortable casting a BMD ballot with votes that are not considered to be official votes, given that the printed

text is legally required to be counted.  Doc. 1596 Decl. Throop ¶32, 41; Doc.

1592 Decl. Forney ¶23; Doc. 1595 Decl. Missett ¶21; Doc. 723 at 38 Decl.

Nakamura ¶12; Doc. 1595 Decl. Missett ¶21; Doc. 1617 Decl. Wasson ¶19.

**RESPONSE**: Objection. The asserted fact does not comply with LR

56(B)(1) as it is an argument rather than an undisputed material fact.

Plaintiffs are arguing that the votes of the declarants are "not considered

official votes."  Further, the evidence cited does not support the fact stated.

None of the declarations cited by Plaintiffs state that the declarant did not

consider their vote to be an "official vote."

10.    Multiple CG members and plaintiffs have experienced the burden

of attempting to obtain a timely mail ballot because of delayed issuance and

receipt and the resulting need to monitor the process.  Doc. 1597 Decl.

Nakamura ¶¶80-81, 83-85; Doc. 1596 Decl. Throop ¶34; Doc. 1617 Decl.

Wasson ¶¶8-11, 7-14, 22; Doc. 1593 Decl. Dufort ¶¶29, 32; Doc. 1592 Decl.

Forney ¶24; Doc. 1595 Decl. Missett ¶8-12.

**RESPONSE**: Objection. The fact is immaterial to the claims and

defenses in this case since a voter's decision to mail in their ballot is of no

consequence to the action. FRE 403; Local R. 56.1 (B)(1). Moreover, the

evidence cited does not support the fact stated. For example, paragraph 13 of

Elizabeth Throop's declaration does not state that she has "experienced the

burden of attempting to obtain a timely mail ballot" but instead states what she views to be potential risks of voting by mail.

11.     Multiple CG members and plaintiffs intend to vote by mail ballot in order to avoid the risk of voting in person on the BMD system.  Doc. 1591 Davis Decl. ¶9; Doc. 1593 Decl. Dufort ¶¶7, 13, 22, 28, 35-36; Doc. 1597 Decl. Nakamura ¶¶8, 46, 54, 58, 65-66; Doc. 1617 Decl. Wasson ¶¶ 7, 10, 15; Doc. 1595 Decl. Martin ¶11, 13.

**RESPONSE**: Objection. The asserted fact does not comply with LR 56(B)(1) because it  is argument rather than an undisputed material fact as Plaintiff is arguing that there is a "risk" associated with coting in person on the BMD system.

12.     Multiple Coalition Plaintiffs and CGG members wish to vote in person either in early voting or Election Day voting in upcoming Georgia elections.  Doc. 1597 Decl. Nakamura ¶6-8; Doc. 1592 Decl. Forney ¶¶7, 27; Doc. 1593 Decl. Dufort ¶22-23; Doc. 1595 Missett Decl. ¶¶6-7, 13;  Doc. 1591 Davis ¶7-8; Doc. 1671 Decl. Wasson ¶15.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since a voter's personal preference of voting in person either during early voting or on election day is of no consequence to the action. FRE 403; Local R. 56.1 (B)(1). Moreover, The cited evidence is

hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

13. Voter Travis Edwards was turned away from voting in Fulton County on November 8, 2022, because the PollPad inaccurately stated that he was a Gwinnett County resident.  Doc. 1597 Decl. Nakamura ¶62-64.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since potentially inaccurate voter rolls are of no consequence to the action. FRE 403; Local R. 56.1 (B)(1). Moreover, The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

14. Mail ballots, which are hand marked paper ballot, are frequently damaged by the mail ballot envelope slitter and must be duplicated to be readable by the scanner.  Some counties are duplicating such ballots onto a BMD rather than hand duplicating them onto similar hand marked paper ballots.  Doc. 1593 Decl. Dufort 8-13; Doc. 1518 Decl. Marks Decl. ¶36-37.

