IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-cv-02989-AT |

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of State Defendants' Motions for Summary Judgment on Coalition Plaintiffs' and Curling Plaintiffs' Claims [Docs. 1567, 1568], State Defendants respectfully submit the attached ruling by the U.S. Court of Appeals for the Eleventh Circuit as Exhibit A, in which the Court determined that certain nonprofit organizations did not have organizational or associational standing in *City of South Miami, et al. v. Governor of the State of Florida*, Case No. 21-13657, 2023 WL 2925180, at *1 (11th Cir. Apr. 13, 2023). *City of South Miami* is relevant to this Court's analysis on both Curling Plaintiffs' and Coalition Plaintiffs' Article III standing for four reasons.

*First*, the Eleventh Circuit reemphasized that a "highly attenuated chain of possibilities, which rests on speculation about the decisions of independent

1

actors, does not satisfy the requirement that threatened injury must be certainly impending." Ex. A at 9 (citations omitted). The organizational plaintiffs in *City of South Miami* challenged a Florida law by arguing that their members would suffer racial profiling by law enforcement in the future as a result of the law. *Id.* at 8. While racial profiling could be an injury-in-fact, the Eleventh Circuit held that the plaintiffs' fear of future racial profiling caused by the law was "highly speculative" and relied on "speculation about the decisions of independent actors," and thus was not sufficient to establish Article III standing. *Id.* at 9. As discussed in State Defendants' Motions, Curling and Coalition Plaintiffs' speculative reliance on the independent, illegal actions of third parties is likewise insufficient to establish Article III standing.

*Second*, the Eleventh Circuit expressly held that "self-imposed harms" based on a "subjective fear of … harm" and its "chilling effect" are not sufficient to establish standing. *Id.* at 11. The organizational plaintiffs claimed that they had "refused essential health, social, and government services to avoid racial profiling under S.B. 168." *Id.* But the Eleventh Circuit rejected this, relying on *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) and *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (en banc). The Eleventh Circuit held that (1) their fear was speculative and not certainly

impending, and (2) the plaintiffs could not manufacture standing by inflicting harm on themselves. "Because the [organizational] members' feared racial profiling is not 'certainly impending,' their self-imposed harms do not create a cognizable injury sufficient to support Article III standing." Ex. A at 11. As a result, the organizations' members' "self-imposed harms" did not create an injury to support associational standing. Likewise, neither Curling nor Coalition Plaintiffs can rely on any harms they (or, if applicable, their members) have imposed on themselves to avoid the speculative fear of vote manipulation to establish Article III standing.

*Third*, the Eleventh Circuit rejected the diversion-of-resources theory from the nonprofit organizational plaintiffs. As the panel explained:

> Although an organization can establish standing under a diversion-of-resources theory, it cannot do so by inflicting harm on itself to address its members' 'fears of hypothetical future harm that is not certainly impending.' *Clapper*, 568 U.S. at 416. To prove injury in fact based on an organization's diversion of resources to protect individuals from harm, the organizational plaintiff must prove **both** [1] that it has diverted its resources **and** [2] that the injury to the identifiable community that the organization seeks to protect is itself a legally cognizable Article III injury that is closely connected to the diversion.

*Id.* at 12 (emphasis in original). Unlike prior decisions on organizational standing where there was an imminent harm, "[i]n the same way that the

3

members could not 'manufacture standing,' by inflicting harm on themselves based on 'highly speculative' fears, *id*. at 410, neither can the organizations do so." *Id*. at 15 (quoting *Clapper*, 568 U.S. at 402).

Coalition Plaintiffs' associational-standing argument relies on supposed injuries to their members that the Eleventh Circuit has already rejected as generalized grievances that are insufficient to independently constitute an injury-in-fact in other cases. And because CGG cannot connect its claimed resource diversion to "a legally cognizable Article III injury that is closely connected to the diversion," *id*. at 12, none of the Coalition Plaintiffs, including CGG, have standing.

*Fourth*, the Eleventh Circuit also reemphasized that "past occurrences of unlawful conduct do not establish standing to enjoin the threat of future unlawful conduct." *Id.* at 10. Curling and Coalition Plaintiffs' reliance on the *past* wrongful conduct of third parties in Coffee County—where *none* of the Plaintiffs live—is likewise insufficient to establish a threat of *future* harm.

For each of these reasons and the reasons already articulated in State Defendants' briefs, the Court should grant both of State Defendants' Motions for Summary Judgment.

Respectfully submitted this 17th day of April, 2023.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Edward A. Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830

dlaross@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson