## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## COALITION PLAINTIFFS'
## NOTICE OF FILING LIST OF KEY DOCUMENTS AS DIRECTED BY
## THE COURT AT THE MAY 2, 2023 HEARING

Coalition Plaintiffs submit the following list of key documents for the Court's consideration.   This evidence is only a portion of the record that Coalition Plaintiffs have submitted in opposition to the Defendants' Motions for Summary Judgment. In the table below, Coalition Plaintiffs identify the documents by Tab and ECF number and give a brief description of the document's relevance.

| Tab | ECF No. | Document Description with Issue/Topics |
|---|---|---|
| 1 | 1618<br>1618-1 | **Declaration of Marilyn Marks (02/10/23)**<br><br>Organizational standing: diversion of resources:<br>• Other organizational activities curtailed to challenge use of Dominion system. (¶¶ 29-35)<br>• Example of volunteer hours diverted educational video creation and vote reporting project to Coffee video security review. (¶¶ 25-28)<br>• Non-litigation advocacy efforts to achieve ballot secrecy. (¶¶ 7-8, 24)<br>• Difficulty recruiting polling place observers because of risk of felony charge resulting from touchscreen displays of votes. (¶ 23)<br><br>Associational standing:<br>• Active members (¶¶ 4, 6)<br>• Touchscreen ballot secrecy injuries (¶¶ 9-22)<br>• Deficient scanner settings disregard valid votes (¶¶ 39-40) |

| | | |
|---|---|---|
| | | PollPad Security Issues:<br>• Connected to internet (¶ 41)<br>• No pollbook update for runoffs (¶ 42)<br>• Unreliable electronic pollbook content (¶ 43)<br><br>Ballot secrecy violations:<br>• Admission of Fulton Defendants that touchscreens don't permit ballot secrecy.  (¶ 10; Exh. 1)<br>• Coffee County video captured voters' touchscreen selections (¶ 15)<br>• Ms. Marks' personal observations of touchscreen violations (¶ 21-22)<br>• Video security records disclose order of voters (permitting connection to voters' ballot) (¶ 39) |
| 2 | 1590<br>1590-3<br>1590-6<br>1590-8<br>1590-10<br>1590-16<br>1590-18 | **Declaration of Marilyn Marks (02/04/23)**<br><br>Diversion of CGG resources:<br>• Counsel seeks voluntary system security improvements from Fulton County (Exh. 10)<br><br>Pollbooks are components of State's (challenged) voting system:<br>• Exh. 3, p. 5<br>• Exh. 8<br>• Exh. 18, p. 2, Q 1<br><br>Touchscreen ballot secrecy violations:<br>• Exh. 6, p.13<br><br>CGG Members standing injury:<br>• Mail ballot voters are prohibited from marking ballot on Election Day (¶ 19; Exh. 16) |
| 3 | 1593 | **Declaration of Jeanne Dufort (02/07/23)**<br><br>CGG member injuries from Dominion system:<br>• Violation of ballot secrecy on touchscreens (¶¶ 14-18, 21, 24-27)<br>• Violation of ballot secrecy—scanner sequence (¶¶ 18-21)<br>• Involuntary conversion of hand marked paper mail ballot to unverifiable BMD ballot (¶¶ 8-13)<br>• Loss of associational value of voting with community in polling places (¶¶ 22-23)<br>• Inconveniences and burdens of mail ballot voting (¶¶ 28-32)<br>• Risk of PII exposure in mail ballot voting (¶ 31)<br>• Vote disenfranchisement, deficient scanner settings  (¶¶ 37-43) |

