IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, *et al.,* <br><br> *Defendants.* | CIVIL ACTION <br><br> FILE NO. 1:17-cv-02989-AT |

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of State Defendants' Motions for Summary Judgment on Coalition Plaintiffs' and Curling Plaintiffs' Claims [Docs. 1567, 1568], State Defendants respectfully submit the attached decision of the U.S. District Court for the District of Oregon in *Thielman v. Fagan*, Case No. 3:22-cv-01516-SB (June 29, 2023) as Exhibit A. In *Thielman,* the district court granted a motion to dismiss claims that Oregon's computerized vote tabulation and vote-by-mail systems violated the U.S. Constitution for lack of jurisdiction.

The claims dismissed in *Thielman* mirror several of Plaintiffs' arguments here. The *Thielman* court determined that the "lack of confidence in Oregon's voting systems is a generalized grievance not particularized to the plaintiffs in this litigation and too speculative to qualify as a concrete injury."

1

Ex. A, p. 8. Similarly, Plaintiffs in this case have argued that they lack confidence in Georgia's voting system as a basis for their claimed injuries. [Doc. 1636, pp. 37-40, 62]; [Doc. 1624, pp. 34, 63-67].

The *Thielman* court also determined that "courts have universally concluded that an alleged injury related to a lack of confidence in a voting system is 'too speculative to establish an injury in fact, and therefore standing.'" Ex. A, p. 7 (quoting *Lake v. Hobbs*, 623 F. Supp. 3d 1015, 1028-29 (D. Ariz. 2022) and collecting cases). Among the cases the *Thielman* court relied on was *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001), which it cited for the proposition that "plaintiffs' alleged injury that '[t]hey were unable to know that their votes were accurately counted' was 'not the kind of 'informational injury' that has previously been found to establish standing." Ex. A, p. 8. This vote-counting claim mirrors arguments Plaintiffs make in this case regarding their view of Georgia's election system. [Doc. 1636, pp. 37-40, 62]; [Doc. 1624, pp. 34, 63-67].

For these reasons and the reasons already articulated in State Defendants' briefs, the Court should grant both of State Defendants' Motions for Summary Judgment.

Respectfully submitted this 10th day of July, 2023.

        Vincent R. Russo
        Georgia Bar No. 242628
        vrusso@robbinsfirm.com
        Josh Belinfante
        Georgia Bar No. 047399
        jbelinfante@robbinsfirm.com
        Carey A. Miller
        Georgia Bar No. 976240
        cmiller@robbinsfirm.com
        Alexander Denton
        Georgia Bar No. 660632
        adenton@robbinsfirm.com
        Edward A. Bedard
        Georgia Bar No. 926148
        ebedard@robbinsfirm.com
        Javier Pico Prats
        Georgia Bar No. 664717
        jpicoprats@robbinsfirm.com
        Anna Edmondson
        Georgia Bar No. 289667
        aedmondson@robbinsfirm.com
        Robbins Ross Alloy Belinfante Littlefield LLC
        500 14th Street, N.W.
        Atlanta, Georgia 30318
        Telephone: (678) 701-9381
        Facsimile: (404) 856-3250

        */s/Bryan P. Tyson*
        Bryan P. Tyson
        Georgia Bar No. 515411
        btyson@taylorenglish.com
        Bryan F. Jacoutot
        Georgia Bar No. 668272
        bjacoutot@taylorenglish.com
        Diane F. LaRoss
        Georgia Bar No. 430830

dlaross@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Bryan P. Tyson*
Bryan P. Tyson