**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, *et al.*

    *Plaintiffs,*

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of State Defendants' Motions for Summary Judgment [Docs. 1567, 1568], State Defendants respectfully provide notice to the Court of the recent opinion of the U.S. Court of Appeals for the Ninth Circuit in *Lake v. Fontes*, No. 22-16413, 2023 WL 6800710 (9th Cir. Oct. 16, 2023) (per curiam), which is attached hereto as **Exhibit A**. In *Lake*, the Ninth Circuit affirmed the district court's dismissal of the plaintiffs' claims that Arizona's electronic voting system violates the United States Constitution for lack of Article III standing.

The plaintiffs in *Lake*, both of whom were Arizona voters and unsuccessful candidates for statewide office, sought relief barring the use of Arizona's electronic voting system in future Arizona elections. *Lake*, 2023 WL 6800710 at 1. The *Lake* plaintiffs asserted standing as voters in addition to

being nominees for office and alleged that Arizona's electronic tabulation

system is "particularly susceptible to hacking by non-governmental actors who

intend to influence election results," claiming that the use of the electronic

tabulation system violated their fundamental right to vote under the United

States Constitution. *Id.* at 2-3. Like the Plaintiffs in this case, the *Lake*

plaintiffs relied on the opinions of purported experts on "manipulation risk,"

but did not contend that any electronic tabulation machine in Arizona had ever

been "hacked" or that *their* votes would be manipulated by the electronic

tabulation machines. *Id.* at 2-3.

The court in *Lake* held that the plaintiffs' allegations did not support "a

plausible inference that *their individual votes in future elections* will be

adversely affected by the use of electronic tabulation," noting the safeguards

in Arizona law, the use of paper ballots,[1] and the post-tabulation retention of

those ballots. *Id.* at 4 (emphasis added). Georgia has similar safeguards,[2] and

---

[1] Footnote 7 of the opinion references this case, but only the 2018 order on DREs and relies on the fact that the DRE system did not create a paper trail, which is different than the BMD System Plaintiffs challenge in this case today.

[2] *See* O.C.G.A. § 21-2-300(a)(3) ("such equipment shall be certified by the United States Election Assistance Commission"); *see also* Ga. Comp. R. & Regs. 183-1-12-.04 (Storage, Maintenance, and Transport of Statewide Voting System Components); 183-1-12-.05(5) (Security of Voting System Components at County Elections Office or Designated County Storage Area); 183-1-12-.06(2), (5) (Handling of Voting System); 183-1-12-.08 (Logic and Accuracy Testing).

although Arizona's electronic voting system primarily uses hand-marked paper ballots, the court's decision that the plaintiffs lacked standing did not turn on Arizona's use of hand-marked paper ballots. *See id.* at 2-4.

In affirming the district court's order, the Ninth Circuit found that the *Lake* plaintiffs relied on "hypothetical contingencies" rather than real events that "must take place for any harm to occur." *Id.* at 4. The Ninth Circuit further noted the types of hypothetical contingencies identified by the district court that must occur before any harm exists, including: (1) security failures in the specific equipment used in Arizona that allow a malicious actor to manipulate vote totals; (2) the malicious actor "must actually manipulate an election;" (3) the specific procedural safeguards "must fail to detect the manipulation;" and (4) such undetected manipulation "must change the outcome of the election." *Id.* (quoting *Lake v. Hobbs*, 623 F. Supp. 3d 1015, 1028 (D. Ariz. 2022)). As in *Lake*, the Plaintiffs here have not alleged and cannot show that each of these types of events has occurred or is certain to occur in a Georgia election.

Like the Plaintiffs in this case, the plaintiffs in *Lake* at most asserted a generalized grievance. *Id.* at 3. Furthermore, the plaintiffs had no constitutional right to a certain level of accuracy in Arizona's tabulation system, which the court noted is the job of democratically elected representatives to determine while "recognizing that '[n]o balloting system is

perfect.'" *Id.* (quoting *Weber v. Shelley*, 347 F.3d 1101, 1106–07 (9th Cir. 2003)).

The relief Plaintiffs seek in this case is likewise a decision for Georgia's elected

policymakers. The allegations in this case similarly do not support a plausible

inference that their *individual* votes will be burdened by Georgia's electronic

voting system. Because Plaintiffs rely on "the kind of speculation that stretches

the concept of imminence 'beyond its purpose,'" they lack Article III standing.

*See id.* at 4.

For these reasons and the reasons already articulated in State

Defendants' briefs, the Court should grant both of State Defendants' Motions

for Summary Judgment.

Respectfully submitted, this 18th day of October, 2023.

> */s/ Vincent Russo*
> Vincent R. Russo
> Georgia Bar No. 242628
> vrusso@robbinsfirm.com
> Josh Belinfante
> Georgia Bar No. 047399
> jbelinfante@robbinsfirm.com
> Carey A. Miller
> Georgia Bar No. 976240
> cmiller@robbinsfirm.com
> Alexander Denton
> Georgia Bar No. 660632
> adenton@robbinsfirm.com
> Javier Pico Prats
> Georgia Bar No. 664717
> jpicoprats@robbinsfirm.com
> Anna Edmondson
> Georgia Bar No. 289667
> aedmondson@robbinsfirm.com

Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

I certify that this State Defendants' Notice of Supplemental Authority has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.  Specifically, this document has been prepared using 13-pt Century Schoolbook font and type.

*/s/ Vincent R. Russo*
Vincent R. Russo
