IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>Plaintiffs,<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

**JOINT STATEMENT REGARDING GBI INVESTIGATIVE DOCUMENTS**

### *Plaintiffs' Position*

Plaintiffs recently learned from press reports that, as part of its investigation into the January 2021 breach of Georgia's voting system in Coffee County, the GBI obtained more than 10,000 emails and 4,500 other documents stored on a desktop computer—used by Misty Hampton—in the Coffee County Election Supervisor's office (which the Coffee County Board of Elections repeatedly represented, in response to Plaintiffs' subpoenas, did not exist). Those documents, along with a GBI report summarizing its investigation, were provided to at least the Fulton County District Attorney's Office and defendants in the pending Fulton County RICO case against former President Trump and others (where four defendants have pled guilty already, including to felony charges). The GBI report also was provided to the press. But Plaintiffs have received none of these documents. They asked State Defendants for them. The parties are at impasse.

State Defendants do not dispute that these documents are relevant and responsive but argue they cannot produce the documents because they do not have them. State Defendants are obligated to produce documents not only within their possession, but also in their custody or control. Fed. R. Civ. P. 26(a). State Defendants repeatedly have represented to Plaintiffs and this Court that the GBI investigation that obtained these documents occurred specifically at *State Defendants' direction*. Yet they somehow have none of these documents—

including the GBI's report detailing its investigation and findings—and even refuse to request these materials from the GBI.  Not only is this a stunning neglect of their duties to secure Georgia's voting system and to investigate such breaches, but it also violates their duties under Rules 26(e) and 34.  State Defendants continue to stick their heads in the sand about what happened in Coffee County and its implications for the security and reliability of Georgia's voting system.  And their repeated claims that the Coffee County caper did not affect Georgia's voting system ring hollow given they now admit they do not know what the GBI found in its investigation conducted at their direction and *will not even ask*.

The Court should order State Defendants to (1) produce immediately the GBI report including all referenced documents, any documents from the desktop computer in the Coffee County Election Supervisor's office, and any other materials the GBI obtained in its investigation related to the Coffee County caper; and (2) pay Plaintiffs' fees and costs regarding this dispute, as State Defendants' refusal to even request the materials from the GBI is wholly unjustified.

### *Defendants' Response*

Plaintiffs' demand—replete with the rhetorical invective this Court and the State Defendants have come to expect in this case and this case alone—seeks documents not within the possession, custody, or control of the Secretary of State and State Election Board, ostensibly owed to Plaintiffs as supplementation of an

unidentified discovery request.[1] State Defendants understand the late discovery demanded by Plaintiffs was produced by the GBI to the Fulton County District Attorney in relation to the ongoing criminal prosecution and, in turn, to criminal defendants in discovery. While criminal defendants may be entitled to the discovery for their criminal defense, Plaintiffs are not—despite both having made claims that Georgia's Dominion voting system is untrustworthy and unconstitutional. As Plaintiffs acknowledge, State Defendants do not have the GBI report and do not have the emails from Ms. Hampton's computer. Plaintiffs apparently continue to believe that State Defendants somehow have control of the GBI—which is an independent state agency. O.C.G.A. § 35-3-2. If State Defendants later obtain a copy of the GBI report and intend to use it at trial, Plaintiffs will get a copy when the parties exchange exhibits for trial. Nonetheless, if the report they seek is as public as they say it is, then they can gain access to it and likely before the State Defendants.[2]

Plaintiffs, relying only upon Federal Rules of Civil Procedure, have provided no authority holding that one state agency may be compelled by a federal court to

---

[1] Presumably, this request is found within years-old discovery requests, an independent reason for denial. *See Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, ECF No. 271 (N.D. Ga. Mar. 20, 2020) (finding complaints generated after discovery request made were not subject to supplementation).

[2] Indeed, Plaintiffs filed copies of some pages from that report in their motion to compel in the Southern District of Georgia against Coffee County. *Coalition for Good Governance v. Coffee Cnty.*, 5:23-mc-00001-LGW-BWC, ECF No. 1, ex. 14 (S.D. Ga. Oct. 24, 2023).

request documents from another state agency to facilitate a plaintiff's discovery. Just as state agencies do not automatically have "control" over state employees' personal email accounts simply by virtue of their employment with the state, *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, ECF No. 286, 2020 U.S. Dist. LEXIS 266961, at *18-19 (N.D. Ga. Apr. 1, 2020), one state agency does not have control of another state agency simply by being located in the same government, *see Smith v. Parmley*, 558 F. Supp. 161 (E.D. Tenn. 1982) (denying motion to compel defendants produce documents in possession of non-parties Tennessee Bureau of Investigation and local police department), nor is an agency required to request every other agency provide documents in response to discovery. *See New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 264–268 (N.D.N.Y. 2006) (citing *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1343–44 (11th Cir. 1999)) (deferring to legislative determination that governmental entity was "separate and distinct" and holding plaintiff state agency did not have control over non-party agency for purpose of motion to compel).

Plaintiffs claim that GBI was acting at the direction of State Defendants in its investigation but fail to understand how the state government functions and fail to demonstrate that the State Defendants control the investigation or documents generated during the investigation. The Secretary and SEB *requested* an investigation by the GBI, [Doc. 1633-3]; they have no authority to compel the GBI

4

to investigate nor to dictate the process of such investigation. *See, e.g.*, O.C.G.A. §§ 35-3-2, 35-3-8.1, 35-3-13. That the GBI, in its own determination, acted upon the request does not convert their investigative files into files under the control of State Defendants. Nor does the mere fact that Secretary, State Election Board, and GBI are all part of the overall state government of Georgia mean that documents in the possession of the GBI are in the custody or control of State Defendants. This Court should deny Plaintiffs' request.

