# EXHIBIT 1

# Request and Response No. 1 to Curling Plaintiffs 1st Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to any actual, potential, anticipated, suspected, contemplated, or alleged Security Breach or Security Vulnerability, including but not limited to (i) all documents relating to any investigation, report, examination, study, audit, evaluation, or assessment conducted by You or a third party on Your behalf or at your direction regarding any such Security Breach or Security Vulnerability; and (ii) all communications related to any such Security Breach or Security Vulnerability.

**RESPONSE TO REQUEST NO. 1:**

State Defendants object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined terms "Election System," "Security Breach," and "Security Vulnerability" in Plaintiffs' First Request for Production of Documents. Moreover, the Request is unduly burdensome because it is not limited in time. State Defendants

further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

# Request and Response No. 8 to Curling Plaintiffs 1st Set of Requests for Production

## REQUEST FOR PRODUCTION NO. 8:

All documents constituting, reflecting, or related to any communication with, inquiry from, or investigation by the Department of Homeland Security (DHS), the United States Election Assistance Commission, the FBI, the GBI, or other government branch, agency, department, or committee related to the security, reliability, or accessibility of any aspect of the Election System.

## RESPONSE TO REQUEST NO. 8:

State Defendants object to this Request as it seeks documents related to an ongoing criminal investigation. State Defendants also object to this Request as it seeks documents that contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants also object to this Request as overly broad because it seeks documents outside the scope of the claims and defenses in this case through Plaintiffs' use of the defined term "Election System" in Plaintiffs' First Request for Production of Documents. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search and entry of an appropriate protective order.

# Request and Response No. 29 to Curling Plaintiffs 1st Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to any physical security assessments in any Georgia counties by DHS or any other government agency related to the security or reliability of any aspect of the Election System (see https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**RESPONSE TO REQUEST NO. 29:**

State Defendants object to this Request as the documents sought are in the possession of Georgia's Counties, not the Secretary of State, and may be obtained from them in a more convenient, less burdensome, and less expensive manner.

Subject to and without waiving the foregoing objections stated herein, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

# Request and Response No. 42 to Curling Plaintiffs' Second Requests for Production of Documents to State Defendants

**REQUEST FOR PRODUCTION NO. 42:**

All documents related to any actual or potential security vulnerabilities or intrusions with respect to Georgia's Election System, including but not limited to any assessment of the security of Georgia's Election System.

**RESPONSE TO REQUEST NO. 42:**

State Defendants object to this Request as unduly burdensome to the extent Curling Plaintiffs seek a response that is unlimited as to time. State Defendants further object to this Request because it requires State Defendants to divert time and resources to respond to document requests while they are working to recount the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants further objects to this Request to the extent that it seeks documents that may contain confidential information, sensitive election security information, and/or state secret, which will only be produced pursuant to the protective order in this case. State Defendants also object to the phrase "…actual or potential security vulnerabilities or intrusions…" on the ground that it is unduly vague and ambiguous, is susceptible to multiple interpretations, and is so broad as to include documents that are not relevant to the claims in this case nor reasonably calculated to lead to admissible evidence. State Defendants object that the definition of "Election System" is defined to include components that are no longer used in Georgia and for

which no further relief can be granted. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce all non-privileged documents, if any, at a mutually agreeable time after this election cycle has concluded if Curling Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. Any non-privileged documents containing sensitive election security information will be produced pursuant to the protective order.

# Request and Response No. 44 to Curling Plaintiffs' Second Requests for Production of Documents to State Defendants

## REQUEST FOR PRODUCTION NO. 44:

All documents related to any actual or potential concerns regarding the reliability of Georgia's Election System, including but not limited to any assessment of the reliability of Georgia's Election System.

