# EXHIBIT 1

| | |
|---|---|
| **From:** | Vincent Russo <vrusso@robbinsfirm.com> |
| **Sent:** | Friday, November 17, 2023 12:44 PM |
| **To:** | Harry Martin; Cross, David D.; Middleton, Caroline; Robert McGuire; Bryan Tyson; Alexander Denton; bbrown@brucepbrownlaw.com; Bryan Jacoutot; cichter@ichterdavis.com; cino@khlawfirm.com; Carey Miller; hknapp@khlawfirm.com; Josh Belinfante; Javier Pico-Prats; rabney@wattsguerra.com; sparks@khlawfirm.com; Kaiser, Mary; Fisher, Ramsey W.; Conaway, Jenna B.; Diane LaRoss |
| **Subject:** | 17-cv-02989-AT Curling et al v. Raffensperger et al |
| **Attachments:** | Curling v. Raffensperger - Motion to Stay and Protocol for Halderman Production.msg; Curling v. Raffensperger - Motion to Stay and Protocol for Halderman Production.pdf; 2022.01.31 Timeline Email to Court.pdf |

Mr. Martin,

We are writing to update the Court on the issue regarding Doc. 1246 and the production of the data and related materials underlying Dr. Halderman's analysis that was discussed during the status conference on Wednesday. Notwithstanding that State Defendants believe the requested documents and things are subject to FRCP 26(a)(2) and should have been disclosed without any request, State Defendants never received Dr. Halderman's various computer programs and malicious code referenced in his report. To avoid any confusion, State Defendants served a specific request for this material upon Dr. Halderman in November 2021, in advance of his deposition and the State has maintained ever since that this discovery is necessary prior to trial. Now that Plaintiffs have disclosed their intention to use the requested discovery at trial, the need for this information to adequately prepare a defense is underscored further. The history of this dispute is encapsulated below.

After the parties filed the joint discovery dispute in January 2022 (Doc. 1246), the Court held a telephone conference on January 27, 2022 to discuss the issue. It was the State Defendants' position in the conference that we did not need this discovery for summary judgment but we would need it for trial. This position has remained unchanged. The Court directed the State Defendants to send a proposed protocol to the Plaintiffs for Dr. Halderman's data and software underlying his analysis. The Court further requested Defendants provide a timeline of the history of this issue in relation to Plaintiff's timeliness arguments then. That submission was provided to Ms. Bradley on January 31, 2022 and is attached.

Per the Court's direction, we emailed Mr. Cross with a proposed protocol. Attached is a copy of the email sent to Mr. Cross – please note that I have attached the Outlook email and a PDF version just in case the Court is unable to open the Outlook file. We have no record of receiving a response from Mr. Cross or other counsel to the attached email with the proposed protocol. We asked counsel to review their records and confirm whether

1

they have anything to the contrary. At this juncture, it appears that Plaintiffs' counsel does not have any emails showing where they responded to the State Defendants' proposed protocol.

State Defendants also raised the issue of the production of Dr. Halderman's materials in a March 2022 Joint Filing Regarding Discovery Per Court Order (Doc. 1340 at 16). We do not have any record a response to the proposed protocol after raising it again in the joint filing. At the direction of the Court, both parties submitted identification of outstanding discovery disputes in relation to the summary judgment schedule on April 7, 2022. Both parties indicated that this issue was not resolved and was not necessary to resolve prior to summary judgment (Docs. 1361 and 1362). On April 17, 2022, the Court entered an order staying certain matters (Doc. 1347). In particular, the order stayed discovery with the exception of previously outstanding discovery issues – "All remaining discovery that does not require a conference with the Court should therefore be completed by that date." (Doc. 1346 at n. 6). Based on this, we understood that the issue of Dr. Halderman's discovery was not subject to the stay.

Counsel for State Defendants were in the middle of trial in the *Fair Fight Action* case before Judge Jones starting in April 2022. Additionally, both sides in this case were also dealing with Coffee County discovery when that came to light as a result of Plaintiffs' disclosure of Ms. Marks recording of her call with Scott Hall from early 2021. Because State Defendants had taken the position that we did not need Dr. Halderman's discovery except for trial and no trial was imminent at that time, the issue of Dr. Halderman's discovery was not at the forefront at that time. However, when Plaintiffs put the election equipment on their trial exhibit list recently, that brought this issue to light once again.

We hope this provides the Court with the requested update on this matter. Counsel has continued communication subsequent to our conference earlier this week and has been unable to resolve the matter. Please let us know if there are any questions or issues that the Court would like us to further address related to this matter.

Thanks, and have a great weekend.

Vincent

———

**Vincent Russo**
T: 404 856 3260 | E: vrusso@robbinsfirm.com

BIO | vCARD

Robbins Alloy Belinfante Littlefield LLC
500 Fourteenth Street NW
Atlanta, GA 30318
www.robbinsfirm.com

**For our affiliated government-relations
practice, please visit:**

www.robbinsgr.com