# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CURLING PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO STATE DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg

(collectively, the "Curling Plaintiffs") hereby request that Defendants Brad

Raffensperger, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson,

Seth Harp, and the Georgia State Election Board (collectively, the "State

Defendants") produce the documents, electronically stored information, and

tangible things specified herein below in this First Set of Requests for Production

(the "Requests") at the offices of Krevolin & Horst, 1201 West Peachtree Street,

Suite 3250, Atlanta, Georgia 30309.  Further, the State Defendants are required to

timely serve a written response to the Requests that conforms, in all respects, to

9.      The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority.  Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All documents related to any actual, potential, anticipated, suspected, contemplated, or alleged Security Breach or Security Vulnerability, including but not limited to (i) all documents relating to any investigation, report, examination, study, audit, evaluation, or assessment conducted by You or a third party on Your behalf or at your direction regarding any such Security Breach or Security Vulnerability; and (ii) all communications related to any such Security Breach or Security Vulnerability.

**Request for Production No. 2:**

Documents sufficient to show your policies and procedures—whether formal or informal, written or unwritten, implemented or not—for preventing, assessing, identifying, evaluating, monitoring for, investigating, mitigating, remedying, or otherwise limiting, addressing, or responding to any actual,

vendor, or anyone else acting on behalf or at the direction of either entity for any or all purposes related to the Election System.

**Request for Production No. 8:**

All documents constituting, reflecting, or related to any communication with, inquiry from, or investigation by the Department of Homeland Security (DHS), the United States Election Assistance Commission, the FBI, the GBI, or other government branch, agency, department, or committee related to the security, reliability, or accessibility of any aspect of the Election System.

**Request for Production No. 9:**

All documents related to Your decision to forgo, decline, refuse, or otherwise not accept federal assistance, including but not limited to funds, for purposes related to the security or reliability of any aspect of the Election System.

**Request for Production No. 10:**

Documents sufficient to show Your policies and procedures related to maintaining, upgrading, updating, replacing, repurposing, decommissioning, erasing, overwriting, discontinuing, and/or destroying each of the following equipment, including but not limited to any software updates, patches, or fixes, and any hardware or firmware maintenance or updates: DREs; Optical Scanners; memory cards used or otherwise compatible with any; DRE GEMS servers;

ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; voter registration databases; online voter registration systems; any other servers and/or computers used to conduct elections; and any other servers, computers, electronic devices, electronic machines, or removable media that connects, or has at some point connected, physically or wirelessly to any aspect of the Election System.

**Request for Production No. 11:**

Documents sufficient to show the current inventory of the following equipment within the State of Georgia, including at the county, city, town, or other government level:  DREs; memory cards used or otherwise compatible with any DREs; Optical Scanners; GEMs servers; ExpressPoll machines; voter cards used or otherwise compatible with any ExpressPoll machine; and modems used to communicate election results or other data used in or resulting from elections.

**Request for Production No. 12:**

All communications between You and any employee, agent, representative, lobbyist, or other individual or entity acting on behalf or at the direction of any DRE Provider (past or current), including but not limited to Election Systems & Software LLC ("ES&S") (including any of its predecessors, subsidiaries, or other affiliated entities).

**Request for Production No. 13:**

Documents sufficient to show each planned, executed, intended, anticipated, expected, offered, declined, and/or budgeted exchange of money or anything else of value between You or anyone else acting on behalf of or at the direction of the State of Georgia or any of its counties, cities, or towns and any DRE Provider, including but not limited to ES&S.

**Request for Production No. 14:**

All documents related to any assessment, evaluation, inspection, testing, and/or piloting of DREs, Optical Scanners, ExpressPoll machines, memory cards, and/or election management systems considered or purchased for use in connection with the Election System, including but not limited to the August 2018 electronic Request for Information issued by the Secretary of State seeking "to solicit information from interested suppliers with respect to a New Voting System for the Secretary of State - State of Georgia."

