# Exhibit 1

| | |
|---|---|
| **From:** | Cross, David D. |
| **To:** | Harry Martin; Vincent Russo; Robert McGuire; Bryan Tyson; Alexander Denton; bbrown@brucebrownlaw.com; Bryan Jacoutot; cichter@ichterdavis.com; cino@khlawfirm.com; Carey Miller; hknapp@khlawfirm.com; Josh Belinfante; Javier Pico-Prats; rabney@wattsguerra.com; sparks@khlawfirm.com; Kaiser, Mary; Fisher, Ramsey W.; Conaway, Jenna B.; Diane LaRoss; kamikazehitman@comcast.net |
| **Subject:** | 17-cv-02989-AT Curling et al v. Raffensperger et al |
| **Date:** | Wednesday, November 29, 2023 12:52:49 PM |

Dear Mr. Martin,

I write regarding the motion to substitute counsel at Dkt. 1718 that was granted today. It was not accurate for Mr. Harding to file that as an "unopposed" motion. The filing of that motion was the first time we saw it, and we've never heard from Mr. Harding regarding this requested and very-belated substitution on the eve of trial. Since the motion already was granted (which is not surprising given the Court was led to believe it was unopposed), I write to let the Court know that we intend to oppose the motion on both procedural and substantive grounds. I've copied new counsel, whose email address is kamikazehitman@comcast.net per Dkt. 1718. (I did not make that up.)

Even where a client consents to such a withdrawal, the Local Rules permit the Court to reject the withdrawal when it "would delay trial of the case, or for other good cause." L.R. 83.1(E)(3). That is why, when filing a withdrawal by consent, the Local Rules require that the filing demonstrate that the client has been advised of their "obligation to prepare for trial or hire other counsel to prepare for trial" and "[t]he dates of any scheduled proceedings, including trial, and that these dates will not be affected by the withdrawal of counsel." *Id.* (referencing L.R. 83.1(E)(2)(b)(B) through (H)). The motion at Dkt. 1718 does not do that. There is no indication that Mr. Davis has been informed that he has a continued obligation to ensure his new counsel is prepared for trial beginning in only about a month and that the withdrawal will not affect the January 9, 2024 trial date that has been on the calendar for months in this case, or any other dates for that matter. The motion is thus procedurally improper and should be denied. *See Ohai v. Delta Community Credit Union*, 2022 WL 19519162, at *1 (N.D. Ga. Apr. 28, 2022) (rejecting withdrawal by consent for failing to comply with the requirements in L.R. 83.1(E).)

Any anticipated request for any continuance or delay of any pending deadline by new counsel also would warrant denying the motion. *See Fears v. Keystone Petroleum Transport, LLC,* 2012 WL 12835497, at *2 (N.D. Ga. Feb. 21, 2012) (denying a motion to withdraw under L.R. 83.1(E) because "any new counsel … would almost certainly ask for a continuance. Hence, allowing [the] withdrawal…would almost certainly result in this cases' delay.").

Lastly, we have serious concerns about what this substitution means for litigating this case going forward and resolving the case on the merits at trial, including the evidence and arguments to be offered by new counsel, the cooperation needed among Plaintiffs, and the strategic and tactical decisions that are needed for trial and pretrial submissions. I understand new counsel has taken positions publicly that are directly at odds with fundamental positions Plaintiffs have taken here for years and intend to take at trial. It is far too late for what looks to be a fundamental shift in litigating this case on the eve of trial by a single Plaintiff and that will severely prejudice all other Plaintiffs and unduly burden the Court. If this particular Plaintiff now wants to go his own way—despite years of cooperation among Plaintiffs in this case—then his case should be severed from the rest to avoid

severe prejudice and delay to Plaintiffs, Defendants, and the Court.

To be clear, my purpose is not to litigate this issue in email. We will file an opposition to the motion in due course. I'm providing a high-level overview of our arguments because I understand that we need the Court to vacate its Order granting the motion in order for us to oppose it. We'd appreciate the Court doing that at its earlies opportunity. We also respectfully suggest that the Court could, and should, deny the motion outright since it fails to comply with the Local Rules on its face. But we will address that in our forthcoming opposition if the Court prefers.

Best,
DC


**DAVID D. CROSS**
**CHAIR OF ANTITRUST LITIGATION PRACTICE**
Partner | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-8795
mofo.com | LinkedIn | Twitter

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.