# EXHIBIT B

Fulton County Superior Court
***EFILED***AC
Date: 7/2/2021 11:42 AM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**GARLAND FAVORITO, MICHAEL SCUPIN,**
**TREVOR TERRIS, SEAN DRAIME,**
**CAROLINE JEFFORDS, STACEY DORAN,**
**CHRISTOPHER PECK, ROBIN SOTIR and**
**BRANDI TAYLOR,**
     **PETITIONERS,**

**v.**

**ALEX WAN, VERNETTA KEITH**
**NURIDDIN, KATHLEEN RUTH,**
**AARON JOHNSON, AND**
**MARK WINGATE,**
**in their individual capacities,**
     **RESPONDENTS.**

**CIVIL ACTION NO.: 2020CV-343938**

## 3rd AMENDMENT TO PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW, PETITIONERS GARLAND FAVORITO, MICHAEL SCUPIN, TREVOR TERRIS, SEAN DRAIME, STACEY DORAN, CHRISTOPHER PECK, and BRANDI TAYLOR (hereafter The Favorito Petitioners), by and through their attorneys of record, and file their 3rd amendment to petition for declaratory and injunctive relief pursuant to Ga. Code Ann. § 9-4-1 et seq. and Ga. Code Ann. § 9-11-65, as follows:

### THE PARTIES

1.

Garland Favorito is a resident of Fulton County, Georgia and was an elector who was entitled to vote, and who voted in the November 3, 2020 General Election and whose vote was not counted in the Official Statement of Votes Cast or the published hand count audit results or the recount results.

2.

Michael Scupin is a resident of Hall County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

3.

Trevor Terris is a resident of Fulton County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

4.

Sean Draime is a resident of Upson County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

5.

Stacey Doran is a resident of Whitfield County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

6.

Christopher Peck is a resident of Fulton County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

7.

Brandi Taylor is a resident of Fannin County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election.

8.

Respondent Alex Wan is named in his individual capacity and he may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

9.

Respondent Vernetta Keith Nuriddin is named in her individual capacity and may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

10.

Respondent Kathleen Ruth is named in her individual capacity and she may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

11.

Respondent Aaron Johnson is named in his individual capacity and may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

12.

Respondent Mark Wingate is named in his individual capacity and he may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

13.

The Respondents are the current members of the Fulton County Board of Elections and the Fulton County Elections Director.

## JURISDICTION AND VENUE

14.

Jurisdiction is proper in this Court pursuant to Ga. Code Ann. § 9-4-2 as the Respondents and the absentee ballots are located within Fulton County, Georgia.

15.

Venue is proper before this Court because the Respondents reside in Fulton County, Georgia and the absentee ballots are located within Fulton County, Georgia.

## FACTUAL BACKGROUND

16.

The Favorito Petitioners aver that Garland Favorito was a Fulton County tabulation observer for the 11/03/2020 General Election.

17.

The Favorito Petitioners aver that while Garland Favorito was performing the function of a Fulton County tabulation observer he detected an abnormal 20,000 vote increase for Joe Biden's vote tabulation and an apparent abnormal reduction in Donald J. Trump's vote tabulation (Exhibit "A").

18.

The Favorito Petitioners aver that the same day Garland Favorito detected the vote tabulation abnormalities he notified the Fulton County Director of the Elections, the Fulton County Elections Board, and the Fulton County attorney and made an Open Records Request for the interim upload results (Exhibit "B").

19.

The Favorito Petitioners aver that Garland Favorito's Open Records Request never received a response from any of these individuals.

20.

The Favorito Petitioners aver that Robin Hall observed three (3) boxes of 100% Biden ballots while performing as a hand count audit monitor on November 14th (Exhibit "C").

21.

The Favorito Petitioners aver that Judy Aube observed three (3) boxes of 98% + Biden ballots while performing as a hand count audit monitor on November 14th (Exhibit "D").

22.

The Favorito Petitioners aver that Susan Voyles personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect absentee ballots were not creased (Exhibit "E").

23.

The Favorito Petitioners aver that Susan Voyles personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect ballots were not marked with a writing instrument but appeared to be marked with toner (Exhibit "E").

24.

The Favorito Petitioners aver that Susan Voyles personally observed as a hand count auditor what she believes may be fraudulent or fabricated absentee ballots because the suspect ballots were different in the stock or paper used (Exhibit "E").

25.

The Favorito Petitioners aver that Barbara Hartman personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect absentee ballots were not creased (Exhibit "F").

26.

The Favorito Petitioners aver that Barbara Hartman personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect ballots were not marked with a writing instrument but appeared to be marked with toner (Exhibit "F").

27.

The Favorito Petitioners aver that Barbara Hartman personally observed as a hand count auditor what she believes may be fraudulent or fabricated absentee ballots because the suspect ballots were different in the stock or paper used (Exhibit "F").

28.

The Favorito Petitioners aver that Dr. Sonia Francis-Rolle personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect absentee ballots were not creased (Exhibit "G").

29.

The Favorito Petitioners aver that Dr. Sonia Francis-Rolle personally observed as a hand count auditor what she believes are fraudulent or fabricated absentee ballots because the suspect

ballots were not marked with a writing instrument but appeared to be marked with toner (Exhibit "G").

30.

The Favorito Petitioners aver that Dr. Sonia Francis-Sonia Rolle personally observed as a hand count auditor what she believes may be fraudulent or fabricated absentee ballots because the suspect ballots were different in the stock or paper used (Exhibit "G").

31.

The Favorito Petitioners aver that Gordon Rolle personally observed as a hand count auditor what he believes are fraudulent or fabricated absentee ballots because the suspect absentee ballots were not creased (Exhibit "H").

32.

The Favorito Petitioners aver that Gordon Rolle personally observed as a hand count auditor what he believes are fraudulent or fabricated absentee ballots because the suspect ballots were not marked with a writing instrument but appeared to be marked with toner (Exhibit "H").

33.

The Favorito Petitioners aver that Gordon Rolle personally observed as a hand count auditor what he believes may be fraudulent or fabricated absentee ballots because the suspect ballots were different in the stock or paper used (Exhibit "H").

34.

The Favorito Petitioners aver that Garland Favorito filed an Open Records Request to inspect the absentee ballots while in the custody of the Fulton County Elections Board (Exhibit "I").

35.

The Favorito Petitioners aver that Garland Favorito's Open Records Request was not responded to in accordance and contrary to state law.

36.

The Favorito Petitioners aver that Bridget Thorne participated in ballot testing on live ballot stock for the November 3rd election and she determined that many test ballots were not secured (Exhibit "J").

37.

The Favorito Petitioners aver that David Cross witnessed up to nine unsecured ballot bags as a monitor for the recount of the November 3rd election (Exhibit "K").

38.

The Favorito Petitioners aver that the Respondents failed to ensure that the ballot processing center room center at the State Farm Arena 604 Suite Level Event Space 360 had full visibility so as to be in open view of the public, as required by state law. Ga. Code Ann. § 21-2-408; Ga. Code Ann. § 21-2-483 (b).

39.

The Favorito Petitioners aver that a ballot processing center at the State Farm Arena 604 Suite Level Event Space 360 was curved and would not allow an observer to complete view all aspects of ballot processing, as required by Ga. Code Ann. § 21-2-408; Ga. Code Ann. § 21-2-483 (b)

40.

The Favorito Petitioners aver that at or about 6:07 a.m. on 11/03/2020 a "water main break" was reported and the Supervisor delayed starting the mail-in ballot processing for approximately two (2) hours (Exhibits "L" and "M").

41.

The Favorito Petitioners aver that at or about 8:21 a.m. on 11/03/2020 a skirted table is brought into the tabulating center room which obstructed observers view as to what was under the skirted table contrary to Ga. Code Ann. 21-2-483 (b). (Exhibits "L" and "M").

42.

The Favorito Petitioners aver that at or about 9:30 a.m. on 11/03/2020 ballot processing begins and continues throughout the day (Exhibits "L" and "M").

43.

The Favorito Petitioners aver that at or about 9:57 p.m. on 11/03/2020 a Supervisor announces to the media and observers that ballot processing will cease for the night (Exhibits "L" and "M").

44.

The Favorito Petitioners aver that when ballot processing ceased after 9:57 p.m. on 11/03/2020 the observers and a Fox5 reporter remained on site until about 10:56 p.m. (Exhibits "L" and "M").

45.

The Favorito Petitioners aver that four (4) ballot processors remained after the observers and Fox5 reporter depart at or about 10:56 p.m. (Exhibits "L" and "M").

46.

The Favorito Petitioners aver that at or about 11:02 p.m. on 11/03/2020 one (1) ballot processor pulls a case of ballots from under the skirted table (Exhibits "L" and "M").

47.

The Favorito Petitioners aver that at or about 11:03 p.m. on 11/03/2020 another ballot processor pulls a second case of ballots from under the skirted table (Exhibits "L" and "M").

48.

The Favorito Petitioners aver that at or about 11:04 p.m. on 11/03/2020 another ballot processor pulls a third case of ballots from under the skirted table (Exhibits "L" and "M").

49.

The Favorito Petitioners aver that by 11:11 p.m. on 11/03/2020 the ballot processors are illegally scanning ballots onto memory cards contrary to Ga. Code Ann. 21-2-483 (b), 21-2-492 and 21-2-493 (Exhibits "L" and "M").

50.

The Favorito Petitioners aver that this illegal ballot processing continued until or about 12:51 a.m. on 11/04/2020 (Exhibits "L" and "M").

51.

The Favorito Petitioners aver that five (5) scanners were used for the illegal ballot processing and that each DR-G2140 or comparable scanner has the capacity to scan 3,000 ballots per hour.

52.

The Favorito Petitioners aver that at or about 1:34 a.m. on 11/04/2020 Biden received approximately a 136,155 vote increase that erodes Trump's lead (Exhibit "N").

53.

The Favorito Petitioners aver that there was a similar occurrence in Michigan at or about 5:31 a.m. on 11/04/2020 (Exhibit "O").

54.

The Favorito Petitioners aver that there was a similar occurrence in Wisconsin at or about 3:42 a.m. on 11/04/2020 (Exhibit "P").

55.

The Favorito Petitioners aver that there was a similar occurrence in Pennsylvania at or about 4:55 a.m. on 11/04/2020 (Exhibit "Q").

56.

The Favorito Petitioners aver that the observers returned to the State Farm Arena at or about 1:41 a.m. on 11/04/2020 after learning that ballot processing had continued in their absence (Exhibits "L" and "M").

57.

The Favorito Petitioners aver that Susan Voyles testified about her election fraud concerns before a Georgia Senate Committee on December 3rd, 2020 (Exhibit "L").

58.

The Favorito Petitioners aver that Susan Voyles testified about her election fraud concerns before a Georgia House Committee on December 10th, 2020 (Exhibit "M").

59.

The Favorito Petitioners aver that Bridget Thorne testified about her election fraud concerns before the Georgia House Committee on Governmental Affairs on December 10th, 2020 (Exhibit "L")

60.

The Favorito Petitioners aver that Bridget Thorne received a written request from Fulton County to train poll workers on or about August 21st, 2020 (Exhibit "T").

61.

The Favorito Petitioners aver that Bridget Thorne received a termination notice for her poll manager services from Fulton County Elections on December 17th, 2020 (Exhibit "S").

62.

The Favorito Petitioners aver that Susan Voyles received a termination notice for her poll manager services from Fulton County Elections on December 17th, 2020 (Exhibit "R").

63.

The Favorito Petitioners aver that on December 18th the Secretary of State condemned the "political firing" of Voyles and Thorne stating that it was a "retribution against whistleblowers" that "poses a threat to the continued strength and vibrancy of our democracy" (Exhibit "U").

64.

The Favorito Petitioners aver that the Respondents had a duty to investigate the election fraud concerns raised by Susan Voyles in accordance with their oath to "prevent any fraud, deceit or abuse" in carrying out an election under Ga. Code Ann. § 21-2-70.

65.

The Favorito Petitioners aver that the Respondents had a duty to investigate the election fraud concerns raised by Bridget Thorne in accordance with their oath to "prevent any fraud, deceit or abuse" in carrying out an election under Ga. Code Ann. § 21-2-70.

66.

The Favorito Petitioners aver that the Respondents had a duty under Ga. Code Ann. § 21-2-408 to not tell poll watchers that ballot processing was stopping for the night and then proceed to process ballots.

67.

The Favorito Petitioners aver that the Respondents had a duty to give notice to the observers before resuming the ballot processing pursuant to Ga. Code Ann. § 21-2-492 and Ga. Code Ann. § 21-2-493.

68.

The Favorito Petitioners aver that the Respondents had several agents that were under the authority of the Respondents to assist in implementing the Georgia Election Code and the rules and regulations of the State Election Board for the 2020 General Election.

69.

The Favorito Petitioners aver that the Respondents negligently supervised their agents.

70.

The Favorito Petitioners aver that the Respondents breached their duty owed to the Favorito Petitioners by failing to properly implement the provisions of the Georgia Election Code.

71.

The Favorito Petitioners aver that the Respondents breached their duty owed to the Favorito Petitioners by failing to properly supervise implementation of the provisions of the Georgia Election Code.

72.

The Favorito Petitioners aver that the duty owed to the Favorito Petitioners was ministerial in nature because it was created by state law and the State Election Board rules and regulations.

73.

The Favorito Petitioners aver that the Respondents failure to properly implement and supervise the application of the Georgia Election Code and Georgia State Election Board rules and regulations is not discretionary in nature.

74.

The Favorito Petitioners aver that the breach of this duty was the proximate cause of the Favorito Petitioners' injuries.

75.

The Favorito Petitioners aver that the breach of this duty was also the direct cause of the Favorito Petitioners' injuries.

76.

The Favorito Petitioners aver that if the Court finds the complained of acts are discretionary acts, that the Respondents intended to do wrong by violating state law when they failed to implement or properly supervise implementation of the Georgia Election Code and the State Elections Board's rules and regulations.

77.

The Favorito Petitioners aver that Garland Favorito cast his vote for qualified Constitution Party of Georgia statewide write-in candidate Don Blankenship.

78.

The Favorito Petitioners aver that Mr. Favorito's vote for write-in candidate Don Blankenship is not shown in the official statement of votes cast.

79.

The Favorito Petitioners aver that the official statement of votes cast contain write-in votes only for candidates Loren Collins and Gloria LaRiva.

80.

The Favorito Petitioners aver that totals for individual write-in candidates were not computed during the county's official hand count audit held on November 14th and 15th.

81.

The Favorito Petitioners aver that the computerized recount completed on or about December 4th did not declare any further votes for qualified write in candidates not shown in the official statement of votes cast.

82.

The Favorito Petitioners have a justiciable and actual case or controversy concerning the weight and value given to their votes during elections, because of the debasement and dilution of the value and weight of their votes by the insertion of counterfeit ballots during future elections in which they will participate.

83.

The Favorito Petitioners aver that this action is adverse. The Favorito Petitioners represent their interest in contending that they have a fundamental right to have their votes counted and given the same and equal weight as the votes of other electors in any future elections. The Respondents can adequately represent their interest in defending against the Favorito Petitioners' contentions.

84.

The Favorito Petitioners also contend that the Parties can adequately represent these interests.

85.

The Favorito Petitioners are currently uncertain as to their fundamental right to have their votes given the same and equal weight of other electors, and not be debased or diluted in future elections in which they would participate.

86.

The Favorito Petitioners aver that the declaration will resolve the current case or controversy, because it will provide guidance on the uncertainty of their fundamental right to have their votes counted and weighed and not debased or diluted by counterfeit ballots in future elections in which they would participate.

87.

The Favorito Petitioners aver that the insertion of counterfeit ballots into an election result is tantamount to and has the same effect on the weight and value of their votes as does ballot stuffing, which makes them uncertain in the participation in future elections.

88.

The Favorito Petitioners aver that future elections will be conducted on a regular basis within Fulton County, Georgia and the State of Georgia, and that the continued insertion of counterfeit ballots would debase and dilute the weight and value of these The Favorito Petitioners' votes in those future elections.

89.

The Favorito Petitioners hereby incorporate by reference Exhibits "A" through "U" of the notice of filing that was filed into the record on 12/23/2020 as if re-stated herein verbatim.

## COUNT I: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION CLAIM (SAME COUNTY)

90.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 89 of this 3rd Amendment to Petition as set forth herein verbatim.

91.

The Constitution of the State of Georgia provides, "Protection and property is the paramount duty of government and shall be impartial and complete. "No person shall be denied the equal protection of the laws." Ga. Const. art. I, § I, para. II.

92.

Under Georgia's Equal Protection Clause, "the government is required to treat similarly situated individuals in a similar manner." State v. Jackson, 271 Ga. 5 (1999), Favorito v. Handel, 285 Ga. 795, 798 (2009) (citation and quotations omitted).

93.

This requires abiding by the process enacted by the Georgia General Assembly and State Elections Board, by applying a uniform procedure throughout the county to conduct ballot processing.

94.

Respondents, jointly and severally, failed to implement and ensure such uniform procedure for the visibility and transparency.

95.

Respondents, jointly and severally, failed to ensure their agents implemented the uniform treatment of absentee ballots within the county.

96.

The failure to perform ballot processing in accordance with state law created two (2) classes that had two (2) different standards applied to their absentee votes.

97.

Electors who had their ballots processed at times and at places in other parts of the county had state law applied to their ballot processing.

98.

Electors who had their ballots processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020 did not have state law applied to their ballot processing.

99.

Georgia voters were treated differently depending on when and where their ballots were processed.

100.

An elector in one part of the county would not have his or her ballot treated in a similar manner as a ballot being processed in another part of the county.

101.

Electors in the same county would not have their ballots treated in a similar manner as ballots processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

102.

Electors in the same precinct would not have their ballots treated in a similar manner as those votes processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

103.

Respondents, jointly and severally, failed to apply uniform procedures for treating similarly situated electors similarly within the county.

104.

Respondents' systemic failure to provide for uniformity across the county is a direct and flagrant violation of the Constitution of the State of Georgia.

105.

As a result, there is a substantial likelihood that fraudulent or fabricated ballots were introduced into the ballot processing at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

## COUNT II: DECLARATORY JUDGMENT FOR VIOLATION OF STATE DUE PROCESS CLAIM (SAME COUNTY)

106.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 105 of this 3rd Amendment to Petition as set forth herein verbatim.

107.

Pursuant to the Constitution of the State of Georgia, "No person shall be deprived of life, liberty, or property except by due process of law." Ga. Const. art'. I, § I, para. I.

108.

Moreover, "all citizens of the United States, resident in this state, are hereby declared citizens of this state; and it shall be the duty of the General Assembly to enact such laws as will protect them in the full enjoyment of the rights, privileges, and immunities due to such citizenship." Ga. Const. art. I, § 1, para. VII.

109.

The right to vote is a fundamental right and the right to have his vote treated equally with all other voters in the state.

110.

The implementation or failure to implement the Georgia Election Code by the Respondents and their agents is state action.

111.

When a fundamental right is allegedly infringed by government action, substantive due process requires that the infringement be narrowly tailored to serve a compelling state interest. Old S. Duck Tours v. Mayor & Aldermen of City of Savannah, 272 Ga. 869, 872, 535 S.E.2d 751, 754 (2000).

112.

By failing to abide by state law when conducting ballot processing, the Respondents diluted the votes of qualified Georgia electors.

113.

By allowing illegal ballot processing, the Respondents, by and through their own misconduct or the negligent supervision of their agents, allowed the disenfranchisement of qualified Georgia electors.

114.

Respondents, jointly and severally, violated the Due Process protections of qualified Georgia Electors guaranteed by the Georgia State Constitution.

115.

As a result, there is a substantial likelihood that fraudulent or fabricated ballots were introduced into the ballot processing at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

## COUNT III: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION CLAIM (WITHIN STATE)

116.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 115 of this Petition as set forth herein verbatim.

117.

The Constitution of the State of Georgia provides, "Protection and property is the paramount duty of government and shall be impartial and complete. "No person shall be denied

Page **15** of **27**

the equal protection of the laws." Ga. Const. art. I, § I, para. II.

118.

Under Georgia's Equal Protection Clause, "the government is required to treat similarly situated individuals in a similar manner." State v. Jackson, 271 Ga. 5 (1999), Favorito v. Handel, 285 Ga. 795, 798 (2009) (citation and quotations omitted).

