# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>PLAINTIFFS' MOTION TO EXCLUDE THE MITRE REPORT</u>

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................1

II.  BACKGROUND .........................................................................................3

III.  ARGUMENT................................................................................................6

    A.  Defendants did not timely disclose the MITRE Report ........................6

    B.  Defendants failed to provide required Rule 26 expert
       disclosures and any discovery into the MITRE Report ........................8

    C.  The MITRE Report is inadmissible hearsay .......................................10

    D.  The MITRE Report cannot be authenticated.......................................12

    E.  The MITRE Report is the product of a violation of the Court's
       protective order....................................................................................13

IV.  CONCLUSION ..........................................................................................15

i

# TABLE OF AUTHORITIES

## Cases

*Deutz Corp. v. Engine Distrib. Inc.*,
  2019 WL 13207635 (Nov. 18, 2019 N.D. Ga.)......................................................7

*Diamond Resorts Int'l, Inc. v. Aaronson*,
  378 F. Supp. 3d 1143 (M.D. Fla. 2019) ..............................................................12

*Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.*,
  2022 WL 3699169 (N.D. Ga. Feb. 23, 2022)........................................................7

*Johnston v. Borders*,
  2018 WL 4215027 (M.D. Fla. Sept. 4, 2018) ....................................................10

*Jones v. Royal Caribbean Cruises, Ltd.*,
  2013 WL 8695361 (S.D. Fla. Apr. 4, 2013).........................................................11

*Mitchell v. Ford Motor Co.*,
  318 F. App'x 821 (11th Cir. 2009)....................................................................7, 9

*Neagle v. Ill. Tool Works, Inc.*,
  2011 WL 13173913 (N.D. Ga. Feb. 11, 2011)....................................................10

*Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.*,
  2007 WL 4563875 (N.D. Ga. May 11, 2007) ......................................................13

*Paul v. Aramark Healthcare Support Servs., LLC*,
  2016 WL 7888045 (N.D. Ga. June 2, 2016) ..........................................................9

*United States v. An Easement & Right-of-way Over 1.58 Acres of Land*,
  343 F. Supp. 3d 1321 (N.D. Ga. 2018) ...............................................................10

## Rules

Fed. R. Civ. P. 26(a)(2).........................................................................................9

Fed. R. Civ. P. 37(b)(2)(A)(ii) ............................................................................13

Fed. R. Civ. P. 37(c)(1)..................................................................................... 7, 14

Fed. R. Evid. 803(6)..............................................................................................11

Fed. R. Evid. 803(8) ..........................................................................................11

Fed. R. Evid. 807 ...............................................................................................12

Fed. R. Evid. 901(a) ..........................................................................................12

Local Rule 26.2(C) ...........................................................................................6, 7

## I.    INTRODUCTION

Defendants intend to offer an expert report purportedly prepared by unknown employees of the MITRE Corporation for non-party Dominion Voting Systems' own commercial use ("the MITRE Report").  (Doc. 1570-4.)  The MITRE Report is inadmissible and should be excluded.

First, the disclosure of the MITRE Report was extremely untimely. Although it purports to respond to the July 2021 report of Plaintiffs' expert Dr. Alex Halderman, the MITRE Report was not disclosed until September 2022 *by a non-party* (not Defendants), more than a year after Defendants' deadline for expert disclosures and more than seven months after the close of expert discovery. Defendants have never included anyone from MITRE in their initial disclosures or expert disclosures and did not seek to rely on the MITRE Report in this case until January 9, 2023, when they moved for summary judgment.  The Court struck the MITRE Report from the docket on October 20, 2022 (Doc. 1520) and later properly declined to consider it at summary judgment (Doc. 1705 at 92 n.55). There is no basis for this Court to reach a different decision now or to revisit that decision for trial.

Second, Defendants have never disclosed MITRE or anyone from MITRE as an expert in this case.  Thus, they are barred from offering expert testimony for failing to comply with the expert disclosure requirements of Rule 26.  Those

requirements are critically important.  Plaintiffs had no opportunity to take any discovery regarding the MITRE Report.  Plaintiffs do not know who specifically prepared the MITRE Report, what training and experience purportedly qualifies the authors as experts on the subject matter, what methods the authors used, or what facts and data the authors relied on in preparing the MITRE Report. Defendants may argue the Report discloses this information, but given it has been subjected to no discovery or scrutiny, such a claim would be specious.

