IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

## ORDER

The Court is in receipt of Mr. Harding's Notice of Appearance, filed on the docket this morning. (Doc. 1729.) The Court previously held in its December 7, 2023 Order that Mr. Harding was not permitted to substitute in as counsel for Mr. Davis because his appearance as counsel would seriously delay, complicate, and disrupt the trial of this case, and would prejudice other parties, among other reasons. (Doc. 1724.) The Court specifically said:

> To allow Mr. Harding to appear and effectively disrupt or confuse current counsel's presentation of the evidence and legal arguments developed with care over many years is to invite chaos and would delay the efficient administration of the trial. The Court has the inherent authority — as well as a duty — to manage its own docket to achieve the orderly conduct and disposition of cases (at least as much as is possible). *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). For the reasons above, Mr. Harding's late announced attempted role in the case would prevent an orderly and expeditious trial in this case.

(*Id.*) As such, Mr. Harding is not authorized to appear on behalf of Mr. Davis at the pretrial conference, trial, or otherwise.

If Mr. Harding intends to continue to attempt to represent Mr. Davis despite the Court's Order, he is **ORDERED** to **SHOW CAUSE** why he should not be held in contempt for violating the Court's December 7, 2023 Order. The Court hopes that Mr. Harding reconsiders his course of action here so that no such show cause or contempt hearing is needed.

**IT IS SO ORDERED** this 12th day of December, 2023.

_____
**Honorable Amy Totenberg
United States District Judge**