# EXHIBIT 1

Page 1

1          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
2                    ATLANTA DIVISION
3     DONNA CURLING, ET AL.,        )
                                    )
4          Plaintiffs,             )
                                    )
5     vs.                          )     CIVIL ACTION NO.
                                    )
6     BRAD RAFFENSPERGER, ET       )     1:17-CV-2989-AT
      AL,                          )
7                                    )
          Defendants.              )
8
9
10
11
12
13      VIDEOTAPED 30(b)(6) DEPOSITION OF ERIC B. CHANEY
14                  (Taken by Plaintiffs)
15                    August 15, 2022
16                     10:20 a.m.
17
18
19
20
21
22
23
24
25      Reported by:   Debra M. Druzisky, CCR-B-1848

1    for the deposition today?

2            MR. DELK:  And I'll instruct the

3        witness, don't divulge anything that you

4        and I discussed in our meetings.

5            THE REPORTER:  I'm sorry.  I don't

6        know who was speaking.

7            MR. DELK:  That was Stephen Delk.

8            THE REPORTER:  Okay.  Can you restate

9        that, please?

10           MR. DELK:  Sure.  I was just

11       instructing the witness to not divulge

12       anything from my communications with him,

13       because that would be privileged

14       information.

15           But subject to that, you can respond.

16   BY MR. CROSS:

17       Q.   So apart from talking with your counsel,

18   what, if anything, did you do to prepare for today?

19       A.   On the advice of counsel, I respectfully

20   decline to answer on the basis of my rights and

21   privilege under Article I, Section 1, Paragraph 16

22   of the Georgia Constitution, the Fifth Amendment of

23   the United States and Georgia law.

24           As the United States Supreme Court has

25   stated, privilege against testifying protects

Page 20

1    everyone, including innocent people, from answering

2    questions if the truth might be used to help create

3    a misleading impression that they were somehow

4    involved in improper conduct.

5             So I hereby follow the advice of my

6    counsel and respectfully decline to answer.

7         Q.   You're taking the Fifth Amendment in

8    response to a question of what you did to get ready

9    for today?

10        A.   Yes.

11        Q.   Okay.

12             MR. CROSS:  And Mr. Delk, just for

13        ease, if he's going to take the Fifth in

14        response to any other questions, if he

15        just says Fifth Amendment.

16             MR. DELK:  That's fine, as long as we

17        stipulate that in -- by stating so, it

18        encompasses the entirety of the statement.

19             MR. CROSS:  Yes.

20             MR. DELK:  That's agreeable.

21             MR. CROSS:  Yeah.  Okay.  You tell

22        me.

23             MR. DELK:  Moving forward all you

24        need to do is say "Fifth Amendment," and

25        it saves you from having to read the whole

Page 194

```
1           R E P O R T E R   D I S C L O S U R E
2    DISTRICT COURT   )   DEPOSITION OF
     NORTHERN DISTRICT)   ERIC B. CHANEY
3    ATLANTA DIVISION )
4
             Pursuant to Article 10.B of the Rules and
5    Regulations of the Board of Court Reporting of the
     Judicial Council of Georgia, I make the following
6    disclosure:
             I am a Georgia Certified Court Reporter.
7    I am here as a representative of Veritext Legal
     Solutions.
8            Veritext Legal Solutions was contacted by
     the offices of Morrison & Foerster to provide court
9    reporting services for this deposition.  Veritext
     Legal Solutions will not be taking this deposition
10   under any contract that is prohibited by O.C.G.A.
     9-11-28 (c).
11           Veritext Legal Solutions has no contract
     or agreement to provide court reporting services
12   with any party to the case, or any reporter or
     reporting agency from whom a referral might have
13   been made to cover the deposition.
             Veritext Legal Solutions will charge its
14   usual and customary rates to all parties in the
     case, and a financial discount will not be given to
15   any party in this litigation.
16
17
                     Debra M. Druzisky
18                   Georgia CCR-B-1848
19
20
21
22
23
24
25
```

**SLIPSHEET**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Civil Action No. 1:17-cv-02989-AT

_____

DONNA CURLING, et al.,

    Plaintiffs,

vs.

BRAD RAFFENSPERGER, et al.,

    Defendants.

_____


VIDEOTAPED DEPOSITION OF EMILY MISTY HAMPTON

DATE:          November 11, 2022

TIME:          10:49 a.m. to 6:07 p.m.

LOCATION:     Courtyard by Marriott Warner Robins
               589 Carl Vinson Parkway
               Warner Robins, Georgia 31088

REPORTED BY:  Felicia A. Newland, CSR


Veritext Legal Solutions
1250 Eye Street, N.W., Suite 350
Washington, D.C. 20005

1    BY MR. BROWN:

2            Q    Was Cathy Latham just standing in

3    front of you talking to Mr. Hall probably?

