## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,** | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **v.** | )Civil Action No. 1:17-CV-2989-A |
| | ) |
| **BRAD RAFFENSPERGER, ET AL.,** | ) |
| **DEFENDANTS.** | ) |
| | ) |

### RICARDO DAVIS' MOTION TO
### AMEND THE PROPOSED PRETRIAL ORDER

**COMES NOW, PLAINTIFF RICARDO DAVIS**, who files this Motion

amend the Proposed Pretrial Order filed December 11, 2023 (Document 1728)

pursuant to L.R. 16.4(B) adding for good cause and without prejudice two

previously deposed fact witnesses to the Plaintiffs' proposed witness list and four

designated depositions to Plaintiffs' proposed Deposition Designations to the

Proposed Pretrial Order filed December 11, 2023 (Document 1728) that are

supportive of the claims of all Plaintiffs and their relief sought.

Plaintiff shows good cause exists to grant this motion, for the reasons that

Plaintiff did not lack diligence and Plaintiff was not consulted in the preparation

and submission of the Proposed Pretrial Order or lists exchanged by the parties.

Plaintiff Davis therefore was presented no opportunity to include these additions to

the Proposed Pretrial Order prior to it being filed with this Honorable Court. F.R.C.P. 16(b)(4).

Plaintiff further shows that the matters discussed herein are proper subjects to be addressed at the Pretrial Conference in this case presently set for Friday, December 15, 2023.  F.R.C.P. 16(c)(2).

1.

Plaintiff Davis seeks to call without prejudice two (2) fact witnesses, Ben Cotton and Jeffrey Lenberg, who have previously been deposed so that they may have the opportunity to show the Court non-speculative, non-duplicative evidence of constitutional deficiencies in Georgia's Dominion BMD Voting System.  Neither witness is presently listed as a witness for Plaintiff in Attachment C-1 to the proposed pretrial order.

2.

Plaintiff Davis' witnesses will provide factual forensic evidence that corroborates the testimony and conclusions of the Curling and Coalition Plaintiffs' experts, Dr. Alex Halderman and Dr, Philip Stark, respectively, by showing how their findings manifested in Georgia's 2021 U.S. Senate runoff through remotely initiated irregular access utilizing identified security vulnerabilities. This occurred despite claims by the vendor and Defendants that the voting system is not connected to the Internet and has no wireless access capability.

3.

The evidence that Plaintiff Davis seeks to add to the record is directly relevant and supportive of voting system security concerns raised by all plaintiffs and there is no legitimate dispute that it is in the best interests of all plaintiffs to be included.

4.

Specifically, the record shows Plaintiff Davis' witnesses can provide clear, non- speculative evidence that Georgia's Dominion BMD Voting System installation left the system vulnerable to irregular remote access despite Defendant's claimed security protocols. Plaintiff Davis' witnesses and deposition designations will show remote irregular access occurred on the evening of the January 5, 2021 U.S. Senate runoff when an onsite technician in Coffee County, Georgia called Dominion's Scott Tucker regarding a ballot scanning rejection problem and the system was reconfigured without physical access to the scanner or server equipment.

5.

Plaintiff Davis' witnesses have not been accused of any wrongdoing from investigations into activities taken by Coffee County election personnel after the

Dominion BMD Voting System failed to count the 2020 election results correctly three times and Dominion BMD Voting System personnel had no explanation for the inaccuracies, nor did anyone from the Secretary of State's office offer assistance.

6.

Plaintiff Davis seeks to supplement with good cause the currently incomplete record by adding designated depositions of four (4) witnesses who have already been deposed and included in the Plaintiffs' Deposition Designations. These designations provide non-duplicative evidence that demonstrate the security vulnerabilities identified by Dr. Halderman and Dr. Stark manifested in the Georgia 2021 U.S. Senate runoff election. They are:

Misty Hampton November 11, 2022 Deposition (47:17-51:20, 67:7-67:16, 69:19-70:19, 91:6-95:14, 108:18-110:1, 155:6-159:1, 209:14-210:17)

Cathy Latham August 8, 2022 Deposition (92:2-92:21, 98:4-98:25, 103:22-104:9, 110:10-110:25, 185:5-187:12)

Ben Cotton August 25, 2022 Deposition (16:3-17-21, 21:22-22-14, 23:3-23:8, 26:8-28:1, 87:2-89-8, 122:5-123:12, 267:18-270:22)

Jeffrey Lenberg November 21, 2022 Deposition (44:6-45:2, 45:3-45:19, 46:7-47:3, 48:14-48:22, 49:18-51:5, 56:13-56:19, 57:9, 66:11-66:20, 91:2-91:9,

94:17-95:3, 99:10-100:15,111:1-111–13, 112:1-112:16, 114:18-114:22, 118:1,118:7, 121:3 121:5,124:9-124:14, 125:1-126:7, 127:9 -127:13, 128:11-128:22, 129:1-129:11, 130:5-130-11, 133:3–134-4, 145:7-145:22, 148:16-148:19, 189:2-189:13, 199:6-199:11, 235:13, 237:18, 266:13, 267:16, 303:1-305:10, 313:9-313:16, 314:3–315:20, 321:20-323:3).

These designations are not in whole presently included in Plaintiffs' deposition designations in the Proposed Pretrial Order.

## 7.

To ensure that the trial he has sought for six [6] years goes forward as planned on December 9, 2024, Plaintiff Davis seeks no additional expert testimony, will reference existing exhibits, has no additional motions in limine and has no additional objections to witnesses, depositions or exhibits offered by his fellow Co-Plaintiffs and the Defendants beyond those already made by counsel.

## ARGUMENT

No pretrial order has yet been entered.  However, even if such an order had been entered, "in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994)

The proposed additional evidence described has already been disclosed to all parties during the discovery process, is relatively minor in the context of this case, and will not occasion any more than slight inconvenience to any party or the court. However, failure to include this evidence could result in substantial harm to the movant as it would materially impede the presentation of relevant and compelling physical (non-statistical or circumstantial) evidence of actual intrusions into the election systems at the heart of this action.

**WHEREFORE**, the Court should **GRANT** Plaintiff Davis' motion to supplement Plaintiff's Deposition Designations and amend the proposed Pretrial Order.

Respectfully submitted this the 14th day of December, 2023.

OLES LAW GROUP

/s/*David E. Oles*

David E. Oles, Esq.
Attorney for Plaintiff Ricardo Davis
GA Bar No. 551544
5755 North Point Pkwy, Ste. 25
Alpharetta, GA 30022
(770) 753-9995
firm@deoleslaw.com

**CERTIFICATION**

Pursuant to Local Rule 5.1, the foregoing document has been prepared with Times New Roman 14 point font. I have served a copy of the document on all

counsel of record on the date listed below via CM/ECF system, which provides a service copy to all attorneys of record.

 This 14TH day of December, 2023.

       **OLES LAW GROUP**

       */s/ David E. Oles*
       David E. Oles
       GA Bar No. 551544