**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**PLAINTIFFS' NOTICE OF NON-OPPOSITION IN RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY ORDER AND SUBPOENA PENDING APPEAL AND FOR EXPEDITED BRIEFING**

Secretary Raffensperger is unlikely to prevail on his meritless mandamus petition, which grossly misrepresents this Court's well-reasoned and well-supported Order requiring the Secretary to testify at trial. And there obviously is a strong public interest in having Secretary Raffensperger explain and defend his *own inconsistent statements and decisions regarding the security of Georgia's voting system.* These include his refusal to examine Georgia's voting system after the Coffee County breaches to determine whether it still operates as designed, or to hold anyone accountable for those breaches, and his claim of an investigation by his Office into those breaches *early in 2021* that somehow led his Office to claim a year later that the breaches did not occur.

Nevertheless, Plaintiffs do not oppose the Secretary's motion for a stay pending the Eleventh Circuit's decision on the mandamus petition. Dkt. 1751 ("Motion"). The Court of Appeals has issued an expedited schedule for deciding the petition, under which all briefing will be complete by 5 p.m. on January 3. Like the Secretary (Mot. at 1), we expect the Circuit to issue a decision on the mandamus petition before the start of trial on January 9, thus dissolving the stay. Because imposition of a stay will very likely have no impact—and in order to reduce the burden on this Court and the Court of Appeals—Plaintiffs thus do not oppose the requested stay.

But Secretary Raffensperger's egregious mischaracterization of the Court's Order in this Motion and on appeal warrants attention by this Court. The Secretary represents to the Eleventh Circuit that this Court ordered him to testify at trial merely "because he made public statements about the general subject matter of the lawsuit." Dkt. 1750-1 at 4. This is a demonstrable mischaracterization of this Court's Order. Secretary Raffensperger omits the true bases for that Order.

*First*, this Court emphasized Secretary Raffensperger's "numerous statements" *specifically* about "Dr. Halderman and his findings, the Coffee County data system breach, and the resulting implications for the security of the election system in Georgia"—not merely "the general subject matter of the lawsuit" as Secretary Raffensperger claims. Dkt. 1749 at 4. The Court also found that "the

Secretary was *directly involved* and was the final decision maker concerning *specific* issues of election security." *Id.* at 5 (emphasis added). Thus, the Court emphasized the Secretary's personal role in and knowledge of issues at the core of this case—a far cry from what Secretary Raffensperger represents in his Motion and on appeal.

*Second*, just as Judge Jones found in *Fair Fight Action, Inc. v. Raffensperger*, 333 F.R.D. 689, 693 (N.D. Ga. 2019), in ordering Governor Kemp to appear for a deposition, this Court similarly found that "only the Secretary himself can explain what he meant when he made statements that are directly relevant to this case, such as those related to Dr. Halderman's findings about the security of the voting system or the breach in Coffee County." Dkt. 1749 at 5 (citing *Fair Fight*, 333 F.R.D. at 693).[1] And unlike in *Fair Fight* where Governor Kemp's deposition testimony was available for use at trial, here Plaintiffs have no testimony from Secretary Raffensperger because—as they promised—they are seeking his testimony now only as a last resort.

*Third*, this Court also found that "testimony surrounding the Secretary's statements and final decisions cannot be obtained from lower-level officials." Dkt. 1749 at 4-5. Lower-level officials identified numerous questions in depositions

[1] Despite repeatedly citing the *Fair Fight* case throughout the pretrial conference as *the model* for trial here, Secretary Raffensperger tellingly makes no mention of it in this Motion or his mandamus petition.

that only Secretary Raffensperger can answer that go to the core of this case. Dkt. 1733 at 16-23; Dkt. 1733-6; Dkt. 1390. Lower-level officials also cannot substitute for Secretary Raffensperger at trial because, as the Court further found, "[s]ome of the Secretary's statements are inconsistent with other public statements from the Secretary of State's Office about when [the] State knew of the Coffee County breach and the steps it took to investigate the breach." Dkt. 1749 at 4. Secretary Raffensperger is the only person in his Office to have said that his office "learned about the breach early on [in 2021] and had been continuing to investigate the matter" since. Dkt. 1705 at 66 (citing Dkt. 1633-16).[2] This directly conflicts with statements from other employees in the Secretary's Office, claiming that the Office did not learn of the Coffee County breaches until Mr. Sterling's February 2022 deposition and did not open an investigation until March 2022, but had concluded by April 2022 that the breaches "didn't happen." Dkt. 1444-1 ¶ 21, Aug. 2, 2022 Decl. of Ryan Germany; Dkt. 1633-17. This Court rightly found that lower-level officials in the Secretary's Office cannot testify in his stead when he and they *disagree* or *have different knowledge*—or where *they lack the Secretary's knowledge*—about core events and issues, such as the Coffee County breaches.

Defendants omit these specific factual findings underlying the Court's Order

[2] As this Court has noted, in the same article, "a representative with the Secretary of State's Office clarified that the office did not know about or began investigating Coffee County until July 2022." Dkt. 1705 at 66 n.45 (citing Dkt. 1633-16).

in this Motion and in their mandamus petition. Unlike Governor Kemp, who appeared for a deposition that was used at trial in *Fair Fight* (without requiring the Eleventh Circuit to compel him to appear), Secretary Raffensperger refuses to testify *at all* in this case. If Defendants' defense of this case had any merit, Secretary Raffensperger should be eager to testify, to defend his own decisions, actions, and *inaction*. Instead, he is doing everything he can to avoid the witness stand, going so far as to file a baseless mandamus petition with the Eleventh Circuit.

Respectfully submitted this 26th day of December, 2023.

*<u>/s/ David D. Cross</u>*
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Matthaeus Martino-Weinhardt (*pro hac vice*)
Ramsey Fisher (*pro hac vice*)
Aaron Scheinman (*pro hac vice*)
Benjamin Campbell (*pro hac vice*)
Wail Jihadi (*pro hac vice*)
Oluwasegun Joseph (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
dcross@mofo.com

*<u>/s/ Halsey G. Knapp, Jr.</u>*
Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
Jessica G. Cino
GA Bar No. 577837
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700
hknapp@khlawfirm.com

*<u>/s/ Christian G. Andreu-von Euw</u>*
Christian G. Andreu-von Euw (*pro hac vice*)
THE BUSINESS LITIGATION GROUP, PC
150 Spear Street
San Francisco, CA 94105
(415) 765-6633
christian@blgrp.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

*/s/ Robert A. McGuire, III*
Robert A. McGuire, III
Admitted Pro Hac Vice
(ECF No. 125)
ROBERT MCGUIRE LAW FIRM
113 Cherry St. #86685
Seattle, Washington 98104-2205
(253) 267-8530

*/s/ Russell T. Abney*
Russell T. Abney
Georgia Bar No. 000875
WATTS GUERRA, LLP
4 Dominion Drive, Building 3
Suite 100
San Antonio, TX 78257
(404) 670-0355

*Counsel for Plaintiff Coalition for Good Governance*

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 386-6856

*Counsel for Plaintiffs Coalition for Good Governance, William Digges III, Laura Digges, & Megan Missett*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2023, a copy of the foregoing **PLAINTIFFS' NOTICE OF NON-OPPOSITION IN RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY ORDER AND SUBPOENA PENDING APPEAL AND FOR EXPEDITED BRIEFING** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ David D. Cross*
David D. Cross