No. 23-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

IN RE RICARDO DAVIS,
*Petitioner,*

On Petition for Writ of Mandamus to the United States District Court
for the North District of Georgia, Atlanta Division

*Donna Curling, et al. v. Brad Raffensperger, et al.*
No. 1:17-cv-2989-AT – Amy Totenberg, *Judge*

---

## PETITION FOR WRIT OF MANDAMUS

---

## RELIEF NEEDED BY JANUARY 8, 2024

---

David E. Oles, Sr.
Law Offices of David E. Oles
5755 North Point Parkway
Suite 25
Alpharetta, GA 30022
firm@deoleslaw.com
davidsr@deoleslaw.com
(770) 753-9995

ATTORNEY FOR PETITIONER

*In Re Davis, et al.*

No. 23-_____

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Circuit Rule 21.1 and 26.1, I certify the following is an alphabetical list of all trial judges, attorneys, persons, firms, partnerships and corporations with any known interest in the outcome of this appeal:

1. Abney, Russell T.: Counsel for Amicus Electronic Privacy Information Center.

2. Abrams for Governor: Objector in the underlying case.

3. Adams, Kimberly M. Esmond: Fulton Superior Court, Judge.

4. Alan Butler: Counsel for Amicus Electronic Privacy Information Center.

5. Altshuler Berzon, LLP: Counsel for Amicus Common Cause.

6. Andreu-von Euw, Christian G.: Counsel for Plaintiffs.

7. Ardoin, R. Kyle: Secretary of State of the State of Louisiana and former Proposed Intervenor.

8. Ascarrunz, Veronica: Counsel for Plaintiffs.

9. Baconton Missionary Baptist Church, Inc.: Objector in the underlying case.

*In Re Davis, et al.*
No. 23-_____

10.  Balli, James A.: Former counsel for Defendant, terminated 11/17/2022.

11.  Barnes: Roy E.: Former counsel for former defendant Secretary of State, Brian P. Kemp, and State Election Board Members, terminated on 2/15/2019.

12.  Barron, Richard: Former defendant in underlying case.

13.  Bedard, Edward A.: Counsel for Defendant.

14.  Belinfante, Joshua Barrett: Counsel for Defendant.

15.  Bentrott, Jane P.: Former counsel for Plaintiffs, terminated on 8/28/2020.

16.  Berzon, Stephen P.: Counsel for Amicus Common Cause.

17.  Blitch IV, Pierce Groover: Counsel for Movant Hancock County Board of Elections and Registration.

18.  Bondurant Mixson & Elmore, LLP: Former counsel for Plaintiffs.

19.  Brady, Robert: Objector in the underlying case.

20.  Bridges, Agnes: Objector in the underlying case.

21.  Brimer, Marcie: Former counsel for Plaintiffs, terminated on 8/28/2020.

*In Re Davis, et al.*
No. 23-_____

22.   Brody, David R.: Former counsel for Plaintiffs, terminated on
      01/08/2021.

23.   Brogan, Eileen M.: Former counsel for Plaintiffs, terminated on
      07/09/2021.

24.   Brooks, Jessica: Former defendant in underlying case, terminated
      on 6/13/2018.

25.   Brown, Bruce P.: Counsel for Plaintiffs.

26.   Bruce P. Brown Law: Counsel for Plaintiffs.

27.   Bryan, Bennett Davis: Former counsel for former defendant in
      underlying case, DeKalb County, terminated 06/13/2018.

28.   Burge, David J.: Former defendant in underlying case.

29.   Burton, Robert D.: Former counsel for Defendant, terminated
      01/18/2022.

30.   Burwell, Kaye Woodard: Counsel for former defendant Fulton
      County in underlying case.

31.   Butler, Alan Jay: Counsel for Amicus Electronic Privacy
      Information Center.

32.   Caldwell, Joe Robert, Jr.: Former counsel for Plaintiffs,
      terminated on 11/29/2017.

*In Re Davis, et al.*
No. 23-_____

33.   Campbell, Benjamin E.: Counsel for Plaintiffs.

34.   Capriola, Richard J.: Counsel for Respondent Paul V. Maggio.

35.   Care in Action, Inc.: Objector in the underlying case.

36.   Carlin, John P.: Former counsel for Plaintiffs, terminated
      01/11/2021.

37.   Chapple, Catherine L.: Former counsel for Plaintiffs, terminated
      on 8/28/2020.

38.   Cheeley Law Group, LLC: Former counsel for Respondent
      Cathleen Alston Latham.

39.   Cheeley, Robert D.: Former counsel for Respondent Cathleen
      Alston Latham, terminated 09/05/2023.

40.   Cino, Jessica G.: Counsel for Plaintiffs.

41.   Clark, Bryan: Counsel for former Proposed Intervenor Herring
      Networks, Inc.

42.   Coalition for Good Governance: Plaintiff.

43.   Cobb County Attorney's Office: Former counsel for former
      defendants Cobb County in underlying case, terminated on
      11/3/2017.

*In Re Davis, et al.*
No. 23-_____

44. Coffee County Board of Elections: Former movant in the underlying case.

45. Coleman, Eric B.: Counsel for Respondent Paul V. Maggio.

46. Common Cause: Amicus in the underlying case.

47. Conarck, Jacob Paul: Former counsel for Plaintiffs, terminated 01/08/2021.

48. Constantine Cannon LLP: Counsel for Plaintiffs.

49. Cooney, Mary Carole: Former defendant in the underlying case.

50. Correia, Cristina: Former counsel for former defendant Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

51. Coveny, Michael P.: Former defendant in the underlying case, terminated on 6/13/2018.

52. Cross, David D.: Counsel for Plaintiffs.

53. Crumly, Jonathan Dean, Sr.: Former counsel for Defendant, terminated 11/17/2022.

54. Curling, Donna: Plaintiff.

55. Daniell, Phil: Former defendant in the underlying case, terminated on 6/13/2018.

*In Re Davis, et al.*
No. 23-_____

56.  Daniels, Maxine: Former defendant in the underlying case, terminated on 6/13/2018.

57.  Daniels, Douglas A.: Former counsel for former Proposed Intervenor Michael J. Lindell, terminated 03/30/2022.

58.  Daniels & Tredennick PLLC: Former counsel for former Proposed Intervenor Michael J. Lindell.

59.  Davis, Deborah J.: Proposed Intervenor.

60.  Davis, Ricardo: Plaintiff.

61.  Denton, Alexander Fraser: Counsel for Defendant.

62.  DeKalb County District Attorney's Office: Former counsel for former defendant DeKalb County.

63.  Digges, Laura: Plaintiff.

64.  Digges, William, III: Plaintiff.

65.  Duane Morris LLP: Counsel for former Proposed Intervenor Newsmax, Inc.

66.  Duffey Jr., William S.: Former Chair of the Georgia State Election Board and former Defendant.

67.  Ebenezer Baptist Church of Atlanta, Georgia, Inc.: Objector in the underlying case.

*In Re Davis, et al.*
No. 23-_____

68. Edmondson, Anna N.: Counsel for Defendant.

69. Electronic Privacy Information Center: Amicus in the underlying case.

70. Elson, Hannah R.: Former counsel for Plaintiffs, terminated 11/27/2023.

71. Eveler, Janine: Former defendant and Director of the Cobb County Board of Elections and Registration, terminated on 6/13/2018.

