EXHIBIT 11

No. 23-_____

In the

# United States Court of Appeals
## for the Eleventh Circuit

---

IN RE BRAD RAFFENSPERGER,

*Petitioner.*

---

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of Georgia, Atlanta Division.

*Donna Curling et al. v. Brad Raffensperger, et al.*
No. 1:17-cv-2989-AT — Amy Totenberg, *Judge*

---

## PETITION FOR WRIT OF MANDAMUS

---

## RELIEF NEEDED BY JANUARY 8, 2024

---

Bryan P. Tyson
Diane F. LaRoss
Bryan F. Jacoutot
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
E:btyson@taylorenglish.com
   dlaross@taylorenglish.com
   bjacoutot@taylorenglish.com

Vincent R. Russo
Josh Belinfante
Carey A. Miller
Edward A. Bedard
Javier Pico Prats
ROBBINS ALLOY BELINFANTE
   LITTLEFIELD, LLC
500 14th St. NW
Atlanta, GA 30318
E:vrusso@robbinsfirm.com
   jbelinfante@robbinsfirm.com
   cmiller@robbinsfirm.com
   ebedard@robbinsfirm.com
   jpicoprats@robbinsfirm.com

*Counsel for Petitioner*

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rules 21-1 and 26.1-1 through 26.1-3, counsel for Petitioner Brad Raffensperger hereby certify that the below is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

1. Abney, Russell T.: Counsel for Amicus Electronic Privacy Information Center.

2. Abrams for Governor: Objector in the underlying case.

3. Adams, Kimberly M. Esmond: Fulton Superior Court, Judge.

4. Alan Butler: Counsel for Amicus Electronic Privacy Information Center.

5. Altshuler Berzon, LLP: Counsel for Amicus Common Cause.

6. Andreu-von Euw, Christian G.: Counsel for Plaintiffs.

7. Ardoin, R. Kyle: Secretary of State of the State of Louisiana and former Proposed Intervenor.

8. Ascarrunz, Veronica: Counsel for Plaintiffs.

9. Baconton Missionary Baptist Church, Inc.: Objector in the underlying case.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

10. Balli, James A.: Former counsel for Defendant Petitioner, terminated 11/17/2022.

11. Barnes: Roy E.: Former counsel for former defendant Secretary of State, Brian P. Kemp, and State Election Board Members, terminated on 2/15/2019.

12. Barron, Richard: Former defendant in underlying case.

13. Bedard, Edward A.: Counsel for Defendant Petitioner.

14. Belinfante, Joshua Barrett: Counsel for Defendant Petitioner.

15. Bentrott, Jane P.: Former counsel for Plaintiffs, terminated on 8/28/2020.

16. Berzon, Stephen P.: Counsel for Amicus Common Cause.

17. Blitch IV, Pierce Groover: Counsel for Movant Hancock County Board of Elections and Registration.

18. Bondurant Mixson & Elmore, LLP: Former counsel for Plaintiffs.

19. Brady, Robert: Objector in the underlying case.

20. Bridges, Agnes: Objector in the underlying case.

21. Brimer, Marcie: Former counsel for Plaintiffs, terminated on 8/28/2020.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

22.  Brody, David R.: Former counsel for Plaintiffs, terminated on 01/08/2021.

23.  Brogan, Eileen M.: Former counsel for Plaintiffs, terminated on 07/09/2021.

24.  Brooks, Jessica: Former defendant in underlying case, terminated on 6/13/2018.

25.  Brown, Bruce P.: Counsel for Plaintiffs.

26.  Bruce P. Brown Law: Counsel for Plaintiffs.

27.  Bryan, Bennett Davis: Former counsel for former defendant in underlying case, DeKalb County, terminated 06/13/2018.

28.  Burge, David J.: Former defendant in underlying case.

29.  Burton, Robert D.: Former counsel for Defendant, terminated 01/18/2022.

30.  Burwell, Kaye Woodard: Counsel for former defendant Fulton County in underlying case.

31.  Butler, Alan Jay: Counsel for Amicus Electronic Privacy Information Center.

32.  Caldwell, Joe Robert, Jr.: Former counsel for Plaintiffs, terminated on 11/29/2017.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

33.  Campbell, Benjamin E.: Counsel for Plaintiffs.

34.  Capriola, Richard J.: Counsel for Respondent Paul V. Maggio.

35.  Care in Action, Inc.: Objector in the underlying case.

36.  Carlin, John P.: Former counsel for Plaintiffs, terminated 01/11/2021.

37.  Chapple, Catherine L.: Former counsel for Plaintiffs, terminated on 8/28/2020.

38.  Cheeley Law Group, LLC: Former counsel for Respondent Cathleen Alston Latham.

39.  Cheeley, Robert D.: Former counsel for Respondent Cathleen Alston Latham, terminated 09/05/2023.

40.  Cino, Jessica G.: Counsel for Plaintiffs.

41.  Clark, Bryan: Counsel for former Proposed Intervenor Herring Networks, Inc.

42.  Coalition for Good Governance: Plaintiff.

43.  Cobb County Attorney's Office: Former counsel for former defendants Cobb County in underlying case, terminated on 11/3/2017.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

44.   Coffee County Board of Elections: Former movant in the underlying case.

45.   Coleman, Eric B.: Counsel for Respondent Paul V. Maggio.

46.   Common Cause: Amicus in the underlying case.

47.   Conarck, Jacob Paul: Former counsel for Plaintiffs, terminated 01/08/2021.

48.   Constantine Cannon LLP: Counsel for Plaintiffs.

49.   Cooney, Mary Carole: Former defendant in the underlying case.

50.   Correia, Cristina: Former counsel for former defendant Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

51.   Coveny, Michael P.: Former defendant in the underlying case, terminated on 6/13/2018.

52.   Cross, David D.: Counsel for Plaintiffs.

53.   Crumly, Jonathan Dean, Sr.: Former counsel for Defendant Petitioner, terminated 11/17/2022.

54.   Curling, Donna: Plaintiff.

55.   Daniell, Phil: Former defendant in the underlying case, terminated on 6/13/2018.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

56. Daniels, Maxine: Former defendant in the underlying case, terminated on 6/13/2018.

57. Daniels, Douglas A.: Former counsel for former Proposed Intervenor Michael J. Lindell, terminated 03/30/2022.

58. Daniels & Tredennick PLLC: Former counsel for former Proposed Intervenor Michael J. Lindell.

59. Davis, Deborah J.: Proposed Intervenor.

60. Davis, Ricardo: Plaintiff.

61. Denton, Alexander Fraser: Counsel for Defendant Petitioner.

62. DeKalb County District Attorney's Office: Former counsel for former defendant DeKalb County.

63. Digges, Laura: Plaintiff.

64. Digges, William, III: Plaintiff.

65. Duane Morris LLP: Counsel for former Proposed Intervenor Newsmax, Inc.

66. Duffey Jr., William S.: Former Chair of the Georgia State Election Board and former Defendant.

67. Ebenezer Baptist Church of Atlanta, Georgia, Inc.: Objector in the underlying case.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

68.   Edmondson, Anna N.: Counsel for Defendant Petitioner.

69.   Electronic Privacy Information Center: Amicus in the underlying

case.

70.   Elson, Hannah R.: Former counsel for Plaintiffs, terminated

11/27/2023.

71.   Eveler, Janine: Former defendant and Director of the Cobb

County Board of Elections and Registration, terminated on

6/13/2018.

72.   Fair Fight Action, Inc.: Objector in the underlying case.

73.   Ferrer Poirot & Wansbrough-GA: Counsel for Amicus Electronic

Privacy Information Center.

