EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-A |

## DECLARATION OF RICARDO DAVIS IN SUPPORT OF ATTORNEY CARY ICHTER'S MOTION TO WITH DRAW

PLAINTIFF RICARDO DAVIS declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a named plaintiff in the above-captioned action. I am filing this declaration in support of Mr. Ichter's December 28, 2023 Motion to Withdraw representation of me and to correct the court record consisting of certain statements made about me and my representation. as follows:

2. I fully support Mr. Ichter's withdrawal in regards to my representation and have agreed to waive any perceived conflict so that he may represent any other Plaintiffs in this case as he so chooses if he does not have his anticipated back surgery.

3. Mr. Ichter correctly points out that we have some disagreements on strategy in that I believe it is critical to present certain credible evidence on constitutional

1

deficiencies in the Dominion BMD system. This evidence shows that Georgia's 2021 U.S. Senate Runoff was open to the exact security vulnerabilities that Plaintiffs have identified as theoretical and that the system was manipulated remotely. Mr. Ichter does not want to present this evidence to the court and therefore, he is right to withdraw his representation of me.

4. It should be obvious to all parties that this evidence I seek to present is consistent with the issues of constitutional deficiencies set for trial in the court's November 10, 2023 order [Dkt. 1705, pp. 4, 114]. It is also consistent with our requested relief that seeks to declare the Dominion BMD system constitutionally deficient, enjoin the state from using the system and prohibit the state from enforcing any laws requiring use of the system. Therefore, I do not consider this to be a conflict with other Plaintiffs assuming their intent, like mine, is still the same as it has been for the last 4 years.

5. However, Mr. Ichter has made several inaccurate statements regarding his withdrawal that must be corrected. In the second paragraph of his December 28, 2023 Motion to Withdraw, Mr. Ichter stated: "*On the previous occasion, the motion to withdraw was filed by Todd Harding, Esq. without Mr. Ichter's knowledge or consent…*". This statement made to the court regarding my representation is false for several reasons.

2

6.  Mr. Ichter received notification of my request to substitute counsel on November 27, 2023 through fellow attorney Bruce Brown but I received no reply. A true and correct copy of the notice is attached hereto as Exhibit "A".

7.  I asked my newly retained counsel, Todd Harding, to contact Mr. Ichter and Mr. Harding sent him the Substitution of Counsel modeled after one this court had already approved and one which Mr. Ichter executed and emailed back to Mr. Harding on November 29, 2023.  A true and correct coy is attached hereto as Exhibit "B".

8.  Mr. Harding immediately submitted to the Court the Substitution of Counsel that Mr. Ichter executed on November 29, 2023. A true and correct copy is attached hereto as Exhibit "C".

9.  Mr. Harding never filed any Motion to Withdraw for Cary Ichter, without his consent as Mr. Ichter claimed to the court in his December 28, 2023 Motion to Withdraw.

10. The substitution of counsel with Mr. Ichter's consent was initially approved by the Court on November 29, 2023 and Mr. Ichter expressed no such concern about consent in his November 29, 2023 confirmation to me where he replied to a previous Email as follows: *"First, I want to confirm that my representation of you has been terminated by you and I am discharged of any further duties with*

3

*regard to my former representation."* A true and correct copy is attached as Exhibit "D".

11. Mr. Harding requested the lists of exhibits, witnesses, objections, designated deposition, and motions in limine from Mr. Ichter who did not have them but Mr. Harding obtained those lists from Mr. Brown.

12. Mr. Harding forwarded those lists to me, which are the same lists I had originally requested on November 20, 2023 from Mr. Brown.

13. On December 7, 2023 the court vacated its approval of my substitution of counsel based largely on speculative and conjecture arguments raised in an objection by attorney David Cross who represents the Curling Plaintiffs.

14. As stated in my previous declaration in support of Mr. Oles appearance dated December 13, 2023, on the evening of December 7, 2023 Mr. Ichter informed me that he may be unavailable for part of the trial due to an upcoming back surgery, and he confirmed that verbally again on December 10, 2023. Therefore, on December 12, 2023 Mr. Harding filed a standard notice of appearance to ensure that I had continuous representation during the trial.

