## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, *et al.*

    *Plaintiffs,*

v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants.*

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

## CONFIDENTIALITY AGREEMENT REGARDING COURT-ORDERED SOFTWARE INSPECTION

The Court's Order (Docket No. 1745) allows Defendants to proceed with an inspection of data underlying Dr. Halderman's July 2021 Expert Report (the "Software") pursuant to the Court's orders (Docket Nos. 1745, 1749) on this issue. The Court directed the inspection will be governed by the protocol, attached hereto as Exhibit A (the "Protocol"), "except that the Court will allow up to two business days for the inspection," and the parties must execute a confidentiality agreement concerning the inspection. Curling Plaintiffs and Defendants hereby agree to the following regarding confidentiality concerning the Court-ordered inspection:

{02705792-3 }
ny-2665843

1.  The Software will be made available for inspection on January 4, 2024 from 8:30 am to 7:00pm at the University of Michigan in accordance with the Protocol.

2.  The Software will be made available for inspection by James Persinger, Nick Ikonomakis, and Bryan Tyson (collectively, the "Reviewers") in accordance with the Protocol.

3.  All information accessed, obtained, or otherwise viewed during the inspection of the Software, and all information and materials derived from any such inspection, including without limitation any notes, (collectively the "Inspection Material") shall be accessible by, discussed with, and available to only (i) individuals who already were allowed access to the Software prior to the inspection; (ii) the Reviewers; and (iii) no more than three (3) additional attorneys at Taylor English Duma LLP and/or Robbins Alloy Belinfante Littlefield LLC who have entered appearances in this case prior to the date of this Agreement and are directly involved in the preparation of the cross-examination of Dr. Halderman for the trial in this matter (each a "Receiving Party"), provided that each Receiving Party must comply with Sections 4 and 5 of this Agreement before accessing, obtaining, or discussing any Inspection Material. No Reviewer or Receiving Party shall disclose information obtained during the inspection

to any other Receiving Party without personally confirming that the Receiving Party complied with Sections 4 and 5 of this Agreement.

4.  Each of the Reviewers and each Receiving Party must physically sign an Agreement to be Bound (attached hereto as Exhibit B) by the terms of this Agreement as well as the terms of the Protective Order (Doc. 477) prior to viewing, obtaining, or discussing any Inspection Material.

5.  Each executed Agreement to be Bound shall be provided to Curling Plaintiffs' counsel and the Court via email to Curling Plaintiffs' counsel and Harry Martin.

Agreed this 29th day of December, 2023.

_____
For Curling Plaintiffs

_____
For Defendants

# Exhibit A

## {Plaintiffs Inspection Protocol}

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr>
<td>

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

      **v.**

**BRAD RAFFENSPERGER, ET AL.,**
**Defendants.**

</td>
<td>

**Civil Action No. 1:17-CV-2989-AT**

</td>
</tr>
</table>

## CURLING PLAINTIFFS' PROPOSED PROTOCOL
## FOR SOURCE CODE INSPECTION

Pursuant to the Court's December 13, 2023 Sealed Order Plaintiffs submit

the following proposed protocol for inspection of the vote-changing software

developed by Drs. Alex Halderman and Drew Springall and discussed in Dr.

Halderman's July 2021 Expert Report.  If the Court orders inspection of that

software, the software shall be made available for inspection, in source code form,

only to [SPECIFIC NAME] ("Reviewer") at a facility of Dr. Halderman's

choosing located at the University of Michigan in Ann Arbor, Michigan, under the

following conditions:

     1.     The source code files shall be placed on a password-protected laptop

computer (the "Inspection Computer") in a secure, non-networked, non-Internet-

accessible environment configured by Dr. Halderman or someone at his direction for the inspection.

2.      The Reviewer will be allowed supervised access during regular business hours, upon 48 hours' notice, on December 19 or 20, 2023.

3.      Any inspection by the Reviewer at all times will be supervised by a Plaintiff representative and videotaped.

4.      The Reviewer will not be permitted to bring any electronic equipment of any kind into the inspection review room.

