# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14115

_____

In re: SECRETARY, STATE OF GEORGIA,

                                                                                                         Petitioner.

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Georgia
D.C. Docket No. 1:17-cv-02989-AT

_____

Before NEWSOM, LUCK, and BRASHER, Circuit Judges.

BY THE COURT:

2                           Order of the Court                           23-14115

The Secretary's petition for a writ of mandamus is **GRANTED**. Under the apex doctrine, "a district court should rarely, if ever, compel the attendance of a high-ranking official in a judicial proceeding . . . ." *In re USA*, 624 F.3d 1368, 1376 (11th Cir. 2010). High-ranking "officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (quoting *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). Specifically, to compel such an official's testimony, there must be "a special need or situation" that overcomes the presumption against requiring a high-ranking official's testimony. *Id*.

The Secretary has a clear and indisputable right to the writ because he has established that the district court clearly erred in determining that the Plaintiffs have a "special need" for the Secretary's testimony. See *In re United States*, 985 F.2d at 513 (granting writ of mandamus). A "special need" may exist when "the information sought from the [official] is essential to the case" and the information "cannot be obtained in any other way." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022). But the Plaintiffs have not identified any information that is both essential to their claims and that cannot be gleaned from other witnesses. Although the Plaintiffs point to public statements the Secretary has made about the litigation, the Secretary's public statements do not in themselves create an extraordinary circumstance that requires his personal testimony. *See In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023).

23-14115            Order of the Court                    3

Accordingly, we **VACATE** the portion of the district court's December 20, 2023, order that compels the Secretary to appear to testify and **ORDER** the district court to quash the subpoena to the Secretary.