# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
 **Defendants.**

**Civil Action No. 1:17-CV-2989-AT**

### CURLING PLAINTIFFS' THIRD REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule[s]"), Plaintiffs Donna Curling, Donna Price and Jeffrey Schoenberg (collectively, the "Curling Plaintiffs") hereby request that Defendants Secretary of State Brad Raffensperger, the State Election Board, and the State Election Board Members (collectively, the "State Defendants") produce the documents, electronically stored information, and tangible things specified herein below in this Second Set of Requests for Production (the "Requests") at the offices of Krevolin & Horst, 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.  Further, the State Defendants are required to timely serve a written response to the Requests that conforms, in all respects, to Rule 34, and to do so within 15 days of service hereof (Dkt. 410-2 at 2).

1

## **Definitions**

The following words, terms, or phrases shall, for purposes of the Requests, have the meanings specified, unless otherwise expressly stated in the Requests:

"All" and "each" shall be construed as all and each.

"And" as well as "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents or other information that might otherwise be construed to be outside their scope.

"Any" means each and every.

"Concerning," "related to" or "relating to," and "regarding" shall mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, related to, relating to, reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, in whole or in part.

"Document" and "documents" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a), and includes "tangible things" (as that term is used in Rule 34(a)(1)(b)) as well as anything that falls within the definition or meaning of "electronically stored information" (as that term is used in Rule 34(a)(1)(A)) or of "writings" or "recordings" in Federal Rule of Evidence

2

1001. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document," as used in the Requests.

"Dominion" means Dominion Voting Systems, Inc., its predecessors, divisions, subsidiaries, affiliates, partnership and joint ventures, and all directors, officers, employees, contractors, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to subject matter of these Topics.

"Election System" means every aspect of any system, device, machine, server, computer, equipment, files, removable media (such as memory cards), ballot-marking devices (BMDs) (including but not limited to ImageCastX Ballot-Marking Devices), BMD-adjacent equipment (including but not limited ImageCast Precinct Polling Place Scanner and associated printers or touchscreens), the KnowInk PollPad Plus system and associated components, software (such as any version of the Global Election Management System (GEMS) or the BallotStation software or the software associated with the "Dominion Voting Democracy Suite" and the KnowInk PollPad Plus system used in any election in the state of Georgia), script, hardware, firmware, software patch or update, paper, documentation, or facility (to include any backup of the foregoing) used in or as part of the operation, administration, implementation, execution, completion, preparation, facilitation,

recording, processes, or procedures of elections in the State of Georgia, including

without limitation voter registration information, election results data, DREs,

BMDs, optical scanners, modems, network equipment, other peripheral devices, any

server that hosts or has hosted the GEMS software or any other election management

system, or the Election Night Reporting system, voter registration systems or

databases (e.g., "eNet"), online voter registration servers, electronic poll books and

related components, administrative credentials, the Center for Election Systems

(CES) (including but not limited to when it was located at Kennesaw State

University), or information related to employees, agents, representatives, volunteers,

or others acting on behalf of you, the State of Georgia, or any county or municipality

with respect to elections in the State of Georgia.

"Electronic Pollbook" refers to the Election Systems & Software ExpressPoll,

PollPad system supplied by KnowInk, or any other similar electronic pollbook

system.

"Fortalice" means Fortalice Solutions, LLC, its predecessors, divisions,

subsidiaries, affiliates, partnership and joint ventures, and all directors, officers,

employees, contractors, representatives, and agents thereof, and any other person

acting on its behalf or under its direction or control with respect to subject matter of

these Topics.

4

"Including" means including without limitation.

"Litigation" means *Donna Curling, et al. v. Brad Raffensperger, et al.,* No. 1:17-cv-02989-AT (N.D. Ga.); formerly *Donna Curling, et al. v. Brian Kemp, et al.*, No. 1:17-cv-02989-AT (N.D. Ga.); *Donna Curling, et al. v. Secretary of State of Georgia, et al.*, No. 18-13951 (11th Cir.); *Donna Curling, et al. v. Secretary of State, et al.*, No. 20-13730 (11th Cir.); and *Donna Curling, et al. v. David Worley, et al.*, No. 20-14067 (11th Cir.).

"Person" and "Entity" mean and include a natural person (i.e., an individual), a group of natural persons acting as individuals, a group of individuals acting in a collegial or concerted capacity (e.g., as a committee, a board of directors or advisors, etc.), an association, firm, corporation, joint venture, partnership, company, governmental unit or agency, and any other business, enterprise, or entity, unless otherwise limited or specified in the Requests.

"Pro V&V" means Pro V&V, Inc., a U.S. Election Assistance Commission certified Voting System Test Laboratory (VSTL), based in Hunstville, Alabama, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing.

"You" or "Your" mean and include Brad Raffensperger, Rebecca N. Sullivan, Sara Tindall Ghazal, Matthew Mashburn and Ahn Le in their official

capacities, the Georgia Secretary of State's Office, CES, and the Georgia State Election Board, as well as the respective agents, employees, representatives, consultants, counsel, and anyone else acting on behalf of each or all of the forgoing.

