# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRAD RAFFENSPERGER, et ) <br> al., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NO. 1:17-cv-2989-AT |

**STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Brad Raffensperger, Sara Tindall Ghazal, Rebecca N. Sullivan, Anh Le, and Matthew Mashburn (collectively, the "State Defendants"), in their official capacities by and through their counsel of record, serve their Objections and Responses to Curling Plaintiffs' Third Requests for Production of Documents to State Defendants (the "Requests") as follows:

**OBJECTIONS TO DEFINITIONS**

1.  State Defendants object to the definition of "Concerning," "related to" or "relating to," and "regarding" on the grounds that it is vague and seeks to impose obligations on production beyond those required by the Federal Rules of Civil Procedure.

1

2. State Defendants object to the definition of "Election System" because it includes components that are unrelated to any claims in any operative Complaint in this case.

3. State Defendants object to the definition of "You" and "Your" on the grounds that, as written, it would include attorneys and experts for the State Defendants and, hence, seek information protected by the attorney client privilege and work product doctrine or otherwise protected from disclosure.

### OBJECTIONS TO INSTRUCTIONS

1. State Defendants object to Instruction Number 2 on the grounds that it seeks to dictate the manner of production of documents beyond that agreed to by the parties in this case. State Defendants will produce documents through their vendor and will meet and confer with Curling Plaintiffs if there is another method of production sought.

2. State Defendants object to Instruction Numbers 3 and 4 on the grounds that it seeks to impose obligations on privilege logs beyond those required by the Federal Rules of Civil Procedure. State Defendants will respond in accordance with the requirements of the Federal Rules of Civil Procedure.

3. State Defendants object to Instruction Number 9 on the grounds that it seeks to impose requirements on supplementation beyond those required by the Federal Rules of Civil Procedure. State Defendants will

supplement their responses, if needed, in accordance with the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request for Production No. 49**: *All policies and instructions for creating ballot definition files and Election Project Packages for Georgia 2020 or 2021 elections as well as documents describing applicable procedures for creating any such ballot definition files and Election Project Packages.*

**Response:** State Defendants object to this request because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for

3

privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 50**: *All policies and instructions governing county review and approval of the Election Project Packages as well as documents describing applicable procedures for any such review and approval.*

**Response:** State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek a response that is not limited in time. State Defendants further object because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for

privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 51**: *All policies and instructions for transferring scanned ballot data and tabulation data or information for Georgia 2020 or 2021 elections to You as well as documents describing applicable procedures for any such transfers.*

**Response:** State Defendants object because this request asks for documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for

privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 52**: *All policies and instructions for hiring, training, and overseeing technicians and other election workers (including volunteers) for 2020 and 2021 Georgia elections as well as documents describing any applicable procedures.*

**Response:** State Defendants object because this request asks for documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for

6

privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 53**: *Documents reflecting any actual, anticipated, or contemplated plans to replace Georgia's current voting software or equipment with different voting software or equipment, such as BMDs that do not generate bar codes for tabulation, and any communications regarding any such plans.*

**Response:** State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek a response that is not limited in time. State Defendants further object because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search

of such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 54**: *Documents reflecting any issues or challenges affecting the reliability, including without limitation the security, completeness, and accuracy, of Electronic Pollbooks in Georgia 2020 and 2021 election, including without limitation any communications regarding any such issues or challenges.*

**Response:** State Defendants further object to this Request because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System and Electronic Pollbooks are not part of the allegations of any operative Complaint. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time

8

if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V, Dominion, or KnowINK. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 55**: *Documents reflecting issues or challenges with transferring data from the prior GEMS/DRE Election System to the current Dominion BMD Election System, including without limitation any communications regarding any such issues or challenges.*

**Response:** State Defendants object to this Request because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time

if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V and Dominion. Any documents with sensitive election security information will be produced pursuant to the protective order.

