IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., PLAINTIFFS, | ) ) ) ) |
| v. | )  Civil Action No. 1:17-CV-2989-A ) |
| BRAD RAFFENSPERGER, ET AL., DEFENDANTS. | ) ) ) ) |

NOTICE OF

PLAINTIFF RICARDO DAVIS' 1ST PROFFER OF EVIDENCE

On December 14, 2023 Plaintiff Ricardo Davis filed for leave to amend the Proposed Pre Trial Order (Dkt. 1728) to add two witnesses and a number of designations to the record at the upcoming trial. At the time, the PPTO was not yet signed or entered into the clerk's records. Davis' basis was that he had not been given an opportunity for input into the joint proposal from the Curling and Coalition Plaintiffs and the State Defendants. (Dkt. 1728) After reviewing said motion and hearing argument of counsel at the Pre Trial Conference on December 15, 2023, the Court denied Davis' motion amend the Proposed Pre Trial Order and issued an Order adopting the Proposed Pre Trial Order. (Dkt. 1749) Plaintiff Davis made an oral proffer on the record concerning this evidence and submits this written proffer to perfect the record of the case.

1

Plaintiff Davis contends that as a result of the Court's Order, he was denied an opportunity to present evidence at trial, which he has been waiting six years to present, and that such action has substantially decreased his odds of success in this action.

Plaintiff Davis shows that this evidence was relevant and material to the issues to be decided at trial, namely whether the current Dominion BMD voting system employed by the State of Georgia infringes upon his right to Equal Protection of Law extended to citizen's of Georgia under the 14th Amendment to the United States Constitution, and his fundamental right to vote in violation of the 14th Amendment's guarantee of Due Process to citizens of Georgia.  (Dkt. 1728, p. 4).

As a result of this Court's Order (Dkt. 1749) Plaintiff Davis is not allowed to place tender certain evidence at trial, including the following:

### CATHY LATHAM:

Plaintiff Davis was prohibited from offering designated depositions into the record from Cathy Latham, a key eye witness whose deposition testimony is supportive of Mr. Davis claims. The intent of Mr. Davis was to include specific designated depositions including her referenced affidavit with eyewitness details of how the Coffee County Dominion system was accessed wirelessly despite claims

from the vendor and Defendants.  Plaintiff Davis contends that these designated depositions are identified in Dkt. 1740, and would tend to show that:

1. During the 2021 U.S. Senate runoff Cathy served as a Voter Review Panelist and was in the computer room on Election Night with Misty Hampton, and Ernestine Thomas-Clark, representative of the Democratic Party.

2. In addition to absentee and UOCAVA ballots, there were approximately 6,000 advance-voting ballots from a scanner that failed during early voting that required scanning after the polls closed on Election Night.

3. As they began scanning the 6,000 advance-voting ballots on the Dominion ICC central scanner, the ICC workstation computer displayed a QR Code Failure error message that rejected at least one ballot for every small batch including batches of only 5-10 ballots.

4. The QR Code Failure error only occurred on ballots that were cast for the three Republicans, David Perdue, Kelly Loeffler and Bubba McDonald.

5. Dominion technician Samuel Challandes from Colorado was an extra technician assigned to Coffee County after recount failures occurred in the June 2020 primary and November 2020 General Election.

6. The technician told her to wipe down the scanner and blow canned air at the eye of the scanner but that did not help.

7. Eric Chaney ordered Mr. Challandres to get his boss on the phone so he called Dominion's Scott Tucker and had a private conversation outside with him before returning 30 minutes later.

8. Mr. Challandres walked back into the computer room, stood next to the scanner holding his cell phone and told Misty Hampton to try one more time. She was able to run the remaining batches of ballots with no problem although no Dominion technician touched the voting system equipment.

Cathy Latham's deposition (Dkt. 1471-1 and 1471-2) and November 8, 2022 affidavit she referenced in the deposition should be included in the record.

## MISTY HAMPTON

Plaintiff Ricardo Davis was prohibited from tending certain designated depositions into the record from Misty Hampton, a key eye witness whose deposition testimony is supportive of Mr. Davis claims. The intent of Mr. Davis was to include specific designated depositions with eye witness details of how the Coffee County Dominion system was accessed wirelessly despite claims from the vendor and the Defendants. These designated depositions are within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. The designations are identified in Dkt. 1740.  The designations requested would tend to show that:

4

1. The Coffee County ICC mail-in ballot server was having severe ballot rejection problems on the evening of the January, 2021 U.S. Senate runoff

2. The on-site Dominion technicians one of whom is believed to be Gary Gainous could not correct the ballot rejection problem

3. The technicians were pressured by Coffee County Election Board member Eric Chaney to resolve the ballot rejection problem promptly

