# EXHIBIT 7

| | |
|---|---|
| **From:** | Cross, David D. |
| **Sent:** | Wednesday, December 27, 2023 10:14 AM |
| **To:** | Bryan Tyson; Kaiser, Mary; Vincent Russo |
| **Cc:** | Ed Bedard; Bruce Brown; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats; Fisher, Ramsey W.; Carey Miller; Josh Belinfante; Alexander Denton; Bryan Jacoutot; Marilyn Marks; Adam M. Sparks; Conaway, Jenna B.; Ali, Amira; Halsey G. Knapp, Jr.; Christian Andreu-von Euw; cichter@ichterdavis.com; Rob McGuire |
| **Subject:** | RE: Curling v. Raffensperger: Halderman inspection |

That's a fair way to proceed on the agreement, Bryan. Let us see if we can send you a revision today of your latest draft. Folks are a bit far flung and consumed with trial prep, but we'll turn something as quickly as we can today.

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Wednesday, Dec 27, 2023 at 9:57 AM
**To:** Cross, David D. <DCross@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Bruce Brown <bbrown@brucebrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

**External Email**

David,

Thanks for providing these answers. We obviously disagree that we could ask some of these questions when we didn't have access to the software in question, but we can agree to disagree on that front. We'll get these responses to our experts.

In terms of the confidentiality agreement, can you get us proposed language that would be workable to you added to the last version we sent as tracked changes? We provided two proposals yesterday, which you didn't see as sufficient. Instead of us guessing at a third proposal, if you can get us some language that would be acceptable to you, we could probably get it knocked out.

As far as the other comments in your email from 2:32pm yesterday, we obviously disagree with most of what you said. But it doesn't seem productive to continue debating those points. Our charge is to finish a confidentiality agreement and our time is going to be better spent trying to complete that task than debating points on which we are never going to agree. I do hope you've been able to enjoy the time with your family over the holidays.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: Avoid Unpleasant Surprises.**

Click here to learn more about our TED Tenets.

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Wednesday, December 27, 2023 8:31 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Bruce Brown <bbrown@brucebrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection


Hi Bryan –

Attached are our responses to the questions you sent over. As I explained below, it's important that the Reviewers understand the protocol ordered by the Court. A number of the questions you posed are not relevant for the inspection and seek information you could have asked Dr. Halderman about in either of his two depositions since he issued the Report. And some are answered in the Report itself.

In case I didn't already confirm your requested times on January 4, those work for us.

We still need a confidentiality agreement from you that complies with the Protocol and the restrictions the Court has imposed on access to the information at issue. Please send that today. If you're standing on your last proposal, we'll need to ask the Judge for help for the reasons I explained below. It doesn't seem we're that far apart, but again we cannot agree that you will not disclose to us or the Court the names of those with access to this information or that those names will be confidential; nor can we agree to the scope of access you have proposed, which we believe is inconsistent with the Judge's direction at the pretrial conference. You shouldn't need more than one or two lawyers at your firm or Josh's firm to help with this discrete portion of your cross examination of Dr. Halderman, and there's no reason not to identify those individuals.

Best,
DC

**DAVID D. CROSS**
**CHAIR OF ANTITRUST LITIGATION PRACTICE**
Partner | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-8795
mofo.com | LinkedIn | Twitter

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, December 26, 2023 2:32 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Bruce Brown <bbrown@brucepbrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

Thanks for the prompt reply. Responses below.

1. We cannot agree to seal the names of the reviewers. There needs to be transparency about who has access to this source code through this inspection. We have no objection to unsealing the prior orders. I note that your email doesn't accurately capture where things stand given that the inspection was discussed in open court, including after I asked the judge if she wanted to seal the court for that discussion. The transcript is also publicly available. I cannot speak for why the judge has sealed certain orders, but I don't think you accurately captured what has transpired given how much about this issue and the inspection is public. And the fact that she sealed certain of her orders has no bearing on whether the mere names of those with access are public.

