# EXHIBIT 10

```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
                            ATLANTA DIVISION


DONNA CURLING, ET AL.,           :
                                 :
         PLAINTIFFS,             :
vs.                              :  DOCKET NUMBER
                                 :  1:17-CV-2989-AT
BRAD RAFFENSPERGER, ET AL.,      :
                                 :
         DEFENDANTS.             :
```

**TRANSCRIPT OF TELEPHONE CONFERENCE PROCEEDINGS**

**BEFORE THE HONORABLE AMY TOTENBERG**

**UNITED STATES DISTRICT SENIOR JUDGE**

**NOVEMBER 15, 2023**

**3:31 P.M.**

*MECHANICAL STENOGRAPHY OF PROCEEDINGS AND COMPUTER-AIDED*

*TRANSCRIPT PRODUCED BY:*

*OFFICIAL COURT REPORTER:*        SHANNON R. WELCH, RMR, CRR
                                  2394 UNITED STATES COURTHOUSE
                                  75 TED TURNER DRIVE, SOUTHWEST
                                  ATLANTA, GEORGIA  30303
                                  (404) 215-1383

| | |
|---|---|
| 1 | it is a bench trial, is that I have had other judges require |
| 2 | the parties to just provide a list of the topics that they |
| 3 | would intend to file motions in limine on and then the judge |
| 4 | has to authorize whether they file.  And that might be useful |
| 5 | here.  Because the one example I can recall from when we |
| 6 | conferred with the State was that they suggested, for example, |
| 7 | they might file a motion in limine on the Coffee County breach. |
| 8 | I would think -- I don't know if that is still on the |
| 9 | table, if they are contemplating it.  I would think Your |
| 10 | Honor's recent order makes clear that that is a key part of the |
| 11 | case. |
| 12 | But it may be that if each side just sends the list |
| 13 | of what they are contemplating Your Honor can look at that and |
| 14 | say, this isn't something that the parties need to spend time |
| 15 | briefing on.  Or if it is, then we know that there's some |
| 16 | discrete set that we can all move quickly on.  And, you know, |
| 17 | both sides could get those lists in maybe within the next week. |
| 18 | THE COURT:  Well, I think it is a good idea.  But -- |
| 19 | MR. MILLER:  I'm sorry. |
| 20 | THE COURT:  -- I mean, obviously counsel probably |
| 21 | need to think about it.  But I think it is a good idea from the |
| 22 | perspective of, even if you are providing a one paragraph |
| 23 | description of the issue, then at least everyone can say -- for |
| 24 | instance, maybe there's something that you want to make sure -- |
| 25 | that the State doesn't want to come in about some particular |

```
 1   item, at least it is something you-all could discuss because it
 2   might be something you could resolve without me.
 3            MR. BELINFANTE:  I think, you know, certainly
 4   communication -- sorry.  This is Josh Belinfante.
 5            Certainly communications between counsel is something
 6   we would entertain and do and hopefully resolve the issue.
 7            But I think that part about the motions in limine
 8   raises another, perhaps more substantive issue, which is, if
 9   Dr. Halderman is going to testify about his malware, we haven't
10   seen it.  And we have tried.  And we have not been granted
11   access to it.  And I think that that could be, potentially at
12   least, a material aspect of the case.
13            So I do want to flag that.  Because that's one that
14   kind of sticks out.  And, you know, it perhaps more -- will
15   have a much more significant impact on witness lists,
16   documents, et cetera.
17            MR. CROSS:  Your Honor, this is David.
18            Respectfully Josh, I don't know what he is talking
19   about.  When he says they have tried, this is the first that
20   I'm hearing of this.  I mean, maybe a long time ago in
21   discovery, there was a request made.  I don't recall.
22            But we're on the cusp of trial.  None of their
23   experts have asked to do this.  I don't know what they would do
24   at this stage.  Expert discovery closed a very long time ago.
25   And this is very untimely.
```

1       MR. MILLER: Judge, this is Carey Miller. I don't
2  have the docket number in front of me. But there is a
3  discovery dispute filed on the access to this. And, frankly,
4  it is not so much about our experts doing anything but we have
5  got to be able to adequately cross-examine Dr. Halderman.
6       And, really, the reason this arose is that we noticed
7  on the recent exhibit list that there was, you know, equipment
8  to be coming in.
9       If they are not planning on doing that kind of
10 demonstration, then maybe it is not an issue. But we read that
11 to assume that that was the case.
12      THE COURT: Well, is that the case, Mr. Cross?
13      MR. CROSS: Are we planning to -- we had talked about
14 a demonstration. I have not had a chance to connect with
15 Dr. Halderman to determine whether we would actually do that.
16      I honestly don't know the answer to that. I would
17 have to talk to him and figure out whether we would.
18      I mean, Your Honor may recall. We have videos that
19 we used last time. It may be that we just use those videos
20 again for demonstrative purposes for the Court to see what he's
21 talking about. That may be fine.
22      I just have not had time to focus on this, so I don't
23 know. But I guess what I come back to is: This is all
24 something that should have played out a long time ago. You
25 don't get to sit on this until we are three weeks out or

1  whatever we are -- six weeks out from trial and suddenly say,
2  we want to do expert discovery.
3          THE COURT:  Okay.  Well, I don't -- I don't have the
4  request or the response or anything about it.  So I think you
5  all need to send me everything you have about it so that I can
6  have it by tomorrow.
7          MR. MILLER:  Judge, if I may, this is Carey Miller.
8  I have just located the discovery dispute filing.  It is
9  Docket 1246.
10         THE COURT:  Okay.
11         MR. CROSS:  I'm sorry.  What was the resolution?
12         MR. MILLER:  Yeah.  Honestly, David, I'm not sure
13 that there was a resolution.  This was January 6th of 2022.
14         THE COURT:  January 26 of '22?
15         MR. MILLER:  January 6 of '22.
16         THE COURT:  We're just trying to have an anniversary.
17 Okay.  All right.
18         MR. CROSS:  I think I once read that this case is
19 like Groundhog Day.
20         THE COURT:  Yes.  We have a new Groundhog Day
21 apparently.
22         All right.  Well, I obviously can look at that.  But
23 if both parties could look at your own -- what you think you --
24 whether there was any follow-up or not, it still would be
25 helpful because I would like to try to resolve that and address

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, SHANNON R. WELCH, RMR, CRR, Official Court Reporter of the United States District Court, for the Northern District of Georgia, Atlanta Division, do hereby certify that the foregoing 55 pages constitute a true transcript of proceedings had before the said Court, held in the City of Atlanta, Georgia, in the matter therein stated.

    In testimony whereof, I hereunto set my hand on this, the 17th day of November, 2023.

_____
SHANNON R. WELCH, RMR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT