# EXHIBIT 14

Case 1:17-cv-02989-AT   Document 1816-14   Filed 02/06/24   Page 2 of 4

Olds v. Cracker Barrel Old Country Store, Inc., Not Reported in Fed. Supp. (2015)
2015 WL 13776588

2015 WL 13776588
Only the Westlaw citation is currently available.
United States District Court,
N.D. Georgia, Atlanta Division.

Wendy Carol OLDS, Plaintiff,
v.
CRACKER BARREL OLD COUNTRY STORE, INC., et al., Defendants.

CIVIL ACTION FILE NO.: 1:13-CV-1876-MHS-JCF
|
Signed 04/02/2015

**Attorneys and Law Firms**

Anitra Rochelle Price, Anitra R. Price, P.C., Fayetteville, GA, for Plaintiff.

David E. Gevertz, Kathryn JoAnn Hinton, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Atlanta, GA, for Defendants.

### ORDER

J. CLAY FULLER, United States Magistrate Judge

 *1  This case is before the Court on Plaintiff's Motion To File Plaintiff's Medical Records As Attached To Her Amended Discovery Responses Under Seal (Doc. 103); Plaintiff's Motion To File Plaintiff's Counter-Statement Of Undisputed Material Facts Under Seal (Doc. 104); and Plaintiff's Motion To Reopen Discovery (Doc. 107).

### I. Plaintiff's Motion To File Medical Records Under Seal (Doc. 103)

Plaintiff moves to file her medical records, including reports from her treating psychotherapist—apparently in support of her response to Defendants' pending motions to strike her claim for compensatory damages (Doc. 81) and/or motion for summary judgment (Doc. 84)—under seal to protect their confidentiality. "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). "[T]here is a presumption of public access to court records," and "only the most extraordinary circumstances and compelling reasons justify sealing any court record." Jackson v. Deen, No. CV412-139, 2013 WL 2027398, at *14, 2013 U.S. Dist. LEXIS 187600, at *52-53 (S.D. Ga. Apr. 3, 2013); see also Isaac v. Am. Intercontinental Univ., No. 1:05-CV-2839-JEC, 2007 WL 1959201, at *7, 2007 U.S. Dist. LEXIS 47409, at *22 (N.D. Ga. June 28, 2007) (explaining that " '[o]nce a matter is brought before the court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances ... the court file must remain accessible to the public' " (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992))).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.' " Romero, 480 F.3d at 1246 (quoting Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id.

After considering the above-listed factors in weighing Plaintiff's privacy interest in her medical records against the public's interest in accessing court records, the Court will allow Plaintiff to file her medical records under seal. It is not clear at this point the extent to which the Court must rely on those records to resolve Defendants' pending motions, or the extent to which Plaintiff's medical history and treatment will be an issue going forward in this case, up to and including trial if necessary. Therefore, Plaintiff is cautioned that if, upon reviewing Plaintiff's medical records, the Court determines that the content of those records is significantly intertwined with the Court's resolution of the merits of this case, or that the public's right to access sufficiently outweighs Plaintiff's privacy interests, the Court may direct the Clerk to unseal part or all of her records. Accordingly, Plaintiff's motion to file her medical records under seal (Doc. 103) is **GRANTED.**

Case 1:17-cv-02989-AT   Document 1816-14   Filed 02/06/24   Page 3 of 4

Olds v. Cracker Barrel Old Country Store, Inc., Not Reported in Fed. Supp. (2015)
2015 WL 13776588

## II. Plaintiff's Motion To Seal Her Counter-Statement Of Undisputed Material Facts (Doc. 104)

**\*2** Plaintiff moves to file her "Counter-Statement of Undisputed Material Facts" under seal because she "must utilize various items that Defendants have designated as 'CONFIDENTIAL' in order to defend her case against Defendants' Motion to Strike Plaintiff's Compensatory Damages Clam [sic] and Defendants' Motion for Summary Judgment." (Doc. 104 at 2). Plaintiff has not shown good cause for sealing her Counter-Statement. Plaintiff's reliance on the parties' confidentiality agreement is not sufficient to satisfy her burden: "Though a stipulated protective order may provide that documents designated as confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order 'does not make it so' when it comes to filling the document with the court." [Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs., No. 3:13-cv-223-J-32JRK, 2014 WL 279656, at \*1, 2014 U.S. Dist. LEXIS 11205, at \*4 (M.D. Fla. Jan. 24, 2014)](). Accordingly, Plaintiff's motion to file her "Counter-Statement of Undisputed Material Facts" under seal (Doc. 104) is **DENIED.**

## III. Plaintiff's Motion To Reopen Discovery

Plaintiff moves to reopen the discovery period, which closed on October 31, 2014. Specifically, she requests that the Court "enter an Order that provides the following:

1) That discovery be reopened and that the parties be required to complete discovery as to the issuance of employee schedules, server work sections and the submission, investigation and disposition of employee complaints as to minority and non-minority employees;

2) Stays the disposition of Defendants' dispositive motions so as to permit[ ] Plaintiff to supplement her opposition to Defendants' Motion to Strike Plaintiff's Compensatory Damages Claim and Defendants' Motion for Summary Judgment; and

3) Provides such further relief as the Court deems just and appropriate.

