# EXHIBIT 15

2019 WL 12528974
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida.

Jose PEREZ, Alfredo Santos, and Douglas Richey, on behalf of themselves and others similarly situated, Plaintiffs,
v.
OWL, INC., Defendant.

Case No. 6:17-cv-1092-Orl-41GJK
|
Signed 04/10/2019

**Attorneys and Law Firms**

Benjamin J. Weber, Pro Hac Vice, Shannon E. Liss-Riordan, Lichten & Liss-Riordan, P.C., Boston, MA, Eric Jacob Lindstrom, Joseph Egan, Jr., Egan, Lev & Siwica, PA, Orlando, FL, for Plaintiffs.

Anthony David Tilton, Marci E. Britt, Katherine A. Heffner, Cotney Construction Law LLP, Tampa, FL, James Larry Stine, Pro Hac Vice, Wimberly, Lawson, Steckel, Schneider & Stine, PC, Atlanta, GA, for Defendant.

### ORDER

GREGORY J. KELLY, UNITED STATES MAGISTRATE JUDGE

*1 This cause came on for consideration, without oral argument, on the following motion:

**MOTION: PLAINTIFFS' EMERGENCY MOTION FOR PERMISSION TO SEND NOTICE BY TEXT MESSAGE IN LIEU OF EMAIL (Doc. No. 137)**

**FILED: April 8, 2019**

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On March 11, 2019, the Court granted Plaintiffs' Renewed Motion for Issuance of Notice. Doc. No. 134. Plaintiffs were ordered to issue notice to potential plaintiffs by first-class mail and electronic mail on or before April 8, 2019. *Id.* at 2. On April 8, 2019, Plaintiffs filed "Plaintiffs' Emergency Motion for Permission to Send Notice by Text Message in Lieu of Email" (the "Motion"). Doc. No. 137 (footnote omitted). Plaintiffs state that this is an emergency "because the relief they seek, concerning issuing effective notice to the class within the 90-day opt-in period, may not be available if the parties follow the briefing schedule for motions set out under L.R. 3.01." *Id.* at 1 n.1.

Plaintiffs ask that they be permitted to send the notice and reminder notice to potential plaintiffs via text messages. *Id.* at 2. Plaintiffs argue that text messages are appropriate because Defendant does not have email addresses for its drivers and "Plaintiffs are concerned that a significant number of Defendant's former drivers will not receive notice by mail." *Id.*

Plaintiffs cite five cases in which text messages for notices to potential plaintiffs were permitted. *Id.* at 3. In two of the cases, the court only permitted text messages if "postal and electronic notices to a particular individual were returned as undeliverable." *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1044 (S.D. Ohio 2018); *Casarez v. Producers Serv. Corp.*, No. 2:17-CV-1086, 2018 WL 2389721, at *8 (S.D. Ohio May 25, 2018) (permitting text messages " 'upon a showing "that notice by postal and electronic mail is insufficient as to any given potential opt-in plaintiff.' " (quoting *Brittmon v. Upreach*, LLC, 285 F. Supp. 3d 1033, 1044)). In the other two cases, text messages were permitted because "the nature of the employer's business facilitated a high turnover rate among employees." *Vasto v. Credico (USA) LLC*, No. 15 CIV. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016); *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016). Plaintiffs do not provide a Westlaw citation, Lexis citation, any parenthetical information, or the order itself for the fifth case they cite. Doc. No. 137 at 3.

Plaintiffs fail to provide any facts supporting their concern that notice sent by mail will not be received. They also do not present similar circumstances to those that supported permitting text messages in the cases cited above.

In their renewed motion for issuance of notice, Plaintiffs requested that they be permitted to send the reminder notice via "mail, email, and text ...." Doc. No. 90 at 19. The Court granted the renewed motion, and regarding sending a reminder notice, stated, "Plaintiffs are authorized to send a reminder to all potential plaintiffs who received notice but have not yet responded by first-class mail and electronic mail." Doc. No. 134 at 2. As the Court granted the renewed motion and did not limit the methods of reminder notices, to

**Perez v. OWL, INC., Not Reported in Fed. Supp. (2019)**

Case 1:17-cv-02989-AT   Document 1816-15   Filed 02/06/24   Page 3 of 3

the extent that Plaintiffs request that they be permitted to send reminder notices via text messages, that relief has previously been granted.

***2** Accordingly, it is **ORDERED** that the Motion (Doc. No. 137) is **DENIED**.

**DONE** and **ORDERED** at Orlando, Florida, on April 10, 2019.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 12528974

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.