# EXHIBIT 19

Case 1:17-cv-02989-AT   Document 1816-19   Filed 02/06/24   Page 2 of 6

United States v. Annamalai, Not Reported in Fed. Supp. (2016)
2016 WL 11609576

2016 WL 11609576
Only the Westlaw citation is currently available.
United States District Court,
N.D. Georgia, Atlanta Division.

UNITED STATES of America
v.
Annamalai ANNAMALAI, et al., Defendants.

CRIMINAL ACTION NUMBER 1:13-cr-437-TCB
|
Signed 01/07/2016

**Attorneys and Law Firms**

Dahil Dueno Goss, Kelly Kathleen Connors, Samir Kaushal, Office of the United States Attorney, Atlanta, GA, for United States of America.

### ORDER

Timothy C. Batten, Sr., United States District Judge

 *1  This case again comes before the Court on a litany of pro se motions filed by Defendant Annamalai Annamalai. For the reasons that follow, the motions will be denied and the Court now directs Annamalai to show cause why the Court should not limit the range of issues that he may raise in future filings with the Court.

**I. Background**

In August 2014, after a two-week trial, Annamalai was convicted of thirty-four counts of bank fraud, bankruptcy fraud, conspiracy to commit bank and bankruptcy fraud, money laundering, federal tax-law violations, false statements, and obstruction of justice. The Court sentenced Annamalai to serve a term of 327 months in the custody of the Bureau of Prisons, during which time he "shall have no phone privileges, save the phone privilege to speak with attorneys that represent him in legal actions or court-appointed stand-by legal counsel." [355], p.2.

Since his conviction, Annamalai has filed more than thirty pro se motions with this Court. Nearly one quarter of his motions have been filed as "emergency" motions[1]; many of the motions, either expressly or impliedly, seek reconsideration or renewal of motions that were previously denied[2]; he has repeatedly asked the Court to lift or modify his phone restrictions[3]; and virtually all of his filings contain innumerable allegations of misconduct by the prosecutors, IRS special agent Jacqueline Reynolds, the victims of Annamalai's fraud, and employees of the Bureau of Prisons and the United States Marshals Service.[4]

The five motions now under advisement fit this pattern as well. First, Annamalai has filed a 182-page motion [431] asking the Court to take judicial notice of certain documents that Annamalai contends support the various assertions he has made regarding his own innocence, the witnesses against him, and what he identifies as prosecutorial misconduct. In his second motion, he again asks the Court to relax his phone restrictions but in so doing invokes numerous references to the "fabricated evidence" offered against him and the "decepti[ve]," "fraudulent," and "corrupt" behavior of the prosecutors and Government witnesses. [434], pp.1-2.[5] Third, Annamalai moves pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for return of property based on Reynolds's alleged misconduct in connection with the investigation and prosecution of Annamalai. [435]. His fourth motion [436] seeks to renew eight motions that were previously denied by the Court, arguing that they were erroneously denied because the Government did not respond to them within fourteen days. Fifth, Annamalai has moved for a preliminary and permanent injunction against Reynolds. [442].[6] Next, he asks the Court to stay the order of forfeiture pending his appeal. [441]. Finally, Annamalai has filed a motion to fire his Court-appointed appellate counsel and appoint new counsel [433].

**II. Resolution of the Instant Motions**

  **A. Motion to Take Judicial Notice [431]**
 *2  Annamalai asks the Court to take judicial notice of twenty-nine documents (or groups of documents), including but not limited to filings from this Court and other courts, documents provided to Annamalai by the Government in this case, police and other government reports concerning witnesses connected to this case, and various transcripts of phone calls, hearings, and interviews. The motion is misguided. Rule 201 of the Federal Rules of Evidence permit the Court, under appropriate circumstances, to take judicial notice of *facts*. Annamalai's motion, however, asks the Court to take judicial notice of voluminous documents, not specific facts that are readily apparent from those documents. To the extent certain factual assertions can be

