# EXHIBIT 24

Case 1:17-cv-02989-AT   Document 1816-24   Filed 02/06/24   Page 2 of 3

Boykin v. Sandholm, Not Reported in Fed. Supp. (2020)

2020 WL 13816785
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Western Division.

Marshaun BOYKIN (#R-54017), Plaintiff,
v.
Officer Brett SANDHOLM, Defendant.

Case No. 16 CV 50162
|
Signed March 3, 2020

**Attorneys and Law Firms**

Marshaun Boykin, Dixon, IL, Pro Se.

Erik Henning Johnson, Office of the Illinois Attorney General, Chicago, IL, John Michael Catalano, Jr., City of Chicago, Chicago, IL, Michael Charles Stephenson, Rock Fusco & Connelly, LLC, Chicago, IL, Nicholas Scott Staley, Chicago Park District, Chicago, IL, for Defendant Sandholm.

### ORDER

Thomas M. Durkin

 *1  Plaintiff's renewed motion for leave to proceed *in forma pauperis* [R. 102] is denied as moot. Plaintiff's renewed motion for attorney representation [R. 103] is denied. The Court instructs the Clerk to change the case caption from *Boykin v. Enloe, et al.* to *Boykin v. Sandholm.*

### STATEMENT

Plaintiff Marshaun Boykin, an Illinois state prisoner, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Brett Sandholm, a correctional officer at the Dixon Correctional Center, violated Plaintiff's constitutional rights by: (1) using unjustified force against him; (2) acting with deliberate indifference to his serious medical needs; and (3) denying him equal protection. More specifically, Plaintiff contends that a fight broke out between two inmates, one of whom suddenly attacked Plaintiff for no apparent reason. Defendant, who arrived on the scene ostensibly to break up the fight, instead allegedly assaulted Plaintiff without provocation for doing so, denied him needed medical care for his injuries, and singled him out for placement in segregation.

Plaintiff's renewed motion for leave to proceed *in forma pauperis* is denied as moot. The Court (Kapala, J.) already granted Plaintiff IFP status in this matter by Order of August 29, 2016 [R. 5].

Plaintiff's renewed motion for attorney representation is likewise denied. There is no constitutional right to court-appointed counsel in federal civil litigation, but the Court has discretion to recruit an attorney for any litigant who cannot afford one. *Pennewell v. Parish*, 923 3d. 486, 490 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc) (in turn citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). When deciding whether to recruit counsel, the Court engages in a two-part test to determine whether the services of a lawyer are warranted. *Pennewell*, 923 3d. at 490. The Court first assesses whether the plaintiff has made a reasonable attempt to retain counsel or been effectively precluded from doing so. *Id.* (citing *Pruitt*, 503 F.3d at 654-55). If so, the Court considers whether, given the difficulty of the case, the plaintiff appears competent to litigate the matter himself. *Id.* "If the answer to the first question is yes and the second question no, the district Court must request counsel." *Pennewell*, 923 3d. at 490 (citing *Walker v. Price*, 900 F.3d 933, 939 (7th Cir. 2018)).

With regard to the second question, the Court must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel. *Pennewell*, 923 3d. at 490 (citing *Pruitt*, 503 F.3d at 655). Because "[c]ompetence and difficulty are intertwined," *Pennewell*, 923 3d. at 490, "[t]he difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* (citing *Walker*, 900 F.3d at 939). The question is not whether the *pro se* litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case. *Id.* This inquiry considers all tasks that normally attend litigation, including evidence-gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial. *Pennewell*, 923 3d. at 491 (citing *Walker*, 900 F.3d at 939). To the extent it is able, the Court must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity,

Boykin v. Sandholm, Not Reported in Fed. Supp. (2020)

Case 1:17-cv-02989-AT   Document 1816-24   Filed 02/06/24   Page 3 of 3

psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case. *Id.* The Court must also consider the complexities of the advanced stages of litigation when the case has moved past the pleading stage. *Pennewell*, 923 3d. at 491 (citing *Perez*, 792 F.3d at 785). A prisoner's transfer to another facility, cases involving a defendant's state of mind, and the existence of complex medical issues may also have bearing on a plaintiff's ability to litigate an action *pro se. Pennewell*, 923 3d. at 491.

**\*2** After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not feasible. The Court explained in two recent decisions why Plaintiff must now proceed *pro se. See Boykin v. Fischer*, Case No. 16 CV 50160 (N.D. Ill.), R. 180, Memorandum Opinion and Order of November 18, 2019, at pgs. 1-3; *Boykin v. Enloe*, Case No. 16 CV 50161 (N.D. Ill.), R. 132, Memorandum Opinion and Order of January 27, 2020, at pgs. 1-3. The number of lawyers available for recruitment is limited. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Time and again, Plaintiff has demonstrated himself unable to conduct himself in a reasonable manner with his *pro bono* attorneys. *See, e.g.,* Case No. 16 CV 50160, R. 114, Order of August 6, 2018, at pgs. 1-2 (citing Plaintiff's "inexcusable and unfounded conflict" with counsel, his defamatory aspersions against them, his warnings that he intended to report them to the State Bar's disciplinary commission, and even threats of bodily harm, and concluding that Plaintiff was "incapable of working with an attorney"); Case No. 16 CV 50161, R. 132 at p. 2 (discussing Plaintiff's "pattern of conflict with recruited *pro bono* counsel").

Furthermore, Plaintiff has shown himself to be a highly savvy and experienced jailhouse lawyer, having litigated some 41 lawsuits in this district since 2012 with a high degree of success. The Court is entirely satisfied that Plaintiff has the wherewithal to navigate this lawsuit on his own, notwithstanding his mental health issues. This matter does not present any complex medical, scientific, or technological issues; Plaintiff can easily testify about the events that gave rise to this lawsuit. While the Court recognizes the obstacles Plaintiff faces in litigating this case on his own, he must live with the consequences of his uncalled-for prior animosity toward the many attorneys who have performed yeoman's work on his behalf.

In response to the Court's Order of January 29, 2020 [R. 99], Defendant has answered the complaint, as directed. Defendant goes on to state that this case does not appear to be covered by the global settlement reached between Plaintiff and IDOC Defendants in July 2019 involving several then-pending cases while this case was on appeal. Defendant additionally reports that the State does not wish to pursue another *Pavey* hearing on the issue of administrative exhaustion. Accordingly, this matter will proceed to the discovery phase. The Hon. Iain Johnston has already set this matter for an initial status/scheduling conference. At the hearing, the parties should be prepared to discuss discovery, the possibility of settlement, and anticipated dispositive motions.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 13816785

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.