# EXHIBIT 26

2008 WL 11429343
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Fort Worth Division.

Larry CHAPMAN, (BOP #95896-071),
v.
UNITED STATES of America

CIVIL ACTION NO. 4:06-CV-426-Y
|
Signed 09/24/2008

**Attorneys and Law Firms**

Larry Chapman, Estill, SC, pro se.

Tami C. Parker, US Attorney's Office, Fort Worth, TX, for United States of America.

ORDER DENYING MOTION TO AMEND
SCHEDULING ORDER and RENEWED MOTION
FOR APPOINTMENT OF COUNSEL, and ORDER
DENYING MOTION TO OBJECT TO MOTION TO
SEAL and AMENDED MOTION FOR COUNSEL

TERRY R. MEANS, UNITED STATES DISTRICT JUDGE

**\*1** Plaintiff Larry Chapman has moved to enlarge the times in the Court's scheduling order, and in that same document renewed his motion for appointment of counsel. Defendant United States of America filed a response to this motion. Chapman has also again argued for appointment of counsel within a separate motion objecting to the sealing of summary-judgment evidence. For the reasons enunciated in the United States's response, and for the reasons set forth here, the Court concludes that Chapman's motion to extend the times in the scheduling order and for appointment of counsel must be denied.

Chapman proceeds in forma pauperis in this action under 28 U.S.C. § 1915. Section 28 U.S.C. § 1915(e)(1) authorizes the Court to *request* counsel to represent an indigent plaintiff, and even though the Court believes that this case meets the common law conditions,[1] it has not been able to locate counsel willing to assume representation of Chapman.[2] That provision does not authorize any funds to compensate counsel, and without funds available, the Court has been

unsuccessful in locating counsel willing to assume the costs and expenses associated with developing the evidentiary record in this case. Thus, the Court must deny the motion for appointment of counsel.

Relatedly, the United States Court of Appeals for the Fifth Circuit has determined that the "plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."[3] In *Pedraza v. Jones,* the court of appeals noted that it could not fault the trial court for not exercising a power it did not possess in refusing to appoint an expert witness to help a pro se inmate create a fact issue to contest defendants summary judgment motion.[4] Under this controlling precedent, Chapman is not entitled to court appointment of an expert under 28 U.S.C. § 1915.

**\*2** As Chapman is not entitled to appointment of counsel or an expert, and as he has access to his own medical records as noted by the United States, the Court concludes that there is no reason to enlarge the provisions of the scheduling order. In the intervening time between Chapman's filing of the motion for enlargement of the scheduling order, the United States has filed a motion for summary judgment. To the extent Chapman may have been awaiting this Court's resolution of the motion for enlargement of scheduling order and renewed request for appointment of counsel, the Court will extend the time for Chapman to respond to the summary judgment motion for thirty days.

Chapman also filed a "Motion to Object to the Motion to Seal the Summary Judgment." But the Court already granted the motion to seal. Thus, Chapman's "motion to object" is moot.

Therefore, Chapman's motion for enlargement of scheduling order and renewed motion for the appointment of counsel [docket no. 41] is DENIED.

Chapman's motion to object to Defendant's motion to seal summary judgment and motion for appointment of counsel [docket no. 57] is DENIED.

Chapman shall have until October 24, 2008, to file a response, brief in support, and any matters in contest to defendant United States's motion for summary judgment in accordance with Federal Rule of Civil Procedure 56.

**All Citations**

Not Reported in Fed. Supp., 2008 WL 11429343

## Footnotes

1    There is no absolute right to an attorney in § 1983 cases, but a motion for appointment of an attorney under §
     1915 may be granted in exceptional circumstances. *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991);
     *Hulsey v. Texas*, 929 F.2d 168,172 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th
     Cir. 1986).

2    The Court has informally contacted different attorneys, experienced in the development and presentation of
     medical negligence cases, to assume representation of Chapman in this matter.

3    *Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir. 1995); *see generally Brown v. Carr,* 236 F.R.D. 311 (S.D. Tex.
     May 22, 2006)("Plaintiff may not expect the Court or defendants to pay for these fees and expenses simply
     because he is an indigent inmate proceeding pro se in this action.")

4    *Pedraza,* 71 F.3d at 196-97; *see also Aguilar v. Garcia,* No. 98-40427, 166 F.3d 341 (5th Cir.
     1998)(recognizing that district court was not authorized to pay expert witness fees for appointment of a
     psychiatric expert)(unpublished); *Walton v. Yates,* Civ. A. No.3:94-CV-2007-D, 1996 WL 734953, at *1 (N.D.
     Tex. Dec. 10, 1996)(recognizing that Fifth Circuit has declined to hold that prison inmates were entitled to
     court-appointed expert witnesses).

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.