# EXHIBIT 27

Case 1:17-cv-02989-AT   Document 1816-27   Filed 02/06/24   Page 2 of 4

Hayes v. Corizon Health Services, Not Reported in Fed. Supp. (2018)
2018 WL 2186438

2018 WL 2186438
Only the Westlaw citation is currently available.
United States District Court, S.D.
Indiana, Terre Haute Division.

Quintero Lawrence HAYES, Plaintiff,
v.
CORIZON HEALTH SERVICES in their official capacity, Samuel Byrd Dr., in his individual and official capacity as the doctor at the Wabash Valley Correctional Facility, Kim Hobson in her individual and official capacity as the supervising nurse of operations at the Wabash Valley Correctional Facility, Dea Ann Gillfillan in her individual and official capacity as a nurse at the Wabash Valley Correctional Facility, Kelly J. Kaiser in her individual and official capacity as a Nurse at the Wabash Valley Correctional Facility, Donna Lockhart in her individual and official capacity as a nurse at Wabash Valley Correctional Facility, Defendants.

No. 2:17-cv-00488-WTL-DLP
|
Signed 05/10/2018

**Attorneys and Law Firms**

Quintero Lawrence Hayes, Carlisle, IN, pro se.

Adriana Katzen, Jeb Adam Crandall, Bleeke Dillon Crandall Attorneys, Indianapolis, IN, for Defendants.

### ENTRY ON PENDING MOTIONS

Hon. William T. Lawrence, Judge

*1 This matter is before the Court for resolution of several motions recently filed by Plaintiff Quintero Lawrence Hayes.

### I. Motion to Amend Complaint

Mr. Hayes's motion for leave to file an amended complaint, Dkt. No. 48, is **granted**. The **clerk is directed** to file the tendered pleading, Dkt. No. 48-1, as the amended complaint. This litigation shall proceed with the amended complaint as the operative pleading in the action.

### II. Screening of Amended Complaint

Because Mr. Hayes is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Hayes are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Obriecht v. Raemisch, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The amended complaint is substantially similar to the original complaint, which alleges that medical assistance was delayed or refused for three days while Mr. Hayes experienced serious medical conditions, including acute kidney failure. A thorough discussion of Mr. Hayes's claims can be found in the Court's entry screening the original complaint, Dkt. No. 10, and need not be reproduced here, as the amended complaint primarily adds factual allegations to support the claims pled in the original complaint.

However, the amended complaint adds Nurse Tara Powers as a defendant. The amended complaint alleges that, before Mr. Hayes began to experience more advanced symptoms of his serious medical conditions, Nurse Powers collected a urine sample for testing, learned of abnormalities in the test results, and failed to alert Mr. Hayes or take other appropriate

Case 1:17-cv-02989-AT   Document 1816-27   Filed 02/06/24   Page 3 of 4

Hayes v. Corizon Health Services, Not Reported in Fed. Supp. (2018)
2018 WL 2186438

action. The amended complaint asserts plausible claims against Nurse Powers for exhibiting deliberate indifference to a serious medical need in violation of Mr. Hayes's Eighth Amendment rights and for medical malpractice and intentional infliction of emotional distress under Indiana law. These claims shall **proceed as submitted**.

The viable claims acknowledged in the Court's screening of the original complaint shall continue to **proceed as submitted**. These include deliberate indifference, medical malpractice, and intentional infliction of emotional distress claims against Dr. Samuel Byrd and Nurses Dea Ann Gilfillan, Kelly Kaiser, and Donna Lockhart; a failure-to-train claim against supervising nurse Kim Hobson; and a practice-or-policy claim against Corizon Health Services.

**\*2** This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Hayes believes that additional claims were alleged in the amended complaint, but not identified by the Court he shall have **through June 15, 2018**, in which to identify those claims.

### III. Service of Process and Further Proceedings

The clerk is **designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Tara Powers in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry. The **clerk is directed** to update the docket to reflect that Ms. Powers has been added as a defendant in this action.

The remaining defendants have already appeared in this matter. Pursuant to Federal Rule of Civil Procedure 12(a)(1), they shall answer the amended complaint **within 21 days** of this entry.

In the absence of a subsequent, contrary order from the Court, this action shall continue to proceed according to the schedule established in the Court's entry of April 9, 2018. *See* Dkt. No. 39. After answering the amended complaint, Mr. Hayes and Nurse Powers shall have 30 days to comply with any component of the scheduling order for which the operative deadline has already passed.

### IV. Motion to Proceed In Forma Pauperis

On April 25, 2018, Mr. Hayes filed documentation of recent activity in his inmate trust account. To the extent Mr. Hayes filed this document as a renewed motion to proceed *in forma pauperis*, his motion, Dkt. No. 49, is **denied as moot**. The Court has already granted Mr. Hayes leave to proceed *in forma pauperis*. *See* Dkt. No. 6.

### V. Motion for Assistance with Recruiting Counsel

Mr. Hayes's motion for assistance with recruiting counsel, Dkt. No. 50, is **granted** to the extent that the Court will attempt to recruit pro bono counsel to represent him in this action. This action shall continue to proceed as directed in the pretrial schedule. If counsel is appointed for Mr. Hayes, a conference will be held to direct the further development of the action.

### VI. Motion for Subpoena

On April 30, 2018, Mr. Hayes filed a request for production of documents directed to the Indiana Department of Correction, which is not a defendant in this action. The Court understands this filing to be a motion asking the Court to issue a subpoena he may use to execute this discovery request consistent with Federal Rule of Civil Procedure 45. Mr. Hayes's motion, Dkt. No. 51, is **granted** insofar as the **clerk is directed** to include an executed (but otherwise blank) subpoena with Mr. Hayes's copy of this entry. Mr. Hayes is responsible for properly serving the subpoena and his discovery request pursuant to Rule 45.

**IT IS SO ORDERED.**

Attachment

## All Citations

Not Reported in Fed. Supp., 2018 WL 2186438

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.