IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., PLAINTIFFS, | ) ) ) ) |
| v. | ) ) Civil Action No. 1:17-CV-2989-A |
| BRAD RAFFENSPERGER, ET AL., DEFENDANTS. | ) ) ) ) ) |

NOTICE OF

PLAINTIFF RICARDO DAVIS' 3rd PROFFER OF EVIDENCE

On January 31, 2024, Plaintiff Ricardo Davis requested to be allowed to present several material witnesses to rebut certain adverse witnesses produced by the Defendants, including Gabriel Sterling, Ryan Germany, Blake Evans, Ben Adidas and Michael Barnes. The witnesses sought to be presented included: Phillip Davis, Suzi Voyles, Robert Coovert, David Cross, and Garland Favorito. None of these rebuttal witnesses were previously disclosed by Plaintiffs in the Pre-Trial Order (Dkt. 1728), adopted by the Court in its Order on Pretrial Issues (Dkt. 1749), as witnesses who would or might be called to testify in this action.[1] Plaintiff Davis asserted that the witnesses could not have been disclosed previously

---

[1] This Court denied Davis' motion to amend the Proposed Pre Trial Order and issued an Order adopting the Proposed Pre Trial Order. (Dkt. 1749)

1

since they were not reasonably expected prior to trial and were being called within the scope of the direct/redirect examinations or for the purpose of impeaching the witnesses. The Court denied Plaintiff's request because the witnesses had not previously been disclosed. At the same time, the Court granted Plaintiff's request to make a proffer of evidence to perfect the record. Plaintiff Davis hereby submits this written proffer to perfect the record of the case.

Plaintiff Davis contends that as a result of the Court's Order, he was denied an opportunity to present evidence at trial, the type of which he has been waiting six years to present, and that such action has substantially decreased his prospects of success in this action. Plaintiff Davis shows that this witness testimony was relevant and material to the issues to be decided at trial, namely whether the current Dominion BMD voting system employed by the State of Georgia infringes upon his right to Equal Protection of Law extended to citizens of Georgia under the 14th Amendment to the United States Constitution, and his fundamental right to vote in violation of the 14th Amendment's guarantee of Due Process to citizens of Georgia. (Dkt. 1728, p. 4).

As a result of this Court's Order (Dkt. 1749), Plaintiff Davis was not allowed to present and elicit certain oral testimony at trial, including the following:

## PHILLIP DAVIS

Plaintiff Ricardo Davis was not allowed to call rebuttal witness Phillip Davis a key fact witness with image analysis expertise whose testimony would rebut Mr. Sterling's testimony that there was 100% certainty that ballots had not been tallied multiple times. [Transcript of Trial Vol. 6A, January 17, 2024, p. 15, l. 20-25] This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. Phillip Davis' testimony was expected to show:

1. Over 4,000 ballots were double scanned and included in Fulton County November 3, 2020 election results.

2. Over 8,000 ballots were double scanned and included in statewide November 3, 2020 election results.

3. Over 1,000 ballots were double copied and included in Chatham County November 3, 2020 election results.

As part of Phillip Davis' testimony, Plaintiff Ricardo Davis would have tendered Phillip Davis' report entitled "Ballot Integrity Analysis; Unveiling Discrepancies and Patterns in Election Data", attached hereto a Exhibit "A".

## DAVID CROSS

Plaintiff Ricardo Davis was not allowed to call rebuttal witness David Cross, a key fact witness whose testimony would rebut the testimony of Mr. Evans who testified that the QR Code ballot rejection problem found in Tennessee likely did not exist in Georgia. [Transcript of Trial Proceedings, January 26, 2024, vol. 13, p. 110, ll. 25 to p.111, ll. 20]  This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. His testimony was expected to show:

1. He gathered official audit logs from scanners in 67 Georgia counties.

2. He determined from review of the logs that the same QR code ballot rejection error occurred repeatedly in 65 of those counties.

