# EXHIBIT A

# Defendants' Opening Statement



*Curling v. Raffensperger*

Case No. 1:17-cv-2989-AT

# No evidence of malware altering elections

| Equipment | Results |
| --- | --- |
| AccuVote TSX DREs | No evidence of malware. |
| GEMS Databases | No evidence of malware. |
| Dominion ICX BMDs | No evidence of malware. |
| Coffee County election equipment | No evidence of malware. |

# Vulnerabilities are not compromises

> Scientists say no credible evidence of computer fraud in the 2020 election outcome, but policymakers must work with experts to improve confidence
>
> 16 November 2020
>
> We are specialists in election security, having studied the security of voting machines, voting systems, and technology used for government elections for decades.

> The presence of security weaknesses in election infrastructure does not by itself tell us that any election has actually been compromised. Technical, physical, and procedural safeguards complicate the task of maliciously exploiting election systems, as does monitoring of likely adversaries by law enforcement and the intelligence community. Altering an election outcome involves more than simply the existence of a technical vulnerability.

Defs' Trial Ex. 67

# Anderson-Burdick

We evaluate that claim under what is known as the *Anderson-Burdick* test, **weighing "the character and magnitude of the asserted injury" to voting rights "against the precise interests put forward by the State as justifications for the burden imposed by its rule."** *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S. Ct. 2059, 119 L. Ed. 2d 245 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S. Ct. 1564, 75 L. Ed. 2d 547 (1983) (internal quotation marks omitted)).

*Curling v. Raffensperger*, 50 F.4th 1114, 1122 (11th Cir. 2022) (emphasis added)

# Anderson-Burdick

If we conclude that the State's policy imposes a severe burden on the right to vote, we subject the policy to strict scrutiny—meaning that the rule survives only if it is narrowly tailored to serve a compelling state interest. *New Georgia Project*, 976 F.3d at 1280. When the burden is more modest, though, so is the inquiry. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 452, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008). So long as a policy is "reasonable and nondiscriminatory," the State's "important regulatory interests in conducting orderly elections" will generally be enough to justify it. *Grizzle v. Kemp*, 634 F.3d 1314, 1322 (11th Cir. 2011) (quotations omitted); *Indep. Party of Florida v. Sec'y, State of Florida*, 967 F.3d 1277, 1281 (11th Cir. 2020) (quotation omitted). **That examination offers no license for "second-guessing and interfering with" state decisions; the Constitution charges States, not federal courts, with designing election rules.** *New Georgia Project*, 976 F.3d at 1284.

*Curling v. Raffensperger*, 50 F.4th 1114, 1122 (11th Cir. 2022) (emphasis added)