## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONNA CURLING, ET AL.,** | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:17-CV-2989-A** |
| | ) | |
| **BRAD RAFFENSPERGER, ET AL.,** | ) | |
| **DEFENDANTS.** | ) | |

## NOTICE OF CHANGE IN LAW

Now comes Petitioner Ricardo Davis providing notice to the court of changes to the Official Code Georgia Annotated passed by the Georgia General Assembly in the 2024 legislative session and signed into law by the Governor of the State of Georgia.  The Georgia General Assembly passed five election-related bills during the 2024 session that began on January 8, 2024 and ended on March 28, 2024 at midnight.

A. <u>Summary of Changes to the Law</u>

Plaintiff Davis believes the changes provide no substantial relief in the critical 2024 General Election for most claims of Mr. Davis.  Provisions from the two of the election bills have no bearing on the claims brought by Mr. Davis and the other three bills do not satisfy any aspect of the relief requested by Mr. Davis for the upcoming 2024 election. Even if all provisions were signed into law by the

Governor immediately, Georgia would still conduct the election on the Dominion BMD system which Mr. Davis has argued is constitutionally deficient.

SB189 addresses an issue in this Court's findings in its October 2020 Order that the current Dominion Voting System is in violation of Georgia laws. The bill adds additional language to Georgia law that only the human readable text of a ballot can be tabulated for election results. However, upon request of the office of the Secretary of State, it will not become effective until July of 2026. Thus, after already waiting four years, Mr. Davis and other Plaintiffs in this case would get no Constitutional relief from the provision in any election held in 2024 or 2025. Mr. Davis continues to plead to the court to uphold his request for relief as the only remedy left for himself, his fellow Plaintiffs and Georgia voters to cast their votes on a constitutionally deficient system that many Georgia voters do not trust, nor are they trusted by the voting rights groups to which the Plaintiffs in this matter belong.

SB189 provides language to make physical ballots public record so that secret machine counted election results can be verified by the public and any counterfeit ballots unlawfully injected into the election can be detected. This provision would satisfy the relief sought by Mr. Davis to make physical ballots public record through Georgia Open Records Request law.

HB974 will increase the number of Risk Limiting Audits (RLA) conducted during an election while gradually reducing the risk limit over a period of years. However, the court has heard extensive testimony for years from the inventor of the RLA process, Dr. Phillip Stark, who explained that his audit process is meaningless for Ballot Marking Service (BMD) systems.  Even the state's own expert, Dr. Juan Gilbert, admitted that a RLA cannot audit what a BMD displays to the voter.  Thus, nothing in HB974 addresses the issues identified by either Dr. Stark or Dr. Gilbert, or the inadequacy of Georgia's audit processes as Mr. Davis has argued.  Therefore, Mr. Davis requests that the court confirm the facts heard in this case by declaring Georgia's audit processes wholly inadequate and requiring that elections be hand counted to ensure the accuracy of the results.

HB974 also provides for scanned ballot images to be placed online, however, the images cannot be trusted to verify electronic results or detect counterfeit ballots.  The court may recall that Mr. Davis presented evidence that the metadata associated with the electronic ballot images indicated that numerous images had been altered prior to certification.   Mr. Davis presented corroborating evidence from Dr. Stark and a VoterGA study showing a 17,000 vote discrepancy between the number of scanned mail-in ballot images and mail-in votes reported. The state's own expert, Dr. Juan Gilbert, admitted that a digital ballot image cannot be secured and the VoterGA report submitted by Mr. Davis provided evidence that

most of the 147,000 mail-in ballots cast were electronically altered prior to certification. Therefore, this provision has no substantive impact on the deficiencies underlying the claims for relief made by Mr. Davis.

The visible watermark feature that would be added to Georgia ballots by HB974 is a ballot security improvement but not substantively related to the claims of Mr. Davis, nor are the other two election bills passed, SB212 and HB1207.

SB212 gradually phases out election duties of probate judges by requiring the counties who do not have a County Election Board to implement a board that will oversee election duties for the county.   This provision would not be related to any issues in this case.

HB1207 requires election workers to be U.S. citizens, provides additional protection for poll workers and poll watchers, allows poll watchers more meaningful access to observe election processes, and other matters all of which do not have a material bearing on any issue in this case.

Thus, while the legislature made some election-related improvements, none of the 2024 signed legislation addresses the deficiencies identified by Mr. Davis in his testimony, evidence and claims at trial.

Respectfully submitted this the 2nd day of June, 2024.

**OLES LAW GROUP**

/s/*David E. Oles*

David E. Oles, Esq.
Attorney for Plaintiff Ricardo Davis
GA Bar No. 551544
5755 North Point Pkwy, Ste. 25
Alpharetta, GA 30022
(770) 753-9995
firm@deoleslaw.com

## **CERTIFICATION**

Pursuant to Local Rule 5.1, the foregoing document has been prepared with Times New Roman 14 point font.  I have served a copy of the document on all counsel of record on the date listed below via CM/ECF system, which provides a service copy to all attorneys of record.

This 2nd day of June, 2024.

**OLES LAW GROUP**

*/s/ David E. Oles*
David E. Oles
GA Bar No. 551544