IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, *et al.* *Plaintiffs,* v. BRAD RAFFENSPERGER, *et al.*, *Defendants.* | CIVIL ACTION FILE NO. 1:17-cv-02989-AT |

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of State Defendants' arguments on Plaintiffs' standing, *see, e.g.*, [Doc. 1848, pp. 94–112], State Defendants respectfully submit the attached ruling by the United States Supreme Court. In a unanimous opinion, the Supreme Court determined that doctors (individually) and medical associations (as organizations) lacked standing to challenge decisions by the Food and Drug Administration related to mifepristone in *Food and Drug Administration, et al. v. Alliance for Hippocratic Medicine, et al.*, Case No. 23-235 (June 13, 2024) (attached as Exhibit A).

*Alliance for Hippocratic Medicine* involved an effort by medical associations and individual doctors to require the FDA to rescind its approval of mifepristone or to rescind regulatory actions it took in 2016 and 2021. Writing for a unanimous Court, Justice Kavanaugh explained that federal

1

courts do not "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Ex. A, p. 10[1] (quoting *Allen v. Wright*, 468 U. S. 737, 760 (1984)). And "courts do not opine on legal issues in response to citizens who might 'roam the country in search of governmental wrongdoing.'" *Id.* (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U. S. 464, 487 (1982)). Further, "the standing requirement means that the federal courts may never need to decide some contested legal questions: 'Our system of government leaves many crucial decisions to the political processes,' where democratic debate can occur and a wide variety of interests and views can be weighed." *Id.*, p. 11 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U. S. 208, 227 (1974)).

For the claimed injury of the individual plaintiffs, the Court explained that "Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." *Id.*, p. 13. The Constitution "does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or other federal law." *Id.*

---

[1] Citations are to the PDF pages of the Exhibit marked in blue at the top of each page.

In addition to injury, "the causation requirement screens out plaintiffs who were not injured by the defendant's action. Without the causation requirement, courts would be 'virtually continuing monitors of the wisdom and soundness' of government action." *Id.*, p. 15 (quoting *Allen*, 468 U. S. at 760). Thus, "to establish causation, the plaintiff must show a predictable chain of events leading from the government action to the asserted injury—in other words, that the government action has caused or likely will cause injury in fact to the plaintiff." *Id.*, p. 16.

Like the plaintiff doctors in *Alliance for Hippocratic Medicine*, none of the Plaintiffs in this case have established an injury that is personal to them or that is causally connected to any action of Defendants. Thus, like the plaintiff doctors, Plaintiffs do not have standing to bring the claims in this case because they lack an imminent concrete injury. This Court should not create a path where "virtually every citizen ha[s] standing to challenge virtually every government action that they do not like—an approach to standing that [the Supreme] Court has consistently rejected as flatly inconsistent with Article III." *Id.*, p. 24.

The opinion also addressed organizational standing. The medical associations claimed they had an injury to themselves because of an impairment of their organizational mission and because they incurred costs to

3

oppose the FDA's actions. *Id.*, pp. 25–26. Their spending included advocacy and public education "to the detriment of other spending priorities." *Id.*, p. 26.

The unanimous decision concluded that "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *Id*. Relying on diversion of resources on those facts for an organizational injury was improper, because "that theory would mean that all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies." *Id*. Thus, the evidence from the medical associations is identical to the evidence presented by the Coalition for Good Governance in this case, where its only injury is diversion of resources caused by spending on this litigation and its own educational efforts that are consistent with its mission.

The decision from the Supreme Court confirms once again that all remaining claims in this case should be dismissed for lack of standing.

Respectfully submitted this 13th day of June, 2024.

| | |
|---|---|
| Vincent R. Russo<br>Georgia Bar No. 242628<br>vrusso@robbinsfirm.com<br>Josh Belinfante<br>Georgia Bar No. 047399<br>jbelinfante@robbinsfirm.com | */s/Bryan P. Tyson*<br>Bryan P. Tyson<br>Georgia Bar No. 515411<br>btyson@taylorenglish.com<br>Diane F. LaRoss<br>Georgia Bar No. 430830 |

Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Edward A. Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
**Robbins Ross Alloy Belinfante Littlefield LLC**
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson