**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DONNA CURLING, *et al.*,
    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, *et al.*,
    *Defendants.*

Civil Action No. 1:17-CV-2989-AT

**DEFENDANTS' RESPONSE TO PLAINTIFF DAVIS'S NOTICE OF
CHANGE IN LAW**

The Georgia General Assembly adopted several new provisions of
Georgia law that the Governor signed following the conclusion of the 2024
regular legislative session. That session concluded after the trial on this case
was complete. Plaintiff Davis provided his views on several pieces of legislation
at [Doc. 1849], without including all necessary context, as discussed below. For
the Court's benefit, Defendants attach the language of each bill as an Exhibit
to this filing.

## I.    Response to Plaintiff Davis's comments on SB 189.

Senate Bill 189, attached as Ex. A, made a number of changes to Georgia
law that are unrelated to the use of the Dominion BMDs. But several sections
of the bill could be related to Plaintiffs' claims and were not discussed by
Plaintiff Davis.

1

Section 6 provides, for the first time, that counties can use hand-marked paper ballots for certain special elections with small numbers of voters. This provision will go into effect on January 1, 2025. Ex. A, § 6. The legislation makes the text portion of the paper ballot printed by a BMD "the official vote for purposes of vote tabulation" and for any audit. Ex. A, § 7. This section also eliminates QR Codes in Georgia elections starting in 2026. Both the official vote section and the elimination of QR Code provisions become effective on July 1, 2026.[1] Ex. A, § 7.

Turning to scanned ballot images, the law creates a process for providing scanned ballot images after January 1, 2025 at no less than 600 dots per inch in response to a specific open records request and to allow county superintendents to access ballots to create higher-resolution scans if needed. Ex. A, § 10. Section 11 requires the Secretary of State to create a pilot program to audit ballot images that verify the human-readable part of the ballot only. Ex. A, § 11. This section goes into effect on July 1, 2024. Given the constraints of a presidential election year, no pilot program has yet been created.

While Plaintiff Davis claims that these changes will not result in relief for 2024, there was no evidence at trial that any relief could be implemented for the 2024 elections. If anything, SB 189 demonstrates that the General

---

[1] Plaintiff Davis claims, without citation, that this date was set at the request of the Secretary's office.

Assembly is fulfilling its role in the election system—using the political process to "make crucial decisions." *FDA v. All. for Hippocratic Med.*, U.S. Case No. 23-235 (June 13, 2024) slip op. [Doc. 1850-1] at 11 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U. S. 208, 227 (1974)).

## II.    Response to Plaintiff Davis's comments on HB 974.

House Bill 974, attached as Ex. B, also makes changes to Georgia election law that are unrelated to the claims in this case. Those include adding watermarks and security paper. Ex. B, §§ 1–2. As Plaintiff Davis correctly identifies, the legislature added audit requirements, including adding minimum risk limits and multiple contests to be audited. Ex. B, § 5. The legislation also clarified that county officials can conduct additional audits if they so choose. *Id*. The legislation also set minimum requirements related to scanned ballot images, which is no longer a part of this litigation. Ex. B, §§ 3–4, 6.

## CONCLUSION

Mr. Davis believes that these election-law changes ultimately do not affect his claims. But they demonstrate clearly that Georgia's elected officials are "weighing the costs and benefits of various procedures" related to elections. *Curling v. Raffensperger*, 50 F.4th 1114, 1126 (11th Cir. 2022). The changes demonstrate that the Georgia General Assembly is the proper forum for

hearing Plaintiffs' policy disagreements about the election system and this

Court should dismiss the entirety of Plaintiffs' claims.

Respectfully submitted this 17th day of June, 2024.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Edward A. Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Ross Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendants*

4

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has

been prepared in accordance with the font type and margin requirements of

LR 5.1, using font type of Century Schoolbook and a point size of 13.

*/s/ Bryan P. Tyson*
Bryan P. Tyson