# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DONNA CURLING, *et al.*,

     *Plaintiffs*,

v.

BRAD RAFFENSPERGER, *et al.*,

     *Defendants*.

CIVIL ACTION

FILE NO. 1:17-cv-2989-AT

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO COURT'S ORDER ON MOTIONS FOR INTERIM ATTORNEYS' FEES

On December 6, 2024, this Court notified the parties that it would defer ruling on Plaintiffs' Motions for Interim Attorneys' Fees until the U.S. Supreme Court ruled in the case of *Lackey v. Stinnie*, No. 23-621 (cert. granted April 22, 2024; argued Oct. 8, 2024). [Doc. 1860]. The Court further required the parties to inform the Court within five days after that decision was issued whether they believe supplemental briefing is needed. *Id.*

On February 25, 2025, the Supreme Court released its opinion in the *Lackey v. Stinnie* case, attached as Ex. A. In that 7-2 decision, the Supreme Court clarified that a "prevailing party . . . is 'the party *ultimately prevailing* when the matter is *finally* set at rest.'" Ex. A at 6 (quoting Black's Law Dictionary 1352) (emphasis added). The Court further explained that "[b]ecause preliminary injunctions do not conclusively resolve the rights of

parties on the merits, *they do not confer prevailing party status*. A plaintiff who secures a preliminary injunction has achieved only temporary success at an intermediary 'stage[] of the suit.'" *Id*. at 7 (quoting Black's Law Dictionary 1352) (emphasis added).

Because the 2019 injunction this Court entered did not "conclusively resolve[] [Plaintiffs'] claim by granting enduring judicial relief on the merits that alters the legal relationship between the parties," *id*. at 9, Plaintiffs are not and cannot be prevailing parties for purposes of 42 U.S.C. § 1988 based on the entry of that injunction. At this point in the case, Plaintiffs have not obtained a "change in legal relationships" that is "judicially sanctioned and enduring." Ex. A at 8. Further, the mere fact that the State is no longer using DREs does not mean that Plaintiffs are prevailing parties "simply because external events convert the transient event into a lasting one."[1] Ex. A at 9.

---

[1] While not directly relevant to the interim fee motions, under *Stinnie*, Plaintiffs also can *never* be prevailing parties as a result of the 2019 preliminary injunction. The 2019 injunction was based on counts of both Plaintiffs' complaints that this Court later dismissed as moot due to actions of the State. *See* [Doc. 1705 at 109] (dismissing the DRE claims based on "the State fully transitioning to a new voting system"). As a result, the Curling and Coalition Plaintiffs are in the same position as the drivers in *Stinnie*, where the Virginia General Assembly repealed the challenged law after entry of the preliminary injunction and the case was dismissed. Ex. A at 3. Because "external events that render a dispute moot do not convert a temporary order . . . into a conclusive adjudication of their rights," *id*. at 7, the Supreme Court's decision found the drivers could *never* obtain fees because they never obtained a final order on the merits before the legislature repealed the challenged law. The same rule applies directly here: Curling and Coalition Plaintiffs can never

Only if this Court "conclusively resolves" Plaintiffs remaining BMD-based claims "by granting enduring relief on the merits that alters the legal relationship between the parties"—and does so with a "change in relationship" and the "permanence" of that change results "from a judicial order"—could Plaintiffs become prevailing parties for purposes of Section 1988. Ex. A at 13. Thus, based on the decision in *Stinnie*, this Court must deny the interim motions, [Docs. 967, 998], and can only award fees on the remaining BMD claims if Plaintiffs ultimately prevail at trial. There is no basis to award any interim fees and to do so would be error.

Further, because the Supreme Court provided a bright-line rule that applies directly to Plaintiffs' efforts to obtain fees for the 2019 injunction, Defendants do not believe any supplemental briefing on the attorney-fee issue is needed. Defendants consulted with Plaintiffs on their position on the impact of *Stinnie* and additional briefing and requested an answer by yesterday evening. Plaintiffs are still considering their position. If this Court ultimately

---

receive fees for the 2019 preliminary injunction because it was based on claims that later became moot based on state actions before Plaintiffs obtained a final judgment. Because Plaintiffs "must succeed on the merits," *id*., of a claim to obtain fees and they did not do so on the counts of their complaints on which the 2019 injunction was entered, they can never be awarded fees for that injunction.

determines that briefing is necessary, Defendants believe that a single simultaneous filing of a 10-page brief from each side would suffice.

Respectfully submitted this 28th day of February, 2025.

Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
Clark Hill PLC
3630 Peachtree Road NE
Suite 550

Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Response has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this Response has been prepared using 13-pt Century Schoolbook font.


*/s/ Bryan P. Tyson*
Bryan P. Tyson