IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, ET AL., <br><br> Defendants. | Civil Action No. 1:17-CV-2989-AT |

**COALITION PLAINTIFFS' RESPONSE TO COURT ORDER ON THE
*LACKEY v. STINNIE* OPINION**

In response to this Court's December 6, 2024 Order (Doc. 1860), the Coalition Plaintiffs inform the Court that they believe supplemental briefing may be beneficial to address the Supreme Court's decision in *Lackey v. Stinnie,* No. 23-621 (S. Ct. Feb. 25, 2025). Coalition Plaintiffs agree with the State Defendants that the initial briefs should be limited to ten pages and filed simultaneously. Coalition Plaintiffs suggest these simultaneous briefs should be due 20 days after the Court orders briefing. Further, Coalition Plaintiffs request that the parties also be granted leave to file simultaneous reply briefs, not to exceed five pages, due seven days after the initial briefs are filed.

Since Coalition Plaintiffs anticipate filing substantive briefing on the *Lackey* case under this proposed schedule, Coalition Plaintiffs will not respond fully here to the arguments in the State Defendant's Notice of Additional Authority (Doc. 1861). As Coalition Plaintiffs will explain in greater detail, the *Lackey* decision does not preclude the Court from granting Plaintiffs attorney's fees for the DRE portion of the case under Section 1988. To the contrary: Plaintiffs are entitled to fees under the *Lackey* decision itself because they obtained the requisite "conclusive, enduring judicial relief" described in *Lackey* when this Court enjoined Defendants from using DREs after 2019 and required additional relief Coalition Plaintiffs sought.

Much of Defendants' *Lackey* argument is simply a repackaging of their meritless pre-*Lackey* position that the enduring quality of Plaintiffs' success came from the Legislature, and not the Court. Coalition Plaintiffs refuted this argument in their January 21, 2020 Reply Brief in Support of the Motion for Fees:

> The passage of HB 316 does not affect Plaintiffs' prevailing party status. Most importantly, HB 316 did not direct the State Defendants to stop using DREs. Instead, HB 316 authorized the purchase of a new system and left it to the Defendants to determine when the new system might be deemed "safe and practicable for use." O.C.G.A. § 21–2–300(a)(2). Further, the lengthy injunction entered by this Court goes far beyond anything HB 316 required by requiring a back-up plan using hand marked paper ballots and addressing a pilot program,

2

> electronic pollbooks, provisional ballots, audit procedures, and errors in the voter registration database. *Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1410–11 (N.D. Ga. 2019).

(Doc. 705 at 4-5)[1] (footnotes omitted).

In *Lackey,* unlike in this case, it was conceded that legislation mooted the case by making a return to the pre-injunction status quo impossible. In other words, because action by the legislature, not action by the court, is what granted them enduring relief, the plaintiffs in *Lackey* were not entitled to fees as "prevailing parties" in court. In this case, by contrast, Plaintiffs obtained enduring relief by virtue of this Court's 2019 injunction, not HB 316. The Court's 2019 order required Defendants to take actions that HB 316 did not require, and the Defendants complied with the order without appealing it. The enduring relief Plaintiffs obtained—pilot testing of BMDs in key voting locations, statewide voter registration system modifications, and a permanent (not temporary) statewide prohibition on the use of DREs—was relief "judicially sanctioned" by this Court, not mandated by HB 316. Plaintiffs are thus plainly entitled to fees for prevailing in this Court under the very standard articulated by *Lackey*. Slip. Op. at 9.

---

[1] Citations are to PACER-stamped pagination.

The Court in *Lackey* acknowledged that "attorney's fees may be awarded when conclusive, enduring judicial relief is meted on an incremental basis" during the course of protracted litigation. Slip Op. at 12. That is exactly what happened here. The Court's 2019 Order granted enduring, judicially sanctioned, substantial relief. As Justice Scalia confirmed in his concurring opinion in *Buckhannon,* a defendant's decision "to capitulate before final judgment" does not preclude Plaintiffs from recovering fees. *Buckhannon Rd. & Care Home v. W.Va. Dep't of Health & Human Res.,* 532 U.S. 598, 616-17 (2001) (Scalia, J. concurring).

The lack of a formally labeled final judgment does not preclude the Court from granting fees for the DRE portion of the case where the Court's order provided enduring relief in substance. Nor does the Court's non-final dismissal of the DRE claims for mootness after Plaintiffs prevailed and Defendants acquiesced to that victory. First, as noted above, the Supreme Court in *Lackey* made clear that, so long has the plaintiff has obtained "conclusive, enduring judicial relief," a formally designated final judgment is *not* a prerequisite to prevailing-party status for purposes of the granting of attorney's fees. Slip Op. at 12 (citing *Hanrahan v. Hampton,* 446 U.S. 754, 756 (1980)). Second, the Court even now continues to have discretion and authority to reconsider its dismissal of the DRE claims, sever them, grant

4

final judgment on the severed claims, and then grant the fee motion, as Plaintiffs requested in October 2021. (Doc. 1182). Third, since the rest of the case has by now been tried, the Court can of course also decide now simply to enter final judgment on all of the claims in the case, including the DRE claims that are the subject of Plaintiffs' 2020 motions for fees.

*Lackey* does not bear on fees awarded after a final judgment. Due to the significant passage of time since Plaintiffs moved four and a half years ago for an interim award of their fees, strong considerations of fairness and due process may now favor entry of a final judgment on all claims together. Coalition Plaintiffs have only highlighted these issues here and will address them, as well as *Lackey* itself, in greater detail in the requested briefing.

Respectfully submitted this 3rd day of March, 2025.

| | |
|---|---|
| */s/ Bruce P. Brown* | */s/ Robert A. McGuire, III* |
| Bruce P. Brown | Robert A. McGuire, III |
| Georgia Bar No. 064460 | Admitted Pro Hac Vice |
| BRUCE P. BROWN LAW LLC |  (ECF No. 125) |
| 1123 Zonolite Rd. NE | ROBERT MCGUIRE LAW FIRM |
| Suite 6 | 113 Cherry St. #86685 |
| Atlanta, Georgia 30306 | Seattle, Washington 98104-2205 |
| (404) 386-6856 | (253) 267-8530 |
| | |
| *Counsel for Coalition for Good Governance, William Digges III, Laura Digges, and Megan Missett* | *Counsel for Coalition for Good Governance* |

*/s/ Cary Ichter*
Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, Ricardo Davis & Megan Missett*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA CURLING, ET AL.,<br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, ET AL.,<br>Defendants. | Civil Action No. 1:17-CV-2989-AT |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that (a) pursuant to LR 7.1(D), the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Century Schoolbook and a point size of 13 and (b) a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

This 3rd of March, 2025.

/s/ *Bruce P. Brown*
Bruce P. Brown