IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

**ORDER**

Before the Court are Plaintiffs' Motions for Interim Attorney's Fees. [Docs. 595, 596, as amended by Docs. 1686, 1687, 1688]. As explained below, under the Supreme Court's recent decision in *Lackey v. Stinnie*, 145 S. Ct. 659 (2025), Plaintiffs' motions must be **DENIED**.

**I.   Background**

    **A.   Procedural Timeline**

When this lawsuit was first filed in 2017, Plaintiffs challenged the constitutionality of Georgia's Direct Recording Electronic ("DRE") system, the electronic voting system then used for in-person voting in Georgia. *See* (Compl., Doc. 1-2). In April 2019, Georgia began replacing the DRE system by enacting House Bill 316 ("HB 316"), which, among other things, called for the state to implement a new ballot marking device system "[a]s soon as possible, once such

equipment is certified by the Secretary of State as safe and practicable for use." O.C.G.A. § 21-2-300(a).

In May and June 2019, Plaintiffs moved for preliminary injunctions barring Georgia's use of the DRE system. *See* (Curling May 2019 PI Mtn., Doc. 387 at 22–24); (CGG June 2019 PI Motion, Doc. 419 at 2).

In July 2019, the Secretary of State awarded Dominion Voting Systems the contract for the new voting system under HB 316. *See* (Dominion Contract, Curling Pls. Ex. 47); (Trial Tr. Vol. 5A, Doc. 1836 at 235:16–21 (Sterling)). The Dominion ballot marking device voting system (the "BMD system") was selected to replace the DRE system for in-person voting in all Georgia elections.

One month later, on August 15, 2019, the Court granted in part and denied in part Plaintiffs' preliminary injunction motions. *Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1412 (N.D. Ga. 2019). The August 2019 Preliminary Injunction barred the use of the DRE system "after 2019," and imposed other remedial measures. *See id.* Georgia has accordingly used the BMD system for in-person voting in all elections since the 2020 election cycle.

Several years later, at summary judgment, Defendants argued that Plaintiffs' DRE claims had been mooted by Georgia's complete transition from the DRE system to the new BMD system under HB 316. *See Curling v. Raffensperger*, 702 F. Supp. 3d 1303, 1369 (N.D. Ga. 2023). Plaintiffs did not meaningfully dispute the mootness of their DRE claims. *See id.* Upon review, the Court determined that Georgia had fully transitioned to the new BMD system, and that this

2

"comprehensive electoral reform[]" prevented Georgia from reverting to the old DRE system. *See id.* (citation omitted). Accordingly, the Court dismissed Plaintiffs' DRE claims as moot.[1] *Id.*

## B. Plaintiffs' Motions for Interim Attorney's Fees

On August 29, 2019, Plaintiffs moved to recover attorney's fees under 42 U.S.C. § 1988(b). (Docs. 595, 596). The statue "provides that, in actions brought under certain civil rights statutes—including 42 U.S.C. § 1983—'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.'" *Lackey v. Stinnie*, 145 S. Ct. 659, 666 (2025) (quoting 42 U.S.C. § 1988(b)).

Plaintiffs argue that they are "prevailing part[ies]" entitled to recover interim attorney's fees under § 1988(b) because the Court's entry of the 2019 Preliminary Injunction "constitutes success on the merits" of their DRE claims. *See* (Doc. 595 at 2–3, 7). Defendants disagree and have raised various arguments why the 2019 Preliminary Injunction cannot confer to Plaintiffs "prevailing party" status.

---

[1] The Court acknowledges that some of the broader election administration and security issues raised by Plaintiffs in connection with their initial claims persisted after the State's shift to the BMD system. Some of those election administration issues remained relevant to Plaintiffs' later claims. However, when evaluating the question of Plaintiffs' entitlement to attorney's fees for their 2019 Preliminary Injunction victory, what matters is whether *the claims* were conclusively adjudicated on the merits in Plaintiffs' favor. But the DRE claims were not, as they were dismissed as moot.

