# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>v.<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | Civil Action No. 1:17-cv-02989-AT |

## CERTAIN PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND MOTION TO DEFER RULING PENDING APPEAL

COME NOW Donna Curling, Donna Price, and Jeffrey Schoenberg ("Curling Plaintiffs"), and William Digges III, Laura Digges, Megan Missett, and Coalition for Good Governance ("Coalition Plaintiffs") (hereinafter, "Plaintiffs") who pursuant to Rule 54 of the Federal Rules of Civil Procedure and LR 54.1 and 65.1.1, NDGa, object to Defendants' bill of costs (ECF No. 1889). Plaintiffs notify the Court of their intent to move the Court to review costs within seven days of any taxation of costs by the Clerk of Court, and thereafter to deny Defendants' claim under Rule 54(d)(1).

In the alternative, Plaintiffs respectfully move the Court to defer ruling on Defendants' claim for costs pending appeal until the Court of Appeals for the Eleventh Circuit has remitted the action to this Court.

In support thereof, Plaintiffs state as follows.

I.   **<u>Defendants' Requested Costs</u>**

Defendants Secretary of State Brad Raffensperger and the members of the State Election Board, in their official capacities, request $152,879.04 in costs according with 28 U.S.C. § 1920(1)-(3) which are associated with this long-running civil rights action. ECF No. 1889. One can organize these claimed costs into six categories:[1]

- $45,438.74 are costs of trial transcripts;

- $9,265.55 are costs of transcripts of fifty-two court hearings preceding trial;

- $84,576.15 are costs of transcripts and videography associated with approximately forty-five[2] depositions or other events Defendants had transcribed preceding trial;

---

[1] Recital of these figures is not a concession that any of these costs are appropriate or adequately supported. By way of example and not limitation, Plaintiffs do not specifically object to the necessity of obtaining any individual pre-trial hearing transcript in these objections, though they reserve the right to challenge them after any taxation upon closer review.

[2] There are forty-two entries for "deposition" transcripts in Defendants' Exhibit A to their asserted bill of costs. ECF No. 1889-1 at 2-11. Without explanation, four of those entries concern one deponent, Defendants' first expert witness defending the DRE voting system, Dr. Michael Shamos. *Id.* at 3-4.; Exhibit B, ECF No. 1889-2 at 31, 32, 34, 36. Other witnesses, such as Alex Halderman and Robert Sinners, were deposed multiple times. Three other entries concern other audio transcription "for filing with [the] Court." *Id.* at 6 (Eleventh Circuit oral argument), 6 (Marks/Hall), 7 (Marks). Another two entries concern costs for a court reporter dating to 2017 for which Defendants' declarant states original documentation has been destroyed. *Id.*

2

- $2,115 are fees of the Clerk;

- $76.62 is a witness fee for one witness at trial; and

- $11,406.98 are copy or "Digital Printing" charges, almost all of which were incurred at or around the time of trial.

## II. The Interests of Justice Are Not Served by Taxing Any Costs Against Plaintiffs.

Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption that a prevailing party is entitled to certain statutory costs. Fed. R. Civ. P. 54(d)(1). The non-prevailing parties bear the burden of demonstrating that costs are not taxable. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). And "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties.")).

> Courts have considered a number of equitable factors when deciding whether or not to award costs. These factors include the closeness and difficulty of the case, misconduct by the prevailing party, good faith by the losing party, the losing party's limited financial resources, whether an award would have a chilling effect on future plaintiffs bringing claims, and the public importance of the case, among others.

---

at 2; ECF No. 1889-2 at 18-20. And Defendants omit from one entry in Exhibit A the name of witness, James Persinger, of whom the Court ordered post-trial deposition. Given the inconsistency and uncertainty of the supporting documentation on these points, Plaintiffs decline to pinpoint the precise number of witnesses or other speakers with whom these claims of costs are associated.

3

*United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 291 F. Supp. 3d 1345, 1349 (N.D. Ga. 2017). And courts frequently use this discretion in civil rights or public interest actions like this one.

