FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 0 2 2025

By: Kevin P. Weimer, Clerk
Deputy Clerk

200 Morris Hill Rd.
Canton, GA 30114
June 21, 2025

Judge Amy Totenberg
United States District Court
2211 United States Courthouse
75 Ted Turner Dr., SW.
Atlanta, GA 30303-3318

In re: Case 1:17-cv-02989-AT   Document 1898

Dear Judge Totenberg,

I was denied intervention in the above case. Based on that it stands to reason that I have no expectation or standing to receive further case documentation. I find it wasteful. While, not being an attorney, I appreciate getting a glimpse of how things work but must side with common sense and appropriate expense.

If I may communicate freely, your final decison to dismiss for lack of standing completely ignored your previous rulings and holding further court in light of the 2020 ruling increased the attorney fees and costs which is the subject of the document referenced above. Jurisdiction, venue, and standing are initial considerations of courts. Your 2020 ruling indicated all of those were properly before your court. You could have implemented your 2020 ruling by making the resolution to the complaint effective after the 2020 election cycle in keeping with what was a good study of the complaint and your concern for not throwing the election into chaos.

In Perdue et. al., v. Lake et al., 647 S.E. 2d 6(2007) 282 Ga. 348, Supreme Court of Georgia ruled that "As a general rule, "standing must be determined at the time at which the plaintiffs complaint is filed" in order to place an actual case or controversy within the purview of the court. See, e.g., Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F3d 1263, 1272 (11th Cir. 2003); Ga. Power Co. v. Allied Chem. Corp., 233 Ga. 558 (212 SE2d 628) (1975). In other words, the plaintiff must be able to show that he or she has been harmed at the time that the complaint is filed alleging a constitutional violation." It would therefore seem that standing was created by the court in proceeding with the case or your final ruling is incorrect.

Regards,

Deborah J. Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA CURLING, *et al.*,

    Plaintiffs,

v.

BRAD RAFFENSPERGER, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:17-cv-2989-AT

## ORDER

Before the Court is Certain Plaintiffs' Objections and Motion to Defer Ruling on Defendants' Bill of Costs Pending Appeal. [Doc. 1894]. Among other things, Plaintiffs ask the Court to defer ruling on Defendants' claim for costs until the Court of Appeals for the Eleventh Circuit has ruled and remitted the action to this Court. Defendants respond that they "do not oppose this Court deferring a ruling on costs and addressing any costs after appeals in this case are complete." (Doc. 1896 at 3). Accordingly, Plaintiffs' Motion, [Doc. 1894], is **GRANTED IN PART**. The Court will defer ruling on Defendants' Bill of Costs until the appeals in this case are complete and this action has been remitted to this Court.

**IT IS SO ORDERED** this 10th day of June, 2025.

Honorable Amy Totenberg
United States District Judge

**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR., SW
ATLANTA, GA 30303-3318

**OFFICIAL BUSINESS**

ATLANTA GA RPDC 302   Hasler   FIRST-CLASS MAIL
13 JUN 2025 AM 4 L    06/11/2025
                      US POSTAGE $000.69⁰
                      ZIP 30161
                      011E11680912

30114-401700

Deborah J. Davis
200 Morris Hill Rd.
Canton, GA 30114

ATLANTA GA RPDC 302

24 JUN 2025 PM 5 L



Judge Amy Totenberg
United States District Court
2211 United States Courthouse
75 Ted Turner Dr., SW.
Atlanta, GA 30303-3318

CLEARED DATE
JUN 26 2025
U.S. Marshals Service
Atlanta, GA 30303

30303-331861