**RESPONSE**: The evidence cited does not support the fact stated. Plaintiffs' use of the team "frequently" is contrary to the cited testimony as the evidence cited does state how often the alleged issue occurs. Additionally, the evidence cited does not concern "some counties" but rather, a single county. Moreover, the cited evidence is hearsay, which cannot be considered

at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

15.     The ballot content for some elections exceeds forty contests or questions. Doc. 1595 Decl. Missett ¶16; Doc. 1594 Martin ¶10; 1597 Decl. Nakamura ¶50-51; Doc. 1596 Decl. Throop ¶39; Doc. 1592 Decl. Forney ¶20.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since the number of contests in a single election is of no consequence to the action. FRE 403; Local R. 56.1 (B)(1).

16.     On Election Day November 6, 2018, poll watcher and CGG member Elizabeth Throop interviewed numerous voters who were turned away from the pools in Fairburn, Georgia, including a voter who had driven from Oxford to Fairburn because he was mistakenly assigned to Fairburn in the electronic poll book.  Doc. 1596 Decl. Throop ¶42.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since potentially inaccurate voter rolls are of no consequence to the action. FRE 403; Local R. 56.1 (B)(1). Moreover, The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

17.     Election managers at times use the same USB devices to move data back and forth between the Dominion EMS and web-connected computers.  Doc. 723 Decl. Throop ¶¶5-11; Doc. 723 Decl. Marks ¶15-17.

**RESPONSE**: Objection. The evidence cited does not support the fact. Additionally, the cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

18.     The Secretary of State's online publication entitled *A Guide for Registered Voters, An Overview of Georgia's Absentee Voting Process*, states on page 8 that it "is a crime to violate the secrecy of the ballot, or otherwise tamper with ballots or the voting system."  Doc. 1590-9 Marks Decl. at 8.

**RESPONSE**: Objection. Ms. Marks' declaration about the contents of the Secretary of State's online publication is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

19.     On December 22, 2019 CGG filed an Administrative Complaint concerning violations of ballot secrecy with the Secretary of State under the provisions of the Help America Vote Act.  (Doc. 699-6 Decl. Marks Ex. C).

**RESPONSE**:  State Defendants admit that CGG filed an Administrative Complaint. However, State Defendants object to the

consideration of the allegations of the Complaint, as they are not statements

of fact, and do not comply with LR 56.1(B)(1).

20.     On March 31, 2020, the Secretary acknowledged in his ruling

against a HAVA complaint filed by Coalition that:

> [P]olling places layouts developed by local election officials must
> be done in a manner that ensures voter privacy, including
> obscuring the sightlines of observers, poll watchers, and the
> public such that they cannot view a BMD screen. . . . County
> officials must provide a private voting experience. . . (Doc. 809-15
> at 7).

**RESPONSE**: Defendants admit that the Court may consider this

evidence for purposes of the summary judgment motion.

21.     In response to privacy complaints from voters, Fulton Board

Member Aaron Johnson stated in a July 9, 2020, meeting:  "When in the

South Service Center, you could see in the hallway and see two rooms over

and see people's votes because of the large touchscreen."  Doc. 1597 Decl.

Nakimura (sic) ¶35.

**RESPONSE**: Objection. The evidence cited does not support the fact.

The evidence cited is obtained from a website link to an unauthenticated

video. Additionally, the cited evidence is hearsay, which cannot be considered

at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316,

1322 (11th Cir. 1999).

22.     On July 27, 2020, Dr. Kathleen Ruth, a board member of the Fulton Board of Elections, sent an email to other board members and Richard Baron state that the machines were positioned so that all of the poll workers could see the voting screens at Northside library during early voting.  Doc. 1618 at 2 Decl. Marks ¶10.

**RESPONSE**: Objection. The evidence cited does not support the fact. The email sent by Dr. Kathleen Ruth to a board member of the Fulton Board of Elections was Dr. Ruth simply sharing a message that was posted on a private Facebook group by a member of the private Facebook group. Moreover, the cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999). Lastly, the fact is immaterial to the claims and defenses in this case.

23.     On July 28, 2020, Vernetta Nuriddin, then a member of the Fulton County Board of Elections, wrote to other board members, Fulton County officials and Rick Barron, stating that the screen are so visible that "casing a private ballot is impossible for voters."  Doc. 1618-1 at 1 Decl. Marks ¶10.

**RESPONSE**: Objection. The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193

F.3d 1316, 1322 (11th Cir. 1999). State Defendants further object that the opinion is argumentative and does not comply with LR 56.1(B)(1), as it is not a statement of fact.