| | | |
|---|---|---|
| | | • Voter inability to verify the printed ballot content (¶ 33)<br>• Risk of PollPad disenfranchisement (¶¶ 35-36)<br><br>CGG membership confirmed (¶¶ 5, 51)<br><br>Voters do not adequately verify their ballots (¶ 34)<br><br>CGG Diversion of Resources (¶¶ 51-53) |
| 4 | 1346-1 (appendices not attached) | **Declaration of Philip B. Stark (03/09/22)**<br><br>2020 Audit was ineffective and Sec. Raffensperger made misleading claims concerning its findings (¶¶ 22-32)<br><br>2020 audit did not verify election outcome (¶ 24)<br><br>No audit can check whether BMD ballots were printed accurately (¶ 26)<br><br>Nov. 2020 tabulation errors occurred and were not investigated (¶¶ 32-45)<br><br>Large unexplained vote count discrepancies exist in Donna Curling's precinct (RW01) for the original count, audit, and final official recount (¶¶ 46-48, 57, 70-74)<br><br>SOS claims that "human counting error" is the cause of audit discrepancies are unfounded (¶¶ 49-52)<br><br>No audit can overcome lack of trustworthy BMD record of votes (¶85-86)<br><br>Elections should be by hand marked paper ballots, with effective audits, and minimizing the use of BMDs (¶ 87) |
| 5 | 1589<br>1589-1<br>1589-2<br>1589-7<br>1589-9 | **Declaration of Philip B. Stark (02/05/23)**<br><br>Testing and auditing will not ensure that BMD ballot tabulations report the accurate election outcome.<br>(¶ 3; Exh. 2)<br><br>BMD ballots are not trustworthy source records.<br>(¶ 2; Exh. 1)<br><br>Experts concur on elevated risk of election manipulation because of Georgia breach. (¶ 9; Exh. 7, p.11)<br><br><u>BMDs cannot produce evidence-based or auditable election outcomes:</u> |

| | | |
|---|---|---|
| | | • Reference Andrew Appel's article re: "Magical Thinking" about BMD security. (¶13 Exh. 9) |
| 6 | **1569-44** (appendices not attached) | **Declaration of Philip B. Stark (12/05/22)**<br><br>Audits cannot remedy ongoing statewide system security problems created by Coffee County breach. (¶ 4)<br><br>No audit of BMD ballots can determine who won an election. (¶¶ 5-6)<br><br>2022 "RLA" was not a genuine RLA nor effective audit. (¶¶ 7-20) |
| 7 | **809-2** | **Declaration of Philip B. Stark (08/23/20)**<br><br>"Audit" of Fulton June 2020 primary was not valid. (¶¶ 2-8, 12-13, 15-17)<br><br>SEB Audit Rules are ineffective. (¶¶ 18-28) |
| 8 | **1635-44** (SEALED) | **Declaration of Kevin Skoglund (12/05/22)**<br><br>Declaration re: Voting System Breach:<br>• Coffee system breached on 3 occasions. (¶ 9a)<br>• SullivanStrickler left Coffee with voting system software and data. (¶ 9c)<br>• Software in hands of unauthorized actors. (¶ 9d)<br>• equipment was reconfigured and opened to inspect. (¶¶ 9e, 9f)<br>• Control over software cannot be reestablished in Georgia or other states. (¶ 9h)<br>• Recommendations of security experts should be urgently implemented. (¶ 9i)<br>• SullivanStrickler activity changed data on voting system component. (¶ 31)<br>• Data and software collection in Coffee County coordinated by national and local figures. (¶ 39)<br>• Election software and data was distributed to multiple people on multiple occasions. (¶¶ 55-89)<br>• State's expert Persinger made changes to the original computer prior to making forensic copy. (¶¶ 102-103)<br>• Penrose mentions pending decision on whether to use information to "decertify" the 01/05/21 U.S. Senate Runoff election. (¶ 114)<br>• SOS investigator encounters Lenberg in Hampton office with voting equipment. (¶ 123)<br>• Lenberg changed files on system and left with copies of system data. (¶ 134) |