### *Plaintiffs' Reply*

Defendants do not dispute that (i) the materials are relevant; (ii) they refuse to request the materials from the GBI; and (iii) the GBI would provide the materials if requested (just as with the Fulton County DA's Office and 19 defendants) given the investigation was conducted *at State Defendants' direction*. They are obligated to make that request and produce any materials received.[3] State Defendants do "not meet [their] discovery obligations simply by stating" that the materials "are not [*their*] documents." *Carter v. City of Montgomery, Ala.*, 2019 WL 2110519, at *1-2 (M.D. Ala. May 14, 2019) (rejecting City's "latest tactic [] to attempt to gum up the process through recalcitrance in discovery" and requiring City to "make a good

---

[3] The materials sought are responsive. *See* Ex. 1. The redacted GBI Report is now public, but the documents obtained in the investigation are not. *See* https://www.lawfaremedia.org/article/you-can-now-read-the-gbi-s-coffee-co.-report-in-full.

5

faith effort to obtain" requested documents). This Court should order State Defendants to immediately "make a good faith effort to acquire any responsive documents" from the GBI *and* "state what efforts were made to acquire them." *Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, 2015 WL 11197794, at *3 (S.D. Fla. Nov. 6, 2015); *see also Sciele Pharma, Inc. v. Brookstone Pharms., LLC*, 2011 WL 3844891, at *2-4 (N.D. Ga. Aug. 30, 2011) (ordering plaintiff to make good faith effort to obtain documents from third-party manufacturers). Their refusal to do so is wholly unjustified and warrants awarding Plaintiffs their fees and costs.

State Defendants make much of the fact that they do not control the GBI *as a whole*. But that's not the legal standard and it's entirely beside the point. State Defendants do *not* deny that they have a legal right to obtain documents collected by the GBI as part of an investigation conducted *at their direction* regarding extraordinary breaches of the state's voting system that *State Defendants* are legally required to administer, maintain, and secure. *See, e.g.*, O.C.G.A. §§ 21-2-31(1), (2), (5); 21-2-33.1(a), (c); 21-2-300(a). This disposes of their objection. *Carter*, 2019 WL 2110519, at *2. Their willful ignorance about what the GBI did and found in its investigation does not relieve them of their obligation to request the materials at issue from the GBI for discovery here. It simply confirms that their public claims about the Coffee County breaches are empty rhetoric and that they still are not taking election security seriously.

6

Respectfully submitted this 6th day of November, 2023.

| | |
|---|---|
| */s/ David D. Cross* | */s/ Halsey G. Knapp, Jr.* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| Caroline Middleton (*pro hac vice*) | Adam M. Sparks |
| Wail Jihadi (*pro hac vice*) | GA Bar No. 341578 |
| Oluwasegun Joseph (*pro hac vice*) | KREVOLIN & HORST, LLC |
| MORRISON & FOERSTER LLP | 1201 West Peachtree Street, NW |
| 2100 L Street, NW, Suite 900 | Suite 3250 |
| Washington, DC 20037 | Atlanta, GA 30309 |
| (202) 887-1500 | (404) 888-9700 |

*/s/ Christian G. Andreu-von Euw*
Christian G. Andreu-von Euw
(*pro hac vice*)
The Business Litigation Group, PC
150 Spear Street
San Francisco, CA 94105
(415) 765-6633

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Bruce P. Brown*  
Bruce P. Brown  
Georgia Bar No. 064460  
BRUCE P. BROWN LAW LLC  
1123 Zonolite Rd. NE  
Suite 6  
Atlanta, Georgia 30306  
(404) 881-0700  

*/s/ Robert A. McGuire, III*  
Robert A. McGuire, III  
Admitted Pro Hac Vice  
 (ECF No. 125)  
ROBERT MCGUIRE LAW FIRM  
113 Cherry St. #86685  
Seattle, Washington 98104-2205  
(253) 267-8530  

*/s/ Russell T. Abney*  
Russell T. Abney  
Georgia Bar No. 000875  
WATTS GUERRA, LLP  
4 Dominion Drive, Building 3  
Suite 100  
San Antonio, TX 78257  
(404) 670-0355  

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*  
Cary Ichter  
Georgia Bar No. 382515  
ICHTER DAVIS LLC  
3340 Peachtree Road NE  
Suite 1530  
Atlanta, Georgia 30326  
(404) 869-7600  

*Counsel for Plaintiffs William Digges III, Laura Digges,  
Ricardo Davis & Megan Missett*

8

/s/ *Vincent Russo*
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for State Defendants*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** <br> **Plaintiffs,** <br><br> **v.** <br><br> **BRAD RAFFENSPERGER, ET AL.,** <br><br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                           */s/ David D. Cross*
                                           David D. Cross

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** Plaintiffs, v. **BRAD RAFFENSPERGER, ET AL.,** Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, a copy of the foregoing **JOINT STATEMENT REGARDING GBI INVESTIGATIVE DOCUMENTS** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

                                               */s/ David D. Cross*
                                               David D. Cross