## RESPONSE TO REQUEST NO. 44:

State Defendants object to this Request as unduly burdensome to the extent Curling Plaintiffs seek a response that is unlimited as to time. State Defendants further object to this Request because it requires them to divert time and resources to respond to document requests while they are working to recount the results of the November 3, 2020 election and prepare for both State and Federal election runoffs. State Defendants further objects to this Request to the extent that it seeks documents that may contain confidential information, sensitive election security information, and/or state secret, which will only be produced pursuant to the protective order in this case. State Defendants further object to the phrase "…actual or potential concerns…" on the ground that it is unduly vague and ambiguous, is susceptible to multiple interpretations, and is so broad as to include documents that are neither relevant nor unreasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request on the ground it is so broad as to cover documents that are not relevant to the claims in this case nor reasonably

calculated to lead to admissible evidence, particularly because the definition of "Election System" is defined to include components that are no longer used in Georgia and for which no further relief can be granted. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce all non-privileged documents, if any, at a mutually agreeable time after this election cycle has concluded if Curling Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. Any non-privileged documents containing sensitive election security information will be produced pursuant to the protective order.

# Request and Response No. 46 to Curling Plaintiffs' Second Requests for Production of Documents to State Defendants

**REQUEST FOR PRODUCTION NO. 46:**

All documents related to any complaint or concerns expressed by any voter regarding Georgia's Election System since October 1, 2019.

**RESPONSE TO REQUEST NO. 46**:

State Defendants object to this Request because it requires them to divert time and resources to respond to document requests while they are working to recount the results of the November 3, 2020 election and preparing for both State and Federal election runoffs. State Defendants object to the phrase "…any complaint or concerns expressed…" because it is unduly vague and ambiguous, is susceptible to multiple interpretations, and is so broad as to include documents that are not relevant to the issues that are part of Plaintiffs' complaints, nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce all non-privileged documents, if any, at a mutually agreeable time after this election cycle has concluded if Curling Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. Any non-privileged documents containing

sensitive election security information will be produced pursuant to the protective order.

# Request and Response No. 56 to Curling Plaintiffs' 3rd Requests for Production of Documents to State Defendants

**REQUEST FOR PRODUCTION NO. 56:**

All communications with Dominion, Pro V&V, Fortalice, or any other third party with any role or responsibility for securing any component of the Election System including without limitation evaluating the security of any such component.

**RESPONSE TO REQUEST NO.56:**

State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek a response that is not limited in time. State Defendants further object because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine. Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of

such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V, Fortalice, Dominion, or KnowINK. Any documents with sensitive election security information will be produced pursuant to the protective order.

# Request and Response No. 59 to Curling Plaintiffs' 4th Requests for Production of Documents to State Defendants

**REQUEST FOR PRODUCTION NO. 59:**

Documents, including communications, regarding any measures taken to investigate, evaluate, remedy, mitigate, or otherwise address each of the vulnerabilities and problems with the election system identified in Dr. Halderman's declarations, reports, and testimony in this case.

**RESPONSE TO REQUEST NO. 59:**

State Defendants object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties. State Defendants additionally object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it encompasses declarations, reports, and testimony of Dr. Halderman about the DRE/GEMS election system, which is no longer in use in Georgia and any claims regarding the DRE/GEMS election system are moot. See Doc. 668 ("[T]he Court finds that discovery relating to the DREs and GEMS system is not necessary to the Court's resolution of the Plaintiffs' claims based on the current posture of the case . . .").

Subject to and without waiving the foregoing objections stated herein, State

Defendants, State Defendants respond that Dr. Halderman's expert report in this case

is designated "attorneys eyes only," and as such, State Defendants are not authorized

to review that expert report and thus do not have responsive documents. With respect

to any other declarations and testimony of Dr. Halderman, State Defendants will

produce non-privileged documents responsive to and within the non-objectionable

scope of this Request that are located following a reasonable search. State

Defendants will not produce duplicates of documents previously produced by State

Defendants in this case.

# Request and Response No. 2 of Plaintiffs' Joint Request for Production of Documents and Inspection of things to State Defendants

## REQUEST FOR PRODUCTION NO. 2:

Documents from the Relevant Time Period reflecting all actual, potential, anticipated, suspected, contemplated, or alleged Security Breaches or Security Vulnerabilities including, but not limited, to documents reflecting (i) all investigations, reports, examinations, studies, findings, audits, evaluations, and/or assessments conducted by You or a third party on Your behalf or at Your direction regarding any such Security Breach or Security Vulnerability; and (ii) all actions and/or steps considered, contemplated, discussed, approved, implemented, and/or rejected as potential remediation for any such Security Breach or Security Vulnerability.