**Request for Production No. 15:**

All voting data, configuration data, and log files (including any backups thereof) and all software and firmware from the Election System, including but not limited to DREs, Optical Scanners, memory cards, GEMS servers, modems, network devices, other peripheral devices, tabulation sheets, and paper ballots.

16

**Request for Production No. 19:**

Documents related to Your efforts to comply with any Georgia Open Records requests, pursuant to the Georgia Open Records Act §50.18.70 et seq., by Curling Plaintiffs or their counsel, as well as all documents responsive to each such request (to the extent not already provided to Curling Plaintiffs or their counsel), including but not limited to the following requests:  September 15, 2017 Request made by Donna Price on behalf of Georgia Verified Voting; January 9, 2019 Request made by Donna Price on behalf of Georgia Verified Voting; January 9, 2019 Request made by Catherine Chapple on behalf of Curling Plaintiffs; January 17, 2019 Request made by Donna Price on behalf of Georgia Verified Voting; February 27, 2019 Request made by Donna Price on behalf of Georgia Verified Voting.

**Request for Production No. 20:**

All documents related to the feasibility of adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System, including but not limited to: (i) documents regarding each vendor that has provided or could provide paper ballots to the state, counties, and/or municipalities in Georgia; (ii) documents related to any costs of adopting, implementing, or otherwise using

18

paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (iii) documents related to any identification, analysis, evaluation, investigation, examination, consideration, or description of any need, impediment, hurdle, challenge, disadvantage, advantage, or benefit associated with adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (iv) documents sufficient to show any budget or funds that are, or possibly could be, available for any aspect of the Election System, including but not limited to identifying the present and/or anticipated allocation(s) of such budget or funds for any specific aspect(s) of the Election System; (v) documents related to any budget, funds, monies, income, revenue, profits, assets, or anything else of value that is, or possibly could be, available for adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (vi) documents consistent or inconsistent with or otherwise related to any argument or objection by You against adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; (vii) documents sufficient to show any training that would be required for

19

adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System; and (vii) documents sufficient to show any other resources, including but not limited to time and manpower, that would be required for adopting, implementing, or otherwise using paper ballots (whether in lieu of DREs, with DREs, or with some other additional means of voting) for voting in the Election System and the specific cost, if any, of each such resource.

**Request for Production No. 21:**

Documents sufficient to show the specific cost(s) of the current Election System, including but not limited to: the acquisition of DREs; the maintenance or support (electronic and physical) of DREs, including but not limited to any software, firmware, or hardware that are part of or otherwise associated with the DREs; the acquisition of replacement parts for DREs; the storage of DREs; the transportation of DREs before and after elections, or at any other time; the set-up of DREs at polling locations for elections; the breakdown and removal of DREs from polling locations after elections; the training of anyone associated with the use of DREs; the acquisition of GEMS; the maintenance or support (electronic and physical) of any GEMS servers, including but not limited to any software, firmware, or hardware that are part of or otherwise associated with any GEMS

20

server; the storage of GEMS servers; the training of anyone associated with the use of GEMS; software, firmware, hardware, facilities, or other resources used or needed for utilizing and securing the current Election System, including DREs, memory cards used or otherwise compatible with any DREs, Optical Scanners, GEMs servers, ExpressPoll machines, voter cards used or otherwise compatible with any ExpressPoll machine, voter registration database and/or system, and any modems used to communicate election results or other data used in or resulting from elections.

**Request for Production No. 22:**

Documents sufficient to show the number of facilities and the size and cost of each where DREs are or have been stored in Georgia by You, any county, town, or municipality, or anyone acting at Your direction or on Your behalf.

**Request for Production No. 23:**

Documents sufficient to show any policies and procedures applicable to the use or handling of any computer, tablet, smartphone, removable media, or any other device connected (at any time, even if temporarily) to the Internet or telephone lines in Your possession, custody, or control by any employee, agent, representative, vendor, consultant, lobbyist, or anyone else acting at Your direction or on Your behalf.