119.

This requires abiding by the process enacted by the Georgia General Assembly and State Elections Board, by applying a uniform procedure throughout the state to conduct ballot processing.

120.

Respondents, jointly and severally, failed to implement and ensure such uniform procedure for the visibility and transparency.

121.

Respondents, jointly and severally, failed to ensure their agents implemented the uniform treatment of absentee ballots within the state.

122.

The failure to perform ballot processing in accordance with state law created two (2) classes that had two (2) different standards applied to their absentee votes.

123.

Electors who had their ballots processed at times and at places in other parts of the state had state law applied to their ballot processing.

124.

Electors who had their ballots processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020 did not have state law applied to their ballot processing.

125.

Georgia voters were treated differently depending on when and where their ballots were processed.

126.

An elector in one part of the state would not have his or her ballot treated in a similar manner as a voter in other parts of the state.

Page **16** of **27**

127.

Electors in other parts of the state would not have their ballots treated in a similar manner as ballots processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

128.

Electors in the same precinct or same county would not have their ballots treated in a similar manner as those votes processed at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

129.

Respondents, jointly and severally, failed to apply uniform procedures for treating similarly situated electors similarly within the state.

130.

Respondents' systemic failure to provide for uniformity across the county is a direct and flagrant violation of the Constitution of the State of Georgia.

131.

As a result, there is a substantial likelihood that fraudulent or fabricated ballots were introduced into the ballot processing at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

## COUNT IV: DECLARATORY JUDGMENT FOR VIOLATION OF STATE DUE PROCESS CLAIM (WITHIN STATE)

132.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1through 131 of this 3rd Amendment to Petition as set forth herein verbatim.

133.

Pursuant to the Constitution of the State of Georgia, "No person shall be deprived of life, liberty, or property except by due process of law." Ga. Const. art'. I, § I, para. I.

134.

Moreover, "all citizens of the United States, resident in this state, are hereby declared citizens of this state; and it shall be the duty of the General Assembly to enact such laws as will

protect them in the full enjoyment of the rights, privileges, and immunities due to such citizenship." Ga. Const. art. I, § 1, para. VII.

### 135.

The right to vote is a fundamental right and the right to have his vote treated equally with all other voters in the state.

### 136.

The implementation or failure to implement the Georgia Election Code by the Respondents and their agents is state action.

### 137.

When a fundamental right is allegedly infringed by government action, substantive due process requires that the infringement be narrowly tailored to serve a compelling state interest. Old S. Duck Tours v. Mayor & Aldermen of City of Savannah, 272 Ga. 869, 872, 535 S.E.2d 751, 754 (2000).

### 138.

By failing to abide by state law when conducting ballot processing, the Respondents diluted the votes of qualified Georgia electors.

### 139.

By allowing illegal ballot processing, the Respondents, by and through their own misconduct or the negligent supervision of their agents, allowed the disenfranchisement of qualified Georgia electors.

### 140.

Respondents, jointly and severally, violated the Due Process protections of qualified Georgia Electors guaranteed by the Georgia State Constitution.

### 141.

As a result, there is a substantial likelihood that fraudulent or fabricated ballots were introduced into the ballot processing at State Farm Arena 604 Suite Level Event Space 360 between 11:02 p.m. on 11/03/2020 and 12:51 a.m. on 11/04/2020.

## COUNT V: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION CLAIM (THIRD PARTY)

142.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 141 of this 3rd Amendment to Petition as set forth herein verbatim.

143.

The failure to perform ballot processing in accordance with state law created two (2) classes that had two (2) different standards applied to their votes.

144.

Electors who had cast their ballots for some third party candidates did not have their votes counted or recounted.

145.

Georgia voters were treated differently depending on which third party candidate they voted for in the November 3, 2020 General Election.

146.

An elector casting a ballot for certain third party candidates had their votes counted and recounted.

147.

Respondents, jointly and severally, failed to apply uniform procedures for treating similarly situated electors the same when it came to counting and recounting third party candidate ballots.

148.

Respondents' systemic failure to provide for uniformity across the county is a direct and flagrant violation of the Constitution of the State of Georgia.

## COUNT VI: DECLARATORY JUDGMENT FOR VIOLATION OF STATE DUE PROCESS CLAIM (THIRD PARTY)

149.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 148 of this 3rd Amendment to Petition as set forth herein verbatim.

150.

The right to vote is a fundamental right and the right to have his vote treated equally with all other voters in the state and county.

151.

The implementation or failure to implement the Georgia Election Code by the Respondents and their agents is state action.

152.

When a fundamental right is allegedly infringed by government action, substantive due process requires that the infringement be narrowly tailored to serve a compelling state interest. Old S. Duck Tours v. Mayor & Aldermen of City of Savannah, 272 Ga. 869, 872, 535 S.E.2d 751, 754 (2000).

153.

By failing to abide by state law when conducting ballot processing, the Respondents disenfranchised qualified Georgia electors.

154.

By not counting and recounting certain ballots, the Respondents, by and through their own misconduct or the negligent supervision of their agents, allowed the disenfranchisement of qualified Georgia electors.

155.

Respondents, jointly and severally, violated the Due Process protections of qualified Georgia Electors guaranteed by the Georgia State Constitution.

## COUNT VII: TEMPORARY INJUNCTION

156.

The Favorito Petitioners incorporate by reference and re-alleges paragraphs 1 through 155 of this 3rd Amendment to Petition as set forth herein verbatim.

157.

In the absence of a temporary restraining order, the Favorito Petitioners will suffer irreparable harm for which there is no adequate remedy at law, while injunctive relief will cause no harm to Respondents because if the suspect ballots are lost or tampered with it would undermine election integrity.

158.

Immediate and irreparable injury, loss, or damage will result to the Favorito Petitioners if the requested injunctive relief is not granted, because immediate access to the suspect ballots will improve the confidence in the state's election process and resolve skepticism about the validity of published election results.

159.

There will be immediate irreparable damage to the Citizens of Georgia through their loss of confidence in the integrity of the election process by virtue of the illegal votes included in the tabulations of the 2020 General Election, which outweighs any potential harm to Respondents.

160.

Granting the requested relief will not disserve the public interest.

161.

It is further in the public interest to grant the Favorito Petitioners' request for temporary injunctive relief, so that Georgia voters can have confidence that future elections are conducted in accordance with the Election Code.

162.

The Favorito Petitioners are entitled to the temporary injunctive relief sought herein, because there is a substantial likelihood of success on the merits.

163.

The damage to the Favorito Petitioners is not readily compensable by money, and no other remedy at law exists.

164.

The balance of equities favors entry of a temporary restraining order and injunctive relief against Respondents, and would not be adverse to any legitimate public interest.

165.

The Favorito Petitioners seek to have the Court maintain custody and control over the suspect ballots pending an immediate visual inspection and forensic review of the suspect ballots.

## COUNT XI: PERMANENT INJUNCTION.

### 203.

The Favorito Petitioners incorporate by reference and re-alleges paragraphs 1 through 168 of this 3rd Amendment to Petition as set forth herein verbatim.

### 204.

In the absence of a permanent injunction, the Favorito Petitioners will suffer irreparable harm for which there is no adequate remedy at law, while injunctive relief will cause no harm to Respondents because if the Respondents are allowed to continue to receive and count counterfeit ballots, it would undermine election integrity and debase and dilute the Favorito Petitioners' votes in future elections.

### 205.

Immediate and irreparable injury, loss, or damage will result to the Favorito Petitioners if the requested permanent injunctive relief is not granted, because if the Respondents are allowed to continue to receive and count counterfeit ballots, it would undermine election integrity and debase and dilute the Favorito Petitioners' votes in future elections.

### 206.

There will be immediate irreparable damage to the Favorito Petitioners through their loss of confidence in the integrity of the election process and the debasement and dilution of their votes by virtue of the counterfeit ballots included in the tabulations of the 2020 General Election and future elections, which outweighs any potential harm to Respondents.

### 207.

Granting the requested relief will not disserve the public interest.

### 208.

It is further in the public interest to grant the Favorito Petitioners' request for permanent injunctive relief, so that the Favorito Petitioners have confidence in future elections.

### 209.

The Favorito Petitioners are entitled to the permanent injunctive relief sought herein, because there is a substantial likelihood of success on the merits.

### 210.

The damage to the Favorito Petitioners is not readily compensable by money, and no other remedy at law exists.

211.

The balance of equities favors entry of a permanent injunction and injunctive relief against the Respondents and would not be adverse to any legitimate public interest.

212.

The Favorito Petitioners seek to have the Court enjoin and prohibit the Respondents from counting counterfeit ballots in future elections.

## COUNT XII: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND STATE DUE PROCESS CLAIMS: AUDIT ERRORS

213.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 212 of this 3rd Amendment to Petition as set forth herein verbatim.

214.

The Favorito Petitioners aver that about 923 of the 1539 mail-in ballot batch files contained votes incorrectly reported in official Fulton County November 3rd, 2020 results due to discrepancies in votes for Donald Trump, Joe Biden, and total votes cast compared to reported audit totals for their respective batches.

## COUNT XIII: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND STATE DUE PROCESS CLAIMS: FALSE AUDIT REPORTING

215.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 214 of this 3rd Amendment to Petition as set forth herein verbatim.

216.

The Favorito Petitioners aver that 7 batches of Fulton County mail-in ballots containing a total of about 554 votes for Joe Biden, 140 votes for Donald Trump, and 11 votes for Jo Jorgenson were falsely reported in the hand count audit as having a total of 850 votes for Joe Biden, 0 votes for Donald Trump, and 0 votes for Jo Jorgenson.

## COUNT XIV: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND DUE PROCESS CLAIMS: AUDIT RESULTS WITHOUT BALLOTS

217.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 216 of this 3rd Amendment to Petition as set forth herein verbatim.

218.

The Favorito Petitioners aver that Fulton County failed to include over 50,000 tally sheets when the results were originally published for the full hand count audit conducted by the office of the Secretary of State for the November 3rd, 2020 election, and these tally sheets continued to be missing until on or about February 24th 2021.

## COUNT XV: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND STATE DUE PROCESS CLAIMS: BALLOTS UNREPORTED IN AUDIT RESULTS

219.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1through 148 of this 3rd Amendment to Petition as set forth herein verbatim.

220.

The Favorito Petitioners aver that over 200 Fulton County mail-in ballots containing votes were not included in the hand count audit results for the November 3rd election.

## COUNT XVI: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND STATE DUE PROCESS CLAIMS: DUPLICATE VOTES IN AUDIT RESULTS

221.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 220 of this 3rd Amendment to Petition as set forth herein verbatim.

222.

The Favorito Petitioners aver that there are about 36 batches of mail-in ballots that contain about 4,255 total extra votes redundantly added into the Fulton County audit results for

the November 3rd election, including about 3,390 extra votes for Joe Biden, 865 extra votes for Donald Trump, and 43 extra votes for Jo Jorgenson.

## COUNT XVII: DECLARATORY JUDGMENT FOR VIOLATION OF STATE EQUAL PROTECTION AND STATE DUE PROCESS CLAIMS: MISSING CHAIN OF CUSTODY FORMS

223.

The Favorito Petitioners incorporate by reference and re-allege paragraphs 1 through 222 of this 3rd Amendment to Petition as set forth herein verbatim.

224.

The Favorito Petitioners aver that Fulton County did not provide drop box transfer forms for at least three (3) pickup days, and the forms are needed to provide chain of custody proof for about 5,000 ballots.

WHEREFORE, THE FAVORITO PETITIONERS pray:

a). that process **ISSUES** and service by **EFFECTUATED**;

b). that the Court **CONDUCTS** an evidentiary hearing on the temporary injunction;

c). that the Court **DECLARES** that the Respondents have violated the state equal protection clause;

d). that the Court **DECLARES** that the Respondents have violated the state due process clause;

e). that the Court **DECLARES** that the Respondents' state equal protection rights will be violated in future elections by the counting of counterfeit ballots;

f). that the Court **DECLARES** that the Respondents' state due process rights will be violated in future elections by the counting of counterfeit ballots;

g). that the Court **DECLARES** that the Respondents' state equal protection and state due process rights will be violated in future elections by the unconstitutional practices enumerated in Counts XII through XVII;

h). that the Court **ISSUES** a temporary injunction preventing the removal or tampering with all paper ballots;

i). that the Court **ORDERS** the Respondents to allow the Favorito Petitioners and

Page **25** of **27**

their representatives immediate access to all mail-in paper ballots from the November 3, 2020 General Election for visual inspection;

j). that the Court **ORDERS** that the Respondents to allow the Favorito Petitioners and their representatives to immediately scan all mail-in paper ballots from the November 3, 2020 General Election for technical inspection and validation;

k). that the Court **ORDERS** the Respondents to produce the existing Dominion ballot images and election reports from the November 3, 2020 General Election for technical inspection and validation;

l). that the Court **GRANTS** the Favorito Petitioners attorney fees for having to prosecute this civil action; **AND**

m). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the 2nd day of July, 2021.

**MADDOX & HARDING, LLC**

Todd A. Harding, For the Firm
Ga. Bar No.: 101562
Attorney for The Favorito Petitioners

Maddox & Harding, LLC
Attorneys at Law
113 E. Solomon Street
Griffin, GA. 30223
770-229-4578
770-228-9111 facsimile

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

GARLAND FAVORITO, MICHAEL SCUPIN,
TREVOR TERRIS, SEAN DRAIME,
CAROLINE JEFFORDS, STACEY DORAN,
CHRISTOPHER PECK, ROBIN SOTIR,
and BRANDI TAYLOR,
     PETITIONERS,

v.
                          CIVIL ACTION NO.: 2020CV343938

ALEX WAN, VERNETTA KEITH
NURIDDIN, KATHLEEN RUTH,
AARON JOHNSON, AND
MARK WINGATE,
in their individual capacities,
     RESPONDENTS.

## CERTIFICATE OF SERVICE

**COME NOW, THE FAVORITO PETITIONERS**, notifies the Court that they have served a copy of **PETITIONERS FAVORITO, SCUPIN, TERRIS, DRAIME, DORAN, PECK, AND TAYLOR'S 3rd AMENDMENT TO PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF** via email to the contacts listed in the Odyssey Automated service system.

Respectfully submitted this the 2nd day of July, 2021.

MADDOX & HARDING, LLC

Todd A. Harding, For the Firm
Ga. Bar No. 101562
Attorney for Favorito Petitioners

Maddox & Harding, LLC
Attorneys at Law
113 E. Solomon Street
Griffin, GA 30223
(770) 229-4578
(770) 228-9111 facsimile

IN THE SUPERIOR COURT OF SPALDING COUNTY
STATE OF GEORGIA

Garland Favorito,
    Contestant,

v.

CIVIL ACTION NO.: 22V-0527

Diane Hallman, Carol G. Durrance, Joseph A. Boatright,
Angela Hendricks, Todd Blackwell, Banks County
Board of Registrations and Elections, Barrow County
Board of Registrations and Elections, Barry B. Greene,
Ben Hill County Board of Registrations and Elections,
Christina S. Allen, Bibb County Board of Registrations
and Elections, Jonathan Fordham, Cassie R. Lee, Kathy
Shiver, Bryan County Board of Registrations and Elections,
Lorna Deloach, Ashley Moore, Jr., Butts County Board of
Registrations and Elections, Annie D. Holder, Camden County
Board of Registration and Elections, Tony Thompson,
Carol County Board of Registrations and Elections,
Catoosa County Board of Registrations and Elections,
Cheryl McMillan, Chatham County Board of Registrations
and Elections, James Mc Glaun, Gary Woods,
Cherokee County Board of Registrations and Elections,
Clarke County Board of Registrations and Elections,
Clay Bagwell, Clayton County Board of Registrations and Elections,
Clinch County Board of Registrations and Elections,
Cobb County Board of Registrations and Elections,
Beverly Johns, Wes J. Lewis, Alice W. Padgett, L. Chase
Daughtrey, Coweta County Board of Registrations and Elections,
Crawford County Board of Registrations and Elections,
Crisp County Board of Registrations and Elections,
Kerri Carter, Probate Judge, Dawson County Board of Registrations
and Elections, Decatur County Board of Registrations and
Elections, Dekalb County Board of Registrations and Elections,
Al McCranie, Dooly County Board of Registrations and Elections,
Dougherty County Board of Registrations and Elections,
Douglas County Board of Registrations and Elections,
Early County Board of Registrations and Elections,
Echols County Board of Registrations and Elections,
Effingham County Board of Registrations and
Elections, Stephanie Hewell, Don E. Wilkes, Darin McCoy,
Fannin County Board of Registrations and Elections,
Fayette County Board of Registrations and Elections,
Floyd County Board of Registrations and Elections,
Barbara Luth, Ken Eavenson, Fulton County

Board of Registrations and Elections, Scott Chastain,
John W. Pearson Jr., Glynn County Board of Registrations
and Elections, Gordon County Board of Registrations
and Elections, Denise Maddox, Greene County
Board of Registrations and Elections, Gwinnett County
Board of Registrations and Elections, Habersham County
Board of Registration and Elections, Hall County
Board of Registrations and Elections, Hancock County
Board of Registration and Elections, Haralson County
Board of Registrations and Elections, Thomas Lakes,
Hart County Board of Registrations and Elections,
Heard County Board of Registrations and Elections,
Henry County Board of Registrations and Elections,
Houston County Board of Registrations and Elections,
Irwin County Board of Registrations and Elections,
Jackson County Board of Registrations and Elections,
Jasper County Board of Registrations and Elections,
Paul McNeal, Probate Judge, Jefferson County
Board of Registrations and Elections, Wanda Burke,
Jennifer Morris, Louis J. Patterson, Lamar County
Board of Registrations and Elections, Lanier County
Board of Registrations and Elections, Genola Jackson,
Melanie Gahring, Liberty County Board of Registrations
and Elections, Lee D. Moss, Teresa L. Odum, Lowndes
County Board of Registrations and Elections, Lumpkin
County Board of Registrations and Elections, Macon
County Board of Registrations and Elections, Madison
County Board of Registrations and Elections, Heather Stuart,
Valerie Burley, Sabrina Lamar, B. Shawn Rhodes,
Joshua L. Suggs, Mitchell County Board of Registrations
and Elections, Donna Robins, Rubie Nell Sanders,
Connie Holt, John Waters, Marc. E. DAntonio,
Newton County Board of Registrations and Elections,
Oconee County Board of Registrations and Elections,
Oglethorpe County Board of Registrations and Elections,
Paulding County Board of Registrations and Elections,
Peach County Board of Registrations and Elections,
David W. Lindsey, Moye Howard, Ginny W. Blakeney,
Polk County Board of Registrations and Elections,
Pulaski County Board of Registrations and Elections,
Putnam County Board of Registrations and Elections,
Larry Matthew Self, Rabun County Board of Registration
and Elections, Tony C. Thompson, Richmond County
Board of Registrations and Elections, Rockdale County
Board of Registrations and Elections, Mitzi E. Way,
Debbie Brown, Michael Jon Rogerson, Spalding County

Board of Registrations and Elections, Stephens County
Board of Registrations and Elections, Stewart County
Board of Registrations and Elections, Sumter County
Board of Registrations and Elections, Shatara Powell,
Clarris C. Stephens, Gloria Dubberly, Dianne C. Renfroe,
Diane Walker, Terrell County Board of Registration and
Elections, Thomas County Board of Registrations and
Elections, Suzanne Carter Johnson, Toombs County
Board of Registrations and Elections, Towns County
Board of Registrations and Elections, Treutlen County
Board of Registrations and Elections, Debbie Wade,
Penny E. Thomas, Twiggs County Board of Registrations
and Elections, Union County Board of Registrations and
Elections, Upson County Board of Registrations and Elections,
Walker County Board of Registrations and Elections,
Walton County Board of Registrations and Elections,
Ware County Board of Registrations and Elections,
Jeremy Rachels, Washington County Board of Registrations
and Elections, Tammy K. Thornton, Jimmy Bankston,
Roy O. Braswell, Jr., White County Board of Registrations
and Elections, Whitfield County Board of Registrations
and Elections, B. Shawn Rhodes, Joe Thomas Charping,
Lisa V. Dykes, Worth County Board of Registrations
and Elections, All As County Elections Superintendents,
     Defendants.