Third, the MITRE Report is inadmissible hearsay.  Although experts may consider hearsay in forming their opinions, expert reports themselves are generally inadmissible as hearsay, and experts must testify to their analyses and opinions— and be subjected to cross examination.  Defendants have not disclosed any witness—much less a qualified expert—who would testify to the contents of the MITRE Report, and no hearsay exception applies.

Fourth, the MITRE Report cannot be authenticated.  Someone from MITRE with knowledge of the Report would have to testify that MITRE prepared this Report and that it is what it purports to be.  Defendants have not listed anyone from MITRE on any iteration of their witness list, and it is too late to do so now.

Finally, the MITRE Report is the product of a violation of this Court's Protective Order.  This is a separate and compelling basis for its exclusion.

## II.   BACKGROUND

The parties agreed on and the Court approved the following deadlines for expert discovery: Defendants' expert disclosures were due by July 16, 2021 (Doc. 1093); rebuttal expert disclosures to plaintiffs' supplemental expert reports were due no later than January 24, 2022; and expert discovery closed on February 15, 2022.  (Doc. 1238.)  On July 1, 2021, Plaintiffs' expert Dr. Halderman provided a report (the "Halderman Report") analyzing Georgia's Dominion ImageCastX ("ICX") Prime Ballot Marking Devices ("BMDs") and detailing how malicious actors could attack vulnerabilities in Georgia's BMD system.  (Doc. 1681.) Defendants produced no report from MITRE by the expert disclosure deadline and made no mention of MITRE in their initial disclosures.  *See* Ex. A (initial disclosures).

Plaintiffs first learned about an interim MITRE Report from Defendants' counsel at the June 7, 2022 hearing with the Court.  Plaintiffs' counsel Mr. Cross objected to any effort by Defendants to introduce a new expert report from MITRE or otherwise.  (*See* June 7, 2022 Hr'g Tr. at 10:21-11:2.)

On September 19, 2022, over a year after the deadline for Defendants' expert disclosures and more than seven months after the close of expert discovery, non-party U.S. Dominion sought to file a sealed copy of the MITRE Report and approval to distribute it to its customers.  (*See* Doc. 1487-1.)  To be clear,

3

Dominion—not the State—was the one that first disclosed the MITRE Report here, and it did so for its own commercial purposes, not for the purpose of this litigation. (*Id.*)  Specifically, Dominion sought to share the MITRE Report with its own customers.  (*Id.*)  The Court struck the MITRE Report from the docket on October 20, 2022, thereby removing it from the record in this case.  (Doc. 1520.)

The MITRE Report quotes extensively from the sealed unredacted Halderman Report but improperly states on its cover that it was "Approved for Public Release; Distribution Unlimited."  (Doc. 1487-1 at 1.)  This revealed that in violation of the Protective Order (Doc. 477), non-party Dominion had disseminated the sealed Halderman Report it to non-party MITRE.  Citing concerns that "Dominion's decision to share Dr. Halderman's report with MITRE NESL in the first place potentially violated the Court's Protective Order," the Court denied Dominion's September 19, 2022 motion.  (Doc. 1520 at 2.)

Defendants themselves never disclosed the MITRE Report, never identified a MITRE expert or other witness on their initial disclosures (or witness lists), and never relied on the MITRE Report in this case until they filed a copy of the Report in support of their summary judgment motions—over two months after the Court struck the report from the record here.  (Doc. 1570-4.)  Plaintiffs objected to Defendants' introduction of and reliance on the MITRE Report, explaining that the MITRE Report "is inadmissible for many reasons, including untimeliness, hearsay,

4

and the lack of any discovery about it." (Doc. 1625 at 8 n.5.)

Following the parties' agreement that no redactions would be necessary, the Court ordered the MITRE Report to be unsealed. (Doc. 1680 at 7.) The Court also held, however, that "[a]s the Defendants did not seek to make the MITRE Report available to the Plaintiffs during the discovery period prior to summary judgment briefing, the Court will not consider the MITRE report in connection with the summary judgment motion." (*Id.*) The Court reiterated in its summary judgment order that "the Court cannot properly consider the MITRE Report for purposes of summary judgment" given the timing of its disclosure. (Doc. 1705 at 92 n.55.) The Court also "note[d] that the MITRE Corporation never reviewed the BMD system's *actual* implementation in Georgia or elsewhere or security practices used (or not used) in connection with this implementation." (*Id.*)

Nevertheless, Defendants listed the MITRE Report on their proposed trial exhibit list (in triplicate) as Exhibit Nos. 286, 366, and 767, and confirmed— without explanation—that they intend to rely on it at trial (*see* Ex. B, Dec. 5, 2023 Email from C. Miller), despite having never identified any MITRE witness in their Rule 26(a) disclosures, during discovery, or on their trial witness list (*see* Ex. C, Defendants' revised witness list). Defendants also have never even attempted to square their position that they can rely on the untimely MITRE Report with their position that Plaintiffs should be foreclosed from offering timely-disclosed

testimony from Dr. Halderman (that's been subjected to extensive cross examination) because *Defendants themselves chose not to pursue discovery about that testimony for years*.  (Doc. 1716.)  To say that Defendants' self-serving contradiction is baseless is to put it mildly.