4            A    I don't --

5                 MR. MILLER:  Object to form.

6    BY MR. BROWN:

7            Q    You don't remember?

8            A    Correct.

9            Q    And you knew Scott Hall by this time,

10   right?

11                MR. MILLER:  Object to form.

12                THE WITNESS:  No, sir.

13   BY MR. BROWN:

14           Q    So you said Scott Hall, but you

15   didn't know who he was.  I guess did Mr. Chaney

16   know who he was?

17                MR. MILLER:  Object to form.

18                THE WITNESS:  I do not know.

19   BY MR. BROWN:

20           Q    In this text you say, "Like we talked

21   about the other day."  So you spoke with Mr. Chaney

22   about scanning ballots.  Is that right?

Page 55

1              MR. MILLER:  Let me advise my client,

2      please.

3              (Counsel speaking to client off the

4              record.)

5              THE WITNESS:  I'll take the Fifth

6      Amendment.

7      BY MR. BROWN:

8          Q     And scanning ballots was code for

9      making a forensic copy of the entire Coffee County

10     Election System, right?

11         A     I'll take the Fifth.

12         Q     Scott Hall wasn't about to come just

13     to scan ballots, was he?

14             MR. MILLER:  Object to form.

15             THE WITNESS:  I do not know.

16     BY MR. BROWN:

17         Q     You don't remember when you first

18     learned the name Scott Hall?

19         A     No, sir.

20         Q     You didn't know who he was on

21     January 6th?

22         A     I do not recall.

1              CERTIFICATE OF NOTARY PUBLIC

2    I, FELICIA A. NEWLAND, CSR, the officer before whom

3    the foregoing video-recorded deposition was taken,

4    do hereby certify that the witness whose testimony

5    appears in the foregoing deposition was duly sworn

6    by me; that the testimony of said witness was taken

7    by me in stenotype and thereafter reduced to

8    typewriting under my direction; that said deposition

9    is a true record of the testimony given by said

10   witness; that I am neither counsel for, related to,

11   nor employed by any of the parties to the action in

12   which this deposition was taken; and, further, that

13   I am not a relative or employee of any counsel or

14   attorney employed by the parties hereto, nor

15   financially or otherwise interested in the outcome

16   of this action.

17

18

19                          _____

20                          FELICIA A. NEWLAND, CSR
                            Notary Public
21
     My commission expires:
22   September 15, 2024

**SLIPSHEET**

Page 1

1          UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF GEORGIA

3              ATLANTA DIVISION

4

5        Civil Action No. 1:17-cv-02989-AT

6    _____

7    DONNA CURLING, et al.,

8         Plaintiffs,

9    vs.

10   BRAD RAFFENSPERGER, et al.,

11        Defendants.

12   _____

13

14            VIDEOTAPED DEPOSITION OF

15               JIL RIDLEHOOVER

16

17            Tuesday, August 16, 2022

18

19               Court Reporters:

20   LeShaundra Byrd (9:43 a.m. to 10:18 a.m.)

21   Felicia A. Newland, CSR (10:18 a.m. to 12:56 p.m.)

22

```
 1            Q     Why did you sign a letter indicating
 2      that you had submitted time sheets for hours for
 3      which you were paid, but did not work?
 4            A     Well, on advice of counsel, I
 5      respectfully decline to answer on the basis of my
 6      rights and privileges under Article 1, Section 1,
 7      Paragraph 16 of the Georgia Constitution and the
 8      Fifth Amendment of the United States Constitution
 9      and Georgia law.
10                  MR. DELK:  Can we get the same
11      stipulation that we've been having --
12                  MR. CROSS:  Yes.
13                  MR. DELK:  -- if that issue does come
14      up again?
15                  MR. CROSS:  Yeah.  All she has to say
16      is "Fifth Amendment" and it'll capture the
17      statement.
18      BY MR. CROSS:
19            Q     Let me hand you what's been marked as
20      Exhibit 2.
21                  (Ridlehoover Deposition Exhibit Number 2
22                   marked for identification.)
```