72. Fair Fight Action, Inc.: Objector in the underlying case.

73. Ferrer Poirot & Wansbrough-GA: Counsel for Amicus Electronic Privacy Information Center.

74. Fisher, Ramsey W.: Counsel for Plaintiffs.

75. Fleming & Nelson, LLP: Counsel for Movant Hancock County Board of Elections and Registration.

76. Flores, Rommy L.: Former counsel for Plaintiffs, terminated 12/10/2021.

77. Fortalice Solutions, LLC: Respondent.

78. Fox News Network, LLC: Former Proposed Intervenor.

*In Re Davis, et al.*
No. 23-_____

79. Fuchs, Zachary D.: Former counsel for Plaintiffs, terminated 06/21/2022.

80. Georgia Department of Law: Counsel for former Secretary of State, defendant Brain P. Kemp and State Election Board Members.

81. Ghazal, Sara T.: Member of the Georgia State Election Board and Defendant.

82. Glover, Joel R.: Former counsel for former Proposed Intervenor Fox News Network, LLC, terminated 07/05/2022.

83. Gwinnett County Department of Law: Counsel for Kristi L. Royston, Objector in the underlying case.

84. Hall Booth Smith: Counsel for Respondent Coffee County Board of Elections.

85. Hancock County Board of Elections and Registration: Movant in underlying case.

86. Handel, Karen C.: Former defendant in underlying case, terminated on 9/28/2017.

87. Harding, Todd A.: Former counsel for Plaintiff Ricardo Davis, terminated 12/017/2023.

*In Re Davis, et al.*
No. 23-_____

88.  Harding Law Firm, LLC: Former counsel for Plaintiff Ricardo
     Davis, terminated 12/017/2023.

89.  Harp, Seth: Former Member of the Georgia State Election Board.

90.  Havian, Eric R.: Former counsel for Plaintiffs, terminated
     03/11/2022.

91.  Hayne Litchfield Crane & White: Former counsel for former
     defendant in underlying case, DeKalb County.

92.  Hedgecock, Lyle F.: Counsel for Plaintiffs.

93.  Heidt, Josiah Benjamin: Former counsel for former Secretary of
     State, Brain P. Kemp and State Election Board Members,
     terminated on 11/3/2017.

94.  Hendrix, Barclay: Former counsel for former defendant in the
     underlying case, Karen C. Handel.

95.  Herring Networks, Inc.: Former Proposed Intervenor.

96.  Highsmith, Robert S.: Former counsel for former defendant in the
     underlying case, Merle King.

97.  Hilbert, Kurt R.: Counsel for former Proposed Intervenor My
     Pillow Inc.

*In Re Davis, et al.*
No. 23-_____

98.   Holcomb + Ward, LLP: Former counsel for Plaintiffs, terminated on 2/5/2018.

99.   Holden, Deirde: Objector in the underlying case.

100.  Holland & Knight LLP: Former counsel for former defendant in the underlying case, Merle King.

101.  Ichter, Cary: Counsel for Plaintiffs.

102.  Ichter Davis, LLC: Counsel for Plaintiffs.

103.  Jackson-Fannin, Julian A.: Counsel for former Proposed Intervenor Newsmax, Inc., terminated 08/11/2022.

104.  Jackson Walker L.L.P.: Counsel for former Proposed Intervenor Fox News Network, LLC

105.  Jacoutot, Bryan Francis: Counsel for Defendant.

106.  Jarrard & Davis, LLP: Counsel for Ameika Pitts, Objector in the underlying case.

107.  Jihadi, Wail: Counsel for Plaintiffs.

108.  Johnson, Aaron: Defendant in underlying case.

109.  Johnson, Laura K.: Former counsel for former defendant DeKalb County.

110.  Johnson, Melanie L.: Counsel for Defendant.

*In Re Davis, et al.*
No. 23-_____

111.   Johnston, Janice W.: Member of the Georgia State Election Board and Defendant.

112.   Jon L. Schwartz, Attorney at Law, P.C.: Former Counsel for Amicus Common Cause, terminated 10/01/2020 and counsel for Amicus National Election Defense Coalition and Protect Democracy.

113.   Jones Walker, LLP: Counsel for former Proposed Intervenor R. Kyle Ardoin.

114.   Joseph, Oluwasegun: Counsel for Plaintiffs.

115.   Kaiser, Mary G.: Counsel for Plaintiffs.

116.   Kastorf, Kurt G.: Counsel for Objectors Care in Action, Inc, Ebenezer Baptist Church of Atlanta, Georgia, Inc., Fair Fight Action, Inc., Sixth Episcopal District Inc., Virginia Highland Church, Inc., Abrams for Governor, and Baconton Missionary Baptist Church, Inc.

117.   Keller, Scott A.: Counsel for former Proposed Intervenor Fox News Network, LLC, terminated 08/11/2022.

118.   Kemp, Brian P.: Former Secretary of State and former defendant in the underlying case, terminated on 4/9/2019.

*In Re Davis, et al.*
No. 23-_____

119. Kidd, Milton: Objector in the underlying case.

120. Kimrey, Blaine C.: Counsel for former Proposed Intervenor
     Herring Networks, Inc., terminated 08/11/2022.

121. King, Merle: Executive Director of the Center for Election Systems
     at Kennesaw State-former defendant in the underlying case,
     terminated on 6/13/2018.