74.   Fisher, Ramsey W.: Counsel for Plaintiffs.

75.   Fleming & Nelson, LLP: Counsel for Movant Hancock County

Board of Elections and Registration.

76.   Flores, Rommy L.: Former counsel for Plaintiffs, terminated

12/10/2021.

77.   Fortalice Solutions, LLC: Respondent.

78.   Fox News Network, LLC: Former Proposed Intervenor.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

79.   Fuchs, Zachary D.: Former counsel for Plaintiffs, terminated 06/21/2022.

80.   Georgia Department of Law: Counsel for former Secretary of State, defendant Brain P. Kemp and State Election Board Members.

81.   Ghazal, Sara T.: Member of the Georgia State Election Board and Defendant.

82.   Glover, Joel R.: Former counsel for former Proposed Intervenor Fox News Network, LLC, terminated 07/05/2022.

83.   Gwinnett County Department of Law: Counsel for Kristi L. Royston, Objector in the underlying case.

84.   Hall Booth Smith: Counsel for Respondent Coffee County Board of Elections.

85.   Hancock County Board of Elections and Registration: Movant in underlying case.

86.   Handel, Karen C.: Former defendant in underlying case, terminated on 9/28/2017.

87.   Harding, Todd A.: Former counsel for Plaintiff Ricardo Davis, terminated 12/017/2023.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

88. Harding Law Firm, LLC: Former counsel for Plaintiff Ricardo Davis, terminated 12/017/2023.

89. Harp, Seth: Former Member of the Georgia State Election Board.

90. Havian, Eric R.: Former counsel for Plainitffs, terminated 03/11/2022.

91. Hayne Litchfield Crane & White: Former counsel for former defendant in underlying case, DeKalb County.

92. Hedgecock, Lyle F.: Counsel for Plaintiffs.

93. Heidt, Josiah Benjamin: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 11/3/2017.

94. Hendrix, Barclay: Former counsel for former defendant in the underlying case, Karen C. Handel.

95. Herring Networks, Inc.: Former Proposed Intervenor.

96. Highsmith, Robert S.: Former counsel for former defendant in the underlying case, Merle King.

97. Hilbert, Kurt R.: Counsel for former Proposed Intervenor My Pillow Inc.

*In re Raffensperger, et al.*
No. 23-_____

98.   Holcomb + Ward, LLP: Former counsel for Plaintiffs, terminated on 2/5/2018.

99.   Holden, Deirde: Objector in the underlying case.

100.  Holland & Knight LLP: Former counsel for former defendant in the underlying case, Merle King.

101.  Ichter, Cary: Counsel for Plaintiffs.

102.  Ichter Davis, LLC: Counsel for Plaintiffs.

103.  Jackson-Fannin, Julian A.: Counsel for former Proposed Intervenor Newsmax, Inc., terminated 08/11/2022.

104.  Jackson Walker L.L.P.: Counsel for former Proposed Intervenor Fox News Network, LLC

105.  Jacoutot, Bryan Francis: Counsel for Defendant Petitioner.

106.  Jarrard & Davis, LLP: Counsel for Ameika Pitts, Objector in the underlying case.

107.  Jihadi, Wail: Counsel for Plaintiffs.

108.  Johnson, Aaron: Defendant in underlying case.

109.  Johnson, Laura K.: Former counsel for former defendant DeKalb County.

110.  Johnson, Melanie L.: Counsel for Defendant Petitioner.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

111. Johnston, Janice W.: Member of the Georgia State Election Board and Defendant.

112. Jon L. Schwartz, Attorney at Law, P.C.: Former Counsel for Amicus Common Cause, terminated 10/01/2020 and counsel for Amicus National Election Defense Coalition and Protect Democracy.

113. Jones Walker, LLP: Counsel for former Proposed Intervenor R. Kyle Ardoin.

114. Joseph, Oluwasegun: Counsel for Plaintiffs.

115. Kaiser, Mary G.: Counsel for Plaintiffs.

116. Kastorf, Kurt G.: Counsel for Objectors Care in Action, Inc, Ebenezer Baptist Church of Atlanta, Georgia, Inc., Fair Fight Action, Inc., Sixth Episcopal District Inc., Virginia Highland Church, Inc., Abrams for Governor, and Baconton Missionary Baptist Church, Inc.

117. Keller, Scott A.: Counsel for former Proposed Intervenor Fox News Network, LLC, terminated 08/11/2022.

118. Kemp, Brian P.: Former Secretary of State and former defendant in the underlying case, terminated on 4/9/2019.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

119. Kidd, Milton: Objector in the underlying case.

120. Kimrey, Blaine C.: Counsel for former Proposed Intervenor Herring Networks, Inc., terminated 08/11/2022.

121. King, Merle: Executive Director of the Center for Election Systems at Kennesaw State-former defendant in the underlying case, terminated on 6/13/2018.

122. Kinsley, Nicholas A.: Counsel for Respondent Coffee County Board of Elections.

123. Kirk, Joseph: Objector in the underlying case.

124. Knapp, Halsey G., Jr.: Counsel for Plaintiffs.

125. Koechley, Julia L.: Counsel for former Proposed Intervenor Herring Networks, Inc.

126. Krevolin & Horst, LLC: Counsel for Plaintiffs.

127. Krugman, Edward B.: Former counsel for Plaintiffs.

128. Lake, Brian Edward: Former counsel for Defendant Petitioner, terminated 04/25/2023.

129. LaRoss, Diane Festin: Counsel for Defendant Petitioner.

130. Latham, Cathleen A.: Former Movant in the underlying case.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

131. Lawyers' Committee for Civil Rights Under Law: Counsel for Plaintiffs.

132. Law Office of David E. Oles: Counsel for Plaintiff Ricardo Davis.

133. Le, Anh: Former member of the Georgia State Election Board and former Defendant.

134. Lehotsky Keller Cohn LLP: Counsel for former Proposed Intervenor Fox News Network, LLC.

135. Lewis, Anthony: Former defendant in the underlying case, terminated on 6/13/2018

136. Leyton, Stacey M.: Former counsel for Amicus Common Cause, terminated 10/01/2020.

137. Lim, Marvin: Former counsel for Plaintiffs, terminated on 12/21/2017.

138. Lindell, Michael J.: Former Proposed Intervenor.

139. Lindenbaum, Dara: Counsel for Objectors Care in Action, Inc, Ebenezer Baptist Church of Atlanta, Georgia, Inc., Fair Fight Action, Inc., Sixth Episcopal District Inc., Virginia Highland Church, Inc., Abrams for Governor, and Baconton Missionary Baptist Church, Inc.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