15. To my surprise, the Court rejected that standard Notice of Appearance, which I understand to be extraordinary since they are almost always automatically accepted in most courts. Mr. Harding was even threatened with sanctions simply for trying to ensure that I had representation during the trial.

16. Even the Defendants have eloquently argued with the court about my right to counsel of choice. Like me, they seek to prevent any appeal issues, severance of the case or delays in the trial.

17. Had I been given the opportunity to show cause as to why I sought Mr. Harding to file a Notice of Appearance, I could have explained that he and his co-counsel made arguments and requested relief against Georgia's old Direct Recorded Electronic (DRE) voting system in the Georgia Supreme Court case *Favorito v. Handel*. The arguments and requested relief made in that case closely mirror all Plaintiffs' arguments and relief requests that were upheld by the Court in this case.

18. For these reasons Mr. Harding was already proficient in the factual and legal matters before the court and our volunteers were ready to assist him with any supportive research work that he needed so he would be ready for the start of the trial on January 9, 2024. Nevertheless, the Court denied his appearance for reasons stated in its December 7, 2023 order denying his Substitution of Counsel Notice. I believe these reasons are speculative and in contradiction to the issues set for trial regarding the constitutional deficiencies of the Dominion BMD system.

19. The Court should allow Mr. Ichter's withdrawal for reasons he has stated in his Notice to Withdraw, for reasons I have stated in this declaration and because

the court made assumptions in its December 7, 2023 order that do not necessarily apply to Mr. Ichter's current Motion to Withdrawal as follows.

20. The Court assumed that, *"Mr. Ichter has ably represented Mr. Davis for the entirety of this case..."* On the contrary, the transcript of the December 15, 2023 pre-trial hearing shows that the court later learned Mr. Ichter was not present at the depositions of the two fact witnesses I am seeking to call and had not read their depositions, nor did he make me aware that the depositions would take place.

21. While the court correctly noted that, *"The Notice/Certificate of Consent did not 'demonstrate that the client has been advised of the items set forth in LR 83.1(E)(2)(b)(B) through (H).'"* since Mr. Ichter did not inform me of the rules, I have since obtained a copy of the rules from my attorneys and reviewed them so I can confirm I am aware of all rules in regards to Mr. Ichter's Motion To Withdraw.

22. Any speculative fears the Court expressed in its December 7, 2023 order regarding *"delay"* would be unfounded if Mr. Ichter withdraws since my attorney and I will not have to spend time justifying to him why a motion to complete the record and a mandamus are essential to my interests. As previously explained and the record now shows, I repeatedly argued that I have only sought to supplement my fellow Plaintiffs' case. I have taken precautions to engage the most qualified attorneys and I am only requesting that evidence and witnesses in the record in this

case be presented to the Court which precludes any issue of improper delay in the trial the Defendants, my fellow Plaintiffs and I have sought for the last four years.

23. Any speculative fears the Court expressed in its December 7, 2023 order that something might *"disrupt the trial"* would be unfounded if Mr. Ichter's withdraws. Neither I nor my attorneys ever had any intention to disrupt the trial, rather I have sought to include from the existing trial record additional constitutional deficiencies of the Dominion Voting System and that is within the scope of issues that the court set for trial on page four of its November 10, 2023 order. It is also the primary issue and focus of relief that has been the epicenter of this case for the last four years.

24. Any speculative fears the Court expressed in its December 7, 2023 order about *"discord among the Plaintiffs"* would be unfounded if Mr. Ichter withdraws because there is no historical record of discord between my fellow Plaintiffs and me in the arguments and relief sought in this case and the only way such discord could occur is if other Plaintiffs seek to depart from the issues set for trial.

25. Any speculative fears the Court expressed in its December 7, 2023 order that I might *"prejudice the other Plaintiffs"* would be unfounded if Mr. Ichter withdraws because my participation is limited to the very evidentiary record that they created.

26. Any speculative fears the Court expressed in its December 7, 2023 order that I might *"prejudice the Defendants"* would be unfounded if Mr. Ichter withdraws because they have never objected and even argued for me to be represented by the counsels of my choice.

Signed this 30th day of December 2023.

_____
Ricardo Davis