5.      The Reviewer will not be permitted to introduce any software or files onto the Inspection Computer.

6.      The Reviewer will not be permitted to connect any hardware or other device to the Inspection Computer, whether directly or indirectly.

7.      The Reviewer will not be permitted to alter, modify, add, or delete any files on the Inspection Computer, or otherwise copy any files or source code in any form, including in notes, photographs, recordings, or otherwise, except through the means provided in the following paragraph.

8.      The Reviewer may request paper copies of discrete, limited portions of source code from the Inspection Computer by (i) identifying specific, narrow portions for Drs. Halderman and Springall; and (ii) showing with specificity how each requested portion is essential for use at trial.  Plaintiffs may object to any such

2

request.  The Court will resolve any such objections without accessing or reviewing any of the source code and will order any requested portions of the code produced only upon Defendants clearly and convincingly establishing that each requested portion of the code is essential for their defense at trial.  Should the Court find that Defendants met their burden and order any requested source code produced, Dr. Halderman will provide any such code directly and only to the Court under seal.

9.      The Reviewer must make copies of all notes taken during the review and leave a copy of those notes with Plaintiffs' representative before leaving the inspection facility.

10. Any information derived from the inspection governed by this protocol shall be Attorney's Eyes Only, and subject to the protections of the Protective Order in this case.

Respectfully submitted this 15th day of December, 2023.

/s/ David D. Cross                              /s/ Halsey G. Knapp, Jr.
David D. Cross (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Matthaeus Martino-Weinhardt
(*pro hac vice*)
Ramsey Fisher (*pro hac vice*)
Aaron Scheinman (*pro hac vice*)
Benjamin Campbell (*pro hac vice*)

3

Wail Jihadi (*pro hac vice*)
Oluwasegun Joseph (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
dcross@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
Jessica G. Cino
GA Bar No. 577837
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
(404) 888-9700
hknapp@khlawfirm.com

*/s/ Christian G. Andreu-von Euw*
Christian G. Andreu-von Euw
(*pro hac vice*)
THE BUSINESS LITIGATION GROUP, PC
150 Spear Street
San Francisco, CA 94105
(415) 765-6633
christian@blgrp.com

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been

prepared in accordance with the font type and margin requirements of LR 5.1, using

font type of Times New Roman and a point size of 14.

*/s/ David D. Cross*
David D. Cross

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER , ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2023, a copy of the foregoing

**PLAINTIFFS' PROPOSED PROTOCOL** was emailed to the Court's Deputy

Clerk, Mr. Harry Martin, and counsel for Plaintiffs and Defendants, as directed by

the Court in its December 13, 2023 Order.

*/s/ David D. Cross*
David D. Cross

6

**Exhibit B:** Acknowledgment And Agreement To Be Bound

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DONNA CURLING, *et al.*

  *Plaintiffs,*

v.

BRAD RAFFENSPERGER, *et al.*,

  *Defendants.*

CIVIL ACTION

FILE NO. 1:17-CV-2989-AT

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement Regarding Court-Ordered Software Inspection dated December 29, 2023 (the "Agreement"), "), has had an opportunity to consult with counsel, and understands the terms thereof, and agrees to be bound by its terms. The undersigned further acknowledges that he/she agrees to be bound by the Protective Order dated July 11, 2019 in the above-captioned action (Doc. No. 477). The undersigned submits to the jurisdiction of the United States Court for the Northern District of Georgia (the "Court") in matters arising out of or relating to the Agreement, the terms of which shall be fully enforceable by the Court to the fullest extent of the Court's power and authority to enforce any order under the Federal Rules, the Court's inherent authority, and any other power or authority vested in the

ny-2665843

Court at law or in equity. The undersigned acknowledges that violation of the

Agreement may result in penalties for contempt of court or any other penalty

otherwise imposed by the United States District Court for the Northern

District of Georgia.


Signed: _____ by _____ (print name)

Business Address: _____

Date: _____

{02705792-3 }
ny-2665843