## Instructions

1.      For each request, you are to produce entire documents including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately.  Each draft of a document is a separate document.  A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Relativity or similar load file.  Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats.  Also, provide any GEMS database files, election database files (.edb files), election resource files (.xtr files),

6

ballot results files (.brs files), audit log files (.adt files), GEMS backup files (.gbf files), DB dump files (.dbf files), election control files (.d files), AccuBasic scripts (.abs and .abo files), software updates (including but not limited to .nb0, .bin, and .ins files), other election software or data files, and system and server log files in their native formats.  Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents).  Hard copy documents shall be produced as they are kept in the usual course, reflecting attachment relationships between documents and information about the file folders within which the document is found. Produce the metadata for any responsive ESI with the responsive data, including the following fields: custodian(s), author(s), recipient(s), copy recipient(s), blind copy recipient(s), company name, subject, file sent date/time, file received date/time, file creation date/time, file modification date/time, file access date/time, time zone, beginning bates, ending bates, page count, family bates range, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

     3.     If you withhold or intend to withhold any documents or other information requested by the Requests on the ground of the attorney-client

privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log that meets the requirements of Rule 26(b)(5), including: (a) the document or information alleged to be so protected from production by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information or document, including any "blind copy" recipients and any person to whom the information or document was distributed, shown, or explained; (c) the document's current custodian(s); and (d) all bases, factual and legal, upon which the claim of protection from discovery rests.

4.      If only a portion of a responsive document or other requested information is claimed to be privileged against production, you should produce the responsive non-privileged portion of the document or other information in redacted form, provided that the redacted material is identified and the basis for the claim of privilege or protection is stated as provided in Instruction No. 4 above.

5.      If you contend that any of the categories of the Requests are objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of the Requests to which the objection applies, and otherwise fully respond to the category insofar as it is not deemed objectionable.

6.      These document requests shall not be deemed to call for identical copies of documents.  "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

7.      The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a third party, and, if the documents were produced by a third party, the identity of the third party shall be apparent or provided.

8.      Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

9.      The Requests are deemed to be continuing so as to require the timely submission of supplemental responses and the production of additional documents or other information pursuant to the Rules and other applicable authority.  Plaintiffs specifically reserve the right to seek supplemental responses and additional supplemental production of documents before trial.

## REQUESTS FOR PRODUCTION

**Request for Production No. 49:**

All policies and instructions for creating ballot definition files and Election Project Packages for Georgia 2020 or 2021 elections as well as documents describing applicable procedures for creating any such ballot definition files and Election Project Packages.

**Request for Production No. 50:**

All policies and instructions governing county review and approval of the Election Project Packages as well as documents describing applicable procedures for any such review and approval.

**Request for Production No. 51:**

All policies and instructions for transferring scanned ballot data and tabulation data or information for Georgia 2020 or 2021 elections to You as well as documents describing applicable procedures for any such transfers.

**Request for Production No. 52:**

All policies and instructions for hiring, training, and overseeing technicians and other election workers (including volunteers) for 2020 and 2021 Georgia elections as well as documents describing any applicable procedures.

**Request for Production No. 53:**

Documents reflecting any actual, anticipated, or contemplated plans to replace Georgia's current voting software or equipment with different voting software or equipment, such as BMDs that do not generate bar codes for tabulation, and any communications regarding any such plans.

**Request for Production No. 54:**

Documents reflecting any issues or challenges affecting the reliability, including without limitation the security, completeness, and accuracy, of Electronic Pollbooks in Georgia 2020 and 2021 election, including without limitation any communications regarding any such issues or challenges.

**Request for Production No. 55:**

Documents reflecting issues or challenges with transferring data from the prior GEMS/DRE Election System to the current Dominion BMD Election System, including without limitation any communications regarding any such issues or challenges.

**Request for Production No. 56:**

All communications with Dominion, Pro V&V, Fortalice, or any other third party with any role or responsibility for securing any component of the Election System including without limitation evaluating the security of any such component.

Dated: July 9, 2021                    Respectfully,

                                       */s/ David D. Cross*

David D. Cross (*pro hac vice*)
Veronica Ascarrunz (*pro hac vice*)
Lyle P. Hedgecock (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
DCross@mofo.com
VAscarrunz@mofo.com
LHedgecock@mofo.com
MKaiser@mofo.com
RManoso@mofo.com

Halsey G. Knapp, Jr.
GA Bar No. 425320
Adam M. Sparks
GA Bar No. 341578
KREVOLIN & HORST, LLC
1201 West Peachtree Street, NW
Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
HKnapp@khlawfirm.com
Sparks@khlawfirm.com

*Counsel for Plaintiffs Donna Curling,*
*Donna Price & Jeffrey Schoenberg*

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br> **Defendants.** | **Civil Action No. 1:17-CV-2989-AT** |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

 */s/ David D. Cross*
David D. Cross

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr><td>

**DONNA CURLING, ET AL.,**
**Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, ET AL.,**
 **Defendants.**

</td><td>

**Civil Action No. 1:17-CV-2989-AT**

</td></tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2021, a copy of the foregoing **CURLING PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS** was served on all counsel of record by electronic delivery of a PDF version.

 */s/ David D. Cross*
David D. Cross

14