**Request for Production No. 56**: *All communications with Dominion, Pro V&V, Fortalice, or any other third party with any role or responsibility for securing any component of the Election System including without limitation evaluating the security of any such component.*

**Response:** State Defendants object to this Request as unduly burdensome to the extent Plaintiffs seek a response that is not limited in time. State Defendants further object because it requests documents that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs continue to only allege vulnerabilities in the system, not an actual hacking of the Election System. State Defendants further object to the production of any documents reflecting sensitive election security information, third party source codes, trade secrets or other proprietary information without the consent of the third parties and/or the entry of an appropriate protective order. State Defendants further object to this Request to the extent it would result in the production of attorney-client privileged information or information protected by the work product doctrine.

Subject to these objections, State Defendants will produce non-privileged documents from January 1, 2020 to the present at a mutually agreeable time if Plaintiffs will provide reasonable terms and ESI protocols to conduct a search of such documents. State Defendants will not withhold documents except for privilege and trade secrets or proprietary information of Pro V&V, Fortalice, Dominion, or KnowINK. Any documents with sensitive election security information will be produced pursuant to the protective order.

This 26th day of July, 2021.

**Robbins Ross Alloy Belinfante Littlefield LLC**

Vincent R. Russo
Georgia Bar No.: 242628
vrusso@robbinsfirm.com
Joshua B. Belinfante
Georgia Bar No.: 047399
jbelinfante@robbinsfirm.com
Alexander F. Denton
Georgia Bar No.: 660632
adenton@robbinsfirm.com
Carey Miller
Georgia Bar No.: 976240
cmiller@robbinsfirm.com
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Jonathan D. Crumly
Georgia Bar No. 199466
jcrumly@taylorenglish.com
R. Dal Burton
Georgia Bar No. 097890
dburton@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
James A. Balli
Georgia Bar No. 035828
jballi@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 770.434.6868

*Attorneys for State Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a true and correct copy of the foregoing **STATE DEFENDANTS' OBJECTIONS AND RESPONSES TO CURLING PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS** on all counsel of record by electronic mail delivery as follows:

Cary Ichter
Ichter Davis LLC
Suite 1530
3340 Peachtree Road N.E.
Atlanta, Georgia 30326
cichter@ichterdavis.com

Bruce P. Brown
BRUCE P. BROWN LAW LLC
1123 Zonolite Road, Suite 6
Atlanta, Georgia 30306
bbrown@brucepbrownlaw.com

David D. Cross
John P. Carlin
Lyle F. Hedgecock
Mary G. Kaiser
Veronica Ascarrunz
Morrison & Foerster, LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
dcross@mofo.com
jcarlin@mofo.com
lhedgecock@mofo.com
mkaiser@mofo.com
vascarrunz@mofo.com

John Michael Powers
David R. Brody
Ezra David Rosenberg
Lawyers' Committee for Civil Rights Under Law
Suite 900
1500 K Street, N.W.
Washington, DC 20005
jpowers@lawyerscommittee.org
dbrody@lawyerscommittee.org
erosenberg@lawyerscommittee.org

Kaye Burwell
David Lowman
Cheryl Ringer
Fulton County Attorney's Office
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
kaye.burwell@fultoncountyga.gov
david.lowman@fultoncountyga.gov
cheryl.ringer@fultoncountyga.gov

Robert Alexander McGuire
Robert McGuire Law Firm
113 Cherry Street #86685
Seattle, WA 98104-2206
ram@lawram.com

Halsey G. Knapp, Jr.
Adam Martin Sparks
Grant Edward Schnell
Krevolin & Horst, LLC
One Atlantic Center, Suite 3250
1201 West Peachtree Street, NW
Atlanta, GA 30309
hknapp@khlawfirm.com
sparks@khlawfirm.com

      This 26th day of July, 2021.

                        */s/Bryan P. Tyson*
                        Bryan P. Tyson
                        Georgia Bar No. 515411