4. The two technicians went outside for 20-30 minutes and one of them told her to try scanning the ballots one more time while holding a phone about three feet from the scanner

5. The ballot scanning problem was then resolved and the scanners worked perfectly after without either Dominion technician touching any of the equipment

Plaintiff further seeks to tended Misty Hampton's full deposition (Dkt 1610), or such portion as is not subject to a valid objection, in the record

### JEFFREY LENBERG

Plaintiff Ricardo Davis was not allowed to call previously deposed witness Jeffrey Lenberg, a key fact witness with expertise to support the claims of Mr. Davis. The intent of Mr. Davis was to question Mr. Lenberg about details of his

findings concerning wireless access of the Dominion Voting System that occurred in the 2021 U.S. Senate Runoff in Coffee County. If questioned for an hour or less on Dominion Voting System's serious security vulnerabilities, Jeffrey Lenberg would likely have been able to confirm at a minimum:

1. Jeffrey Lenberg is a retired testing for nation state vulnerability with over 30 years of experience at Sandia National Laboratories

2. He came to Coffee County for several days to determine why the ICC scanner was rejecting ballots during the 2021 U.S. Senate race

3. He identified that network connectivity between the scanner and election management server allows the scanner to be remotely configured

4. He determined that adjustments in scanner settings can cause ballots to be rejected or they can correct a ballot rejection problem

5. He instructed Elections Supervisor Misty Hampton to run a series of tests on the scanner without him touching any of the equipment

6. He determined the exact scanner setting Dominion changed remotely to correct the ballot rejection problem occurring on the evening of the 2021 U.S. Senate race

7. He determined that once that setting was changed, he could replicate the problem that Coffee County experienced in the 2021 U.S. Senate Runoff

8. He found that the ICC scanner setting value that would reject ballots cast for Republicans at a 6 to 1 ratio over ballots cast for Democrats

Mr. Logan's deposition (Dkt. 1612) confirms parts of Mr. Lenberg's deposition (Dkt. 1613) and both should be included in the record.

## BEN COTTON

Plaintiff Ricardo Davis was not allowed to call previously deposed witness Ben Cotton, a key fact witness with expertise to support the claims of Mr. Davis. The intent of Mr. Davis was to question Mr. Cotton about details of his findings concerning the extensive vulnerabilities of the Dominion Voting System used in the 2020 and 2021 elections in Coffee County and the wireless access that occurred in the 2021 U.S. Senate race in Coffee County. If questioned for an hour or less on Dominion Voting System's serious security vulnerabilities, Ben Cotton would likely have been able to confirm at a minimum:

1. The server installation includes uncertified software that can be used for database manipulation

2. The server received no updates for anti-virus protection since the installation

7

3. The Operating System received no updates since its original installation

4. Hundreds of program files were updated after the installation was complete

5. The installation activates the wireless profiles for the Dell server chipset

6. The installation activates the wireless drivers for the Dell server chipset

7. The installation allows a wireless router to be added to the server network

8. Wireless cards and wireless devices exist within the server network

9. The firewall rules allow remote access from any IP address in the world

10. The election management server is installed to be visible from the from a remote phone or computer

11. The default port is detectable wirelessly from a remote phone or computer

12. Election databases are configured to allow it be remotely accessed

13. Election databases are visible from a remote wireless device

14. Tabulation databases are visible from a remote wireless device

15. A wireless device can be connected to the election database

16. SQL commands can be executed against a tabulation or election database form a remote wireless device

17. Audit logs confirm the QR code error that rejected ballots in the 2021 U.S. Senate runoff was resolved at roughly the same time the eyewitnesses state Dominion personnel resolved the error without touching the system

Plaintiff further seeks to tender Ben Cotton's full deposition (Dkt 1607), or such portion as is not subject to a valid objection, in the record

This proffer is made in good faith to preserve Plaintiff Davis' rights in the event of an appeal.

Respectfully submitted this the 30TH day of January, 2024.

**OLES LAW GROUP**

/s/*David E. Oles*

David E. Oles, Esq.
Attorney for Plaintiff Ricardo Davis
GA Bar No. 551544
5755 North Point Pkwy, Ste. 25
Alpharetta, GA 30022
(770) 753-9995
firm@deoleslaw.com

**CERTIFICATION**

Pursuant to Local Rule 5.1, the foregoing document has been prepared with Times New Roman 14 point font. I have served a copy of the document on all counsel of record on the date listed below via CM/ECF system, which provides a service copy to all attorneys of record.

9

This 30TH day of January, 2024.

                                              **OLES LAW GROUP**

                                              */s/ David E. Oles*
                                              David E. Oles
                                              GA Bar No. 551544