2. You keep overlooking the fact that we built our proposal off your own prior proposal regarding the GEMS databases, including providing your notes to us. You evidently didn't view those terms as invading work product when you proposed them before. More importantly, though, the identities of lawyers helping prepare a cross-examination of Dr. Halderman are not privileged. For example, you've had our detailed time entries for years describing countless specific tasks each member of our team worked on in the DRE phase of the case. We are not asking you to disclose the substance of any trial preparation. It is no secret that you intend to use information from the inspection to prepare a cross-examination of Dr. Halderman. We simply need the name of each person whom you seek to have access to the information at issue for the reasons the judge emphasized at the pretrial conference, including limiting the risk of disclosure and ensuring compliance with the confidentiality restrictions. The language proposed in your other email with the draft agreement doesn't work for this reason, as it provides no transparency regarding who will have access and gives you broad discretion regarding whom you can share the information with.

3. Your proposal makes sense. We can see what the judge wants to do.

4. Let's please dispense with the notion that we are all in this position because of some "lateness" on our part. I am absolutely certain that if we were asking you for discovery regarding an expert report that you provided to us 2 1/2 years ago after making a deliberate decision not to mention that discovery for nearly two years until about a month before trial, you would be in violent agreement with our position that that would be far too late. As the judge said, she's bending over backwards here to help you. Claiming we forced you to go silent on this from spring 2022 to November 2023, including forgoing numerous discovery extensions through November 2022 — which reasonably indicated to us that you decided to forgo it — is neither accurate nor productive. It's also inaccurate to claim a "lack of available dates

3

over the holidays." We offered six and invited you to offer more. You declined to do so apart from January 12. All of this is to say that you're not a victim here. Let's not pretend otherwise please. Judge Totenberg — to her credit as a judge who goes out of her way to be fair and accommodating — is probably the only judge I've appeared in front of who would grant you any discovery at all on the record here. That neither of your testifying experts could free up for a single day between December 19 and the start of trial just confirms that this actually isn't important for responding to Dr. Halderman's findings, which CISA confirmed and Dr. Gilbert does not dispute. In any event, we understand your position.

5. My colleague Christian is addressing this with Drs. Halderman and Springall (I'm traveling with my family) and will be in touch on the questions as soon as we can. On a quick review, it looks to me like maybe Mr. Persinger isn't familiar with the protocol for this. It's a source code review on a standalone computer that will not be accessible by any other device and that will be stripped down to what's needed to review the source code relied on for Dr. Halderman's report (we will not provide any source code other than what was relied on for the report, meaning we will not include other versions or iterations of source code that would constitute work product or otherwise be non-discoverable under the Federal Rules). This is not a forensic examination of the review computer, nor is it a demonstration of the software. Again, it's a source code review, per the protocol. To the extent your team contemplates something more as the questions suggest, that isn't consistent with the protocol. Nevertheless, we'll respond to the questions more specifically promptly.

Best,
DC

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Tuesday, Dec 26, 2023 at 1:58 PM
**To:** Cross, David D. <DCross@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Bruce Brown <bbrown@brucebrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

**External Email**

David,

Taking these in reverse order:

1. We think the names of the reviewers should be confidential for the same reason that everything related to this inspection that has been filed on the docket so far is sealed—that is a clear indication from Judge Totenberg that she does not want information related to the inspection to be public. If transparency is truly the better course, as you say, then we would be fine unsealing all documents related to the inspection that have been filed on the docket related to the inspection. If you disagree, then we need to stick with the approach the Judge has used and keep things under seal.
2. We already have significant work-product concerns we've raised regarding this inspection and the fact that your side gets copies of all the notes our reviewers take. Requiring us to further disclose every single lawyer with

4

whom we need to discuss the information is requiring us to disclose even more information regarding how we are preparing for trial. While we can leave that issue aside because it wouldn't even be a factor until after the review is complete and we needed to further share it within our team, we'll prepare some language to circulate.