(Doc. 107 at 8). Plaintiff asserts that she propounded discovery to Defendants on October 28, 2014 and October 30, 2014 requesting the above-described information, but Defendants did not respond once the discovery period expired. (*Id.* at 2; Doc. 107-10 at 2-3). Plaintiff further asserts that she needs the additional discovery in order to respond to Defendants' pending motion to strike Plaintiff's compensatory damages claim and motion for summary judgment. (Doc. 107 at 3; Doc. 107-10 at 2-6).

[Federal Rule of Civil Procedure 56(d)]() provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "A party requesting a continuance under this rule must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *[Barfield v. Brierton](),* 883 F.2d 923, 931 (11th Cir. 1989). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *[Id.]()* (internal quotations omitted).

Putting aside the issue of whether Plaintiff has shown that she needs the additional discovery to respond to Defendants' motions [1], the Court finds that her request to reopen discovery and stay resolution of Defendants' motions should be denied. Plaintiff has not shown that she acted diligently in pursuing discovery during the discovery period or in seeking to compel Defendants to respond to the discovery she now seeks. The discovery period in this case began in June 2014 and was originally scheduled to end on October 6, 2014 (*see* Doc. 53), but was then extended until October 31, 2014 at Plaintiff's request (*see* Doc. 54). Plaintiff then waited until the extended discovery period had almost expired to propound discovery requests to several of the defendants. (*See* Doc. 107 at 2). Although she filed a motion to extend discovery on October 10, 2014 (Doc. 71), that motion was denied on October 31, 2014, on the grounds that, among other things, Plaintiff failed to identify what additional written discovery she needed to complete and failed to explain why she had not completed it since the discovery period began in June. (Doc. 77). Plaintiff's attorney has represented in this litigation that she did not receive any notifications from the Court after September 3, 2014, and she therefore did not know that her requested extension was denied (*see* Docs. 87, 89, 107), but as explained in the Court's March 18, 2015 Order (Doc. 96), that assertion does not excuse her failure to review the docket or determine whether her requested extension had been granted. Moreover, it does not explain why she never sought to compel Defendants' discovery responses when she

Case 1:17-cv-02989-AT   Document 1816-14   Filed 02/06/24   Page 4 of 4

Olds v. Cracker Barrel Old Country Store, Inc., Not Reported in Fed. Supp. (2015)
2015 WL 13776588

did not receive them in November 2014. The Court has been generous in allowing Plaintiff to file belated responses to Defendants' motions to strike and for summary judgment [2], even in the absence of good cause for granting such an extension (*see* Doc. 96), but that generosity has its limits. Plaintiff was not diligent in pursuing discovery during the discovery period, in seeking to compel discovery responses, or in monitoring the ongoing progress of this litigation. Thus, she has not provided good cause for reopening the discovery period and allowing her to pursue the discovery she seeks. Accordingly, Plaintiff's motion to reopen discovery (Doc. 107) is **DENIED**. *See, e.g., Barfield*, 883 F.2d at 932 (upholding district court's denial of plaintiff's Rule 56(f) (now 56(d)) motion for continuance where "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options," including seeking the court's assistance to obtain responses to propounded discovery); *Patterson v. CitiMortgage, Inc.*, No. 1:11-CV-0339-CC, 2012 WL 4468750, at *2, 2012 U.S. Dist. LEXIS 138331, at *6 n.2 (N.D. Ga. Sept. 2, 2014) (denying plaintiffs' Rule 56(d) motion for continuance because "Plaintiffs had ample time to take depositions in this case but did not act diligently to do so"); *Branch Banking & Trust Co. v. Navarre 33, Inc.*, No. 3:10cv10/MCR/EMT, 2012 WL 2377851, at *3, 2012 U.S. Dist. LEXIS 87350, at *9-10 (N.D. Fla. May 21, 2012) (denying Rule 56(f) motion where the movants had "not shown that they made diligent efforts to depose [a witness] prior to the discovery deadline").

## Summary

**\*3** Plaintiff's Motion To File Plaintiff's Medical Records As Attached To Her Amended Discovery Responses Under Seal (Doc. 103) is **GRANTED**; Plaintiff's Motion To File Plaintiff's Counter-Statement Of Undisputed Material Facts Under Seal (Doc. 104) is **DENIED**; and Plaintiff's Motion To Reopen Discovery (Doc. 107) is **DENIED.**

**IT IS SO ORDERED** this 2nd day of April, 2015.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 13776588

## Footnotes

1    Plaintiff and her attorney submitted affidavits in support of the motion to reopen discovery. (*See* Docs. 107-6 and 107-7).

2    The Court notes that in seeking leave to file her out-of-time responses to Defendants' motions, Plaintiff made no mention of her need to reopen discovery in order to respond to those motions. (*See* Doc. 89).

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.