Case 1:17-cv-02989-AT   Document 1816-19   Filed 02/06/24   Page 3 of 6

United States v. Annamalai, Not Reported in Fed. Supp. (2016)
2016 WL 11609576

inferred from Annamalai's motion, it cannot be said that such "facts" are not subject to reasonable dispute, making them inappropriate subjects of judicial notice. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."). And "a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation," not for the purpose of adopting the other court's findings and conclusions as its own. *Id.*

Moreover, insofar as Annamalai asks the Court to take judicial notice of facts that go to the ultimate issue of his guilt or innocence of the crimes charged, the Court will not interfere with the fact-finding role of the jury. Although Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding," subparagraph (f) expressly mandates that a jury in a criminal case be given the prerogative to accept a judicially noticed fact as conclusive or to disregard it. "This it could not do if this notice were taken for the first time after it had been discharged and the case was on appeal." *United States v. Jones*, 580 F.2d 219, 224 (6th Cir. 1978).

Accordingly, Annamalai's motion for judicial notice [431] is denied.

### B. Motion to Relax Phone Restrictions [434]

Annamalai again asks the Court to remove or relax his phone restrictions. The judgment and commitment directed that Annamalai be permitted to speak with the lawyers representing him, and the BOP is directed to abide by that order; however, as Annamalai was never restricted by the Court from speaking with his attorneys, there is no modification to the phone restrictions necessary. The Court has also already ruled that Annamalai be permitted to participate telephonically in his brother's funeral. The Court will not further relax the phone restrictions or recommend that Annamalai be removed from a communications management unit facility ("CMU"). It is the Court's understanding that the facility in which Annamalai is presently being housed is the CMU closest to Atlanta, consistent with the Court's recommendation that he be incarcerated as close to Atlanta as possible. For these reasons, the motion to relax phone restrictions is denied.

### C. Motion for Return of Property [435]

Rule 41(g) authorizes "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to file a motion for a return of the property. As a preliminary matter, it is unclear what property Annamalai seeks a return of, as his motion makes reference to "exhibits" that are not attached to the motion. It appears that some of the referenced documents and e-mails might be attached to his motion for judicial notice [431], but the Court cannot discern which of those attachments are being referenced without parsing through nearly 200 pages of e-mails and other documents, a burden that is not properly placed on the Court.

More importantly, even if the Court could tell what property is the subject of Annamalai's motion, Annamalai has failed to show that he is entitled to any relief under Rule 41(g). Other than by making specious and conclusory accusations, he has not shown that he was aggrieved by any unlawful search, seizure, or deprivation of property. "Furthermore, in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands," and Annamalai "has come into court with extremely 'unclean hands.' " *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Consequently, the motion for return of property is denied.

### D. Motion for Injunctive Relief Against Reynolds [442]

**\*3** The motion to enjoin Reynolds—from unspecified conduct, the Court notes—is closely tied to the motion for return of property and will be denied for the same reasons. Annamalai has failed to show that he has been aggrieved by any illegal search or seizure or that Reynolds was responsible for any such unlawful activity. Moreover, Annamalai has not shown that anybody has misappropriated his trade secrets or financial information. The motion for a preliminary and permanent injunction [442] against Reynolds is denied.

### E. Motion to Renew Previously Denied Motions [436]

Annamalai seeks to renew eight motions [303, 304, 309, 320, 327, 331, 336, 337] that the Court has previously denied, arguing that the Court improperly denied the motions —without prejudice—despite the fact that the Government did not respond to them within fourteen days (or at all), as required by local rule 7.1(B). The motion will be denied because its entire premise is flawed. Although local *civil* rule 7.1(B) requires parties to respond to motions within fourteen days, the local civil rules apply in criminal cases only "insofar as they do not conflict with any ... local criminal rule." LCrR 1.1(C), NDGa. Responses to motions in criminal cases

Case 1:17-cv-02989-AT   Document 1816-19   Filed 02/06/24   Page 4 of 6

**United States v. Annamalai, Not Reported in Fed. Supp. (2016)**
2016 WL 11609576

are governed by local criminal rule 12.1(B), which requires litigants to respond to a motion "within fourteen (14) days *after being directed by the court to do so.*" The Government has not failed to timely respond to any motion after being directed to do so by the Court.