3. He verified a letter from the Tennessee Secretary of State recommending that use of the Dominion Democracy Suite 5.5 system be discontinued as a result of that error.

Mr. Cross' key fact witness testimony would also rebut the testimony of Dr. Adida who testified that a Risk Limited audit (RLA) will detect a malicious attack. [Transcript of Trial Proceedings, January 25, 2024, vol. 12, p. 152, ll. 13-18] As part of David Cross' testimony, Plaintiff Ricardo Davis would have tendered State Election Board complaint SEB2023-025, attached hereto as Exhibit "B".

4

Mr. Cross' key fact witness testimony would also rebut the testimony of Dr. Adida who testified that an RLA will detect all issues of discrepancies. [Transcript of Trial Proceedings, January 25, 2024, p. 152, ll. 13-18]  This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. As further part of David Cross' testimony, Plaintiff Ricardo Davis would have tendered Fulton RLA Failure Rate Study (attached hereto as Exhibit "C") and Falsified Fulton Co audit tally sheets (attached hereto as Exhibit "D").

Mr. Cross' testimony and exhibits described above were expected to show:

1. The 2020 Fulton County hand count audit had major discrepancies including a 60% batch error rate, falsified tally sheets, hundreds of duplicate scanned ballots and thousands of duplicate reported ballots
2. That the Fulton County electronic election records were electronically altered in several ways, resulting in a change to election results that was not detected by the audit.

### ROBERT COOVERT

Plaintiff Ricardo Davis was not allowed to call rebuttal witness Robert Coovert, a key fact witness whose testimony would rebut the testimony of Mr. Blake Evans that ProV&V conducted an audit in at least two Georgia counties

5

following the November 3, 2020 election including Spalding and possible Morgan. [Transcript of Trial Proceedings, January 24, 2024, vol. p. 234, ll. 3-17]  As further part of Robert Coovert's testimony, Plaintiff Ricardo Davis would have tendered Morgan County Open Records Request response, attached hereto as Exhibit "E". This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. His testimony was expected to show:

1. ProV&V does not conduct audits.

2. ProV&V only conducts health checks by comparing a hash value from the original Election Management Server installation to a hash value created from the existing Election Management Server installation.

3. Mr. Coovert surveyed all counties alleged to have been visited by ProV&V after the November 2020 election.

4. No county produced any documentation that ProV&V visited the county to conduct any type of health check or audit following the November 3, 2020 General Election.

## SUZI VOYLES

Plaintiff Ricardo Davis was not allowed to call rebuttal witness Suzi Voyles, a key fact witness and former senior Fulton County poll manager. Her testimony would rebut Mr. Germany who testified at trial that Scott Hall filed a false affidavit

6

asserting the existence of duplicate pristine ballots found in the Fulton County hand count audit conducted on November 14, 2020. [Transcript of Trial Proceedings, January 11, 2024, Vol. 3, p. 279, ll. 20-22]  This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought.  Her testimony was expected to show:

1. Four senior poll managers and two audit monitors discovered duplicated counterfeit ballots while tallying the Fulton County 2020 hand count audit conducted on November 14, 2020

2. Scott Hall was an audit monitor on the floor at the time the ballots were discovered

3. Scott Hall sincerely filed an affidavit along with five others, including Mrs. Voyles, who witnessed the duplicated counterfeit ballots

## GARLAND FAVORITO

Plaintiff Ricardo Davis was not allowed to call rebuttal witness Garland Favorito, a key fact witness whose testimony would rebut the defense witnesses as noted below. This testimony is within the scope of issues set for trial and consistent with the relief Plaintiffs have always sought. His testimony was expected to rebut:

1. Ryan Germany's testimony that the SAFE Commission considered all voting system options cannot be true since the Commission did not seriously consider a Ballot on Demand option and did not publish any evaluation of that option. [Transcript of Trial Proceedings, January 23, 2024, vol. 10A, p.107, l.23 – p.108, l.14] As part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered the VoterGA SAFE Commission Recommendations, attached hereto as Exhibit "F". As further part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered VoterGA SAFE Commission presentation dated December 12, 2018, attached hereto as Exhibit "G".]