## C. *Lackey v. Stinnie*

On February 25, 2025, the United States Supreme Court announced its decision in *Lackey v. Stinnie*, which profoundly changed the circumstances under which civil rights plaintiffs may receive attorney's fees under § 1988(b).

In *Stinnie*, drivers whose licenses were suspended due to their failure to pay court fines or costs sued the Commissioner of the Virginia Department of Motor Vehicles, arguing that the Virginia statue requiring the suspension of their licenses was unconstitutional. 145 S. Ct. at 664. The district court entered a preliminary injunction barring the Commissioner from enforcing the statute, but while the case was still pending, the Virginia General Assembly repealed the challenged statute, mooting Plaintiffs' claims. *See id.*

After the district court denied the drivers' request for interim attorney's fees, the drivers appealed, and the Supreme Court ultimately granted certiorari to determine "whether the drivers [were] 'prevailing part[ies]' who qualify for an award of attorney's fees under § 1988(b)." *Id.* The Supreme Court ruled against the drivers, holding:

> A preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a "prevailing party." Nor do external events that moot the action and prevent the court from conclusively adjudicating the claim. Because the drivers in the present case gained only preliminary injunctive relief before this action became moot, they do not qualify as "prevailing part[ies]" eligible for attorney's fees under § 1988(b).

*Id.* at 671.

4

## II. Discussion

After reviewing the parties' supplemental briefing, the Court concludes that, under *Stinnie*, Plaintiffs do not qualify as "prevailing part[ies]" that may recover attorney's fees under § 1988(b).

As in *Stinnie*, Plaintiffs argue that they are entitled to attorney's fees under § 1988(b) because the Court's 2019 Preliminary Injunction makes each of them a "prevailing party." Yet like the plaintiffs in *Stinnie*, Plaintiffs did not obtain "enduring relief on the merits" of their claims from a final judgment. *See Stinnie*, 145 S. Ct. at 671. Instead, Plaintiffs "gained only preliminary injunctive relief" on their DRE claims before external events—Georgia's complete transition to the BMD system—mooted those claims before the merits could be fully adjudicated. *See id.* And since "external events that render a dispute moot" cannot convert a preliminary injunction into a "conclusive adjudication of [the parties'] rights," Plaintiffs do not qualify as "prevailing part[ies]" eligible for attorney's fees under § 1988(b). *See id.* at 667–68, 672.

## III. Conclusion

Accordingly, Plaintiffs' Motions for Interim Attorney's Fees, [Docs. 595, 596, as amended by Docs. 1686, 1687, 1688], are **DENIED**.

Even so, the Court acknowledges that not allowing Plaintiffs to recover fees under these circumstances appears "manifestly inequitable, because it leaves [them] 'holding the bag' for considerable litigation fees" despite achieving relief sought by their lawsuit. *See Stinnie*, 145 S. Ct. at 680 (Jackson, J., dissenting).

Although Plaintiffs' DRE claims were not fully adjudicated, Plaintiffs secured an injunction barring further use of the DRE system, which ensured Georgia's full, timely, and permanent transition to the BMD system. And in fact, it was Defendants' compliance with the Court's injunction that mooted Plaintiffs' DRE claims.

This unfairness is exacerbated by the reality that, before *Stinnie*, the 11 Courts of Appeals to have considered the issue agreed that preliminary injunctions can sometimes trigger fee eligibility under § 1988(b). *Id.* at 671. Plaintiffs' counsel undoubtedly relied on that consensus when expending significant hours litigating this case.

In sum, the 2019 Preliminary Injunction—despite its "preliminary" label—will never be revisited, reversed, or disturbed. It was therefore more than a "transient" or "temporary success" for Plaintiffs—it was of lasting, material value. *See id.* at 667. But under *Stinnie*'s "categorical preclusion of fee awards for any plaintiff who successfully obtains preliminary injunctive relief," the Court's hands are tied. *Id.* at 671–72 (Jackson, J., dissenting). Binding precedent requires the denial of Plaintiff's Motions, even if the 2019 Preliminary Injunction "effectively resolve[d]" Plaintiffs' DRE claims in their favor. *See id.*

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**