In *López-López v. Robinson Sch., Inc.*, 495 F. Supp. 3d 84, 87 (D.P.R. 2020), for example, the Court refused to tax costs against the plaintiff after her claims were dismissed at summary judgment, noting that awarding costs "would undercut Congress's effort to promote the vigorous enforcement of civil rights cases" and create an "unwanted chilling effect of discouraging civil rights plaintiffs to bring their claims before the courts." *Id.* (internal quotation omitted). The Court emphasized the advancement of Congressionally declared interest "in promoting access to justice through equitable access to courts" by exercising discretion to deny costs to a prevailing party and reasoned that "awarding fees would curtail the Court's efforts to promote access to justice and further deepen the gap between civil rights plaintiffs, like Ms. López, and just access to courts." *Id.*

Other courts cite the same concern about chilling future meritorious litigation in refusing to tax costs against plaintiffs seeking to vindicate civil rights of themselves and similarly situated persons who have significantly fewer financial resources than the opposing party or parties. *See*, *e.g.*, *Ass'n of Mexican–American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc) (affirming lower court's denial of costs on the issues being complex in this civil

4

rights case); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (denial of costs appropriate where, among other things, case raises substantially important public issues, the issues in the case are close or difficult, allowing costs risks chilling future similar actions, plaintiff has limited financial resources, or an economic disparity exists between the parties); *U.S. ex rel. Saldivar*, 291 F. Supp. 3d at 1356 (N.D. Ga. 2017) (denying majority of costs in False Claims Act case because outsize award "could well have a chilling effect on future relators bringing qui tam actions based on Medicare or Medicaid fraud").

The concerns and reasoning expressed in these opinions supports an exercise of discretion against taxing costs against Plaintiffs here. As the Court recognized, they have "demonstrated many times over their dedication to ensuring that Georgia's elections are conducted in a transparent, safe, and reliable manner" and "expended significant time and resources to educate the public about the risks of BMD system and the DRE system before it." ECF No. 1868 at 31.[3] They have sought out and presented "substantial evidence" in court for seven years, and years before that, tending to support what are "undoubtedly concerns of long-term public import." *Id.* They have sought equitable relief alone in the service raising these concerns. This is precisely the type of case where taxing over $150,000 in costs against voters and a nonprofit organization daring to challenge election administration practice by State

---

[3] All pin citations to docket filings refer to the ECF header.

5

actors – even unsuccessfully – would quite reasonably dissuade future litigants from seeking to vindicate voting rights.

Moreover, though not required as a matter of law for the Court to exercise discretion to deny costs, Plaintiffs filed and litigated strong and viable claims. The Court only rendered judgment for Defendants after several years of litigation involving three preliminary injunction hearings, two interlocutory appeals, tens of thousands of pages filed in connection with (denied) motions for summary judgment, and a month-long trial. The cybersecurity claims against Defendants at the heart of this case, the merits of which the Court ultimately declined to reach following trial, were both novel, technical, and nuanced, requiring multiple rounds of expert depositions, an extensive and unrebutted expert report of great public interest to an ideologically diverse array of interested parties across the country, and two in-court demonstrations of voting equipment vulnerabilities endangering the right to vote.

There are other reasons that support the Court exercising discretion not to tax costs to Plaintiffs in this case. For one, the Court ultimately disposed of this case on standing only after trial, having found Plaintiffs met standing requirements regarding claims against Defendants at every prior stage of litigation. *Compare* ECF Nos. 309, 751, 1088, 1154, 1705 *with* ECF No. 1868. For another, significant and enduring change occurred as a consequence of Plaintiffs' dedication to obtaining, proving up, presenting, and demonstrating the consequences of voluminous evidence admitted

in this case. ECF No. 1865 at 5 & n.2 (gathering citations), ECF No. 1868 at 4-5, 31-32 (acknowledging legislative and administrative effects of litigation and Plaintiffs' intertwined educational and investigative actions). There simply is no reasonable argument that Plaintiffs' claims that they were frivolous, vexatious, or entirely meritless.[4]

In the interests of justice, of equal access to courts, and of facilitating the actual redress of civil rights grievances by practitioners who are ever-less incentivized to accept such representation, *see Lackey v. Stinnie,* 604 U.S. ----, 145 S. Ct. 659, 680-81 (J. Jackson, dissenting), this Court should exercise its sound discretion and refuse to impose any costs on civil rights plaintiffs who after several years lost their case – especially this case – at trial.