24.     The Carter Center, appointed by the State Election Board to review Fulton County's election operations, reported: "The height and angle of the BMD screen within the equipment container inadvertently undermined the secrecy of the voting process, especially in locations where tight space did not allow for optimal placement of the equipment containers." Doc., 1597 Decl. Nakamura ¶23.

**RESPONSE**: Objection. The evidence cited does not support the stated fact. The Carter Center did not report that "the height and angle of the BMD screen within the equipment container inadvertently undermined the secrecy of the voting process, especially in locations where tight space did not allow for optimal placement of the equipment containers." But instead, this was an observation made by Carter Center observers. Lastly, the cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

25.     On June 2, 2020, Richmond County denied an open records for security video because the cameras had been set up "where the ballots of voters can be clearly seen." Doc. 1618-2 Decl. Marks ¶14.

**RESPONSE**: Objection. The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999). Further, State Defendants object that the evidence cited does not support the fact. First, the open records request was denied by the Augusta Law Department, not Richmond County. Second, the Open Records Request was denied because "[p]ursuant to O.C.G.A. § 50-18-72(a)(26.2), public disclosure is not required for audio and video recordings from devices used by law enforcement in a place where there is a reasonable expectation of privacy."

26.    CGG Member Jeanne Dufort is the First Vice-Chair of the Morgan County Democratic Committee.  In her role she is required to be neutral on competing candidates in party primary elections.  She makes efforts to support and maintain good relationships with all Democratic Party primary candidates.  Voting in primaries by BMD touchscreen with its visible votes or on the IPC scanner with its traceable votes put Ms. Dufort's candidate preferences into the public domain, in violation of the principles of her official role in the Democratic Party.  The disclosure of Ms. Dufort's primary candidate ballot choices can harm her relationships with candidates and within the party.  Doc. 1590 Decl. Dufort ¶¶15-21.

**RESPONSE**: Objection. The stated facts do not comply with LR 56.1(B)(1) as it is multiple facts combined into one. State Defendants further object that the stated fact is argumentative and is not a statement of fact, and does not comply with LR 56.1(B)(1).

27.    CGG member Dr. Virginia Forney, a physician, is careful to avoid partisan political stress in her practice and is concerned about her ballot selections being connected with her through one or more methods of her ballot secrecy being compromised.  Doc. 1592 Decl. Forney ¶8-19.  Her concern causes her to pause as she is voting, depending on the circumstances, to consider whether she should vote her conscience in all races on the ballot, or skip voting on races that may create unnecessary, controversy in her practice if her votes are disclosed.  (*Id*. ¶12).

**RESPONSE**: Objection. The stated facts do not comply with LR 56.1(B)(1) as it is multiple facts combined into one. State Defendants further object that the stated fact is argumentative and is not a statement of fact, and does not comply with LR 56.1(B)(1).

28.    Although a mail ballot voter may deliver their ballot anytime before 7 pm on Election Day, a mail ballot voter is not permitted to wait until Election Day to mark their ballot, depriving them of the ability to obtain all of the latest election news or wait until election day before doing their

candidate research and making their decisions.  Voters are mailed a notice in their mail ballot packets instructing them not to vote their ballots on election day.  Doc. 1590 Decl. Marks ¶19 Ex. 16.

**RESPONSE**: Objection. The fact is immaterial to the claims and defenses in this case since mail ballots, is of no consequence to the action. FRE 403; Local R. 56.1 (B)(1).

29.    Experience in Georgia in 2020 shows that Dominion's scanner settings (low resolution, black-and-white) can cause voters' selections not to appear at all in imagines of ballots, selections that human readers looking at the actual ballot can easily discern.  Doc. 1569-42 Decl. Stark at ¶53.

**RESPONSE**: Objection. The cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999). Additionally, Philip Stark's opinions are not factual evidence. Lastly, he asserted fact does not comply with LR 56(B)(1) it is an argument rather than an undisputed material fact. Paragraph 29 states that "[e]xperience in Georgia in 2020 shows…" yet the evidence cited not only fails to discuss frequency of the alleged issue, but it does not contain a single example to support that the alleged issue has even occurred.