| | | |
|---|---|---|
| | | • Data was copied and distributed from almost all components of Georgia's system. (¶ 151)<br>• When breaches occur, significant risk is introduced that system flaws *will not be detected*, and must be considered untrustworthy. (¶ 156)<br>• One *cannot know* whether manipulation of damage occurred in Coffee data acquisition. (¶ 157)<br>• Coffee equipment replacement was ineffective because of failure to quarantine all hardware. (¶ 165)<br>• Every copy of the software and data in circulation has potential to compound all other negative effects. (¶ 168)<br>• All Georgia counties and other jurisdictions in nation share in implications of distribution. (¶ 169)<br>• Availability of the Georgia software now expands potential threats, increasing likelihood of successful attacks. (¶ 173)<br>• Increased risk of disinformation campaigns. (¶ 174)<br>• Possession of the software is invaluable to attackers, permitting software modifications to make attacks less detectable. (¶ 183)<br>• Moderately skilled adversary could reverse engineer the software and be programmed to cheat. (¶ 191)<br>• Availability of Georgia software substantially increases likelihood of incident. (¶ 203) |
| 9 | 680-1 | **Supplemental Declaration of Richard DeMillo (12/16/19)**<br><br>Weaknesses in BMD touchscreen system would enable attacks to succeed. (¶ 12)<br><br>Post-election audits of BMD elections are "meaningless." (¶¶ 13, 15)<br><br>Voters cannot verify BMD ballots. (¶¶ 19-24) |
| 10 | 800-6 | **Declaration of Samantha Whitley**<br><br>Electronic pollbooks require reliable back up--Fanplex PollPad electronic error. (¶¶ 6-20)<br><br>Ballot secrecy touchscreen violations. (¶ 28)<br><br>Voters fail to review their ballots. (¶25) |
| 11 | 1595 | **Declaration of Megan Missett (02/02/23)**<br><br>Plaintiff standing injuries:<br>• Continuing absentee balloting burdens. (¶¶ 8-12)<br>• Loss of social value of polling place voting when voting by mail to avoid BMDs. (¶ 6) |

| | | |
|---|---|---|
| | | <ul><li>Cannot memorize/verify large ballot content on BMD (¶¶ 16-17)</li><li>Touchscreen ballot secrecy is violated (¶¶ 18-19)</li><li>Undervotes are displayed to public on touchscreen (¶ 19)</li><li>QR code is not verifiable (¶ 21)</li></ul> |
| 12 | 1594 | **Declaration of Rhonda J. Martin (02/07/23)**<br><br>Standing injuries of CGG member:<ul><li>Touchscreen ballot secrecy violations. (¶¶ 7-9)</li><li>Inability to memorize ballot to comply with law to verify ballot. (¶ 10)</li><li>Cannot verify the QR code vote. (¶ 11)</li><li>Inconveniences of voting by mail to avoid BMD. (¶¶ 12-13)</li></ul>Pollbook back up not available in polls for runoff election (¶¶ 15-17)<br><br>CGG Diversion of Resources (¶¶ 19-25)<br><br>Verification of Active CGG Membership (¶¶ 19, 22) |
| 13 | 1617 | **Declaration of B. Joy Wasson (02/09/23)**<br><br>Verification of active CGG membership (¶ 3)<br><br>Standing injuries of CGG member voter:<ul><li>Mail ballot voting burdens to avoid BMD use. (¶¶ 7-14)</li><li>Loss of social value of community voting at local polling place. (¶¶ 16)</li><li>Cannot verify QR Code vote cast. (¶ 19)</li><li>Touchscreen ballot secrecy is violated. (¶ 20)</li></ul>CGG Diversion of resources:<ul><li>Volunteer time spent on Coffee breach and litigation research. (¶¶15, 24, 26-27)</li><li>Volunteer time assisting voters is limited. (¶¶ 22-23)</li><li>Attendance at RLA. (¶ 25)</li></ul> |
| 14 | 1597 | **Declaration of Aileen Nakamura (02/07/23)**<br><br>Verification of active CGG membership. (¶ 7)<br><br>Standing injuries of member:<ul><li>Loss of social opportunity of in-person voting to vote by mail to avoid BMD. (¶¶ 6-8)</li><li>Loss of ballot secrecy (¶¶ 9-26, 54-57)</li></ul> |