## RESPONSE TO REQUEST NO. 2:

State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek an expedited response and document production inconsistent with the Federal Rules of Civil Procedure. State Defendants will respond in accordance with the time allowed under the Federal Rules of Civil Procedure or such time as may be agreed upon by the parties in the second Joint Preliminary Report and Discovery Plan. State Defendants further object to this Request as it is unduly burdensome, vague, and overly broad because (1) it requires an extensive search for documents while election officials are conducting elections; (2) there is no pending preliminary-

injunction motion and it is too late for any further relief to be ordered for the November 2020 elections, see Republican Nat'l Comm. v. Democratic Nat'l Comm., 140 S. Ct. 1205, 1207 (2020); Purcell v. Gonzalez, 549 U. S. 1 (2006) (per curiam); (3) it is duplicative in part of requests in Plaintiffs' Second Joint Request for Production of Documents; and (4) it requests documents that are unrelated to the claims and defenses in this case. State Defendants further object to this Request on the grounds that the request is not relevant to the issues that are part of Plaintiffs' complaints; instead, the requests appear to be aimed toward a motion for contempt, which has not been filed. State Defendants further object on the grounds that the request seeks information about a dispute that has been mooted by the rollout of BMDs across the State. In addition, because Plaintiffs have not filed their motions for preliminary injunction, the State Defendants cannot determine the scope of discovery that is needed on an expedited basis. State Defendants further object to this Request as it seeks documents that may contain confidential information, trade secrets, sensitive election security information, and/or state secrets. State Defendants will not provide any documents which contain confidential information, trade secrets, sensitive election security information, and/or state secrets, except pursuant to an appropriate protective order. State Defendants further object to the Request to the extent it seeks documents subject to attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

# Request and Response No. 9 to Plaintiffs' 2nd Joint Request for Production of Documents and Inspection of Things to State Defendants

## REQUEST FOR PRODUCTION NO. 9:

Any reports, studies, findings, audits, evaluations, and/or assessments

of actual or potential security breaches or vulnerabilities associated with the

Election System since August 1, 2019, including but not limited to new,

updated, or supplemental reports prepared by Fortalice Solutions or similar

Case 1:17-cv-02989-AT Document 786-1 Filed 08/20/20 Page 2 of 17 consultants

(see e.g., October 2017 Fortalice Report, Dkt. No 510-5 (PAYTON000001),

November 2018 Fortalice Report, Dkt. No 510-6 (PAYTON000070), February 2018

Fortalice Report, Dkt. No 510-7 (PAYTON000120)).

## RESPONSE TO REQUEST NO. 9:

State Defendants object to this Request as it seeks documents that may contain

confidential information, trade secrets, sensitive election security information,

and/or state secrets. State Defendants will not provide any documents which contain

confidential information, trade secrets, sensitive election security information,

and/or state secrets, except pursuant to an appropriate protective order. State

Defendants further object to this Request as it is unduly burdensome, vague, and

overly broad because (1) it requires an extensive search for documents while election

officials are conducting elections; (2) there is no pending preliminary-injunction

motion and it is too late for any further relief to be ordered for the November 2020 elections, see Republican Nat'l Comm. v. Democratic Nat'l Comm., 140 S. Ct. 1205, 1207 (2020); Purcell v. Gonzalez, 549 U. S. 1 (2006) (per curiam); (3) it requests documents that are unrelated to the claims and defenses in this case.

Subject to and without waiving the foregoing objections, State Defendants will produce non-privileged documents responsive to and within the non-objectionable scope of this Request that are located following a reasonable search.

# Request and Response No. 19 of Coalition Plaintiffs' Supplemental Requests for Production of Documents to State Defendants

## REQUEST FOR PRODUCTION NO. 19:

Documents related to third party access to county servers and voting system components after the November 2020 election.

## RESPONSE TO REQUEST NO. 19:

State Defendants object to this request as vague because the term "third party access to county servers and voting system components" is unclear as to what Plaintiffs are requesting. State Defendants object to this request as overly broad and unduly burdensome because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the

production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.