**Request for Production No. 30:**

All documents relating to any actual or alleged hacking or unauthorized access by DHS with respect to any aspect of the Election System, including but not limited to documents supporting any such allegation or relating to any analysis, evaluation, investigation, examination, consideration, or description of any such events involving DHS (*see* https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**Request for Production No. 31:**

All documents supporting the following answer, in words or substance, by then-Secretary of State Brian Kemp in response to a question of whether the Election System is, or was at that time, secure: "Absolutely" (https://www.npr.org/2018/08/12/637163104/election-security-becomes-a-political-issue-in-georgia-governors-race).

**Request for Production No. 32:**

All documents that You contend support, substantiate, prove, or corroborate any argument, objection, allegation, or defense asserted by You in this or for any purpose of this case.

**Request for Production No. 33:**

All documents that You contend contradict, rebut, reject, disprove, or undermine any argument, objection, allegation, or claim asserted by any Plaintiff in this or for any purpose of this case.

**Request for Production No. 34:**

All relevant documents within the possession, custody, or control of any individual from whom You anticipate presenting testimony, whether written or oral, at any proceeding in this case.

**Request for Production No. 35:**

Documents sufficient to identify each individual You believe has knowledge, documents, or other information relevant, or potentially relevant, to any claim or defense in this case.

**Request for Production No. 36:**

All documents relating to any analysis, opinion, work, or testimony You anticipate offering, whether written or oral, from any purported expert at any proceeding in this case.

**Request for Production No. 37:**

All documents you anticipate offering as evidence or otherwise relying on for any purpose in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CURLING PLAINTIFFS' FIRST SET OF INTERROGATORIES TO STATE DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs") hereby request that Defendants Brad Raffensperger, David J. Worley, Rebecca N. Sullivan, Ralph F. "Rusty" Simpson, Seth Harp, and the Georgia State Election Board (collectively, the "State Defendants") answer the following interrogatories under oath, based upon all information and knowledge reasonably available to State Defendants, their attorneys, agents, and all others acting on their behalf, in accordance with the definitions and instructions below, within fifteen (15) days of service hereof, pursuant to the parties' agreement (and forthcoming stipulated Order). State

1

    a)  Manufacturer and model;

    b)  Serial number;

    c)  Each election used

    d)  Software version used in each election; and

    e)  Voting precincts used.

**Interrogatory No. 2:**

Describe with specificity each known, attempted, or suspected Security Vulnerability or Security Breach involving any part of the Election System since Georgia adopted and implemented DREs, including describing with specificity any and all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected as a result of any such Security Vulnerability or Security Breach.

**Interrogatory No. 3:**

Identify the date, purpose of, entities, and individuals who performed maintenance, upgrades, replacement, repurposing, repairs, remedial measures, updates, patches, and/or decommissioning of any and all software or hardware for DREs, Electronic Pollbooks, Optical Scanners, Memory Cards, Voter Access Cards, and GEMS servers that are, or have been at any point since Georgia adopted and implemented DREs, part of the Election System.

**Interrogatory No. 4:**

Describe with specificity all efforts, including each process and procedure, undertaken to assess, evaluate, test, or audit the security and functionality of the Election System, including DREs, Electronic Pollbooks, Optical Scanners, Memory Cards, Voter Access Cards, and GEMS servers, since Georgia adopted and implemented DREs, including the results, conclusions, or findings of any such effort and the identity of each entity or individual involved and their respective roles and responsibilities.

**Interrogatory No. 5:**

Describe with specificity each action You took in response to or otherwise prompted by or related to any suspected, attempted, or actual Security Breach of any part of the Election System since Georgia adopted and implemented DREs, including how each such action complied with or did not comply with any applicable policy and what each such policy states or provides.