## VERIFIED PETITION FOR ELECTION CONTEST

**COMES NOW, THE CONTESTANT,** by and through his attorney of record, and files

this verified petition for election contest pursuant to Ga. Code Ann. §21-2-520 et. seq., as

follows.

## PARTIES, JURISDICTION, VENUE, AND STATUTORY REQUIREMENTS

1.

The Contestant avers that Georgia Superior Courts have jurisdiction in all cases

except as otherwise provided in the Georgia Constitution, Article VI, Section IV,

paragraph 1.

2.

The Contestant avers that Ga. Code Ann. §21-2-521 authorizes a voter contest of

a statewide primary election. The statute states, "the election of any person who is

declared elected to any such office…may be contested by any person who was a candidate at such primary or election for such nomination or office, or by any aggrieved elector who was entitled to vote for such person…".

3.

The Contestant avers that Ga. Code Ann. § 21-2-522 allows for an election contest on one or more of the following grounds: "(1) Misconduct, fraud, or irregularity by any primary or election official or officials sufficient to change or place in doubt the result;… (4) For any error in counting the votes or declaring the result of the primary or election, if such error would change the result;".

4.

The Contestant avers that he desires to contest the result of the statewide Republican primary for the Secretary of State election held on 05/24/2022.

5.

The Contestant avers that this verified petition for election contest was timely filed pursuant to Ga. Code Ann. § 21-2-522 and the primary election that is contested has not been properly certified.

## JURISDICTION AND VENUE

6.

The Contestant avers that the Spalding County Superior Court has jurisdiction and venue because one of the Defendant primarily resides or is located in Spalding, County Georgia pursuant to Ga. Code Ann. § 21-2-523.

## PARTIES

7.

The Contestant avers that Contestant Garland Favorito is an elector, eligible voter and taxpayer residing in Fulton County and was entitled to and did cast a ballot in the statewide Republican primary for the Secretary of State election held on 05/24/2022.

8.

The Contestant is an aggrieved elector who believes the statewide Republican primary for the Secretary of State election held on 05/24/2022 had many irregularities.

9.

The Contestant avers that Defendant Diane Hallman, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Appling County on 05/24/2022 and may be personally served at: 83 South Oak Street, Baxley, Georgia 31513.

10.

The Contestant avers that Defendant Carol G. Durrance, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Atkinson County on 05/24/2022 and may be personally served at: 664 Austen Avenue East Pearson, Georgia 31642.

11.

The Contestant avers that Defendant Joseph A. Boatright, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bacon County on 05/24/2022 and may be personally served at: 232 West 12th Street, Alma, Georgia, 31510.

12.

The Contestant avers that Defendant Angela Hendricks, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Baker County on 05/24/2022 and may be personally served at: 167 Baker Place, Newton, Georgia 39870.

13.

The Contestant avers that Defendant Todd Blackwell, Probate Judge was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Baldwin County on 05/24/2022 and may be personally served at: 121 North Wilkinson Street Suite 109, Milledgeville, Georgia 31061.

14.

The Contestant avers that Defendant Banks County Board of Registrations and Elections was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Banks County on 05/24/2022 and may be personally served at: Lynda Garrison, Chairman, 226 Candler Street, Homer, Georgia, 30547.

15.

The Contestant avers that Defendant Barrow County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Barrow County on 05/24/2022 and may be personally served at: Charlie Lord, Chairman, 233 E. Broad Street, Winder, Georgia 30680.

16.

The Contestant avers that Barry B. Greene, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bartow County on 05/24/2022 and may be personally served at: 1300 Joe Frank Harris Parkway, Cartersville, Georgia 30120.

17.

The Contestant avers that Defendant Ben Hill County Board of Registrations and Elections was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Ben Hill County on 05/24/2022 and may be personally served at: David Walker, Chairman, 602 South Grant Street, Fitzgerald, Georgia 31750.

18.

The Contestant avers that Christina S. Allen, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Berrian County on 05/24/2022 and may be personally served at: 201 North Davis Street, Nashville, Georgia 31639.

19.

The Contestant avers that Defendant Bibb County Board of Registrations and Elections was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bibb County on 05/24/2022 and may be personally served at: Mike Kaplan, Chairman, 2525 Pio Nono Avenue Suite 1200, Macon, Georgia 31206.

20.

The Contestant avers that Jonathan Fordham, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bleckley County on 05/24/2022 and may be personally served at: 112 North Second St., Courthouse/ Probate Court, Cochran, Georgia 31014.

21.

The Contestant avers that Defendant Cassie R. Lee, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Brantley County on 05/24/2022 and may be personally served at: 234 Brantley Street, Nahunta, Georgia 31553-0326

22.

The Contestant avers that Defendant Kathy Shiver, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Brooks County on 05/24/2022 and may be personally served at: 610 South Highland Road, Quitman, Georgia 31643-0665.

23.

The Contestant avers that Defendant Bryan County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bryan County on 05/24/2022 and may be personally served at: Tom Hand, Chairman, 151 South College St, Pembroke, Georgia 31321.

24.

The Contestant avers that Defendant Lorna Deloach, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Bulloch County on 05/24/2022 and may be personally served at: 113 North Main Street, Suite 201, Bulloch County Annex, Statesboro, Georgia 30458.

25.

The Contestant avers that Defendant Ashley Moore, Jr., Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Burke County on 05/24/2022 and may be personally served at: 602 North Liberty Street, Waynesboro, Georgia 30830.

26.

The Contestant avers that Defendant Butts County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Butts County on 05/24/2022 and may be personally served at: Larry Drake, Chairman, 625 West Third Street, Jackson, Georgia 30233.

27.

The Contestant avers that Defendant Annie D. Holder, Probate Judge was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Calhoun County on 05/24/2022 and may be personally served at: 31 Court Street, Suite E, Morgan, Georgia, 39866.

28.

The Contestant avers that Defendant Camden County Board of Registration and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Camden County on 05/24/2022 and may be personally served at: Kyle Rapp, Chairman, 200 East 4th Street, Woodbine, Georgia 31569.

29.

The Contestant avers that Defendant Tony Thompson, Probate Judge was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Candler County on 05/24/2022 and may be personally served at: 1075 East Hiawatha Street, Suite A, Metter, Georgia, 30439.

30.

The Contestant avers that Defendant Carol County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Carroll County on 05/24/2022 and may be personally served at: James "Pete" Gamble, Chairman, 432 College Street, Room 301, Carrolton, Georgia 30112.

31.

The Contestant avers that Defendant Catoosa County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Catoosa County on 05/24/2022 and may be personally served at: Rickey Kittle, Chairman, 5238 Evitt Street, Ringgold, Georgia 30736.

32.

The Contestant avers that Defendant Cheryl McMillan, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Charlton County on 05/24/2022 and may be personally served at: 1520 Third Street, Suite C, Folkston, Ga 31537-8961.

33.

The Contestant avers that Defendant Chatham County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Chatham County on 05/24/2022 and may be personally served at: Colin McRae, Chairman, 1117 Eisenhower Drive, Suite F, Savannah, Georgia 31406.

34.

The Contestant avers that Defendant James McGlaun, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Chattahoochee County on 05/24/2022 and may be personally served at: 377 Broad Street, Cusseta, Georgia 31805.

35.

The Contestant avers that Defendant Gary Woods, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Chattooga County on 05/24/2022 and may be personally served at: 10035 Commerce St., Summerville, Georgia 30747.

36.

The Contestant avers that Defendant Cherokee County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Cherokee County on 05/24/2022 and may be personally served at: Alan Shinall, Chairman, 2782 Marietta Highway, Suite 100, Canton, Georgia 30114.

37.

The Contestant avers that Defendant Clarke County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Clarke County on 05/24/2022 and may be personally served at: Rocky Raffle, Chairman, 155 East Washington, Street, Athens, Georgia 30601.

38.

The Contestant avers that Defendant Clay Bagwell, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Clay County on 05/24/2022 and may be personally served at: 210 South Washington Street, Suite 1, Fort Gaines, Georgia 39851.

39.

The Contestant avers that Defendant Clayton County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Clayton County on 05/24/2022 and may be personally served at: Darlene Johnson, Chairman 121 South McDonough Street, Jonesboro, Georgia 30236.

40.

The Contestant avers that Defendant Clinch County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Clinch County on 05/24/2022 and may be personally served at: Lorraine Burkhalter, Chairman, 25 Court Square, Suite A, Homerville, Georgia 31634.

41.

The Contestant avers that Defendant Cobb County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Cobb County on 05/24/2022 and may be personally served at: Tori Silas, Chairman, 736 Whitlock Avenue NW, Suite 400, Marietta, Georgia 30064.

42.

The Contestant avers that Defendant Beverly Johns, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Coffee County on 05/24/2022 and may be personally served at: 224 West Ashley Street, Douglas, Georgia 31533.

43.

The Contestant avers that Defendant Wes J. Lewis, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Colquitt County on 05/24/2022 and may be personally served at: 101 East Central Avenue, Moultrie, Georgia 31768.

44.

The Contestant avers that Defendant Alice W. Padgett, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Columbia County on 05/24/2022 and may be personally served at: 500 Faircloth Drive, Building E, Evans, Georgia 30809-0919.

45.

The Contestant avers that Defendant L. Chase Daughtrey, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Cook, County on 05/24/2022 and may be personally served at: 1200 South Hutchinson Avenue, Adel, Georgia 31620.

46.

The Contestant avers that Defendant Coweta County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Coweta County on 05/24/2022 and may be personally served at: Mae Reeves, Chairman, 22 East Broad Street, Newnan, Georgia 30263.

47.

The Contestant avers that Defendant Crawford County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Crawford County on 05/24/2022 and may be personally served at: Linda Stokes, Chairman, 640 Georgia Highway 128, Roberta, Georgia 31078.

48.

The Contestant avers that Defendant Crisp County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Crisp County on 05/24/2022 and may be personally served at: Harriet Sheffield, Chairman, 210 South 7th Street 103, Cordele, Georgia 31015.

49.

The Contestant avers that Defendant Kerri Carter, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dade County on 05/24/2022 and may be personally served at: 71 Case Avenue, Trenton, Georgia 30752-0152.

50.

The Contestant avers that Defendant Jennifer Burt, Probate Judge, Dawson County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dawson County on 05/24/2022 and may be personally served at:  96 Academy Avenue, Dawsonville, Georgia 30534.

51.

The Contestant avers that Defendant Decatur County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Decatur County on 05/24/2022 and may be personally served at: Keith Sellars, Chairman, 122 West Water Street, Bainbridge, Georgia 39817.

52.

The Contestant avers that Defendant Dekalb County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dekalb County on 05/24/2022 and may be personally served at: Dele Lowman, Chairman 4380 Memorial Drive, Suite 300, Decatur, Georgia 30032.

53.

The Contestant avers that Defendant Al McCranie, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dodge County on 05/24/2022 and may be personally served at: 643 Pearl Bates Avenue, Eastman, Georgia 31023.

54.

The Contestant avers that Defendant Dooly County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dooly County on 05/24/2022 and may be personally served at: Betty Bryant, Chairman, 402 Hawkinsville Road, Vienna, Georgia 31092.

55.

The Contestant avers that Defendant Dougherty County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Dougherty County on 05/24/2022 and may be personally served at: Frederick Williams, Chairman, 222 Pine Avenue, Suite 220, Albany, Georgia 31702-1827.

56.

The Contestant avers that Defendant Douglas County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Douglas County on 05/24/2022 and may be personally served at: Myesha Good, Chairman 8700 Hospital Drive, Douglasville, Georgia 30134-2264.

57.

The Contestant avers that Defendant Early County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Early County on 05/24/2022 and may be personally served at: Joshua C. Storey, Chairman, 17 McDonald Avenue, Blakely, Georgia 39823.

58.

The Contestant avers that Defendant Carlos L. Rodgers Jr., Chief Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Echols County on 05/24/2022 and may be personally served at: 110 Highway 94 East, Statenville, Georgia 31648.

59.

The Contestant avers that Defendant Effingham County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Effingham County on 05/24/2022 and may be personally served at: Tommy Allen, Chairman, 284 Georgia Highway 119 South, Springfield, Georgia, 31329.

60.

The Contestant avers that Defendant Stephanie Hewell, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Elbert County on 05/24/2022 and may be personally served at: 45 Forest Avenue, Elberton, Georgia 30653.

61.

The Contestant avers that Defendant Don E. Wilkes, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Emanuel County on 05/24/2022 and may be personally served at: 105 South Main Street, Swainsboro, Georgia 30401.

62.

The Contestant avers that Defendant Darin McCoy, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Evans County on 05/24/2022 and may be personally served at: 201 Freeman Street- Suite 9, Claxton, Georgia 30417.

63.

The Contestant avers that Defendant Fannin County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Fannin County on 05/24/2022 and may be personally served at: Sonia Smith, Chairman, 400 West Main Street, Suite 301, Blueridge, Georgia 30513-8593.

64.

The Contestant avers that Defendant Fayette County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Fayette County on 05/24/2022 and may be personally served at: Aaron Wright, Chairman, 400 West Main Street, Suite 208, Fayetteville, Georgia 30214.

65.

The Contestant avers that Defendant Floyd County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Floyd County on 05/24/2022 and may be personally served at: Jerry Lee, Chairman, 18 East 12th Street, Rome, Georgia 30161-9313.

66.

The Contestant avers that Defendant Barbara Luth, Superior Court Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Forsyth County on 05/24/2022 and may be personally served at: 1201 Sawnee Drive, Cumming, Georgia 30040.

67.

The Contestant avers that Defendant Ken Eavenson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Franklin County on 05/24/2022 and may be personally served at: 7850 Royston Road, Carnesville, Georgia 30521.

68.

The Contestant avers that Defendant Fulton County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Fulton County on 05/24/2022 and may be personally served at: Cathy Woolard, Chairman, 130 Peachtree Street, SW, Suite 2186, Atlanta, Georgia 30303-3460.

69.

The Contestant avers that Defendant Scott Chastain, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Gilmer County on 05/24/2022 and may be personally served at: 1 Broad Street, Suite 204, Ellijay, Georgia 30540.

70.

The Contestant avers that Defendant John W. Pearson Jr., Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Glascock County on 05/24/2022 and may be personally served at: 62 East Main Street, Gibson, Georgia 30810.

71.

The Contestant avers that Defendant Glynn County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Glynn County on 05/24/2022 and may be personally served at: Patricia Featherstone, Chairman, 1815 Gloucester Street, Brunswick, Georgia 31520.

72.

The Contestant avers that Defendant Gordon County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Gordon County on 05/24/2022 and may be personally served at: Shea Hicks, Chairman, 408 Court Street, Calhoun, Georgia 30701.

73.

The Contestant avers that Defendant Denise Maddox, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Grady County on 05/24/2022 and may be personally served at: 250 North Broad Street, Suite 1, Cairo, Georgia 39828.

74.

The Contestant avers that Defendant Greene County Board of Registrars and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Greene County on 05/24/2022 and may be personally served at: Ted Baker, Chairman, Suite 120, Greensboro, Georgia 30642.

75.

The Contestant avers that Defendant Gwinnett County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Gwinnett County on 05/24/2022 and may be personally served at: Alice O'Lenick, Chairman, 455 Grayson Highway 200, Lawrenceville, Georgia 30046.

76.

The Contestant avers that Defendant Habersham County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Habersham County on 05/24/2022 and may be personally served at: Paul Cordella, Chairman, 130 Jacob's Way, Suite 101, Clarkesville, Georgia 30523.

77.

The Contestant avers that Defendant Hall County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Hall County on 05/24/2022 and may be personally served at: Dr. Tom Smiley, Chairman, 2875 Browns Ridge Road Gainesville, Georgia 30504.

78.

The Contestant avers that Defendant Hancock County Board of Registration and Elections was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Hancock County on 05/24/2022 and may be personally served at: James Culver, Chairman, 10571 Highway 15 North, Sparta, Georgia 30113.

79.

The Contestant avers that Defendant J. Edward Hulsey Jr., Probate Judge, Haralson County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Haralson County on 05/24/2022 and may be personally served at: 4485 Georgia Highway 120, Buchanan, Georgia 30113.

80.

The Contestant avers that Defendant Thomas Lakes, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Harris County on 05/24/2022 and may be personally served at: 757 Carver Circle, Hamilton, Georgia 31811.

81.

The Contestant avers that Defendant Hart County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Hart County on 05/24/2022 and may be personally served at: Garry Hamilton, Chairman, 182 Cade Street, Suite B, Hartwell, Georgia 30643.

82.

The Contestant avers that Defendant Heard County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Heard County on 05/24/2022 and may be personally served at: Jane D. Barker, Chairman, 215 East Court Square, Franklin, Georgia 30217.

83.

The Contestant avers that Defendant Henry County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Henry County on 05/24/2022 and may be personally served at: Donna Crumbley, Chairman, 40 Atlanta Street, McDonough, Georgia 30253.

84.

The Contestant avers that Defendant Houston County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Houston County on 05/24/2022 and may be personally served at: Sherman Falana, Chairman, 2030 Kings Chapel Road, Perry, Georgia 31069-0945.

85.

The Contestant avers that Defendant Ronnie L. McCurdy, Probate Judge, Irwin County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Irwin County on 05/24/2022 and may be personally served at: 507 North Irwin Avenue C, Ocilla, Georgia 31774.

86.

The Contestant avers that Defendant Jackson County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jackson County on 05/24/2022 and may be personally served at: Eric Crawford, Chairman, 441 Gordon Street, Jefferson, Georgia 30549.

87.

The Contestant avers that Defendant Andrea W. Brown, Probate Judge, Jasper County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jasper County on 05/24/2022 and may be personally served at: 126 West Greene Street Suite 111, Monticello, Georgia 31064.

88.

The Contestant avers that Defendant Paul McNeal, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jeff Davis County on 05/24/2022 and may be personally served at: Jeff Davis Street, Hazlehurst, Georgia 31539.

89.

The Contestant avers that Defendant Jefferson County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jefferson County on 05/24/2022 and may be personally served at: Carolyn Huntley, Chairman, 415 Green Street, Louisville, Georgia 30434.

90.

The Contestant avers that Defendant Wanda Burke, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jenkins County on 05/24/2022 and may be personally served at: 611 East Winthrop Avenue, Millen, Georgia 30442-0904.

91.

The Contestant avers that Defendant Jennifer Morris, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Johnson County on 05/24/2022 and may be personally served at: 2484 West Elm Street, Wrightsville, Georgia 31096.

92.

The Contestant avers that Defendant Louis J. Patterson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Jones County on 05/24/2022 and may be personally served at: Government Center, Gray, Georgia 31032.

93.

The Contestant avers that Defendant Lamar County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lamar County on 05/24/2022 and may be personally served at: Bill Christopher, Chairman, 408 Thomaston Street, Suite D, Barnesville, Georgia 30204.

94.

The Contestant avers that Defendant Lanier County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lanier County on 05/24/2022 and may be personally served at: Amy Griffin, Chairman, 162 West Thigpen Avenue, Suite C, Lakeland, Georgia 31635.

95.

The Contestant avers that Defendant Genola Jackson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Laurens County on 05/24/2022 and may be personally served at: 101 North Jefferson Street, Dublin, Georgia 31040.

96.

The Contestant avers that Defendant Melanie Gahring, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lee County on 05/24/2022 and may be personally served at: 100 Leslie Highway, Leesburg, Georgia 31763-0326.

97.

The Contestant avers that Defendant Liberty County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Liberty County on 05/24/2022 and may be personally served at: John McIver, Chairman, 100 Main Street, Suite 1600, Hinesville, Georgia 31313.

98.

The Contestant avers that Defendant Lee D. Moss, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lincoln County on 05/24/2022 and may be personally served at: 160 May Avenue, Lincolnton, Georgia 30817.

99.

The Contestant avers that Defendant Teresa L. Odum, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Long County on 05/24/2022 and may be personally served at: 75 West Academy Street, Ludowici, Georgia 31316.

100.

The Contestant avers that Defendant Lowndes County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lowndes County on 05/24/2022 and may be personally served at: Ray Corbett, Chairman, 2808 North Oak Street, Valdosta, Georgia 31604.

101.