## III.   ARGUMENT

The MITRE Report is inadmissible and should be excluded.  It was not timely disclosed, which prevented Plaintiffs from taking any discovery into it; it is inadmissible hearsay to which no exception applies; there is no disclosed witness who can authenticate it; and it is the product of a violation of the protective order.

### A.    Defendants did not timely disclose the MITRE Report

Defendants' attempt to offer the MITRE Report into evidence is more than a year late, which deprived Plaintiffs of the chance to take any discovery into it.

Local Rule 26.2(C) provides that "[a]ny party who desires to use the testimony of an expert witness shall designate the expert ***sufficiently early in the discovery period*** to permit the opposing party the opportunity to depose the expert."  (Emphasis added).  A party who fails to comply with the disclosure requirements "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified."  *Id.*; *Deutz Corp. v. Engine Distrib. Inc*., 2019 WL 13207635, at *11 (Nov. 18, 2019 N.D. Ga.) ("[T]he standard for striking untimely

expert testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified." (citation omitted)).  That is also consistent with Rule 37(c)(1), which provides for automatic exclusion of information not disclosed during discovery unless the failure is substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

Courts in this jurisdiction routinely strike untimely expert reports.  This Court previously emphasized the importance of the expert disclosure deadline and strictly enforced it by excluding a supplemental report from Coalition Plaintiffs' expert Dr. Buell that it found to be untimely—and that report was disclosed during discovery long before the MITRE Report.  (Doc. 1322.)  In *Deutz*, the court granted a motion to strike an expert report disclosed on the last day of discovery, because such untimely disclosure "would not allow for such process" as provided in Local Rule 26.2.  2019 WL 13207635, at *11.  Similarly, in *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009), the Eleventh Circuit affirmed a district court's exclusion of an untimely expert testimony.  The expert "did not properly disclose the necessary scientific bases for his expert opinion in a timely fashion," and the "untimely disclosure left Ford unable to depose fully [the expert] or question what he relied on to form his opinions."  *Id.*; *see also Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.*, 2022 WL 3699169, at *12 (N.D. Ga. Feb. 23, 2022) (excluding expert's damages calculation for untimely disclosure).

7

Defendants' very-belated reliance on the MITRE Report is worse than any of these instances.  The MITRE Report was not disclosed until September 19, 2022 *by Dominion for its own commercial purposes*, more than a *year* after the deadline for Defendants' expert disclosures (July 16, 2021) (Doc. 1093) and more than seven months after the close of expert discovery (February 15, 2022) (Doc. 1238). Defendants themselves did not seek to rely on the MITRE Report in this case until many months later, on January 9, 2023, when they moved for summary judgment (Doc. 1570-4)—over two months after the Court struck the MITRE Report from the record here.  This was well after *every* discovery deadline set by the Court. Defendants have offered no justification for waiting until long after the expert disclosure deadline to put forward the MITRE Report as expert testimony.  They were aware of Dr. Halderman's Report since July 1, 2021, and had ample opportunity to provide the required rebuttal expert disclosures within the schedule ordered by the Court, especially given multiple extensions of the expert discovery deadline.  They simply chose not to.  That precludes the use of the MITRE Report for any purpose in this case, including cross examination, consistent with the Court's exclusion of Dr. Buell's supplemental report based on Defendants' objection.

**B.      Defendants failed to provide required Rule 26 expert disclosures
          and any discovery into the MITRE Report**

Defendants should also be precluded from offering the MITRE Report

because they failed to make the required expert disclosures under Rule 26(a)(2) and prevented Plaintiffs from taking any discovery into the MITRE Report.