Page 182

1                    CERTIFICATE OF NOTARY PUBLIC

2              I, FELICIA A. NEWLAND, CSR, the officer before

3        whom a partial segment of the foregoing videotaped

4        deposition was taken, do hereby certify that the

5        witness whose testimony appears in the foregoing

6        deposition was not duly sworn by me, but by

7        LeShaundra Byrd; that the testimony of said witness

8        was taken by LeShaundra Byrd and me in stenotype and

9        thereafter reduced to typewriting under my

10       direction; that said deposition of the partial

11       segment wherein LeShaundra Byrd was present (pages 6

12       through 45) in which I transcribed and the partial

13       segment wherein I was present is a true record of

14       the testimony given by said witness; that I am

15       neither counsel for, related to, nor employed by any

16       of the parties to the action in which this

17       deposition was taken; and, further, that I am not a

18       relative or employee of any counsel or attorney

19       employed by the parties hereto, nor financially or

20       otherwise interested in the

21

22                          FELICIA A. NEWLAND, CSR

**SLIPSHEET**

Page 1

1          UNITED STATES DISTRICT COURT

        FOR THE NORTHERN DISTRICT OF GEORGIA

2               ATLANTA DIVISION

3        Civil Action No. 1:17-cv-02989-AT

4

5    DONNA CURLING, et al.,

6          Plaintiffs,

7    vs.

8    BRAD RAFFENSPERGER, et al.

9          Defendants.

10

11

12        VIDEOTAPED DEPOSITION OF

13            CATHLEEN LATHAM

14

15            August 8, 2022

16              10:15 a.m.

17

18        Warner Robins, Georgia

19

20

21     Laura M. MacKay, RPR, CCR-B-1736

22          (Appearing remotely)

23

24

25

Page 18

```
 1          MR. CHEELEY:  You know what to --
 2      A.  On the advice of lawyers, I respectfully
 3  decline to answer on the basis of my rights and
 4  privileges under Article 1, Section 1, Paragraph 16
 5  of the Georgia Constitution, the Fifth Amendment of
 6  the United States Constitution and Georgia law.
 7          As the United States Supreme Court has
 8  stated, the privilege against testifying protects
 9  everyone, including innocent people from answering
10  questions if the truth might be used to help create
11  a misleading impression that they were somehow
12  involved in improper conduct.
13          I was previously labelled as a witness of
14  another investigation and agreed to cooperate, but
15  the District Attorney's Office has now labelled me a
16  target, and so I very reluctantly follow the advice
17  of my counsel and I decline to testify or answer
18  questions in this deposition.
19  BY MR. CROSS:
20      Q.  Ms. Latham, are you worried that indicating
21  the dates that you served as the chair of the Coffee
22  County Republican Party may incriminate you?
23      A.  On the advice of counsel, I decline to
24  testify for the reasons I've previously stated.
25  Thank you.
```

1     Q.  Ms. Latham, do you understand that when you

2  assert a Fifth Amendment in a civil litigation the

3  court can infer that you are -- that you did in fact

4  commit whatever offense you are concerned about?

5     A.  On the advice of counsel, I decline to

6  testify for the reasons I previously stated.

7     Q.  How did you obtain your position as Coffee

8  County Republican Party chair?

9     A.  On the advice of counsel, I decline to

10  testify for the reasons I previously stated.

11       MR. CROSS:  Just to make this go faster,

12       Mr. Cheeley, if she's going to assert a

13       response to all of the questions, if she just

14       says "Fifth Amendment invocation," that will

15       encompass her prior statement.  Is that okay?

16       MR. CHEELEY:  Very well.

17  BY MR. CROSS:

18     Q.  Ms. Latham, did you previously serve as the

19  Georgia GOP under 80,000 caucus chair?

20     A.  Fifth Amendment.

21     Q.  And when did you serve as that chair?

22     A.  Fifth Amendment.

23     Q.  What is the role of the caucus -- of that

24  caucus in the state -- in the Republican Party of

25  Georgia?

Page 217

1                        CERTIFICATE
    STATE OF GEORGIA:
2   COUNTY OF FULTON:
                 I hereby certify that the foregoing
3   transcript was taken down, as stated in the caption,
    and the colloquies, questions and answers were
4   reduced to typewriting under my direction; that the
    transcript is a true and correct record of the
5   evidence given upon said proceeding.
                 I further certify that I am not a
6   relative or employee or attorney of any party, nor
    am I financially interested in the outcome of this
7   action.
                 I have no relationship of interest in
8   this matter which would disqualify me from
    maintaining my obligation of impartiality in
9   compliance with the Code of Professional Ethics.
                 I have no direct contract with any
10  party in this action and my compensation is based
    solely on the terms of my subcontractor agreement.
11               Nothing in the arrangements made for
    this proceeding impacts my absolute commitment to
12  serve all parties as an impartial officer of the
    court.
13               This the 11th day of August 2022.
14

15

16               _____
                 LAURA M. MACKAY, CCR-B-1736
17

18

19

20

21

22

23

24

25