122. Kinsley, Nicholas A.: Counsel for Respondent Coffee County Board
     of Elections.

123. Kirk, Joseph: Objector in the underlying case.

124. Knapp, Halsey G., Jr.: Counsel for Plaintiffs.

125. Koechley, Julia L.: Counsel for former Proposed Intervenor
     Herring Networks, Inc.

126. Krevolin & Horst, LLC: Counsel for Plaintiffs.

127. Krugman, Edward B.: Former counsel for Plaintiffs.

128. Lake, Brian Edward: Former counsel for Defendant, terminated
     04/25/2023.

129. LaRoss, Diane Festin: Counsel for Defendant.

130. Latham, Cathleen A.: Former Movant in the underlying case.

*In Re Davis, et al.*
No. 23-_____

131. Lawyers' Committee for Civil Rights Under Law: Counsel for Plaintiffs.

132. Law Office of David E. Oles: Counsel for Petitioner Ricardo Davis.

133. Le, Anh: Former member of the Georgia State Election Board and former Defendant.

134. Lehotsky Keller Cohn LLP: Counsel for former Proposed Intervenor Fox News Network, LLC.

135. Lewis, Anthony: Former defendant in the underlying case, terminated on 6/13/2018

136. Leyton, Stacey M.: Former counsel for Amicus Common Cause, terminated 10/01/2020.

137. Lim, Marvin: Former counsel for Plaintiffs, terminated on 12/21/2017.

138. Lindell, Michael J.: Former Proposed Intervenor.

139. Lindenbaum, Dara: Counsel for Objectors Care in Action, Inc, Ebenezer Baptist Church of Atlanta, Georgia, Inc., Fair Fight Action, Inc., Sixth Episcopal District Inc., Virginia Highland Church, Inc., Abrams for Governor, and Baconton Missionary Baptist Church, Inc.

*In Re Davis, et al.*
No. 23-_____

140.  Lindsey, Edward: Defendant and Member of the Georgia State
      Election Board.

141.  Lowman, David R.: Counsel for former defendant Fulton County
      in underlying case.

142.  Maggio, Paul V.: Former movant in the underlying case.

143.  Maguire, Joseph M.: Counsel for Respondent U.S. Dominion, Inc.

144.  Manoso, Robert W.: Counsel for Plaintiffs.

145.  Martino-Weinhardt, Matthaeus H.: Counsel for Plaintiffs.

146.  Mashburn, Matthew: Defendant and Member of the Georgia State
      Election Board.

147.  Matarazzo, Stan: Former defendant in underlying case,
      terminated 09/15/2017.

148.  McGuire III, Robert Alexander: Counsel for Plaintiffs.

149.  Middleton, Caroline L.: Former counsel for Plaintiffs, terminated
      11/27/2023.

150.  Miller, Carey Allen: Counsel for Defendant.

151.  Miller, J. Britten: Amicus curiae.

152.  Missett, Megan: Plaintiff.

*In Re Davis, et al.*
No. 23-_____

153.  Monyak, Elizabeth Ahern: Former counsel for former defendant Cobb County.

154.  Morrison & Foerster, LLP-DC: Counsel for Plaintiffs.

155.  Murray, Matthew J.: Former counsel for Amicus Common Cause, terminated 10/01/2020.

156.  My Pillow Inc.: Former Proposed Intervenor.

157.  Nally, Paul L.: Amicus curiae.

158.  National Election Defense Coalition: Amicus in the underlying case.

159.  Newsmax, Inc.: Former Proposed Intervenor.

160.  Ney Hoffecker Peacock & Hayle, LLC: Counsel for Plaintiffs.

161.  Ney, William Brent: Counsel for Plaintiffs.

162.  Ney Rhein, LLC: Counsel for Plaintiffs.

163.  Novosad, Heath: Former counsel for former Proposed Intervenor Michael J. Lindell.

164.  Nuriddin, Vernetta: Former Defendant.

165.  Office of Fulton County Attorney: Counsel for former defendant Fulton County in underlying case.

166.  Oles, David E.: Counsel for Petitioner Ricardo Davis.

*In Re Davis, et al.*
No. 23-_____

167. Ossoff, Thomas Jonathan: Former interested party in underlying case, terminated 09/28/2017.

168. Paradise, Loree Anne: Former counsel for Defendant, terminated 10/03/2022.

169. Park, Jeanah: Counsel for former Proposed Intervenor Herring Networks, Inc.

170. Parker, Andrew D.: Counsel for former Proposed Intervenors My Pillow, Inc. and Michael J. Lindell.

171. Parker Daniels Kibort, LLC: Counsel for former Proposed Intervenors My Pillow, Inc. and Michael J. Lindell.

172. Parks, Chesin & Walbert, P.C.: Counsel for Respondent U.S. Dominion, Inc.

173. Peeler, Charles E.: Counsel for former Proposed Intervenor Fox News Network, LLC.

174. Perry, Leona: Former defendant in underlying case, terminated on 6/13/2018.

175. Pettit, Joe: Former defendant in underlying case, terminated on 6/13/2018.

*In Re Davis, et al.*
No. 23-_____

176. Phillips, James Jayson: Counsel for Objectors Joseph Kirk and
Deidre Holden.

177. Phillips, Terry G.: Former counsel for former defendant in
underlying case, DeKalb County.

178. Pico-Prats, Javier: Counsel for Defendant.

179. Pierson, Holly A.: Former counsel for Respondent Cathleen Alston
Latham, terminated 08/31/2023.

180. Pierson Law LLC: Former counsel for Respondent Cathleen
Alston Latham, terminated 08/31/2023.

181. Pitts, Ameika: Objector in the underlying case.

182. Porter, Reiley J.: Counsel for Plaintiffs.

183. Powers, John Michael: Former counsel for Plaintiffs, terminated
01/08/2021.

184. Price, Donna: Plaintiff.

185. Protect Democracy: Amicus in the underlying case.

186. Pull, Joseph A.: Counsel for former Proposed Intervenors My
Pillow, Inc. and Michael J. Lindell.

187. Raffensperger, Brad: Secretary of State of the State of Georgia
and Defendant.

*In Re Davis, et al.*
No. 23-_____

188. Ringer, Cheryl: Counsel for former defendant Fulton County in underlying case.

189. Robbins Ross Alloy Belinfante Littlefield LLC: Counsel for Defendant.

190. Robert McGuire Law Firm: Counsel for Plaintiffs.

191. Robin, Kenneth Paul: Counsel for Objector Ameika Pitts.

192. Rockdale County Board of Elections and Registration: Objector in the underlying case.

193. Rosenberg, Ezra David: Former counsel for Plaintiffs, terminated 01/08/2021.

194. Rowan, Nancy L.: Counsel for former defendants Fulton County Board of Registration and Elections, Richard Barron, Mark Wingate, and Kathleen D. Ruth.