140. Lindsey, Edward: Defendant and Member of the Georgia State Election Board.

141. Lowman, David R.: Counsel for former defendant Fulton County in underlying case.

142. Maggio, Paul V.: Former movant in the underlying case.

143. Maguire, Joseph M.: Counsel for Respondent U.S. Dominion, Inc.

144. Manoso, Robert W.: Counsel for Plaintiffs.

145. Martino-Weinhardt, Matthaeus H.: Counsel for Plaintiffs.

146. Mashburn, Matthew: Defendant and Member of the Georgia State Election Board.

147. Matarazzo, Stan: Former defendant in underlying case, terminated 09/15/2017.

148. McGuire III, Robert Alexander: Counsel for Plaintiffs.

149. Middleton, Caroline L.: Former counsel for Plaintiffs, terminated 11/27/2023.

150. Miller, Carey Allen: Counsel for Defendant Petitioner.

151. Miller, J. Britten: Amicus curiae.

152. Missett, Megan: Plaintiff.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

153. Monyak, Elizabeth Ahern: Former counsel for former defendant Cobb County.

154. Morrison & Foerster, LLP-DC: Counsel for Plaintiffs.

155. Murray, Matthew J.: Former counsel for Amicus Common Cause, terminated 10/01/2020.

156. My Pillow Inc.: Former Proposed Intervenor.

157. Nally, Paul L.: Amicus curiae.

158. National Election Defense Coalition: Amicus in the underlying case.

159. Newsmax, Inc.: Former Proposed Intervenor.

160. Ney Hoffecker Peacock & Hayle, LLC: Counsel for Plaintiffs.

161. Ney, William Brent: Counsel for Plaintiffs.

162. Ney Rhein, LLC: Counsel for Plaintiffs.

163. Novosad, Heath: Former counsel for former Proposed Intervenor Michael J. Lindell.

164. Nuriddin, Vernetta: Former Defendant.

165. Office of Fulton County Attorney: Counsel for former defendant Fulton County in underlying case.

166. Oles, David E.: Counsel for Plaintiff Ricardo Davis.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

167. Ossoff, Thomas Jonathan: Former interested party in underlying case, terminated 09/28/2017.

168. Paradise, Loree Anne: Former counsel for Defendant Petitioner, terminated 10/03/2022.

169. Park, Jeanah: Counsel for former Proposed Intervenor Herring Networks, Inc.

170. Parker, Andrew D.: Counsel for former Proposed Intervenors My Pillow, Inc. and Michael J. Lindell.

171. Parker Daniels Kibort, LLC: Counsel for former Proposed Intervenors My Pillow, Inc. and Michael J. Lindell.

172. Parks, Chesin & Walbert, P.C.: Counsel for Respondent U.S. Dominion, Inc.

173. Peeler, Charles E.: Counsel for former Proposed Intervenor Fox News Network, LLC.

174. Perry, Leona: Former defendant in underlying case, terminated on 6/13/2018.

175. Pettit, Joe: Former defendant in underlying case, terminated on 6/13/2018.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

176. Phillips, James Jayson: Counsel for Objectors Joseph Kirk and Deidre Holden.

177. Phillips, Terry G.: Former counsel for former defendant in underlying case, DeKalb County.

178. Pico-Prats, Javier: Counsel for Defendant Petitioner.

179. Pierson, Holly A.: Former counsel for Respondent Cathleen Alston Latham, terminated 08/31/2023.

180. Pierson Law LLC: Former counsel for Respondent Cathleen Alston Latham, terminated 08/31/2023.

181. Pitts, Ameika: Objector in the underlying case.

182. Porter, Reiley J.: Counsel for Plaintiffs.

183. Powers, John Michael: Former counsel for Plaintiffs, terminated 01/08/2021.

184. Price, Donna: Plaintiff.

185. Protect Democracy: Amicus in the underlying case.

186. Pull, Joseph A.: Counsel for former Proposed Intervenors My Pillow, Inc. and Michael J. Lindell.

187. Raffensperger, Brad: Secretary of State of the State of Georgia and Defendant Petitioner.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

188. Ringer, Cheryl: Counsel for former defendant Fulton County in underlying case.

189. Robbins Ross Alloy Belinfante Littlefield LLC: Counsel for Defendant Petitioner.

190. Robert McGuire Law Firm: Counsel for Plaintiffs.

191. Robin, Kenneth Paul: Counsel for Objector Ameika Pitts.

192. Rockdale County Board of Elections and Registration: Objector in the underlying case.

193. Rosenberg, Ezra David: Former counsel for Plaintiffs, terminated 01/08/2021.

194. Rowan, Nancy L.: Counsel for former defendants Fulton County Board of Registration and Elections, Richard Barron, Mark Wingate, and Kathleen D. Ruth.

195. Royston, Kristi L.: Objector in the underlying case.

196. Russo, Vincent Robert, Jr.: Counsel for Defendant Petitioner.

197. Ruth, Kathleen D.: Former defendant in the underlying case.

198. Salter, John Frank, Jr.: Former counsel for former Secretary of State, Brain P. Kemp and State Election Board Members, terminated on 2/15/2019.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

199. Sandler Reiff Lamb Rosenstein & Birkenstock, P.C.: Counsel for

Objector Care in Action, Inc.

200. Scheinman, Aaron H: Counsel for Plaintiffs.

201. Schnell, Grant Edward: Former counsel for former defendant in

the underlying case, Merle King.

202. Schoenberg, Jeffrey: Plaintiff.

203. Schwartz, Edward Bruce: Former counsel for Plaintiffs,

terminated on 11/29/2017.

204. Schwartz, Jonathan Lee: Former Counsel for Amicus Common

Cause, terminated 10/01/2020 and counsel for Amicus National

Election Defense Coalition and Protect Democracy.

205. Simpson, Ralph F.: Former Member of the Georgia State

Election Board.

206. Sixth Episcopal District, Inc.: Objector in the underlying case.

207. Sparks, Adam Martin: Counsel for Plaintiffs.

208. Squire Patton Boggs: Counsel for former defendants Fulton

County Board of Registration and Elections, Richard Barron,

Mark Wingate, and Kathleen D. Ruth.

209. Steptoe & Johnson-DC: Counsel for Plaintiffs.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

210. Stillman Welch, LLC: Counsel for former Proposed Intervenor Herring Networks, Inc.

211. Strickland Brockington Lewis, LLP: Former counsel for former defendant Karen C. Handel.

212. Strickland, Frank B.: Former counsel for former defendant Karen C. Handel.

213. Sugarman, F. Skip: Counsel for Amicus Common Cause.

214. Sugarman Law LLP: Counsel for Amicus Common Cause.

215. Sullivan, Rebecca N.: Member of the Georgia State Election Board and Defendant.

216. Swanbeck, Sonja N.: Counsel for Plaintiffs.

217. Talley Richardson & Cable, P.A.: Counsel for Objector Joseph Kirk.

218. Talmor, Kate: Counsel for United States of America.

219. Taylor English Duma LLP: Counsel for Defendant Petitioner.

220. Tepfer, Cameron A.: Former counsel for Plaintiffs, terminated on 9/3/2019.

221. Terry, Edward Curtis: Former plaintiff in the underlying case, terminated on 3/20/2018.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

222. The Barnes Law Group, LLC: Former counsel for former
Secretary of State, Brain P. Kemp and State Election Board
Members, terminated on 2/15/2019.

223. The Business Litigation Group, P.C.: Counsel for Plaintiffs.

224. The Center for Election Systems at Kennesaw State University:
Former defendant in the underlying case, terminated on
9/15/2017.