3. I think we are going to have to agree to disagree about the disclosure issues and filing on the docket. The Judge clearly said she wants a negotiated confidentiality agreement, not an additional order. If the only remaining dispute after we finish working through this is whether the agreement is filed as an order, then I think we send the final agreement to Mr. Martin and let Judge Totenberg decide how she wants to handle it.

4. On Mr. Ikonomakis, I believe we explained that Drs. Adida and Gilbert were not available on the dates that were offered (if not, I apologize – I was in a hearing last week and may have missed an email or two). Mr. Martin explained that Judge Totenberg would allow us to use one of the other four experts from our filing instead, which only left Mr. Ikonomakis and Mr. Persinger. We are still working to see if Mr. Ikonomakis is available, but it's critical for our review that we have sufficient experts. Given the lack of available dates over the holidays and the lateness of information that should have been subject to Rule 26 disclosure long before now, that cannot be Drs. Adida and Gilbert, which leaves only Mr. Ikonomakis. If he is not available on January 4, then Mr. Persinger and I will review even given the prejudice to our side.

5. Can you let us know when you'll get an answer from Dr. Halderman on the questions we sent as well? We are trying to make sure that the inspection goes as smoothly as possible.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249 | M: 404.219.3160 | btyson@taylorenglish.com
Website | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: Avoid Unpleasant Surprises.**

Click here to learn more about our TED Tenets.

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, December 26, 2023 12:22 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Bruce Brown <bbrown@brucebrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

Bryan -

It looks like you're planning to have Nick Ikonomakis do this. My recollection is that the judge strongly advised you not to do that. And she already ordered that he's not allowed to testify in the case. On top of that, I have folks on our side who are very uncomfortable with this given the judge already found that Dominion violated the protective order previously by sharing sealed information from Dr. Halderman with a third-party that was not within the scope of the protective order. I understand that Dominion maintains it was allowed to do that (although I confess we don't see any reading of the protective order to support that). Given this history with Dominion, I'm getting a lot of pushback on my side with having someone from Dominion join the inspection. Can you please explain the change? I also was told this individual was unavailable to do anything before January January 15. I gather that was not accurate.

Thanks.
DC


**From:** Cross, David D. <DCross@mofo.com>
**Date:** Tuesday, Dec 26, 2023 at 1:01 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>, Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Bruce Brown <bbrown@brucebrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

That limitation is fine in concept, but we need a specific list of names to agree to before they have access to any of the information at issue. And as the judge emphasized, it should be a very short list.

No, we don't think any of your lawyers are going to deliberately violate the protective order. This issue was addressed explicitly with the court. She made the point that even people in the military whom we entrust with the defense of our nation and have access to the most secret information sometimes cause that information to reach those who shouldn't have it, whether inadvertently or otherwise. In that discussion, she was emphatic that she is not going to be responsible for the release of vote stealing malware. And it's clear to us that she wants the authority to enforce whatever we agree to. Thatvnecessarily requires it to be part of a court order. While invoking the existing protective order helps with that, it doesn't go far enough because there are restrictions we are agreeing to that are not in that order. We are not comfortable taking the risk that we get down the road, something gets out, and the person responsible successfully argues that the court has no authority to do anything about that because the relevant provisions were part of an agreement between the parties, not an order that she signed. That would leave as the only recourse for such a dire situation a breach of contract claim by us.

Can you please explain why the names of the reviewers would be confidential? The occurrence of inspection itself is not confidential. We don't see any reason why the names of those who receive access should be confidential. In fact, we think that will fuel conspiracy theories that will be unhelpful to all of us, including voter confidence. Transparency is the better course here.