Two of the motions Annamalai seeks to renew were denied with prejudice, not without prejudice as he claims, and Annamalai has shown no basis to revisit that decision. *See* [317], p.6 (denying [303] and [304]). Annamalai purports to renew "Doc. No:331," but that document is captioned as a "criminal complaint of Annamalai Annamalai against (Deputy) US Marshall for intimidation and harassment" and was docketed as a notice of filing criminal complaint. Because there is no motion, there is nothing to renew.

As for the remainder of the motions that he seeks to renew, the Court finds that Annamalai has offered no basis at all to revisit those rulings. Instead, he is employing this renewal motion in yet another attempt to relitigate issues that have already been decided against him. Even those motions that were denied without prejudice—such as the 900-page motion for bond pending appeal—raise arguments about Annamalai's innocence and prosecutorial misconduct that the Court has previously, and repeatedly, rejected. The motion to renew is denied.

### F. Motion to Stay Order of Forfeiture [441]

Motions to stay forfeitures are governed by Rule 32.2(d) of the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 38(f). That rule permits a court to stay an order of forfeiture pending appeal "on terms appropriate to ensure that the property remains available pending appellate review." "The purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." FED. R. CRIM. P. 32.2(d) advisory committee's note to 2000 adoption.

> Courts consider four factors to determine whether a forfeiture order should be stayed: (1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property.

*United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011) (internal punctuation omitted); *accord United States v. Bradley*, 513 F. Supp. 2d 1371, 1380 (S.D. Ga. 2007) (citing *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001)). "Unsurprisingly, case-specific circumstances alter outcomes in this area of the law." *Bradley*, 513 F. Supp. 2d at 1380.

**\*4** Annamalai's motion makes no reference to these factors, but applying them to the facts of this case, the Court finds that none of them weigh in favor of granting the stay. First, nothing in the record—including in the multiple challenges Annamalai has attempted to raise to the order of forfeiture [7]—suggests to the Court that Annamalai is likely to prevail on appeal, particularly in light of the fact that the arguments raised by Annamalai in protest to the forfeiture have largely if not exclusively turned on his belief that the prosecutors and Reynolds engaged in misconduct against him. The Court has continually rejected these arguments in the past and does so again in this Order. "Moreover, the Court believes Defendant's conviction is well supported by the law of this jurisdiction." *Riedl*, 214 F. Supp. 2d at 1083 (denying motion for stay).

Annamalai has not established—nor even alleged—that any of the forfeited properties holds any intrinsic value to him, serves as his primary residence, or is a "special or irreplaceable" property. *See id.*; *United States v. Bachner*, 741 F. Supp. 221, 222 (S.D. Fla. 1990) (denying motion for stay of forfeiture of airplanes and noting that the planes were "not unique"). Given that the forfeited properties are real properties located in Georgia, California, Texas, and Ohio, the Government would incur significant expenses of time, money, and resources to preserve and maintain them. The Court is without information as to the likelihood that the properties will decrease in value, but even if there is no evidence that is the case, the other factors militate against granting the motion to stay forfeiture.

For these reasons, the motion to stay forfeiture pending appeal [441] is denied.

### G. Motion to Replace Court-Appointed Counsel [433]

Case 1:17-cv-02989-AT   Document 1816-19   Filed 02/06/24   Page 5 of 6

United States v. Annamalai, Not Reported in Fed. Supp. (2016)
2016 WL 11609576

Annamalai's final motion seeks to terminate his current court-appointed counsel and appoint new counsel. Because Annamalai appears to be arguing that he is being provided with ineffective assistance of counsel, the Court refers this motion to Magistrate Judge Salinas for a determination of whether new counsel should be appointed.