2. Ryan Germany's testimony that Scott Hall filed a false affidavit about the existence of pristine, unfolded, ballots. [Transcript of Trial Proceedings, January 11, 2024, vol. 3, p.279, ll.20-22]

3. Joseph Kirk's testimony that the Secretary of State's department does not have time to put in Ballot on Demand printers. [[Transcript of Trial Proceedings, January 26, 2024, Vol. 13, p.161, ll.9-16] Garland Favorito would have testified that Kirk's statement cannot be true since the current Dominion BMD voting system was procured and implemented in 10 months and the previous complete DRE voting system was implemented six months.

4.      Francis Watson's testimony that she had no reason to believe Mr. Germany's December 10, 2020, email to her, in which he claimed Coffee County Board of Election member Eric Chaney made false statements that they received no help from the SOS office, was inaccurate.  [Transcript of Trial Proceedings, January 18, 2024, vol. 7B, p.39, ll.9-16]  Mr. Favorito would have testified that Eric Chaney's statements were not false since calls for forensic audits of Coffee, Ware and other county servers over Dominion system counting problems had started weeks earlier. He would further have testified that the lawsuit <u>Pearson v. Kemp</u> was filed on November 25, 2020, seeking a forensic audit as relief.

5.      Frances Watson's testimony that Coffee County machine recount problem in the November 3, 2020 General Election was due to batches of ballots not being separated properly.  [Transcript of Trial Proceedings, January 18, 2024, vol. 7B, p.80, ll.5-9] Mr. Favorito would have testified that the claim cannot be true, and that changing the size of the batches as a means to change vote count was technically infeasible, and would have not had any effect on whether or not the voting system counts correctly.

6.      Ben Adida's testimony that Georgia was the first state to implement a statewide Risk Limiting Audit. [[Transcript of Trial Proceedings, January 25, 2024, vol. 12, p.154, ll.15-17]  Mr. Favorito would have testified this claim is not true since Georgia's audit of the November 3, 2020 General Election was a full hand

9

count audit, rather than an RLA. As further part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered the VoterGA study entitled *Unresolved Security BMD Security Threats*, attached hereto as Exhibit "H".

7. Ben Adida's testimony that a RLA can detect a malicious attack. [Transcript of Trial Proceedings, January 25, 2024, vol. 12, p.152, ll.13-18] Mr. Favorito would have testified that the Fulton County November 3, 2020 General Election's digital ballot images were electronically altered prior to certification. Malicious attacks occurred and were not detectable by the 2020 Fulton County hand count audit.

8. Blake Evans' testimony that a 20,000 vote drop for a U.S. Senate candidate in the 2022 General Election, was attributable to a county uploading an older interim results election file. [Transcript of Trial Proceedings, January 26, 2024, vol. 13, p.19, ll.6-9] Mr. Favorito would have testified that the results of all candidates were reported together, and that results for the other candidates went up during the same period indicating the anomaly was isolated to one candidate. As part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered the Georgia Public Broadcasting May 24, 2022 Election Night Twitter feed snapshot for the four minute period in question, attached hereto as Exhibit "I".

9. Michael Barnes' testimony that the May 24, 2022 DeKalb Co. District 2 Commission primary counting error where the Dominion BMD System selected the wrong winners was solely due to *"human error."* [Transcript of Trial Proceedings, January 25, 2024, vol. 12, p.43, ll.2-4] Mr. Favorito's testimony would have shown that human error could not explain why the Dominion BMD system failed to tabulate another 1805 votes, and samples of audit logs showed a ballot rejection problem triggered by a QR code mismatch error as the actual problem.