### III. The Court Should Not Tax Costs Until the Plaintiffs' Appeals Have Run Their Course.

The Court has discretion both to deny Defendants' motion for costs without prejudice now, or to defer ruling on their motion pending appeal. Fed. R. Civ. P. 54(d)(1) (1993 Adv. Cmte. Note). Plaintiffs note that requiring them to post a bond pending appeal also is disfavored by the Court's local rules, which is what payment of costs into escrow would amount to. LR 65.1.1(E), NDGa.

---

[4] *See also* The Court's Discretion in Awarding Costs, 10 FED. PRAC. & PROC. CIV. § 2668 (4th ed.) ("Costs also have been denied … on the ground that the losing party prosecuted the action in good faith, the issues presented were difficult, novel, or complex, and the winning party could afford to absorb the costs.").

7

The Court is accustomed to deferring consideration of claims for costs until an appeal of the judgment appealed from has run its course. *E.g.,* Order, ECF No. 345, *Fair Fight Inc. v. True the Vote,* CAF No. 2:20-CV-003092-SCJ (N.D. Ga. Feb. 15, 2024) ("In its discretion, the Court defers its ruling on Plaintiffs' objections to Defendants' bill of costs until the appeal has been resolved."); *see also U.S. ex rel. Saldivar*, 291 F. Supp. 3d at 1348. Deferring the taxation of costs would conserve judicial resources and those of the parties because, if Plaintiffs prevail on appeal, Defendants' bill of costs could become moot.

### IV.     The Court Should Disallow at Least $79,504.75 in Claimed Costs.

If the Court is inclined to award costs to Defendants, whether during pending appeals or after remittitur, Plaintiffs respectfully ask that it disallow $79,504.75 in costs requested by Defendants and thus tax, at most, $73,374.29 in costs under 28 U.S.C. § 1920 and Rule 54.

#### A.     Unnecessary and Unreasonable Costs Associated With Transcripts.

There are several costs included on the face of Defendants' supporting documentation (in Exhibit B) that are not recoverable. *E.g.,* ECF No. 1889-2 at 66, 72. For example:

- Rough drafts are not necessary for trial or hearing preparation. *U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 339 (E.D. Va. 2011).

8

- Fees for the appearance of court reporters are not generally recoverable under § 1920. *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012).

- Shipping and handling costs are not recoverable. *Id.*

- By logical extension, videographer costs should be disallowed, as well. These are materially indistinguishable from a court reporter's appearance fee.

- Ancillary technical services like "Concierge Tech Support" and "Litigation Package-Secure File Suite" do not on their face indicate how they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Deposition costs are not recoverable "if they are 'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only.'" *Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1371 (M.D. Ga. 2019) (quoting *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)); *see also Camps v. Bravo*, 1:20-CV-24294, 2023 WL 11959806, at *5 (S.D. Fla. Sept. 15, 2023) ("Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."). Costs like

9

those peppering Defendants' supporting documentation ultimately were paid as a convenience to litigating counsel, not for the *needs* of the case. Such fees are not properly recoverable under 28 U.S.C. § 1920 and Rule 54(d). By Plaintiffs' calculation, a total of **$34,002.01** in costs associated with depositions and other transcript costs are unrecoverable.[5]

Defendants also should not be permitted to recover the **$30,175.20** in RealTime transcription costs they now claim. See ECF No. 1889-2 at 118 ($30,175.20 charged for Defendants' share of RealTime transcript provision). 28 U.S.C. § 1920(2) allows for the taxation of "fees for printed or electronically recorded *transcripts* necessarily obtained for use in the case" (emphasis added). Ancillary fees associated with transcript costs are not enumerated in the statute.

Plaintiffs acknowledge that expedited transcripts are sometimes necessary at a lengthy or complex trial. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002). For purposes of Section 1920 and Rule 54(d), however, RealTime is an ancillary convenience, not a recoverable and necessary cost.