30.    Ballot images obtained in open records requests and discovery show that some light marks were not detected or counted in the November 2020 election.  Doc. 1618-7 Decl. Marks Ex. 7.

**RESPONSE**: Objection. The evidence cited does not support the fact as it does not state that the documents referenced were obtained through an open records request nor does it confirm that these are ballots of actual voters. There is no foundation for the cited evidence.

31.    Voter selections are displayed on touchscreens in a manner that are recorded in some polling places by security video camera that permits the voters votes to be known by those who have access to the videos.  Coffee County designated the January 2021 video record of the early voting polling places as "attorneys eyes only" because the video would show voters voting. Doc,. 1618-3 Decl. Marks ¶15.

**RESPONSE**: Objection. The evidence cited does not support the fact. Coffee County did not designate the January 2021 video record of the early voting polling place as attorneys eyes only because "the video would show voters voting" but rather because "[they] expect[ed] certain portions of this video to include voters in the act of voting."

32.    Video footage of the Coffee County early voting location for December 14, 2020, shows the voter selections of identifiable voters voting on

the BMD touchscreens.  The video has a timestamp, allowing someone to determine the exact time and sequence that the voters cast their ballots. Doc. 1618 Decl. Marks ¶16.

**RESPONSE**: Objection. The evidence cited does not support the fact. The declaration of Ms. Marks does not state that the video "allow[s] someone to determine the exact time and sequence that the voters cast their ballots."

33.    In an October 3, 2020 letter, counsel for CGG informed Fulton County Election Board Members of the violations of the law with respect to the voting system relating to election security and ballot secrecy and described how Fulton could independently comply with the law without further direction form the Secretary of State.  Doc. 1590 Decl. Marks ¶13 Ex. 10.

**RESPONSE**: Objection. The fact does not comply with LR 56(B)(1) because it is argument rather than an undisputed material fact as Plaintiff's are arguing that Fulton County Board Members engaged in violations of the law with respect to the voting system relating to election security and ballot secrecy. Lastly, the exhibit cited—an email of Coalition Plaintiff's counsel—is inadmissible hearsay and statements of counsel are in any event inadmissible as evidence.

34.    On September 28, 2022, Coffee County denied an Open Records request from CCG for video security records of the early voting polling place during the December 6, 2022, runoff because "videos contain footage of voters voting."  Doc. 1618 Decl. Marks ¶15.

**RESPONSE**: Objection. The evidence cited does not support the fact. Coffee County did not "den[y] an Open Records Request from CCG for video security records of the early voting polling place during the December 6, 2022, runoff because 'videos contain footage of voters voting'." Rather, Coffee County stated "With counsel's understanding that we expect certain portions of this video to include voters in the act of voting, our proposal is to produce the 4th video in its entirety with an "Attorneys Eyes Only" designation as set out in the attached Order. If there is a portion of the video you later desire to use which does not contain early voting and does not otherwise warrant the "Attorneys Eyes Only" or "Confidential" designations, we will then upon your request discuss un-designating that specific portion at that later date. If this is agreeable, I have requested IT make the necessary copies saved to hard drives and we expect those will be available for in-person pick up at the Coffee County Board of Commissioner's office…"

35.    On November 8, 2022, Marilyn Marks was leaving Fulton County's Ponce de Leon polling place in the evening after dark and could see

from the sidewalk the brightly lit screen of the touchscreen while a voter was voting, revealing his selections.  Doc. 1618 Decl. Marks ¶21-22.

**RESPONSE**: Objection. The cited evidence does not support the stated fact. The cited evidence does not describe the screens as "brightly lit," and does not state the selections were revealed. Further, State Defendants object that the stated fact is argumentative and does not comply with LR 56.1(B)(1) as it is not a undisputed statement of fact.

36.    Chris Harvey, former Election Director for the State, stated: "The Secretary of State's office has provided guidance to county election officials about the setup of precincts so that the touch screens will not be visible to other voters when they are being used by a voter."  Doc. 843-3 Harvey Decl. ¶3.

**RESPONSE**: Objection. The evidence cited does not support the stated fact. Doc. 843-3 does not exist. There is only a Doc. 843 and 843-1, which are not declarations of Mr. Harvey.