| | | |
|---|---|---|
| | | • Inability to memorize ballot content to verify BMD ballot. (¶¶ 49-51)<br>• PollPad accuracy risk. (¶¶ 58-75)<br>• Problems of mail ballot voting to avoid BMDs (¶¶ 76-87)<br>• In-person voting or poll watching carries risk of being charged with felony for seeing voters' touchscreen. (¶ 43)<br>• BMD elections are not auditable. (¶ 46)<br><br>Violations of ballot secrecy admitted by Fulton Defendants. (¶¶ 35-36)<br><br>Voters do not review ballots. (¶¶ 46-48, 52)<br><br>CGG Diversion of Resources (¶ 88-96) |
| **15** | **1596** | **Supplemental Declaration of Elizabeth Throop (02/07/23)**<br><br>Verification of active membership. (¶ 5)<br><br>CGG Diversion of Resources. (¶¶ 6-8, 29-31)<br><br>Touchscreen ballot secrecy violations. (¶¶ 9-10, 20-21, 23-24, 28)<br><br>Ballot secrecy guidance from SOS is ineffective. (¶¶ 11-19)<br><br><u>Member standing injury:</u><br><br>• Threat of being charged with felony for unintentional view of voters' touchscreens. (¶ 25)<br>• Effort to avoid polling place with limited privacy. (¶¶ 26-27)<br>• Loss of personal ballot secrecy. (¶ 32)<br>• Cannot verify QR code vote. (¶ 32)<br>• BMD over-votes and undervote notifications display information in public view. (¶ 33)<br>• Mail ballot risks. (¶ 34)<br>• Memorizing ballot content for legally mandated verification is too difficult. (¶ 39)<br>• Avoid (preferred) Election Day voting to avoid PollPad problems. (¶ 44)<br><br>Outdated paper pollbooks "backup" for runoff. (¶ 45) |

| 16 | SOS 30(b)(6) deposition (Sterling) 1368-5 | **Excerpts SOS 30(b)(6) Sterling Dep. Tr.  247-377** |
|---|---|---|

**Coffee breach:**

- SOS is unaware of whether vulnerabilities are easily exploitable. (p. 249:5-8)
- Dominion is in charge of security and identification of vulnerabilities. (p. 249:15-20)
- Physical security is front line, things under lock and key. Important to mitigate risks. (p. 250:17-251:18)
- Attacking voter registration system can cause chaos. (p. 252:2-9)
- Imaging the voting system would be risk that would require mitigation. (p. 255:10-24)
- Suggests that SOS investigators looked into Coffee alleged imaging, but does not know outcome. And believes imaging was among claims investigated. (p. 258:5-259:22)

Audit issues:

- 2020 Audit was not an RLA. (p. 283:18-284:16)
- Per HB316 State could define what pre-certification tabulation audit was. (p. 285:10-286:3)
- Cannot define Nov 2020 audit or whether report was done. (p. 290:3-21)
- Audit did not look for human input errors, such as example of 1,825 votes. (p. 308:1-16)
- Claims that errors are expected in all audits. (p. 311:7-11; 315:6-317:3)
- Governor report on Fulton 2020 Audit asserts sloppiness and inconsistencies in audit. (p. 324:7-325:1)
- There was no State documentation of the reported audit errors or double and triple counting of votes. (p. 362:3-364:4)
- Double and triple counting detected after the audit was complete. (p. 369:15-370:8)
- Claims of hundreds of double and triple counted ballots were not pursued. (p. 372:2-373:3)

Cybersecurity:

- Contractors should look at Halderman report to see if it should be taken seriously. (p. 330:1-16)
- Claims no evidence that people have [copies of the system.] (p. 332:11-14)
- Evaluation of Halderman report is in Dominion's hands, not SOS staff. (p. 340:21-341:2)
- If vulnerability is real, we would mitigate to "assure continued security." (p. 341:3-5)

| | | • Imaging of systems in Colorado and Michigan has not been evaluated for potential Georgia impact. (p. 342:8-344:7) |
|---|---|---|

Respectfully Submitted this 9th day of May 2023.

/s/ Bruce P. Brown
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

/s/ Russell T. Abney
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

/s/ Robert A. McGuire, III
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*Counsel for Coalition for Good Governance*

/s/ Cary Ichter
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
400 Interstate N. Pkwy SE
Suite 860
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges,*
*Ricardo Davis & Megan Missett*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

<u>CERTIFICATES OF SERVICE AND COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

I further certify that on May 9, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

<u>*/s/ Cary Ichter*</u>
Cary Ichter