**Interrogatory No. 6:**

Describe with specificity each alternative system, software, or hardware You considered to the use of the elections.kennesaw.edu server or any other similarly centralized election data preparation and/or distribution system, each reason You rejected each such alternative, when each such consideration and decision

occurred, and the name, role(s), and responsibility(ies) of each entity or individual involved in or consulted regarding each such consideration or decision.

**Interrogatory No. 7:**

Describe with specificity each alternative system, software, or hardware You considered, adopted, or implemented to supplement or replace the use of any or all DREs, Optical Scanners, and GEMS products involving electronic voting in the State of Georgia; when each such consideration, adoption, or implementation occurred; and the name, role(s), and responsibility(ies) of each entity or individual involved in or consulted regarding each such consideration, adoption, or implementation; and each reason You rejected each such alternative that was not adopted or implemented, and each reason You adopted or implemented any such alternative.

**Interrogatory No. 8**

Describe with specificity each process and procedure by which in-state voters and absentee voters may vote in an election in the State of Georgia using a paper ballot, including (i) each process and procedure by which any such voter may obtain such a paper ballot, and (ii) each policy, process, procedure, and cost for creating, designing, preparing, procuring, printing, handling, collecting, tallying, maintaining, storing, and auditing such paper ballots.

7

cost was calculated; (ii) the identify of each entity or individual You contend would need to take some action to effectuate each such step, including their respective roles and responsibilities and the respective actions You contend each would need to take; (iii) the time You contend each such step would take and how each time estimate was calculated; and (iv) whether each such step would be new, meaning the same or similar step is not already taken as part of the current Election System.

**Interrogatory No. 12:**

Describe with specificity each step required to conduct each election in 2019 and 2020 using DREs, including (i) the cost of each such step and how each such cost was calculated; (ii) the identify of each entity or individual who needs to take some action to effectuate each such step, including their respective roles and responsibilities and the respective actions each needs to take; and (iii) the time each such step takes and how each time was determined.

**Interrogatory No. 13:**

Describe with specificity each cost incurred by the use of DREs, Optical Scanners, Memory Cards, Voter Access Cards, Electronic Pollbooks, and GEMS servers in each election in the State of Georgia, including: the acquisition of DREs; the maintenance or support (electronic and physical) of DREs, including but not limited to any software, firmware, or hardware that are part of or otherwise

associated with the DREs; the acquisition of replacement parts for DREs; the storage of DREs; the transportation of DREs before and after elections, or at any other time; the set-up of DREs at polling locations for elections; the breakdown and removal of DREs from polling locations after elections; the training of anyone associated with the use of DREs; the acquisition of GEMS; the maintenance or support (electronic and physical) of any GEMS servers, including but not limited to any software, firmware, or hardware that are part of or otherwise associated with any GEMS server; the storage of GEMS servers; the training of anyone associated with the use of GEMS; software, firmware, hardware, facilities, or other resources used or needed for utilizing and securing the current Election System, including DREs, memory cards used or otherwise compatible with any DREs, Optical Scanners, GEMs servers, Electronic Pollbooks, Voter Access Cards, voter registration database and/or system, and any modems used to communicate election results or other data used in or resulting from elections

**Interrogatory No. 14:**

Describe with specificity each contract, work order, and payment to any vendor that provides or supports DREs, Optical Scanners, Memory Cards, Voter Access Cards, Electronic Pollbooks, and GEMS servers, including but not limited to ES&S.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**PLAINTIFFS' SECOND JOINT REQUEST FOR PRODUCTION
OF DOCUMENTS AND INSPECTION OF THINGS
TO STATE DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs request that Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants") produce and make available for inspection the documents on an expedited basis electronically stored information and tangible things specified herein below in this Set of Requests for Production (the "Requests").

be taken as part of any such plans.

**Request for Production No. 13:**

Documents sufficient to show any plans to ensure that each barcode, or QR code, printed with a Dominion ballot-marketing device during a Georgia election accurately reflects the selections intended by the voter who cast the ballot bearing that barcode, including showing the specific steps to be taken as part of any such plans.