The Contestant avers that Defendant Lumpkin County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Lumpkin County on 05/24/2022 and may be personally served at: Ashley Peck, Chairman, 56 Short Street, Dahlonega, Georgia 30533.

102.

The Contestant avers that Defendant Macon County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Macon County on 05/24/2022 and may be personally served at: Tarshea F. Riley, Chairman, 100 Macon Street, P.O. Box 415, Oglethorpe, Georgia 31068.

103.

The Contestant avers that Defendant Madison County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Madison County on 05/24/2022 and may be personally served at: Tracy Dean, Chairman, 94 Spring Lake Drive, Danielsville, Georgia 30633.

104.

The Contestant avers that Defendant Heather Stuart, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Marion County on 05/24/2022 and may be personally served at: 100 Burkhalter Avenue, Buena Vista, Georgia 31803-0444.

105.

The Contestant avers that Defendant Valerie Burley, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in McDuffie County on 05/24/2022 and may be personally served at: 337 Main Street, Suite 101, Thomson, Georgia 30824-0600.

106.

The Contestant avers that Defendant Sabrina Lamar, Probate Judge was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in McIntosh County on 05/24/2022 and may be personally served at: 103 Jefferson Street, Darien, Georgia 31305-0571.

107.

The Contestant avers that Defendant Shawn Rhodes, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Meriwether County on 05/24/2022 and may be personally served at: 137 South Court Square, Greenville, Georgia 30222.

108.

The Contestant avers that Defendant Joshua L. Suggs, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Miller County on 05/24/2022 and may be personally served at: 155 South 1st Street, Suite, 110, Colquitt, Georgia 39837.

109.

The Contestant avers that Defendant Mitchell County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Mitchell County on 05/24/2022 and may be personally served at: Gustine Hayward, Chairman, 32 Court Avenue, Camilla, Georgia 31730.

110.

The Contestant avers that Defendant Donna Robins, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Monroe County on 05/24/2022 and may be personally served at: 38 West Main Street, Forsyth, Georgia 31029.

111.

The Contestant avers that Defendant Rubie Nell Sanders, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Montgomery County on 05/24/2022 and may be personally served at: 400 South Railroad Avenue, Mount Vernon, Georgia 31029.

112.

The Contestant avers that Defendant Connie Holt, Chief Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Morgan County on 05/24/2022 and may be personally served at: 237 North 2nd Street, Madison, Georgia 30650.

113.

The Contestant avers that Defendant John Waters, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Murray County on 05/24/2022 and may be personally served at: 121 North 4th Avenue, P.O. Box 1015, Madison, Georgia 30650.

114.

The Contestant avers that Defendant Marc. E. DAntonio, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Muscogee County on 05/24/2022 and may be personally served at: 3111 Citizens Way, Columbus, Georgia 31907.

115.

The Contestant avers that Defendant Newton County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Newton County on 05/24/2022 and may be personally served at: Phil Johnson, Chairman, 1113 Usher Street, Suite 103, Covington, Georgia 30014.

116.

The Contestant avers that Defendant Oconee County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Oconee County on 05/24/2022 and may be personally served at: Rebecca Anglin, Chairman, 10 Court Street, Watkinsville, Georgia 30677.

117.

The Contestant avers that Defendant Oglethorpe County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Oglethorpe County on 05/24/2022 and may be personally served at: Beverly Nation, Chairman, 41 Fairground Road, Lexington, Georgia 30648.

118.

The Contestant avers that Defendant Paulding County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Paulding County on 05/24/2022 and may be personally served at: Peggy Wills, Chairman, 240 Constitution Boulevard, 1st Floor, Dallas, Georgia, 30132.

119.

The Contestant avers that Defendant Peach County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Peach County on 05/24/2022 and may be personally served at: Elizabeth White, Chairman, 205 West Church Suite 102, Fort Valley, Georgia 31030-0853.

120.

The Contestant avers that Defendant David W. Lindsey, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Pickens County on 05/24/2022 and may be personally served at: 83 Pioneer Road, Jasper, Georgia 30143.

121.

The Contestant avers that Defendant Moye Howard, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Pierce County on 05/24/2022 and may be personally served at: 312 Nichols Street, Suite 2, Blackshear, Georgia 31516.

122.

The Contestant avers that Defendant Ginny W. Blakeney, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Pike County on 05/24/2022 and may be personally served at: 81 Jackson Street, Zebulon, Georgia 30295.

123.

The Contestant avers that Defendant Polk County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Polk County on 05/24/2022 and may be personally served at: Richard Long, Sr., Chairman, 144 West Avenue D. Cedartown, Georgia 30125.

124.

The Contestant avers that Defendant Pulaski County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Pulaski County on 05/24/2022 and may be personally served at: Gail Bembry, Chairman, 45 South 1375, Hawkinsville, Georgia 31036.

125.

The Contestant avers that Defendant Putnam County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Putnam County on 05/24/2022 and may be personally served at: Charles B. Patten, Chairman, 117 Putnam Drive, Suite D., Eatonton, Georgia 31024.

126.

The Contestant avers that Defendant Larry Matthew Self, Probate Judge was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Quitman County on 05/24/2022 and may be personally served at: 46 Old School Road, Georgetown, Georgia 39854.

127.

The Contestant avers that Defendant Rabun County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Rabun County on 05/24/2022 and may be personally served at: Roy Lovell, Chairman, 184 S. Main Street, Suite 102, Clayton, Georgia 30525.

128.

The Contestant avers that Defendant Tony C. Thompson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Randolph County on 05/24/2022 and may be personally served at: 93 Front Street, Cuthbert, Georgia, 39840.

129.

The Contestant avers that Defendant Richmond County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Richmond County on 05/24/2022 and may be personally served at: Tim McFalls, Chairman, 535 Telfair Street Suite 500, Augusta, Georgia 30901.

130.

The Contestant avers that Defendant Rockdale County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Rockdale County on 05/24/2022 and may be personally served at: Rev. Aldren Sadler, 1115 West Avenue SW, Conyers, Georgia 30012.

131.

The Contestant avers that Defendant Mitzi E. Way, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Schley County on 05/24/2022 and may be personally served at: 47 North Pecan Street, Ellaville, Georgia 31806.

132.

The Contestant avers that Defendant Debbie Brown, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Screven County on 05/24/2022 and may be personally served at: 216 Mims Road Rm 107, Sylvania, Georgia 30467.

133.

The Contestant avers that Defendant Michael Jon Rogerson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Seminole County on 05/24/2022 and may be personally served at: 200 South Knox Avenue, Donalsonville, Georgia 39845.

134.

The Contestant avers that Defendant Spalding County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Spalding County on 05/24/2022 and may be personally served at: Ben Johnson, Chairman, 825 Memorial Drive, Griffin, Georgia 30224.

135.

The Contestant avers that Defendant Stephens County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Stephens County on 05/24/2022 and may be personally served at: Sean Black, Chairman, 12 West Tugalo Street, Toccoa, Georgia 30577.

136.

The Contestant avers that Defendant Stewart County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Stewart County on 05/24/2022 and may be personally served at: Larry Westbrook, Chairman, 1764 Broad Street, Lumpkin, Georgia 31815.

137.

The Contestant avers that Defendant Sumter County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Sumter County on 05/24/2022 and may be personally served at: Dr. Shirley Latimore, Chairman, 500 West Lamar Street, Suite 140, Americus, Georgia 31709-1263.

138.

The Contestant avers that Defendant Shatara Powell, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Talbot County on 05/24/2022 and may be personally served at: 1761 Geneva Highway, Talbotton, Georgia 31827.

139.

The Contestant avers that Defendant Clarris C. Stephens, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Taliaferro County on 05/24/2022 and may be personally served at: 113 Monument Street, Crawfordville, Georgia 30631.

140.

The Contestant avers that Defendant Gloria Dubberly, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Tattnall County on 05/24/2022 and may be personally served at: 114 West Brazell Street, Reidsville, Georgia 30453-1098.

141.

The Contestant avers that Defendant Dianne C. Renfroe, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Taylor County on 05/24/2022 and may be personally served at: 1B Ivy Street, Butler, Georgia 31006.

142.

The Contestant avers that Defendant Diane Walker, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Telfair County on 05/24/2022 and may be personally served at: 19 E. Oak Street Suite A, Helena, Georgia 31055.

143.

The Contestant avers that Defendant Terrell County Board of Registration and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Terrell County on 05/24/2022 and may be personally served at: Francis Jordan, Chairman, 955 Forrester Drive, SE, Dawson, Georgia 39842.

144.

The Contestant avers that Defendant Thomas County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Thomas County on 05/24/2022 and may be personally served at: Linda Solana, Chairman, 1402 East Jackson Street, Thomasville, Georgia 31792.

145.

The Contestant avers that Defendant Suzanne Carter Johnson, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Tift County on 05/24/2022 and may be personally served at: 222 Chestnutt Avenue Building B, Tifton, Georgia 31794.

146.

The Contestant avers that Defendant Toombs County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Toombs County on 05/24/2022 and may be personally served at: Hoyt S. Pittman, Chairman, Jr., 125 West Lincoln Avenue, Lyons, Georgia 30436-1370.

147.

The Contestant avers that Defendant Towns County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Towns County on 05/24/2022 and may be personally served at: Dr. Janet Oliva, Chairman, 67 Lakeview Circle Suite A, Hiawassee, Georgia 30546.

148.

The Contestant avers that Defendant Tiffany McLendon, Probate/Magistrate Judge, Treutlen County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Treutlen County on 05/24/2022 and may be personally served at: Inez Miller, Chairman, 650 Second Street, Suite 101, Soperton, Georgia 30457.

149.

The Contestant avers that Defendant Debbie Wade, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Troup County on 05/24/2022 and may be personally served at: 100 Ridley Avenue, P.O. Box 1705, Lagrange, Georgia 30240.

150.

The Contestant avers that Defendant Penny E. Thomas, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Turner County on 05/24/2022 and may be personally served at: 1807 U.S. Highway 41 North, Sycamore, Georgia 31790.

151.

The Contestant avers that Defendant Twiggs County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Twiggs County on 05/24/2022 and may be personally served at: La Chandria Bond, Chairman, 425 Railroad Street North, P.O. Box 130, Jeffersonville, Georgia 31044.

152.

The Contestant avers that Defendant Union County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Union County on 05/24/2022 and may be personally served at: Elizabeth (Libby)

Stevens, Chairman, 76 Hunt Martin Street, Suite 107, P.O. Box 1754, Blairsville, Georgia 30514.

153.

The Contestant avers that Defendant Upson County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Upson County on 05/24/2022 and may be personally served at: Robert E. Haney, Chairman, 305 South Hightower Street, Suite 130, Thomaston, Georgia 30286.

154.

The Contestant avers that Defendant Walker County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Walker County on 05/24/2022 and may be personally served at: Jim Buckner, Chairman, 103 South Duke Street 110, Lafayette, Georgia 30728.

155.

The Contestant avers that Defendant Walton County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Walton County on 05/24/2022 and may be personally served at: Lorilee Wood, Chairman, 1110 East Spring Street, Suite 100, Monroe, Georgia 30655.

156.

The Contestant avers that Defendant Ware County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Ware County on 05/24/2022 and may be personally served at: Clarence E. Billups, Chairman, 408 Tebeau Street, Waycross, Georgia 31501.

157.

The Contestant avers that Defendant Jeremy Rachels, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Warren County on 05/24/2022 and may be personally served at: 521 Main Street 104, Warrenton, Georgia, 30828.

158.

The Contestant avers that Defendant Washington County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Washington County on 05/24/2022 and may be personally served at: Cathy Lewis Hagans, Chairman, 150 Riddleville Road, Sandersville, Georgia 31082.

159.

The Contestant avers that Defendant Tammy K. Thornton, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Wayne County on 05/24/2022 and may be personally served at: 359 Walnut Street, Jesup, Georgia 31546.

160.

The Contestant avers that Defendant Jimmy Bankston, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Webster County on 05/24/2022 and may be personally served at: 6622 Cass Street, Preston, Georgia 31824-0029.

161.

The Contestant avers that Defendant Roy O. Braswell, Jr., Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Wheeler County on 05/24/2022 and may be personally served at: 16 West Forest Avenue Suite 101, Alamo, Georgia, 30411.

162.

The Contestant avers that Defendant White County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in White County on 05/24/2022 and may be personally served at: Dwayne Turner, Chairman, 1241 Helen Highway, Cleveland, Georgia, 30528.

163.

The Contestant avers that Defendant Whitfield County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Whitfield County on 05/24/2022 and may be personally served at: Steven "Sparky" Kelehear, Chairman, 205 North Selvidge Street, Suite K, Dalton, Georgia, 30720.

164.

The Contestant avers that Defendant B. Shawn Rhodes, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Wilcox County on 05/24/2022 and may be personally served at: 377 College Street, Abbeville, Georgia 31001.

165.

The Contestant avers that Defendant Joe Thomas Charping, Probate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Wilkes County on 05/24/2022 and may be personally served at: 23 Court Street Suite 422, Washington, Georgia 30673.

166.

The Contestant avers that Defendant Lisa V. Dykes, Probate/Magistrate Judge, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Wilkinson County on 05/24/2022 and may be personally served at: 100 Bacon Street, Suite 133, Irwinton, Georgia 31042.

167.

The Contestant avers that Defendant Worth County Board of Registrations and Elections, was the election superintendent for the statewide Republican primary for the Georgia Secretary of State held in Worth County on 05/24/2022 and may be personally served at: Pamela Peacock, Chairman, 201 N. Main Street Room 10, Sylvester, Georgia 31791.

**ULTIMATE ISSUE PRESENTED BY THE CONTROVERSY**

168.

Whether there is sufficient evidence to cast sufficient doubt on the election result of the statewide Republican primary for the Georgia Secretary of State held on 05/24/2022 based upon counting irregularities.

**COMMON OPERATIVE FACTS**

169.

The Contestant avers that Brad Raffensperger qualified as a Republican candidate for the Georgia Secretary of State office and ran in the May 24, 2022 Primary Election.

170.

The Contestant avers that Jody Hice qualified as a Republican candidate and ran for the Georgia Secretary of State office in the May 24, 2022 Primary Election.

171.

The Contestant avers that the Dominion voting system awarded Brad Raffensperger over

68% of the Republican Secretary of State Election Day votes in the Vinings 04 precinct.

172.

The Contestant avers that monitors of the ballots at a hand count audit in Cobb County on June 6, 2022 determined that Brad Raffensperger received about 53% of the votes they monitored on the actual Republican ballots cast on Election Day in the Vinings 04 precinct.

173.

The Contestant avers that the Dominion scanner and tabulator files used by the counties and their voting locations were centrally prepped for the May 24, 2022 primary under the jurisdiction of the Secretary of State and distributed to the counties.

174.

The Contestant avers that he submitted an Open Records Request to the Elections offices of all 159 Georgia counties on Election Night May 24, 2022 for a copy of the actual primary election ballots.

175.

The Contestant avers that no other 2022 primary race between candidates has been hand count audited except for the DeKalb District 2 Commission race.

176.

The Contestant avers that DeKalb District 2 Commission candidate Michelle Long Spears reported that she received no votes in the home precinct where she and her husband lived.

177.

The Contestant avers that after DeKalb County Elections received Mrs. Spears report, they attempted to perform a machine recount of the DeKalb District2 Commission race with the Dominion system.

178.

The Contestant avers that after the machine recount by the Dominion system failed to produce accurate results, the DeKalb County Board of Elections refused to certify the election results.

179.

The Contestant avers that after the machine recount failed to produce accurate results the DeKalb County District 2 Commission race, DeKalb Elections initiated a hand count audit of the race.

180.

The Contestant avers that the hand count audit of the DeKalb County District 2 Commission race found that the Dominion system had selected the wrong candidates to advance to a June 21 runoff.

181.

The Contestant avers that the hand count audit of the DeKalb County District 2 Commission race found that candidate Michelle Long Spears was shorted over 3,000 of the 4,000 votes which were cast for her.

182.

The Contestant avers that the hand count audit of the DeKalb County District 2 Commission race found that the Dominion voting system incorrectly attributed over 1,400 votes to candidate Marshall Orson for which there were no actual ballots cast for him.

183.

The Contestant avers that the hand count audit of the DeKalb County District 2 Commission race found that Dominion voting system failed to count over 1,800 votes for the candidates in that race.

184.

The Contestant avers that the hand count audit of the DeKalb County District 2 Commission race found that candidate Lauren Alexander's total votes reported for Advance Voting, Mail-in voting and Election Day voting were all incorrect.

185.

The Contestant avers that Fulton County election results for the School Board District 7 race showed Linda Arnold with 3,317 votes even though she was not a candidate on the ballot.

186.

The Contestant avers that DeKalb County Board of Elections refused to certify the results at their May 31 board meeting.

187.

The Contestant avers that the subsequent hand count conducted for the Dekalb County race produced significantly different results and a different outcome.

188.

The Contestant avers that there was a counting error in the votes cast for the

office in dispute and irregularities sufficient to place the result in doubt.

**WHEREFORE, THE CONTESTANT** prays:

   a). that process **ISSUES** and service be **EFFECTUATED**;

   b). that the Court **CONDUCTS** a trial by jury pursuant to Ga. Code Ann. § 21-2-526
   on all issues triable before a jury;

   c). that the Court **DECLARES** that the result of the 05/24/2022 statewide
   Republican primary election for Secretary of State is invalid, as a matter of law;

   e). that the Court **ORDERS** that a second election be had within forty-five (45) days
   of the entry of a final order;

   d). that the Court **ORDERS** the paper ballots for 05/24/2022 statewide
   Republican primary election for Secretary of State be **UNSEALED** so the
   Contestant may validate the vote count;

   e). that the Court **ORDERS** that the Defendants allow the Contestant and their
   representatives to immediately scan all paper ballots from the statewide
   Republican primary election for Secretary of State held on 05/24/2022 for
   technical inspection and validation; **AND**

   f). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the ____ day of June, 2022.

                              **HARDING LAW FIRM, LLC**


                              _____
                              Todd A. Harding, For the Firm
                              Ga. Bar No.: 101562
                              Attorney for Contestant

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

IN THE SUPERIOR COURT OF SPALDING COUNTY
STATE OF GEORGIA

Garland Favorito,
    Contestant,

v.