Defendants have never disclosed MITRE or anyone from MITRE as an expert in this case. Plaintiffs have no way of knowing who specifically prepared the MITRE Report, what their training and qualifications are, how they went about preparing the MITRE Report, or what facts or data they considered in arriving at their opinions. That prejudices Plaintiffs and provides another basis for exclusion. *Paul v. Aramark Healthcare Support Servs., LLC*, 2016 WL 7888045, at *4 (N.D. Ga. June 2, 2016) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."); *Mitchell*, 318 F. App'x at 825 (affirming exclusion of late expert testimony where the "untimely disclosure left Ford unable to depose fully [the expert] or question what he relied on to form his opinions"). Plaintiffs do not even know if MITRE still stands behind the report— assuming it ever did—given that the extraordinary breach of Georgia's voting system in its operational environment via Coffee County eviscerates a core assumption on which the opinions in the MITRE Report are critically based. (Doc. 1570-4 at 39 (finding potential attack "to be infeasible due to access controls in place in operational election environments"). That MITRE itself has never publicly endorsed or defended the Report is damning (although that obviously

would not cure the fatal defects here).

Defendants chose not to provide the required Rule 26 expert disclosures or any discovery into the MITRE Report and must live with that choice.

### C.    The MITRE Report is inadmissible hearsay

Even had Defendants timely disclosed the MITRE Report and its authors, the Report would still be inadmissible for the independent reason that it is hearsay.

The MITRE Report states that MITRE was retained to "provide an independent *expert* technical review" of the claims made by Dr. Halderman.  (Doc. 1570-4 § 1.1.)  But it is well-established that expert reports themselves are hearsay and thus not admissible in evidence.  *See Neagle v. Ill. Tool Works, Inc.*, 2011 WL 13173913, at *1 (N.D. Ga. Feb. 11, 2011) (expert reports generally are inadmissible because they are hearsay); *United States v. An Easement & Right-of-way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1349 (N.D. Ga. 2018) (granting motion in limine to exclude expert reports because "expert reports are hearsay"); *Johnston v. Borders*, 2018 WL 4215027, at *1 (M.D. Fla. Sept. 4, 2018) ("Mr. Anderson's opinions will be presented via his sworn testimony, and his report may be used to refresh his recollection or for impeachment, but ***the report itself is hearsay and is not admissible***." (emphasis added)); *Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013) (expert's written report is not admissible at trial).

Nor do any hearsay exceptions apply.  First, the MITRE Report does not qualify as a business record under Rule 803(6).  It expressly states that it was prepared for Dominion in response to Dr. Halderman's Report in this case.  (Doc. 1570-4 § 1.1 ("Dominion Voting Systems Corp., via counsel Susman Godfrey, L.L.P., retained MITRE's National Election Security Lab (NESL) to provide an independent expert technical review of [Dr. Halderman's] claims.".)  Thus, the MITRE Report was not "kept in the course of a regularly conducted activity of a business" and "making the record was [not] a regular practice of that activity." Fed. R. Evid. 803(6).  It instead was prepared for Dominion's own purposes, purportedly at the direction of its litigation counsel representing Dominion in its defamation lawsuit against FoxNews and other defendants.

Second, the MITRE Report is not a public record under Rule 803(8) because MITRE is not a public agency.  (*See* Doc. 1570-4 § 1("The MITRE Corporation is a not-for-profit company . . . .")); Fed. R. Evid. 803(8).  To the extent Defendants attempt to liken the MITRE Report to CISA's 2022 advisories confirming Dr. Halderman's July 2021 findings, that argument fails for at least this reason.

Third, the MITRE Report does not meet the residual hearsay exception of Rule 807, as it was created for Dominion's self-interested, commercial purposes (to provide to Dominion's customers, *see* Doc. 1486 at 2) (as well as perhaps for advocacy purposes in its litigation against FoxNews and other defendants given its

litigation counsel purportedly retained MITRE).  *See Diamond Resorts Int'l, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019) (excluding expert report as inadmissible hearsay and declining to apply residual exception because "[i]t can rarely be said that a report prepared by a paid, retained expert witness for a party or its counsel bears 'equivalent circumstantial guarantees of trustworthiness' to justify application of the residual hearsay exception" (citation omitted)); Fed. R. Evid. 807.  Defendants' failure to disclose the Report's authors, their qualifications, or the full scope of their methodologies and underlying facts and data as well as their failure to subject the Report's authors to cross examination or other scrutiny in discovery further undermines the Report's trustworthiness.

### D.    The MITRE Report cannot be authenticated

The MITRE Report is also inadmissible because it cannot be authenticated. To introduce it into evidence, Defendants must "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  This they cannot do.  Only a witness from MITRE with knowledge of the MITRE Report would be able to testify that it is what it purports to be, i.e., a report prepared by one or more MITRE employees to respond to Dr. Halderman's July 2021 Report.  Defendants did not disclose anyone from MITRE on their Rule 26(a) disclosures or in discovery, nor on their trial witness lists (*see* Ex. C); and there is no good cause to do so now, since the MITRE Report responds to an expert report

12

Defendants received in *July 2021*. *See Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.*, 2007 WL 4563875, at \*6 (N.D. Ga. May 11, 2007) (excluding documents because there was no witness with personal knowledge that the document accurately reflected what it purported to be, as the proffered authentication witnesses were not disclosed during discovery).