195. Royston, Kristi L.: Objector in the underlying case.

196. Russo, Vincent Robert, Jr.: Counsel for Defendant.

197. Ruth, Kathleen D.: Former defendant in the underlying case.

198. Salter, John Frank, Jr.: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

*In Re Davis, et al.*
No. 23-_____

199.  Sandler Reiff Lamb Rosenstein & Birkenstock, P.C.: Counsel for
      Objector Care in Action, Inc.

200.  Scheinman, Aaron H: Counsel for Plaintiffs.

201.  Schnell, Grant Edward: Former counsel for former defendant in
      the underlying case, Merle King.

202.  Schoenberg, Jeffrey: Plaintiff.

203.  Schwartz, Edward Bruce: Former counsel for Plaintiffs,
      terminated on 11/29/2017.

204.  Schwartz, Jonathan Lee: Former Counsel for Amicus Common
      Cause, terminated 10/01/2020 and counsel for Amicus National
      Election Defense Coalition and Protect Democracy.

205.  Simpson, Ralph F.: Former Member of the Georgia State Election
      Board.

206.  Sixth Episcopal District, Inc.: Objector in the underlying case.

207.  Sparks, Adam Martin: Counsel for Plaintiffs.

208.  Squire Patton Boggs: Counsel for former defendants Fulton
      County Board of Registration and Elections, Richard Barron,
      Mark Wingate, and Kathleen D. Ruth.

209.  Steptoe & Johnson-DC: Counsel for Plaintiffs.

*In Re Davis, et al.*
No. 23-_____

210. Stillman Welch, LLC: Counsel for former Proposed Intervenor Herring Networks, Inc.

211. Strickland Brockington Lewis, LLP: Former counsel for former defendant Karen C. Handel.

212. Strickland, Frank B.: Former counsel for former defendant Karen C. Handel.

213. Sugarman, F. Skip: Counsel for Amicus Common Cause.

214. Sugarman Law LLP: Counsel for Amicus Common Cause.

215. Sullivan, Rebecca N.: Member of the Georgia State Election Board and Defendant.

216. Swanbeck, Sonja N.: Counsel for Plaintiffs.

217. Talley Richardson & Cable, P.A.: Counsel for Objector Joseph Kirk.

218. Talmor, Kate: Counsel for United States of America.

219. Taylor English Duma LLP: Counsel for Defendant.

220. Tepfer, Cameron A.: Former counsel for Plaintiffs, terminated on 9/3/2019.

221. Terry, Edward Curtis: Former plaintiff in the underlying case, terminated on 3/20/2018.

*In Re Davis, et al.*
No. 23-_____

222.  The Barnes Law Group, LLC: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

223.  The Business Litigation Group, P.C.: Counsel for Plaintiffs.

224.  The Center for Election Systems at Kennesaw State University: Former defendant in the underlying case, terminated on 9/15/2017.

225.  The Cobb County Board of Elections and Registration: former defendant in the underlying case, terminated on 6/13/2018

226.  The Dekalb County Board of Registrations and Elections: Former defendants in the underlying case, terminated on 6/13/2018

227.  The Fulton County Board of Registration and Elections: Former defendant in the underlying case.

228.  The Hilbert Law Firm, LLC: Counsel for former Proposed Intervenors My Pillow Inc. and Michael J. Lindell.

229.  The State Election Board: Defendant.

230.  Theriot, Chad V.: Counsel for former Proposed Intervenor R. Kyle Ardoin.

*In Re Davis, et al.*
No. 23-_____

231. Tillman, Samuel E.: Former defendant in the underlying case, terminated on 6/13/2018.

232. Totenberg, Hon. Amy: Judge in underlying case, United States District Court for the Northern District of Georgia.

233. Troutman Pepper Hamilton Sanders LLP: Counsel for former Proposed Intervenor Fox News Network, LLC.

234. Tyson, Bryan P.: Counsel for Defendant.

235. U.S. Dominion, Inc.: Respondent in underlying case.

236. Vedder Price, P.C.: Counsel for former Proposed Intervenor Herring Networks, Inc.

237. Virginia-Highland Church, Inc.: Objector in the underlying case.

238. Vu, Baoky N.: Former defendant in the underlying case, terminated on 6/13/2018.

239. Waldon Adelman Castilla Hiestand & Prout: Former counsel for former interested party Thomas Jonathan Ossoff.

240. Waldon, Russell: Former counsel for former interested party Thomas Jonathan Ossoff.

241. Ward, Bryan Myerson: Former counsel for Plaintiffs, terminated on 2/5/2018.

*In Re Davis, et al.*
No. 23-_____

242. Watts Guerra LLP: Counsel for Amicus Electronic Privacy Information Center.

243. Webb, Wheaton: Counsel for former Proposed Intervenor Fox News Network, LLC.

244. Welch, T. Brandon: Counsel for former Proposed Intervenor Herring Networks, Inc.

245. White, Daniel Walter: Former counsel for former defendant DeKalb County.

246. White-Davis, Angela: Objector in the underlying case.

247. Wiesebron, Tamara R.: Counsel for Plaintiffs.

248. Winter Capriola Zenner, LLC: Counsel for Respondent Paul V. Maggio.

249. Wilson, Darryl O.: Former defendant in the underlying case, terminated on 6/13/2018.

250. Wilson, Melanie Felicia: Counsel for Kristi L. Royston, Objector in the underlying case.

251. Wingate, Mark: Former defendant in the underlying case, terminated on 6/13/2018.

*In Re Davis, et al.*
No. 23-_____

252. Worley, David J.: Former of the Georgia State Election Board and

Defendant.

253. Wright, Aaron: Former counsel for Plaintiffs, terminated on

12/21/2017.

## STATEMENT REGARDING ORAL ARGUMENT

Although the issues involved in this petition are important to petitioner's interests, this Court can issue relief without holding oral argument because the district court's error is evident under this Court's precedent. Should the Court wish to hold argument, however, the petitioner requests the opportunity to participate.

# TABLE OF CONTENTS

PAGE

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .C-1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table Of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Jurisdictional Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement Of The Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Brief Statement Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     A.    The court erred in rejecting witness additions that Mr. Davis sought, by incorrectly assuming they could provide no relevant first-hand testimony despite the court having no evidence that would indicate the witnesses could provide no first-hand testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     B.    The court erred and evinced an improper bias by narrowly constraining designated depositions and fact witnesses that Mr. Davis sought while binding him to trial presentations by other Plaintiffs, rather than the constitutional deficiency issues that the court set for trial. . . . . . . . . . . . . . . . . . . . 17

     C.    The District Court exceeded its discretion by excluding Petitioner's trial witnesses and deposition designations. . 24

Conclusion And Relief Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certification Of Compliance  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# TABLE OF AUTHORITIES

**Cases**

*In re United States*, 985 F.2d 510, 511–12 (11th Cir. 1993) .................... 5

*Ex parte Fahey*, 332 U.S. 258, 259–60, 67 S. Ct. 1558, 1559, 91 L. Ed. 2041 (1947) ............................................................................................ 8