225. The Cobb County Board of Elections and Registration: former
defendant in the underlying case, terminated on 6/13/2018

226. The Dekalb County Board of Registrations and Elections:
Former defendants in the underlying case, terminated on
6/13/2018

227. The Fulton County Board of Registration and Elections: Former
defendant in the underlying case.

228. The Hilbert Law Firm, LLC: Counsel for former Proposed
Intervenors My Pillow Inc. and Michael J. Lindell.

229. The State Election Board: Defendant.

230. Theriot, Chad V.: Counsel for former Proposed Intervenor R.
Kyle Ardoin.

EXHIBIT 11

*In re Raffensperger, et al.*

No. 23-_____

231. Tillman, Samuel E.: Former defendant in the underlying case, terminated on 6/13/2018.

232. Totenberg, Hon. Amy: Judge in underlying case, United States District Court for the Northern District of Georgia.

233. Troutman Pepper Hamilton Sanders LLP: Counsel for former Proposed Intervenor Fox News Network, LLC.

234. Tyson, Bryan P.: Counsel for Defendant Petitioner.

235. U.S. Dominion, Inc.: Respondent in underlying case.

236. Vedder Price, P.C.: Counsel for former Proposed Intervenor Herring Networks, Inc.

237. Virginia-Highland Church, Inc.: Objector in the underlying case.

238. Vu, Baoky N.: Former defendant in the underlying case, terminated on 6/13/2018.

239. Waldon Adelman Castilla Hiestand & Prout: Former counsel for former interested party Thomas Jonathan Ossoff.

240. Waldon, Russell: Former counsel for former interested party Thomas Jonathan Ossoff.

241. Ward, Bryan Myerson: Former counsel for Plaintiffs, terminated on 2/5/2018.

*In re Raffensperger, et al.*
No. 23-_____

242. Watts Guerra LLP: Counsel for Amicus Electronic Privacy Information Center.

243. Webb, Wheaton: Counsel for former Proposed Intervenor Fox News Network, LLC.

244. Welch, T. Brandon: Counsel for former Proposed Intervenor Herring Networks, Inc.

245. White, Daniel Walter: Former counsel for former defendant DeKalb County.

246. White-Davis, Angela: Objector in the underlying case.

247. Wiesebron, Tamara R.: Counsel for Plaintiffs.

248. Winter Capriola Zenner, LLC: Counsel for Respondent Paul V. Maggio.

249. Wilson, Darryl O.: Former defendant in the underlying case, terminated on 6/13/2018.

250. Wilson, Melanie Felicia: Counsel for Kristi L. Royston, Objector in the underlying case.

251. Wingate, Mark: Former defendant in the underlying case, terminated on 6/13/2018.

EXHIBIT 11
*In re Raffensperger, et al.*
No. 23-_____

252. Worley, David J.: Former of the Georgia State Election Board and Defendant.

253. Wright, Aaron: Former counsel for Plaintiffs, terminated on 12/21/2017.

EXHIBIT 11

## STATEMENT REGARDING ORAL ARGUMENT

Although the issues involved in this petition are extraordinarily important to Georgia's sovereign interests, this Court can issue relief without holding oral argument because the district court's error is evident under this Court's precedent. Should the Court wish to hold argument, however, the Secretary requests the opportunity to participate.

In the interim, petitioner respectfully requests that the Court stay the underlying district court order, as addressed in his concurrently filed time-sensitive motion for a stay of the district court's order and enforcement of the underlying subpoena pending resolution of this petition.

# TABLE OF CONTENTS

Certificate of Interested Persons ........................................... C-1

Statement Regarding Oral Argument ...................................... i

Table of Authorities ................................................................ iii

Introduction .............................................................................. 1

Statement of Jurisdiction ......................................................... 3

Issues Presented ....................................................................... 4

Statement of the Case .............................................................. 4

    I.   Plaintiffs' attempt to depose the Secretary two years ago ............ 5

    II.  Plaintiffs have identified and deposed numerous other witnesses from within the Secretary's Office. .............................. 8

    III. Two years later, Plaintiffs include the Secretary on their will-call list for trial. ................................................................ 10

    IV. The district court compels the Secretary to testify at trial ......... 12

Standard of Review ................................................................ 15

Argument ................................................................................ 15

    I.   The district court clearly abused its discretion by compelling the Secretary to testify at trial. ............................. 15

    II.  The writ is appropriate under the circumstances and there are no other adequate remedies available ................................. 24

Conclusion .............................................................................. 25

Certificate of Compliance ...................................................... 27

Addendum 1 – List of Exhibits ............................................. A-1

Addendum 2 – List of Active Cases ...................................... A-2

# TABLE OF AUTHORITIES

**Cases**

*Bogan v. City of Bos.*, 489 F.3d 417 (1st Cir. 2007) .......................... 17, 22

*In re Paxton*, 60 F.4th 252 (5th Cir. 2023) ................. 3, 16–20, 22, 24–25

*In re U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022) ................... 17, 20

*In re United States*, 985 F.2d 510 (11th Cir. 1993) ................ 3, 17, 22–25

*In re Univ. of Michigan*, 936 F.3d 460 (6th Cir. 2019) .......................... 16

*In re USA*, 624 F.3d 1368 (11th Cir. 2010) ................................. 15–16, 25

*Simplex Time Recorder Co. v. Sec'y of Labor*,
766 F.2d 575 (D.C. Cir. 1985) ............................................................ 17

*United States v. Merhige*, 487 F.2d 25 (4th Cir. 1973) .......................... 17

*United States v. Morgan*, 313 U.S. 409 (1951) ................................. 16, 20

**Statutes**

28 U.S.C. § 1651(a) ..................................................................................... 3

**Constitutional Provisions**

Ga. Const. art. III, § 4, ¶ I ...................................................................... 23

Ga. Const. art. V, § 3, ¶ I ........................................................................ 16

EXHIBIT 11

# INTRODUCTION

The Secretary seeks a writ of mandamus to correct the district court's clear and indisputable error in compelling the Secretary to personally testify at Plaintiffs' behest in the upcoming trial in this case that is set to begin in less than three weeks on January 9, 2024—in the middle of the legislative session and preparations for the 2024 election cycle.

The Supreme Court, this Court, and its sister circuits across the country have held that testimony from a high-ranking government official is proper only as a last resort under "extraordinary circumstances" where there is a "special need" for the official's personal testimony. Plaintiffs cannot show the extraordinary circumstances necessary for a federal court to order a public official like the Secretary to testify. Plaintiffs have not identified any relevant issues that are essential to their case and to which only the Secretary can personally speak. Indeed, there are numerous other current and former employees of the Secretary's Office that are competent (and likely better positioned) to testify as to the central matters at issue in the trial.

Nevertheless, despite never deposing the Secretary, Plaintiffs

EXHIBIT 11

sought (and the district court ordered) the Secretary himself to personally appear at trial simply because he has made public statements criticizing Plaintiffs' expert (whose opinions have been widely disseminated and who likewise regularly comments publicly on voting issues) and defending the security and integrity of Georgia's use of Dominion Voting System's Ballot Marking Device electronic voting machines (the "BMD System") for in-person voting. The district court further held that testifying at trial wouldn't be particularly burdensome for the Secretary because the Secretary was only "six minutes from [the] courthouse. Even by walking, it is about ten minutes." Ex. 1 at 128:12–14.[1]

But making public statements is part of the day-to-day job of many high-ranking government officials, including the Secretary. If the Secretary were required to testify every time he made public statements

---

[1] Pursuant to Fed. R. App. 21(a)(2)(C), relevant documents in the district court record are attached as exhibits to this petition. A reference list of these exhibits is included as Addendum 1 at the end of this petition. References within the petition shall be to the exhibit number followed by the page number that appears in the header generated by the district court's electronic filing system. References to transcripts, however, refer to the page number assigned by the court reporter.

EXHIBIT 11

about Georgia's voting system, "his time would be monopolized by preparing and testifying" in the numerous election- and voting-related cases filed every cycle. *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993). Simply making these public statements does not and cannot qualify as "extraordinary circumstances" demonstrating a "special need" for the Secretary's testimony. *See In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023) (rejecting attempt to depose Texas's Attorney General under almost identical circumstances). This is particularly true where the Plaintiffs have already deposed and designated as trial witnesses numerous senior staff within the Secretary's office.