**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Tuesday, Dec 26, 2023 at 12:51 PM

**To:** Cross, David D. <DCross@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Bruce Brown <bbrown@brucebrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

**External Email**

David,

We're fine to further limit the access beyond AEO, but we can't agree to your proposal that I'm the only lawyer who can have access to the information from the review. We will be involving other lawyers in the preparation for the cross-examination of Dr. Halderman, for example. What about we agree to limit access to the information on the defense side to attorneys directly involved in preparing for the cross-examination of Dr. Halderman who have signed Exhibit B?

On filing with the Court, I don't understand your implication that our proposing it as an agreement and not a stipulated order is "troublesome." Are you saying you believe one of our lawyers is going to violate the protective order?

Under our proposal, the agreement is enforceable by the Court through the protective order, which your version also incorporated. We are trying to follow what Judge Totenberg specified, which is a confidentiality agreement negotiated by the parties, not a stipulated order with a separate process. But if anything is going to be filed on the docket, it has to be filed under seal to protect the names of the reviewers, none of which have been publicly identified at this point.

Let us know your position on those issues and we can re-circulate another version.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: Avoid Unpleasant Surprises.**

Click here to learn more about our TED Tenets.

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, December 26, 2023 11:28 AM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>

**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Bruce Brown <bbrown@brucebrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection


Bryan -

Your proposed agreement is not consistent with the court ordered protocol. By treating information obtained or derived from the inspection as AEO, you're vitiating the limited access the judge ordered since AEO information is available to a wide swath of individuals, including the many defense lawyers the judge already emphasized don't need and shouldn't have access. AEO information also is available to experts beyond the two the court has authorized for access. We can't agree to that.

We need a proposal from you today please that complies with the protocol the court ordered or we'll need to go back to the judge. I'd really like to avoid that.

I also don't understand your objection to filing the agreement with the court. The terms of the agreement need to be fully enforceable by the judge under the Federal Rules and her inherent authority. So it needs to be subject to a court order. Your reluctance to subject those involved in the inspection to a court order is troublesome, to be candid. The judge made clear she wants control over this. That requires an order.

I'll confirm the times with our experts. Those should be fine.

Best,
DC

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Tuesday, Dec 26, 2023 at 10:22 AM
**To:** Cross, David D. <DCross@mofo.com>, Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Bruce Brown <bbrown@brucebrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection


**External Email**

David,

Hope you and your family had a good Christmas.

Following up on this Friday correspondence, I've attached the following documents:

1. A proposed confidentiality agreement
2. A proposed Exhibit B to the agreement (acknowledgement to be bound)

Given the automatic designation by the agreement of any materials related to the inspection as Attorneys Eyes Only, we do not see a need for a further Court order to make it enforceable, as you said in your Friday email. If there is a violation of the protective order, it's already enforceable by the Court. Let us know if this works.

In the agreement, we have also proposed times for the inspection. If these don't work, let us know and we can discuss further.

Also, per your email of December 20, we have worked with our experts to prepare a series of questions related to the logistics of the inspection itself, to try and make the process go smoother on the day of the inspection. As of now, we know it's going to take place on a Windows-based computer, but not anything else. If it's easier to talk through any of these, just let us know.

Thanks,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: Avoid Unpleasant Surprises.**

Click here to learn more about our TED Tenets.

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Friday, December 22, 2023 7:04 PM
**To:** Bryan Tyson <btyson@taylorenglish.com>; Kaiser, Mary <MKaiser@mofo.com>; Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Bruce Brown <bbrown@brucebrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

Bryan -

The agreed-upon confidentiality needs to be governed by an order of the court to ensure the court has the power to enforce the confidentiality protections it has insisted on. The judge was clear that she will not be responsible for the release of vote-stealing malware, and so we need a confidentiality agreement that she can enforce. That necessarily requires a filing with the court. If you have an alternative proposal, please let us know. If you don't, we'll ask the court to enter our proposal. We've received no proposal from you in a week since the court issued its order even though this inspection is happening at your request. Your continued refusal to engage with us on this makes it needlessly difficult.