### III. Order to Show Cause Why An Injunction Restricting Future Filings Should Not Be Entered

The Court is troubled by the frequency, volume, and repetitive and abusive nature of Annamalai's filings in this case. Annamalai is using the judicial process not to bring legitimate issues to the Court's attention in a good-faith manner, but instead in an exasperating attempt to relitigate the same issues over and over again in the hope that the Court will eventually relent and accept his version of the "truth."

In an attempt to curtail this pattern of abuse, the Court hereby notifies Annamalai that it intends to enter an injunction restricting his ability to file pro se motions in this case that (1) seek reconsideration of prior rulings; (2) seek to renew motions already denied; (3) ask the Court to modify the telephone restrictions placed on Annamalai during his term of imprisonment; and/or (4) seek any relief based on alleged misconduct predating the injunction by the United States Attorney's Office, Jacqueline Reynolds, or any other witnesses involved in Annamalai's trial or sentencing. The Court is of the opinion that an injunction conforming to these terms is necessary to limit Annamalai's abusive filings and manage the docket in this case and that it is narrowly tailored to reach only "the area[s] in which [the defendant has] demonstrated a history of abusive litigation." *Miller v. Donald*, 541 F.3d 1091, 1098 (11th Cir. 2008) (citing *United States v. Flint*, 178 F. App'x 964, 970 (11th Cir. 2006) (per curiam)).

**\*5** Annamalai is instructed to show cause in writing—in a filing not to exceed twenty-five pages—why the Court should not enter such an injunction. *See Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (noting that the right of access to courts is not absolute and may be restricted but that a defendant "should be provided with an opportunity to oppose the injunction before it is instituted"). Annamalai's response to this show-cause order shall be filed by February 5, 2016.

### IV. Conclusion

For the foregoing reasons, Annamalai's motions for judicial notice [431], to relax phone restrictions [434], for return of property [435], to renew certain motions [436], to stay forfeiture pending appeal [441], and to enjoin Jacqueline Reynolds [442] are denied. His motion for replacement of court-appointed counsel [433] is referred to Magistrate Judge Salinas. Annamalai is directed to show cause in writing on or before February 5, 2016 why the Court should not enter an injunction restricting his ability to file pro se motions as outlined in Section III, above.

IT IS SO ORDERED this 7th day of January, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 11609576

---

**Footnotes**

1   *See* [302, 327, 332, 370, 372, 404, 408, 430].

2   *See, e.g.*, [332, 339, 370, 396, 404] (seeking reconsideration of prior rulings); [297, 436] (seeking to renew motions previously denied).

3   *See, e.g.*, [370, 396, 404, 434].

4   *See, e.g.*, [304, 310, 315, 319, 327, 329, 330, 337, 401] (Reynolds); [310, 315, 319, 320, 327, 329, 330, 337, 401] (prosecuting attorneys); [309, 310, 319, 320, 332, 402] (victims); [372] (BOP and Marshals).

5   Indeed, Annamalai appears to go so far as to blame Reynolds for causing the recent death of Annamalai's brother. *See* [434], p.5 ("[T]he malicious prosecution and several fraudulent acts of the case Agent Reynolds

Case 1:17-cv-02989-AT   Document 1816-19   Filed 02/06/24   Page 6 of 6

United States v. Annamalai, Not Reported in Fed. Supp. (2016)
2016 WL 11609576

made Annamalai's brother to get in extreme trauma, and he has died with those trauma ... by a Heart attack.") (internal punctuation omitted).

6   Annamalai asks for evidentiary hearings in connection with his motions for judicial notice, to relax phone restrictions, for return of property, to renew prior motions, and for injunctive relief.

7   *See, e.g.*, [330] (pro se motion to dismiss preliminary order of forfeiture, denied at [334]); [401] (pro se motion to dismiss forfeiture petition, denied at [415]).

---

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.