10. Gabriel Sterling's testimony that the Secretary had no reports of a vote flip happening anywhere in America. [Transcript of Trial Proceedings, January 16, 2024, vol. 5A, p.199, ll.4-5] Mr. Favorito would have testified that the 2020 hand count audit determined that the Dominion BMD system components did produce a vote flip in the Ware County 2020 General Election. As part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered publicly published official Ware County 2020 original election results and hand count audit results, attached hereto as Exhibit "J".

11. Gabriel Sterling's testimony that in any ten-year period the BMD system is cheaper than using hand marked paper ballot. [Transcript of Trial Proceedings, January 31, 2024, vol. 16B, p.95, ll.8-11] Mr. Favorito would have testified that a VoterGA cost study produced prior to purchasing the Dominion BMD System

11

showed that Hand Marked Paper Ballot option was significantly cheaper in both the initial purchase and ongoing maintenance expenses that are incurred by the counties.  As part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered the VoterGA study, attached hereto as Exhibit "K".

12. Gabriel Sterling's testimony that opinions, claiming the Dominion BMD Democracy Suite 5.5 voting system is secure, are based on the work of the election team and outside inputs.  [Transcript of Trial Proceedings, January 16, 2024, vol. 5A, p.152, ll.7-16]  Mr. Favorito would have testified that the election team has no one responsible for cybersecurity and an outside forensic analysis conducted on the Mesa County Colorado Dominion Democracy Suite 5.5 shows that the Democracy Suite 5.5 system is installed with uncertified software that can manipulate election databases and is installed to be accessed remotely in many different ways.  As part of Garland Favorito's testimony, Plaintiff Ricardo Davis would have tendered the Mesa Voting System Security Report, attached hereto as Exhibit "L".

13.  Kevin Skoglund's testimony that the Coffee Co breach was the largest voting system breach in history.  [Transcript of Trial Proceedings, vol. 9, January 22, 2024, p.32, ll.5-8]  Mr. Favorito would have testified that the 2017 KSU security incident left the election system exposed considerably longer and across many more counties.  As part of Garland Favorito's testimony, Plaintiff Ricardo

Davis would have tendered the VoterGA Election Data Destruction Audit, attached hereto as Exhibit "M".

This proffer is made in good faith to preserve Plaintiff Davis' rights in the event of an appeal.

Respectfully submitted this the 7th day of February, 2024.

**OLES LAW GROUP**

/s/*David E. Oles*

David E. Oles, Esq.
Attorney for Plaintiff Ricardo Davis
GA Bar No. 551544
5755 North Point Pkwy, Ste. 25
Alpharetta, GA 30022
(770) 753-9995
firm@deoleslaw.com

## CERTIFICATION

Pursuant to Local Rule 5.1, the foregoing document has been prepared with Times New Roman 14 point font. I have served a copy of the document on all counsel of record on the date listed below via CM/ECF system, which provides a service copy to all attorneys of record.

This 7th day of February, 2024.

**OLES LAW GROUP**

/s/ *David E. Oles*
David E. Oles
GA Bar No. 551544

13

## EXHIBITS

Ex A -Ballot Integrity Analysis.pdf

Ex B -2023-025-Counting-Complaint.pdf

Ex C -Fulton Co RLA Failure Rate.pdf

Ex D -Fulton-Co-falsified-tally-sheets-11-3-2020-election.pdf

Ex E -County and SOS No Audit Replies.pdf

Ex F - VoterGA SAFE Commission Report with Appendices.pdf

Ex G - SAFE Commission Presentation.pdf

Ex H - Unresolved BMD Security Threats.pdf

Ex I - GPB Senate Race Vote Decrease.png

Ex J - Ware Co 2020 Election Results Flip.pdf

Ex K - Georgia Voting System Cost Overview.pdf

Ex L – Mesa County Forensic Report

Ex M – Georgia Elections Data Destruction Audit Report