In determining whether transcripts are "necessary," the court assesses whether they provided more than "mere convenience" for counsel, considering among other things: "(1) the length and complexity of the trial; (2) the need for daily transcripts

---

[5] This figure includes a total disallowance of all $3,976.80 in costs associated with the July 19, 2019 deposition of Dr. Shamos pending explanation of why four separate invoices in connection with his deposition were submitted.

10

to examine witnesses; (3) the need for daily transcripts for summation; and (4) whether the credibility of the witnesses was crucial in the case." *E.E.O.C. v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 237-38 (E.D.N.Y. 2018) (internal quotation omitted). There is a dearth of "case law supporting the[] contention that real-time transcript costs qualify as taxable costs. … [E]ven if real-time transcript costs are taxable, plaintiffs [must] persuade the court that here the real time transcripts were necessary, as opposed to merely convenient or helpful." *Id.* at 237 (internal quotation omitted).

"[W]hile courts generally approve costs for reasonable court reporter fees and the original plus one copy of the deposition transcript, they do not approve costs that are incurred solely for the convenience of counsel, such as the costs of postage, condensed transcripts, and electronic transcript conversion." *Trawick,* 430 F. Supp. 3d at 1371 (citations omitted); *U.S. Training Ctr.*, 829 F. Supp. 2d at 339 (declining to award costs for "interactive realtime transcript services," which are "deemed to have been for the convenience of counsel"). The same logic applies here to deny recovery for the costs of RealTime in trial, where the hardworking court reporter provided next-day transcripts to the several litigators from multiple law firms on all sides of the courtroom without fail.

Accordingly, **$64,177.21** of Defendants' claimed transcript-related costs are not recoverable and the Court should deny their taxation.

## B. Unnecessary and Unreasonable Costs Associated with Printing.

Defendants seek $11,406.98 for printing costs. They provide no detail for what kinds of documents required printing, or why the two private firms representing Defendants at trial required heavy use of a vendor. ECF No. 1889-1 at 2; ECF No. 1889-2 at 9-11. All one can discern is that Defendants felt compelled to use an outside vendor for these tasks during trial and that a significant number of the digital printing jobs were made in color. *Id.* The rate charged per page for "mixed" and black-and-white printing was $0.13, while the rate charged per page for "color" printing was $0.35. At first glance, these rates seem excessive. *See, e.g., Prouty v. Thippanna*, 552 F. Supp. 3d 45, 48 (D. Mass. 2021) ("I find that the reported $.07 cent per page price to print the depositions was reasonable for the Worcester region.").

The absence of detail about what kinds of documents were printed also obstructs recovery. Models, charts, graphics, and demonstratives are not recoverable costs in the Eleventh Circuit. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296-97 (11th Cir. 2001) ("physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization"); *Yarbrough v. YKK U.S.A., Inc.*, 1:20-CV-419-AT, 2024 WL 4648937, at *3 (N.D. Ga. June 17, 2024) (*Arcadian Fertilizer*'s prohibition includes demonstratives); *Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306,

12

1312 (N.D. Ga. 2014) (construing 28 U.S.C. § 1902(4) narrowly and denying costs for graphics, creation of electronic exhibits, and technology support). The meager documentation of Defendants' printing costs does not support full recovery of costs for these expenses.

If the Court is not inclined to deny all such printing costs for lack of supplementary documentation, Plaintiffs respectfully suggest reducing the taxable printing costs by two-thirds to account for the excessive per-page rate and the likelihood that some printed materials were for unrecoverable instruments. The unrecoverable portion of claimed printing costs would then amount to **$7,604.55**.

### C. Other Unnecessary and Unreasonable Costs.

There are two additional categories of unnecessary costs Defendants claim. First, they seek a $600 docketing fee (apparently) for filing their petition of writ of mandamus with the Court of Appeals for the Eleventh Circuit to avoid this Court's order that the Secretary appear as a witness at trial. But docketing fees in the Eleventh Circuit is not one of the "Costs on Appeal Taxable in the District Court" permitted by Federal Rule of Appellate Procedure 39. Fed. R. App. P. 39(e); *see also* Fed. R. App. P. 39(f) & 2025 Adv. Cmte. Note (eff. Dec. 1, 2025) (describing unaltered language of former Rule 39(e) as referring to $5 fee for filing notice of appeal in the district court, not docketing fee in court of appeals). The Court should

13

deny recovery of **$595** of the $600 fee Defendants seek to tax. 28 U.S.C. § 1917 (setting $5 fee for filing notice of appeal in district court).