37.    On October 10, 2022, Dr. Halderman emailed Georgia Secretary of State Blake Evans with his report on the DVSOrder Vulnerability, stating: "In some scenarios, knowing the order could make it possible to identify individuals' ballots and determine how they voted.  What appear to be CVR's and the ballot images from counties throughout Georgia are available online

and we have confirmed that we can unshuffled ballots in this data that were voted on the affected equipment."  Dominion ballot image record ID numbers are not randomized.  Instead they are assigned a pseudo random number, which can easily be unshuffled to reveal their original sequence.  This is called the "DVSOrder Vulnerability.,"  *See* Doc. 1590-1 Marks Decl. ¶4.

**RESPONSE**: Objection. The fact does not comply with LR 56(B)(1) because it is argument rather than an undisputed material fact as Plaintiff is arguing that a voter's record ID number is not randomized.

38.     On October 17, 2022, CGG sent a letter to all counties informing them of the DVS Order Vulnerability that can violate ballot secrecy.  Doc. 1618 Decl. Marks ¶24.

**RESPONSE**: Objection. The evidence cited does not support the fact as it does not show that the CGG October 17, 2022 letter was sent to all counties. Rather, it is an email sent from Marilyn Marks and CGG to Marilyn Marks.

39.     CGG obtained video security records from Fulton County from the Ponce de Leon Library polling place and the New Beginning Senior Center for early voting in October 2021.  Such video records show the record of each voter casting their ballot in the scanner, and the exact tie the ballot was cast.  Doc. 1618 Decl. Marks ¶20.

**RESPONSE**: Objection. The evidence cited does not support the fact as Ms. Marks' declaration does not state that "[s]uch video records show the record of each voter casting their ballot in the scanner…"

40.    The consensus of the scientific community is that ballot marking devices are fundamentally insecure and unreliable.  *See generally* Doc. 1589 Decl. Stark, and exhibits therein.

**RESPONSE**: Objection. The fact does not comply with LR 56(B)(1) because it is argument rather than an undisputed material fact. Moreover, the citation to Doc. 1589 generally, fails to cite to evidence by page or paragraph number, Local R. 56.1(B)(1). Further, the asserted fact does not comply with LR 56(B)(1) as it is an argument rather than an undisputed fact. Plaintiffs are making an argument as to the reliability and security of the BMDs as a whole. Lastly, the cited evidence is hearsay, which cannot be considered at summary judgment. Fed. R. Evid. 802; Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

Respectfully submitted, this 13th day of March, 2023.

*/s/ Vincent R. Russo*

Vincent R. Russo      242628
Josh Belinfante       047399
Edward A. Bedard      926148
Carey Miller          976240
Alexander Denton      660632

Javier Pico Prats       664717
Anna Edmondson       289667
ROBBINS ALLOY BELINFANTE
 LITTLEFIELD, LLC
500 14th St. NW
Atlanta, GA 30318
T: (678) 701-9381
F: (404) 856-3255
E: vrusso@robbinsfirm.com
   jbelinfante@robbinsfirm.com
   cmiller@robbinsfirm.com
   adenton@robbinsfirm.
   ebedard@robbinsfirm.com
   jpicoprats@robbinsfirm.com
   aedmondson@robbinsfirm.com

Bryan P. Tyson       515411
Diane F. LaRoss       430830
Bryan F. Jacoutot       668272
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
T: 678-336-7249
E: btyson@taylorenglish.com
   dlaross@taylorenglish.com
   bjacoutot@taylorenglish.com

*Counsel for State Defendants*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

I certify that this **STATE DEFENDANTS' RESPONSES AND OBJECTIONS TO COALITION PLAINTIFF'S SUPPLEMENTAL STATEMENT OF ADDITIONAL FACTS SUBMITTED IN RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

_/s/ Vincent R. Russo_
Vincent R. Russo

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a true and correct copy of **STATE DEFENDANTS' RESPONSES AND OBJECTIONS TO COALITION PLAINTIFF'S SUPPLEMENTAL STATEMENT OF ADDITIONAL FACTS SUBMITTED IN RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT** on all parties who have entered an appearance in this case by electronically filing it with the Clerk of the Court using the ECF filing system, which will automatically send an email notification of such filing to counsel for such parties.

This 13th day of March, 2023.

*/s/ Vincent R. Russo*
Vincent R. Russo