**Request for Production No. 14:**

Forensic examination by Dr. Alex Halderman and Harri Hursti (and those working at their direction) of (i) a reasonable sample, selected by Plaintiffs, of DREs, ballot-marking devices, ballot scanners (both AccuVote and Dominion), state election servers (both GEMS and Dominion), memory cards and/or smart cards used with Dominion election equipment, and pollpads (including any application software needed for the examination); and (ii) the memory cards from Cobb, DeKalb, and Fulton Counties already provided to Plaintiffs for any potential or actual security breaches or security vulnerabilities.  The images may be made at facilities of Defendants' choosing and at times that will not interfere with the equipments' use in any elections.

**Request for Production No. 15:**

In-person inspection of the State's copies of Polling Place Recap Reports, PollPad Recap Reports for the June 9, 2020 elections, and any related reports concerning the counties' failure to reconcile the number of ballots counted to the number of voters checked in on the PollPads.

**Request for Production No. 16:**

Reports of inaccurate BMD ballots issued to voters in the June 9, 2020 election, including ballots inaccurately reflecting voters' touchscreen entries or ballots that improperly contained or did not contain the Presidential Primary candidates.

**Request for Production No. 17:**

Documents sufficient to show procedures, including but not limited to instructions to counties, regarding maintaining secure operations of the Dominion election system, including but not limited to procedures for transfer of data through removable media and for air-gapping state and county election servers.

ny-1967718

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**PLAINTIFFS' FIFTH JOINT REQUESTS FOR PRODUCTION OF
DOCUMENTS TO STATE DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs request that Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants") produce the documents, electronically stored information, and tangible things specified herein below in this Fifth Joint Set of Requests for Production (the "Requests"). Further, the State Defendants are required to timely serve a written response to the Requests that conforms, in all respects, to Rule 34, and to do so within 15 days of service hereof, pursuant to the parties' agreement (Dkt. 410-2 at 2).

1

9.      Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

10.     The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority.  Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

## REQUESTS FOR PRODUCTION

**Request for Production No. 24:**

All communications concerning any Pro V&V Audit.

**Request for Production No. 25:**

All documents generated in preparation for or generated as part of any Pro V&V Audit.

**Request for Production No. 26:**

All documents regarding the results, determinations, findings, or recommendations arising from or otherwise reached as part of any Pro V&V Audit.

10

**Request for Production No. 27:**

All documents regarding the workflow, procedure, checklists, plans, decision-making, and determinations for the size, scope, parameters, timing, location, and procedure for any Pro V&V Audit.

**Request for Production No. 28:**

Documents identifying the specific election equipment, components, and data examined or otherwise included as part of any Pro V&V Audit.

**Request for Production No. 29:**

Documents identifying the location and provenance of the equipment and components examined or otherwise included as part of any SOS-Ordered Audit, including in which specific location polling places and elections it was used, where it was tested, and the chain of custody.

**Request for Production No. 30:**

Documents regarding any concerns, complaints, notes, or reports, including of errors, malfunctions, or vulnerabilities during election operations of the equipment and components examined or otherwise included as part of any SOS-Ordered Audit.

**Request for Production No. 31:**

Documents identifying all individuals involved with the preparation,

ny-2024782

planning, decision-making, administration, execution, results, and reports of any Pro V&V Audit.