CIVIL ACTION NO.: 22V-0527

Diane Hallman, Carol G. Durrance, Joseph A. Boatright,
Angela Hendricks, Todd Blackwell, Banks County
Board of Registrations and Elections, Barrow County
Board of Registrations and Elections, Barry B. Greene,
Ben Hill County Board of Registrations and Elections,
Christina S. Allen, Bibb County Board of Registrations
and Elections, Jonathan Fordham, Cassie R. Lee, Kathy
Shiver, Bryan County Board of Registrations and Elections,
Lorna Deloach, Ashley Moore, Jr., Butts County Board of
Registrations and Elections, Annie D. Holder, Camden County
Board of Registration and Elections, Tony Thompson,
Carol County Board of Registrations and Elections,
Catoosa County Board of Registrations and Elections,
Cheryl McMillan, Chatham County Board of Registrations
and Elections, James Mc Glaun, Gary Woods,
Cherokee County Board of Registrations and Elections,
Clarke County Board of Registrations and Elections,
Clay Bagwell, Clayton County Board of Registrations and Elections,
Clinch County Board of Registrations and Elections,
Cobb County Board of Registrations and Elections,
Beverly Johns, Wes J. Lewis, Alice W. Padgett, L. Chase
Daughtrey, Coweta County Board of Registrations and Elections,
Crawford County Board of Registrations and Elections,
Crisp County Board of Registrations and Elections,
Kerri Carter, Probate Judge, Dawson County Board of Registrations
and Elections, Decatur County Board of Registrations and
Elections, Dekalb County Board of Registrations and Elections,
Al McCranie, Dooly County Board of Registrations and Elections,
Dougherty County Board of Registrations and Elections,
Douglas County Board of Registrations and Elections,
Early County Board of Registrations and Elections,
Echols County Board of Registrations and Elections,
Effingham County Board of Registrations and
Elections, Stephanie Hewell, Don E. Wilkes, Darin McCoy,
Fannin County Board of Registrations and Elections,
Fayette County Board of Registrations and Elections,
Floyd County Board of Registrations and Elections,
Barbara Luth, Ken Eavenson, Fulton County

Board of Registrations and Elections, Scott Chastain,
John W. Pearson Jr., Glynn County Board of Registrations
and Elections, Gordon County Board of Registrations
and Elections, Denise Maddox, Greene County
Board of Registrations and Elections, Gwinnett County
Board of Registrations and Elections, Habersham County
Board of Registration and Elections, Hall County
Board of Registrations and Elections, Hancock County
Board of Registration and Elections, Haralson County
Board of Registrations and Elections, Thomas Lakes,
Hart County Board of Registrations and Elections,
Heard County Board of Registrations and Elections,
Henry County Board of Registrations and Elections,
Houston County Board of Registrations and Elections,
Irwin County Board of Registrations and Elections,
Jackson County Board of Registrations and Elections,
Jasper County Board of Registrations and Elections,
Paul McNeal, Probate Judge, Jefferson County
Board of Registrations and Elections, Wanda Burke,
Jennifer Morris, Louis J. Patterson, Lamar County
Board of Registrations and Elections, Lanier County
Board of Registrations and Elections, Genola Jackson,
Melanie Gahring, Liberty County Board of Registrations
and Elections, Lee D. Moss, Teresa L. Odum, Lowndes
County Board of Registrations and Elections, Lumpkin
County Board of Registrations and Elections, Macon
County Board of Registrations and Elections, Madison
County Board of Registrations and Elections, Heather Stuart,
Valerie Burley, Sabrina Lamar, B. Shawn Rhodes,
Joshua L. Suggs, Mitchell County Board of Registrations
and Elections, Donna Robins, Rubie Nell Sanders,
Connie Holt, John Waters, Marc. E. DAntonio,
Newton County Board of Registrations and Elections,
Oconee County Board of Registrations and Elections,
Oglethorpe County Board of Registrations and Elections,
Paulding County Board of Registrations and Elections,
Peach County Board of Registrations and Elections,
David W. Lindsey, Moye Howard, Ginny W. Blakeney,
Polk County Board of Registrations and Elections,
Pulaski County Board of Registrations and Elections,
Putnam County Board of Registrations and Elections,
Larry Matthew Self, Rabun County Board of Registration
and Elections, Tony C. Thompson, Richmond County
Board of Registrations and Elections, Rockdale County
Board of Registrations and Elections, Mitzi E. Way,
Debbie Brown, Michael Jon Rogerson, Spalding County

Board of Registrations and Elections, Stephens County
Board of Registrations and Elections, Stewart County
Board of Registrations and Elections, Sumter County
Board of Registrations and Elections, Shatara Powell,
Clarris C. Stephens, Gloria Dubberly, Dianne C. Renfroe,
Diane Walker, Terrell County Board of Registration and
Elections, Thomas County Board of Registrations and
Elections, Suzanne Carter Johnson, Toombs County
Board of Registrations and Elections, Towns County
Board of Registrations and Elections, Treutlen County
Board of Registrations and Elections, Debbie Wade,
Penny E. Thomas, Twiggs County Board of Registrations
and Elections, Union County Board of Registrations and
Elections, Upson County Board of Registrations and Elections,
Walker County Board of Registrations and Elections,
Walton County Board of Registrations and Elections,
Ware County Board of Registrations and Elections,
Jeremy Rachels, Washington County Board of Registrations
and Elections, Tammy K. Thornton, Jimmy Bankston,
Roy O. Braswell, Jr., White County Board of Registrations
and Elections, Whitfield County Board of Registrations
and Elections, B. Shawn Rhodes, Joe Thomas Charping,
Lisa V. Dykes, Worth County Board of Registrations
and Elections, All As County Elections Superintendents,
     Defendants.

## CERTIFICATE OF SERVICE

    **COME NOW, THE CONTESTANT**, by and through their attorney of record, and certifies that a true and accurate copy of the **VERIFIED PETITION TO CONTEST ELECTION** has been served on the State Election Board by certified delivery, with Return Receipt Requested No.: 7011 0470 0003 7074 9103 pursuant to Ga. Code Ann. §21-2-524 (b), as follows:

    State Election Board
    2 MLK Jr. Drive
    Suite 802 Floyd West Tower
    Atlanta, GA 30334
    Respectfully submitted this the ____ day of June, 2022.

                    HARDING LAW FIRM, LLC

                    Todd A. Harding, For the Firm
                    Ga. Bar No.: 101562
                    Attorney for Contestant

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

IN THE SUPERIOR COURT OF SPALDING COUNTY
STATE OF GEORGIA

Garland Favorito,
    Contestant,

v.

CIVIL ACTION NO.: 22V-0527

Diane Hallman, Carol G. Durrance, Joseph A. Boatright,
Angela Hendricks, Todd Blackwell, Banks County
Board of Registrations and Elections, Barrow County
Board of Registrations and Elections, Barry B. Greene,
Ben Hill County Board of Registrations and Elections,
Christina S. Allen, Bibb County Board of Registrations
and Elections, Jonathan Fordham, Cassie R. Lee, Kathy
Shiver, Bryan County Board of Registrations and Elections,
Lorna Deloach, Ashley Moore, Jr., Butts County Board of
Registrations and Elections, Annie D. Holder, Camden County
Board of Registration and Elections, Tony Thompson,
Carol County Board of Registrations and Elections,
Catoosa County Board of Registrations and Elections,
Cheryl McMillan, Chatham County Board of Registrations
and Elections, James Mc Glaun, Gary Woods,
Cherokee County Board of Registrations and Elections,
Clarke County Board of Registrations and Elections,
Clay Bagwell, Clayton County Board of Registrations and Elections,
Clinch County Board of Registrations and Elections,
Cobb County Board of Registrations and Elections,
Beverly Johns, Wes J. Lewis, Alice W. Padgett, L. Chase
Daughtrey, Coweta County Board of Registrations and Elections,
Crawford County Board of Registrations and Elections,
Crisp County Board of Registrations and Elections,
Kerri Carter, Probate Judge, Dawson County Board of Registrations
and Elections, Decatur County Board of Registrations and
Elections, Dekalb County Board of Registrations and Elections,
Al McCranie, Dooly County Board of Registrations and Elections,
Dougherty County Board of Registrations and Elections,
Douglas County Board of Registrations and Elections,
Early County Board of Registrations and Elections,
Echols County Board of Registrations and Elections,
Effingham County Board of Registrations and
Elections, Stephanie Hewell, Don E. Wilkes, Darin McCoy,
Fannin County Board of Registrations and Elections,
Fayette County Board of Registrations and Elections,
Floyd County Board of Registrations and Elections,
Barbara Luth, Ken Eavenson, Fulton County

Page 38 of 40

Board of Registrations and Elections, Scott Chastain,
John W. Pearson Jr., Glynn County Board of Registrations
and Elections, Gordon County Board of Registrations
and Elections, Denise Maddox, Greene County
Board of Registrations and Elections, Gwinnett County
Board of Registrations and Elections, Habersham County
Board of Registration and Elections, Hall County
Board of Registrations and Elections, Hancock County
Board of Registration and Elections, Haralson County
Board of Registrations and Elections, Thomas Lakes,
Hart County Board of Registrations and Elections,
Heard County Board of Registrations and Elections,
Henry County Board of Registrations and Elections,
Houston County Board of Registrations and Elections,
Irwin County Board of Registrations and Elections,
Jackson County Board of Registrations and Elections,
Jasper County Board of Registrations and Elections,
Paul McNeal, Probate Judge, Jefferson County
Board of Registrations and Elections, Wanda Burke,
Jennifer Morris, Louis J. Patterson, Lamar County
Board of Registrations and Elections, Lanier County
Board of Registrations and Elections, Genola Jackson,
Melanie Gahring, Liberty County Board of Registrations
and Elections, Lee D. Moss, Teresa L. Odum, Lowndes
County Board of Registrations and Elections, Lumpkin
County Board of Registrations and Elections, Macon
County Board of Registrations and Elections, Madison
County Board of Registrations and Elections, Heather Stuart,
Valerie Burley, Sabrina Lamar, B. Shawn Rhodes,
Joshua L. Suggs, Mitchell County Board of Registrations
and Elections, Donna Robins, Rubie Nell Sanders,
Connie Holt, John Waters, Marc. E. DAntonio,
Newton County Board of Registrations and Elections,
Oconee County Board of Registrations and Elections,
Oglethorpe County Board of Registrations and Elections,
Paulding County Board of Registrations and Elections,
Peach County Board of Registrations and Elections,
David W. Lindsey, Moye Howard, Ginny W. Blakeney,
Polk County Board of Registrations and Elections,
Pulaski County Board of Registrations and Elections,
Putnam County Board of Registrations and Elections,
Larry Matthew Self, Rabun County Board of Registration
and Elections, Tony C. Thompson, Richmond County
Board of Registrations and Elections, Rockdale County
Board of Registrations and Elections, Mitzi E. Way,
Debbie Brown, Michael Jon Rogerson, Spalding County

Board of Registrations and Elections, Stephens County
Board of Registrations and Elections, Stewart County
Board of Registrations and Elections, Sumter County
Board of Registrations and Elections, Shatara Powell,
Clarris C. Stephens, Gloria Dubberly, Dianne C. Renfroe,
Diane Walker, Terrell County Board of Registration and
Elections, Thomas County Board of Registrations and
Elections, Suzanne Carter Johnson, Toombs County
Board of Registrations and Elections, Towns County
Board of Registrations and Elections, Treutlen County
Board of Registrations and Elections, Debbie Wade,
Penny E. Thomas, Twiggs County Board of Registrations
and Elections, Union County Board of Registrations and
Elections, Upson County Board of Registrations and Elections,
Walker County Board of Registrations and Elections,
Walton County Board of Registrations and Elections,
Ware County Board of Registrations and Elections,
Jeremy Rachels, Washington County Board of Registrations
and Elections, Tammy K. Thornton, Jimmy Bankston,
Roy O. Braswell, Jr., White County Board of Registrations
and Elections, Whitfield County Board of Registrations
and Elections, B. Shawn Rhodes, Joe Thomas Charping,
Lisa V. Dykes, Worth County Board of Registrations
and Elections, All As County Elections Superintendents,
    Defendants.

## CERTIFICATE OF SERVICE

**COME NOW, THE CONTESTANT**, by and through their attorney of record,

and certifies that a true and accurate copy of the **VERIFIED PETITION FOR**

**ELECTION CONTEST** has been served by certified delivery, with Return Receipt

Requested No.: 7011 0470 0003 7074 9110 upon:

    Christopher Carr, Attorney General
    40 Capitol Square, SW
    Atlanta, GA 30334
    Respectfully submitted this the ___ day of June, 2022.

                         **HARDING LAW FIRM, LLC**

                         Todd A. Harding, For the Firm
                         Ga. Bar No.: 101562
                         Attorney for Contestant

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

Fulton County Superior Court
***EFILED***LW
Date: 3/10/2022 1:30 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

DR. PAUL C. BROUN,
SHERI GILLIGAN, AND
VOTERGA,
      PETITIONERS,

v.

STATE OF GEORGIA,
      RESPONDENT.

CIVIL ACTION NO.:    2022CV361918

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

**COME NOW, THE PETITIONERS,** by and through their attorney of record, and file their petition for declaratory and injunctive relief pursuant to Ga. Code Ann. § 9-4-1 et seq. and Ga. Code Ann. § 9-11-65, as follows:

## THE PARTIES

1.

Petitioner U.S. Congressman Dr. Paul C. Broun is a resident of Oconee County, State of Georgia and is a registered elector who is entitled to vote within the State of Georgia.

2.

Petitioner Rep. Sheri Gilligan is a resident of Hall County, State of Georgia and is a registered elector who is entitled to vote within the State of Georgia.

3.

Petitioner VoterGA is an unincorporated association in the State of Georgia and some of its members are registered electors who are entitled to vote within the State of Georgia.

4.

Respondent State of Georgia is named because sovereign immunity has been waived for claims of declaratory judgment and injunctive relief and it may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

5.

The Petitioners aver that they have a statutory right under state law to not have certain confidential and private, identifying information provided to or stored with a private third-party state vendor.

## JURISDICTION AND VENUE

6.

Jurisdiction is proper in this Court pursuant to Ga. Code Ann. § 9-4-2 and Ga. Code Ann. § 9-11-65 as the Respondent is the State of Georgia.

7.

Venue is proper before this Court because the Respondent is the State of Georgia and venue must be in Fulton County, Georgia.

## FACTUAL BACKGROUND

8.

The Petitioners aver that the Georgia Secretary of State's office announced that it will provide and store voter registration data information on a private third-party server on or about January 19, 2022. (Exhibit "A").

9.

The Petitioners aver that the storage of certain confidential voter registration information with private third-party vendors by the Georgia Secretary of State's office is not authorized by state law pursuant to Ga. Code Ann. § 21-2-225 (b).

10.

The Petitioners aver that the storage of certain confidential voter registration information with private third-party vendors in a cloud-based environment by the Georgia Secretary of State's office exceeds the scope of authority of, and is not authorized by, state law pursuant to Ga. Code Ann. § 21-2-211.

11.

The Petitioners aver that the Georgia Secretary of State's office has entered into a contract with MTX to implement a cloud-based voter registration system for the State of Georgia. (Exhibit "B").

12.

The Petitioners aver that the Georgia Secretary of State's office has been unable to produce a contract directly with Salesforce for the implementation of a cloud-based voter registration system for the State of Georgia.

13.

The Petitioners aver that the Georgia Secretary of State's office pursuant to this contract will store and give access to Georgia voters' private and confidential information to these private third-party vendors.

14.

The Petitioners aver that the Georgia Secretary of State's office will provide and store the following confidential voter information: months and days of birth, social security numbers, driver's license numbers, e-mail addresses, bank statements and locations where the voters registered to vote.

15.

The Petitioners aver that the storage of certain confidential voter registration information with private third-party vendors by the Georgia Secretary of State's office is not authorized by state law pursuant to Ga. Code Ann. § 21-2-225.1, in particular, a voters' address who has obtained a protective order or restraining order.

16.

The Petitioners aver that the purchase order issued by Georgia Secretary of State's office through Carahsoft for the Salesforce implementation of the cloud base voter registration system for the State of Georgia is valued at about $962,197. Exhibit ("C").

17.

The petitioners aver that the purchase order issued by Georgia Secretary of State's office for the Salesforce implementation of the cloud base voter registration system for the State of Georgia is valued at about $2,388,070. Exhibit ("D").

18.

The petitioners aver that Georgia Secretary of State's office has provided no evidence that the voter registration system underwent a competitive bid process as required for contract valued at over $100,000.

19.

The Petitioners aver that MTX and Salesforce are not agencies of this state.

20.

The Petitioners aver that MTX and Salesforce are not agencies of another state.

21.

The Petitioners aver that MTX and Salesforce are not agencies of territories of the United States.

22.

The Petitioners aver that MTX and Salesforce are not agencies of the federal government.

23.

The Petitioners aver that MTX and Salesforce are not a member of a nongovernmental entity whose membership is solely comprised of elections officials of state and territorial governments of the United States.

24.

The Petitioners aver that the storage of confidential voter information on a private, cloud-based third-party server creates an unnecessary risk of a data breach with Georgia voters' confidential information in the cloud and during transmissions of data to and from the cloud.

25.

The Petitioners aver that such a data breach would place millions of Georgia voters' confidential information with sources or entities that could steal the identity of those whose data was breached.

26.

The Petitioners have a justiciable and actual case or controversy concerning the Respondent's complete failure to keep and maintain Georgia voters' confidential information from private third-parties.

27.

The Petitioners aver that this action is adverse. The Petitioners represent their interest in contending that their right to have the state maintain and store their confidential information in a manner that complies with state law. The Respondent can adequately represent its interest in defending against the use of third-party vendors to store Georgia voters' confidential information.

28.

The Petitioners also contend that the Parties can adequately represent these interests.

29.

The Petitioners and Georgia voters have a statutory right to have their confidential information stored in accordance with state law and to prevent a future harm to them from a data breach.

30.

The Petitioners aver that the declaration will resolve the current case or controversy, because it will provide guidance for the state about how confidential voter information must be safeguarded from disclosure to private third parties in the future in accordance with state law.

## COUNT I: DECLARATORY JUDGMENT FOR
## FAILURE TO COMPLY WITH STATE LAW

31.

The Petitioners incorporate by reference and re-allege paragraphs 1 through 30 of this Petition as set forth herein verbatim.

32.

The Petitioners aver that it is the Georgia Secretary of State's intent to partner with private third parties to store confidential voter information, contrary to state law.

33.

The Petitioners aver that the storing of current and future confidential voter information increases the substantial likelihood of a data breach and a compromise of Georgia voters' confidential information to dubious parties.

34.

The Petitioners aver that these potential data breaches will increase the likelihood of Georgia voters being victims of identity theft and having their confidential information placed on the dark web.

35.

The Petitioners aver that these potential data breaches would also allow Georgia voters confidential information to be impermissibly used for commercial purposes contrary to state law.

## COUNT II: TEMPORARY RESTRAINING ORDER

36.

The Petitioners incorporate by reference and re-allege paragraphs 1 through 35 of this Petition as set forth herein verbatim.

37.

In the absence of a temporary restraining order, the Petitioners will suffer irreparable harm for which there is no adequate remedy at law, while a temporary restraining order will cause no harm to the Respondent because the Respondent could continue to maintain the current voter registration system.

38.

Immediate and irreparable injury, loss, or damage will result to the Petitioners if the requested temporary restraining order is not granted, because the potential data breach of their confidential information could lead to identity theft.

39.

There will be immediate irreparable damage to the Petitioners and the voters of Georgia through their disclosure of their confidential information by virtue of illegal storage methods that fail to comply with state law, which clearly outweighs any potential harm to the Respondent.

40.

Granting the requested relief will not disserve the public interest.

41.

It is further in the public interest to grant the Petitioners' request for a temporary restraining order, so that the Petitioners and Georgia voters can protect their confidential information from disclosure to improper private third parties that fail to comply with state law.

42.

The Petitioners are entitled to the temporary restraining order because there is a substantial likelihood of success on the merits as the disclosure of confidential voter information is clearly regulated by state law.

43.

The damage to the Petitioners is not readily compensable by money, and no other remedy at law exists.

44.

The balance of equities favors entry of a temporary restraining order against the Respondent, because the current voter registration system could be utilized until a final resolution is reached, and would not be adverse to any legitimate public interest.

45.

The Petitioners seek to have the Court enjoin the disclosure of confidential voter information to private third parties.

**WHEREFORE, THE PETITIONERS** pray:

- a). that process **ISSUES** and service by **EFFECTUATED**;
- b). that the Court **CONDUCTS** an evidentiary hearing on the temporary restraining order;
- c). that the Court **DECLARES** that the disclosure of confidential voter information to private third parties does not comply with state law;
- d). that the Court **ISSUES** a temporary restraining order preventing the disclosure of confidential voter information to private third parties;

    **AND**

- e). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the 7th day of March, 2022.

**MADDOX & HARDING, LLC**

Todd A. Harding, For the Firm
Ga. Bar No.: 101562
Attorney for Petitioners

Maddox & Harding, LLC
Attorneys at Law
113 E. Solomon Street
Griffin, GA. 30223
770-229-4578
770-228-9111 facsimile

## VERIFICATION

**COMES NOW,** Paul C. Broun MD., **A PETITIONER**, in the above style action, and personally appeared before the undersigned officer duly authorized to administer oaths, and on oath deposes and says that she believes the facts alleged in the Petition therein are true and accurate to the best of his knowledge and belief.

Respectfully submitted this the 7th day of March, 2022.

_____

**PETITIONER**

Paul C. Broun MD.

**SUBSCRIBED AND SWORN BEFORE ME**
this the 7ᵗʰ day of March, 2022.
to certify and witness my hand
and official seal.

Notary Public in and for
Oconee County, Georgia.

_____
[AFFIX NOTARIAL SEAL]

J Rebecca Bullock Jarrett
Notary Public
Oconee County
State of Georgia
My Commission Expires May 6, 2022

Page **1** of **1**

## VERIFICATION

**COMES NOW, VOTERGA, A PETITIONER**, an unincorporated association in the above style action, and personally had an official member appear before the undersigned officer duly authorized to administer oaths, and on oath deposes and says that he believes the facts alleged in the Petition therein are true and accurate to the best of his knowledge and belief.