### E.    The MITRE Report is the product of a violation of the Court's protective order

Finally, the MITRE Report should be excluded because it is the product of a violation of the Court's Protective Order in this case.  Courts have authority under Rule 37(b)(2)(A)(ii) to prohibit parties who disobey protective orders "from introducing designated matters in evidence."  The MITRE Report was prepared in violation of the Court's Protective Order, which limits disclosure of material designated "Attorneys' Eyes Only," as was the Halderman Report at the time, to experts "to whom disclosure is reasonably necessary for this litigation" and who have signed the Protective Order.  (Doc. 477 § 5(b).)

*Non-party* Dominion apparently provided the *sealed* Halderman Report to another *non-party*, MITRE, for its own purposes, not for expert disclosures in this litigation.  Dominion repeatedly has disclaimed and opposed any involvement in this litigation.  (*See* Doc. 1506 at 3-5.)  Indeed, Dominion conceded that it shared the Halderman Report with MITRE not for any purpose related to this litigation, but instead to *produce a report that it could share with its **customers**.*  (*See* Doc.

13

1506 at 4-5; Doc. 1486 at 2.)  The MITRE Report even states on its cover that it is "Approved for Public Release; Distribution Unlimited," which directly contravenes the unequivocal restrictions imposed by this Court on the extensive quotations from and discussions of Dr. Halderman's then-sealed Report throughout the MITRE Report.  (Doc. 1487-1 at 1.)  That Dominion sought the Court's permission to disclose the MITRE Report to its customers does not cure its improper disclosure of Dr. Halderman's Report to MITRE to begin with.  In fact, it highlights the impropriety by confirming that Dominion knew the substance of Dr. Halderman's then-sealed Report was subject to this Court's Protective Order.

Additionally, neither Dominion nor Defendants have put forth any showing that anyone from MITRE signed the Protective Order at any time, much less before accessing Dr. Halderman's then-sealed Report, as required.  This Court thus previously recognized that "Dominion's decision to share Dr. Halderman's report with MITRE NESL in the first place potentially violated the Court's Protective Order."  (Doc. 1520 at 2.)

Per Rule 37, because the MITRE Report was prepared in violation of the Court's Protective Order, Defendants should not be permitted to introduce and rely upon it at trial.  Allowing otherwise would reward—and encourage—violations of critically important protective orders, among other court orders.

14

## IV.   CONCLUSION

The MITRE Report is a hearsay expert report by unknown authors, disclosed long after Defendants' deadline, and cannot be authenticated at trial.  Defendants' late disclosure deprived Plaintiffs of the ability to depose the Report's authors or find out anything about them or how they went about preparing the Report. Exclusion is necessary to enforce the Court's longstanding deadlines, prevent severe prejudice to Plaintiffs, and discourage violations of court orders.

[signatures on following page]

15

Respectfully submitted this 7th day of December, 2023.

*/s/ David D. Cross*
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Matthaeus Martino-Weinhardt
(*pro hac vice*)
Ramsey Fisher (*pro hac vice*)
Aaron Scheinman (*pro hac vice*)
Benjamin Campbell (*pro hac vice*)
Wail Jihadi (*pro hac vice*)
Oluwasegun Joseph (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
dcross@mofo.com
mkaiser@mofo.com

*/s/ Halsey G. Knapp, Jr.*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
Jessica G. Cino
GA Bar No. 577837
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700
hknapp@khlawfirm.com
sparks@khlawfirm.com
cino@khlawfirm.com

*/s/ Christian G. Andreu-von Euw*
Christian G. Andreu-von Euw
(*pro hac vice*)
THE BUSINESS LITIGATION GROUP, PC
150 Spear Street
San Francisco, CA 94105
(415) 765-6633
christian@blgrp.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
 (ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*/s/ Russell T. Abney*
Russell T. Abney
Georgia Bar No. 000875

WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for Plaintiffs William Digges III, Laura Digges, & Megan Missett*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

                                      */s/ David D. Cross*
                                      David D. Cross

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2023, a copy of the foregoing **PLAINTIFFS' MOTION TO EXCLUDE THE MITRE REPORT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross

19