*In re USA*, 624 F.3d 1368, 1372 (11th Cir. 2010) .................................... 8

*Pac. Indem. Co. v. Broward Cnty.*, 465 F.2d 99, 103 (5th Cir. 1972) ..... 12

*Schlagenhauf v. Holder*, 379 U.S. 104, 112, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ................................................................................................ 9

*United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) .............. 12

*Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) ................................................................................................ 9

**Statutes**

28 U.S.C. § 1651 .................................................................................... 5

**Rules**

Fed. R. App. 21(a)(2)(C) ......................................................................... 1

FRAP 32(a)(7)(B) ................................................................................. 27

Rule 16 F.R.Civ.P .................................................................................. 12

*In Re Davis, et al.*
No. 23-_____

# INTRODUCTION

Petitioner Ricardo Davis seeks a writ of mandamus to correct the district court's error in denying Petitioner Davis' attempts in good cause and without prejudice to supplement the *proposed* pretrial order with directly relevant and previously-discovered evidence supporting all Plaintiffs' constitutional claims.

This case has been pending for nearly six years.  As the district court recently affirmed in its order denying in part Defendant's motion for summary judgment, the case focuses on "whether Georgia's statewide electronic voting system, as currently designed and implemented, suffers from major cybersecurity deficiencies that unconstitutionally burden Plaintiffs' First and Fourteenth Amendment rights and capacity to case effective votes that are accurately counted." Exh. 4, p. 1-2[1]  The District Court concluded that a sufficient question of

---

[1] Pursuant to Fed. R. App. 21(a)(2)(C), relevant documents in the district court record are attached as exhibits to this petition. A reference list of these exhibits is included as Addendum 1 at the end of this petition. References within the petition shall be to the exhibit number followed by the page number that appears in the header generated by the district court's electronic filing system. References to transcripts, however, refer to the page number assigned by the court reporter.

fact existed as to "Plaintiffs' claim that Georgia's current BMD voting system imposes a severe constitutional burden on their right to have their votes accurately counted as cast." to proceed to trial. Ex. 4, p. 120 Indeed, this broad claim has been a central focus of this electronic voting system case since its inception in 2017.

The parties submitted a proposed pretrial order on December 11, 2023. A mere four days later Petitioner Davis sought pursuant to Rule 16 to amend the proposed pre-trial order, adding as witnesses two previously deposed fact witnesses who could provide firsthand evidence rebutting Defendants argument that Petitioner's claims of voting system vulnerabilities were speculative.[2] These fact witnesses will testify about their personal observations showing that, far from being speculative, Georgia's voting system was vulnerable to remote access during live elections and actually remotely accessed and reconfigured (i.e., hacked) on the night of January 5, 2021. Ex. 8, p.3 Currently,

---

[2] Plaintiff originally sought to substitute counsel on November 29, 2023. Exh. 13

none of the witnesses proposed for trial can provide testimony on this matter.  Exh. 8, p.1  And, since these witnesses were previously deposed in this case, there can be no prejudice or delay caused by the inclusion of these two witnesses at trial. Ex. 2; Ex. 3

In addition to the two witnesses, Mr. Davis also sought to add limited, designated depositions from no more than four deposed witnesses who were already on the extensive Joint Plaintiffs Witness List and who provided non-duplicative statements directly relevant to the constitutional deficiency issues set for trial on January 9, 2024. Ex. 8, p. 4

Defendants filed no opposition to Mr. Davis' request, which was carefully tailored so as not to cause delay in the trial that he, other Plaintiffs, and the Defendants have long sought.  Ex. 8, p. 5

The district court's order denying the motion of Mr. Davis was based largely on extra judicial authority and statements of conjecture

and speculation rather than the record recognized by Mr. Davis.[3] Indeed, in denying the motion of Mr. Davis, as discussed below, the district court incorrectly circumscribed Plaintiff's claims as a justification to deny the motion of Mr. Davis. Such limitations will result in an incomplete record at trial and as such would also be a basis for an appeal of an adverse judgment.

As a result of the District Court's ruling, Petitioner will be denied his opportunity to present the evidence Petitioner believes will best support his contentions at trial.  For these reasons and more, the district court's order as it affects Petitioner should be vacated and the pretrial order amended to include Petitioner's evidence so that a complete presentation of Petitioners' claims and evidence in keeping the issues set for trial can be made.

## STATEMENT OF JURISDICTION

---

[3] For example, the Court appeared to presume Mr. Lenberg could know nothing beyond the questions posed by Defendants at deposition.  Ex. 10, p.11  The Court further erroneously concluded both of their combined testimony was based solely on statements by a third party. *Id*.

This Court has jurisdiction to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a); *see also In re United States*, 985 F.2d 510, 511–12 (11th Cir. 1993).

## ISSUE PRESENTED FOR REVIEW

1.   Whether the District Court abused its discretion when it excluded Petitioner's fact witnesses and deposition designations from the pretrial order, by erroneously relying upon extra-judicial authority based on statements of speculation and conjecture rather than facts presented in Petitioner Davis' motion?

## STATEMENT OF THE CASE

Mr. Davis is an original plaintiff in this six-year-old case that was filed in 2017 regarding the lack of security and integrity in Georgia's original Diebold Direct Recording Electronic (DRE) voting system. Since their key claims were upheld in 2019, the focus of the case has involved the security and integrity of the newer Ballot Marking Device system acquired by the Defendants in 2019 from Dominion Voting Systems. (the "Dominion BMD System").  Ex. 4, p.29-32

As the State Defendants' Mandamus explains, all Plaintiffs' central claims in this case contend that Georgia's use of the Dominion BMD System imposes a severe constitutional burden on their right to have their votes accurately counted as cast.  Ex. 11, p.32  Plaintiffs claim that the Dominion BMD System is vulnerable to hacking that could, without voters' knowledge, thereby change the vote that is actually tabulated.[4] See, e.g., Exh. 1, p. 53; Exh. 11, p.32; Exh. 4, pp. 34, 42  Accordingly, Plaintiffs seek to enjoin the Secretary from using this electronic voting system chosen by its elected officials because they contend that these alleged vulnerabilities constitute an unconstitutional burden on the right to vote.