The Secretary has a clear right to relief from the district court's orders compelling him to testify at this trial. He has no other adequate means to obtain that relief. Under these troubling circumstances, this Court should issue a writ of mandamus.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a); *see also In re United States*, 985 F.2d 510, 511–12 (11th Cir. 1993).

EXHIBIT 11

## ISSUES PRESENTED

1. Whether the district court clearly abused its discretion in compelling Georgia's Secretary of State, Brad Raffensperger, to testify at trial because he made public statements about the general subject matter of the lawsuit.

## STATEMENT OF THE CASE

This case involves a challenge to Georgia's electronic voting system that was first filed in 2017. Plaintiffs'[2] central theory in this case is that Georgia's use of the BMD System for in-person voting imposes a severe constitutional burden on their right to have their votes accurately counted as cast. Plaintiffs claim that the BMD System is vulnerable to hacking that could *theoretically* change the QR codes without voters' knowledge and thereby change the vote that is actually tabulated. Accordingly, Plaintiffs seek to enjoin the Secretary (and fundamentally the State of Georgia) from using this electronic voting system chosen by its elected officials because they say that these alleged vulnerabilities constitute an unconstitutional burden on the right to

---

[2] Plaintiffs are divided into two groups: the Curling Plaintiffs and the Coalition Plaintiffs, who divided in 2018 over disputes in litigation strategy. Those differences, however, are largely irrelevant to this petition.

vote.

The Secretary vigorously disputes these claims, and strongly believes that Plaintiffs' entire case is legally and factually meritless, including because Plaintiffs lack Article III standing. Plaintiffs maintain their claims despite failing to produce a single piece of evidence that any BMD has *actually* been hacked or that any vote has *actually* been changed, despite the BMD System's inclusion of a printed, human-readable list of each of the voter's selections, and despite multiple risk-limiting audits and a widely lauded full hand recount of the 2020 presidential election that confirmed the accuracy and reliability of Georgia's election system. The Secretary looks forward to demonstrating these fundamental flaws in Plaintiffs' case and defending Georgia's voting system at trial, which is finally set to begin on January 9, 2024 after six years of litigation. And, if necessary, the Secretary is prepared to correct any errors on the merits in a future appeal before this Court.

## I.   Plaintiffs' attempt to depose the Secretary two years ago.

Relevant to this petition, however, the district court committed clear error by compelling the Secretary to personally testify at trial.

Plaintiffs first attempted to depose the Secretary two years ago by serving him with a deposition notice in January 2022. Ex. 2. The Secretary immediately objected to that deposition notice on multiple grounds, including that it inappropriately sought to "obtain the testimony of a high-ranking government official without the requisite showing of a special need to depose the Secretary by demonstrating that testimony is not available from alternate witnesses." Ex. 3 at 2.

Plaintiffs responded to the Secretary's objection on January 25, 2022. In their response, Plaintiffs claimed that the Secretary was "uniquely qualified" to testify about the issues raised in the case because he had made "substantive comments on the merits of this litigation, on the elements of the Georgia election system at issue in this case, the integrity and reliability of that system, the quality of the audits and outcomes of elections using those systems, and other related matters." Ex. 4 at 2. They also pointed to the fact that the Secretary had "made time for countless national TV appearances, given hundreds of speeches, and ha[d] even written a book" about Georgia's election

system. *Id.* at 2–3.[3] Beyond these statements, Plaintiffs did not identify any specific items which they believed to be uniquely in the Secretary's personal knowledge.

Nevertheless, Plaintiffs admitted that they only sought the Secretary's deposition "as a last resort" and "as the last Defendant's deposition to be taken so that [Plaintiffs] can assess whether and to what extent other witnesses have been able to address fully essential areas of inquiry Plaintiffs have." *Id.* at 3–4. Plaintiffs said that they would withdraw the deposition notice "[i]f and to the extent that other witnesses cumulatively have fully addressed the issues about which [Plaintiffs] would question the Secretary[.]" *Id.* at 4. And, importantly, Plaintiffs said that if any "questions remain unanswered that it appears the Secretary should be capable of answering," they would "present those questions to the Court and seek leave to take Secretary Raffensperger's deposition as a last resort." *Id.* at 4.

On January 27, 2022, the district court held a telephone

---

[3] None of this was surprising, of course, given the tremendous attention given and false accusations lodged at Georgia's election system in the wake of the 2020 election.

conference on various discovery-related issues, including the deposition notice Plaintiffs served on the Secretary. Without hearing argument from the parties on the issue, the district court acknowledged that the Secretary was unlikely to have any critical information that could not be gleaned from another witness, and also acknowledged the tremendous burden testifying would place on the Secretary. Ex. 5 at 45:2–4 ("it looked like lots of people were involved and not only the Secretary of State. He has a lot going on."). Nevertheless, the Court said that it was "completely deferring" the issue "because we don't know what these other people are going to say." *Id.* at 44:24–25.

Plaintiffs never brought the issue up again to the district court and the Secretary was never deposed.

## II. Plaintiffs have identified and deposed numerous other witnesses from within the Secretary's Office.

Throughout this case, Plaintiffs have identified numerous current and former employees of the Secretary's Office as witnesses, obviating the need for any last-minute testimony from the Secretary himself. Plaintiffs deposed six of these witnesses over the course of nine depositions during discovery, and they have identified an additional two current or former employees of the Secretary's Office on their witness

list for trial that were not deposed during discovery. These include:

## **Deposed witnesses.**

- **Gabe Sterling:** Mr. Sterling is the Chief Operating Officer in the Secretary's Office. He was deposed twice in this case as a Rule 30(b)(6) representative and is identified on both parties' witness lists as a "will call" witness at trial.

- **Merritt Beaver:** Mr. Beaver is the Chief Information Officer of the Secretary's Office. He was deposed twice in this case as a Rule 30(b)(6) representative of the Secretary's Office and is identified on Plaintiffs' witness list for trial as a "will call" witness.

- **Michael Barnes:** Mr. Barnes is the Director of the Center for Elections Systems in the Secretary's Office. He was deposed twice in this case and is identified on both parties' witness lists as a "will call" witness.

- **Chris Harvey:** Mr. Harvey was the Director of Elections in the Secretary's Office from 2015–2021. He was deposed January 28, 2022 and is identified as a "will call" witness on Plaintiffs' witness list for trial.

- **Robert Sinners:** Mr. Sinners is the Communications Director in the Secretary's Office. Mr. Sinners was deposed in this case and is identified on Plaintiffs' witness list as a "will call" witness for trial.

- **David Hamilton:** Mr. Hamilton served as a contracted Chief Information Security Officer in the Secretary's Office. He was deposed in January 2022 and is identified as a "will call" witness on Plaintiffs' witness list for trial. Mr. Hamilton previously testified about security assessment and implementation of security measures in the Secretary's Office.

- **Joshua Blanchard:** Mr. Blanchard is an investigator in the Secretary's Office. Plaintiffs have identified him as a "may call" witness for trial.

- **James Oliver:** Mr. Oliver was a security manager in the Secretary's Office and was deposed January 17, 2022. Mr. Oliver is not included on Plaintiffs' witness list.

### Non-deposed witnesses.

- **Ryan Germany:** Mr. Germany was the General Counsel of the Secretary's Office from 2014–2023. Plaintiffs did not depose Mr. Germany during discovery but have now identified him as a "will call" witness on their witness list for trial.