Best,
DC

---

**From:** Bryan Tyson <btyson@taylorenglish.com>
**Date:** Friday, Dec 22, 2023 at 7:40 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>, Vincent Russo <vrusso@robbinsfirm.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>, Cross, David D. <DCross@mofo.com>, Bruce Brown <bbrown@brucepbrownlaw.com>, firm@deoleslaw.com <firm@deoleslaw.com>, maggie@deoleslaw.com <maggie@deoleslaw.com>, stef@deoleslaw.com <stef@deoleslaw.com>, Javier Pico-Prats <javier.picoprats@robbinsfirm.com>, Fisher, Ramsey W. <RamseyFisher@mofo.com>, Carey Miller <carey.miller@robbinsfirm.com>, Josh Belinfante <Josh.Belinfante@robbinsfirm.com>, Alexander Denton <Alexander.Denton@robbinsfirm.com>, Bryan Jacoutot <bjacoutot@taylorenglish.com>, Marilyn Marks <Marilyn@uscgg.org>, Adam M. Sparks <sparks@khlawfirm.com>, Conaway, Jenna B. <JConaway@mofo.com>, Ali, Amira <AAli@mofo.com>, Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>, Christian Andreu-von Euw <christian@blgrp.com>, cichter@ichterdavis.com <cichter@ichterdavis.com>, Rob McGuire <ram@lawram.com>
**Subject:** RE: Curling v. Raffensperger: Halderman inspection

**External Email**

---

Mary,

Thanks for sending this over, but we cannot stipulate to this proposal. The Court's order does not anticipate any additional filing on the docket or a stipulated order, but only a confidentiality agreement (Doc. 1745). If you send a confidentiality agreement draft, we will mark it up if needed and return it to you for consideration.

Hope you have a good holiday,

Bryan



**Bryan P. Tyson**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7249  | M: 404.219.3160 | btyson@taylorenglish.com
Website | LinkedIn | Twitter

**Ask Me About Our TED Tenet of the Week: Avoid Unpleasant Surprises.**

Click here to learn more about our TED Tenets.

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or

otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise so expressly stated.

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Friday, December 22, 2023 6:07 PM
**To:** Vincent Russo <vrusso@robbinsfirm.com>; Bryan Tyson <btyson@taylorenglish.com>
**Cc:** Ed Bedard <Ed.Bedard@robbinsfirm.com>; Cross, David D. <DCross@mofo.com>; Bruce Brown <bbrown@brucebrownlaw.com>; firm@deoleslaw.com; maggie@deoleslaw.com; stef@deoleslaw.com; Javier Pico-Prats <javier.picoprats@robbinsfirm.com>; Fisher, Ramsey W. <RamseyFisher@mofo.com>; Bryan Tyson <btyson@taylorenglish.com>; Carey Miller <carey.miller@robbinsfirm.com>; Josh Belinfante <Josh.Belinfante@robbinsfirm.com>; Alexander Denton <Alexander.Denton@robbinsfirm.com>; Bryan Jacoutot <bjacoutot@taylorenglish.com>; Marilyn Marks <Marilyn@uscgg.org>; Adam M. Sparks <sparks@khlawfirm.com>; Conaway, Jenna B. <JConaway@mofo.com>; Ali, Amira <AAli@mofo.com>; Halsey G. Knapp, Jr. <hknapp@khlawfirm.com>; Christian Andreu-von Euw <christian@blgrp.com>; cichter@ichterdavis.com; Rob McGuire <ram@lawram.com>
**Subject:** Curling v. Raffensperger: Halderman inspection

Counsel,

Attached is a draft stipulated order regarding the confidentiality of the inspection of Dr. Halderman's software, along with an agreement to be bound by the same. Please let us know if we have your approval to file this today.

Thanks,
Mary

**Mary Kaiser** (she/her)
Partner
mkaiser@mofo.com
T +1 (202) 887-6952
M +1 (202) 938-7068

MORRISON FOERSTER

MOFO ALLIES NETWORK

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.