Second, after years of arguing that Plaintiffs' DRE claims were moot, despite never appealing an adverse order enjoining their use due to their extreme vulnerability, Defendants now demand taxation of transcript costs associated with defending the DRE claims from 2017 to 2019. These total **$7,127.99**. ECF No. 1889-1 at 2-4. The Court should also exercise its discretion to deny taxation of all of these claimed costs.[6]

Were the Court inclined to award costs at all, then, it should deny **$79,504.75** is claimed costs and award no more than $73,374.29 in costs.

V. **Conclusion**

Plaintiffs respectfully request that the Court review and thereafter deny taxation of any costs in favor of Defendants. It is unfair and punitive to require individual voters and a nonprofit advocacy organization to reimburse over $150,000 in costs incurred by the State over several years (at an increased rate at the very end) and only after an adverse ruling following a month-long trial on an issue on which Plaintiffs had prevailed until the very close of the litigation.

---

[6] A portion of these DRE-related costs are unrecoverable on other independent grounds. *See* Section IV.A *supra*.

In the alternative, Plaintiffs respectfully request that the Court defer ruling on Defendants' bill of costs until the Eleventh Circuit has ruled on their appeals and remitted this case.

If the Court decides to award Defendants costs, Plaintiffs ask that the Court disallow the charges described in Section IV above and reduce total taxable costs to no more than $73,374.29.

Respectfully submitted, this 13th day of May 2025.

| | |
|---|---|
| | */s/ Adam M. Sparks* |
| David D. Cross (*pro hac vice*) | Halsey G. Knapp, Jr. |
| Mary G. Kaiser (*pro hac vice*) | GA Bar No. 425320 |
| GOODWIN PROCTER LLP | Adam M. Sparks |
| 1900 N Street NW | GA Bar No. 341578 |
| Washington, DC 20036 | KREVOLIN & HORST, LLC |
| Telephone: (202) 346-4000 | 1201 West Peachtree Street, NW |
| DCross@goodwinlaw.com | Suite 3500 |
| MKaiser@goodwinlaw.com | Atlanta, GA 30309 |
| | (404) 888-9700 |
| Benjamin E. Campbell (*pro hac vice*) | hknapp@khlawfirm.com |
| GOODWIN PROCTER LLP | sparks@khlawfirm.com |
| 620 Eighth Avenue | |
| New York, NY 10018 | Christian G. Andreu-von Euw |
| Telephone: (415) 813-8800 | (*pro hac vice*) |
| benjamincampbell@goodwinlaw.com | THE BUSINESS LITIGATION GROUP, PC |
| | 150 Spear Street |
| | San Francisco, CA 94105 |
| | (415) 765-6633 |
| | christian@blgrp.com |

*Counsel for Plaintiffs Donna Curling, Donna Price & Jeffrey Schoenberg*

[signature block continued]

| | |
|---|---|
| Bruce P. Brown<br>Georgia Bar No. 064460<br>BRUCE P. BROWN LAW LLC<br>1123 Zonolite Rd. NE<br>Suite 6<br>Atlanta, Georgia 30306<br>(404) 386-6856<br><br>*Counsel for Coalition for Good Governance, William Digges III, Laura Digges, and Megan Missett* | Robert A. McGuire, III<br>Admitted Pro Hac Vice<br>(ECF No. 125)<br>ROBERT MCGUIRE LAW FIRM<br>113 Cherry St. #86685<br>Seattle, Washington 98104-2205<br>(253) 267-8530<br><br>*Counsel for Coalition for Good Governance* |

Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Atlanta, Georgia 30326
(404) 869-7600

*Counsel for William Digges III, Laura Digges, and Megan Missett*

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-cv-02989-AT** |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Adam M. Sparks*
Adam M. Sparks

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONNA CURLING, ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, ET AL.,**<br>**Defendants.** | **Civil Action No. 1:17-cv-02989-AT** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Adam M. Sparks*
Adam M. Sparks