**Request for Production No. 32:**

All documents regarding any steps to "check that only software or firmware on the components" included as part of any Pro V&V Audit "was certified for use by the Secretary of State's office."[1]

**Request for Production No. 33:**

All documents regarding any steps to "check that only software or firmware on the components" included as part of any Pro V&V Audit "was certified for use by the Secretary of State's office."[2]

**Request for Production No. 34:**

All documents, including any reports, studies, findings, audits, evaluations, and/or assessments of actual or potential security breaches or vulnerabilities associated with the Election System as referenced in Your statement, "We have partnered with the Department of Homeland Security, the Georgia Cyber Center, Georgia Tech security experts, and wide range of other election security experts

---

[1] *See* Ga. Sec'y of State, *Secretary Raffensperger Announces Completion of Voting Machine Audit Using Forensic Techniques: No Sign of Foul Play* (Nov. 17, 2020), https://sos.ga.gov/index.php/elections/secretary_raffensperger_announces_completion_of_voting_machine_audit_using_forensic_techniques_no_sign_of_foul_play.
[2] *See id.*

ny-2024782

around the state and country so Georgia voters can be confident that their vote is safe and secure."[3]

**Request for Production No. 35:**

All documents that relate to the representations that (a) "Pro V&V found no evidence of the machines being tampered," and (b) "[a]ccording to the Pro V&V audit, all of the software and firmware on the sampled machines was verified to be the software and firmware certified for use by the Office of the Secretary of State."[4]

**Request for Production No. 36:**

All documents that relate to "the risk-limited audit" referred to in the statement "Coupled with the risk-limiting audit of all paper ballots relying solely on the printed text of the ballots, these steps confirm the assessment of the Cybersecurity and Infrastructure Security Agency that there are no signs of cyber attacks or election hacking."[5]

**Request for Production No. 37:**

All documents related to the "technological glitch" referenced in Zetter, Kim, *Cause of Election Day glitch in Georgia counties still unexplained*, Politico, Nov. 4,

---

[3] *See id.*
[4] *See id.*
[5] *See id.*

ny-2024782

2020, https://www.politico.com/news/2020/11/04/georgia-election-machine-glitch-434065.

**Request for Production No. 38:**

All communications related to the analysis of the Dominion Voting Systems ICX Version 5.5.10.32 discussed in the Pro V&V Letter Report to Michael Barnes dated October 2, 2020.

**Request for Production No. 39:**

All documents considered or generated as part of the analysis of the Dominion Voting Systems ICX Version 5.5.10.32 discussed in the Pro V&V Letter Report to Michael Barnes dated October 2, 2020, including but not limited to source code, reports, determinations, changes, protocols, and findings.

Respectfully submitted this 20th day of November, 2020.

 /s/ David D. Cross                            /s/ Halsey G. Knapp, Jr.
David D. Cross (*pro hac vice*)        Halsey G. Knapp, Jr.
John P. Carlin (*pro hac vice*)         GA Bar No. 425320
Lyle P. Hedgecock (*pro hac vice*)   Adam M. Sparks
Mary G. Kaiser (*pro hac vice*)        GA Bar No. 341578
Robert W. Manoso (*pro hac vice*)   KREVOLIN & HORST, LLC
MORRISON & FOERSTER LLP            1201 West Peachtree Street, NW
2000 Pennsylvania Avenue, NW       Suite 3250
Suite 6000                                     Atlanta, GA 30309
Washington, DC 20006                    (404) 888-9700
(202) 887-1500

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CURLING PLAINTIFFS' THIRD REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg

(collectively, the "Curling Plaintiffs") hereby request that Defendants Secretary of

State Brad Raffensperger, the State Election Board, and the State Election Board

Members (collectively, the "State Defendants") produce the documents,

electronically stored information, and tangible things specified herein below in this

Second Set of Requests for Production (the "Requests") at the offices of Krevolin

& Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.  Further,

the State Defendants are required to timely serve a written response to the Requests

that conforms, in all respects, to Rule 34, and to do so within 15 days of service

hereof (Dkt. 410-2 at 2).

1

## REQUESTS FOR PRODUCTION

**Request for Production No. 49:**

All policies and instructions for creating ballot definition files and Election Project Packages for Georgia 2020 or 2021 elections as well as documents describing applicable procedures for creating any such ballot definition files and Election Project Packages.