Respectfully submitted this the 8th day of March, 2022.

**GARLAND FAVORITO, PRESIDENT,**
**PETITIONER**

**SUBSCRIBED AND SWORN BEFORE ME**
this the _8_ day of March, 2022.
to certify and witness my hand
and official seal.

Notary Public in and for
FULTON County, Georgia.

[AFFIX NOTARIAL SEAL]

**VITO BUONO**
NOTARY PUBLIC
Fulton County
State of Georgia
My Comm. Expires Oct. 19, 2025

Page 1 of 1

## VERIFICATION

**COMES NOW,** Sher Gilligan, **A PETITIONER**, in the above style action, and

personally appeared before the undersigned officer duly authorized to administer oaths, and on

oath deposes and says that she believes the facts alleged in the Petition therein are true and

accurate to the best of his knowledge and belief.

Respectfully submitted this the 7th day of March, 2022.

Sher Gilligan _____, **PETITIONER**

**SUBSCRIBED AND SWORN BEFORE ME**
this the 7th day of March, 2022.
to certify and witness my hand
and official seal.

Notary Public in and for
Hall Spalding County, Georgia.

[AFFIX NOTARIAL SEAL]

Page 1 of 1

Fulton County Superior Court
***EFILED***LW
Date: 6/2/2022 10:29 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**PHIL CHEN AND**
**GARLAND FAVORITO,**
**AS AGGRIEVED ELECTORS,**
    **CONTESTANTS,**

**v.**

**FULTON COUNTY BOARD OF**
**REGISTRATION AND ELECTIONS,**
**AND MICHELLE MORANCIE**
    **DEFENDANTS.**

        **CIVIL ACTION NO.:**
          2022CV365755

## VERIFIED PETITION FOR ELECTION CONTEST

**COME NOW, THE CONTESTANTS,** by and through their attorney of record, and file

this verified petition for election contest pursuant to Ga. Code Ann. §21-2-520 et. seq., as

follows.

## PARTIES, JURISDICTION, VENUE, AND STATUTORY REQUIREMENTS

1.

The Contestants aver that Georgia Superior Courts have jurisdiction in all cases

except as otherwise provided in the Georgia Constitution, Article VI, Section IV,

paragraph 1.

2.

The Contestants aver that Ga. Code Ann. §21-2-521 authorizes a voter contest of

a county school board election. The statute states, "the election of any person who is

declared elected to any such office…may be contested by any person who was a

candidate at such primary or election for such nomination or office, or by any aggrieved

elector who was entitled to vote for such person…".

3.

The Contestants aver that Ga. Code Ann. § 21-2-522 allows for an election

contest on one or more of the following grounds: "(1) Misconduct, fraud, or irregularity

by any primary or election official or officials sufficient to change or place in doubt the

result;…(4) For any error in counting the votes or declaring the result of the primary or election, if such error would change the result;".

4.

The Contestants aver that they desire to contest the result of the Fulton County School Board District Seven election held on 05/24/2022.

5.

The Contestants aver that this verified petition for election contest was timely filed pursuant to Ga. Code Ann. § 21-2-522.

## JURISDICTION AND VENUE

6.

The Contestants aver that the Fulton County Superior Court has jurisdiction and venue because the Defendants primarily reside or are located in Fulton County, Georgia pursuant to Ga. Code Ann. § 21-2-523.

## PARTIES

7.

The Contestants aver that Petitioner Garland Favorito is an elector, eligible voter and taxpayer residing in Fulton County and the Fulton County School Board District 7. Petitioner Garland Favorito is an aggrieved elector who believes the Fulton County School Board District Seven election held on 05/24/2022 had many irregularities.

8.

The Contestants aver that Petitioner Phil Chen is an elector, eligible voter and taxpayer residing in Fulton County and the Fulton County School Board District 7. Petitioner Phil Chen is an aggrieved elector and was a candidate in the contested election who believes the Fulton County School Board District Seven election held on 05/24/2022 had many irregularities.

9.

The Contestants aver that Defendant Michelle Morancie resides in Fulton County and she was a candidate in the Fulton County School Board District Seven election held on 05/24/2022 and may be personally served at: 6851 Roswell Road, Apt I10, Atlanta

Georgia 30328.

10.

The Contestants aver that Defendant Fulton County Board of Registration and Elections was the election superintendent for the Fulton County School Board District Seven election held on 05/24/2022 and may be personally served at: 130 Peachtree Street, SW, Suite 2186, Atlanta, Georgia 30303.

## ULTIMATE ISSUE PRESENTED BY THE CONTROVERSY

11.

Whether there is sufficient evidence to cast sufficient doubt on the election result of the Fulton County School Board District Seven election held on 05/24/2022 based upon counting irregularities.

## COMMON OPERATIVE FACTS

12.

The Contestants aver that Contestant Phil Chen qualified for the Fulton County Board of Education, District 7 seat and ran in the May 24, 2022 Primary Election.

13.

The Contestants aver that Ms. Michelle Morancie qualified and ran for the Fulton County Board of Education, District 7 seat and ran in the May 24, 2022 Primary Election.

14.

The Contestants aver that Ms. Linda Arnold qualified for the Fulton County Board of Education, District 7 seat in the May 24, 2022 Primary Election.

15.

The Contestants aver that Mrs. Arnold withdrew from the Fulton County Board of Education, District 7 race on or about March 29, 2022 and was not included on the ballot.

16.

The Contestants aver that Contestant Garland Favorito voted in Fulton County Board of Education, District 7.

17.

The Contestants aver that on or about 10:12 pm on Election Night, Mr. Chen

noticed irregular results were being reported by news outlets for his race.

18.

The Contestants aver that the irregular results showed Mr. Chen with zero votes even though it was 10:12pm on Election Night.

19.

The Contestants aver that the irregular results showed Linda Arnold with 3,317 votes even though she was not on the ballot.

20.

The Contestants aver that the irregular results showed Michelle Morancie with 3,355 votes.

21.

The Contestants aver that another of Contestant Chen's constituents reported that he observed the same irregular results on the Secretary of State's web site for the Fulton County Board of Education, District 7 race.

22.

The Contestants aver the Fulton County experienced a variety of other problems in the 2022 primary election including candidates who were randomly left off the ballot in some races and candidates who received votes from precincts which were not in their district.

23.

The Contestants aver that the Fulton County Board of Registration and Elections was the election superintendent for the Fulton County School Board District Seven election held on 05/24/2022.

24.

The Contestants aver that Fulton County certified the election results on Memorial Day, May 30 behind the locked front door of the Fulton County Government Complex without allowing public comment.

25.

The Contestants aver that DeKalb County experienced similar irregularities in their County Commission District 2 race as described herein and the Board of Elections

refused to certify the results at their May 31 board meeting.

26.

The Contestants aver that the subsequent hand count conducted for the Dekalb County race produced significantly different results and a different outcome.

27.

The Contestants aver that there was a counting error in the votes cast for the office in dispute and irregularities sufficient to place the result in doubt.

**WHEREFORE, THE CONTESTANTS** pray:

    a). that process **ISSUES** and service be **EFFECTUATED**;

    b). that the Court **CONDUCTS** a trial by jury pursuant to Ga. Code Ann. § 21-2-526 on all issues triable before a jury;

    c). that the Court **DECLARES** that the result of the 05/24/2022 Fulton County School Board District Seven election is invalid, as a matter of law;

    e). that the Court **ORDERS** that a second election be had within forty-five (45) days of the entry of a final order;

    d). that the Court **ORDERS** the paper ballots for the Fulton County School Board District Seven election held on 05/24/2022 be **UNSEALED** so the Contestants may validate the vote count;

    e). that the Court **ORDERS** that the Defendants allow the Contestants and their representatives to immediately scan all paper ballots from the 05/24/2022 election for Fulton County School Board District Seven for technical inspection and validation; **AND**

    f). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the ___ day of June, 2022.

HARDING LAW FIRM, LLC

_____

Todd A. Harding, For the Firm
Ga. Bar No.: 101562
Attorney for Contestants

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**PHIL CHEN AND**
**GARLAND FAVORITO,**
**AS AGGRIEVED ELECTORS,**
    **CONTESTANTS,**

v.

                                     **CIVIL ACTION NO.:**    2022CV365755

**FULTON COUNTY BOARD OF**
**REGISTRATION AND ELECTIONS,**
**AND MICHELLE MORANCIE,**
    **DEFENDANTS.**

## VERIFICATION

**COMES NOW, CONTESTANT PHIL CHEN**, in the above style action, and personally appeared before the undersigned officer duly authorized to administer oaths, and on oath deposes and says that he believes the facts alleged therein are true, that according to the best of his knowledge and belief, the contested result of the Fulton County School Board District Seven election held on 05/24/2022 is illegal, and the return thereof is incorrect and the verified petition for election contest of the same is made in good faith

Respectfully submitted this the _____ day of June, 2022.

**PHIL CHEN,**
**AS CONTESTANT**

SUBSCRIBED AND SWORN BEFORE ME
this the ___ day of June, 2022.
to certify and witness my hand
and official seal.

Notary Public in and for
Spalding County, Georgia

> **VITO BUONO**
> NOTARY PUBLIC
> Fulton County
> State of Georgia
> My Comm. Expires Oct. 19, 2025

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**PHIL CHEN AND**
**GARLAND FAVORITO,**
**AS AGGRIEVED ELECTORS,**
        **CONTESTANTS,**

**v.**                                                          **CIVIL ACTION NO.:**

**FULTON COUNTY BOARD OF**
**REGISTRATION AND ELECTIONS,**
**AND MICHELLE MORANCIE**
        **DEFENDANTS.**

## VERIFICATION

        **COMES NOW, CONTESTANT GARLAND FAVORITO**, in the above style action,

and personally appeared before the undersigned officer duly authorized to administer oaths, and

on oath deposes and says that he believes the facts alleged therein are true, that according to the

best of his knowledge and belief, the contested result of the Fulton County School Board District

Seven election held on 05/24/2022 is illegal, and the return thereof is incorrect and the verified

petition for election contest of the same is made in good faith.

        Respectfully submitted this the 2ⁿᵈ day of June, 2022.


                                _Garland Favorito_
                                **GARLAND FAVORITO,**
                                **AS CONTESTANT**



SUBSCRIBED AND SWORN BEFORE ME
this the 2 _ day of June, 2022.
to certify and witness my hand
and official seal.
_Wonderful Ajisogun_
Notary Public in and for
Fulton County, Georgia.

        [AFFIX **WONDERFUL AJISOGUN**
                NOTARY PUBLIC
                Forsyth County
                State of Georgia
        My Comm. Expires June 23, 2025

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**PHIL CHEN AND**
**GARLAND FAVORITO,**
**AS AGGRIEVED ELECTORS,**
**CONTESTANTS,**

v.                                                    **CIVIL ACTION NO.:**

**FULTON COUNTY BOARD OF**
**REGISTRATION AND ELECTIONS,**
**AND MICHELLE MORANCIE,**
**DEFENDANTS.**

**CERTIFICATE OF SERVICE**

      **COME NOW, THE CONTESTANTS**, by and through their attorney of record,

and certifies that a true and accurate copy of the **VERIFIED PETITION TO**

**CONTEST ELECTION** has been served on the State Election Board by certified

delivery, with Return Receipt Requested No.: 7018 1830 0002 1259 2971 pursuant to Ga.

Code Ann. §21-2-524 (b), as follows:

      State Election Board
      2 MLK Jr. Drive
      Suite 802 Floyd West Tower
      Atlanta, GA 30334

      Respectfully submitted this the 2nd day of June, 2022.

                           **HARDING LAW FIRM, LLC**

                           Todd A. Harding, For the Firm
                           Ga. Bar No.: 101562
                           Attorney for Contestants

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**PHIL CHEN AND**
**GARLAND FAVORITO,**
**AS AGGRIEVED ELECTORS,**
    **CONTESTANTS,**

v.                                                    **CIVIL ACTION NO.:**

**FULTON COUNTY BOARD OF**
**REGISTRATION AND ELECTIONS,**
**AND MICHELLE MORANCIE**
    **DEFENDANTS.**

### CERTIFICATE OF SERVICE

    **COME NOW, THE CONTESTANTS,** by and through their attorney of record,

and certifies that a true and accurate copy of the **VERIFIED PETITION FOR**

**ELECTION CONTEST** has been served by certified delivery, with Return Receipt

Requested No.: 7018 1830 0002 1259 2988 upon:

        Christopher Carr, Attorney General
        40 Capitol Square, SW
        Atlanta, GA 30334

    Respectfully submitted this the 2nd day of June, 2022.

                    **HARDING LAW FIRM, LLC**

                    Todd A. Harding, For the Firm
                    Ga. Bar No.: 101562
                    Attorney for Contestants

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, Georgia 30223
(770) 229-4578
(770) 288-9111 facsimile

Fulton County Superior Court
***EFILED***LW
Date: 8/24/2021 4:55 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

VOTERGA AND
PHILIP SINGLETON,
      PETITIONERS,

v.

STATE OF GEORGIA,
      RESPONDENT.

CIVIL ACTION NO.:   **2021CV353604**

### PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

**COME NOW, PETITIONERS VOTERGA AND PHILIP SINGLETON,** by and through their attorney of record, and file their petition for declaratory and injunctive relief pursuant to Ga. Code Ann. § 9-4-1 et seq. and Ga. Code Ann. § 9-11-65, as follows:

### THE PARTIES

1.

Petitioner VoterGA is an unincorporated association, under Georgia law, that strives for election integrity and has not for profit status and several of its members are electors who were entitled to vote, and who voted in the November 3, 2020 General Election and January Runoff Election. Many VoterGA members are also entitled to and shall vote in future elections within the State of Georgia.

2.

Petitioner Philip Singleton is a resident of Coweta County, Georgia and was an elector who was entitled to vote, and did vote, in the November 3, 2020, General Election and January Runoff Election. He is also entitled to and shall vote in future elections within the State of Georgia. He is currently a Republican member of the Georgia House of Representatives and represents District 71.

3.

Respondent State of Georgia is named because sovereign immunity has been waived for claims of declaratory judgment and injunctive relief and it may be served at: 130 Peachtree Street, Suite 2186, Atlanta, GA 30303.

4.

The Petitioners aver that they have a right to have in person voting conducted on ballot marking devices that comply with state law.

## JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Court pursuant to Ga. Code Ann. § 9-4-2 and Ga. Code Ann. § 9-11-65 as the Respondent is the State of Georgia.

6.

Venue is proper before this Court because the Respondent is the State of Georgia and venue must be in Fulton County, Georgia.

## FACTUAL BACKGROUND

7.

The Petitioners aver that the Georgia Secretary of State's office is required by state law to procure and distribute ballot marking devices to the counties within the State of Georgia pursuant to Ga. Code Ann. § 21-2-300 (a)(1).

8.

The Petitioners aver that the Georgia Secretary of State's office is authorized by state law to conduct pilot programs to test and evaluate ballot marking devices pursuant to Ga. Code Ann. § 21-2-300 (a)(4).

9.

The Petitioners aver that the Georgia Secretary of State's office procured the current ballot marking devices from Dominion Voting Systems, Inc. on or about 07/29/2019 pursuant to the contract titled the Master Solution Purchase and Services Agreement By and Between Dominion Voting Systems, Inc., as Contractor, and Secretary of State of the State of Georgia as State.

10.

The Petitioners aver that the Georgia Secretary of State's office certified that the ballot marking devices, scanner tabulators, and election management servers procured from Dominion Voting Systems, Inc. complied with state law on or about 08/09/2019.

11.

The Petitioners aver that the Georgia Secretary of State's office and Dominion Voting Systems, Inc. signed the 1 Amendment to the original contract on or about 04/28/2020.

12.

The Petitioners aver that the Georgia Secretary of State's office and Dominion Voting Systems, Inc. signed the 2 Amendment to the original contract on or about 05/10/2020.

13.

The Petitioners aver that the paper ballot generated from the current ballot marking devices do not comply with state law as required by Ga. Code Ann. § 21-2-2(7.1) and Ga. Code Ann. § 21-2-300(a)(2).

14.

The Petitioners have a justiciable and actual case or controversy concerning the Respondent's complete failure to procure ballot marking devices, scanner tabulators, and election management servers that comply with state law and threaten to undermine their fundamental right to vote with a system that burdens their fundamental right to vote.

15.

The Petitioners aver that this action is adverse. The Petitioners represent their interest in contending that they have a fundamental right to vote and to not have the primary and general elections conducted using ballot marking devices, scanner tabulators, and election management servers that comply with state law. The Respondent can adequately represent its interest in defending against the Petitioners' contentions.

16.

The Petitioners also contend that the Parties can adequately represent these interests.

17.

The Petitioners have a fundamental right to vote and to not have the primary and general elections conducted using ballot making devices, scanner tabulators, and election management servers that do not comply with state law in future elections in which they would participate.

18.

The Petitioners aver that the declaration will resolve the current case or controversy, because it will provide guidance for their fundamental right to vote with ballot marking devices,

scanner tabulators, and election management servers that comply with state law in future elections in which they would participate.

19.

The Petitioners aver that the use of ballot marking devices, scanner tabulators, and election management servers that do not comply with state law is violative of their fundamental right to vote and to have the statutory provisions enforced to alleviate uncertainty in their participation in future elections.

20.

The Petitioners aver that future elections will be conducted on a regular basis within the State of Georgia and that the continued use of ballot marking devices, scanner tabulators, and election management server that do not comply with state law endangers and creates uncertainty as to their fundamental right to vote in those future elections.

**COUNT I: DECLARATORY JUDGMENT FOR
FAILURE TO COMPLY WITH STATE LAW (VERIFIABLITY)**

21.

The Petitioners incorporate by reference and re-allege paragraphs 1 through 20 of this Petition as set forth herein verbatim.

22.

The Petitioners aver that the paper ballot generated from the current ballot marking devices has the elector's intent written on the face of the paper ballot and has a QR code on the paper ballot.

23.

The Petitioners aver that an elector can verify the written portion of the paper ballot but cannot verify the QR code portion of the paper ballot.

24.

The Petitioners aver that the written portion of the paper ballot is not used for counting or re-counting the elector's intent.

25.

The Petitioners aver that the QR codes produced by the ballot marking devices are encoded so that an elector cannot determine or verify that it matches the written portion of the paper ballot.

26.

The Petitioners aver that even if the elector was in possession of an electronic QR code reading device he could not verify his intent on the paper ballot.

27.

The Petitioners aver that Georgia's statewide Dominion Democracy Suite 5.5 Ballot Marking Device voting system does not *"print an elector verifiable paper ballot"* as required by Ga. Code Ann. § 21-2-2(7.1).

28.

The Petitioners aver that Georgia's statewide Dominion Democracy Suite 5.5 Ballot Marking Device voting system does not *"produce paper ballots which are marked with the elector's choices in a format readable by the elector"* as required by Ga. Code Ann. § 21-2-300(a)(2).

29.

The Petitioners aver that the State of Colorado announced a ban on the Dominion Democracy Suite 5.5 Ballot Marking Devices prior to Georgia's purchase of the system because its accumulation of votes in QR codes is unverifiable to the voter.

30.

The Petitioners aver that the State of Texas rejected the Dominion Democracy Suite 5.5 voting system as unsuitable prior to Georgia's purchase of the system because it failed to comply with Texas state law or meet its standards for certification.

31.

The Petitioners aver that VoterGA warned about the need for any new voting system to tabulate human readable vote marks in their requirements to the Secure, Accessible and Fair Elections (SAFE) Commission originally produced on or about December 20th, 2018.

32.

The Petitioners aver that many of citizens testified before the SAFE Commission or the Georgia legislature in opposition to Ballot Marking Device voting systems and QR coded paper trails.

33.

The Petitioners aver that Mr. Garland Favorito and Mr. Michael Opitz warned then Candidate Brad Raffensperger about the dangers of unverifiable QR coded voting systems after he spoke to the Madison Forum in Marietta on or about June 30, 2018, during the Republican primary runoff.

## COUNT II: TEMPORARY INJUNCTION

34.

The Petitioners incorporate by reference and re-allege paragraphs 1 through 33 of this Petition as set forth herein verbatim.

35.