On December 11, 2023, the Plaintiffs and Defendants submitted by consent a Proposed Pre Trial Order for entry by the Court.  Exh. 5. Discovering that the order was submitted without his knowledge, and aware that his current counsel could be absent during trial due to

---

[4] Indeed, Defendants claim that Plaintiffs have not shown any *actual* evidence of manipulation.  [emphasis in the original] Exh. 11, p. 33

medical causes, Petitioner Davis entered an appearance of new counsel on December 13, 2023.  Ex. 6; Ex. 7.  On December 14, 2023, Petitioner Davis submitted a motion to amend the consent Proposed Pre Trial Order to include two witnesses, and additional deposition designations, he felt were essential to the success of his case.  Ex. 8

Specifically, Petitioner Davis sought to amend the Proposed Pre Trial Order to add two (2) fact witnesses, Ben Cotton and Jeffrey Lenberg, who have previously been deposed so that he could present their testimony showing the Court non-speculative, non-duplicative evidence of constitutional deficiencies in Georgia's Dominion BMD Voting System. Ex. 8, p.2.  Neither witness had been listed as a witness for Plaintiff in Attachment C-1 to the consent proposed pretrial order.

Petitioner believed the witnesses would show firsthand forensic evidence of actual security vulnerabilities and irregular access to the system on January 5, 2023, regarding a ballot scanning rejection problem and reconfiguration without physical access to the scanner or server equipment.  Ex. 8, p. 3.

The Court conducted a Pre Trial Conference on December 15,

2023, at which the Court heard argument on Petitioner Davis' motion,

following which it entered an Order on December 20, 2023, DENYING

Petitioner's motion to amend the pretrial order and excluding the

testimony and deposition designations the Petitioner sought to present

at trial.  Ex. 10, p. 10-13

## STANDARD OF REVIEW

"Mandamus is an extraordinary remedy, and it is appropriate only

when 'no other adequate means are available to remedy a clear

usurpation of power or abuse of discretion by the district court." *In re*

*USA*, 624 F.3d 1368, 1372 (11th Cir. 2010) (quotations omitted).

## III.   ARGUMENT AND CITATION OF AUTHORITY

Mandamus, prohibition and injunction against judges are drastic
and extraordinary remedies. . . These remedies should be resorted
to only where appeal is a clearly inadequate remedy. We are
unwilling to utilize them as a substitute for appeal. As
extraordinary remedies, they are reserved for really extraordinary
causes."

<u>*Ex parte Fahey*</u>, 332 U.S. 258, 259–60, 67 S. Ct. 1558, 1559, 91 L. Ed.

2041 (1947)($50,000 judgment against a $26M association was not

extraordinary situation)  Accordingly, "[t]he writ of mandamus is not to be used when the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction." _Schlagenhauf v. Holder_, 379 U.S. 104, 112, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Rather, "only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." _Will v. United States_, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

Petitioner asserts that mandamus is appropriate here because this is just such an extraordinary case.  Trial on this six year old election issues case, involving multiple plaintiffs and multiple Georgia government defendants, is set to commence on January 9, 2023.  Relief in the case, if granted, could result in an injunction against the use of the current Georgia Dominion BMD election system, resulting in major impact to the State of Georgia, redirection of the prerogatives of the executive branch of state government by the federal judiciary, and

significant influence upon the conduct of both state and federal elections in the upcoming cycle and subsequent cycles.

Absent mandamus, Petitioner Davis will be DENIED the chance to present his evidence of forensic vulnerabilities analytics, irregular, remote system access and live election system manipulation to the fact-finder at trial, and waiting for an appeal following judgement, and potential retrial of a six year case, is not a realistic or practicable remedy for the Petitioner or Defendants given the facts and issues of this case.

No doubt a District Court's ruling excluding evidence, by itself, would likely not justify mandamus, and could be addressed by post-trial appeal.  What makes this situation different, and mandamus appropriate, is the burden that such post judgment relief may place on Petitioner, the State of Georgia, the executive branch of state government, and the citizens of Georgia.

Courts, including the United States Supreme Court, have found cases involving large questions of public importance of particularly

appropriate for mandamus, even where there is otherwise a right of

post-trial appeal.

> The rule deducible from the later decisions, and which we now
> affirm, is that this court has full power in its discretion to issue
> the writ of mandamus to a federal District Court, although the
> case be one in respect of which direct appellate jurisdiction is
> vested in the Circuit Court of Appeals—this court having ultimate
> discretionary jurisdiction by certiorari—but that such power will
> be exercised only where a question of public importance is
> involved, or where the question is of such a nature that it is
> peculiarly appropriate that such action by this court should be
> taken. In other words, application for the writ ordinarily must be
> made to the intermediate appellate court, and made to this court
> as the court of ultimate review only in such exceptional cases.

*Ex parte U.S.*, 287 U.S. 241, 248–49, 53 S. Ct. 129, 131, 77 L. Ed. 283

(1932)(absolute right of government to put the accused on trial was a

matter of public importance supporting mandamus to issue bench

warrant) If, as the result of the relief granted by the District Court, the

state is to curtail use of its current Dominion BMD system, such an

enormous impact should only risk being incurred once.  Post judgment

appeal of the District Court's ruling excluding Plaintiff's evidence would

risk having to put the state of Georgia, the Secretary of State's office,

and every county election superintendent of every one of Georgia's 159

counties once again into legal jeopardy of their means of effecting constitutionally-adequate federal and state elections.  Such a burden should be imposed only once in this case.  Considering the present issue via mandamus would mean the District Court only has to risk such an enormous impact on Georgia's elections systems only one time.

Turning to the issues before this court, the District Court conducted its consideration of the proposed pretrial order and Petitioner's Motion to Amend under Rule 16. "Rule 16 F.R.Civ.P. gives the trial court broad discretion in conducting pre-trial procedures in order to narrow the issues, reduce the field of fact controversy for resolution, and to simplify the mechanics of the offer and receipt of evidence." *Pac. Indem. Co. v. Broward Cnty.*, 465 F.2d 99, 103 (5th Cir. 1972)  The discretion of a judge to exclude evidence in a pretrial conference under Rule 16 is not unrestrained, as "in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment

12

might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994)

**A.   The court erred in rejecting witness additions that Mr. Davis sought, by incorrectly assuming they could provide no relevant first-hand testimony despite the court having no evidence that would indicate the witnesses could provide no first-hand testimony.**

Petitioner Davis explained that he sought to call for good cause and without prejudice two (2) fact witnesses, Ben Cotton and Jeffrey Lenberg, who were previously deposed so they may show the Court non-speculative, non-duplicative forensic and testing evidence of constitutional deficiencies in Georgia's Dominion BMD Voting System.