- **Frances Watson:** Ms. Watson was previously the Chief Investigator of the Secretary's Office. Plaintiffs did not depose Ms. Watson during discovery but have now identified her as a "will call" witness on their witness list for trial.

In addition to these witnesses, Plaintiffs have included several current and former members of Georgia's State Election Board as "may call" witnesses, including Edward Lindsey, Matt Mashburn, Sara Ghazal, Dr. Janice Johnston, and Rebecca Sullivan.

## III. Two years later, Plaintiffs include the Secretary on their will-call list for trial.

For nearly two years, Plaintiffs did not raise any issue regarding their purported need for the Secretary's testimony. That is, until late 2023—almost two years since the last time the Plaintiffs had mentioned the issue—when Plaintiffs included the Secretary on their witness list and served a trial subpoena on the Secretary. Ex. 6. The Secretary again objected to the need for him to testify personally and filed a

EXHIBIT 11

motion on December 7, 2023 to preclude Plaintiffs from calling him at trial. Ex. 7 at 9–10.

In response, Plaintiffs argued that they had a special need to call the Secretary because: (1) he has "ultimate responsibility for the actions (or inactions) of his Office," (2) "has offered a multitude of statements as Secretary of State concerning the facts of this case," and (3) "statements concerning his Office's awareness and mitigation of the Coffee County breach." Ex. 8 at 19–21. Specifically, Plaintiffs pointed to the following statements the Secretary had made about the case in a press release and a June 20, 2023 letter to the Georgia General Assembly:

- "[Plaintiffs' expert] Dr. Halderman's report is 'not an objective, academic study by a non-biased actor' but rather 'assertions by an individual who is paid to espouse opinions supporting the elimination of electronic voting systems to help a lawsuit brought by liberal activists;'"

- "The Halderman report was the result of a computer scientist having complete access to the Dominion equipment and software for three months in a laboratory environment;"

- "The 'critics of Georgia's election security' you've probably seen quoted in the media are from one of only two groups: election-denying conspiracy theorists or litigants in the long-running Curling lawsuit. These two groups make ever-shifting but always baseless assertions that Georgia's election system is at risk because bad actors might hack the system and change the result of an election;"

EXHIBIT 11

- "We have layers of security protocols and procedures to physically protect ballots, the system, the software, and the results. We have tests and audits to verify results;"

- "[The Halderman report] identified risks that are theoretical and imaginary;"

- "It's more likely that I could win the lottery without buying a ticket" than that bad actors could install malware on all 35,000 pieces of equipment systems to change election outcomes;

- "[W]e commit to publicly affirming the security and integrity of elections" including by having in place "practices such as testing all voting machines to ensure they are secure, conducting audits of ballots after every election to confirm the accuracy of the results, and storing paper ballots in secure facilities to maintain a paper trail"; and

- Various statements regarding the investigation of allegations concerning unauthorized access to equipment in Coffee County, Georgia.

*Id.* at 25–27 (citations omitted). Plaintiffs argued that only the Secretary can "explain what the Secretary meant by his own statements, what he considered for those claims, and what exactly he contends his Office has done to mitigate the severe election risks [Plaintiffs claim that they have] identified in this case[.]" *Id.* at 22.

## IV.   The district court compels the Secretary to testify at trial.

Last Friday, December 15, 2023, the district court held an hours-long pretrial conference to address various outstanding motions and other pretrial issues, including Plaintiffs' stated intent to call the

EXHIBIT 11

Secretary to testify. Once again, Plaintiffs justified their inclusion of the Secretary on their will-call list by pointing almost exclusively to the Secretary's public statements about Georgia's election system and the allegations Plaintiffs make in this case.[4] Ex. 1 at 125:3–14 ("The Secretary has made very specific statements…He's very specific about his claims on the security of the system in light of this case.").

At the hearing, the district court agreed with Plaintiffs and orally denied the Secretary's motion. *Id.* at 122:14–123:5, 127:1–128:15. In doing so, the district court essentially affirmed Plaintiffs' trial subpoena and compelled the Secretary to testify at trial when called. The district court said that it had "spared [the Secretary] for a significant period of time when it was not necessary to have him as a witness," but that he was necessary now because of "the statements [he] made because nothing else is going to replace that at this point." *Id.* at 122:14–123:5. As the district court put it, the Secretary's testimony was necessary

---

[4] Plaintiffs also pointed to the fact that the Secretary was on Defendants' witness as a "may call" witness. But Defendants only added the Secretary after Plaintiffs had placed him on their witness list and to avoid waiving any right to call the Secretary in Defendants' own case in chief if he was forced to testify in Plaintiffs'.

because "he's head of the department and has been so throughout the—basically all of the relevant period now. And he has made a great number of statements that are relevant, and he continues to." *Id.*

The district court justified its order by noting that elections were "important to the Secretary of State," and that it didn't think testifying would be particularly burdensome because the Secretary's office is only "six minutes from this courthouse. Even by walking, it is about ten minutes." *Id.* at 123:10–11, 128:12–14. The district court then said it would issue a written order.

On Wednesday, December 20, 2023, the district court issued its written order denying the Secretary's motion and allowing Plaintiffs to call the Secretary for up to 75 minutes' worth of direct examination. Ex. 9.[5] As it had said at the pretrial conference, the district court found that Plaintiffs could call the Secretary because he made "numerous statements … about this case, [Plaintiffs' expert] Dr. Halderman, the Coffee County data system breach, and the resulting implications for

---

[5] The district court also said that it would "determine the length of any re-direct permissible after hearing what, if any testimony, defense counsel elicits from the Secretary." *Id.* at 5.

the security of the election system in Georgia," and because the

Secretary is the "final decision maker and head of the department[.]"

Ex. 9 at 4. The district court found that this information could not be

obtained from anyone else because "only the Secretary himself can

explain what he meant when he made [these] statements].]" *Id.* at 4–5.

The Secretary then filed this Petition the day after receiving the

district court's written order. Trial is set to begin January 9, 2024.

## STANDARD OF REVIEW

"Mandamus is an extraordinary remedy, and it is appropriate only

when 'no other adequate means are available to remedy a clear

usurpation of power or abuse of discretion by the district court." *In re

USA*, 624 F.3d 1368, 1372 (11th Cir. 2010) (quotations omitted).

## ARGUMENT

## I. The district court clearly abused its discretion by compelling the Secretary to testify at trial.

The district court's order compelling the Secretary to testify was

inappropriate because Plaintiffs have not identified any essential

information uniquely in the Secretary's possession that could not be

addressed by the numerous other employees from the Secretary's Office

that Plaintiffs have identified as witnesses in this case.

EXHIBIT 11

As this Court has previously held, requiring high-ranking government official like the Secretary[6] to testify not only implicates substantial federalism concerns, but it also creates serious practical consequences by distracting and inhibiting those officials from fulfilling their official duties. *In re USA*, 624 F.3d at 1372; *see also United States v. Morgan*, 313 U.S. 409 (1951) ("it [is] not the function of the court to probe the mental processes of the Secretary"); *In re Univ. of Michigan*, 936 F.3d 460, 465 (6th Cir. 2019) (holding federalism concerns justified granting mandamus when a district court improperly "invoke[ed] federal power to haul a high-ranking state official into federal court"). "High-ranking officials … are often drawn into lawsuits. They cannot perform their duties if they are not personally shielded from the burdens of litigation." *In re Paxton*, 60 F.4th at 258. Indeed, executive

---

[6] There is no serious dispute that the Secretary qualifies as a high-ranking government official who is protected under this standard. The Secretary is an independent Executive-branch official in the State of Georgia holding a statewide constitutional office that is elected to a four-year term. Ga. Const. art. V, § 3, ¶ I. The Secretary bears a wide variety of responsibilities, including overseeing Georgia's elections, the State's regulation of the securities industry and charitable organizations, the issuance of numerous professional licenses, and corporate registrations.