**Request for Production No. 50:**

All policies and instructions governing county review and approval of the Election Project Packages as well as documents describing applicable procedures for any such review and approval.

**Request for Production No. 51:**

All policies and instructions for transferring scanned ballot data and tabulation data or information for Georgia 2020 or 2021 elections to You as well as documents describing applicable procedures for any such transfers.

**Request for Production No. 52:**

All policies and instructions for hiring, training, and overseeing technicians and other election workers (including volunteers) for 2020 and 2021 Georgia elections as well as documents describing any applicable procedures.

**Request for Production No. 53:**

Documents reflecting any actual, anticipated, or contemplated plans to replace Georgia's current voting software or equipment with different voting software or equipment, such as BMDs that do not generate bar codes for tabulation, and any communications regarding any such plans.

**Request for Production No. 54:**

Documents reflecting any issues or challenges affecting the reliability, including without limitation the security, completeness, and accuracy, of Electronic Pollbooks in Georgia 2020 and 2021 election, including without limitation any communications regarding any such issues or challenges.

**Request for Production No. 55:**

Documents reflecting issues or challenges with transferring data from the prior GEMS/DRE Election System to the current Dominion BMD Election System, including without limitation any communications regarding any such issues or challenges.

**Request for Production No. 56:**

All communications with Dominion, Pro V&V, Fortalice, or any other third party with any role or responsibility for securing any component of the Election System including without limitation evaluating the security of any such component.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CURLING PLAINTIFFS' SECOND SET OF INTERROGATORIES TO STATE DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rule[s]"), Curling Plaintiffs hereby request that Defendants Brad Raffensperger, Rebecca N. Sullivan, Sara Tindall Ghazal, Matthew Mashburn, Anh Le, and the Georgia State Election Board (collectively, the "State Defendants") answer the following interrogatories under oath, based upon all information and knowledge reasonably available to State Defendants, their attorneys, agents, and all others acting on their behalf, in accordance with the definitions and instructions below, within fifteen (15) days of service hereof. State Defendants may produce documents, electronically stored information, and tangible things specified herein at the offices of Krevolin & Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.

longer entirely correct, or that the circumstances are such that a failure to amend the answer is in substance a negligent or knowing misrepresentation, or (b) you locate or discover information responsive to one or more of the Interrogatories, which information has not previously been produced.

## INTERROGATORIES

**Interrogatory No. 15:**

Describe with specificity each known, attempted, or suspected Security Vulnerability or Security Breach involving any part of Georgia's Current Election System, including describing with specificity any and all types of all information accessed, exposed, lost, altered, modified, manipulated, deleted, taken, copied, or stolen, or otherwise affected as a result of any such Security Vulnerability or Security Breach.

**Interrogatory No. 16:**

Describe with specificity all efforts, including each process and procedure, undertaken to assess, evaluate, test, or audit the security of the Current Election System, including the results, conclusions, or findings of any such effort and the identity of each entity or individual involved and their respective roles and responsibilities.

**Interrogatory No. 17:**

Describe with specificity each action You took in response to or otherwise prompted by or related to any known, attempted, or suspected Security Breach of any part of the Current Election System since Georgia adopted and implemented that system, including how each such action complied with or did not comply with any applicable policy and what each such policy states or provides.

**Interrogatory No. 18:**

Describe with specificity each process and procedure by which a voter may vote in an election in the State of Georgia using a paper ballot, including (i) each process and procedure by which any such voter may obtain such a paper ballot, (ii) each policy, process, procedure, and cost for creating, designing, preparing, procuring, printing, handling, collecting, tallying or tabulating, maintaining, storing, and auditing such paper ballots, and (iii) how, if at all, each such process, procedure, policy, and cost has change as a result of applicable legislation enacted in Georgia during the last 12 months.