In the absence of a temporary restraining order, the Petitioners will suffer irreparable harm for which there is no adequate remedy at law, while injunctive relief will cause no harm to the Respondent because there are alternative ways for the State conduct elections that would not undermine election integrity.

36.

Immediate and irreparable injury, loss, or damage will result to the Petitioners if the requested injunctive relief is not granted, because there is at least one (1) primary election and one (1) general election to be conducted in 2022.

37.

There will be immediate irreparable damage to the Petitioners and the Citizens of Georgia through their loss of confidence in the integrity of the election process by virtue of the use of ballot marking devices that fail to comply with state law, which clearly outweighs any potential harm to Respondents.

38.

Granting the requested relief will not disserve the public interest.

39.

It is further in the public interest to grant the Petitioners' request for temporary injunctive relief, so that the Petitioners and Georgia voters can have confidence that future elections are conducted in accordance with state law and on ballot marking device system that comply with state law.

40.

The Petitioners are entitled to the temporary injunctive relief sought herein, because there is a substantial likelihood of success on the merits as a case in the Northern District of Georgia has already found that the ballot marking device system do not comply with state law.

41.

The damage to the Petitioners is not readily compensable by money, and no other remedy at law exists.

42.

The balance of equities favors entry of a temporary restraining order and injunctive relief against the Respondent and would not be adverse to any legitimate public interest.

43.

The Petitioners seek to have the Court enjoin the use of the current ballot marking devices, scanner tabulators, and election management server used by the State of Georgia until these devices comply with state law.


## COUNT III: PERMANENT INJUNCTION.

44.

The Petitioners incorporate by reference and re-allege paragraphs 1 through 43 of this Petition as set forth herein verbatim.

45.

In the absence of a permanent injunction, the Petitioners will suffer irreparable harm for which there is no adequate remedy at law, while injunctive relief will cause no harm to Respondent because there are alternative ways for the State conduct elections that would not undermine election integrity.

46.

Immediate and irreparable injury, loss, or damage will result to the Petitioners if the requested permanent injunctive relief is not granted, because there is at least one (1) primary election and one (1) general election to be conducted in 2022.

47.

There will be immediate irreparable damage to the Petitioners and the Citizens of Georgia through their loss of confidence in the integrity of the election process by virtue of the use of ballot marking devices that fail to comply with state law, which clearly outweighs any potential harm to Respondents.

48.

Granting the requested relief will not disserve the public interest.

49.

It is further in the public interest to grant the Petitioners' request for permanent injunctive relief, so that Georgia voters can have confidence that future elections are conducted in accordance with state law and on ballot marking devices, scanner tabulators, and election management server that comply with state law.

50.

The Petitioners are entitled to the permanent injunctive relief sought herein, because there is a substantial likelihood of continued use of ballot marking devices that do not comply with state law in future elections.

51.

The damage to the Petitioners is not readily compensable by money, and no other remedy at law exists.

52.

The balance of equities favors entry of a permanent injunction and injunctive relief against the Respondent and would not be adverse to any legitimate public interest.

53.

The Petitioners seek to have the Court permanently enjoin and prohibit the Respondent from continuing to use ballot marking devices, scanner tabulators, and election management server that do not comply with state law.

**WHEREFORE, THE PETITIONERS** pray:

    a). that process **ISSUES** and service by **EFFECTUATED**;

    b). that the Court **CONDUCTS** an evidentiary hearing on the temporary and permanent injunctions;

    c). that the Court **DECLARES** that the current ballot marking devices, scanner tabulators, and election management server used by the Respondent do not comply with state law;

    d). that the Court **ISSUES** a temporary and permanent injunction preventing the use of the current ballot marking devices, scanner tabulators, and election management server in any election within the State of Georgia; **AND**

    e). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the 24th day of August, 2021.

                               **MADDOX & HARDING, LLC**

                               Todd A. Harding, For the Firm
                               Ga. Bar No.: 101562
                               Attorney for Petitioners

Maddox & Harding, LLC
Attorneys at Law
113 E. Solomon Street
Griffin, GA. 30223
770-229-4578
770-228-9111 facsimile

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

VOTERGA AND
PHILIP SINGLETON,
    PETITIONERS,
v.

CIVIL ACTION NO.:

**2021CV353604**

STATE OF GEORGIA,
    RESPONDENT.

## VERIFICATION

COMES NOW, VOTERGA, an unincorporated association, in the above style action, and personally had an official member before the undersigned officer duly authorized to administer oaths, and on oath deposes and says that he believes the facts alleged in the Petition therein are true and accurate to the best of his knowledge and belief.

Respectfully submitted this the 23 day of August, 2021.

_____

**GARLAND FAVORITO, PRESIDENT,
PETITIONER**

SUBSCRIBED AND SWORN BEFORE ME
this the 23rd day of August, 2021.
to certify and witness my hand
and official seal.

Notary Public in and for
Spalding County, Georgia.

_____

[AFFIX NOTARIAL SEAL]

Shamika Roshunde Allen
NOTARY PUBLIC
Spalding County, Georgia
My Commission Expires 7/13/2024

## VERIFICATION

COMES NOW, PHILIP SINGLETON, in the above style action, and personally had an officer appear before the undersigned officer duly authorized to administer oaths, and on oath deposes and says that he believes the facts alleged in the Petition therein are true and accurate to the best of his knowledge and belief.

Respectfully submitted this the ___ day of August, 2021.



PHILIP SINGLETON,
PETITIONER

⬧ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COWETA COUNTY, GEORGIA

**SUV2022001314**

**NOV 04, 2022 12:36 PM**

*Niki Sewell*
Niki Sewell, Clerk
Coweta Superior Court

### IN THE SUPERIOR COURT OF COWETA COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **VOTERGA,**<br>    **PETITIONER,** | |
| **vs.** | **CIVIL ACTION NO.:** |
| **COUNTY OF COWETA, COUNTY OF COBB,**<br>**AND COUNTY OF FORSYTH,**<br>    **RESPONDENTS.** | |

### PETITION FOR OPEN RECORDS ENFORCEMENT, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

**COMES NOW, THE PETITIONER,** by and through its attorney of record, and files its' petition for Open Records enforcement, declaratory judgment and injunctive relief pursuant to Ga. Code Ann. § 50-18-70 et seq., Ga. Code Ann. § 9-4-1 et seq. and Ga. Code Ann. § 9-11-65, as follows:

### THE PARTIES

1.

Petitioner VoterGA is an unincorporated association in the State of Georgia and some of its members are registered electors who are entitled to vote and did vote in the November 2020 general election within the Respondent Counties.

2.

Respondent County of Coweta is named because sovereign immunity has been waived for claims of Open Records enforcement, declaratory judgment and injunctive relief and it may be served at: 22 E. Broad St. Suite 128, Newnan, GA 30263.

3.

Respondent County of Cobb is named because sovereign immunity has been waived for claims of Open records enforcement, declaratory judgment and injunctive relief and it may be served at: 995 Roswell Rd, Marietta, GA 30060.

4.

Respondent County of Forsyth is named because sovereign immunity has been waived for claims of Open records enforcement, declaratory judgment and injunctive relief and it may be served at: 1201 Sawnee Dr. Cumming, GA 30040.

## JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Court pursuant to Ga. Code Ann. § 50-18-73 (a), Ga. Code Ann. § 9-4-2, and Ga. Code Ann. § 9-11-65 as the Respondents are counties within the State of Georgia.

6.

Venue is proper before this Court because one of the Respondents is the County of Coweta.

## FACTUAL BACKGROUND

7.

The Petitioner avers that Georgia's Dominion Voting System is used statewide by all Georgia counties to conduct state and federal elections.

8.

The Petitioner avers that when each actual ballot is scanned during an election, the Dominion Voting System automatically creates an electronic digital ballot image file.

9.

The Petitioner avers that when each digital ballot image file is created during an election, Georgia's Dominion Voting System creates a corresponding authentication file with a digital signature value for that image.

10.

The Petitioner avers that the digital ballot image represents an authentic reproduction of the election ballot that was scanned.

11.

The Petitioner avers that election ballots are the most important election records to retain since they are the only election records that can recreate the election results.

12.

The Petitioner avers that Election ballots are sealed under Georgia law once they are sent to the clerk of the court after an election is certified.

13.

The Petitioner avers that the image authentication file represents a value that can be created and matched for any ballot image to determine if that image was the original image scanned.

14.

The Petitioner avers that Ballot images, like ballots, contain no information that can directly identify a voter.

15.

The Petitioner avers that Authentication files contain no information that can be used for nefarious purposes and thus pose no security risk from being publicly available.

16.

The Petitioner avers that Georgia's Dominion Voting System must interpret each ballot image to produce a cast vote record for the ballot and tabulate votes that are on the actual ballot.

17.

The Petitioner avers that each vote recorded and tabulated for any race must have a corresponding ballot image from which it originated.

18.

The Petitioner avers that Georgia's Dominion Voting System analyzed and interpreted each ballot image to produce a cast vote record for each ballot and tabulate votes that are on each ballot of ~~for~~ the November 2020 General Election.

19.

The Petitioner avers that ballot images may reside or have resided on flash drives, compact flash memory cards and/or the Election Management Server of any given Georgia county.

20.

The Petitioner avers that during 2021, VoterGA volunteers submitted Open Records Requests in all 159 counties for the original ballot images from the November 2020 General Election.

21.

The Petitioner avers that in response to VoterGA Open Records Requests, elections officials in many counties stated that they destroyed or could not produce the original ballot images from the November 2020 General Election.

22.

The Petitioner avers that federal law requires election records be retained for 22 months after an election.

23.

The Petitioner avers that state law requires election records be retained for 24 months after an election.

24.

The Petitioner avers that the Coweta County Elections division was unable to produce their original ballot images from the November 2020 General Election when requested to do so in 2021.

25.

The Petitioner avers that the Cobb County Elections Division was unable to produce their original ballot images from the November 2020 General Election when requested to do so in 2021.

26.

The Petitioner avers that the Forsyth County Elections Division was unable to produce their original ballot images from the November 2020 General Election when requested to do so in 2021.

27.

The Petitioner avers that the Coweta County Clerk of Court was unable to produce their original ballot images from the November 2020 General Election when requested to do so in October 2022.

28.

The Petitioner avers that the Cobb County Superior Court Clerk was unable to produce their original ballot images from the November 2020 General Election when requested to do so on October 30, 2022.

29.

The Petitioner avers that Forsyth County Superior Court Clerk was unable to produce their original ballot images from the November 2020 election when requested to do so on October 30, 2022.

30.

The Petitioner avers that original ballot images are critical election records since they represent copies of sealed ballots which are the only records that can reproduce the original election results.

31.

The Petitioner avers that non-original ballot images, such as recount ballot images, are unacceptable as replacements for original images because they lack the original meta data and may reflect undetected alterations.

32.

The Petitioner avers that non-original ballot images may have been altered since the original image was created and are therefore, inappropriate for any type of audit, verification or authentication purposes.

33.

The Petitioner avers that non-original ballot images do not contain the original scanning time stamp that can be used for audit and authentication purposes.

34.

The Petitioner avers that non-original ballot images do not contain the original meta data that identifies how the marks on the ballot were interpreted to create the votes cast.

## COUNT I: ENFORCEMENT OF OPEN RECORDS REQUEST

35.

The Petitioner incorporates by reference and re-allege paragraphs 1 through 34 of the Petition as set forth herein verbatim.

36.

The Petitioner avers that it made an Open Records Request on 10/30/2022 to the Respondents.

37.

The Respondents did not object to the requests, and stated that they had no such records, contrary to state and federal law that requires them to be retained. No original scanned ballot images were ever produced.

38.

The Petitioner avers that the Respondents are and were the custodians of the sought-after records.

39.

The Petitioner avers that the records sought are and were public and are open to the public.

40.

The Petitioner requests that the Court order the Respondents to comply with the 10/30/2022 requests.

41.

Petitioners seek attorney fees against the Respondents for having to file this civil action to gain compliance and transparency.

## COUNT II: DECLARATORY JUDGMENTS.

42.

The Petitioner incorporates by reference and re-allege paragraphs 1 through 41 of the Petition as set forth herein verbatim.

43.

The Petitioner has a justiciable and actual case or controversy concerning the Respondents' complete failure to preserve the original scanned ballots images as required by state and federal law.

44.

The Petitioner avers that this action is adverse. The Petitioner represents its interest in contending that the original ballot images were election materials that should have been

preserved under state and federal law. The Respondents can adequately represent their interest in defending against the Petitioner's contentions.

45.

The Petitioner also contends that the Parties can adequately represent these interests.

46.

The Petitioner's members have a fundamental interest as community stakeholders to have elections conducted and administrated according to state and federal law and the Respondents will not comply with state and federal law in future elections in which they would participate.

47.

The Petitioner avers that the declaration will resolve the current case or controversy, because it will provide guidance for the Parties so that they can comply with state and federal law in future elections in which they would participate.

48.

The Petitioner avers that the destruction of protected elections material is violative of their fundamental right to vote and to have the statutory provisions enforced to alleviate uncertainty in their participation in future elections.

49.

The Petitioner avers that future elections will be conducted on a regular basis within the State of Georgia and that the continued destruction of protected elections material creates uncertainty as to their fundamental right to vote in those future elections.

## COUNT III: TEMPORARY INJUNCTION.

50.

The Petitioner incorporates by reference and re-allege paragraphs 1 through 49 of the Petition as set forth herein verbatim.

51.

In the absence of a temporary restraining order, the Petitioner will suffer irreparable harm for which there is no adequate remedy at law, while injunctive relief will cause no harm to the Respondents because they have already been storing the original paper ballots since the November 2020 General Election.

52.

Immediate and irreparable injury, loss, or damage will result to the Petitioner if the requested injunctive relief is not granted, because the only source to fulfill the Open Records Requests will be destroyed.

53.

There will be immediate irreparable damage to the Petitioner, which clearly outweighs any potential harm to Respondents.

54.

Granting the requested relief will not disserve the public interest.

55.

It is further in the public interest to grant the Petitioner's request for temporary injunctive relief, so that the Petitioner can have confidence that future elections are conducted in accordance with state and federal law and ensuring that the Parties comply with state and federal law.

56.

The Petitioner is entitled to the temporary injunctive relief sought herein, because there is a substantial likelihood of success on the merits.

57.

The damage to the Petitioner is not readily compensable by money, and no other remedy at law exists.

58.

The balance of equities favors entry of a temporary restraining order and injunctive relief against the Respondents and would not be adverse to any legitimate public interest.

59.

The Petitioner seeks to have the Court temporarily enjoin the destruction of the original paper ballots from the November 2020 General Election.

**WHEREFORE, THE PETITIONER** prays:

a). that process **ISSUES** and service by **EFFECTUATED**;

b). that the Court **CONDUCTS** an evidentiary hearing on the temporary injunction;

c). that the Court **DECLARES** that the Respondents have violated state and federal

law by not preserving election materials;

d). that the Court **ISSUES** a temporary injunction preventing the destruction of the November 2020 original paper ballots until further order of this Court;

e). that the Court unseal the original paper ballots from the November 2020 General Election so they can be copied;

f). that the Court **ORDERS** the Respondents to comply with the Petitioner's Open Records Act Requests immediately, after the ballots are unsealed;

g). that the Court **GRANTS** the Petitioners attorney fees for having to prosecute this civil action; **AND**

h). for any other relief the Court **DEEMS** just and proper.

Respectfully submitted this the 3rd day of November, 2022.

**HARDING LAW FIRM, LLC**

Todd A. Harding, For the Firm
Ga. Bar No.: 101562
Attorney for Petitioner

Harding Law Firm, LLC
Attorneys at Law
113 E. Solomon Street
Griffin, GA. 30223
770-229-4578
770-228-9111 facsimile

IN THE SUPERIOR COURT OF COWETA COUNTY
STATE OF GEORGIA

VOTERGA,
      PETITIONER,

vs.                                               **CIVIL ACTION NO.:**

COUNTY OF COWETA, COUNTY OF COBB,
AND COUNTY OF FORSYTH,
      RESPONDENTS.

### VERIFICATION

      **COMES NOW, VOTERGA,** an unincorporated association, in the above style action,

and personally had an official member before the undersigned officer duly authorized to

administer oaths, and on oath deposes and says that he believes the facts alleged in the Petition

therein are true and accurate to the best of his knowledge and belief.

      Respectfully submitted this the _4_ day of November, 2022.


**GARLAND FAVORITO, PRESIDENT,**
**PETITIONER**


**SUBSCRIBED AND SWORN BEFORE ME**
this the _4_ day of November, 2022.
to certify and witness my hand
and official seal.

Notary Public in and for
_FULTON_ County, Georgia.


[AFFIX NOTARIAL SEAL]

**VITO BUONO**
NOTARY PUBLIC
Fulton County
State of Georgia
My Comm. Expires Oct. 19, 2025

Page **10** of **10**

## IN THE SUPREME COURT
## STATE OF GEORGIA

**DAVID PERDUE AND ELIZABETH**
**GRACE LENNON,**
**PETITIONERS,**

**v.**                                    **CASE NO.: S23C0776**

**RICHARD BARRON et al.,**
**RESPONDENTS.**

### VOTERGA'S AMICUS CURIAE BRIEF

**COMES NOW, VOTERGA,** by and through its attorneys of record to file

this amicus curiae brief pursuant to Rule 23, as follows:

### A.    INTERESTS OF AMICUS CURIAE

VOTERGA is a non-profit, non-partisan, tax-exempt organization under

IRC 501(c)(3) created by a coalition of citizens working to restore election

integrity in Georgia. The organization advocates for independently verifiable,

auditable, recount-capable and transparent elections. Its members have

successfully lobbied the Georgia Legislature to make ballot images a matter of

public record. Its members have also been a part of several litigations regarding the

rights of voters in challenging election activities.

Issues involving the integrity of the November 3, 2020 election have shaken

the confidence of Georgia voters. Many Georgia voters simply do not believe that

the election was conducted in accordance with established statutes and procedures.

1

VOTERGA seeks to restore voter confidence by advocating for complete transparency in Georgia's elections, and by taking actions in situations where voter rights are threatened. No voter should feel disenfranchised by illegal activity, and this organization aims to make Georgia voting laws the beacon for other states, and the world, to follow.

### B. DAVID PERDUE, LIKE ELIZABETH GRACE LENNON, HAS STANDING TO ASSERT A CLAIM AGAINST FULTON COUNTY, AND BOTH HAVE STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Pursuant to Sons of Confederate Veterans v. Henry County Board of Commissioners, 315 Ga. 39 (2022), the Court of Appeals of Georgia determined that David Perdue did not have standing to assert a claim as a "community stakeholder" against Fulton County, because his Petition did not aver where Perdue resided. This a faulty reasoning, because as a sitting United States Senator and a candidate for reelection to that office who was on the ballot, Perdue had to satisfy residency in the state of Georgia to qualify for the position. Furthermore, the Petitioners have consistently pled that the acts of the Respondents give rise to an imminent threat of future harm to the Petitioners' state equal protection and state due process rights. Therefore, an analysis of what is a "community stakeholder", Perdue's standing as a resident and a candidate, and the Petitioners' claims for relief are in order.

1. The Court of Appeals of Georgia erred when it found Perdue was not a "community stakeholder" because he is a resident of the relevant community and is a stakeholder in that community which grants him standing to assert a claim against a local government for alleged wrongdoing.

This Court has held that voters need not suffer an individualized injury to confer standing in a claim against a local government for their inability to follow election law, therefore this discussion of standing will be limited to the extent of an analysis of *what* and *who* is a "community stakeholder," pursuant to Sons of Confederate Veterans, 315 Ga. 39 (2022) ("Sons"). That case held that a generalized grievance will suffice to confer standing to a community stakeholder, unless the alleged grievance challenges the constitutionality of a statute. Id. However, the Court of Appeals of Georgia failed to acknowledge that Perdue is a resident within the relevant community, and improperly determined that a community stakeholder must be a voter that resides in the county in which the action is asserted, and dismissed Petitioner Perdue for failing to specify his county of residency. This is faulty reasoning. Neither this Court nor the Court of Appeals of Georgia defined who is a "community stakeholder," so an analysis of the different races within the November 3, 2020 General Election is in order because it will assist in defining the relevant community, and determine who is a stakeholder within that community.