The court confirmed the same scope of the issues for trial in its November 10, 2023 Summary Judgement order stating: *"Quite simply, the Court has the legal authority to identify constitutional deficiencies with the existing voting system, but it does not have the power to*

13

*prescribe or mandate new voting systems to replace the current,*

*legislatively enacted system."* Exh. 4, p.5

Mr. Davis sought to include evidence within the scope of authority the court set for trial, and to which no Defendants filed an opposition, but it was nonetheless rejected by the court. Rather than accept the explanation of witness testimony from Mr. Davis at face value as the court has done with other Plaintiffs, the court rejected his motion based on its own speculation and conjecture inferred from a single pre-trial conference statement as explained in the court's order.  Ex. 10, p.10

The court clearly erred in rejecting the request by Mr. Davis for Mr. Cotton to testify given that the contention by Mr. Davis that Mr. Cotton could provide "factual forensic evidence" of constitutional deficiencies remains unchallenged. Plaintiff David contends that the computer related factual forensic evidence that Mr. Cotton, a credential forensic examiner, can provide represents firsthand factual evidence of how the Dominion BMD Voting System was set up and how it behaves during Georgia's elections. This evidence will show that the system was

14

actually vulnerable to irregular remote access despite Defendant's claimed security protocols.

Furthermore, the Court falsely assumed that all of Jeffrey Lenberg's testimony was second hand simply because he explained that he had only second- hand knowledge of a conversation Misty Hampton had with a Dominion Voting Systems representative.  Such an expansive inference is not reasonable.

Mr. Lenberg, the record shows, is a former nation state vulnerability professional with 37 years of experience, who worked at Sandia National Laboratories in New Mexico and tested software for the U.S. Dept of Energy. Ex. 3, p. 20, 321  He can provide factual testimony of how testing of the Dominion Election Management Server identified and reproduced a partisan ballot rejection problem discovered by Misty Hampton and other Coffee County election officials during the 2021 U.S. Seante runoff.

Mr. Davis explained that his previously deposed fact witnesses have not been accused by any governing jurisdiction of any wrongdoing

from investigations into activities taken by Coffee County election personnel after the Dominion BMD Voting System failed to count the 2020 election results correctly, Dominion BMD Voting System personnel provided no explanation for the inaccuracies and nobody from the Secretary of State's office offered assistance when requested.

Any further speculative claims of whether any witness engaged in criminal wrongdoing are matters for a criminal case in the appropriate court, not a basis to exclude evidence in this civil case before the district court. Attempts to bar the witnesses from testifying based on such speculative claims create an inference of guilt which the court has already rejected for 5th amendment testimony in the same order denying the effort by Mr. Davis to call the above witnesses.  Ex. 10, p. 2.

**B.     The court erred and evinced an improper bias by narrowly constraining designated depositions and fact witnesses that Mr. Davis sought while binding him to trial presentations by other Plaintiffs, rather than the constitutional deficiency issues that the court set for trial.**

Mr. Davis sought to add two (2) previously deposed fact witnesses and designated deposition for four (4) witnesses already in the Plaintiffs Joint Deposition Designations to directly address the Defendants' key claim as stated in their Mandamus that*: "Plaintiffs maintain their claims despite failing to produce a single piece of evidence that any BMD has actually been hacked or that any vote has actually been changed".* Ex. 11, p. 5.  This claim by Defendants is not addressed by other Plaintiffs theories that the court attempts to use to bind arguments of Mr. Davis.

As previously explained, the court clearly set *"constitutional deficiencies with the existing system"* as the scope of the issues for trial in its Summary Judgement order.  Mr. Davis sought to include designated depositions within the scope of trial issues, to which the Defendants filed no opposition.  Nevertheless, the motion rejected by the court.

Rather than accept the motion by Mr. Davis as consistent with the court's issues set for trial, the court erred and showed apparent

extrajudicial bias by narrowly constraining and arbitrarily binding the
limited evidence sought for inclusion by Mr. Davis to new *"theories,
narratives or presentations of evidence"* at odds with the very issues the
court set for trial.

The court's attempt to bind the limited evidence Mr. Davis sought
to add to the record according to narrow theories offered by other
Plaintiffs is directly counter to its own November 10, 2023 order where
it acknowledged *"the broad evidentiary scope"* of the case, the *"broader
risks"* flowing from specific vulnerabilities outlined by Dr. Halderman
and the *"Plaintiffs broader challenge to the BMD system"*.[5]  Ex. 4, pp. 3,
41, 114

Furthermore, interpretations of any such new *"theories, narratives
or presentations of evidence"* by other Plaintiffs as outside the scope of
trial is inconsistent with the Court's recognition that facts non-existent

---

[5] Moreover, the Court's reference to its reasoning in Dkt. 1724 (Ex. 12, p. 12) is not applicable to the present issue; the prior issue involved the offering new trial experts beyond the disclosure date where no written expert report had been previously exchanged.  The present request is simply to add two fact witnesses who have already been deposed.

both at the inception of this case in 2017 and at the time of amended complaints filed by both sets of Plaintiffs in 2019 are implicated in the issues for trial.[6]  Ex. 4, p. 2

The court established with its Summary Judgement order that irregular access of the Coffee County server occurred in January of 2021. The order highlighted that constitutional deficiency in great detail. No other new *"theories, narratives or presentations of evidence"* are necessary to establish, by evidence of deposed witnesses, that irregular access as a constitutional deficiency.

Mr. Davis sought to introduce no new theory, narrative or evidentiary presentation other than those trial issues related to the constitutional deficiencies of the Dominion BMD system. His proposed additional designated depositions and witness testimony are also squarely within the Plaintiffs' requested relief since the inception of the

---

[6] "A plethora of new factual and legal developments emerged along the way, topped off by breach of the Coffee County election system in early 2021."  Ex. 4, p. 2.

case in 2017 and the time of the creation of amended complaints in 2019.

Mr. Davis explained that his designated depositions and requested fact witnesses are intended to supplement and corroborate testimony and conclusions of the Curling and Coalition Plaintiffs' experts, Dr. Alex Halderman and Dr, Philip Stark, respectively, which Defendants refer to as speculative.  Ex. 8, p. 2, 6

Mr. Davis further explained that his designated depositions and requested fact witnesses can show how conclusions found by Dr. Halderman and Stark manifested in Georgia's 2021 U.S. Senate runoff and other elections through security vulnerabilities that led to remotely initiated irregular access. Forensic and testing evidence indicate that such access occurred despite claims by the vendor and Defendants that the voting system is not connected to the Internet and has no wireless access capability.  Ex. 8, p.6

The deposition designations Mr. Davis sought provide further evidence of involvement by the vendor in the remote irregular access

occurring on the evening of the January 5, 2021 U.S. Senate runoff

when an onsite technician in Coffee County, Georgia called Dominion's

Scott Tucker regarding a partisan ballot scanning rejection problem and

the system was remotely reconfigured without physical access to the

scanner or server equipment.  Ex. 8, pp.2, 6

These designated depositions that Mr. Davis sought to add to the

record are directly relevant and supportive of voting system security

concerns raised by all Plaintiffs and there is no legitimate dispute

whether it is in the best interests of all Plaintiffs to be included.