EXHIBIT 11

officials' "execution of the laws can be crippled if courts can unnecessarily burden [officials] with compelled [testimony]." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 701 (9th Cir. 2022).

"In order to protect officials from the constant distraction of testifying in lawsuits," this Court has established that such officials can only be compelled to testify under "exceptional circumstances" where there is a "special need" for the official's testimony, a standard that is in accord with other circuits. *Id.* 1372–74; *see also, e.g.*, *In re Paxton*, 60 F.4th at 258; *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *United States v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973). To show a "special need," the party seeking the officials' testimony must demonstrate not only that the official has "first-hand knowledge related to the claim being litigated," but also that "other persons cannot provide the necessary information." *Bogan v. City of Bos.*, 489 F.3d 417, 423 (1st Cir. 2007). Where relevant "testimony [is] available from alternate witnesses," no special need exists, and courts— including this one—have issued writs of mandamus protecting officials from the distraction of having to testify. *E.g.*, *In re United States*, 985 F.2d at 512; *In re Paxton*, 60 F.4th at 258; *In re U.S. Dep't of Educ.*, 25

F.4th at 704. Moreover, it is not enough that the information be "relevant," it must also be "essential to the claims alleged by the plaintiffs." *Id.*, at 704 (issuing writ of mandamus where plaintiffs "have not demonstrated that the taking of [Secretary] DeVos's deposition is essential to their case.").

Using this same standard, the Fifth Circuit recently issued a writ of mandamus under almost identical circumstances. Similar to Plaintiffs here, the plaintiffs in *In re Paxton* sought to depose the Attorney General of Texas because "his public statements—including official advisories, campaign statements, and tweets—allegedly contradicted his court filings" about various issues in the litigation. 60 F.4th at 254–55. The district court thought the Attorney General's testimony was necessary because "he 'possesses unique, first-hand knowledge' about his intentions to enforce the challenged laws." *Id.* at 255. Because the Attorney General had "'inserted himself into this dispute by repeatedly tweeting and giving interviews about [the challenged laws],' the [district] court concluded that 'Paxton alone is capable of explaining his thoughts and statements.'" *Id.*

The Fifth Circuit emphatically rejected this reasoning. Like the

EXHIBIT 11

Secretary's statements in this case, "Paxton's personal 'thoughts and statements' [had] no bearing" on the essential elements of the case. *Id.* at 258. "It is entirely unexceptional for a public official to comment publicly about a matter of public concern. If doing so imparts unique knowledge, high-level officials will routinely have to testify." *Id.* And if there was "a need to clarify the office's enforcement policy, a representative [could] do so on the Attorney General's behalf." *Id.* Accordingly, the Fifth Circuit found that the district court "committed a 'clear abuse of discretion'" in not quashing the subpoena and issued a writ of mandamus to the district court. *Id.* at 259.

Here, like the trial court in *In re Paxton*, the district court plainly erred by failing to identify any "essential" facts that could not be obtained from the testimony of the ten other witnesses from the Secretary's office. The district court focused on the Secretary's "numerous statements" about the case, Plaintiffs' experts, and the "steps the State has taken to ensure the security of the voting system." Ex. 9 at 4. These comments, coupled with the fact that the Secretary is the "final decision maker and head of the department," led the district court to find Plaintiffs' had a "special need" because the Secretary has

"direct personal factual information pertaining to material issues." *Id.*
But the district court (and Plaintiffs) failed to explain why the
*statements themselves* are "essential" to Plaintiffs' case. *In re U.S. Dep't
of Educ.*, 25 F.4th at 704. "[W]hat the [Secretary] meant when he made
the statements" simply has no bearing on the essential elements of this
case—whether Georgia's use of the BMD System imposes an
unconstitutional burden on Plaintiffs' right to vote. Ex. 9 at 5; *see also
In re Paxton*, 60 F.4th at 258 ("Paxton's personal 'thoughts and
statements' have no bearing on his office's legal authority to enforce
Texas's abortion laws or any other law."). After all, "it [is] not the
function of the court to probe the mental processes of the Secretary[.]"
*Morgan*, 313 U.S. at 422. And to the extent the factual substance of the
Secretary's statements about Georgia's voting system is at issue,
Plaintiffs can obtain that from the ten other witnesses they've identified
throughout this case, which include the Secretary's Chief Operating
Officer, Chief Information Officer, former Chief Information Security
Officer, Director of the Center for Elections Systems, former Elections
Director, former General Counsel, and Chief Investigator.

Indeed, if Plaintiffs had truly believed that the Secretary had

some essential, unique knowledge, one would expect that they would have vigorously pursued that discovery during the many years of discovery in this case. Plaintiffs previously represented to the district court two years ago that if any "questions remain unanswered" at the end of discovery that it appears the Secretary should be capable of answering," they would "present those questions to the Court and seek leave to take Secretary Raffensperger's deposition as a last resort." Ex. 4 at 4. But Plaintiffs never raised the issue again with the court. *Id.* Had they done so, the parties could have addressed it then and not had to engage in rushed briefing before this Court with less than three weeks to go until trial. Plaintiffs' (and the district court's) decision to wait until the eve of trial to haul the Secretary into court to personally testify suggests that the real reason is to harass the Secretary, not because there are essential "questions [that] remained unanswered."

Moreover, the mere fact that the Secretary is the "final decision maker and head of the department" and made public statements about an issue of intense public interest is true of *every* high-ranking official, including the President of the United States. Ex. 8 at 19–21. That alone does not demonstrate that the Secretary has "first-hand knowledge

related to the claim being litigated," in which "other persons cannot provide the necessary information." *Bogan*, 489 F.3d at 423. If high-ranking government officials like the Secretary could be hauled into federal court to testify in a case simply because they had ultimate responsibility over decisions made by their office or because they made public statements about subject matters squarely within their portfolio, they would "routinely have to testify" and become nothing more than publicly funded professional witnesses. *See In re Paxton*, 60 F.4th at 258; *see also In re United States*, 985 F.2d at 512. Or worse, they would avoid speaking on matters of public importance altogether. In either event, they would no longer be doing the job the public elected them to do.

The district court also clearly erred when it trivialized the burden that testifying at trial imposes on the Secretary. At the pretrial conference, the district court held that this wouldn't be a significant distraction to the Secretary because "what could be more important

than elections," Plaintiffs would only get 75 minutes[7] of opening direct examination, and his office is "essentially six minutes from this courthouse. Even by walking, it is about ten minutes." Ex. 1 at 123:10–11, 127:24–128:14.

But that ignores the fact that this trial is occurring in the middle of the legislative session[8] and during preparations for the 2024 election cycle. It also ignores the serious consequences and burden the "cumulative effect" this reasoning sets for current and future election-related cases in Georgia. *In re United States*, 985 F.2d at 512 n.2. The Secretary's office is regularly involved in election-related litigation as a routine function of the job—at current count, the Secretary is a named defendant in at least 20 active pieces of litigation in various courts, not counting the dozens of other cases that are now closed. *See* Addendum 2 (list of active litigation involving the Secretary's office). The fact that the district limited his testimony to 75 minutes of direct examination

---

[7] This does not count the time for any redirect examination, which the district court said it would determine after "hearing what, if any, testimony, defense counsel elicits from the Secretary." Ex. 9 at 5.