**Interrogatory No. 19:**

Identify any efforts made to ensure that any actual or potential hack or compromise of Georgia's prior GEMS/DRE election system could not and did not affect Georgia's Current Election System, as well as the success or failure of any

such efforts, including any connections (direct or indirect), interactions, or other actual or potential exchanges of software or data between the two election systems (such as the use of removable media with both systems).

**Interrogatory No. 20:**

Describe the policies and training or efforts made to "air-gap" any components of Georgia's Current Election System, and the success or failure of any such efforts, as well as practices concerning these issues undertaken by the Secretary of State or anyone acting on its behalf or at its direction.

**Interrogatory No. 21:**

Describe any connections, interactions, or other actual or potential exchanges of software or data between Georgia's Current Election System and any other computer system or device via the Internet, telephone lines, cable lines, satellites, or other third-party system, network, equipment, or devices.

**Interrogatory No. 22:**

Describe practices and policies for transferring scanned ballot data, tabulation data, or information for Georgia 2020 or 2021 elections to You, including when, how, and by whom such data or information was collected or transmitted.

**Interrogatory No. 23:**

Describe any testing, examination, reexamination, evaluation, study, analysis, investigation, or assessment of the security, integrity, reliability, or accuracy of Georgia's Current Election System or its prior GEMS/DRE election system since each election system was first adopted in Georgia as well as any efforts to obtain, or avoid obtaining, any such testing, examination, reexamination, evaluation, study, analysis, investigation, or assessment.

**Interrogatory No. 24:**

Describe any complaints regarding the security, integrity, reliability, or accuracy of Georgia's Current Election System or its prior GEMS/DRE election system since each election system was first adopted in Georgia, including when and by whom any such complaints were made and any responses thereto and any efforts to obtain, or avoid obtaining, such complaints.

**Interrogatory No. 25:**

Describe the potential implementation and operation, if any, of an election system using hand-marked paper ballots as the primary means of voting in person in Georgia elections, including any examination, evaluation, study, analysis, or assessment of the reliability, feasibility, or costs thereof, any proposal or request

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CURLING PLAINTIFFS' THIRD SET OF INTERROGATORIES TO STATE DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rule[s]"), Curling Plaintiffs hereby request that Defendants Brad Raffensperger, Rebecca N. Sullivan, Sara Tindall Ghazal, Matthew Mashburn, Anh Le, and the Georgia State Election Board (collectively, the "State Defendants") answer the following interrogatories under oath, based upon all information and knowledge reasonably available to State Defendants, their attorneys, agents, and all others acting on their behalf, in accordance with the definitions and instructions below, within fifteen (15) days of service hereof. State Defendants may produce documents, electronically stored information, and tangible things specified herein at the offices of Krevolin & Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.

longer entirely correct, or that the circumstances are such that a failure to amend the answer is in substance a negligent or knowing misrepresentation, or (b) you locate or discover information responsive to one or more of the Interrogatories, which information has not previously been produced.

## INTERROGATORIES

**Interrogatory No. 27:**

Identify and describe with specificity all measures taken to investigate, evaluate, remedy, mitigate, or otherwise address each of the Security Vulnerabilities and problems with the Current Election System identified in Dr. J. Alex Halderman's declarations, reports, and testimony in this matter.

(signature on following page)

## I IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## CURLING PLAINTIFFS' FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs") hereby request that Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants") produce the documents, electronically stored information, and tangible things specified herein below in this Second Set of Requests for Production (the "Requests") at the offices of Krevolin & Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309. Further, the State Defendants are required to timely serve a written response to the Requests that conforms, in all respects, to Rule 34, and to do so within 15 days of service hereof (Dkt. 410-2 at 2).

of voters' review of their printed-out paper ballots in elections in Georgia or elsewhere, including any drafts of any such studies, reports, or assessments.

**Request for Production No. 59:**

Documents, including communications, regarding any measures taken to investigate, evaluate, remedy, mitigate, or otherwise address each of the vulnerabilities and problems with the election system identified in Dr. Halderman's declarations, reports, and testimony in this case.