The November 3, 2020 General Election featured many components. Offices

3

with a statewide jurisdiction, of both federal and state offices, as well as multi-county district offices and local offices, were decided on the ballot in that election. The Petitioners have alleged that counterfeit ballots were inserted into the count, along with legitimate ballots in the races for the election of the United States President and United States Senator, which are races for federal offices with a statewide jurisdiction and electorate.

This action concerns only the election of candidates where the electorate is voting in elections for state and federal offices with statewide jurisdictions, making county-level distinctions inapposite. Registered voters in the entire state of Georgia are eligible to participate in those elections. The ballots in this election include all races in that election cycle, and are not separated by office. Therefore, there is no way to separate ballots for elections of statewide jurisdiction from countywide jurisdiction races, such as county sheriff, county school board, or county commissioner races, or from multicounty jurisdictions, such as for circuit judges, state representative or senator, or United States Representative. Their claim pertains to the insertion of counterfeit ballots in the elections for state and federal offices with statewide jurisdictions. As such, the relevant "community" is the electorate of the State of Georgia, and not merely residents or voters in Fulton County.

4

Furthermore, the alleged action of inserting counterfeit ballots in Fulton County has the rippling effect of impacting and diluting the legitimate ballots of voters in not just that county, but all other 158 counties in Georgia. Thus, elections that affect the electorate statewide would make out-of-county voters stakeholders because they are directly affected by the failure of Fulton County to properly administer state election laws. With respect to the elections of offices with statewide jurisdiction or certain federal elections, the alleged insertion of counterfeit ballots in one county affects all Georgia voters who voted in the November 3, 2020 General Election and in future elections. The tabulation of all the county votes into a statewide result affects every voter in every county who voted, which makes each voter in the community of voters a stakeholder, for all voters who have had their vote minimized by the insertion of counterfeit ballots have suffered the same harm. The failure of any county to properly administer the state election laws affects voters in every other county. Therefore, a "community stakeholder" as the term pertains to an election for a statewide office, be it a federal or state office, is a registered voter of the state of Georgia, regardless of what county within Georgia a Petitioner may reside.

Voting is a well-established fundamental and constitutional right, and that right includes the right to ensure that one's vote is not debased or diluted by the failure of any relevant government to properly administer the elections laws. The

5

insertion of counterfeit ballots into an election result amounts to stuffing the ballot box, which violates state equal protection and state due process, and creates *two* classes of voters, which violates state equal protection and state due process. Counterfeit ballots lessen the value of the one groups' vote, while simultaneously increasing the value of another groups' vote. The insertion of these counterfeit ballots in a statewide election affects all Georgia voters regardless of what county they live, and as such are "community stakeholders" as defined by this Court.

In conclusion, all registered Georgia voters who allege that their vote has been devalued or debased due to the insertion of counterfeit ballots in an election of statewide office, be it a federal or state office, regardless of where they reside are community stakeholders in such an election for every local government that administers an election. Therefore, this Court should **REVERSE** the Court of Appeals of Georgia's decision and **REMAND** with instructions to find Perdue has standing because he is a community stakeholder, as he is a resident of the relevant community.

> 2. The Court of Appeals of Georgia erred when it determined that David Perdue lacked standing to assert a claim against Fulton County, because as a candidate for reelection as a United States Senator for Georgia, he meets the qualifications of a "community stakeholder."

Petitioner David Perdue asserts he has a cause of action, and standing to assert said cause of action. Perdue asserts the alleged insertion of counterfeit

6

ballots in Fulton County negatively impacts the legitimate votes of Georgia voters outside of Fulton County. In Perdue's case, the Court of Appeals of Georgia failed to consider his unique position as a candidate for reelection to the United States Senate, and how his candidacy also makes him a "community stakeholder" in an election for statewide office in Georgia.

For standing purposes, a candidate is a hybrid between a resident and a voter. This Court held recently that residents, voters, and taxpayers are "community stakeholders", and have standing to assert an action against their local government when said government action violates the law. Sons of Confederate Veterans v. Henry County Board of Commissioners, *supra*. The United States Constitution states that "[n]o Person shall be a Senator who shall not have attained to the Age of thirty Years, and been nine Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State for which he shall be chosen." United States Constitution, Art. I, § III, ¶ 3. Furthermore, Georgia law holds that "[e]very candidate for federal and state office who is certified by the state executive committee of a political party or who files a notice of candidacy shall meet the constitutional and statutory qualifications for holding the office being sought." O.C.G.A. § 21-2-5(a).

Perdue, as a sitting United States Senator and candidate for reelection, had satisfied the eligibility requirements under the United States Constitution. He

7

further satisfied the residency requirements for such position under Georgia law. As the incumbent office holder, his job was at stake, and surely voted in said election. As a candidate, he ran for said office in a statewide race, with statewide jurisdiction. As such, a candidate is a hybrid of a resident and a voter, which this Court has stated are "community stakeholders", who is a member "in the community [which] provides the necessary standing to bring a cause of action to ensure a local government follows the law." Sons, at 54.

Therefore, Perdue is certainly a "community stakeholder" and this Court should **REVERSE** the Court of Appeals of Georgia's decision and **REMAND** with instructions to find Perdue has standing because he is a community stakeholder, as he is a resident of the relevant community.

> 3. The Court of Appeals of Georgia erred in dismissing this case, because this Court has held that past acts can be used to show the threat of future harm, thus justifying the need for a declaratory judgment.

The Court of Appeals of Georgia erred in dismissing the Petitioners' case on the ground that the acts complained of had already taken place. The Court cites numerous cases in support of their dismissal, but failed to note that the Petitioners have consistently pled throughout their complaint that it is the alleged actions of the Respondents in the November 3, 2020 election, that causes them concern or uncertainty that their rights will be violated regarding *future* elections. The Court fails to acknowledge that these alleged past acts are sufficient to show the threat of

8

future harm to the Petitioners' votes.

Georgia case law shows that a past injury can show the threat of future injury, and thus warrant a declaratory judgment to prevent future harm. A court may grant declaratory judgment relief where there exists an "actual controversy involving palpable insecurity." Fourth Street Baptist Church of Columbus v. Bd. of Registrars, 253 Ga. 368, 369 (1984) ("Fourth Street"). "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." Oconee Fed. S&L Assn. v. Brown, 351 Ga. App. 561, 566 (2) (a) (2019). Further, a party seeking a declaratory judgment "must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." Collins v. Athens Orthopedic Clinic, 356 Ga. App. 776, 780 (2020). The Court summarized this rule by stating that "a party … [must] show that it is in a position of uncertainty as to an alleged right." Id., at 781.

Fourth Street is distinguished from the present case. In that case, the Respondent had denied the Petitioners request to have their church designated as a voter registration site, based on a policy of not designating any churches for such purpose. Fourth Street, at 368. The Petitioners filed a declaratory action requesting

9

a declaratory judgment to overturn the decision, which was dismissed because the proper action was a writ of mandamus. Id. In this Court's explanation affirming the decision, the Court stated that voters were not faced with "uncertainty or insecurity with respect to their voting rights, nor any risk stemming from undirected future action." Id., at 369.

Here, distinct from Fourth Street, the Petitioners are faced with such uncertainty and insecurity. The Petitioners have averred that a fundamental right, the right to vote and to not have that vote debased or diminished, was infringed by the insertion of counterfeit ballots into the count with legitimate ballots in Fulton County. They have provided affidavits from poll watchers that detail sufficient items, if proven true, support their contentions that their vote was diluted by the insertion of counterfeit ballots, and is likely to happen in future elections. Left unchecked, Fulton County will continue to produce their desired outcome in every state election henceforth, and the Petitioners will continue to be in a "position of uncertainty as to an alleged right." Collins, *supra*.

The Court of Appeals opinion seems to state that the Petitioners are in a position of *no* uncertainty as to their fundamental right to vote. As long as one is able to cast their vote, it's all good, right? No, because numerous court cases over the last hundred years shows that the debasement or dilution of one's vote is as much an infringement to their right to vote as is the denial of the free exercise

10

thereof. *See* Baker v. Carr, 369 U.S. 186, 206 (1962); Reynolds v. Sims, 377 U.S. 533 (1964).

The Court of Appeals' decision states that because the alleged acts have already occurred, that no declaratory judgment can be had, as a declaratory judgment is a forward-looking remedy. Under this logic, *no one could ever* bring an action against such government malfeasance, because when a claim is brought, the government will say that because the incident is in the past, no action can be taken. If such logic is true, how is *any* relief possible?

The Petitioners are not seeking a declaratory judgment on the Respondents' *past actions*. That indeed is a backwards-looking remedy that the Declaratory Judgment Act does not support. The past actions are indicative of future behavior of the Respondents in conducting future elections. Sufficient facts have been pled to show that there is certainly a palpable insecurity amongst the Petitioners that their state due process and state equal protection rights will continue to be violated by the Respondents, who have allowed or engaged in an illegal ballot stuffing scheme which debases or dilutes the vote value of these Petitioners. The Petitioners are seeking a declaratory judgment on the *future actions* of the Respondents, that will occur based on these past actions. The object of the declaratory judgment that the Petitioners seek is to permit determination of this controversy, because they feel it is imminent that their rights will be violated *again*, in the coming elections.

11

Oconee Fed. S&L Assn. v. Brown, *supra*. Therefore, there is a "palpable insecurity" going forward to warrant the Petitioners' concerns, as there will be future statewide elections where voters continue to be uncertain that Fulton County will properly administer state election laws. Fourth Street, *supra*.

The past acts of the Respondents show that there is uncertainty and insecurity amongst the Petitioners that the Respondents will continue to violate the Petitioners' state due process and state equal protection rights in future elections. Therefore, this Court should **REVERSE** the Court of Appeals decision, and **REMAND** this case for further review in light of this Court's decision.

> 4.  The Petitioners are not restricted to the pleaded requests for relief, but are entitled to any lawful relief a trial court can provide in accordance with the law.

The Court of Appeals of Georgia ultimately dismissed the Petitioners' complaint for declaratory judgment for failure to state a claim upon which relief could be granted, and dismissed the requested injunctive relief as moot. The Court's logic is that the requested declaratory judgment cannot be had based on the past acts of the Respondents. However, a declaratory judgment is just one of many possible avenues for relief that the trial court could grant, and a dismissal on the specific prayers for relief were in error.

Georgia is a 'notice pleading' state, which means that a complaint may be amended to conform to the evidence presented in the case. This Court has

explained that the

> issues are no longer formed by pleadings, and the pleadings serve only
> the purpose of giving notice to the opposite party of the general nature
> of the contentions of the pleader, it is no longer appropriate to
> construe the pleadings against the pleader, but they should be
> construed in the light most favorable to the pleader with all doubts
> resolved in the pleader's favor even though unfavorable constructions
> are possible.

DeKalb County v. Georgia Paperstock Co., 226 Ga. 369 (1970). Further, Georgia

law holds that a trial court is not limited to a specific prayer for relief, holding that

with a general prayer for relief, "[a] superior court is authorized to grant

appropriate relief, including equitable relief, even though there is no express

prayer, provided the propriety of the relief has been litigated and the opposing

party has had an opportunity to assert defenses relevant to the relief." Wender &

Roberts, Inc. v. Wender, 238 Ga. App. 355 (1999).

Here, the Petitioners consistently pled throughout their complaint that the

Petitioners' state due process and state equal protection rights were violated by the

Respondents' insertion of counterfeit ballots into the ballot box, and that the

Petitioners were concerned that the Respondents would continue these actions in

future elections. Without action from the court to stop the Respondents, such

actions are likely, if not certain, to continue. These actions threaten the Petitioners'

future vote values, causing further state due process and state equal protection

violations. It is this threat of future harm that the Petitioners seek declaratory

13

judgments and injunctions.

While the Petitioners had prayed a specific prayer for relief of declaratory judgments showing that the Respondents had violated the Petitioners' state due process and state equal protection rights, the Petitioners included a general prayer for "other relief, both general and special, at law and in equity, that the Court **DEEMS** just and proper." Petition For Declaratory Judgment And Injunctive Relief, pg. 77. This prayer allows the trial court the latitude to issue a judgment that conforms to the evidence. O.C.G.A. § 9-11-15. Considerable facts were pled to put the Respondents on notice of what issues were being complained of by the Petitioners. Because discovery was still ongoing, it was error for the trial court to dismiss the action because of the stated specific prayers for relief. Sufficient facts have been presented to show the Petitioners' state due process and state equal protection rights have been violated in the November 3, 2020 election, and that the Petitioners possess a reasonable belief of insecurity that their future vote values will be negatively impacted, causing further state due process and state equal protection harm. If the requested specific prayer for relief is not available or inapplicable to a claim, Georgia law authorizes the court to fashion relief that would do substantial justice under the law under the general prayer for relief. Under the facts alleged concerning future harm, the court could have determined that the Petitioners were seeking declaratory judgments and injunctions based on

14

this future harm and granted the requested relief, despite the lack of precise wording in the prayer.

The trial court failed to fashion such relief, which was error under established Georgia law. Based on the foregoing, the trial court, under the general prayer for relief, could have issued judgment that conformed to the evidence presented. Therefore, this Court should **REVERSE** the Court of Appeals decision, and **REMAND** this case for further review in light of this Court's decision.

5.      The Petitioners' allegations against the Respondents are those that are capable of repetition, yet evade review.

The Court of Appeals of Georgia dismissed the Petitioners' claim for injunctive relief as moot, because the underlying declaratory judgment was dismissed erroneously, as examined in the above sections. The Petitioners contend that their claim for injunctive relief is not moot, because only a part of their requested injunction was granted at the trial court, and there continues to be a very real fear that these Petitioners' votes will continue to be debased or diminished in future elections in which they plan to participate. Moreover, the dismissal of the entire case deprives the order allegedly mooting the claim for injunctive relief of force or effect. Therefore, their state due process and state equal protection rights will continue to be violated by the Respondents.

Sufficient facts concerning the past actions of the Respondents will cause future harm to the Petitioners, thus rendering the Petitioners' claims as "capable of

repetition yet evading review...." I.B., In Interest of, 219 Ga. App. 268 (1995). A claim that is dismissed as moot must show that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' '..." Id., at 273. The first part of the test simply means there is a "reasonable expectation of recurrence", while the second part is self-explanatory. Id., at 277.

These actions cause great concern to the Petitioners that their rights will continue to be violated in the coming elections in which they plan to participate. Petitioners are residents of Georgia that have had their state due process and state equal protection rights trampled on by the Respondents, and will vote in future elections, and thus expect that they will be subjected to the same action by the Respondents again. The Court of Appeals of Georgia's position is that past acts cannot support the threat of future harm is nonsensical. While it is true that a declaratory judgment cannot be had based on past acts *alone*, sufficient facts have been pled to show that these acts are likely to continue in *future* elections.[1] It is these past acts that cause the injury to one's vote. Elections occur in Georgia every

---

[1] *See* e.g., *Performance Review Board Report on Fulton County Elections*, Jan. 23, 2023, available at https://sos.ga.gov/sites/default/files/forms/Performance%20Review%20Board%20Report%20on%20Fulton%20Cou nty%20Elections%20%281-13-23%29_0%20%28OLD%29.pdf, last visited June 13, 2023 (referring to the need for "further improvements" eight times in 19 pages, and with a major heading entitled "Areas for Improvement." (*See* pp. 2, 15, 15, 18.)

two years, and these Petitioners intend to participate in coming elections. The pleadings show that it is the same players conducting the elections year after year, so it is no stretch of the imagination to believe these actors will continue to harm these Petitioners' rights in upcoming elections, causing the Petitioners future harm. Because of these facts, there is certainly a "reasonable expectation of recurrence" that these Petitioners will experience state due process and state equal protection violations to their right to vote in coming elections.

As such, there is a reasonable belief that the situation presented is capable of repetition and evading review if the Court does not take action to prevent the Respondents from causing future harm to the Petitioners' rights. This Court should therefore **REVERSE** the Court of Appeals decision, and **REMAND** this case for further review in light of this Court's decision.

## I.     CONCLUSION.

The Petitioners have pled state equal protection and state due process claims for injury to their votes in the November 2020 election and in future elections. They allege that counterfeit ballots were inserted into batches of genuine ballots, in an effort to dilute a particular group's vote count, that in which the Petitioners belong, while strengthening another group's vote count. Such ballot stuffing created two classes of voters, which gives rise to state equal protection and state due process claims. These claims were supported by multiple affidavits from

17

persons that witnessed such activity.

This Court has previously held that residents, voters, and taxpayers are community stakeholders who have standing to assert their grievances against government actors. The Court of Appeals erred when it held that the Petitioner David Perdue, as a candidate for reelection to the United States, representing the State of Georgia, did not have standing to assert a claim against the Respondents for their actions or inactions in a statewide election. Perdue, as a candidate, is clearly in the community that was affected by the failure of Fulton County to properly administer state election laws, and is a community stakeholder. Perdue and Lennon also have stated a claim upon which relief can be granted, because they complained of past acts of the Respondents will happen in future elections, thus injuring the Petitioners further. The Petitioners have pled sufficient facts that support the position that future elections will result in the same behavior without judicial intervention. Further, the stated prayer for relief included a general prayer for relief, upon which the trial court could render a judgment that conformed to the evidence presented. Without judicial intervention, the Respondents' behavior is sure to continue, yet their conduct will evade review unless this Court takes up the matter. The Petitioners humbly petition this honorable Court to **GRANT** the issuance of a **WRIT OF CERTIORARI.**

This submission does not exceed the page count limit imposed by Rule 20.

Respectfully submitted this the 21st day of June, 2023.

HARDING LAW FIRM, LLC

/s/ Todd A. Harding
Todd A. Harding, For the Firm
Ga. Bar No. 101562
Attorney for Movant VOTERGA

PAUL C. KUNST, PC

/s/ Paul C. Kunst
Paul C. Kunst, For the Firm
Ga. Bar. No. 735307
Attorney for Movant VOTERGA

Harding Law Firm, LLC
Attorney at Law
113 E. Solomon Street
Griffin, GA 30223
770-229-4578
770-228-9111 facsimile

Paul C. Kunst, PC
Attorney at Law
941 Thomaston Street
Barnesville, GA 30204
678-359-1LAW (1529)

# IN THE SUPREME COURT
## STATE OF GEORGIA

**DAVID PERDUE AND ELIZABETH GRACE LENNON,**
    **PETITIONERS,**

v.                                             **CASE NO.: S23C0776**

**RICHARD BARRON et al.,**
    **RESPONDENTS.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the Parties via their counsels of record, a true and correct copy of **VOTERGA'S AMICUS CURIAE BRIEF** to all attorneys of record using the Supreme Court of Georgia Electronic Court Filing SCED System, and via electronic mail, to the following addresses:

Donald F. Samuel
dfs@gsllaw.com
Amanda Clark Palmer
aclark@gsllaw.com
C. David Joyner
djoyner@cdavidjoynerpc.com
David Lowman
David.Lowman@fultoncountyga.gov
Steven Rosenberg
Steven.Rosenberg@fultoncountyga.gov
Kaye Woodard Burwell
Kaye.Burwell@fultoncountyga.gov
Laura L. Moore
Laura.moore@fultoncountyga.gov

Mathew E. Plott
Mathew.Plott@fultoncountyga.gov
Dominique Martinez
Dominique.Martinez@fultoncountyga.gov
Robert D. Cheeley
bob@cheeleylawgroup.com
Harry W. MacDougald
hmacdougald@ccedlaw.com
William Charles Bundren
charles@bundrenlaw.net
Preston Haliburton
prestonhaliburton@gmail.com

Respectfully submitted this the 21st day of June, 2023.

**HARDING LAW FIRM, LLC**

/s/ Todd A. Harding
Todd A. Harding, For the Firm
Ga. Bar No. 101562
Attorney for Movant VOTERGA

**PAUL C. KUNST, PC**

/s/ Paul C. Kunst
Paul C. Kunst, For the Firm
Ga. Bar. No. 735307
Attorney for Movant VOTERGA

Harding Law Firm, LLC
113 E. Solomon Street
Griffin, GA 30223
(770) 229-4578
(770) 228-9111 facsimile

Paul C. Kunst, PC
941 Thomaston Street
Barnesville, GA 30204
(678) 359-1LAW (1529)