Furthermore, inclusion of Petitioner Davis' evidence is fully

consistent with the concern continually demonstrated by the court for

the broader security issues involved with the Dominion BMD system as

noted in its February 11, 2022 order and its June 24, 2022 order where

the court recognized that Dr. Halderman's September 21, 2021

declaration should be shared with the Cybersecurity and Infrastructure

Security Agency (CISA).  Ex. 14, Ex. 15, p.2   In that order, the court

expressed concern for the broad vulnerabilities that Dr. Halderman had

21

uncovered stating: *"…the Court is concerned that if the report were disclosed in the form proposed by Plaintiffs and/or Defendants, it could potentially provide a roadmap for hacking to individuals or entities both foreign and domestic who may seek to exploit potential vulnerabilities in the State's election software"*. CISA conducted an assessment and review after the court's order and its findings of broad vulnerabilities in the Dominion BMD system are outlined in its June 4, 2022 CISA Advisory notice.  The first hand factual and forensic evidence Mr. Davis sought to bring forward is consistent with these court orders as well as the CISA findings, and can corroborate that some vulnerabilities CISA found manifested in actual Georgia elections.

Since he first requested the list of witnesses, exhibits, motions, objections and designated depositions when it was initially produced on November 20, 2023, Mr. Davis has tailored his motions so as not to delay the trial that he and his fellow Plaintiffs and the Defendants have long sought.

The district court previously denied Mr. Davis the counsel of his choice for trial in large part using the same reasoning that would constrain him to the identical presentation of evidence as offered by other Plaintiffs.  Ex. 12   Petitioner Davis submits that limiting his right to the control of presentation of his case based on notions of cohesiveness among the Plaintiffs' counsel to the prejudice of his case exceeds the discretion given to the Court to control the orderly presentation of cases before it.  Such reasoning also could engender a perception of bias against Mr. Davis, who is the only black and only conservative Plaintiff in this case, rather than a dispassionate consideration of the evidence and legal merits.  This Court is without jurisdiction to consider the criminality of either Dominion's agents or public servants.

**C.**    **The District Court exceeded its discretion by excluding Petitioner's trial witnesses and deposition designations.**

In the present case, there is no demonstrable injury to the opposing party.  As stated above, the trial Court imposed an expansive

and unjustifiable supposition that all of the witnesses' testimony would be based on inadmissible hearsay.  Ex. 10, p. 11  To the extent that any particular statement is based on hearsay or otherwise objectionable, those issues can easily be handled by a contemporaneous objection for resolution by the court during testimony.  There is no evidence in the record that such a process would be unworkable or even difficult.

Furthermore, testimony by Lenberg and Cotton cannot be unfair to the Defendants because they were actually deposed in the case during the discovery period, and the Defendants had full opportunity to ask any questions within the scope of permissible discovery. Defendants have not objected that they were not given such opportunity.

By comparison, disallowing the testimony of Lenberg and Cotton could result in great injustice to Petitioner Davis, as he would be denied the chance to present what simple logic would dictate is the very best evidence that the Dominion BMD suffers from unconstitutional infirmity – evidence that actual irregular intrusion occurred during the

24

February 5th elections and the system was manipulated by means of such intrusion.

The inconvenience to the court here is slight, as at least one of the witnesses was already on the Defendant's "may call" list, and both of them were deposed and are not new witnesses requiring a chance for adequate investigation and disclosure.  In the context of the case, the addition of a mere two witnesses requires little more commitment of court time or effort.   Any possible lack of cohesion among the Plaintiffs is primarily an irrelevant consideration, but even if true, completely speculative.

The District Court's conclusion that the Petitioner is attempting to add a new theory is unsustainable based upon its prior rulings on the scope of the trial and the issues already developed in the case.

Furthermore, a notion that the other Plaintiffs may object to a co-Plaintiff's choice to present certain evidence, is not a sufficient basis to deny the Petitioner the opportunity to present a case he has waited six long years to present.

## CONCLUSION AND RELIEF SOUGHT

Petitioner prays that this Court issue a writ of mandamus compelling the District Court to vacate that portion of its Order (Ex. 10) denying Petitioner's motion to amend the Pre Trial Order and to include the Petitioner's witnesses Cotton and Lenberg, and Petitioner's additional Deposition Designations in the Pre Trial Order.

Respectfully submitted this 27th day of December, 2023.

LAW OFFICES OF DAVID E. OLES

*/s/David E Oles* _____
DAVID E. OLES, SR.
Attorney for Petitioner Ricardo Davis
GA Bar No. 551544

5755 North Point Parkway
Suite 25
Alpharetta, Georgia 30022
Tel: 770-753-9995
firm@deoleslaw.com

CERTIFICATION OF COMPLIANCE

I certify that this brief complies with the type-volume limitations set

forth in FRAP 32(a)(7)(B).  This brief contains 4,127 words.

Respectfully this 27th day of December, 2023.

LAW OFFICES OF DAVID E. OLES

*/s/David E Oles*
DAVID E. OLES, SR.
Attorney for Petitioner Ricardo Davis
GA Bar No. 551544

5755 North Point Parkway
Suite 25
Alpharetta, Georgia 30022
Tel: 770-753-9995
firm@deoleslaw.com

27

ADDENDUM 1
LIST OF EXHIBITS

| Exh. | Description | Trial Docket |
|------|-------------|--------------|
| 1. | Coalitions Plaintiffs' First Supplemental Amended Complaint | 628 |
| 2. | Deposition of Benjamin R. Cotton | 1607 |
| 3. | Deposition of Jeffrey E. Lenberg | 1613 |
| 4. | Order on Motions for Summary Judgment | 1705 |
| 5. | Proposed Pretrial Order | 1728 |
| 6. | Motion to Amend Proposed Pre Trial Order | 1737 |
| 7. | Affidavit of Ricardo Davis | 1737-1 |
| 8. | Motion to Amend Proposed Pretrial Order | 1740 |
| 9. | Transcript of Proceedings before the District Court on December 15, 2023 | 1747 |
| 10. | Order on Motion to Amend PPO | 1749 |
| 11. | Defendants Petition for Mandamus | 1750-1 |
| 12. | Order on Motion to Withdraw | 1724 |
| 13. | Motion to Withdraw Counsel | 1718 |

14.     Order of February 11, 2022                    1315

15.     Order of June 24, 2022                         1406