[8] The regular legislative session for the Georgia General Assembly convenes on the second Monday of each January, or January 8, 2024. Ga. Const. art. III, § 4, ¶ I.

(not counting cross or redirect) is of no consequence. If the Secretary were required to testify in every elections-related case, even where limited, the "cumulative effect … would be considerable" and "his time would be monopolized by preparing and testifying" as he became a perpetual witness. *In re United States*, 985 F.2d at 512. That's not the job the people of Georgia elected him to do. That very concern has motivated this Court to issue writs of mandamus in situations requiring far *less* onerous testimony than the district court seeks to require of the Secretary. *See id.* at 511–13 (issuing writ of mandamus to quash subpoena where official was only going to be required to sit for 30-minute deposition by telephone).

In short, the district court committed a clear abuse of discretion in compelling the Secretary to appear at trial under these circumstances, and its reasoning "undermine[s the exceptional circumstances test" in its entirety. *In re Paxton*, 60 4th at 258. Accordingly, the Secretary has demonstrated a clear and indisputable right to relief.

## II.    The writ is appropriate under the circumstances and there are no other adequate remedies available.

A writ of mandamus is also appropriate here because there are no other adequate remedies available. While "mandamus is an

– 24 –

extraordinary remedy," this Court has held that it is the appropriate remedy for a high-ranking official who has been inappropriately compelled to testify. *See In re USA*, 624 F.3d at 1372; *In re United States*, 985 F.2d at 512–13. Without the writ, the official "will be compelled either to submit to testifying or risk contempt charges for violating the court's order," implicating serious federalism concerns in the process. *In re Paxton*, 60 F.4th at 259. That Hobson's choice is no remedy at all and is incompatible with the respect which federal courts owe to a state's sovereign interests.

## CONCLUSION

For the reasons stated above, the Secretary requests that Court issue a writ of mandamus compelling the district court to quash Plaintiffs' trial subpoena to the Secretary or otherwise vacate its order compelling the Secretary to testify at trial.

Respectfully submitted this 21st day of December, 2023,

*/s/ Vincent R. Russo*
Vincent R. Russo
Josh Belinfante
Carey A. Miller
Edward A. Bedard
Javier Pico Prats
ROBBINS ALLOY BELINFANTE
   LITTLEFIELD, LLC

500 14th St. NW
Atlanta, GA 30318
E:vrusso@robbinsfirm.com
    jbelinfante@robbinsfirm.com
    cmiller@robbinsfirm.com
    ebedard@robbinsfirm.com
    jpicoprats@robbinsfirm.com

Bryan P. Tyson
Diane F. LaRoss
Bryan F. Jacoutot
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite
200
Atlanta, GA 30339
E:btyson@taylorenglish.com
    dlaross@taylorenglish.com
    bjacoutot@taylorenglish.com

*Counsel for Petitioner*

EXHIBIT 11

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Fed. R. App. P. Rule 21(d) because it contains 5,131 words as counted by the word-processing system used to prepare the document. Also pursuant to Fed. R. App. P. 21(d), this petition complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because the document was prepared in Microsoft Word using the proportionally-spaced Century Schoolbook typeface in a 14-point font.

*/s/ Vincent R. Russo*

EXHIBIT 11

# ADDENDUM 1 – LIST OF EXHIBITS

| Ex. No. | Description |
|:---:|:---|
| 1 | Transcript of December 15, 2023 Pretrial Conference |
| 2 | Coalition Plaintiffs' Notice of Deposition to Secretary Brad Raffensperger |
| 3 | Secretary Brad Raffensperger's Notice of Objection to Plaintiffs' Notice of Deposition |
| 4 | Plaintiffs' Response to the Secretary's Objections to Plaintiffs' Notice of Deposition |
| 5 | Transcript of January 27, 2022 Telephone Conference |
| 6 | Plaintiffs' trial subpoena to Secretary Raffensperger |
| 7 | Defendants' Omnibus Motion in Limine |
| 8 | Plaintiffs' Response to Defendants' Omnibus Motion in Limine |
| 9 | District Court's December 20, 2023 Order |

EXHIBIT 11

# ADDENDUM 2 – LIST OF ACTIVE CASES

1.  *Alpha Phi Alpha Fraternity, et al. v. Raffensperger*, No. 1:21-CV-5337-SCJ (N.D. Ga.)

2.  *Asian Americans Advancing Justice v. Raffensperger, et al.*, No. 1:21-CV-01333-JPB (N.D. Ga.)*

3.  *Bell v. Sec'y of State for the State of Georgia, et al.*, No. 23-10059 (11th Cir.)

4.  *Coalition for Good Governance, et al. v. Raffensperger, et al.*, No. 1:21-CV-02070-JPB (N.D. Ga.)

5.  *Common Cause, et al. v. Raffensperger, et al.*, No. 1:22-CV-0090-SCJ (N.D. Ga.)

6.  *Curling et al., et al. v. Raffensperger, et al.*, No. 1:17-cv-02989-AT (N.D. Ga.)

7.  *Cowen, et al. v. Raffensperger*, No. 1:17-CV-04660-LMM (N.D. Ga.)

8.  *Durand, et al. v. Raffensperger*, No. 1:22-cv-01784-WMR (N.D. Ga.)

9.  *Georgia Coalition for the People's Agenda v. Raffensperger*, 1:18-CV-04727-ELR (N.D. Ga.)

10. *Georgia State Conference of the NAACP, et al. v. Raffensperger, et al.*, No. 1:21-CV-01259-JPB (N.D. Ga.)*

11. *Georgia State Conference of the NAACP, et al. v. Raffensperger, et al.*, No. 1:21-CV-5338-SCJ-SDG-ELB (N.D. Ga.)

12. *Grant, et al. v. Raffensperger, et al.*, No. 1:22-CV-0122-SCJ (N.D.

---

* Cases consolidated for purposes of discovery as *In re Georgia Senate Bill 202*, No. 1:21-MI-55555-JPB (N.D. Ga.)

EXHIBIT 11

Ga.)

13. *Lovell v. Raffensperger, et al.*, No. 2022ECV0610 (Columbia Cty. Sup. Ct.)

14. *New Georgia Project, et al. v. Raffensperger*, No. 1:21-CV-01229-JPB (N.D. Ga.)*

15. *Pendergrass, et al. v. Raffensperger, et al.*, No. 1:21-CV-5339-SCJ (N.D. Ga.)

16. *Rose, et al. v. Raffensperger*, No. 1:20-CV-02921-SDG (N.D. Ga.)

17. *Sixth District AME Church, et al. v. Raffensperger, et al.*, No. 1:21-CV-01284-JPB (N.D. Ga.)*

18. *Swanson v. Sec'y of State for the State of Georgia, et al.*, No. 23-11738 (11th Cir.)

19. *The Concerned Black Clergy of Metropolitan Atlanta, Inc., et al. v. Raffensperger, et al.*, No. 1:21-CV-01728-JPB (N.D. Ga.)*

20. *Tullos v. Raffensperger, et al.*, No. 2022SUCA193 (Morgan Cty. Sup. Ct.)

21. *United States v. State of Georgia, et al.*, No. 1:21-CV-02575-JPB (N.D. Ga.)*

22. *VoteAmerica, et al. v. Raffensperger, et al.*, No. 1:21-CV-01390-JPB (N.D. Ga.)

23. *VoterGA, et al. v. State of Georgia*, No. 2022CV361918 (Fulton Cty. Sup. Ct.)